# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No.

CHRISTOPHER S.P. GREGORY,

      Plaintiff,

v.

The COLORADO JUDICIAL DISCIPLINE RULEMAKING COMMITTEE,
The COLORADO COMMISSION ON JUDICIAL DISCIPLINE,
The COLORADO SUPREME COURT,
MARY V. SOOTER, individually,
PHILIP J. WEISER, individually, and in his official capacity as the Colorado Attorney General,
JARED POLIS, individually, and in his official capacity as Governor of the State of Colorado,
MARIA BERKENKOTTER, individually,
BRIAN D. BOATRIGHT, individually,
RICHARD GABRIEL, individually,
MELISSA HART, individually,
WILLIAM HOOD, III, individually,
MONICA MÁRQUEZ, individually,
CARLOS SAMOUR, individually,
INGRID BARRIER, individually,
DAVID BELLER, individually,
JILL BRADY, individually,
GINA CANNAN, individually,
JAMES CARPENTER, individually,
NANCY COHEN, individually,
ROBERT GARDNER, individually,
SARA GARRIDO, individually,
KIRSTEN GROOMS, individually,
JAMES HARTMANN, individually,
AMANDA HOLLANDER, individually,
ALISON KYLES, individually,
BRYON LARGE, individually,
ANNE MANGIARDI, individually,
BONNIE MCLEAN, individually,
COLLEEN MCMANAMON, individually,
KRISTEN MIX, individually,
REED OWENS, individually,
MEREDITH PATRICK CORD, individually,
AUBREY C. SULLIVAN, individually,

COURTNEY SUTTON, individually,
JEFF SWANTY, individually,
EMILY TOFTE NESTAVAL, individually,
STEFANIE TRUJILLO, individually,
MARYANN VIELMA, individually,
VINCENTE VIGIL, individually, and
JEFFREY M. WALSH, individually,

     Defendants.

---

**VERIFIED COMPLAINT AND JURY DEMAND**
**WITH EXHIBITS 1-3**

---

INTRODUCTION

1.  Christopher Sydney Philip Gregory (the "Plaintiff") brings this action against the Defendants under 42 U.S.C. §§ 1983, 1985, and 1986 and § 28 U.S.C. 1651 with supplemental state claims brought under § 24-31-1204(8), C.R.S.

2.  For more than six years, the Justices of the Colorado Supreme Court have engaged in a conspiracy intended to absolve themselves of *any* accountability for their proven and otherwise incontrovertible violations of various criminal laws and the Colorado Code of Judicial Conduct ("the Code"). At the core of the Justices' misconduct was a prolonged scheme to knowingly conceal material information of a $2.66-2.75 million bribe / public fraud involving former Colorado State Court Administrator's Office (SCAO) Chief of Staff Mindy Masias[1] from the Colorado Office of the State Auditor (OSA) as the OSA performed its ongoing, continuous, and federally-required single statewide audit.[2] Further, the

---

[1] At the time, Masias was being fired for suspected alteration of financial records, occupational fraud (later verified through a Fraud Hotline investigation), dishonesty, and other financial misconduct.

[2] The Justices' publicly admitted concealment of material information from the OSA as it performed a federal function is probable cause to suspect that the Justices have committed

Justices knowingly concealed the same material information of public fraud from the Colorado

Commission on Judicial Discipline (the CCJD), which has exclusive constitutional jurisdiction to

investigate judicial misconduct and enforce the Code. *See Matter of Coats*, 2023 CO 44, ¶¶ 4(9)-(14),

(20)-(23), 6 (stipulated admissions confirming that former Chief Justice Nathan Coats, in consultation

with the other Justices, Attorney General Phil Weiser, other attorneys, and other Judicial Department

employees knowingly concealed negotiation of the $2.66-2.75 million Masias Contract and the

existence of the related Masias Memo from the OSA and the CCJD). This knowing concealment of

information material to the performance of a federal function and to enforcement of the Code was

sustained for more than two years (December 2018-February 2021). During that time, Plaintiff served

as a member, Vice-Chair, and Chair of the CCJD.

3.   Part of the Justices' scheme to suppress evidence of their substantial criminal and ethical misconduct

has been to intimidate, to retaliate against, and to use public funds (for their personal advantage) to

silence or marginalize the numerous whistleblowers / regulators who have had the courage to stand

against public corruption. Plaintiff, in his roles as the CCJD's Chair and, later, as its wrongfully

terminated Executive Director, is only one of these retaliated-against whistleblowers / regulators. As the

---

multiple federal felony-level crimes, including but not limited to Obstruction of Justice (18
U.S.C. § 1503), False Statements (18 U.S.C. § 1001), and Obstruction of a Federal Audit (18
U.S.C. § 1516) . By retaliating against the Plaintiff, the Justices have further obstructed the
investigation of these probable crimes as a matter of judicial discipline under Canon Rules 1.1
(Compliance with Law), 1.2 (Promoting Confidence in Judiciary), 1.3 (Abusing Prestige of
Office), 2.2 (Impartiality and Fairness), 2.3 (Bias, Prejudice, and Harassment), 2.5 (Competence
and Cooperation), 2.6 (Ensuring the Right to be Heard), 2.9(C) (Ex Parte Communications), 2.10
(Judicial Statements on Pending or Impending Cases), 2.11 (Disqualification), 2.12 (Supervisory
Duties), 2.13 (Administrative Appointments), 2.15 (Responding to Judicial and Lawyer
Misconduct), 2.16 (Cooperation with Disciplinary Authorities), 3.1 (Extra Judicial Activities in
General), and 4.1 (Political and Campaign Activities of Judges) as well as other provisions of the
Code and the Colorado Rules of Professional Conduct.

Plaintiff has continued to seek accountability for the Justices' misconduct, including their misuse of millions of dollars of taxpayer funds, the retaliation campaign against him has continued.

4. As relevant to this action, the Defendants have collectively conspired to censor and deliberately suppress Plaintiff's constitutionally and statutorily privileged reporting of judicial, attorney, and official misconduct (including very probable violations of the federal civil False Claims Act (FCA) and the Colorado False Claims Act (CFCA)). Moreover, the Defendants have imposed prior restraints preventing the Plaintiff from participating publicly in the judicial discipline rulemaking process as otherwise mandated through Colo. Const. Art. VI, § 23(3)(k)(I).

5. Collaterally, Defendant Aubrey C. Sullivan has abused her official authority to prevent the Colorado Civil Rights Commission from hearing or considering the merits of Plaintiff's administrative claims for discrimination and unfair employment practices, specifically retaliation, under the Colorado Anti-Discrimination Act (CADA), Title 24, Art. 34, Pts. 3-8, C.R.S. *See* § 24-34-402(1)(e), C.R.S. (prohibiting retaliation and other facilitation of discriminatory or unfair employment practices).

6. In addition to prohibitions against retaliation contained in § 24-31-1204(8), C.R.S., the individual Defendants have conspired, under the color of state law, to deprive the Plaintiff of federal constitutional and statutory rights, thus providing for a cause of action under 42 U.S.C. §§ 1983, 1985, and 1986.

7. Through this action, the Plaintiff seeks: 1) his immediate reinstatement as Executive Director of the CCJD; 2) injunctive and other equitable relief necessary to correct constitutionally and federally offensive deficiencies in Colorado's judicial selection, retention, and disciplinary structures; 3) compensatory damages and punitive damages, 4) two-times backpay with interest; and 5) reasonable attorneys' fees and costs pursuant to both 42 U.S.C. 1988 and § 24-31-1204(8)(d)(II)(C), C.R.S..

8.  The allegations presented in this Complaint relate to circumstances that did, and continue to, undermine the public's confidence in the integrity of Colorado's Judiciary and Colorado's State Government. *See* Colo. RJD 1(b) (describing the CCJD's constitutional mandate and purpose of "maintain[ing] public confidence in the judiciary"); *see also* Colo. SB 22-201 § 1 (legislative declaration recognizing public confidence having been "significantly undermined" by the Masias Controversy as cause for legislative reforms).

JURISDICTION AND VENUE

9.  This action arises under 42 U.S.C. §§ 1983, 1985, and 1986 (the Civil Rights Act of 1871 / the Klu Klux Klan Act), § 24-31-1201, et seq., C.R.S. (the CFCA), and in equity. This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1331 (Federal Questions) and § 28 U.S.C. § 1651 (All Writs Act). This Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367(a).  § 24-31-1204(d)(I), C.R.S. further recognizes the severability and independence of causes of action brought under § 24-31-1204(f), C.R.S., including any potential or related *qui tam* actions brought under § 24-31-104(3), C.R.S.  This Court also has jurisdiction and venue pursuant to 28 U.S.C. § 1391(b) and (c), because, at all times material and relevant, the Defendants' actions and conduct occurred in this District.

