# The Gregory Law Firm, LLC

Christopher S.P. Gregory
Attorney at Law

cspgregory@thegregorylawfirm.net

October 2, 2025

Colorado Judicial Discipline Rulemaking Committee
Ralph L. Carr Judicial Center
1300 Broadway, Suite 210
Denver, CO 80203

*Re: 4th Supplement to Public Notice and Comment as to Proposed Colo. RJD Amendments and Request for Evaluation of Judicial Conduct; Appendix 1*

Dear Committee Members:

Freedom of expression in legislative processes is guaranteed through the 1st Amendment to the U.S. Constitution and Article II, §§ 7, 10 of the Colorado Constitution, with the Colorado Constitution providing greater protections.  Moreover, the 5th and 14th Amendments to the U.S. Constitution and Article II, § 25 guarantee substantive and procedural due process rights.  The free reporting of official misconduct (including judicial misconduct) and the free reporting of public fraud have been long recognized as amongst the most protected forms of expression.[1] Like the Colorado General Assembly's legislative process, rulemaking processes are expected to afford the public a fair opportunity to be heard with a meaningful response from the rulemaking body. *See generally Perez v. Mortgage Bankers Ass'n.*, 575 U.S. 92, 96 (2015) (describing theoretical justifications for the federal notice and comment process (including the requirement that the agency respond to "significant public comments") under the APA).

Starting with a letter re: "Public Notice and Comment as to Proposed Colo. RJD Amendments and Request for Evaluation [(RFE)] of Judicial Conduct" filed with both this Committee and the Colorado Commission on Judicial Discipline (the CCJD) on August 25, 2025, I have submitted a

---

[1] *See, e.g., New York Times Co. v. Sullivan*, 376 U.S. 254, 273, 282, 296-97 (1964) ("Criticism of [judges' and other public officials'] official conduct does not lose its constitutional protection merely because it is effective criticism and hence diminishes their official reputations."; quoting James Madison: "'the censorial power is in the people over the Government, and not in the Government over the people.'") (Black, J. Concurring) ("[F]reedom to discuss public affairs and public officials is unquestionably . . . the kind of speech the First Amendment was primarily designed to keep within the area of free discussion."); *Garrison v. Louisiana*, 379 U.S. 64, 77 (1964) (extending *New York Times v. Sullivan* standard of actual knowledge of falsity or reckless disregard for truth/falsity to criminal libel statute; "Few personal attributes are more germane to the fitness for office than dishonesty, malfeasance, or improper motivation, even though these characteristics may also affect the official's personal character."); *Landmark Comm., Inc. v. Virginia*, 435 U.S. 829 (1978) (recognizing unconstitutionality of criminal sanctions against third parties in relation to internally confidential judicial discipline proceedings);  *In re Green*, 11 P.3d 1078, 1083-87 (Colo. 2000) (recognizing criticism of judges as protected speech with any attorney discipline under Colo. RPC 8.2 dependent upon application of *New York Times v. Sullivan* "actual malice" standard; p. 1085, "These cases reason that the protection of attorney criticism of judges is similar to the protection of criticism of other public officials, *relying upon the principal purpose of the First Amendment*: safeguarding public discussion of governmental affairs." (emphasis added)).



PLAINTIFF'S
EXHIBIT

**2**

201 Coffman St., #1822, Longmont, CO 80502
● 970-648-0642 ● Fax: 970-648-0643 ●

Christopher S.P. Gregory, esq.
October 2, 2025
Page 2 of 3

series of written public comments relevant to the integrity and substance of this Committee's rulemaking process.  Nevertheless, this Committee, through its counsel, Assistant Attorney General Kirsten Grooms, has arbitrarily and repeatedly applied content-specific prior restraints by refusing to accept/publish my public comments into the record.  The latest excuse for this unconstitutionally offensive response is that the CCJD's records (including the RFEs it receives) are confidential according to Colo. Const. Art. VI, § 23(3)(g). Appendix 1.  While *the CCJD's **internal records*** prior to the initiation of formal proceedings are confidential, this Committee's records (including the written public comments it receives) and the underlying allegations of judicial misconduct raised in my public comments are categorically not confidential.  Rather, the allegations of judicial, attorney, and official misconduct raised in my public comments are protected public speech under both the 1st Amendment and Colo. Const. Art. II, §§ 7, 10.  *See also* Colo. RJD 6.5(d) (the CCJD's confidentiality yields when necessary to fulfil the CCJD's constitutional mandate or in the interest of justice), (g) (allowing the CCJD to seek waiver of confidentiality when allegations of misconduct have become "generally known to the public").

The exclusion of my written public comments from this Committee's public record is content-based censorship which deprives me of my fundamental right and absolute privilege to freely report official misconduct and public fraud.  *See, e.g.,* Colo. RPC 8.3 (attorneys compelled to report judicial and attorney misconduct); C.R.C.P. 242.8 (providing immunity for good faith reporters of suspected attorney misconduct); Colo. Const. Art. VI, § 23(3)(g)(I) (recognizing absolute immunity to report judicial misconduct through the CCJD / recognizing that already privileged/immunized writings remain privileged after filing with the CCJD); § 16-3-202(4), C.R.S. (recognizing that individuals are immune from civil liability for good faith reporting of suspected crimes); § 18-8-115, C.R.S. (recognizing general duty to report and also providing immunity for good faith reporting of suspected crimes).  Accordingly, such censorship violates my federally-protected rights and gives rise to remedies under 42 U.S.C. § 1983.

