

# The Gregory Law Firm, LLC

Christopher S.P. Gregory
Attorney at Law

cspgregory@thegregorylawfirm.net

September 12, 2025

Colorado Judicial Discipline Rulemaking Committee
Ralph L. Carr Judicial Center
1300 Broadway, Suite 210
Denver, CO 80203

*Re: Second Supplement to August 25, 2025 Public Notice and Comment as to Proposed Colo.
RJD Amendments and Request for Evaluation of Judicial Conduct; Appendix 1*

Dear Committee Members:

On August 25, 2025, I submitted my "Public Notice and Comment as to Proposed Colo. RJD
Amendments and Request for Evaluation [(RFE)] of Judicial Conduct."  Through an email sent
by Colorado Commission on Judicial Discipline Executive Director Anne Mangiardi on August
26, 2025, my submission was acknowledged as having been received.  Earlier this afternoon, I
submitted the first supplement to my public comments and RFE.  In response, through the email
attached as Appendix 1, Assistant Attorney General Kirsten Grooms informed me that my
original submission and supplement will not be accepted into the public record unless content is
removed and the public comments are made "directly responsive to the draft rules."  Both my
original submission and my supplemental submission go to the integrity of this Committee and
its rulemaking process.

The arbitrary relevance and "directly responsive" standard imposed by this Committee through
its counsel is nothing more than a content-based restriction and prior restraint upon exercise of
my freedoms of expression guaranteed through the 1st Amendment to the U.S. Constitution and
Colo. Const. Article II, § 10.  *See, e.g.*, *Reed v. Town of Gilbert, Ariz.*, 576 U.S. 155, 163 (2015)
(describing well-established principle that content-based restrictions, including prohibitions
against whole categories of speech, presumptively invalid and subject to strict scrutiny);
*compare Browne v. City of Grand Junction*, 136 F. Supp. 3d 1276, 1294 (D. Colo. 2015)
(explaining that protections under Colo. Const. Art. II, § 10 are more stringent than under 1st
Amendment) *and Whimbush v. People*, 869 P.2d 1245, 1248-50 (Colo. 1994) (applying *State v.
Robertson*, 649 P.2d 569 (Or. 1982) (recognizing heightened standard of speech protection under
equivalent Or. Const. Art. II, § 8) with approval).

The arbitrary censorship of the public record relating to the rulemaking process required
according to Colo. Const. Art. II, § 23(3)(k)(1) and § 13-5.3-107(2), C.R.S, further deprives me
of due process and the fundamental right to be heard under the 14th Amendment to the U.S.
Constitution and Colo. Const. Art. II, § 25.

PLAINTIFF'S
EXHIBIT
1-6

EXHIBIT
6

201 Coffman St., #1822, Longmont, CO 80502
● 970-648-0642 ● Fax: 970-648-0643 ●

Christopher S.P. Gregory, esq.
September 12, 2025
Page 2 of 2

This Committee is constitutionally obligated to accept public comments without imposing presumptively invalid content-based restrictions and other prior restraints.  If nothing else, this Committee and Ms. Grooms's response to my public comments only underscore the fundamental importance of the issues that I have raised to the integrity of the Colorado Judiciary and to protection of the rule of law.

Through this second supplement, I formally request that this Committee accept my previously submitted public comments into the public record as required under § 13-5.3-107(2), C.R.S.

Sincerely,

Christopher S.P. Gregory

Enclosure

Cc: The Colorado Commission on Judicial Discipline
The Colorado Office of the State Auditor / the Colorado Fraud Hotline
The Colorado Office of Judicial Performance Evaluation
Members of the Colorado General Assembly
The Denver Gazette
The Denver Post
The Durango Herald
9News
CBS Colorado

## Christopher Gregory

**From:** Kirsten Grooms <Kirsten.Grooms@coag.gov>
**Sent:** Friday, September 12, 2025 3:21 PM
**To:** Christopher Gregory
**Subject:** CJDRC comments and RFEs

Good afternoon Mr. Gregory,

My name is Kirsten Grooms and I am an Assistant Attorney General who represents the Judicial Discipline Rulemaking Committee. After a review of your correspondences dated August 25, 2025, and September 12, 2025, we have observed that the concerns included in these correspondences go beyond the parameters of what the Committee is able to consider as part of the public comment process. The initial correspondence is both a comment on the draft rules and a request for an evaluation of judicial conduct, while the supplemental correspondence appears to only contain information relevant to the request for evaluation.

The Committee deeply values public input and intends to consider all pertinent, timely, and non-confidential comments. In an effort to maintain the validity and clarity of the rulemaking process, the Committee requests you review your correspondence and resubmit the portion that is directly responsive to the draft rules.

We look forward to receiving your comment, and please do not hesitate to resubmit any further thoughts or concerns in a separate format. We appreciate your time and attention to this matter, as well as your participation in the comment process.

Regards,

**Kirsten E. Grooms**
**Assistant Attorney General**
**Financial and Health Services**
**Pronouns: she/her**
Colorado Department of Law
P: | 720-508-6432

The statements and opinions in this email do not represent the statements and opinions of the Attorney General.

Appendix 1    1