**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:25-cv-03361-DDD

CHRISTOPHER S.P. GREGORY,

Plaintiff,

v.

The COLORADO JUDICIAL DISCIPLINE RULEMAKING COMMITTEE, et al.,

Defendants.

---

**NOTICE OF SUPPLEMENTAL GROUNDS FOR JUDICIAL DISQUALIFICATION; EXHIBITS 1-2**

---

Plaintiff Christopher S.P. Gregory, by and through Counsel, hereby provides notice of supplemental grounds for the disqualification of U.S. District Court Judge Daniel D. Domenico from further hearing of this case.

The underlying premise of the Plaintiff's case is that there is a long-standing pattern of public officials abusing their positions and misusing public funds to facilitate intimidation, retaliation, hush money, and self-investigations intended to cover up serious judicial, attorney, and official misconduct. The Plaintiff intends to proffer evidence that a primary motive for the $2.66-2.75 million bribe referred to as the Masias Contract was to conceal material evidence that one or more justices of the Colorado Supreme Court had obstructed the law enforcement investigation that occurred in *People v. Manzanares*, Denver Dist. Ct. Case No. 07CR3496 with the objective of protecting the subject judge.

Larry Manzanares was a Denver District Court Judge until January 2007, when he left the bench to become the Denver City Attorney. Shortly after taking after taking his new job, former Judge Manzanares was suspected of having stolen a laptop computer owned by the Colorado Judicial Department. When confronted, Manzanares initially denied possessing the laptop. The next day, however, Manzanares returned the laptop to the Denver District Court Administrator. In turn, the Colorado Judicial Department, through the direction of then-Chief Justice Mary Mullarkey, informed the Denver Police Department and the Denver District Attorney's Office that the Judicial Department was not pressing charges. In addition, the State Court Administrator's Office attempted to examine the contents of the laptop before turning it over to law enforcement.

The law enforcement investigation and prosecution (through appointment of a special prosecutor) proceeded anyway. Manzanares was placed on leave as Denver City Attorney on February 23, 2007 and then resigned on February 27, 2007. Manzanares was subsequently charged on June 14, 2007 through an arrest affidavit that further disclosed the forensic discovery of a significant number of pornographic images on the laptop, including age-questionable images that were submitted to the FBI for verification through its national known-images database. Manzanares responded by committing suicide on June 22, 2007. Nevertheless, no ethical or criminal investigations or proceedings inquired into the how individuals within the Colorado Judicial Department had attempted to obstruct the law enforcement investigation and prosecution of Manzanares at its outset.

As the Colorado Solicitor General at the time, Judge Daniel D. Domenico would have likely had communications and/or substantial professional and personal relationships with

individuals involved in the Manzanares case and within the Colorado Judicial Department. Judge Domenico, however, has not disclosed such grounds for his disqualification in either this case or in the pending separate action, 1:25-cv-00190-DDD (sealed).

The Plaintiff submitted a public records request to the Denver District Court for the court file in *Manzanares*. A copy of the records received are incorporated in this Supplemental Notice as Exhibit 1. Additionally, an obituary confirming that Colorado Supreme Court Justice Brian Boatright and the investigating officer in the Manzanares case, Russell Boatright, are brothers is incorporated as Exhibit 2. At the time of the Manzanares case, Justice Boatright was a Jefferson County District Court Judge with obligations to report judicial misconduct (including interference with a pending criminal investigation) according to Canon Rule 2.15 of the Colorado Code of Judicial Conduct.

**WHEREFORE**, Plaintiff Christopher S.P. Gregory respectfully requests that this Court supplement its record to include these additional grounds for District Court Judge Daniel D. Domenico's recusal.

Dated: November 15, 2025

/s/ Ingrid J. DeFranco
**Ingrid J. DeFranco, esq.**
Law Office of Ingrid J. DeFranco
P.O. Box 128
Brighton, CO 80601
Telephone: (303) 641-6812
Email: Ingrid.DeFranco@gmail.com
Attorney for the Relator / Plaintiff
Christopher S.P. Gregory

/s/ Christopher S.P. Gregory
**Christopher S.P. Gregory, Esq.**
The Gregory Law Firm, LLC
201 Coffman St., #1822

Longmont, CO 80502
Telephone: (970) 648-0642
E-mail: cspgregory@thegregorylawfirm.net
*Pro Se* Attorney for the Relator / Plaintiff
Christopher S.P. Gregory

CERTIFICATE OF SERVICE

I certify that on November 15, 2025, I filed the above filing via email to the Clerk of the Court, who will docket it in CM/ECF. CM/ECF will send notification of this filing to any party who has entered an appearance in this matter to the e-mail addresses provided in CM/ECF.

/s/ Ingrid J. DeFranco
Ingrid J. DeFranco