**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 25-cv-03361-DDD

CHRISTOPHER S. P. GREGORY,

Plaintiff,

v.

THE COLORADO JUDICIAL DISCIPLINE RULEMAKING COMMITTEE, et al.,

Defendants.

---

**MOTION TO (1) RESTRICT AFFIDAVIT OF JUDICIAL BIAS OR PREJUDICE ACCORDING TO 28 U.S.C. § 144 [ECF NOS. 26, 26-1-10]; AND (2) REQUIRE PLAINTIFF TO FILE FUTURE DOCUMENTS UNDER LEVEL 1 RESTRICTION IN THE FIRST INSTANCE**

---

Pursuant to Local Rule 7.2, Defendants seek leave from this Court to restrict Plaintiff's "Affidavit of Judicial Bias or Prejudice According to 28 U.S.C. § 144," (ECF No. 26) ("Affidavit") and its attachments, (ECF Nos. 26-1 - 26-10),[1] because they include information regarding judicial misconduct proceedings that must be kept confidential pursuant to both federal statute and the Colorado Constitution. Defendants further request that Plaintiff be required to file all future documents under Level 1 Restriction so that Defendants are provided an opportunity to ensure that Plaintiff does not file confidential information publicly in the future.

Undersigned counsel conferred with Plaintiff's counsel by email on January 16, 2026, and by letter on January 27, 2026, about the confidential nature of Mr. Gregory's Affidavit (ECF No. 26) and the exhibits to that Affidavit. In that conferral, undersigned counsel requested that Plaintiff take steps to restrict access to those documents. On the morning of January 28, 2026,

---

[1] Defendants do not seek Level 1 restriction to Exhibit 11, ECF No. 26-11.

Plaintiff's counsel stated that Plaintiff disagreed that the Affidavit should be restricted. On January 28, 2026, at approximately 2:04 p.m., undersigned counsel asked via email whether Plaintiff opposed the instant motion. As of the time of filing, no response has been received.

**BACKGROUND**

In this action, Plaintiff names forty Defendants and asserts that during the time he was a member and/or the Executive Director of the Colorado Commission on Judicial Discipline ("CCJD"), certain Defendants allegedly failed to properly handle and/or covered up financial misconduct by Mindy Masias, the former Chief of Staff for the State Court Administrator's Office. ECF No. 1, ¶¶ 53-65. Plaintiff further asserts that years after the alleged misconduct and after he left the CCJD, he made various complaints regarding the alleged mishandling and/or alleged coverup of Masias' misconduct, which Defendants ignored. ECF No. 1, ¶¶ 66-75.

During his time as a member and Executive Director of the CCJD, Plaintiff had access to confidential information regarding requests for evaluations of members of the Colorado judiciary. *See* Colorado Constitution Art. VI § 23(3)(g) (outlining confidentiality requirements for judicial conduct investigations and proceedings). On January 14, 2026, Plaintiff filed the Affidavit and eleven exhibits without restriction. ECF Nos. 26, 26-1 - 26-11. The Affidavit includes information regarding private discipline issued by the CCJD while Plaintiff was serving as the vice-chair of the CCJD, as well as details of investigative actions he took while serving as the CCJD's Executive Director. ECF No. 26, ¶¶ 43-44. The Affidavit and exhibits also include information and documents regarding complaints and/or proceedings regarding federal judges. ECF No. 26, ¶¶ 5, n.2, and ¶ 10, ECF Nos. 26-1 – 26-10. Plaintiff filed the Affidavit and Exhibits without restriction, despite stating that he "files this Affidavit into the present case as suppressed and will prospectively move for it to be published." ECF No. 26, ¶ 5, n.2.

On January 16, 2026, and at the request of Defendants' counsel, the Court directed the Clerk of Court to place the Affidavit under Level 1 restriction until January 30, 2026, unless a motion to restrict was filed on or before that date. ECF No. 28. This motion followed.

**THE AFFIDAVIT AND EXHIBITS 1-10 SHOULD REMAIN UNDER LEVEL 1 RESTRICTION**

The Affidavit and Exhibits 1-10 should remain under seal for at least two reasons.

