**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:25-cv-03361-DDD

CHRISTOPHER S.P. GREGORY,

Plaintiff,

v.

The COLORADO JUDICIAL DISCIPLINE RULEMAKING COMMITTEE, et al.

Defendants.

---

**MOTION TO STRIKE DEFENDANTS' MOTION TO RESTRICT PUBLIC ACCESS (ECF NO. 29) AND AMENDED MOTION TO RESTRICT PUBLIC ACCESS (ECF NO. 30); EXHIBITS 1-3.**

---

Conferral Statement: As detailed through Exhibit 1, Plaintiff's Counsel, Ingrid DeFranco, made good faith attempts to meet and confer with Defendants' Counsel, Dan Combs, prior to Mr. Combs filing ECF Nos. 29 and 30. As part of the attempted conferral, Ms. DeFranco emphasized District Judge Daniel D. Domenico's mandatory obligations under 28 U.S.C. § 144 to disqualify himself before any further action can be taken by this Court. The email correspondence contained in Exhibit 1, confirms that Mr. Combs ignored Ms. DeFranco's concerns and proceeded to file ECF Nos. 29 and 30. Exhibit 1 further documents Mr. Combs's attempts to threaten or otherwise intimidate both Ms. DeFranco and the Plaintiff in response to their filing of ECF 26. Ms. DeFranco also provided Mr. Combs with an opportunity to withdraw ECF Nos. 29 and 30, which he declined. Mr. Combs, on behalf of the Defendants, opposes this Motion to Strike.

## INTRODUCTION

This case arises from the Defendants' systematic efforts to censor or otherwise suppress the Plaintiff's constitutionally and statutorily protected right and professionally mandated obligation to freely and publicly report judicial, attorney, and official misconduct. *See* U.S. Const. amend. I; Colo. Const. Art. II, §§ 10 and 25; Colo. Const. Art. VI, § 23(3)(g), (i); Colo. Const. Art. XIII; Colo. RPC 8.3; Colo. RPC 8.4 (f); Canon Rules 1.1, 1.2, 2.15 and 2.16 of the

Colorado Code of Judicial Conduct (the Code); Canons 1, 2(A)-(b), and 3 of the Code of Conduct for United States Judges (the federal Code). The Defendants in this action seek to suppress the Plaintiff's 28 U.S.C. § 144 Affidavit (ECF No. 26), which otherwise mandates District Court Judge Daniel D. Domenico's immediate recusal from this case. The Defendants, and their state-employed Counsel, are motivated by the fact that, in addition to requiring Judge Domenico's recusal, the allegations made in the Affidavit (once proven or admitted to) are sufficient to warrant the removal, impeachment, or resignation of at least some of the Defendants from their official positions. The federal courts cannot be used as a instrument to facilitate what is now a more than quarter-century ongoing pattern of the Justices of the Colorado Supreme Court and others abusing access to public resources and taxpayer funds (including a partially paid $2.66-$2.75 million bribe) to cover up judicial, attorney, and official misconduct through a culture of enforced silence.

Plaintiff Christopher S.P. Gregory, and his Counsel, hereby move to strike ECF No. 29, Defendants' "Motion to (1) Restrict Affidavit of Judicial Bais or Prejudice According to 28 U.S.C. § 144 [ECF Nos. 26, 26-1-10]; and (2) Require Plaintiff to File Future Documents Under Level 1 Restriction in the First Instance" and to strike ECF No. 30, Defendants' "Amended Motion to (1) Restrict Affidavit of Judicial Bais or Prejudice According to 28 U.S.C. § 144 [ECF Nos. 26, 26-1-10]; and (2) Require Plaintiff to File Future Documents Under Level 1 Restriction in the First Instance." Defendants filed ECF Nos. 29 and 30 in bad faith and without any meaningful efforts to meet and confer, as required by D.C.COLO.LCivR 7.1(a). The filing of ECF Nos. 29 and 30 is consistent with the Defendants' ongoing pattern of unlawful non-disqualification, intimidation, retaliation, and censorship, as alleged in the Plaintiff's "Verified

Complaint and Jury Demand," ECF No. 1. The Defendants' conduct and the conduct of their Counsel is sanctionable and grounds for further legal and equitable remedies, including the relief requested in Plaintiff's Verified Complaint.

