## Christopher Gregory

**From:** Ingrid J. DeFranco <defrancoi@yahoo.com>
**Sent:** Friday, January 30, 2026 7:45 AM
**To:** Christopher Gregory
**Subject:** Fw: Your email and motion

The Law Office of Ingrid J. DeFranco
P.O. Box 128
Brighton, CO 80601-0128
303-641-6812; fax: 303.558.4294
www.atoughdefense.com

----- Forwarded Message -----
**From:** Dan Combs (He/Him) <dan.combs@coag.gov>
**To:** Ingrid J. DeFranco <ingrid.defranco@gmail.com>
**Cc:** Katharine Brown <katharine.brown@coag.gov>; Clayton Ankney <clayton.ankney@coag.gov>; Linda Ruth Carter <lindaruth.carter@coag.gov>; Carmen Van Pelt <carmen.vanpelt@coag.gov>
**Sent:** Thursday, January 29, 2026 at 08:15:59 PM MST
**Subject:** RE: Your email and motion

Ingrid,

We disagree with your version of events or that restricting ECF No. 26 and Exhibits 1-10 is improper. We will not withdraw the Motion to Restrict Access, and further oppose any motion to strike. We also decline your demand for us to file a "a notice that [we] acknowledge Judge Domenico's mandatory judicial disqualification as required by 28 U.S.C. § 144, and that [we] and [our] Office withdraw from further representation of the Defendants in this case."

Regards,

Dan

Daniel M. Combs (he/him/his)

First Assistant Attorney General

PLAINTIFF'S
EXHIBIT
1

Colorado Department of Law

Tort Litigation Unit

Phone: (720) 508-6625

Email: Dan.Combs@coag.gov

The statements and opinions in this email do not represent the statements and opinions of the Attorney General.

---

**From:** Ingrid J. DeFranco <ingrid.defranco@gmail.com>
**Sent:** Thursday, January 29, 2026 3:43 PM
**To:** Dan Combs (He/Him) <Dan.Combs@coag.gov>; Katharine Brown <Katharine.Brown@coag.gov>; Linda Ruth Carter <LindaRuth.Carter@coag.gov>; Carmen Van Pelt <Carmen.VanPelt@coag.gov>
**Cc:** Christopher Gregory <cspgregory@thegregorylawfirm.net>
**Subject:** Your email and motion

Dear Mr. Combs,

Unfortunately, you appear to miss the point of this case. Mr. Gregory is suing to uphold his 1st Amendment, Colo. Const. Art. II, § 25, Colo. Const. Art. VI, § 23(3)(g), and Colo. Const. Art. XIII rights to freely and publicly report judicial misconduct and other suspected crimes without fear of intimidation and retaliation (as further protected against through the Colorado False Claims Act (CFCA), the Colorado Whistleblower Protection Act, § 18-8-115, C.R.S., and other laws). Through your motion, you seek to have an objectively-biased U.S. District Court Judge act as the equivalent of the Soviet Bureau of Censorship, exercising prior restraints to restrict public access to Mr. Gregory's "Affidavit of Judicial Bias or Prejudice According to 28 U.S.C. § 144," ECF No. 26, as well as all prospective court filings based upon generalized assertions of "confidentiality." In other words, through your threatening communications prior to filing your motion, you have engaged in exactly the types of intimidation and retaliation that are prohibited under § 24-31-1204(8)(b) of the CFCA. Moreover, you are now a participant and co-conspirator in the civil rights violations and retaliatory conduct averred in Mr. Gregory's complaint. Not only is your conduct and refusal to disqualify yourself and your Office constitutionally and civilly unlawful, but it is also unethical and an example of First Degree Official Misconduct under § 18-8-404, C.R.S.

It is understandable that you would take such unmeasured actions upon recognizing the reality and significance of the facts alleged in Mr. Gregory's Affidavit. Once those facts (which must be presumed as true for the purposes of Judge Domenico's disqualification) are proven and/or admitted to, your clients have no ethical choice but to immediately resign from their official positions and to concede the merits of Mr. Gregory's claims.

