The Gregory Law Firm, LLC
Christopher S.P. Gregory
Attorney at Law
cspgregory@thegregorylawfirm.net

February 2, 2026

Circuit Executive Leslee Fathallah
Office of the Circuit Executive
United States Courts for the Tenth Circuit
1823 Stout Street
Denver, Colorado 80257
**Complaint of Misconduct**

Dear Ms. Fathallah:

Enclosed please find a complaint of judicial misconduct as to U.S. District Court for the District of Colorado Judge Daniel D. Domenico. I acknowledge that the 7-page length of the statement of facts exceeds the 5-page limit provided by 10th Cir. JCR 6.1. Nevertheless, I have provided a "concise statement that details the specific facts on which the claim of misconduct . . . is based." Accordingly, I respectfully request that you exercise your discretion to accept the statement as proposed. *Id.*

Thank you for your assistance in filing this complaint. Please do not hesitate to contact me if you have any questions or if you need additional information.

Sincerely,

Christopher S.P. Gregory, esq.
Enclosure

PLAINTIFF'S EXHIBIT
3

201 Coffman St., #1822, Longmont, CO 80502
• 970-648-0642 • Fax: 970-648-0643 •

AO 310 (Rev. 03/16)

Judicial Council of the Tenth Circuit

## COMPLAINT OF JUDICIAL MISCONDUCT OR DISABILITY

To begin the complaint process, complete this form and prepare the brief statement of facts described in item 4 (below). The RULES FOR JUDICIAL-CONDUCT AND JUDICIAL-DISABILITY PROCEEDINGS, adopted by the Judicial Conference of the United States, contain information on what to include in a complaint (Rule 6), where to file a complaint (Rule 7), and other important matters. The Rules are available in federal court clerks' offices, on individual federal courts' websites, and on www.uscourts.gov.

Your complaint (this form and the statement of facts) should be typewritten and must be legible. For the number of copies to file, consult the local rules or clerk's office of the court in which your complaint is required to be filed. Enclose each copy of the complaint in an envelope marked "COMPLAINT OF MISCONDUCT" or "COMPLAINT OF DISABILITY" and submit it to the appropriate clerk of court. **Do not put the name of any judge on the envelope.**

**1.** Name of Complainant: Christopher S.P. Gregory

Contact Address: The Gregory Law Firm, LLC
201 Coffman, #1822
Longmont, CO 80502

Daytime telephone: ( 970 ) 648-0642

**2.** Name(s) of Judge(s): Daniel D. Domenico

Court: The United States District Court for the District of Colorado

**3.** Does this complaint concern the behavior of the judge(s) in a particular lawsuit or lawsuits?

☑ Yes ☐ No

If "yes," give the following information about each lawsuit:

Court: The United States District Court for the District of Colorado

Case Number: 1:25-cv-00190-DDD-STV & 1:25-cv-03361-DDD

Docket number of any appeal to the ______ Circuit: ______

Are (were) you a party or lawyer in the lawsuit?

☑ Party ☑ Lawyer ☐ Neither

If you are (were) a party and have (had) a lawyer, give the lawyer's name, address, and telephone number:

Co-Counsel: Ingrid DeFranco, P.O. Box 128, Brighton, CO 80601, (303) 641-6812.

AO 310 (Rev. 03/16)

Judicial Council of the Tenth Circuit

**COMPLAINT OF JUDICIAL MISCONDUCT OR DISABILITY**

**4.** **Brief Statement of Facts.** Attach a brief statement of the specific facts on which the claim of judicial misconduct or disability is based. Include what happened, when and where it happened, and any information that would help an investigator check the facts. If the complaint alleges judicial disability, also include any additional facts that form the basis of that allegation.

**5.** **Declaration and signature:**

I declare under penalty of perjury that the statements made in this complaint are true and correct to the best of my knowledge.

Signature: Date: 02/02/2026



Print Save As... Reset

## **Statement of Facts**

10th Cir. JCR 11(c)(2) allows for the filing of subsequent additional judicial misconduct complaints which contain "material information not previously considered and [that do] not constitute harassment of the subject judge."

