**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Daniel D. Domenico**

Civil Action No. 1:25-cv-03361-DDD-NRN

CHRISTOPHER S.P. GREGORY,

Plaintiff,

v.

THE COLORADO JUDICIAL DISCIPLINE RULEMAKING COMMITTEE, *et al.*,

Defendants.

---

**ORDER GRANTING REQUEST FOR RECUSAL**

---

Plaintiff Christopher S.P. Gregory moves for my disqualification from hearing this case and for a written order stating the reasons for my recusal. Doc. 7; Doc. 26. Because Mr. Gregory's recent filings raise broad allegations that appear to encompass events that took place during my tenure as Colorado Solicitor General, I conclude that a reasonable person might question my impartiality should I preside over the case. I therefore recuse myself pursuant to 28 U.S.C. § 455(a).

**LEGAL STANDARDS**

Under 28 U.S.C. § 144, a district judge must recuse if a party "makes and files a timely and sufficient affidavit that the judge . . . has a personal bias or prejudice either against him or in favor of any adverse party." "The simple filing of an affidavit," though, "does not automatically disqualify a judge." *United States v. Bray*, 546 F.2d 851, 857 (10th Cir. 1976). Upon the filing of a Section 144 affidavit, the judge must assess its procedural and legal sufficiency, taking as true the factual allegations therein. *Id.*; *Hinman v. Rogers*, 831 F.2d 937, 939 (10th

Cir. 1987). But "[t]he affidavit is strictly construed against the affiant, and there is a substantial burden on the moving party to demonstrate the judge is not impartial." *Hinman*, 831 F.2d at 939; *accord United States v. Burger*, 964 F.2d 1065, 1070 (10th Cir. 1992); *In re McCarthey*, 368 F.3d 1266, 1269 (Section 144 does not place "a burden on the judge to prove that he is impartial."). "Conclusions, rumors, beliefs, and opinions are not sufficient to form a basis for disqualification." *Burger*, 964 F.2d at 1070 (citing *Hinman*, 831 F.2d at 939). "A judge should not recuse himself on unsupported, irrational, or highly tenuous speculation." *Hinman*, 831 F.2d at 939.

The other recusal statute, 28 U.S.C. § 455, lacks the procedural hurdles of Section 144 and is also broader in scope. *Id.* Under Section 455, a federal judge similarly must "disqualify himself . . . [w]here he has a personal bias or prejudice concerning a party," and he must also "disqualify himself in any proceeding in which his impartiality might reasonably be questioned," unless he makes "a full disclosure on the record of the basis for disqualification" and the parties to the proceeding waive the disclosed ground for disqualification. 28 U.S.C. § 455(a), (b)(1), (e). This means that a judge must recuse (or secure a waiver) "when there is the appearance of bias, regardless of whether there is actual bias." *Bryce v. Episcopal Church in the Diocese of Colo.*, 289 F.3d 648, 659 (10th Cir. 2002). "The test is whether a reasonable person, knowing all the relevant facts, would harbor doubts about the judge's impartiality." *Id.* Section 455, however, "is not intended to give litigants a veto power over sitting judges, or a vehicle for obtaining a judge of their choice." *United States v. Cooley*, 1 F.3d 985, 993 (10th Cir. 1993). A judge "'must ask how the[] facts would appear to a well-informed, thoughtful and objective observer,' who is 'an average member of the public,' not a 'hypersensitive, cynical, and suspicious person.'" *United States v. Wells*, 873

F.3d 1241, 1251 (10th Cir. 2017) (quoting *Mathis v. Huff & Puff Trucking, Inc.*, 787 F.3d 1297, 1310 (10th Cir. 2015)). The statute "must not be so broadly construed that . . . recusal is mandated upon the merest unsubstantiated suggestion of personal bias or prejudice." *Cooley*, 1 F.3d at 993.

Courts have identified a number of factors that *do not* merit recusal under Section 144 or Section 455. *Id.*; *see also Estate of Bishop v. Equinox Int'l Corp.*, 256 F.3d 1050, 1058 (10th Cir. 2001). Such factors include "[r]umor, speculation, beliefs, conclusions, innuendo, suspicion, opinion, and similar non-factual matters"; "prior rulings in the proceeding, or another proceeding, solely because they were adverse" to the party seeking recusal; and "mere familiarity" with a party. *Cooley*, 1 F.3d at 993-94; *accord Bishop*, 256 F.3d at 1058. And a judge has "as strong a duty to sit when there is no legitimate reason to recuse as he does to recuse when the law and facts require." *Bryce*, 289 F.3d at 659 (quoting *Nichols v. Alley*, 71 F.3d 347, 351 (10th Cir. 1995)) (Section 455); *accord Burger*, 964 F.2d at 1070 (Section 144).

