**PHIL WEISER**
Attorney General

**NATALIE HANLON LEH**
Chief Deputy Attorney General

**SHANNON STEVENSON**
Solicitor General

**TANJA WHEELER**
Associate Chief Deputy
Attorney General

**STATE OF COLORADO**
**DEPARTMENT OF LAW**

**RALPH L. CARR**
**COLORADO JUDICIAL CENTER**
1300 Broadway, 10th Floor
Denver, Colorado 80203
Phone (720) 508-6000

**Civil Litigation and**
**Employment Law Section**

February 12, 2026

Senior Judge R. Brooke Jackson
Byron G. Rogers United States Courthouse
1929 Stout Street, Room C252
Denver, CO 80294
Filed and Served via CM/ECF

RE: *Gregory v. Colorado Judicial Discipline Rulemaking Committee*, 25-cv-03361 (D. Colo.)

Dear Judge Jackson:

Pursuant to your Practice Standards, Defendants submit this letter outlining the grounds for dismissal they intend to raise in their motion to dismiss. Counsel for Defendants outlined the bases for this motion in a January 12, 2026 email, and requested to meet and confer in correspondence sent January 27th, February 5th, 6th, 10th and 11th. Counsel for Plaintiff has declined to meet telephonically but has otherwise stated opposition to the motion.

Plaintiff formerly was an appointed member and Executive Director of the Colorado Commission on Judicial Discipline ("CCJD"). He alleges that during this time, certain Defendants with the Colorado Supreme Court ("CSC") failed to properly handle and/or covered up financial misconduct by Mindy Masias, the former Chief of Staff for the State Court Administrator's Office ("SCAO"). Plaintiff further alleges that years after the alleged misconduct and after he left the CCJD, he submitted various papers about the alleged misconduct, which Defendants ignored. Plaintiff names as Defendants those who allegedly received his papers, asserting some sort of broad conspiracy that spans the CSC, Attorney General's Office, CCJD, Colorado Judicial Discipline Rulemaking Committee ("CJDRC"), and Colorado Civil Rights Division ("CCRD").

Plaintiff asserts the following claims: (Claims 1–3) violations of 42 U.S.C. §§ 1983, 1985, 1986; (Claim 4) Colorado False Claims Act; (Claim 5) writ of mandamus; (Claim 6) equitable relief; and (Claim 7) disgorgement. Plaintiff's claims are subject to dismissal for the following reasons:

**Lack of personal involvement**. The Complaint violates the basic tenet that it must inform ***each defendant*** "what [he or she] did to [the plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). There are no well-pleaded allegations describing what each Defendant specifically did or connecting any Defendant's conduct to any alleged harm to Plaintiff.

**CSC, CCJD, CJDRC**. The Sections 1983, 1985, and 1986 claims against state entities CSC, CCJD, and CJDRC are barred by sovereign immunity, *see Patillo v. Larned State Hosp.*, 462 F. App'x 780, 783 (10th Cir. 2012), and these entities are not "persons" subject to suit, *see Will v. Mich. Dep't of State Police*, 491 U.S. 58, 65–66, 70–71 (1989).

**Director Sullivan and the CCJD members**. These individuals have absolute immunity from damages claims based on conduct within their judicial or quasi-judicial capacity. *See Masterpiece Cakeshop Inc. v. Elenis*, 445 F. Supp. 3d 1226, 1249 (D. Colo. 2019). Plaintiff cannot provide well-pleaded allegations that these Defendants engaged in conduct for which they are not absolutely immune, and these Defendants should be dismissed with prejudice.

**Federal-law Claims (Claims 1–3)**. Plaintiff's federal claims under Sections 1983, 1985, and 1986 are apparently based on Plaintiff's complaints filed with various Defendant entities after his termination from the CCJD and fail under Fed. R. Civ. P. 12(b)(1) and 12(b)(6).

**Claim 1**. The Section 1983 claim fails because Plaintiff asserts a claim based on a generalized grievance that government agencies ignored his complaints about judicial misconduct. He has no "judicially cognizable interest in the prosecution or nonprosecution of another[,]" *Leeke v. Timmerman*, 454 U.S. 83, 85–86 (1981), and he lacks standing to assert claims related to his allegedly ignored complaints. Additionally, the First Amendment claims (right to petition and/or access to the courts) fail because nothing suggests he was prevented from making any complaints and/or providing filings, and the CCRD properly dismissed his discrimination charge for lack of jurisdiction. His First Amendment Claim (retaliation) fails because there are no allegations regarding either his termination or any purported adverse actions by any Defendant. The Fourteenth Amendment claims fail because, for his equal protection claim, there are no allegations that he was treated differently from similarly situated individuals, *see Brown v. Montoya*, 662 F.3d 1152, 1172 (10th Cir. 2011), and for his due process claim, he cannot identify a protectible property interest of which he was deprived by each Defendant, *see Teigen v. Renfrow*, 511 F.3d 1072, 1078 (10th Cir. 2007). The Fifth Amendment Due Process Clause does not apply to state actors. *See Koessel v. Sublette Cnty. Sheriff's Dep't*, 717 F.3d 736, 748 n.2 (10th Cir. 2013). Finally, Section 1983 does not provide a cause of action for the federal False Claims Act, *see Graham v. Kan. City Transp. Auth.*, 2023 WL 12198578, *4 (W.D. Mo. July 26, 2023), or violations of state law, *see D.L. v. Unified Sch. Dist. No. 497*, 596 F.3d 768, 776 (10th Cir. 2010).

