**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 25-cv-03361-RBJ

CHRISTOPHER S. P. GREGORY,

      Plaintiff,

v.

THE COLORADO JUDICIAL DISCIPLINE RULEMAKING COMMITTEE, et al.,

      Defendants.

**OPPOSITION TO PLAINTIFF'S "MOTION TO STRIKE DEFENDANTS' MOTION TO RESTRICT PUBLIC ACCESS (ECF NO. 29) AND AMENDED MOTION TO RESTRICT PUBLIC ACCESS (ECF NO. 30); EXHIBITS 1-3," ECF NO. 31**

      In seeking to strike Defendants' Motion to Restrict Public Access to Plaintiff's "Affidavit of Judicial Bias or Prejudice According to 28 U.S.C. § 144," ECF No. 26, ("Affidavit") and its attachments, ECF Nos. 26-1–26-10, ("Motion to Restrict"),[1] Plaintiff largely does not address the merits of the Motion to Restrict. Instead, Plaintiff argues that (1) Judge Domenico's placement of the Affidavit under restriction is "null and void" because the Affidavit triggered his mandatory withdrawal from this action; and (2) the Motion to Restrict should be stricken based on purported failure to meet and confer.[2] The Court should reject both these arguments.

---

[1] On January 29, 2026, Defendants filed an Amended Motion to correct a citation error on pages 5 and 6, to the correct statute, 28 U.S.C. § 360. ECF No. 30. In all other respects, the Amended Motion is the same as ECF No. 29.

[2] Beyond these requests, Plaintiff makes a number of allegations regarding the parties' communications that are incorrect or incomplete. Counsels' communications, attached hereto as Exhibits A–D, speak for themselves.

**ARGUMENT**

**I.    Judge Domenico's placement of the Affidavit under restriction is not "null and void."**

Plaintiff argues that once he filed his Affidavit pursuant to 28 U.S.C. § 144, Judge Domenico was automatically recused from this action such that he could not restrict the Affidavit. ECF No. 31 at 3. Plaintiff is incorrect. Recusal under 28 U.S.C. § 144 is neither automatic nor mandatory. Rather, "it is well-settled that the involved judge has the prerogative, if indeed not the duty, of passing on the legal sufficiency of a Section 144 challenge." *Kahler v. Wal-Mart Stores, Inc.*, No. 20-cv-01536-WJM-KMT, 2021 WL 1877611, at *2 (D. Colo. Apr. 7, 2021). In other words, "[t]he filing of the affidavit does not bring about the disqualification. The trial court determines its sufficiency." *United States v. Ritter*, 540 F.2d 459, 461–62 (10th Cir. 1976). Applied here, although Judge Domenico has since recused, he was the presiding judge in this action until recusal and therefore had the authority to place the Affidavit under restriction.

**II.    Defendants complied with their meet-and-confer obligations on the Motion to Restrict.**

Plaintiff argues that Defendants failed to meet and confer when Defendants' counsel: (1) sent a January 16, 2026 email to Judge Domenico's chambers asking that the Affidavit be filed under restriction; and (2) filed their Motion to Restrict. Plaintiff is wrong on both points. ECF No. 31 at 7–8.

First, Defendants properly asked the Court to place the Affidavit under restriction once Defendants realized that it contained confidential information. Specifically, on January 14, 2026, Plaintiff publicly filed the Affidavit, which included (1) information regarding private discipline issued by the Colorado Commission on Judicial Discipline ("CCJD") while Plaintiff was serving

2

as the vice-chair of the CCJD, as well as details of investigative actions he took while serving as the CCJD's Executive Director, ECF No. 26, ¶¶ 43-44; and (2) information and documents regarding complaints and/or proceedings regarding federal judges. *Id*., ¶ 5 n.2, and ¶ 10, ECF Nos. 26-1–26-10. As outlined in the Motion to Restrict, this information is confidential pursuant to both federal and Colorado state law. ECF No. 30 at 4. As a result, and to prevent any further public disclosure of this information, Defendants properly emailed Judge Domenico's chambers, cc'ing Plaintiff's counsel, so that the Affidavit and exhibits could be placed under restriction pending Defendants' Motion to Restrict. *See* Ex. A.

