

**PHIL WEISER**
Attorney General

**NATALIE HANLON LEH**
Chief Deputy Attorney General

**SHANNON STEVENSON**
Solicitor General

**TANJA WHEELER**
Associate Chief Deputy Attorney
General

**STATE OF COLORADO**
**DEPARTMENT OF LAW**

**RALPH L. CARR**
**COLORADO JUDICIAL CENTER**
1300 Broadway, 10th Floor
Denver, Colorado 80203
Phone (720) 508-6000

**Civil Litigation and**
**Employment Law Section**

January 27, 2026

Ingrid J. DeFranco
Law Offices of Ingrid J. DeFranco
P.O. Box 128
Brighton, CO 80601-0128

┌─────────────┐
│ **EXHIBIT**  │
│    **C**     │
└─────────────┘

*Sent via email to: ingrid.defranco@gmail.com*

RE:    *Gregory v. Colorado Judicial Discipline Rulemaking Committee et al.*, Civ. No
       25-cv-03361(D. Colo.)

Dear Ms. DeFranco:

I write regarding *Gregory v. Colorado Judicial Discipline Rulemaking Committee et al.*, Civ. No 25-cv-03361(D. Colo.), and in particular your failure to respond to my requests to meet and confer on two separate, serious issues. See January 12, 2026, email, January 16, 2026, email.

First, I have sought, and continue to seek, conferral on Defendants' impending motion to dismiss. *See* January 12, 2026, email. Judge Domenico requires conferral on such motions, *see* DDD Civ. P.S. III(G), and the Complaint in this action is a perfect example of what this conferral requirement seeks to remedy—namely having Defendants and the Court spend time sifting through voluminous papers and legal conclusions to divine what Plaintiff is attempting to assert. The Complaint is a kitchen sink of legal conclusions asserted indiscriminately against all forty Defendants, with no factual allegations explaining what it is that each Defendant allegedly did to Plaintiff or how Plaintiff was harmed. On its face, it fails to provide a "short and plain statement" as required by Rule 8, and fails to assert a plausible claim for relief as required by Rule 12(b)(6).

Both the form and content of the Complaint, which you and Mr. Gregory signed as attorneys of record, raise serious questions whether this action and its claims are warranted by any existing law and have evidentiary support. *See* Fed. R. Civ. P. 11 (outlining representations to court made by attorney when signing any filing). For example, the Complaint appears to allege that Director Sullivan retaliated against Mr. Gregory by dismissing his Charge of Discrimination based on his termination from the CCRD for lack of jurisdiction. But as the Complaint's own exhibits show, the Charge did not include any allegations that Plaintiff was

Page 2

discriminated against based on membership in a protected class as required by C.R.S. § 24-34-402(1)(a)(I), or was discriminated against for opposing any practice made a discriminatory or an unfair employment practice by CADA as required by C.R.S § 24-34-402(1)(e)(IV). *See generally* ECF No. 1-10, pp. 12–19. As another example, Mr. Gregory complains about how the CCJD and CJDRC handling his various filings, but "nothing in the First Amendment or in [the Supreme] Court's case law interpreting it suggests that the rights to speak, associate, and petition require government policymakers to listen or respond to individuals' communications on public issues." *Minnesota State Bd. for Cmty. Colleges v. Knight*, 465 U.S. 271, 285 (1984). Your failure to engage in the conferral process has forced Defendants to prepare a lengthy Motion to Dismiss, which will outline multiple bases for dismissal.

Second, you publicly filed documents in this case which were in violation of your client's confidentiality obligations under Colorado law. *See* my January 16, 2026, email. In particular, Colorado Const. art. VI, section 23(3)(g) protects all files, investigations, proceedings, testimony, and notes of the CCJD, unless and until public disciplinary proceedings are filed, and even then, only certain documents become public. CJD Rule 3.5 imposes confidentiality obligations on all Commission staff and members, and both Section 23(3)(g) and Rule 3.5(c)(5) make clear that the confidentiality rules continue to apply post-employment. The Complaint includes allegations that refer to information that Mr. Gregory had access to only by virtue of his role with the CCJD. Mr. Gregory's Affidavit, ECF No. 26, and exhibits to that Declaration, go even further, including information regarding private discipline issued by the CCJD while Plaintiff was serving as the vice-chair of the CCJD, as well as details of investigative actions he took while serving as the CCJD's Executive Director. ECF No. 26, ¶¶ 43-44.  Contrary to his assertions, Mr. Gregory does not have an "absolute privilege" to disclose the information under CJD Rule 6.5(d). CJD Rule 6.5(d) permits certain disclosures of otherwise confidential information by "the Commission or the executive director," but Mr. Gregory is neither the Commission nor its executive director – he was terminated on January 19, 2024. Mr. Gregory therefore possesses no right to disclose information that is subject to confidentiality provisions under Colorado law.

I asked you to confirm that you will take steps to restrict access to the Affidavit, and further review all filings drafted by Mr. Gregory prior to filing for confidential information, and take necessary steps to protect that information. You should be aware that pursuant to a settlement of claim with the CCJD, Mr. Gregory should not have any documents belonging to the CCJD.  And he is violating his confidentiality obligations as a former employee of CCJD, by disclosing confidential documents and/or information from those documents in court filings, to legislators, the media or the public, which if continued may result in legal action against him.

Your failure to engage on these issues is causing Defendants to spend unnecessary time seeking dismissal of a Complaint which on its face fails to state a

Page 3

plausible claim, and to monitor your voluminous filings for information that should be under seal and/or not in Mr. Gregory's possession.  Your failure to engage also suggests that this action is not about actually litigating any specific claim that Mr. Gregory may be able to assert, but to flood the record with voluminous and sensational allegations. You are on notice that Defendants will vigorously defend themselves in this action and will seek fees, costs, and other appropriate relief under the law.

I am available to talk about these and other issues on Wednesday, January 28, between 1:00-2:00, and on Thursday, January 29th, between 3:00-4:00. Please let us know if one of these times work, or provide other available times to discuss.

Sincerely,

FOR THE ATTORNEY GENERAL

DANIEL M. COMBS
First Assistant Attorney General
Tort Litigation, Civil Litigation and
  Employment Law
720-508-6625
Email: Dan.Combs@coag.gov

cc:    Clayton J. Ankney
       Katharine J. Brown