IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLORADO

Civil Action No. 25-cv-3361-GPG

CHRISTOPHER S. P. GREGORY,

     Plaintiff,

v.

THE COLORADO JUDICIAL RULEMAKING COMMITTEE, et al.,

     Defendants.

---

**DEFENDANTS': (1) OPPOSITION TO APPLICATION FOR ENTRY OF DEFAULT, ECF NO. 39; AND (2) MOTION TO STRIKE SAME**

---

Defendants, through their undersigned attorneys and the Office of the Colorado Attorney General, hereby (1) oppose Plaintiff's Application for Entry of Default ("Application for Default"), ECF No. 39, and further (2) request that the Court strike it.

Pursuant to D.C.COLO.LCivR 7.1, counsel for Defendants conferred with counsel for Plaintiffs, requesting that Plaintiff withdraw the Application for Default on the bases that Plaintiff failed to confer with Defendants and that the deadline for Defendants' response to the Complaint is unclear due to the recent reassignment of this action from Judge R. Brooke Jackson to Judge Gordon P. Gallagher. In response, Plaintiff asserted, among other things, that conferral on the Application for Default was unnecessary, and that Defendants were bound by a February 16, 2026, deadline. *See* Ex. B, February 19, 2026, email.

1

**ARGUMENT**

Plaintiff has no proper basis for his Application for Entry of Default asserting that Defendants failed to "plead or otherwise defend" this action as required for default under Federal Rule of Civil Procedure 55(a). Plaintiff's Application for Default should be stricken and/or at a minimum denied for at least two independent reasons.

First, Plaintiff failed to confer with Defendants on the Application. Over the last two months and almost weekly, counsel for the parties have exchanged emails on a number of issues, including the deadline for Defendants to respond to the Complaint. Indeed, on the morning that Plaintiff filed his Application for Default, counsel for Defendants emailed Plaintiff to confer on the motion to dismiss deadline. *See* Ex. A, February 18, 2026, email. At no time prior did Plaintiff raise his Application for Default.

As a result, Plaintiff did not comply with D.C.COLO.LCivR 7.1(a), which imposes on all parties the duty to "make reasonable, good faith efforts to confer with any opposing counsel or unrepresented party to resolve any disputed matter," and requires the "moving party [to] describe in the motion, or in a certificate attached to the motion, the specific efforts to fulfill this duty." As this language makes clear, Plaintiff is wrong that he need not confer on his Application for Default, *see* Ex. B, as the duty to confer applies to "any disputed matter." "A violation of Local Rule 7.1(a) is an independent basis for denial of a motion." *Aguilera v. City of Colorado Springs*, No. 18-cv-02125-KMT, 2019 WL 3302168, at *9 (D. Colo. July 23, 2019); *Latham v. High Mesa Commc'ns*, No. 17-CV-2118-JLK-GPG, 2019 WL 10374163, at *2 (D. Colo. July 22, 2019) ("Skipping conferral or paying lip-service to conferral is not appropriate and the

2

Court will not take up a motion until conferral has occurred in a meaningful fashion."). Plaintiff's Application should be dismissed on this basis alone.

Second, Plaintiff cannot seriously contend that Defendants failed to defend themselves against this action. Indeed, just last week, Defendants filed a three-page letter setting forth the basis for their anticipated motion to dismiss pursuant to Judge R. Brooke Jackson's practice standards. Judge Jackson was the assigned judge at the time of that filing. *See* ECF No. 35 (letter on motion to dismiss). Pursuant to Judge Jackson's Practice Standards, that letter stayed the motion to dismiss deadline pending the Court's instructions, and no Motion to Dismiss could be filed until leave was granted. *See* Jackson Practice Standards at p.2.

On February 17, 2026, Judge Jackson requested this action be reassigned, and this action was reassigned to Judge Gordon P. Gallagher, who does not have this short letter requirement for motions to dismiss. As a result, the very next day, Defendants reached out to Plaintiff to clarify their plans to file their motion to dismiss, saying:

> The deadline for Defendants to file their motion to dismiss was previously stayed pending resolution of Judge Jackson's conferral/letter protocol. In light of this matter being reassigned from Judge Jackson to Judge Gallagher, the deadline for Defendants to file a responsive pleading is now unclear. As such, Defendants will be filing a motion seeking leave to file their motion to dismiss by February 27, 2026. Please let us know if Plaintiff has any objection to that motion.

Ex. A, February 18, 2026 email.  Further showing diligence, now that the case has been reassigned, Defendants plan to file a motion for leave to file a motion to dismiss, attaching the proposed motion, tomorrow, February 20, 2026.

At every opportunity, Defendants have preserved their right to respond to Plaintiff's Complaint, first seeking an unopposed extension of time to file a motion to dismiss, and then filing a letter pursuant to Judge Jackson's Practice Standards upon the case being reassigned to Judge Jackson. Plaintiff has simultaneously argued that no judge in this Circuit can hear his claims or rule on any motions, and now faults prior judges for failing to do so. *Compare* ECF No. 31 at p.10 *with* ECF No. 39 at p.3. Plaintiff cannot have it both ways, particularly given Defendants' repeated and good faith attempts to confer and move this case forward under various judges' practice standards.

**CONCLUSION**

In sum, while it is Plaintiff's prerogative to ignore requests for conferral, both the docket and the parties' correspondence show that Plaintiff failed to confer and Defendants have diligently defended themselves in this action. Because the Court should not reward Plaintiff's gamesmanship, Defendants respectfully request that the Court deny and/or strike the Application for Default, and further request any relief the Court finds just and appropriate.

4

Respectfully submitted this 19th day of February 2026.

PHILIP J. WEISER
Attorney General


*s/ Katharine Brown*
**Katharine Brown\***
First Assistant Attorney General
Civil Litigation and Employment Law


1300 Broadway, 10th Floor
Denver, Colorado  80203
Tel.: 720-508-6567
E-Mail: Katharine.Brown@coag.gov

*Attorneys for Defendants*
*Counsel of Record