| | |
|---|---|
| **From:** | Ingrid J. DeFranco |
| **To:** | Clayton Ankney |
| **Cc:** | Dan Combs (He/Him); Katharine Brown; Linda Ruth Carter; Carmen Van Pelt; Christopher Gregory |
| **Subject:** | Deadlines |
| **Date:** | Thursday, February 19, 2026 8:59:14 AM |

**EXHIBIT**

**B**

Dear Mr. Ankney,

Thank you for your email.

As you are aware, this case has been pending since October 23, 2025 with repeated stipulations to extend the deadline for an answer or other responsive pleading. You seem to confuse the meeting and conferral obligations that would allow extension of the answer deadline. As documented through our correspondence last week, we have repeatedly sought a good faith conferral concerning the necessity of assigning this case to a district judge from outside the 10th Circuit as well as the conflicts that exist, which prevent your Office from impartially representing the interests of the State of Colorado. At no time during our discussions prior to the expiration of the previously agreed February 16, 2026 answer deadline did you request additional time to respond as might help meaningfully address our concerns about the fairness and impartiality of these proceedings. Indeed, as I explained to you in my email to you on Friday, February 13, 2026 at 7:49 a.m., our impression of your intended motion to dismiss and your response to our motion to strike is that both were being pursued for improper purposes. In reality, there was a hard deadline that you were fully aware of and which has now passed. Your unwillingness to engage in a good faith meeting and conferral as to underlying structural deficiencies in this case (namely Judge Domenico's extended assignment to this case despite his actual bias and your Office's conflicted representation of the Defendants) does not excuse or stay the deadline for answering the Verified Complaint.

As an application for the Clerk of Court to perform a ministerial and mandatory act under F.R.C.P. 55(a), the request for entry of the default does not require separate meeting and conferral. *See* F.R.C.P. 55(a) ("When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk *must* enter the party's default.").

If you choose to file a motion seeking to set aside the anticipated default according to F.R.C.P. 55(c), we remain willing to engage in a good faith meeting and conferral with you particularly as to the continuing need for a judicial assignment from outside the 10th Circuit and for the further representation of the State of Colorado to occur through an equally impartial attorney (whether it be another state's attorney general or otherwise).

Finally, Mr. Gregory is my co-counsel, and I respectfully request that he be copied on our communications. Thank you.

Sincerely,

Ingrid DeFranco

Law Office of Ingrid J. DeFranco
PO Box 128 Brighton, CO 80601-0128

303.641.6812 fax: 303.558.4294