**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:25-cv-03361-GPG

CHRISTOPHER S.P. GREGORY,

Plaintiff,

v.

The COLORADO JUDICIAL DISCIPLINE RULEMAKING COMMITTEE, et al.

Defendants.

---

**REPLY RE: (ECF NO. 31) MOTION TO STRIKE DEFENDANTS' MOTIONS TO RESTRICT PUBLIC ACCESS; EXHIBIT 1**

---

Defendants responded to Plaintiff Christopher Gregory's Motion to Strike Defendants' Motions to Restrict Public Access, ECF No. 36. Plaintiff replies, as follows:

Through his "Affidavit of Judicial Bias or Prejudice According to 28 U.S.C. § 144 and Certificate of Counsel," ECF No. 26, Plaintiff established actual bias sufficient to require U.S. District Judge Daniel D. Domenico's recusal from this case. In one of his recusal orders, Judge Domenico acknowledged his obligation to refrain from taking further substantive actions in Plaintiff's cases upon learning of grounds for his disqualification. *Sealed Case*, 1:25-cv-00190—GPG, ECF No. 68, p. 14 (citing *In re Bell-South Corp.*, 334 F.3d 941, 949-50 (11th Cir. 2003), for the proposition that upon learning of grounds for disqualification, a judge "is without authority to take further substantive action in the case"). Judge Domenico, however, did not disqualify himself from taking further substantive actions in this case, even after Plaintiff had filed his 28 U.S.C. § 144 Affidavit. Indeed, Judge Domenico entertained email communications

from the Defendants (sent without prior notice to the Plaintiff) and entered an order temporarily restricting public access to Plaintiff's 28 U.S.C. § 144 Affidavit, ECF No. 26. Judge Domenico entered his order restricting public access without first allowing Plaintiff an opportunity to respond to the Defendants' email communications. ECF No. 28. As detailed in the conferral statement that accompanies Plaintiff's Motion to Strike, Defendants refused to discuss Judge Domenico's disqualification obligations or to withdraw their motions to restrict public access to ECF No. 26 and Plaintiff's prospective filings in this case. As part of the conferral that occurred, Plaintiff analogized Defendant's efforts to suppress Plaintiff's court filings as an invitation for this Court to act as the equivalent of the Soviet Bureau of Censorship. The suppression of Plaintiff's Affidavit from the public continues to obstruct the proper administration of justice and is facilitating the Defendants' intentional concealment of material information from the public, from the Colorado General Assembly, and as part of political campaigns, including Defendant Attorney General Phil Weiser's campaign for Governor.

The Defendants premised their request for the restriction of ECF No. 36 on assertions that Plaintiff's Affidavit contains unspecified "confidential" information. As emphasized in Plaintiff's Motion to Strike, however, this case arises from the Defendants' systematic efforts to censor or otherwise suppress the Plaintiff's constitutionally and statutorily protected right and professionally mandated obligation to freely and publicly report judicial, attorney, and official misconduct. *See* U.S. Const. amend. I; Colo. Const. Art. II, §§ 10 and 25; Colo. Const. Art. VI, § 23(3)(g), (i); Colo. Const. Art. XIII; Colo. RPC 8.3; Colo. RPC 8.4 (f); Canon Rules 1.1, 1.2, 2.15 and 2.16 of the Colorado Code of Judicial Conduct (the Code); Canons 1, 2(A)-(b), and 3 of the Code of Conduct for United States Judges (the federal Code). Plaintiff categorically denies

that his personal knowledge of examples of ongoing judicial, attorney, and official misconduct, including misconduct within the judicial discipline process and within the Colorado Commission on Judicial Discipline (the CCJD) is in any way privileged or confidential.

In the most recent judicial discipline complaint to be filed against District Judge Domenico, Plaintiff explains how the manner in which Judge Domenico recused himself from these cases is itself violative of his ethical duties. A copy of the complaint is attached as Exhibit 1.

Ultimately, Judge Domenico should have refrained from taking any further action in this case immediately upon determining that Plaintiff's 28 U.S.C. § 144 Affidavit was legally sufficient and timely. Instead, Judge Domenico selectively issued an order restricting public access to the Affidavit and, in so doing, allowed the Defendants to file their Motions to Restrict Access. 28 U.S.C. § 144 requires the immediate disqualification of a judge upon the filing of a formally sufficient and timely affidavit. When these requirements are met, "such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding." Judge Domenico did not follow the law and the requirements of 28 U.S.C. § 144. Consequently, the orders that Judge Domenico issued despite the actual bias established through Plaintiff's Affidavit(s) should be vacated. Public access to ECF No. 26 should be immediately restored, as relevant not only to the judicial, attorney, and official misconduct alleged therein, but to fully inform the public of the grounds for Judge Domenico's disqualification from this case.

**WHEREFORE**, the Plaintiff respectfully requests that this Court strike the Defendants' Motions to Restrict Public Access, ECF Nos. 30-31, and immediately restore public access to

Plaintiff's 28 U.S.C. § 144 Affidavit, ECF No. 26, through the EM/ECF system and as required by D.C.COLO.LCivR 7.2(a).

Dated: February 19, 2026

/s/ Ingrid J. DeFranco
**Ingrid J. DeFranco, esq.**
Law Office of Ingrid J. DeFranco
P.O. Box 128
Brighton, CO 80601
Telephone: (303) 641-6812
Email: Ingrid.DeFranco@gmail.com
Attorney for Plaintiff Christopher S.P. Gregory

/s/ Christopher S.P. Gregory
**Christopher S.P. Gregory, Esq.**
The Gregory Law Firm, LLC
201 Coffman St., #1822
Longmont, CO 80502
Telephone: (970) 648-0642
E-mail: cspgregory@thegregorylawfirm.net
*Pro Se* Attorney for Plaintiff
Christopher S.P. Gregory

## CERTIFICATE OF SERVICE

I certify that on February 19, 2026, I filed the above filing via email to the Clerk of the Court, who will docket it in CM/ECF. CM/ECF will send notification of this filing to any party who has entered an appearance in this matter to the e-mail addresses provided in CM/ECF.

/s/ Ingrid J. DeFranco
Ingrid J. DeFranco