AO 310 (Rev. 03/16)

Judicial Council of the Tenth Circuit

# COMPLAINT OF JUDICIAL MISCONDUCT OR DISABILITY

To begin the complaint process, complete this form and prepare the brief statement of facts described in item 4 (below). The RULES FOR JUDICIAL-CONDUCT AND JUDICIAL-DISABILITY PROCEEDINGS, adopted by the Judicial Conference of the United States, contain information on what to include in a complaint (Rule 6), where to file a complaint (Rule 7), and other important matters. The Rules are available in federal court clerks' offices, on individual federal courts' websites, and on www.uscourts.gov.

Your complaint (this form and the statement of facts) should be typewritten and must be legible. For the number of copies to file, consult the local rules or clerk's office of the court in which your complaint is required to be filed. Enclose each copy of the complaint in an envelope marked "COMPLAINT OF MISCONDUCT" or "COMPLAINT OF DISABILITY" and submit it to the appropriate clerk of court. **Do not put the name of any judge on the envelope.**

**1.** Name of Complainant: Christopher S.P. Gregory

Contact Address: The Gregory Law Firm, LLC
201 Coffman St., #1822
Longmont, CO 80502

Daytime telephone: ( 970 ) 648-0642

**2.** Name(s) of Judge(s): Daniel D. Domenico

Court: The United States District Court for the District of Colorado

**3.** Does this complaint concern the behavior of the judge(s) in a particular lawsuit or lawsuits?

☑ Yes ☐ No

If "yes," give the following information about each lawsuit:

Court: The United States District Court for the District of Colorado

Case Number: 1:25-cv-00190-GPG & 1:25-cv-03361-GPG

Docket number of any appeal to the ______ Circuit: ______

Are (were) you a party or lawyer in the lawsuit?

☑ Party ☑ Lawyer ☐ Neither

If you are (were) a party and have (had) a lawyer, give the lawyer's name, address, and telephone number:

Co-Counsel: Ingrid DeFranco, P.O. Box 128, Brighton, CO 80601, (303) 641-6812

PLAINTIFF'S EXHIBIT 1

AO 310 (Rev. 03/16)

Judicial Council of the Tenth Circuit

**COMPLAINT OF JUDICIAL MISCONDUCT OR DISABILITY**

**4.** **Brief Statement of Facts.** Attach a brief statement of the specific facts on which the claim of judicial misconduct or disability is based. Include what happened, when and where it happened, and any information that would help an investigator check the facts. If the complaint alleges judicial disability, also include any additional facts that form the basis of that allegation.

**5.** **Declaration and signature:**

I declare under penalty of perjury that the statements made in this complaint are true and correct to the best of my knowledge.

Signature: ______________________ Date: 02/19/2026



Print Save As... Reset

**Statement of Facts**

10th Cir. JCR 11(c)(2) allows for the filing of subsequent additional judicial misconduct complaints which contain "material information not previously considered and [which do] not constitute harassment of the subject judge."

This complaint process was originally initiated by Complainant filing a complaint against District Judge Daniel D. Domenico on August 7, 2025. *Christopher Gregory v. District Judge Daniel Domenico*, Judicial Complaint No. 10-25-90048. The original complaint alleged that Judge Domenico had engaged in cognizable misconduct by intentionally failing to disclose grounds for his disqualification and, instead, inserting himself into the Complainant's sealed case, Case No. 1:25-cv-00190 (D. Colo.), with the objective of achieving an "overtly biased outcome favorable to his self-identified 'friends.'" Complainant reasserted the existence of Judge Domenco's actual bias and grounds for disqualification when Complainant filed a second action, *Gregory v. Colo. Jud. Discipline Rulemaking Comm., et al.*, 1:25-cv-03361 (D. Colo.). *Gregory*, ECF No. 1, p. 6 fn. 3. When *Gregory* was assigned to him, Judge Domenico again accepted the assignment and persisted in his refusal to recuse even after Complainant filed repeated requests and, ultimately, an "Affidavit of Judicial Bias or Prejudice According to 28 U.S.C. § 144 and Certificate of Counsel." *Gregory*, ECF Nos. 7, 12, and 26. The Affidavit in *Gregory* was filed January 14, 2026. Only after Complainant filed his "Motion to Strike Defendants' Motion to Restrict Public Access (ECF No. 29) and Amended Motion to Restrict Public Access (ECF No. 30)," *Gregory* ECF No. 31, with copies of additional judicial discipline complaints attached, on February 2, 2026 did Judge Domenico finally recuse himself from Case No. 1:25-cv-00190 and *Gregory*. *See also Christopher Gregory v. Chief Circuit Judge Jerome A. Holmes*, Judicial Complaint No. 10-25-90070; 10th Circuit Executive, *Letter to Christopher*

