**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:25-cv-03361-GPG

CHRISTOPHER S.P. GREGORY,

Plaintiff,

v.

The COLORADO JUDICIAL DISCIPLINE RULEMAKING COMMITTEE,
The COLORADO COMMISSION ON JUDICIAL DISCIPLINE,
The COLORADO SUPREME COURT,
MARY V. SOOTER, individually,
PHILIP J. WEISER, individually, and in his official capacity as the Colorado Attorney General,
JARED POLIS, individually, and in his official capacity as Governor of the State of Colorado,
MARIA BERKENKOTTER, individually,
BRIAN D. BOATRIGHT, individually,
RICHARD GABRIEL, individually,
MELISSA HART, individually,
WILLIAM HOOD, III, individually,
MONICA MÁRQUEZ, individually,
CARLOS SAMOUR, individually,
INGRID BARRIER, individually,
DAVID BELLER, individually,
JILL BRADY, individually,
GINA CANNAN, individually,
JAMES CARPENTER, individually,
NANCY COHEN, individually,
ROBERT GARDNER, individually,
SARA GARRIDO, individually,
KIRSTEN GROOMS, individually,
JAMES HARTMANN, individually,
AMANDA HOLLANDER, individually,
ALISON KYLES, individually,
BRYON LARGE, individually,
ANNE MANGIARDI, individually,
BONNIE MCLEAN, individually,
COLLEEN MCMANAMON, individually,
KRISTEN MIX, individually,
REED OWENS, individually,
MEREDITH PATRICK CORD, individually,
AUBREY C. SULLIVAN, individually,

COURTNEY SUTTON, individually,
JEFF SWANTY, individually,
EMILY TOFTE NESTAVAL, individually,
STEFANIE TRUJILLO, individually,
MARYANN VIELMA, individually,
VINCENTE VIGIL, individually, and
JEFFREY M. WALSH, individually,

        Defendants.

---

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO
STRIKE THE APPLICATION FOR DEFAULT**

---

Comes now the Plaintiff, Christopher S.P. Gregory, by and through his counsel, the Law Office of Ingrid J. DeFranco, PLLC, and for himself, and hereby tenders his response in opposition to the Defendants' Motion to Strike the Application for Default, stating as follows:

**FACTUAL BACKGROUND**

1. Service of the Complaint was made on the Office of the Attorney General, Justice Monica Marquez, for the Colorado Supreme Court, James Carpenter, for the Colorado Commission on Judicial Discipline, and Kristen Mix, for the Colorado Judicial Discipline Rulemaking Committee on November 12, 2025.

2. Service of the Complaint was made on Judge Jill Brady for the Colorado Commission on Judicial Discipline, via Scott Sosebee, Court Executive for El Paso County Courts, on November 17, 2025.

3. On November 24, 2025, AAG Dan Combs contacted Mr. Gregory's counsel and requested an extension of time to respond, through February 2, 2026, and inquired about waivers of service for the individual defendants.

-2-

4.      A Notice and Request for Waiver was produced for each individual defendant on November 29, 2025, subsequently executed on December 1, 2025, and received by the Plaintiff on December 12, 2025.

5.      On January 12, 2026, Mr. Combs again requested an extension, through February 16, 2026, setting forth a skeletal basis for a motion to dismiss and noting, that the communication is "meant to start the discussion about conferral on our motion…"

6.      Mr. Gregory agreed to the extension, and Mr. Combs filed his motion.

7.      The request for extension has not yet been granted.

8.      On January 15, 2026, Mr. Gregory filed an Affidavit of Judicial Bias pursuant to 28 U.S.C. § 144 (ECF # 26) seeking Judge Domenico's recusal, after having been advised by the Clerk of Court that the filing should be made "public" and would remain so unless the Court determined it should be suppressed.

9.      On January 16, 2026, after conferring with Counsel, Mr. Combs filed an "Unopposed Motion for Extension of Time" further extending the answer deadline by agreement to February 16, 2026.  ECF No. 27.  Although Judge Domenico issued orders on other matters, he never entered an order acknowledging or granting the extension to February 16, 2026.  Nevertheless, Mr. Gregory and his Counsel recognized February 16, 2026 as the effective answer deadline.

