IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 25-cv-3361-GPG

CHRISTOPHER S. P. GREGORY,

     Plaintiff,

v.

THE COLORADO JUDICIAL RULEMAKING COMMITTEE, et al.,

     Defendants.

---

## MOTION FOR LEAVE TO FILE MOTION TO DISMISS

Defendants, through their undersigned attorneys and the Office of the Colorado

Attorney General, hereby move for leave to file their motion to dismiss Plaintiff's

Complaint, ECF No. 1. Defendants' motion to dismiss is attached as Exhibit A.

### D.C.COLO.LCivR 7.1 STATEMENT OF CONFERRAL

This action was recently reassigned from Judge R. Brooke Jackson to Judge

Gordon P. Gallagher, and the deadline for Defendants to respond to the Complaint is

now unclear because Defendants had previously complied with Judge Jackson's

Practice Standards requiring Defendants to submit a short letter setting forth the basis

for their motion to dismiss. As a result, on February 18, 2026, counsel for Defendants

attempted to confer with counsel for Plaintiff via email. ECF No. 40-1. In that conferral,

Defendants stated as follows: "The deadline for Defendants to file their motion to

dismiss was previously stayed pending resolution of Judge Jackson's conferral/letter

protocol. In light of this matter being reassigned from Judge Jackson to Judge

1

Gallagher, the deadline for Defendants to file a responsive pleading is now unclear. As such, Defendants will be filing a motion seeking leave to file their motion to dismiss by February 27, 2026. Please let us know if Plaintiff has any objection to that motion."

Instead, and without conferring with counsel for Defendants, Plaintiff filed an Application for Entry of Default. ECF No. 39. Given the Application for Entry of Default, Plaintiff appears to oppose the relief requested in this motion. Defendants have separately filed an opposition to the Application for Entry of Default and Motion to Strike. ECF No. 40. Subsequently, Plaintiff's counsel responded to Defendants' correspondence without explicitly stating whether they oppose the requested extension of time but generally indicating that Plaintiff stands by his Application for Entry of Default.

**ARGUMENT**

As outlined below, this case involves numerous Defendants and legal issues, and the parties have agreed to several extensions of the motion to dismiss deadline so that Defendants can file a single motion to dismiss that will allow the Court and the parties to efficiently address Plaintiff's claims. Given the recent reassignments of this action which have made a motion to dismiss deadline unclear, Defendants request leave to file their motion to dismiss, attached as Exhibit A. Defendants further provide as follows:

1. **Plaintiff's Complaint includes numerous Defendants and legal theories.**

In this action, filed on October 23, 2025, Plaintiff names forty Defendants – thirty-six defendants in their individual capacities and various defendants in their official

2

capacities. Plaintiff asserts that during the time he was a member and/or the Executive Director of the Colorado Commission on Judicial Discipline ("CCJD"), certain Defendants allegedly failed to properly handle and/or covered up financial misconduct by Mindy Masias, the former Chief of Staff for the State Court Administrator's Office. ECF No. 1, ¶¶ 53-65. Plaintiff further asserts that years after the alleged misconduct and after he left the CCJD, he made various complaints regarding the alleged mishandling and/or alleged coverup of Masias' misconduct, which Defendants ignored. ECF No. 1, ¶¶ 66-75.

Plaintiff asserts several claims for relief, including (1) claims under 42 U.S.C. § 1983 for alleged violations of rights under the First, Fifth, and Fourteenth Amendments to the United States Constitution, Colorado Constitution Article II, §§ 3, 6, 10, 24, and 35, and Colorado Constitution Article V, § 16; (2) claims under 42 U.S.C. §§ 1985(2) and (3), for an alleged conspiracy to deny Plaintiff equal protection of the laws and participation in the legislative and administrative processes, among other things; (3) a claim under 42 U.S.C. § 1986 for neglect to prevent an alleged conspiracy to deprive Plaintiff of his freedom of expression, freedom to petition for grievances, right to be heard, equal protection, and due process under the constitutions of Colorado and the United States; (4) a claim under the Colorado False Claims Act, § 24-31-1204(8), C.R.S., for myriad alleged acts of retaliation; (5) a request for equitable relief to restrain alleged ongoing violations of administrative and statutory law and the constitutions of Colorado and the United States; and (6) a claim for disgorgement and reimbursement from individual defendants to the State of Colorado of reasonable attorney's fees and

3

costs incurred through state-funded representation. ECF No. 1, ¶¶ 78, 81–83, 85–87, 96, 98–99.

**2. To present a consolidated motion to dismiss, the parties agreed to modest extensions of the motion to dismiss deadline.**

Defendants have had a number of iterative deadlines to respond to the Complaint. Defendants CJDRC, Colorado Supreme Court, Monica Márquez, Jared Polis, and Philip Weiser were served on November 12, 2025, making their original answer deadline December 3, 2026. ECF Nos. 13–16. Defendant CCJD was served on November 17, 2026, making its original answer deadline December 8, 2025. ECF No. 17. The Court granted a first motion for extension of time for these Defendants to respond to the Complaint to February 2, 2026. ECF No. 21.

Defendants Ingrid Barrier, David Beller, Maria Berkenkotter, Brian Boatright, Jill Brady, Gina Cannan, James Carpenter, Nancy Cohen, Meredith Patrick Cord, Robert Gardner, Sara Garrido, Kirsten Grooms, Richard Gabriel, Melissa Hart, James Hartmann, Amanda Hollander, William Hood III, Alison Kyles, Bryon Large, Anne Mangiardi, Bonnie McLean, Colleen McManamon, Kristen Mix, Emily Tofte Nestaval, Reed Owens, Carlos Samour, Jr.,  Mary Sooter, Aubrey Sullivan, Courtney Sutton, Jeff Swanty, Stephanie Trujillo, Mariana Vielma, Vincente Vigil, and Jeffrey Walsh, waived service of process, making their original answer deadline January 30, 2026. ECF Nos. 23-34. On January 16, 2026, all Defendants filed an unopposed motion for extension of time, requesting the Court extend the deadline to file a response to Plaintiff's Complaint to February 16, 2026. ECF No. 27. Defendants requested this additional time so that Defendants could adequately analyze the numerous claims and legal theories asserted

4

and referenced in the Complaint, to allow for supervisory and client review, and to allow for completion of the motion to dismiss.

