## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 1:25-cv-03361-GPG

CHRISTOPHER S.P. GREGORY,

      Plaintiff,

v.

The COLORADO JUDICIAL DISCIPLINE RULEMAKING COMMITTEE, et al.

      Defendants.

---

**RESPONSE TO MOTION FOR LEAVE TO FILE MOTION TO DISMISS [ECF 44]**

---

Plaintiff Christopher S.P. Gregory, for himself and through Counsel responds to the Defendant's "Motion for Leave to File Motion to Dismiss," ECF No. 44, as follows:

1. On February 18, 2026, Plaintiff filed his "Application for Entry of Default," ECF No. 39 and his supporting "Declaration of Plaintiff Christopher S.P. Gregory," ECF No. 39-1 with accompanying proof of service.  F.R.C.P. 55(a) recognizes that the entry of a default is a mandatory and ministerial act to be performed by the Clerk of Court.  Entry of a default is not a judicial act premised upon the filing of a motion (which would be subject to meeting and conferral, responsive deadlines, reply deadlines, etc.).  F.R.C.P. 55(a) states:

   > **Entering a Default.** When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, ***and that failure is shown by affidavit or otherwise***, the clerk ***must*** enter the party's default.  (Emphasis added).

Plaintiff has presented the Clerk of Court with sufficient information and proof to require

entry of a default in this case. There was a deadline for the filing of an answer or other

responsive pleading, which the Defendants and their Counsel intentionally allowed to

expire. The appropriate procedure is for the default to enter and for the Defendants to

assert any grounds for setting aside the default through a motion filed according to

F.R.C.P. 55(c), which provides:

> **Setting Aside a Default or a Default Judgment.** The court may
> set aside an entry of default for good cause, and it may set aside a
> final default judgment under Rule 60(b).

2.  The request for and entry of a default in this case are not futile acts which would provide

cause for this Court to disregard Plaintiff's Application for Entry of Default. *See Kahler*

*v. Leggitt*, 18-CV-03162-KMT, 2019 WL 13451267, at *4 (D. Colo. Apr. 4, 2019)

(excusing clerk's failure to enter default requested *after* defendant had filed a responsive

pleading). Instead, the entry of a default will require the Defendants to show good

cause:

    a.  Why they have, and continue to, delay in responding to the merits of

        Plaintiff's Verified Complaint,

    b.  Why they continue to oppose public access to Plaintiff's "Affidavit of

        Judicial Bias or Prejudice According to 28 U.S.C. § 144 and Certificate of

        Counsel," ECF No. 26, and

    c.  Why they refuse to confer in good faith regarding grounds for the

        Colorado Attorney General's Office to disqualify itself from this case and

stipulate to this case being heard by a district judge from outside the 10th

Circuit (due to the near ubiquity of conflicts amongst the bench and bar).

In other words, application of F.R.C.P. 55(a) is necessary to serve its purpose of

"'protect[ing] diligent parties against 'interminable delay and continued uncertainty.'"

*Kahler*, \*4 fn. 4.  Plaintiff has already expressed a willingness to recognize good cause

to set aside the anticipated default, if these preliminary issues can be addressed through

a meaningful meeting and conferral.  If a default does not enter, the Defendants'

intentional dilatory tactics and avoidance of the merits of this case will be reinforced

contrary to the recognized purpose of F.R.C.P. 55(a).  Due to the mandatory and

ministerial nature of the Clerk of Court's functions under F.R.C.P. 55(a), Plaintiff will

have recourse to file a petition for a Writ of Mandamus with the 10th Circuit if the

default is not allowed to enter *nunc pro tunc* under these circumstances.

3. Defendants support their Motion for Leave with a "D.C.Colo.LCivR 7.1 Statement of

Conferral."  Defendants, however, ***made no attempt*** to meet and confer before filing

their Motion or to acknowledge Plaintiff's response to the duplicative/cumulative

"Defendants': (1) Opposition to Application for Entry of Default, ECF No. 39; and (2)

Motion to Strike Same," ECF No. 40.  Plaintiff maintains that Defendants' failures to

meaningfully meet and confer as to foundational issues and their ***complete failure*** to

meet and confer as to the present Motion for Leave is sanctionable according to F.R.C.P.

11(b), D.C.COLO.LCivR 7.1(a), (i), and this Division's Uniform Civil Practice Standard

7.1(b)(b) (applicable to conferral as to F.R.C.P. 12(b) motions).  Defendants' bad faith

and their collective failures to prospectively request an extension of the responsive

deadline (through stipulation or through a motion to the court) in this case should not be rewarded by this Court.  Once a default enters, the Defendants will be required to address the default before engaging in further litigation of this case.  *See, e.g.*, *TW Telecom Holdings Inc. v. Carolina Internet Ltd.*, 10-CV-01799-ZLW-MJW, 2010 WL 5184732, at \*1 fn. 2 (D. Colo. Dec. 15, 2010) (quoting prior order: "An Answer cannot properly be filed in this case unless the entry of default has been set aside, and the entry of default cannot be set aside until Defendant shows good cause to do so pursuant to Fed.R.Civ.P. 55(c)").

4.  It is also wholly inappropriate and an abuse of this Court's procedures for the Defendants to oppose entry of a default by filing repeated motions, which otherwise allow Defendants an additional 14 days to file a reply.  D.C.COLO.LCivR 7.1(d).  As a sanction under D.C.COLO.LCivR 7.1(a), (i), ECF No. 40 and ECF No. 44 should be denied forthwith without further briefing.

5.  The application of F.R.C.P. 55(a) provides a clear path for this Court's response to the issues before it.  The Clerk of Court must be allowed to perform his mandatory and ministerial function without interference.  Then, to the extent that the Defendants believe that there is good cause to set aside the default according to F.R.C.P. 55(c) and as interpreted by relevant caselaw, the parties can have a meaningful discussion over whether the good cause threshold has been met with Defendants able to file either an unopposed or a contested motion to set aside the default.

    **WHEREFORE**, the Plaintiff respectfully requests that this Court deny both ECF No. 40 and ECF No. 44.  Instead, Plaintiff requests that this Court confirm the Clerk of Court's

mandatory obligation to immediately enter a default *nunc pro tunc* to February 18, 2026 in this

case with an opportunity for Defendants to file a motion to set aside the default according to

F.R.C.P. 55(c) and in compliance with the Defendants' otherwise required meeting and conferral

obligations.

Dated: February 20, 2026

/s/ Ingrid J. DeFranco
**Ingrid J. DeFranco, esq.**
Law Office of Ingrid J. DeFranco
P.O. Box 128
Brighton, CO 80601
Telephone: (303) 641-6812
Email: Ingrid.DeFranco@gmail.com
Attorney for Plaintiff Christopher S.P. Gregory


/s/ Christopher S.P. Gregory
**Christopher S.P. Gregory, Esq.**
The Gregory Law Firm, LLC
201 Coffman St., #1822
Longmont, CO 80502
Telephone: (970) 648-0642
E-mail: cspgregory@thegregorylawfirm.net
*Pro Se* Attorney for Plaintiff
Christopher S.P. Gregory

CERTIFICATE OF SERVICE

I certify that on February 20, 2026, I filed the above filing via email to the Clerk of the Court, who will docket it in CM/ECF. CM/ECF will send notification of this filing to any party who has entered an appearance in this matter to the e-mail addresses provided in CM/ECF.

/s/ Ingrid J. DeFranco
Ingrid J. DeFranco