**From:** Christopher Gregory
**To:** Clayton Ankney
**Cc:** Ingrid J. DeFranco; Dan Combs (He/Him); katherine.brown@coag.gov; Carmen Van Pelt; Linda Ruth Carter
**Subject:** FW: Gregory, 25-3361 (D. Colo.) - Conferral on Setting Aside Entry of Default
**Date:** Tuesday, February 24, 2026 1:07:05 PM
**Attachments:** image001.png
image002.png

**EXHIBIT A**

Dear Mr. Ankney,

I do not understand your continued insistence upon excluding me (as co-counsel of record in this case) from conferral emails.

As we expressed in our response (ECF No. 45) to your "Motion for Leave to File Motion to Dismiss" (ECF No. 44), the reasons for entry of a default in this case are very much a result of your intentional gamesmanship and refusal to meet and confer in good faith concerning your Office's conflicted representation of the Defendants and your efforts to avoid/delay responding to the merits of the Verified Complaint. Before we meet and confer on a motion to set aside the default according to F.R.C.P. 55(c), we need to have a meaningful discussion regarding your Office's conflicts and continued representation of the Defendants, including whether it will be necessary to file and litigate a motion to disqualify you and your colleagues. In its plainest terms, there is a fundamental conflict when the Attorney General's Office, which is statutorily obligated to investigate and prosecute legitimate allegations of public fraud and constitutional violations, instead, defends such continuing fraud and constitutional violations.

You and your Office's conflicted representation of the Defendants coupled with other obstruction (such as your opposition to Judge Daniel Domenico's mandatory disqualification, your refusal to discuss grounds for requesting appointment of a district judge from outside the 10th Circuit, your defense of Judge Domenico's order restricting public access to the 28 U.S.C. § 144 Affidavit, and the interminable delay caused by your intentional refusal to abide by an agreed responsive deadline) are delaying consideration of the injunctive remedies that are the focus of the Verified Complaint. In sum, we dispute your assertions and the sufficiency of "good cause" to set aside the default until we can finally have a meaningful discussion about the underlying conflicts inherent in your representation.

In this context, we further request that you file notices withdrawing your pending "Defendants': (1) Opposition to Application for Entry of Default, ECF No. 39; and (2) Motion to Strike Same (ECF No. 40)," and "Motion for Leave to File Motion to Dismiss," ECF No. 44, as MOOT. We continue to invite and request meeting and conferral as to the preliminary issues of the assignment of a judge from outside the 10th Circuit and the disqualification of your entire Office from further representation of the Defendants (specifically, whether it will be necessary to file contested motions to address either or both these issues).

Please include me in your response and in all future meeting and conferral emails.

Sincerely,
Christopher Gregory

The Gregory Law Firm, LLC

Christopher S.P. Gregory
Attorney at Law

201 Coffman St., #1822, Longmont, CO 80502

● Phone:  970.648.0642 ● Fax:  970.648.0643 ●

This e-mail transmission contains information from the Gregory Law Firm, LLC which may be confidential or protected by the attorney-client privilege.  If you are not the intended recipient, you are hereby notified that you must not read this transmission and that any disclosure, copying, printing, distribution or use of any of the information contained in or attached to this transmission is prohibited.  If you have received this transmission in error, please notify us immediately by e-mail and delete the original transmission.

----- Forwarded Message -----
**From:** Clayton Ankney <clayton.ankney@coag.gov>
**To:** ingrid.defranco@gmail.com <ingrid.defranco@gmail.com>; defrancoi@yahoo.com <defrancoi@yahoo.com>
**Cc:** Dan Combs (He/Him) <dan.combs@coag.gov>; Katharine Brown <katharine.brown@coag.gov>; Carmen Van Pelt <carmen.vanpelt@coag.gov>; Linda Ruth Carter <lindaruth.carter@coag.gov>
**Sent:** Monday, February 23, 2026 at 05:02:37 PM MST
**Subject:** Gregory, 25-3361 (D. Colo.) - Conferral on Setting Aside Entry of Default

Good afternoon, Ingrid:

In light of the Clerk's entry of default, Defendants plan to file a motion to set aside default under FRCP 55(c). Good cause exists to set aside default for all the reasons we outlined in the motion to strike affidavit of default and motion for leave to file motion to dismiss, including that (1) entry of default did not result from any culpable conduct by Defendants, but rather from the lack of clarity of deadlines from the various judge reassignments; (2) Defendants have meritorious defenses as outlined in the Motion to Leave to File Motion to Dismiss; and (3) Plaintiff will not be prejudiced if default is set aside given that the agreed-upon deadline for Defendants to file a motion to dismiss was February 16. Please let us know when you are available to discuss; we plan to get a motion to set aside default this week.

Clayton J. Ankney

Second Assistant Attorney General

Tort Litigation Unit

Colorado Department of Law

Phone: (720) 508-6604

Email: clayton.ankney@coag.gov