| | |
|---|---|
| **From:** | Christopher Gregory |
| **To:** | Clayton Ankney; Ingrid J. DeFranco |
| **Cc:** | Dan Combs (He/Him); Carmen Van Pelt; Linda Ruth Carter; Katharine Brown |
| **Subject:** | RE: Gregory, 25-3361 (D. Colo.) - Conferral on Setting Aside Entry of Default |
| **Date:** | Tuesday, February 24, 2026 4:24:37 PM |
| **Attachments:** | image001.png |
| | image002.png |

**EXHIBIT B**

Dear Mr. Ankney,

It is difficult to understand what value a telephone conversation or virtual meeting would have, particularly if it is not recorded and transcribed.

We are happy to expound on the plethora of reasons that require your Office's disqualification from this case, particularly its representation of the institutional Defendants and more broadly the need for impartial representation of the interests of the State of Colorado. The fact that the Defendants alleged to have respectively engaged in public fraud, retaliation, and constitutional violations are able to use state resources to defend their personal conduct meets the definition of occupational fraud under the Fraud Hotline statute. Indeed, the problematic nature of the representation was predicted in the Verified Complaint and its request for restitution from the individual defendants who rely upon state resources to defend against the allegations of their ultimately proven personal misconduct.

It is also difficult to imagine how the individually named defendants all share unified interests capable of consolidated representation. For example, Senior Judge James Hartmann is no longer a member of the Colorado Judicial Discipline Rulemaking Committee, being replaced by Senior Judge Michael Berger (who incidentally was District Judge Claude Appel's attorney in the 2003 civil action against the FBI). Judge Hartmann can explain why he left the Committee with the grounds for doing so potentially being the basis to agree on dismissing him from this case.

As we have expressed in a previous conferral and also in our response to your motion, ECF No. 44, we are receptive to recognizing the disqualification of your Office and the appointment of impartial counsel to represent the interests of the State of Colorado as good cause to set aside the default. Short of this, we do not believe that your intentional disregard for the previously agreed answer deadline is good cause sufficient to merit setting aside the default.

Please let us know if you would like us to provide a more detailed explanation of the grounds we perceive as requiring the disqualification of your Office from further litigation of this case.

Sincerely,
Christopher Gregory



The Gregory Law Firm, LLC

Christopher S.P. Gregory
Attorney at Law

201 Coffman St., #1822, Longmont, CO 80502

● Phone: 970.648.0642 ● Fax: 970.648.0643 ●

This e-mail transmission contains information from the Gregory Law Firm, LLC which may be confidential or protected by the attorney-client privilege.  If you are not the intended recipient, you are hereby notified that you must not read this transmission and that any disclosure, copying, printing, distribution or use of any of the information contained in or attached to this transmission is prohibited.  If you have received this transmission in error, please notify us immediately by e-mail and delete the original transmission.

---

**From:** Clayton Ankney <Clayton.Ankney@coag.gov>
**Sent:** Tuesday, February 24, 2026 1:46 PM
**To:** Christopher Gregory <cspgregory@thegregorylawfirm.net>; Ingrid J. DeFranco <ingrid.defranco@gmail.com>
**Cc:** Dan Combs (He/Him) <Dan.Combs@coag.gov>; Carmen Van Pelt <Carmen.VanPelt@coag.gov>; Linda Ruth Carter <LindaRuth.Carter@coag.gov>; Katharine Brown <Katharine.Brown@coag.gov>
**Subject:** RE: Gregory, 25-3361 (D. Colo.) - Conferral on Setting Aside Entry of Default

Counsel:

We are willing to meet and confer, but any such discussion should include not only your issues but Defendants' motion to set aside entry of default as well. Please let us know if you and Ingrid are willing to talk via phone or video call on all the parties' issues and provide your availability for tomorrow. Thank you.

Clayton J. Ankney
Second Assistant Attorney General
Tort Litigation Unit
Colorado Department of Law
Phone: (720) 508-6604
Email: clayton.ankney@coag.gov

---

**From:** Christopher Gregory <cspgregory@thegregorylawfirm.net>
**Sent:** Tuesday, February 24, 2026 1:07 PM
**To:** Clayton Ankney <Clayton.Ankney@coag.gov>
**Cc:** Ingrid J. DeFranco <ingrid.defranco@gmail.com>; Dan Combs (He/Him) <Dan.Combs@coag.gov>; katherine.brown@coag.gov; Carmen Van Pelt <Carmen.VanPelt@coag.gov>; Linda Ruth Carter <LindaRuth.Carter@coag.gov>
**Subject:** FW: Gregory, 25-3361 (D. Colo.) - Conferral on Setting Aside Entry of Default

Dear Mr. Ankney,

I do not understand your continued insistence upon excluding me (as co-counsel of record in this case) from conferral emails.

