Independent Ethics Commission – Formal Complaint Form

Before the Independent Ethics Commission
of the State of Colorado

*For Commission Use Only*
Received date: _____
Case. No.:        _____

The Complainant is:    Christopher S.P. Gregory
                                            (name)
Mailing Address:    The Gregory Law Firm, LLC

201 Coffman St., #1822

Longmont, CO 80502

Daytime telephone number:    970-648-0642

Email address: cspgregory@thegregorylawfirm.net

The Respondent is:    Clayton Ankney
                                            (name)
Mailing Address:    Colorado Department of Law

1300 Broadway, 10th Floor

Denver, CO 80203

Daytime telephone number:    720-508-6604

Email address: clayton.ankney@coag.gov

When did the alleged violation occur:    Ongoing

Describe the specific acts or things complained of, with facts that provide a full understanding of the alleged violation(s).  If possible, cite the specific ethical standards alleged to have been violated and describe how the violation(s) occurred.  Use additional pages if necessary.  Attach any documentary evidence you wish to submit.

Please see attached statement of facts.

**PLAINTIFF'S
EXHIBIT**

**5**
_____

Description of acts or things complained of (continued):

Advisement regarding remedies and penalties:  Pursuant to Colo. Const. art. XXIX, § 6, a covered individual found to have breached the public trust for private gain is liable for double the amount of the financial equivalent of any benefits obtained by such actions.  The manner of recovery and additional penalties may be provided by law.  The Commission does not assess criminal penalties, award injunctive relief, or award damages to complainants.

I hereby acknowledge that the facts presented herein are true to the best of my knowledge, and I will cooperate in the process regarding this complaint and will appear at any proceeding of the Independent Ethics Commission if the complaint is scheduled for a hearing.

Signature: _____

Attorney (if applicable): Self-Represented _____

Dated at Longmont _____ (City), Colorado, this 4th _____ day of March , 20 26 .

Created by Article XXIX of the Colorado Constitution, the Independent Ethics Commission may review and hold hearings on matters falling within its jurisdiction as outlined in Article XXIX.

I filed a civil rights and Colorado False Claims Act (CFCA) retaliation lawsuit in U.S. District Court.  *Gregory v. Colo. Jud. Discipline Rulemaking Comm., et al.*, 1:25-cv-03361-KHV (D. Colo.).  In its simplest terms, *Gregory* alleges that the defendants have deprived me of my constitutional, statutory, and administrative rights to freely report judicial, attorney, and official misconduct without fear of retaliation.  The most important remedies sought in *Gregory* are injunctive and equitable in nature, including my reinstatement as the Executive Director of the Colorado Commission on Judicial Discipline (the CCJD), the reformation of Colorado's judicial oversight entities, the invalidation of rulemaking, the prohibition against further use of appointment authority, and restitution to the State of Colorado for the reasonable attorney fees and costs publicly expended through the representation of the defendants in defense of misconduct that occurred in their individual capacities.

Notwithstanding the claim for restitution being pled in my Verified Complaint, consolidated and conflicted representation of the State of Colorado's interests and the personal interests of the individually named defendants has occurred through the Colorado Attorney General's Office. This persistent and conflicted representation combined with the defendants' avoidance of responding to the merits of *Gregory* has culminated in the entry of a default against all the defendants.  *Gregory*, ECF Nos. 39, 39-1, 46; *See, e.g., Dickinson v. Lincoln Building Corp.*, 2015 COA 170M, ¶¶ 22-23 ("[A]n entry of default establishes a party's liability. . . An entry of default, however, is not an admission regarding damages.").  I respectfully submit that the verified, and now effectively-admitted, misconduct of the various defendants is probable cause to suspect the crimes of Obstruction of Justice (18 U.S.C. § 1503), False Statements (18 U.S.C. § 1001), Obstruction of a Federal Audit (18 U.S.C. § 1516), Retaliation Against a Witness or Victim (§ 18-8-706, C.R.S.), and First Degree Official Misconduct (§ 18-8-404, C.R.S.).

In particular, First Degree Official Misconduct is relevant to the defendants' persistent refusal to disqualify themselves from official functions which are intertwined with their personal interests. Moreover, the defendants have unlawfully relied upon the Colorado Attorney General's Office to perpetuate rather than investigate and prosecute the allegations of public fraud and corruption I alleged in *Gregory* and through complaints filed with the Colorado Office of the State Auditor's Fraud Hotline.  The representation of the individually named defendants (including Attorney General Phil Weiser himself) through the public resources of the Colorado Attorney General's Office further meets the definition of "occupational fraud" under the Fraud Hotline statute, § 2-3-110.5(1)(d), C.R.S. and a "gift" as defined by Colo. Const. Art. 29, § 3(3).  Court filings in *Gregory* are already part of the legislative record and can be found through the following links:

> 1/21/2026 Joint Judiciary Committee SMART Act Hearing for the Colorado Judicial Department--https://leg.colorado.gov/committee_meeting_hearing_summary/28660;

> 2/9/2026 Senate Judiciary Committee Conformation Hearing for the Appointment of former Senator Bob Gardner to the CCJD--https://leg.colorado.gov/committee_meeting_hearing_summary/28938; and

> 2/11/2026 Senate Judiciary Committee Hearing on SB26-084--https://leg.colorado.gov/committee_meeting_hearing_summary/29188.

In submitting this complaint, I am mindful of conflicts within the IEC that require disqualification of IEC Chair Sarah Mercer, IEC member Cyril Vidergar, and the IEC's General Counsel through the Colorado Attorney General's Office, Gina Cannan. Chair Mercer was appointed to the IEC by defendant Justice Brian Boatright. Chair Mercer previously worked as Counsel to Chief Justice Michael Bender and would have been involved in or a witness to the more than 25-year pattern of judicial misconduct alleged in *Gregory*, including the retaliatory firing of the Colorado Commission on Judicial Discipline's Executive Director Rick Wehmhoefer in 2008. Chair Mercer is also employed as a partner at Brownstein Hyatt Farber Shreck, which represents Loveland developer McWhinney / Realberry. IEC member Cyril Vidergar is currently employed as a Loveland Senior Assistant City Attorney. In my role as Special Counsel to the City of Loveland, I publicly asserted my findings of probable cause to prosecute members and former members of the Loveland City Council for their violation of the civil Colorado Open Meetings Law and parallel criminal provisions in the Loveland Municipal Charter and Loveland Municipal Code. My findings arose in connection with official misconduct that occurred when the involved Loveland City Council members opposed SB23-273 and approved an estimated 25-year, $155 million tax diversion as part of McWhinney's Centerra South Urban Renewal Authority. More recently, McWhinney/Realberry founder Chad McWhinney's inclusion in the Epstein files has been reported in the press. Noelle Philips, *Denver Developer Behind Union Station Project Identified in Epstein Files*, DENVER POST, February 12, 2026. General Counsel Gina Cannan is a defendant in *Gregory* directly responsible for the retaliation that occurred against me when I was wrongfully terminated as Executive Director of the CCJD.

Beyond the conflicts that require disqualification within the IEC, I further note that IEC Vice-Chair Daniel Wolf concurrently serves as a member of the Fifth Judicial District Judicial Performance Commission. The Performance Commission is statutorily charged with verifying defendant 5th Judicial District Judge Reid Owens' integrity as part of the 2026 judicial retention cycle.

As I have requested of Colorado State Auditor Kerri Hunter, the Colorado General Assembly, and the Denver County Court, it is appropriate for the IEC to formally refer the overall Colorado Judicial Scandal to conflict-free federal law enforcement and to exercise its discretion to directly appoint another state's attorney general to provide impartial legal representation and investigation support as a Special Assistant Attorney General according to § 24-31-111(5), C.R.S. If the IEC arbitrarily refuses to recognize this complaint as non-frivolous under Colo. Const. Art. XXIX, § 5(3)(b), I will seek recourse in federal court.

Clayton Ankney is employed as a Second Assistant Attorney General at the Colorado Department of Law and is counsel of record in Case No. 1:25-cv-03361-KHV. The IEC has jurisdictional authority over Clayton Ankney according to Colo. Const. Art. XXIX, §§ 2 and 5(3)(a).

| Independent Ethics Commission – Formal Complaint Form |
|---|

| Before the Independent Ethics Commission<br>of the State of Colorado | *For Commission Use Only*<br>Received date: _____<br>Case. No.: _____ |

The Complainant is:  Christopher S.P. Gregory
                        (name)

Mailing Address:  The Gregory Law Firm, LLC

201 Coffman St., #1822

Longmont, CO 80502

Daytime telephone number:  970-648-0642

Email address: cspgregory@thegregorylawfirm.net

---

The Respondent is:  Ingrid C. Barrier
                      (name)

Mailing Address:  Colorado Department of Public Safety

700 Kipling, Suite 1000

Lakewood, CO 80215

Daytime telephone number:  _____

Email address: cdps_hr@state.co.us

---

When did the alleged violation occur:  Ongoing

---

Describe the specific acts or things complained of, with facts that provide a full understanding of the alleged violation(s).  If possible, cite the specific ethical standards alleged to have been violated and describe how the violation(s) occurred.  Use additional pages if necessary.  Attach any documentary evidence you wish to submit.

Please see attached statement of facts.

Description of acts or things complained of (continued):

Advisement regarding remedies and penalties:  Pursuant to Colo. Const. art. XXIX, § 6, a covered individual found to have breached the public trust for private gain is liable for double the amount of the financial equivalent of any benefits obtained by such actions.  The manner of recovery and additional penalties may be provided by law.  The Commission does not assess criminal penalties, award injunctive relief, or award damages to complainants.

I hereby acknowledge that the facts presented herein are true to the best of my knowledge, and I will cooperate in the process regarding this complaint and will appear at any proceeding of the Independent Ethics Commission if the complaint is scheduled for a hearing.

Signature: _____

Attorney (if applicable): Self-Represented _____

Dated at Longmont _____ (City), Colorado, this 4th _____ day of March , 20 26 .

Created by Article XXIX of the Colorado Constitution, the Independent Ethics Commission may review and hold hearings on matters falling within its jurisdiction as outlined in Article XXIX.

I filed a civil rights and Colorado False Claims Act (CFCA) retaliation lawsuit in U.S. District Court. *Gregory v. Colo. Jud. Discipline Rulemaking Comm., et al.*, 1:25-cv-03361-KHV (D. Colo.). In its simplest terms, *Gregory* alleges that the defendants have deprived me of my constitutional, statutory, and administrative rights to freely report judicial, attorney, and official misconduct without fear of retaliation. The most important remedies sought in *Gregory* are injunctive and equitable in nature, including my reinstatement as the Executive Director of the Colorado Commission on Judicial Discipline (the CCJD), the reformation of Colorado's judicial oversight entities, the invalidation of rulemaking, the prohibition against further use of appointment authority, and restitution to the State of Colorado for the reasonable attorney fees and costs publicly expended through the representation of the defendants in defense of misconduct that occurred in their individual capacities.

Notwithstanding the claim for restitution being pled in my Verified Complaint, consolidated and conflicted representation of the State of Colorado's interests and the personal interests of the individually named defendants has occurred through the Colorado Attorney General's Office. This persistent and conflicted representation combined with the defendants' avoidance of responding to the merits of *Gregory* has culminated in the entry of a default against all the defendants. *Gregory*, ECF Nos. 39, 39-1, 46; *See, e.g., Dickinson v. Lincoln Building Corp.*, 2015 COA 170M, ¶¶ 22-23 ("[A]n entry of default establishes a party's liability. . . An entry of default, however, is not an admission regarding damages."). I respectfully submit that the verified, and now effectively-admitted, misconduct of the various defendants is probable cause to suspect the crimes of Obstruction of Justice (18 U.S.C. § 1503), False Statements (18 U.S.C. § 1001), Obstruction of a Federal Audit (18 U.S.C. § 1516), Retaliation Against a Witness or Victim (§ 18-8-706, C.R.S.), and First Degree Official Misconduct (§ 18-8-404, C.R.S.). In particular, First Degree Official Misconduct is relevant to the defendants' persistent refusal to disqualify themselves from official functions which are intertwined with their personal interests. Moreover, the defendants have unlawfully relied upon the Colorado Attorney General's Office to perpetuate rather than investigate and prosecute the allegations of public fraud and corruption I alleged in *Gregory* and through complaints filed with the Colorado Office of the State Auditor's Fraud Hotline. The representation of the individually named defendants (including Attorney General Phil Weiser himself) through the public resources of the Colorado Attorney General's Office further meets the definition of "occupational fraud" under the Fraud Hotline statute, § 2-3-110.5(1)(d), C.R.S. and a "gift" as defined by Colo. Const. Art. 29, § 3(3). Court filings in *Gregory* are already part of the legislative record and can be found through the following links:

> 1/21/2026 Joint Judiciary Committee SMART Act Hearing for the Colorado Judicial Department--https://leg.colorado.gov/committee_meeting_hearing_summary/28660;

> 2/9/2026 Senate Judiciary Committee Conformation Hearing for the Appointment of former Senator Bob Gardner to the CCJD--https://leg.colorado.gov/committee_meeting_hearing_summary/28938; and

> 2/11/2026 Senate Judiciary Committee Hearing on SB26-084--https://leg.colorado.gov/committee_meeting_hearing_summary/29188.

In submitting this complaint, I am mindful of conflicts within the IEC that require disqualification of IEC Chair Sarah Mercer, IEC member Cyril Vidergar, and the IEC's General Counsel through the Colorado Attorney General's Office, Gina Cannan.  Chair Mercer was appointed to the IEC by defendant Justice Brian Boatright.  Chair Mercer previously worked as Counsel to Chief Justice Michael Bender and would have been involved in or a witness to the more than 25-year pattern of judicial misconduct alleged in *Gregory*, including the retaliatory firing of the Colorado Commission on Judicial Discipline's Executive Director Rick Wehmhoefer in 2008.  Chair Mercer is also employed as a partner at Brownstein Hyatt Farber Shreck, which represents Loveland developer McWhinney / Realberry.  IEC member Cyril Vidergar is currently employed as a Loveland Senior Assistant City Attorney.  In my role as Special Counsel to the City of Loveland, I publicly asserted my findings of probable cause to prosecute members and former members of the Loveland City Council for their violation of the civil Colorado Open Meetings Law and parallel criminal provisions in the Loveland Municipal Charter and Loveland Municipal Code.  My findings arose in connection with official misconduct that occurred when the involved Loveland City Council members opposed SB23-273 and approved an estimated 25-year, $155 million tax diversion as part of McWhinney's Centerra South Urban Renewal Authority.  More recently, McWhinney/Realberry founder Chad McWhinney's inclusion in the Epstein files has been reported in the press.  Noelle Philips, *Denver Developer Behind Union Station Project Identified in Epstein Files*, DENVER POST, February 12, 2026.  General Counsel Gina Cannan is a defendant in *Gregory* directly responsible for the retaliation that occurred against me when I was wrongfully terminated as Executive Director of the CCJD.

Beyond the conflicts that require disqualification within the IEC, I further note that IEC Vice-Chair Daniel Wolf concurrently serves as a member of the Fifth Judicial District Judicial Performance Commission.  The Performance Commission is statutorily charged with verifying defendant 5th Judicial District Judge Reid Owens' integrity as part of the 2026 judicial retention cycle.

As I have requested of Colorado State Auditor Kerri Hunter, the Colorado General Assembly, and the Denver County Court, it is appropriate for the IEC to formally refer the overall Colorado Judicial Scandal to conflict-free federal law enforcement and to exercise its discretion to directly appoint another state's attorney general to provide impartial legal representation and investigation support as a Special Assistant Attorney General according to § 24-31-111(5), C.R.S.  If the IEC arbitrarily refuses to recognize this complaint as non-frivolous under Colo. Const. Art. XXIX, § 5(3)(b), I will seek recourse in federal court.

Ingrid Barrier is employed as the Chief Human Resources Officer for the Colorado Department of Public Safety.  The IEC has jurisdictional authority over Ingrid Barrier according to Colo. Const. Art. XXIX, §§ 2 and 5(3)(a).

Independent Ethics Commission – Formal Complaint Form

Before the Independent Ethics Commission
of the State of Colorado

*For Commission Use Only*
Received date: _____
Case. No.:        _____

The Complainant is: Christopher S.P. Gregory
                                        (name)

Mailing Address: The Gregory Law Firm, LLC

201 Coffman St., #1822

Longmont, CO 80502

Daytime telephone number: 970-648-0642

Email address: cspgregory@thegregorylawfirm.net

The Respondent is: Katherine Brown
                                        (name)

Mailing Address: Colorado Department of Law

1300 Broadway, 10th Floor

Denver, CO 80203

Daytime telephone number: 720-508-6567

Email address: katherine.brown@coag.gov

When did the alleged violation occur: Ongoing

Describe the specific acts or things complained of, with facts that provide a full understanding of the alleged violation(s).  If possible, cite the specific ethical standards alleged to have been violated and describe how the violation(s) occurred.  Use additional pages if necessary.  Attach any documentary evidence you wish to submit.

Please see attached statement of facts.

Description of acts or things complained of (continued):

Advisement regarding remedies and penalties:  Pursuant to Colo. Const. art. XXIX, § 6, a covered individual found to have breached the public trust for private gain is liable for double the amount of the financial equivalent of any benefits obtained by such actions.  The manner of recovery and additional penalties may be provided by law.  The Commission does not assess criminal penalties, award injunctive relief, or award damages to complainants.

I hereby acknowledge that the facts presented herein are true to the best of my knowledge, and I will cooperate in the process regarding this complaint and will appear at any proceeding of the Independent Ethics Commission if the complaint is scheduled for a hearing.

Signature: _____

Attorney (if applicable): Self-Represented _____

Dated at Longmont _____ (City), Colorado, this 4th _____ day of March , 20 26 .

Created by Article XXIX of the Colorado Constitution, the Independent Ethics Commission may review and hold hearings on matters falling within its jurisdiction as outlined in Article XXIX.

I have filed a civil rights and Colorado False Claims Act (CFCA) retaliation lawsuit in U.S. District Court. *Gregory v. Colo. Jud. Discipline Rulemaking Comm., et al.*, 1:25-cv-03361-KHV (D. Colo.). In its simplest terms, *Gregory* alleges that the defendants have deprived me of my constitutional, statutory, and administrative rights to freely report judicial, attorney, and official misconduct without fear of retaliation. The most important remedies sought in *Gregory* are injunctive and equitable in nature, including my reinstatement as the Executive Director of the Colorado Commission on Judicial Discipline (the CCJD), the reformation of Colorado's judicial oversight entities, the invalidation of rulemaking, the prohibition against further use of appointment authority, and restitution to the State of Colorado for the reasonable attorney fees and costs publicly expended through the representation of the defendants in defense of misconduct that occurred in their individual capacities.

Notwithstanding the claim for restitution being pled in my Verified Complaint, consolidated and conflicted representation of the State of Colorado's interests and the personal interests of the individually named defendants has occurred through the Colorado Attorney General's Office. This persistent and conflicted representation combined with the defendants' avoidance of responding to the merits of *Gregory* has culminated in the entry of a default against all the defendants. *Gregory*, ECF Nos. 39, 39-1, 46; *See, e.g., Dickinson v. Lincoln Building Corp.*, 2015 COA 170M, ¶¶ 22-23 ("[A]n entry of default establishes a party's liability. . . An entry of default, however, is not an admission regarding damages."). I respectfully submit that the verified, and now effectively-admitted, misconduct of the various defendants is probable cause to suspect the crimes of Obstruction of Justice (18 U.S.C. § 1503), False Statements (18 U.S.C. § 1001), Obstruction of a Federal Audit (18 U.S.C. § 1516), Retaliation Against a Witness or Victim (§ 18-8-706, C.R.S.), and First Degree Official Misconduct (§ 18-8-404, C.R.S.).

In particular, First Degree Official Misconduct is relevant to the defendants' persistent refusal to disqualify themselves from official functions which are intertwined with their personal interests. Moreover, the defendants have unlawfully relied upon the Colorado Attorney General's Office to perpetuate rather than investigate and prosecute the allegations of public fraud and corruption I alleged in *Gregory* and through complaints filed with the Colorado Office of the State Auditor's Fraud Hotline. The representation of the individually named defendants (including Attorney General Phil Weiser himself) through the public resources of the Colorado Attorney General's Office further meets the definition of "occupational fraud" under the Fraud Hotline statute, § 2-3-110.5(1)(d), C.R.S. and a "gift" as defined by Colo. Const. Art. 29, § 3(3). Court filings in *Gregory* are already part of the legislative record and can be found through the following links:

> 1/21/2026 Joint Judiciary Committee SMART Act Hearing for the Colorado Judicial Department--https://leg.colorado.gov/committee_meeting_hearing_summary/28660;

> 2/9/2026 Senate Judiciary Committee Conformation Hearing for the Appointment of former Senator Bob Gardner to the CCJD-- https://leg.colorado.gov/committee_meeting_hearing_summary/28938; and

> 2/11/2026 Senate Judiciary Committee Hearing on SB26-084-- https://leg.colorado.gov/committee_meeting_hearing_summary/29188.

In submitting this complaint, I am mindful of conflicts within the IEC that require disqualification of IEC Chair Sarah Mercer, IEC member Cyril Vidergar, and the IEC's General Counsel through the Colorado Attorney General's Office, Gina Cannan. Chair Mercer was appointed to the IEC by defendant Justice Brian Boatright. Chair Mercer previously worked as Counsel to Chief Justice Michael Bender and would have been involved in or a witness to the more than 25-year pattern of judicial misconduct alleged in *Gregory*, including the retaliatory firing of the Colorado Commission on Judicial Discipline's Executive Director Rick Wehmhoefer in 2008. Chair Mercer is also employed as a partner at Brownstein Hyatt Farber Shreck, which represents Loveland developer McWhinney / Realberry. IEC member Cyril Vidergar is currently employed as a Loveland Senior Assistant City Attorney. In my role as Special Counsel to the City of Loveland, I publicly asserted my findings of probable cause to prosecute members and former members of the Loveland City Council for their violation of the civil Colorado Open Meetings Law and parallel criminal provisions in the Loveland Municipal Charter and Loveland Municipal Code. My findings arose in connection with official misconduct that occurred when the involved Loveland City Council members opposed SB23-273 and approved an estimated 25-year, $155 million tax diversion as part of McWhinney's Centerra South Urban Renewal Authority. More recently, McWhinney/Realberry founder Chad McWhinney's inclusion in the Epstein files has been reported in the press. Noelle Philips, *Denver Developer Behind Union Station Project Identified in Epstein Files*, DENVER POST, February 12, 2026. General Counsel Gina Cannan is a defendant in *Gregory* directly responsible for the retaliation that occurred against me when I was wrongfully terminated as Executive Director of the CCJD.

Beyond the conflicts that require disqualification within the IEC, I further note that IEC Vice-Chair Daniel Wolf concurrently serves as a member of the Fifth Judicial District Judicial Performance Commission. The Performance Commission is statutorily charged with verifying defendant 5th Judicial District Judge Reid Owens' integrity as part of the 2026 judicial retention cycle.

As I have requested of Colorado State Auditor Kerri Hunter, the Colorado General Assembly, and the Denver County Court, it is appropriate for the IEC to formally refer the overall Colorado Judicial Scandal to conflict-free federal law enforcement and to exercise its discretion to directly appoint another state's attorney general to provide impartial legal representation and investigation support as a Special Assistant Attorney General according to § 24-31-111(5), C.R.S. If the IEC arbitrarily refuses to recognize this complaint as non-frivolous under Colo. Const. Art. XXIX, § 5(3)(b), I will seek recourse in federal court.

Katherine Brown is employed as a First Assistant Attorney General at the Colorado Department of Law and is counsel of record in Case No. 1:25-cv-03361-KHV. The IEC has jurisdictional authority over Katherine Brown according to Colo. Const. Art. XXIX, §§ 2 and 5(3)(a).

| Independent Ethics Commission – Formal Complaint Form |
|---|

| Before the Independent Ethics Commission<br>of the State of Colorado | *For Commission Use Only*<br>Received date: _____<br>Case. No.:      _____ |

The Complainant is:    Christopher S.P. Gregory
                        _____
                        (name)

Mailing Address:    The Gregory Law Firm, LLC
                    _____
                    201 Coffman St., #1822
                    _____
                    Longmont, CO 80502
                    _____

Daytime telephone number:    970-648-0642
                             _____

Email address: cspgregory@thegregorylawfirm.net
               _____

The Respondent is:    Gina Cannan
                      _____
                      (name)

Mailing Address:    Colorado Department of Law
                    _____
                    1300 Broadway, 10th Floor
                    _____
                    Denver, CO 80203
                    _____

Daytime telephone number:    720-506-6000
                             _____

Email address: gina.cannan@coag.gov
               _____

When did the alleged violation occur: Ongoing
                                      _____

Describe the specific acts or things complained of, with facts that provide a full understanding of the alleged violation(s).  If possible, cite the specific ethical standards alleged to have been violated and describe how the violation(s) occurred.  Use additional pages if necessary.  Attach any documentary evidence you wish to submit.

Please see attached statement of facts.

Description of acts or things complained of (continued):

Advisement regarding remedies and penalties:  Pursuant to Colo. Const. art. XXIX, § 6, a covered individual found to have breached the public trust for private gain is liable for double the amount of the financial equivalent of any benefits obtained by such actions.  The manner of recovery and additional penalties may be provided by law.  The Commission does not assess criminal penalties, award injunctive relief, or award damages to complainants.

I hereby acknowledge that the facts presented herein are true to the best of my knowledge, and I will cooperate in the process regarding this complaint and will appear at any proceeding of the Independent Ethics Commission if the complaint is scheduled for a hearing.

Signature: _____

Attorney (if applicable): Self-Represented _____

Dated at Longmont _____ (City), Colorado, this 4th _____ day of March , 20 26 .

Created by Article XXIX of the Colorado Constitution, the Independent Ethics Commission may review and hold hearings on matters falling within its jurisdiction as outlined in Article XXIX.

I have filed a civil rights and Colorado False Claims Act (CFCA) retaliation lawsuit in U.S. District Court. *Gregory v. Colo. Jud. Discipline Rulemaking Comm., et al.*, 1:25-cv-03361-KHV (D. Colo.). In its simplest terms, *Gregory* alleges that the defendants have deprived me of my constitutional, statutory, and administrative rights to freely report judicial, attorney, and official misconduct without fear of retaliation. The most important remedies sought in *Gregory* are injunctive and equitable in nature, including my reinstatement as the Executive Director of the Colorado Commission on Judicial Discipline (the CCJD), the reformation of Colorado's judicial oversight entities, the invalidation of rulemaking, the prohibition against further use of appointment authority, and restitution to the State of Colorado for the reasonable attorney fees and costs publicly expended through the representation of the defendants in defense of misconduct that occurred in their individual capacities.

Notwithstanding the claim for restitution being pled in my Verified Complaint, consolidated and conflicted representation of the State of Colorado's interests and the personal interests of the individually named defendants has occurred through the Colorado Attorney General's Office. This persistent and conflicted representation combined with the defendants' avoidance of responding to the merits of *Gregory* has culminated in the entry of a default against all the defendants. *Gregory*, ECF Nos. 39, 39-1, 46; *See, e.g., Dickinson v. Lincoln Building Corp.*, 2015 COA 170M, ¶¶ 22-23 ("[A]n entry of default establishes a party's liability. . . An entry of default, however, is not an admission regarding damages."). I respectfully submit that the verified, and now effectively-admitted, misconduct of the various defendants is probable cause to suspect the crimes of Obstruction of Justice (18 U.S.C. § 1503), False Statements (18 U.S.C. § 1001), Obstruction of a Federal Audit (18 U.S.C. § 1516), Retaliation Against a Witness or Victim (§ 18-8-706, C.R.S.), and First Degree Official Misconduct (§ 18-8-404, C.R.S.).

In particular, First Degree Official Misconduct is relevant to the defendants' persistent refusal to disqualify themselves from official functions which are intertwined with their personal interests. Moreover, the defendants have unlawfully relied upon the Colorado Attorney General's Office to perpetuate rather than investigate and prosecute the allegations of public fraud and corruption I alleged in *Gregory* and through complaints filed with the Colorado Office of the State Auditor's Fraud Hotline. The representation of the individually named defendants (including Attorney General Phil Weiser himself) through the public resources of the Colorado Attorney General's Office further meets the definition of "occupational fraud" under the Fraud Hotline statute, § 2-3-110.5(1)(d), C.R.S. and a "gift" as defined by Colo. Const. Art. 29, § 3(3). Court filings in *Gregory* are already part of the legislative record and can be found through the following links:

> 1/21/2026 Joint Judiciary Committee SMART Act Hearing for the Colorado Judicial Department--https://leg.colorado.gov/committee_meeting_hearing_summary/28660;
>
> 2/9/2026 Senate Judiciary Committee Conformation Hearing for the Appointment of former Senator Bob Gardner to the CCJD--https://leg.colorado.gov/committee_meeting_hearing_summary/28938; and
>
> 2/11/2026 Senate Judiciary Committee Hearing on SB26-084--https://leg.colorado.gov/committee_meeting_hearing_summary/29188.

In submitting this complaint, I am mindful of conflicts within the IEC that require disqualification of IEC Chair Sarah Mercer, IEC member Cyril Vidergar, and the IEC's General Counsel through the Colorado Attorney General's Office, Gina Cannan.  Chair Mercer was appointed to the IEC by defendant Justice Brian Boatright.  Chair Mercer previously worked as Counsel to Chief Justice Michael Bender and would have been involved in or a witness to the more than 25-year pattern of judicial misconduct alleged in *Gregory*, including the retaliatory firing of the Colorado Commission on Judicial Discipline's Executive Director Rick Wehmhoefer in 2008.  Chair Mercer is also employed as a partner at Brownstein Hyatt Farber Shreck, which represents Loveland developer McWhinney / Realberry.  IEC member Cyril Vidergar is currently employed as a Loveland Senior Assistant City Attorney.  In my role as Special Counsel to the City of Loveland, I publicly asserted my findings of probable cause to prosecute members and former members of the Loveland City Council for their violation of the civil Colorado Open Meetings Law and parallel criminal provisions in the Loveland Municipal Charter and Loveland Municipal Code.  My findings arose in connection with official misconduct that occurred when the involved Loveland City Council members opposed SB23-273 and approved an estimated 25-year, $155 million tax diversion as part of McWhinney's Centerra South Urban Renewal Authority.  More recently, McWhinney/Realberry founder Chad McWhinney's inclusion in the Epstein files has been reported in the press.  Noelle Philips, *Denver Developer Behind Union Station Project Identified in Epstein Files*, DENVER POST, February 12, 2026.  General Counsel Gina Cannan is a defendant in *Gregory* directly responsible for the retaliation that occurred against me when I was wrongfully terminated as Executive Director of the CCJD.

Beyond the conflicts that require disqualification within the IEC, I further note that IEC Vice-Chair Daniel Wolf concurrently serves as a member of the Fifth Judicial District Judicial Performance Commission.  The Performance Commission is statutorily charged with verifying defendant 5th Judicial District Judge Reid Owens' integrity as part of the 2026 judicial retention cycle.

As I have requested of Colorado State Auditor Kerri Hunter, the Colorado General Assembly, and the Denver County Court, it is appropriate for the IEC to formally refer the overall Colorado Judicial Scandal to conflict-free federal law enforcement and to exercise its discretion to directly appoint another state's attorney general to provide impartial legal representation and investigation support as a Special Assistant Attorney General according to § 24-31-111(5), C.R.S.  If the IEC arbitrarily refuses to recognize this complaint as non-frivolous under Colo. Const. Art. XXIX, § 5(3)(b), I will seek recourse in federal court.

Gina Cannan is employed as a Senior Assistant Attorney General within the Colorado Department of Law.  The IEC has jurisdictional authority over Gina Cannan according to Colo. Const. Art. XXIX, §§ 2 and 5(3)(a).

Independent Ethics Commission – Formal Complaint Form

| | |
|---|---|
| Before the Independent Ethics Commission<br>of the State of Colorado | *For Commission Use Only*<br>Received date: _____<br>Case. No.:       _____ |

The Complainant is:  Christopher S.P. Gregory
<div align="center">(name)</div>

Mailing Address:  The Gregory Law Firm, LLC

201 Coffman St., #1822

Longmont, CO 80502

Daytime telephone number:  970-648-0642

Email address: cspgregory@thegregorylawfirm.net

The Respondent is:  James Carpenter
<div align="center">(name)</div>

Mailing Address:  Freestone Strategies, LLC

1415 Park Ave. West

Denver, CO 80205

Daytime telephone number:  720-346-4669

Email address: jim@freestone-strategies.com

When did the alleged violation occur:  Ongoing

Describe the specific acts or things complained of, with facts that provide a full understanding of the alleged violation(s). If possible, cite the specific ethical standards alleged to have been violated and describe how the violation(s) occurred. Use additional pages if necessary. Attach any documentary evidence you wish to submit.

Please see attached statement of facts.

Description of acts or things complained of (continued):

Advisement regarding remedies and penalties:  Pursuant to Colo. Const. art. XXIX, § 6, a covered individual found to have breached the public trust for private gain is liable for double the amount of the financial equivalent of any benefits obtained by such actions.  The manner of recovery and additional penalties may be provided by law.  The Commission does not assess criminal penalties, award injunctive relief, or award damages to complainants.

I hereby acknowledge that the facts presented herein are true to the best of my knowledge, and I will cooperate in the process regarding this complaint and will appear at any proceeding of the Independent Ethics Commission if the complaint is scheduled for a hearing.

Signature: _____

Attorney (if applicable): Self-Represented _____

Dated at Longmont _____ (City), Colorado, this 4th _____ day of March , 20 26 .

Created by Article XXIX of the Colorado Constitution, the Independent Ethics Commission may review and hold hearings on matters falling within its jurisdiction as outlined in Article XXIX.

I have filed a civil rights and Colorado False Claims Act (CFCA) retaliation lawsuit in U.S. District Court. *Gregory v. Colo. Jud. Discipline Rulemaking Comm., et al.*, 1:25-cv-03361-KHV (D. Colo.). In its simplest terms, *Gregory* alleges that the defendants have deprived me of my constitutional, statutory, and administrative rights to freely report judicial, attorney, and official misconduct without fear of retaliation. The most important remedies sought in *Gregory* are injunctive and equitable in nature, including my reinstatement as the Executive Director of the Colorado Commission on Judicial Discipline (the CCJD), the reformation of Colorado's judicial oversight entities, the invalidation of rulemaking, the prohibition against further use of appointment authority, and restitution to the State of Colorado for the reasonable attorney fees and costs publicly expended through the representation of the defendants in defense of misconduct that occurred in their individual capacities.

Notwithstanding the claim for restitution being pled in my Verified Complaint, consolidated and conflicted representation of the State of Colorado's interests and the personal interests of the individually named defendants has occurred through the Colorado Attorney General's Office. This persistent and conflicted representation combined with the defendants' avoidance of responding to the merits of *Gregory* has culminated in the entry of a default against all the defendants. *Gregory*, ECF Nos. 39, 39-1, 46; *See, e.g., Dickinson v. Lincoln Building Corp.*, 2015 COA 170M, ¶¶ 22-23 ("[A]n entry of default establishes a party's liability. . . An entry of default, however, is not an admission regarding damages."). I respectfully submit that the verified, and now effectively-admitted, misconduct of the various defendants is probable cause to suspect the crimes of Obstruction of Justice (18 U.S.C. § 1503), False Statements (18 U.S.C. § 1001), Obstruction of a Federal Audit (18 U.S.C. § 1516), Retaliation Against a Witness or Victim (§ 18-8-706, C.R.S.), and First Degree Official Misconduct (§ 18-8-404, C.R.S.).

In particular, First Degree Official Misconduct is relevant to the defendants' persistent refusal to disqualify themselves from official functions which are intertwined with their personal interests. Moreover, the defendants have unlawfully relied upon the Colorado Attorney General's Office to perpetuate rather than investigate and prosecute the allegations of public fraud and corruption I alleged in *Gregory* and through complaints filed with the Colorado Office of the State Auditor's Fraud Hotline. The representation of the individually named defendants (including Attorney General Phil Weiser himself) through the public resources of the Colorado Attorney General's Office further meets the definition of "occupational fraud" under the Fraud Hotline statute, § 2-3-110.5(1)(d), C.R.S. and a "gift" as defined by Colo. Const. Art. 29, § 3(3). Court filings in *Gregory* are already part of the legislative record and can be found through the following links:

> 1/21/2026 Joint Judiciary Committee SMART Act Hearing for the Colorado Judicial Department--https://leg.colorado.gov/committee_meeting_hearing_summary/28660;

> 2/9/2026 Senate Judiciary Committee Conformation Hearing for the Appointment of former Senator Bob Gardner to the CCJD-- https://leg.colorado.gov/committee_meeting_hearing_summary/28938; and

> 2/11/2026 Senate Judiciary Committee Hearing on SB26-084-- https://leg.colorado.gov/committee_meeting_hearing_summary/29188.

In submitting this complaint, I am mindful of conflicts within the IEC that require disqualification of IEC Chair Sarah Mercer, IEC member Cyril Vidergar, and the IEC's General Counsel through the Colorado Attorney General's Office, Gina Cannan.  Chair Mercer was appointed to the IEC by defendant Justice Brian Boatright.  Chair Mercer previously worked as Counsel to Chief Justice Michael Bender and would have been involved in or a witness to the more than 25-year pattern of judicial misconduct alleged in *Gregory*, including the retaliatory firing of the Colorado Commission on Judicial Discipline's Executive Director Rick Wehmhoefer in 2008.  Chair Mercer is also employed as a partner at Brownstein Hyatt Farber Shreck, which represents Loveland developer McWhinney / Realberry.  IEC member Cyril Vidergar is currently employed as a Loveland Senior Assistant City Attorney.  In my role as Special Counsel to the City of Loveland, I publicly asserted my findings of probable cause to prosecute members and former members of the Loveland City Council for their violation of the civil Colorado Open Meetings Law and parallel criminal provisions in the Loveland Municipal Charter and Loveland Municipal Code.  My findings arose in connection with official misconduct that occurred when the involved Loveland City Council members opposed SB23-273 and approved an estimated 25-year, $155 million tax diversion as part of McWhinney's Centerra South Urban Renewal Authority.  More recently, McWhinney/Realberry founder Chad McWhinney's inclusion in the Epstein files has been reported in the press.  Noelle Philips, *Denver Developer Behind Union Station Project Identified in Epstein Files*, DENVER POST, February 12, 2026.  General Counsel Gina Cannan is a defendant in *Gregory* directly responsible for the retaliation that occurred against me when I was wrongfully terminated as Executive Director of the CCJD.

Beyond the conflicts that require disqualification within the IEC, I further note that IEC Vice-Chair Daniel Wolf concurrently serves as a member of the Fifth Judicial District Judicial Performance Commission.  The Performance Commission is statutorily charged with verifying defendant 5th Judicial District Judge Reid Owens' integrity as part of the 2026 judicial retention cycle.

As I have requested of Colorado State Auditor Kerri Hunter, the Colorado General Assembly, and the Denver County Court, it is appropriate for the IEC to formally refer the overall Colorado Judicial Scandal to conflict-free federal law enforcement and to exercise its discretion to directly appoint another state's attorney general to provide impartial legal representation and investigation support as a Special Assistant Attorney General according to § 24-31-111(5), C.R.S.  If the IEC arbitrarily refuses to recognize this complaint as non-frivolous under Colo. Const. Art. XXIX, § 5(3)(b), I will seek recourse in federal court.

James Carpenter is a professional lobbyist through his business Freestone Strategies, LLC.  The IEC has jurisdictional authority over James Carpenter according to Colo. Const. Art. XXIX, §§ 2 and 3.

Independent Ethics Commission – Formal Complaint Form

Before the Independent Ethics Commission
of the State of Colorado

*For Commission Use Only*
Received date: _____
Case. No.: _____

The Complainant is: Christopher S.P. Gregory
(name)

Mailing Address: The Gregory Law Firm, LLC

201 Coffman St., #1822

Longmont, CO 80502

Daytime telephone number: 970-648-0642

Email address: cspgregory@thegregorylawfirm.net

The Respondent is: Dan Combs
(name)

Mailing Address: Colorado Department of Law

1300 Broadway, 10th Floor

Denver, CO 80203

Daytime telephone number: 720-508-6625

Email address: dan.combs@coag.gov

When did the alleged violation occur: Ongoing

Describe the specific acts or things complained of, with facts that provide a full understanding of the alleged violation(s).  If possible, cite the specific ethical standards alleged to have been violated and describe how the violation(s) occurred.  Use additional pages if necessary.  Attach any documentary evidence you wish to submit.

Please see attached statement of facts.

Description of acts or things complained of (continued):

Advisement regarding remedies and penalties:  Pursuant to Colo. Const. art. XXIX, § 6, a covered individual found to have breached the public trust for private gain is liable for double the amount of the financial equivalent of any benefits obtained by such actions.  The manner of recovery and additional penalties may be provided by law.  The Commission does not assess criminal penalties, award injunctive relief, or award damages to complainants.

I hereby acknowledge that the facts presented herein are true to the best of my knowledge, and I will cooperate in the process regarding this complaint and will appear at any proceeding of the Independent Ethics Commission if the complaint is scheduled for a hearing.

Signature: _____

Attorney (if applicable): Self-Represented _____

Dated at Longmont _____ (City), Colorado, this 4th _____ day of March _____, 20 26 __.

Created by Article XXIX of the Colorado Constitution, the Independent Ethics Commission may review and hold hearings on matters falling within its jurisdiction as outlined in Article XXIX.

I have filed a civil rights and Colorado False Claims Act (CFCA) retaliation lawsuit in U.S. District Court. *Gregory v. Colo. Jud. Discipline Rulemaking Comm., et al.*, 1:25-cv-03361-KHV (D. Colo.). In its simplest terms, *Gregory* alleges that the defendants have deprived me of my constitutional, statutory, and administrative rights to freely report judicial, attorney, and official misconduct without fear of retaliation. The most important remedies sought in *Gregory* are injunctive and equitable in nature, including my reinstatement as the Executive Director of the Colorado Commission on Judicial Discipline (the CCJD), the reformation of Colorado's judicial oversight entities, the invalidation of rulemaking, the prohibition against further use of appointment authority, and restitution to the State of Colorado for the reasonable attorney fees and costs publicly expended through the representation of the defendants in defense of misconduct that occurred in their individual capacities.

Notwithstanding the claim for restitution being pled in my Verified Complaint, consolidated and conflicted representation of the State of Colorado's interests and the personal interests of the individually named defendants has occurred through the Colorado Attorney General's Office. This persistent and conflicted representation combined with the defendants' avoidance of responding to the merits of *Gregory* has culminated in the entry of a default against all the defendants. *Gregory*, ECF Nos. 39, 39-1, 46; *See, e.g., Dickinson v. Lincoln Building Corp.*, 2015 COA 170M, ¶¶ 22-23 ("[A]n entry of default establishes a party's liability. . . An entry of default, however, is not an admission regarding damages."). I respectfully submit that the verified, and now effectively-admitted, misconduct of the various defendants is probable cause to suspect the crimes of Obstruction of Justice (18 U.S.C. § 1503), False Statements (18 U.S.C. § 1001), Obstruction of a Federal Audit (18 U.S.C. § 1516), Retaliation Against a Witness or Victim (§ 18-8-706, C.R.S.), and First Degree Official Misconduct (§ 18-8-404, C.R.S.).

In particular, First Degree Official Misconduct is relevant to the defendants' persistent refusal to disqualify themselves from official functions which are intertwined with their personal interests. Moreover, the defendants have unlawfully relied upon the Colorado Attorney General's Office to perpetuate rather than investigate and prosecute the allegations of public fraud and corruption I alleged in *Gregory* and through complaints filed with the Colorado Office of the State Auditor's Fraud Hotline. The representation of the individually named defendants (including Attorney General Phil Weiser himself) through the public resources of the Colorado Attorney General's Office further meets the definition of "occupational fraud" under the Fraud Hotline statute, § 2-3-110.5(1)(d), C.R.S. and a "gift" as defined by Colo. Const. Art. 29, § 3(3). Court filings in *Gregory* are already part of the legislative record and can be found through the following links:

> 1/21/2026 Joint Judiciary Committee SMART Act Hearing for the Colorado Judicial Department--https://leg.colorado.gov/committee_meeting_hearing_summary/28660;
>
> 2/9/2026 Senate Judiciary Committee Conformation Hearing for the Appointment of former Senator Bob Gardner to the CCJD--https://leg.colorado.gov/committee_meeting_hearing_summary/28938; and
>
> 2/11/2026 Senate Judiciary Committee Hearing on SB26-084--https://leg.colorado.gov/committee_meeting_hearing_summary/29188.

In submitting this complaint, I am mindful of conflicts within the IEC that require disqualification of IEC Chair Sarah Mercer, IEC member Cyril Vidergar, and the IEC's General Counsel through the Colorado Attorney General's Office, Gina Cannan.  Chair Mercer was appointed to the IEC by defendant Justice Brian Boatright.  Chair Mercer previously worked as Counsel to Chief Justice Michael Bender and would have been involved in or a witness to the more than 25-year pattern of judicial misconduct alleged in *Gregory*, including the retaliatory firing of the Colorado Commission on Judicial Discipline's Executive Director Rick Wehmhoefer in 2008.  Chair Mercer is also employed as a partner at Brownstein Hyatt Farber Shreck, which represents Loveland developer McWhinney / Realberry.  IEC member Cyril Vidergar is currently employed as a Loveland Senior Assistant City Attorney.  In my role as Special Counsel to the City of Loveland, I publicly asserted my findings of probable cause to prosecute members and former members of the Loveland City Council for their violation of the civil Colorado Open Meetings Law and parallel criminal provisions in the Loveland Municipal Charter and Loveland Municipal Code.  My findings arose in connection with official misconduct that occurred when the involved Loveland City Council members opposed SB23-273 and approved an estimated 25-year, $155 million tax diversion as part of McWhinney's Centerra South Urban Renewal Authority.  More recently, McWhinney/Realberry founder Chad McWhinney's inclusion in the Epstein files has been reported in the press.  Noelle Philips, *Denver Developer Behind Union Station Project Identified in Epstein Files*, DENVER POST, February 12, 2026.  General Counsel Gina Cannan is a defendant in *Gregory* directly responsible for the retaliation that occurred against me when I was wrongfully terminated as Executive Director of the CCJD.

Beyond the conflicts that require disqualification within the IEC, I further note that IEC Vice-Chair Daniel Wolf concurrently serves as a member of the Fifth Judicial District Judicial Performance Commission.  The Performance Commission is statutorily charged with verifying defendant 5th Judicial District Judge Reid Owens' integrity as part of the 2026 judicial retention cycle.

As I have requested of Colorado State Auditor Kerri Hunter, the Colorado General Assembly, and the Denver County Court, it is appropriate for the IEC to formally refer the overall Colorado Judicial Scandal to conflict-free federal law enforcement and to exercise its discretion to directly appoint another state's attorney general to provide impartial legal representation and investigation support as a Special Assistant Attorney General according to § 24-31-111(5), C.R.S.  If the IEC arbitrarily refuses to recognize this complaint as non-frivolous under Colo. Const. Art. XXIX, § 5(3)(b), I will seek recourse in federal court.

Dan Combs is employed as a First Assistant Attorney General at the Colorado Department of Law and is counsel of record in Case No. 1:25-cv-03361-KHV.  The IEC has jurisdictional authority over Dan Combs according to Colo. Const. Art. XXIX, §§ 2 and 5(3)(a).

| Independent Ethics Commission – Formal Complaint Form |
|---|

| Before the Independent Ethics Commission<br>of the State of Colorado | *For Commission Use Only*<br>Received date: _____<br>Case. No.:     _____ |
|---|---|

The Complainant is:     Christopher S.P. Gregory
                                    (name)
Mailing Address:     The Gregory Law Firm, LLC

                              201 Coffman St., #1822

                              Longmont, CO 80502

Daytime telephone number:     970-648-0642

Email address: cspgregory@thegregorylawfirm.net

---

The Respondent is:     Michael Dougherty
                                (name)
Mailing Address:     20th Judicial District Attorney's Office

                              P.O. Box 471

                              Boulder, CO 80306

Daytime telephone number:     303-441-3700

Email address: boulderda@bouldercounty.gov

---

When did the alleged violation occur:     Ongoing

---

Describe the specific acts or things complained of, with facts that provide a full understanding of the alleged violation(s). If possible, cite the specific ethical standards alleged to have been violated and describe how the violation(s) occurred. Use additional pages if necessary. Attach any documentary evidence you wish to submit.

Please see attached statement of facts.

Description of acts or things complained of (continued):

Advisement regarding remedies and penalties:  Pursuant to Colo. Const. art. XXIX, § 6, a covered individual found to have breached the public trust for private gain is liable for double the amount of the financial equivalent of any benefits obtained by such actions.  The manner of recovery and additional penalties may be provided by law.  The Commission does not assess criminal penalties, award injunctive relief, or award damages to complainants.

I hereby acknowledge that the facts presented herein are true to the best of my knowledge, and I will cooperate in the process regarding this complaint and will appear at any proceeding of the Independent Ethics Commission if the complaint is scheduled for a hearing.

Signature: _____

Attorney (if applicable): Self-Represented _____

Dated at Longmont _____ (City), Colorado, this 4th _____ day of March , 20 26 .

Created by Article XXIX of the Colorado Constitution, the Independent Ethics Commission may review and hold hearings on matters falling within its jurisdiction as outlined in Article XXIX.

I have filed a civil rights and Colorado False Claims Act (CFCA) retaliation lawsuit in U.S. District Court. *Gregory v. Colo. Jud. Discipline Rulemaking Comm., et al.*, 1:25-cv-03361-KHV (D. Colo.). In its simplest terms, *Gregory* alleges that the defendants have deprived me of my constitutional, statutory, and administrative rights to freely report judicial, attorney, and official misconduct without fear of retaliation. The most important remedies sought in *Gregory* are injunctive and equitable in nature, including my reinstatement as the Executive Director of the Colorado Commission on Judicial Discipline (the CCJD), the reformation of Colorado's judicial oversight entities, the invalidation of rulemaking, the prohibition against further use of appointment authority, and restitution to the State of Colorado for the reasonable attorney fees and costs publicly expended through the representation of the defendants in defense of misconduct that occurred in their individual capacities.

Notwithstanding the claim for restitution being pled in my Verified Complaint, consolidated and conflicted representation of the State of Colorado's interests and the personal interests of the individually named defendants has occurred through the Colorado Attorney General's Office. This persistent and conflicted representation combined with the defendants' avoidance of responding to the merits of *Gregory* has culminated in the entry of a default against all the defendants. *Gregory*, ECF Nos. 39, 39-1, 46; *See, e.g., Dickinson v. Lincoln Building Corp.*, 2015 COA 170M, ¶¶ 22-23 ("[A]n entry of default establishes a party's liability. . . An entry of default, however, is not an admission regarding damages."). I respectfully submit that the verified, and now effectively-admitted, misconduct of the various defendants is probable cause to suspect the crimes of Obstruction of Justice (18 U.S.C. § 1503), False Statements (18 U.S.C. § 1001), Obstruction of a Federal Audit (18 U.S.C. § 1516), Retaliation Against a Witness or Victim (§ 18-8-706, C.R.S.), and First Degree Official Misconduct (§ 18-8-404, C.R.S.).

In particular, First Degree Official Misconduct is relevant to the defendants' persistent refusal to disqualify themselves from official functions which are intertwined with their personal interests. Moreover, the defendants have unlawfully relied upon the Colorado Attorney General's Office to perpetuate rather than investigate and prosecute the allegations of public fraud and corruption I alleged in *Gregory* and through complaints filed with the Colorado Office of the State Auditor's Fraud Hotline. The representation of the individually named defendants (including Attorney General Phil Weiser himself) through the public resources of the Colorado Attorney General's Office further meets the definition of "occupational fraud" under the Fraud Hotline statute, § 2-3-110.5(1)(d), C.R.S. and a "gift" as defined by Colo. Const. Art. 29, § 3(3). Court filings in *Gregory* are already part of the legislative record and can be found through the following links:

> 1/21/2026 Joint Judiciary Committee SMART Act Hearing for the Colorado Judicial Department--https://leg.colorado.gov/committee_meeting_hearing_summary/28660;

> 2/9/2026 Senate Judiciary Committee Conformation Hearing for the Appointment of former Senator Bob Gardner to the CCJD--
> https://leg.colorado.gov/committee_meeting_hearing_summary/28938; and

> 2/11/2026 Senate Judiciary Committee Hearing on SB26-084--
> https://leg.colorado.gov/committee_meeting_hearing_summary/29188.

In submitting this complaint, I am mindful of conflicts within the IEC that require disqualification of IEC Chair Sarah Mercer, IEC member Cyril Vidergar, and the IEC's General Counsel through the Colorado Attorney General's Office, Gina Cannan.  Chair Mercer was appointed to the IEC by defendant Justice Brian Boatright.  Chair Mercer previously worked as Counsel to Chief Justice Michael Bender and would have been involved in or a witness to the more than 25-year pattern of judicial misconduct alleged in *Gregory*, including the retaliatory firing of the Colorado Commission on Judicial Discipline's Executive Director Rick Wehmhoefer in 2008.  Chair Mercer is also employed as a partner at Brownstein Hyatt Farber Shreck, which represents Loveland developer McWhinney / Realberry.  IEC member Cyril Vidergar is currently employed as a Loveland Senior Assistant City Attorney.  In my role as Special Counsel to the City of Loveland, I publicly asserted my findings of probable cause to prosecute members and former members of the Loveland City Council for their violation of the civil Colorado Open Meetings Law and parallel criminal provisions in the Loveland Municipal Charter and Loveland Municipal Code.  My findings arose in connection with official misconduct that occurred when the involved Loveland City Council members opposed SB23-273 and approved an estimated 25-year, $155 million tax diversion as part of McWhinney's Centerra South Urban Renewal Authority.  More recently, McWhinney/Realberry founder Chad McWhinney's inclusion in the Epstein files has been reported in the press.  Noelle Philips, *Denver Developer Behind Union Station Project Identified in Epstein Files*, DENVER POST, February 12, 2026.  General Counsel Gina Cannan is a defendant in *Gregory* directly responsible for the retaliation that occurred against me when I was wrongfully terminated as Executive Director of the CCJD.

Beyond the conflicts that require disqualification within the IEC, I further note that IEC Vice-Chair Daniel Wolf concurrently serves as a member of the Fifth Judicial District Judicial Performance Commission.  The Performance Commission is statutorily charged with verifying defendant 5th Judicial District Judge Reid Owens' integrity as part of the 2026 judicial retention cycle.

As I have requested of Colorado State Auditor Kerri Hunter, the Colorado General Assembly, and the Denver County Court, it is appropriate for the IEC to formally refer the overall Colorado Judicial Scandal to conflict-free federal law enforcement and to exercise its discretion to directly appoint another state's attorney general to provide impartial legal representation and investigation support as a Special Assistant Attorney General according to § 24-31-111(5), C.R.S.  If the IEC arbitrarily refuses to recognize this complaint as non-frivolous under Colo. Const. Art. XXIX, § 5(3)(b), I will seek recourse in federal court.

Michael Dougherty is the elected 20th Judicial District Attorney.  Mr. Dougherty, through his Assistant DA Kenneth Kupfner, obstructed my efforts to report suspected crimes involved to my local law enforcement agency, the Longmont Police Department.  The IEC has jurisdictional authority over Michael Dougherty according to Colo. Const. Art. XXIX, §§ 2 and 5(3)(a).

| Independent Ethics Commission – Formal Complaint Form |
|---|

| Before the Independent Ethics Commission of the State of Colorado | *For Commission Use Only*<br>Received date: _____<br>Case. No.:      _____ |
|---|---|

The Complainant is: **Christopher S.P. Gregory**

(name)

Mailing Address: **The Gregory Law Firm, LLC**

**201 Coffman St., #1822**

**Longmont, CO 80502**

Daytime telephone number: **970-648-0642**

Email address: **cspgregory@thegregorylawfirm.net**

---

The Respondent is: **Kirsten E. Grooms**

(name)

Mailing Address: **Colorado Department of Law**

**1300 Broadway, 10th Floor**

**Denver, CO 80203**

Daytime telephone number: **720-508-6432**

Email address: **kirsten.grooms@coag.gov**

---

When did the alleged violation occur: **Ongoing**

---

Describe the specific acts or things complained of, with facts that provide a full understanding of the alleged violation(s). If possible, cite the specific ethical standards alleged to have been violated and describe how the violation(s) occurred. Use additional pages if necessary. Attach any documentary evidence you wish to submit.

Please see attached statement of facts.

Description of acts or things complained of (continued):

Advisement regarding remedies and penalties:  Pursuant to Colo. Const. art. XXIX, § 6, a covered individual found to have breached the public trust for private gain is liable for double the amount of the financial equivalent of any benefits obtained by such actions.  The manner of recovery and additional penalties may be provided by law.  The Commission does not assess criminal penalties, award injunctive relief, or award damages to complainants.

I hereby acknowledge that the facts presented herein are true to the best of my knowledge, and I will cooperate in the process regarding this complaint and will appear at any proceeding of the Independent Ethics Commission if the complaint is scheduled for a hearing.

Signature: _____

Attorney (if applicable): Self-Represented _____

Dated at Longmont _____ (City), Colorado, this 4th _____ day of March , 20 26 .

Created by Article XXIX of the Colorado Constitution, the Independent Ethics Commission may review and hold hearings on matters falling within its jurisdiction as outlined in Article XXIX.

I have filed a civil rights and Colorado False Claims Act (CFCA) retaliation lawsuit in U.S. District Court. *Gregory v. Colo. Jud. Discipline Rulemaking Comm., et al.*, 1:25-cv-03361-KHV (D. Colo.). In its simplest terms, *Gregory* alleges that the defendants have deprived me of my constitutional, statutory, and administrative rights to freely report judicial, attorney, and official misconduct without fear of retaliation. The most important remedies sought in *Gregory* are injunctive and equitable in nature, including my reinstatement as the Executive Director of the Colorado Commission on Judicial Discipline (the CCJD), the reformation of Colorado's judicial oversight entities, the invalidation of rulemaking, the prohibition against further use of appointment authority, and restitution to the State of Colorado for the reasonable attorney fees and costs publicly expended through the representation of the defendants in defense of misconduct that occurred in their individual capacities.

Notwithstanding the claim for restitution being pled in my Verified Complaint, consolidated and conflicted representation of the State of Colorado's interests and the personal interests of the individually named defendants has occurred through the Colorado Attorney General's Office. This persistent and conflicted representation combined with the defendants' avoidance of responding to the merits of *Gregory* has culminated in the entry of a default against all the defendants. *Gregory*, ECF Nos. 39, 39-1, 46; *See, e.g., Dickinson v. Lincoln Building Corp.*, 2015 COA 170M, ¶¶ 22-23 ("[A]n entry of default establishes a party's liability. . . An entry of default, however, is not an admission regarding damages."). I respectfully submit that the verified, and now effectively-admitted, misconduct of the various defendants is probable cause to suspect the crimes of Obstruction of Justice (18 U.S.C. § 1503), False Statements (18 U.S.C. § 1001), Obstruction of a Federal Audit (18 U.S.C. § 1516), Retaliation Against a Witness or Victim (§ 18-8-706, C.R.S.), and First Degree Official Misconduct (§ 18-8-404, C.R.S.).

In particular, First Degree Official Misconduct is relevant to the defendants' persistent refusal to disqualify themselves from official functions which are intertwined with their personal interests. Moreover, the defendants have unlawfully relied upon the Colorado Attorney General's Office to perpetuate rather than investigate and prosecute the allegations of public fraud and corruption I alleged in *Gregory* and through complaints filed with the Colorado Office of the State Auditor's Fraud Hotline. The representation of the individually named defendants (including Attorney General Phil Weiser himself) through the public resources of the Colorado Attorney General's Office further meets the definition of "occupational fraud" under the Fraud Hotline statute, § 2-3-110.5(1)(d), C.R.S. and a "gift" as defined by Colo. Const. Art. 29, § 3(3). Court filings in *Gregory* are already part of the legislative record and can be found through the following links:

> 1/21/2026 Joint Judiciary Committee SMART Act Hearing for the Colorado Judicial Department--https://leg.colorado.gov/committee_meeting_hearing_summary/28660;
>
> 2/9/2026 Senate Judiciary Committee Conformation Hearing for the Appointment of former Senator Bob Gardner to the CCJD--https://leg.colorado.gov/committee_meeting_hearing_summary/28938; and
>
> 2/11/2026 Senate Judiciary Committee Hearing on SB26-084--https://leg.colorado.gov/committee_meeting_hearing_summary/29188.

In submitting this complaint, I am mindful of conflicts within the IEC that require disqualification of IEC Chair Sarah Mercer, IEC member Cyril Vidergar, and the IEC's General Counsel through the Colorado Attorney General's Office, Gina Cannan. Chair Mercer was appointed to the IEC by defendant Justice Brian Boatright. Chair Mercer previously worked as Counsel to Chief Justice Michael Bender and would have been involved in or a witness to the more than 25-year pattern of judicial misconduct alleged in *Gregory*, including the retaliatory firing of the Colorado Commission on Judicial Discipline's Executive Director Rick Wehmhoefer in 2008. Chair Mercer is also employed as a partner at Brownstein Hyatt Farber Shreck, which represents Loveland developer McWhinney / Realberry. IEC member Cyril Vidergar is currently employed as a Loveland Senior Assistant City Attorney. In my role as Special Counsel to the City of Loveland, I publicly asserted my findings of probable cause to prosecute members and former members of the Loveland City Council for their violation of the civil Colorado Open Meetings Law and parallel criminal provisions in the Loveland Municipal Charter and Loveland Municipal Code. My findings arose in connection with official misconduct that occurred when the involved Loveland City Council members opposed SB23-273 and approved an estimated 25-year, $155 million tax diversion as part of McWhinney's Centerra South Urban Renewal Authority. More recently, McWhinney/Realberry founder Chad McWhinney's inclusion in the Epstein files has been reported in the press. Noelle Philips, *Denver Developer Behind Union Station Project Identified in Epstein Files*, DENVER POST, February 12, 2026. General Counsel Gina Cannan is a defendant in *Gregory* directly responsible for the retaliation that occurred against me when I was wrongfully terminated as Executive Director of the CCJD.

Beyond the conflicts that require disqualification within the IEC, I further note that IEC Vice-Chair Daniel Wolf concurrently serves as a member of the Fifth Judicial District Judicial Performance Commission. The Performance Commission is statutorily charged with verifying defendant 5th Judicial District Judge Reid Owens' integrity as part of the 2026 judicial retention cycle.

As I have requested of Colorado State Auditor Kerri Hunter, the Colorado General Assembly, and the Denver County Court, it is appropriate for the IEC to formally refer the overall Colorado Judicial Scandal to conflict-free federal law enforcement and to exercise its discretion to directly appoint another state's attorney general to provide impartial legal representation and investigation support as a Special Assistant Attorney General according to § 24-31-111(5), C.R.S. If the IEC arbitrarily refuses to recognize this complaint as non-frivolous under Colo. Const. Art. XXIX, § 5(3)(b), I will seek recourse in federal court.

Kristen Grooms is employed by the Colorado Department of Law. The IEC has jurisdictional authority over Kristen Grooms according to Colo. Const. Art. XXIX, §§ 2 and 5(3)(a).

| Independent Ethics Commission – Formal Complaint Form |
|---|

| Before the Independent Ethics Commission of the State of Colorado | *For Commission Use Only* Received date: _____ Case. No.:    _____ |
|---|---|

The Complainant is: **Christopher S.P. Gregory**
(name)

Mailing Address: **The Gregory Law Firm, LLC**

**201 Coffman St., #1822**

**Longmont, CO 80502**

Daytime telephone number: **970-648-0642**

Email address: **cspgregory@thegregorylawfirm.net**

The Respondent is: **Alison F. Kyles**
(name)

Mailing Address: **Colorado Department of Law**

**1300 Broadway, 10th Floor**

**Denver, CO 80203**

Daytime telephone number: **720-508-6000**

Email address: **alison.kyles@coag.gov**

When did the alleged violation occur: **Ongoing**

Describe the specific acts or things complained of, with facts that provide a full understanding of the alleged violation(s).  If possible, cite the specific ethical standards alleged to have been violated and describe how the violation(s) occurred.  Use additional pages if necessary.  Attach any documentary evidence you wish to submit.

Please see attached statement of facts.

Description of acts or things complained of (continued):

Advisement regarding remedies and penalties:  Pursuant to Colo. Const. art. XXIX, § 6, a covered individual found to have breached the public trust for private gain is liable for double the amount of the financial equivalent of any benefits obtained by such actions.  The manner of recovery and additional penalties may be provided by law.  The Commission does not assess criminal penalties, award injunctive relief, or award damages to complainants.

I hereby acknowledge that the facts presented herein are true to the best of my knowledge, and I will cooperate in the process regarding this complaint and will appear at any proceeding of the Independent Ethics Commission if the complaint is scheduled for a hearing.

Signature: _____

Attorney (if applicable): Self-Represented _____

Dated at Longmont _____ (City), Colorado, this 4th _____ day of March , 20 26 .

Created by Article XXIX of the Colorado Constitution, the Independent Ethics Commission may review and hold hearings on matters falling within its jurisdiction as outlined in Article XXIX.

I have filed a civil rights and Colorado False Claims Act (CFCA) retaliation lawsuit in U.S. District Court. *Gregory v. Colo. Jud. Discipline Rulemaking Comm., et al.*, 1:25-cv-03361-KHV (D. Colo.). In its simplest terms, *Gregory* alleges that the Defendants have deprived me of my constitutional, statutory, and administrative rights to freely report judicial, attorney, and official misconduct without fear of retaliation. The most important remedies sought in *Gregory* are injunctive and equitable in nature, including my reinstatement as the Executive Director of the Colorado Commission on Judicial Discipline (the CCJD), the reformation of Colorado's judicial oversight entities, the invalidation of rulemaking, the prohibition against further use of appointment authority, and restitution to the State of Colorado for the reasonable attorney fees and costs publicly expended through the representation of the Defendants in defense of misconduct that occurred in their individual capacities.

Notwithstanding the claim for restitution being pled in my Verified Complaint, consolidated and conflicted representation of the State of Colorado's interests and the personal interests of the individually named Defendants has occurred through the Colorado Attorney General's Office. This persistent and conflicted representation combined with the Defendants' avoidance of responding to the merits of *Gregory* has culminated in the entry of a default against all the Defendants. *Gregory*, ECF Nos. 39, 39-1, 46; *See, e.g., Dickinson v. Lincoln Building Corp.*, 2015 COA 170M, ¶¶ 22-23 ("[A]n entry of default establishes a party's liability. . . An entry of default, however, is not an admission regarding damages."). I respectfully submit that the verified, and now effectively-admitted, misconduct of the various Defendants is probable cause to suspect the crimes of Obstruction of Justice (18 U.S.C. § 1503), False Statements (18 U.S.C. § 1001), Obstruction of a Federal Audit (18 U.S.C. § 1516), Retaliation Against a Witness or Victim (§ 18-8-706, C.R.S.), and First Degree Official Misconduct (§ 18-8-404, C.R.S.).

In particular, First Degree Official Misconduct is relevant to the Defendants' persistent refusal to disqualify themselves from official functions which are intertwined with their personal interests. Moreover, the Defendants have unlawfully relied upon the Colorado Attorney General's Office to perpetuate rather than investigate and prosecute the allegations of public fraud and corruption I alleged in *Gregory* and through complaints filed with the Colorado Office of the State Auditor's Fraud Hotline. The representation of the individually named Defendants (including Attorney General Phil Weiser himself) through the public resources of the Colorado Attorney General's Office further meets the definition of "occupational fraud" under the Fraud Hotline statute, § 2-3-110.5(1)(d), C.R.S. and a "gift" as defined by Colo. Const. Art. 29, § 3(3). Court filings in *Gregory* are already part of the legislative record and can be found through the following links:

> 1/21/2026 Joint Judiciary Committee SMART Act Hearing for the Colorado Judicial Department--https://leg.colorado.gov/committee_meeting_hearing_summary/28660;
>
> 2/9/2026 Senate Judiciary Committee Conformation Hearing for the Appointment of former Senator Bob Gardner to the CCJD--
> https://leg.colorado.gov/committee_meeting_hearing_summary/28938; and
>
> 2/11/2026 Senate Judiciary Committee Hearing on SB26-084--
> https://leg.colorado.gov/committee_meeting_hearing_summary/29188.

In submitting this complaint, I am mindful of conflicts within the IEC that require disqualification of IEC Chair Sarah Mercer, IEC member Cyril Vidergar, and the IEC's General Counsel through the Colorado Attorney General's Office, Gina Cannan. Chair Mercer was appointed to the IEC by Defendant Justice Brian Boatright. Chair Mercer previously worked as Counsel to Chief Justice Michael Bender and would have been involved in or a witness to the more than 25-year pattern of judicial misconduct alleged in *Gregory*, including the retaliatory firing of the Colorado Commission on Judicial Discipline's Executive Director Rick Wehmhoefer in 2008. Chair Mercer is also employed as a partner at Brownstein Hyatt Farber Shreck, which represents Loveland developer McWhinney / Realberry. IEC member Cyril Vidergar is currently employed as a Loveland Senior Assistant City Attorney. In my role as Special Counsel to the City of Loveland, I publicly asserted my findings of probable cause to prosecute members and former members of the Loveland City Council for their violation of the civil Colorado Open Meetings Law and parallel criminal provisions in the Loveland Municipal Charter and Loveland Municipal Code. My findings arose in connection with official misconduct that occurred when the involved Loveland City Council members opposed SB23-273 and approved an estimated 25-year, $155 million tax diversion as part of McWhinney's Centerra South Urban Renewal Authority. More recently, McWhinney/Realberry founder Chad McWhinney's inclusion in the Epstein files has been reported in the press. Noelle Philips, *Denver Developer Behind Union Station Project Identified in Epstein Files*, DENVER POST, February 12, 2026. General Counsel Gina Cannan is a Defendant in *Gregory* directly responsible for the retaliation that occurred against me when I was wrongfully terminated as Executive Director of the CCJD.

Beyond the conflicts that require disqualification within the IEC, I further note that IEC Vice-Chair Daniel Wolf concurrently serves as a member of the Fifth Judicial District Judicial Performance Commission. The Performance Commission is statutorily charged with verifying Defendant 5th Judicial District Judge Reid Owens' integrity as part of the 2026 judicial retention cycle.

As I have requested of Colorado State Auditor Kerri Hunter, the Colorado General Assembly, and the Denver County Court, it is appropriate for the IEC to formally refer the overall Colorado Judicial Scandal to conflict-free federal law enforcement and to exercise its discretion to directly appoint another state's attorney general to provide impartial legal representation and investigation support as a Special Assistant Attorney General according to § 24-31-111(5), C.R.S. If the IEC arbitrarily refuses to recognize this complaint as non-frivolous under Colo. Const. Art. XXIX, § 5(3)(b), I will seek recourse in federal court.

Alison Kyles is employed as an Assistant Solicitor General at the Colorado Department of Law. The IEC has jurisdictional authority over Alison Kyles according to Colo. Const. Art. XXIX, §§ 2 and 5(3)(a).

| Independent Ethics Commission – Formal Complaint Form |
|---|

| Before the Independent Ethics Commission of the State of Colorado | *For Commission Use Only* Received date: _____ Case. No.: _____ |
|---|---|

The Complainant is: Christopher S.P. Gregory

(name)

Mailing Address: The Gregory Law Firm, LLC

201 Coffman St., #1822

Longmont, CO 80502

Daytime telephone number: 970-648-0642

Email address: cspgregory@thegregorylawfirm.net

The Respondent is: Anne Mangiardi

(name)

Mailing Address: Colorado Commission on Judicial Discipline

1300 Broadway, Ste. 210

Denver, CO 80203

Daytime telephone number: 303-457-5134

Email address: a.mangiardi@jd.state.co.us

When did the alleged violation occur: Ongoing

Describe the specific acts or things complained of, with facts that provide a full understanding of the alleged violation(s).  If possible, cite the specific ethical standards alleged to have been violated and describe how the violation(s) occurred.  Use additional pages if necessary.  Attach any documentary evidence you wish to submit.

Please see attached statement of facts.

Description of acts or things complained of (continued):

Advisement regarding remedies and penalties:  Pursuant to Colo. Const. art. XXIX, § 6, a covered individual found to have breached the public trust for private gain is liable for double the amount of the financial equivalent of any benefits obtained by such actions.  The manner of recovery and additional penalties may be provided by law.  The Commission does not assess criminal penalties, award injunctive relief, or award damages to complainants.

I hereby acknowledge that the facts presented herein are true to the best of my knowledge, and I will cooperate in the process regarding this complaint and will appear at any proceeding of the Independent Ethics Commission if the complaint is scheduled for a hearing.

Signature:  _____

Attorney (if applicable):  Self-Represented _____

Dated at  Longmont  (City), Colorado, this  4th  day of  March , 20 26 .

Created by Article XXIX of the Colorado Constitution, the Independent Ethics Commission may review and hold hearings on matters falling within its jurisdiction as outlined in Article XXIX.

I have filed a civil rights and Colorado False Claims Act (CFCA) retaliation lawsuit in U.S. District Court. *Gregory v. Colo. Jud. Discipline Rulemaking Comm., et al.*, 1:25-cv-03361-KHV (D. Colo.). In its simplest terms, *Gregory* alleges that the defendants have deprived me of my constitutional, statutory, and administrative rights to freely report judicial, attorney, and official misconduct without fear of retaliation. The most important remedies sought in *Gregory* are injunctive and equitable in nature, including my reinstatement as the Executive Director of the Colorado Commission on Judicial Discipline (the CCJD), the reformation of Colorado's judicial oversight entities, the invalidation of rulemaking, the prohibition against further use of appointment authority, and restitution to the State of Colorado for the reasonable attorney fees and costs publicly expended through the representation of the defendants in defense of misconduct that occurred in their individual capacities.

Notwithstanding the claim for restitution being pled in my Verified Complaint, consolidated and conflicted representation of the State of Colorado's interests and the personal interests of the individually named defendants has occurred through the Colorado Attorney General's Office. This persistent and conflicted representation combined with the defendants' avoidance of responding to the merits of *Gregory* has culminated in the entry of a default against all the defendants. *Gregory*, ECF Nos. 39, 39-1, 46; *See, e.g., Dickinson v. Lincoln Building Corp.*, 2015 COA 170M, ¶¶ 22-23 ("[A]n entry of default establishes a party's liability. . . An entry of default, however, is not an admission regarding damages."). I respectfully submit that the verified, and now effectively-admitted, misconduct of the various defendants is probable cause to suspect the crimes of Obstruction of Justice (18 U.S.C. § 1503), False Statements (18 U.S.C. § 1001), Obstruction of a Federal Audit (18 U.S.C. § 1516), Retaliation Against a Witness or Victim (§ 18-8-706, C.R.S.), and First Degree Official Misconduct (§ 18-8-404, C.R.S.).

In particular, First Degree Official Misconduct is relevant to the defendants' persistent refusal to disqualify themselves from official functions which are intertwined with their personal interests. Moreover, the defendants have unlawfully relied upon the Colorado Attorney General's Office to perpetuate rather than investigate and prosecute the allegations of public fraud and corruption I alleged in *Gregory* and through complaints filed with the Colorado Office of the State Auditor's Fraud Hotline. The representation of the individually named defendants (including Attorney General Phil Weiser himself) through the public resources of the Colorado Attorney General's Office further meets the definition of "occupational fraud" under the Fraud Hotline statute, § 2-3-110.5(1)(d), C.R.S. and a "gift" as defined by Colo. Const. Art. 29, § 3(3). Court filings in *Gregory* are already part of the legislative record and can be found through the following links:

> 1/21/2026 Joint Judiciary Committee SMART Act Hearing for the Colorado Judicial Department--https://leg.colorado.gov/committee_meeting_hearing_summary/28660;
>
> 2/9/2026 Senate Judiciary Committee Conformation Hearing for the Appointment of former Senator Bob Gardner to the CCJD--https://leg.colorado.gov/committee_meeting_hearing_summary/28938; and
>
> 2/11/2026 Senate Judiciary Committee Hearing on SB26-084--https://leg.colorado.gov/committee_meeting_hearing_summary/29188.

In submitting this complaint, I am mindful of conflicts within the IEC that require disqualification of IEC Chair Sarah Mercer, IEC member Cyril Vidergar, and the IEC's General Counsel through the Colorado Attorney General's Office, Gina Cannan.  Chair Mercer was appointed to the IEC by defendant Justice Brian Boatright.  Chair Mercer previously worked as Counsel to Chief Justice Michael Bender and would have been involved in or a witness to the more than 25-year pattern of judicial misconduct alleged in *Gregory*, including the retaliatory firing of the Colorado Commission on Judicial Discipline's Executive Director Rick Wehmhoefer in 2008.  Chair Mercer is also employed as a partner at Brownstein Hyatt Farber Shreck, which represents Loveland developer McWhinney / Realberry.  IEC member Cyril Vidergar is currently employed as a Loveland Senior Assistant City Attorney.  In my role as Special Counsel to the City of Loveland, I publicly asserted my findings of probable cause to prosecute members and former members of the Loveland City Council for their violation of the civil Colorado Open Meetings Law and parallel criminal provisions in the Loveland Municipal Charter and Loveland Municipal Code.  My findings arose in connection with official misconduct that occurred when the involved Loveland City Council members opposed SB23-273 and approved an estimated 25-year, $155 million tax diversion as part of McWhinney's Centerra South Urban Renewal Authority.  More recently, McWhinney/Realberry founder Chad McWhinney's inclusion in the Epstein files has been reported in the press.  Noelle Philips, *Denver Developer Behind Union Station Project Identified in Epstein Files*, DENVER POST, February 12, 2026.  General Counsel Gina Cannan is a defendant in *Gregory* directly responsible for the retaliation that occurred against me when I was wrongfully terminated as Executive Director of the CCJD.

Beyond the conflicts that require disqualification within the IEC, I further note that IEC Vice-Chair Daniel Wolf concurrently serves as a member of the Fifth Judicial District Judicial Performance Commission.  The Performance Commission is statutorily charged with verifying defendant 5th Judicial District Judge Reid Owens' integrity as part of the 2026 judicial retention cycle.

As I have requested of Colorado State Auditor Kerri Hunter, the Colorado General Assembly, and the Denver County Court, it is appropriate for the IEC to formally refer the overall Colorado Judicial Scandal to conflict-free federal law enforcement and to exercise its discretion to directly appoint another state's attorney general to provide impartial legal representation and investigation support as a Special Assistant Attorney General according to § 24-31-111(5), C.R.S.  If the IEC arbitrarily refuses to recognize this complaint as non-frivolous under Colo. Const. Art. XXIX, § 5(3)(b), I will seek recourse in federal court.

Anne Mangiardi is employed as Executive Director of the Colorado Commission on Judicial Discipline, an independent state agency housed within the Colorado Judicial Department.  The IEC has jurisdictional authority over Anne Mangiardi according to Colo. Const. Art. XXIX, §§ 2 and 5(3)(a).

| Independent Ethics Commission – Formal Complaint Form |
|---|

| Before the Independent Ethics Commission of the State of Colorado | *For Commission Use Only* <br> Received date: _____ <br> Case. No.: _____ |
|---|---|

The Complainant is: **Christopher S.P. Gregory**

(name)

Mailing Address: **The Gregory Law Firm, LLC**

**201 Coffman St., #1822**

**Longmont, CO 80502**

Daytime telephone number: **970-648-0642**

Email address: **cspgregory@thegregorylawfirm.net**

---

The Respondent is: **Governor Jared Polis**

(name)

Mailing Address: **Colorado State Capitol**

**200 E. Colfax Ave., Rm. 136**

**Denver, CO 80203**

Daytime telephone number: **303-866-2471**

Email address: **governorpolis@state.co.us**

---

When did the alleged violation occur: **Ongoing**

---

Describe the specific acts or things complained of, with facts that provide a full understanding of the alleged violation(s).  If possible, cite the specific ethical standards alleged to have been violated and describe how the violation(s) occurred.  Use additional pages if necessary.  Attach any documentary evidence you wish to submit.

Please see attached statement of facts.

Description of acts or things complained of (continued):

Advisement regarding remedies and penalties:  Pursuant to Colo. Const. art. XXIX, § 6, a covered individual found to have breached the public trust for private gain is liable for double the amount of the financial equivalent of any benefits obtained by such actions.  The manner of recovery and additional penalties may be provided by law.  The Commission does not assess criminal penalties, award injunctive relief, or award damages to complainants.

I hereby acknowledge that the facts presented herein are true to the best of my knowledge, and I will cooperate in the process regarding this complaint and will appear at any proceeding of the Independent Ethics Commission if the complaint is scheduled for a hearing.

Signature: _____

Attorney (if applicable): Self-Represented _____

Dated at Longmont _____ (City), Colorado, this 4th _____ day of March , 20 26 .

Created by Article XXIX of the Colorado Constitution, the Independent Ethics Commission may review and hold hearings on matters falling within its jurisdiction as outlined in Article XXIX.

I have filed a civil rights and Colorado False Claims Act (CFCA) retaliation lawsuit in U.S. District Court. *Gregory v. Colo. Jud. Discipline Rulemaking Comm., et al.*, 1:25-cv-03361-KHV (D. Colo.). In its simplest terms, *Gregory* alleges that the defendants have deprived me of my constitutional, statutory, and administrative rights to freely report judicial, attorney, and official misconduct without fear of retaliation. The most important remedies sought in *Gregory* are injunctive and equitable in nature, including my reinstatement as the Executive Director of the Colorado Commission on Judicial Discipline (the CCJD), the reformation of Colorado's judicial oversight entities, the invalidation of rulemaking, the prohibition against further use of appointment authority, and restitution to the State of Colorado for the reasonable attorney fees and costs publicly expended through the representation of the defendants in defense of misconduct that occurred in their individual capacities.

Notwithstanding the claim for restitution being pled in my Verified Complaint, consolidated and conflicted representation of the State of Colorado's interests and the personal interests of the individually named defendants has occurred through the Colorado Attorney General's Office. This persistent and conflicted representation combined in the defendants' avoidance of responding to the merits of *Gregory* has culminated in the entry of a default against all the defendants. *Gregory*, ECF Nos. 39, 39-1, 46; *See, e.g., Dickinson v. Lincoln Building Corp.*, 2015 COA 170M, ¶¶ 22-23 ("[A]n entry of default establishes a party's liability. . . An entry of default, however, is not an admission regarding damages."). I respectfully submit that the verified, and now effectively-admitted, misconduct of the various defendants is probable cause to suspect the crimes of Obstruction of Justice (18 U.S.C. § 1503), False Statements (18 U.S.C. § 1001), Obstruction of a Federal Audit (18 U.S.C. § 1516), Retaliation Against a Witness or Victim (§ 18-8-706, C.R.S.), and First Degree Official Misconduct (§ 18-8-404, C.R.S.).

In particular, First Degree Official Misconduct is relevant to the defendants' persistent refusal to disqualify themselves from official functions which are intertwined with their personal interests. Moreover, the defendants have unlawfully relied upon the Colorado Attorney General's Office to perpetuate rather than investigate and prosecute the allegations of public fraud and corruption I alleged in *Gregory* and through complaints filed with the Colorado Office of the State Auditor's Fraud Hotline. The representation of the individually named defendants (including Attorney General Phil Weiser himself) through the public resources of the Colorado Attorney General's Office further meets the definition of "occupational fraud" under the Fraud Hotline statute, § 2-3-110.5(1)(d), C.R.S. and a "gift" as defined by Colo. Const. Art. 29, § 3(3). Court filings in *Gregory* are already part of the legislative record and can be found through the following links:

> 1/21/2026 Joint Judiciary Committee SMART Act Hearing for the Colorado Judicial Department--https://leg.colorado.gov/committee_meeting_hearing_summary/28660;
>
> 2/9/2026 Senate Judiciary Committee Conformation Hearing for the Appointment of former Senator Bob Gardner to the CCJD--
> https://leg.colorado.gov/committee_meeting_hearing_summary/28938; and
>
> 2/11/2026 Senate Judiciary Committee Hearing on SB26-084--
> https://leg.colorado.gov/committee_meeting_hearing_summary/29188.

In submitting this complaint, I am mindful of conflicts within the IEC that require disqualification of IEC Chair Sarah Mercer, IEC member Cyril Vidergar, and the IEC's General Counsel through the Colorado Attorney General's Office, Gina Cannan.  Chair Mercer was appointed to the IEC by defendant Justice Brian Boatright.  Chair Mercer previously worked as Counsel to Chief Justice Michael Bender and would have been involved in or a witness to the more than 25-year pattern of judicial misconduct alleged in *Gregory*, including the retaliatory firing of the Colorado Commission on Judicial Discipline's Executive Director Rick Wehmhoefer in 2008.  Chair Mercer is also employed as a partner at Brownstein Hyatt Farber Shreck, which represents Loveland developer McWhinney / Realberry.  IEC member Cyril Vidergar is currently employed as a Loveland Senior Assistant City Attorney.  In my role as Special Counsel to the City of Loveland, I publicly asserted my findings of probable cause to prosecute members and former members of the Loveland City Council for their violation of the civil Colorado Open Meetings Law and parallel criminal provisions in the Loveland Municipal Charter and Loveland Municipal Code.  My findings arose in connection with official misconduct that occurred when the involved Loveland City Council members opposed SB23-273 and approved an estimated 25-year, $155 million tax diversion as part of McWhinney's Centerra South Urban Renewal Authority.  More recently, McWhinney/Realberry founder Chad McWhinney's inclusion in the Epstein files has been reported in the press.  Noelle Philips, *Denver Developer Behind Union Station Project Identified in Epstein Files*, DENVER POST, February 12, 2026.  General Counsel Gina Cannan is a defendant in *Gregory* directly responsible for the retaliation that occurred against me when I was wrongfully terminated as Executive Director of the CCJD.

Beyond the conflicts that require disqualification within the IEC, I further note that IEC Vice-Chair Daniel Wolf concurrently serves as a member of the Fifth Judicial District Judicial Performance Commission.  The Performance Commission is statutorily charged with verifying defendant 5th Judicial District Judge Reid Owens' integrity as part of the 2026 judicial retention cycle.

As I have requested of Colorado State Auditor Kerri Hunter, the Colorado General Assembly, and the Denver County Court, it is appropriate for the IEC to formally refer the overall Colorado Judicial Scandal to conflict-free federal law enforcement and to exercise its discretion to directly appoint another state's attorney general to provide impartial legal representation and investigation support as a Special Assistant Attorney General according to § 24-31-111(5), C.R.S.  If the IEC arbitrarily refuses to recognize this complaint as non-frivolous under Colo. Const. Art. XXIX, § 5(3)(b), I will seek recourse in federal court.

The IEC has jurisdictional authority over Governor Jared Polis according to Colo. Const. Art. XXIX, §§ 2 and 5(3)(a).

| Independent Ethics Commission – Formal Complaint Form | |
|---|---|
| Before the Independent Ethics Commission<br>of the State of Colorado | *For Commission Use Only*<br>Received date: _____<br>Case. No.:        _____ |

The Complainant is:   Christopher S.P. Gregory
                                                (name)

Mailing Address:   The Gregory Law Firm, LLC

201 Coffman St., #1822

Longmont, CO 80502

Daytime telephone number:   970-648-0642

Email address: cspgregory@thegregorylawfirm.net

---

The Respondent is:   Aubrey C. Sullivan
                                            (name)

Mailing Address:   Colorado Civil Rights Division

1560 Broadway, Suite 825

Denver, CO 80202

Daytime telephone number:   303-894-2997

Email address: DORA_CCRD@state.co.us

---

When did the alleged violation occur:   Ongoing

---

Describe the specific acts or things complained of, with facts that provide a full understanding of the alleged violation(s).  If possible, cite the specific ethical standards alleged to have been violated and describe how the violation(s) occurred.  Use additional pages if necessary.  Attach any documentary evidence you wish to submit.

Please see attached statement of facts.

Description of acts or things complained of (continued):

Advisement regarding remedies and penalties: Pursuant to Colo. Const. art. XXIX, § 6, a covered individual found to have breached the public trust for private gain is liable for double the amount of the financial equivalent of any benefits obtained by such actions. The manner of recovery and additional penalties may be provided by law. The Commission does not assess criminal penalties, award injunctive relief, or award damages to complainants.

I hereby acknowledge that the facts presented herein are true to the best of my knowledge, and I will cooperate in the process regarding this complaint and will appear at any proceeding of the Independent Ethics Commission if the complaint is scheduled for a hearing.

Signature: _____

Attorney (if applicable): Self-Represented _____

Dated at Longmont _____ (City), Colorado, this 4th _____ day of March , 20 26 .

Created by Article XXIX of the Colorado Constitution, the Independent Ethics Commission may review and hold hearings on matters falling within its jurisdiction as outlined in Article XXIX.

I filed a civil rights and Colorado False Claims Act (CFCA) retaliation lawsuit in U.S. District Court.  *Gregory v. Colo. Jud. Discipline Rulemaking Comm., et al.*, 1:25-cv-03361-KHV (D. Colo.).  In its simplest terms, *Gregory* alleges that the defendants have deprived me of my constitutional, statutory, and administrative rights to freely report judicial, attorney, and official misconduct without fear of retaliation.  The most important remedies sought in *Gregory* are injunctive and equitable in nature, including my reinstatement as the Executive Director of the Colorado Commission on Judicial Discipline (the CCJD), the reformation of Colorado's judicial oversight entities, the invalidation of rulemaking, the prohibition against further use of appointment authority, and restitution to the State of Colorado for the reasonable attorney fees and costs publicly expended through the representation of the defendants in defense of misconduct that occurred in their individual capacities.

Notwithstanding the claim for restitution being pled in my Verified Complaint, consolidated and conflicted representation of the State of Colorado's interests and the personal interests of the individually named defendants has occurred through the Colorado Attorney General's Office. This persistent and conflicted representation combined with the defendants' avoidance of responding to the merits of *Gregory* has culminated in the entry of a default against all the defendants.  *Gregory*, ECF Nos. 39, 39-1, 46; *See, e.g., Dickinson v. Lincoln Building Corp.*, 2015 COA 170M, ¶¶ 22-23 ("[A]n entry of default establishes a party's liability. . . An entry of default, however, is not an admission regarding damages.").  I respectfully submit that the verified, and now effectively-admitted, misconduct of the various defendants is probable cause to suspect the crimes of Obstruction of Justice (18 U.S.C. § 1503), False Statements (18 U.S.C. § 1001), Obstruction of a Federal Audit (18 U.S.C. § 1516), Retaliation Against a Witness or Victim (§ 18-8-706, C.R.S.), and First Degree Official Misconduct (§ 18-8-404, C.R.S.).

In particular, First Degree Official Misconduct is relevant to the defendants' persistent refusal to disqualify themselves from official functions which are intertwined with their personal interests. Moreover, the defendants have unlawfully relied upon the Colorado Attorney General's Office to perpetuate rather than investigate and prosecute the allegations of public fraud and corruption I alleged in *Gregory* and through complaints filed with the Colorado Office of the State Auditor's Fraud Hotline.  The representation of the individually named defendants (including Attorney General Phil Weiser himself) through the public resources of the Colorado Attorney General's Office further meets the definition of "occupational fraud" under the Fraud Hotline statute, § 2-3-110.5(1)(d), C.R.S. and a "gift" as defined by Colo. Const. Art. 29, § 3(3).  Court filings in *Gregory* are already part of the legislative record and can be found through the following links:

> 1/21/2026 Joint Judiciary Committee SMART Act Hearing for the Colorado Judicial Department--https://leg.colorado.gov/committee_meeting_hearing_summary/28660;

> 2/9/2026 Senate Judiciary Committee Conformation Hearing for the Appointment of former Senator Bob Gardner to the CCJD-- https://leg.colorado.gov/committee_meeting_hearing_summary/28938; and

> 2/11/2026 Senate Judiciary Committee Hearing on SB26-084-- https://leg.colorado.gov/committee_meeting_hearing_summary/29188.

In submitting this complaint, I am mindful of conflicts within the IEC that require disqualification of IEC Chair Sarah Mercer, IEC member Cyril Vidergar, and the IEC's General Counsel through the Colorado Attorney General's Office, Gina Cannan. Chair Mercer was appointed to the IEC by defendant Justice Brian Boatright. Chair Mercer previously worked as Counsel to Chief Justice Michael Bender and would have been involved in or a witness to the more than 25-year pattern of judicial misconduct alleged in *Gregory*, including the retaliatory firing of the Colorado Commission on Judicial Discipline's Executive Director Rick Wehmhoefer in 2008. Chair Mercer is also employed as a partner at Brownstein Hyatt Farber Shreck, which represents Loveland developer McWhinney / Realberry. IEC member Cyril Vidergar is currently employed as a Loveland Senior Assistant City Attorney. In my role as Special Counsel to the City of Loveland, I publicly asserted my findings of probable cause to prosecute members and former members of the Loveland City Council for their violation of the civil Colorado Open Meetings Law and parallel criminal provisions in the Loveland Municipal Charter and Loveland Municipal Code. My findings arose in connection with official misconduct that occurred when the involved Loveland City Council members opposed SB23-273 and approved an estimated 25-year, $155 million tax diversion as part of McWhinney's Centerra South Urban Renewal Authority. More recently, McWhinney/Realberry founder Chad McWhinney's inclusion in the Epstein files has been reported in the press. Noelle Philips, *Denver Developer Behind Union Station Project Identified in Epstein Files*, DENVER POST, February 12, 2026. General Counsel Gina Cannan is a defendant in *Gregory* directly responsible for the retaliation that occurred against me when I was wrongfully terminated as Executive Director of the CCJD.

Beyond the conflicts that require disqualification within the IEC, I further note that IEC Vice-Chair Daniel Wolf concurrently serves as a member of the Fifth Judicial District Judicial Performance Commission. The Performance Commission is statutorily charged with verifying defendant 5th Judicial District Judge Reid Owens' integrity as part of the 2026 judicial retention cycle.

As I have requested of Colorado State Auditor Kerri Hunter, the Colorado General Assembly, and the Denver County Court, it is appropriate for the IEC to formally refer the overall Colorado Judicial Scandal to conflict-free federal law enforcement and to exercise its discretion to directly appoint another state's attorney general to provide impartial legal representation and investigation support as a Special Assistant Attorney General according to § 24-31-111(5), C.R.S. If the IEC arbitrarily refuses to recognize this complaint as non-frivolous under Colo. Const. Art. XXIX, § 5(3)(b), I will seek recourse in federal court.

Aubrey C. Sullivan is employed as Executive Director of the Colorado Civil Rights Division, an agency within the Colorado Department of Regulatory Agencies. The IEC has jurisdictional authority over Aubrey Sullivan according to Colo. Const. Art. XXIX, §§ 2 and 5(3)(a).

| Independent Ethics Commission – Formal Complaint Form |
| --- |

| Before the Independent Ethics Commission of the State of Colorado | *For Commission Use Only*<br>Received date: _____<br>Case. No.:    _____ |
| --- | --- |

The Complainant is:    Christopher S.P. Gregory
                                        (name)

Mailing Address:    The Gregory Law Firm, LLC

201 Coffman St., #1822

Longmont, CO 80502

Daytime telephone number:    970-648-0642

Email address: cspgregory@thegregorylawfirm.net

---

The Respondent is:    Jeffrey M. Walsh
                                        (name)

Mailing Address:    Colorado Commission on Judicial Discipline

1300 Broadway, Ste. 210

Denver, CO 80203

Daytime telephone number:    303-457-5135

Email address: j.walsh@jd.state.co.us

---

When did the alleged violation occur:    Ongoing

---

Describe the specific acts or things complained of, with facts that provide a full understanding of the alleged violation(s).  If possible, cite the specific ethical standards alleged to have been violated and describe how the violation(s) occurred.  Use additional pages if necessary.  Attach any documentary evidence you wish to submit.

Please see attached statement of facts.

Description of acts or things complained of (continued):

Advisement regarding remedies and penalties:  Pursuant to Colo. Const. art. XXIX, § 6, a covered individual found to have breached the public trust for private gain is liable for double the amount of the financial equivalent of any benefits obtained by such actions.  The manner of recovery and additional penalties may be provided by law.  The Commission does not assess criminal penalties, award injunctive relief, or award damages to complainants.

I hereby acknowledge that the facts presented herein are true to the best of my knowledge, and I will cooperate in the process regarding this complaint and will appear at any proceeding of the Independent Ethics Commission if the complaint is scheduled for a hearing.

Signature: _____

Attorney (if applicable): Self-Represented

Dated at Longmont _____ (City), Colorado, this 4th _____ day of March , 20 26 .

Created by Article XXIX of the Colorado Constitution, the Independent Ethics Commission may review and hold hearings on matters falling within its jurisdiction as outlined in Article XXIX.

I have filed a civil rights and Colorado False Claims Act (CFCA) retaliation lawsuit in U.S. District Court. *Gregory v. Colo. Jud. Discipline Rulemaking Comm., et al.*, 1:25-cv-03361-KHV (D. Colo.). In its simplest terms, *Gregory* alleges that the defendants have deprived me of my constitutional, statutory, and administrative rights to freely report judicial, attorney, and official misconduct without fear of retaliation. The most important remedies sought in *Gregory* are injunctive and equitable in nature, including my reinstatement as the Executive Director of the Colorado Commission on Judicial Discipline (the CCJD), the reformation of Colorado's judicial oversight entities, the invalidation of rulemaking, the prohibition against further use of appointment authority, and restitution to the State of Colorado for the reasonable attorney fees and costs publicly expended through the representation of the defendants in defense of misconduct that occurred in their individual capacities.

Notwithstanding the claim for restitution being pled in my Verified Complaint, consolidated and conflicted representation of the State of Colorado's interests and the personal interests of the individually named defendants has occurred through the Colorado Attorney General's Office. This persistent and conflicted representation combined with the defendants' avoidance of responding to the merits of *Gregory* has culminated in the entry of a default against all the defendants. *Gregory*, ECF Nos. 39, 39-1, 46; *See, e.g., Dickinson v. Lincoln Building Corp.*, 2015 COA 170M, ¶¶ 22-23 ("[A]n entry of default establishes a party's liability. . . An entry of default, however, is not an admission regarding damages."). I respectfully submit that the verified, and now effectively-admitted, misconduct of the various defendants is probable cause to suspect the crimes of Obstruction of Justice (18 U.S.C. § 1503), False Statements (18 U.S.C. § 1001), Obstruction of a Federal Audit (18 U.S.C. § 1516), Retaliation Against a Witness or Victim (§ 18-8-706, C.R.S.), and First Degree Official Misconduct (§ 18-8-404, C.R.S.).

In particular, First Degree Official Misconduct is relevant to the defendants' persistent refusal to disqualify themselves from official functions which are intertwined with their personal interests. Moreover, the defendants have unlawfully relied upon the Colorado Attorney General's Office to perpetuate rather than investigate and prosecute the allegations of public fraud and corruption I alleged in *Gregory* and through complaints filed with the Colorado Office of the State Auditor's Fraud Hotline. The representation of the individually named defendants (including Attorney General Phil Weiser himself) through the public resources of the Colorado Attorney General's Office further meets the definition of "occupational fraud" under the Fraud Hotline statute, § 2-3-110.5(1)(d), C.R.S. and a "gift" as defined by Colo. Const. Art. 29, § 3(3). Court filings in *Gregory* are already part of the legislative record and can be found through the following links:

> 1/21/2026 Joint Judiciary Committee SMART Act Hearing for the Colorado Judicial Department--https://leg.colorado.gov/committee_meeting_hearing_summary/28660;
>
> 2/9/2026 Senate Judiciary Committee Conformation Hearing for the Appointment of former Senator Bob Gardner to the CCJD--https://leg.colorado.gov/committee_meeting_hearing_summary/28938; and
>
> 2/11/2026 Senate Judiciary Committee Hearing on SB26-084--https://leg.colorado.gov/committee_meeting_hearing_summary/29188.

In submitting this complaint, I am mindful of conflicts within the IEC that require disqualification of IEC Chair Sarah Mercer, IEC member Cyril Vidergar, and the IEC's General Counsel through the Colorado Attorney General's Office, Gina Cannan. Chair Mercer was appointed to the IEC by defendant Justice Brian Boatright. Chair Mercer previously worked as Counsel to Chief Justice Michael Bender and would have been involved in or a witness to the more than 25-year pattern of judicial misconduct alleged in *Gregory*, including the retaliatory firing of the Colorado Commission on Judicial Discipline's Executive Director Rick Wehmhoefer in 2008. Chair Mercer is also employed as a partner at Brownstein Hyatt Farber Shreck, which represents Loveland developer McWhinney / Realberry. IEC member Cyril Vidergar is currently employed as a Loveland Senior Assistant City Attorney. In my role as Special Counsel to the City of Loveland, I publicly asserted my findings of probable cause to prosecute members and former members of the Loveland City Council for their violation of the civil Colorado Open Meetings Law and parallel criminal provisions in the Loveland Municipal Charter and Loveland Municipal Code. My findings arose in connection with official misconduct that occurred when the involved Loveland City Council members opposed SB23-273 and approved an estimated 25-year, $155 million tax diversion as part of McWhinney's Centerra South Urban Renewal Authority. More recently, McWhinney/Realberry founder Chad McWhinney's inclusion in the Epstein files has been reported in the press. Noelle Philips, *Denver Developer Behind Union Station Project Identified in Epstein Files*, DENVER POST, February 12, 2026. General Counsel Gina Cannan is a defendant in *Gregory* directly responsible for the retaliation that occurred against me when I was wrongfully terminated as Executive Director of the CCJD.

Beyond the conflicts that require disqualification within the IEC, I further note that IEC Vice-Chair Daniel Wolf concurrently serves as a member of the Fifth Judicial District Judicial Performance Commission. The Performance Commission is statutorily charged with verifying defendant 5th Judicial District Judge Reid Owens' integrity as part of the 2026 judicial retention cycle.

As I have requested of Colorado State Auditor Kerri Hunter, the Colorado General Assembly, and the Denver County Court, it is appropriate for the IEC to formally refer the overall Colorado Judicial Scandal to conflict-free federal law enforcement and to exercise its discretion to directly appoint another state's attorney general to provide impartial legal representation and investigation support as a Special Assistant Attorney General according to § 24-31-111(5), C.R.S. If the IEC arbitrarily refuses to recognize this complaint as non-frivolous under Colo. Const. Art. XXIX, § 5(3)(b), I will seek recourse in federal court.

Jeffrey M. Walsh is employed as Special Counsel of the Colorado Commission on Judicial Discipline, an independent state agency housed within the Colorado Judicial Department. The IEC has jurisdictional authority over Jeffrey Walsh according to Colo. Const. Art. XXIX, §§ 2 and 5(3)(a).

| Independent Ethics Commission – Formal Complaint Form |
|---|

| Before the Independent Ethics Commission of the State of Colorado | *For Commission Use Only* Received date: _____ Case. No.:         _____ |
|---|---|

The Complainant is: **Christopher S.P. Gregory**

(name)

Mailing Address: **The Gregory Law Firm, LLC**

**201 Coffman St., #1822**

**Longmont, CO 80502**

Daytime telephone number: **970-648-0642**

Email address: **cspgregory@thegregorylawfirm.net**

The Respondent is: **Philip Weiser**

(name)

Mailing Address: **Colorado Department of Law**

**1300 Broadway, 10th Floor**

**Denver, CO 80203**

Daytime telephone number: **720-506-6000**

Email address: **philip.weiser@coag.gov**

When did the alleged violation occur: **Ongoing**

Describe the specific acts or things complained of, with facts that provide a full understanding of the alleged violation(s). If possible, cite the specific ethical standards alleged to have been violated and describe how the violation(s) occurred. Use additional pages if necessary. Attach any documentary evidence you wish to submit.

Please see attached statement of facts.

Description of acts or things complained of (continued):

Advisement regarding remedies and penalties:  Pursuant to Colo. Const. art. XXIX, § 6, a covered individual found to have breached the public trust for private gain is liable for double the amount of the financial equivalent of any benefits obtained by such actions.  The manner of recovery and additional penalties may be provided by law.  The Commission does not assess criminal penalties, award injunctive relief, or award damages to complainants.

I hereby acknowledge that the facts presented herein are true to the best of my knowledge, and I will cooperate in the process regarding this complaint and will appear at any proceeding of the Independent Ethics Commission if the complaint is scheduled for a hearing.

Signature: _____

Attorney (if applicable): Self-Represented _____

Dated at Longmont _____ (City), Colorado, this 4th _____ day of March , 20 26 .

Created by Article XXIX of the Colorado Constitution, the Independent Ethics Commission may review and hold hearings on matters falling within its jurisdiction as outlined in Article XXIX.

I have filed a civil rights and Colorado False Claims Act (CFCA) retaliation lawsuit in U.S. District Court.  *Gregory v. Colo. Jud. Discipline Rulemaking Comm., et al.*, 1:25-cv-03361-KHV (D. Colo.).  In its simplest terms, *Gregory* alleges that the defendants have deprived me of my constitutional, statutory, and administrative rights to freely report judicial, attorney, and official misconduct without fear of retaliation.  The most important remedies sought in *Gregory* are injunctive and equitable in nature, including my reinstatement as the Executive Director of the Colorado Commission on Judicial Discipline (the CCJD), the reformation of Colorado's judicial oversight entities, the invalidation of rulemaking, the prohibition against further use of appointment authority, and restitution to the State of Colorado for the reasonable attorney fees and costs publicly expended through the representation of the defendants in defense of misconduct that occurred in their individual capacities.

Notwithstanding the claim for restitution being pled in my Verified Complaint, consolidated and conflicted representation of the State of Colorado's interests and the personal interests of the individually named defendants has occurred through the Colorado Attorney General's Office.  This persistent and conflicted representation combined with the defendants' avoidance of responding to the merits of *Gregory* has culminated in the entry of a default against all the defendants.  *Gregory*, ECF Nos. 39, 39-1, 46; *See, e.g., Dickinson v. Lincoln Building Corp.*, 2015 COA 170M, ¶¶ 22-23 ("[A]n entry of default establishes a party's liability. . . An entry of default, however, is not an admission regarding damages.").  I respectfully submit that the verified, and now effectively-admitted, misconduct of the various defendants is probable cause to suspect the crimes of Obstruction of Justice (18 U.S.C. § 1503), False Statements (18 U.S.C. § 1001), Obstruction of a Federal Audit (18 U.S.C. § 1516), Retaliation Against a Witness or Victim (§ 18-8-706, C.R.S.), and First Degree Official Misconduct (§ 18-8-404, C.R.S.).

In particular, First Degree Official Misconduct is relevant to the defendants' persistent refusal to disqualify themselves from official functions which are intertwined with their personal interests.  Moreover, the defendants have unlawfully relied upon the Colorado Attorney General's Office to perpetuate rather than investigate and prosecute the allegations of public fraud and corruption I alleged in *Gregory* and through complaints filed with the Colorado Office of the State Auditor's Fraud Hotline.  The representation of the individually named defendants (including Attorney General Phil Weiser himself) through the public resources of the Colorado Attorney General's Office further meets the definition of "occupational fraud" under the Fraud Hotline statute, § 2-3-110.5(1)(d), C.R.S. and a "gift" as defined by Colo. Const. Art. 29, § 3(3).  Court filings in *Gregory* are already part of the legislative record and can be found through the following links:

> 1/21/2026 Joint Judiciary Committee SMART Act Hearing for the Colorado Judicial Department--https://leg.colorado.gov/committee_meeting_hearing_summary/28660;

> 2/9/2026 Senate Judiciary Committee Conformation Hearing for the Appointment of former Senator Bob Gardner to the CCJD--
> https://leg.colorado.gov/committee_meeting_hearing_summary/28938; and

> 2/11/2026 Senate Judiciary Committee Hearing on SB26-084--
> https://leg.colorado.gov/committee_meeting_hearing_summary/29188.

In submitting this complaint, I am mindful of conflicts within the IEC that require disqualification of IEC Chair Sarah Mercer, IEC member Cyril Vidergar, and the IEC's General Counsel through the Colorado Attorney General's Office, Gina Cannan.  Chair Mercer was appointed to the IEC by defendant Justice Brian Boatright.  Chair Mercer previously worked as Counsel to Chief Justice Michael Bender and would have been involved in or a witness to the more than 25-year pattern of judicial misconduct alleged in *Gregory*, including the retaliatory firing of the Colorado Commission on Judicial Discipline's Executive Director Rick Wehmhoefer in 2008.  Chair Mercer is also employed as a partner at Brownstein Hyatt Farber Shreck, which represents Loveland developer McWhinney / Realberry.  IEC member Cyril Vidergar is currently employed as a Loveland Senior Assistant City Attorney.  In my role as Special Counsel to the City of Loveland, I publicly asserted my findings of probable cause to prosecute members and former members of the Loveland City Council for their violation of the civil Colorado Open Meetings Law and parallel criminal provisions in the Loveland Municipal Charter and Loveland Municipal Code.  My findings arose in connection with official misconduct that occurred when the involved Loveland City Council members opposed SB23-273 and approved an estimated 25-year, $155 million tax diversion as part of McWhinney's Centerra South Urban Renewal Authority.  More recently, McWhinney/Realberry founder Chad McWhinney's inclusion in the Epstein files has been reported in the press.  Noelle Philips, *Denver Developer Behind Union Station Project Identified in Epstein Files*, Denver Post, February 12, 2026.  General Counsel Gina Cannan is a defendant in *Gregory* directly responsible for the retaliation that occurred against me when I was wrongfully terminated as Executive Director of the CCJD.

Beyond the conflicts that require disqualification within the IEC, I further note that IEC Vice-Chair Daniel Wolf concurrently serves as a member of the Fifth Judicial District Judicial Performance Commission.  The Performance Commission is statutorily charged with verifying defendant 5th Judicial District Judge Reid Owens' integrity as part of the 2026 judicial retention cycle.

As I have requested of Colorado State Auditor Kerri Hunter, the Colorado General Assembly, and the Denver County Court, it is appropriate for the IEC to formally refer the overall Colorado Judicial Scandal to conflict-free federal law enforcement and to exercise its discretion to directly appoint another state's attorney general to provide impartial legal representation and investigation support as a Special Assistant Attorney General according to § 24-31-111(5), C.R.S.  If the IEC arbitrarily refuses to recognize this complaint as non-frivolous under Colo. Const. Art. XXIX, § 5(3)(b), I will seek recourse in federal court.

Philip Weiser is the elected Colorado State Attorney General.  The IEC has jurisdictional authority over Attorney General Weiser according to Colo. Const. Art. XXIX, §§ 2 and 5(3)(a).

Independent Ethics Commission – Formal Complaint Form

| | |
|---|---|
| Before the Independent Ethics Commission<br>of the State of Colorado | *For Commission Use Only*<br>Received date: _____<br>Case. No.:    _____ |

The Complainant is: __Christopher S.P. Gregory__
(name)

Mailing Address: __The Gregory Law Firm, LLC__

__201 Coffman St., #1822__

__Longmont, CO 80502__

Daytime telephone number: __970-648-0642__

Email address: __cspgregory@thegregorylawfirm.net__

The Respondent is: __Senate President James__
(name)

Mailing Address: __Colorado Capitol Building__

__200 E Colfax RM 346__

__Denver, CO 80203__

Daytime telephone number: __303-866-4864__

Email address: __james.coleman.senate@coleg.gov__

When did the alleged violation occur: __Ongoing__

Describe the specific acts or things complained of, with facts that provide a full understanding of the alleged violation(s).  If possible, cite the specific ethical standards alleged to have been violated and describe how the violation(s) occurred.  Use additional pages if necessary.  Attach any documentary evidence you wish to submit.

On February 11, 2026, I submitted a Senate ethics complaint against the involved members of the Senate Judiciary Committee to Senate President James Coleman.  On February 25, 2026, I submitted a supplement to the original Senate ethics complaint. Both the original complaint and the supplement requested that President Coleman acknowledge receipt and process the complaint according to Senate Rule 43.  A copy of the original Senate ethics complaint was submitted into the legislative record as part of the Senate Judiciary Committee's February 11, 2026 hearing on SB26-084.  Both the complaint and the supplement were also distributed directly to all members of the Colorado General Assembly and to the press.

Description of acts or things complained of (continued):
Senate Rule 43(a) provides:

Any person who has knowledge concerning misconduct involving legislative duties by a member of the Senate, including but not limited to the alleged violation of the Rules of the Senate or of Section 40 of Article V of the state Constitution, may file a written, signed complaint with the President setting forth the facts that constitute the alleged misconduct and specifying the statutes, rules, constitutional provisions, or other ethical principles alleged to have been violated. The President shall provide the member complained against with a copy of the complaint. The President shall consult with the majority leader and the minority leader about the complaint. The President may ask the member complained against to provide an explanation of the member's understanding of the issues raised in the complaint for the purpose of assisting the President, the majority leader, and the minority leader in making a preliminary determination of whether the complaint should be dismissed. The President may also discuss the complaint with the complainant to obtain more details on the matter. The President, the majority leader, and the minority leader shall keep the fact that a complaint has been filed and any documents relating thereto confidential; except that the President, the majority leader, or the minority leader may discuss the complaint with the Office of Legislative Legal Services for the purpose of gathering information or receiving legal advice. If at least two of the three leaders conclude that the complaint is not meritorious or does not substantiate an ethical violation, the complaint shall be dismissed, and the complainant and the member complained against shall be so notified. If the complaint is dismissed, the President, the majority leader, and the minority leader shall keep the matter confidential. However, the President, the majority leader, and the minority leader may discuss evidence of a prior complaint previously filed by the same complainant against the same member but which had been dismissed.

Rather than processing my complaint according to his obligations under Senate Rule 43, including acknowledging receipt and consulting with the majority and minority leaders, President Coleman has simply ignored the complaint and supplement.  My emails to President Coleman requesting the filing of the complaint and supplement are attached as supporting documents.

Advisement regarding remedies and penalties:  Pursuant to Colo. Const. art. XXIX, § 6, a covered individual found to have breached the public trust for private gain is liable for double the amount of the financial equivalent of any benefits obtained by such actions.  The manner of recovery and additional penalties may be provided by law.  The Commission does not assess criminal penalties, award injunctive relief, or award damages to complainants.

I hereby acknowledge that the facts presented herein are true to the best of my knowledge, and I will cooperate in the process regarding this complaint and will appear at any proceeding of the Independent Ethics Commission if the complaint is scheduled for a hearing.

Signature: _____

Attorney (if applicable): Self-Represented _____

Dated at Longmont (City), Colorado, this 5th day of March, 20 26.

Created by Article XXIX of the Colorado Constitution, the Independent Ethics Commission may review and hold hearings on matters falling within its jurisdiction as outlined in Article XXIX.

## Christopher Gregory

| | |
|---|---|
| **From:** | Christopher Gregory |
| **Sent:** | Wednesday, February 11, 2026 9:21 AM |
| **To:** | 'james.coleman.senate@coleg.gov' |
| **Subject:** | Senate Ethics Complaint re: Senate Judiciary Committee |
| **Attachments:** | 260211 CSPG JRC Ltr Ethics Complaint re SJC.pdf |

Good morning President Coleman,

Attached, please find an ethics complaint brought against the members of the Senate Judiciary Committee according to Senate Rule 43.  Please accept my filing of this complaint, acknowledge receipt, and proceed as required under Senate Rule 43.

Sincerely,

Christopher Gregory



The Gregory Law Firm, LLC
Christopher S.P. Gregory
Attorney at Law

201 Coffman St., #1822, Longmont, CO 80502
● Phone:  970.648.0642 ● Fax:  970.648.0643 ●

This e-mail transmission contains information from the Gregory Law Firm, LLC which may be confidential or protected by the attorney-client privilege.  If you are not the intended recipient, you are hereby notified that you must not read this transmission and that any disclosure, copying, printing, distribution or use of any of the information contained in or attached to this transmission is prohibited.  If you have received this transmission in error, please notify us immediately by e-mail and delete the original transmission.

1

# The Gregory Law Firm, LLC

Christopher S.P. Gregory
Attorney at Law

cspgregory@thegregorylawfirm.net

February 11, 2026

Senate President James R. Coleman
Colorado State Senate
200 E. Colfax Ave.
Denver, CO 80203
**Via E-Mail: james.coleman.senate@coleg.gov**

*Re: Ethical Complaint Against the Members of the Senate Judiciary Committee Brought According to Senate Rule 43; Exhibits 1-2*

Dear President Coleman:

Perhaps the most fundamental right applicable to the legislative process is the right of citizens to address the Legislature and to petition for grievances under the First Amendment[1] and Colo. Const. Art. II, § 24.[2]  As applied through the Colorado's Open Meetings Law, the expectation is that citizens have a meaningful opportunity to intelligently participate in the legislative process.

> The intent of the Open Meetings Law is that citizens be given the opportunity to obtain information about and to participate in the legislative decision-making process which affects, both directly and indirectly, their personal interests. A citizen does not intelligently participate in the legislative decision-making process merely by witnessing the final tallying of an already predetermined vote. As a rule, these types of statutes should be interpreted most favorably to protect the ultimate beneficiary, the public.
>
> *Cole v. State*, 673 P.2d 345, 349 (Colo. 1983).

---

[1] The First Amendment provides:

> Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech, or of the press, or the right of the people peaceably assemble, and to petition the Government for a redress of grievances.

[2] Colo. Const., Art. II, § 24 provides:

> The people have the right peaceably to assemble for the common good, and to apply to those invested with the powers of government for redress of grievances, by petition or remonstrance.

---

201 Coffman St., #1822, Longmont, CO 80502
● 970-648-0642 ● Fax: 970-648-0643 ●

Christopher S.P. Gregory, esq.
February 11, 2026
Page 2 of 3

As a former member, Vice Chair, Chair, and Executive Director of the Colorado Commission on Judicial Discipline (the CCJD), I have personal knowledge of an entrenched pattern of the Justices of the Colorado Supreme Court, as facilitated by others who include Attorney General Phil Weiser, Governor Jared Polis, and members/staff of the CCJD, committing occupational fraud intended to cover up substantial examples of judicial, attorney, and official misconduct.  I was also involved in the drafting and ultimate approval of Amendment H by 73% of Colorado voters in 2024.  Importantly, Amendment H was intended to remove the Justices' control over the constitutional judicial discipline structure and strengthen its legitimacy.  Even after being repeatedly retaliated against for my efforts to publicly expose this now more than 25-year pattern of ongoing public fraud and public corruption, I have persisted in my efforts to seek accountability.  It has been my experience that almost invariably, those in positions with both a duty and the authority to administer justice have deliberately disregarded my concerns as a victim of the most egregious form of judicial misconduct—retaliation against the officer and entity constitutionally mandated to enforce the Colorado Code of Judicial Conduct (the Code).  *See* Canon Rules 1.1 (Compliance with the Law), 1.2 (Promoting Confidence in the Judiciary), 1.3 (Avoiding Abuse of the Prestige of Judicial Office), 2.3 (Bias, Prejudice, and Harassment) and 2.16 (Cooperation with Disciplinary Authorities).

The latest example of a deliberate effort to conceal the pattern and practice of the Justices' fraud and retaliation occurred at the confirmation hearing for former Senator Bob Gardner as an attorney member of the CCJD.  At the hearing held on February 9, 2026, written materials that I had submitted in advance were deliberately ignored by the Senate Judiciary Committee.  *See* Colo. S.R. 36(a) ("Consideration of any such appointment by a committee of reference shall be listed on the Senate calendar prior to such consideration ***so as to permit public comment and information concerning such appointment to be submitted to the committee, its chairman, or the staff thereof.***").  Exhibits 1-2.  The submitted materials were also not posted in advance of the hearing, which would have provided an opportunity for other members of the public to comment.  Senate Judiciary Chair Mike Weissman refused to allow a motion to permit in-person or virtual public comment under Senate Rule 36(b), as was previously allowed for me to express my opposition to the reappointment of then-CCJD Chair Mindy Sooter and then-CCJD Vice Chair Jim Carpenter at the confirmation hearing held on April 28, 2025. In turn, the full Senate's rejection of Mindy Sooter's reappointment was the reason for Governor Jared Polis pivoting to appoint former Senator Gardner, an apologist for the Justices, as Sooter's replacement.

The other members of the Senate Judiciary Committee at the February 9, 2026 confirmation hearing were Vice-Chair Dylan Roberts, Senator John Carson, Senator Nick Hinrichsen, Senator Marc Snyder (temporarily substituting for Senator Lindsey Daugherty), Senator Katie Wallace, and Senator Lynda Zamora Wilson.  In addition to denying me any meaningful opportunity to be heard, the Senate Judiciary Committee proceeded to conduct a *pro forma* vote forwarding former Senator Gardner's appointment to the Senate's consent calendar with an unanimously favorable recommendation.  Submitting the appointment through the consent calendar all but ensures that there will be no meaningful scrutiny of former Senator Gardner's qualifications by the full Senate (as properly occurred with regard to Sooter and Carpenter's reappointments).

Christopher S.P. Gregory, esq.
February 11, 2026
Page 3 of 3

I have filed two federal cases to enforce my right to be heard as to the entrenched and pervasive corruption within the Colorado Judiciary. *Sealed Case*, 1:25-cv-00190—RBJ-STV (D. Colo.); *Gregory v. Colo. Jud. Discipline Rulemaking Comm., et al.*, 1:25-cv-03361—RBJ (D. Colo.). I do not seek any damages from the State of Colorado, as that would conflict with the State's sovereign immunities. Both these cases require independent and impartial representation of the State's interests, including most importantly as to injunctive remedies (such as the conflict-free reformation of the CCJD and other judicial oversight entities). Instead, representation of the State of Colorado's interests is occurring through the Department of Law, which reports to Attorney General Phil Weiser, who is also named as a defendant in his individual capacity.

The solution to the need for independent and impartial representation of the State of Colorado's objective interests is simple. I have requested that the members of the General Assembly pass a joint resolution referring the overall Colorado Judicial Scandal to conflict-free federal law enforcement and direct Colorado State Auditor Kerri Hunter to exercise her discretion to appoint another state's attorney general as a Special Assistant Attorney General (SAAG) under § 24-31-111(5), C.R.S. Like my comments opposing former Senator Bob Gardner's appointment, my request for a joint resolution has been deliberately ignored by the members of the Senate Judiciary Committee.

I respectfully submit that Chair Weissman and the other members of the Senate Judiciary Committee have violated my constitutional rights to petition for grievances and, more importantly, are knowingly assisting the Justices of the Colorado Supreme Court and others to break the law, including the Justices' duties under the Code. As explained in my written comments, by supporting former Senator Gardner's appointment to the CCJD, all the attorney members of the Senate will violate Rule 8.4(f) of the Colorado Rules of Professional Conduct and its prohibition against knowingly assisting a judge to violate the law, including the Code. I have not filed a separate complaint with the Independent Ethics Commission and, accordingly, I request that you consult with the majority and minority leaders about my complaint and form a committee on ethics to address the meritorious allegations that I raise. Colo. S.R. 43(a)-(b).

Although I understand that Senate Rule 43(a) provides confidentiality for your evaluation of my complaint, such confidentiality does not infringe upon my First Amendment and Colo. Const. Art. II, § 10 rights to publicly disclose this complaint as the complainant. Ultimately, I simply request that you protect my constitutional rights to legitimately, freely, and fully report instances of judicial, attorney, and official misconduct as part of the legislative process and the General Assembly's authority to provide legislative oversight as a co-equal branch of state government. The issues that I have raised could not be more critical to protecting and restoring the integrity of the Colorado Judiciary and Colorado's State Government.

Sincerely,

Christopher S.P. Gregory, esq.
Enclosures (2)

# The Gregory Law Firm, LLC

Christopher S.P. Gregory
Attorney at Law

cspgregory@thegregorylawfirm.net

February 6, 2026

Colorado Senate Judiciary Committee
Colorado State Capitol
200 E. Colfax Ave.
Denver, CO 80203

*Re: Appointment of Robert D. Gardner to the Colorado Commission on Judicial Discipline*

Dear Judiciary Committee Members:

In addition to being senators, Chair Mike Weissman, Vice-Chair Dylan Roberts, and Senator Lindsey Daugherty[1] are licensed attorneys with particular ethical duties under the Colorado Rules of Professional Conduct.  Similarly, the Governor's appointee to the Colorado Commission on Judicial Discipline (CCJD), former Senator Robert Gardner, is a licensed attorney with the same heightened ethical duties.  As is critical to the rule of law, attorneys are expected to uphold and maintain the standards of professional conduct and the Colorado Code of Judicial Conduct (the Code), including by taking appropriate action when a judge or a fellow attorney breaks the law.  Colo. RJD 8.3[2] and Colo. RJD 8.4(a-1), (b), (c), (d), (f), (h).[3]

---

[1] As a member of the State Commission of Judicial Performance, Senator Daugherty's legal and ethical obligations are more pronounced.  These heightened obligations include providing voters and the public with a legitimate, continuous, and ongoing assessment of the integrity of the Justices of the Colorado Supreme Court and the Judges of the Colorado Court of Appeals.  *See* § 13-5.5-107(1)(a), C.R.S. ("The evaluations must only include the following performance evaluation criteria: (a) Integrity, including but not limited to whether the justice or judge: (I) Avoids impropriety or the appearance of impropriety; (II) Displays fairness and impartiality toward all participants; and (III) Avoids ex parte communications. . .").  Voters were misled by the State Commission's inaccurate Bluebook recommendations made during the 2024 judicial retention elections of Justice Brian Boatright, Justice Monica Márquez, and Justice Maria Berkenkotter.  The State Commission is legally obligated to correct its inaccurate recommendations through interim evaluations and as it conducts current/prospective regular performance evaluations, including the evaluations of Justice William Hood, III and Court of Appeals Judge Grant T. Sullivan, who are both subject to retention elections in 2026.

[2] Colo. RPC 8.3, provides in relevant parts:

> **(a)** A lawyer who knows that another lawyer has committed a violation of the Rules of Professional Conduct . . . that raises a substantial question as to that lawyer's . . . honesty, trustworthiness or fitness as a lawyer . . . in other respects, shall inform the appropriate professional authority.
> **(b)** A lawyer who knows that a judge has committed a violation of applicable rules of judicial conduct that raises a substantial question as to the judge's fitness for office shall inform the appropriate authority.

[3] Colo. RPC 8.4 provides, in relevant parts:

> It is professional misconduct for a lawyer to:

---

201 Coffman St., #1822, Longmont, CO 80502
● 970-648-0642 ● Fax: 970-648-0643 ●

Christopher S.P. Gregory, esq.
February 6, 2026
Page 2 of 3

Former Senator Robert Gardner has broken the law and continues to break the law by assisting the Justices of the Colorado Supreme Court and his colleagues on the CCJD to engage in a now more than 25-year pattern of misusing public resources as hush money (i.e. NDAs), for self-controlled investigations, and for public relations schemes intended to conceal substantial judicial, attorney, and official misconduct.  The Justices' pattern of misconduct revolves around an enforced and "toxic" culture of silence in the Colorado Judicial Department reliant upon intimidation, retaliation, and taxpayer-funded bribery occurring with impunity.  The Justices' scheme and pattern continues to wrongfully cost taxpayers tens of millions of dollars annually. *See, e.g.* SB25-024 (adding 15 judgeships with a projected annual fiscal impact of $12 million as part of the Justices' bogus "Workplace Culture Initiative").

Former Senator Gardner is personally responsible for enabling and allowing retaliation against me for my efforts to expose this ongoing fraudulent scheme as a former member, Vice-Chair, Chair, and Executive Director of the CCJD.  There is probable cause to suspect that former Senator Gardner has committed or is committing various ethical violations and crimes through his acceptance of Governor Polis's appointment to the CCJD.  These probable crimes include, but are not limited to, Obstruction of Justice (18 U.S.C. § 1503),[4] First Degree Official Misconduct (§ 18-8-404, C.R.S.),[5] and Retaliation Against a Witness or Victim (§ 18-8-706,

---

**(a-1)** violate or attempt to violate the Rules of Professional Conduct, knowingly assist or induce another to do so, or do so through the acts of another;
**(b)** commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects;
**(c)** engage in conduct involving dishonesty, fraud, deceit or misrepresentation, except that a lawyer may advise, direct, or supervise others, including clients, law enforcement officers, and investigators, who participate in lawful investigative activities;
**(d)** engage in conduct that is prejudicial to the administration of justice;

\* \* \*

**(f)** knowingly assist a judge or judicial officer in conduct that is a violation of applicable rules of judicial conduct or other law;

\* \* \*

**(h)** engage in any conduct that directly, intentionally, and wrongfully harms others and that adversely reflects on a lawyer's fitness to practice law[.]

[4] The elements of Obstruction of Justice are:

1. The defendant corruptly,
2. Endeavored to influence, obstruct, or impede the due administration of justice,
3. With knowledge and specific intent to obstruct.

[5] The elements of First Degree Official Misconduct are:

1. That the defendant,
2. in the State of Colorado, at or about the date and place charged,
3. was a public servant, and

Christopher S.P. Gregory, esq.
February 6, 2026
Page 3 of 4

C.R.S.).[6]  Former Senator Gardner's malfeasance is explained in detail through the pending federal civil rights and Colorado False Claims Act (CFCA) retaliation lawsuit that I have filed in U.S. District Court.  *Gregory v. Colo. Jud. Discipline Rulemaking Comm., et al.*, 1:25-cv-03361—RBJ (D. Colo.).

The most recent development in *Gregory* is the recusal of U.S. District Judge Daniel D. Domenico in response to my "Affidavit of Judicial Bias or Prejudice According to 28 U.S.C. § 144," ECF No. 26, detailing the Justices' ongoing 25-year pattern of public corruption and public fraud.  Because of gamesmanship by the Colorado Attorney General's Office (which currently purports to represent the Defendants, including Attorney General Phil Weiser) and Judge Domenico's unacknowledged actual bias, the Affidavit is a temporarily restricted filing available to the court and to the parties.  Former Senator Gardner, however, was personally aware of the substance of the 28 U.S.C. § 144 Affidavit before he testified to the Joint Judiciary Committee at the CCJD's SMART Act hearing on January 21, 2026.  Former Senator Gardner was intentionally deceitful in his testimony on January 21, 2026 and is not being honest or candid in continuing to seek confirmation of his appointment to the CCJD.

I raised my overall concerns about public corruption within the Colorado Department of Law, the Colorado Supreme Court, the Colorado Judicial Department, and the CCJD as part of the respective SMART Act hearings held on January 20, 2026 and January 21, 2026.  My written testimony was copied to both the Colorado Office of Judicial Performance Evaluation (COJPE)

---

4. with intent,
5. to obtain a benefit for himself or another or maliciously to cause harm to another, he,
6. knowingly,
7. refrained from performing a duty imposed upon him by law **_or_** committed an act relating to his office but constituting an unauthorized exercise of his official function **_or_** violated [a relevant statute, rule, or regulation] relating to his office.

Colo. Jury Instr., Criminal 8-4:06 through 8-4:08.

[6] The elements of Retaliation Against a Witness or Victim are:

1. That the defendant,
2. in the State of Colorado, at or about the date and place charged,
3. used a threat, an act constituting the crime of harassment, or an act of harm or injury upon any person or property,
4. directed to, or committed upon, a witness in any criminal or civil proceeding, a victim of any crime, an individual whom the defendant believed had been or would be called to testify as a witness in any criminal or civil proceeding or a victim of any crime, a member of the witness's family, a member of the victim's family, an individual in close relationship to the witness or victim, or an individual residing in the same household with the witness or victim,
5. as retaliation or retribution against the witness or victim.

Colo. Jury Instr., Criminal 8-7:08

Christopher S.P. Gregory, esq.
February 6, 2026
Page 4 of 5

and the CCJD.  Neither the COJPE nor the CCJD acknowledged the issues that I have raised or has explained how either will address my underlying allegations of judicial misconduct.

Most importantly, I requested that a member of the Colorado General Assembly (preferably a member of the Joint Judiciary Committee or the Legislative Audit Committee) sponsor a proposed joint resolution referring the overall Colorado Judicial Scandal to conflict-free federal law enforcement and directing the Colorado State Auditor to exercise her discretion to appoint another state's attorney general as a Special Assistant Attorney General (SAAG) under § 24-31-111(5), C.R.S.  I paired this request with a judicial discipline complaint filed separately with the Denver Judicial Discipline Commission (the DJDC).  The complaint requested that the DJDC, through the authority of the Denver County Court, order an investigation by the Denver Police Department and appoint a conflict-free special prosecutor (other than 2nd Judicial District Attorney John F. Walsh, III, who was directly involved in the underlying pattern of misconduct).

The Joint Judiciary Committee, however, ignored my testimony and my request for a joint resolution.  Moreover, the written materials that I submitted to the Joint Judiciary Committee were appended to the Committee Report stripped of their organizational structure, specifically the order of the documents and bookmarking features.  Like the U.S. Department of Justice's production of the Epstein files, the disorganization of the materials I submitted would require the assistance of AI to summarize and understand their substance.

With my present written testimony, I am attaching the following documents:

- Exhibit 1—Written testimony of Christoper Gregory submitted to the Joint Judiciary Committee on January 19, 2026;
- Exhibit 2—Proposed joint resolution submitted to the members of the Joint Judiciary Committee on January 20, 2026;
- Exhibit 3—Oral testimony of Christopher Gregory read into the record of the Joint Judiciary Committee on January 21, 2026;
- Exhibit 4—DJDC Complaint, dated January 26, 2026;
- Exhibit 5—"Motion to Strike Defendants' Motion to Restrict Public Access" and Exhibits 1-3 (ECF No. 31) in *Gregory*;
- Exhibit 6—"Order Granting Request for Recusal" (ECF No. 32) in *Gregory*;
- Exhibit 7—Pattern and practice complaint submitted to the Colorado Attorney General's Office on January 21, 2026; and
- Exhibit 8—Unlawful acts by federal agent complaint submitted to the Colorado Attorney General's Office on January 21, 2026.

Separately, I am re-submitting the supporting materials that I provided the Joint Judiciary Committee, which have been combined into a single organized and bookmark-navigable pdf document.  It is important for the public and legislators to have access to these materials in a usable format.  Once my Affidavit supporting Judge Domenico's disqualification is no longer restricted, I will provide a copy of it for publication into the legislative record, as well.

Christopher S.P. Gregory, esq.
February 6, 2026
Page 5 of 5

If former Senator Robert Gardner is confirmed to the CCJD, the affirmative votes of any attorney-members of the Colorado Senate will be violative of the standards of professional conduct mandated through Colo. RPC 8.3(a), (b) and 8.4(a-1), (b), (c), (d), (f), (h).  Affirmative votes will also be contrary to the fundamental importance of the rule of law and protecting public confidence in the Colorado Judiciary.

I respectfully request that this Committee forward former Senator Gardner's appointment to the full Colorado Senate with an unfavorable recommendation.  Moreover, I implore the members of this Committee to sponsor and submit my proposed joint resolution for the referral of the Colorado Judicial Scandal (including the Justices being interrupted as they began paying the $2.66-$2.75 million sole source, *quid pro quo* Masias Contract / bribe) to conflict-free federal law enforcement and for the Colorado State Auditor to appoint another state's attorney general as a conflict-free SAAG, able to impartially represent the interests of the State of Colorado.  It is also critical that the General Assembly fund and finally set up the Office of the Judicial Discipline Ombudsman (the OJDO) created through HB23-1205.  The failure to set up the OJDO is only one more example of the dereliction of former Senator Gardner's ethical duties and his interference with the administration of justice in violation of the standards of professional conduct.

As I concluded my oral testimony before the Joint Judiciary Committee on January 21, 2026, there are difficult questions that need to be asked despite political inconvenience.  I urge you to have the integrity and courage to do so.

Sincerely,

Christopher S.P. Gregory, esq.
Enclosures (8)

Cc:     Colorado Commission on Judicial Discipline
        Colorado Office of Judicial Performance Evaluation
        Colorado State Auditor
        Members of the Colorado General Assembly



# The Gregory Law Firm, LLC

Christopher S.P. Gregory
Attorney at Law

cspgregory@thegregorylawfirm.net

**EXHIBIT 1**

January 19, 2026

Colorado Legislative Joint Judiciary Committee
Colorado State Capitol
200 E. Colfax Ave.
Denver, CO 80203

Dear Joint Judiciary Committee Members:

I am a former member, Vice-Chair, Chair, and Executive Director of the Colorado Commission on Judicial Discipline (the CCJD). Because of my steadfast efforts to stop what amounts to a more than 25-year pattern of the Justices of the Colorado Supreme Court using taxpayer funds as hush money (i.e. non-disclosure agreements (NDAs)), for self-serving "independent" investigations, and for public relations schemes, I was retaliated against and fired.

The Justices' pattern of intimidation, retaliation, and creating an enforced culture of silence has been facilitated by others, including Colorado Attorney General Phil Weiser and Colorado Attorney Regulation Counsel Jessica Yates. The long and tortured history of the Colorado Judicial Scandal has included ARC Yates allowing the criminal prosecution of this Committee's former Chair Senator Pete Lee based upon admittedly and objectively false evidence fabricated by Yates's Office. The intimidation of Senator Lee transgressed this body's legislative privilege while this body provided no meaningful response to protect Senator Lee or the integrity of the legislative process. ARC Yates then proceeded to threaten the CCJD's judge and attorney members and me (as Executive Director) with a disciplinary letter sent on February 6, 2023. The disciplinary letter specifically sought to intimidate the CCJD from continuing its intrepid efforts to reform Colorado's judicial discipline structure. Again, this body (and the Colorado Supreme Court to whom she reports) did nothing to hold ARC Yates accountable for her official misconduct and intimidation of legislative witnesses. Indeed, the Justices of the Colorado Supreme Court and the members of the Colorado Supreme Court Committees that oversee the Office of Attorney Regulation Counsel (OARC) have seemingly endorsed ARC Jessica Yates's unlawful intimidation of legislators and legislative witnesses.

This year's SMART Act hearings for the Colorado Department of Law, the Colorado Judicial Department, and the Colorado Commission on Judicial Discipline are happening at an extraordinary moment in Colorado history when former Chief Justice Nathan B. Coats has been disciplined for his part in the Justices of the Colorado Supreme Court having collectively agreed to a $2.66-$2.75 million publicly funded bribe being paid to then-State Court Administrator's Office (SCAO) Chief of Staff Mindy Masias, who was being fired at the time for financial misconduct and later-confirmed examples of occupational fraud. *Matter of Coats*, 2023 CO 44. More recently, another sitting Justice, Melissa Hart, resigned amidst the clouds of the Masias Controversy as well as Justice Hart's own unreported judicial misconduct. The Colorado

201 Coffman St., #1822, Longmont, CO 80502
● 970-648-0642 ● Fax: 970-648-0643 ●

Christopher S.P. Gregory, esq.
January 19, 2026
Page 2 of 3

Judicial Department's top lawyer, SCAO Judicial Counsel Terri Morrison, has also resigned in response to the Masias Controversy.  There is now a vacancy on the Colorado Supreme Court to be filled through an opaque and conflicted judicial selection process.  Problems with Colorado's systems of judicial selection, retention, and discipline persist despite the adoption of Amendment H by 73% of Colorado voters in 2024 and accompanying reforms approved by a nearly unanimous Legislature.

I believe it is critical for the General Assembly to be aware of the context, including the pending lawsuit which I have filed in U.S. District Court.  *Gregory v. Colo. Jud. Discipline Rulemaking Comm.*, 1:25-cv-03361-DDD (D. Colo.).  Among other things, the lawsuit seeks to enjoin the appointment of Justice Hart's successor until a conflict-free nominating commission and conflict-free proxy for the Governor can be appointed.  None of the relief requested in the lawsuit threatens adverse fiscal impacts to the State, rather the lawsuit seeks to stop tens of millions of dollars of ongoing public fraud.  I have requested and filed an affidavit under 28 U.S.C. § 144 requiring the mandatory and automatic disqualification of the federal District Court Judge assigned to the case, former Colorado Solicitor General Daniel D. Domenico, because of his manifest personal bias and prejudice against me and in favor of one or more Defendants.

I have attached the relevant court filings in *Gregory* for your review and inclusion in the legislative record.  The federal attorney discipline complaint, Exhibit 1 (ECF No. 1-1) to the Complaint in *Gregory*, is the most important document for you to understand the significance of the judicial misconduct involved as well as the reasons behind Justice Melissa Hart's leave and ultimate resignation from the Colorado Supreme Court as well as SCAO Judicial Counsel Terri Morrison's resignation.

It also deserves emphasis that the General Assembly's constitutional impeachment authority exists separately and independently from Colorado's constitutional judicial discipline structure.  *Compare* Colo. Const. Art. VI, § 23(3)(i) *and* Colo. Const. Art. XIII.

The last time I appeared before the Senate Judiciary Committee, I testified in opposition to then-Chair Mindy Sooter's and then-Vice-Chair Jim Carpenter's reappointment to the CCJD.  As part of my testimony, I also called upon the General Assembly to pass a joint resolution requesting the referral of the Colorado Judicial Scandal to federal law enforcement for a conflict-free investigation.  A majority of this Committee's members took my concerns seriously and forwarded the Governor's reappointments of Sooter and Carpenter to the full Senate with unfavorable recommendations.  On the last day of last year's session, the full Senate voted 16-19 against Sooter's confirmation and 19-16 in favor of Carpenter's confirmation.  Those Senators voting in favor of Carpenter's confirmation were:

- Amabile
- Baisley
- Ball
- Bridges

Christopher S.P. Gregory, esq.
January 19, 2026
Page 3 of 4

- Catlin (while voting against Sooter's confirmation)
- Coleman
- Cutter
- Danielson (while voting against Sooter's confirmation)
- Hinrichesen
- Jodeh
- Kipp
- Kolker
- Marchman (while voting against Sooter's confirmation)
- Michaelson Jenet
- Roberts
- Rodriguez
- Simpson
- Snyder
- Weissman

It remains unclear why these Senators did not recognize the need for accountability within the CCJD (including categorical intolerance for the institutionalized culture of intimidation, harassment, discrimination, and retaliation that exists within the broader Colorado Judicial Department) as well as the need to finally have a full, legitimate, and unobstructed investigation of the Colorado Judicial Scandal.

This year's SMART Act hearings provide a renewed opportunity to address the pervasive lack of integrity and accountability within Colorado's Judicial Branch.  I, again, renew my requests for the General Assembly to adopt a joint resolution referring the Colorado Judicial Scandal to conflict-free law federal law enforcement and, under §§ 24-31-111(5) and 24-31-1204(2), C.R.S., to direct Colorado State Auditor Kerri Hunter to exercise her discretion to appoint another state's attorney general as a Special Assistant Attorney General (SAAG) to investigate the involved allegations of public fraud and false claims.  Importantly, according to § 24-31-111(5), C.R.S., this Legislature has already appropriated the funds necessary for a legitimate investigation of the Colorado Judicial Scandal through the Department of Law's budget, inclusive of the $4 million of funding appropriated through HB 25-1321 (Support Against Adverse Federal Action).  Moreover, the introduction of a joint resolution does not affect any legislator's bill limit for this legislative session.  *Compare* Colo. House R. 26(g) *and* Colo. Senate R. 30(f)(1)(A) (both Rules distinguishing presumptive bill limit from presumptive resolution limit; requiring submission of joint resolutions at least 30-days prior to sine die).  § 24-31-111(5), C.R.S. provides:

> (5) Whenever the attorney general is unable, has failed, or refuses to provide legal services to a state agency, as determined by the governor if the agency is in the executive branch, or by the chief justice if the agency is in the judicial branch, or by the state auditor if the agency is the office of the state auditor, the agency may employ counsel of its choosing to provide such legal services. ***Any***

Christopher S.P. Gregory, esq.
January 19, 2026
Page 4 of 5

> ***expense incurred due to the employment of counsel pursuant to
> this subsection (5) is a lawful charge against appropriations for
> this purpose made by the general assembly to the department of
> law.*** (Emphasis added).

I have enclosed proposed language for a joint resolution to refer the issues involved in the Colorado Judicial Scandal, including suspected public fraud and false claims, to conflict-free federal law enforcement in conjunction with the State Auditor's appointment of another state's attorney general as a SAAG. Ideally, another state with similar demographics, geography, and an equivalent state false claims act (such as Oregon) will be willing to accept the SAAG appointment. The enclosed draft joint resolution further contemplates the creation of a joint legislative investigating committee to effectuate the referral to conflict-free federal law enforcement and the appointment of another state's attorney general as a SAAG.

Ultimately, however, there is no excuse or rational justification for this Committee and this General Assembly not to approve the requested joint resolution and finally allow a full and legitimate investigation of the endemic public corruption found within the Colorado Judiciary and within Colorado State Government, more broadly.

With this background, I urge this Committee to raise the attached questions at the respective SMART Act Hearings and to address my request for a joint resolution on the record.

Sincerely,

Christopher S.P. Gregory, esq.
Enclosures (23)

**Requested Questions**

Colorado Department of Law—1/20/26 Hearing

Attorney General Phil Weiser:

- What was your role and the roles of attorneys subject to your supervision in the negotiation, approval, and payment of publicly funded non-disclosure agreements as reported by *The Denver Gazette* on November 13, 2022?  David Migoya, *Non-Disclosures Under Fire*, DENVER GAZETTE, November 13, 2022.

- When did you first become aware that the Justices of the Colorado Supreme Court were contemplating and negotiating the $2.66-$2.75 million contract with then-State Court Administrator's Office Chief of Staff Mindy Masias?  Which other attorneys within the Colorado Department of Law subject to your supervision were aware of the contemplation and negotiation of the Masias Contract?  When were they aware of it?

- When did you and attorneys subject to your supervision first become aware of the existence of the Masias Memo?  Who knew about the existence of the Masias Memo and when did they know?

- The Attorney General's Office provided the investigation and litigation support for the Office of the State Auditor's 2019-2022 Fraud Hotline investigation.  The existence of the Masias Memo was concealed from both the Colorado State Auditor and the Colorado Commission on Judicial Discipline from December 2018 until February 2021.  Who was responsible for concealing this material information?

- Similarly, with the Attorney General's Office providing investigation support, why wasn't evidence of occupational fraud immediately communicated to the 2nd Judicial District Attorney's Office as part of the Fraud Hotline investigation?   Because of the non-reporting, the statute of limitations ultimately expired preventing a state-level prosecution of those individuals suspected of committing occupational fraud by the OSA.  Why did you allow this to happen?

- There has been a call for the Colorado State Auditor to directly appoint another state's attorney general as a Special Assistant Attorney General under § 24-31-111(5), C.R.S. to complete a conflict-free investigation of the Masias Controversy.  Why aren't you joining this request?

- Do you admit or deny the allegations of attorney misconduct against you stated in former Colorado Commission on Judicial Discipline Christopher Gregory's complaint submitted to the U.S. District Court's Committee on Conduct (1:25-cv-03361-DDD, ECF 1-1)?  What specific allegations do you dispute?

- You have assigned attorneys from your Office to defend against *Gregory v. Colo. Jud. Discipline Rulemaking Comm.*, 1:25-cv-03361-DDD (D. Colo.), including claims brought against you individually.  How is this not a conflict of interest and a misappropriation of state resources for your personal benefit?  Do you agree that you and any attorneys who represent you have an ethical obligation to stipulate to the disqualification of a judge where there is evidence that the judge has a personal bias or prejudice?

- If you know of attorneys or other employees subject to your supervision engaging in retaliation, what are your obligations?  What is the appropriate consequence under the Department of Law's personnel rules?
- If your Office or a private sector law firm is used to defend against violations of the Colorado Whistleblower Protection Act and/or the Colorado False Claims Act's retaliation provisions, shouldn't the individuals responsible for any ultimately proven retaliation be responsible for the value/cost of the defense?
- Have you or your Office investigated whether the use of "outside" or "independent" investigations as a means of political damage control and obstruction of ordinary law enforcement and regulatory processes is a fraudulent or unlawful use of taxpayer funds?  Examples of such investigations include the ILG and RCT investigations that occurred as part of the Masias Controversy as well as Secretary of State Jena Griswold commissioning an investigation of the disclosure of voting machine passwords and her Office's response during the 2024 election.  How are these self-controlled investigations distinguishable from the definition of occupational fraud under the Fraud Hotline Statute, § 2-3-110.5(1)(d), C.R.S.?
- How do you justify the ethics and legality of your Office and attorneys subject to your control defending against the civil claims and allegations of your own personal criminal conduct raised through *Gregory v. Colo. Jud. Discipline Rulemaking Comm.*, 1:25-cv-03361-DDD (D. Colo.)?

Colorado Judicial Department—1/21/26 Hearing

Chief Justice Monica Márquez and State Court Administrator Steven Vasconcellos:

- Márquez: Do you admit or deny the allegations of judicial and attorney misconduct against you stated in Christopher Gregory's complaint submitted to the U.S. District Court's Committee on Conduct (1:25-cv-03361-DDD, ECF 1-1)?  What specific allegations do you dispute?
- Márquez: When did the Justices of the Colorado Supreme Court first decide to offer/consider providing former SCAO Chief of Staff Mindy Masias a contract to provide leadership training to the Colorado Judicial Department?  When was this decision communicated to the Colorado Office of the State Auditor?
- (Both Márquez and Vasconcellos individually):  When did you first become aware of the existence of the Masias Memo?  When did the other Justices and other persons in SCAO become aware of the existence of the Masias Memo?  Did you direct anyone to provide copies of the Masias Memo to the OSA and/or the Colorado Commission on Judicial Discipline?  You admit that the existence of and a copy of the Masias Memo was withheld and not disclosed to the OSA and/or the CCJD from December 2018 until February 2021?
- (Both Márquez and Vasconcellos individually): Who was responsible for the delay in reporting evidence of occupational fraud to the 2nd Judicial District Attorney's Office?  When the OSA drafted its Fraud Hotline Report (ultimately published on February 4, 2022), who was responsible for redacting the report and other delays in it being provided to the 2nd Judicial District Attorney's Office?

- Márquez: Why were the Justices' roles in the Masias Controversy not considered by the State Commission of Judicial Performance when you, Justice Brian Boatright, and Justice Maria Berkenkotter were subject to retention elections in 2024?  Judiciary Committee member Senator Lindsey Daugherty is a member of the State Commission.  Why didn't you, Justice Boatright, or Justice Berkenkotter voluntarily raise the issues involved with the State Commission during your retention cycles?

- Márquez:  Attorney Regulation Counsel Jessica Yates abused her official authority by allowing the criminal prosecution of then-Senate Judiciary Chair Pete Lee to move forward through objectively and admittedly false information provided by Yates's Office.  As further intimidation and obstruction of legislative reforms, Yates sent a February 6, 2023 disciplinary letter to the judge and attorney members and the Executive Director of the Colorado Commission on Judicial Discipline threatening them with disciplinary action for their testimony and future testimony before this Legislature.  You and your colleagues on the Colorado Supreme Court supervise Jessica Yates and she reports to you.  You were aware of her official misconduct and violation of Senator Lee's legislative privilege but did nothing.  Why not?

- (Both Márquez and Vasconcellos individually):  Did Justice Melissa Hart self-initiate judicial disability proceedings when she went on personal leave October 28, 2025?  Who approved the leave and did that person report the basis for it to the CCJD for consideration of disability proceedings?

- (Both Márquez and Vasconcellos individually):  When were you first aware that Justice Melissa Hart had been at fault in a significant automobile collision before she was appointed to the court?  That she was involved in a civil case arising from the collision after being appointed to the court?  *Hampton v. Hart*, Denver Dist. Ct. Case No. 19CV34953.

- (Both Márquez and Vasconcellos individually):  When were you first aware that Justice Melissa Hart is currently on probation supervised by the Denver County Court in a dog bite case?  *People v. Melissa Hart*, Denver Cty. Ct. Case No. 25GV100395.

- (Both Márquez and Vasconcellos individually):  When were you first aware that Justice Melissa Hart failed to appear in Denver County Court on a careless driving ticket issued earlier in 2025?  *People v. Melissa Hart*, Denver Cty. Ct. Case No. 25T0087448.

- Márquez:  Why didn't you and the other Justices disqualify yourselves from all matters involving judicial discipline (including pending cases, making appointments to judicial oversight entities, rulemaking, and engagement in the legislative reform process) after you received individual letters requesting your disqualification from the CCJD on June 13, 2022 and July 1, 2022?  Why do you and the other Justices continue to sit on judicial discipline cases?

- Márquez:  On December 14, 2023, then-Chief Justice Brian Boatright received a notification letter from the Commission on Judicial Discipline according to Colo. RJD 14(a).  The letter conveyed allegations of judicial misconduct by all the Justices raised by former 10th Judicial District Court Chief Judge Dennis Maes.  With knowledge of these allegations of misconduct and pending judicial discipline proceedings against Chief Justice Boatright, why didn't you and the other Justices disqualify yourselves from further hearing of *Anderson v. Griswold*, 2023 CO 63 and form a Special Tribunal according to Colo. RJD 41?  Why, instead, did you and the other Justices proceed to issue and announce your opinion in *Griswold* on December 19, 2023?

- (Both Márquez and Vasconcellos individually):  How is the Colorado Supreme Court's "Workplace Culture Initiative," including the creation of 15 new judgeships through SB25-024 not merely propaganda to conceal your role and the role of the other Justices in the Masias Controversy?  Why don't the "Workplace Culture Initiative," the ILG, LLC investigation, and the RCT, Ltd. investigation meet the definition of "occupational fraud" under the Fraud Hotline statute--§ 2-3-110.5, C.R.S. ("'Fraud' means occupational fraud or the use of one's occupation for personal enrichment through the deliberate misuse or misapplication of the employing organization's resources or assets.").
- Márquez:  Why haven't you recused yourself as the *ex officio* Chair of the Colorado Supreme Court Nominating Commission that will choose nominees for Justice Hart's successor?
- Márquez:  As the default *ex officio* Chair, why haven't you raised conflicts of interest that some of the nominating committee members themselves have?
- (Both Márquez and Vasconcellos individually):  The former Executive Director of the Colorado Commission on Judicial Discipline, Christopher Gregory, has called for the formation of a Special Tribunal, a Special Adjudicative Board Panel, and a Special Commission on Judicial Discipline to consider grounds for your discipline and the discipline of the other justices and judges involved in the Masias Controversy.  Do you support allowing for such a conflict-free process?  If not, why not?
- (Both Márquez and Vasconcellos individually):  How does Colorado's system of attorney discipline controlled by the Colorado Supreme Court comport with the prohibition against judicial fact investigations in Canon Rule 2.9(C) of the Colorado Code of Judicial Conduct?  Why hasn't Colorado considered adopting an attorney discipline system similar to that followed in Oregon (O.R.S. § 9.010(2)) where attorney discipline occurs through an independent bar association authorized through the Legislature?
- (Both Márquez and Vasconcellos individually):  The current process for the nomination and appointment of judges occurs through non-public meetings to determine who is interviewed, non-public interviews of judicial candidates, and non-public meetings to determine the nominees and the final appointees.  Why aren't these meetings and these decisions made in public and through livestreamed proceedings on the record?
- (Both Márquez and Vasconcellos individually):  In the past, Justices of the Colorado Supreme Court have spoken out about the need to increase diversity on the bench and to eliminate bias (institutional, implicit, and explicit) in judicial selection.  Don't you agree that the best way to eliminate any form of bias is to ensure that judicial selection decisions occur in the open with a complete public record of how the judicial nominating commissions and the Governor make such decisions?  There is no provision in Colo. Const. Art. VI, § 24 that exempts the judicial nominating commissions and the Governor's Office from the Colorado Open Meetings Law.  Why aren't the meetings of the judicial nominating commissions, the Governor's judicial appointment committee, and all interviews of judicial candidates being livestreamed on the record?
- (Both Márquez and Vasconcellos individually):  There has been a call for the Colorado State Auditor to directly appoint another state's attorney general as a Special Assistant Attorney General under § 24-31-111(5), C.R.S. to complete a conflict-free investigation of the Masias Controversy.  Why aren't you joining this request?
- Márquez: How do you justify the ethics and legality of utilizing the Colorado Attorney General's Office and attorneys subject to co-defendant Attorney General Phil Weiser's

control to defend against the civil claims and allegations of your own personal criminal conduct raised through *Gregory v. Colo. Jud. Discipline Rulemaking Comm.*, 1:25-cv-03361-DDD (D. Colo.)?

Colorado Commission on Judicial Discipline—1/21/26 Hearing

Anne Mangiardi, James Carpenter, Bob Gardner:

- Ms. Mangiardi, you acknowledge that while at the Attorney General's Office, you supervised the ILG investigation commissioned by the Judicial Department? What was your role in providing such supervision? What access did you have to the records that were provided to ILG? What communications did you have with others in the Attorney General's Office and with the Justices and the Judicial Department over the course of the ILG investigation? How was the ILG investigation not a violation of Canon Rule 2.9(C)'s prohibitions against judicial investigations?
- All panelists: With violations of the public financial disclosure law, § 24-6-202, C.R.S., recognized as misdemeanor offenses punishable by a mandatory $1,000-$5,000 fine, why did the Commission resolve all the cases involving judges failing to file such disclosures with dismissals or private discipline? Even if the statute of limitations had passed for criminal prosecution, why didn't the Commission seek fines as a judicial discipline sanction?
- Carpenter & Mangiardi: Because the public financial disclosure violations were/are readily verifiable through public records, why wasn't there public discipline (such as, minimally, a public reprimand) in those cases? Was the motivation for dismissing these cases to allow the judges to later participate in the Senior Judge Program (which currently bars judges with any record of discipline, private or public)?
- All panelists: On what legal basis do you disclaim having jurisdiction to evaluate the conduct of senior judges, who include former Chief Justice Nancy Rice? Isn't it true that through the Colorado Judicial Discipline Rulemaking Committee created by Amendment H, you can change the Colorado Rules of Judicial Discipline at any time? You can even make necessary changes retroactively because judicial discipline is civil and remedial in nature?
- Mr. Carpenter, there are allegations that you and the other Commissioners retaliated against the Commission's former Executive Director, Christopher Gregory, for pursuing suspected public fraud and legitimate grounds for judicial discipline. Do you deny these allegations? If so, on what grounds?
- Mr. Gardner, in your former role as a member of this Committee, you opposed amendments to HCR23-1001 and HB23-1016 that would have taken away the Colorado Supreme Court's authority to directly appoint members of the Colorado Commission on Judicial Discipline and would have reinforced the independence of the Colorado Judicial Discipline Rulemaking Committee. Was your opposition to those amendments the result of lobbying by the Justices and their legislative liaison, Terry Scanlon?
- Mr. Gardner, why did you apply and why were you chosen by the Governor as an attorney member of the Commission, after the Colorado Senate rejected the reappointment of Commission Chair Mindy Sooter?

- Mr. Garnder, you were part of a committee formed to set up the Office of the Judicial Discipline Ombudsman created through HB23-1205.  That Office still does not exist.  Why not?
- All panelists:  Former Executive Director Gregory has submitted a request for evaluation of conduct as to the Justices and other judges.  The RFE further requests an evaluation of the conduct of the Commissioners and the Commission's Staff.  What is being done to address that RFE in a conflict-free manner?  Why hasn't the Commission voluntarily moved for the formation of a Special Tribunal, a Special Adjudicative Board Panel, and a Special Commission through a conflict-free selection mechanism to consider the RFE?
- All panelists:  There has been a call for the Colorado State Auditor to directly appoint another state's attorney general as a Special Assistant Attorney General under § 24-31-111(5), C.R.S. to complete a conflict-free investigation of the Masias Controversy.  Why aren't you joining this request?
- All panelists:  How do you justify the ethics and legality of utilizing the Colorado Attorney General's Office and attorneys subject to co-defendant Attorney General Phil Weiser's control to defend against the civil claims and allegations of your own personal criminal conduct raised through *Gregory v. Colo. Jud. Discipline Rulemaking Comm.*, 1:25-cv-03361-DDD (D. Colo.)?
- All panelists:  Why should the people of Colorado have confidence in our judicial discipline system?  Why shouldn't the public perceive judicial discipline as simply a protection racket that shields judges from accountability?

EXHIBIT

2

Be It Resolved by the Senate of the Seventy-Sixth General Assembly of the State of Colorado, the House of Representatives concurring herein:

Whereas credible evidence exists that whistleblowers, witnesses, and public officials within Colorado state and local governments are being systematically intimidated and retaliated against through the misuse of public resources and the selective prosecution / non-prosecution of the wrongdoers involved;

Whereas examples of the systematic misconduct involved include patterns of alleged corruption within the Colorado Judiciary, alleged interference with the 2024 presidential election, publicly funded self-investigations of various incidents of alleged official misconduct, non-disclosure and hush money agreements valued at over $4 million which have been negotiated by the Colorado Attorney General's Office and other agencies / public officials, and the allegedly invalid approval of an urban renewal authority estimated to divert $155 million of tax revenues over 25 years;

Whereas, these circumstances present probable cause and a reasonable basis to suspect violations of both Colorado and federal law;

Whereas, because of conflicts of interest, the Colorado Attorney General and the entire Colorado Department of Law are unable to impartially enforce Colorado's False Claims Act, Title 24, Part 12, C.R.S.;

Whereas, 22 other states and the District of Columbia have their own equivalent civil false claims acts.  Those states and the District of Columbia are:

- California—Cal. Gov't Code §§ 12650 to 12656;
- Connecticut—Conn. Gen. Stat. Ann. §§ 4-274 to 4-289;
- Delaware--Del. Code Ann. tit. 6, §§ 1201-1201;
- District of Columbia—D.C. Code Ann. §§ 2-381.01 to 2-381.10;
- Florida—Fla. Stat. Ann. §§ 68.082 to 68.105;
- Georgia—Ga. Code Ann. §§ 23-3-120 to 23-3-120;
- Hawai'i—Haw. Rev. Stat. Ann. §§ 661-21 to 661-31;
- Illinois—740 Ill. Comp. Stat. Ann. 175/1 to 175/8;
- Indiana—Ind. Code Ann. §§ 5-11-5.5-1 to 5-11-5.5-18;
- Iowa—Iowa Code Ann. §§ 685.1 to 685.7;
- Kansas—Kan. Stat. Ann. §§ 75-7501 to 75-7511;
- Maryland—MD GEN PROVIS §§  8-101 to 8-111;
- Massachusetts—Mass. Gen. Laws Ann. ch. 12, §§ 5A to 5O;
- Minnesota—Minn. Stat. Ann. §§ 15C.01 to 15C.16;
- Nevada—Nev. Rev. Stat. Ann. §§ 357.010 to Nev. Rev. Stat. Ann. § 357.250:
- New Jersey—N.J. Stat. Ann. §§ 2A:32C-1 to N.J. Stat. Ann. § 2A:32C-18;
- New Mexico—N.M. Stat. Ann. §§ 44-9-1 to 44-9-14;
- New York—N.Y. State Fin. Law §§ 188 to 194;
- North Carolina—N.C. Gen. Stat. Ann. §§ 1-605 to 1-618;

- Oregon—Or. Rev. Stat. Ann. §§ 180.750 to 180.785;
- Rhode Island—9 R.I. Gen. Laws Ann. §§ 9-1.1-1 to 9-1.2-9;
- Tennessee—Tenn. Code Ann. §§ 4-18-101 to 4-18-108; and
- Vermont--Vt. Stat. Ann. tit. 32, §§ 630 to 642; and

Whereas, the U.S. Department of Justice—Denver Office and the U.S. Department of Justice—Wyoming Office also has conflicts of interest as to the individuals involved in the alleged public corruption and are unable to impartially investigate the factual circumstances;

**Section 1.** The Colorado General Assembly shall submit a formal request to the U.S. Department of Justice to assign an Office outside of the U.S. Department of Justice—Denver Office and the U.S. Department of Justice—Wyoming Office to complete a conflict-free investigation of the alleged public corruption within Colorado state and local government.

**Section 2.** As authorized by § 24-31-101(1)(g), C.R.S. and § 24-31-111(5), C.R.S., the Colorado General Assembly (through and as the Colorado State Auditor's supervising authority) shall designate and appoint another state's attorney general (from one of the 22 other states or the District of Columbia with equivalent civil false claims acts) as a Special Assistant Attorney General charged with investigating and representing the State of Colorado's interests as to alleged violations of Colorado's False Claims Act and other laws.  The costs of the investigation and representation shall be paid through funds already appropriated through HB25-1321 and the Colorado Department of Law's annual budget, as provided by § 24-31-111(5), C.R.S.

**Section 3.**  According to the authority provided through Colo. House R. 26(a)(2) and Colo. Senate R. 30(b)(2), an investigating committee comprised of members of both houses shall be formed to implement and effectuate this joint resolution.

EXHIBIT

3

This statement was read into the record following the 1/21/26 Judicial SMART Act Presentation.

Thank you Mr. Chair.  Good morning Committee Members.

My name is Christopher Gregory and I appear as a citizen.  I am a former member, Vice-Chair, Chair, and Executive Director of the Colorado Commission on Judicial Discipline.  Acknowledging the contributions of others, including members of this Committee, I regard the passage and approval of Amendment H by 73% of Colorado voters as my most important accomplishment.  Amendment H was intended to remove control of judicial discipline from the Colorado Supreme Court to ensure that no one is above the law, regardless of their position.  In addition, I achieved the historic discipline of former Chief Justice Nathan B. Coats for his role in approving what amounts to a $2.66-$2.75 million taxpayer funded bribe.  I have further discovered and exposed a more than 25-year pattern of the Justices of the Colorado Supreme Court using public resources as hush money, for self-controlled investigations, and for public relations schemes all intended to cover up judicial, attorney, and official misconduct.  There is now a vacancy on the Colorado Supreme Court because of the systemic public corruption that I have exposed.

The stated purpose of the SMART Act is that "State Government be accountable and transparent in such a way that the general public can understand the value received for the tax dollars spent by the State."  In advance of today's hearings for the Colorado Judicial Department and the Colorado Commission on Judicial Discipline as well as yesterday's hearing for the Colorado Department of Law, I submitted written testimony with requested questions for the witnesses.  In addition to submitting these materials to this Committee, I circulated them to all members of the General Assembly, to the Colorado Office of Judicial Performance Evaluation, the Colorado Commission on Judicial Discipline, and to the Press.  In addition to my written testimony, I have called upon Legislators to sponsor and pass a joint resolution referring the Colorado Judicial Scandal to conflict-free federal law enforcement, to form an investigating committee, and to direct the Colorado State Auditor to appoint another state's attorney general as a Special Assistant Attorney General.

I am concerned that my written testimony and request for a joint resolution are being deliberately disregarded by this Committee.  Please confirm on the record that you have received my written testimony and supporting materials and that these materials will be included in the legislative record as well as being made publicly available through this Committee's webpage.

There are difficult questions that need to be asked.  I urge you to have the integrity and courage to do so.



# The Gregory Law Firm, LLC

Christopher S.P. Gregory
Attorney at Law

cspgregory@thegregorylawfirm.net

<div style="border: 1px solid black; text-align:center;">

**EXHIBIT**

**4**

</div>

January 28, 2026

Denver County Court, Judicial Discipline Commission
Denver City & County Building
1437 Bannock Street, Room 108
Denver, CO 80202

*Re: Judicial Discipline Complaint, Request to Revoke Deferred Judgment, and Request for Law Enforcement Referral with Appointment of a Special Prosecutor; Exhibits 1-3*

Dear Presiding Judge Lombardi and Commission Members:

## INTRODUCTION

I am a former member, Vice-Chair, Chair, and Executive Director of the Colorado Commission on Judicial Discipline (the CCJD). I am thoroughly familiar with the Colorado Code of Judicial Conduct (the Code), the Colorado Rules of Judicial Discipline (Colo. RJD) and the Denver Rules of Judicial Discipline (D.R.J.D.). At its core, the Code holds judges to a higher standard and requires avoidance of even the appearances of impropriety. Despite the protections for freely reporting judicial misconduct guaranteed under the Code, the Colorado Constitution, and the U.S. Constitution, I continue to be personally and repeatedly retaliated against for publicly reporting overt violations of the Code.[1] Specifically, I have been retaliated against for my efforts to expose an ongoing and more than 25-year pattern and practice of the Justices of the Colorado Supreme Court misusing public resources as hush money (i.e. NDAs), for self-controlled investigations, and for self-serving public relations schemes engineered to cover up substantial

---

[1] I maintain that the ongoing retaliation is probable cause to suspect that the Justices of the Colorado Supreme Court, the members and staff of the CCJD, and others have committed or are committing various crimes, including Retaliation Against a Witness or Victim (§ 18-8-706, C.R.S.) and First-Degree Official Misconduct (§ 18-8-404, C.R.S). My efforts to report these suspected crimes to local law enforcement have been systematically obstructed (consistent with an overall pattern of depriving me of my fundamental right to be heard). The commission of these suspected crimes is now being further facilitated and complicated by the Justices not disqualifying themselves and proceeding to grant certiorari in *Trujillo v. People*, Colo. S. Ct. Case No. 25SC209 (granting review on question of "Whether *People v. Hickman*, 988 P.2d 628 (Colo. 1999), created a rule that a person can commit retaliation against a victim or witness under section 18-8-706, C.R.S. (2025), when the victim or witness has not yet testified or been scheduled to testify." and other related issues). In addition to state crimes, there is probable cause to suspect the federal crime of Tampering with a Witness, Victim, or an Informant (18 U.S.C. § 1512). Through the authority of the Denver County Court, these circumstances should be referred to the Denver Police Department for investigation.

201 Coffman St., #1822, Longmont, CO 80502
● 970-648-0642 ● Fax: 970-648-0643 ●

Christopher S.P. Gregory, esq.
January 28, 2026
Page 2 of 9


judicial, attorney, and official misconduct.  The Justices' corrupt pattern and practice continues to wrongfully cost taxpayers tens of millions of dollars annually.

In submitting this complaint, I am calling upon this Commission to address/prevent potential related and prospective judicial misconduct by members of the Denver County Court.  I also request the initiation of proceedings to revoke former Justice Melissa Hart's court-supervised probation and deferred judgment in *People v. Hart*, Denver Cty. Ct. Case No. 25GV100395. Importantly, I am requesting that this Commission formally refer the overall issues of the Colorado Judicial Scandal to a division of the U.S. Department of Justice (outside the DOJ—Denver Office and the DOJ—Wyoming Office) for a conflict-free federal law enforcement investigation.  Additionally, I am requesting that this Commission, through the Denver County Court, order the Denver Police Department to investigate the various suspected crimes involved (both state and federal) and to further order the appointment of a conflict-free special prosecutor (other than 2nd Judicial District Attorney John F. Walsh, III, who was a participant in the underlying circumstances).  I have publicly requested that the Colorado General Assembly pass a joint resolution similarly referring the Colorado Judicial Scandal to conflict-free federal law enforcement and to direct the Colorado State Auditor to appoint another state's attorney general as a Special Assistant Attorney General (SAAG) according to § 24-31-111(5), C.R.S.  The Legislature, however, has yet to respond to my request.

I recognize that the circumstances I am raising through this complaint are *sui generis* and create heightened concerns as to reasonable appearances of impropriety, unfairness, partiality, and bias. Accordingly, I call upon you to individually and publicly disclose grounds for disqualification and, conversely, any justifications for non-disqualification according to D.R.J.D. 4(g)(1). Although D.R.J.D. 4(g)(2) only requires disclosure of commissioner disqualifications to the subject judge and to the Mayor, there is no reason why the disqualification should not also be communicated to the complainant and to the general public.  Because Commissioner and 2nd Judicial District Court Judge Jay Grant was a subject judge in the CCJD's mishandling of various 2023-2024 cases involving judges' failures to file personal financial disclosure (PFD) statements, I am respectfully requesting that Judge Grant recuse himself from this complaint and the required judicial discipline proceedings that arise from it.  David Migoya, *Despite Law, 1 in 6 Colorado Judges Doesn't Have Financial Disclosures Filed, Some for Years*, COLORADO POLITICS, August 12, 2023.  Additionally, to the extent that this Commission's Rules and rulemaking process are invoked as barriers to transparency and this Commission's proceedings being made public, I ask for a detailed public written explanation of your individual disqualification or non-disqualification decisions.  *See* David Migoya, *New State Judicial Discipline System Won't Include Denver County Judges*, COLORADO POLITICS, July 3, 2023; *see also* D.R.J.D.. 4(d)(3) (recognizing allowing external influences to impact independent judgment as an appearance of impropriety); *cf.,* D.C.Colo.LCivR 40.1(f) ("Recusal of an active judicial officer shall be only by written order setting forth the reasons.").  It is appropriate for this Commission to apply D.R.J.D. 8(h) to maximize the proceedings and communications which will be made public in this matter.

Christopher S.P. Gregory, esq.
January 28, 2026
Page 3 of 9

BACKGROUND

In my roles as a member, Vice-Chair, Chair, and Executive Director of the CCJD, I exposed an ongoing more than 25-year pattern and practice that has created a culture of enforced silence within the Colorado Judiciary.  Despite being retaliated against (including through my non-reappointment as Commission Chair) and being obstructed in the performance of my official functions, I was responsible for the historic discipline of former Chief Justice Nathan B. Coats.  *Matter of Coats*, 2023 CO 44.  Through abuse of their appointment authority, the Justices and Governor Jared Polis stacked the CCJD.  Before I could seek further discipline as to the current Justices, I was again retaliated against and fired as Executive Director on January 19, 2024.

After being fired, I continued to pursue accountability.  This has included my continued advocacy for Amendment H, which significantly reformed Colorado's judicial discipline system after being ratified by 73% of Colorado voters in 2024.  In January 2025, I filed what remains a sealed case, 1:25-cv-00190—DDD-STV (D. Colo.) (Sealed).  The U.S. District Court Judge assigned to it, former Colorado Solicitor General Daniel D. Domenico, demonstrated actual bias and made adverse rulings.  In response, I filed a judicial discipline complaint with the 10th Circuit.  As a further complication, 10th Circuit Chief Judge Jerome A. Holmes dismissed the judicial discipline complaint (despite having his own conflicts of interest and grounds for mandatory disqualification).  I have filed a petition for review to the 10th Circuit Judicial Council and a separate judicial discipline complaint as to Chief Circuit Judge Holmes.  Following the filing of the judicial discipline complaint against Judge Domenico, I filed an attorney discipline complaint with the U.S. District Court's Committee on Conduct (which now operates through reformed rules and a preponderant standard of proof (as compared with the CCJD, the Colorado Supreme Court's Office of Attorney Regulation Counsel (OARC), and this Commission's adoption of "clear and convincing evidence" standards).  A copy of the federal attorney discipline complaint (25-cv-3) is attached as Exhibit 1.  The federal attorney discipline complaint is premised upon the Justices and other attorneys licensed to practice in the federal courts having knowingly concealed material information (i.e. contemplation of a $2.66-$2.75 million publicly funded bribe (the Masias Contract) and the existence of the related Masias Memo) from Colorado State Auditor Dianne Ray (and the CCJD) as she performed a federal function—the required, continuous, and ongoing single statewide audit).  The concealment of this material information was sustained for over two years and is incontrovertible evidence that the Justices and others committed multiple federal crimes.  The uncharged federal felonies include but are not limited to: Obstruction of Justice (18 U.S.C. § 1503), False Statements (18 U.S.C. § 1001), and Obstruction of a Federal Audit (18 U.S.C. § 1516).

Also, in response to Judge Domenico's adverse rulings and efforts by the Justices to undo the reforms mandated by Amendment H, I filed a second civil rights and Colorado False Claims Act (CFCA) retaliation action.  *Gregory v. Colo. Jud. Discipline Rulemaking Comm., et al.*, 1:25-cv-03361—DDD (D. Colo.).  A copy of the Verified Complaint in *Gregory* is attached as Exhibit 2.  Despite my having raised Judge Domenico's actual bias in the Verified Complaint and subsequent filings, Judge Domenico accepted assignment to the case and has persistently refused to disqualify himself.  Most recently, I filed an affidavit in *Gregory* to require Judge Domenico's

Christopher S.P. Gregory, esq.
January 28, 2026
Page 4 of 9

disqualification according to 28 U.S.C. § 144. The Affidavit, which is temporarily a restricted filing under D.C.Colo.LCivR 7.2(b), (e) accessible to the parties and the U.S. District Court until January 30, 2026, will be provided to this Commission immediately upon lifting of the public access restrictions. The Affidavit provides context for the present judicial discipline complaint and is relevant to this Commission's members' abilities to impartially consider the present complaint.

The filing of my federal attorney discipline complaint (Case No. 25-cc-3) on September 30, 2025, however, precipitated the resignation of the Colorado Judicial Department's Judicial Counsel Terri Morrison and, more recently, the resignation of Justice Melissa Hart. Through *Gregory*, I have requested various forms of injunctive relief, including my reinstatement as Executive Director, re-composition of the various judicial discipline oversight entities through conflict free processes, and a writ of prohibition enjoining Governor Jared Polis from appointing additional judges (including Justice Hart's replacement). I have also applied for Justice Hart's seat on the Colorado Supreme Court, with expressed intentions of filing additional lawsuits to recognize the Colorado Judicial Discipline Rulemaking Committee, the Colorado Supreme Court Nominating Commission, and the Governor's judicial appointment committee as each being a "state public body" subject to the Colorado Open Meetings Law, § 24-6-402, C.R.S.

As relevant to the Denver County Court and this Commission's jurisdiction, Justice Melissa Hart was the subject of two cases in 2025, a careless driving citation and a criminally charged dog bite case. Justice Hart failed to appear for the initial appearance in her careless driving case and *is currently on probation* directly supervised/reviewed by the Denver County Court as part of a deferred judgment in her dog bite case. When Justice Hart went on indeterminate leave on October 28, 2025 and when she ultimately resigned from the Colorado Supreme Court on December 19, 2025, she did not disclose the existence of the two 2025 Denver County Court cases or that she had been involved in a serious automobile collision in 2017 (prior to her appointment to the Colorado Supreme Court), which resulted in an also-undisclosed 2019 civil suit and settlement. It does not appear that Justice Hart or any of the assigned judicial officers reported any of her Denver County or District Court cases to the CCJD, the Colorado Office of Judicial Performance Evaluation (COJPE), OARC, and/or the U.S. District Court for the District of Colorado. Consequently, Justice Hart was able to present her leave of absence and resignation as the result of personal "medical" issues rather than being in response to my pending federal attorney discipline complaint and the filing of individual claims against her in *Gregory*.

Even with notice of and actual knowledge of the judicial, attorney, and official misconduct involved (specifically my 28 U.S.C. § 144 Affidavit in *Gregory*), Chief Justice Monica Márquez, State Court Administrator Steven Vasconcellos, Colorado Attorney General Phil Weiser, CCJD Executive Director Anne Mangiardi, CCJD Chair Jim Carpenter, and CCJD member Bob Gardner were allowed to testify at the Colorado Joint Judiciary Committee's January 20, 2026 and January 21, 2026 SMART Act hearings without any scrutiny or candor as to their individual roles in the Colorado Judicial Scandal or their retaliation against me for reporting suspected judicial misconduct. I have attached my written testimony and a transcript of the oral testimony that I read into the legislative record as Exhibit 3. The Colorado General Assembly has yet to respond to my call for a joint resolution referring the Colorado Judicial Scandal to federal law

Christopher S.P. Gregory, esq.
January 28, 2026
Page 5 of 9

enforcement for a conflict-free investigation and directing the Colorado State Auditor (who reports to Legislative Audit Committee) to appoint another state's attorney general as a SAAG, allowing impartial representation of the State of Colorado's interests.

BASIS FOR JUDICIAL DISCIPLINE PROCEEDINGS

This Commission's jurisdiction is limited to the conduct of Denver County Court Judges according to D.R.J.D. 5 and to make disciplinary recommendations as to Magistrates when requested according to D.R.J.D. 6. The Presiding Judge's exercise of supervisory authority over Magistrates, however, is also subject to the requirements of the Code and oversight by this Commission. *See* Canon Rule 2.12 (Supervisory Duties).

Ultimately, the Code charges all judicial officers with obligations to defend the rule of law and the integrity of the Judiciary. Canon Rule 1.2, in particular, requires judicial officers to promote public confidence in the Judiciary by avoiding both impropriety and the creation of appearances of impropriety. Impropriety includes violations of the law and obstruction of the judicial discipline process either for the benefit of the subject judge or for the benefit of another person. *See* Canon Rule 1.3 (Avoiding Abuse of the Prestige of Judicial Office). Although Canon Rule 1.1 mandates the self-reporting and reporting of certain criminal convictions, the reporting obligations under Canon Rules 2.15 and 2.16 are broader and require "appropriate action" in response to the substantial likelihood of *any* violation of the Code. Canon Rules 2.3(C) and 2.16(B) expressly prohibit retaliation. In addition to the requirements of the Code, judicial officers who are also attorneys are required to report and take measures to stop themselves and others from engaging in judicial misconduct. Colo. RPC 8.3 and 8.4(d), (f), (h).

The non-reporting of Justice Melissa Hart's litigation history and the existence of traffic and criminal cases filed against her in 2025 allowed Justice Hart to misrepresent the reasons for her "personal leave" and her ultimate resignation in violation of Canon Rule 4.1(11), (12) ("Except as permitted by law, or by this Canon, a judge . . . shall not: . . . (11) knowingly, or with reckless disregard for the truth, make any false or misleading statement; [or] (12) make any statement that would reasonably be expected to affect the outcome or impair the fairness of a matter pending or impending in any court[.]"). As asserted in this complaint, Justice Hart's personal leave and ultimate resignation occurred in direct response to my federal attorney discipline complaint (Case No. 25-cc-3) against her and her husband, U.S. DOJ—Denver Office Civil Division Chief Kevin Traskos, as well as the October 23, 2025 filing of *Gregory*. Justice Hart's narrative as to the basis for her resignation is misleading and reasonably impairs the fairness of the various pending and impending matters against her (most importantly my federal attorney discipline complaint).

In *People v. Melissa Hart*, Denver Cty. Ct. Case No. 25T0087448, Justice Hart was charged with Careless Driving (D.R.M.C. § 54-158). The register of actions shows that the case was assigned first to Magistrate Greg Rawlings and, then, to Magistrate Melissa Annis. Justice Hart failed to appear for the initial arraignment hearing held before Magistrate Rawlings on April 24, 2025. On May 2, 2025, Justice Hart returned on bond and, appearing *pro se*, pled guilty to a lesser offense before Magistrate Annis. It is unclear whether Magistrate Rawlings and/or Magistrate

Christopher S.P. Gregory, esq.
January 28, 2026
Page 6 of 9

Annis were aware of Melissa Hart's status as a Justice of the Colorado Supreme Court. Nevertheless, there is no publicly-available evidence to suggest that Justice Hart self-reported her Careless Driving citation or the existence of Case No. 25T0087448 to the CCJD, the COJPE, the OARC, and/or the U.S. District Court. Likewise, there is no publicly available evidence to suggest that Magistrate Rawlings, Magistrate Annis, Denver City Attorney's Office Division Director Marley Bordovsky, or Assistant Denver City Attorney Taylor Brennan Leighton reported the existence of Case No. 25T0087448 to the CCJD, the COJPE, the OARC, and/or the U.S. District Court. What the Magistrates and attorneys knew, when they knew, and their reasons for non-reporting are critical questions that require further investigation.

The register of actions in *People v. Melissa Hart*, Denver Cty. Ct. Case No. 25GV100395 shows that an initial arraignment on June 4, 2025 before Magistrate Trisha Matuszczak was vacated and that Justice Hart then appeared before Magistrate Michelle Kline on June 6, 2025. At the June 6, 2025 hearing, Justice Hart, again appearing *pro se*, accepted an offer under which she pled guilty to violating D.R.M.C. § 8-61 (Animal Attack or Bite) in exchange for dismissal of the remaining counts and a 1-year deferred judgment. As a standard condition of the deferred judgment, Magistrate Kline ordered that "Defendant shall not commit or be convicted of any new law violations, except traffic violations that are 6 points or less." The deferred judgment is being supervised directly by the Denver County Court with no documentation filed that Justice Hart has notified the Court of the federal attorney discipline complaint filed against her or the pendency of *Gregory*. Justice Hart, however, has filed other proof of compliance into her case. The facts alleged in both the attorney discipline complaint and in *Gregory* provide a reasonable basis for initiation of proceedings to revoke Justice Hart's deferred judgment. Like Case No. 25T0087448, there is no publicly available evidence to suggest that Justice Hart self-reported the existence of Case No. 25GV100395. Moreover, there is no publicly-available evidence to suggest that Magistrate Matuszczak, Magistrate Kline, Assistant City Attorney Caleigh Schaff, ACA Schaff's supervisor, or any other judicial officer supervising/reviewing Justice Hart's deferred judgment reported the existence of Case No. 25GV100395 to the CCJD, the COJPE, the OARC, and/or the U.S. District Court. What the Magistrates, attorney(s), and other judicial officers knew, when they knew, and their reasons for non-reporting are critical questions that require further investigation.

<div align="center">

CONCLUSION AND REQUST FOR INITIATION
OF JUDICIAL DISCIPLINE PROCEEDINGS

</div>

As recognized by D.R.J.D. 7(a), grounds for the discipline of Denver County Court Judges (and Magistrates) include:

> (1) Willful misconduct in office, including misconduct which, although not related to judicial duties, brings the judicial office into disrepute or is prejudicial to the administrat[ion] of justice; [and]
>
> <div align="center">* * *</div>
>
> (4) Any conduct that constitutes a violation of the Code of Judicial Conduct.

Christopher S.P. Gregory, esq.
January 28, 2026
Page 7 of 9

According to D.R.J.D. 15 and 17, if a complaint alleges "facts that, if true, would constitute one or more grounds for discipline of a Judge," this Commission is required to conduct a preliminary evaluation of the merits of the complaint and (with a preponderant determination of merit) proceed with an investigation.  Given the depth and detail of evidence that supports this complaint, this Commission may not dismiss this complaint under D.R.J.D. 16(b) and, instead, must initiate judicial discipline proceedings, beginning with an investigation under D.R.J.D. 17(a), (c).  As much as this complaint requests an inquiry into why Justice Melissa Hart's 2025 traffic and criminal cases were not publicly reported / disclosed to the respective disciplinary and judicial oversight authorities, this complaint seeks to ensure that the prospective conduct of Denver County Court judges, including the Presiding Judge, conforms to the Code.

In addition to initiating judicial discipline proceedings, I respectfully request that this Commission formally refer the overall Colorado Judicial Scandal to conflict-free federal law enforcement (outside of the U.S. DOJ—Denver Office and the U.S. DOJ—Wyoming Office).  Moreover, I request that this Commission, through the concurrent authority of the Denver County Court, order an investigation by the Denver Police Department and the appointment of a special prosecutor.  Finally ordering a full, legitimate, impartial, and conflict-free investigation of the Colorado Judicial Scandal and its impacts upon the Denver County Court is consistent with the Presiding Denver County Court Judge's duties and enforcement obligations under Canon Rules 1.1 (Compliance with the Law), 1.2 (Promoting Confidence in the Judiciary), 1.3 (Avoiding Abuse of the Prestige of Judicial Office, 2.2 (Impartiality and Fairness), 2.3 (Bias, Prejudice, and Harassment), 2.4 (External Influences on Judicial Conduct), 2.5 (Competence and Conduct), 2.6 (Ensuring the Right to be Heard), 2.9 (Ex Parte Communications), 2.10, (Judicial Statements on Pending and Impending Cases), 2.11 (Disqualification), 2.12 (Supervisory Duties), 2.13 (Administrative Appointments), 2.14 (Disability and Impairment), 2.15 (Responding to Judicial and Lawyer Misconduct), 2.16 (Cooperation with Disciplinary Authorities), 3.1 (Extrajudicial Activities in General), 3.2 (Appearances before Governmental Bodies and Consultation with Government Officials), 3.15 (Reporting Requirements), and 4.1 (Political and Campaign Activities of Judges in General).

If the rule of law and judicial ethics have any meaning in Colorado, the Presiding Judge and this Commission must defend the Code and order an investigation.  Ordering a legitimate law enforcement investigation will also avoid the need for a § 16-5-209, C.R.S. petition to compel the prosecution of various misdemeanor crimes, particularly First Degree Official Misconduct under § 18-8-404, C.R.S., which crimes are within the jurisdiction of the Denver County Court.[2]

---

[2] To this point, there is a spectrum of factual theories that support First Degree Official Misconduct charges against the Justices, Attorney General Phil Weiser, Governor Jared Polis, and the members of the various judicial discipline oversight entities (including the CCJD).  The simplest and most universal factual basis, however, is that each of these individuals have willfully refused to disqualify themselves despite grounds to reasonably question the individual's impartiality and personal bias.  *See* Canon Rule 2.11(A).  By refusing to disqualify themselves, these individuals are knowingly seeking to protect the Justices (i.e. to obtain a benefit for the Justices) and to maliciously harm others (including me as a reporting party / formerly a public official charged with enforcing the Code) through an abuse of their official authority.  Because

Christopher S.P. Gregory, esq.
January 28, 2026
Page 8 of 9


I possess and I am willing to provide extensive additional evidence and documentation that supports the allegations asserted in this complaint.  Since submitting my 28 U.S.C. § 144 Affidavit, I obtained the court files in *Haeger v. FBI*, 1:03-cv-01542-CAB-CBS (D. Colo.) and *Appel v. FBI*, 1:03-cv-01967-CAB-CBS (D. Colo.) from the U.S. National Archives and Records Administration.  The court files confirm the existence and pervasiveness of the conflicts of interest involved in the Justices' now more than 25-year ongoing pattern of judicial misconduct.  Additionally, in perhaps the most egregious example of witness tampering and witness intimidation, the CCJD, through the Colorado Attorney General's Office, seized a copy of my records as Executive Director (including my email correspondence).  These records, which can be obtained with a warrant issued by the Denver County Court and executable by the Denver Police Department, will further verify the systemic judicial and official misconduct raised in this complaint and involved in the broader Colorado Judicial Scandal.

Sincerely,

Christopher S.P. Gregory, esq.
Enclosures (3)

Cc:    Colorado Commission on Judicial Discipline
       Colorado Office of Judicial Performance Evaluation
       U.S. District Court for the District of Colorado Committee on Conduct
       U.S. Department of Justice

---

the individual public servants' persistent refusal to disqualify is ongoing, the statute of limitations does not present an obstacle to prosecution.  I respectfully submit that the elements of First Degree Misconduct are met through objective and incontrovertible evidence.  § 18-8-404(1), C.R.S. defines the elements of the offense and provides:

> (1) A public servant commits first degree official misconduct if, with intent to obtain a benefit for the public servant or another or maliciously to cause harm to another, he or she knowingly:
>
> (a) Commits an act relating to his office but constituting an unauthorized exercise of his official function; or
>
> (b) Refrains from performing a duty imposed upon him by law; or
>
> (c) Violates any statute or lawfully adopted rule or regulation relating to his office.

Even though First Degree Official Misconduct is merely a Class 1 Misdemeanor, uniform enforcement of this crime has profound implications upon the integrity of the Colorado Judiciary and Colorado State Government as a whole.

Christopher S.P. Gregory, esq.
January 28, 2026
Page 9 of 9


Colorado Office of the State Auditor / Legislative Joint Judiciary Committee / Colorado
General Assembly

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Attorney Complaint No(s).:

CHRISTOPHER S.P. GREGORY,

     Complainant,

v.

MARIA BERKENKOTTER,
NATHAN B. COATS,
BRYAN FIELDS,
RICHARD GABRIEL,
NATIALIE HANLON-LEH,
MELISSA HART,
WILLIAM HOOD, III,
MONICA MÁRQUEZ,
LEEANN MORRILL,
ANDREW ROTTMAN,
CARLOS SAMOUR,
GRANT SULLIVAN, AND
KEVIN TRASKOS,

     Respondent(s).

---

## ATTORNEY MISCONDUCT COMPLAINT;
## EXHIBITS 1-8

---

## INTRODUCTION

"There is no kind of dishonesty into which otherwise good people more easily and frequently fall than that of defrauding the Government."–Benjamin Franklin

Regretfully, this attorney misconduct complaint and invocation of this Court's

disciplinary jurisdiction under D.C.COLO.LAttyR 1(c) has become necessary because the

Justices of the Colorado Supreme Court have systematically undermined and obstructed

Colorado's judicial disciplinary and attorney regulation structures.  The ongoing Colorado



Judicial Scandal began in 2018 and its coverup has continued through the cascading misconduct of numerous judges, attorneys, and public officials/employees. The breadth of the conspiracy and the protection racket involved makes regulation of the underlying misconduct unwieldy. Consequently, this attorney misconduct complaint is intended to initiate the process of seeking accountability by focusing upon the keystone of the Colorado Judicial Scandal—attorneys admitted to practice before this Court and/or the U.S. Court of Appeals for the 10th Circuit knowingly withheld material information from the Colorado Office of the State Auditor (OSA) as the OSA performed its continuous, ongoing, and federally-required single statewide audit. Through uncontroverted evidence, probable cause exists to suspect that the involved judges and attorneys committed various federal felony-level crimes, including but not limited to obstruction of justice (18 U.S.C. § 1503), false statements (18 U.S.C. § 1001), and obstruction of a federal audit (18 U.S.C. § 1516). *See also United States v. Jones*, 41 Fed. Appx. 220, 223 (10th Cir. 2002) (recognizing private contractor performing required federal audit as a federal auditor completing an "official investigation"); 31 U.S.C.. §§ 7501-7507 (the federal Single Audit Act).

The involved attorneys, include but are not limited to the following individuals, who are admitted to practice before either or both this Court and the U.S. Court of Appeals for the 10th Circuit:

> Maria Berkenkotter (D. Colo. Atty. Reg. # 596763; admitted to 10th Circuit),
> Nathan B. Coats (D. Colo. Atty. Reg. # 591795, admitted to 10th Circuit),
> Richard Gabriel (D. Colo. Atty. Reg. # 682419; admitted to 10th Circuit),
> Natalie Hanlon-Leh (D. Colo. Atty. Reg. # 704484; admitted to 10th Circuit),
> Melissa Hart (D. Colo. Atty. Reg. # 1980828; admitted to 10th Circuit),
> William Hood, III (D. Colo. Atty. Reg. # 688626; admitted to 10th Circuit),
> Monica Márquez (D. Colo. Atty. Reg. # 799305; admitted to 10th Circuit),
> LeeAnn Morrill (D. Colo. Atty. Reg. # 1828438; admitted to 10th Circuit),
> Andrew Rottman (D. Colo. Atty. Reg. # 1896776; admitted to 10th Circuit),
> Carlos Samour (D. Colo. Atty Reg. # 703570),

Grant Sullivan (D. Colo. Atty. Reg. # 1850542; admitted to 10th Circuit), and
Philip Weiser (Admitted to 10th Circuit).

At all times relevant, Maria Berkenkotter, Brian Boatright, Nathan Coats, Richard Gabriel, Melissa Hart, William Hood III, Monica Márquez, and Carlos Samour were justices of the Colorado Supreme Court (referred to herein collectively as the "Justices"). Brian Boatright, however, is not admitted to practice before this Court or the 10th Circuit. Consequently, Justice Boatright is not listed as an attorney / respondent in this Complaint.

The attorney misconduct at issue has been further complicated by the failure of Assistant U.S. Attorney Bryan Fields, Assistant U.S. Attorney Kevin Traskos, and other federal attorneys to disqualify themselves and the Department of Justice (DOJ)—Denver Office from the investigation of and prosecution decisions made as to the Colorado Judicial Scandal. Mr. Traskos is Colorado Supreme Court Justice Melissa Hart's husband and currently serves as Chief of the DOJ-Denver Office's Civil Division (which oversees civil enforcement of public fraud and public corruption cases). In addition to violating the DOJ's internal disqualification standards, there is probable cause to suspect criminal violations of 18 U.S.C. § 208. *See also* 5 C.F.R. § 2635.501-503 (defining general grounds for disqualification to ensure appearances of impartiality); 28 C.F.R. § 45.2 (defining conflicts of interest in criminal investigations including political and personal relationships). Bryan Fields and Kevin Traskos are admitted to practice before both this Court and the U.S. Circuit Court of Appeals for the 10th Circuit.

A criminal conviction (or a criminal charge) is not a prerequisite for judicial discipline and/or attorney discipline. *See, e.g., In re Cruikshanks*, 648 S.E.2d 19, 23 (W. Va. 2005) (neither conviction nor criminal charge prerequisite to judicial discipline where state supreme court had inherent authority and duty to "promote and protect the honor, integrity, dignity, and efficiency of

-3-

the judiciary and the justice system"); *People v. Parsley*, 109 P.3d 1060 (Colo. PDJ 2005) (criminal conviction not predicate to attorney discipline under Colo. RPC 8.4(b), (c); "Disbarment is the presumptive sanction for the commission of a serious crime involving dishonesty."). The criminal conduct involved here, however, supports recognition that the involved attorneys subject to this Court's and/or the 10th Circuit Court of Appeals' disciplinary jurisdiction have further violated other standards of conduct as adopted by this Court through the Colorado Rules of Professional Conduct. D.C.COLO.LAttyR 2(a); *accord* 10th Cir. R. Add. III, § 2.3 (10th Circuit's disciplinary jurisdiction includes enforcing "the Code of Professional Responsibility adopted by the highest court of any state to which the attorney is admitted to practice").

Ultimately, the Colorado Judicial Scandal involves a broader pattern of intimidation, retaliation, and an enforced culture of silence facilitated through publicly-funded hush money / non-disclosure agreements (NDAs), self-controlled "independent" investigations, and self-serving public relations strategies. The Colorado Judicial Scandal continues to wrongfully cost taxpayers tens of millions of dollars.

This Complaint is also related to a separate judicial misconduct proceeding pending before the U.S. Court of Appeals for the 10th Circuit. The parallel judicial discipline proceeding has been docketed as Judicial Complaint No. 10-25-90048 and is subject to a petition for review according to 10th Circuit JCD Rule 18(b). Because of circumstances described in Judicial Complaint No. 10-25-90048 and in the accompanying materials,[1] this Complainant respectfully

---

[1] A former member of this Court's Committee on Conduct, John F. Walsh III, was directly involved in the alleged attorney misconduct. A current member of this Court's Committee on Conduct, Kathyrn Stimson, is, likewise, a material witness as to the allegations of misconduct

-4-

requests that this Court and the U.S. Court of Appeals for the 10th Circuit address both apparent

and actual conflicts of interest within the membership of this Court's Disciplinary Panel, this

Court's Committee on Conduct, and the 10th Circuit's Judicial Council.  D.C.COLO.LAttyR 6(a),

---

asserted through this Complaint.  There are also acknowledged grounds for the disqualification of this Court's entire Disciplinary Panel, including Chief District Court Judge Philip Brimmer. Exhibit 8 further provides grounds for 10th Circuit Court of Appeals Chief Judge Jeffrey Holmes to disqualify himself from consideration of this Complaint according to the procedures defined in 10th Cir. R. Add. III, § 4.3, 5.3. Because of circumstances described in Exhibit 2, it would also be "clearly inappropriate" for the 10th Circuit to appoint the Colorado Office of Attorney Regulation Counsel as disciplinary counsel in this case.  10th Cir. R. Add. III, § 4.4.

The Complainant further notes that during the fall of 2023, while still serving as the Executive Director of the Colorado Commission on Judicial Discipline (CCJD), he had applied for appointment to this Court's Committee on Conduct expressly because of the breakdown of Colorado's attorney regulation system.  At the time, the Complainant was rightfully apprehensive of imminent retaliation for having internally raised the issues presented in this Complaint.

The following Exhibits are filed with this Complaint and incorporated by reference:

- Exhibit 1—Anonymous Fraud Hotline complaint submitted by the Complainant on October 20, 2024 and supplemental anonymous Fraud Hotline complaint submitted by the Complainant on November 4, 2024;
- Exhibit 2—Anonymous request for evaluation (RFE) of judicial conduct submitted by the Complaint to the CCJD on October 20, 2024;
- Exhibit 3—Appendices to the October 20, 2024 RFE;
- Exhibit 4—Dually filed public comments to the Colorado Judicial Discipline Rulemaking Committee (CJDRC) and RFE with appendices submitted to the CCJD on August 25, 2025;
- Exhibit 5—First supplement to combined public comments and RFE submitted on September 12, 2025;
- Exhibit 6—Second supplement to combined public comments and RFE with appendix submitted on September 12, 2025;
- Exhibit 7—Third supplement to combined public comments and RFE with appendices submitted on September 30, 2025; and
- Exhibit 8—Complainant's email correspondence with the American Inns of Court and request for clarification as to 10th Circuit Chief Judge Jeffrey Holmes's involvement in the decision to award Justice Richard Gabriel the 2024 AIC 10th Circuit Professionalism Award.

(d); *see also* D.C.COLO.LAttyR 7(h) (addressing conflict mechanism for complaints brought against a sitting member of the Committee on Conduct); 10th Cir. R. Add. III, § 4.3 (Chief Judge or designee authorized to appoint Disciplinary Panel); *Cf.* 10th Cir. JCD Rules 25 (disqualification) and 26 (transfer to another Judicial Council).

<center>RELEVANT BACKGROUND</center>

On July 15, 2018, Colorado State Court Administrator's Office (SCAO) Controller Myra Dukes discovered and internally reported evidence that SCAO Chief of Staff Mindy Masias had intentionally altered a receipt as part of a request for personal reimbursement. State Court Administrator Christopher Ryan immediately recognized Masias's suspected conduct as material to a continuous, recurring annual single statewide audit of the Judicial Department's internal controls conducted as a component for certification of the State of Colorado's Annual Comprehensive Financial Report (ACFR). Like other states and governments, Colorado is required to produce its ACFR as a condition of receiving federal funding and for its federally granted authority to issue bonds. Following internal and external investigations, the Justices of the Colorado Supreme Court collectively decided to terminate Masias's employment. As part of the notice provided to Masias, State Court Administrator Ryan explained the materiality of Masias's financial misconduct to the OSA's single statewide audit and the ACFR. Instead of accepting her termination or agreeing to the severance offer made by the Colorado Judicial Branch, Masias instead activated leave under the Family Medical Leave Act (FMLA).

In December 2018, Masias's colleague and successor as SCAO Human Resources Director, Eric Brown, began negotiating a multi-million-dollar, sole-source contract for Masias to provide leadership training services to the Judicial Department. As part of these negotiations,

<center>-6-</center>

Brown met with then-Chief Justice Nathan Coats, Counsel to the Chief Justice Andrew Rottman, and State Court Administrator Ryan to essentially present an ultimatum that Masias would release compromising information about the Department and the Justices if an agreement could not be reached. Brown's talking points (including Masias's allegations of covered up judicial, attorney, and employee misconduct) were reduced to writing in a document later referred to as the Masias Memo. SCAO Legal Counsel Terri Morrison was also contemporaneously aware of the Masias Memo and the meeting that occurred between Brown, Coats, Rottman, and Ryan.

Masias remained on FMLA leave until March 15, 2019, when she executed a separation agreement, effective March 19, 2019, that allowed her to keep her income from paid leave in exchange for a general release of claims and a non-disclosure agreement. Masias executed her separation agreement with the expectation of a 5-year, $2.66-2.75 million sole-source contract to provide leadership training services. To provide some perspective, under this contract Masias would have been paid approximately three-times the salaries of the individual Justices (i.e. $532,000 per year). Before State Court Administrator Ryan signed the sole-source determination on March 25, 2019, Chief Justice Coats informed all the other Justices of Masias' resignation and her proposal for the leadership training program. Through an April 4, 2019 email chain between Chief Justice Coats and Justice Melissa Hart about Masias applying to become the Utah State Court Administrator, Coats explained that Masias had signed an NDA and was negotiating the Masias Contract. With Coats's approval, State Court Administrator Ryan then circulated the $2.66-2.75 million Masias Contract for its first execution on April 11, 2019. On April 15, 2019, however, an anonymous complaint was submitted to the OSA's Fraud Hotline that alleged widespread occupational fraud within the SCAO and specifically involving additional financial

-7-

misconduct by Masias. The anonymous Fraud Hotline complaint was personally sent to each of the Justices, to Attorney General Phil Weiser, and to Governor Jared Polis. Upon receiving a letter from State Auditor Dianne Ray inquiring as to how the Judicial Department wished to proceed in response to the Fraud Hotline complaint, Chief Justice Coats confirmed that he had "look[ed] into th[e] allegations . . . in consultation with the Attorney General . . . and the Attorney General's Staff." In his response dated May 29, 2019, Chief Justice Coats, however, did not inform the State Auditor that the $2.66-2.75 million sole-source Masias Contract had already been approved or that the Masias Contract would be executed a second time three business days later—June 3, 2019—and one business day after SCAO Controller Myra Dukes retired. Chief Justice Coats further knowingly concealed the existence of the Masias Memo and its significance in negotiations of the Masias Contract from the OSA.

In July 2019, the existence of the Masias Contract became public and the Justices accepted State Court Administrator Ryan's offer to resign. At the time, the Justices, through an official statement made by the Colorado Judicial Department, confirmed that they had collectively approved and made the decision to cancel the Masias Contract. As part of his debriefing, Ryan met with 1st Assistant Attorney General LeeAnn Morrill and Assistant Solicitor General Grant Sullivan to discuss and turn over his copy of the Masias Memo.[2] At that time, SCAO Legal Counsel Terri Morrison also had access to a copy of the Masias Memo. In a July 19, 2019 email exchange with Andrew Rottman, Morrill acknowledged possession of the Masias Memo, its materiality to the OSA's Fraud Hotline investigation, and the need to preserve

---

[2] David Migoya, *Colorado Attorney General's Office Lawyers Knew About Judicial Misconduct Memo: Whether they could, should or did tell Attorney General, other authorities is unclear*, DENVER POST, February 22, 2021.

-8-

the document.  Despite this email and later deposition testimony from Justice Melissa Hart confirming that the Justices were aware of the Masias Memo in 2019, the Masias Memo was intentionally withheld from the OSA (and from the CCJD) for over 1 ½ years until then-former State Court Administrator Ryan came forward and publicly revealed the document's existence. In the meantime, the OSA issued a December 2019 management letter as part of the ACFR audit and a November 18, 2020 SCAO Performance Audit Report that both recognized the breakdown of SCAO's internal controls and appearances of impropriety created by the Masias Contract.

In response to State Court Administrator Ryan's revelation of the Masias Memo's existence, the Justices and the other attorneys listed in this Complaint collaborated on damage control that included the Justices issuing separate public statements on February 4, 2021 and on February 8, 2021.  The collaboration between the Justices, the attorneys listed in this Complaint, other public officials, and former U.S. Attorney for the District of Colorado John F. Walsh, III (who was then a partner at the national law firm WilmerHale) is documented through internal Judicial Department email chains created concurrently with the drafting of the public statements. The public statements, in turn, confirmed that the Justices and the other attorneys were fully informed by former Chief Justice Coats and were complicit in knowingly concealing material information from the OSA as it performed a federal function through its ACFR audit, its 2020 Performance Audit of SCAO, and its Fraud Hotline Investigation.   These circumstances have been further proven through Chief Justice Coats's admissions and judicial discipline.  *Matter of Coats*, 2023 CO 44, ¶¶ 4(9)-(14), (20)-(23), 6.  A separate, though only partially disclosed, attorney regulation investigation of former Chief Justice Coats concluded with findings (upon

clear and convincing evidence) that he had failed to report the misconduct of subordinate attorneys, as required by Colo. RPC 5.1 and 8.3.[3]

When the OSA finally issued its Fraud Hotline Investigation Report on February 4, 2022 with referrals for prosecution, interference, obstruction, and delay of the Fraud Hotline investigation caused state statutes of limitations to lapse. The Justices, Andrew Rottman, Terri Morrison, Attorney General Phil Weiser, Chief Deputy Attorney General Natalie Hanlon-Leh, LeeAnn Morrill, and Grant Sullivan were all directly involved in this interference, obstruction, and forced delay.

At various times, the Complainant reported these circumstances to federal law enforcement (specifically Bryan Fields, the DOJ—Denver Office, the DOJ Public Integrity Section, and the FBI) and to the CCJD only to be intentionally ignored. Exhibits 4-6 further document how these circumstances are now being intentionally disregarded or suppressed by the Colorado State Commission on Judicial Performance, the Colorado Civil Rights Division, the Colorado Judicial Discipline Rulemaking Committee, and the CCJD. Moreover, there appears to be cultural resistance within the press, Colorado's political parties, and the Colorado General Assembly to holding the attorneys listed in this Complaint (particularly Attorney General Weiser) and others involved in the Colorado Judicial Scandal accountable.

---

[3] The Colorado Legal Regulation Committee's public statement dated January 20, 2023, states, in relevant part:

> "Based on the evidence provided by outside counsel, the Committee believes that there is clear and convincing evidence that the former Chief Justice violated the rules with respect to his duty to report what appeared to be improper conduct of other lawyers which contributed to the ongoing consideration of awarding the [Masias] contract."

ANALYSIS

Attorneys admitted to practice before this Court are expected to abide by standards of professional conduct defined through the Colorado Rules of Professional Conduct.  Under the Colo. RPC, the Colorado Code of Judicial Conduct (the Code), and the Code of Conduct for United States Judges (the federal Code), both judges and attorneys are required to report judicial or attorney misconduct and/or to otherwise take "appropriate action."  Colo. RPC. 8.3; Canon Rules 1.1, 1.2, 1.3, 2.2, 2.3, 2.5, 2.6, 2.12, 2.15, 2.16 of the Code; Canons 1, 2(A)-(B), and 3(B)(6) of the federal Code.  Similarly, non-compliance with the law (whether criminal, civil, or ethical rules) also violates the respective codes of conduct.  In proceedings before this Court and the 10th Circuit, violations of the standards of professional conduct are proven through a preponderance of evidence.  D.C.COLO.LAttyR 7(e)(1), (f).  As previously noted, neither a criminal conviction nor even a criminal charge is prerequisite to recognizing violations of Colo. RPC 8.4(a-1), (b)-(d), (f), (h), Canon Rules 1.1 and 1.2 of the Code, and/or Canon 2(A) of the federal Code.

Despite a complex history of ancillary judicial, attorney, and employee misconduct, there are clear grounds for discipline of the respondent attorneys.  The Justices and those who helped them were aware of information material to the OSA's federally required single statewide audit / ACFR audit (including the contemplation of the $2.66-2.75 sole-source Masias Contract and the existence of the Masias Memo) and, yet, intentionally withheld/concealed the material information from the OSA and the CCJD (which had exclusive constitutional authority to investigate judicial misconduct).

-11-

There is probable cause to suspect that the Justices and those helping them committed the crimes of obstruction of justice, false statements, and obstruction of a federal audit.

The elements of obstruction of justice (18 U.S.C. § 1503) are:

1. The defendant corruptly,

2. Endeavored to influence, obstruct, or impede the due administration of justice,

3. With knowledge and specific intent to obstruct.

The elements of False Statements (18 U.S.C. § 1001) are:

1. The defendant, in a matter within the jurisdiction of the federal government,

2. Falsifies,

3. Conceals, or

4. Covers up by any trick, scheme, or device,

5. A material fact.

The elements of Obstruction of a Federal Audit are (18 U.S.C. § 1516) are:

1. The defendant,

2. With the intent to deceive or defraud the United States,

3. Endeavors to influence, obstruct, or impede a federal auditor,

4. In the performance of official duties relating to an entity receiving in excess of $100,000, directly(a) or indirectly in any 1-year period.

"'Federal auditor' means any person employed on a full- or part-time or contractual basis to perform an audit or a quality assurance inspection for *or on behalf of* the United States." 18 U.S.C. § 1516(b)(1) (emphasis added).

-12-

The intentional withholding of material information from the OSA and the CCJD by the Justices and those helping them violated Canon Rules 1.1 (Compliance with Law), 1.2 (Promoting Confidence in Judiciary), 1.3 (Abusing Prestige of Office), 2.2 (Impartiality and Fairness), 2.3 (Bias, Prejudice, and Harassment), 2.5 (Competence and Cooperation), 2.6 (Ensuring the Right to be Heard), 2.9(C) (Ex Parte Communications), 2.11 (Disqualification), 2.12 (Supervisory Duties), 2.15 (Responding to Judicial and Lawyer Misconduct), 2.16 (Cooperation with Disciplinary Authorities), 3.1 (Extrajudicial Activities in General), 4.1 (Political and Campaign Activities of Judges) of the Code and Colo. RPC 1.7(a)(2) (Conflict of Interest), 1.13(b) (Organization as Client), 3.3(a) (Candor Toward the Tribunal), 3.4 (Fairness to Counsel), 3.5(a) (Impartiality of Tribunal), 4.1 (Truthfulness in Statements to Others), 5.1 (Responsibilities of Supervisory Lawyer), 6.4 (Law Reform Activities), 8.3 (Reporting Professional Misconduct), 8.4 (a-1), (b)-(d), (f), (h) (violation of RPC, commission of criminal act, dishonesty/fraud/deceit, conduct prejudicial to administration of justice, assisting judicial misconduct, wrongfully harming others).

By failing to disqualify themselves and the DOJ-Denver Office from the investigation of and prosecution decisions as to the Colorado Judicial Scandal, Civil Division Chief Kevin Traskos and Assistant U.S. Attorney Bryan Fields similarly violated the law and should be subject to discipline for further violating their duties under Colo. RPC 1.7(a)(2), 1.10(a), 4.1, 5.1, 8.3, 8.4(a-1), (b)-(d), (f), (h). By intentionally disregarding the Complainant's reporting of suspected crimes and public fraud, there is also probable cause to suspect that Bryan Fields and

-13-

Kevin Traskos jointly and severally committed the crime of obstruction of justice (18 U.S.C. § 1503) and that Kevin Traskos criminally violated 18 U.S.C. § 208.[4]

**WHEREFORE**, the Complainant respectfully requests that this Court, through a conflict-free Disciplinary Panel and Committee on Conduct, initiate an investigation and attorney discipline proceedings according to D.C.COLO.LAttyR 7.  Concurrently, the Complaint respectfully requests that the U.S. Court of Appeals for the 10th Circuit initiate attorney discipline proceedings under 10th Cir. R. Add. III.

Dated: September 30, 2025

/s/ Christopher S.P. Gregory
**Christopher S.P. Gregory, Esq.**
The Gregory Law Firm, LLC
201 Coffman St., #1822
Longmont, CO 80502
Telephone: (970) 648-0642
E-mail: cspgregory@thegregorylawfirm.net
*Pro Se* Attorney Complainant
Christopher S.P. Gregory

---

[4] 18 U.S.C. § 208(a) provides, in relevant parts:

> **(a)** Except as permitted by subsection (b) hereof, whoever, being an officer or employee of the executive branch of the United States Government . . .  participates personally and substantially as a Government officer or employee, through decision, approval, disapproval, recommendation, the rendering of advice, investigation, or otherwise, in a judicial or other proceeding, application, request for a ruling or other determination, contract, claim, controversy, charge, accusation, arrest, or other particular matter in which, to his knowledge, he, ***his spouse***, minor child, general partner, organization in which he is serving as officer, director, trustee, general partner or employee, or any person or organization with whom he is negotiating . . . has a financial interest--
> Shall be subject to the penalties set forth in section 216 of this title. (Emphasis added).

-14-

-15-

To the best of my knowledge, I declare under penalty of perjury under the law of Colorado that the foregoing facts and circumstances described in this Complaint are true and correct.

Executed on the 30th day of September 2025 at Longmont, Boulder County, Colorado.

_____
Christopher S.P. Gregory

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.

CHRISTOPHER S.P. GREGORY,

     Plaintiff,

v.

The COLORADO JUDICIAL DISCIPLINE RULEMAKING COMMITTEE,
The COLORADO COMMISSION ON JUDICIAL DISCIPLINE,
The COLORADO SUPREME COURT,
MARY V. SOOTER, individually,
PHILIP J. WEISER, individually, and in his official capacity as the Colorado Attorney General,
JARED POLIS, individually, and in his official capacity as Governor of the State of Colorado,
MARIA BERKENKOTTER, individually,
BRIAN D. BOATRIGHT, individually,
RICHARD GABRIEL, individually,
MELISSA HART, individually,
WILLIAM HOOD, III, individually,
MONICA MÁRQUEZ, individually,
CARLOS SAMOUR, individually,
INGRID BARRIER, individually,
DAVID BELLER, individually,
JILL BRADY, individually,
GINA CANNAN, individually,
JAMES CARPENTER, individually,
NANCY COHEN, individually,
ROBERT GARDNER, individually,
SARA GARRIDO, individually,
KIRSTEN GROOMS, individually,
JAMES HARTMANN, individually,
AMANDA HOLLANDER, individually,
ALISON KYLES, individually,
BRYON LARGE, individually,
ANNE MANGIARDI, individually,
BONNIE MCLEAN, individually,
COLLEEN MCMANAMON, individually,
KRISTEN MIX, individually,
REED OWENS, individually,
MEREDITH PATRICK CORD, individually,
AUBREY C. SULLIVAN, individually,

**EXHIBIT
2**

COURTNEY SUTTON, individually,
JEFF SWANTY, individually,
EMILY TOFTE NESTAVAL, individually,
STEFANIE TRUJILLO, individually,
MARYANN VIELMA, individually,
VINCENTE VIGIL, individually, and
JEFFREY M. WALSH, individually,

     Defendants.

---

**VERIFIED COMPLAINT AND JURY DEMAND
WITH EXHIBITS 1-3**

---

INTRODUCTION

1. Christopher Sydney Philip Gregory (the "Plaintiff") brings this action against the Defendants under 42 U.S.C. §§ 1983, 1985, and 1986 and § 28 U.S.C. 1651 with supplemental state claims brought under § 24-31-1204(8), C.R.S.

2. For more than six years, the Justices of the Colorado Supreme Court have engaged in a conspiracy intended to absolve themselves of ***any*** accountability for their proven and otherwise incontrovertible violations of various criminal laws and the Colorado Code of Judicial Conduct ("the Code"). At the core of the Justices' misconduct was a prolonged scheme to knowingly conceal material information of a $2.66-2.75 million bribe / public fraud involving former Colorado State Court Administrator's Office (SCAO) Chief of Staff Mindy Masias[1] from the Colorado Office of the State Auditor (OSA) as the OSA performed its ongoing, continuous, and federally-required single statewide audit.[2] Further, the

---

[1] At the time, Masias was being fired for suspected alteration of financial records, occupational fraud (later verified through a Fraud Hotline investigation), dishonesty, and other financial misconduct.

[2] The Justices' publicly admitted concealment of material information from the OSA as it performed a federal function is probable cause to suspect that the Justices have committed

-2-

Justices knowingly concealed the same material information of public fraud from the Colorado

Commission on Judicial Discipline (the CCJD), which has exclusive constitutional jurisdiction to

investigate judicial misconduct and enforce the Code. *See Matter of Coats*, 2023 CO 44, ¶¶ 4(9)-(14),

(20)-(23), 6 (stipulated admissions confirming that former Chief Justice Nathan Coats, in consultation

with the other Justices, Attorney General Phil Weiser, other attorneys, and other Judicial Department

employees knowingly concealed negotiation of the $2.66-2.75 million Masias Contract and the

existence of the related Masias Memo from the OSA and the CCJD). This knowing concealment of

information material to the performance of a federal function and to enforcement of the Code was

sustained for more than two years (December 2018-February 2021). During that time, Plaintiff served

as a member, Vice-Chair, and Chair of the CCJD.

3. Part of the Justices' scheme to suppress evidence of their substantial criminal and ethical misconduct

has been to intimidate, to retaliate against, and to use public funds (for their personal advantage) to

silence or marginalize the numerous whistleblowers / regulators who have had the courage to stand

against public corruption. Plaintiff, in his roles as the CCJD's Chair and, later, as its wrongfully

terminated Executive Director, is only one of these retaliated-against whistleblowers / regulators. As the

---

multiple federal felony-level crimes, including but not limited to Obstruction of Justice (18
U.S.C. § 1503), False Statements (18 U.S.C. § 1001), and Obstruction of a Federal Audit (18
U.S.C. § 1516) . By retaliating against the Plaintiff, the Justices have further obstructed the
investigation of these probable crimes as a matter of judicial discipline under Canon Rules 1.1
(Compliance with Law), 1.2 (Promoting Confidence in Judiciary), 1.3 (Abusing Prestige of
Office), 2.2 (Impartiality and Fairness), 2.3 (Bias, Prejudice, and Harassment), 2.5 (Competence
and Cooperation), 2.6 (Ensuring the Right to be Heard), 2.9(C) (Ex Parte Communications), 2.10
(Judicial Statements on Pending or Impending Cases), 2.11 (Disqualification), 2.12 (Supervisory
Duties), 2.13 (Administrative Appointments), 2.15 (Responding to Judicial and Lawyer
Misconduct), 2.16 (Cooperation with Disciplinary Authorities), 3.1 (Extra Judicial Activities in
General), and 4.1 (Political and Campaign Activities of Judges) as well as other provisions of the
Code and the Colorado Rules of Professional Conduct.

Plaintiff has continued to seek accountability for the Justices' misconduct, including their misuse of millions of dollars of taxpayer funds, the retaliation campaign against him has continued.

4. As relevant to this action, the Defendants have collectively conspired to censor and deliberately suppress Plaintiff's constitutionally and statutorily privileged reporting of judicial, attorney, and official misconduct (including very probable violations of the federal civil False Claims Act (FCA) and the Colorado False Claims Act (CFCA)).  Moreover, the Defendants have imposed prior restraints preventing the Plaintiff from participating publicly in the judicial discipline rulemaking process as otherwise mandated through Colo. Const. Art. VI, § 23(3)(k)(I).

5. Collaterally, Defendant Aubrey C. Sullivan has abused her official authority to prevent the Colorado Civil Rights Commission from hearing or considering the merits of Plaintiff's administrative claims for discrimination and unfair employment practices, specifically retaliation, under the Colorado Anti-Discrimination Act (CADA), Title 24, Art. 34, Pts. 3-8, C.R.S.  *See* § 24-34-402(1)(e), C.R.S. (prohibiting retaliation and other facilitation of discriminatory or unfair employment practices).

6. In addition to prohibitions against retaliation contained in § 24-31-1204(8), C.R.S., the individual Defendants have conspired, under the color of state law, to deprive the Plaintiff of federal constitutional and statutory rights, thus providing for a cause of action under 42 U.S.C. §§ 1983, 1985, and 1986.

7. Through this action, the Plaintiff seeks: 1) his immediate reinstatement as Executive Director of the CCJD; 2) injunctive and other equitable relief necessary to correct constitutionally and federally offensive deficiencies in Colorado's judicial selection, retention, and disciplinary structures; 3) compensatory damages and punitive damages, 4) two-times backpay with interest; and 5) reasonable attorneys' fees and costs pursuant to both 42 U.S.C. 1988 and § 24-31-1204(8)(d)(II)(C), C.R.S..

8. The allegations presented in this Complaint relate to circumstances that did, and continue to, undermine the public's confidence in the integrity of Colorado's Judiciary and Colorado's State Government. *See* Colo. RJD 1(b) (describing the CCJD's constitutional mandate and purpose of "maintain[ing] public confidence in the judiciary"); *see also* Colo. SB 22-201 § 1 (legislative declaration recognizing public confidence having been "significantly undermined" by the Masias Controversy as cause for legislative reforms).

JURISDICTION AND VENUE

9. This action arises under 42 U.S.C. §§ 1983, 1985, and 1986 (the Civil Rights Act of 1871 / the Klu Klux Klan Act), § 24-31-1201, et seq., C.R.S. (the CFCA), and in equity. This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1331 (Federal Questions) and § 28 U.S.C. § 1651 (All Writs Act). This Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367(a). § 24-31-1204(d)(I), C.R.S. further recognizes the severability and independence of causes of action brought under § 24-31-1204(f), C.R.S., including any potential or related *qui tam* actions brought under § 24-31-104(3), C.R.S. This Court also has jurisdiction and venue pursuant to 28 U.S.C. § 1391(b) and (c), because, at all times material and relevant, the Defendants' actions and conduct occurred in this District.

10. To the extent that the named Defendants are alleged to have liability for actions or omissions taken or made in their individual capacities, such actions or omissions have occurred outside the scope of any absolute or qualified privileges / immunities. *Forrester v. White*, 484 U.S. 219, 225 (1988) (absolute or qualified judicial immunities do not extend to administrative decisions, such as demoting an employee); *Samuel v. Holmes*, 138 F.3d 173, 178 (5th Cir. 1988) (judicial immunity does not extend to claims of retaliatory conduct by members of government board); *U.S. ex rel Citynet, LLC v. Gianato*, 962 F.3d

154, 159-60 (4th Cir. 2020) (qualified immunity does not apply to FCA claims in general). The objective wrongfulness and intentionality of the respective Defendants' conduct in depriving the Plaintiff of his constitutional, statutory, and administrative rights further meet the thresholds for overcoming any potential claims of qualified immunity. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982) (qualified immunity unavailable when public official performs discretionary functions in manner that violates "clearly established statutory or constitutional rights of which a reasonable person would have known"). Retaliation against the Plaintiff for his expressed intention to submit an anonymous, public, RFE probative of false claims, for attempting to perform his duty to enforce the CCJD's disqualification rules, for engaging in ethically mandated speech by pursing legitimate complaints of judicial misconduct, and for participating in the legislative/rulemaking process is a valid basis for Plaintiff's claims under 42 U.S.C. § 1983. *See Thomas v. City of Blanchard*, 548 F.3d 1317 (10th Cir. 2018) (threat of law enforcement report outside chain of command was constitutionally protected speech beyond exception to 42 U.S.C. § 1983 claims recognized through *Garcetti v. Ceballos*, 547 U.S. 401 (2006)).

11. Beyond the present case, the Plaintiff has brought related actions and proceedings, including a sealed case—Case No. 1:25-cv-00190 (D.Colo),[3] a judicial discipline complaint—Judicial Complaint No. 10-

---

[3] The following judicial officers have disqualified themselves from hearing Case No. 1:25-cv-00190: Chief Judge Phillip Brimmer, Magistrate Judge Cyrus Chung, Senior Judge William Martinez, Judge Regina Rodriguez, Magistrate Judge Kathyrn Starnella, and Judge Charlotte Sweeney. Additionally, Plaintiff has moved for U.S. District Court Judge Daniel Domenico's disqualification from the case due to actual bias. As this Court follows its process under D.C.COLO.LCivR 40.1(c), none of the already disqualified judicial officers nor Judge Domenico should be considered for assignment to this case.

25-90048 (10th Cir.), and a yet-to-be docketed attorney disciplinary complaint—(D. Colo. & 10th Cir.).[4]

In some of these related proceedings, judicial officers and attorneys have collaterally conspired to deprive Plaintiff of his fundamental constitutional rights to freely report judicial/attorney misconduct and to be heard before an impartial federal court. Plaintiff anticipates filing an additional judicial disciplinary complaint with the 10th Circuit Court of Appeals under 28 U.S.C. § 351, *et seq.*, to further address the deprivations of his fundamental right to be heard by that court.

<div align="center">PARTIES</div>

12. Plaintiff Christopher S.P. Gregory is a citizen of the United States and a resident of the State of Colorado. From January 3, 2022 until January 19, 2024, Plaintiff was the Executive Director of the CCJD. From May 15, 2017 until June 30, 2021, Plaintiff served as an appointed member of the CCJD, internally elected as the CCJD's Vice-Chair and Chair during parts of his term. The Plaintiff avers that he was wrongfully terminated from his position as Executive Director in retaliation for his duty-bound efforts to stop false claims and other substantial judicial and attorney misconduct violative of the Code. The Plaintiff brings this action based on his direct, independent, and personal knowledge as well as upon information and belief.

13. Defendant the Colorado Judicial Discipline Rulemaking Committee (the "CJDRC") is a constitutionally created committee affiliated with the Colorado Judicial Department, and charged with promulgating administrative / procedural rules to implement Colorado's constitutional structure for judicial discipline as provided through Colo. Const. Art. VI, § 23(3). The CJDRC shares the CCJD's official address at 1300 Broadway St., Suite 210, Denver, CO 80203. Plaintiff has named the CJDRC

---

[4] Plaintiff's attorney discipline complaints dually filed with this Court and the U.S. Court of Appeals for the 10th Circuit are attached to this Complaint with their accompanying exhibits (sub-Exhibits 1-8) and incorporated by reference. Exhibit 1.

as a defendant for the limited purpose of obtaining injunctive relief, specifically to require that the CJDRC disband itself before being recomposed through a conflict-free appointment process and to enjoin rulemaking until the CJDRC is recomposed.

14. Defendant the Colorado Commission on Judicial Discipline (the "CCJD") is an independent commission affiliated with the Colorado Judicial Department, charged with oversight of the ethical conduct of Colorado state court judges, and authorized by Colo. Const. Art. VI, § 23(3). The CCJD's official address is 1300 Broadway St., Suite 210, Denver, CO 80203. Plaintiff's former employer, the CCJD is named as a defendant for the limited purpose of obtaining injunctive relief, specifically Plaintiff's reinstatement as the CCJD's Executive Director and the removal of Defendants Anne Mangiardi and Jeffrey Walsh from their official positions.  Additionally, Plaintiff seeks the removal of the CCJD's appointments to the CJDRC: Ingrid Barrier, David Beller, Anne Mangiardi, and Jeffrey Walsh.

15. Defendant the Colorado Supreme Court has authority to appoint and to remove the judge members of the CCJD according to Colo. Const. Art. VI, § 23(3)(a)-(b). Moreover, the Colorado Supreme Court is the appointing authority for four members of the Colorado Judicial Discipline Advisory Board (the "CJDAB") and for at least four members of the CJDRC (which is also subject to indirect/redundant appointments through the CCJD and the CJDAB) under Colo. Const. Art. VI, § 23(3)(c.5)(I), (k)(I). The Colorado Supreme Court's official address is 2 East 14th Avenue, Denver, CO 80203. The Colorado Supreme Court is named as a defendant for the limited purpose of obtaining injunctive relief. Specifically, Plaintiff seeks the removal of Defendants Jill Brady, Sara Garrido, Meredith Patrick Cord, and Reed Owens from the CCJD.  Additionally, Plaintiff seeks the removal of Eric Eliff, Grechen Larson, Crista Newmyer-Olsen, and Vincente Vigil from the Colorado Judicial Discipline Adjudicative

-8-

Board (the "CJDAB").  Finally, and in turn, Plaintiff seeks the removal of Nancy Cohen, Richard Gabriel, Bryon Large, James Hartmann, and Vincente Vigil from the CJDRC.

16. Defendant Mary "Mindy" Sooter is a citizen of the State of Colorado and a resident of the District of Colorado. At all relevant times, Mindy Sooter was an employee and an authorized agent of WilmerHale, LLP, an appointed member of the CCJD, and/or being considered for membership on the CCJD. Mindy Sooter is an attorney licensed to practice in Colorado state courts and the U.S. District Court for the District of Colorado with respective license numbers 35136 and 876717.  Mindy Sooter is also admitted to practice before the U.S. Court of Appeals for the 10th Circuit.

17. Defendant Philip J. Weiser is a citizen of the State of Colorado and a resident of the District of Colorado. At all relevant times, Philip Weiser was employed by the Colorado Department of Law as the elected Colorado State Attorney General. To the extent that this Complaint seeks the removal of his subordinates/co-conspirators and/or limitations upon his appointment powers, Attorney General Weiser is named as a defendant in his official capacity. As to other actions and omissions occurring outside of the Colorado Attorney General's official capacity/performance of official functions and as described in this Complaint, Philip Weiser is named as a defendant in his individual capacity. Philip Weiser is an attorney licensed to practice before the Colorado state courts with registration number 38314.  Philip Weiser is also admitted to practice before the United States Court of Appeals for the 10th Circuit.

18. Defendant Jared Polis is a citizen of the State of Colorado and a resident of the District of Colorado. At all relevant times, Jared Polis was employed by the State of Colorado as its elected Governor. According to Colo. Const. Art. VI, § 23(3)(a)-(b), the Governor has the authority to appoint and to remove the citizen and attorney members of the CCJD.  Governor Polis also has appointment authority as to other judicial oversight entities, including members of the Colorado judicial performance

-9-

commissions, members of the Colorado judicial nominating commissions, and members of the CJDAB.  Ultimately, Governor Polis is vested with the final authority to appoint all Colorado state court judges.  With this authority, Governor Polis is named as a defendant in his official capacity for the limited purpose of obtaining injunctive relief. Specifically, Plaintiff seeks the removal of Defendants Ingrid Barrier, James Carpenter, Robert Gardner, Emily Netaval, Courtney Sutton, and Stefanie Trujillo from the CCJD. Plaintiff further seeks the removal of appointees Jeff Chostner, Laura Ellis, Tyrone Glover, Colleen McManamon, Kristen Mix, Jeff Swanty, Jeannie Valliere, and Leanne Wheeler, from the CJDAB.  In turn, Plaintiff also seeks the removal of Defendants Ingrid Barrier, Amanda Hollander, Colleen McManamon, and Jeff Swanty from the CJDRC.  Plaintiff, also seeks to enjoin further exercise of Governor Polis's judicial appointment powers and appointment powers as to all judicial oversight entities.  As to other actions and omissions occurring outside of the Governor's official capacity/performance of official functions and as described in this Complaint, Jared Polis is named as a defendant in his individual capacity.

19. Defendant Maria Berkenkotter is a citizen of the State of Colorado and a resident of the District of Colorado. At all relevant times, Maria Berkenkotter was a Colorado Supreme Court Justice employed by the Colorado Judicial Department.  Maria Berkenkotter is also an attorney licensed to practice before the Colorado state courts and the U.S. District Court for the District of Colorado with registration numbers 16781 and 765447, respectively.  The U.S. District Court for the District of Colorado, however, has administratively removed Maria Berkenkotter from its list of active attorneys.  Maria Berkenkotter is also admitted to practice before the U.S. Court of Appeals for the 10th Circuit.

20. Defendant Brian D. Boatright is a citizen of the State of Colorado and a resident of the District of Colorado. At all relevant times, Brian D. Boatright was a Colorado Supreme Court Justice employed by

-10-

the Colorado Judicial Department.  Brian Boatright is also an attorney licensed to practice before the Colorado state courts with registration number 17731.

21. Defendant Richard Gabriel is a citizen of the State of Colorado and a resident of the District of Colorado. At all relevant times, Richard Gabriel was a Colorado Supreme Court Justice employed by the Colorado Judicial Department.  At relevant times, Richard Gabriel was also a self-appointed member of the CJDRC.  Richard Gabriel is also an attorney licensed to practice before the Colorado state courts and the U.S. District Court for the District of Colorado with registration numbers 19769 and 765447, respectively.  Richard Gabriel is also admitted to practice before the U.S. Court of Appeals for the 10th Circuit.

22. Defendant Melissa Hart is a citizen of the State of Colorado and a resident of the District of Colorado. At all relevant times, Melissa Hart was a Colorado Supreme Court Justice employed by the Colorado Judicial Department.  Melissa Hart is also an attorney licensed to practice before the Colorado state courts and the U.S. District Court for the District of Colorado with registration numbers 34345 and 1980828, respectively.  The U.S. District Court for the District of Colorado, however, has administratively removed Melissa Hart from its list of active attorneys.  Melissa Hart is also admitted to practice before the U.S. Court of Appeals for the 10th Circuit.

23. Defendant William Hood, III is a citizen of the State of Colorado and a resident of the District of Colorado. At all relevant times, William Hood, III was a Colorado Supreme Court Justice employed by the Colorado Judicial Department.  William Hood is also an attorney licensed to practice before the Colorado state courts and the U.S. District Court for the District of Colorado with registration numbers 19808 and 688626, respectively.  The U.S. District Court for the District of Colorado, however, has

-11-

administratively removed William Hood from its list of active attorneys.  William Hood is also admitted to practice before the U.S. Court of Appeals for the 10th Circuit.

24. Defendant Monica Márquez is a citizen of the State of Colorado and a resident of the District of Colorado. At all relevant times, Monica Márquez was a Colorado Supreme Court Justice employed by the Colorado Judicial Department.  Prior to her appointment as a Colorado Supreme Court Justice, Monica Márquez oversaw the State Services Division for then-Colorado Attorney General Ken Salazar. Monica Márquez is also an attorney licensed to practice before the Colorado state courts and the U.S. District Court for the District of Colorado with registration numbers 28950 and 799305, respectively. The U.S. District Court for the District of Colorado, however, has administratively removed Monica Márquez from its list of active attorneys.  Monica Márquez is also admitted to practice before the U.S. Court of Appeals for the 10th Circuit.

25. Defendant Carlos Samour is a citizen of the State of Colorado and a resident of the District of Colorado. At all relevant times, Carlos Samour was a Colorado Supreme Court Justice employed by the Colorado Judicial Department.  Carlos Samour is also an attorney licensed to practice before the Colorado state courts and the U.S. District Court for the District of Colorado with registration numbers 19955 and 703570, respectively.  The U.S. District Court for the District of Colorado, however, has administratively removed Carlos Samour from its list of active attorneys.

26. Defendant Ingrid Barrier is a citizen of the State of Colorado and a resident of the District of Colorado. At all relevant times, Ingrid Barrier was an appointed member of the CCJD or being considered for membership on the CCJD.  At relevant times, Ingrid Barrier was an appointed member of the CJDRC. Ingrid Barrier is an attorney licensed to practice before the Colorado state courts and the U.S. District Court for the District of Colorado with registration numbers 32126 and 913644, respectively.  The U.S.

-12-

District Court for the District of Colorado, however, has administratively removed Ingrid Barrier from its list of active attorneys.  Ingrid Barrier is also admitted to practice before the U.S. Court of Appeals for the 10th Circuit.

27. Defendant David Beller is a citizen of the State of Colorado and a resident of the District of Colorado. At relevant times, David Beller was appointed to the Colorado Supreme Court's Advisory Committee on the Practice of Law and/or the CJDRC.  While a member of the CJDRC, David Beller represented former 13th Judicial District Court Judge Justin B. Haenlein in judicial discipline proceedings before the CCJD and the CJDAB.  David Beller is also an attorney licensed to practice before the Colorado state courts and the U.S. District Court for the District of Colorado with registration numbers 35767 and 916696.  David Beller is also admitted to practice before the U.S. Court of Appeals for the 10th Circuit.

28. Defendant Jill Brady is a citizen of the State of Colorado and a resident of the District of Colorado. At all relevant times, Jill Brady was a 4th Judicial District Court Judge employed by the Colorado Judicial Department, an appointed member of the CCJD, or being considered for membership on the CCJD.  Jill Brady is also an attorney licensed to practice before the Colorado state courts and the U.S. District Court for the District of Colorado with registration numbers 38662 and 584282, respectively.  The U.S. District Court for the District of Colorado, however, has administratively removed Jill Brady from its list of active attorneys.  Jill Brady is also admitted to practice before the U.S. Court of Appeals for the 10th Circuit.

29. Defendant Gina Cannan is a citizen of the State of Colorado and a resident of the District of Colorado. At all relevant times, Gina Cannan was employed by the Colorado Department of Law and assigned to serve as general counsel to the CCJD.  Gina Cannan is an attorney licensed to practice in Colorado state courts and the U.S. District Court for the District of Colorado with license numbers 45071 and

-13-

2397867, respectively.  Gina Cannan is also admitted to practice before the U.S. Court of Appeals for the 10th Circuit.

30. Defendant James Carpenter is a citizen of the State of Colorado and a resident of the District of Colorado. At relevant times, James Carpenter was a principal, employee, or agent of Freestone Strategies, LLC, was an appointed member of the CCJD or being considered for membership on the CCJD, and/or an appointed member of the Colorado Supreme Court Nominating Commission.  At other relevant times since on or about May 30, 2024, James Carpenter was a member of the Colorado Judicial Institute's board of directors.  Previously, James Carpenter worked as the Campaign Manager for Defendant Ken Salazar's 2004 U.S. Senate campaign.  After Ken Salazar was elected, James Carpenter then worked as the State Director of Salazar's U.S. Senate Office from 2004 through 2006.

31. Defendant Nancy Lin Cohen is a citizen of the State of Colorado and a resident of the District of Colorado.  At relevant times, Nancy Cohen was appointed to the Colorado Supreme Court's Advisory Committee on the Practice of Law and/or the CJDRC.  Nancy Cohen previously represented former Denver Presiding Juvenile Court Judge David Brett Woods in judicial discipline proceedings before the CCJD and the Colorado Supreme Court.  Nancy Cohen is an attorney licensed to practice before the Colorado state courts and the U.S. District Court for the District of Colorado with registration numbers 11846 and 584911, respectively.  Nancy Cohen is also admitted to practice before the U.S. Court of Appeals for the 10th Circuit.

32. Defendant Robert S. Gardner is a citizen of the State of Colorado and a resident of the District of Colorado.  At relevant times, Robert Gardner was a Colorado State Senator, an appointed member of the CCJD, or being considered for membership on the CCJD.  Robert Gardner is also an attorney licensed to practice before the Colorado state courts and the U.S. District Court for the District of

-14-

Colorado with registration numbers 18064 and 597134, respectively. Robert Gardner is also admitted to practice before the U.S. Court of Appeals for the 10th Circuit.

33. Defendant Sara Garrido is a citizen of the State of Colorado and a resident of the District of Colorado. At all relevant times, Sara Garrido was a Jefferson County Court Judge employed by the Colorado Judicial Department, an appointed member of the CCJD, or being considered for membership on the CCJD. Sara Garrido is also an attorney licensed to practice before the Colorado state courts with attorney registration number 33320.

34. Defendant Kirsten Grooms is a citizen of the State of Colorado and a resident of the District of Colorado. At all relevant times, Kirsten Grooms was employed by the Colorado Department of Law and assigned as general counsel to the CJDRC. Kirsten Grooms is an attorney licensed to practice before the Colorado state courts with attorney registration number 54756.

35. Defendant James Hartmann is a citizen of the State of Colorado and a resident of the District of Colorado. At relevant times James Hartmann contracted with the Colorado Judicial Department as a senior judge and/or was an appointed member of the CJDRC. James Hartmann is an attorney licensed to practice before the Colorado state courts with registration number 19353.

36. Defendant Amanda Hollander is a citizen of the State of Colorado and a resident of the District of Colorado. At all relevant times, Amanda Hollander was an appointed member of the CJDRC.

37. Defendant Alison Kyles is a citizen of the State of Colorado and a resident of the District of Colorado. At all relevant times, Alison Kyles was employed by the Colorado Department of Law and assigned to advise Defendants James Carpenter and Mindy Sooter. Alison Kyles is an attorney licensed to practice before the Colorado state courts and the U.S. District Court for the District of Colorado with registration

-15-

numbers 21368 and 701663, respectively.  Alison Kyles is also admitted to practice before the U.S. Court of Appeals for the 10th Circuit.

38. Defendant Bryon Large is a citizen of the State of Colorado and a resident of the District of Colorado. At all relevant times, Bryon Large was employed by the Colorado Supreme Court as the Presiding Disciplinary Judge and/or appointed by the Colorado Supreme Court as a member of the CJDRC. Bryon Large is also an attorney licensed to practice before the Colorado state courts and the U.S. District Court for the District of Colorado with registration numbers 38574 and 915873, respectively. Bryon Large is also admitted to practice before the U.S. Court of Appeals for the 10th Circuit.

39. Defendant Anne Mangiardi is a citizen of the State of Colorado and a resident of the District of Colorado.  At all relevant times, Anne Mangiardi was either employed by the Colorado Department of Law as a Senior Assistant Attorney General or employed by the CCJD as its Executive Director.  At relevant times, Anne Mangiardi was also an appointed member of the CJDRC.  Anne Mangiardi is an attorney licensed to practice before the Colorado state courts and the United States District Court for the District of Colorado with registration numbers 44284 and 1916504, respectively.  Anne Mangiardi is also admitted to practice before the U.S. Court of Appeals for the 10th Circuit.

40. Defendant Bonnie McLean is a citizen of the State of Colorado and a resident of the District of Colorado. At all relevant times, Bonnie McLean was an 18th Judicial District Court Judge employed by the Colorado Judicial Department and/or an appointed member of the CCJD.  Bonnie McLean is also an attorney licensed to practice before the Colorado state courts with registration number 31349.

41. Defendant Colleen McManamon is a citizen of the State of Colorado and a resident of the District of Colorado.  At all relevant times, Colleen McManamon was an appointed member of the CJDAB and/or

-16-

the CJDRC.  Colleen McManamon is a Licensed Legal Paraprofessional with registration number 600085.

42. Defendant Kristen Mix is a citizen of the State of Colorado and a resident of the District of Colorado. At all relevant times, Kristen Mix was an appointed member of the CJDAB and/or the CJDRC.  Kristen Mix is also an attorney licensed to practice before the Colorado state courts and the U.S. District Court for the District of Colorado with registration numbers 15171 and 706160, respectively.  Kristen Mix is also admitted to practice before the U.S. Court of Appeals for the 10th Circuit.

43. Defendant Reed Owens is a citizen of the State of Colorado and a resident of the District of Colorado. At all relevant times, Reed Owens was a 5th Judicial District Court Judge employed by the Colorado Judicial Department and/or an appointed member of the CCJD.  Reed Owens is also an attorney licensed to practice before the Colorado state courts with registration number 40557.

44. Defendant Meredith Patrick Cord is a citizen of the State of Colorado and a resident of the District of Colorado.  At relevant times, Meredith Patrick Cord was an El Paso County Court Judge employed by the Colorado Judicial Department and/or an appointed member of the CCJD.  Meredith Patrick Cord is also an attorney licensed to practice before the Colorado state courts with registration number 33633.

45. Defendant Aubrey C. Sullivan is a citizen of the State of Colorado and a resident of the District of Colorado.  At relevant times, Aubrey Sullivan was employed as the Director of the Colorado Division of Civil Rights.  Aubrey Sullivan is also an attorney licensed to practice before the Colorado state courts with registration number 42341.

46. Defendant Courtney Sutton is a citizen of the State of Colorado and a resident of the District of Colorado.  At all relevant times, Courtney Sutton was an appointed member of the CCJD or being considered for membership on the CCJD.

-17-

47. Defendant Jeff Swanty is a citizen of the State of Colorado and a resident of the District of Colorado. At all relevant times, Jeff Swanty was an appointed member of the CJDAB and/or the CJDRC.

48. Defendant Emily Tofte Nestaval is a citizen of the State of Colorado and a resident of the District of Colorado. At all relevant times, Emily Tofte Nestaval was an appointed member of the CCJD or being considered for appointment to the CCJD.

49. Defendant Stefanie Trujillo is a citizen of the State of Colorado and a resident of the District of Colorado. At all relevant times, Stefanie Trujillo was an appointed member of the CCJD or being considered for appointment to the CCJD. From 2021-2023 Stefanie Trujillo was also a member of the Colorado Supreme Court's Outreach and Working Group Committee—Licensed Legal Paraprofessional Initiative.

50. Defendant MaryAnn "Mariana" Vielma is a citizen of the State of Colorado and a resident of the District of Colorado. At all relevant times, Mariana Vielma was an Adams County Court Judge employed by the Colorado Judicial Department, an appointed member of the CCJD, or being considered for membership on the CCJD. Mariana Vielma is also an attorney licensed to practice before the Colorado state courts and the U.S. District Court for the District of Colorado with registration numbers 38584 and 2201475, respectively. The U.S. District Court for the District of Colorado, however, has administratively removed Mariana Vielma from its list of active attorneys.

51. Defendant Vincente Vigil is a citizen of the State of Colorado and a resident of the District of Colorado. At all relevant times, Vincente Vigil was employed by the Colorado Judicial Department as a 19th Judicial District Court Judge, an appointed member of the CJDAB, and/or an appointed member of the CJDRC. Vincente Vigil is also an attorney licensed to practice before the Colorado state courts with registration number 40640.

-18-

52. Defendant Jeffrey M. Walsh is a citizen of the State of Colorado and a resident of the District of Colorado. At all relevant times, Jeffrey Walsh was employed by the CCJD as its Special Counsel and/or as its interim Executive Director. Jeffrey Walsh is an attorney licensed to practice before the Colorado state courts and the U.S. District Court for the District of Colorado with registration numbers 33762 and 1870778, respectively. The U.S. District Court for the District of Colorado, however, has administratively removed Jeffrey Walsh from its list of active attorneys. Jeffrey Walsh is also admitted to practice before the U.S. Court of Appeals for the 10th Circuit.

## BACKGROUND

53. On July 15, 2018, SCAO Controller Myra Dukes discovered and internally reported evidence that SCAO Chief of Staff Mindy Masias had intentionally altered a receipt as part of a request for personal reimbursement. State Court Administrator Christopher Ryan immediately recognized Masias's suspected conduct as material to a continuous, recurring annual single statewide audit of the Judicial Department's internal controls conducted as a component for certification of the State of Colorado's Annual Comprehensive Financial Report (ACFR). Like other states and governments, Colorado is required to produce its ACFR as a condition of receiving federal funding and for its federally granted authority to issue bonds.

54. Following internal and external investigations, the Justices of the Colorado Supreme Court collectively decided to terminate Masias's employment. As part of the notice provided to Masias, State Court Administrator Ryan explained the materiality of Masias's financial misconduct to the OSA's single statewide audit and the ACFR. Rather than accept her termination or agree to the severance offer made by the Colorado Judicial Branch, Masias instead activated leave under the Family Medical Leave Act (FMLA).

-19-

55. In December 2018, Masias's colleague and successor as SCAO Human Resources Director, Eric Brown, began negotiating a multi-million-dollar, sole-source contract for Masias to provide leadership training services to the Judicial Department. As part of these negotiations, Brown met with then-Chief Justice Nathan Coats, Counsel to the Chief Justice Andrew Rottman, and State Court Administrator Ryan to essentially present an ultimatum that Masias would release compromising information about the Department and the Justices if an agreement could not be reached. Brown's talking points (including Masias's allegations of covered up judicial, attorney, and employee misconduct) were reduced to writing in a document later referred to as the Masias Memo. SCAO Legal Counsel Terri Morrison was also contemporaneously aware of the Masias Memo and the meeting that occurred between Brown, Coats, Rottman, and Ryan.

56. Masias remained on FMLA leave until March 15, 2019, when she executed a separation agreement, effective March 19, 2019, that allowed her to keep her income from paid leave in exchange for a general release of claims and a non-disclosure agreement. Masias executed her separation agreement with the expectation of a 5-year, $2.66-2.75 million sole-source contract to provide leadership training services. To provide some perspective, under this contract Masias would have been paid approximately three-times the salaries of the individual Justices (i.e. $532,000 per year).

57. Before State Court Administrator Ryan signed the sole-source determination on March 25, 2019, Chief Justice Coats informed all the other Justices of Masias' resignation and her proposal for the leadership training program.

58. Through an April 4, 2019 email chain between Chief Justice Coats and Justice Melissa Hart about Masias applying to become the Utah State Court Administrator, Coats explained that Masias had signed an NDA and was negotiating the Masias Contract.

-20-

59. With Coats's approval, State Court Administrator Ryan then circulated the $2.66-2.75 million Masias Contract for its first execution on April 11, 2019.

60. On April 15, 2019, however, an anonymous complaint was submitted to the OSA's Fraud Hotline that alleged widespread occupational fraud within the SCAO, and specifically including additional financial misconduct by Masias.  The anonymous Fraud Hotline complaint was personally sent to each of the Justices, to Attorney General Phil Weiser, and to Governor Jared Polis.

61. Upon receiving a letter from State Auditor Dianne Ray inquiring as to how the Judicial Department wished to proceed in response to the Fraud Hotline complaint, Chief Justice Coats confirmed that he had "look[ed] into th[e] allegations . . . in consultation with the Attorney General . . . and the Attorney General's Staff."  In his response dated May 29, 2019, Chief Justice Coats did not inform the State Auditor that the $2.66-2.75 million sole-source Masias Contract had already been approved or that the Masias Contract would be executed a second time three business days later—June 3, 2019—and one business day after SCAO Controller Myra Dukes retired.  Chief Justice Coats further knowingly concealed the existence of the Masias Memo and its significance in negotiations of the Masias Contract from the OSA.

62. In July 2019, the existence of the Masias Contract became public and the Justices accepted State Court Administrator Ryan's offer to resign.  At the time, the Justices, through an official statement made by the Colorado Judicial Department, confirmed that they had jointly approved and made the decision to cancel the Masias Contract.

63. As part of his debriefing, Ryan met with 1st Assistant Attorney General LeeAnn Morrill and Assistant Solicitor General Grant Sullivan to discuss and turn over his copy of the Masias Memo.[5]  At that time, SCAO Legal Counsel Terri Morrison also had access to a copy of the Masias Memo.  In a July 19, 2019 email exchange with Andrew Rottman, Morrill acknowledged possession of the Masias Memo, its materiality to the OSA's Fraud Hotline investigation, and the need to preserve the document. Despite this email and later deposition testimony from Justice Melissa Hart confirming that the Justices were aware of the Masias Memo in 2019, the Masias Memo was intentionally withheld from the OSA (and from the CCJD) for more than eighteen months, until then-former State Court Administrator Ryan came forward and publicly revealed the document's existence.  In the meantime, the OSA issued a December 2019 management letter as part of the ACFR audit and a November 18, 2020 SCAO Performance Audit Report that both recognized the breakdown of SCAO's internal controls and appearances of impropriety created by the Masias Contract.

64. In response to State Court Administrator Ryan's revelation of the Masias Memo's existence, the Justices and the other attorneys listed in this Complaint collaborated on damage control that included the Justices issuing separate public statements on February 4, 2021 and on February 8, 2021.  The collaboration between the Justices, the attorneys listed in this Complaint, other public officials, and former U.S. Attorney for the District of Colorado John F. Walsh, III (who was then a partner at the national law firm WilmerHale) is documented through internal Judicial Department email chains created concurrently with the drafting of the public statements.  The public statements, in turn, confirmed that the Justices and the other attorneys were fully informed by former Chief Justice Coats

---

[5] David Migoya, *Colorado Attorney General's Office Lawyers Knew About Judicial Misconduct Memo: Whether they could, should or did tell Attorney General, other authorities is unclear*, DENVER POST, February 22, 2021.

and were complicit in knowingly concealing material information from the OSA as it performed a federal function through its ACFR audit, its 2020 Performance Audit of SCAO, and its Fraud Hotline Investigation.   These circumstances have been further proven through Chief Justice Coats's admissions and judicial discipline.  *Matter of Coats*, 2023 CO 44, ¶¶ 4(9)-(14), (20)-(23), 6.  A separate, though only partially-disclosed, attorney regulation investigation of former Chief Justice Coats concluded with findings (upon clear and convincing evidence) that he had failed to report the misconduct of subordinate attorneys, as required by Colo. RPC 5.1 and 8.3.[6]

65. The OSA finally issued its Fraud Hotline Investigation Report on February 4, 2022 with referrals for prosecution. The protracted delay of the Fraud Hotline investigation, interference, and obstruction caused state statutes of limitations to lapse.  The Justices, Andrew Rottman, Terri Morrison, Attorney General Phil Weiser, Chief Deputy Attorney General Natalie Hanlon-Leh, LeeAnn Morrill, and Grant Sullivan were all directly involved in this interference, obstruction, and forced delay.

66. At various times, Plaintiff reported these circumstances to federal law enforcement (specifically Assistant U.S. Attorney Bryan Fields, the DOJ—Denver Office, the DOJ Public Integrity Section, and the FBI) and to the CCJD only to be deliberately ignored.  More recently, the Colorado State Commission on Judicial Performance, the Colorado Civil Rights Division, the Colorado Judicial Discipline Rulemaking Committee, the Colorado Supreme Court, the Colorado Judicial Discipline

---

[6] The Colorado Legal Regulation Committee's public statement dated January 20, 2023, states, in relevant part:

> "Based on the evidence provided by outside counsel, the Committee believes that there is clear and convincing evidence that the former Chief Justice violated the rules with respect to his duty to report what appeared to be improper conduct of other lawyers which contributed to the ongoing consideration of awarding the [Masias] contract."

Adjudicative Board, and the CCJD have intentionally ignored and/or suppressed the Plaintiff's submission of renewed complaints, public comments, and two separate requests for evaluation of judicial conduct.  Moreover, there appears to be cultural resistance within the press, Colorado's political parties, and the Colorado General Assembly to holding the attorneys listed in this Complaint (particularly Attorney General Weiser) and others involved in the Colorado Judicial Scandal accountable.

67. As relevant to the claims pled in this Complaint, the Defendants have a long history of conspiring to suppress evidence of judicial, attorney, and official misconduct through patterns of publicly funded hush money (i.e. NDAs), self-controlled investigations, and self-serving public relations strategies.  This obstruction and persistently-repeated violations of the FCA and the CFCA have included repeated retaliation against the Plaintiff for his duty-bound pursuit of discipline against the Justices and for his having reported misconduct within the CCJD.

68. The obstruction of Colorado's constitutionally defined judicial disciplinary structure has included the methodical, coordinated, and overt abuse of appointment powers by Governor Jared Polis, Attorney General Phil Weiser, the Justices of the Colorado Supreme Court, the members of the CJDAB, and the members / staff of the CCJD to stack the various judicial discipline oversight entities, including the CJDRC.

69. On October 20, 2024, the Plaintiff anonymously submitted a Fraud Hotline complaint to the OSA and a detailed RFE to the CCJD.  *Exhibit 1, sub-Exhibits 1-3.*  Even though the RFE specifically requested that the CCJD disqualify itself and allow an investigation through a conflict-free special commission and conflict-free staff, the CCJD instead summarily dismissed the RFE without any publicly expressed explanation of the grounds for dismissal.

-24-

70. As part of her testimony to the Colorado Senate Judiciary Committee on April 28, 2025, Defendant Mindy Sooter confirmed the CCJD's non-disqualification and summary dismissal of the October 20, 2024 anonymously filed RFE.

71. More recently, the Plaintiff sought to provide public comments as part of the CJDRC's required rulemaking process under Colo. Const. Art. VI, § 23(3)(k)(I).  Plaintiff did so by dually filing his public comments on proposed rule changes with an additional non-anonymous RFE.  Those submissions are included in *Exhibit 1, sub-Exhibits 4-7*.  Additionally, a 4th Supplement to the public comments and RFE with Plaintiff's scripted oral statements delivered at the CJDRC's October 3, 2025 public hearing are included in *Exhibit 2*.

72. As part of his 2nd Supplement (*Exhibit 1, sub-Exhibit 6*) and his 4th Supplement (*Exhibit 2*), Plaintiff expressly put the Defendants on notice that their attempts to impose prior restraints upon the rulemaking process and their refusal to accept or publish Plaintiff's public comments into the record violated the Plaintiff's federal constitutional rights to freedom of expression, to petition for redress of grievances, and to due process / equal protection.

73. Nevertheless, the Defendants have refused Plaintiff's repeated requests to disqualify themselves and to allow the various judicial selection, retention, and disciplinary processes to occur in a transparent and conflict-free manner.  The Defendants have also persisted in their refusal to accept/publish Plaintiff's comments and RFE into the CJDRC's public record.

74. The Defendants have also obstructed Plaintiff's fundamental right to be heard as to misconduct within the CCJD, including complicity in Plaintiff's retaliatory termination as the CCJD's Executive Director. The circumstances of Plaintiff's retaliatory termination are described in detail though the Statement of

Discrimination that he submitted to the Colorado Division of Civil Rights, included in *Exhibit 1, sub-Exhibit 7, Appendix 2.*

75. Initially, the Civil Rights Division summarily dismissed Plaintiff's complaint on jurisdictional grounds without identifying the public official responsible for the dismissal decision. More recently, Defendant Aubrey C. Sullivan issued a letter summarily denying Plaintiff's administrative appeal of the dismissal to the Colorado Civil Rights Commission. It is unclear what record, if any, Defendant Aubrey Sullivan provided to the Civil Rights Commission before communicating her declination to hear Plaintiff's appeal. Plaintiff's correspondence with the Civil Rights Division and Defendant Aubrey Sullivan is included in *Exhibit 3.*

76. Ultimately, and despite repeated requests to do so, all the individual Defendants have refused to disqualify themselves. Instead, the Defendants have continued to determinedly censor Plaintiff's compelled speech (i.e. the mandatory reporting of judicial, attorney, and official misconduct, including reasonably suspected false claims and other crimes), to facilitate retaliation against Plaintiff, and to obstruct Plaintiff's access to administrative and judicial remedies. In violation of both federal and Colorado law, the Defendants are protecting the Justices of the Colorado Supreme Court from *any* accountability for their probable criminal conduct and their substantial violations of the Code.

CLAIMS FOR RELIEF

CLAIM 1
INTERFERENCE WITH THE LEGISLATIVE, ADMINSTRATIVE, AND JUDICIAL DISCIPLINE
PROCESSES—42 U.S.C. § 1983

77. The allegations of the preceding paragraphs are realleged as if fully set forth below.

78. Plaintiff Christopher Gregory alleges that Defendants Mindy Sooter, Philip Weiser, Jared Polis, Maria Berkenkotter, Brian Boatright, Richard Gabriel, Melissa Hart, William Hood, III, Monica Márquez,

Carlos Samour, Ingrid Barrier, David Beller, Jill Brady, Gina Cannan, James Carpenter, Nancy Cohen, Robert Gardner, Sara Garrido, Kirsten Grooms, James Hartmann, Amanda Hollander, Alison Kyles, Bryon Large, Anne Mangiardi, Bonnie McLean, Colleen McManamon, Kristen Mix, Reed Owens, Meredith Patrick Cord, Aubrey C. Sullivan, Courtney Sutton, Jeff Swanty, Emily Tofte Nestaval, Stefanie Trujillo, Mariana Vielma, and Vincente Vigil acting either individually or in concert and under color of state law, conspired to deprive Plaintiff of rights secured by the Constitution and laws of the United States.  These Defendants (individually and collectively) acting under color of state law, deprived Plaintiff of rights, privileges, or immunities secured by the Constitution and laws of the United States. Specifically, Defendants interfered with Plaintiff's fundamental right to be heard as well as his federal (U.S. Const., amends. I, V, and XIV) and state (Colo. Const. Art. II, §§ 3, 6, 10, 24, and 25 and Art. V, § 16) constitutional rights of access to the courts / administrative remedies / equality of justice, fundamental fairness, free speech, free participation in legislative and rulemaking processes (including the freedom to petition and non-interference with legislative privilege), due process, and equal protection under the law.  Moreover, the speech that has been suppressed interferes unlawfully with Plaintiff's right and duty to freely and publicly report evidence of public fraud and official misconduct, including but not limited to false claims subject to remedies through the FCA (31 U.S.C. §§ 3729 et. seq.) and the CFCA.  The Defendants have also intentionally stripped the Plaintiff of his right and ability to freely report evidence of other tortious, criminal, and ethical misconduct.  By refusing to disqualify themselves, the Defendants have internally obstructed the various judicial oversight entities that should receive and legitimately investigate such reports of tortious, criminal, and ethical misconduct.  The individual Defendants have violated Plaintiff's rights under federal law directly, through ratification of such violations, and/or through a failure to train and supervise.  *See*, e.g., *Parker*

*v. Blackwell*, 23 F.4th 517, 525 (5th Cir. 2022) (summarizing elements of a failure to train and supervise claim brought under 42 U.S.C. § 1983); *Matthews v. Columbia County*, 294 F.3d 1294, 1297-98 (11th Cir. 2002) (summarizing requirements for claim based upon ratification of unconstitutional actions).

79. Defendants the Colorado Judicial Discipline Rulemaking Committee, the Colorado Commission on Judicial Discipline, the Colorado Supreme Court, Governor Jared Polis, and Attorney General Philip Weiser are further named in their official capacities to facilitate injunctive relief and secondary liability for the attorney's fees and costs incurred in Plaintiff pressing this civil rights claim.  42 U.S.C. § 1988(b); *Missouri v. Jenkins by Agyei*, 491 U.S. 274, 280 (1989) (11th Amendment does not preclude award of attorney's fees and costs from a state to a plaintiff who successfully obtains injunctive relief under 42 U.S.C. §§ 1983 and 1988).

CLAIM 2
CONSPIRACY TO INTERFERE WITH CIVIL RIGHTS—42 U.S.C. § 1985(2), (3)

80. The allegations of the preceding paragraphs are realleged as if fully set forth below.

81. From about October 20, 2024 through the present, the Plaintiff was subjected to a conspiracy orchestrated by Defendants Mindy Sooter, Philip Weiser, Jared Polis, Maria Berkenkotter, Brian Boatright, Richard Gabriel, Melissa Hart, William Hood, III, Monica Márquez, Carlos Samour, Ingrid Barrier, David Beller, Jill Brady, Gina Cannan, James Carpenter, Nancy Cohen, Robert Gardner, Sara Garrido, Kirsten Grooms, James Hartmann, Amanda Hollander, Alison Kyles, Bryon Large, Anne Mangiardi, Bonnie McLean, Colleen McManamon, Kristen Mix, Reed Owens, Meredith Patrick Cord, Aubrey C. Sullivan, Courtney Sutton, Jeff Swanty, Emily Tofte Nestaval, Stefanie Trujillo, Mariana Vielma, and Vincente Vigil, which aimed to impede, hinder, obstruct, or defeat the due course of justice in the State of Colorado, with the intent to deny the Plaintiff the equal protection of the laws, to freely

-28-

participate in the legislative and administrative processes, or to injure the Plaintiff for lawfully enforcing, or attempting to enforce, the right of any person, or class of persons, to the equal protection of the laws.

82. The conspiracy was directed at the Plaintiff and others as individuals, and proof of the conspiracy does not require a showing of racial bias.

83. Alternatively and additionally, the Plaintiff alleges that Defendants conspired to deprive Plaintiff of equal protection of the laws or of equal privileges and immunities under the laws. This conspiracy was aimed at preventing Plaintiff from exercising his constitutional rights under both the U.S. and Colorado Constitutions, resulting in harm and injury to Plaintiff.

<div align="center">

CLAIM 3
ACTION FOR NEGLECT TO PREVENT—42 U.S.C. § 1986

</div>

84. The allegations of the preceding paragraphs are realleged as if fully set forth below.

85. From about October 20, 2024 continuing to the present, the Plaintiff was subjected to a conspiracy described in paragraph 81, which aimed to deprive the Plaintiff of his freedom of expression, his freedom to petition for grievances, his fundamental right to be heard, equal protection, and due process under both the U.S. and the Colorado Constitutions.

86. One or more valid claims under 42 U.S.C. § 1985(2), (3) is a prerequisite for a claim under 42 U.S.C. § 1986. Plaintiff has sufficiently alleged the existence of a conspiracy under 42 U.S.C. § 1985(2), (3) directed at the Plaintiff as an individual, and the Defendants' failures to prevent such conspiracy.

87. More specifically, even when expressly requested to do so, Defendants Mindy Sooter, Philip Weiser, Jared Polis, Maria Berkenkotter, Brian Boatright, Richard Gabriel, Melissa Hart, William Hood, III, Monica Márquez, Carlos Samour, Ingrid Barrier, David Beller, Jill Brady, Gina Cannan, James Carpenter, Nancy Cohen, Robert Gardner, Sara Garrido, Kirsten Grooms, James Hartmann, Amanda Hollander, Alison Kyles, Bryon Large, Anne Mangiardi, Bonnie McLean, Colleen McManamon,

<div align="center">

-29-

</div>

Kristen Mix, Reed Owens, Meredith Patrick Cord, Aubrey C. Sullivan, Courtney Sutton, Jeff Swanty,

Emily Tofte Nestaval, Stefanie Trujillo, Mariana Vielma, and Vincente Vigil refused to perform their

official functions, to disqualify themselves, to investigate, or to address judicial misconduct and

misconduct within the CCJD, the CJDAB, and the CJDRC.

88. The Defendants listed in paragraph 87 had knowledge of the conspiracy and had the power to prevent

or aid in preventing the commission of the wrongs conspired to be done.

89. Despite having the power to prevent the conspiracy, the Defendants specified in Paragraph 87 neglected

or refused to do so, thereby violating 42 U.S.C. § 1986.

CLAIM 4
RETALIATION IN VIOLATION OF § 24-31-1204(8), C.R.S.—
THE COLORADO FALSE CLAIMS ACT

90. The allegations of the preceding paragraphs are realleged as if fully set forth below.

91. Plaintiff alleges that Defendants Mindy Sooter, Philip Weiser, Jared Polis, Maria Berkenkotter, Brian

Boatright, Richard Gabriel, Melissa Hart, William Hood, III, Monica Márquez, Carlos Samour, Ingrid

Barrier, David Beller, Jill Brady, Gina Cannan, James Carpenter, Nancy Cohen, Robert Gardner, Sara

Garrido, Kirsten Grooms, James Hartmann, Amanda Hollander, Alison Kyles, Bryon Large, Anne

Mangiardi, Bonnie McLean, Colleen McManamon, Kristen Mix, Reed Owens, Meredith Patrick Cord,

Aubrey C. Sullivan, Courtney Sutton, Jeff Swanty, Emily Tofte Nestaval, Stefanie Trujillo, Mariana

Vielma, and Vincente Vigil retaliated against Plaintiff for lawful acts done in furtherance of a potential

cause of action and/or stopping what Plaintiff reasonably believes to be false claims / violations under

the Colorado False Claims Act. § 24-31-1204 (8)(b), C.R.S.  This retaliation included Plaintiff's non-

reappointment to the CCJD, wrongful termination, harassment, intimidation, obstruction of justice,

creation of a hostile work environment, blackballing, defamation, and other adverse employment

actions. Moreover, continuing retaliation includes the Defendants' individual and collective refusals to disqualify themselves from considering Plaintiff's repeated complaints of judicial misconduct and misconduct within the CCJD, the CJDAB, and the CJDRC. Similarly, Defendant Aubrey Sullivan has obstructed Plaintiff's access to allow the Colorado Civil Rights Commission to consider the merits of a collateral complaint brought under the Colorado Anti-Discrimination Act. The conflicted consideration and intentional disregard of Plaintiff's complaints has, and continues to, deprive the Plaintiff of his fundamental constitutional rights to be heard through fair and impartial tribunals (both administrative and judicial). *See* § 24-31-1204(8)(b), C.R.S. (defining what constitutes retaliation in broad terms that include retaliation and discrimination in the conditions of an individual's profession).

## CLAIM 5
## WRITS OF MANDAMUS AND PROHIBITION

92. The allegations of the preceding paragraphs are realleged as if fully set forth below.

93. Additionally, and alternatively, Plaintiff is entitled to Writs of Mandamus and Prohibition necessary to restore the integrity of Colorado's constitutional systems of judicial selection, retention, and discipline. The writs would issue to Defendants the Colorado Judicial Discipline Rulemaking Committee, the Colorado Commission on Judicial Discipline, Colorado Attorney General Philip Wesier (in his official capacity), and Colorado Governor Jared Polis (in his official capacity). Such relief includes Writs of Mandamus requiring the removal of conflicted officials with further requirement that the respective offices, boards, commissions, and committees are recomposed through conflict-free processes. Writs of Prohibition are necessary to prevent further conflicted rulemaking by the CJDRC and to prevent Governor Jared Polis from making additional conflicted judicial appointments.

94. Writs of Mandamus and Prohibition are appropriate because no other specific legal remedy exists while justice and public policy demand action to preserve peace, order, and good governance. *See Marbury v.*

*Madison*, 5 U.S. 137, 168-169 (1803) (describing common law requirements for writ of mandamus

including threshold that no adequate legal remedy otherwise exists).

<div align="center">

CLAIM 6
EQUITABLE RELIEF FOR STATUTORY AND CONSTITUTIONAL VIOLATIONS
</div>

95. The allegations of the preceding paragraphs are realleged as if fully set forth below.

96. Under this court's traditional equitable jurisdiction, Plaintiff is entitled to equitable relief to prevent and

restrain ongoing violations of administrative, statutory, and constitutional law (both state and federal) by

the Defendants (in either their individual or official capacities). This jurisdiction exists independently

from enforcement of the U.S. Constitution's Supremacy Clause. Because such an action seeks simply

to halt or prevent a violation of federal or state law rather than the award of money damages, it does not

ask the court to imply a new cause of action. It is "long recognized" that a federal court may enjoin state

actions / prospective actions, laws, and regulations that conflict with federal laws, privileges, and

immunities. *Armstrong v. Exceptional Child Ctr., Inc.*, 575 U.S. 320, 326 (2015); *see also Ex Parte*

*Young*, 209 U.S. 123, 150-151 (1908) (distinguishing judicial authority to enjoin the actions of

individual state officials from violating federal law as non-violative of the 11th Amendment). "The

ability to sue to enjoin unconstitutional actions by state and federal officers is the creation of courts of

equity, and reflects a long history of judicial review of illegal executive action, tracing back to England."

*Armstrong* at 327.

<div align="center">

CLAIM 7
EQUITABLE REIMBURSEMENT OF THE STATE OF COLORADO'S REASONABLE
ATTORNEY'S FEES AND COSTS FOR STATE-FUNDED REPRESENTATION
OF INDIVIDUAL DEFENDANTS
</div>

97. The allegations of the preceding paragraphs are realleged as if fully set forth below.

<div align="center">

-32-
</div>

98. The Colorado Supreme Court has established that unjust enrichment occurs when a party retains a benefit under circumstances that make it inequitable for it to retain the benefit without paying for it. *Martinez v. Colo. Dep't of Human Servs.*, 97 P.3d 152, 159 (Colo. 2003); *Spencer Invs. v. Bohn*, 923 P.2d 140, 144 (Colo. 1995).

99. Plaintiff seeks the disgorgement and reimbursement to the State of Colorado of reasonable attorney's fees and costs incurred through the state-funded representation (whether through insurance or otherwise) of any of the individual Defendants ultimately found individually liable for any of the claims at law averred in this Complaint.

PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff respectfully requests this Court to enter judgment against the Defendants, as follows:

1.    That the Court grant permanent injunctive relief to prevent any recurrence of violations of 42 U.S.C. §§ 1983, 1985, and 1986, the Colorado False Claims Act, and other laws for which redress is sought in this Complaint;

2.    That this Court issue a Writ of Prohibition invalidating all interim rules or rule changes adopted by the Colorado Judicial Discipline Rulemaking Committee and enjoining further rulemaking until a conflict-free Committee can be re-composed;

3.    That this Court issue a Writ of Mandamus requiring the Colorado Commission on Judicial Discipline to reinstate Plaintiff as its Executive Director with authority for Plaintiff to, then, directly form a special commission as contemplated by Colo. Const. Art. VI, § 3(b) and Colo. RJD 3(c). The special commission shall be authorized to hear and continue to hear all cases pending or opened before a replacement Commission can be formed through conflict-free processes;

-33-

4.      That this Court issue a further Writ of Mandamus requiring the Colorado Commission on Judicial Discipline to remove its current Executive Director, Anne Mangiardi, and its current Special Counsel, Jeffrey M. Walsh, from their official positions for cause;

5.      That this Court issue a Writ of Mandamus requiring the Colorado Supreme Court to remove all its appointees to the Colorado Commission on Judicial Discipline, the Colorado Judicial Discipline Adjudicative Board, the Colorado Judicial Discipline Rulemaking Committee (including indirect appointments from the CJDAB), the Colorado Judicial Performance Commissions, and the Colorado Judicial Nominating Commissions.  The various boards, commissions, and committees should then be re-composed through a conflict-free process such as random selection from eligible pools;

6.      That this Court issue a Writ of Mandamus requiring Governor Jared Polis to remove all his appointees to the Colorado Commission on Judicial Discipline, the Colorado Judicial Discipline Adjudicative Board, the Colorado Judicial Discipline Rulemaking Committee (including indirect appointments from the CJDAB), the Colorado Judicial Performance Commissions, and the Colorado Judicial Nominating Commissions.  The various boards, commissions, and committees should then be re-composed through a conflict-free process such as random selection from eligible pools;

7.      That this Court issue a Writ of Prohibition and Mandamus prohibiting Governor Jared Polis from making further judicial appointments and, to instead, require that such appointments occur through a conflict-free designee;

8.      That this Court issue a Writ of Mandamus requiring the Colorado Attorney General Philip Weiser to remove all his appointees to the Colorado Judicial Nominating Commissions. The various boards, commissions, and committees should then be re-composed through a conflict-free process such as random selection from eligible pools;

-34-

9.      For Claims 1-3, that this Court award compensatory and punitive damages to Plaintiff for

the involved Defendants' harassment, retaliation, infringement of constitutional rights, violation

of statutory protections, and actions resulting in Plaintiff being unlawfully excluded from the

judicial discipline rulemaking and judicial disciplinary processes (including the CCJD's internal

mechanisms for complaints against members and staff);

10.     As provided under § 24-31-1204(8)(d)(II), C.R.S., that Plaintiff be granted all relief

necessary to make him whole, including but not limited to reinstatement, two times his backpay

with interest, his attorney's fees and costs, and other compensatory or special damages sustained

as a result of the involved Defendants' harassment and retaliation;

11.     That pre- and post-judgment interest be awarded, along with reasonable attorneys' fees,

costs, and expenses which the Relator necessarily incurred in bringing and in pressing this case.

§ 24-31-1204(8)(d)(II)(C), C.R.S.; *see also* 42 U.S.C. § 1988(b) (authorizing award of attorney's

fees and costs to prevailing plaintiff who brought action under 42 U.S.C. §§ 1983, 1985, 1986,

etc.);

12.     To the extent that the State of Colorado provides legal representation to or advances costs

(through insurance or otherwise) on behalf of any Defendants found to be individually liable,

that this Court exercise its equitable powers to order restitution of reasonable attorney's fees and

costs reimbursed to the State of Colorado;

13.     As indicated in this complaint, the judge/attorney Defendants admitted to practice before

this Court (regardless of administrative removal from this Court's list of active attorneys due to

non-payment of biennial fees) are subject to disciplinary oversight through this Court and/or the

U.S. Court of Appeals for the 10th Circuit.  Upon proven facts establishing grounds to suspect

violations of the Colorado Rules of Professional Conduct[7] (which this Court has adopted as its

Standards of Professional Conduct), that this Court refer those judge/attorney Defendants for

discipline according to D.C.Colo.LAttyR 1(c), 2, 3(b), 6, 7; and

---

[7] Colo. RPC 1.7 provides, in relevant part:

> **(a)** . . . [A] a lawyer shall not represent a client if . . . :
>
> \* \* \*
>
> (2) there is a significant risk that the representation of one or more clients will be materially limited . . . by a personal interest of the lawyer.

Colo. RPC 8.3 provides, in relevant parts:

> **(a)** A lawyer who knows that another lawyer has committed a violation of the Rules of Professional Conduct or that an LLP has committed a violation of the LLP Rules of Professional Conduct that raises a substantial question as to that lawyer's or LLP's honesty, trustworthiness or fitness as a lawyer or LLP in other respects, shall inform the appropriate professional authority.
>
> **(b)** A lawyer who knows that a judge has committed a violation of applicable rules of judicial conduct that raises a substantial question as to the judge's fitness for office shall inform the appropriate authority.

Colo. RPC 8.4 provides, in relevant parts:

> It is professional misconduct for a lawyer to:
>
> (a-1) violate or attempt to violate the Rules of Professional Conduct, knowingly assist or induce another to do so, or do so through the acts of another;
>
> **(b)** commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects;
>
> **(c)** engage in conduct involving dishonesty, fraud, deceit or misrepresentation[;]

-36-

14.     That this Court award all such other and further relief in law and/or in equity as it deems

proper.

DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial on all the legal claims alleged herein.

Dated: October 23, 2025

/s/ Ingrid J. DeFranco
**Ingrid J. DeFranco, esq.**
Law Office of Ingrid J. DeFranco
P.O. Box 128
Brighton, CO 80601
Telephone: (303) 641-6812
Email:  Ingrid.DeFranco@gmail.com
Attorney for Plaintiff Christopher S.P. Gregory

/s/ Christopher S.P. Gregory
**Christopher S.P. Gregory, Esq.**
The Gregory Law Firm, LLC
201 Coffman St., #1822
Longmont, CO 80502
Telephone: (970) 648-0642
E-mail: cspgregory@thegregorylawfirm.net
*Pro Se* Attorney for Plaintiff
Christopher S.P. Gregory

---

**(d)** engage in conduct that is prejudicial to the administration of justice;

\* \* \*

**(f)** knowingly assist a judge or judicial officer in conduct that is a violation of applicable rules of judicial conduct or other law; [or]

\* \* \*

**(h)** engage in any conduct that directly, intentionally, and wrongfully harms others and that adversely reflects on a lawyer's fitness to practice law[.]

-37-

**VERIFICATION**

I hereby verify that the averments contained in this Verified Complaint are true and correct to the best of my knowledge, information, belief, and ability to determine.  I understand that each averment made herein is made subject to the penalties of perjury of the laws of the United States of America.

Executed at Boulder County, Colorado, this __23rd__ day of October, 2025

**Christopher S. P. Gregory**



# The Gregory Law Firm, LLC

Christopher S.P. Gregory
Attorney at Law

cspgregory@thegregorylawfirm.net

January 19, 2026

Colorado Legislative Joint Judiciary Committee
Colorado State Capitol
200 E. Colfax Ave.
Denver, CO 80203

Dear Joint Judiciary Committee Members:

I am a former member, Vice-Chair, Chair, and Executive Director of the Colorado Commission on Judicial Discipline (the CCJD). Because of my steadfast efforts to stop what amounts to a more than 25-year pattern of the Justices of the Colorado Supreme Court using taxpayer funds as hush money (i.e. non-disclosure agreements (NDAs)), for self-serving "independent" investigations, and for public relations schemes, I was retaliated against and fired.

The Justices' pattern of intimidation, retaliation, and creating an enforced culture of silence has been facilitated by others, including Colorado Attorney General Phil Weiser and Colorado Attorney Regulation Counsel Jessica Yates. The long and tortured history of the Colorado Judicial Scandal has included ARC Yates allowing the criminal prosecution of this Committee's former Chair Senator Pete Lee based upon admittedly and objectively false evidence fabricated by Yates's Office. The intimidation of Senator Lee transgressed this body's legislative privilege while this body provided no meaningful response to protect Senator Lee or the integrity of the legislative process. ARC Yates then proceeded to threaten the CCJD's judge and attorney members and me (as Executive Director) with a disciplinary letter sent on February 6, 2023. The disciplinary letter specifically sought to intimidate the CCJD from continuing its intrepid efforts to reform Colorado's judicial discipline structure. Again, this body (and the Colorado Supreme Court to whom she reports) did nothing to hold ARC Yates accountable for her official misconduct and intimidation of legislative witnesses. Indeed, the Justices of the Colorado Supreme Court and the members of the Colorado Supreme Court Committees that oversee the Office of Attorney Regulation Counsel (OARC) have seemingly endorsed ARC Jessica Yates's unlawful intimidation of legislators and legislative witnesses.

This year's SMART Act hearings for the Colorado Department of Law, the Colorado Judicial Department, and the Colorado Commission on Judicial Discipline are happening at an extraordinary moment in Colorado history when former Chief Justice Nathan B. Coats has been disciplined for his part in the Justices of the Colorado Supreme Court having collectively agreed to a $2.66-$2.75 million publicly funded bribe being paid to then-State Court Administrator's Office (SCAO) Chief of Staff Mindy Masias, who was being fired at the time for financial misconduct and later-confirmed examples of occupational fraud. *Matter of Coats*, 2023 CO 44. More recently, another sitting Justice, Melissa Hart, resigned amidst the clouds of the Masias Controversy as well as Justice Hart's own unreported judicial misconduct. The Colorado

**EXHIBIT**

**3**

201 Coffman St., #1822, Longmont, CO 80502
● 970-648-0642 ● Fax: 970-648-0643 ●

Christopher S.P. Gregory, esq.
January 19, 2026
Page 2 of 3


Judicial Department's top lawyer, SCAO Judicial Counsel Terri Morrison, has also resigned in response to the Masias Controversy. There is now a vacancy on the Colorado Supreme Court to be filled through an opaque and conflicted judicial selection process. Problems with Colorado's systems of judicial selection, retention, and discipline persist despite the adoption of Amendment H by 73% of Colorado voters in 2024 and accompanying reforms approved by a nearly unanimous Legislature.

I believe it is critical for the General Assembly to be aware of the context, including the pending lawsuit which I have filed in U.S. District Court. *Gregory v. Colo. Jud. Discipline Rulemaking Comm.*, 1:25-cv-03361-DDD (D. Colo.). Among other things, the lawsuit seeks to enjoin the appointment of Justice Hart's successor until a conflict-free nominating commission and conflict-free proxy for the Governor can be appointed. None of the relief requested in the lawsuit threatens adverse fiscal impacts to the State, rather the lawsuit seeks to stop tens of millions of dollars of ongoing public fraud. I have requested and filed an affidavit under 28 U.S.C. § 144 requiring the mandatory and automatic disqualification of the federal District Court Judge assigned to the case, former Colorado Solicitor General Daniel D. Domenico, because of his manifest personal bias and prejudice against me and in favor of one or more Defendants.

I have attached the relevant court filings in *Gregory* for your review and inclusion in the legislative record. The federal attorney discipline complaint, Exhibit 1 (ECF No. 1-1) to the Complaint in *Gregory*, is the most important document for you to understand the significance of the judicial misconduct involved as well as the reasons behind Justice Melissa Hart's leave and ultimate resignation from the Colorado Supreme Court as well as SCAO Judicial Counsel Terri Morrison's resignation.

It also deserves emphasis that the General Assembly's constitutional impeachment authority exists separately and independently from Colorado's constitutional judicial discipline structure. *Compare* Colo. Const. Art. VI, § 23(3)(i) *and* Colo. Const. Art. XIII.

The last time I appeared before the Senate Judiciary Committee, I testified in opposition to then-Chair Mindy Sooter's and then-Vice-Chair Jim Carpenter's reappointment to the CCJD. As part of my testimony, I also called upon the General Assembly to pass a joint resolution requesting the referral of the Colorado Judicial Scandal to federal law enforcement for a conflict-free investigation. A majority of this Committee's members took my concerns seriously and forwarded the Governor's reappointments of Sooter and Carpenter to the full Senate with unfavorable recommendations. On the last day of last year's session, the full Senate voted 16-19 against Sooter's confirmation and 19-16 in favor of Carpenter's confirmation. Those Senators voting in favor of Carpenter's confirmation were:

- Amabile
- Baisley
- Ball
- Bridges

Christopher S.P. Gregory, esq.
January 19, 2026
Page 3 of 4

- Catlin (while voting against Sooter's confirmation)
- Coleman
- Cutter
- Danielson (while voting against Sooter's confirmation)
- Hinrichesen
- Jodeh
- Kipp
- Kolker
- Marchman (while voting against Sooter's confirmation)
- Michaelson Jenet
- Roberts
- Rodriguez
- Simpson
- Snyder
- Weissman

It remains unclear why these Senators did not recognize the need for accountability within the CCJD (including categorical intolerance for the institutionalized culture of intimidation, harassment, discrimination, and retaliation that exists within the broader Colorado Judicial Department) as well as the need to finally have a full, legitimate, and unobstructed investigation of the Colorado Judicial Scandal.

This year's SMART Act hearings provide a renewed opportunity to address the pervasive lack of integrity and accountability within Colorado's Judicial Branch.  I, again, renew my requests for the General Assembly to adopt a joint resolution referring the Colorado Judicial Scandal to conflict-free law federal law enforcement and, under §§ 24-31-111(5) and 24-31-1204(2), C.R.S., to direct Colorado State Auditor Kerri Hunter to exercise her discretion to appoint another state's attorney general as a Special Assistant Attorney General (SAAG) to investigate the involved allegations of public fraud and false claims.  Importantly, according to § 24-31-111(5), C.R.S., this Legislature has already appropriated the funds necessary for a legitimate investigation of the Colorado Judicial Scandal through the Department of Law's budget, inclusive of the $4 million of funding appropriated through HB 25-1321 (Support Against Adverse Federal Action).  Moreover, the introduction of a joint resolution does not affect any legislator's bill limit for this legislative session.  *Compare* Colo. House R. 26(g) *and* Colo. Senate R. 30(f)(1)(A) (both Rules distinguishing presumptive bill limit from presumptive resolution limit; requiring submission of joint resolutions at least 30-days prior to sine die).  § 24-31-111(5), C.R.S. provides:

> (5) Whenever the attorney general is unable, has failed, or refuses to provide legal services to a state agency, as determined by the governor if the agency is in the executive branch, or by the chief justice if the agency is in the judicial branch, or by the state auditor if the agency is the office of the state auditor, the agency may employ counsel of its choosing to provide such legal services. ***Any***

Christopher S.P. Gregory, esq.
January 19, 2026
Page 4 of 5

> *expense incurred due to the employment of counsel pursuant to*
> *this subsection (5) is a lawful charge against appropriations for*
> *this purpose made by the general assembly to the department of*
> *law.*  (Emphasis added).

I have enclosed proposed language for a joint resolution to refer the issues involved in the Colorado Judicial Scandal, including suspected public fraud and false claims, to conflict-free federal law enforcement in conjunction with the State Auditor's appointment of another state's attorney general as a SAAG.  Ideally, another state with similar demographics, geography, and an equivalent state false claims act (such as Oregon) will be willing to accept the SAAG appointment.  The enclosed draft joint resolution further contemplates the creation of a joint legislative investigating committee to effectuate the referral to conflict-free federal law enforcement and the appointment of another state's attorney general as a SAAG.

Ultimately, however, there is no excuse or rational justification for this Committee and this General Assembly not to approve the requested joint resolution and finally allow a full and legitimate investigation of the endemic public corruption found within the Colorado Judiciary and within Colorado State Government, more broadly.

With this background, I urge this Committee to raise the attached questions at the respective SMART Act Hearings and to address my request for a joint resolution on the record.

Sincerely,

Christopher S.P. Gregory, esq.
Enclosures (23)

**Requested Questions**

Colorado Department of Law—1/20/26 Hearing

Attorney General Phil Weiser:

- What was your role and the roles of attorneys subject to your supervision in the negotiation, approval, and payment of publicly funded non-disclosure agreements as reported by *The Denver Gazette* on November 13, 2022?  David Migoya, *Non-Disclosures Under Fire*, DENVER GAZETTE, November 13, 2022.
- When did you first become aware that the Justices of the Colorado Supreme Court were contemplating and negotiating the $2.66-$2.75 million contract with then-State Court Administrator's Office Chief of Staff Mindy Masias?  Which other attorneys within the Colorado Department of Law subject to your supervision were aware of the contemplation and negotiation of the Masias Contract?  When were they aware of it?
- When did you and attorneys subject to your supervision first become aware of the existence of the Masias Memo?  Who knew about the existence of the Masias Memo and when did they know?
- The Attorney General's Office provided the investigation and litigation support for the Office of the State Auditor's 2019-2022 Fraud Hotline investigation.  The existence of the Masias Memo was concealed from both the Colorado State Auditor and the Colorado Commission on Judicial Discipline from December 2018 until February 2021.  Who was responsible for concealing this material information?
- Similarly, with the Attorney General's Office providing investigation support, why wasn't evidence of occupational fraud immediately communicated to the 2nd Judicial District Attorney's Office as part of the Fraud Hotline investigation?   Because of the non-reporting, the statute of limitations ultimately expired preventing a state-level prosecution of those individuals suspected of committing occupational fraud by the OSA.  Why did you allow this to happen?
- There has been a call for the Colorado State Auditor to directly appoint another state's attorney general as a Special Assistant Attorney General under § 24-31-111(5), C.R.S. to complete a conflict-free investigation of the Masias Controversy.  Why aren't you joining this request?
- Do you admit or deny the allegations of attorney misconduct against you stated in former Colorado Commission on Judicial Discipline Christopher Gregory's complaint submitted to the U.S. District Court's Committee on Conduct (1:25-cv-03361-DDD, ECF 1-1)?  What specific allegations do you dispute?
- You have assigned attorneys from your Office to defend against *Gregory v. Colo. Jud. Discipline Rulemaking Comm.*, 1:25-cv-03361-DDD (D. Colo.), including claims brought against you individually.  How is this not a conflict of interest and a misappropriation of state resources for your personal benefit?  Do you agree that you and any attorneys who represent you have an ethical obligation to stipulate to the disqualification of a judge where there is evidence that the judge has a personal bias or prejudice?

- If you know of attorneys or other employees subject to your supervision engaging in retaliation, what are your obligations?  What is the appropriate consequence under the Department of Law's personnel rules?
- If your Office or a private sector law firm is used to defend against violations of the Colorado Whistleblower Protection Act and/or the Colorado False Claims Act's retaliation provisions, shouldn't the individuals responsible for any ultimately proven retaliation be responsible for the value/cost of the defense?
- Have you or your Office investigated whether the use of "outside" or "independent" investigations as a means of political damage control and obstruction of ordinary law enforcement and regulatory processes is a fraudulent or unlawful use of taxpayer funds?  Examples of such investigations include the ILG and RCT investigations that occurred as part of the Masias Controversy as well as Secretary of State Jena Griswold commissioning an investigation of the disclosure of voting machine passwords and her Office's response during the 2024 election.  How are these self-controlled investigations distinguishable from the definition of occupational fraud under the Fraud Hotline Statute, § 2-3-110.5(1)(d), C.R.S.?
- How do you justify the ethics and legality of your Office and attorneys subject to your control defending against the civil claims and allegations of your own personal criminal conduct raised through *Gregory v. Colo. Jud. Discipline Rulemaking Comm.*, 1:25-cv-03361-DDD (D. Colo.)?

Colorado Judicial Department—1/21/26 Hearing

Chief Justice Monica Márquez and State Court Administrator Steven Vasconcellos:

- Márquez: Do you admit or deny the allegations of judicial and attorney misconduct against you stated in Christopher Gregory's complaint submitted to the U.S. District Court's Committee on Conduct (1:25-cv-03361-DDD, ECF 1-1)?  What specific allegations do you dispute?
- Márquez: When did the Justices of the Colorado Supreme Court first decide to offer/consider providing former SCAO Chief of Staff Mindy Masias a contract to provide leadership training to the Colorado Judicial Department?  When was this decision communicated to the Colorado Office of the State Auditor?
- (Both Márquez and Vasconcellos individually):  When did you first become aware of the existence of the Masias Memo?  When did the other Justices and other persons in SCAO become aware of the existence of the Masias Memo?  Did you direct anyone to provide copies of the Masias Memo to the OSA and/or the Colorado Commission on Judicial Discipline?  You admit that the existence of and a copy of the Masias Memo was withheld and not disclosed to the OSA and/or the CCJD from December 2018 until February 2021?
- (Both Márquez and Vasconcellos individually): Who was responsible for the delay in reporting evidence of occupational fraud to the 2nd Judicial District Attorney's Office?  When the OSA drafted its Fraud Hotline Report (ultimately published on February 4, 2022), who was responsible for redacting the report and other delays in it being provided to the 2nd Judicial District Attorney's Office?

- Márquez: Why were the Justices' roles in the Masias Controversy not considered by the State Commission of Judicial Performance when you, Justice Brian Boatright, and Justice Maria Berkenkotter were subject to retention elections in 2024?  Judiciary Committee member Senator Lindsey Daugherty is a member of the State Commission.  Why didn't you, Justice Boatright, or Justice Berkenkotter voluntarily raise the issues involved with the State Commission during your retention cycles?
- Márquez:  Attorney Regulation Counsel Jessica Yates abused her official authority by allowing the criminal prosecution of then-Senate Judiciary Chair Pete Lee to move forward through objectively and admittedly false information provided by Yates's Office.  As further intimidation and obstruction of legislative reforms, Yates sent a February 6, 2023 disciplinary letter to the judge and attorney members and the Executive Director of the Colorado Commission on Judicial Discipline threatening them with disciplinary action for their testimony and future testimony before this Legislature.  You and your colleagues on the Colorado Supreme Court supervise Jessica Yates and she reports to you.  You were aware of her official misconduct and violation of Senator Lee's legislative privilege but did nothing.  Why not?
- (Both Márquez and Vasconcellos individually):  Did Justice Melissa Hart self-initiate judicial disability proceedings when she went on personal leave October 28, 2025?  Who approved the leave and did that person report the basis for it to the CCJD for consideration of disability proceedings?
- (Both Márquez and Vasconcellos individually):  When were you first aware that Justice Melissa Hart had been at fault in a significant automobile collision before she was appointed to the court?  That she was involved in a civil case arising from the collision after being appointed to the court?  *Hampton v. Hart*, Denver Dist. Ct. Case No. 19CV34953.
- (Both Márquez and Vasconcellos individually):  When were you first aware that Justice Melissa Hart is currently on probation supervised by the Denver County Court in a dog bite case?  *People v. Melissa Hart*, Denver Cty. Ct. Case No. 25GV100395.
- (Both Márquez and Vasconcellos individually):  When were you first aware that Justice Melissa Hart failed to appear in Denver County Court on a careless driving ticket issued earlier in 2025?  *People v. Melissa Hart*, Denver Cty. Ct. Case No. 25T0087448.
- Márquez:  Why didn't you and the other Justices disqualify yourselves from all matters involving judicial discipline (including pending cases, making appointments to judicial oversight entities, rulemaking, and engagement in the legislative reform process) after you received individual letters requesting your disqualification from the CCJD on June 13, 2022 and July 1, 2022?  Why do you and the other Justices continue to sit on judicial discipline cases?
- Márquez:  On December 14, 2023, then-Chief Justice Brian Boatright received a notification letter from the Commission on Judicial Discipline according to Colo. RJD 14(a).  The letter conveyed allegations of judicial misconduct by all the Justices raised by former 10th Judicial District Court Chief Judge Dennis Maes.  With knowledge of these allegations of misconduct and pending judicial discipline proceedings against Chief Justice Boatright, why didn't you and the other Justices disqualify yourselves from further hearing of *Anderson v. Griswold*, 2023 CO 63 and form a Special Tribunal according to Colo. RJD 41?  Why, instead, did you and the other Justices proceed to issue and announce your opinion in *Griswold* on December 19, 2023?

- (Both Márquez and Vasconcellos individually):  How is the Colorado Supreme Court's "Workplace Culture Initiative," including the creation of 15 new judgeships through SB25-024 not merely propaganda to conceal your role and the role of the other Justices in the Masias Controversy?  Why don't the "Workplace Culture Initiative," the ILG, LLC investigation, and the RCT, Ltd. investigation meet the definition of "occupational fraud" under the Fraud Hotline statute--§ 2-3-110.5, C.R.S. ("'Fraud' means occupational fraud or the use of one's occupation for personal enrichment through the deliberate misuse or misapplication of the employing organization's resources or assets.").
- Márquez:  Why haven't you recused yourself as the *ex officio* Chair of the Colorado Supreme Court Nominating Commission that will choose nominees for Justice Hart's successor?
- Márquez:  As the default *ex officio* Chair, why haven't you raised conflicts of interest that some of the nominating committee members themselves have?
- (Both Márquez and Vasconcellos individually):  The former Executive Director of the Colorado Commission on Judicial Discipline, Christopher Gregory, has called for the formation of a Special Tribunal, a Special Adjudicative Board Panel, and a Special Commission on Judicial Discipline to consider grounds for your discipline and the discipline of the other justices and judges involved in the Masias Controversy.  Do you support allowing for such a conflict-free process?  If not, why not?
- (Both Márquez and Vasconcellos individually):  How does Colorado's system of attorney discipline controlled by the Colorado Supreme Court comport with the prohibition against judicial fact investigations in Canon Rule 2.9(C) of the Colorado Code of Judicial Conduct?  Why hasn't Colorado considered adopting an attorney discipline system similar to that followed in Oregon (O.R.S. § 9.010(2)) where attorney discipline occurs through an independent bar association authorized through the Legislature?
- (Both Márquez and Vasconcellos individually):  The current process for the nomination and appointment of judges occurs through non-public meetings to determine who is interviewed, non-public interviews of judicial candidates, and non-public meetings to determine the nominees and the final appointees.  Why aren't these meetings and these decisions made in public and through livestreamed proceedings on the record?
- (Both Márquez and Vasconcellos individually):  In the past, Justices of the Colorado Supreme Court have spoken out about the need to increase diversity on the bench and to eliminate bias (institutional, implicit, and explicit) in judicial selection.  Don't you agree that the best way to eliminate any form of bias is to ensure that judicial selection decisions occur in the open with a complete public record of how the judicial nominating commissions and the Governor make such decisions?  There is no provision in Colo. Const. Art. VI, § 24 that exempts the judicial nominating commissions and the Governor's Office from the Colorado Open Meetings Law.  Why aren't the meetings of the judicial nominating commissions, the Governor's judicial appointment committee, and all interviews of judicial candidates being livestreamed on the record?
- (Both Márquez and Vasconcellos individually):  There has been a call for the Colorado State Auditor to directly appoint another state's attorney general as a Special Assistant Attorney General under § 24-31-111(5), C.R.S. to complete a conflict-free investigation of the Masias Controversy.  Why aren't you joining this request?
- Márquez: How do you justify the ethics and legality of utilizing the Colorado Attorney General's Office and attorneys subject to co-defendant Attorney General Phil Weiser's

control to defend against the civil claims and allegations of your own personal criminal conduct raised through *Gregory v. Colo. Jud. Discipline Rulemaking Comm.*, 1:25-cv-03361-DDD (D. Colo.)?

Colorado Commission on Judicial Discipline—1/21/26 Hearing

Anne Mangiardi, James Carpenter, Bob Gardner:

- Ms. Mangiardi, you acknowledge that while at the Attorney General's Office, you supervised the ILG investigation commissioned by the Judicial Department?  What was your role in providing such supervision?  What access did you have to the records that were provided to ILG?  What communications did you have with others in the Attorney General's Office and with the Justices and the Judicial Department over the course of the ILG investigation?  How was the ILG investigation not a violation of Canon Rule 2.9(C)'s prohibitions against judicial investigations?
- All panelists:  With violations of the public financial disclosure law, § 24-6-202, C.R.S., recognized as misdemeanor offenses punishable by a mandatory $1,000-$5,000 fine, why did the Commission resolve all the cases involving judges failing to file such disclosures with dismissals or private discipline?  Even if the statute of limitations had passed for criminal prosecution, why didn't the Commission seek fines as a judicial discipline sanction?
- Carpenter & Mangiardi:  Because the public financial disclosure violations were/are readily verifiable through public records, why wasn't there public discipline (such as, minimally, a public reprimand) in those cases? Was the motivation for dismissing these cases to allow the judges to later participate in the Senior Judge Program (which currently bars judges with any record of discipline, private or public)?
- All panelists: On what legal basis do you disclaim having jurisdiction to evaluate the conduct of senior judges, who include former Chief Justice Nancy Rice?  Isn't it true that through the Colorado Judicial Discipline Rulemaking Committee created by Amendment H, you can change the Colorado Rules of Judicial Discipline at any time?  You can even make necessary changes retroactively because judicial discipline is civil and remedial in nature?
- Mr. Carpenter, there are allegations that you and the other Commissioners retaliated against the Commission's former Executive Director, Christopher Gregory, for pursuing suspected public fraud and legitimate grounds for judicial discipline.  Do you deny these allegations?  If so, on what grounds?
- Mr. Gardner, in your former role as a member of this Committee, you opposed amendments to HCR23-1001 and HB23-1016 that would have taken away the Colorado Supreme Court's authority to directly appoint members of the Colorado Commission on Judicial Discipline and would have reinforced the independence of the Colorado Judicial Discipline Rulemaking Committee.  Was your opposition to those amendments the result of lobbying by the Justices and their legislative liaison, Terry Scanlon?
- Mr. Gardner, why did you apply and why were you chosen by the Governor as an attorney member of the Commission, after the Colorado Senate rejected the reappointment of Commission Chair Mindy Sooter?

- Mr. Garnder, you were part of a committee formed to set up the Office of the Judicial Discipline Ombudsman created through HB23-1205.  That Office still does not exist.  Why not?
- All panelists:  Former Executive Director Gregory has submitted a request for evaluation of conduct as to the Justices and other judges.  The RFE further requests an evaluation of the conduct of the Commissioners and the Commission's Staff.  What is being done to address that RFE in a conflict-free manner?  Why hasn't the Commission voluntarily moved for the formation of a Special Tribunal, a Special Adjudicative Board Panel, and a Special Commission through a conflict-free selection mechanism to consider the RFE?
- All panelists:  There has been a call for the Colorado State Auditor to directly appoint another state's attorney general as a Special Assistant Attorney General under § 24-31-111(5), C.R.S. to complete a conflict-free investigation of the Masias Controversy.  Why aren't you joining this request?
- All panelists:  How do you justify the ethics and legality of utilizing the Colorado Attorney General's Office and attorneys subject to co-defendant Attorney General Phil Weiser's control to defend against the civil claims and allegations of your own personal criminal conduct raised through *Gregory v. Colo. Jud. Discipline Rulemaking Comm.*, 1:25-cv-03361-DDD (D. Colo.)?
- All panelists:  Why should the people of Colorado have confidence in our judicial discipline system?  Why shouldn't the public perceive judicial discipline as simply a protection racket that shields judges from accountability?

This statement was read into the record following the 1/21/26 Judicial SMART Act Presentation.

Thank you Mr. Chair.  Good morning Committee Members.

My name is Christopher Gregory and I appear as a citizen.  I am a former member, Vice-Chair, Chair, and Executive Director of the Colorado Commission on Judicial Discipline.  Acknowledging the contributions of others, including members of this Committee, I regard the passage and approval of Amendment H by 73% of Colorado voters as my most important accomplishment.  Amendment H was intended to remove control of judicial discipline from the Colorado Supreme Court to ensure that no one is above the law, regardless of their position.  In addition, I achieved the historic discipline of former Chief Justice Nathan B. Coats for his role in approving what amounts to a $2.66-$2.75 million taxpayer funded bribe.  I have further discovered and exposed a more than 25-year pattern of the Justices of the Colorado Supreme Court using public resources as hush money, for self-controlled investigations, and for public relations schemes all intended to cover up judicial, attorney, and official misconduct.  There is now a vacancy on the Colorado Supreme Court because of the systemic public corruption that I have exposed.

The stated purpose of the SMART Act is that "State Government be accountable and transparent in such a way that the general public can understand the value received for the tax dollars spent by the State."  In advance of today's hearings for the Colorado Judicial Department and the Colorado Commission on Judicial Discipline as well as yesterday's hearing for the Colorado Department of Law, I submitted written testimony with requested questions for the witnesses.  In addition to submitting these materials to this Committee, I circulated them to all members of the General Assembly, to the Colorado Office of Judicial Performance Evaluation, the Colorado Commission on Judicial Discipline, and to the Press.  In addition to my written testimony, I have called upon Legislators to sponsor and pass a joint resolution referring the Colorado Judicial Scandal to conflict-free federal law enforcement, to form an investigating committee, and to direct the Colorado State Auditor to appoint another state's attorney general as a Special Assistant Attorney General.

I am concerned that my written testimony and request for a joint resolution are being deliberately disregarded by this Committee.  Please confirm on the record that you have received my written testimony and supporting materials and that these materials will be included in the legislative record as well as being made publicly available through this Committee's webpage.

There are difficult questions that need to be asked.  I urge you to have the integrity
and courage to do so.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:25-cv-03361-DDD

CHRISTOPHER S.P. GREGORY,

      Plaintiff,

v.

The COLORADO JUDICIAL DISCIPLINE RULEMAKING COMMITTEE, et al.

      Defendants.

---

**MOTION TO STRIKE DEFENDANTS' MOTION TO RESTRICT
PUBLIC ACCESS (ECF NO. 29) AND AMENDED MOTION TO
RESTRICT PUBLIC ACCESS (ECF NO. 30); EXHIBITS 1-3.**

---

      Conferral Statement:  As detailed through Exhibit 1, Plaintiff's Counsel, Ingrid DeFranco, made good faith attempts to meet and confer with Defendants' Counsel, Dan Combs, prior to Mr. Combs filing ECF Nos. 29 and 30.  As part of the attempted conferral, Ms. DeFranco emphasized District Judge Daniel D. Domenico's mandatory obligations under 28 U.S.C. § 144 to disqualify himself before any further action can be taken by this Court.  The email correspondence contained in Exhibit 1, confirms that Mr. Combs ignored Ms. DeFranco's concerns and proceeded to file ECF Nos. 29 and 30.  Exhibit 1 further documents Mr. Combs's attempts to threaten or otherwise intimidate both Ms. DeFranco and the Plaintiff in response to their filing of ECF 26.  Ms. DeFranco also provided Mr. Combs with an opportunity to withdraw ECF Nos. 29 and 30, which he declined.  Mr. Combs, on behalf of the Defendants, opposes this Motion to Strike.

INTRODUCTION

      This case arises from the Defendants' systematic efforts to censor or otherwise suppress

the Plaintiff's constitutionally and statutorily protected right and professionally mandated

obligation to freely and publicly report judicial, attorney, and official misconduct.  *See* U.S.

Const. amend. I; Colo. Const. Art. II, §§ 10 and 25; Colo. Const. Art. VI, § 23(3)(g), (i); Colo.

Const. Art. XIII; Colo. RPC 8.3; Colo. RPC 8.4 (f); Canon Rules 1.1, 1.2, 2.15 and 2.16 of the

Colorado Code of Judicial Conduct (the Code); Canons 1, 2(A)-(b), and 3 of the Code of Conduct for United States Judges (the federal Code). The Defendants in this action seek to suppress the Plaintiff's 28 U.S.C. § 144 Affidavit (ECF No. 26), which otherwise mandates District Court Judge Daniel D. Domenico's immediate recusal from this case. The Defendants, and their state-employed Counsel, are motivated by the fact that, in addition to requiring Judge Domenico's recusal, the allegations made in the Affidavit (once proven or admitted to) are sufficient to warrant the removal, impeachment, or resignation of at least some of the Defendants from their official positions. The federal courts cannot be used as a instrument to facilitate what is now a more than quarter-century ongoing pattern of the Justices of the Colorado Supreme Court and others abusing access to public resources and taxpayer funds (including a partially paid $2.66-$2.75 million bribe) to cover up judicial, attorney, and official misconduct through a culture of enforced silence.

Plaintiff Christopher S.P. Gregory, and his Counsel, hereby move to strike ECF No. 29, Defendants' "Motion to (1) Restrict Affidavit of Judicial Bais or Prejudice According to 28 U.S.C. § 144 [ECF Nos. 26, 26-1-10]; and (2) Require Plaintiff to File Future Documents Under Level 1 Restriction in the First Instance" and to strike ECF No. 30, Defendants' "Amended Motion to (1) Restrict Affidavit of Judicial Bais or Prejudice According to 28 U.S.C. § 144 [ECF Nos. 26, 26-1-10]; and (2) Require Plaintiff to File Future Documents Under Level 1 Restriction in the First Instance." Defendants filed ECF Nos. 29 and 30 in bad faith and without any meaningful efforts to meet and confer, as required by D.C.COLO.LCivR 7.1(a). The filing of ECF Nos. 29 and 30 is consistent with the Defendants' ongoing pattern of unlawful non-disqualification, intimidation, retaliation, and censorship, as alleged in the Plaintiff's "Verified

-2-

Complaint and Jury Demand," ECF No. 1.  The Defendants' conduct and the conduct of their

Counsel is sanctionable and grounds for further legal and equitable remedies, including the relief

requested in Plaintiff's Verified Complaint.

Ultimately, however, Defendants' Motions, ECF Nos. 29 and 30, and the present Motion

to Strike should not be considered until District Court Judge Daniel D. Domenico has, as is

mandatory, disqualified himself from this case pursuant to 28 U.S.C. § 144, ECF No. 26.

Actions taken by Judge Domenico in violation of 28 U.S.C. § 144, including issuance of his

Order (ECF No. 28) restricting public access to ECF No. 26, should be deemed null and void.

There is no legal grounds for Judge Domenico's persistent non-disqualification from this case or

for his intentional disregard of his mandatory and automatic recusal obligation under 28 U.S.C. §

144.  Indeed, Judge Domenico continues to openly violate Canons 1, 2, and 3 of the federal Code

as separately asserted in *Gregory v. Dist. Judge Daniel Domenico*, 10th Cir. Jud. Discipline Case

No. 10-25-90048.  Accordingly, the Clerk of Court should immediately restore public access to

ECF No. 26 as provided for under D.C.COLO.LCivR 7.2(a)[1], (e).  To the extent that this Motion

---

[1] D.C.COLO.LCivR 7.2(a) states:

> **Policy.** Unless restricted by statute, rule of civil procedure, these
> rules, or court order, the public shall have access to all documents
> filed with the court and all court proceedings. However, pleadings
> or documents filed under restriction shall not be accessible or
> viewable electronically in CM/ECF. A person with the right to
> access a restricted pleading or document may request a paper copy
> from the clerk.

This policy is consistent with the well-established recognition that, absent compelling and
legitimate privacy interests to the contrary, court proceedings must be open to the public.

Even if one assumes there is a legitimate basis for permitting a party in litigation to maintain anonymity, the few cases which discuss the propriety of the practice or recognize it implicitly require a balancing of competing interests. We begin with the fundamental presupposition that it is the responsibility of judges to avoid secrecy, in camera hearings and the concealment of the judicial process from public view. Courts are public institutions which exist for the public to serve the public interest. Even a superficial recognition of our judicial history compels one to recognize that secret court proceedings are anathema to a free society.

*M.M. v. Zavaras*, 939 F. Supp. 799, 801 (D. Colo. 1996) (citations omitted).

In a FOIA case involving similar privacy interests as the present action, a judge's claimed need for anonymity in seeking governmental records was flatly rejected.

The plaintiff's memorandum brief reveals that he is a judge within the judicial system of the State of Colorado. He asserts that public revelation of his efforts to find out what information and documents the Drug Enforcement Administration has relating to him "would personally embarrass him and prejudicially affect his privacy rights which this suit is expressly designed to protect." He asks for a protective order shielding him from improper use of his identity. His most recondite argument is that as a Colorado judge he has a duty to promote public confidence in the integrity of the judiciary and hence wishes to refrain from identifying himself "in order to avoid casting a shroud of suspicion over his office." He correctly points out that by identifying himself in an action to find out what the Drug Enforcement Administration has in its files about him he may jeopardize public confidence.

None of the cases cited by the plaintiff, including my own, supports his position. *Doe and Moe v. Deschamps, et al.*, 64 F.R.D. 652 (D.C.Mont.1974), however, contains an excellent articulation of the general rule:

As we view the matter, lawsuits are public events and the public has a legitimate interest in knowing the facts involved in them. Among the facts is the identity of the parties. We think that as a matter of policy the identity of

-4-

to Strike is denied either in whole or in part, the Plaintiff reserves the right to separately respond to the merits of ECF Nos. 29 and 30 within the 21-day deadline provided by D.C.COLO.LCivR 7.1(d).

## QUESTIONS PRESENTED

1. Whether District Judge Daniel D. Domenico has authority to take any further action in this case, including restricting public access to court filings under D.C.COLO.LCivR 7.2(e), with the Plaintiff having filed his formally sufficient and timely "Affidavit of Judicial Bias or Prejudice According to 28 U.S.C. § 144" (ECF No. 26).

2. Whether the Defendants' failure to meet and confer as required by D.C.COLO.LCivR 7.1(a) is sufficient grounds for sanctions, including but not limited to striking ECF Nos. 29 and 30.

## FACTUAL BACKGROUND

After District Judge Daniel D. Domenico made adverse rulings and refused to disqualify himself from a prior sealed case brought by the Plaintiff, 1:25-cv-190—DDD-STV (D. Colo.)

---

the parties to a lawsuit should not be concealed except in the unusual case.

*Doe v. U.S. Dep't of Justice*, 93 F.R.D. 483, 483–84 (D. Colo. 1982) (footnote omitted).

In a recent opinion, Magistrate Judge N. Reid Neureiter also discussed the importance of the public's right to open courts (regardless of the influential positions of the litigants). As Magistrate Judge Neureiter observed:

Any request for court intervention or assistance [through a judicial] proceeding necessarily calls upon the public resources of a judicial officer to examine and decide the question presented. This is the basic functioning of the judicial process that the public has a right to see, understand, and criticize if they choose. Federal judges and their court staff are not legal pawns to be deployed in secret by wealthy disputants trying to get private answers to their problems.

*Black v. Emerson*, 25-CV-01035-WJM-NRN, 2025 WL 1635264, at *5 (D. Colo. June 9, 2025).

(Sealed), the Plaintiff attempted to participate in the Defendant Colorado Judicial Discipline

Rulemaking Committee's (CJDRC) public promulgation of rule changes.  Plaintiff's public

comments on the proposed rule changes were ignored by the CJDRC, which refused to publish

them into the public record.  In turn, Plaintiff brought the present action to enforce his

constitutional rights to freely report judicial, attorney, and official misconduct.  Despite Plaintiff

asserting Judge Domenico's actual bias as part of the Verified Complaint in this action, ECF No.

1, p. 6 fn. 3, Judge Domenico accepted assignment to this case on October 24, 2025.  ECF No. 6.

Plaintiff responded by filing an additional motion (ECF No. 7) and notice (ECF No. 12) seeking

Judge Domenico's voluntary disqualification.  Despite these filings and the pendency of 10th Cir.

Jud. Discipline Case No. 10-25-90048, Judge Domenico continued to ignore the requests for his

disqualification.  Consequently, Plaintiff filed an "Affidavit of Judicial Bais or Prejudice

According to 28 U.S.C. § 144 and Certificate of Counsel" into the present case (ECF Nos. 26

and 26-1 through 26-11) and into the sealed case—1:25-cv-00190—DDD-STV.  Plaintiff further

notified the 10th Circuit's Judicial Council of the existence of the Affidavits.  Exhibit 2 (with

redactions applied to protect the integrity of the sealed case).  Nevertheless, Judge Domenico

simply ignored the filing of the Affidavits and the judicial discipline complaint against him,

refusing to disqualify himself from these cases.  Indeed, Judge Domenico has received

communications from the Defendants' Counsel and issued his Order restricting public access to

the Plaintiff's Affidavit and accompanying exhibits, ECF Nos. 26 and 26-1 through 26-11.  As

explained in Plaintiff's Affidavit, Plaintiff is contemporaneously filing the additional judicial

discipline complaints (attached as Exhibit 3) against Judge Domenico and 10th Circuit Chief

Judge Jerome A. Holmes to address their mutually persistent refusals to disqualify themselves

-6-

from these proceedings.  ECF No. 26, pp. 4-5 fn. 2; 10th Cir. JCR 11(c)(2) (allowing filing of repeated complaints based upon new material information).

Because caselaw relating to the ability of a complainant to disclose records from federal judicial discipline proceedings exists based upon a statute that has been renumbered and the admissions of the D.C. Judicial Council (rather than a fully litigated dispute), the Plaintiff included a request in his Affidavit that the Affidavit and accompanying exhibits be filed as temporarily restricted (to allow for any objections to the disclosure of *actual records* from the federal judicial discipline proceedings to be raised to an impartial re-assigned judge, including any potential objections from Judge Domenico).  ECF No. 26, p. 4 fn. 2; *see Rafferty v. Judicial Counsel for the Dist. of Columbia*, 131 F.3d 219, 221 (DC Cir. 1997) (case dismissed as moot where Judicial Council interpreted the prior codification of 28 U.S.C. § 360 (28 U.S.C. § 372(c)(14)) as applicable only to "judicial officers and staff such as courtroom deputies and reporters, and not to the complainant.").  When Plaintiff's Counsel filed ECF Nos. 26 and 26-1 through 26-11, however, the EM/ECF system did not allow filing with restrictions.  Plaintiff's Counsel contacted the Clerk of Court's Office and was informed that any decision to restrict the filing would be made by the assigned judge.  Plaintiff's Counsel presumed that Judge Domenico would comply with 28 U.S.C. § 144 and immediately recuse himself from these cases.

Instead, Defendants' Counsel seized upon Plaintiff's request for a temporarily restricted filing to (without any prior meeting or conferral) email Judge Domenico's chambers directly and to accuse the Plaintiff and counsel of having publicly divulged unspecified "confidential" information.  Defendant's Counsel's email to Judge Domenico's chambers was paired with a contemporaneous (though subsequent) email to Plaintiff's Counsel, which Defendant's Counsel

-7-

attempted to recall almost immediately, but which contained various threats directed towards Plaintiff and Plaintiff's Counsel. Exhibit 1, pp. 9-13. Plaintiff categorically denies that his personal knowledge of examples and his status as a victim of judicial, attorney, and official misconduct is "confidential" information somehow protected from public disclosure. On the contrary, the Plaintiff interprets the communications from Defendants' Counsel as threats and further intimidation/retaliation intended to interfere with Plaintiff's mandated and constitutionally privileged obligations to report ethical and criminal misconduct. Without requesting Plaintiff's position, Judge Domenico proceeded to enter his Order applying a Level 1 Restriction (i.e. availability restricted to the court and the parties) effective until January 30, 2026. ECF No. 28. Plaintiff was afforded no opportunity to object to Judge Domenico continuing to hear this case.

Most recently, Defendant's Counsel's efforts to meet and confer as to ECF 29 and ECF 30 can be summarized as additional attempts to intimidate and threaten the Plaintiff and Plaintiff's Counsel. Exhibit 1, pp. 4-8. In his letter dated January 27, 2026, First Assistant Attorney General Dan Combs made the following explicit threat: "You are on notice that Defendants will vigorously defend themselves in this action and will seek fees, costs, and other appropriate relief under the law." Exhibit 1, p. 8. Defendants' Counsel has refused to respond to the Plaintiff's concerns regarding Judge Domenico's violation of 28 U.S.C. § 144 by continuing to hear this case, or the conflicts of interest that exist in Defendants' Counsel's continued representation of the Defendants as employees of the Colorado Department of Law (which is headed by individually-named Defendant Philip Weiser). Exhibit 1, p. 1, Additionally, Mr. Combs has refused to discuss the conflicts that arise from his prior communications with the

-8-

Plaintiff, through which the Plaintiff discussed the merits of the present case. Because of these communications, Mr. Combs personally arranged for the appointment of outside private-sector counsel as a Special Assistant Attorney General (SAAG) to represent the Plaintiff in a related case where the Plaintiff is a named defendant. *Jennifer L. Dees and Ethan D. Smith v. William Hood, et al.*, 1:24-cv-00848-PAB-NRN. Defendants' Counsel's efforts to meet and confer also occurred in bad faith, where Defendant's Counsel failed to provide Plaintiff's Counsel with a reasonable opportunity to respond.

<div align="center">DISCUSSION</div>

1. Upon the Plaintiff's filing of a timely Affidavit sufficient in form, 28 U.S.C. § 144 required District Judge Daniel D. Domenico "to proceed no further [in this action], but another judge shall be assigned to hear such proceeding."

Provided that an Affidavit filed under 28 U.S.C. § 144 is timely and meets all requirements of form, judicial recusal is mandatory and automatic. In other words, the judge assigned to the case **has no discretion** but must recuse himself or herself for reassignment of the case to an impartial judge. 28 U.S.C. § 144 provides:

> ***Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit*** that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, ***such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.***
>
> The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith. (Emphasis added).

<div align="center">-9-</div>

Plaintiffs Affidavit satisfies all the requirements of 28 U.S.C. § 144. Neither Judge Domenico nor Defendants' Counsel have cited any authority that would allow Judge Domenico to exercise discretion, to continue hearing this case, or take any other action herein. The fact that Defendants' Counsel persists in arguing that Plaintiff has not raised "valid" grounds for Judge Domenico's disqualification is yet another example of attorney misconduct, specifically knowingly and frivolously assisting a judge to violate his or her ethical duties under the Code / the federal Code with the objective of obstructing the administration of justice. Colo. RPC 8.4 (a-1), (b), (c), (d), (e), (f), (h).

Because 28 U.S.C. § 144 divested him of further jurisdictional authority in this case, Judge Domenico's Order (ECF No. 28) restricting public access to Plaintiff's Affidavit (ECF No. 26) is necessarily null and void. *In re Armstrong*, 294 B.R. 344, 360 (B.A.P. 10th Cir. 2003), *aff'd*, 97 Fed. Appx. 285 (10th Cir. 2004) ("[O]rders entered prior to a recusal may be voided if the injured party can show that the judge should have recused herself and failed to do so."). If, despite this Motion to Strike, Judge Domenico continues to hear this case, Plaintiff has additional recourse to petition the 10th Circuit for a writ of mandamus. *See Nichols v. Alley*, 71 F.3d 347 (10th Cir. 1995) (granting writ of mandamus based upon grounds for disqualification under 28 U.S.C. § 455(a)).

2. The Defendants failed to meet and confer in good-faith as required by D.C.COLO.LCivR 7.1(a). This is sufficient grounds for sanctions, including but not limited to striking ECF Nos. 29 and 30.

The *pro forma* meeting and conferral that occurred prior to Defendants' Counsel filing ECF Nos. 29 and 30 does not comply with the requirements of D.C.COLO.LCivR 7.1(a), which provides:

**Duty to Confer.** Before filing a motion, counsel for the moving party or an unrepresented party ***shall confer or make reasonable, good faith efforts to confer*** with any opposing counsel or unrepresented party to resolve any disputed matter. The moving party shall describe in the motion, or in a certificate attached to the motion, the specific efforts to fulfill this duty. (Emphasis added).

The Uniform Civil Practice Standards of the United States Magistrate Judges further explain that the failure to comply with the duty to meet and confer is sanctionable through the respective motion being stricken or denied. D.C.Colo.MJ, Standard V provides, in relevant part:

### 1. Duty to Meet and Confer

Prior to filing a motion or initiating the discovery dispute process, parties have a duty to meet and confer or make "good faith efforts to confer." See D.C.COLO.LCivR 7.1(a). When parties have substantive disagreements, such "good faith efforts" generally require meeting either face to face, over video conference, or by telephone, and not solely through email or written correspondence. ***Failure to comply may result in the motion being stricken or denied.*** (Emphasis added).

Judge Domenico's own Practice Standards for Civil Cases also recognize that failure to comply with D.C.COLO.LCivR 7.1(a) is grounds for the court to deny the motion without prejudice or to strike the motion or filing. Practice Standard V(K)(1) states:

Motions, objections, responses, replies, briefs, or other papers that are untimely, noncomplying, or filed without a certification when required under Local Civil Rule 7.1(a) or these Practice Standards **may be denied without prejudice or stricken *sua sponte.*** (Emphasis added).

When announcing his intentions to file ECF Nos. 29 and 30, Defendants' Counsel Dan Combs made no efforts to respond to the Plaintiff's concerns that Judge Domenico was obligated to recuse himself under 28 U.S.C. § 144 and that it was improper for Judge Domenico to take any further action in this case, including entertaining the Defendants' requests to restrict

-11-

EM/ECF access. Mr. Combs also presented his communications as directives demanding an "immediate" response rather than providing Plaintiff's Counsel with a reasonable amount of time to respond (i.e. 24-hours). Mr. Combs's *pro forma* (and overtly coercive) communications were indicative of bad faith and a failure to meaningfully meet and confer. Accordingly, ECF Nos. 29 and 30 should be stricken or denied.

CONCLUSION

**WHEREFORE**, the Plaintiff respectfully requests that District Court Judge Daniel D. Domenico immediately disqualify himself from taking further action in this case, as mandated by 28 U.S.C. § 144. Judge Domenico's Order (ECF No. 28) restricting public access to ECF 26 should further be recognized as null and void, with the Clerk of Court immediately restoring public access to ECF No. 26, as required by D.C.COLO.LCivR 7.2(a).

Dated: February 2, 2026

/s/ Ingrid J. DeFranco
**Ingrid J. DeFranco, esq.**
Law Office of Ingrid J. DeFranco
P.O. Box 128
Brighton, CO 80601
Telephone: (303) 641-6812
Email: Ingrid.DeFranco@gmail.com
Attorney for the Relator / Plaintiff Christopher S.P. Gregory

/s/ Christopher S.P. Gregory
**Christopher S.P. Gregory, Esq.**
The Gregory Law Firm, LLC
201 Coffman St., #1822
Longmont, CO 80502
Telephone: (970) 648-0642
E-mail: cspgregory@thegregorylawfirm.net
*Pro Se* Attorney for the Relator / Plaintiff
Christopher S.P. Gregory

-12-

CERTIFICATE OF SERVICE

I certify that on February 2, 2026, I filed the above filing via email to the Clerk of the Court, who will docket it in CM/ECF. CM/ECF will send notification of this filing to any party who has entered an appearance in this matter to the e-mail addresses provided in CM/ECF.

/s/ Ingrid J. DeFranco
Ingrid J. DeFranco

## Christopher Gregory

| | |
|---|---|
| **From:** | Ingrid J. DeFranco <defrancoi@yahoo.com> |
| **Sent:** | Friday, January 30, 2026 7:45 AM |
| **To:** | Christopher Gregory |
| **Subject:** | Fw: Your email and motion |

The Law Office of Ingrid J. DeFranco
P.O. Box 128
Brighton, CO 80601-0128
303-641-6812; fax: 303.558.4294
www.atoughdefense.com

----- Forwarded Message -----
**From:** Dan Combs (He/Him) <dan.combs@coag.gov>
**To:** Ingrid J. DeFranco <ingrid.defranco@gmail.com>
**Cc:** Katharine Brown <katharine.brown@coag.gov>; Clayton Ankney <clayton.ankney@coag.gov>; Linda Ruth Carter <lindaruth.carter@coag.gov>; Carmen Van Pelt <carmen.vanpelt@coag.gov>
**Sent:** Thursday, January 29, 2026 at 08:15:59 PM MST
**Subject:** RE: Your email and motion

Ingrid,

We disagree with your version of events or that restricting ECF No. 26 and Exhibits 1-10 is improper. We will not withdraw the Motion to Restrict Access, and further oppose any motion to strike. We also decline your demand for us to file a "a notice that [we] acknowledge Judge Domenico's mandatory judicial disqualification as required by 28 U.S.C. § 144, and that [we] and [our] Office withdraw from further representation of the Defendants in this case."

Regards,

Dan

Daniel M. Combs (he/him/his)

First Assistant Attorney General



PLAINTIFF'S
EXHIBIT

**1**

1

Colorado Department of Law

Tort Litigation Unit

Phone: (720) 508-6625

Email: Dan.Combs@coag.gov

The statements and opinions in this email do not represent the statements and opinions of the Attorney General.

---

**From:** Ingrid J. DeFranco <ingrid.defranco@gmail.com>
**Sent:** Thursday, January 29, 2026 3:43 PM
**To:** Dan Combs (He/Him) <Dan.Combs@coag.gov>; Katharine Brown <Katharine.Brown@coag.gov>; Linda Ruth Carter <LindaRuth.Carter@coag.gov>; Carmen Van Pelt <Carmen.VanPelt@coag.gov>
**Cc:** Christopher Gregory <cspgregory@thegregorylawfirm.net>
**Subject:** Your email and motion

Dear Mr. Combs,

Unfortunately, you appear to miss the point of this case. Mr. Gregory is suing to uphold his 1st Amendment, Colo. Const. Art. II, § 25, Colo. Const. Art. VI, § 23(3)(g), and Colo. Const. Art. XIII rights to freely and publicly report judicial misconduct and other suspected crimes without fear of intimidation and retaliation (as further protected against through the Colorado False Claims Act (CFCA), the Colorado Whistleblower Protection Act, § 18-8-115, C.R.S., and other laws). Through your motion, you seek to have an objectively-biased U.S. District Court Judge act as the equivalent of the Soviet Bureau of Censorship, exercising prior restraints to restrict public access to Mr. Gregory's "Affidavit of Judicial Bias or Prejudice According to 28 U.S.C. § 144," ECF No. 26, as well as all prospective court filings based upon generalized assertions of "confidentiality." In other words, through your threatening communications prior to filing your motion, you have engaged in exactly the types of intimidation and retaliation that are prohibited under § 24-31-1204(8)(b) of the CFCA. Moreover, you are now a participant and co-conspirator in the civil rights violations and retaliatory conduct averred in Mr. Gregory's complaint. Not only is your conduct and refusal to disqualify yourself and your Office constitutionally and civilly unlawful, but it is also unethical and an example of First Degree Official Misconduct under § 18-8-404, C.R.S.

It is understandable that you would take such unmeasured actions upon recognizing the reality and significance of the facts alleged in Mr. Gregory's Affidavit. Once those facts (which must be presumed as true for the purposes of Judge Domenico's disqualification) are proven and/or admitted to, your clients have no ethical choice but to immediately resign from their official positions and to concede the merits of Mr. Gregory's claims.

The intimidation tactics apparently intended by your motion, however, actually began with your failing to meet and confer before sending your *ex parte* email to Judge Daniel D. Domenico's chambers on January 16, 2026. Other than sending a contemporaneous email (which you attempted to recall), that threatened me and Mr. Gregory with allegations of breached "confidentiality," you made no efforts to discuss what 28 U.S.C. § 144 requires in this case. Specifically, 28 U.S.C. § 144 provides, in relevant part:

2

Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, *such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.*

It was improper for Judge Domenico to take *any further action* in this case, including issuing his order temporarily restricting public access according to D.C.COLO.LCivR 7.2(a), (b), (e). Mr. Gregory's intentions in asking to temporarily restrict public access in the Affidavit itself was to allow a conflict-free replacement judge to immediately and impartially consider any objections (including any potential objections raised by Judge Domenico) to the public disclosure of *actual records* from the pending federal judicial discipline proceedings against Judge Domenico and 10th Circuit Chief Judge Jerome A. Holmes (i.e. the Affidavit's exhibits). The intention was never to condone Judge Domenico continuing to preside over this case and to issue further orders. Additionally, at no point have you identified specifically what you allege is "confidential" or non-public information and the reasons supporting your positions. Mr. Gregory categorically denies that evidence of judicial misconduct, particularly a victim's personal knowledge of judicial misconduct, is ever "confidential" and outside of an individual attorney's mandated reporting obligations and constitutionally protected rights to free expression (including communications relevant to independent exercise of the Colorado General Assembly's impeachment authority under Colo. Const. Art. XIII).

I do not consider that a meaningful meet and confer can occur without your having provided a specific basis for your contention that the Affidavit should be kept hidden from public view, or without an appropriate opportunity to respond. Your apparent "directive" that I shall respond to you immediately does not constitute an appropriate opportunity. I realize that attorneys in your office rarely leave it, but that is not the case for other trial lawyers, and I do not sit at my desk awaiting communications from opposing counsel. I believe the generally-accepted response period is twenty-four hours. Due to the failure to meet and confer, we will be moving to strike your motion. We assume you oppose but request your confirmation.

With regard to Judge Domenico's mandatory disqualification, I would request you to direct me to any statutory basis for Judge Domenico exercising discretion and continuing to hear this case. I can find none. Recusal is mandatory, whether you subjectively believe Mr. Gregory established a "valid" basis, or not. It is a violation of Colo. RPC 8.4(a-1), (b), (c), (d), (e), (f), (h) for you and your clients to frivolously disregard the law (i.e. 28 U.S.C. § 144) and support an objectively-biased judicial officer violating his duties under Canons 1, 2, and 3 of the Code of Conduct for United States Judges (the federal Code).

With this context, I respectfully request that you withdraw your motion to restrict public access to the Affidavit, that you file a notice that you acknowledge Judge Domenico's mandatory judicial disqualification as required by 28 U.S.C. § 144, and that you and your Office withdraw from further representation of the Defendants in this case. If you do not take these requested actions, we will respond accordingly by filing the above-mentioned motion to strike, by filing additional federal judicial discipline complaints against Judge Domenico and Chief Circuit Judge Holmes as allowed through 10th Cir. JCR 11(c)(2), and by petitioning the 10th Circuit for a writ of mandamus (*see Nichols v. Alley*, 71 F.3d 347 (10th Cir. 1995) (granting writ of mandamus based upon application of 28 U.S.C. § 455(a) disqualification standard)). Once an impartial judge is assigned to this case, we will proceed with filing the appropriate motion to disqualify you and your Office from further representation of the Defendants and to seek the injunctive relief otherwise pled in the Verified Complaint and Jury Demand, ECF No. 1. We will also refer your conduct (and the conduct of the other attorneys from your Office who are working on this case) to the U.S. District Court's Committee on Conduct, which is already investigating the attorney discipline complaint contained in ECF No. 1-1.

Please advise as to how you would like to proceed in this matter.


Sincerely,



Ingrid DeFranco



Law Office of Ingrid J. DeFranco

PO Box 128 Brighton, CO 80601-0128
303.641.6812 fax: 303.558.4294

3

**Christopher Gregory**

| | |
|---|---|
| **From:** | Ingrid J. DeFranco <ingrid.defranco@gmail.com> |
| **Sent:** | Tuesday, January 27, 2026 4:40 PM |
| **To:** | Christopher Gregory |
| **Subject:** | Fw: Gregory v. CJDRC et al., No. 25-cv-03361 - conferral |
| **Attachments:** | 26.01.27 Letter to DeFranco.pdf |

Law Office of Ingrid J. DeFranco
PO Box 128 Brighton, CO 80601-0128
303.641.6812 fax: 303.558.4294

----- Forwarded Message -----
**From:** Dan Combs (He/Him) <dan.combs@coag.gov>
**To:** ingrid.defranco@gmail.com <ingrid.defranco@gmail.com>
**Cc:** Clayton Ankney <clayton.ankney@coag.gov>; Katharine Brown <katharine.brown@coag.gov>; Linda Ruth Carter <lindaruth.carter@coag.gov>; Carmen Van Pelt <carmen.vanpelt@coag.gov>
**Sent:** Tuesday, January 27, 2026 at 04:19:23 PM MST
**Subject:** Gregory v. CJDRC et al., No. 25-cv-03361 - conferral

Dear Ingrid,

Attached is a letter dated 1/27/26. We await your immediate response.

Thank you,
Dan

Daniel M. Combs (he/him/his)

First Assistant Attorney General

Colorado Department of Law

Tort Litigation Unit

Phone: (720) 508-6625

Email: Dan.Combs@coag.gov

1

The statements and opinions in this email do not represent the statements and opinions of the Attorney General.



**PHIL WEISER**
Attorney General

**NATALIE HANLON LEH**
Chief Deputy Attorney General

**SHANNON STEVENSON**
Solicitor General

**TANJA WHEELER**
Associate Chief Deputy Attorney
General

**STATE OF COLORADO**
**DEPARTMENT OF LAW**

**RALPH L. CARR**
**COLORADO JUDICIAL CENTER**
1300 Broadway, 10th Floor
Denver, Colorado 80203
Phone (720) 508-6000

**Civil Litigation and**
**Employment Law Section**

January 27, 2026

Ingrid J. DeFranco
Law Offices of Ingrid J. DeFranco
P.O. Box 128
Brighton, CO 80601-0128

*Sent via email to: ingrid.defranco@gmail.com*

RE:    *Gregory v. Colorado Judicial Discipline Rulemaking Committee et al.*, Civ. No
      25-cv-03361(D. Colo.)

Dear Ms. DeFranco:

I write regarding *Gregory v. Colorado Judicial Discipline Rulemaking
Committee et al.*, Civ. No 25-cv-03361(D. Colo.), and in particular your failure to
respond to my requests to meet and confer on two separate, serious issues. See
January 12, 2026, email, January 16, 2026, email.

First, I have sought, and continue to seek, conferral on Defendants'
impending motion to dismiss. *See* January 12, 2026, email. Judge Domenico
requires conferral on such motions, *see* DDD Civ. P.S. III(G), and the Complaint in
this action is a perfect example of what this conferral requirement seeks to
remedy—namely having Defendants and the Court spend time sifting through
voluminous papers and legal conclusions to divine what Plaintiff is attempting to
assert. The Complaint is a kitchen sink of legal conclusions asserted
indiscriminately against all forty Defendants, with no factual allegations explaining
what it is that each Defendant allegedly did to Plaintiff or how Plaintiff was
harmed. On its face, it fails to provide a "short and plain statement" as required by
Rule 8, and fails to assert a plausible claim for relief as required by Rule 12(b)(6).

Both the form and content of the Complaint, which you and Mr. Gregory
signed as attorneys of record, raise serious questions whether this action and its
claims are warranted by any existing law and have evidentiary support. *See* Fed. R.
Civ. P. 11 (outlining representations to court made by attorney when signing any
filing). For example, the Complaint appears to allege that Director Sullivan
retaliated against Mr. Gregory by dismissing his Charge of Discrimination based on
his termination from the CCRD for lack of jurisdiction. But as the Complaint's own
exhibits show, the Charge did not include any allegations that Plaintiff was

Page 2

discriminated against based on membership in a protected class as required by C.R.S. § 24-34-402(1)(a)(I), or was discriminated against for opposing any practice made a discriminatory or an unfair employment practice by CADA as required by C.R.S § 24-34-402(1)(e)(IV). *See generally* ECF No. 1-10, pp. 12–19. As another example, Mr. Gregory complains about how the CCJD and CJDRC handling his various filings, but "nothing in the First Amendment or in [the Supreme] Court's case law interpreting it suggests that the rights to speak, associate, and petition require government policymakers to listen or respond to individuals' communications on public issues." *Minnesota State Bd. for Cmty. Colleges v. Knight*, 465 U.S. 271, 285 (1984). Your failure to engage in the conferral process has forced Defendants to prepare a lengthy Motion to Dismiss, which will outline multiple bases for dismissal.

Second, you publicly filed documents in this case which were in violation of your client's confidentiality obligations under Colorado law. *See* my January 16, 2026, email. In particular, Colorado Const. art. VI, section 23(3)(g) protects all files, investigations, proceedings, testimony, and notes of the CCJD, unless and until public disciplinary proceedings are filed, and even then, only certain documents become public. CJD Rule 3.5 imposes confidentiality obligations on all Commission staff and members, and both Section 23(3)(g) and Rule 3.5(c)(5) make clear that the confidentiality rules continue to apply post-employment. The Complaint includes allegations that refer to information that Mr. Gregory had access to only by virtue of his role with the CCJD. Mr. Gregory's Affidavit, ECF No. 26, and exhibits to that Declaration, go even further, including information regarding private discipline issued by the CCJD while Plaintiff was serving as the vice-chair of the CCJD, as well as details of investigative actions he took while serving as the CCJD's Executive Director. ECF No. 26, ¶¶ 43-44. Contrary to his assertions, Mr. Gregory does not have an "absolute privilege" to disclose the information under CJD Rule 6.5(d). CJD Rule 6.5(d) permits certain disclosures of otherwise confidential information by "the Commission or the executive director," but Mr. Gregory is neither the Commission nor its executive director – he was terminated on January 19, 2024. Mr. Gregory therefore possesses no right to disclose information that is subject to confidentiality provisions under Colorado law.

I asked you to confirm that you will take steps to restrict access to the Affidavit, and further review all filings drafted by Mr. Gregory prior to filing for confidential information, and take necessary steps to protect that information. You should be aware that pursuant to a settlement of claim with the CCJD, Mr. Gregory should not have any documents belonging to the CCJD. And he is violating his confidentiality obligations as a former employee of CCJD, by disclosing confidential documents and/or information from those documents in court filings, to legislators, the media or the public, which if continued may result in legal action against him.

Your failure to engage on these issues is causing Defendants to spend unnecessary time seeking dismissal of a Complaint which on its face fails to state a

Page 3

plausible claim, and to monitor your voluminous filings for information that should be under seal and/or not in Mr. Gregory's possession. Your failure to engage also suggests that this action is not about actually litigating any specific claim that Mr. Gregory may be able to assert, but to flood the record with voluminous and sensational allegations. You are on notice that Defendants will vigorously defend themselves in this action and will seek fees, costs, and other appropriate relief under the law.

I am available to talk about these and other issues on Wednesday, January 28, between 1:00-2:00, and on Thursday, January 29th, between 3:00-4:00. Please let us know if one of these times work, or provide other available times to discuss.

Sincerely,

FOR THE ATTORNEY GENERAL

DANIEL M. COMBS
First Assistant Attorney General
Tort Litigation, Civil Litigation and
  Employment Law
720-508-6625
Email: Dan.Combs@coag.gov

cc:     Clayton J. Ankney
        Katharine J. Brown

## Christopher Gregory

| | |
|---|---|
| **From:** | Ingrid J. DeFranco <ingrid.defranco@gmail.com> |
| **Sent:** | Friday, January 16, 2026 1:33 PM |
| **To:** | Christopher Gregory |
| **Subject:** | Fw: Recall: Gregory (1:25-cv-00361) - confidentiality obligations and ECF No 26 |

Law Office of Ingrid J. DeFranco
PO Box 128 Brighton, CO 80601-0128
303.641.6812 fax: 303.558.4294

----- Forwarded Message -----
**From:** Dan Combs (He/Him) <dan.combs@coag.gov>
**To:** 'ingrid.defranco@gmail.com' <ingrid.defranco@gmail.com>
**Cc:** Katharine Brown <katharine.brown@coag.gov>; Clayton Ankney <clayton.ankney@coag.gov>; Linda Ruth Carter <lindaruth.carter@coag.gov>; Carmen Van Pelt <carmen.vanpelt@coag.gov>
**Sent:** Friday, January 16, 2026 at 01:13:13 PM MST
**Subject:** Recall: Gregory (1:25-cv-00361) - confidentiality obligations and ECF No 26

Dan Combs (He/Him) would like to recall the message, "Gregory (1:25-cv-00361) - confidentiality obligations and ECF No 26 ".

1

# Christopher Gregory

| | |
|---|---|
| **From:** | Ingrid J. DeFranco <ingrid.defranco@gmail.com> |
| **Sent:** | Friday, January 16, 2026 1:33 PM |
| **To:** | Christopher Gregory |
| **Subject:** | Fw: Gregory (1:25-cv-00361) - confidentiality obligations and ECF No 26 |

Law Office of Ingrid J. DeFranco
PO Box 128 Brighton, CO 80601-0128
303.641.6812 fax: 303.558.4294

----- Forwarded Message -----
**From:** Dan Combs (He/Him) <dan.combs@coag.gov>
**To:** ingrid.defranco@gmail.com <ingrid.defranco@gmail.com>
**Cc:** Katharine Brown <katharine.brown@coag.gov>; Clayton Ankney <clayton.ankney@coag.gov>; Linda Ruth Carter <lindaruth.carter@coag.gov>; Carmen Van Pelt <carmen.vanpelt@coag.gov>
**Sent:** Friday, January 16, 2026 at 01:09:49 PM MST
**Subject:** Gregory (1:25-cv-00361) - confidentiality obligations and ECF No 26

Hello Ingrid,

It's come to our attention that recent filings may have been in violation of your client's confidentiality obligations under Colorado law. In particular, Colo. Const. art. VI, section 23(3)(g) protects all files, investigations, proceedings, testimony, and notes of the Commission on Judicial Discipline, unless and until public disciplinary proceedings are filed, and even then, only certain documents become public. CJD Rule 3.5 imposes confidentiality obligations on all Commission staff and members, and both Section 23(3)(g) and Rule 3.5(c)(5) make clear that the confidentiality rules continue to apply post-employment. The Local Rules concerning restrictions of filings is found at D.C.COLO.LCivR 7.2.

Our clients take their confidentiality obligations seriously, and we ask that you review all filings drafted by Mr. Gregory prior to filing for confidential information, and take necessary steps to protect that information.

Most pressing is the need to review Mr. Gregory's Affidavit, ECF No. 26, and exhibits to that Declaration. As mentioned in the email I sent to Chambers (on which you were copied), Mr. Gregory acknowledged confidentiality of the contents of that filing, and its being filed publicly appears to have been inadvertent. Furthermore, the cited bases for disclosure would not apply, because Mr. Gregory is not the executive director of the Commission and may not act on the Commission's behalf.

Please confirm receipt of this email and let me know *as soon as possible* whether you will take steps to restrict access to ECF No. 26.

Thank you,
Dan




Daniel M. Combs (he/him/his)

First Assistant Attorney General

Colorado Department of Law

Tort Litigation Unit

Phone: (720) 508-6625

Email: Dan.Combs@coag.gov


The statements and opinions in this email do not represent the statements and opinions of the Attorney General.

**Christopher Gregory**

| | |
|---|---|
| **From:** | Ingrid J. DeFranco <ingrid.defranco@gmail.com> |
| **Sent:** | Friday, January 16, 2026 1:33 PM |
| **To:** | Christopher Gregory |
| **Subject:** | Fw: 1:25-cv-00361-DDD filing matter - ECF No. 26 |

Law Office of Ingrid J. DeFranco
PO Box 128 Brighton, CO 80601-0128
303.641.6812 fax: 303.558.4294

----- Forwarded Message -----
**From:** Dan Combs (He/Him) <dan.combs@coag.gov>
**To:** Domenico_Chambers@cod.uscourts.gov <domenico_chambers@cod.uscourts.gov>
**Cc:** Katharine Brown <katharine.brown@coag.gov>; Linda Ruth Carter <lindaruth.carter@coag.gov>; Carmen Van Pelt <carmen.vanpelt@coag.gov>; Clayton Ankney <clayton.ankney@coag.gov>; ingrid.defranco@gmail.com <ingrid.defranco@gmail.com>
**Sent:** Friday, January 16, 2026 at 01:04:00 PM MST
**Subject:** 1:25-cv-00361-DDD filing matter - ECF No. 26

To Judge Domenico's Chambers,

It has come to our attention that the Plaintiff's (Christopher Gregory) most recent filing in case 1:25-cv-03361-DDD, ECF No. 26, and exhibits 1-11, are available to the public through PACER.

After reviewing the filings, Defendants believe that ECF No. 26 contains information required to be kept confidential under state law. Mr. Gregory apparently recognizes that the affidavit contains confidential information as well, stating in footnote 2, Paragraph 5, of ECF No. 26, that "Affiant files this Affidavit into the present case as suppressed …."

Given the Plaintiff's statement, made under penalty of perjury, that ECF 26 and its exhibits were being filed as "suppressed," the public filing appears to have been made in error.

To protect the confidentiality of information contained in ECF 26 and to reflect the Plaintiff's stated intent to file it as "suppressed," would the Court be able to direct the Clerk to immediately change ECF 26's status to "sealed" or restricted?

Very truly yours,

1

Dan Combs

Daniel M. Combs (he/him/his)

First Assistant Attorney General

Colorado Department of Law

Tort Litigation Unit

Phone: (720) 508-6625

Email: Dan.Combs@coag.gov

The statements and opinions in this email do not represent the statements and opinions of the Attorney General.

# Christopher Gregory

| | |
|---|---|
| **From:** | Dan Combs (He/Him) <Dan.Combs@coag.gov> |
| **Sent:** | Wednesday, January 14, 2026 8:43 PM |
| **To:** | Ingrid J. DeFranco |
| **Cc:** | Clayton Ankney; Katharine Brown; Linda Ruth Carter; Carmen Van Pelt; Christopher Gregory |
| **Subject:** | RE: Gregory lawsuit conferral on motion to extend time and MTD |

Thanks Ingrid.

Best,
Dan

Daniel M. Combs (he/him/his)
First Assistant Attorney General
Colorado Department of Law
Tort Litigation Unit
Phone: (720) 508-6625
Email: Dan.Combs@coag.gov

The statements and opinions in this email do not represent the statements and opinions of the Attorney General.

---

**From:** Ingrid J. DeFranco <ingrid.defranco@gmail.com>
**Sent:** Wednesday, January 14, 2026 5:22 PM
**To:** Dan Combs (He/Him) <Dan.Combs@coag.gov>
**Cc:** Clayton Ankney <Clayton.Ankney@coag.gov>; Katharine Brown <Katharine.Brown@coag.gov>; Linda Ruth Carter <LindaRuth.Carter@coag.gov>; Carmen Van Pelt <Carmen.VanPelt@coag.gov>; Christopher Gregory <cspgregory@thegregorylawfirm.net>
**Subject:** Re: Gregory lawsuit conferral on motion to extend time and MTD

Dear Mr. Coombs,

Apologies; I did not receive your earlier email.  My Gmail address duplicates into a secondary address, and it's not in either one.  We do not object to an extension.

Sincerely,

Ingrid DeFranco

Law Office of Ingrid J. DeFranco Pllc
PO Box 128 Brighton, CO 80601-0128
303.641.6812 fax: 303.558.4294

1

On Wednesday, January 14, 2026 at 04:28:35 PM MST, Dan Combs (He/Him) <dan.combs@coag.gov> wrote:

Hello Ingrid,

I'm following up on the outreach from earlier in this week. Will you please confirm you received the email, and also please provide Mr. Gregory's position on the requested extension of time, when you're first able to?

Many thanks,
Dan

Daniel M. Combs (he/him/his)

First Assistant Attorney General

Colorado Department of Law

Tort Litigation Unit

Phone: (720) 508-6625

Email: Dan.Combs@coag.gov

The statements and opinions in this email do not represent the statements and opinions of the Attorney General.

---

**From:** Dan Combs (He/Him)
**Sent:** Monday, January 12, 2026 4:21 PM
**To:** ingrid.defranco@gmail.com
**Cc:** Clayton Ankney <Clayton.Ankney@coag.gov>; Katharine Brown <Katharine.Brown@coag.gov>; Linda Ruth Carter <LindaRuth.Carter@coag.gov>; Carmen Van Pelt <Carmen.VanPelt@coag.gov>
**Subject:** Gregory lawsuit conferral on motion to extend time and MTD
**Importance:** High

Hello Ingrid,

2

I'm reaching out to confer on two motions: (1) Defendants' motion for two additional weeks to respond to Mr. Gregory's Complaint—from February 2, 2026, to February 16, 2026; and (2) Defendant's motion to dismiss.

- Please respond as soon as possible on the request to extend time and let us know times, after Wed. of this week, in which you're available to talk through the planned Motion to Dismiss.

*Requested extension of time:* As mentioned below in more detail, as a response to the Complaint, we are preparing a single Motion to Dismiss on behalf of all Defendants, on various grounds. We'll be asking the Court for two additional weeks to file that Motion. That request reflects the need to finalize multiple arguments and ensure the 40 Defendant clients have sufficient time to review.

*Conferral on Motion to Dismiss:* The following is meant to start the discussion about conferral on our motion, under Judge Domenico's Practice Standards. Below are the general bases for our motion to dismiss. We'd like to set up a call this week or next to answer any questions and discuss whether you think the asserted deficiencies in the complaint are correctible by amendment, as Judge Domenico requires.

Grounds for dismissal

1. Request to dismiss all claims against the CSC, CCJD, and CJDRC based on sovereign immunity. Additionally, these entities are not persons subject to suit under 42 U.S.C. §§ 1983, 1985, and 1986.

- Request to dismiss claims against individually named Defendants for violations of Colorado law, because such claims are barred under the Colorado Governmental Immunity Act and the Eleventh Amendment.
- Request to dismiss claims against Director Sullivan, who, in addition to governmental immunity, has absolute immunity from the asserted claims.
- Request to dismiss all claims for relief for failure to allege a plausible claim for relief, and failure to allege sufficient facts to support stated claims. This includes but is not limited to an argument to dismiss claims for failure to assert specific facts concerning individually named defendants, as well as arguments describing Mr. Gregory's failure to assert facts to plausibly state his enumerated claims for relief.
- Request to dismiss all claims based on generalized grievances for the "fundamental right to be heard," equal protection, and due process rights for lack of standing.
- Request to dismiss individual capacity claims under the doctrine of qualified immunity.
- Request to dismiss conspiracy claims based on failure to identify agreement between defendants and concerted action (1983, 1985), racial bias (1985(3)), or intent to deter court attendance or retaliate based on court attendance (1985(2)).
- Request to dismiss CFCA claim because it was not in effect when the alleged violation of the CFCA occurred. As such, Plaintiff cannot plead that he engaged in lawful acts in furtherance of an action brought pursuant to the CFCA or to stop a violation of the CFCA. Separately, Mr. Gregory's CFCA claim is barred by the Colorado Governmental Immunity Act.
- Plaintiff fails to state a claim for relief under any additional theory, and Plaintiff is not entitled to any form of relief based on the various grounds for dismissal.

We appreciate your consideration on these motions, and your response on the motion for extension of time as soon as you're able to.

Best,
Dan

Daniel M. Combs (he/him/his)

First Assistant Attorney General

Colorado Department of Law

Tort Litigation Unit

Phone: (720) 508-6625

Email: Dan.Combs@coag.gov

The statements and opinions in this email do not represent the statements and opinions of the Attorney General.

4



# The Gregory Law Firm, LLC

Christopher S.P. Gregory
Attorney at Law

cspgregory@thegregorylawfirm.net

January 15, 2026

Leslee Fathallah, Circuit Executive
United States Courts for the Tenth Circuit
Office of the Circuit Executive
1823 Stout Street
Denver, CO 80257
**Judicial Misconduct Proceedings**

Re: *Christopher Gregory v. District Judge Daniel Domenico*--Jud. Complaint No. 10-25-90048 (10th Cir.)—Notice of Supplemental Case Filings

Dear Ms. Fathallah:

Please advise the 10th Circuit Judicial Council that an "Affidavit of Judicial Bias or Prejudice According to 28 U.S.C. § 144," ECF No. 26, and accompanying Exhibits 1-11 have been filed into *Gregory v. Colo. Jud. Discipline Rulemaking Comm., et al.*, 1:25-cv-03361-DDD (D. Colo.). It is my understanding that the Judicial Council has direct access to these documents, which are relevant to the assignment of the above-referenced judicial misconduct complaint to an alternative circuit's judicial council according to 10th Cir. JCR 26. If you do not have access to the documents, please let me know so that I can provide the Judicial Council with a copy.

Additionally, please acknowledge receipt and filing of this Notice of Supplemental Information as well as the "Supplemental Grounds for Transfer of Proceeding to Alternative Circuit—10th Cir. JCR 26," which was mailed to you on November 11, 2025.

I greatly appreciate your assistance in this process. Please do not hesitate to let me know if you have any questions or if you need any additional information.

Sincerely,

Christopher S.P. Gregory

PLAINTIFF'S
EXHIBIT

**2**

201 Coffman St., #1822, Longmont, CO 80502
● 970-648-0642 ● Fax: 970-648-0643 ●



# The Gregory Law Firm, LLC

Christopher S.P. Gregory
Attorney at Law

cspgregory@thegregorylawfirm.net

January 15, 2026

Leslee Fathallah, Circuit Executive
United States Courts for the Tenth Circuit
Office of the Circuit Executive
1823 Stout Street
Denver, CO 80257
**Judicial Misconduct Proceedings**

Re: *Christopher Gregory v. Chief Circuit Judge Jerome A. Holmes*--Jud. Complaint No. 10-25-90070 (10th Cir.)—Notice of Supplemental Case Filings

Dear Ms. Fathallah:

Please advise the 10th Circuit Judicial Council that an "Affidavit of Judicial Bias or Prejudice According to 28 U.S.C. § 144," ECF No. 26, and accompanying Exhibits 1-11 have been filed into *Gregory v. Colo. Jud. Discipline Rulemaking Comm., et al.*, 1:25-cv-03361-DDD (D. Colo.). It is my understanding that the Judicial Council has direct access to these documents, which are relevant to the assignment of the above-referenced judicial misconduct complaint to an alternative circuit's judicial council according to 10th Cir. JCR 26. If you do not have access to the documents, please let me know so that I can provide the Judicial Council with a copy.

Additionally, please acknowledge receipt and filing of this Notice of Supplemental Information as well as the "Supplemental Grounds for Transfer to Alternate Circuit's Judicial [Council]," which was mailed to you on November 11, 2025.

I greatly appreciate your assistance in this process. Please do not hesitate to let me know if you have any questions or if you need any additional information.

Sincerely,

Christopher S.P. Gregory



# The Gregory Law Firm, LLC

Christopher S.P. Gregory
Attorney at Law

cspgregory@thegregorylawfirm.net

January 20, 2026

Leslee Fathallah, Circuit Executive
United States Courts for the Tenth Circuit
Office of the Circuit Executive
1823 Stout Street
Denver, CO 80257
**<u>Judicial Misconduct Proceedings</u>**

Re: *Christopher Gregory v. District Judge Daniel Domenico*--Jud. Complaint No. 10-25-90048
(10th Cir.)—Notice of Supplemental Case Filings

Dear Ms. Fathallah:

Please advise the 10th Circuit Judicial Council that an "Affidavit of Judicial Bias or Prejudice
According to 28 U.S.C. § 144," ECF No. 65, and accompanying Exhibits 1-11 have been filed
into                                        1:25-cv-00190-DDD-STV (D. Colo.)
(sealed).  It is my understanding that the Judicial Council has direct access to these documents,
which are relevant to the assignment of the above-referenced judicial misconduct complaint to an
alternative circuit's judicial council according to 10th Cir. JCR 26.  If you do not have access to
the documents, please let me know so that I can provide the Judicial Council with a copy.

Additionally, please acknowledge receipt and filing of this Notice of Supplemental Information,
my previous Notice of Supplemental Information (dated January 15, 2026), and the
"Supplemental Grounds for Transfer of Proceeding to Alternative Circuit—10th Cir. JCR 26,"
which was mailed to you on November 11, 2025.

I greatly appreciate your assistance in this process.  Please do not hesitate to let me know if you
have any questions or if you need any additional information.

Sincerely,

Christopher S.P. Gregory

201 Coffman St., #1822, Longmont, CO 80502
● 970-648-0642 ● Fax: 970-648-0643 ●



# The Gregory Law Firm, LLC

Christopher S.P. Gregory
Attorney at Law

cspgregory@thegregorylawfirm.net

January 20, 2026

Leslee Fathallah, Circuit Executive
United States Courts for the Tenth Circuit
Office of the Circuit Executive
1823 Stout Street
Denver, CO 80257
**Judicial Misconduct Proceedings**

Re: *Christopher Gregory v. Chief Circuit Judge Jerome A. Holmes*--Jud. Complaint
No. 10-25-90070 (10th Cir.)—Notice of Supplemental Case Filings

Dear Ms. Fathallah:

Please advise the 10th Circuit Judicial Council that an "Affidavit of Judicial Bias or Prejudice According to 28 U.S.C. § 144," ECF No. 65, and accompanying Exhibits 1-11 have been filed into 1:25-cv-00190-DDD-STV (D. Colo.) (sealed).  It is my understanding that the Judicial Council has direct access to these documents, which are relevant to the assignment of the above-referenced judicial misconduct complaint to an alternative circuit's judicial council according to 10th Cir. JCR 26.  If you do not have access to the documents, please let me know so that I can provide the Judicial Council with a copy.

Additionally, please acknowledge receipt and filing of this Notice of Supplemental Information, my previous Notice of Supplemental Information (dated January 15, 2026), and the "Supplemental Grounds for Transfer to Alternate Circuit's Judicial [Council]," which was mailed to you on November 11, 2025.

I greatly appreciate your assistance in this process.  Please do not hesitate to let me know if you have any questions or if you need any additional information.

Sincerely,

Christopher S.P. Gregory

201 Coffman St., #1822, Longmont, CO 80502
● 970-648-0642 ● Fax: 970-648-0643 ●



# The Gregory Law Firm, LLC

Christopher S.P. Gregory
Attorney at Law

cspgregory@thegregorylawfirm.net

February 2, 2026

Circuit Executive Leslee Fathallah
Office of the Circuit Executive
United States Courts for the Tenth Circuit
1823 Stout Street
Denver, Colorado 80257
**Complaint of Misconduct**

Dear Ms. Fathallah:

Enclosed please find a complaint of judicial misconduct as to U.S. District Court for the District of Colorado Judge Daniel D. Domenico.  I acknowledge that the 7-page length of the statement of facts exceeds the 5-page limit provided by 10th Cir. JCR 6.1.  Nevertheless, I have provided a "concise statement that details the specific facts on which the claim of misconduct . . . is based." Accordingly, I respectfully request that you exercise your discretion to accept the statement as proposed.  *Id.*

Thank you for your assistance in filing this complaint.  Please do not hesitate to contact me if you have any questions or if you need additional information.

Sincerely,

Christopher S.P. Gregory, esq.
Enclosure

PLAINTIFF'S
EXHIBIT

**3**

201 Coffman St., #1822, Longmont, CO 80502
● 970-648-0642 ● Fax: 970-648-0643 ●

AO 310  (Rev. 03/16)

<div align="center">

Judicial Council of the _____ Tenth _____ Circuit

## COMPLAINT OF JUDICIAL MISCONDUCT OR DISABILITY

</div>

       To begin the complaint process, complete this form and prepare the brief statement of facts described in item 4 (below).  The RULES FOR JUDICIAL-CONDUCT AND JUDICIAL-DISABILITY PROCEEDINGS, adopted by the Judicial Conference of the United States, contain information on what to include in a complaint (Rule 6), where to file a complaint (Rule 7), and other important matters.  The Rules are available in federal court clerks' offices, on individual federal courts' websites, and on www.uscourts.gov.

Your complaint (this form and the statement of facts) should be typewritten and must be legible.  For the number of copies to file, consult the local rules or clerk's office of the court in which your complaint is required to be filed.  Enclose each copy of the complaint in an envelope marked "COMPLAINT OF MISCONDUCT" or "COMPLAINT OF DISABILITY" and submit it to the appropriate clerk of court.  **Do not put the name of any judge on the envelope.**

**1.**    Name of Complainant:    Christopher S.P. Gregory

       Contact Address:    The Gregory Law Firm, LLC
                                  201 Coffman, #1822
                                  Longmont, CO 80502

       Daytime telephone:    (  970  ) 648-0642

**2.**    Name(s) of Judge(s):    Daniel D. Domenico

       Court:    The United States District Court for the District of Colorado

**3.**    Does this complaint concern the behavior of the judge(s) in a particular lawsuit or lawsuits?

       [✔] Yes       [ ] No

       If "yes," give the following information about each lawsuit:

       Court:    The United States District Court for the District of Colorado

       Case Number:    1:25-cv-00190-DDD-STV & 1:25-cv-03361-DDD

       Docket number of any appeal to the _____ Circuit: _____

       Are (were) you a party or lawyer in the lawsuit?

       [✔] Party       [✔] Lawyer       [ ] Neither

       If you are (were) a party and have (had) a lawyer, give the lawyer's name, address, and telephone number:

       Co-Counsel: Ingrid DeFranco, P.O. Box 128, Brighton, CO 80601, (303) 641-6812.

<div align="center">

Page 1 of  2

</div>

AO 310  (Rev. 03/16)

Judicial Council of the _____Tenth_____ Circuit

## COMPLAINT OF JUDICIAL MISCONDUCT OR DISABILITY

**4.**     **Brief Statement of Facts.**  Attach a brief statement of the specific facts on which the claim of judicial misconduct or disability is based.  Include what happened, when and where it happened, and any information that would help an investigator check the facts.  If the complaint alleges judicial disability, also include any additional facts that form the basis of that allegation.

**5.**     **Declaration and signature:**

I declare under penalty of perjury that the statements made in this complaint are true and correct to the best of my knowledge.

Signature: _____     Date: _____02/02/2026_____

Page 2 of  2

Print          Save As...          Reset

**Statement of Facts**

10th Cir. JCR 11(c)(2) allows for the filing of subsequent additional judicial misconduct complaints which contain "material information not previously considered and [that do] not constitute harassment of the subject judge."

Following District Judge Daniel D. Domenico's adverse rulings in Case No. 1:25-cv-00190-DDD-STV (D. Colo.) (Sealed), Complainant filed a judicial misconduct complaint docketed as *Christopher Gregory v. District Judge Daniel Domenico*, Judicial Complaint No. 10-25-90048. Upon receiving it on or about August 7, 2025, the 10th Circuit Executive distributed the judicial misconduct complaint to Chief Circuit Judge Jerome A. Holmes, Chief District Judge Philip A. Brimmer, and District Judge Daniel Domenico. The judicial misconduct complaint alleges that Judge Domenico violated Canons 1, 2, and 3 of the Code of Conduct for United States Judges (the federal Code) by knowingly withholding grounds for his mandatory disqualification, by failing to disqualify himself, and by abusing his judicial authority to achieve a case outcome favorable to personal "friends" that Judge Domenico had previously self-identified in another high-profile case. *See Bella Health and Wellness, et al. v. Phil Weiser, et al.*, 23-cv-00939-DDD-SKC (D. Colo.), ECF No. 51, pp. 5:25-7:1.

After filing the judicial misconduct complaint, Complainant filed a F.R.C.P. 59(e) motion in Case No. 1:25-cv-00190-DDD-STV to seek relief from Judge Domenico's adverse rulings and objectively demonstrable actual bias. Even though Complainant's judicial misconduct complaint against Judge Domenico asserted grounds for Chief Judge Holmes's disqualification from its consideration, Chief Judge Holmes refused to recuse himself or to address Complainant's concurrent request for referral of the judicial misconduct complaint to a different circuit's judicial council according to 10th Cir. JCR 26. Rather, Chief Judge Holmes proceeded to engage

in *ex parte* communications with Judge Domenico and to ultimately issue a September 22, 2025 "Memorandum & Order" dismissing the judicial misconduct complaint without addressing the merits of Complainant's allegations of Judge Domenico's misconduct. As later discovered in another "Memorandum & Order" (issued on September 11, 2025 in an unrelated judicial misconduct case—Judicial Complaint No. 10-25-90049), Chief Circuit Judge Holmes's practice of resolving judicial misconduct complaints through undisclosed *ex parte* communications with the subject judge is itself part of a pattern of Judge Holmes repeatedly violating Canon 3(A)(4) of the federal Code.[1]

Complainant responded to Judge Holmes's Memorandum & Order by filing an attorney discipline complaint with the U.S. District Court for the District of Colorado's Committee on Conduct and the Court of Appeals for the 10th Circuit on September 30, 2025. The attorney discipline complaint was filed against some of the Justices of the Colorado Supreme Court and other involved attorneys admitted to practice before the U.S. District Court and/or the 10th Circuit Court of Appeals. The District Court's Committee on Conduct has docketed the complaint as Case No. 25-cc-3, but neither the 10th Circuit Court of Appeals nor Chief Circuit Judge Holmes have acknowledged receiving the dually-filed complaint. After filing the attorney discipline complaint, Complainant brought a separate federal civil rights and Colorado False Claims Act (CFCA) retaliation action in the U.S. District Court. *Gregory v. Colo. Jud. Discipline Rulemaking Comm., et al.*, 1:25-cv-03361-DDD (D. Colo.). Shortly after bringing *Gregory*, Complainant also filed a timely petition for review under 10th Cir. JCR 18(a).

---

[1] Judge Holmes's practice of dismissing judicial misconduct on the representations of the subject judge alone is also inconsistent with the Judicial Conference Committee's Standard 5, which provides, in part: "[A]n allegation is not 'conclusively refuted by objective evidence' simply because the judge complained against denies it." Implementation of the Judicial Conduct and Disability Act of 1980: A Report to the Chief Justice, 239 F.R.D. 116, 243 (app. 3) (2006).

Concurrently, Complainant filed a judicial misconduct complaint against Chief Circuit Judge

Holmes because of his refusal to disqualify himself from Judicial Complaint No. 10-25-90048.

*Christopher Gregory v. Chief Circuit Judge Jerome A. Holmes*, Judicial Complaint No. 10-25-

90070.[2]

Despite Complainant specifically averring Judge Domenico's actual bias as part of the

Verified Complaint and Jury Demand in *Gregory*, Judge Domenico again accepted assignment

of the case and refused to voluntarily recuse himself. *Gregory*, ECF No. 1, p. 6 fn. 3; ECF No. 6.

Judge Domenico's refusal to disqualify himself has persisted despite Complainant moving to

require Judge Domenico to state the grounds for his disqualification in writing, as required by

D.C.Colo.LCivR 40.1(f) and Complainant filing a notice of supplemental grounds for Judge

Domenico's disqualification. *Gregory*, ECF Nos. 7 and 12.

Most recently, Complainant filed "Affidavit[s] of Judicial Bias or Prejudice According to

28 U.S.C. § 144 and Certificate[s] of Counsel" into both Case No. 1:25-cv-00190-DDD-STV

and *Gregory*. Upon the filing of a timely and formally sufficient affidavit under 28 U.S.C. §

144, a judge's disqualification is immediate, mandatory, and automatic. 28 U.S.C. § 144

provides in relevant part:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, ***such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.*** (Emphasis added).

---

[2] Complainant notes that the benchmark 60-day deadline for initial action on this complaint has passed. Implementation of the Judicial Conduct and Disability Act of 1980: A Report to the Chief Justice, 239 F.R.D. 116, 238-39 (app. 3—Standard 1) (2006).

Notice of the filing of the Affidavits was provided to the 10th Circuit Executive through letters dated January 15, 2026 and January 20, 2026. Although both letters requested acknowledgement of receipt, such acknowledgment has not been provided. Presumably, copies of the notice letters have been provided to Chief District Judge Brimmer, Judge Domenico, and Chief Circuit Judge Holmes. The Affidavits set forth grounds for the temporary assignment of an alternate Chief Circuit Judge and an alternate Circuit Justice to facilitate the assignment of a district judge from outside the 10th Circuit to hear Case No. 1:25-cv-00190-DDD-STV and *Gregory*. *Gregory*, ECF No. 26, p. 3 fn. 1; *see* 28 U.S.C. § 292(b), (d) (defining mechanisms/procedures for the assignment of conflict-free district judges from an outside district or, alternatively, an outside circuit).

Despite an unequivocal duty to disqualify himself from both Case No. 1:25-cv-00190-DDD-STV and *Gregory*, Judge Domenico continues to sit in those cases, including issuing an order limiting public access to the Affidavit filed in *Gregory*. *Gregory*, ECF No. 28. Motions by the Defendants seeking to continue restricting public access to the Affidavit and to prospectively censor and restrict Complainant's future case filings in *Gregory* are now pending. ECF Nos. 29 and 30. Complainant is responding with a motion to strike the motions to restrict based upon the lack of good faith conferral under D.C.COLO.LCivR 7.1(a) and the Defendants' knowing facilitation of Judge Domenico's violation of 28 U.S.C. § 144 and 28 U.S.C. § 455(a), (b). Copies of the Affidavits and the Motion to Strike in *Gregory* are provided with the present judicial misconduct complaint for the convenience of the Judicial Council. Complainant, however, understands that the Judicial Council has access to the complete court filings in both Case No. 1:25-cv-00190-DDD-STV and *Gregory*.

-4-

Because Judge Domenico continues in his persistent refusal to disqualify himself as otherwise required by Canons 1, 2(A)-(B), and 3(A)(4), 3(B)(6), 3(C)-(D) of the federal Code, 28 U.S.C. § 144, and 28 U.S.C. § 455(a), (b), Complainant's only legal recourse will be to petition the 10th Circuit for a writ of mandamus. It deserves to be noted that, in the seminal case on this issue, Chief Circuit Judge Holmes (in his then-role as an Assistant U.S. Attorney) opposed the ultimately ordered disqualification of the district judge according to 28 U.S.C. § 455(a). *Nichols v. Alley*, 71 F.3d 347 (10th Cir. 1995).

Both District Judge Domenico and Chief Circuit Judge Holmes are overtly defying their mandatory disqualification obligations under Canon 3(C)(1) and 28 U.S.C. § 455(a), (b). District Judge Domenico is further disregarding his mandatory and otherwise automatic disqualification obligation under 28 U.S.C. § 144. The Judges' refusal to disqualify themselves further involves a lack of candor and their shared refusal to fully disclose the existence and nature of their relationships with Defendants and material witnesses involved in the underlying cases, Case No. 1:25-cv-00190-DDD-STV and *Gregory*.

"In the public interest," Chief Circuit Judge Holmes has the authority under 28 U.S.C. § 292(a) to reassign the underlying cases to a district judge from another district within the 10th Circuit. Judge Holmes refused to exercise this authority. Moreover, under 28 U.S.C. § 292(d), Chief Circuit Judge Holmes has discretion to submit a "certificate of necessity" to request that Chief Justice John Roberts reassign the underlying cases to a district judge from outside of the 10th Circuit. Judge Holmes, has likewise, refused to exercise this discretion and/or to disqualify himself from exercising his authority and discretion under 28 U.S.C. § 292(a), (d). For reasons that also remain unclear, Chief Circuit Judge Holmes and the 10th Circuit Judicial Council have

-5-

not requested that Chief Justice John Roberts transfer Judicial Complaint Nos. 10-25-90048 and 10-25-90070 to another judicial council as allowed under 10th Cir. JCR 26.

Chief Circuit Judge Holmes's and District Judge Domenico's persistent refusals to disqualify themselves meet the definition of "Cognizable Misconduct" as "conduct prejudicial to the effective and expeditious administration of the business of the courts." 10th Cir. JCR 4(a); *see also* 28 U.S.C. § 351(a) (defining "conduct prejudicial to the effective and expeditious administration of the business of the courts" as threshold for judicial misconduct complaints). Specifically, the persistent refusals to disqualify 1) violate specific standards of judicial conduct, including: using the judge's office to obtain special treatment for friends and engaging in improper *ex parte* communications with parties or counsel for one side in a case, 2) are abusive and harassing behavior, specifically treating litigants, attorneys, and others in a demonstrably egregious and hostile manner, 3) are a form of retaliation against Complainant for engaging in the complaint process and reporting judicial misconduct, 4) are interference and/or a failure to comply with the complaint process, and 5) are a failure to report, disclose, or appropriately respond to reliable information of judicial misconduct. 10th Cir. JCR 4(a)(1)(A),(C), 4(a)(2)(B), 4(a)(4), 4(a)(5), 4(a)(6).

The fact that Chief Circuit Judge Holmes and District Judge Domenico have each failed to candidly disclose grounds for their respective disqualifications suggests their refusals to disqualify arose from improper motives, which is a proper non-merits-related basis for judicial discipline. *Compare* 10th Cir. JCR 4(b)(1) (recognizing refusals to disqualify ordinarily as merits-related determinations) *with* Implementation of the Judicial Conduct and Disability Act of 1980: A Report to the Chief Justice, 239 F.R.D. 116, 222, 239-40 (app. 3) (2006).[3] Chief Circuit

---

[3] The 2006 report quotes Standard 2 of the Judicial Conference's Committee Standards:

Judge Holmes has himself drawn this distinction between merits and non-merits related disqualification decisions in his Memorandum & Order dismissing Judicial Complaint No. 10-25-90049. District Judge Domenico's intentional disregard of his mandatory obligation to recuse himself following Complainant's submission of a timely and formally sufficient affidavit under 28 U.S.C. § 144 is a further basis to recognize that the cognizable misconduct alleged in this supplemental complaint is non-merits related and simply Judge Domenico's refusal to comply with the law.

Respectfully, Complainant has satisfied his initial burden of presenting sufficient evidence to raise an inference that misconduct has occurred. *See* 10th Cir. JCR 11(1)(D) (recognizing Chief Circuit Judge's discretion to dismiss a complaint based upon allegations that lack "sufficient evidence to raise an inference that misconduct has occurred"). It is appropriate for the 10th Circuit Judicial Council to request that Chief Justice John Roberts transfer the present complaint, as well as Judicial Complaint Nos. 10-25-90048 and 10-25-90070 to another judicial council as allowed under 10th Cir. JCR 26. *See also* Implementation of the Judicial Conduct and Disability Act of 1980: A Report to the Chief Justice, 239 F.R.D. 116, 214-215 (2006) (providing recommendations for circumstances where a transfer to another judicial council is appropriate). Further consideration of these Complaints by the 10th Circuit Judicial Council will create appearances of impropriety in violation of Canons 1 and 2(A) of the federal Code.

> A mere allegation that a judge should have recused is merits-related; the proper recourse is for a party to file a motion to recuse. ***The very different allegation that the judge failed to recuse for illicit reasons—i.e., not that the judge erred in not recusing, but that the judge knew he should recuse but deliberately failed to do so for illicit purposes—is not merits-related.*** Such allegations are almost always dismissed for lack of factual substantiation. (Emphasis added).

-7-



# The Gregory Law Firm, LLC

Christopher S.P. Gregory
Attorney at Law

cspgregory@thegregorylawfirm.net

February 2, 2026

Circuit Executive Leslee Fathallah
Office of the Circuit Executive
United States Courts for the Tenth Circuit
1823 Stout Street
Denver, Colorado 80257
**Complaint of Misconduct**

Dear Ms. Fathallah:

Enclosed please find a complaint of judicial misconduct as to 10th Circuit Chief Judge Jerome B. Holmes.  I acknowledge that the 7-page length of the statement of facts exceeds the 5-page limit provided by 10th Cir. JCR 6.1.  Nevertheless, I have provided a "concise statement that details the specific facts on which the claim of misconduct . . . is based."  Accordingly, I respectfully request that you exercise your discretion to accept the statement as proposed.  *Id.*

Thank you for your assistance in filing this complaint.  Please do not hesitate to contact me if you have any questions or if you need additional information.

Sincerely,

Christopher S.P. Gregory, esq.
Enclosure

201 Coffman St., #1822, Longmont, CO 80502
● 970-648-0642 ● Fax: 970-648-0643 ●

AO 310  (Rev. 03/16)

<div align="center">

Judicial Council of the      Tenth      Circuit

### COMPLAINT OF JUDICIAL MISCONDUCT OR DISABILITY

</div>

      To begin the complaint process, complete this form and prepare the brief statement of facts described in item 4 (below).  The RULES FOR JUDICIAL-CONDUCT AND JUDICIAL-DISABILITY PROCEEDINGS, adopted by the Judicial Conference of the United States, contain information on what to include in a complaint (Rule 6), where to file a complaint (Rule 7), and other important matters.  The Rules are available in federal court clerks' offices, on individual federal courts' websites, and on www.uscourts.gov.

Your complaint (this form and the statement of facts) should be typewritten and must be legible.  For the number of copies to file, consult the local rules or clerk's office of the court in which your complaint is required to be filed.  Enclose each copy of the complaint in an envelope marked "COMPLAINT OF MISCONDUCT" or "COMPLAINT OF DISABILITY" and submit it to the appropriate clerk of court.  **Do not put the name of any judge on the envelope.**

**1.**    Name of Complainant:    Christopher S.P. Gregory

        Contact Address:    The Gregory Law Firm, LLC
                                      201 Coffman, #1822
                                        Longmont, CO 80502

        Daytime telephone:    (   970   ) 648-0642

**2.**    Name(s) of Judge(s):    Chief Judge Jerome A. Holmes

        Court:    10th Circuit

**3.**    Does this complaint concern the behavior of the judge(s) in a particular lawsuit or lawsuits?

        [✔] Yes        [ ] No

        If "yes," give the following information about each lawsuit:

        Court:    10th Circuit

        Case Number:    Judicial Complaint Nos. 10-25-90048 and 10-25-90070

        Docket number of any appeal to the    Circuit:

        Are (were) you a party or lawyer in the lawsuit?

        [✔] Party    [✔] Lawyer    [ ] Neither

        If you are (were) a party and have (had) a lawyer, give the lawyer's name, address, and telephone number:

<div align="center">

Page 1 of  2

</div>

AO 310  (Rev. 03/16)

Judicial Council of the _____ Tenth _____ Circuit

## COMPLAINT OF JUDICIAL MISCONDUCT OR DISABILITY

**4.**     **Brief Statement of Facts.** Attach a brief statement of the specific facts on which the claim of judicial misconduct or disability is based. Include what happened, when and where it happened, and any information that would help an investigator check the facts. If the complaint alleges judicial disability, also include any additional facts that form the basis of that allegation.

**5.**     **Declaration and signature:**

I declare under penalty of perjury that the statements made in this complaint are true and correct to the best of my knowledge.

Signature: _____      Date: ___02/02/2026___

Page 2 of  2

Print      Save As...      Reset

**Statement of Facts**

10th Cir. JCR 11(c)(2) allows for the filing of subsequent additional judicial misconduct complaints which contain "material information not previously considered and [that do] not constitute harassment of the subject judge."

Following District Judge Daniel D. Domenico's adverse rulings in Case No. 1:25-cv-00190-DDD-STV (D. Colo.) (Sealed), Complainant filed a judicial misconduct complaint docketed as *Christopher Gregory v. District Judge Daniel Domenico*, Judicial Complaint No. 10-25-90048. Upon receiving it on or about August 7, 2025, the 10th Circuit Executive distributed the judicial misconduct complaint to Chief Circuit Judge Jerome A. Holmes, Chief District Judge Philip A. Brimmer, and District Judge Daniel Domenico. The judicial misconduct complaint alleges that Judge Domenico violated Canons 1, 2, and 3 of the Code of Conduct for United States Judges (the federal Code) by knowingly withholding grounds for his mandatory disqualification, by failing to disqualify himself, and by abusing his judicial authority to achieve a case outcome favorable to personal "friends" that Judge Domenico had previously self-identified in another high-profile case. *See Bella Health and Wellness, et al. v. Phil Weiser, et al.*, 23-cv-00939-DDD-SKC (D. Colo.), ECF No. 51, pp. 5:25-7:1.

After filing the judicial misconduct complaint, Complainant filed a F.R.C.P. 59(e) motion in Case No. 1:25-cv-00190-DDD-STV to seek relief from Judge Domenico's adverse rulings and objectively demonstrable actual bias. Even though Complainant's judicial misconduct complaint against Judge Domenico asserted grounds for Chief Judge Holmes's disqualification from its consideration, Chief Judge Holmes refused to recuse himself or to address Complainant's concurrent request for referral of the judicial misconduct complaint to a different circuit's judicial council according to 10th Cir. JCR 26. Rather, Chief Judge Holmes proceeded to engage

-1-

in *ex parte* communications with Judge Domenico and to ultimately issue a September 22, 2025 "Memorandum & Order" dismissing the judicial misconduct complaint without addressing the merits of Complainant's allegations of Judge Domenico's misconduct. As later discovered in another "Memorandum & Order" (issued on September 11, 2025 in an unrelated judicial misconduct case—Judicial Complaint No. 10-25-90049), Chief Circuit Judge Holmes's practice of resolving judicial misconduct complaints through undisclosed *ex parte* communications with the subject judge is itself part of a pattern of Judge Holmes repeatedly violating Canon 3(A)(4) of the federal Code.[1]

Complainant responded to Judge Holmes's Memorandum & Order by filing an attorney discipline complaint with the U.S. District Court for the District of Colorado's Committee on Conduct and the Court of Appeals for the 10th Circuit on September 30, 2025. The attorney discipline complaint was filed against some of the Justices of the Colorado Supreme Court and other involved attorneys admitted to practice before the U.S. District Court and/or the 10th Circuit Court of Appeals. The District Court's Committee on Conduct has docketed the complaint as Case No. 25-cc-3, but neither the 10th Circuit Court of Appeals nor Chief Circuit Judge Holmes have acknowledged receiving the dually-filed complaint. After filing the attorney discipline complaint, Complainant brought a separate federal civil rights and Colorado False Claims Act (CFCA) retaliation action in the U.S. District Court. *Gregory v. Colo. Jud. Discipline Rulemaking Comm., et al.*, 1:25-cv-03361-DDD (D. Colo.). Shortly after bringing *Gregory*, Complainant also filed a timely petition for review under 10th Cir. JCR 18(a).

---

[1] Judge Holmes's practice of dismissing judicial misconduct on the representations of the subject judge alone is also inconsistent with the Judicial Conference Committee's Standard 5, which provides, in part: "[A]n allegation is not 'conclusively refuted by objective evidence' simply because the judge complained against denies it." Implementation of the Judicial Conduct and Disability Act of 1980: A Report to the Chief Justice, 239 F.R.D. 116, 243 (app. 3) (2006).

Concurrently, Complainant filed a judicial misconduct complaint against Chief Circuit Judge

Holmes because of his refusal to disqualify himself from Judicial Complaint No. 10-25-90048.

*Christopher Gregory v. Chief Circuit Judge Jerome A. Holmes*, Judicial Complaint No. 10-25-

90070.[2]

Despite Complainant specifically averring Judge Domenico's actual bias as part of the

Verified Complaint and Jury Demand in *Gregory*, Judge Domenico again accepted assignment

of the case and refused to voluntarily recuse himself.  *Gregory*, ECF No. 1, p. 6 fn. 3; ECF No. 6.

Judge Domenico's refusal to disqualify himself has persisted despite Complainant moving to

require Judge Domenico to state the grounds for his disqualification in writing, as required by

D.C.Colo.LCivR 40.1(f) and Complainant filing a notice of supplemental grounds for Judge

Domenico's disqualification.  *Gregory*, ECF Nos. 7 and 12.

Most recently, Complainant filed "Affidavit[s] of Judicial Bias or Prejudice According to

28 U.S.C. § 144 and Certificate[s] of Counsel" into both Case No. 1:25-cv-00190-DDD-STV

and *Gregory*.  Upon the filing of a timely and formally sufficient affidavit under 28 U.S.C. §

144, a judge's disqualification is immediate, mandatory, and automatic.  28 U.S.C. § 144

provides in relevant part:

> Whenever a party to any proceeding in a district court makes and
> files a timely and sufficient affidavit that the judge before whom
> the matter is pending has a personal bias or prejudice either against
> him or in favor of any adverse party, ***such judge shall proceed no
> further therein, but another judge shall be assigned to hear such
> proceeding.*** (Emphasis added).

---

[2] Complainant notes that the benchmark 60-day deadline for initial action on this complaint has
passed.  Implementation of the Judicial Conduct and Disability Act of 1980: A Report to the
Chief Justice, 239 F.R.D. 116, 238-39 (app. 3—Standard 1) (2006).

Notice of the filing of the Affidavits was provided to the 10th Circuit Executive through letters dated January 15, 2026 and January 20, 2026. Although both letters requested acknowledgement of receipt, such acknowledgment has not been provided. Presumably, copies of the notice letters have been provided to Chief District Judge Brimmer, Judge Domenico, and Chief Circuit Judge Holmes. The Affidavits set forth grounds for the temporary assignment of an alternate Chief Circuit Judge and an alternate Circuit Justice to facilitate the assignment of a district judge from outside the 10th Circuit to hear Case No. 1:25-cv-00190-DDD-STV and *Gregory*. *Gregory*, ECF No. 26, p. 3 fn. 1; *see* 28 U.S.C. § 292(b), (d) (defining mechanisms/procedures for the assignment of conflict-free district judges from an outside district or, alternatively, an outside circuit).

Despite an unequivocal duty to disqualify himself from both Case No. 1:25-cv-00190-DDD-STV and *Gregory*, Judge Domenico continues to sit in those cases, including issuing an order limiting public access to the Affidavit filed in *Gregory*. *Gregory*, ECF No. 28. Motions by the Defendants seeking to continue restricting public access to the Affidavit and to prospectively censor and restrict Complainant's future case filings in *Gregory* are now pending. ECF Nos. 29 and 30. Complainant is responding with a motion to strike the motions to restrict based upon the lack of good faith conferral under D.C.COLO.LCivR 7.1(a) and the Defendants' knowing facilitation of Judge Domenico's violation of 28 U.S.C. § 144 and 28 U.S.C. § 455(a), (b). Copies of the Affidavits and the Motion to Strike in *Gregory* are provided with the present judicial misconduct complaint for the convenience of the Judicial Council. Complainant, however, understands that the Judicial Council has access to the complete court filings in both Case No. 1:25-cv-00190-DDD-STV and *Gregory*.

-4-

Because Judge Domenico continues in his persistent refusal to disqualify himself as otherwise required by Canons 1, 2(A)-(B), and 3(A)(4), 3(B)(6), 3(C)-(D) of the federal Code, 28 U.S.C. § 144, and 28 U.S.C. § 455(a), (b), Complainant's only legal recourse will be to petition the 10th Circuit for a writ of mandamus. It deserves to be noted that, in the seminal case on this issue, Chief Circuit Judge Holmes (in his then-role as an Assistant U.S. Attorney) opposed the ultimately ordered disqualification of the district judge according to 28 U.S.C. § 455(a). *Nichols v. Alley*, 71 F.3d 347 (10th Cir. 1995).

Both District Judge Domenico and Chief Circuit Judge Holmes are overtly defying their mandatory disqualification obligations under Canon 3(C)(1) and 28 U.S.C. § 455(a), (b). District Judge Domenico is further disregarding his mandatory and otherwise automatic disqualification obligation under 28 U.S.C. § 144. The Judges' refusal to disqualify themselves further involves a lack of candor and their shared refusal to fully disclose the existence and nature of their relationships with Defendants and material witnesses involved in the underlying cases, Case No. 1:25-cv-00190-DDD-STV and *Gregory*.

"In the public interest," Chief Circuit Judge Holmes has the authority under 28 U.S.C. § 292(a) to reassign the underlying cases to a district judge from another district within the 10th Circuit. Judge Holmes refused to exercise this authority. Moreover, under 28 U.S.C. § 292(d), Chief Circuit Judge Holmes has discretion to submit a "certificate of necessity" to request that Chief Justice John Roberts reassign the underlying cases to a district judge from outside of the 10th Circuit. Judge Holmes, has likewise, refused to exercise this discretion and/or to disqualify himself from exercising his authority and discretion under 28 U.S.C. § 292(a), (d). For reasons that also remain unclear, Chief Circuit Judge Holmes and the 10th Circuit Judicial Council have

-5-

not requested that Chief Justice John Roberts transfer Judicial Complaint Nos. 10-25-90048 and 10-25-90070 to another judicial council as allowed under 10th Cir. JCR 26.

Chief Circuit Judge Holmes's and District Judge Domenico's persistent refusals to disqualify themselves meet the definition of "Cognizable Misconduct" as "conduct prejudicial to the effective and expeditious administration of the business of the courts." 10th Cir. JCR 4(a); *see also* 28 U.S.C. § 351(a) (defining "conduct prejudicial to the effective and expeditious administration of the business of the courts" as threshold for judicial misconduct complaints). Specifically, the persistent refusals to disqualify 1) violate specific standards of judicial conduct, including: using the judge's office to obtain special treatment for friends and engaging in improper *ex parte* communications with parties or counsel for one side in a case, 2) are abusive and harassing behavior, specifically treating litigants, attorneys, and others in a demonstrably egregious and hostile manner, 3) are a form of retaliation against Complainant for engaging in the complaint process and reporting judicial misconduct, 4) are interference and/or a failure to comply with the complaint process, and 5) are a failure to report, disclose, or appropriately respond to reliable information of judicial misconduct. 10th Cir. JCR 4(a)(1)(A),(C), 4(a)(2)(B), 4(a)(4), 4(a)(5), 4(a)(6).

The fact that Chief Circuit Judge Holmes and District Judge Domenico have each failed to candidly disclose grounds for their respective disqualifications suggests their refusals to disqualify arose from improper motives, which is a proper non-merits-related basis for judicial discipline. *Compare* 10th Cir. JCR 4(b)(1) (recognizing refusals to disqualify ordinarily as merits-related determinations) *with* Implementation of the Judicial Conduct and Disability Act of 1980: A Report to the Chief Justice, 239 F.R.D. 116, 222, 239-40 (app. 3) (2006).[3] Chief Circuit

---

[3] The 2006 report quotes Standard 2 of the Judicial Conference's Committee Standards:

Judge Holmes has himself drawn this distinction between merits and non-merits related disqualification decisions in his Memorandum & Order dismissing Judicial Complaint No. 10-25-90049.   District Judge Domenico's intentional disregard of his mandatory obligation to recuse himself following Complainant's submission of a timely and formally sufficient affidavit under 28 U.S.C. § 144 is a further basis to recognize that the cognizable misconduct alleged in this supplemental complaint is non-merits related and simply Judge Domenico's refusal to comply with the law.

Respectfully, Complainant has satisfied his initial burden of presenting sufficient evidence to raise an inference that misconduct has occurred.  *See* 10th Cir. JCR 11(1)(D) (recognizing Chief Circuit Judge's discretion to dismiss a complaint based upon allegations that lack "sufficient evidence to raise an inference that misconduct has occurred").  It is appropriate for the 10th Circuit Judicial Council to request that Chief Justice John Roberts transfer the present complaint, as well as Judicial Complaint Nos. 10-25-90048 and 10-25-90070 to another judicial council as allowed under 10th Cir. JCR 26.  *See also* Implementation of the Judicial Conduct and Disability Act of 1980: A Report to the Chief Justice, 239 F.R.D. 116, 214-215 (2006) (providing recommendations for circumstances where a transfer to another judicial council is appropriate).  Further consideration of these Complaints by the 10th Circuit Judicial Council will create appearances of impropriety in violation of Canons 1 and 2(A) of the federal Code.

---

> A mere allegation that a judge should have recused is merits-related; the proper recourse is for a party to file a motion to recuse. ***The very different allegation that the judge failed to recuse for illicit reasons—i.e., not that the judge erred in not recusing, but that the judge knew he should recuse but deliberately failed to do so for illicit purposes—is not merits-related.*** Such allegations are almost always dismissed for lack of factual substantiation. (Emphasis added).

-7-

**EXHIBIT**

**6**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO
### Judge Daniel D. Domenico

Civil Action No. 1:25-cv-03361-DDD-NRN

CHRISTOPHER S.P. GREGORY,

     Plaintiff,

v.

THE COLORADO JUDICIAL DISCIPLINE RULEMAKING
    COMMITTEE, *et al.*,

     Defendants.

---

### ORDER GRANTING REQUEST FOR RECUSAL

---

Plaintiff Christopher S.P. Gregory moves for my disqualification from hearing this case and for a written order stating the reasons for my recusal. Doc. 7; Doc. 26. Because Mr. Gregory's recent filings raise broad allegations that appear to encompass events that took place during my tenure as Colorado Solicitor General, I conclude that a reasonable person might question my impartiality should I preside over the case. I therefore recuse myself pursuant to 28 U.S.C. § 455(a).

### LEGAL STANDARDS

Under 28 U.S.C. § 144, a district judge must recuse if a party "makes and files a timely and sufficient affidavit that the judge . . . has a personal bias or prejudice either against him or in favor of any adverse party." "The simple filing of an affidavit," though, "does not automatically disqualify a judge." *United States v. Bray*, 546 F.2d 851, 857 (10th Cir. 1976). Upon the filing of a Section 144 affidavit, the judge must assess its procedural and legal sufficiency, taking as true the factual allegations therein. *Id.*; *Hinman v. Rogers*, 831 F.2d 937, 939 (10th

- 1 -

Cir. 1987). But "[t]he affidavit is strictly construed against the affiant, and there is a substantial burden on the moving party to demonstrate the judge is not impartial." *Hinman*, 831 F.2d at 939; *accord United States v. Burger*, 964 F.2d 1065, 1070 (10th Cir. 1992); *In re McCarthey*, 368 F.3d 1266, 1269 (Section 144 does not place "a burden on the judge to prove that he is impartial."). "Conclusions, rumors, beliefs, and opinions are not sufficient to form a basis for disqualification." *Burger*, 964 F.2d at 1070 (citing *Hinman*, 831 F.2d at 939). "A judge should not recuse himself on unsupported, irrational, or highly tenuous speculation." *Hinman*, 831 F.2d at 939.

The other recusal statute, 28 U.S.C. § 455, lacks the procedural hurdles of Section 144 and is also broader in scope. *Id.* Under Section 455, a federal judge similarly must "disqualify himself . . . [w]here he has a personal bias or prejudice concerning a party," and he must also "disqualify himself in any proceeding in which his impartiality might reasonably be questioned," unless he makes "a full disclosure on the record of the basis for disqualification" and the parties to the proceeding waive the disclosed ground for disqualification. 28 U.S.C. § 455(a), (b)(1), (e). This means that a judge must recuse (or secure a waiver) "when there is the appearance of bias, regardless of whether there is actual bias." *Bryce v. Episcopal Church in the Diocese of Colo.*, 289 F.3d 648, 659 (10th Cir. 2002). "The test is whether a reasonable person, knowing all the relevant facts, would harbor doubts about the judge's impartiality." *Id.* Section 455, however, "is not intended to give litigants a veto power over sitting judges, or a vehicle for obtaining a judge of their choice." *United States v. Cooley*, 1 F.3d 985, 993 (10th Cir. 1993). A judge "'must ask how the[] facts would appear to a well-informed, thoughtful and objective observer,' who is 'an average member of the public,' not a 'hypersensitive, cynical, and suspicious person.'" *United States v. Wells*, 873

- 2 -

F.3d 1241, 1251 (10th Cir. 2017) (quoting *Mathis v. Huff & Puff Truck-ing, Inc.*, 787 F.3d 1297, 1310 (10th Cir. 2015)). The statute "must not be so broadly construed that . . . recusal is mandated upon the merest unsubstantiated suggestion of personal bias or prejudice." *Cooley*, 1 F.3d at 993.

Courts have identified a number of factors that *do not* merit recusal under Section 144 or Section 455. *Id.*; *see also Estate of Bishop v. Equi-nox Int'l Corp.*, 256 F.3d 1050, 1058 (10th Cir. 2001). Such factors in-clude "[r]umor, speculation, beliefs, conclusions, innuendo, suspicion, opinion, and similar non-factual matters"; "prior rulings in the proceed-ing, or another proceeding, solely because they were adverse" to the party seeking recusal; and "mere familiarity" with a party. *Cooley*, 1 F.3d at 993-94; *accord Bishop*, 256 F.3d at 1058. And a judge has "as strong a duty to sit when there is no legitimate reason to recuse as he does to recuse when the law and facts require." *Bryce*, 289 F.3d at 659 (quoting *Nichols v. Alley*, 71 F.3d 347, 351 (10th Cir. 1995)) (Sec-tion 455); *accord Burger*, 964 F.2d at 1070 (Section 144).

## DISCUSSION

After I dismissed Mr. Gregory's claims in a related sealed case, Mr. Gregory moved to vacate the judgment, arguing that my order dis-missing his claims is invalid because I was required to recuse from that case. Mr. Gregory subsequently initiated this action, in which he reas-serts some of the claims that were dismissed in the related case. *See* Doc. 1. He has filed Section 144 affidavits in both cases seeking my recusal on the same grounds. *See* Doc. 26; *see also* Doc. 1 at 6 n.1; Doc. 7; Doc. 12. As my colleague Judge Kane explained in a similar context, "I have strived in my review of [Mr. Gregory's] filing[s] to reflect thought-fully and thoroughly on the assertions made, but cannot agree I have demonstrated, or that I hold, a . . . personal bias." *In re Maynard*, No. 09-

- 3 -

cv-2052-JLK-MEH, 2011 WL 1532049, at *1 (D. Colo. Apr. 21, 2011).[1] But as explained further below, some of the allegations Mr. Gregory raises in his recent filings may cause a reasonable person to question my impartiality in this case. I will therefore recuse myself.

I have worked in a variety of roles in the course of my legal career: in private practice, as a law clerk at the Tenth Circuit Court of Appeals, in the U.S. Department of the Interior, as the Colorado Solicitor General for nine years, as an adjunct law professor at the University of Colorado and the University of Denver, and in my current role as a U.S. District Judge for over six years. During that time, I have become familiar with many individuals, some of whom are or were, *inter alia*: employees of the Colorado Attorney General's Office; employees of the Colorado Judicial Department; justices, judges, and magistrate judges of the Colorado and federal courts; Colorado district attorneys; U.S. Attorneys and Assistant U.S. Attorneys; and members of committees or panels that serve the Colorado and federal courts. Given the breadth of the allegations Mr. Gregory is making here, it is not surprising that some such individuals are defendants in this case (*e.g.*, Colorado Supreme Court Chief Justice Monica Marquez and Attorney General Philip J. Weiser) or are persons Mr. Gregrory says have some other connection to the case (*e.g.*, former District Attorney Beth McCann, District Attorney Michael Dougherty, and Colorado Court of Appeals Judge Grant Sullivan).

---

[1] I note that three of the District's seven active district judges and two of its seven full-time magistrate judges recused from the related case, and one senior judge exercised his prerogative to have the case redrawn, before it was randomly reassigned to me. One of the same active district judges recused from this case before it was randomly reassigned to me. Docs. 5, 6. Mr. Gregory appears to suggest that due to the nature of his claims, no Article III judge in this District is qualified to hear the case. *See* Doc. 26 at 3 n.1, 36. But where "allegations of bias are omnipresent, they cannot by themselves dissuade a judge from his duty to sit, lest no judge be able to sit at all." *Maynard*, 2011 WL 1532049, at *1.

*See* Doc. 26 at 7-9 & n.4, 24-25, 30-34; Doc. 12. Mr. Gregory contends that the mere existence of relationships between me and these individuals gives rise to both actual bias against him and in favor of those individuals, and a basis on which my impartiality in this case might reasonably be questioned.[2] Mr. Gregory is mistaken on this point.

While I worked with, against, and in front of a number of the individuals highlighted by Mr. Gregory, and consider some of them friends, none of the relationships in question is a close personal relationship. These relationships are, at most, professional friendships involving individuals I have worked with during my legal career; many are no more than acquaintanceships. Mr. Gregory's assertion that they are more than that is no more than unsupported speculation and suspicion.[3] *See* Doc. 26 at 30-31 (relying on "inferences drawn" and "presumed close relationships" that "[p]resumably . . . have crossed over to [my] current work"). As far as I recall, I have not worked with any of the individuals

---

[2] I note that Mr. Gregory filed a judicial misconduct complaint with the United States Court of Appeals for the Tenth Circuit alleging that I violated the Code of Conduct for United States Judges by failing to recuse from the related case or to disclose the relationships in question to the parties in that case. Doc. 26-1. Mr. Gregory's complaint was dismissed on September 22, 2025. Doc. 26-3; *see also* Doc. 26-4 (petitioning for review of dismissal). The fact that he filed a misconduct complaint does not require my recusal from this case. *Smith v. Kan. Dep't of Corr.*, 455 F. App'x 841, 844 (10th Cir. 2011) (judge need not recuse based on current or previous misconduct complaint filed by litigant (citing *In re Mann*, 229 F.3d 657, 658-59 (7th Cir. 2000))).

[3] Mr. Gregory seizes on a statement I made in my order dismissing his claims in the related case that he contends is an "express admission of actual bias." Doc. 26 at 7-8. He argues that my prior statement "cannot be discounted as merely a scrivener's or grammatical error," but in fact it is exactly that: my statement that "I am personally familiar with some of the Defendants named in this case," but "these relationships are not sufficient to render me impartial in this matter" should state that "these relationships are not sufficient to render me partial" or "these relationships do not render me partial" in the matter.

- 5 -

in question or had any other social interaction with any of them since before I became a judge over six years ago, aside from occasionally encountering one of them at a professional event such as an Inn of Court meeting, another judge's investiture ceremony, a law-clerk reunion, or the like. "Friendship with an individual involved in a case alone is not enough to mandate recusal." *Scott v. County of Dona Ana*, No. CIV 09-00797-JB/GBW, 2011 WL 13284755, at *8 to *9 (D.N.M. Sept. 11, 2011) (R. & R.) (where judge considered defendant a friend but they had not "socialize[d] beyond conversing when they happen to see each other" since judge's appointment to the bench, plaintiff's assertions did not establish reasonable basis for questioning judge's impartiality (citing *Cheney v. U.S. Dist. Ct. for the Dist. of Columbia*, 541 U.S. 913 (2004) (Mem. of Scalia, J., denying recusal); *Cooley*, 1 F.3d 985)), *adopted in relevant part*, 2012 WL 1132464 (D.N.M. Mar. 28, 2012), *aff'd*, 516 F. App'x 718 (10th Cir. 2013); *see also Maynard*, 2011 WL 1532049, at *4 ("The assertion that my attendance at public events and 'rubbing shoulders' with a limited number of public officials, judges, and attorneys whom [the plaintiff] contends have opposed her or have acted in concert to retaliate against her demonstrates neither actual bias nor reasonable appearance of bias, is wholly conclusory and speculative, and does not warrant my recusal.").

During my six-plus years on the bench, I have presided over multiple cases involving Mr. Weiser, Ms. McCann, Mr. Dougherty, Mr. Sullivan,[4]

---

[4] Mr. Gregory has pointed to statements I made at a hearing in another case, contending that I stated an actual bias favorable to Mr. Weiser, Ms. McCann, Mr. Dougherty, and Mr. Sullivan. *See* Doc. 26 at 8-9. This is not accurate. In the statements Mr. Gregory points to, I in fact stated the opposite: "I don't believe [these relationships] warrant a recusal," and "I think probably recusal would be inappropriate." Tr. of Prelim. Inj. Hr'g at 5-7, *Bella Health & Wellness v. Weiser*, No. 1:23-cv-00939-DDD-SBP (D. Colo. Apr. 24, 2023), ECF No. 51.

- 6 -

and other individuals with whom I have similar professional relationships. My pre-judicial career is of a public nature, making it unsurprising that I have prior professional relationships with various current or former employees of the Colorado Attorney General's Office and members of the Colorado Supreme Court and Tenth Circuit Court of Appeals. Nor is it surprising that in my current role I have developed professional relationships with members of this Court. No party in any other case, aside from Mr. Gregory in the related case,[5] has ever suggested that I should, let alone must, recuse myself because of one of those relationships,[6] and I am confident that reasonable parties, counsel, and members of the public understand that my decisions in such cases are not influenced by such relationships. *See Bryce*, 289 F.3d at 659 ("The test is whether a reasonable person, knowing all the relevant facts, would harbor doubts about the judge's impartiality.").

My professional relationships with the individuals in question do not give rise to any personal bias or prejudice on my part, nor are they the

---

[5] Concurrently with this Order, for the same reasons discussed here, I am recusing from the related case, though I note that at the time I dismissed Mr. Gregory's claims in that case, the facts and allegations in the record did not require my recusal. I also note that, in light of the Notice of Related Cases filed by Mr. Gregory, Doc. 1-12, the judge to whom this case is randomly reassigned may wish to confer with the judge to whom the related case is randomly reassigned to determine whether both cases should be assigned to the same judicial officers pursuant to Local Civil Rules 3.2(d) and 40.1.

[6] One litigant has requested my recusal based merely on my prior service as Solicitor General and not on any specific personal relationship arising from that service; I denied that recusal request. *See Villecco v. Barela* No. 1:21-cv-02176-DDD-STV, 2022 WL 4349339, at *1 (D. Colo. Aug. 18, 2022); *Villecco v. Barela,* No. 1:22-cv-02403-DDD-STV, 2023 WL 11959305, at *1 (D. Colo. Feb. 17, 2023); *Villecco v. Barela*, Nos. 1:21-cv-02176-DDD-STV, 1:22-cv-02403-DDD-STV, 1:23-cv-01265-DDD-STV, 1:23-cv-02029-DDD-STV, 2023 WL 8642120, at *1 (D. Colo. Dec. 6, 2023).

- 7 -

sort of relationships that would cause a reasonable person to question my impartiality simply because those individuals are parties, attorneys, or witnesses in a case. And other than the fact that I developed some of the professional relationships in question while serving as Solicitor General, Mr. Gregory's claims, as asserted on the face of his complaint, do not appear to have any connection to that prior service. The allegations in Mr. Gregory's complaint stem from what he calls the "Masias Controversy," which began in mid to late 2018, Doc. 1 at 19-20, and subsequent events. *See id.* at 2-5, 7, 19-33 (alleging, *e.g.*, that "[a]t the core of the [Colorado Supreme Court] Justices' misconduct was a prolonged scheme to knowingly conceal material information of a $2.66-2.75 million bribe/public fraud involving . . . Mindy Masias," and that justices, employees of the Colorado Judicial Department, and Colorado Attorney General Phil Weiser concealed the "Masias Contract" and "Masias Memo" from the Colorado Office of the State Auditor and Colorado Commission on Judicial Discipline, of which Mr. Gregory was a member between May 2017 and January 2024). These allegations thus concern events that began well after my tenure as Solicitor General ended in 2015. I have no independent knowledge of the events alleged in the complaint arising from my prior service as Solicitor General or from anything else.

Mr. Gregory's subsequent filings, however, expand substantially on the allegations in his complaint. His Section 144 affidavit contains wide-ranging allegations of "a 25-year sustained pattern of [misconduct by] the Justices of the Colorado Supreme Court," Doc. 26 at 9, which period would necessarily encompass the time during which I served as Solicitor General. It also appears from his affidavit and other recent filings that he may be alleging misconduct by members of the Colorado Judicial Department or the Attorney General's Office that took place during that time. He now alleges, for example, that "a primary motive for the . . .

- 8 -

bribe referred to as the Masias Contract was to conceal material evidence that one or more justices of the Colorado Supreme Court had obstructed the law enforcement investigation" of Denver District Court Judge Larry Manzanares in 2007. Doc. 12 at 1-2. I do not recall having any personal involvement with the Manzanares case, nor do I recall any personal knowledge of or involvement with any other events alluded to in Mr. Gregory's recent filings that took place while I was Solicitor General. And it is somewhat unclear how events that predate the Masias Controversy tie in to the claims asserted in Mr. Gregory's complaint. I therefore do not believe Mr. Gregory's allegations create any actual bias or need for recusal under Section 144 or Section 455(b)(1). But because it appears that Mr. Gregory's allegations include events that took place within the Attorney General's Office while I was a senior member of that office, there is some risk that a reasonable person might question my impartiality in this case. Out of an abundance of caution, therefore, I conclude that I must recuse myself pursuant to Section 455(a).[7] *See Bryce*, 289 F.3d at 659 ("If the issue . . . is a close one, the judge must be recused.").

## CONCLUSION

It is **ORDERED** that Plaintiff Christopher S.P. Gregory's Motion for Specific Statement of Grounds for Recusal According to Local Civil Rule 40.1(f), **Doc. 7**, and request for my recusal in his Affidavit of Judicial Bias or Prejudice According to 28 U.S.C. § 144, **Doc. 26**, are

---

[7] I also note that, unlike the prior professional relationships with various individuals in the legal community discussed above, which nearly any judge is likely to have, this potential for the appearance of partiality is unique to my situation.

**GRANTED**, and the Clerk of Court is **DIRECTED** to reassign this case to another judge.

DATED: February 3, 2026          BY THE COURT:

_____
~~Daniel D.~~ Domenico
United States District Judge



| | |
|---|---|
| **EXHIBIT 7** | |

# Phil Weiser
## Colorado Attorney General

---

**YOU'VE SUCCESSFULLY SUBMITTED COMPLAINT #C-000055316.**

**PRINT OR DOWNLOAD THIS SCREEN FOR YOUR RECORDS.**

**ABOUT YOU (COMPLAINANT INFORMATION)**

YOUR NAME: Christopher Gregory

YOUR ADDRESS: 201 Coffman St., #1822 Longmont CO 80502

YOUR EMAIL: cspgregory@thegregorylawfirm.net

YOUR PHONE NUMBER: 9706480642

**ABOUT THE COMPLAINT**

COMPLAINT CATEGORY: Governmental Authority (Police and Other Government Agencies)

DATE OF INCIDENT: January 1, 2001

LOCATION OF INCIDENT: Statewide with most incidents occurring in Denver at the Ralph L. Carr Judicial Center and the Colorado Supreme Court venues that preceded it.

ADDRESS OF INCIDENT:

MATTER REPORTED TO ANOTHER AGENCY: Yes

REPORTED TO: The U.S. District Court for the District of Colorado

OUTCOME OR RELATED GUIDANCE: There is a pending civil case--Gregory v. Colo. Jud. Discipline Rulemaking Comm., et al., 1:25-cv-03361--DDD (D. Colo.)

OTHER KNOWN INCIDENTS: Yes

The long history of incidents is detailed in the pending civil action, in which Attorney General Philip Weiser and the Justices of the Colorado Supreme Court are named Defendants in both their official and individual capacities.

**ABOUT THE GOVERNMENT ACTOR**

AGENCY:THE COLORADO ATTORNEY GENERAL'S OFFICE / THE COLORADO SUPREME COURT / THE COLORADO COMMISSION ON JUDICIAL DISCIPLINE / THE COLORADO JUDICIAL DISCIPLINE RULEMAKING COMMITTEE

TYPE OF AGENCY: Judicial branch

OTHER AGENCY TYPE:

CITY OF AGENCY: Denver

COUNTY OF AGENCY: Denver

**COMPLAINT NARRATIVE**

The pending lawsuit details a more than 25-year pattern of the Justices of the Colorado Supreme Court conspiring with others to misuse public funds as hush money (NDAs), for self-controlled investigations, and for public relations schemes intended to cover up judicial, attorney, and official misconduct. The pattern and practice continues to wrongfully cost taxpayers tens of millions of dollars.

**ACKNOWLEDGMENT**

I HEREBY CERTIFY I AM THE ABOVE LISTED INDIVIDUAL AND I HAVE REVIEWED THE PRECEDING INFORMATION AND IT IS TRUE TO THE BEST OF MY KNOWLEDGE. I ACKNOWLEDGE THAT THE COLORADO

ATTORNEY GENERAL MAY SHARE MY COMPLAINT WITH OTHERS, INCLUDING THE ABOVE LISTED BUSINESS AND/OR ITS AGENTS AND SEEK A RESPONSE FROM THE BUSINESS REGARDING MY COMPLAINT. I AUTHORIZE THE BUSINESS AND ITS AGENTS TO DISCUSS THE DETAILS OF MY COMPLAINT WITH REPRESENTATIVES OF THE COLORADO ATTORNEY GENERAL'S OFFICE.

Created By: Christopher Gregory
Created On: 1/21/2026, 6:17 PM
Submitted via: complaints.coag.gov
Reference: C-000055316

Thank you for contacting the Office of the Attorney General with your report about a government actor that deprived someone of his or her legal rights.

## What Can I Expect to Happen Next?

The Colorado Attorney General may open a civil investigation when a governmental authority may have a pattern and practice of depriving persons of their legal rights. Pattern-and-practice cases address widespread misconduct by government entities, not isolated instances.

As a result, we will review the information contained in your report as part of our work to collect data and identify patterns or practices of unlawful conduct. We cannot respond to every report we receive. If we need further information about your complaint, we will contact you.

## What If I Need Help with My Individual Case?

The Attorney General's Office does not have the legal authority to investigate or prosecute your individual case. If you seek a criminal or civil investigation or another remedy for your case on an individual basis, please contact your local law enforcement agency, district attorney's office, the United States Department of Justice, or a private attorney. The Colorado Bar Association provides assistance to people who are seeking attorneys at this website: https://www.cobar.org/Licensed-Lawyer (https://www.cobar.org/Licensed-Lawyer).

We appreciate the time and effort you took in bringing your concerns to our attention. Information from the public is vital in helping us document trends and, when appropriate, pursue investigations and file lawsuits on behalf of the public.

Office of the Attorney General
Colorado Department of Law
Ralph L. Carr Judicial Building
1300 Broadway, 10th Floor
Denver, CO 80203
(720) 508-6000
(tel:+17205086000)

Contact the Office of the Attorney General

CONTACT (https://complaints.coag.gov/s/contact-us)

ACCESSIBILITY STATEMENT (https://coag.gov/colorado-office-of-the-attorney-general-accessibility-statement/)

DECLARACION DE ACCESIBILIDAD (https://coag.gov/declaracion-de-accesibilidad/)

(https://www.facebook.com/ColoradoAttorneyGeneral)
(https://x.com/COAttnyGeneral)
(https://www.linkedin.com/company/attorney-general-office-in-colorado)
(https://www.instagram.com/coag_philweiser/)
(https://www.youtube.com/@coloag)
(https://bsky.app/profile/coattnygeneral.bsky.social)

CORA (https://coag.gov/media-center/colorado-open-records-act-cora/) | WEBSITE PRIVACY POLICY (https://coag.gov/website-privacy-policy/)
Copyright 2022 The Office of the Attorney General. All rights reserved.



# Phil Weiser
## Colorado Attorney General

EXHIBIT
8

---

**YOU'VE SUCCESSFULLY SUBMITTED COMPLAINT #C-000055313.**

**PRINT OR DOWNLOAD THIS SCREEN FOR YOUR RECORDS.**

**ABOUT YOU (COMPLAINANT INFORMATION)**
YOUR NAME: Christopher Gregory
YOUR ADDRESS: 201 Coffman St., #1822 Longmont CO 80502
YOUR EMAIL: cspgregory@thegregorylawfirm.net
YOUR PHONE NUMBER: 9706480642

**ABOUT THE COMPLAINT**
COMPLAINT CATEGORY: Federal Agency (Police and Other Government Agencies)
DATE OF INCIDENT: January 14, 2026
LOCATION OF INCIDENT: Public (i.e., polling place, courthouse, street, etc.)
ADDRESS OF INCIDENT:
MATTER REPORTED TO ANOTHER AGENCY: Yes
REPORTED TO: The U.S. District Court for the District of Colorado
OUTCOME OR RELATED GUIDANCE: The misconduct remains ongoing.
OTHER KNOWN INCIDENTS:

**ABOUT THE GOVERNMENT ACTOR**
AGENCY:U.S. DISTRICT COURT FOR THE DISTRICT OF COLORADO
TYPE OF AGENCY: Federal Agency
OTHER AGENCY TYPE: No other law enforcement
CITY OF AGENCY: Denver
COUNTY OF AGENCY: Denver

**COMPLAINT NARRATIVE**
PHYSICALLY PRESENT DURING THE INCIDENT?: No
OTHER LAW ENFORCEMENT PRESENT OR INVOLVED?: No
I have filed affidavits under 28 U.S.C. Sec. 144 that require the disqualification of U.S.
District Court Judge Daniel D. Domenico from cases assigned to him due to personal bias and/or
prejudice. The affidavits require automatic disqualification under 28 U.S.C. Sec. 144 and
prohibits the judge subject to disqualification from taking further action. Judge Domenico,
however, continues to preside over the cases and to issue order(s). The two cases are Case No.
1:25-cv-00190--DDD-STV (D. Colo.) (sealed) and Gregory v. Colo. Jud. Discipline Rulemaking Comm.,
1:25-cv-03361--DDD. Attorney General Phil Weiser is a defendant in Gregory, named in both his
official and individual capacities. Despite the inherent conflicts of interest involved, the
Colorado Attorney General's Office is representing Weiser and all of the other Defendants in
Gregory. The Affidavit of Judicial Bias or Prejudice According to 28 U.S.C. Sec. 144 (ECF No. 26)
is a temporarily restricted filing, but already in the possession/actual knowledge of the Colorado
Attorney General's Office. The attorneys involved and the Defendants they represent are
facilitating Judge Domenico's judicial misconduct by allowing him to remain assigned to Gregory
despite indisputable evidence of his actual bias.

I hereby certify I am the above listed individual and I have reviewed the preceding information and it is true to the best of my knowledge.

Created By: Christopher Gregory
Created On: 1/21/2026, 5:41 PM
Submitted via: complaints.coag.gov
Reference: C-000055313

Office of the Attorney
General
Colorado Department of
Law
Ralph L. Carr Judicial
Building
1300 Broadway, 10th Floor
Denver, CO 80203
(720) 508-6000
(tel:+17205086000)

Contact the Office of the Attorney
General

CONTACT (https://complaints.coag.gov/s/contact-us)

ACCESSIBILITY STATEMENT (https://coag.gov/colorado-office-of-the-attorney-general-accessibility-statement/)

DECLARACION DE ACCESIBILIDAD (https://coag.gov/declaracion-de-accesibilidad/)

(https://www.facebook.com/ColoradoAttorneyGeneral)

(https://x.com/COAttnyGeneral)

(https://www.linkedin.com/company/attorney-general-office-in-colorado)

(https://www.instagram.com/coag_philweiser/)

(https://www.youtube.com/@coloag)

(https://bsky.app/profile/coattnygeneral.bsky.social)

CORA (https://coag.gov/media-center-colorado-open-records-act-cora/) | WEBSITE PRIVACY POLICY (https://coag.gov/website-privacy-policy/)

Copyright 2022 The Office of the Attorney General. All rights reserved.

| Senate Ethics Complaint |
| Exhibit 2 |

Proffer of oral testimony of Christopher Gregory to be read into the record of the Senate Judiciary Committee's February 9, 2026 hearing on the confirmation of former Senator Robert Gardner to the Colorado Commission on Judicial Discipline.

Thank you, Mr. Chair.  Good afternoon committee members.  I am Chirstopher Gregory.  I testify in my individual capacity as a former member, Vice-Chair, Chair, and Executive Director of the Colorado Commission on Judicial Discipline (or the CCJD).  I was retaliated against and fired as Executive Director because of my refusal to participate in a conspiracy to cover up a more than 25-year pattern of ongoing public fraud and public corruption orchestrated by the Justices of the Colorado Supreme Court.  Despite my efforts to publicly expose this pattern, I have been deliberately disregarded and marginalized, including by this Committee.  I testify today in opposition to former Senator Bob Gardner's appointment to the CCJD as an attorney member.  I have further submitted extensive written materials explaining the reasons for my opposition to Senator Gardner's appointment.  In addition to opposing Senator Gardner's appointment, I urge this Committee to do the right thing and give meaningful consideration to my request for a joint resolution referring the Colorado Judicial Scandal to conflict-free federal law enforcement and to direct Colorado State Auditor Kerri Hunter to exercise her discretion to appoint another state's attorney general as a Special Assistant Attorney General or SAAG capable of independently and impartially representing the objective interests of the State of Colorado.

When I last spoke with Senator Gardner on April 26, 2023, he described meeting with then-Chief Justice Brian Boatright.  In the described meeting, Senator Gardner explained that he confronted Chief Justice Boatright with why Attorney Regulation Counsel Jessica Yates still had a job after her documented interference with and intimidation tactics against this Committee's former Chair, Senator Pete Lee, and against the attorney and judge members of the CCJD.  Spurred on by inappropriate lobbying by the Justices' legislative liaison, Terry Scanlon, Senator Gardner immediately proceeded to block amendments to HCR23-1001 and HB23-1019 that would have stopped the Justices' from stacking the CCJD and the Rulemaking Committee with their cronies.  The result was that the Justices, in coordination with Attorney General Phil Weiser and Governor Jared Polis, corrupted the CCJD and the rulemaking process with impunity.

In my last conversation with you, Chair Weissman, you explained that everyone had expected that the Justices would remove Commission Vice-Chair District Court Judge David Prince.  When I raised the culture of indifference and enforced

silence found in the Colorado Judiciary to this Committee on April 28, 2025, however, you ignored me and voted to confirm Commission Chair Mindy Sooter and Vice Chair Jim Carpenter's reappointments.  My question is simply why won't you and this Committee meaningfully consider my legitimate concerns?

**Christopher Gregory**

| | |
|---|---|
| **From:** | Christopher Gregory |
| **Sent:** | Wednesday, February 25, 2026 9:02 PM |
| **To:** | james.coleman.senate@coleg.gov |
| **Subject:** | Supplement to Senate Ethics Complaint Filed February 11, 2026 |
| **Attachments:** | 260225 CSPG JRC Ltr Supp Ethics Complaint re SJC.pdf |

Good evening President Coleman,

Please accept the attached letter as a supplement to the ethics complaint that I previously submitted to you on February 11, 2026.  Additionally, please confirm receipt and provide an update as to the status of my complaint, as supplemented.

Sincerely,
Christopher Gregory



The Gregory Law Firm, LLC
Christopher S.P. Gregory
Attorney at Law

201 Coffman St., #1822, Longmont, CO 80502
● Phone:  970.648.0642 ● Fax:  970.648.0643 ●

This e-mail transmission contains information from the Gregory Law Firm, LLC which may be confidential or protected by the attorney-client privilege.  If you are not the intended recipient, you are hereby notified that you must not read this transmission and that any disclosure, copying, printing, distribution or use of any of the information contained in or attached to this transmission is prohibited.  If you have received this transmission in error, please notify us immediately by e-mail and delete the original transmission.

1



## The Gregory Law Firm, LLC

Christopher S.P. Gregory
Attorney at Law

cspgregory@thegregorylawfirm.net

February 25, 2026

Senate President James R. Coleman
Colorado State Senate
200 E. Colfax Ave.
Denver, CO 80203
**Via E-Mail: james.coleman.senate@coleg.gov**

*Re: Supplement to Ethical Complaint Against the Members of the Senate Judiciary Committee Brought According to Senate Rule 43; Exhibit 1*

Dear President Coleman:

On February 11, 2026, I submitted an ethics complaint against all involved members of the Senate Judiciary Committee.  Inexplicably, your Office has not provided any acknowledgment of receiving my complaint.  Since the submission of my complaint, however, there have been some material developments that should be considered as you proceed with the process defined and required by Senate Rule 43.

According to § 24-31-1204(1), C.R.S., Attorney General Phil Weiser is obligated to "diligently investigate" violations of the Colorado False Claims Act (the CFCA) regardless of whether allegations are brought by a direct complaint to the Attorney General's Office, through the Office of the State Auditor's (the OSA) Fraud Hotline, or through a *qui tam* action.  The State Auditor similarly has authority and obligations to investigate alleged false claims independently, in conjunction with the Attorney General, or otherwise.  § 24-31-1204(2), C.R.S.  Under the Fraud Hotline statute, § 2-3-110.5(1)(d), C.R.S., the State Auditor is further tasked with investigating reports of "occupational fraud."  Occupational fraud is defined as "the use of one's occupation for personal enrichment through the deliberate misuse or misapplication of the employing organization's resources or assets."  § 2-3-110.5(1)(d), C.R.S.  Although the State Auditor's investigations of false claims and Fraud Hotline complaints are ordinarily performed in conjunction with and through the support of the Attorney General's Office, § 24-31-111(5), C.R.S. provides a mechanism through which the State Auditor can directly appoint a Special Assistant Attorney General (SAAG) when there are conflicts of interest and the Attorney General's Office cannot perform such functions.

In addition to Attorney General Weiser's statutory obligations to investigate false claims and fraud, Attorney General Weiser is also obligated to investigate and civilly prosecute patterns of constitutional and civil rights violations within Colorado State Government.  § 24-31-113, C.R.S.

Instead of performing his statutory and ethical obligations by stepping aside to allow the appointment of a SAAG by the State Auditor, Attorney General Weiser and his Office entered

---

201 Coffman St., #1822, Longmont, CO 80502
● 970-648-0642 ● Fax: 970-648-0643 ●

Christopher S.P. Gregory, esq.
February 25, 2026
Page 2 of 3

their appearances to ***defend*** against the legitimate allegations of public fraud, retaliation, and civil rights violations pled in *Gregory v. Colo. Jud. Discipline Rulemaking Comm.*, 1:25-cv-03361—GPG (D. Colo.). Attorney General Weiser's use of his own Office's resources to defend against civil claims brought against him and the other Defendants individually meets the definition of occupational fraud provided in § 2-3-110.5(1)(d), C.R.S. Such conduct and the Defendants' (including Attorney General Weiser's) persistent refusals to disqualify themselves also satisfies the elements of First Degree Official Misconduct. § 18-8-404, C.R.S.[1]

Essentially, Attorney General Weiser's strategy has been to obstruct and prevent litigation of the merits of *Gregory*, including avoiding the Defendants' obligations to timely and directly respond to the allegations of their unlawful conduct pled in the Verified Complaint. This obstruction has now culminated in the entry of a default against all Defendants. Exhibit 1. Until and unless the default is set aside under F.R.C.P. 55(c), the allegations of the Verified Complaint are treated as admitted / proven. *See, e.g., Dickinson v. Lincoln Building Corp.*, 2015 COA 170M, ¶¶ 22-23 ("[A]n entry of default establishes a party's liability. . . An entry of default, however, is not an admission regarding damages."). Despite these significant developments in court, the Senate Judiciary Committee has refused to confront Attorney General Weiser, the Justices of the Colorado Supreme Court, Governor Jared Polis, and the members and staff of the Colorado Commission on Judicial Discipline with their persistent refusals to disqualify themselves and the allegations made against them personally. In other words, there is no legislative oversight of our State's highest-ranking elected officials.

With these additional facts, the Senate Judiciary Committee's refusal to allow me a full opportunity to petition for grievances, its deliberate disregard for the legislative record that I created (including as to SB26-084), and its refusal to consider my request for a joint resolution directing the appointment of another state's attorney general as a SAAG capable of impartially representing the interests of the State of Colorado perpetuates ongoing public fraud and civil rights violations rather than providing meaningful accountability. Again, I respectfully submit that the conduct of the Senate Judiciary Committee substantially breaches the ethical standards enforceable through Senate Rule 43. I renew my request that you take action on my February 11, 2026 complaint, as supplemented by this letter.

---

[1] § 18-8-404, C.R.S. provides:

> (1) A public servant commits first degree official misconduct if, with intent to obtain a benefit for the public servant or another or maliciously to cause harm to another, he or she knowingly:
> (a) Commits an act relating to his office but constituting an unauthorized exercise of his official function; or
> (b) Refrains from performing a duty imposed upon him by law; or
> (c) Violates any statute or lawfully adopted rule or regulation relating to his office.
> (2) First degree official misconduct is a class 1 misdemeanor.

According to § 18-1-901(3)(o), C.R.S., a "'Public servant' means any officer or employee of government, whether elected or appointed, and any person participating as an advisor, consultant, process server, or otherwise in performing a governmental function, but the term does not include witnesses."

Christopher S.P. Gregory, esq.
February 25, 2026
Page 3 of 3


Sincerely,

Christopher S.P. Gregory, esq.
Enclosure

**EXHIBIT**

**1**

# Christopher Gregory

| | |
|---|---|
| **From:** | COD_ENotice@cod.uscourts.gov |
| **Sent:** | Monday, February 23, 2026 3:50 PM |
| **To:** | COD_ENotice@cod.uscourts.gov |
| **Subject:** | Activity in Case 1:25-cv-03361-GPG Gregory v. Colorado Judicial Discipline Rulemaking Committee, The et al Clerk's Entry of Default |

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**

**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.**

### U.S. District Court - District of Colorado

### District of Colorado

## Notice of Electronic Filing

The following transaction was entered on 2/23/2026 at 3:49 PM MST and filed on 2/23/2026

| | |
|---|---|
| **Case Name:** | Gregory v. Colorado Judicial Discipline Rulemaking Committee, The et al |
| **Case Number:** | 1:25-cv-03361-GPG |
| **Filer:** | Colorado Judicial Discipline Rulemaking Committee, The |
| | Ingrid Barrier |
| | David Beller |
| | Maria Berkenkotter |
| | Brian D. Boatright |
| | Jill Brady |
| | Gina Cannan |
| | James Carpenter |
| | Nancy Cohen |
| | Colorado Commission on Judicial Discipline, The |
| | Colorado Supreme Court, The |
| | Meredith Patrick Cord |
| | Richard Gabriel |
| | Robert Gardner |
| | Sara Garrido |
| | Kirsten Grooms |
| | Melissa Hart |
| | James Hartmann |
| | Amanda Hollander |

1

William Hood III

Alison Kyles

Bryon Large

Anne Mangiardi

Monica Marquez

Bonnie McLean

Colleen McManamon

Kristen Mix

Emily Tofte Nestaval

Reed Owens

Jared Polis

Jared (I) Polis

Carlos Samour

Mary V. Sooter

Aubrey C. Sullivan

Courtney Sutton

Jeff Swanty

Stefanie Trujillo

MaryAnn Vielma

Vincente Vigil

Jeffrey M. Walsh

Philip (I) J. Weiser

Philip J. Weiser

**Document Number:** 46(No document attached)


**Docket Text:**
**Clerk's ENTRY OF DEFAULT as to Colorado Judicial Discipline Rulemaking Committee, The, Ingrid Barrier, David Beller, Maria Berkenkotter, Brian D. Boatright, Jill Brady, Gina Cannan, James Carpenter, Nancy Cohen, Colorado Commission on Judicial Discipline, The, Colorado Supreme Court, The, Meredith Patrick Cord, Richard Gabriel, Robert Gardner, Sara Garrido, Kirsten Grooms, Melissa Hart, James Hartmann, Amanda Hollander, William Hood III, Alison Kyles, Bryon Large, Anne Mangiardi, Monica Marquez, Bonnie McLean, Colleen McManamon, Kristen Mix, Emily Tofte Nestaval, Reed Owens, Jared Polis, Jared (I) Polis, Carlos Samour, Mary V. Sooter, Aubrey C. Sullivan, Courtney Sutton, Jeff Swanty, Stefanie Trujillo, MaryAnn Vielma, Vincente Vigil, Jeffrey M. Walsh, Philip (I) J. Weiser, Philip J. Weiser, by Clerk. Text Only Entry (ccuen, )**


**1:25-cv-03361-GPG Notice has been electronically mailed to:**

Ingrid J. DeFranco    ingrid.defranco@gmail.com, defrancoi@yahoo.com

Daniel Mitchell Combs    dan.combs@coag.gov, LaTasha.Carter@coag.gov, danmcombs@gmail.com, lindaruth.carter@coag.gov

Katharine J. Brown    katharine.brown@coag.gov, carmen.vanpelt@coag.gov, felicia.rei@coag.gov

2

Christopher Sydney Philip Gregory    cspgregory@thegregorylawfirm.net, cspgregory@hotmail.com

Clayton Jeffrey Ankney    clayton.ankney@coag.gov, Denise.munger@coag.gov,
LindaRuth.Carter@coag.gov

**1:25-cv-03361-GPG Notice has been mailed by the filer to:**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 1:25-cv-03361-GPG

CHRISTOPHER S.P. GREGORY,

 Plaintiff,

v.

The COLORADO JUDICIAL DISCIPLINE RULEMAKING COMMITTEE, et al.

 Defendants.

---

## APPLICATION FOR ENTRY OF DEFAULT

---

To the Clerk of the United States District Court for the District of Colorado:

As provided by Rule 55(a) of the Federal Rules of Civil Procedure, Plaintiff Christopher S.P. Gregory requests that this Court enter the default of the following Defendants for failure to plead or otherwise defend against this action in a timely manner:

> The COLORADO JUDICIAL DISCIPLINE RULEMAKING COMMITTEE,
> The COLORADO COMMISSION ON JUDICIAL DISCIPLINE,
> The COLORADO SUPREME COURT,
> MARY V. SOOTER, individually,
> PHILIP J. WEISER, individually, and in his official capacity as the Colorado Attorney General,
> JARED POLIS, individually, and in his official capacity as Governor of the State of Colorado,
> MARIA BERKENKOTTER, individually,
> BRIAN D. BOATRIGHT, individually,
> RICHARD GABRIEL, individually,
> MELISSA HART, individually,
> WILLIAM HOOD, III, individually,
> MONICA MÁRQUEZ, individually,
> CARLOS SAMOUR, individually,
> INGRID BARRIER, individually,
> DAVID BELLER, individually,

JILL BRADY, individually,
GINA CANNAN, individually,
JAMES CARPENTER, individually,
NANCY COHEN, individually,
ROBERT GARDNER, individually,
SARA GARRIDO, individually,
KIRSTEN GROOMS, individually,
JAMES HARTMANN, individually,
AMANDA HOLLANDER, individually,
ALISON KYLES, individually,
BRYON LARGE, individually,
ANNE MANGIARDI, individually,
BONNIE MCLEAN, individually,
COLLEEN MCMANAMON, individually,
KRISTEN MIX, individually,
REED OWENS, individually,
MEREDITH PATRICK CORD, individually,
AUBREY C. SULLIVAN, individually,
COURTNEY SUTTON, individually,
JEFF SWANTY, individually,
EMILY TOFTE NESTAVAL, individually,
STEFANIE TRUJILLO, individually,
MARYANN VIELMA, individually,
VINCENTE VIGIL, individually, and
JEFFREY M. WALSH, individually.

As evidenced by the proof of service on file with this Court, the above-named Defendants

the Colorado Judicial Discipline Rulemaking Committee, the Colorado Supreme Court, Jared

Polis, Philip J. Weiser, and the Colorado Commission on Judicial Discipline were served

pursuant to Rule 4 of the Federal Rules of Civil Procedure on November 12, 2025 and November

17, 2025. ECF Nos. 13 through 17. The remaining Defendants executed Waiver(s) of Service

on December 1, 2025 and filed December 12, 2025. ECF Nos. 23, 23-1 through 23-34.

Originally, the applicable time limits for the above-named Defendants to appear and

otherwise respond to this action were December 3, 2025, December 8, 2025, and January 30,

2026. Through an unopposed motion and order, the applicable time limits were first extended to

February 2, 2026.  ECF No. 21.  Through a second unopposed motion (but without issuance of an order confirming it), the applicable time limits were then extended to February 16, 2026, which has now expired.  ECF No. 27.

The above-named Defendants have individually and collectively failed to plead or otherwise respond to the Verified Complaint and Jury Demand filed October 23, 2025. Accordingly, the Plaintiff respectfully requests that the Clerk of Court perform his mandatory and ministerial function in entering the default.  F.R.C.P. 55(a).

This request is supported by the attached Declaration of Plaintiff Christopher S.P. Gregory.

Dated: February 18, 2026

/s/ Ingrid J. DeFranco
**Ingrid J. DeFranco, esq.**
Law Office of Ingrid J. DeFranco
P.O. Box 128
Brighton, CO 80601
Telephone: (303) 641-6812
Email:  Ingrid.DeFranco@gmail.com
Attorney for Plaintiff Christopher S.P. Gregory

/s/ Christopher S.P. Gregory
**Christopher S.P. Gregory, Esq.**
The Gregory Law Firm, LLC
201 Coffman St., #1822
Longmont, CO 80502
Telephone: (970) 648-0642
E-mail: cspgregory@thegregorylawfirm.net
*Pro Se* Attorney for Plaintiff
Christopher S.P. Gregory

CERTIFICATE OF SERVICE

      I certify that on February 18, 2026, I filed the above filing via email to the Clerk of the Court, who will docket it in CM/ECF. CM/ECF will send notification of this filing to any party who has entered an appearance in this matter to the e-mail addresses provided in CM/ECF.

/s/ Ingrid J. DeFranco
Ingrid J. DeFranco

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 1:25-cv-03361-GPG

CHRISTOPHER S.P. GREGORY,

      Plaintiff,

v.

The COLORADO JUDICIAL DISCIPLINE RULEMAKING COMMITTEE, et al.

      Defendants.

---

### DECLARATION OF PLAINTIFF CHRISTOPHER S.P. GREGORY

---

Christopher S.P. Gregory, Colorado Atty. Reg. No. 37095 / U.S. Dist. Ct. Colo. Atty. No. 2136213, ("Declarant") being of lawful age, of sound mind, and first dually sworn upon oath, deposes and says the following:

1. Declarant is the Plaintiff in this action and this Declaration is based upon Declarant's personal knowledge and made in good faith.

2. Defendants the Colorado Judicial Discipline Rulemaking Committee, the Colorado Supreme Court, Colorado Governor Jared Polis, and Colorado Attorney Philip J. Weiser were served pursuant to Rule 4 of the Federal Rules of Civil Procedure on November 12, 2025, as evidenced by the proof of service on file with this Court. ECF Nos. 13 through 16.

3. Defendant the Colorado Commission on Judicial Discipline was, likewise, served pursuant to Rule 4 of the Federal Rules of Civil Procedure on November 17, 2025, as evidenced by the proof of service on file with this Court. ECF No. 17.

4. The remaining Defendants Mary V. Sooter, Maria Berkenkotter, Brian D. Boatright, Richard Gabriel, Melissa Hart, William Hood, III, Monica Márquez, Carlos Samour, Ingrid Barrier, David Beller, Jill Brady, Gina Cannan, James Carpenter, Nancy Cohen, Robert Gardner, Sara Garrido, Kirsten Grooms, James Hartmann, Amanda Hollander, Alison Kyles, Bryon Large, Anne Mangiardi, Bonnie McLean, Colleen McManamon, Kristen Mix, Reed Owens, Meredith Patrick Cord, Aubrey C. Sullivan, Courtney Sutton, Jeff Swanty, Emily Tofte Nestaval, Stefanie Trujillo, MaryAnn Vielma, Vincente Vigil, and Jeffrey M. Walsh executed waivers of service on December 1, 2025 that were filed with this Court on December 12, 2025.

5. The Defendants have collectively failed to serve or file a pleading or otherwise respond to the complaint. The applicable time limit for responding to the complaint, even as repeatedly extended upon agreement of the parties, has expired.

6. None of the Defendants are minors or incompetent persons.

7. None of the Defendants are currently in the military service, and therefore the Servicemembers Civil Relief Act does not apply.

8. I have attached to this declaration true and correct copies of the proofs and waivers of service on file for the above-named Defendants.

I declare under penalty of perjury that the statements made in this Declaration are true and correct to the best of my knowledge.

Executed on February 18, 2026, in Longmont, Colorado.

_____
Christopher S.P. Gregory

AO 440 (Rev. 06/12) Summons in a Civil Action (Page 2)

Civil Action No. 1:25-cv-03361-DDD

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)*  Colorado Attorney General Philip Weiser

was received by me on *(date)*  11/12/2025  .

❐ I personally served the summons on the individual at *(place)*

_____ on *(date)* _____ ; or

❐ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

☑ I served the summons on *(name of individual)*  Hannah S. (Front Desk Receptionist) , who is

designated by law to accept service of process on behalf of *(name of organization)*

Colorado Attorney General Philip Weiser  on *(date)*  11/12/2025 ; or

❐ I returned the summons unexecuted because _____ ; or

❐ Other *(specify):*

My fees are $ _____ for travel and $ _____ for services, for a total of $  0.00  .

I declare under penalty of perjury that this information is true.

Date:  11/12/2025

*CONNIE MAYHUGH*
*Server's signature*

Connie Mayhugh, Investigator
*Printed name and title*

HSH Investigations, LLC
P.O. Box 337265
Greeley, CO 80633
*Server's address*

Additional information regarding attempted service, etc:

No last name provided.



AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.   1:25-cv-03361-DDD

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)*    The Colorado Supreme Court

was received by me on *(date)*        11/12/2025            .

❒ I personally served the summons on the individual at *(place)*

_____ on *(date)* _____ ; or

❒ I left the summons at the individual's residence or usual place of abode with *(name)*

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

☑ I served the summons on *(name of individual)*   Magdalene (Judicial Clerk III)              , who is

designated by law to accept service of process on behalf of *(name of organization)*   The Colorado Supreme Court

on *(date)*      11/12/2025       ; or

❒ I returned the summons unexecuted because _____ ; or

❒ Other *(specify):*


My fees are $ _____ for travel and $ _____ for services, for a total of $     0.00      .

I declare under penalty of perjury that this information is true.


Date:     11/12/2025                               *CONNIE MAYHUGH*
                                                    *Server's signature*

                                                Connie Mayhugh, Investigator
                                                    *Printed name and title*

                                                HSH Investigations, LLC
                                                P.O. Box 337265
                                                Greeley, CO 80633
                                                    *Server's address*

Additional information regarding attempted service, etc:

Magdalene refused to provide last name.

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.   1:25-cv-03361-DDD

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)*   Colorado Governor Jared Polis

was received by me on *(date)*      11/12/2025      .

❏ I personally served the summons on the individual at *(place)*

_____ on *(date)* _____ ; or

❏ I left the summons at the individual's residence or usual place of abode with *(name)*

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

✔ I served the summons on *(name of individual)*   Tyler Goldstein (Staff Assistant)   , who is

designated by law to accept service of process on behalf of *(name of organization)*

Colorado Governor Jared Polis     on *(date)*     11/12/2025   ; or

❏ I returned the summons unexecuted because _____ ; or

❏ Other *(specify):*



My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date:    11/12/2025

*Server's signature*

Connie Mayhugh, Investigator
*Printed name and title*

HSH Investigations, LLC
P.O. Box 337265
Greeley, CO 80633
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.   1:25-cv-03361-DDD

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)*   The Colorado Judicial Discipline Rulemaking Committee

was received by me on *(date)*        11/12/2025        .

❏ I personally served the summons on the individual at *(place)*

_____ on *(date)* _____ ; or

❏ I left the summons at the individual's residence or usual place of abode with *(name)*

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

✔ I served the summons on *(name of individual)*   Judge Bryon M. Large        , who is

designated by law to accept service of process on behalf of *(name of organization)*

The Colorado Judicial Discipline Rulemaking Committee   on *(date)*   11/12/2025   ; or

❏ I returned the summons unexecuted because _____ ; or

❏ Other *(specify):*



My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date:        11/12/2025

*CONNIE MAYHUGH*
*Server's signature*

Connie Mayhugh, Investigator
*Printed name and title*

HSH Investigations, LLC
P.O. Box 337265
Greeley, CO 80633
*Server's address*

Additional information regarding attempted service, etc:

Judge Large stated that he wasn't sure he was authorized to accept service for the Colorado Judicial
Discipline Rulemaking Committee but did accept service.

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.   1:25-cv-03361-DDD

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)*  The Colorado Commission on Judicial Discipline

was received by me on *(date)*        11/12/2025        .

❏ I personally served the summons on the individual at *(place)*

_____  on *(date)* _____ ; or

❏ I left the summons at the individual's residence or usual place of abode with *(name)*

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

✔ I served the summons on *(name of individual)*   Scott Sosebee (Court Executive)                , who is

designated by law to accept service of process on behalf of *(name of organization)*   Judge Jill Brady Member of CCJD

The Colorado Commission on Judicial Discipline       on *(date)*       11/17/2025      ; or

❏ I returned the summons unexecuted because _____ ; or

❏ Other *(specify):*


My fees are $ _____ for travel and $ _____ for services, for a total of $      0.00      .

I declare under penalty of perjury that this information is true.


Date:        11/17/2025

*CONNIE MAYHUGH*
*Server's signature*

Connie Mayhugh, Investigator
*Printed name and title*

HSH Investigations, LLC
P.O. Box 337265
Greeley, CO 80633
*Server's address*

Additional information regarding attempted service, etc:

# HSH INVESTIGATIONS

**Connie Mayhugh**                                          **DATE: 11/19/25**
HSH **Investigations, LLC**
**P.O. Box 337265**
**Greeley, CO 80633**
**Mobile: 970-580-0779**

## MEMORANDUM

---

On November 12th, I, Investigator Connie Mayhugh, arrived at the Ralph Carr Colorado Judicial Center to serve a Summons and Complaint to the following parties:

- Colorado Attorney General Philip Weiser
- Justice Monica Marquez, Chief Justice, Colorado Supreme Court
- James Carpenter, Chair, Colorado Commission on Judicial Discipline
- Kristen Mix, Chair, Colorado Judicial Discipline Rulemaking Committee

Upon arrival, I spoke with the receptionist, who contacted Hannah S.. Hannah S. confirmed she could only accept service for Philip Weiser, but could accept courtesy copies for others. No response was received from the Colorado Commission on Judicial Discipline.

At the Supreme Court office, the clerk, Magdalene, accepted service for Justice Monica Marquez but declined for others.

Efforts to serve the Colorado Commission on Judicial Discipline at their official office were not successful.

At the Governor's office, Tyler Goldstein, staff assistant, accepted service for Governor Jared Polis without issue.

Later, Hannah S. advised me to visit Suite 210, but again, no response was received. I then proceeded to the Office of the Presiding Disciplinary Judge, where I spoke with the receptionist. The receptionist consulted with Judge Bryon Large, who subsequently met with me in person. Judge Large clarified that he was not authorized to accept service on behalf of the Colorado Commission on Judicial Discipline, as he was not a member of the Commission. When asked about the Colorado Judicial Discipline Rulemaking Committee, Judge Large acknowledged his membership but expressed uncertainty regarding his authority to accept service for the Discipline Rulemaking Committee. After further discussion, Judge Large ultimately agreed to accept service for the Judicial Discipline

1

# HSH INVESTIGATIONS

Rulemaking Committee, while reiterating his reservations about his authorization to do so. He refused to accept service on behalf of the Colorado Commission on Judicial Discipline.

Upon returning to the reception area to inquire on whether Hannah was able to reach anyone with the Colorado Commission on Judicial Discipline, she was in communication via phone with a female individual whose name was not provided. Hannah handed me the phone, and I spoke with this individual who identified herself as working within the Office of the Colorado Commission on Judicial Discipline. She informed me that there was no one present in the office that day who could accept service but indicated that someone would be available the following day to accept service. I inquired if there was anyone available who could accept service on behalf of the Commission, explaining that I would not be able to return at a later time. The response was that there was no one present who was authorized to accept service.

On November 17th, I served Judge Jill Brady, a member of the Colorado Commission on Judicial Discipline, at the El Paso County Court House. Scott Sosebee, Court Executive, accepted service on Judge Brady's behalf.

**This report was provided by Connie Mayhugh, Investigator at HSH Investigations, and is a true and accurate representation of information gathered.**

Signature: *Connie Mayhugh*                                                      Date: 11/19/25

2

AO 399 (01/09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT

for the

District of Colorado ▼

CHRISTOPER S.P. GREGORY )
*Plaintiff* )
v. )  Civil Action No.  1:25-cv-03361-DDD
COLO. JUD. DISCIPLINE RULEMAKING COMM. et al )
*Defendant* )

## WAIVER OF THE SERVICE OF SUMMONS

To:  Ingrid J. DeFranco
*(Name of the plaintiff's attorney or unrepresented plaintiff)*

I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from                 12/01/2025                , the date when this request was sent (or 90 days if it was sent outside the United States).  If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date:        12/01/2025                                          /s/ Daniel M. Combs
                                                                                   *Signature of the attorney or unrepresented party*

Ingrid Barrier                                      Daniel M. Combs, First Assistant Attorney General
*Printed name of party waiving service of summons*                                *Printed name*
                                                                          Colorado Attorney General's Office
                                                                                   1300 Broadway
                                                                                   Denver, CO 80203

*Address*

Dan.Combs@coag.gov
*E-mail address*

(720) 508-6625
*Telephone number*

**Duty to Avoid Unnecessary Expenses of Serving a Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint.  A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court.  By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

AO 399 (01/09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT

for the

District of Colorado ▾

CHRISTOPER S.P. GREGORY )
*Plaintiff* )
)
v. ) Civil Action No. 1:25-cv-03361-DDD
COLO. JUD. DISCIPLINE RULEMAKING COMM. et al )
*Defendant* )

## WAIVER OF THE SERVICE OF SUMMONS

To: Ingrid J. DeFranco
_____
*(Name of the plaintiff's attorney or unrepresented plaintiff)*

I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from                12/01/2025               , the date when this request was sent (or 90 days if it was sent outside the United States). If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date:       12/01/2025                              /s/ Daniel M. Combs
                                        *Signature of the attorney or unrepresented party*

                David Beller                Daniel M. Combs, First Assistant Attorney General
*Printed name of party waiving service of summons*                *Printed name*
                                        Colorado Attorney General's Office
                                        1300 Broadway
                                        Denver, CO 80203

                                        *Address*

                                        Dan.Combs@coag.gov
                                        *E-mail address*

                                        (720) 508-6625
                                        *Telephone number*

**Duty to Avoid Unnecessary Expenses of Serving a Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint. A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court. By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

AO 399 (01/09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT
### for the
### District of Colorado ▾

CHRISTOPER S.P. GREGORY
*Plaintiff*
v.                                            Civil Action No.  1:25-cv-03361-DDD
COLO. JUD. DISCIPLINE RULEMAKING COMM. et al
*Defendant*

## WAIVER OF THE SERVICE OF SUMMONS

To:  Ingrid J. DeFranco
*(Name of the plaintiff's attorney or unrepresented plaintiff)*

I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from            12/01/2025            , the date when this request was sent (or 90 days if it was sent outside the United States).  If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date:      12/01/2025                                    /s/ Daniel M. Combs
                                                    *Signature of the attorney or unrepresented party*

Jill Brady                              Daniel M. Combs, First Assistant Attorney General
*Printed name of party waiving service of summons*              *Printed name*
                                            Colorado Attorney General's Office
                                            1300 Broadway
                                            Denver, CO 80203
                                                    *Address*

                                            Dan.Combs@coag.gov
                                                    *E-mail address*

                                            (720) 508-6625
                                                    *Telephone number*

**Duty to Avoid Unnecessary Expenses of Serving a Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint.  A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court.  By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

AO 399 (01/09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT

for the

District of Colorado ☑

| | |
|---|---|
| Christopher S.P. Gregory | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 1:25-cv-03361-DDD |
| Colorado Jud. Discipline Rulemaking Committee, et al. | ) |
| *Defendant* | ) |

## WAIVER OF THE SERVICE OF SUMMONS

To: _Ingrid J. DeFranco_
    *(Name of the plaintiff's attorney or unrepresented plaintiff)*

I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from _____Dec. 1, 2025_____, the date when this request was sent (or 90 days if it was sent outside the United States). If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date: _Dec. 1, 2025_

                                                /s/ Daniel M. Combs
                                         *Signature of the attorney or unrepresented party*

Monica M. Márquez
                                       Daniel M. Combs, First Assistant Attorney General
*Printed name of party waiving service of summons*                                *Printed name*

                                         Colorado Attorney General's Office
                                       1300 Broadway
                                       Denver, CO 80203
                                           *Address*

                                       Dan.Combs@coag.gov
                                         *E-mail address*

                                       720-508-6625
                                         *Telephone number*

---

**Duty to Avoid Unnecessary Expenses of Serving a Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint. A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court. By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

AO 399 (01/09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT

for the

District of Colorado ▾

CHRISTOPER S.P. GREGORY )
*Plaintiff* )
)
v. ) Civil Action No. 1:25-cv-03361-DDD
COLO. JUD. DISCIPLINE RULEMAKING COMM. et al )
*Defendant* )

## WAIVER OF THE SERVICE OF SUMMONS

To: Ingrid J. DeFranco

   *(Name of the plaintiff's attorney or unrepresented plaintiff)*

I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from _____12/01/2025_____, the date when this request was sent (or 90 days if it was sent outside the United States).  If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date:      12/01/2025                                           /s/ Daniel M. Combs
                                                    *Signature of the attorney or unrepresented party*

            Gina Cannan                         Daniel M. Combs, First Assistant Attorney General
*Printed name of party waiving service of summons*                    *Printed name*
                                                    Colorado Attorney General's Office
                                                    1300 Broadway
                                                    Denver, CO 80203

                                                    *Address*

                                                    Dan.Combs@coag.gov
                                                    *E-mail address*

                                                    (720) 508-6625
                                                    *Telephone number*

### Duty to Avoid Unnecessary Expenses of Serving a Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint.  A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court.  By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

AO 399 (01/09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT

for the

District of Colorado ▾

| | | |
|---|---|---|
| CHRISTOPER S.P. GREGORY | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 1:25-cv-03361-DDD |
| COLO. JUD. DISCIPLINE RULEMAKING COMM. et al | ) | |
| *Defendant* | ) | |

## WAIVER OF THE SERVICE OF SUMMONS

To:  Ingrid J. DeFranco
   *(Name of the plaintiff's attorney or unrepresented plaintiff)*

   I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

   I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

   I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

   I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from              12/01/2025             , the date when this request was sent (or 90 days if it was sent outside the United States).  If I fail to do so, a default judgment will be entered against me or the entity I represent.


Date:     12/01/2025                                    /s/ Daniel M. Combs
                                                *Signature of the attorney or unrepresented party*

          James Carpenter                   Daniel M. Combs, First Assistant Attorney General
*Printed name of party waiving service of summons*                *Printed name*
                                            Colorado Attorney General's Office
                                                    1300 Broadway
                                                    Denver, CO 80203

                                                      *Address*

                                                Dan.Combs@coag.gov
                                                    *E-mail address*

                                                    (720) 508-6625
                                                  *Telephone number*

**Duty to Avoid Unnecessary Expenses of Serving a Summons**

   Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint.  A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

   "Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

   If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

   If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court.  By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

AO 399 (01/09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT
for the

District of Colorado ▾

CHRISTOPER S.P. GREGORY )
*Plaintiff* )
)
v. ) Civil Action No. 1:25-cv-03361-DDD
)
COLO. JUD. DISCIPLINE RULEMAKING COMM. et al )
*Defendant* )

## WAIVER OF THE SERVICE OF SUMMONS

To: Ingrid J. DeFranco
    *(Name of the plaintiff's attorney or unrepresented plaintiff)*

      I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

      I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

      I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

      I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from     12/01/2025    , the date when this request was sent (or 90 days if it was sent outside the United States). If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date:    12/01/2025                        /s/ Daniel M. Combs
                                             *Signature of the attorney or unrepresented party*

         Nancy Cohen               Daniel M. Combs, First Assistant Attorney General
*Printed name of party waiving service of summons*                 *Printed name*
                                    Colorado Attorney General's Office
                                                 1300 Broadway
                                                Denver, CO 80203
                                                   *Address*

                                          Dan.Combs@coag.gov
                                                *E-mail address*

                                        (720) 508-6625
                                                 *Telephone number*

**Duty to Avoid Unnecessary Expenses of Serving a Summons**

      Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint. A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

      "Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

      If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

      If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court. By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

AO 399 (01/09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT

for the

District of Colorado ▾

CHRISTOPER S.P. GREGORY

*Plaintiff*

v.

COLO. JUD. DISCIPLINE RULEMAKING COMM. et al

*Defendant*

Civil Action No. 1:25-cv-03361-DDD

## WAIVER OF THE SERVICE OF SUMMONS

To: Ingrid J. DeFranco

*(Name of the plaintiff's attorney or unrepresented plaintiff)*

I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from 12/01/2025 , the date when this request was sent (or 90 days if it was sent outside the United States). If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date: 12/01/2025

/s/ Daniel M. Combs

*Signature of the attorney or unrepresented party*

Robert Gardner

*Printed name of party waiving service of summons*

Daniel M. Combs, First Assistant Attorney General

*Printed name*

Colorado Attorney General's Office
1300 Broadway
Denver, CO 80203

*Address*

Dan.Combs@coag.gov

*E-mail address*

(720) 508-6625

*Telephone number*

**Duty to Avoid Unnecessary Expenses of Serving a Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint. A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court. By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

AO 399 (01/09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT
for the
District of Colorado ▼

CHRISTOPER S.P. GREGORY )
*Plaintiff* )
v. ) Civil Action No. 1:25-cv-03361-DDD
COLO. JUD. DISCIPLINE RULEMAKING COMM. et al )
*Defendant* )

**WAIVER OF THE SERVICE OF SUMMONS**

To: Ingrid J. DeFranco
*(Name of the plaintiff's attorney or unrepresented plaintiff)*

I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from                 12/01/2025                , the date when this request was sent (or 90 days if it was sent outside the United States). If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date:        12/01/2025                           /s/ Daniel M. Combs
                                        *Signature of the attorney or unrepresented party*

            Sara Garrido              Daniel M. Combs, First Assistant Attorney General
*Printed name of party waiving service of summons*                *Printed name*
                                        Colorado Attorney General's Office
                                        1300 Broadway
                                        Denver, CO 80203
                                        *Address*

                                        Dan.Combs@coag.gov
                                        *E-mail address*

                                        (720) 508-6625
                                        *Telephone number*

---

**Duty to Avoid Unnecessary Expenses of Serving a Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint. A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court. By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

AO 399 (01/09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT

for the

District of Colorado   ▼

CHRISTOPER S.P. GREGORY

*Plaintiff*

v.

COLO. JUD. DISCIPLINE RULEMAKING COMM. et al

*Defendant*

)
)
)
)
)
)

Civil Action No.  1:25-cv-03361-DDD

## WAIVER OF THE SERVICE OF SUMMONS

To:  Ingrid J. DeFranco

*(Name of the plaintiff's attorney or unrepresented plaintiff)*

I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from                12/01/2025               , the date when this request was sent (or 90 days if it was sent outside the United States).  If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date:       12/01/2025

Kirsten Grooms

*Printed name of party waiving service of summons*

/s/ Daniel M. Combs

*Signature of the attorney or unrepresented party*

Daniel M. Combs, First Assistant Attorney General

*Printed name*

Colorado Attorney General's Office
1300 Broadway
Denver, CO 80203

*Address*

Dan.Combs@coag.gov

*E-mail address*

(720) 508-6625

*Telephone number*

**Duty to Avoid Unnecessary Expenses of Serving a Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint.  A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court.  By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

AO 399 (01/09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT
for the

District of Colorado ☐ ▼

CHRISTOPER S.P. GREGORY )
*Plaintiff* )
v. ) Civil Action No. 1:25-cv-03361-DDD
COLO. JUD. DISCIPLINE RULEMAKING COMM. et al )
*Defendant* )

## WAIVER OF THE SERVICE OF SUMMONS

To:  Ingrid J. DeFranco
     *(Name of the plaintiff's attorney or unrepresented plaintiff)*

     I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

     I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

     I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

     I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from 12/01/2025 , the date when this request was sent (or 90 days if it was sent outside the United States).  If I fail to do so, a default judgment will be entered against me or the entity I represent.


Date:  12/01/2025

                                          /s/ Daniel M. Combs
                                *Signature of the attorney or unrepresented party*

          James Hartmann               Daniel M. Combs, First Assistant Attorney General
*Printed name of party waiving service of summons*      *Printed name*
                                  Colorado Attorney General's Office
                                  1300 Broadway
                                  Denver, CO 80203

                                  *Address*

                              Dan.Combs@coag.gov
                                *E-mail address*

                              (720) 508-6625
                                *Telephone number*

**Duty to Avoid Unnecessary Expenses of Serving a Summons**

     Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint.  A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

     "Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

     If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

     If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court.  By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

AO 399 (01/09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT
for the

District of Colorado  ▼

| | |
|---|---|
| CHRISTOPER S.P. GREGORY | ) |
| *Plaintiff* | ) |
| v. | ) |
| COLO. JUD. DISCIPLINE RULEMAKING COMM. et al | ) |
| *Defendant* | ) |

Civil Action No. 1:25-cv-03361-DDD

## WAIVER OF THE SERVICE OF SUMMONS

To:  Ingrid J. DeFranco
*(Name of the plaintiff's attorney or unrepresented plaintiff)*

I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from         12/01/2025         , the date when this request was sent (or 90 days if it was sent outside the United States).  If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date:     12/01/2025

/s/ Daniel M. Combs
*Signature of the attorney or unrepresented party*

Amanda Hollander
*Printed name of party waiving service of summons*

Daniel M. Combs, First Assistant Attorney General
*Printed name*
Colorado Attorney General's Office
1300 Broadway
Denver, CO 80203
*Address*

Dan.Combs@coag.gov
*E-mail address*

(720) 508-6625
*Telephone number*

**Duty to Avoid Unnecessary Expenses of Serving a Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint.  A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court.  By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

AO 399 (01/09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT

for the

District of Colorado  ▼

Christopher S.P. Gregory )
_____ )
*Plaintiff* )
)
v. )  Civil Action No. 1:25-cv-03361-DDD
)
Colorado Jud. Discipline Rulemaking Committee, et al. )
_____ )
*Defendant* )

## WAIVER OF THE SERVICE OF SUMMONS

To:     Ingrid J. DeFranco
_____
*(Name of the plaintiff's attorney or unrepresented plaintiff)*

I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from            Dec. 1, 2025            , the date when this request was sent (or 90 days if it was sent outside the United States).  If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date:   Dec. 1, 2025

/s/ Daniel M. Combs
_____
*Signature of the attorney or unrepresented party*

Maria E. Berkenkotter
_____
*Printed name of party waiving service of summons*

Daniel M. Combs, First Assistant Attorney General
_____
*Printed name*

Colorado Attorney General's Office
1300 Broadway, 10th Floor
Denver, CO 80203
_____
*Address*

Dan.Combs@coag.gov
_____
*E-mail address*

720-508-6625
_____
*Telephone number*

---

**Duty to Avoid Unnecessary Expenses of Serving a Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint.  A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court.  By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

AO 399 (01/09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT

for the

District of Colorado

| | | |
|---|---|---|
| Christopher S.P. Gregory | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 1:25-cv-03361-DDD |
| Colorado Jud. Discipline Rulemaking Committee, et al. | ) | |
| *Defendant* | ) | |

## WAIVER OF THE SERVICE OF SUMMONS

To: __Ingrid J. DeFranco__
      *(Name of the plaintiff's attorney or unrepresented plaintiff)*

I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from __Dec. 1, 2025__, the date when this request was sent (or 90 days if it was sent outside the United States). If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date: __Dec. 1, 2025__

                  /s/ Daniel M. Combs
              *Signature of the attorney or unrepresented party*

__Brian D. Boatright__
*Printed name of party waiving service of summons*

      Daniel M. Combs, First Assistant Attorney General
                 *Printed name*

      Colorado Attorney General's Office
      1300 Broadway, 10th Floor
      Denver, CO 80203
                 *Address*

      Dan.Combs@coag.gov
               *E-mail address*

      720-508-6625
               *Telephone number*

**Duty to Avoid Unnecessary Expenses of Serving a Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint. A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court. By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

AO 399 (01/09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT

for the

District of Colorado ▼

Christopher S.P. Gregory )
_____ )
*Plaintiff* )
v. ) Civil Action No. 1:25-cv-03361-DDD
Colorado Jud. Discipline Rulemaking Committee, et al. )
_____ )
*Defendant* )

## WAIVER OF THE SERVICE OF SUMMONS

To: Ingrid J. DeFranco
_____
*(Name of the plaintiff's attorney or unrepresented plaintiff)*

I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from _____Dec. 1, 2025_____, the date when this request was sent (or 90 days if it was sent outside the United States).  If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date: Dec. 1, 2025

Richard L. Gabriel
_____
*Printed name of party waiving service of summons*

/s/ Daniel M. Combs
_____
*Signature of the attorney or unrepresented party*

Daniel M. Combs, First Assistant Attorney General
_____
*Printed name*

Colorado Attorney General's Office
1300 Broadway, 10th Floor
Denver, CO 80203
_____
*Address*

Dan.Combs@coag.gov
_____
*E-mail address*

720-508-6625
_____
*Telephone number*

**Duty to Avoid Unnecessary Expenses of Serving a Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint.  A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court.  By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

AO 399 (01/09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT

for the

District of Colorado ▼

| | |
|---|---|
| Christopher S.P. Gregory | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 1:25-cv-03361-DDD |
| Colorado Jud. Discipline Rulemaking Committee, et al. | ) |
| *Defendant* | ) |

## WAIVER OF THE SERVICE OF SUMMONS

To: Ingrid J. DeFranco

*(Name of the plaintiff's attorney or unrepresented plaintiff)*

I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from        Dec. 1, 2025        , the date when this request was sent (or 90 days if it was sent outside the United States).  If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date: Dec. 1, 2025

/s/ Daniel M. Combs

*Signature of the attorney or unrepresented party*

Melissa Hart

*Printed name of party waiving service of summons*

Daniel M. Combs, First Assistant Attorney General

*Printed name*

Colorado Attorney General's Office
1300 Broadway, 10th Floor
Denver, CO 80203

*Address*

Dan.Combs@coag.gov

*E-mail address*

720-508-6625

*Telephone number*

---

**Duty to Avoid Unnecessary Expenses of Serving a Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint.  A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court.  By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

AO 399 (01/09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT
### for the
### District of Colorado    [▼]

| | |
|---|---|
| Christopher S.P. Gregory | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 1:25-cv-03361-DDD |
| Colorado Jud. Discipline Rulemaking Committee, et al. | ) |
| *Defendant* | ) |

## WAIVER OF THE SERVICE OF SUMMONS

To:  ___Ingrid J. DeFranco_____

*(Name of the plaintiff's attorney or unrepresented plaintiff)*

I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from ___Dec. 1, 2025___, the date when this request was sent (or 90 days if it was sent outside the United States). If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date:  ___Dec. 1, 2025___

___William W. Hood, III___

*Printed name of party waiving service of summons*

/s/ Daniel M. Combs

*Signature of the attorney or unrepresented party*

Daniel M. Combs, First Assistant Attorney General

*Printed name*

Colorado Attorney General's Office
1300 Broadway, 10th Floor
Denver, CO 80203

*Address*

Dan.Combs@coag.gov

*E-mail address*

720-508-6625

*Telephone number*

---

### Duty to Avoid Unnecessary Expenses of Serving a Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint. A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court. By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

AO 399 (01/09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT
### for the
District of Colorado ▼

| | | |
|---|---|---|
| Christopher S.P. Gregory | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.  1:25-cv-03361-DDD |
| Colorado Jud. Discipline Rulemaking Committee, et al. | ) | |
| *Defendant* | ) | |

## WAIVER OF THE SERVICE OF SUMMONS

To:   Ingrid J. DeFranco

*(Name of the plaintiff's attorney or unrepresented plaintiff)*

I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from           Dec. 1, 2025          , the date when this request was sent (or 90 days if it was sent outside the United States).  If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date:   Dec. 1, 2025

Carlos A. Samour, Jr.

*Printed name of party waiving service of summons*

/s/ Daniel M. Combs

*Signature of the attorney or unrepresented party*

Daniel M. Combs, First Assistant Attorney General

*Printed name*

Colorado Attorney General's Office
1300 Broadway, 10th Floor
Denver, CO 80203

*Address*

Dan.Combs@coag.gov

*E-mail address*

720-508-6625

*Telephone number*

---

**Duty to Avoid Unnecessary Expenses of Serving a Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint.  A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court.  By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

AO 399 (01/09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT

for the

District of Colorado  ▾

CHRISTOPER S.P. GREGORY

*Plaintiff*

v.

COLO. JUD. DISCIPLINE RULEMAKING COMM. et al

*Defendant*

)
)
)
)
)
)

Civil Action No. 1:25-cv-03361-DDD

## WAIVER OF THE SERVICE OF SUMMONS

To: Ingrid J. DeFranco

*(Name of the plaintiff's attorney or unrepresented plaintiff)*

I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from                 12/01/2025                 , the date when this request was sent (or 90 days if it was sent outside the United States).  If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date:        12/01/2025

Alison Kyles

*Printed name of party waiving service of summons*

/s/ Daniel M. Combs

*Signature of the attorney or unrepresented party*

Daniel M. Combs, First Assistant Attorney General

*Printed name*

Colorado Attorney General's Office
1300 Broadway
Denver, CO 80203

*Address*

Dan.Combs@coag.gov

*E-mail address*

(720) 508-6625

*Telephone number*

**Duty to Avoid Unnecessary Expenses of Serving a Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint.  A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court.  By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

AO 399 (01/09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT
for the

District of Colorado  ▼

CHRISTOPER S.P. GREGORY )
*Plaintiff* )
)
v. ) Civil Action No. 1:25-cv-03361-DDD
COLO. JUD. DISCIPLINE RULEMAKING COMM. et al )
*Defendant* )
)

## WAIVER OF THE SERVICE OF SUMMONS

To: Ingrid J. DeFranco
*(Name of the plaintiff's attorney or unrepresented plaintiff)*

I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from _____12/01/2025_____, the date when this request was sent (or 90 days if it was sent outside the United States). If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date: ____12/01/2025____          /s/ Daniel M. Combs
                                   *Signature of the attorney or unrepresented party*

Bryon Large                        Daniel M. Combs, First Assistant Attorney General
*Printed name of party waiving service of summons*   *Printed name*
                                   Colorado Attorney General's Office
                                   1300 Broadway
                                   Denver, CO 80203
                                   *Address*

                                   Dan.Combs@coag.gov
                                   *E-mail address*

                                   (720) 508-6625
                                   *Telephone number*

**Duty to Avoid Unnecessary Expenses of Serving a Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint. A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court. By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

AO 399 (01/09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT
for the

District of Colorado ▾

| | | |
|---|---|---|
| CHRISTOPER S.P. GREGORY | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 1:25-cv-03361-DDD |
| COLO. JUD. DISCIPLINE RULEMAKING COMM. et al | ) | |
| *Defendant* | ) | |

## WAIVER OF THE SERVICE OF SUMMONS

To: Ingrid J. DeFranco
_____
*(Name of the plaintiff's attorney or unrepresented plaintiff)*

I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from _____12/01/2025_____, the date when this request was sent (or 90 days if it was sent outside the United States). If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date:     12/01/2025

Anne Mangiardi
*Printed name of party waiving service of summons*

/s/ Daniel M. Combs
*Signature of the attorney or unrepresented party*

Daniel M. Combs, First Assistant Attorney General
*Printed name*
Colorado Attorney General's Office
1300 Broadway
Denver, CO 80203
*Address*

Dan.Combs@coag.gov
*E-mail address*

(720) 508-6625
*Telephone number*

**Duty to Avoid Unnecessary Expenses of Serving a Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint. A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court. By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

AO 399 (01/09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT
for the
District of Colorado ▾

CHRISTOPER S.P. GREGORY ) 
*Plaintiff* )
v. ) Civil Action No. 1:25-cv-03361-DDD
COLO. JUD. DISCIPLINE RULEMAKING COMM. et al )
*Defendant* )

## WAIVER OF THE SERVICE OF SUMMONS

To: Ingrid J. DeFranco
*(Name of the plaintiff's attorney or unrepresented plaintiff)*

I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from 12/01/2025 , the date when this request was sent (or 90 days if it was sent outside the United States). If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date: 12/01/2025

/s/ Daniel M. Combs
*Signature of the attorney or unrepresented party*

Bonnie McLean
*Printed name of party waiving service of summons*

Daniel M. Combs, First Assistant Attorney General
*Printed name*
Colorado Attorney General's Office
1300 Broadway
Denver, CO 80203
*Address*

Dan.Combs@coag.gov
*E-mail address*

(720) 508-6625
*Telephone number*

**Duty to Avoid Unnecessary Expenses of Serving a Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint. A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court. By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

AO 399 (01/09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT
for the

District of Colorado    ▼

CHRISTOPER S.P. GREGORY )
*Plaintiff* )
)
v. ) Civil Action No.  1:25-cv-03361-DDD
COLO. JUD. DISCIPLINE RULEMAKING COMM. et al )
*Defendant* )

## WAIVER OF THE SERVICE OF SUMMONS

To:  Ingrid J. DeFranco
*(Name of the plaintiff's attorney or unrepresented plaintiff)*

I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from                12/01/2025              , the date when this request was sent (or 90 days if it was sent outside the United States).  If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date:       12/01/2025                                                /s/ Daniel M. Combs
                                                                      *Signature of the attorney or unrepresented party*

Colleen McManamon                      Daniel M. Combs, First Assistant Attorney General
*Printed name of party waiving service of summons*                    *Printed name*
                                       Colorado Attorney General's Office
                                       1300 Broadway
                                       Denver, CO 80203
                                       *Address*

                                       Dan.Combs@coag.gov
                                       *E-mail address*

                                       (720) 508-6625
                                       *Telephone number*

**Duty to Avoid Unnecessary Expenses of Serving a Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint.  A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court.  By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

AO 399 (01/09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT

for the

District of Colorado   ▼

CHRISTOPER S.P. GREGORY ) 
*Plaintiff* )
)
v. ) Civil Action No. 1:25-cv-03361-DDD
)
COLO. JUD. DISCIPLINE RULEMAKING COMM. et al )
*Defendant* )

## WAIVER OF THE SERVICE OF SUMMONS

To: Ingrid J. DeFranco
    *(Name of the plaintiff's attorney or unrepresented plaintiff)*

I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from                  12/01/2025                  , the date when this request was sent (or 90 days if it was sent outside the United States).  If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date:      12/01/2025                                                                  /s/ Daniel M. Combs
                                                                  *Signature of the attorney or unrepresented party*

              Kristen Mix                          Daniel M. Combs, First Assistant Attorney General
*Printed name of party waiving service of summons*                *Printed name*
                                                        Colorado Attorney General's Office
                                                        1300 Broadway
                                                        Denver, CO 80203
                                                        *Address*

                                                        Dan.Combs@coag.gov
                                                        *E-mail address*

                                                        (720) 508-6625
                                                        *Telephone number*

**Duty to Avoid Unnecessary Expenses of Serving a Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint.  A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court.  By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

AO 399 (01/09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT

for the

District of Colorado  ▼

CHRISTOPER S.P. GREGORY ) 
*Plaintiff* )
 )
v. ) Civil Action No. 1:25-cv-03361-DDD
 )
COLO. JUD. DISCIPLINE RULEMAKING COMM. et al )
*Defendant* )

## WAIVER OF THE SERVICE OF SUMMONS

To:  Ingrid J. DeFranco

   *(Name of the plaintiff's attorney or unrepresented plaintiff)*

   I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

   I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

   I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

   I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from                 12/01/2025              , the date when this request was sent (or 90 days if it was sent outside the United States).  If I fail to do so, a default judgment will be entered against me or the entity I represent.


Date:        12/01/2025                                     /s/ Daniel M. Combs
                                                   *Signature of the attorney or unrepresented party*

               Reed Owens                 Daniel M. Combs, First Assistant Attorney General
*Printed name of party waiving service of summons*                   *Printed name*
                                        Colorado Attorney General's Office
                                                   1300 Broadway
                                                   Denver, CO 80203

                                                   *Address*

                                             Dan.Combs@coag.gov
                                                   *E-mail address*

                                                   (720) 508-6625
                                                   *Telephone number*

**Duty to Avoid Unnecessary Expenses of Serving a Summons**

   Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint.  A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

   "Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

   If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

   If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court.  By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

AO 399 (01/09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT
### for the
District of Colorado ▼

CHRISTOPER S.P. GREGORY )
*Plaintiff* )
)
v. ) Civil Action No. 1:25-cv-03361-DDD
COLO. JUD. DISCIPLINE RULEMAKING COMM. et al )
*Defendant* )

## WAIVER OF THE SERVICE OF SUMMONS

To: Ingrid J. DeFranco
*(Name of the plaintiff's attorney or unrepresented plaintiff)*

I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from 12/01/2025 , the date when this request was sent (or 90 days if it was sent outside the United States).  If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date: 12/01/2025                                              /s/ Daniel M. Combs
                                                 *Signature of the attorney or unrepresented party*

Meredith Patrick Cord                      Daniel M. Combs, First Assistant Attorney General
*Printed name of party waiving service of summons*                          *Printed name*
                                                    Colorado Attorney General's Office
                                                               1300 Broadway
                                                              Denver, CO 80203

                                                                 *Address*

                                                         Dan.Combs@coag.gov
                                                              *E-mail address*

                                                            (720) 508-6625
                                                           *Telephone number*

### Duty to Avoid Unnecessary Expenses of Serving a Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint.  A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court.  By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

AO 399 (01/09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT

for the

District of Colorado    ▼

CHRISTOPER S.P. GREGORY ) 
*Plaintiff* )
 )
v. ) Civil Action No. 1:25-cv-03361-DDD
 )
COLO. JUD. DISCIPLINE RULEMAKING COMM. et al )
*Defendant* )

## WAIVER OF THE SERVICE OF SUMMONS

To:  Ingrid J. DeFranco
     *(Name of the plaintiff's attorney or unrepresented plaintiff)*

I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from                 12/01/2025                , the date when this request was sent (or 90 days if it was sent outside the United States).  If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date:      12/01/2025                          /s/ Daniel M. Combs
                                     *Signature of the attorney or unrepresented party*

          Mary V. Sooter                  Daniel M. Combs, First Assistant Attorney General
*Printed name of party waiving service of summons*              *Printed name*
                                     Colorado Attorney General's Office
                                     1300 Broadway
                                     Denver, CO 80203

                                     *Address*

                                     Dan.Combs@coag.gov
                                     *E-mail address*

                                     (720) 508-6625
                                     *Telephone number*

### Duty to Avoid Unnecessary Expenses of Serving a Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint.  A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court.  By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

AO 399 (01/09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT
for the

District of Colorado    ▼

| | |
|---|---|
| CHRISTOPER S.P. GREGORY | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 1:25-cv-03361-DDD |
| COLO. JUD. DISCIPLINE RULEMAKING COMM. et al | ) |
| *Defendant* | ) |

## WAIVER OF THE SERVICE OF SUMMONS

To:  Ingrid J. DeFranco
　　　*(Name of the plaintiff's attorney or unrepresented plaintiff)*

　　　　I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

　　　　I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

　　　　I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

　　　　I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from　　　12/01/2025　　　, the date when this request was sent (or 90 days if it was sent outside the United States).  If I fail to do so, a default judgment will be entered against me or the entity I represent.


Date:　　12/01/2025　　　　　　　　　　　　　　　　　/s/ Daniel M. Combs
　　　　　　　　　　　　　　　　　　　　　　　　*Signature of the attorney or unrepresented party*

　　　Aubrey C. Sullivan　　　　　　　　　Daniel M. Combs, First Assistant Attorney General
*Printed name of party waiving service of summons*　　　　　*Printed name*
　　　　　　　　　　　　　　　　　　　　Colorado Attorney General's Office
　　　　　　　　　　　　　　　　　　　　　　1300 Broadway
　　　　　　　　　　　　　　　　　　　　　Denver, CO 80203

　　　　　　　　　　　　　　　　　　　　　　*Address*

　　　　　　　　　　　　　　　　　　　Dan.Combs@coag.gov
　　　　　　　　　　　　　　　　　　　*E-mail address*

　　　　　　　　　　　　　　　　　　　(720) 508-6625
　　　　　　　　　　　　　　　　　　*Telephone number*

---

**Duty to Avoid Unnecessary Expenses of Serving a Summons**

　　　　Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint.  A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

　　　　"Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

　　　　If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

　　　　If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court.  By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

AO 399 (01/09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT

for the

District of Colorado  ▾

| | |
|---|---|
| CHRISTOPER S.P. GREGORY | ) |
| *Plaintiff* | ) |
| v. | )   Civil Action No.  1:25-cv-03361-DDD |
| COLO. JUD. DISCIPLINE RULEMAKING COMM. et al | ) |
| *Defendant* | ) |

## WAIVER OF THE SERVICE OF SUMMONS

To:  Ingrid J. DeFranco
    *(Name of the plaintiff's attorney or unrepresented plaintiff)*

I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from     12/01/2025    , the date when this request was sent (or 90 days if it was sent outside the United States).  If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date:     12/01/2025

           /s/ Daniel M. Combs
           *Signature of the attorney or unrepresented party*

    Courtney Sutton
*Printed name of party waiving service of summons*

Daniel M. Combs, First Assistant Attorney General
*Printed name*
Colorado Attorney General's Office
1300 Broadway
Denver, CO 80203
*Address*

Dan.Combs@coag.gov
*E-mail address*

(720) 508-6625
*Telephone number*

---

**Duty to Avoid Unnecessary Expenses of Serving a Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint.  A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court.  By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

AO 399 (01/09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT
for the
District of Colorado  ▼

CHRISTOPER S.P. GREGORY )
*Plaintiff* )
)
v. ) Civil Action No.  1:25-cv-03361-DDD
COLO. JUD. DISCIPLINE RULEMAKING COMM. et al )
*Defendant* )

## WAIVER OF THE SERVICE OF SUMMONS

To:  Ingrid J. DeFranco
*(Name of the plaintiff's attorney or unrepresented plaintiff)*

I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from          12/01/2025          , the date when this request was sent (or 90 days if it was sent outside the United States).  If I fail to do so, a default judgment will be entered against me or the entity I represent.


Date:      12/01/2025                                    /s/ Daniel M. Combs
                                                *Signature of the attorney or unrepresented party*

Jeff Swanty                          Daniel M. Combs, First Assistant Attorney General
*Printed name of party waiving service of summons*              *Printed name*
                                      Colorado Attorney General's Office
                                              1300 Broadway
                                            Denver, CO 80203

                                                *Address*

                                          Dan.Combs@coag.gov
                                              *E-mail address*

                                            (720) 508-6625
                                            *Telephone number*

---

**Duty to Avoid Unnecessary Expenses of Serving a Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint.  A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court.  By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

AO 399 (01/09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT

for the

District of Colorado ▼

CHRISTOPER S.P. GREGORY )
*Plaintiff* )
)
v. ) Civil Action No. 1:25-cv-03361-DDD
)
COLO. JUD. DISCIPLINE RULEMAKING COMM. et al )
*Defendant* )

## WAIVER OF THE SERVICE OF SUMMONS

To: Ingrid J. DeFranco
*(Name of the plaintiff's attorney or unrepresented plaintiff)*

I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from 12/01/2025 , the date when this request was sent (or 90 days if it was sent outside the United States). If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date: 12/01/2025                                  /s/ Daniel M. Combs
                                   *Signature of the attorney or unrepresented party*

Stefanie Trujillo                          Daniel M. Combs, First Assistant Attorney General
*Printed name of party waiving service of summons*                  *Printed name*
                                   Colorado Attorney General's Office
                                   1300 Broadway
                                   Denver, CO 80203
                                   *Address*

                                   Dan.Combs@coag.gov
                                   *E-mail address*

                                   (720) 508-6625
                                   *Telephone number*

---

**Duty to Avoid Unnecessary Expenses of Serving a Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint. A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court. By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

# UNITED STATES DISTRICT COURT

for the

District of Colorado    ▼

CHRISTOPER S.P. GREGORY ) 
_____
*Plaintiff* )
v. )   Civil Action No.  1:25-cv-03361-DDD
COLO. JUD. DISCIPLINE RULEMAKING COMM. et al )
_____
*Defendant* )

## WAIVER OF THE SERVICE OF SUMMONS

To:  Ingrid J. DeFranco
_____
*(Name of the plaintiff's attorney or unrepresented plaintiff)*

I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from        12/01/2025        , the date when this request was sent (or 90 days if it was sent outside the United States).  If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date:      12/01/2025          /s/ Daniel M. Combs
_____    _____
*Signature of the attorney or unrepresented party*

Mariana Vielma       Daniel M. Combs, First Assistant Attorney General
_____    _____
*Printed name of party waiving service of summons*     *Printed name*
Colorado Attorney General's Office
1300 Broadway
Denver, CO 80203
_____
*Address*

Dan.Combs@coag.gov
_____
*E-mail address*

(720) 508-6625
_____
*Telephone number*

**Duty to Avoid Unnecessary Expenses of Serving a Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint.  A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court.  By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

AO 399 (01/09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT

for the

District of Colorado    ▼

| | | |
|---|---|---|
| CHRISTOPER S.P. GREGORY | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 1:25-cv-03361-DDD |
| COLO. JUD. DISCIPLINE RULEMAKING COMM. et al | ) | |
| *Defendant* | ) | |

## WAIVER OF THE SERVICE OF SUMMONS

To:  Ingrid J. DeFranco
 *(Name of the plaintiff's attorney or unrepresented plaintiff)*

   I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

   I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

   I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

   I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from             12/01/2025            , the date when this request was sent (or 90 days if it was sent outside the United States).  If I fail to do so, a default judgment will be entered against me or the entity I represent.


Date:     12/01/2025                                    /s/ Daniel M. Combs
                                                *Signature of the attorney or unrepresented party*

             Vincente Vigil                       Daniel M. Combs, First Assistant Attorney General
*Printed name of party waiving service of summons*                    *Printed name*
                                              Colorado Attorney General's Office
                                                    1300 Broadway
                                                   Denver, CO 80203

                                                       *Address*

                                                  Dan.Combs@coag.gov
                                                   *E-mail address*

                                                   (720) 508-6625
                                                  *Telephone number*

**Duty to Avoid Unnecessary Expenses of Serving a Summons**

   Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint.  A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

   "Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

   If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

   If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court.  By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

# UNITED STATES DISTRICT COURT

for the

District of Colorado ☐

CHRISTOPER S.P. GREGORY ) 
*Plaintiff* )
)
v. ) Civil Action No.  1:25-cv-03361-DDD
)
COLO. JUD. DISCIPLINE RULEMAKING COMM. et al )
*Defendant* )

## WAIVER OF THE SERVICE OF SUMMONS

To: Ingrid J. DeFranco
 *(Name of the plaintiff's attorney or unrepresented plaintiff)*

 I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

 I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

 I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

 I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from             12/01/2025            , the date when this request was sent (or 90 days if it was sent outside the United States).  If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date:       12/01/2025                                                      /s/ Daniel M. Combs
                                                                *Signature of the attorney or unrepresented party*

               Jeffrey M. Walsh                          Daniel M. Combs, First Assistant Attorney General
 *Printed name of party waiving service of summons*                          *Printed name*
                                                            Colorado Attorney General's Office
                                                                    1300 Broadway
                                                                   Denver, CO 80203

                                                                      *Address*

                                                              Dan.Combs@coag.gov
                                                                  *E-mail address*

                                                               (720) 508-6625
                                                                 *Telephone number*

### Duty to Avoid Unnecessary Expenses of Serving a Summons

 Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint.  A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

 "Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

 If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

 If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court.  By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

AO 399 (01/09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT
for the

District of Colorado  ▾

CHRISTOPER S.P. GREGORY
_____
*Plaintiff*

v.

COLO. JUD. DISCIPLINE RULEMAKING COMM. et al
_____
*Defendant*

)
)
)
)
)
)

Civil Action No.  1:25-cv-03361-DDD

## WAIVER OF THE SERVICE OF SUMMONS

To:  Ingrid J. DeFranco
_____
*(Name of the plaintiff's attorney or unrepresented plaintiff)*

I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from             12/01/2025            , the date when this request was sent (or 90 days if it was sent outside the United States).  If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date:      12/01/2025

/s/ Daniel M. Combs
_____
*Signature of the attorney or unrepresented party*

Emily Tofte Nestaval
_____
*Printed name of party waiving service of summons*

Daniel M. Combs, First Assistant Attorney General
_____
*Printed name*
Colorado Attorney General's Office
1300 Broadway
Denver, CO 80203
_____
*Address*

Dan.Combs@coag.gov
_____
*E-mail address*

(720) 508-6625
_____
*Telephone number*

### Duty to Avoid Unnecessary Expenses of Serving a Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint.  A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court.  By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

AO 399 (01/09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT

for the

District of Colorado ☐ ▾

| | |
|---|---|
| CHRISTOPER S.P. GREGORY | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No.  1:25-cv-03361-DDD |
| COLO. JUD. DISCIPLINE RULEMAKING COMM. et al | ) |
| *Defendant* | ) |

## WAIVER OF THE SERVICE OF SUMMONS

To:  Ingrid J. DeFranco

*(Name of the plaintiff's attorney or unrepresented plaintiff)*

I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from           12/01/2025           , the date when this request was sent (or 90 days if it was sent outside the United States).  If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date:       12/01/2025

David Beller
*Printed name of party waiving service of summons*

/s/ Daniel M. Combs
*Signature of the attorney or unrepresented party*

Daniel M. Combs, First Assistant Attorney General
*Printed name*
Colorado Attorney General's Office
1300 Broadway
Denver, CO 80203
*Address*

Dan.Combs@coag.gov
*E-mail address*

(720) 508-6625
*Telephone number*

**Duty to Avoid Unnecessary Expenses of Serving a Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint.  A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court.  By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

AO 399 (01/09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT
### for the
District of Colorado    ▼

CHRISTOPER S.P. GREGORY )
*Plaintiff* )
v. )    Civil Action No. 1:25-cv-03361-DDD
COLO. JUD. DISCIPLINE RULEMAKING COMM. et al )
*Defendant* )

## WAIVER OF THE SERVICE OF SUMMONS

To:  Ingrid J. DeFranco
    *(Name of the plaintiff's attorney or unrepresented plaintiff)*

I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from     12/01/2025    , the date when this request was sent (or 90 days if it was sent outside the United States).  If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date:     12/01/2025   

    /s/ Daniel M. Combs
    *Signature of the attorney or unrepresented party*

    Jill Brady
*Printed name of party waiving service of summons*

Daniel M. Combs, First Assistant Attorney General
*Printed name*
Colorado Attorney General's Office
1300 Broadway
Denver, CO 80203
*Address*

Dan.Combs@coag.gov
*E-mail address*

(720) 508-6625
*Telephone number*

### Duty to Avoid Unnecessary Expenses of Serving a Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint.  A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court.  By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

AO 399 (01/09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT
### for the
### District of Colorado    ▼

Christopher S.P. Gregory )
_____ )
*Plaintiff* )
v. ) Civil Action No. 1:25-cv-03361-DDD
Colorado Jud. Discipline Rulemaking Committee, et al. )
_____ )
*Defendant* )

## WAIVER OF THE SERVICE OF SUMMONS

To:    Ingrid J. DeFranco
       _____
       *(Name of the plaintiff's attorney or unrepresented plaintiff)*

I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from _____Dec. 1, 2025_____, the date when this request was sent (or 90 days if it was sent outside the United States). If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date:  Dec. 1, 2025                                   /s/ Daniel M. Combs
       _____                   _____
                                                    *Signature of the attorney or unrepresented party*

       Monica M. Márquez                          Daniel M. Combs, First Assistant Attorney General
       _____                   _____
       *Printed name of party waiving service of summons*          *Printed name*

                                                    Colorado Attorney General's Office
                                                    1300 Broadway
                                                    Denver, CO 80203
                                                    _____
                                                    *Address*

                                                    Dan.Combs@coag.gov
                                                    _____
                                                    *E-mail address*

                                                    720-508-6625
                                                    _____
                                                    *Telephone number*

### Duty to Avoid Unnecessary Expenses of Serving a Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint. A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court. By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

AO 399 (01/09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT
for the

District of Colorado ▾

CHRISTOPER S.P. GREGORY
_____
*Plaintiff*

v.

COLO. JUD. DISCIPLINE RULEMAKING COMM. et al
_____
*Defendant*

)
)
)
)
)
)

Civil Action No.  1:25-cv-03361-DDD

## WAIVER OF THE SERVICE OF SUMMONS

To:  Ingrid J. DeFranco
_____
*(Name of the plaintiff's attorney or unrepresented plaintiff)*

I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from          12/01/2025          , the date when this request was sent (or 90 days if it was sent outside the United States).  If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date:      12/01/2025

Gina Cannan
_____
*Printed name of party waiving service of summons*

/s/ Daniel M. Combs
_____
*Signature of the attorney or unrepresented party*

Daniel M. Combs, First Assistant Attorney General
*Printed name*
Colorado Attorney General's Office
1300 Broadway
Denver, CO 80203
_____
*Address*

Dan.Combs@coag.gov
_____
*E-mail address*

(720) 508-6625
_____
*Telephone number*

**Duty to Avoid Unnecessary Expenses of Serving a Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint.  A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court.  By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

AO 399 (01/09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT
for the
District of Colorado ▾

| | |
|---|---|
| CHRISTOPER S.P. GREGORY | ) |
| *Plaintiff* | ) |
| v. | ) |
| COLO. JUD. DISCIPLINE RULEMAKING COMM. et al | ) |
| *Defendant* | ) |

Civil Action No. 1:25-cv-03361-DDD

## WAIVER OF THE SERVICE OF SUMMONS

To: Ingrid J. DeFranco
*(Name of the plaintiff's attorney or unrepresented plaintiff)*

I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from _____12/01/2025_____, the date when this request was sent (or 90 days if it was sent outside the United States). If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date: _____12/01/2025_____     _____/s/ Daniel M. Combs_____
*Signature of the attorney or unrepresented party*

James Carpenter     Daniel M. Combs, First Assistant Attorney General
*Printed name of party waiving service of summons*     *Printed name*
Colorado Attorney General's Office
1300 Broadway
Denver, CO 80203
*Address*

Dan.Combs@coag.gov
*E-mail address*

(720) 508-6625
*Telephone number*

### Duty to Avoid Unnecessary Expenses of Serving a Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint. A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court. By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

AO 399 (01/09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT

for the

District of Colorado  ▾

CHRISTOPER S.P. GREGORY )
_____
*Plaintiff* )
)
v. ) Civil Action No. 1:25-cv-03361-DDD
COLO. JUD. DISCIPLINE RULEMAKING COMM. et al )
_____
*Defendant* )

## WAIVER OF THE SERVICE OF SUMMONS

To: Ingrid J. DeFranco
_____
*(Name of the plaintiff's attorney or unrepresented plaintiff)*

    I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

    I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

    I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

    I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from    12/01/2025   , the date when this request was sent (or 90 days if it was sent outside the United States). If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date:    12/01/2025                         /s/ Daniel M. Combs
                                              *Signature of the attorney or unrepresented party*

             Nancy Cohen                   Daniel M. Combs, First Assistant Attorney General
*Printed name of party waiving service of summons*               *Printed name*
                                    Colorado Attorney General's Office
                                           1300 Broadway
                                          Denver, CO 80203
                                              *Address*

                                        Dan.Combs@coag.gov
                                              *E-mail address*

                                        (720) 508-6625
                                             *Telephone number*

**Duty to Avoid Unnecessary Expenses of Serving a Summons**

    Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint. A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

    "Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

    If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

    If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court. By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

AO 399 (01/09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT
for the

District of Colorado ☐ ▼

| | | |
|---|---|---|
| CHRISTOPER S.P. GREGORY | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 1:25-cv-03361-DDD |
| COLO. JUD. DISCIPLINE RULEMAKING COMM. et al | ) | |
| *Defendant* | ) | |

## WAIVER OF THE SERVICE OF SUMMONS

To: Ingrid J. DeFranco

*(Name of the plaintiff's attorney or unrepresented plaintiff)*

I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from ___12/01/2025___, the date when this request was sent (or 90 days if it was sent outside the United States). If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date: ___12/01/2025___

_____/s/ Daniel M. Combs_____
*Signature of the attorney or unrepresented party*

_____Robert Gardner_____
*Printed name of party waiving service of summons*

Daniel M. Combs, First Assistant Attorney General
*Printed name*
Colorado Attorney General's Office
1300 Broadway
Denver, CO 80203
*Address*

Dan.Combs@coag.gov
*E-mail address*

(720) 508-6625
*Telephone number*

**Duty to Avoid Unnecessary Expenses of Serving a Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint. A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court. By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

AO 399 (01/09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT

for the

District of Colorado  ▾

CHRISTOPER S.P. GREGORY )
*Plaintiff* )
)
v. ) Civil Action No. 1:25-cv-03361-DDD
COLO. JUD. DISCIPLINE RULEMAKING COMM. et al )
*Defendant* )

## WAIVER OF THE SERVICE OF SUMMONS

To: Ingrid J. DeFranco
*(Name of the plaintiff's attorney or unrepresented plaintiff)*

I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from          12/01/2025          , the date when this request was sent (or 90 days if it was sent outside the United States).  If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date:     12/01/2025                          /s/ Daniel M. Combs
                                       *Signature of the attorney or unrepresented party*

Sara Garrido                     Daniel M. Combs, First Assistant Attorney General
*Printed name of party waiving service of summons*              *Printed name*
                                  Colorado Attorney General's Office
                                  1300 Broadway
                                  Denver, CO 80203

                                       *Address*

                                  Dan.Combs@coag.gov
                                  *E-mail address*

                                  (720) 508-6625
                                  *Telephone number*

**Duty to Avoid Unnecessary Expenses of Serving a Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint.  A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court.  By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

AO 399 (01/09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT
for the
District of Colorado   ▾

CHRISTOPER S.P. GREGORY
*Plaintiff*
v.
COLO. JUD. DISCIPLINE RULEMAKING COMM. et al
*Defendant*

)
)
)   Civil Action No. 1:25-cv-03361-DDD
)
)

**WAIVER OF THE SERVICE OF SUMMONS**

To:  Ingrid J. DeFranco
*(Name of the plaintiff's attorney or unrepresented plaintiff)*

I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from 12/01/2025, the date when this request was sent (or 90 days if it was sent outside the United States).  If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date: 12/01/2025

Kirsten Grooms
*Printed name of party waiving service of summons*

/s/ Daniel M. Combs
*Signature of the attorney or unrepresented party*

Daniel M. Combs, First Assistant Attorney General
*Printed name*
Colorado Attorney General's Office
1300 Broadway
Denver, CO 80203
*Address*

Dan.Combs@coag.gov
*E-mail address*

(720) 508-6625
*Telephone number*

**Duty to Avoid Unnecessary Expenses of Serving a Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint.  A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court.  By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

AO 399 (01/09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT

for the

District of Colorado ▾

CHRISTOPER S.P. GREGORY )
*Plaintiff* )
)
v. ) Civil Action No. 1:25-cv-03361-DDD
)
COLO. JUD. DISCIPLINE RULEMAKING COMM. et al )
*Defendant* )

## WAIVER OF THE SERVICE OF SUMMONS

To: Ingrid J. DeFranco

*(Name of the plaintiff's attorney or unrepresented plaintiff)*

I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from                12/01/2025                , the date when this request was sent (or 90 days if it was sent outside the United States).  If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date:        12/01/2025                                 /s/ Daniel M. Combs
                                                                                                *Signature of the attorney or unrepresented party*

                    James Hartmann                    Daniel M. Combs, First Assistant Attorney General
        *Printed name of party waiving service of summons*                    *Printed name*
                                                                                        Colorado Attorney General's Office
                                                                                        1300 Broadway
                                                                                        Denver, CO 80203

                                                                                        *Address*

                                                                                        Dan.Combs@coag.gov
                                                                                                *E-mail address*

                                                                                        (720) 508-6625
                                                                                                *Telephone number*

**Duty to Avoid Unnecessary Expenses of Serving a Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint.  A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court.  By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

AO 399 (01/09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT

for the

District of Colorado ☐

| | | |
|---|---|---|
| CHRISTOPER S.P. GREGORY | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 1:25-cv-03361-DDD |
| COLO. JUD. DISCIPLINE RULEMAKING COMM. et al | ) | |
| *Defendant* | ) | |

## WAIVER OF THE SERVICE OF SUMMONS

To: Ingrid J. DeFranco

*(Name of the plaintiff's attorney or unrepresented plaintiff)*

I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from            12/01/2025            , the date when this request was sent (or 90 days if it was sent outside the United States).  If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date:     12/01/2025                              /s/ Daniel M. Combs

                                             *Signature of the attorney or unrepresented party*

          Amanda Hollander                 Daniel M. Combs, First Assistant Attorney General
*Printed name of party waiving service of summons*                  *Printed name*
                                      Colorado Attorney General's Office
                                             1300 Broadway
                                             Denver, CO 80203

                                                *Address*

                                          Dan.Combs@coag.gov

                                             *E-mail address*

                                             (720) 508-6625

                                             *Telephone number*

**Duty to Avoid Unnecessary Expenses of Serving a Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint.  A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court.  By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

AO 399 (01/09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT
for the
District of Colorado   ▼

| | |
|---|---|
| Christopher S.P. Gregory | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 1:25-cv-03361-DDD |
| Colorado Jud. Discipline Rulemaking Committee, et al. | ) |
| *Defendant* | ) |

## WAIVER OF THE SERVICE OF SUMMONS

To:   Ingrid J. DeFranco

*(Name of the plaintiff's attorney or unrepresented plaintiff)*

I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from   Dec. 1, 2025  , the date when this request was sent (or 90 days if it was sent outside the United States). If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date:   Dec. 1, 2025

/s/ Daniel M. Combs

*Signature of the attorney or unrepresented party*

Maria E. Berkenkotter

*Printed name of party waiving service of summons*

Daniel M. Combs, First Assistant Attorney General

*Printed name*

Colorado Attorney General's Office
1300 Broadway, 10th Floor
Denver, CO 80203

*Address*

Dan.Combs@coag.gov

*E-mail address*

720-508-6625

*Telephone number*

---

**Duty to Avoid Unnecessary Expenses of Serving a Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint. A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court. By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

AO 399 (01/09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT

for the

District of Colorado   ▼

| | | |
|---|---|---|
| Christopher S.P. Gregory | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 1:25-cv-03361-DDD |
| Colorado Jud. Discipline Rulemaking Committee, et al. | ) | |
| *Defendant* | ) | |

## WAIVER OF THE SERVICE OF SUMMONS

To:   Ingrid J. DeFranco

   *(Name of the plaintiff's attorney or unrepresented plaintiff)*

I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from   Dec. 1, 2025   , the date when this request was sent (or 90 days if it was sent outside the United States).  If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date:   Dec. 1, 2025

   Brian D. Boatright

*Printed name of party waiving service of summons*

/s/ Daniel M. Combs

*Signature of the attorney or unrepresented party*

Daniel M. Combs, First Assistant Attorney General

*Printed name*

Colorado Attorney General's Office
1300 Broadway, 10th Floor
Denver, CO 80203

*Address*

Dan.Combs@coag.gov

*E-mail address*

720-508-6625

*Telephone number*

---

**Duty to Avoid Unnecessary Expenses of Serving a Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint.  A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court.  By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

AO 399 (01/09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT
for the
District of Colorado    ▾

| | | |
|---|---|---|
| Christopher S.P. Gregory | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 1:25-cv-03361-DDD |
| Colorado Jud. Discipline Rulemaking Committee, et al. | ) | |
| *Defendant* | ) | |

## WAIVER OF THE SERVICE OF SUMMONS

To:    Ingrid J. DeFranco

*(Name of the plaintiff's attorney or unrepresented plaintiff)*

I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from         Dec. 1, 2025        , the date when this request was sent (or 90 days if it was sent outside the United States).  If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date:  Dec. 1, 2025

/s/ Daniel M. Combs

*Signature of the attorney or unrepresented party*

Richard L. Gabriel

Daniel M. Combs, First Assistant Attorney General

*Printed name of party waiving service of summons*

*Printed name*

Colorado Attorney General's Office
1300 Broadway, 10th Floor
Denver, CO 80203

*Address*

Dan.Combs@coag.gov

*E-mail address*

720-508-6625

*Telephone number*

---

**Duty to Avoid Unnecessary Expenses of Serving a Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint.  A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court.  By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

AO 399 (01/09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT

for the

District of Colorado ▼

| | | |
|---|---|---|
| Christopher S.P. Gregory | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 1:25-cv-03361-DDD |
| Colorado Jud. Discipline Rulemaking Committee, et al. | ) | |
| *Defendant* | ) | |

## WAIVER OF THE SERVICE OF SUMMONS

To:    Ingrid J. DeFranco
_____
     *(Name of the plaintiff's attorney or unrepresented plaintiff)*

I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from _____Dec. 1, 2025_____, the date when this request was sent (or 90 days if it was sent outside the United States). If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date:  Dec. 1, 2025
_____

Melissa Hart
_____
*Printed name of party waiving service of summons*

/s/ Daniel M. Combs
_____
*Signature of the attorney or unrepresented party*

Daniel M. Combs, First Assistant Attorney General
_____
*Printed name*

Colorado Attorney General's Office
1300 Broadway, 10th Floor
Denver, CO 80203
_____
*Address*

Dan.Combs@coag.gov
_____
*E-mail address*

720-508-6625
_____
*Telephone number*

**Duty to Avoid Unnecessary Expenses of Serving a Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint. A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court. By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

AO 399 (01/09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT
## for the
### District of Colorado ▼

| | |
|---|---|
| Christopher S.P. Gregory | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 1:25-cv-03361-DDD |
| Colorado Jud. Discipline Rulemaking Committee, et al. | ) |
| *Defendant* | ) |

## WAIVER OF THE SERVICE OF SUMMONS

To: Ingrid J. DeFranco
_____
*(Name of the plaintiff's attorney or unrepresented plaintiff)*

I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from Dec. 1, 2025, the date when this request was sent (or 90 days if it was sent outside the United States). If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date: Dec. 1, 2025

/s/ Daniel M. Combs
_____
*Signature of the attorney or unrepresented party*

William W. Hood, III

Daniel M. Combs, First Assistant Attorney General
_____
*Printed name of party waiving service of summons*

*Printed name*

Colorado Attorney General's Office
1300 Broadway, 10th Floor
Denver, CO 80203
_____
*Address*

Dan.Combs@coag.gov
_____
*E-mail address*

720-508-6625
_____
*Telephone number*

**Duty to Avoid Unnecessary Expenses of Serving a Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint. A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court. By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

AO 399 (01/09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT

for the

District of Colorado ▼

| | | |
|---|---|---|
| Christopher S.P. Gregory | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 1:25-cv-03361-DDD |
| Colorado Jud. Discipline Rulemaking Committee, et al. | ) | |
| *Defendant* | ) | |

## WAIVER OF THE SERVICE OF SUMMONS

To:     Ingrid J. DeFranco

*(Name of the plaintiff's attorney or unrepresented plaintiff)*

I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from            Dec. 1, 2025            , the date when this request was sent (or 90 days if it was sent outside the United States).  If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date:    Dec. 1, 2025

/s/ Daniel M. Combs

*Signature of the attorney or unrepresented party*

Carlos A. Samour, Jr.

Daniel M. Combs, First Assistant Attorney General

*Printed name of party waiving service of summons*

*Printed name*

Colorado Attorney General's Office
1300 Broadway, 10th Floor
Denver, CO 80203

*Address*

Dan.Combs@coag.gov

*E-mail address*

720-508-6625

*Telephone number*

---

**Duty to Avoid Unnecessary Expenses of Serving a Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint.  A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court.  By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

AO 399 (01/09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT

for the

District of Colorado  ▾

CHRISTOPER S.P. GREGORY )
*Plaintiff* )
 )
v. ) Civil Action No. 1:25-cv-03361-DDD
 )
COLO. JUD. DISCIPLINE RULEMAKING COMM. et al )
*Defendant* )

## WAIVER OF THE SERVICE OF SUMMONS

To: Ingrid J. DeFranco

*(Name of the plaintiff's attorney or unrepresented plaintiff)*

I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from                  12/01/2025                  , the date when this request was sent (or 90 days if it was sent outside the United States).  If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date:      12/01/2025                                      /s/ Daniel M. Combs
                                                                     *Signature of the attorney or unrepresented party*

                   Alison Kyles                              Daniel M. Combs, First Assistant Attorney General
*Printed name of party waiving service of summons*                        *Printed name*
                                                                     Colorado Attorney General's Office
                                                                     1300 Broadway
                                                                     Denver, CO 80203

                                                                     *Address*

                                                                     Dan.Combs@coag.gov
                                                                     *E-mail address*

                                                                     (720) 508-6625
                                                                     *Telephone number*

**Duty to Avoid Unnecessary Expenses of Serving a Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint.  A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court.  By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

AO 399 (01/09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT

for the

District of Colorado ▼

CHRISTOPER S.P. GREGORY )
*Plaintiff* )
  )
v. ) Civil Action No. 1:25-cv-03361-DDD
  )
COLO. JUD. DISCIPLINE RULEMAKING COMM. et al )
*Defendant* )

## WAIVER OF THE SERVICE OF SUMMONS

To:  Ingrid J. DeFranco
  *(Name of the plaintiff's attorney or unrepresented plaintiff)*

     I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

     I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

     I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

     I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from      12/01/2025     , the date when this request was sent (or 90 days if it was sent outside the United States).  If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date:     12/01/2025                    /s/ Daniel M. Combs
                                           *Signature of the attorney or unrepresented party*

               Bryon Large             Daniel M. Combs, First Assistant Attorney General
*Printed name of party waiving service of summons*         *Printed name*
                               Colorado Attorney General's Office
                               1300 Broadway
                              Denver, CO 80203
                                    *Address*

                           Dan.Combs@coag.gov
                                 *E-mail address*

                           (720) 508-6625
                                 *Telephone number*

### Duty to Avoid Unnecessary Expenses of Serving a Summons

     Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint.  A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

     "Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

     If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

     If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court.  By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

AO 399 (01/09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT
for the

District of Colorado ▾

CHRISTOPER S.P. GREGORY )
*Plaintiff* )
)
v. ) Civil Action No. 1:25-cv-03361-DDD
COLO. JUD. DISCIPLINE RULEMAKING COMM. et al )
*Defendant* )

## WAIVER OF THE SERVICE OF SUMMONS

To: Ingrid J. DeFranco
*(Name of the plaintiff's attorney or unrepresented plaintiff)*

I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from              12/01/2025              , the date when this request was sent (or 90 days if it was sent outside the United States).  If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date:      12/01/2025                          /s/ Daniel M. Combs
                                        *Signature of the attorney or unrepresented party*

             Anne Mangiardi                    Daniel M. Combs, First Assistant Attorney General
*Printed name of party waiving service of summons*              *Printed name*
                                        Colorado Attorney General's Office
                                        1300 Broadway
                                        Denver, CO 80203
                                        *Address*

                                        Dan.Combs@coag.gov
                                        *E-mail address*

                                        (720) 508-6625
                                        *Telephone number*

**Duty to Avoid Unnecessary Expenses of Serving a Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint.  A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court.  By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

AO 399 (01/09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT

for the

District of Colorado ▼

| | |
|---|---|
| CHRISTOPER S.P. GREGORY | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 1:25-cv-03361-DDD |
| COLO. JUD. DISCIPLINE RULEMAKING COMM. et al | ) |
| *Defendant* | ) |

## WAIVER OF THE SERVICE OF SUMMONS

To: Ingrid J. DeFranco

*(Name of the plaintiff's attorney or unrepresented plaintiff)*

I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from _____12/01/2025_____, the date when this request was sent (or 90 days if it was sent outside the United States). If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date: 12/01/2025

/s/ Daniel M. Combs

*Signature of the attorney or unrepresented party*

Bonnie McLean

*Printed name of party waiving service of summons*

Daniel M. Combs, First Assistant Attorney General

*Printed name*

Colorado Attorney General's Office
1300 Broadway
Denver, CO 80203

*Address*

Dan.Combs@coag.gov

*E-mail address*

(720) 508-6625

*Telephone number*

---

**Duty to Avoid Unnecessary Expenses of Serving a Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint. A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court. By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

AO 399 (01/09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT
### for the
### District of Colorado   ▼

CHRISTOPER S.P. GREGORY )
*Plaintiff* )
)
v. ) Civil Action No. 1:25-cv-03361-DDD
COLO. JUD. DISCIPLINE RULEMAKING COMM. et al )
*Defendant* )

## WAIVER OF THE SERVICE OF SUMMONS

To: Ingrid J. DeFranco
*(Name of the plaintiff's attorney or unrepresented plaintiff)*

I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from                 12/01/2025                , the date when this request was sent (or 90 days if it was sent outside the United States).  If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date:      12/01/2025

/s/ Daniel M. Combs
*Signature of the attorney or unrepresented party*

Colleen McManamon
*Printed name of party waiving service of summons*

Daniel M. Combs, First Assistant Attorney General
*Printed name*
Colorado Attorney General's Office
1300 Broadway
Denver, CO 80203
*Address*

Dan.Combs@coag.gov
*E-mail address*

(720) 508-6625
*Telephone number*

### Duty to Avoid Unnecessary Expenses of Serving a Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint.  A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court.  By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

AO 399 (01/09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT
for the

District of Colorado   ▼

| | | |
|---|---|---|
| CHRISTOPER S.P. GREGORY | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.  1:25-cv-03361-DDD |
| COLO. JUD. DISCIPLINE RULEMAKING COMM. et al | ) | |
| *Defendant* | ) | |

## WAIVER OF THE SERVICE OF SUMMONS

To:  Ingrid J. DeFranco
    *(Name of the plaintiff's attorney or unrepresented plaintiff)*

    I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

    I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

    I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

    I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from            12/01/2025           , the date when this request was sent (or 90 days if it was sent outside the United States).  If I fail to do so, a default judgment will be entered against me or the entity I represent.


Date:      12/01/2025                                       /s/ Daniel M. Combs
                                                *Signature of the attorney or unrepresented party*

          Kristen Mix                         Daniel M. Combs, First Assistant Attorney General
*Printed name of party waiving service of summons*                    *Printed name*
                                             Colorado Attorney General's Office
                                                     1300 Broadway
                                                   Denver, CO 80203

                                                       *Address*

                                                 Dan.Combs@coag.gov
                                                   *E-mail address*

                                                   (720) 508-6625
                                                  *Telephone number*

**Duty to Avoid Unnecessary Expenses of Serving a Summons**

    Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint.  A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

    "Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

    If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

    If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court.  By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

# UNITED STATES DISTRICT COURT

for the

District of Colorado    ▼

CHRISTOPER S.P. GREGORY  )
_____ )
*Plaintiff* )
v. )    Civil Action No. 1:25-cv-03361-DDD
COLO. JUD. DISCIPLINE RULEMAKING COMM. et al )
_____ )
*Defendant* )

## WAIVER OF THE SERVICE OF SUMMONS

To: Ingrid J. DeFranco
_____
*(Name of the plaintiff's attorney or unrepresented plaintiff)*

I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from 12/01/2025 , the date when this request was sent (or 90 days if it was sent outside the United States). If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date: 12/01/2025            /s/ Daniel M. Combs
_____      _____
                       *Signature of the attorney or unrepresented party*

       Reed Owens           Daniel M. Combs, First Assistant Attorney General
_____    _____
*Printed name of party waiving service of summons*         *Printed name*
                        Colorado Attorney General's Office
                        1300 Broadway
                        Denver, CO 80203
                             *Address*

                        Dan.Combs@coag.gov
                           *E-mail address*

                        (720) 508-6625
                           *Telephone number*

**Duty to Avoid Unnecessary Expenses of Serving a Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint. A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court. By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

AO 399 (01/09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT

for the

District of Colorado ▾

CHRISTOPER S.P. GREGORY ))))) 
*Plaintiff*

v.  Civil Action No. 1:25-cv-03361-DDD

COLO. JUD. DISCIPLINE RULEMAKING COMM. et al
*Defendant*

## WAIVER OF THE SERVICE OF SUMMONS

To:  Ingrid J. DeFranco
*(Name of the plaintiff's attorney or unrepresented plaintiff)*

I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from                 12/01/2025            , the date when this request was sent (or 90 days if it was sent outside the United States).  If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date:      12/01/2025                              /s/ Daniel M. Combs
                                                        *Signature of the attorney or unrepresented party*

            Meredith Patrick Cord                  Daniel M. Combs, First Assistant Attorney General
*Printed name of party waiving service of summons*              *Printed name*
                                                        Colorado Attorney General's Office
                                                        1300 Broadway
                                                        Denver, CO 80203

                                                        *Address*

                                                        Dan.Combs@coag.gov
                                                        *E-mail address*

                                                        (720) 508-6625
                                                        *Telephone number*

---

**Duty to Avoid Unnecessary Expenses of Serving a Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint.  A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court.  By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

AO 399 (01/09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT

for the

District of Colorado

CHRISTOPER S.P. GREGORY

*Plaintiff*

v.

COLO. JUD. DISCIPLINE RULEMAKING COMM. et al

*Defendant*

)
)
)
)
)
)

Civil Action No.  1:25-cv-03361-DDD

## WAIVER OF THE SERVICE OF SUMMONS

To:  Ingrid J. DeFranco

*(Name of the plaintiff's attorney or unrepresented plaintiff)*

I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from                12/01/2025              , the date when this request was sent (or 90 days if it was sent outside the United States).  If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date:       12/01/2025

Mary V. Sooter

*Printed name of party waiving service of summons*

/s/ Daniel M. Combs

*Signature of the attorney or unrepresented party*

Daniel M. Combs, First Assistant Attorney General

*Printed name*

Colorado Attorney General's Office
1300 Broadway
Denver, CO 80203

*Address*

Dan.Combs@coag.gov

*E-mail address*

(720) 508-6625

*Telephone number*

**Duty to Avoid Unnecessary Expenses of Serving a Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint.  A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court.  By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

AO 399 (01/09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT

for the

District of Colorado ▼

| | | |
|---|---|---|
| CHRISTOPER S.P. GREGORY | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 1:25-cv-03361-DDD |
| COLO. JUD. DISCIPLINE RULEMAKING COMM. et al | ) | |
| *Defendant* | ) | |

## WAIVER OF THE SERVICE OF SUMMONS

To: Ingrid J. DeFranco

*(Name of the plaintiff's attorney or unrepresented plaintiff)*

I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from _____12/01/2025_____ , the date when this request was sent (or 90 days if it was sent outside the United States). If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date: _____12/01/2025_____                         /s/ Daniel M. Combs

                                              *Signature of the attorney or unrepresented party*

Aubrey C. Sullivan                    Daniel M. Combs, First Assistant Attorney General

*Printed name of party waiving service of summons*                *Printed name*
                                        Colorado Attorney General's Office
                                        1300 Broadway
                                        Denver, CO 80203

                                        *Address*

                                        Dan.Combs@coag.gov

                                        *E-mail address*

                                        (720) 508-6625

                                        *Telephone number*

**Duty to Avoid Unnecessary Expenses of Serving a Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint. A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court. By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

AO 399 (01/09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT

for the

District of Colorado ▾

CHRISTOPER S.P. GREGORY )
*Plaintiff* )
 )
v. ) Civil Action No. 1:25-cv-03361-DDD
 )
COLO. JUD. DISCIPLINE RULEMAKING COMM. et al )
*Defendant* )

## WAIVER OF THE SERVICE OF SUMMONS

To: Ingrid J. DeFranco
　　*(Name of the plaintiff's attorney or unrepresented plaintiff)*

I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from 　　12/01/2025　　, the date when this request was sent (or 90 days if it was sent outside the United States). If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date: 　12/01/2025　                           /s/ Daniel M. Combs
                                        *Signature of the attorney or unrepresented party*

Courtney Sutton                    Daniel M. Combs, First Assistant Attorney General
*Printed name of party waiving service of summons*           *Printed name*
                                    Colorado Attorney General's Office
                                    1300 Broadway
                                    Denver, CO 80203
                                        *Address*

                                    Dan.Combs@coag.gov
                                        *E-mail address*

                                    (720) 508-6625
                                        *Telephone number*

**Duty to Avoid Unnecessary Expenses of Serving a Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint. A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court. By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

AO 399 (01/09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT
## for the
### District of Colorado ▾

CHRISTOPER S.P. GREGORY )
*Plaintiff* )
v. ) Civil Action No. 1:25-cv-03361-DDD
COLO. JUD. DISCIPLINE RULEMAKING COMM. et al )
*Defendant* )

## WAIVER OF THE SERVICE OF SUMMONS

To: Ingrid J. DeFranco

*(Name of the plaintiff's attorney or unrepresented plaintiff)*

I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from         12/01/2025        , the date when this request was sent (or 90 days if it was sent outside the United States). If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date:    12/01/2025                                          /s/ Daniel M. Combs
                                                 *Signature of the attorney or unrepresented party*

Jeff Swanty                         Daniel M. Combs, First Assistant Attorney General
*Printed name of party waiving service of summons*              *Printed name*
                                     Colorado Attorney General's Office
                                     1300 Broadway
                                     Denver, CO 80203
                                                *Address*

                                     Dan.Combs@coag.gov
                                               *E-mail address*

                                     (720) 508-6625
                                             *Telephone number*

**Duty to Avoid Unnecessary Expenses of Serving a Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint. A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court. By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

AO 399 (01/09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT
for the
District of Colorado ▾

| | | |
|---|---|---|
| CHRISTOPER S.P. GREGORY | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.  1:25-cv-03361-DDD |
| COLO. JUD. DISCIPLINE RULEMAKING COMM. et al | ) | |
| *Defendant* | ) | |

## WAIVER OF THE SERVICE OF SUMMONS

To:  Ingrid J. DeFranco

*(Name of the plaintiff's attorney or unrepresented plaintiff)*

I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from                12/01/2025               , the date when this request was sent (or 90 days if it was sent outside the United States).  If I fail to do so, a default judgment will be entered against me or the entity I represent.


Date:       12/01/2025                                                                     /s/ Daniel M. Combs
                                                                                              *Signature of the attorney or unrepresented party*

                Stefanie Trujillo                                       Daniel M. Combs, First Assistant Attorney General
*Printed name of party waiving service of summons*                                     *Printed name*
                                                                                  Colorado Attorney General's Office
                                                                                            1300 Broadway
                                                                                          Denver, CO 80203

                                                                                             *Address*

                                                                                      Dan.Combs@coag.gov
                                                                                           *E-mail address*

                                                                                         (720) 508-6625
                                                                                         *Telephone number*

---

**Duty to Avoid Unnecessary Expenses of Serving a Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint.  A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court.  By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

AO 399 (01/09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT

for the

District of Colorado ▼

| | |
|---|---|
| CHRISTOPER S.P. GREGORY | ) |
| *Plaintiff* | ) |
| v. | )  Civil Action No. 1:25-cv-03361-DDD |
| COLO. JUD. DISCIPLINE RULEMAKING COMM. et al | ) |
| *Defendant* | ) |

## WAIVER OF THE SERVICE OF SUMMONS

To: Ingrid J. DeFranco

*(Name of the plaintiff's attorney or unrepresented plaintiff)*

I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from            12/01/2025            , the date when this request was sent (or 90 days if it was sent outside the United States).  If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date:      12/01/2025

Mariana Vielma
*Printed name of party waiving service of summons*

/s/ Daniel M. Combs
*Signature of the attorney or unrepresented party*

Daniel M. Combs, First Assistant Attorney General
*Printed name*
Colorado Attorney General's Office
1300 Broadway
Denver, CO 80203

*Address*

Dan.Combs@coag.gov
*E-mail address*

(720) 508-6625
*Telephone number*

**Duty to Avoid Unnecessary Expenses of Serving a Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint.  A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court.  By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

AO 399 (01/09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT

for the

District of Colorado   ▼

| | |
|---|---|
| CHRISTOPER S.P. GREGORY | ) |
| *Plaintiff* | ) |
| v. | )   Civil Action No. 1:25-cv-03361-DDD |
| COLO. JUD. DISCIPLINE RULEMAKING COMM. et al | ) |
| *Defendant* | ) |

## WAIVER OF THE SERVICE OF SUMMONS

To: Ingrid J. DeFranco

*(Name of the plaintiff's attorney or unrepresented plaintiff)*

I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from   12/01/2025   , the date when this request was sent (or 90 days if it was sent outside the United States). If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date:   12/01/2025

 

         Vincente Vigil
*Printed name of party waiving service of summons*

/s/ Daniel M. Combs
*Signature of the attorney or unrepresented party*

Daniel M. Combs, First Assistant Attorney General
*Printed name*
Colorado Attorney General's Office
1300 Broadway
Denver, CO 80203
*Address*

Dan.Combs@coag.gov
*E-mail address*

(720) 508-6625
*Telephone number*

**Duty to Avoid Unnecessary Expenses of Serving a Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint. A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court. By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

AO 399 (01/09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT
### for the
District of Colorado  ▾

| | |
|---|---|
| CHRISTOPER S.P. GREGORY | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 1:25-cv-03361-DDD |
| COLO. JUD. DISCIPLINE RULEMAKING COMM. et al | ) |
| *Defendant* | ) |

## WAIVER OF THE SERVICE OF SUMMONS

To:  Ingrid J. DeFranco
*(Name of the plaintiff's attorney or unrepresented plaintiff)*

  I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

  I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

  I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

  I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from   12/01/2025  , the date when this request was sent (or 90 days if it was sent outside the United States).  If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date:   12/01/2025            /s/ Daniel M. Combs
                          *Signature of the attorney or unrepresented party*

    Jeffrey M. Walsh        Daniel M. Combs, First Assistant Attorney General
*Printed name of party waiving service of summons*       *Printed name*
                   Colorado Attorney General's Office
                     1300 Broadway
                     Denver, CO 80203
                        *Address*

                     Dan.Combs@coag.gov
                       *E-mail address*

                     (720) 508-6625
                       *Telephone number*

### Duty to Avoid Unnecessary Expenses of Serving a Summons

  Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint.  A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

  "Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

  If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

  If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court.  By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

AO 399 (01/09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT

for the

District of Colorado ▼

| | | |
|---|---|---|
| CHRISTOPER S.P. GREGORY | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 1:25-cv-03361-DDD |
| COLO. JUD. DISCIPLINE RULEMAKING COMM. et al | ) | |
| *Defendant* | ) | |

## WAIVER OF THE SERVICE OF SUMMONS

To: Ingrid J. DeFranco

*(Name of the plaintiff's attorney or unrepresented plaintiff)*

I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from _____12/01/2025_____, the date when this request was sent (or 90 days if it was sent outside the United States). If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date: _____12/01/2025_____

/s/ Daniel M. Combs
*Signature of the attorney or unrepresented party*

Emily Tofte Nestaval
*Printed name of party waiving service of summons*

Daniel M. Combs, First Assistant Attorney General
*Printed name*
Colorado Attorney General's Office
1300 Broadway
Denver, CO 80203
*Address*

Dan.Combs@coag.gov
*E-mail address*

(720) 508-6625
*Telephone number*

**Duty to Avoid Unnecessary Expenses of Serving a Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint. A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court. By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.