PLAINTIFF'S
EXHIBIT

**6**

| | |
|---|---|
| **From:** | Christopher Gregory |
| **To:** | Kate Shiroff |
| **Subject:** | Disqualification of the Colorado Attorney General"s Office |
| **Date:** | Tuesday, March 10, 2026 12:26:00 PM |
| **Attachments:** | image001.png |
| | image002.png |
| | 220614 OSA Testimony.pdf |
| | Proposed Joint Resolution.pdf |

Good morning Ms. Shiroff,

As relevant to my pending Fraud Hotline complaints, a hearing on SB26-084 is scheduled for March 12, 2026 before the House State, Civic, Military, & Veterans Affairs Committee.  If enacted, SB26-084 would effectively legitimize the conditions that allowed the statute of limitations to lapse as to the OSA's February 4, 2022 referral of the Masias Controversy to law enforcement.  The statute of limitations expired because the Justices and Attorney General Phil Weiser were allowed to control the investigations into their own suspected misconduct and to withhold information (particularly the existence of the Masias Memo) from the OSA and the Colorado Commission on Judicial Discipline (CCJD) based upon bogus claims of governmental privilege and confidentiality.  The Justices and AG Weiser were also allowed to control what information was provided to law enforcement, including their application of redactions.  The attached transcript from the Legislative Committee on Judicial Discipline's June 14, 2022 hearing illustrates the basis for my concerns about SB26-084.

One point that I don't think I have made clearly enough is that the retaliation that occurred against me meets all the elements of the crime of Attempt to Influence a Public Servant.  This is the same crime that Tina Peters and former SD17 Senator Sonya Jaquez Lewis were convicted of and the excuse voiced by Governor Jared Polis for his recent overtures to commute Tina Peters's remaining prison sentence.  Put bluntly, there is an incontrovertible basis to conclude that Polis has himself committed the crime of Attempt to Influence a Public Servant by retaliating against me in my former official capacities.  The Tina Peters controversy is nothing more than a repeat of a politician ingratiating himself with the Trump Administration to trade integrity for political leverage.  This is exactly what happened with the aborted prosecution of former NYC Mayor Eric Adams.

For reference, Attempt to Influence a Public Servant (§ 18-8-306, C.R.S.) provides, in relevant part:

> Any person who attempts to influence any public servant by means of deceit or by threat of violence ***or economic reprisal against any person or property***, with the intent thereby to alter or affect the public servant's decision, vote, opinion, or action concerning any matter which is to be considered or performed by the public servant or the agency or body of which the public servant is a member, commits a class 4 felony.  (Emphasis added).

Despite my having filed my Fraud Hotline complaints with an express request for the OSA to appoint conflict-free counsel and investigation support from outside of the Colorado Office of the Attorney General (COAG), it remains unclear if the OSA instead communicated the substance of my complaints and communications to the COAG, the CCJD, and/or the Colorado Supreme Court.  I am particularly concerned about circumstantial evidence of such communications whereby I sent you / the OSA Fraud Hotline a copy of the 28 U.S.C Sec. 144 Affidavit that I filed in my federal case.  Shortly afterwards, the COAG informally

communicated with U.S. District Judge Daniel D. Domenico (who ultimately recused himself as required by the Affidavit / 28 U.S.C. Sec. 144) to suppress public access to the Affidavit. In turn, the suppression of the contents of the Affidavit has allowed the Justices, AG Weiser, and the members/staff of the CCJD to conceal material information from the Colorado General Assembly as part of hearings held earlier this session. I maintain that the contents of the Affidavit are sufficient to require the immediate resignations and prosecution of the Justices and other involved public officials. It is also unclear why the OSA has not referred these facts (including my most recently filed Independent Ethics Commission complaints) to law enforcement with a request for the appointment of a special prosecutor.

I am in the process of drafting motion to disqualify the COAG from further representation of the Defendants (to all of whom a default has now entered). Consistent with what I have requested directly and through a judicial discipline complaint filed with the Denver Judicial Discipline Commission, I am asking the Colorado General Assembly to introduce and pass a joint resolution formally referring the Colorado Judicial Scandal to conflict-free federal law enforcement and to direct State Auditor Kerri Hunter to appoint another state's attorney general as a Special Assistant Attorney General (SAAG) capable of impartially representing the interests of the State of Colorado. In this context, it is important that I understand what, if any, communications have occurred between the OSA and the COAG, the Justices, and/or the CCJD regarding my Fraud Hotline complaints. Even if you continue to assert that such communications are "confidential," please confirm whether they have occurred. I would also appreciate an explanation of the origin of SB26-084 and why it was proposed by the OSA through the Legislative Audit Committee despite its relevance to/potential impacts upon my pending Fraud Hotline complaints.

Ultimately, I am still not understanding why the OSA has not responded to my request for the appointment of another state's attorney general as a SAAG, with such an appointment being authorized by Sec. 24-31-111(5), C.R.S. Any clarification you can provide is greatly appreciated.

Thank you for your assistance with the investigation of my complaints and for providing some transparency as the Fraud Hotline process continues to move forward.

Sincerely,
Christopher Gregory



The Gregory Law Firm, LLC

Christopher S.P. Gregory
Attorney at Law

201 Coffman St., #1822, Longmont, CO 80502

● Phone:  970.648.0642 ● Fax:  970.648.0643 ●

This e-mail transmission contains information from the Gregory Law Firm, LLC which may be confidential or protected by the attorney-client privilege. If you are not the intended recipient, you are hereby notified that you must not read this transmission and that any disclosure, copying, printing, distribution or use of any of the information contained in or attached to this transmission is prohibited. If you have received this transmission in error, please notify us immediately by e-mail and delete the original transmission.