10. To the extent that the named Defendants are alleged to have liability for actions or omissions taken or made in their individual capacities, such actions or omissions have occurred outside the scope of any absolute or qualified privileges / immunities. *Forrester v. White*, 484 U.S. 219, 225 (1988) (absolute or qualified judicial immunities do not extend to administrative decisions, such as demoting an employee); *Samuel v. Holmes*, 138 F.3d 173, 178 (5th Cir. 1988) (judicial immunity does not extend to claims of retaliatory conduct by members of government board); *U.S. ex rel Citynet, LLC v. Gianato*, 962 F.3d

154, 159-60 (4th Cir. 2020) (qualified immunity does not apply to FCA claims in general). The

objective wrongfulness and intentionality of the respective Defendants' conduct in depriving the

Plaintiff of his constitutional, statutory, and administrative rights further meet the thresholds for

overcoming any potential claims of qualified immunity. *Harlow v. Fitzgerald*, 457 U.S. 800, 818

(1982) (qualified immunity unavailable when public official performs discretionary functions in manner

that violates "clearly established statutory or constitutional rights of which a reasonable person would

have known"). Retaliation against the Plaintiff for his expressed intention to submit an anonymous,

public, RFE probative of false claims, for attempting to perform his duty to enforce the CCJD's

disqualification rules, for engaging in ethically mandated speech by pursing legitimate complaints of

judicial misconduct, and for participating in the legislative/rulemaking process is a valid basis for

Plaintiff's claims under 42 U.S.C. § 1983. *See Thomas v. City of Blanchard*, 548 F.3d 1317 (10th Cir.

2018) (threat of law enforcement report outside chain of command was constitutionally protected

speech beyond exception to 42 U.S.C. § 1983 claims recognized through *Garcetti v. Ceballos*, 547 U.S.

401 (2006)).

11. Beyond the present case, the Plaintiff has brought related actions and proceedings, including a sealed

case—Case No. 1:25-cv-00190 (D.Colo),[3] a judicial discipline complaint—Judicial Complaint No. 10-

---

[3] The following judicial officers have disqualified themselves from hearing Case No.
1:25-cv-00190: Chief Judge Phillip Brimmer, Magistrate Judge Cyrus Chung, Senior Judge
William Martinez, Judge Regina Rodriguez, Magistrate Judge Kathyrn Starnella, and Judge
Charlotte Sweeney. Additionally, Plaintiff has moved for U.S. District Court Judge Daniel
Domenico's disqualification from the case due to actual bias. As this Court follows its process
under D.C.COLO.LCivR 40.1(c), none of the already disqualified judicial officers nor Judge
Domenico should be considered for assignment to this case.

25-90048 (10ᵗʰ Cir.), and a yet-to-be docketed attorney disciplinary complaint—(D. Colo. & 10ᵗʰ Cir.).[4]

In some of these related proceedings, judicial officers and attorneys have collaterally conspired to

deprive Plaintiff of his fundamental constitutional rights to freely report judicial/attorney misconduct

and to be heard before an impartial federal court.  Plaintiff anticipates filing an additional judicial

disciplinary complaint with the 10ᵗʰ Circuit Court of Appeals under 28 U.S.C. § 351, *et seq.*, to further

address the deprivations of his fundamental right to be heard by that court.

PARTIES

12. Plaintiff Christopher S.P. Gregory is a citizen of the United States and a resident of the State of

Colorado. From January 3, 2022 until January 19, 2024, Plaintiff was the Executive Director of the

CCJD.  From May 15, 2017 until June 30, 2021, Plaintiff served as an appointed member of the CCJD,

internally elected as the CCJD's Vice-Chair and Chair during parts of his term.  The Plaintiff avers that

he was wrongfully terminated from his position as Executive Director in retaliation for his duty-bound

efforts to stop false claims and other substantial judicial and attorney misconduct violative of the Code.

The Plaintiff brings this action based on his direct, independent, and personal knowledge as well as

upon information and belief.

13. Defendant the Colorado Judicial Discipline Rulemaking Committee (the "CJDRC") is a

constitutionally created committee affiliated with the Colorado Judicial Department, and charged with

promulgating administrative / procedural rules to implement Colorado's constitutional structure for

judicial discipline as provided through Colo. Const. Art. VI, § 23(3).  The CJDRC shares the CCJD's

official address at 1300 Broadway St., Suite 210, Denver, CO 80203.  Plaintiff has named the CJDRC

---

[4] Plaintiff's attorney discipline complaints dually filed with this Court and the U.S. Court of
Appeals for the 10ᵗʰ Circuit are attached to this Complaint with their accompanying exhibits
(sub-Exhibits 1-8) and incorporated by reference.  Exhibit 1.

as a defendant for the limited purpose of obtaining injunctive relief, specifically to require that the CJDRC disband itself before being recomposed through a conflict-free appointment process and to enjoin rulemaking until the CJDRC is recomposed.

14. Defendant the Colorado Commission on Judicial Discipline (the "CCJD") is an independent commission affiliated with the Colorado Judicial Department, charged with oversight of the ethical conduct of Colorado state court judges, and authorized by Colo. Const. Art. VI, § 23(3). The CCJD's official address is 1300 Broadway St., Suite 210, Denver, CO 80203. Plaintiff's former employer, the CCJD is named as a defendant for the limited purpose of obtaining injunctive relief, specifically Plaintiff's reinstatement as the CCJD's Executive Director and the removal of Defendants Anne Mangiardi and Jeffrey Walsh from their official positions.  Additionally, Plaintiff seeks the removal of the CCJD's appointments to the CJDRC: Ingrid Barrier, David Beller, Anne Mangiardi, and Jeffrey Walsh.

15. Defendant the Colorado Supreme Court has authority to appoint and to remove the judge members of the CCJD according to Colo. Const. Art. VI, § 23(3)(a)-(b). Moreover, the Colorado Supreme Court is the appointing authority for four members of the Colorado Judicial Discipline Advisory Board (the "CJDAB") and for at least four members of the CJDRC (which is also subject to indirect/redundant appointments through the CCJD and the CJDAB) under Colo. Const. Art. VI, § 23(3)(c.5)(I), (k)(I). The Colorado Supreme Court's official address is 2 East 14th Avenue, Denver, CO 80203. The Colorado Supreme Court is named as a defendant for the limited purpose of obtaining injunctive relief. Specifically, Plaintiff seeks the removal of Defendants Jill Brady, Sara Garrido, Meredith Patrick Cord, and Reed Owens from the CCJD.  Additionally, Plaintiff seeks the removal of Eric Eliff, Grechen Larson, Crista Newmyer-Olsen, and Vincente Vigil from the Colorado Judicial Discipline Adjudicative

Board (the "CJDAB"). Finally, and in turn, Plaintiff seeks the removal of Nancy Cohen, Richard Gabriel, Bryon Large, James Hartmann, and Vincente Vigil from the CJDRC.

16. Defendant Mary "Mindy" Sooter is a citizen of the State of Colorado and a resident of the District of Colorado. At all relevant times, Mindy Sooter was an employee and an authorized agent of WilmerHale, LLP, an appointed member of the CCJD, and/or being considered for membership on the CCJD. Mindy Sooter is an attorney licensed to practice in Colorado state courts and the U.S. District Court for the District of Colorado with respective license numbers 35136 and 876717. Mindy Sooter is also admitted to practice before the U.S. Court of Appeals for the 10th Circuit.

17. Defendant Philip J. Weiser is a citizen of the State of Colorado and a resident of the District of Colorado. At all relevant times, Philip Weiser was employed by the Colorado Department of Law as the elected Colorado State Attorney General. To the extent that this Complaint seeks the removal of his subordinates/co-conspirators and/or limitations upon his appointment powers, Attorney General Weiser is named as a defendant in his official capacity. As to other actions and omissions occurring outside of the Colorado Attorney General's official capacity/performance of official functions and as described in this Complaint, Philip Weiser is named as a defendant in his individual capacity. Philip Weiser is an attorney licensed to practice before the Colorado state courts with registration number 38314. Philip Weiser is also admitted to practice before the United States Court of Appeals for the 10th Circuit.