This Committee's rulemaking process continues to be a *pro forma* farce.  This Committee's obstruction of the complete development of the public record raises the following three questions:

1.  In response to expressly raised concerns about this Committee's partiality and bias, this Committee has refused to abandon its promulgated rules and to disqualify itself.  Why?

2.  Colo. Const. Art. VI, § 23(3)(k)(I) mandates that this Committee promulgate rules defining standards of proof, "confidential reporting procedures," and "complainant rights."  Instead, this Committee only proposes self-serving rule changes that protect subject judges, reduce transparency, and encourage public fraud / further judicial misconduct.  None of this Committee's proposed rule changes addresses the constitutionally-mandated topics.  Why not?

3.  On what constitutional or statutory basis is this Committee refusing to accept/publish my written public comments into the record and then, refusing to respond in any substantive manner to those comments?

Christopher S.P. Gregory, esq.
October 2, 2025
Page 3 of 3


Again, I publicly call for this Committee to accept/publish my public comments into its record and to disqualify itself from further rulemaking.   This Committee's persistent non-disqualification is impropriety which violates both the Colorado Code of Judicial Conduct and the Colorado Rules of Professional Conduct.  This Committee's conduct is unconstitutional, unlawful, and unethical.


Sincerely,

Christopher S.P. Gregory
Enclosure

Cc: The Colorado Commission on Judicial Discipline
The Colorado Office of the State Auditor / the Colorado Fraud Hotline
The Colorado Office of Judicial Performance Evaluation
Members of the Colorado General Assembly
The Denver Gazette
The Denver Post
The Durango Herald
9News
CBS Colorado
Denver7

## Christopher Gregory

**From:** Kirsten Grooms <Kirsten.Grooms@coag.gov>
**Sent:** Wednesday, October 1, 2025 1:43 PM
**To:** Christopher Gregory
**Subject:** Re: Third Supplement to Public Notice and Comment

Good afternoon Mr. Gregory,

After a review of your correspondence dated September 30, 2025—titled *Third Supplement to Public Notice and Comment as to Proposed Colo. RJD Amendments and Request for Evaluation of Judicial Conduct; Appendices 1-4)*—it is apparent that the correspondence is both a comment on the draft rules and a request for an evaluation of judicial conduct. The Committee appreciates your participation in the rulemaking process, but is unable to publish your correspondence due to the confidential information included therein. *Please see* Colo. Const. Art. VI, Section 23 (3)(g)(I), which states that "prior to the commencement of formal disciplinary proceedings against any justice or judge, all papers filed with and proceedings before the commission on judicial discipline are confidential [. . .];" and Colo. Const. Art. VI, Section 23 (3)(g)(II)(c), which states that "[. . .] the commission shall not make public any information that identifies any specific person or complaint.")

Additionally, the Committee received your request to speak at the upcoming public hearing. Your participation is appreciated, and the Committee looks forward to hearing your verbal comments then. Please do not hesitate to reach out with any thoughts or questions.

Regards,

Appendix 1

1

Good morning, my name is Christopher Gregory.  This Committee is familiar with my background as a former member, Vice-Chair, Chair, and Executive Director of the Colorado Commission on Judicial Discipline as well as my role in the adoption of Amendment H.  I have submitted written comments. This Committee, however, refuses to accept and publish my written comments into its record.  With this context, I have the following additional comments:

1.  In response to expressly raised concerns about this Committee's partiality and bias, this Committee has refused to abandon its promulgated rules and to disqualify itself.  Why?

2.  Colo. Const. Art. VI, § 23(3)(k)(I) mandates that this Committee promulgate rules defining standards of proof, "confidential reporting procedures," and "complainant rights."  Instead, this Committee only proposes self-serving rule changes that protect subject judges, reduce transparency, and encourage public fraud and further judicial misconduct.  None of this Committee's proposed rule changes address the constitutionally-mandated topics.  Why not?

3.  My written comments specifically reference the pending judicial discipline proceedings against Montezuma County Court Judge Ian MacLaren.  The Colorado Commission on Judicial Discipline, the Colorado Judicial Discipline Advisory Board, and the Colorado Supreme Court refuse to disqualify themselves from Judge MacLaren's case.  Apparently, Judge MacLaren has not been notified of my written comments.  Why not?

4.  On what constitutional or statutory basis is this Committee refusing to accept and publish my written public comments into the record and then, refusing to respond in any substantive manner to those comments?

By refusing to accept and consider my written comments, this Committee in not being sincere in this process and is, instead, engaging in unconstitutional content-based censorship.  If this Committee wishes to engage in a dialogue, such discussion should now occur in a federal courtroom or through formal litigation.  Other than submitting my comments today and renewing my request to be heard through my written comments, I will not engage with you further.