First, the Affidavit includes information regarding judicial disciplinary investigations that Plaintiff learned as an employee of the CCJD and must be kept confidential.

The CCJD is tasked with investigating complaints regarding judicial conduct, Colo. Const. art. VI, § 23(3)(e)(I), and in that role the CCJD receives sensitive, confidential information regarding alleged misconduct by Colorado judges. Recognizing this role of trust, the Colorado Constitution specifically provides that proceedings before the CCJD are confidential unless and until they result in formal proceedings. *Id.* § 23(3)(g) ("Prior to the commencement of formal disciplinary proceedings … all papers filed with and proceedings before the commission on judicial discipline are confidential…."); *see also* Colo. RJD 6.5 ("The proceedings of the Commission … including all papers, investigative notes and reports, pleadings and other written or electronic records, shall be confidential unless and until the Commission files a recommendation [for formal proceedings]."). These confidentiality requirements continue even after an individual leaves the CCJD. *See* Colo. RJD 3.5(b)(5) (rules apply to "former Commission members and staff with respect to information to which they had access while serving the Commission.").

The importance of keeping investigations and certain judicial disciplinary proceedings confidential is well established. *See, e.g.*, *Clemmer v. Off. of Chief Judge*, 544 F. Supp. 2d 722, 728 (N.D. Ill. 2008) ("All 50 states, as well as the Federal Government, recognize the importance

of keeping these investigation records confidential, and thus have similar privileges protecting the confidentiality of judicial investigation records."). A state's interest in the confidentiality of judicial disciplinary proceedings furthers important government interests, including insuring effective judicial review commissions, encouraging the filing of complaints and witness participation, protecting judges from frivolous complaints, and encouraging removal or remedial actions from judges at early stages of an investigation. *Landmark Communications, Inc. v. Virginia,* 435 U.S. 829, 835-836, and 841 (1978);[2] *Kamasinski v. Jud. Rev. Council*, 44 F.3d 106, 110 (2d Cir. 1994).

Applied here, the Affidavit includes information regarding judicial conduct proceedings which must remain confidential to prevent harm to the State's interest in maintaining the integrity of its judicial discipline process. *See Landmark*, 435 U.S. at 835-836; *Kamasinski*, 44 F.3d at 110. Disclosure would signal to judges and witnesses that they cannot rely on the Colorado Constitution's guarantees of confidentiality when making complaints, impact witnesses' and judges' willingness to cooperate with CCJD investigations, and affect whether judges will accept informal disciplinary actions in lieu of formal proceedings. Ultimately, allowing disclosure would erode confidence in the judicial system. These interests outweigh the presumption of public access, especially where Plaintiff's inclusion of this confidential information is, at best, ancillary to his claims.

[2] Contrary to Plaintiff's apparent assumption, ECF No. 26 ¶ 43, n.11, *Landmark* did not create an absolute right to ignore confidentiality provisions. 435 U.S. at 837 ("We are not here concerned with the possible applicability of the statute to one who secures the information by illegal means and thereafter divulges it. We do not have before us any constitutional challenge to a State's power to keep the Commission's proceedings confidential or to punish participants for breach of this mandate."). Rather, *Landmark* supports the validity of provisions requiring confidentiality of the judicial discipline process, stating that states have legitimate interests in protecting the confidentiality of judicial discipline proceedings. *Id*. at 835-37, 841.

The *only* explanation Plaintiff offers for making his Affidavit and Exhibits public is that although he acknowledges that private discipline issued by the CCJD is "generally confidential", he claims an "absolute privilege" to disclose the information under Colo. RJD 6.5(d), which permits certain disclosures of otherwise confidential information by "the Commission or the executive director." ECF No. 26, ¶ 43, n.11. But Plaintiff is neither the Commission nor its executive director – he was terminated as Executive Director on January 19, 2024. *See* ECF No. 1, ¶ 12. He no longer represents the CCJD in any capacity and therefore possesses no right to disclose information that is subject to confidentiality provisions under Colorado law.