Ultimately, however, Defendants' Motions, ECF Nos. 29 and 30, and the present Motion to Strike should not be considered until District Court Judge Daniel D. Domenico has, as is mandatory, disqualified himself from this case pursuant to 28 U.S.C. § 144, ECF No. 26. Actions taken by Judge Domenico in violation of 28 U.S.C. § 144, including issuance of his Order (ECF No. 28) restricting public access to ECF No. 26, should be deemed null and void. There is no legal grounds for Judge Domenico's persistent non-disqualification from this case or for his intentional disregard of his mandatory and automatic recusal obligation under 28 U.S.C. § 144. Indeed, Judge Domenico continues to openly violate Canons 1, 2, and 3 of the federal Code as separately asserted in *Gregory v. Dist. Judge Daniel Domenico*, 10th Cir. Jud. Discipline Case No. 10-25-90048. Accordingly, the Clerk of Court should immediately restore public access to ECF No. 26 as provided for under D.C.COLO.LCivR 7.2(a)[1], (e). To the extent that this Motion

---

[1] D.C.COLO.LCivR 7.2(a) states:

> **Policy.** Unless restricted by statute, rule of civil procedure, these rules, or court order, the public shall have access to all documents filed with the court and all court proceedings. However, pleadings or documents filed under restriction shall not be accessible or viewable electronically in CM/ECF. A person with the right to access a restricted pleading or document may request a paper copy from the clerk.

This policy is consistent with the well-established recognition that, absent compelling and legitimate privacy interests to the contrary, court proceedings must be open to the public.

---

> Even if one assumes there is a legitimate basis for permitting a party in litigation to maintain anonymity, the few cases which discuss the propriety of the practice or recognize it implicitly require a balancing of competing interests. We begin with the fundamental presupposition that it is the responsibility of judges to avoid secrecy, in camera hearings and the concealment of the judicial process from public view. Courts are public institutions which exist for the public to serve the public interest. Even a superficial recognition of our judicial history compels one to recognize that secret court proceedings are anathema to a free society.
>
> *M.M. v. Zavaras*, 939 F. Supp. 799, 801 (D. Colo. 1996) (citations omitted).

In a FOIA case involving similar privacy interests as the present action, a judge's claimed need for anonymity in seeking governmental records was flatly rejected.

> The plaintiff's memorandum brief reveals that he is a judge within the judicial system of the State of Colorado. He asserts that public revelation of his efforts to find out what information and documents the Drug Enforcement Administration has relating to him "would personally embarrass him and prejudicially affect his privacy rights which this suit is expressly designed to protect." He asks for a protective order shielding him from improper use of his identity. His most recondite argument is that as a Colorado judge he has a duty to promote public confidence in the integrity of the judiciary and hence wishes to refrain from identifying himself "in order to avoid casting a shroud of suspicion over his office." He correctly points out that by identifying himself in an action to find out what the Drug Enforcement Administration has in its files about him he may jeopardize public confidence.
>
> None of the cases cited by the plaintiff, including my own, supports his position. *Doe and Moe v. Deschamps, et al.*, 64 F.R.D. 652 (D.C.Mont.1974), however, contains an excellent articulation of the general rule:
>
> > As we view the matter, lawsuits are public events and the public has a legitimate interest in knowing the facts involved in them. Among the facts is the identity of the parties. We think that as a matter of policy the identity of

to Strike is denied either in whole or in part, the Plaintiff reserves the right to separately respond to the merits of ECF Nos. 29 and 30 within the 21-day deadline provided by D.C.COLO.LCivR 7.1(d).

QUESTIONS PRESENTED

1. Whether District Judge Daniel D. Domenico has authority to take any further action in this case, including restricting public access to court filings under D.C.COLO.LCivR 7.2(e), with the Plaintiff having filed his formally sufficient and timely "Affidavit of Judicial Bias or Prejudice According to 28 U.S.C. § 144" (ECF No. 26).

2. Whether the Defendants' failure to meet and confer as required by D.C.COLO.LCivR 7.1(a) is sufficient grounds for sanctions, including but not limited to striking ECF Nos. 29 and 30.

FACTUAL BACKGROUND

After District Judge Daniel D. Domenico made adverse rulings and refused to disqualify himself from a prior sealed case brought by the Plaintiff, 1:25-cv-190—DDD-STV (D. Colo.)

---

> the parties to a lawsuit should not be concealed except in the unusual case.
>
> *Doe v. U.S. Dep't of Justice*, 93 F.R.D. 483, 483–84 (D. Colo. 1982) (footnote omitted).