The intimidation tactics apparently intended by your motion, however, actually began with your failing to meet and confer before sending your *ex parte* email to Judge Daniel D. Domenico's chambers on January 16, 2026. Other than sending a contemporaneous email (which you attempted to recall), that threatened me and Mr. Gregory with allegations of breached "confidentiality," you made no efforts to discuss what 28 U.S.C. § 144 requires in this case. Specifically, 28 U.S.C. § 144 provides, in relevant part:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, ***such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.***

It was improper for Judge Domenico to take ***any further action*** in this case, including issuing his order temporarily restricting public access according to D.C.COLO.LCivR 7.2(a), (b), (e). Mr. Gregory's intentions in asking to temporarily restrict public access in the Affidavit itself was to allow a conflict-free replacement judge to immediately and impartially consider any objections (including any potential objections raised by Judge Domenico) to the public disclosure of *actual records* from the pending federal judicial discipline proceedings against Judge Domenico and 10th Circuit Chief Judge Jerome A. Holmes (i.e. the Affidavit's exhibits). The intention was never to condone Judge Domenico continuing to preside over this case and to issue further orders. Additionally, at no point have you identified specifically what you allege is "confidential" or non-public information and the reasons supporting your positions. Mr. Gregory categorically denies that evidence of judicial misconduct, particularly a victim's personal knowledge of judicial misconduct, is ever "confidential" and outside of an individual attorney's mandated reporting obligations and constitutionally protected rights to free expression (including communications relevant to independent exercise of the Colorado General Assembly's impeachment authority under Colo. Const. Art. XIII).

I do not consider that a meaningful meet and confer can occur without your having provided a specific basis for your contention that the Affidavit should be kept hidden from public view, or without an appropriate opportunity to respond. Your apparent "directive" that I shall respond to you immediately does not constitute an appropriate opportunity. I realize that attorneys in your office rarely leave it, but that is not the case for other trial lawyers, and I do not sit at my desk awaiting communications from opposing counsel. I believe the generally-accepted response period is twenty-four hours. Due to the failure to meet and confer, we will be moving to strike your motion. We assume you oppose but request your confirmation.

With regard to Judge Domenico's mandatory disqualification, I would request you to direct me to any statutory basis for Judge Domenico exercising discretion and continuing to hear this case. I can find none. Recusal is mandatory, whether you subjectively believe Mr. Gregory established a "valid" basis, or not. It is a violation of Colo. RPC 8.4(a-1), (b), (c), (d), (e), (f), (h) for you and your clients to frivolously disregard the law (i.e. 28 U.S.C. § 144) and support an objectively-biased judicial officer violating his duties under Canons 1, 2, and 3 of the Code of Conduct for United States Judges (the federal Code).

With this context, I respectfully request that you withdraw your motion to restrict public access to the Affidavit, that you file a notice that you acknowledge Judge Domenico's mandatory judicial disqualification as required by 28 U.S.C. § 144, and that you and your Office withdraw from further representation of the Defendants in this case. If you do not take these requested actions, we will respond accordingly by filing the above-mentioned motion to strike, by filing additional federal judicial discipline complaints against Judge Domenico and Chief Circuit Judge Holmes as allowed through 10th Cir. JCR 11(c)(2), and by petitioning the 10th Circuit for a writ of mandamus (*see Nichols v. Alley*, 71 F.3d 347 (10th Cir. 1995) (granting writ of mandamus based upon application of 28 U.S.C. § 455(a) disqualification standard)). Once an impartial judge is assigned to this case, we will proceed with filing the appropriate motion to disqualify you and your Office from further representation of the Defendants and to seek the injunctive relief otherwise pled in the Verified Complaint and Jury Demand, ECF No. 1. We will also refer your conduct (and the conduct of the other attorneys from your Office who are working on this case) to the U.S. District Court's Committee on Conduct, which is already investigating the attorney discipline complaint contained in ECF No. 1-1.

Please advise as to how you would like to proceed in this matter.