Following District Judge Daniel D. Domenico's adverse rulings in Case No. 1:25-cv-00190-DDD-STV (D. Colo.) (Sealed), Complainant filed a judicial misconduct complaint docketed as *Christopher Gregory v. District Judge Daniel Domenico*, Judicial Complaint No. 10-25-90048. Upon receiving it on or about August 7, 2025, the 10th Circuit Executive distributed the judicial misconduct complaint to Chief Circuit Judge Jerome A. Holmes, Chief District Judge Philip A. Brimmer, and District Judge Daniel Domenico. The judicial misconduct complaint alleges that Judge Domenico violated Canons 1, 2, and 3 of the Code of Conduct for United States Judges (the federal Code) by knowingly withholding grounds for his mandatory disqualification, by failing to disqualify himself, and by abusing his judicial authority to achieve a case outcome favorable to personal "friends" that Judge Domenico had previously self-identified in another high-profile case. *See Bella Health and Wellness, et al. v. Phil Weiser, et al.*, 23-cv-00939-DDD-SKC (D. Colo.), ECF No. 51, pp. 5:25-7:1.

After filing the judicial misconduct complaint, Complainant filed a F.R.C.P. 59(e) motion in Case No. 1:25-cv-00190-DDD-STV to seek relief from Judge Domenico's adverse rulings and objectively demonstrable actual bias. Even though Complainant's judicial misconduct complaint against Judge Domenico asserted grounds for Chief Judge Holmes's disqualification from its consideration, Chief Judge Holmes refused to recuse himself or to address Complainant's concurrent request for referral of the judicial misconduct complaint to a different circuit's judicial council according to 10th Cir. JCR 26. Rather, Chief Judge Holmes proceeded to engage

in *ex parte* communications with Judge Domenico and to ultimately issue a September 22, 2025 "Memorandum & Order" dismissing the judicial misconduct complaint without addressing the merits of Complainant's allegations of Judge Domenico's misconduct. As later discovered in another "Memorandum & Order" (issued on September 11, 2025 in an unrelated judicial misconduct case—Judicial Complaint No. 10-25-90049), Chief Circuit Judge Holmes's practice of resolving judicial misconduct complaints through undisclosed *ex parte* communications with the subject judge is itself part of a pattern of Judge Holmes repeatedly violating Canon 3(A)(4) of the federal Code.[1]

Complainant responded to Judge Holmes's Memorandum & Order by filing an attorney discipline complaint with the U.S. District Court for the District of Colorado's Committee on Conduct and the Court of Appeals for the 10th Circuit on September 30, 2025. The attorney discipline complaint was filed against some of the Justices of the Colorado Supreme Court and other involved attorneys admitted to practice before the U.S. District Court and/or the 10th Circuit Court of Appeals. The District Court's Committee on Conduct has docketed the complaint as Case No. 25-cc-3, but neither the 10th Circuit Court of Appeals nor Chief Circuit Judge Holmes have acknowledged receiving the dually-filed complaint. After filing the attorney discipline complaint, Complainant brought a separate federal civil rights and Colorado False Claims Act (CFCA) retaliation action in the U.S. District Court. *Gregory v. Colo. Jud. Discipline Rulemaking Comm., et al.*, 1:25-cv-03361-DDD (D. Colo.). Shortly after bringing *Gregory*, Complainant also filed a timely petition for review under 10th Cir. JCR 18(a).

---

[1] Judge Holmes's practice of dismissing judicial misconduct on the representations of the subject judge alone is also inconsistent with the Judicial Conference Committee's Standard 5, which provides, in part: "[A]n allegation is not 'conclusively refuted by objective evidence' simply because the judge complained against denies it." Implementation of the Judicial Conduct and Disability Act of 1980: A Report to the Chief Justice, 239 F.R.D. 116, 243 (app. 3) (2006).

Concurrently, Complainant filed a judicial misconduct complaint against Chief Circuit Judge Holmes because of his refusal to disqualify himself from Judicial Complaint No. 10-25-90048. *Christopher Gregory v. Chief Circuit Judge Jerome A. Holmes*, Judicial Complaint No. 10-25-90070.[2]

Despite Complainant specifically averring Judge Domenico's actual bias as part of the Verified Complaint and Jury Demand in *Gregory*, Judge Domenico again accepted assignment of the case and refused to voluntarily recuse himself. *Gregory*, ECF No. 1, p. 6 fn. 3; ECF No. 6. Judge Domenico's refusal to disqualify himself has persisted despite Complainant moving to require Judge Domenico to state the grounds for his disqualification in writing, as required by D.C.Colo.LCivR 40.1(f) and Complainant filing a notice of supplemental grounds for Judge Domenico's disqualification. *Gregory*, ECF Nos. 7 and 12.