## DISCUSSION

After I dismissed Mr. Gregory's claims in a related sealed case, Mr. Gregory moved to vacate the judgment, arguing that my order dismissing his claims is invalid because I was required to recuse from that case. Mr. Gregory subsequently initiated this action, in which he reasserts some of the claims that were dismissed in the related case. *See* Doc. 1. He has filed Section 144 affidavits in both cases seeking my recusal on the same grounds. *See* Doc. 26; *see also* Doc. 1 at 6 n.1; Doc. 7; Doc. 12. As my colleague Judge Kane explained in a similar context, "I have strived in my review of [Mr. Gregory's] filing[s] to reflect thoughtfully and thoroughly on the assertions made, but cannot agree I have demonstrated, or that I hold, a . . . personal bias." *In re Maynard*, No. 09-

cv-2052-JLK-MEH, 2011 WL 1532049, at *1 (D. Colo. Apr. 21, 2011).[1] But as explained further below, some of the allegations Mr. Gregory raises in his recent filings may cause a reasonable person to question my impartiality in this case. I will therefore recuse myself.

I have worked in a variety of roles in the course of my legal career: in private practice, as a law clerk at the Tenth Circuit Court of Appeals, in the U.S. Department of the Interior, as the Colorado Solicitor General for nine years, as an adjunct law professor at the University of Colorado and the University of Denver, and in my current role as a U.S. District Judge for over six years. During that time, I have become familiar with many individuals, some of whom are or were, *inter alia*: employees of the Colorado Attorney General's Office; employees of the Colorado Judicial Department; justices, judges, and magistrate judges of the Colorado and federal courts; Colorado district attorneys; U.S. Attorneys and Assistant U.S. Attorneys; and members of committees or panels that serve the Colorado and federal courts. Given the breadth of the allegations Mr. Gregory is making here, it is not surprising that some such individuals are defendants in this case (*e.g.*, Colorado Supreme Court Chief Justice Monica Marquez and Attorney General Philip J. Weiser) or are persons Mr. Gregrory says have some other connection to the case (*e.g.*, former District Attorney Beth McCann, District Attorney Michael Dougherty, and Colorado Court of Appeals Judge Grant Sullivan).

[1] I note that three of the District's seven active district judges and two of its seven full-time magistrate judges recused from the related case, and one senior judge exercised his prerogative to have the case redrawn, before it was randomly reassigned to me. One of the same active district judges recused from this case before it was randomly reassigned to me. Docs. 5, 6. Mr. Gregory appears to suggest that due to the nature of his claims, no Article III judge in this District is qualified to hear the case. *See* Doc. 26 at 3 n.1, 36. But where "allegations of bias are omnipresent, they cannot by themselves dissuade a judge from his duty to sit, lest no judge be able to sit at all." *Maynard*, 2011 WL 1532049, at *1.

*See* Doc. 26 at 7-9 & n.4, 24-25, 30-34; Doc. 12. Mr. Gregory contends that the mere existence of relationships between me and these individuals gives rise to both actual bias against him and in favor of those individuals, and a basis on which my impartiality in this case might reasonably be questioned.[2] Mr. Gregory is mistaken on this point.

While I worked with, against, and in front of a number of the individuals highlighted by Mr. Gregory, and consider some of them friends, none of the relationships in question is a close personal relationship. These relationships are, at most, professional friendships involving individuals I have worked with during my legal career; many are no more than acquaintanceships. Mr. Gregory's assertion that they are more than that is no more than unsupported speculation and suspicion.[3] *See* Doc. 26 at 30-31 (relying on "inferences drawn" and "presumed close relationships" that "[p]resumably . . . have crossed over to [my] current work"). As far as I recall, I have not worked with any of the individuals

---

[2] I note that Mr. Gregory filed a judicial misconduct complaint with the United States Court of Appeals for the Tenth Circuit alleging that I violated the Code of Conduct for United States Judges by failing to recuse from the related case or to disclose the relationships in question to the parties in that case. Doc. 26-1. Mr. Gregory's complaint was dismissed on September 22, 2025. Doc. 26-3; *see also* Doc. 26-4 (petitioning for review of dismissal). The fact that he filed a misconduct complaint does not require my recusal from this case. *Smith v. Kan. Dep't of Corr.*, 455 F. App'x 841, 844 (10th Cir. 2011) (judge need not recuse based on current or previous misconduct complaint filed by litigant (citing *In re Mann*, 229 F.3d 657, 658-59 (7th Cir. 2000))).