**Claims 1, 2, 3 (Conspiracy).** Plaintiff's Sections 1983, 1985(2), and 1985(3) conspiracy claims fail because the Complaint lacks well-pleaded allegations showing an agreement existed among any of the Defendants, *see Brooks v. Gaenzle*, 614 F.3d 1213, 1227–28 (10th Cir. 2010), that any Defendant acted to deter his attendance in court or testimony, or to injure Plaintiff for having appeared in court or testified as required under Section 1985(2), *see Hogan v. Winder*, 762 F.3d 1096, 1113 (10th Cir. 2014), or interfered with his rights based on racial or class-based animus as required under Section 1985(3). Plaintiff's Section 1986 neglect-to-prevent claim fails because the Section 1985 conspiracy claims fail, *see Brown v. Reardon*, 770 F.2d 896, 907 (10th Cir. 1985), and there are no well-pleaded allegations showing any Defendant had the knowledge of, power to prevent, and neglected to prevent a Section 1985 conspiracy. *See Ganzy ex rel. J.G. v. Douglas Cnty. Sch. Dist. RE-1*, 744 F. Supp. 3d 1187, 1192–93 (D. Colo. 2024).

**Claim 5**. The Court lacks jurisdiction to issue writs of mandamus because the All Writs Act is "not a source of subject-matter jurisdiction[,]" *United States v. Denedo*, 556 U.S. 904, 913 (2009), and the federal question claims in this case do not authorize mandamus relief, *see Montoya*, 662 F.3d at 1161 n.5 (Section 1983 allows individual-capacity damages and official-capacity injunctive relief); 42 U.S.C. §§ 1985(3) (authorizing damages), 1986 (same). Moreover, there is no basis for this "extraordinary remedy," which will "issue only to compel the performance of a clear nondiscretionary duty." *Pittston Coal Grp. v. Sebben*, 488 U.S. 105, 121 (1988) (quotation omitted).

**State-law Claims (Claims 4, 7).** Because the federal claims fail, the Court should decline to exercise jurisdiction over the state law claims. *See Koch v. City of Del City*, 660 F.3d 1228, 1248 (10th Cir. 2011). Further, state law claims for injunctive, declaratory, and monetary relief against Defendants in their official capacities or where the state is the real party in interest are barred by sovereign immunity. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 106, 117 (1984). The Colorado False Claims Act ("CFCA") and disgorgement claims lie in tort and are barred by the Colorado Governmental Immunity Act, C.R.S. §§ 24-10-101–120. The state law claims also fail to state claims for the following reasons:

**Claim 4**. The CFCA was not effective prior to August 10, 2022. *See* C.R.S § 24-31-1204 (2022) (added by Colo. Sess. Laws 2022, Ch. 394, § 2 (H.B. 22-1119), eff. Aug. 10, 2022). Plaintiff cannot plead the existence of a false claim under the CFCA because the Masias contract was executed in June and July 2019, before the CFCA's enactment, and Plaintiff cannot identify any false claim under the CFCA which he was retaliated against for investigating in violation of C.R.S. § 24-31-1204(8).

**Claim 7.** The unjust enrichment claim based on state-funded representation in this litigation fails because state law authorizes paying for this defense, *see* C.R.S. § 24-30-1510(3)(a), and there are no well-pleaded facts showing any Defendant retained a benefit at Plaintiff's expense under circumstances making it unjust for any Defendant to retain the benefit without paying, *see DCB Const. Co. v. Cent. City Dev. Co.*, 965 P.2d 115, 119–20 (Colo. 1998).

**Miscellaneous Claim 6**. Because the substantive claims fail, so does the equitable relief claim.

Defendants request the Court allow their motion to dismiss. The Complaint contains over 3,700 pages of exhibits, and Plaintiff's subsequent filings have been prolix, including information that is irrelevant to Plaintiff's claims and highly confidential and gratuitous information regarding judicial misconduct proceedings. *See* ECF No. 26. Motion practice and an order would significantly assist in determining whether Plaintiff can assert a plausible claim and, at a minimum, define the scope of Plaintiff's action.

FOR THE ATTORNEY GENERAL

s/ Clayton J. Ankney

***Clayton J. Ankney***
Second Assistant Attorney General
Tort Litigation, Civil Litigation and Employment Law
720-508-6604; Clayton.Ankney@coag.gov