Plaintiff's suggestion that Defendants should have first met and conferred before having the Affidavit placed under restriction would have only extended the time this confidential information was publicly available. Indeed, local rule provides that a motion to restrict will follow the filing of a document under restriction. *See* D.C.COLO.LCivR 7.2(e) ("If a document is filed as a restricted document without an accompanying motion to restrict, it shall retain the restriction selected by the filer for 14 days. If no motion to restrict is filed within such time period, the restriction shall expire and the document shall be open to public inspection."). And in any event, Plaintiff asserted in the Affidavit that it was meant to be filed "as suppressed." ECF No. 26 at 4 n.2.

Second, Defendants complied with their meet-and-confer obligations in filing the Motion to Restrict. In a January 16, 2026 email, Defendants' counsel outlined Plaintiff's confidentiality obligations from his involvement with CCJD and asked that Plaintiff review the Affidavit and take steps on restriction:

> Most pressing is the need to review Mr. Gregory's Affidavit, ECF No. 26, and exhibits to that Declaration. As mentioned in the email I sent to Chambers…, Mr.

3

> Gregory acknowledged confidentiality of the contents of that filing, and its being
> filed publicly appears to have been inadvertent….
> Please confirm receipt of this email and let me know as soon as possible whether
> you will take steps to restrict access to that filing.

Ex. B (emphasis omitted).

After Plaintiff did not respond, Defendants reiterated this request via a January 27, 2026, letter. Ex. C. In a January 28, 2026 response, Plaintiff's counsel rejected that the Affidavit should be restricted:

> I respectfully disagree that Mr. Gregory's affidavit should remain hidden from the
> public, and that he has violated any ethical duty. I consulted with the clerk, who
> advised me that I could not properly restrict the filing, and that it was up to the
> judge to order it suppressed, if he believed it proper to do so.

Ex. D. Given Plaintiff's position, Defendants informed Plaintiff that the Motion to Restrict would follow. *Id*. In that communication, Defendants' counsel asked again Plaintiff's counsel to advise whether Mr. Gregory would oppose that motion. *Id.* At the time Defendants filed their Motion, Plaintiff's counsel had not responded.

As this correspondence shows, Defendants complied with their meet-and-confer obligations. Defendants repeatedly requested Plaintiff's position; in response, Plaintiff opposed restriction of the Affidavit.

## III.    Plaintiff's Motion to Strike provides further support for Defendants' Motion to Restrict.

Plaintiff largely does not challenge the merits of Defendants' Motion to Restrict, instead focusing on the issues raised above. *See generally*, ECF No. 31. At the same time, however, Plaintiff appears to acknowledge that the Affidavit contains confidential information, asserting that although Plaintiff's counsel attempted to file it under restriction, "the EM/ECF system did not allow filing with restrictions" and "Plaintiff's Counsel contacted the Clerk of Court's Office

4

and was informed that any decision to restrict the filing would be made by the assigned judge." *Id*. at 7. Although Plaintiff now "categorically denies that his personal knowledge of examples and his status as a victim of judicial, attorney, and official misconduct is 'confidential' information somehow protected from public disclosure," *id.* at 8, Plaintiff's assertions do not change his original acknowledgement that the Affidavit contains confidential information and that Plaintiff failed to inform Defendants of the planned filing of the Affidavit at any time before publicly filing it. In fact, the Affidavit includes extraordinarily sensitive, confidential information regarding judicial misconduct proceedings that Plaintiff learned only through his position of trust with the CCJD and regarding which the Colorado Constitution mandates confidentiality. That Plaintiff now appears to disavow his confidentiality obligations and also seeks to have the Affidavit filed publicly shows that Defendants are at serious risk of having Plaintiff breach confidentiality obligations in the future. Plaintiff's assertions support that the Affidavit should remain under Level 1 restriction and Plaintiff should be required to meet and confer with Defendants before making any filings that reveal confidential information he learned while at the CCJD.

## CONCLUSION

For the reasons above, the Court should deny the Motion to Strike.

5

DATED this 12th day of February 2026.

PHILIP J. WEISER
Attorney General

s/ Daniel M. Combs
**_Daniel M. Combs_**
**_Katharine Brown_**
First Assistant Attorneys General
**_Clayton J. Ankney_**
Second Assistant Attorney General
Civil Litigation and Employment Law
Colorado Department of Law
1300 Broadway, 10th Floor
Denver, Colorado  80203
Telephone:  720-508-6000
Email:  Dan.Combs@coag.gov;
Katharine.Brown@coag.gov; Clayton.Ankney@coag.gov

*Attorneys for Defendants*