*Gregory*, February 11, 2026 (rejecting filing of additional complaints); Christopher Gregory, *Letter to 10th Circuit Executive*, February 17, 2026 (requesting reconsideration of decisions set forth in February 11, 2026 letter). Rather than mitigating the cognizable misconduct that had already occurred through his persistent non-disqualification, Judge Domenico used his original "Order(s) Granting Request for Recusal," *Sealed Case*, ECF No. 66 and *Gregory*, ECF No. 32, and his "Amended Order(s) Granting Request for Recusal," *Sealed Case*, ECF No. 68 and *Gregory*, ECF No. 34, as an opportunity to enter additional orders, to disclaim his alleged actual bias, to justify his prior orders, and to publicly excuse his previous persistent non-disqualification. Judge Domenico's Orders are further examples of cognizable misconduct and actual bias that support judicial discipline. 28 U.S.C. § 351(a) (recognizing that a proper complaint alleges judicial "conduct prejudicial to the effective and expeditious administration of the business of the courts"); *see, e.g.,* 10th Cir. JCR 4(a)(1)(A), 4(a)(2)(B), 4(a)(4), 4(a)(5), 4(a)(6).

Provided that a 28 U.S.C. § 144 affidavit is formally sufficient and filed timely, recognition of the district judge's actual bias is presumed and recusal is automatic. The district judge subject to disqualification "shall proceed no further therein, but another judge shall be assigned to hear such proceeding." 28 U.S.C. § 144; *see also Sealed Case*, ECF No. 68, p. 14 (citing *In re Bell-South Corp.*, 334 F.3d 941, 949-50 (11th Cir. 2003), for the proposition that upon learning of grounds for disqualification, a judge "is without authority to take further substantive action in the case"). Had Judge Domenico complied with the law and followed the mandates of 28 U.S.C. § 144, as further discussed in Complaint's Motion to Strike, Judge Domenico would have immediately recused himself while concurrently vacating his previous orders. Instead, Judge Domenico allowed his following material orders to remain:

- Order, *Sealed Case*, ECF No. 58 (August 1, 2025);
- Final Judgment, *Sealed Case*, ECF No. 59 (August 1, 2025); and
- Order (restricting public access to ECF No. 26) (January 16, 2025).

Moreover, Judge Domenico, issued his recusal orders with additional orders recommending the manner in which the Complainant's cases should be reassigned with further directions to the succeeding judge(s) concerning how pending motions / issues should be addressed. The reassignment of the cases is particularly important when Complainant's 28 U.S.C. § 144 Affidavit asserts the necessity for the assignment of a district judge from outside the 10th Circuit due to the pervasiveness of conflicts. Judge Domenico's continuing orders and commentary directly violate 28 U.S.C. § 144. Examples of Judge Domenico's inappropriate orders and commentary can be found, as follows:

- Order of Recusal, *Sealed Case*, ECF No. 66 (February 3, 2026)—Docket Text;
- Order Granting Request for Recusal, *Gregory*, ECF No. 32 (February 3, 2026)—Docket Text;
- Order Granting Request for Recusal, *Gregory,* ECF No. 32 (February 3, 2026) and Amended Order, *Gregory*, ECF No. 34 (February 9, 2026)—Excerpts from Order(s):

> Plaintiff Christopher S.P. Gregory moves for my disqualification from hearing this case ***and for a written order stating the reasons for my recusal***. Doc. 7; Doc. 26. Because Mr. Gregory's recent filings raise broad allegations that appear to encompass events that took place during my tenure as Colorado Solicitor General, ***I conclude that a reasonable person might question my impartiality should I preside over the case. I therefore recuse myself pursuant to 28 U.S.C. § 455(a).***[1] (Emphasis added). ECF No. 32, p. 1; ECF No. 34, p. 1.

[1] Judge Domenico cites the standard for a court's examination of an affidavit under 28 U.S.C. § 144 as described in *Hinnman v. Rogers*, 831 F.2d 937 (10th Cir. 1987). Consistent with the statement of law provided in Complainant's Affidavit, *Hinman* recognizes that disqualification is

- Amended Order, *Sealed Case*, ECF No. 68 (February 9, 2026)—Docket Text;
- Amended Order, *Gregory*, ECF No. 34 (February 9, 2026)—Docket Text;
- Amended Order, *Sealed Case*, ECF No. 68 (February 9, 2026)—Despite confirming that, upon becoming aware of grounds for disqualification, a judge is required to cease taking further action on a case, the majority of Judge Domenico's order is spent disclaiming his personal/actual bias and attempting to justify the adverse rulings that he previously made in Case No. 1:25-cv-00190.[2] Rather than dispelling the existence of such bias, Judge

---

required upon the submission of a facially-sufficient and timely-filed affidavit, with the facts alleged in the affidavit presumed true. *Hinman*, 831 F.2d at 938-39. In *Hinman* and in the other cases that Judge Domenico cites in his Order(s), the submitted affidavits were not formally sufficient and/or timely-filed under 28 U.S.C. § 144's implied standard of "reasonable diligence." Nowhere in his analysis does Judge Domenico provide any authority which would permit him to address, analyze, or justify his mandatory though waivable recusal according to 28 U.S.C. § 455(a) in lieu of his mandatory/non-waivable recusal for actual/personal bias or prejudice according to 28 U.S.C. § 144 and/or 28 U.S.C. § 455(b)(1), as asserted in Complainant's Affidavit. *See* ECF No. 26, p. 7 ¶ 6.

[2] The manner in which Judge Domenico responded to the Complainant's Affidavits contrasts with the responses he provided to the U.S. Senate as part of his confirmation to the U.S. District Court. The relevant portion of Judge Domenico's questionnaire states:

> 24. **Potential Conflicts of Interest**:
>
> a. Identify the family members or other persons, parties, categories of litigation, and financial arrangements that are likely to present potential conflicts-of-interest when you first assume the position to which you have been nominated. Explain how you would address any such conflict if it were to arise.
>
> If confirmed, I will recuse in any litigation where I have ever played a role. For an appropriate time period, I anticipate recusing in all cases in cases involving the State of Colorado or my wife's prior clients. I will also recuse in any case involving my wife's clients.

Domenico's Amended Order only reinforces how his persistent refusal to disqualify was intentional and why it is appropriate to vacate all his prior orders.

Complainant's original complaint No. 10-25-90048 asserted that Judge Domenico's failure to voluntarily provide seriatim disclosures as to the nature and extent of his personal relationships with individually named defendants and/or material witnesses was a core violation of Canon 3(D) and the federal Code generally. Judge Domenico's recusal orders perpetuate the same cognizable misconduct by simply generalizing all such relationships as being "professional" and not "close personal relationship[s]." Indeed, Judge Domenico avoided making such otherwise required disclosures by stating: "[b]ut given that I am now recusing from this case as discussed below, I need not separately address each individual who may be mentioned somewhere in Mr. Gregory's sprawling Section 144 affidavit." *Sealed Case*, ECF No. 68, p. 9 fn. 5; *contra* D.C.Colo.LCivR 40.1(f) ("**Recusal.** Recusal of an active judicial officer shall be by written order stating the reasons.").