10.      Also on January 16, 2026, Mr. Combs, emailed Chambers and requested, in the email, that the Affidavit be suppressed.  Mr. Gregory's counsel was copied on the email, but not contacted or made aware of Mr. Combs's intentions, prior to the communication with Chambers.

11.     Judge Domenico suppressed the Affidavit without affording Mr. Gregory an opportunity to be heard, and advised the parties that the restriction would remain in place until January 30, 2026, pending a motion to restrict.

12.     At the same time he emailed Chambers, Mr. Combs emailed Mr. Gregory's counsel to contend that the public filing violated Colorado law and the Rules of Professional Conduct, and request that he agree to restriction.  Almost immediately, Mr. Combs attempted to claw back the email.

13.     On January 27, 2026, Mr. Combs emailed a letter to Mr. Gregory, in which he contended that Mr. Gregory's Affidavit contained confidential information and could not be made public.

14.     On January 28, 2026, Mr. Gregory's counsel emailed Mr. Combs, disputing his contention that the Affidavit should be suppressed, and that either she or Mr. Gregory had violated any ethical duty, explaining that she had been directed by the Clerk to file the Affidavit as a public document, and advising that a meaningful meeting and conferral on Defendants' proposed motion to dismiss could not occur until the parties had addressed the issues of judicial recusal and the Attorney General's patent and ongoing conflicts of interest.

15.     On January 29, Mr. Gregory's counsel again communicated with Mr. Combs, directing his attention to 28 U.S.C. § 144, which precluded the judge from taking further action in the case once the Affidavit was filed, again raising the need to address the issues of recusal and conflict, prior to conferring on a motion to dismiss, and requesting that he withdraw the motion to restrict access to the affidavit.

16.     On February 2, 2026, Mr. Gregory filed a motion to strike Mr. Combs's Motion to Restrict Public Access (ECF ## 29, 30).

-5-

17.    On February 3, 2026, Judge Domenico recused himself and the case was reassigned to Judge R. Brooke Jackson.

18.    On February 6, 2026, AAG Clayton Ankney emailed Mr. Gregory's counsel indicating that he was willing to confer on the recusal and conflict issues, but generally opposing and obstructing any attempt to do so.

19.    On February 11, 2026, counsel responded to Mr. Ankeny, noting that Mr. Gregory's Complaint sought only injunctive remedies against official-capacity defendants, and legal remedies against only individuals, who were not, consequently, entitled to claim immunity, further noting that his failure to disqualify his office, while threatening Mr. Gregory and his counsel, were at best, improper, and requesting that he acknowledge his office's conflicts and take appropriate action.

20.    On February 12, 2026, the Attorney General's Office filed its response on opposition to the Motion to Strike. The response did not address the underlying premise of Mr. Gregory's Motion to Strike, specifically that Judge Domenico's order restricting public access to the Affidavit (ECF No. 26) was void and violative of 28 U.S.C. § 144.  Instead, the Attorney General's Office again attempted to litigate the asserted "confidentiality" of the Affidavit without explicitly identifying what information was alleged to be confidential.  Mr. Gregory maintains that his personal knowledge of judicial, attorney, and official misconduct (including misconduct that has occurred within the Colorado Commission on Judicial Discipline itself) is not "confidential" and that precluding Mr. Gregory from publicly reporting such misconduct violates his constitutional, statutory, and administratively defined rights as generally alleged in the Verified Complaint and Jury Demand, ECF No. 1.

21.     On February 13, 2026, Mr. Ankney responded that he did not intend to engage further on the issues of his office's conflict or the need to ensure a non-conflicted judge, but would do so if Mr. Gregory's counsel believed it was necessary under Judge Jackson's practice standards.