### 3. Reassignment of this action has made the motion to dismiss deadline unclear.

Defendants' motion for extension of time to respond to the Complaint remained pending when this action was reassigned from Judge Daniel D. Domenico, due to his recusal, to Judge R. Brooke Jackson on February 3, 2026. Although Defendants were originally planning to file their motion to dismiss by February 16, 2026, as agreed to by the parties, Judge Jackson's Practice Standards require a different process whereby Defendants must "file and serve a short letter . . . setting forth the basis for the anticipated motion [to dismiss.]" Jackson Practice Standards at p.2. Judge Jackson's Practice Standards further provide that "Defendants' deadline to respond to the complaint will be stayed pending the Court's consideration of the letter(s)." *Id.* On February 12, 2026, Defendants filed the required letter of notice of intent to file a motion to dismiss for Judge Jackson's consideration. ECF No. 35. On February 17, 2026, Judge Jackson exercised his prerogative as a Senior District Court Judge and requested that the case be reassigned. ECF No. 37. On the same day, this case was reassigned to Judge Gordon P. Gallagher. No. ECF 38.

### 4. Good cause exists for Defendants to file a motion to dismiss.

In light of the reassignment of this case to Judge Gallagher, it is not clear what impact Judge's Jackson's conferral/letter protocol and automatic stay of the deadline to respond to the Complaint have on Defendants' deadline to file their motion to dismiss.

5

Given the number of claims, defendants, and legal theories contained in Plaintiff's Complaint, a motion to dismiss will significantly assist the parties and the Court in determining whether Plaintiff can assert any plausible claim and, at a minimum, help define the scope of the action.

In the event the Court determines Defendants should have filed their motion to dismiss by a date prior to the filing of this motion, under Federal Rule of Civil Procedure 6(b)(1)(B), Defendants' failure to file the motion to dismiss by that date would constitute excusable neglect. Given Judge Domenico's recusal, Plaintiff's contention that Judge Domenico could not rule on any motions, *see* ECF NO. 31 at p.10 ("Neither Judge Domenico nor Defendants' counsel have cited any authority that would allow Judge Domenico to exercise discretion, to continue hearing this case, or take any other action herein."), and the subsequent assignment of Judge Jackson, whose practice standards required compliance with a conferral/letter protocol prior to filing a motion to dismiss, any deadline to file the motion to dismiss was inadvertently missed due to a misunderstanding of the application of the rules governing the deadline during the time various judges were presiding over this matter and through no fault of Defendants.

Furthermore, Defendants now seek to file their motion to dismiss only four days after their requested deadline of February 16, 2026, a deadline Defendants believe was no longer operative under the automatic stay in Judge Jackson's practice standards. As such, Defendants took immediate action to remedy this potential oversight, and Plaintiff will not be prejudiced by such a short extension of time.

6

Defendants therefore request leave to file their motion to dismiss, attached as Exhibit A. Although this motion to dismiss is a total of 39 pages, Defendants assert this length is necessary to adequately present the factual allegations of the Complaint and explain the numerous bases for dismissal.

## CONCLUSION

WHEREFORE, Defendants request leave to file their motion to dismiss, attached as Exhibit A.

Respectfully submitted this 20th day of February 2026.

PHILIP J. WEISER
Attorney General

*s/ Clayton J. Ankney*

**Daniel M. Combs**
**Katharine Brown**
First Assistant Attorneys General
**Clayton J. Ankney**
Second Assistant Attorney General
Civil Litigation and Employment Law
Colorado Department of Law
1300 Broadway, 10th Floor
Denver, Colorado  80203
Telephone:  720-508-6000
Email:  Dan.Combs@coag.gov;
Katharine.Brown@coag.gov;
Clayton.Ankney@coag.gov

*Attorneys for Defendants*

**GPG Civ. Prac. Standard 6.1A(c) Certificate of Service**

I certify that service on clients, as required by D.C.COLO.LCivR 6.1(c), has been effected via email and contemporaneous to this filing to the individuals, and individuals, including name and title, who received service on behalf of clients that are not a natural person as listed below.

Ingrid Barrier

David Beller

Maria Berkenkotter

Brian Boatright

Jill Bradyl

Gina Cannan

James Carpenter

Nancy Cohen

Colorado Commission on Judicial Discipline, via CCJD Citizen Chair James Carpenter

Colorado Judicial Discipline Rulemaking Committee, via CJDRC Chair Kristen Mix

Colorado Supreme Court, via Chief Justice Monica Márquez

Richard Gabriel

Robert Gardner

Sara Garrido

Kirsten Grooms

Melissa Hart

James Hartmann

Amanda Hollander

William Hood III

Alison Kyles

Bryon Large

Anne Mangiardi

Monica Márquez

Bonnie McLean

Colleen McManamon

Kristen Mix

Reed Owens

Meredith Patrick Cord

Jared Polis

Carlos Samour, Jr.

Mary Sooter

Aubrey Sullivan

Courtney Sutton

Jeff Swanty

Emily Tofte Nestaval

Stefanie Trujillo

Mariana Vielma

Vincente Vigil

Jeffrey Walsh

Philip Weiser

*s/ Clayton J. Ankney*

8