As we expressed in our response (ECF No. 45) to your "Motion for Leave to File Motion to Dismiss" (ECF No. 44), the reasons for entry of a default in this case are very much a result of your intentional gamesmanship and refusal to meet and confer in good faith concerning your Office's conflicted representation of the Defendants and your efforts to avoid/delay responding to the merits of the Verified Complaint.  Before we meet and confer on a motion to set aside the default according to F.R.C.P. 55(c), we need to have a meaningful discussion

regarding your Office's conflicts and continued representation of the Defendants, including whether it will be necessary to file and litigate a motion to disqualify you and your colleagues.  In its plainest terms, there is a fundamental conflict when the Attorney General's Office, which is statutorily obligated to investigate and prosecute legitimate allegations of public fraud and constitutional violations, instead, defends such continuing fraud and constitutional violations.

You and your Office's conflicted representation of the Defendants coupled with other obstruction (such as your opposition to Judge Daniel Domenico's mandatory disqualification, your refusal to discuss grounds for requesting appointment of a district judge from outside the 10th Circuit, your defense of Judge Domenico's order restricting public access to the 28 U.S.C. § 144 Affidavit, and the interminable delay caused by your intentional refusal to abide by an agreed responsive deadline) are delaying consideration of the injunctive remedies that are the focus of the Verified Complaint.  In sum, we dispute your assertions and the sufficiency of "good cause" to set aside the default until we can finally have a meaningful discussion about the underlying conflicts inherent in your representation.

In this context, we further request that you file notices withdrawing your pending "Defendants': (1) Opposition to Application for Entry of Default, ECF No. 39; and (2) Motion to Strike Same (ECF No. 40)," and "Motion for Leave to File Motion to Dismiss," ECF No. 44, as MOOT.  We continue to invite and request meeting and conferral as to the preliminary issues of the assignment of a judge from outside the 10th Circuit and the disqualification of your entire Office from further representation of the Defendants (specifically, whether it will be necessary to file contested motions to address either or both these issues).

Please include me in your response and in all future meeting and conferral emails.

Sincerely,
Christopher Gregory



The Gregory Law Firm, LLC

Christopher S.P. Gregory
Attorney at Law

201 Coffman St., #1822, Longmont, CO 80502

● Phone:  970.648.0642 ● Fax:  970.648.0643 ●

This e-mail transmission contains information from the Gregory Law Firm, LLC which may be confidential or protected by the attorney-client privilege.  If you are not the intended recipient, you are hereby notified that you must not read this transmission and that any disclosure, copying, printing, distribution or use of any of the information contained in or attached to this transmission is prohibited.  If you have received this transmission in error, please notify us immediately by e-mail and delete the original transmission.

----- Forwarded Message -----
**From:** Clayton Ankney <clayton.ankney@coag.gov>
**To:** ingrid.defranco@gmail.com <ingrid.defranco@gmail.com>; defrancoi@yahoo.com <defrancoi@yahoo.com>
**Cc:** Dan Combs (He/Him) <dan.combs@coag.gov>; Katharine Brown <katharine.brown@coag.gov>; Carmen Van Pelt <carmen.vanpelt@coag.gov>; Linda Ruth Carter <lindaruth.carter@coag.gov>
**Sent:** Monday, February 23, 2026 at 05:02:37 PM MST

**Subject:** Gregory, 25-3361 (D. Colo.) - Conferral on Setting Aside Entry of Default

Good afternoon, Ingrid:

In light of the Clerk's entry of default, Defendants plan to file a motion to set aside default under FRCP 55(c). Good cause exists to set aside default for all the reasons we outlined in the motion to strike affidavit of default and motion for leave to file motion to dismiss, including that (1) entry of default did not result from any culpable conduct by Defendants, but rather from the lack of clarity of deadlines from the various judge reassignments; (2) Defendants have meritorious defenses as outlined in the Motion to Leave to File Motion to Dismiss; and (3) Plaintiff will not be prejudiced if default is set aside given that the agreed-upon deadline for Defendants to file a motion to dismiss was February 16. Please let us know when you are available to discuss; we plan to get a motion to set aside default this week.

Clayton J. Ankney

Second Assistant Attorney General

Tort Litigation Unit

Colorado Department of Law

Phone: (720) 508-6604

Email: clayton.ankney@coag.gov