18. Defendant Jared Polis is a citizen of the State of Colorado and a resident of the District of Colorado. At all relevant times, Jared Polis was employed by the State of Colorado as its elected Governor. According to Colo. Const. Art. VI, § 23(3)(a)-(b), the Governor has the authority to appoint and to remove the citizen and attorney members of the CCJD. Governor Polis also has appointment authority as to other judicial oversight entities, including members of the Colorado judicial performance

commissions, members of the Colorado judicial nominating commissions, and members of the CJDAB. Ultimately, Governor Polis is vested with the final authority to appoint all Colorado state court judges. With this authority, Governor Polis is named as a defendant in his official capacity for the limited purpose of obtaining injunctive relief. Specifically, Plaintiff seeks the removal of Defendants Ingrid Barrier, James Carpenter, Robert Gardner, Emily Netaval, Courtney Sutton, and Stefanie Trujillo from the CCJD. Plaintiff further seeks the removal of appointees Jeff Chostner, Laura Ellis, Tyrone Glover, Colleen McManamon, Kristen Mix, Jeff Swanty, Jeannie Valliere, and Leanne Wheeler, from the CJDAB. In turn, Plaintiff also seeks the removal of Defendants Ingrid Barrier, Amanda Hollander, Colleen McManamon, and Jeff Swanty from the CJDRC. Plaintiff, also seeks to enjoin further exercise of Governor Polis's judicial appointment powers and appointment powers as to all judicial oversight entities. As to other actions and omissions occurring outside of the Governor's official capacity/performance of official functions and as described in this Complaint, Jared Polis is named as a defendant in his individual capacity.

19. Defendant Maria Berkenkotter is a citizen of the State of Colorado and a resident of the District of Colorado. At all relevant times, Maria Berkenkotter was a Colorado Supreme Court Justice employed by the Colorado Judicial Department. Maria Berkenkotter is also an attorney licensed to practice before the Colorado state courts and the U.S. District Court for the District of Colorado with registration numbers 16781 and 765447, respectively. The U.S. District Court for the District of Colorado, however, has administratively removed Maria Berkenkotter from its list of active attorneys. Maria Berkenkotter is also admitted to practice before the U.S. Court of Appeals for the 10th Circuit.

20. Defendant Brian D. Boatright is a citizen of the State of Colorado and a resident of the District of Colorado. At all relevant times, Brian D. Boatright was a Colorado Supreme Court Justice employed by

the Colorado Judicial Department.  Brian Boatright is also an attorney licensed to practice before the

Colorado state courts with registration number 17731.

21. Defendant Richard Gabriel is a citizen of the State of Colorado and a resident of the District of

Colorado. At all relevant times, Richard Gabriel was a Colorado Supreme Court Justice employed by

the Colorado Judicial Department.  At relevant times, Richard Gabriel was also a self-appointed

member of the CJDRC.  Richard Gabriel is also an attorney licensed to practice before the Colorado

state courts and the U.S. District Court for the District of Colorado with registration numbers 19769 and

765447, respectively.  Richard Gabriel is also admitted to practice before the U.S. Court of Appeals for

the 10th Circuit.

22. Defendant Melissa Hart is a citizen of the State of Colorado and a resident of the District of Colorado.

At all relevant times, Melissa Hart was a Colorado Supreme Court Justice employed by the Colorado

Judicial Department.  Melissa Hart is also an attorney licensed to practice before the Colorado state

courts and the U.S. District Court for the District of Colorado with registration numbers 34345 and

1980828, respectively.  The U.S. District Court for the District of Colorado, however, has

administratively removed Melissa Hart from its list of active attorneys.  Melissa Hart is also admitted to

practice before the U.S. Court of Appeals for the 10th Circuit.

23. Defendant William Hood, III is a citizen of the State of Colorado and a resident of the District of

Colorado. At all relevant times, William Hood, III was a Colorado Supreme Court Justice employed by

the Colorado Judicial Department.  William Hood is also an attorney licensed to practice before the

Colorado state courts and the U.S. District Court for the District of Colorado with registration numbers

19808 and 688626, respectively.  The U.S. District Court for the District of Colorado, however, has

administratively removed William Hood from its list of active attorneys. William Hood is also admitted to practice before the U.S. Court of Appeals for the 10th Circuit.

24. Defendant Monica Márquez is a citizen of the State of Colorado and a resident of the District of Colorado. At all relevant times, Monica Márquez was a Colorado Supreme Court Justice employed by the Colorado Judicial Department. Prior to her appointment as a Colorado Supreme Court Justice, Monica Márquez oversaw the State Services Division for then-Colorado Attorney General Ken Salazar. Monica Márquez is also an attorney licensed to practice before the Colorado state courts and the U.S. District Court for the District of Colorado with registration numbers 28950 and 799305, respectively. The U.S. District Court for the District of Colorado, however, has administratively removed Monica Márquez from its list of active attorneys. Monica Márquez is also admitted to practice before the U.S. Court of Appeals for the 10th Circuit.

25. Defendant Carlos Samour is a citizen of the State of Colorado and a resident of the District of Colorado. At all relevant times, Carlos Samour was a Colorado Supreme Court Justice employed by the Colorado Judicial Department. Carlos Samour is also an attorney licensed to practice before the Colorado state courts and the U.S. District Court for the District of Colorado with registration numbers 19955 and 703570, respectively. The U.S. District Court for the District of Colorado, however, has administratively removed Carlos Samour from its list of active attorneys.

26. Defendant Ingrid Barrier is a citizen of the State of Colorado and a resident of the District of Colorado. At all relevant times, Ingrid Barrier was an appointed member of the CCJD or being considered for membership on the CCJD. At relevant times, Ingrid Barrier was an appointed member of the CJDRC. Ingrid Barrier is an attorney licensed to practice before the Colorado state courts and the U.S. District Court for the District of Colorado with registration numbers 32126 and 913644, respectively. The U.S.

District Court for the District of Colorado, however, has administratively removed Ingrid Barrier from its list of active attorneys. Ingrid Barrier is also admitted to practice before the U.S. Court of Appeals for the 10th Circuit.

27. Defendant David Beller is a citizen of the State of Colorado and a resident of the District of Colorado. At relevant times, David Beller was appointed to the Colorado Supreme Court's Advisory Committee on the Practice of Law and/or the CJDRC. While a member of the CJDRC, David Beller represented former 13th Judicial District Court Judge Justin B. Haenlein in judicial discipline proceedings before the CCJD and the CJDAB. David Beller is also an attorney licensed to practice before the Colorado state courts and the U.S. District Court for the District of Colorado with registration numbers 35767 and 916696. David Beller is also admitted to practice before the U.S. Court of Appeals for the 10th Circuit.

28. Defendant Jill Brady is a citizen of the State of Colorado and a resident of the District of Colorado. At all relevant times, Jill Brady was a 4th Judicial District Court Judge employed by the Colorado Judicial Department, an appointed member of the CCJD, or being considered for membership on the CCJD. Jill Brady is also an attorney licensed to practice before the Colorado state courts and the U.S. District Court for the District of Colorado with registration numbers 38662 and 584282, respectively. The U.S. District Court for the District of Colorado, however, has administratively removed Jill Brady from its list of active attorneys. Jill Brady is also admitted to practice before the U.S. Court of Appeals for the 10th Circuit.

29. Defendant Gina Cannan is a citizen of the State of Colorado and a resident of the District of Colorado. At all relevant times, Gina Cannan was employed by the Colorado Department of Law and assigned to serve as general counsel to the CCJD. Gina Cannan is an attorney licensed to practice in Colorado state courts and the U.S. District Court for the District of Colorado with license numbers 45071 and

2397867, respectively.  Gina Cannan is also admitted to practice before the U.S. Court of Appeals for the 10th Circuit.

30. Defendant James Carpenter is a citizen of the State of Colorado and a resident of the District of Colorado. At relevant times, James Carpenter was a principal, employee, or agent of Freestone Strategies, LLC, was an appointed member of the CCJD or being considered for membership on the CCJD, and/or an appointed member of the Colorado Supreme Court Nominating Commission.  At other relevant times since on or about May 30, 2024, James Carpenter was a member of the Colorado Judicial Institute's board of directors.  Previously, James Carpenter worked as the Campaign Manager for Defendant Ken Salazar's 2004 U.S. Senate campaign.  After Ken Salazar was elected, James Carpenter then worked as the State Director of Salazar's U.S. Senate Office from 2004 through 2006.