Second, the Affidavit describes federal judicial conduct proceedings, and the Exhibits include attachments of filings related to those proceedings. Pursuant to 28 U.S.C. § 230, such materials "shall not be disclosed by any person in any proceeding" unless certain exemptions are met, none of which apply here. The same interests that underlie Colorado's confidentiality provisions are reflected by federal law. Although Defendants' confidentiality interests are not directly raised by these references and documents, the same reasoning that applies to information regarding CCJD proceedings would apply equally to federal misconduct proceedings. *See Landmark*, 435 U.S. at 835-836; *Kamasinski*, 44 F.3d at 110. Moreover, Plaintiff's use of materials covered by section 28 U.S.C. § 230 is not excused by his attaching them to filings seeking the recusal of a judge. *See Danmtzler v. Tangipahoa Par. Sch. Dist.*, No. CIV.A. 05-147, 2005 WL 1501420, at *1, n. 1 (E.D. La. June 20, 2005) (plaintiff violated section 28 U.S.C. § 230 by filing docketing letters for complaint against judge and mentioning that proceeding in motion to recuse).

## REDACTION IS NOT FEASIBLE

Though redaction of Plaintiff's disclosures of private discipline and investigation of judicial misconduct under Colorado law may address Defendants' concerns about disclosure of CCJD-confidential information, the pervasive references to federal judicial conduct proceedings and attachments of filings related to those proceedings warrants suppression of the entirety of Document 26 and its exhibits. If the Court wishes to have only the confidential CCJD information sealed, Defendants will provide proposed redactions.

## PLAINTIFF SHOULD BE REQUIRED TO FILE ALL DOCUMENTS AS LEVEL 1 RESTRICTED IN THE FIRST INSTANCE

The entire basis of Plaintiff's Complaint appears centered on his involvement as a member and/or Executive Director of CCJD, and the alleged misconduct of various Defendants. Plaintiff has demonstrated that he possesses a significant amount of confidential and sensitive information, and the Affidavit and Exhibits show that Plaintiff fully intends to make information regarding allegations of judicial misconduct public, regardless of his legal obligations to maintain the confidentiality of much of that information.[3] Most concerning, Plaintiff appears to have designated himself as the arbiter of whether confidentiality provisions should be violated for what he perceives as the greater good. *See* ECF No. 26 ¶ 43, n.11 ("Affiant has an absolute privilege to make this disclosure...."). Defendants therefore request that the court require Plaintiff

[3] The need for Court intervention is further underscored by Plaintiff's response to Defendants' request for conferral on this motion. Despite a statement made under oath in the Affidavit that it would be filed suppressed, ECF No. 26 ¶5 n. 2, Plaintiff's counsel claimed that, contrary to the process of Local Rule 7.2, she did not file it suppressed because an unnamed clerk had told her that she could not restrict the filing and it was up to the judge to do so. That statement is inconsistent with Local Rule 7.2 and demonstrates an unwillingness to abide by the processes required of litigants before this Court.

to file all future documents under a Level 1 Restriction, after which time Defendants will file an appropriate notice to maintain those documents under seal pursuant to Local Rule 7.2.

**CONCLUSION**

Defendants therefore request a Level 1 restriction to Plaintiff's Affidavit, Document No. 26, and exhibits, Document Nos. 26-1 through 26-10, and further request that any future filing by Plaintiff be held under Level 1 Restriction for fourteen days so that Defendants can ensure that they do not include confidential information, and/or file an appropriate motion pursuant to Local Rule.

DATED this 28th day of January 2026.

PHILIP J. WEISER
Attorney General

*s/ Daniel M. Combs*
DANIEL M. COMBS*
First Assistant Attorney General
KATHARINE BROWN*
First Assistant Attorney General
CLAYTON ANKNEY*
Second Assistant Attorney General

Civil Litigation and Employment Law
*Attorneys for Defendants*

Ralph L. Carr Colorado Judicial Center
1300 Broadway, 10th Floor
Denver, Colorado 80203
Telephone: 720-508-6000
E-Mail: Clayton.Ankney@coag.gov
Katharine.Brown@coag.gov
Dan.Combs@coag.gov
*Counsel of Record