In a recent opinion, Magistrate Judge N. Reid Neureiter also discussed the importance of the public's right to open courts (regardless of the influential positions of the litigants). As Magistrate Judge Neureiter observed:

> Any request for court intervention or assistance [through a judicial] proceeding necessarily calls upon the public resources of a judicial officer to examine and decide the question presented. This is the basic functioning of the judicial process that the public has a right to see, understand, and criticize if they choose. Federal judges and their court staff are not legal pawns to be deployed in secret by wealthy disputants trying to get private answers to their problems.
>
> *Black v. Emerson*, 25-CV-01035-WJM-NRN, 2025 WL 1635264, at *5 (D. Colo. June 9, 2025).

(Sealed), the Plaintiff attempted to participate in the Defendant Colorado Judicial Discipline Rulemaking Committee's (CJDRC) public promulgation of rule changes. Plaintiff's public comments on the proposed rule changes were ignored by the CJDRC, which refused to publish them into the public record. In turn, Plaintiff brought the present action to enforce his constitutional rights to freely report judicial, attorney, and official misconduct. Despite Plaintiff asserting Judge Domenico's actual bias as part of the Verified Complaint in this action, ECF No. 1, p. 6 fn. 3, Judge Domenico accepted assignment to this case on October 24, 2025. ECF No. 6. Plaintiff responded by filing an additional motion (ECF No. 7) and notice (ECF No. 12) seeking Judge Domenico's voluntary disqualification. Despite these filings and the pendency of 10th Cir. Jud. Discipline Case No. 10-25-90048, Judge Domenico continued to ignore the requests for his disqualification. Consequently, Plaintiff filed an "Affidavit of Judicial Bais or Prejudice According to 28 U.S.C. § 144 and Certificate of Counsel" into the present case (ECF Nos. 26 and 26-1 through 26-11) and into the sealed case—1:25-cv-00190—DDD-STV. Plaintiff further notified the 10th Circuit's Judicial Council of the existence of the Affidavits. Exhibit 2 (with redactions applied to protect the integrity of the sealed case). Nevertheless, Judge Domenico simply ignored the filing of the Affidavits and the judicial discipline complaint against him, refusing to disqualify himself from these cases. Indeed, Judge Domenico has received communications from the Defendants' Counsel and issued his Order restricting public access to the Plaintiff's Affidavit and accompanying exhibits, ECF Nos. 26 and 26-1 through 26-11. As explained in Plaintiff's Affidavit, Plaintiff is contemporaneously filing the additional judicial discipline complaints (attached as Exhibit 3) against Judge Domenico and 10th Circuit Chief Judge Jerome A. Holmes to address their mutually persistent refusals to disqualify themselves

from these proceedings. ECF No. 26, pp. 4-5 fn. 2; 10th Cir. JCR 11(c)(2) (allowing filing of repeated complaints based upon new material information).

Because caselaw relating to the ability of a complainant to disclose records from federal judicial discipline proceedings exists based upon a statute that has been renumbered and the admissions of the D.C. Judicial Council (rather than a fully litigated dispute), the Plaintiff included a request in his Affidavit that the Affidavit and accompanying exhibits be filed as temporarily restricted (to allow for any objections to the disclosure of *actual records* from the federal judicial discipline proceedings to be raised to an impartial re-assigned judge, including any potential objections from Judge Domenico). ECF No. 26, p. 4 fn. 2; *see Rafferty v. Judicial Counsel for the Dist. of Columbia*, 131 F.3d 219, 221 (DC Cir. 1997) (case dismissed as moot where Judicial Council interpreted the prior codification of 28 U.S.C. § 360 (28 U.S.C. § 372(c)(14)) as applicable only to "judicial officers and staff such as courtroom deputies and reporters, and not to the complainant."). When Plaintiff's Counsel filed ECF Nos. 26 and 26-1 through 26-11, however, the EM/ECF system did not allow filing with restrictions. Plaintiff's Counsel contacted the Clerk of Court's Office and was informed that any decision to restrict the filing would be made by the assigned judge. Plaintiff's Counsel presumed that Judge Domenico would comply with 28 U.S.C. § 144 and immediately recuse himself from these cases.