Sincerely,

Ingrid DeFranco

Law Office of Ingrid J. DeFranco

PO Box 128 Brighton, CO 80601-0128
303.641.6812 fax: 303.558.4294

## Christopher Gregory

**From:** Ingrid J. DeFranco <ingrid.defranco@gmail.com>
**Sent:** Tuesday, January 27, 2026 4:40 PM
**To:** Christopher Gregory
**Subject:** Fw: Gregory v. CJDRC et al., No. 25-cv-03361 - conferral
**Attachments:** 26.01.27 Letter to DeFranco.pdf

Law Office of Ingrid J. DeFranco
PO Box 128 Brighton, CO 80601-0128
303.641.6812 fax: 303.558.4294

----- Forwarded Message -----
**From:** Dan Combs (He/Him) <dan.combs@coag.gov>
**To:** ingrid.defranco@gmail.com <ingrid.defranco@gmail.com>
**Cc:** Clayton Ankney <clayton.ankney@coag.gov>; Katharine Brown <katharine.brown@coag.gov>; Linda Ruth Carter <lindaruth.carter@coag.gov>; Carmen Van Pelt <carmen.vanpelt@coag.gov>
**Sent:** Tuesday, January 27, 2026 at 04:19:23 PM MST
**Subject:** Gregory v. CJDRC et al., No. 25-cv-03361 - conferral

Dear Ingrid,

Attached is a letter dated 1/27/26. We await your immediate response.

Thank you,
Dan

Daniel M. Combs (he/him/his)

First Assistant Attorney General

Colorado Department of Law

Tort Litigation Unit

Phone: (720) 508-6625

Email: Dan.Combs@coag.gov

The statements and opinions in this email do not represent the statements and opinions of the Attorney General.

**PHIL WEISER**
Attorney General

**NATALIE HANLON LEH**
Chief Deputy Attorney General

**SHANNON STEVENSON**
Solicitor General

**TANJA WHEELER**
Associate Chief Deputy Attorney General

**STATE OF COLORADO**
**DEPARTMENT OF LAW**

**RALPH L. CARR**
**COLORADO JUDICIAL CENTER**
1300 Broadway, 10th Floor
Denver, Colorado 80203
Phone (720) 508-6000

**Civil Litigation and Employment Law Section**

January 27, 2026

Ingrid J. DeFranco
Law Offices of Ingrid J. DeFranco
P.O. Box 128
Brighton, CO 80601-0128

*Sent via email to: ingrid.defranco@gmail.com*

RE: *Gregory v. Colorado Judicial Discipline Rulemaking Committee et al.*, Civ. No 25-cv-03361(D. Colo.)

Dear Ms. DeFranco:

I write regarding *Gregory v. Colorado Judicial Discipline Rulemaking Committee et al.*, Civ. No 25-cv-03361(D. Colo.), and in particular your failure to respond to my requests to meet and confer on two separate, serious issues. See January 12, 2026, email, January 16, 2026, email.

First, I have sought, and continue to seek, conferral on Defendants' impending motion to dismiss. *See* January 12, 2026, email. Judge Domenico requires conferral on such motions, *see* DDD Civ. P.S. III(G), and the Complaint in this action is a perfect example of what this conferral requirement seeks to remedy—namely having Defendants and the Court spend time sifting through voluminous papers and legal conclusions to divine what Plaintiff is attempting to assert. The Complaint is a kitchen sink of legal conclusions asserted indiscriminately against all forty Defendants, with no factual allegations explaining what it is that each Defendant allegedly did to Plaintiff or how Plaintiff was harmed. On its face, it fails to provide a "short and plain statement" as required by Rule 8, and fails to assert a plausible claim for relief as required by Rule 12(b)(6).