Most recently, Complainant filed "Affidavit[s] of Judicial Bias or Prejudice According to 28 U.S.C. § 144 and Certificate[s] of Counsel" into both Case No. 1:25-cv-00190-DDD-STV and *Gregory*. Upon the filing of a timely and formally sufficient affidavit under 28 U.S.C. § 144, a judge's disqualification is immediate, mandatory, and automatic. 28 U.S.C. § 144 provides in relevant part:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, ***such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.*** (Emphasis added).

[2] Complainant notes that the benchmark 60-day deadline for initial action on this complaint has passed. Implementation of the Judicial Conduct and Disability Act of 1980: A Report to the Chief Justice, 239 F.R.D. 116, 238-39 (app. 3—Standard 1) (2006).

Notice of the filing of the Affidavits was provided to the 10th Circuit Executive through letters dated January 15, 2026 and January 20, 2026. Although both letters requested acknowledgement of receipt, such acknowledgment has not been provided. Presumably, copies of the notice letters have been provided to Chief District Judge Brimmer, Judge Domenico, and Chief Circuit Judge Holmes. The Affidavits set forth grounds for the temporary assignment of an alternate Chief Circuit Judge and an alternate Circuit Justice to facilitate the assignment of a district judge from outside the 10th Circuit to hear Case No. 1:25-cv-00190-DDD-STV and *Gregory*. *Gregory*, ECF No. 26, p. 3 fn. 1; *see* 28 U.S.C. § 292(b), (d) (defining mechanisms/procedures for the assignment of conflict-free district judges from an outside district or, alternatively, an outside circuit).

Despite an unequivocal duty to disqualify himself from both Case No. 1:25-cv-00190-DDD-STV and *Gregory*, Judge Domenico continues to sit in those cases, including issuing an order limiting public access to the Affidavit filed in *Gregory*. *Gregory*, ECF No. 28. Motions by the Defendants seeking to continue restricting public access to the Affidavit and to prospectively censor and restrict Complainant's future case filings in *Gregory* are now pending. ECF Nos. 29 and 30. Complainant is responding with a motion to strike the motions to restrict based upon the lack of good faith conferral under D.C.COLO.LCivR 7.1(a) and the Defendants' knowing facilitation of Judge Domenico's violation of 28 U.S.C. § 144 and 28 U.S.C. § 455(a), (b). Copies of the Affidavits and the Motion to Strike in *Gregory* are provided with the present judicial misconduct complaint for the convenience of the Judicial Council. Complainant, however, understands that the Judicial Council has access to the complete court filings in both Case No. 1:25-cv-00190-DDD-STV and *Gregory*.

Because Judge Domenico continues in his persistent refusal to disqualify himself as otherwise required by Canons 1, 2(A)-(B), and 3(A)(4), 3(B)(6), 3(C)-(D) of the federal Code, 28 U.S.C. § 144, and 28 U.S.C. § 455(a), (b), Complainant's only legal recourse will be to petition the 10th Circuit for a writ of mandamus. It deserves to be noted that, in the seminal case on this issue, Chief Circuit Judge Holmes (in his then-role as an Assistant U.S. Attorney) opposed the ultimately ordered disqualification of the district judge according to 28 U.S.C. § 455(a). *Nichols v. Alley*, 71 F.3d 347 (10th Cir. 1995).

Both District Judge Domenico and Chief Circuit Judge Holmes are overtly defying their mandatory disqualification obligations under Canon 3(C)(1) and 28 U.S.C. § 455(a), (b). District Judge Domenico is further disregarding his mandatory and otherwise automatic disqualification obligation under 28 U.S.C. § 144. The Judges' refusal to disqualify themselves further involves a lack of candor and their shared refusal to fully disclose the existence and nature of their relationships with Defendants and material witnesses involved in the underlying cases, Case No. 1:25-cv-00190-DDD-STV and *Gregory*.