[3] Mr. Gregory seizes on a statement I made in my order dismissing his claims in the related case that he contends is an "express admission of actual bias." Doc. 26 at 7-8. He argues that my prior statement "cannot be discounted as merely a scrivener's or grammatical error," but in fact it is exactly that: my statement that "I am personally familiar with some of the Defendants named in this case," but "these relationships are not sufficient to render me impartial in this matter" should state that "these relationships are not sufficient to render me partial" or "these relationships do not render me partial" in the matter.

in question or had any other social interaction with any of them since before I became a judge over six years ago, aside from occasionally encountering one of them at a professional event such as an Inn of Court meeting, another judge's investiture ceremony, a law-clerk reunion, or the like. "Friendship with an individual involved in a case alone is not enough to mandate recusal." *Scott v. County of Dona Ana*, No. CIV 09-00797-JB/GBW, 2011 WL 13284755, at *8 to *9 (D.N.M. Sept. 11, 2011) (R. & R.) (where judge considered defendant a friend but they had not "socialize[d] beyond conversing when they happen to see each other" since judge's appointment to the bench, plaintiff's assertions did not establish reasonable basis for questioning judge's impartiality (citing *Cheney v. U.S. Dist. Ct. for the Dist. of Columbia*, 541 U.S. 913 (2004) (Mem. of Scalia, J., denying recusal); *Cooley*, 1 F.3d 985)), *adopted in relevant part*, 2012 WL 1132464 (D.N.M. Mar. 28, 2012), *aff'd*, 516 F. App'x 718 (10th Cir. 2013); *see also Maynard*, 2011 WL 1532049, at *4 ("The assertion that my attendance at public events and 'rubbing shoulders' with a limited number of public officials, judges, and attorneys whom [the plaintiff] contends have opposed her or have acted in concert to retaliate against her demonstrates neither actual bias nor reasonable appearance of bias, is wholly conclusory and speculative, and does not warrant my recusal.").

During my six-plus years on the bench, I have presided over multiple cases involving Mr. Weiser, Ms. McCann, Mr. Dougherty, Mr. Sullivan,[4]

[4] Mr. Gregory has pointed to statements I made at a hearing in another case, contending that I stated an actual bias favorable to Mr. Weiser, Ms. McCann, Mr. Dougherty, and Mr. Sullivan. *See* Doc. 26 at 8-9. This is not accurate. In the statements Mr. Gregory points to, I in fact stated the opposite: "I don't believe [these relationships] warrant a recusal," and "I think probably recusal would be inappropriate." Tr. of Prelim. Inj. Hr'g at 5-7, *Bella Health & Wellness v. Weiser*, No. 1:23-cv-00939-DDD-SBP (D. Colo. Apr. 24, 2023), ECF No. 51.

and other individuals with whom I have similar professional relationships. My pre-judicial career is of a public nature, making it unsurprising that I have prior professional relationships with various current or former employees of the Colorado Attorney General's Office and members of the Colorado Supreme Court and Tenth Circuit Court of Appeals. Nor is it surprising that in my current role I have developed professional relationships with members of this Court. No party in any other case, aside from Mr. Gregory in the related case,[5] has ever suggested that I should, let alone must, recuse myself because of one of those relationships,[6] and I am confident that reasonable parties, counsel, and members of the public understand that my decisions in such cases are not influenced by such relationships. *See Bryce*, 289 F.3d at 659 ("The test is whether a reasonable person, knowing all the relevant facts, would harbor doubts about the judge's impartiality.").

My professional relationships with the individuals in question do not give rise to any personal bias or prejudice on my part, nor are they the

---

[5] Concurrently with this Order, for the same reasons discussed here, I am recusing from the related case, though I note that at the time I dismissed Mr. Gregory's claims in that case, the facts and allegations in the record did not require my recusal. I also note that, in light of the Notice of Related Cases filed by Mr. Gregory, Doc. 1-12, the judge to whom this case is randomly reassigned may wish to confer with the judge to whom the related case is randomly reassigned to determine whether both cases should be assigned to the same judicial officers pursuant to Local Civil Rules 3.2(d) and 40.1.