---

> b. Explain how you will resolve any potential conflict of interest, including the procedure you will follow in determining these areas of concern.
>
> If confirmed, I will carefully review and address any real or potential conflicts by reference to 28 U.S.C. § 455, Canon 3 of the Code of Conduct for United States Judges, and any and all other laws, rules, and practices governing such circumstances.
>
> *Available at*: https://www.judiciary.senate.gov/imo/media/doc/Domenico%20SJQ.pdf

Although he alludes to it in his questionnaire, Judge Domenico's wife, Janel Domenico, is a long-time political consultant and real estate professional, who likely has close connections with many of the individuals involved in Complainant's underlying cases. Judge Domenico should have disclosed both his connections and his wife's connections to these individuals according to Canon 3(D) and 28 U.S.C. § 455(c), (e).

Judge Domenico's recusal orders are also violative of 28 U.S.C. § 144, 28 U.S.C. § 455(a)-(b) and Canon 3(D) because they are an overt attempt to characterize Judge Domenico's conflicts as perceptional rather than the actual bias and prejudice sworn to in Complaint's Affidavits. Not only is whether Judge Domenico harbors actual biases and prejudice against Complainant and in favor of one or more Defendants relevant to non-merits-based grounds for Judge Domenico's discipline, the existence of actual bias is structural error that requires vacating all of Judge Domenico's orders. *Neder v. United States*, 527 U.S. 1, 7-8 (1999) (judicial bias structural error requiring automatic reversal). Importantly, Judge Domenico's commentary has obstructed Complainant's request for his underlying cases to be assigned to a district court judge from outside the 10th Circuit according to 28 U.S.C. § 292(d) and for these judicial discipline proceedings (inclusive of the prior complaints against Judge Domenico and Chief Circuit Judge Holmes) to be referred to another circuit's judicial council according to 10th Cir. JCR 26. *Gregory*, ECF No. 26, p. 3 fn. 1, 36 ¶ 54.

Among the orders that should be recognized as null and void is Judge Domenico's order restricting public access to Complainant's 28 U.S.C. § 144 Affidavit (ECF No. 26), *Gregory*, ECF No. 28. The suppression of Complaint's Affidavit has and continues to cause irreparable harm to the public's confidence in the Colorado Judiciary, including by allowing the Justices of the Colorado Supreme Court, the members and staff of the Colorado Commission on Judicial Discipline, and Colorado Attorney General Philip Weiser to conceal material information from the Colorado General Assembly and the public as part of their legislative testimony, lobbying activities, and Attorney General Weiser's campaign for Governor. As argued in his Motion to Strike, ECF No. 31, Complainant maintains that "the allegations made in [his 28 U.S.C. § 144] Affidavit (once proven or admitted to) are sufficient to warrant the removal, impeachment, or

resignation of at least some of the Defendants from their official positions." By suppressing the Affidavit from public access, Judge Domenico has obstructed the proper administration of justice and has assisted other judges and attorneys to commit misconduct (i.e. methodically concealing illegality) in violation of Canons 1, 2, and 3(B)(6) of the federal code and Colo. RPC 8.3, Colo. RPC 8.4(a-1), (c), (d), (f), (h).

Complainant respectfully requests that the judicial council which ultimately considers the pending judicial discipline complaints also investigate and evaluate the misconduct that has occurred, and continues to occur through the manner in which District Judge Daniel D. Domenico finally recused himself from the underlying cases. As expressed in the previous judicial discipline complaints, these circumstances are sufficiently extraordinary to require transfer of judicial discipline proceedings to another circuit's judicial council according to 10th Cir. JCR 26.