22.     At no time before or after February 16, 2026, other than on November 24, 2025 and January 12, 2026, did any attorney at the Office of the Attorney General request an extension of time to file a responsive document, from either the Court or Mr. Gregory.

23.     The Defendants' response was due on February 16, 2026.

24.     No responsive document was filed on February 16, 2026 or February 17, 2026.

25.     On February 17, 2026, Judge Jackson removed himself and the case was reassigned to Judge Gordon P. Gallagher.

26.     On February 18, 2026, Mr. Ankney emailed Plaintiff's counsel and contended that the deadline for a responsive motion was "previously stayed pending resolution of Judge Jackson's conferral/letter protocol" and that the Defendants would move for leave to extend the deadline to February 27, 2026.

27.     On February 18, 2026, the Plaintiff, disagreeing that the deadline was stayed, that the Defendants had sought an order on their earlier request for extension, and that the Defendants had engaged in any good faith attempts to meet and confer on a motion to dismiss, moved for default pursuant to Federal Rule of Civil Procedure 55(a).

**ARGUMENT**

Having failed to avoid default, the Defendants seek to strike the Application for it, requesting that the Court act to interdict the Clerk from performing his mandatory ministerial duty.

As grounds, they contend that the Plaintiff was required to meet and confer before seeking entry of default, and failed to do so.  The Plaintiff respectfully disagrees: Fed R. Civ. P. 55(a) provides: "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, ***and that failure is shown by affidavit or otherwise***, the clerk ***must*** enter the party's default." (Emphasis added).  The procedure for securing default through the clerk does not require a motion, nor did Mr. Gregory file a motion.  The duty to confer, under D.C.COLO.LCivR 7.1 (Motions), applies only "before filing a motion."

Further, the Defendants cite no authority in support of their request for the court to strike an application to the clerk for default.  There appears to be none.  While a court may clearly set aside the default, for good cause shown, under Rule 55(c), nothing in the rule authorizes a court to strike an application to the clerk. The Defendants' remedy for their default is to move to set aside the default, if they are able to show good cause, by demonstrating that they believed Judge Jackson's protocols to provide a stay, and believed they had made a sincere attempt to meet and confer on the motion to dismiss, having refused to do so on preliminary issues including their own conflict.  Indeed, Counsel responded to Mr. Ankney that this was the appropriate procedure immediately before the Defendants filed their motion to strike.  A copy of the relevant correspondence is attached as Exhibit 1.

Finally, the Defendants' untimely request for conferral on a motion to dismiss which was, by then, also untimely, after a series of refusals to confer on critical threshold issues going to an unbiased tribunal and the propriety of their representation by the Office of the Attorney General, does not equate to the Plaintiff's "ignoring requests for conferral."

**CONCLUSION**

Wherefore, the Defendants having defaulted, and the Plaintiff having properly applied to

the Clerk of the Court for entry of default, and their being neither authority nor grounds for the

Court to strike that application, Plaintiff Christopher Gregory respectfully requests that the Motion

to Strike be denied and that the Clerk of Court be directed to enter the default forthwith.


Respectfully submitted this 19th day of February, 2026,

/s/ Ingrid J. DeFranco
**Ingrid J. DeFranco, esq.**
Law Office of Ingrid J. DeFranco
P.O. Box 128
Brighton, CO 80601
Telephone: (303) 641-6812
Email:  Ingrid.DeFranco@gmail.com
Attorney for Plaintiff Christopher S.P. Gregory

/s/ Christopher S.P. Gregory
**Christopher S.P. Gregory, Esq.**
The Gregory Law Firm, LLC
201 Coffman St., #1822
Longmont, CO 80502
Telephone: (970) 648-0642
E-mail: cspgregory@thegregorylawfirm.net
*Pro Se* Attorney for Plaintiff
Christopher S.P. Gregory

-9-

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on February 19, 2026, I filed the above Response to Motion to Strike

Plaintiff's Application for Default via CM/ECF, which will serve a copy on all counsel of record

in this matter.

<u>/s/ Ingrid J. DeFranco</u>
Ingrid J. DeFranco