31. Defendant Nancy Lin Cohen is a citizen of the State of Colorado and a resident of the District of Colorado.  At relevant times, Nancy Cohen was appointed to the Colorado Supreme Court's Advisory Committee on the Practice of Law and/or the CJDRC.  Nancy Cohen previously represented former Denver Presiding Juvenile Court Judge David Brett Woods in judicial discipline proceedings before the CCJD and the Colorado Supreme Court.  Nancy Cohen is an attorney licensed to practice before the Colorado state courts and the U.S. District Court for the District of Colorado with registration numbers 11846 and 584911, respectively.  Nancy Cohen is also admitted to practice before the U.S. Court of Appeals for the 10th Circuit.

32. Defendant Robert S. Gardner is a citizen of the State of Colorado and a resident of the District of Colorado.  At relevant times, Robert Gardner was a Colorado State Senator, an appointed member of the CCJD, or being considered for membership on the CCJD.  Robert Gardner is also an attorney licensed to practice before the Colorado state courts and the U.S. District Court for the District of

Colorado with registration numbers 18064 and 597134, respectively. Robert Gardner is also admitted to practice before the U.S. Court of Appeals for the 10th Circuit.

33. Defendant Sara Garrido is a citizen of the State of Colorado and a resident of the District of Colorado. At all relevant times, Sara Garrido was a Jefferson County Court Judge employed by the Colorado Judicial Department, an appointed member of the CCJD, or being considered for membership on the CCJD. Sara Garrido is also an attorney licensed to practice before the Colorado state courts with attorney registration number 33320.

34. Defendant Kirsten Grooms is a citizen of the State of Colorado and a resident of the District of Colorado. At all relevant times, Kirsten Grooms was employed by the Colorado Department of Law and assigned as general counsel to the CJDRC. Kirsten Grooms is an attorney licensed to practice before the Colorado state courts with attorney registration number 54756.

35. Defendant James Hartmann is a citizen of the State of Colorado and a resident of the District of Colorado. At relevant times James Hartmann contracted with the Colorado Judicial Department as a senior judge and/or was an appointed member of the CJDRC. James Hartmann is an attorney licensed to practice before the Colorado state courts with registration number 19353.

36. Defendant Amanda Hollander is a citizen of the State of Colorado and a resident of the District of Colorado. At all relevant times, Amanda Hollander was an appointed member of the CJDRC.

37. Defendant Alison Kyles is a citizen of the State of Colorado and a resident of the District of Colorado. At all relevant times, Alison Kyles was employed by the Colorado Department of Law and assigned to advise Defendants James Carpenter and Mindy Sooter. Alison Kyles is an attorney licensed to practice before the Colorado state courts and the U.S. District Court for the District of Colorado with registration

numbers 21368 and 701663, respectively. Alison Kyles is also admitted to practice before the U.S. Court of Appeals for the 10th Circuit.

38. Defendant Bryon Large is a citizen of the State of Colorado and a resident of the District of Colorado. At all relevant times, Bryon Large was employed by the Colorado Supreme Court as the Presiding Disciplinary Judge and/or appointed by the Colorado Supreme Court as a member of the CJDRC. Bryon Large is also an attorney licensed to practice before the Colorado state courts and the U.S. District Court for the District of Colorado with registration numbers 38574 and 915873, respectively. Bryon Large is also admitted to practice before the U.S. Court of Appeals for the 10th Circuit.

39. Defendant Anne Mangiardi is a citizen of the State of Colorado and a resident of the District of Colorado. At all relevant times, Anne Mangiardi was either employed by the Colorado Department of Law as a Senior Assistant Attorney General or employed by the CCJD as its Executive Director. At relevant times, Anne Mangiardi was also an appointed member of the CJDRC. Anne Mangiardi is an attorney licensed to practice before the Colorado state courts and the United States District Court for the District of Colorado with registration numbers 44284 and 1916504, respectively. Anne Mangiardi is also admitted to practice before the U.S. Court of Appeals for the 10th Circuit.

40. Defendant Bonnie McLean is a citizen of the State of Colorado and a resident of the District of Colorado. At all relevant times, Bonnie McLean was an 18th Judicial District Court Judge employed by the Colorado Judicial Department and/or an appointed member of the CCJD. Bonnie McLean is also an attorney licensed to practice before the Colorado state courts with registration number 31349.

41. Defendant Colleen McManamon is a citizen of the State of Colorado and a resident of the District of Colorado. At all relevant times, Colleen McManamon was an appointed member of the CJDAB and/or

the CJDRC. Colleen McManamon is a Licensed Legal Paraprofessional with registration number 600085.

42. Defendant Kristen Mix is a citizen of the State of Colorado and a resident of the District of Colorado. At all relevant times, Kristen Mix was an appointed member of the CJDAB and/or the CJDRC. Kristen Mix is also an attorney licensed to practice before the Colorado state courts and the U.S. District Court for the District of Colorado with registration numbers 15171 and 706160, respectively. Kristen Mix is also admitted to practice before the U.S. Court of Appeals for the 10th Circuit.

43. Defendant Reed Owens is a citizen of the State of Colorado and a resident of the District of Colorado. At all relevant times, Reed Owens was a 5th Judicial District Court Judge employed by the Colorado Judicial Department and/or an appointed member of the CCJD. Reed Owens is also an attorney licensed to practice before the Colorado state courts with registration number 40557.

44. Defendant Meredith Patrick Cord is a citizen of the State of Colorado and a resident of the District of Colorado. At relevant times, Meredith Patrick Cord was an El Paso County Court Judge employed by the Colorado Judicial Department and/or an appointed member of the CCJD. Meredith Patrick Cord is also an attorney licensed to practice before the Colorado state courts with registration number 33633.

45. Defendant Aubrey C. Sullivan is a citizen of the State of Colorado and a resident of the District of Colorado. At relevant times, Aubrey Sullivan was employed as the Director of the Colorado Division of Civil Rights. Aubrey Sullivan is also an attorney licensed to practice before the Colorado state courts with registration number 42341.

46. Defendant Courtney Sutton is a citizen of the State of Colorado and a resident of the District of Colorado. At all relevant times, Courtney Sutton was an appointed member of the CCJD or being considered for membership on the CCJD.

47. Defendant Jeff Swanty is a citizen of the State of Colorado and a resident of the District of Colorado. At all relevant times, Jeff Swanty was an appointed member of the CJDAB and/or the CJDRC.

48. Defendant Emily Tofte Nestaval is a citizen of the State of Colorado and a resident of the District of Colorado. At all relevant times, Emily Tofte Nestaval was an appointed member of the CCJD or being considered for appointment to the CCJD.

49. Defendant Stefanie Trujillo is a citizen of the State of Colorado and a resident of the District of Colorado. At all relevant times, Stefanie Trujillo was an appointed member of the CCJD or being considered for appointment to the CCJD. From 2021-2023 Stefanie Trujillo was also a member of the Colorado Supreme Court's Outreach and Working Group Committee—Licensed Legal Paraprofessional Initiative.

50. Defendant MaryAnn "Mariana" Vielma is a citizen of the State of Colorado and a resident of the District of Colorado. At all relevant times, Mariana Vielma was an Adams County Court Judge employed by the Colorado Judicial Department, an appointed member of the CCJD, or being considered for membership on the CCJD. Mariana Vielma is also an attorney licensed to practice before the Colorado state courts and the U.S. District Court for the District of Colorado with registration numbers 38584 and 2201475, respectively. The U.S. District Court for the District of Colorado, however, has administratively removed Mariana Vielma from its list of active attorneys.

51. Defendant Vincente Vigil is a citizen of the State of Colorado and a resident of the District of Colorado. At all relevant times, Vincente Vigil was employed by the Colorado Judicial Department as a 19th Judicial District Court Judge, an appointed member of the CJDAB, and/or an appointed member of the CJDRC. Vincente Vigil is also an attorney licensed to practice before the Colorado state courts with registration number 40640.

52. Defendant Jeffrey M. Walsh is a citizen of the State of Colorado and a resident of the District of Colorado. At all relevant times, Jeffrey Walsh was employed by the CCJD as its Special Counsel and/or as its interim Executive Director. Jeffrey Walsh is an attorney licensed to practice before the Colorado state courts and the U.S. District Court for the District of Colorado with registration numbers 33762 and 1870778, respectively. The U.S. District Court for the District of Colorado, however, has administratively removed Jeffrey Walsh from its list of active attorneys. Jeffrey Walsh is also admitted to practice before the U.S. Court of Appeals for the 10th Circuit.