Instead, Defendants' Counsel seized upon Plaintiff's request for a temporarily restricted filing to (without any prior meeting or conferral) email Judge Domenico's chambers directly and to accuse the Plaintiff and counsel of having publicly divulged unspecified "confidential" information. Defendant's Counsel's email to Judge Domenico's chambers was paired with a contemporaneous (though subsequent) email to Plaintiff's Counsel, which Defendant's Counsel

attempted to recall almost immediately, but which contained various threats directed towards Plaintiff and Plaintiff's Counsel. Exhibit 1, pp. 9-13. Plaintiff categorically denies that his personal knowledge of examples and his status as a victim of judicial, attorney, and official misconduct is "confidential" information somehow protected from public disclosure. On the contrary, the Plaintiff interprets the communications from Defendants' Counsel as threats and further intimidation/retaliation intended to interfere with Plaintiff's mandated and constitutionally privileged obligations to report ethical and criminal misconduct. Without requesting Plaintiff's position, Judge Domenico proceeded to enter his Order applying a Level 1 Restriction (i.e. availability restricted to the court and the parties) effective until January 30, 2026. ECF No. 28. Plaintiff was afforded no opportunity to object to Judge Domenico continuing to hear this case.

Most recently, Defendant's Counsel's efforts to meet and confer as to ECF 29 and ECF 30 can be summarized as additional attempts to intimidate and threaten the Plaintiff and Plaintiff's Counsel. Exhibit 1, pp. 4-8. In his letter dated January 27, 2026, First Assistant Attorney General Dan Combs made the following explicit threat: "You are on notice that Defendants will vigorously defend themselves in this action and will seek fees, costs, and other appropriate relief under the law." Exhibit 1, p. 8. Defendants' Counsel has refused to respond to the Plaintiff's concerns regarding Judge Domenico's violation of 28 U.S.C. § 144 by continuing to hear this case, or the conflicts of interest that exist in Defendants' Counsel's continued representation of the Defendants as employees of the Colorado Department of Law (which is headed by individually-named Defendant Philip Weiser). Exhibit 1, p. 1, Additionally, Mr. Combs has refused to discuss the conflicts that arise from his prior communications with the

Plaintiff, through which the Plaintiff discussed the merits of the present case. Because of these communications, Mr. Combs personally arranged for the appointment of outside private-sector counsel as a Special Assistant Attorney General (SAAG) to represent the Plaintiff in a related case where the Plaintiff is a named defendant. *Jennifer L. Dees and Ethan D. Smith v. William Hood, et al*., 1:24-cv-00848-PAB-NRN. Defendants' Counsel's efforts to meet and confer also occurred in bad faith, where Defendant's Counsel failed to provide Plaintiff's Counsel with a reasonable opportunity to respond.

DISCUSSION

1. Upon the Plaintiff's filing of a timely Affidavit sufficient in form, 28 U.S.C. § 144 required District Judge Daniel D. Domenico "to proceed no further [in this action], but another judge shall be assigned to hear such proceeding."

Provided that an Affidavit filed under 28 U.S.C. § 144 is timely and meets all requirements of form, judicial recusal is mandatory and automatic. In other words, the judge assigned to the case ***has no discretion*** but must recuse himself or herself for reassignment of the case to an impartial judge. 28 U.S.C. § 144 provides:

> ***Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit*** that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, ***such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.***
>
> The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith. (Emphasis added).

Plaintiffs Affidavit satisfies all the requirements of 28 U.S.C. § 144. Neither Judge Domenico nor Defendants' Counsel have cited any authority that would allow Judge Domenico to exercise discretion, to continue hearing this case, or take any other action herein. The fact that Defendants' Counsel persists in arguing that Plaintiff has not raised "valid" grounds for Judge Domenico's disqualification is yet another example of attorney misconduct, specifically knowingly and frivolously assisting a judge to violate his or her ethical duties under the Code / the federal Code with the objective of obstructing the administration of justice. Colo. RPC 8.4 (a-1), (b), (c), (d), (e), (f), (h).

Because 28 U.S.C. § 144 divested him of further jurisdictional authority in this case, Judge Domenico's Order (ECF No. 28) restricting public access to Plaintiff's Affidavit (ECF No. 26) is necessarily null and void. *In re Armstrong*, 294 B.R. 344, 360 (B.A.P. 10th Cir. 2003), *aff'd*, 97 Fed. Appx. 285 (10th Cir. 2004) ("[O]rders entered prior to a recusal may be voided if the injured party can show that the judge should have recused herself and failed to do so."). If, despite this Motion to Strike, Judge Domenico continues to hear this case, Plaintiff has additional recourse to petition the 10th Circuit for a writ of mandamus. *See Nichols v. Alley*, 71 F.3d 347 (10th Cir. 1995) (granting writ of mandamus based upon grounds for disqualification under 28 U.S.C. § 455(a)).