Both the form and content of the Complaint, which you and Mr. Gregory signed as attorneys of record, raise serious questions whether this action and its claims are warranted by any existing law and have evidentiary support. *See* Fed. R. Civ. P. 11 (outlining representations to court made by attorney when signing any filing). For example, the Complaint appears to allege that Director Sullivan retaliated against Mr. Gregory by dismissing his Charge of Discrimination based on his termination from the CCRD for lack of jurisdiction. But as the Complaint's own exhibits show, the Charge did not include any allegations that Plaintiff was

discriminated against based on membership in a protected class as required by C.R.S. § 24-34-402(1)(a)(I), or was discriminated against for opposing any practice made a discriminatory or an unfair employment practice by CADA as required by C.R.S § 24-34-402(1)(e)(IV). *See generally* ECF No. 1-10, pp. 12–19. As another example, Mr. Gregory complains about how the CCJD and CJDRC handling his various filings, but "nothing in the First Amendment or in [the Supreme] Court's case law interpreting it suggests that the rights to speak, associate, and petition require government policymakers to listen or respond to individuals' communications on public issues." *Minnesota State Bd. for Cmty. Colleges v. Knight*, 465 U.S. 271, 285 (1984). Your failure to engage in the conferral process has forced Defendants to prepare a lengthy Motion to Dismiss, which will outline multiple bases for dismissal.

Second, you publicly filed documents in this case which were in violation of your client's confidentiality obligations under Colorado law. *See* my January 16, 2026, email. In particular, Colorado Const. art. VI, section 23(3)(g) protects all files, investigations, proceedings, testimony, and notes of the CCJD, unless and until public disciplinary proceedings are filed, and even then, only certain documents become public. CJD Rule 3.5 imposes confidentiality obligations on all Commission staff and members, and both Section 23(3)(g) and Rule 3.5(c)(5) make clear that the confidentiality rules continue to apply post-employment. The Complaint includes allegations that refer to information that Mr. Gregory had access to only by virtue of his role with the CCJD. Mr. Gregory's Affidavit, ECF No. 26, and exhibits to that Declaration, go even further, including information regarding private discipline issued by the CCJD while Plaintiff was serving as the vice-chair of the CCJD, as well as details of investigative actions he took while serving as the CCJD's Executive Director. ECF No. 26, ¶¶ 43-44. Contrary to his assertions, Mr. Gregory does not have an "absolute privilege" to disclose the information under CJD Rule 6.5(d). CJD Rule 6.5(d) permits certain disclosures of otherwise confidential information by "the Commission or the executive director," but Mr. Gregory is neither the Commission nor its executive director – he was terminated on January 19, 2024. Mr. Gregory therefore possesses no right to disclose information that is subject to confidentiality provisions under Colorado law.

I asked you to confirm that you will take steps to restrict access to the Affidavit, and further review all filings drafted by Mr. Gregory prior to filing for confidential information, and take necessary steps to protect that information. You should be aware that pursuant to a settlement of claim with the CCJD, Mr. Gregory should not have any documents belonging to the CCJD. And he is violating his confidentiality obligations as a former employee of CCJD, by disclosing confidential documents and/or information from those documents in court filings, to legislators, the media or the public, which if continued may result in legal action against him.

Your failure to engage on these issues is causing Defendants to spend unnecessary time seeking dismissal of a Complaint which on its face fails to state a

plausible claim, and to monitor your voluminous filings for information that should be under seal and/or not in Mr. Gregory's possession. Your failure to engage also suggests that this action is not about actually litigating any specific claim that Mr. Gregory may be able to assert, but to flood the record with voluminous and sensational allegations. You are on notice that Defendants will vigorously defend themselves in this action and will seek fees, costs, and other appropriate relief under the law.

I am available to talk about these and other issues on Wednesday, January 28, between 1:00-2:00, and on Thursday, January 29th, between 3:00-4:00. Please let us know if one of these times work, or provide other available times to discuss.

Sincerely,

FOR THE ATTORNEY GENERAL

DANIEL M. COMBS
First Assistant Attorney General
Tort Litigation, Civil Litigation and
Employment Law
720-508-6625
Email: Dan.Combs@coag.gov

cc: Clayton J. Ankney
Katharine J. Brown

**Christopher Gregory**

---

**From:** Ingrid J. DeFranco <ingrid.defranco@gmail.com>
**Sent:** Friday, January 16, 2026 1:33 PM
**To:** Christopher Gregory
**Subject:** Fw: Recall: Gregory (1:25-cv-00361) - confidentiality obligations and ECF No 26