"In the public interest," Chief Circuit Judge Holmes has the authority under 28 U.S.C. § 292(a) to reassign the underlying cases to a district judge from another district within the 10th Circuit. Judge Holmes refused to exercise this authority. Moreover, under 28 U.S.C. § 292(d), Chief Circuit Judge Holmes has discretion to submit a "certificate of necessity" to request that Chief Justice John Roberts reassign the underlying cases to a district judge from outside of the 10th Circuit. Judge Holmes, has likewise, refused to exercise this discretion and/or to disqualify himself from exercising his authority and discretion under 28 U.S.C. § 292(a), (d). For reasons that also remain unclear, Chief Circuit Judge Holmes and the 10th Circuit Judicial Council have

not requested that Chief Justice John Roberts transfer Judicial Complaint Nos. 10-25-90048 and 10-25-90070 to another judicial council as allowed under 10th Cir. JCR 26.

Chief Circuit Judge Holmes's and District Judge Domenico's persistent refusals to disqualify themselves meet the definition of "Cognizable Misconduct" as "conduct prejudicial to the effective and expeditious administration of the business of the courts." 10th Cir. JCR 4(a); *see also* 28 U.S.C. § 351(a) (defining "conduct prejudicial to the effective and expeditious administration of the business of the courts" as threshold for judicial misconduct complaints). Specifically, the persistent refusals to disqualify 1) violate specific standards of judicial conduct, including: using the judge's office to obtain special treatment for friends and engaging in improper *ex parte* communications with parties or counsel for one side in a case, 2) are abusive and harassing behavior, specifically treating litigants, attorneys, and others in a demonstrably egregious and hostile manner, 3) are a form of retaliation against Complainant for engaging in the complaint process and reporting judicial misconduct, 4) are interference and/or a failure to comply with the complaint process, and 5) are a failure to report, disclose, or appropriately respond to reliable information of judicial misconduct. 10th Cir. JCR 4(a)(1)(A),(C), 4(a)(2)(B), 4(a)(4), 4(a)(5), 4(a)(6).

The fact that Chief Circuit Judge Holmes and District Judge Domenico have each failed to candidly disclose grounds for their respective disqualifications suggests their refusals to disqualify arose from improper motives, which is a proper non-merits-related basis for judicial discipline. *Compare* 10th Cir. JCR 4(b)(1) (recognizing refusals to disqualify ordinarily as merits-related determinations) *with* Implementation of the Judicial Conduct and Disability Act of 1980: A Report to the Chief Justice, 239 F.R.D. 116, 222, 239-40 (app. 3) (2006).[3] Chief Circuit

---

[3] The 2006 report quotes Standard 2 of the Judicial Conference's Committee Standards:

Judge Holmes has himself drawn this distinction between merits and non-merits related disqualification decisions in his Memorandum & Order dismissing Judicial Complaint No. 10-25-90049. District Judge Domenico's intentional disregard of his mandatory obligation to recuse himself following Complainant's submission of a timely and formally sufficient affidavit under 28 U.S.C. § 144 is a further basis to recognize that the cognizable misconduct alleged in this supplemental complaint is non-merits related and simply Judge Domenico's refusal to comply with the law.

Respectfully, Complainant has satisfied his initial burden of presenting sufficient evidence to raise an inference that misconduct has occurred. *See* 10th Cir. JCR 11(1)(D) (recognizing Chief Circuit Judge's discretion to dismiss a complaint based upon allegations that lack "sufficient evidence to raise an inference that misconduct has occurred"). It is appropriate for the 10th Circuit Judicial Council to request that Chief Justice John Roberts transfer the present complaint, as well as Judicial Complaint Nos. 10-25-90048 and 10-25-90070 to another judicial council as allowed under 10th Cir. JCR 26. *See also* Implementation of the Judicial Conduct and Disability Act of 1980: A Report to the Chief Justice, 239 F.R.D. 116, 214-215 (2006) (providing recommendations for circumstances where a transfer to another judicial council is appropriate). Further consideration of these Complaints by the 10th Circuit Judicial Council will create appearances of impropriety in violation of Canons 1 and 2(A) of the federal Code.

---

> A mere allegation that a judge should have recused is merits-related; the proper recourse is for a party to file a motion to recuse. ***The very different allegation that the judge failed to recuse for illicit reasons—i.e., not that the judge erred in not recusing, but that the judge knew he should recuse but deliberately failed to do so for illicit purposes—is not merits-related.*** Such allegations are almost always dismissed for lack of factual substantiation. (Emphasis added).