[6] One litigant has requested my recusal based merely on my prior service as Solicitor General and not on any specific personal relationship arising from that service; I denied that recusal request. *See Villecco v. Barela* No. 1:21-cv-02176-DDD-STV, 2022 WL 4349339, at *1 (D. Colo. Aug. 18, 2022); *Villecco v. Barela*, No. 1:22-cv-02403-DDD-STV, 2023 WL 11959305, at *1 (D. Colo. Feb. 17, 2023); *Villecco v. Barela*, Nos. 1:21-cv-02176-DDD-STV, 1:22-cv-02403-DDD-STV, 1:23-cv-01265-DDD-STV, 1:23-cv-02029-DDD-STV, 2023 WL 8642120, at *1 (D. Colo. Dec. 6, 2023).

sort of relationships that would cause a reasonable person to question my impartiality simply because those individuals are parties, attorneys, or witnesses in a case. And other than the fact that I developed some of the professional relationships in question while serving as Solicitor General, Mr. Gregory's claims, as asserted on the face of his complaint, do not appear to have any connection to that prior service. The allegations in Mr. Gregory's complaint stem from what he calls the "Masias Controversy," which began in mid to late 2018, Doc. 1 at 19-20, and subsequent events. *See id.* at 2-5, 7, 19-33 (alleging, *e.g.*, that "[a]t the core of the [Colorado Supreme Court] Justices' misconduct was a prolonged scheme to knowingly conceal material information of a $2.66-2.75 million bribe/public fraud involving . . . Mindy Masias," and that justices, employees of the Colorado Judicial Department, and Colorado Attorney General Phil Weiser concealed the "Masias Contract" and "Masias Memo" from the Colorado Office of the State Auditor and Colorado Commission on Judicial Discipline, of which Mr. Gregory was a member between May 2017 and January 2024). These allegations thus concern events that began well after my tenure as Solicitor General ended in 2015. I have no independent knowledge of the events alleged in the complaint arising from my prior service as Solicitor General or from anything else.

Mr. Gregory's subsequent filings, however, expand substantially on the allegations in his complaint. His Section 144 affidavit contains wide-ranging allegations of "a 25-year sustained pattern of [misconduct by] the Justices of the Colorado Supreme Court," Doc. 26 at 9, which period would necessarily encompass the time during which I served as Solicitor General. It also appears from his affidavit and other recent filings that he may be alleging misconduct by members of the Colorado Judicial Department or the Attorney General's Office that took place during that time. He now alleges, for example, that "a primary motive for the . . .

bribe referred to as the Masias Contract was to conceal material evidence that one or more justices of the Colorado Supreme Court had obstructed the law enforcement investigation" of Denver District Court Judge Larry Manzanares in 2007. Doc. 12 at 1-2. I do not recall having any personal involvement with the Manzanares case, nor do I recall any personal knowledge of or involvement with any other events alluded to in Mr. Gregory's recent filings that took place while I was Solicitor General. And it is somewhat unclear how events that predate the Masias Controversy tie in to the claims asserted in Mr. Gregory's complaint. I therefore do not believe Mr. Gregory's allegations create any actual bias or need for recusal under Section 144 or Section 455(b)(1). But because it appears that Mr. Gregory's allegations include events that took place within the Attorney General's Office while I was a senior member of that office, there is some risk that a reasonable person might question my impartiality in this case. Out of an abundance of caution, therefore, I conclude that I must recuse myself pursuant to Section 455(a).[7] *See Bryce*, 289 F.3d at 659 ("If the issue . . . is a close one, the judge must be recused.").

## CONCLUSION

It is **ORDERED** that Plaintiff Christopher S.P. Gregory's Motion for Specific Statement of Grounds for Recusal According to Local Civil Rule 40.1(f), **Doc. 7**, and request for my recusal in his Affidavit of Judicial Bias or Prejudice According to 28 U.S.C. § 144, **Doc. 26**, are

[7] I also note that, unlike the prior professional relationships with various individuals in the legal community discussed above, which nearly any judge is likely to have, this potential for the appearance of partiality is unique to my situation.

**GRANTED**, and the Clerk of Court is **DIRECTED** to reassign this case to another judge.

DATED: February 3, 2026

BY THE COURT:

Daniel D. Domenico
United States District Judge