## BACKGROUND

53. On July 15, 2018, SCAO Controller Myra Dukes discovered and internally reported evidence that SCAO Chief of Staff Mindy Masias had intentionally altered a receipt as part of a request for personal reimbursement. State Court Administrator Christopher Ryan immediately recognized Masias's suspected conduct as material to a continuous, recurring annual single statewide audit of the Judicial Department's internal controls conducted as a component for certification of the State of Colorado's Annual Comprehensive Financial Report (ACFR). Like other states and governments, Colorado is required to produce its ACFR as a condition of receiving federal funding and for its federally granted authority to issue bonds.

54. Following internal and external investigations, the Justices of the Colorado Supreme Court collectively decided to terminate Masias's employment. As part of the notice provided to Masias, State Court Administrator Ryan explained the materiality of Masias's financial misconduct to the OSA's single statewide audit and the ACFR. Rather than accept her termination or agree to the severance offer made by the Colorado Judicial Branch, Masias instead activated leave under the Family Medical Leave Act (FMLA).

55. In December 2018, Masias's colleague and successor as SCAO Human Resources Director, Eric Brown, began negotiating a multi-million-dollar, sole-source contract for Masias to provide leadership training services to the Judicial Department.  As part of these negotiations, Brown met with then-Chief Justice Nathan Coats, Counsel to the Chief Justice Andrew Rottman, and State Court Administrator Ryan to essentially present an ultimatum that Masias would release compromising information about the Department and the Justices if an agreement could not be reached.  Brown's talking points (including Masias's allegations of covered up judicial, attorney, and employee misconduct) were reduced to writing in a document later referred to as the Masias Memo.  SCAO Legal Counsel Terri Morrison was also contemporaneously aware of the Masias Memo and the meeting that occurred between Brown, Coats, Rottman, and Ryan.

56. Masias remained on FMLA leave until March 15, 2019, when she executed a separation agreement, effective March 19, 2019, that allowed her to keep her income from paid leave in exchange for a general release of claims and a non-disclosure agreement.  Masias executed her separation agreement with the expectation of a 5-year, $2.66-2.75 million sole-source contract to provide leadership training services.  To provide some perspective, under this contract Masias would have been paid approximately three-times the salaries of the individual Justices (i.e. $532,000 per year).

57. Before State Court Administrator Ryan signed the sole-source determination on March 25, 2019, Chief Justice Coats informed all the other Justices of Masias' resignation and her proposal for the leadership training program.

58. Through an April 4, 2019 email chain between Chief Justice Coats and Justice Melissa Hart about Masias applying to become the Utah State Court Administrator, Coats explained that Masias had signed an NDA and was negotiating the Masias Contract.

59. With Coats's approval, State Court Administrator Ryan then circulated the $2.66-2.75 million Masias Contract for its first execution on April 11, 2019.

60. On April 15, 2019, however, an anonymous complaint was submitted to the OSA's Fraud Hotline that alleged widespread occupational fraud within the SCAO, and specifically including additional financial misconduct by Masias. The anonymous Fraud Hotline complaint was personally sent to each of the Justices, to Attorney General Phil Weiser, and to Governor Jared Polis.

61. Upon receiving a letter from State Auditor Dianne Ray inquiring as to how the Judicial Department wished to proceed in response to the Fraud Hotline complaint, Chief Justice Coats confirmed that he had "look[ed] into th[e] allegations . . . in consultation with the Attorney General . . . and the Attorney General's Staff." In his response dated May 29, 2019, Chief Justice Coats did not inform the State Auditor that the $2.66-2.75 million sole-source Masias Contract had already been approved or that the Masias Contract would be executed a second time three business days later—June 3, 2019—and one business day after SCAO Controller Myra Dukes retired. Chief Justice Coats further knowingly concealed the existence of the Masias Memo and its significance in negotiations of the Masias Contract from the OSA.

62. In July 2019, the existence of the Masias Contract became public and the Justices accepted State Court Administrator Ryan's offer to resign. At the time, the Justices, through an official statement made by the Colorado Judicial Department, confirmed that they had jointly approved and made the decision to cancel the Masias Contract.

63. As part of his debriefing, Ryan met with 1st Assistant Attorney General LeeAnn Morrill and Assistant Solicitor General Grant Sullivan to discuss and turn over his copy of the Masias Memo.[5]  At that time, SCAO Legal Counsel Terri Morrison also had access to a copy of the Masias Memo.  In a July 19, 2019 email exchange with Andrew Rottman, Morrill acknowledged possession of the Masias Memo, its materiality to the OSA's Fraud Hotline investigation, and the need to preserve the document. Despite this email and later deposition testimony from Justice Melissa Hart confirming that the Justices were aware of the Masias Memo in 2019, the Masias Memo was intentionally withheld from the OSA (and from the CCJD) for more than eighteen months, until then-former State Court Administrator Ryan came forward and publicly revealed the document's existence.  In the meantime, the OSA issued a December 2019 management letter as part of the ACFR audit and a November 18, 2020 SCAO Performance Audit Report that both recognized the breakdown of SCAO's internal controls and appearances of impropriety created by the Masias Contract.

64. In response to State Court Administrator Ryan's revelation of the Masias Memo's existence, the Justices and the other attorneys listed in this Complaint collaborated on damage control that included the Justices issuing separate public statements on February 4, 2021 and on February 8, 2021.  The collaboration between the Justices, the attorneys listed in this Complaint, other public officials, and former U.S. Attorney for the District of Colorado John F. Walsh, III (who was then a partner at the national law firm WilmerHale) is documented through internal Judicial Department email chains created concurrently with the drafting of the public statements.  The public statements, in turn, confirmed that the Justices and the other attorneys were fully informed by former Chief Justice Coats

---

[5] David Migoya, *Colorado Attorney General's Office Lawyers Knew About Judicial Misconduct Memo: Whether they could, should or did tell Attorney General, other authorities is unclear*, DENVER POST, February 22, 2021.

and were complicit in knowingly concealing material information from the OSA as it performed a federal function through its ACFR audit, its 2020 Performance Audit of SCAO, and its Fraud Hotline Investigation.   These circumstances have been further proven through Chief Justice Coats's admissions and judicial discipline.  *Matter of Coats*, 2023 CO 44, ¶¶ 4(9)-(14), (20)-(23), 6.  A separate, though only partially-disclosed, attorney regulation investigation of former Chief Justice Coats concluded with findings (upon clear and convincing evidence) that he had failed to report the misconduct of subordinate attorneys, as required by Colo. RPC 5.1 and 8.3.[6]

65. The OSA finally issued its Fraud Hotline Investigation Report on February 4, 2022 with referrals for prosecution. The protracted delay of the Fraud Hotline investigation, interference, and obstruction caused state statutes of limitations to lapse.  The Justices, Andrew Rottman, Terri Morrison, Attorney General Phil Weiser, Chief Deputy Attorney General Natalie Hanlon-Leh, LeeAnn Morrill, and Grant Sullivan were all directly involved in this interference, obstruction, and forced delay.

66. At various times, Plaintiff reported these circumstances to federal law enforcement (specifically Assistant U.S. Attorney Bryan Fields, the DOJ—Denver Office, the DOJ Public Integrity Section, and the FBI) and to the CCJD only to be deliberately ignored.  More recently, the Colorado State Commission on Judicial Performance, the Colorado Civil Rights Division, the Colorado Judicial Discipline Rulemaking Committee, the Colorado Supreme Court, the Colorado Judicial Discipline

---

[6] The Colorado Legal Regulation Committee's public statement dated January 20, 2023, states, in relevant part:

> "Based on the evidence provided by outside counsel, the Committee believes that there is clear and convincing evidence that the former Chief Justice violated the rules with respect to his duty to report what appeared to be improper conduct of other lawyers which contributed to the ongoing consideration of awarding the [Masias] contract."

Adjudicative Board, and the CCJD have intentionally ignored and/or suppressed the Plaintiff's

submission of renewed complaints, public comments, and two separate requests for evaluation of

judicial conduct.  Moreover, there appears to be cultural resistance within the press, Colorado's political

parties, and the Colorado General Assembly to holding the attorneys listed in this Complaint

(particularly Attorney General Weiser) and others involved in the Colorado Judicial Scandal

accountable.