2. The Defendants failed to meet and confer in good-faith as required by D.C.COLO.LCivR 7.1(a). This is sufficient grounds for sanctions, including but not limited to striking ECF Nos. 29 and 30.

The *pro forma* meeting and conferral that occurred prior to Defendants' Counsel filing ECF Nos. 29 and 30 does not comply with the requirements of D.C.COLO.LCivR 7.1(a), which provides:

> **Duty to Confer.** Before filing a motion, counsel for the moving party or an unrepresented party ***shall confer or make reasonable, good faith efforts to confer*** with any opposing counsel or unrepresented party to resolve any disputed matter. The moving party shall describe in the motion, or in a certificate attached to the motion, the specific efforts to fulfill this duty. (Emphasis added).

The Uniform Civil Practice Standards of the United States Magistrate Judges further explain that the failure to comply with the duty to meet and confer is sanctionable through the respective motion being stricken or denied. D.C.Colo.MJ, Standard V provides, in relevant part:

> **<u>1. Duty to Meet and Confer</u>**
>
> Prior to filing a motion or initiating the discovery dispute process, parties have a duty to meet and confer or make "good faith efforts to confer." See D.C.COLO.LCivR 7.1(a). When parties have substantive disagreements, such "good faith efforts" generally require meeting either face to face, over video conference, or by telephone, and not solely through email or written correspondence. ***Failure to comply may result in the motion being stricken or denied.*** (Emphasis added).

Judge Domenico's own Practice Standards for Civil Cases also recognize that failure to comply with D.C.COLO.LCivR 7.1(a) is grounds for the court to deny the motion without prejudice or to strike the motion or filing. Practice Standard V(K)(1) states:

> Motions, objections, responses, replies, briefs, or other papers that are untimely, noncomplying, or filed without a certification when required under Local Civil Rule 7.1(a) or these Practice Standards **may be denied without prejudice or stricken *sua sponte*.** (Emphasis added).

When announcing his intentions to file ECF Nos. 29 and 30, Defendants' Counsel Dan Combs made no efforts to respond to the Plaintiff's concerns that Judge Domenico was obligated to recuse himself under 28 U.S.C. § 144 and that it was improper for Judge Domenico to take any further action in this case, including entertaining the Defendants' requests to restrict

EM/ECF access. Mr. Combs also presented his communications as directives demanding an "immediate" response rather than providing Plaintiff's Counsel with a reasonable amount of time to respond (i.e. 24-hours). Mr. Combs's *pro forma* (and overtly coercive) communications were indicative of bad faith and a failure to meaningfully meet and confer. Accordingly, ECF Nos. 29 and 30 should be stricken or denied.

CONCLUSION

**WHEREFORE**, the Plaintiff respectfully requests that District Court Judge Daniel D. Domenico immediately disqualify himself from taking further action in this case, as mandated by 28 U.S.C. § 144. Judge Domenico's Order (ECF No. 28) restricting public access to ECF 26 should further be recognized as null and void, with the Clerk of Court immediately restoring public access to ECF No. 26, as required by D.C.COLO.LCivR 7.2(a).

Dated: February 2, 2026

/s/ Ingrid J. DeFranco
**Ingrid J. DeFranco, esq.**
Law Office of Ingrid J. DeFranco
P.O. Box 128
Brighton, CO 80601
Telephone: (303) 641-6812
Email: Ingrid.DeFranco@gmail.com
Attorney for the Relator / Plaintiff Christopher S.P. Gregory

/s/ Christopher S.P. Gregory
**Christopher S.P. Gregory, Esq.**
The Gregory Law Firm, LLC
201 Coffman St., #1822
Longmont, CO 80502
Telephone: (970) 648-0642
E-mail: cspgregory@thegregorylawfirm.net
*Pro Se* Attorney for the Relator / Plaintiff
Christopher S.P. Gregory

CERTIFICATE OF SERVICE

I certify that on February 2, 2026, I filed the above filing via email to the Clerk of the Court, who will docket it in CM/ECF. CM/ECF will send notification of this filing to any party who has entered an appearance in this matter to the e-mail addresses provided in CM/ECF.

/s/ Ingrid J. DeFranco
Ingrid J. DeFranco