Law Office of Ingrid J. DeFranco
PO Box 128 Brighton, CO 80601-0128
303.641.6812 fax: 303.558.4294

----- Forwarded Message -----
**From:** Dan Combs (He/Him) <dan.combs@coag.gov>
**To:** 'ingrid.defranco@gmail.com' <ingrid.defranco@gmail.com>
**Cc:** Katharine Brown <katharine.brown@coag.gov>; Clayton Ankney <clayton.ankney@coag.gov>; Linda Ruth Carter <lindaruth.carter@coag.gov>; Carmen Van Pelt <carmen.vanpelt@coag.gov>
**Sent:** Friday, January 16, 2026 at 01:13:13 PM MST
**Subject:** Recall: Gregory (1:25-cv-00361) - confidentiality obligations and ECF No 26

Dan Combs (He/Him) would like to recall the message, "Gregory (1:25-cv-00361) - confidentiality obligations and ECF No 26 ".

## Christopher Gregory

**From:** Ingrid J. DeFranco <ingrid.defranco@gmail.com>
**Sent:** Friday, January 16, 2026 1:33 PM
**To:** Christopher Gregory
**Subject:** Fw: Gregory (1:25-cv-00361) - confidentiality obligations and ECF No 26

Law Office of Ingrid J. DeFranco
PO Box 128 Brighton, CO 80601-0128
303.641.6812 fax: 303.558.4294

----- Forwarded Message -----
**From:** Dan Combs (He/Him) <dan.combs@coag.gov>
**To:** ingrid.defranco@gmail.com <ingrid.defranco@gmail.com>
**Cc:** Katharine Brown <katharine.brown@coag.gov>; Clayton Ankney <clayton.ankney@coag.gov>; Linda Ruth Carter <lindaruth.carter@coag.gov>; Carmen Van Pelt <carmen.vanpelt@coag.gov>
**Sent:** Friday, January 16, 2026 at 01:09:49 PM MST
**Subject:** Gregory (1:25-cv-00361) - confidentiality obligations and ECF No 26

Hello Ingrid,

It's come to our attention that recent filings may have been in violation of your client's confidentiality obligations under Colorado law. In particular, Colo. Const. art. VI, section 23(3)(g) protects all files, investigations, proceedings, testimony, and notes of the Commission on Judicial Discipline, unless and until public disciplinary proceedings are filed, and even then, only certain documents become public. CJD Rule 3.5 imposes confidentiality obligations on all Commission staff and members, and both Section 23(3)(g) and Rule 3.5(c)(5) make clear that the confidentiality rules continue to apply post-employment. The Local Rules concerning restrictions of filings is found at D.C.COLO.LCivR 7.2.

Our clients take their confidentiality obligations seriously, and we ask that you review all filings drafted by Mr. Gregory prior to filing for confidential information, and take necessary steps to protect that information.

Most pressing is the need to review Mr. Gregory's Affidavit, ECF No. 26, and exhibits to that Declaration. As mentioned in the email I sent to Chambers (on which you were copied), Mr. Gregory acknowledged confidentiality of the contents of that filing, and its being filed publicly appears to have been inadvertent. Furthermore, the cited bases for disclosure would not apply, because Mr. Gregory is not the executive director of the Commission and may not act on the Commission's behalf.

Please confirm receipt of this email and let me know *as soon as possible* whether you will take steps to restrict access to ECF No. 26.

Thank you,
Dan

Daniel M. Combs (he/him/his)

First Assistant Attorney General

Colorado Department of Law

Tort Litigation Unit

Phone: (720) 508-6625

Email: Dan.Combs@coag.gov

The statements and opinions in this email do not represent the statements and opinions of the Attorney General.