# The Gregory Law Firm, LLC

Christopher S.P. Gregory
Attorney at Law
cspgregory@thegregorylawfirm.net

February 2, 2026

Circuit Executive Leslee Fathallah
Office of the Circuit Executive
United States Courts for the Tenth Circuit
1823 Stout Street
Denver, Colorado 80257
**Complaint of Misconduct**

Dear Ms. Fathallah:

Enclosed please find a complaint of judicial misconduct as to 10th Circuit Chief Judge Jerome B. Holmes. I acknowledge that the 7-page length of the statement of facts exceeds the 5-page limit provided by 10th Cir. JCR 6.1. Nevertheless, I have provided a "concise statement that details the specific facts on which the claim of misconduct . . . is based." Accordingly, I respectfully request that you exercise your discretion to accept the statement as proposed. *Id.*

Thank you for your assistance in filing this complaint. Please do not hesitate to contact me if you have any questions or if you need additional information.

Sincerely,

Christopher S.P. Gregory, esq.
Enclosure

201 Coffman St., #1822, Longmont, CO 80502
• 970-648-0642 • Fax: 970-648-0643 •

AO 310 (Rev. 03/16)

Judicial Council of the Tenth Circuit

**COMPLAINT OF JUDICIAL MISCONDUCT OR DISABILITY**

To begin the complaint process, complete this form and prepare the brief statement of facts described in item 4 (below). The RULES FOR JUDICIAL-CONDUCT AND JUDICIAL-DISABILITY PROCEEDINGS, adopted by the Judicial Conference of the United States, contain information on what to include in a complaint (Rule 6), where to file a complaint (Rule 7), and other important matters. The Rules are available in federal court clerks' offices, on individual federal courts' websites, and on www.uscourts.gov.

Your complaint (this form and the statement of facts) should be typewritten and must be legible. For the number of copies to file, consult the local rules or clerk's office of the court in which your complaint is required to be filed. Enclose each copy of the complaint in an envelope marked "COMPLAINT OF MISCONDUCT" or "COMPLAINT OF DISABILITY" and submit it to the appropriate clerk of court. **Do not put the name of any judge on the envelope.**

**1.** Name of Complainant: Christopher S.P. Gregory

Contact Address: The Gregory Law Firm, LLC
201 Coffman, #1822
Longmont, CO 80502

Daytime telephone: ( 970 ) 648-0642

**2.** Name(s) of Judge(s): Chief Judge Jerome A. Holmes

Court: 10th Circuit

**3.** Does this complaint concern the behavior of the judge(s) in a particular lawsuit or lawsuits?

☑ Yes ☐ No

If "yes," give the following information about each lawsuit:

Court: 10th Circuit

Case Number: Judicial Complaint Nos. 10-25-90048 and 10-25-90070

Docket number of any appeal to the ______ Circuit: ______

Are (were) you a party or lawyer in the lawsuit?

☑ Party ☑ Lawyer ☐ Neither

If you are (were) a party and have (had) a lawyer, give the lawyer's name, address, and telephone number:

AO 310 (Rev. 03/16)

Judicial Council of the Tenth Circuit

**COMPLAINT OF JUDICIAL MISCONDUCT OR DISABILITY**

**4.** **Brief Statement of Facts.** Attach a brief statement of the specific facts on which the claim of judicial misconduct or disability is based. Include what happened, when and where it happened, and any information that would help an investigator check the facts. If the complaint alleges judicial disability, also include any additional facts that form the basis of that allegation.

**5.** **Declaration and signature:**

I declare under penalty of perjury that the statements made in this complaint are true and correct to the best of my knowledge.

Signature: [signature] Date: 02/02/2026



Print Save As... Reset

**Statement of Facts**

10th Cir. JCR 11(c)(2) allows for the filing of subsequent additional judicial misconduct complaints which contain "material information not previously considered and [that do] not constitute harassment of the subject judge."