67. As relevant to the claims pled in this Complaint, the Defendants have a long history of conspiring to

suppress evidence of judicial, attorney, and official misconduct through patterns of publicly funded hush

money (i.e. NDAs), self-controlled investigations, and self-serving public relations strategies.  This

obstruction and persistently-repeated violations of the FCA and the CFCA have included repeated

retaliation against the Plaintiff for his duty-bound pursuit of discipline against the Justices and for his

having reported misconduct within the CCJD.

68. The obstruction of Colorado's constitutionally defined judicial disciplinary structure has included the

methodical, coordinated, and overt abuse of appointment powers by Governor Jared Polis, Attorney

General Phil Weiser, the Justices of the Colorado Supreme Court, the members of the CJDAB, and the

members / staff of the CCJD to stack the various judicial discipline oversight entities, including the

CJDRC.

69. On October 20, 2024, the Plaintiff anonymously submitted a Fraud Hotline complaint to the OSA and a

detailed RFE to the CCJD.  *Exhibit 1, sub-Exhibits 1-3*.  Even though the RFE specifically requested

that the CCJD disqualify itself and allow an investigation through a conflict-free special commission

and conflict-free staff, the CCJD instead summarily dismissed the RFE without any publicly expressed

explanation of the grounds for dismissal.

70. As part of her testimony to the Colorado Senate Judiciary Committee on April 28, 2025, Defendant Mindy Sooter confirmed the CCJD's non-disqualification and summary dismissal of the October 20, 2024 anonymously filed RFE.

71. More recently, the Plaintiff sought to provide public comments as part of the CJDRC's required rulemaking process under Colo. Const. Art. VI, § 23(3)(k)(I). Plaintiff did so by dually filing his public comments on proposed rule changes with an additional non-anonymous RFE. Those submissions are included in *Exhibit 1, sub-Exhibits 4-7*. Additionally, a 4th Supplement to the public comments and RFE with Plaintiff's scripted oral statements delivered at the CJDRC's October 3, 2025 public hearing are included in *Exhibit 2*.

72. As part of his 2nd Supplement (*Exhibit 1, sub-Exhibit 6*) and his 4th Supplement (*Exhibit 2*), Plaintiff expressly put the Defendants on notice that their attempts to impose prior restraints upon the rulemaking process and their refusal to accept or publish Plaintiff's public comments into the record violated the Plaintiff's federal constitutional rights to freedom of expression, to petition for redress of grievances, and to due process / equal protection.

73. Nevertheless, the Defendants have refused Plaintiff's repeated requests to disqualify themselves and to allow the various judicial selection, retention, and disciplinary processes to occur in a transparent and conflict-free manner. The Defendants have also persisted in their refusal to accept/publish Plaintiff's comments and RFE into the CJDRC's public record.

74. The Defendants have also obstructed Plaintiff's fundamental right to be heard as to misconduct within the CCJD, including complicity in Plaintiff's retaliatory termination as the CCJD's Executive Director. The circumstances of Plaintiff's retaliatory termination are described in detail though the Statement of

Discrimination that he submitted to the Colorado Division of Civil Rights, included in *Exhibit 1, sub-Exhibit 7, Appendix 2*.

75. Initially, the Civil Rights Division summarily dismissed Plaintiff's complaint on jurisdictional grounds without identifying the public official responsible for the dismissal decision. More recently, Defendant Aubrey C. Sullivan issued a letter summarily denying Plaintiff's administrative appeal of the dismissal to the Colorado Civil Rights Commission. It is unclear what record, if any, Defendant Aubrey Sullivan provided to the Civil Rights Commission before communicating her declination to hear Plaintiff's appeal. Plaintiff's correspondence with the Civil Rights Division and Defendant Aubrey Sullivan is included in *Exhibit 3*.

76. Ultimately, and despite repeated requests to do so, all the individual Defendants have refused to disqualify themselves. Instead, the Defendants have continued to determinedly censor Plaintiff's compelled speech (i.e. the mandatory reporting of judicial, attorney, and official misconduct, including reasonably suspected false claims and other crimes), to facilitate retaliation against Plaintiff, and to obstruct Plaintiff's access to administrative and judicial remedies. In violation of both federal and Colorado law, the Defendants are protecting the Justices of the Colorado Supreme Court from *any* accountability for their probable criminal conduct and their substantial violations of the Code.

CLAIMS FOR RELIEF

CLAIM 1
INTERFERENCE WITH THE LEGISLATIVE, ADMINSTRATIVE, AND JUDICIAL DISCIPLINE
PROCESSES—42 U.S.C. § 1983

77. The allegations of the preceding paragraphs are realleged as if fully set forth below.

78. Plaintiff Christopher Gregory alleges that Defendants Mindy Sooter, Philip Weiser, Jared Polis, Maria Berkenkotter, Brian Boatright, Richard Gabriel, Melissa Hart, William Hood, III, Monica Márquez,

Carlos Samour, Ingrid Barrier, David Beller, Jill Brady, Gina Cannan, James Carpenter, Nancy Cohen,

Robert Gardner, Sara Garrido, Kirsten Grooms, James Hartmann, Amanda Hollander, Alison Kyles,

Bryon Large, Anne Mangiardi, Bonnie McLean, Colleen McManamon, Kristen Mix, Reed Owens,

Meredith Patrick Cord, Aubrey C. Sullivan, Courtney Sutton, Jeff Swanty, Emily Tofte Nestaval,

Stefanie Trujillo, Mariana Vielma, and Vincente Vigil acting either individually or in concert and under

color of state law, conspired to deprive Plaintiff of rights secured by the Constitution and laws of the

United States.  These Defendants (individually and collectively) acting under color of state law,

deprived Plaintiff of rights, privileges, or immunities secured by the Constitution and laws of the United

States. Specifically, Defendants interfered with Plaintiff's fundamental right to be heard as well as his

federal (U.S. Const., amends. I, V, and XIV) and state (Colo. Const. Art. II, §§ 3, 6, 10, 24, and 25 and

Art. V, § 16) constitutional rights of access to the courts / administrative remedies / equality of justice,

fundamental fairness, free speech, free participation in legislative and rulemaking processes (including

the freedom to petition and non-interference with legislative privilege), due process, and equal

protection under the law.  Moreover, the speech that has been suppressed interferes unlawfully with

Plaintiff's right and duty to freely and publicly report evidence of public fraud and official misconduct,

including but not limited to false claims subject to remedies through the FCA (31 U.S.C. §§ 3729 et.

seq.) and the CFCA.  The Defendants have also intentionally stripped the Plaintiff of his right and

ability to freely report evidence of other tortious, criminal, and ethical misconduct.  By refusing to

disqualify themselves, the Defendants have internally obstructed the various judicial oversight entities

that should receive and legitimately investigate such reports of tortious, criminal, and ethical

misconduct.  The individual Defendants have violated Plaintiff's rights under federal law directly,

through ratification of such violations, and/or through a failure to train and supervise. *See*, e.g., *Parker*

*v. Blackwell*, 23 F.4th 517, 525 (5th Cir. 2022) (summarizing elements of a failure to train and supervise claim brought under 42 U.S.C. § 1983); *Matthews v. Columbia County*, 294 F.3d 1294, 1297-98 (11th Cir. 2002) (summarizing requirements for claim based upon ratification of unconstitutional actions).

79. Defendants the Colorado Judicial Discipline Rulemaking Committee, the Colorado Commission on Judicial Discipline, the Colorado Supreme Court, Governor Jared Polis, and Attorney General Philip Weiser are further named in their official capacities to facilitate injunctive relief and secondary liability for the attorney's fees and costs incurred in Plaintiff pressing this civil rights claim. 42 U.S.C. § 1988(b); *Missouri v. Jenkins by Agyei*, 491 U.S. 274, 280 (1989) (11th Amendment does not preclude award of attorney's fees and costs from a state to a plaintiff who successfully obtains injunctive relief under 42 U.S.C. §§ 1983 and 1988).