**Christopher Gregory**

---

**From:** Ingrid J. DeFranco <ingrid.defranco@gmail.com>
**Sent:** Friday, January 16, 2026 1:33 PM
**To:** Christopher Gregory
**Subject:** Fw: 1:25-cv-00361-DDD filing matter - ECF No. 26

Law Office of Ingrid J. DeFranco
PO Box 128 Brighton, CO 80601-0128
303.641.6812 fax: 303.558.4294

----- Forwarded Message -----
**From:** Dan Combs (He/Him) <dan.combs@coag.gov>
**To:** Domenico_Chambers@cod.uscourts.gov <domenico_chambers@cod.uscourts.gov>
**Cc:** Katharine Brown <katharine.brown@coag.gov>; Linda Ruth Carter <lindaruth.carter@coag.gov>; Carmen Van Pelt <carmen.vanpelt@coag.gov>; Clayton Ankney <clayton.ankney@coag.gov>; ingrid.defranco@gmail.com <ingrid.defranco@gmail.com>
**Sent:** Friday, January 16, 2026 at 01:04:00 PM MST
**Subject:** 1:25-cv-00361-DDD filing matter - ECF No. 26

To Judge Domenico's Chambers,

It has come to our attention that the Plaintiff's (Christopher Gregory) most recent filing in case 1:25-cv-03361-DDD, ECF No. 26, and exhibits 1-11, are available to the public through PACER.

After reviewing the filings, Defendants believe that ECF No. 26 contains information required to be kept confidential under state law. Mr. Gregory apparently recognizes that the affidavit contains confidential information as well, stating in footnote 2, Paragraph 5, of ECF No. 26, that "Affiant files this Affidavit into the present case as suppressed …."

Given the Plaintiff's statement, made under penalty of perjury, that ECF 26 and its exhibits were being filed as "suppressed," the public filing appears to have been made in error.

To protect the confidentiality of information contained in ECF 26 and to reflect the Plaintiff's stated intent to file it as "suppressed," would the Court be able to direct the Clerk to immediately change ECF 26's status to "sealed" or restricted?

Very truly yours,

Dan Combs

Daniel M. Combs (he/him/his)

First Assistant Attorney General

Colorado Department of Law

Tort Litigation Unit

Phone: (720) 508-6625

Email: Dan.Combs@coag.gov

The statements and opinions in this email do not represent the statements and opinions of the Attorney General.

**Christopher Gregory**

---

**From:** Dan Combs (He/Him) <Dan.Combs@coag.gov>
**Sent:** Wednesday, January 14, 2026 8:43 PM
**To:** Ingrid J. DeFranco
**Cc:** Clayton Ankney; Katharine Brown; Linda Ruth Carter; Carmen Van Pelt; Christopher Gregory
**Subject:** RE: Gregory lawsuit conferral on motion to extend time and MTD

Thanks Ingrid.

Best,
Dan

Daniel M. Combs (he/him/his)
First Assistant Attorney General
Colorado Department of Law
Tort Litigation Unit
Phone: (720) 508-6625
Email: Dan.Combs@coag.gov

The statements and opinions in this email do not represent the statements and opinions of the Attorney General.

---

**From:** Ingrid J. DeFranco <ingrid.defranco@gmail.com>
**Sent:** Wednesday, January 14, 2026 5:22 PM
**To:** Dan Combs (He/Him) <Dan.Combs@coag.gov>
**Cc:** Clayton Ankney <Clayton.Ankney@coag.gov>; Katharine Brown <Katharine.Brown@coag.gov>; Linda Ruth Carter <LindaRuth.Carter@coag.gov>; Carmen Van Pelt <Carmen.VanPelt@coag.gov>; Christopher Gregory <cspgregory@thegregorylawfirm.net>
**Subject:** Re: Gregory lawsuit conferral on motion to extend time and MTD

Dear Mr. Coombs,

Apologies; I did not receive your earlier email. My Gmail address duplicates into a secondary address, and it’s not in either one. We do not object to an extension.

Sincerely,

Ingrid DeFranco

Law Office of Ingrid J. DeFranco Pllc
PO Box 128 Brighton, CO 80601-0128
303.641.6812 fax: 303.558.4294

On Wednesday, January 14, 2026 at 04:28:35 PM MST, Dan Combs (He/Him) <dan.combs@coag.gov> wrote:

Hello Ingrid,

I'm following up on the outreach from earlier in this week. Will you please confirm you received the email, and also please provide Mr. Gregory's position on the requested extension of time, when you're first able to?