Following District Judge Daniel D. Domenico's adverse rulings in Case No. 1:25-cv-00190-DDD-STV (D. Colo.) (Sealed), Complainant filed a judicial misconduct complaint docketed as *Christopher Gregory v. District Judge Daniel Domenico*, Judicial Complaint No. 10-25-90048. Upon receiving it on or about August 7, 2025, the 10th Circuit Executive distributed the judicial misconduct complaint to Chief Circuit Judge Jerome A. Holmes, Chief District Judge Philip A. Brimmer, and District Judge Daniel Domenico. The judicial misconduct complaint alleges that Judge Domenico violated Canons 1, 2, and 3 of the Code of Conduct for United States Judges (the federal Code) by knowingly withholding grounds for his mandatory disqualification, by failing to disqualify himself, and by abusing his judicial authority to achieve a case outcome favorable to personal "friends" that Judge Domenico had previously self-identified in another high-profile case. *See Bella Health and Wellness, et al. v. Phil Weiser, et al.*, 23-cv-00939-DDD-SKC (D. Colo.), ECF No. 51, pp. 5:25-7:1.

After filing the judicial misconduct complaint, Complainant filed a F.R.C.P. 59(e) motion in Case No. 1:25-cv-00190-DDD-STV to seek relief from Judge Domenico's adverse rulings and objectively demonstrable actual bias. Even though Complainant's judicial misconduct complaint against Judge Domenico asserted grounds for Chief Judge Holmes's disqualification from its consideration, Chief Judge Holmes refused to recuse himself or to address Complainant's concurrent request for referral of the judicial misconduct complaint to a different circuit's judicial council according to 10th Cir. JCR 26. Rather, Chief Judge Holmes proceeded to engage

in *ex parte* communications with Judge Domenico and to ultimately issue a September 22, 2025 "Memorandum & Order" dismissing the judicial misconduct complaint without addressing the merits of Complainant's allegations of Judge Domenico's misconduct. As later discovered in another "Memorandum & Order" (issued on September 11, 2025 in an unrelated judicial misconduct case—Judicial Complaint No. 10-25-90049), Chief Circuit Judge Holmes's practice of resolving judicial misconduct complaints through undisclosed *ex parte* communications with the subject judge is itself part of a pattern of Judge Holmes repeatedly violating Canon 3(A)(4) of the federal Code.[1]

Complainant responded to Judge Holmes's Memorandum & Order by filing an attorney discipline complaint with the U.S. District Court for the District of Colorado's Committee on Conduct and the Court of Appeals for the 10th Circuit on September 30, 2025. The attorney discipline complaint was filed against some of the Justices of the Colorado Supreme Court and other involved attorneys admitted to practice before the U.S. District Court and/or the 10th Circuit Court of Appeals. The District Court's Committee on Conduct has docketed the complaint as Case No. 25-cc-3, but neither the 10th Circuit Court of Appeals nor Chief Circuit Judge Holmes have acknowledged receiving the dually-filed complaint. After filing the attorney discipline complaint, Complainant brought a separate federal civil rights and Colorado False Claims Act (CFCA) retaliation action in the U.S. District Court. *Gregory v. Colo. Jud. Discipline Rulemaking Comm., et al.*, 1:25-cv-03361-DDD (D. Colo.). Shortly after bringing *Gregory*, Complainant also filed a timely petition for review under 10th Cir. JCR 18(a).

---

[1] Judge Holmes's practice of dismissing judicial misconduct on the representations of the subject judge alone is also inconsistent with the Judicial Conference Committee's Standard 5, which provides, in part: "[A]n allegation is not 'conclusively refuted by objective evidence' simply because the judge complained against denies it." Implementation of the Judicial Conduct and Disability Act of 1980: A Report to the Chief Justice, 239 F.R.D. 116, 243 (app. 3) (2006).

Concurrently, Complainant filed a judicial misconduct complaint against Chief Circuit Judge Holmes because of his refusal to disqualify himself from Judicial Complaint No. 10-25-90048. *Christopher Gregory v. Chief Circuit Judge Jerome A. Holmes*, Judicial Complaint No. 10-25-90070.[2]

Despite Complainant specifically averring Judge Domenico's actual bias as part of the Verified Complaint and Jury Demand in *Gregory*, Judge Domenico again accepted assignment of the case and refused to voluntarily recuse himself. *Gregory*, ECF No. 1, p. 6 fn. 3; ECF No. 6. Judge Domenico's refusal to disqualify himself has persisted despite Complainant moving to require Judge Domenico to state the grounds for his disqualification in writing, as required by D.C.Colo.LCivR 40.1(f) and Complainant filing a notice of supplemental grounds for Judge Domenico's disqualification. *Gregory*, ECF Nos. 7 and 12.