## CLAIM 2
## CONSPIRACY TO INTERFERE WITH CIVIL RIGHTS—42 U.S.C. § 1985(2), (3)

80. The allegations of the preceding paragraphs are realleged as if fully set forth below.

81. From about October 20, 2024 through the present, the Plaintiff was subjected to a conspiracy orchestrated by Defendants Mindy Sooter, Philip Weiser, Jared Polis, Maria Berkenkotter, Brian Boatright, Richard Gabriel, Melissa Hart, William Hood, III, Monica Márquez, Carlos Samour, Ingrid Barrier, David Beller, Jill Brady, Gina Cannan, James Carpenter, Nancy Cohen, Robert Gardner, Sara Garrido, Kirsten Grooms, James Hartmann, Amanda Hollander, Alison Kyles, Bryon Large, Anne Mangiardi, Bonnie McLean, Colleen McManamon, Kristen Mix, Reed Owens, Meredith Patrick Cord, Aubrey C. Sullivan, Courtney Sutton, Jeff Swanty, Emily Tofte Nestaval, Stefanie Trujillo, Mariana Vielma, and Vincente Vigil, which aimed to impede, hinder, obstruct, or defeat the due course of justice in the State of Colorado, with the intent to deny the Plaintiff the equal protection of the laws, to freely

participate in the legislative and administrative processes, or to injure the Plaintiff for lawfully enforcing, or attempting to enforce, the right of any person, or class of persons, to the equal protection of the laws.

82. The conspiracy was directed at the Plaintiff and others as individuals, and proof of the conspiracy does not require a showing of racial bias.

83. Alternatively and additionally, the Plaintiff alleges that Defendants conspired to deprive Plaintiff of equal protection of the laws or of equal privileges and immunities under the laws. This conspiracy was aimed at preventing Plaintiff from exercising his constitutional rights under both the U.S. and Colorado Constitutions, resulting in harm and injury to Plaintiff.

CLAIM 3
ACTION FOR NEGLECT TO PREVENT—42 U.S.C. § 1986

84. The allegations of the preceding paragraphs are realleged as if fully set forth below.

85. From about October 20, 2024 continuing to the present, the Plaintiff was subjected to a conspiracy described in paragraph 81, which aimed to deprive the Plaintiff of his freedom of expression, his freedom to petition for grievances, his fundamental right to be heard, equal protection, and due process under both the U.S. and the Colorado Constitutions.

86. One or more valid claims under 42 U.S.C. § 1985(2), (3) is a prerequisite for a claim under 42 U.S.C. § 1986. Plaintiff has sufficiently alleged the existence of a conspiracy under 42 U.S.C. § 1985(2), (3) directed at the Plaintiff as an individual, and the Defendants' failures to prevent such conspiracy.

87. More specifically, even when expressly requested to do so, Defendants Mindy Sooter, Philip Weiser, Jared Polis, Maria Berkenkotter, Brian Boatright, Richard Gabriel, Melissa Hart, William Hood, III, Monica Márquez, Carlos Samour, Ingrid Barrier, David Beller, Jill Brady, Gina Cannan, James Carpenter, Nancy Cohen, Robert Gardner, Sara Garrido, Kirsten Grooms, James Hartmann, Amanda Hollander, Alison Kyles, Bryon Large, Anne Mangiardi, Bonnie McLean, Colleen McManamon,

Kristen Mix, Reed Owens, Meredith Patrick Cord, Aubrey C. Sullivan, Courtney Sutton, Jeff Swanty,

Emily Tofte Nestaval, Stefanie Trujillo, Mariana Vielma, and Vincente Vigil refused to perform their

official functions, to disqualify themselves, to investigate, or to address judicial misconduct and

misconduct within the CCJD, the CJDAB, and the CJDRC.

88. The Defendants listed in paragraph 87 had knowledge of the conspiracy and had the power to prevent

   or aid in preventing the commission of the wrongs conspired to be done.

89. Despite having the power to prevent the conspiracy, the Defendants specified in Paragraph 87 neglected

   or refused to do so, thereby violating 42 U.S.C. § 1986.

CLAIM 4
RETALIATION IN VIOLATION OF § 24-31-1204(8), C.R.S.—
THE COLORADO FALSE CLAIMS ACT

90. The allegations of the preceding paragraphs are realleged as if fully set forth below.

91. Plaintiff alleges that Defendants Mindy Sooter, Philip Weiser, Jared Polis, Maria Berkenkotter, Brian

   Boatright, Richard Gabriel, Melissa Hart, William Hood, III, Monica Márquez, Carlos Samour, Ingrid

   Barrier, David Beller, Jill Brady, Gina Cannan, James Carpenter, Nancy Cohen, Robert Gardner, Sara

   Garrido, Kirsten Grooms, James Hartmann, Amanda Hollander, Alison Kyles, Bryon Large, Anne

   Mangiardi, Bonnie McLean, Colleen McManamon, Kristen Mix, Reed Owens, Meredith Patrick Cord,

   Aubrey C. Sullivan, Courtney Sutton, Jeff Swanty, Emily Tofte Nestaval, Stefanie Trujillo, Mariana

   Vielma, and Vincente Vigil retaliated against Plaintiff for lawful acts done in furtherance of a potential

   cause of action and/or stopping what Plaintiff reasonably believes to be false claims / violations under

   the Colorado False Claims Act. § 24-31-1204 (8)(b), C.R.S. This retaliation included Plaintiff's non-

   reappointment to the CCJD, wrongful termination, harassment, intimidation, obstruction of justice,

   creation of a hostile work environment, blackballing, defamation, and other adverse employment

-30-

actions.  Moreover, continuing retaliation includes the Defendants' individual and collective refusals to disqualify themselves from considering Plaintiff's repeated complaints of judicial misconduct and misconduct within the CCJD, the CJDAB, and the CJDRC.  Similarly, Defendant Aubrey Sullivan has obstructed Plaintiff's access to allow the Colorado Civil Rights Commission to consider the merits of a collateral complaint brought under the Colorado Anti-Discrimination Act.  The conflicted consideration and intentional disregard of Plaintiff's complaints has, and continues to, deprive the Plaintiff of his fundamental constitutional rights to be heard through fair and impartial tribunals (both administrative and judicial).  *See* § 24-31-1204(8)(b), C.R.S. (defining what constitutes retaliation in broad terms that include retaliation and discrimination in the conditions of an individual's profession).

CLAIM 5
WRITS OF MANDAMUS AND PROHIBITION

92.  The allegations of the preceding paragraphs are realleged as if fully set forth below.

93.  Additionally, and alternatively, Plaintiff is entitled to Writs of Mandamus and Prohibition necessary to restore the integrity of Colorado's constitutional systems of judicial selection, retention, and discipline. The writs would issue to Defendants the Colorado Judicial Discipline Rulemaking Committee, the Colorado Commission on Judicial Discipline, Colorado Attorney General Philip Wesier (in his official capacity), and Colorado Governor Jared Polis (in his official capacity).  Such relief includes Writs of Mandamus requiring the removal of conflicted officials with further requirement that the respective offices, boards, commissions, and committees are recomposed through conflict-free processes.  Writs of Prohibition are necessary to prevent further conflicted rulemaking by the CJDRC and to prevent Governor Jared Polis from making additional conflicted judicial appointments.

94.  Writs of Mandamus and Prohibition are appropriate because no other specific legal remedy exists while justice and public policy demand action to preserve peace, order, and good governance.  *See Marbury v.*

*Madison*, 5 U.S. 137, 168-169 (1803) (describing common law requirements for writ of mandamus including threshold that no adequate legal remedy otherwise exists).

## CLAIM 6
### EQUITABLE RELIEF FOR STATUTORY AND CONSTITUTIONAL VIOLATIONS

95. The allegations of the preceding paragraphs are realleged as if fully set forth below.

96. Under this court's traditional equitable jurisdiction, Plaintiff is entitled to equitable relief to prevent and restrain ongoing violations of administrative, statutory, and constitutional law (both state and federal) by the Defendants (in either their individual or official capacities). This jurisdiction exists independently from enforcement of the U.S. Constitution's Supremacy Clause. Because such an action seeks simply to halt or prevent a violation of federal or state law rather than the award of money damages, it does not ask the court to imply a new cause of action. It is "long recognized" that a federal court may enjoin state actions / prospective actions, laws, and regulations that conflict with federal laws, privileges, and immunities. *Armstrong v. Exceptional Child Ctr., Inc.*, 575 U.S. 320, 326 (2015); *see also Ex Parte Young*, 209 U.S. 123, 150-151 (1908) (distinguishing judicial authority to enjoin the actions of individual state officials from violating federal law as non-violative of the 11th Amendment). "The ability to sue to enjoin unconstitutional actions by state and federal officers is the creation of courts of equity, and reflects a long history of judicial review of illegal executive action, tracing back to England." *Armstrong* at 327.