Many thanks,
Dan

Daniel M. Combs (he/him/his)

First Assistant Attorney General

Colorado Department of Law

Tort Litigation Unit

Phone: (720) 508-6625

Email: Dan.Combs@coag.gov

The statements and opinions in this email do not represent the statements and opinions of the Attorney General.

---

**From:** Dan Combs (He/Him)
**Sent:** Monday, January 12, 2026 4:21 PM
**To:** ingrid.defranco@gmail.com
**Cc:** Clayton Ankney <Clayton.Ankney@coag.gov>; Katharine Brown <Katharine.Brown@coag.gov>; Linda Ruth Carter <LindaRuth.Carter@coag.gov>; Carmen Van Pelt <Carmen.VanPelt@coag.gov>
**Subject:** Gregory lawsuit conferral on motion to extend time and MTD
**Importance:** High

Hello Ingrid,

I'm reaching out to confer on two motions: (1) Defendants' motion for two additional weeks to respond to Mr. Gregory's Complaint—from February 2, 2026, to February 16, 2026; and (2) Defendant's motion to dismiss.

- Please respond as soon as possible on the request to extend time and let us know times, after Wed. of this week, in which you're available to talk through the planned Motion to Dismiss.

***Requested extension of time:*** As mentioned below in more detail, as a response to the Complaint, we are preparing a single Motion to Dismiss on behalf of all Defendants, on various grounds. We'll be asking the Court for two additional weeks to file that Motion. That request reflects the need to finalize multiple arguments and ensure the 40 Defendant clients have sufficient time to review.

***Conferral on Motion to Dismiss:*** The following is meant to start the discussion about conferral on our motion, under Judge Domenico's Practice Standards. Below are the general bases for our motion to dismiss. We'd like to set up a call this week or next to answer any questions and discuss whether you think the asserted deficiencies in the complaint are correctible by amendment, as Judge Domenico requires.

<u>Grounds for dismissal</u>

1. Request to dismiss all claims against the CSC, CCJD, and CJDRC based on sovereign immunity. Additionally, these entities are not persons subject to suit under 42 U.S.C. §§ 1983, 1985, and 1986.

- Request to dismiss claims against individually named Defendants for violations of Colorado law, because such claims are barred under the Colorado Governmental Immunity Act and the Eleventh Amendment.
- Request to dismiss claims against Director Sullivan, who, in addition to governmental immunity, has absolute immunity from the asserted claims.
- Request to dismiss all claims for relief for failure to allege a plausible claim for relief, and failure to allege sufficient facts to support stated claims. This includes but is not limited to an argument to dismiss claims for failure to assert specific facts concerning individually named defendants, as well as arguments describing Mr. Gregory's failure to assert facts to plausibly state his enumerated claims for relief.
- Request to dismiss all claims based on generalized grievances for the "fundamental right to be heard," equal protection, and due process rights for lack of standing.
- Request to dismiss individual capacity claims under the doctrine of qualified immunity.
- Request to dismiss conspiracy claims based on failure to identify agreement between defendants and concerted action (1983, 1985), racial bias (1985(3)), or intent to deter court attendance or retaliate based on court attendance (1985(2)).
- Request to dismiss CFCA claim because it was not in effect when the alleged violation of the CFCA occurred. As such, Plaintiff cannot plead that he engaged in lawful acts in furtherance of an action brought pursuant to the CFCA or to stop a violation of the CFCA. Separately, Mr. Gregory's CFCA claim is barred by the Colorado Governmental Immunity Act.
- Plaintiff fails to state a claim for relief under any additional theory, and Plaintiff is not entitled to any form of relief based on the various grounds for dismissal.

We appreciate your consideration on these motions, and your response on the motion for extension of time as soon as you're able to.

Best,
Dan

Daniel M. Combs (he/him/his)

First Assistant Attorney General

Colorado Department of Law

Tort Litigation Unit

Phone: (720) 508-6625

Email: Dan.Combs@coag.gov

The statements and opinions in this email do not represent the statements and opinions of the Attorney General.