Most recently, Complainant filed "Affidavit[s] of Judicial Bias or Prejudice According to 28 U.S.C. § 144 and Certificate[s] of Counsel" into both Case No. 1:25-cv-00190-DDD-STV and *Gregory*. Upon the filing of a timely and formally sufficient affidavit under 28 U.S.C. § 144, a judge's disqualification is immediate, mandatory, and automatic. 28 U.S.C. § 144 provides in relevant part:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, ***such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.*** (Emphasis added).

---

[2] Complainant notes that the benchmark 60-day deadline for initial action on this complaint has passed. Implementation of the Judicial Conduct and Disability Act of 1980: A Report to the Chief Justice, 239 F.R.D. 116, 238-39 (app. 3—Standard 1) (2006).

Notice of the filing of the Affidavits was provided to the 10th Circuit Executive through letters dated January 15, 2026 and January 20, 2026. Although both letters requested acknowledgement of receipt, such acknowledgment has not been provided. Presumably, copies of the notice letters have been provided to Chief District Judge Brimmer, Judge Domenico, and Chief Circuit Judge Holmes. The Affidavits set forth grounds for the temporary assignment of an alternate Chief Circuit Judge and an alternate Circuit Justice to facilitate the assignment of a district judge from outside the 10th Circuit to hear Case No. 1:25-cv-00190-DDD-STV and *Gregory*. *Gregory*, ECF No. 26, p. 3 fn. 1; *see* 28 U.S.C. § 292(b), (d) (defining mechanisms/procedures for the assignment of conflict-free district judges from an outside district or, alternatively, an outside circuit).

Despite an unequivocal duty to disqualify himself from both Case No. 1:25-cv-00190-DDD-STV and *Gregory*, Judge Domenico continues to sit in those cases, including issuing an order limiting public access to the Affidavit filed in *Gregory*. *Gregory*, ECF No. 28. Motions by the Defendants seeking to continue restricting public access to the Affidavit and to prospectively censor and restrict Complainant's future case filings in *Gregory* are now pending. ECF Nos. 29 and 30. Complainant is responding with a motion to strike the motions to restrict based upon the lack of good faith conferral under D.C.COLO.LCivR 7.1(a) and the Defendants' knowing facilitation of Judge Domenico's violation of 28 U.S.C. § 144 and 28 U.S.C. § 455(a), (b). Copies of the Affidavits and the Motion to Strike in *Gregory* are provided with the present judicial misconduct complaint for the convenience of the Judicial Council. Complainant, however, understands that the Judicial Council has access to the complete court filings in both Case No. 1:25-cv-00190-DDD-STV and *Gregory*.

Because Judge Domenico continues in his persistent refusal to disqualify himself as otherwise required by Canons 1, 2(A)-(B), and 3(A)(4), 3(B)(6), 3(C)-(D) of the federal Code, 28 U.S.C. § 144, and 28 U.S.C. § 455(a), (b), Complainant's only legal recourse will be to petition the 10th Circuit for a writ of mandamus. It deserves to be noted that, in the seminal case on this issue, Chief Circuit Judge Holmes (in his then-role as an Assistant U.S. Attorney) opposed the ultimately ordered disqualification of the district judge according to 28 U.S.C. § 455(a). *Nichols v. Alley*, 71 F.3d 347 (10th Cir. 1995).

Both District Judge Domenico and Chief Circuit Judge Holmes are overtly defying their mandatory disqualification obligations under Canon 3(C)(1) and 28 U.S.C. § 455(a), (b). District Judge Domenico is further disregarding his mandatory and otherwise automatic disqualification obligation under 28 U.S.C. § 144. The Judges' refusal to disqualify themselves further involves a lack of candor and their shared refusal to fully disclose the existence and nature of their relationships with Defendants and material witnesses involved in the underlying cases, Case No. 1:25-cv-00190-DDD-STV and *Gregory*.