## CLAIM 7
### EQUITABLE REIMBURSEMENT OF THE STATE OF COLORADO'S REASONABLE ATTORNEY'S FEES AND COSTS FOR STATE-FUNDED REPRESENTATION OF INDIVIDUAL DEFENDANTS

97. The allegations of the preceding paragraphs are realleged as if fully set forth below.

98. The Colorado Supreme Court has established that unjust enrichment occurs when a party retains a benefit under circumstances that make it inequitable for it to retain the benefit without paying for it. *Martinez v. Colo. Dep't of Human Servs.*, 97 P.3d 152, 159 (Colo. 2003); *Spencer Invs. v. Bohn*, 923 P.2d 140, 144 (Colo. 1995).

99. Plaintiff seeks the disgorgement and reimbursement to the State of Colorado of reasonable attorney's fees and costs incurred through the state-funded representation (whether through insurance or otherwise) of any of the individual Defendants ultimately found individually liable for any of the claims at law averred in this Complaint.

PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff respectfully requests this Court to enter judgment against the Defendants, as follows:

1.     That the Court grant permanent injunctive relief to prevent any recurrence of violations of 42 U.S.C. §§ 1983, 1985, and 1986, the Colorado False Claims Act, and other laws for which redress is sought in this Complaint;

2.     That this Court issue a Writ of Prohibition invalidating all interim rules or rule changes adopted by the Colorado Judicial Discipline Rulemaking Committee and enjoining further rulemaking until a conflict-free Committee can be re-composed;

3.     That this Court issue a Writ of Mandamus requiring the Colorado Commission on Judicial Discipline to reinstate Plaintiff as its Executive Director with authority for Plaintiff to, then, directly form a special commission as contemplated by Colo. Const. Art. VI, § 3(b) and Colo. RJD 3(c). The special commission shall be authorized to hear and continue to hear all cases pending or opened before a replacement Commission can be formed through conflict-free processes;

4.      That this Court issue a further Writ of Mandamus requiring the Colorado Commission on Judicial Discipline to remove its current Executive Director, Anne Mangiardi, and its current Special Counsel, Jeffrey M. Walsh, from their official positions for cause;

5.      That this Court issue a Writ of Mandamus requiring the Colorado Supreme Court to remove all its appointees to the Colorado Commission on Judicial Discipline, the Colorado Judicial Discipline Adjudicative Board, the Colorado Judicial Discipline Rulemaking Committee (including indirect appointments from the CJDAB), the Colorado Judicial Performance Commissions, and the Colorado Judicial Nominating Commissions.  The various boards, commissions, and committees should then be re-composed through a conflict-free process such as random selection from eligible pools;

6.      That this Court issue a Writ of Mandamus requiring Governor Jared Polis to remove all his appointees to the Colorado Commission on Judicial Discipline, the Colorado Judicial Discipline Adjudicative Board, the Colorado Judicial Discipline Rulemaking Committee (including indirect appointments from the CJDAB), the Colorado Judicial Performance Commissions, and the Colorado Judicial Nominating Commissions.  The various boards, commissions, and committees should then be re-composed through a conflict-free process such as random selection from eligible pools;

7.      That this Court issue a Writ of Prohibition and Mandamus prohibiting Governor Jared Polis from making further judicial appointments and, to instead, require that such appointments occur through a conflict-free designee;

8.      That this Court issue a Writ of Mandamus requiring the Colorado Attorney General Philip Weiser to remove all his appointees to the Colorado Judicial Nominating Commissions. The various boards, commissions, and committees should then be re-composed through a conflict-free process such as random selection from eligible pools;

9.    For Claims 1-3, that this Court award compensatory and punitive damages to Plaintiff for the involved Defendants' harassment, retaliation, infringement of constitutional rights, violation of statutory protections, and actions resulting in Plaintiff being unlawfully excluded from the judicial discipline rulemaking and judicial disciplinary processes (including the CCJD's internal mechanisms for complaints against members and staff);

10.    As provided under § 24-31-1204(8)(d)(II), C.R.S., that Plaintiff be granted all relief necessary to make him whole, including but not limited to reinstatement, two times his backpay with interest, his attorney's fees and costs, and other compensatory or special damages sustained as a result of the involved Defendants' harassment and retaliation;

11.    That pre- and post-judgment interest be awarded, along with reasonable attorneys' fees, costs, and expenses which the Relator necessarily incurred in bringing and in pressing this case. § 24-31-1204(8)(d)(II)(C), C.R.S.; *see also* 42 U.S.C. § 1988(b) (authorizing award of attorney's fees and costs to prevailing plaintiff who brought action under 42 U.S.C. §§ 1983, 1985, 1986, etc.);

12.    To the extent that the State of Colorado provides legal representation to or advances costs (through insurance or otherwise) on behalf of any Defendants found to be individually liable, that this Court exercise its equitable powers to order restitution of reasonable attorney's fees and costs reimbursed to the State of Colorado;

13.    As indicated in this complaint, the judge/attorney Defendants admitted to practice before this Court (regardless of administrative removal from this Court's list of active attorneys due to non-payment of biennial fees) are subject to disciplinary oversight through this Court and/or the U.S. Court of Appeals for the 10th Circuit.  Upon proven facts establishing grounds to suspect

violations of the Colorado Rules of Professional Conduct[7] (which this Court has adopted as its Standards of Professional Conduct), that this Court refer those judge/attorney Defendants for discipline according to D.C.Colo.LAttyR 1(c), 2, 3(b), 6, 7; and

---

[7] Colo. RPC 1.7 provides, in relevant part:

> **(a)** . . . [A] a lawyer shall not represent a client if . . . :
>
> * * *
>
> (2) there is a significant risk that the representation of one or more clients will be materially limited . . . by a personal interest of the lawyer.

Colo. RPC 8.3 provides, in relevant parts:

> **(a)** A lawyer who knows that another lawyer has committed a violation of the Rules of Professional Conduct or that an LLP has committed a violation of the LLP Rules of Professional Conduct that raises a substantial question as to that lawyer's or LLP's honesty, trustworthiness or fitness as a lawyer or LLP in other respects, shall inform the appropriate professional authority.
>
> **(b)** A lawyer who knows that a judge has committed a violation of applicable rules of judicial conduct that raises a substantial question as to the judge's fitness for office shall inform the appropriate authority.

Colo. RPC 8.4 provides, in relevant parts:

> It is professional misconduct for a lawyer to:
>
> (a-1) violate or attempt to violate the Rules of Professional Conduct, knowingly assist or induce another to do so, or do so through the acts of another;
>
> **(b)** commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects;
>
> **(c)** engage in conduct involving dishonesty, fraud, deceit or misrepresentation[;]

14.     That this Court award all such other and further relief in law and/or in equity as it deems

proper.

DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial on all the legal claims alleged herein.


Dated: October 23, 2025

/s/ Ingrid J. DeFranco
**Ingrid J. DeFranco, esq.**
Law Office of Ingrid J. DeFranco
P.O. Box 128
Brighton, CO 80601
Telephone: (303) 641-6812
Email:  Ingrid.DeFranco@gmail.com
Attorney for Plaintiff Christopher S.P. Gregory

/s/ Christopher S.P. Gregory
**Christopher S.P. Gregory, Esq.**
The Gregory Law Firm, LLC
201 Coffman St., #1822
Longmont, CO 80502
Telephone: (970) 648-0642
E-mail: cspgregory@thegregorylawfirm.net
*Pro Se* Attorney for Plaintiff
Christopher S.P. Gregory

_____

**(d)** engage in conduct that is prejudicial to the administration of justice;

* * *

**(f)** knowingly assist a judge or judicial officer in conduct that is a violation of applicable rules of judicial conduct or other law; [or]

* * *

**(h)** engage in any conduct that directly, intentionally, and wrongfully harms others and that adversely reflects on a lawyer's fitness to practice law[.]

-37-

**VERIFICATION**

I hereby verify that the averments contained in this Verified Complaint are true and correct to the best of my knowledge, information, belief, and ability to determine.  I understand that each averment made herein is made subject to the penalties of perjury of the laws of the United States of America.

Executed at Boulder County, Colorado, this __23rd__ day of October, 2025

**Christopher S. P. Gregory**