"In the public interest," Chief Circuit Judge Holmes has the authority under 28 U.S.C. § 292(a) to reassign the underlying cases to a district judge from another district within the 10th Circuit. Judge Holmes refused to exercise this authority. Moreover, under 28 U.S.C. § 292(d), Chief Circuit Judge Holmes has discretion to submit a "certificate of necessity" to request that Chief Justice John Roberts reassign the underlying cases to a district judge from outside of the 10th Circuit. Judge Holmes, has likewise, refused to exercise this discretion and/or to disqualify himself from exercising his authority and discretion under 28 U.S.C. § 292(a), (d). For reasons that also remain unclear, Chief Circuit Judge Holmes and the 10th Circuit Judicial Council have

not requested that Chief Justice John Roberts transfer Judicial Complaint Nos. 10-25-90048 and 10-25-90070 to another judicial council as allowed under 10th Cir. JCR 26.

Chief Circuit Judge Holmes's and District Judge Domenico's persistent refusals to disqualify themselves meet the definition of "Cognizable Misconduct" as "conduct prejudicial to the effective and expeditious administration of the business of the courts." 10th Cir. JCR 4(a); *see also* 28 U.S.C. § 351(a) (defining "conduct prejudicial to the effective and expeditious administration of the business of the courts" as threshold for judicial misconduct complaints). Specifically, the persistent refusals to disqualify 1) violate specific standards of judicial conduct, including: using the judge's office to obtain special treatment for friends and engaging in improper *ex parte* communications with parties or counsel for one side in a case, 2) are abusive and harassing behavior, specifically treating litigants, attorneys, and others in a demonstrably egregious and hostile manner, 3) are a form of retaliation against Complainant for engaging in the complaint process and reporting judicial misconduct, 4) are interference and/or a failure to comply with the complaint process, and 5) are a failure to report, disclose, or appropriately respond to reliable information of judicial misconduct. 10th Cir. JCR 4(a)(1)(A),(C), 4(a)(2)(B), 4(a)(4), 4(a)(5), 4(a)(6).

The fact that Chief Circuit Judge Holmes and District Judge Domenico have each failed to candidly disclose grounds for their respective disqualifications suggests their refusals to disqualify arose from improper motives, which is a proper non-merits-related basis for judicial discipline. *Compare* 10th Cir. JCR 4(b)(1) (recognizing refusals to disqualify ordinarily as merits-related determinations) *with* Implementation of the Judicial Conduct and Disability Act of 1980: A Report to the Chief Justice, 239 F.R.D. 116, 222, 239-40 (app. 3) (2006).[3] Chief Circuit

[3] The 2006 report quotes Standard 2 of the Judicial Conference's Committee Standards:

Judge Holmes has himself drawn this distinction between merits and non-merits related disqualification decisions in his Memorandum & Order dismissing Judicial Complaint No. 10-25-90049. District Judge Domenico's intentional disregard of his mandatory obligation to recuse himself following Complainant's submission of a timely and formally sufficient affidavit under 28 U.S.C. § 144 is a further basis to recognize that the cognizable misconduct alleged in this supplemental complaint is non-merits related and simply Judge Domenico's refusal to comply with the law.

Respectfully, Complainant has satisfied his initial burden of presenting sufficient evidence to raise an inference that misconduct has occurred. *See* 10th Cir. JCR 11(1)(D) (recognizing Chief Circuit Judge's discretion to dismiss a complaint based upon allegations that lack "sufficient evidence to raise an inference that misconduct has occurred"). It is appropriate for the 10th Circuit Judicial Council to request that Chief Justice John Roberts transfer the present complaint, as well as Judicial Complaint Nos. 10-25-90048 and 10-25-90070 to another judicial council as allowed under 10th Cir. JCR 26. *See also* Implementation of the Judicial Conduct and Disability Act of 1980: A Report to the Chief Justice, 239 F.R.D. 116, 214-215 (2006) (providing recommendations for circumstances where a transfer to another judicial council is appropriate). Further consideration of these Complaints by the 10th Circuit Judicial Council will create appearances of impropriety in violation of Canons 1 and 2(A) of the federal Code.

---

> A mere allegation that a judge should have recused is merits-related; the proper recourse is for a party to file a motion to recuse. ***The very different allegation that the judge failed to recuse for illicit reasons—i.e., not that the judge erred in not recusing, but that the judge knew he should recuse but deliberately failed to do so for illicit purposes—is not merits-related.*** Such allegations are almost always dismissed for lack of factual substantiation. (Emphasis added).