**From:** Christopher Gregory
**To:** "Clayton Ankney"; "Ingrid J. DeFranco"
**Cc:** "Dan Combs (He/Him)"; "Carmen Van Pelt"; "Linda Ruth Carter"; "Katharine Brown"
**Subject:** RE: Gregory, 25-3361 (D. Colo.) - Conferral on Setting Aside Entry of Default
**Date:** Wednesday, February 25, 2026 3:33:49 PM
**Attachments:** image001.png
image003.png

Good afternoon Mr. Ankney,

We saw that you proceeded to file your motion to set aside the default without reference to my email from earlier this afternoon. As part of our intended response to your motion, we anticipate filing a separate and additional motion for your Office's disqualification from this matter. Please let us know if you would like to meet and confer any further on the issue of disqualification. Otherwise, we will proceed to file the motion once it is drafted with a general explanation of our efforts to confer and a statement that you oppose the relief requested.

Sincerely,
Christopher Gregory



The Gregory Law Firm, LLC

Christopher S.P. Gregory
Attorney at Law

201 Coffman St., #1822, Longmont, CO 80502

● Phone: 970.648.0642 ● Fax: 970.648.0643 ●

This e-mail transmission contains information from the Gregory Law Firm, LLC which may be confidential or protected by the attorney-client privilege. If you are not the intended recipient, you are hereby notified that you must not read this transmission and that any disclosure, copying, printing, distribution or use of any of the information contained in or attached to this transmission is prohibited. If you have received this transmission in error, please notify us immediately by e-mail and delete the original transmission.

**From:** Christopher Gregory
**Sent:** Wednesday, February 25, 2026 2:03 PM
**To:** 'Clayton Ankney' <Clayton.Ankney@coag.gov>; Ingrid J. DeFranco <ingrid.defranco@gmail.com>
**Cc:** Dan Combs (He/Him) <Dan.Combs@coag.gov>; Carmen Van Pelt <Carmen.VanPelt@coag.gov>; Linda Ruth Carter <LindaRuth.Carter@coag.gov>; Katharine Brown <Katharine.Brown@coag.gov>
**Subject:** RE: Gregory, 25-3361 (D. Colo.) - Conferral on Setting Aside Entry of Default

Good afternoon Mr. Ankney:

Just so that we have a clear record, it is our position that the grounds you assert are not good cause sufficient to set aside the default under F.R.C.P. 55(c). We do believe, however, that the disqualification of your office to resolve the conflicted representation that caused the default is good cause. We remain willing to meet and confer as to an agreement to set aside on that basis. If you proceed with filing a motion to set aside the default, please make this point clear in your conferral statement.

Sincerely,

PLAINTIFF'S
EXHIBIT

**7**

Christopher Gregory



**The Gregory Law Firm, LLC**

Christopher S.P. Gregory
Attorney at Law

201 Coffman St., #1822, Longmont, CO 80502

● Phone:  970.648.0642 ● Fax:  970.648.0643 ●

This e-mail transmission contains information from the Gregory Law Firm, LLC which may be confidential or protected by the attorney-client privilege.  If you are not the intended recipient, you are hereby notified that you must not read this transmission and that any disclosure, copying, printing, distribution or use of any of the information contained in or attached to this transmission is prohibited.  If you have received this transmission in error, please notify us immediately by e-mail and delete the original transmission.

---

**From:** Clayton Ankney <Clayton.Ankney@coag.gov>
**Sent:** Wednesday, February 25, 2026 1:45 PM
**To:** Christopher Gregory <cspgregory@thegregorylawfirm.net>; Ingrid J. DeFranco <ingrid.defranco@gmail.com>
**Cc:** Dan Combs (He/Him) <Dan.Combs@coag.gov>; Carmen Van Pelt <Carmen.VanPelt@coag.gov>; Linda Ruth Carter <LindaRuth.Carter@coag.gov>; Katharine Brown <Katharine.Brown@coag.gov>
**Subject:** RE: Gregory, 25-3361 (D. Colo.) - Conferral on Setting Aside Entry of Default

Good afternoon, Counsel:

Based on the information you have shared previously, we do not agree there is a valid basis for the Colorado Department of Law to be disqualified from representing the Defendants. By statute, the Department of Law appears and defends actions in which the state and/or state agencies are defendants. 24-31-101(1)(b), C.R.S. 24-31-111(1), C.R.S. If you would like to provide more information on the bases for disqualification, we would be happy to review. Again, if you wish to discuss more via a phone or video call, we are willing to discuss further.

We also take your prior response as opposing a motion to set aside default, and we will file it shortly.

Clayton J. Ankney
Second Assistant Attorney General
Tort Litigation Unit
Colorado Department of Law
Phone: (720) 508-6604
Email: clayton.ankney@coag.gov

---

**From:** Christopher Gregory <cspgregory@thegregorylawfirm.net>
**Sent:** Tuesday, February 24, 2026 4:24 PM
**To:** Clayton Ankney <Clayton.Ankney@coag.gov>; Ingrid J. DeFranco <ingrid.defranco@gmail.com>
**Cc:** Dan Combs (He/Him) <Dan.Combs@coag.gov>; Carmen Van Pelt <Carmen.VanPelt@coag.gov>; Linda Ruth Carter <LindaRuth.Carter@coag.gov>; Katharine Brown <Katharine.Brown@coag.gov>

**Subject:** RE: Gregory, 25-3361 (D. Colo.) - Conferral on Setting Aside Entry of Default

Dear Mr. Ankney,

It is difficult to understand what value a telephone conversation or virtual meeting would have, particularly if it is not recorded and transcribed.

We are happy to expound on the plethora of reasons that require your Office's disqualification from this case, particularly its representation of the institutional Defendants and more broadly the need for impartial representation of the interests of the State of Colorado.  The fact that the Defendants alleged to have respectively engaged in public fraud, retaliation, and constitutional violations are able to use state resources to defend their personal conduct meets the definition of occupational fraud under the Fraud Hotline statute.  Indeed, the problematic nature of the representation was predicted in the Verified Complaint and its request for restitution from the individual defendants who rely upon state resources to defend against the allegations of their ultimately proven personal misconduct.

It is also difficult to imagine how the individually named defendants all share unified interests capable of consolidated representation.  For example, Senior Judge James Hartmann is no longer a member of the Colorado Judicial Discipline Rulemaking Committee, being replaced by Senior Judge Michael Berger (who incidentally was District Judge Claude Appel's attorney in the 2003 civil action against the FBI).  Judge Hartmann can explain why he left the Committee with the grounds for doing so potentially being the basis to agree on dismissing him from this case.

As we have expressed in a previous conferral and also in our response to your motion, ECF No. 44, we are receptive to recognizing the disqualification of your Office and the appointment of impartial counsel to represent the interests of the State of Colorado as good cause to set aside the default.  Short of this, we do not believe that your intentional disregard for the previously agreed answer deadline is good cause sufficient to merit setting aside the default.

Please let us know if you would like us to provide a more detailed explanation of the grounds we perceive as requiring the disqualification of your Office from further litigation of this case.

Sincerely,
Christopher Gregory



The Gregory Law Firm, LLC
Christopher S.P. Gregory
Attorney at Law

201 Coffman St., #1822, Longmont, CO 80502
● Phone:  970.648.0642 ● Fax:  970.648.0643 ●

This e-mail transmission contains information from the Gregory Law Firm, LLC which may be confidential or protected by the attorney-client privilege.  If you are not the intended recipient, you are hereby notified that you must not read this transmission and that any disclosure, copying, printing, distribution or use of any of

the information contained in or attached to this transmission is prohibited.  If you have received this transmission in error, please notify us immediately by e-mail and delete the original transmission.

**From:** Clayton Ankney <Clayton.Ankney@coag.gov>
**Sent:** Tuesday, February 24, 2026 1:46 PM
**To:** Christopher Gregory <cspgregory@thegregorylawfirm.net>; Ingrid J. DeFranco <ingrid.defranco@gmail.com>
**Cc:** Dan Combs (He/Him) <Dan.Combs@coag.gov>; Carmen Van Pelt <Carmen.VanPelt@coag.gov>; Linda Ruth Carter <LindaRuth.Carter@coag.gov>; Katharine Brown <Katharine.Brown@coag.gov>
**Subject:** RE: Gregory, 25-3361 (D. Colo.) - Conferral on Setting Aside Entry of Default

Counsel:

We are willing to meet and confer, but any such discussion should include not only your issues but Defendants' motion to set aside entry of default as well. Please let us know if you and Ingrid are willing to talk via phone or video call on all the parties' issues and provide your availability for tomorrow. Thank you.

Clayton J. Ankney
Second Assistant Attorney General
Tort Litigation Unit
Colorado Department of Law
Phone: (720) 508-6604
Email: clayton.ankney@coag.gov

---

**From:** Christopher Gregory <cspgregory@thegregorylawfirm.net>
**Sent:** Tuesday, February 24, 2026 1:07 PM
**To:** Clayton Ankney <Clayton.Ankney@coag.gov>
**Cc:** Ingrid J. DeFranco <ingrid.defranco@gmail.com>; Dan Combs (He/Him) <Dan.Combs@coag.gov>; katherine.brown@coag.gov; Carmen Van Pelt <Carmen.VanPelt@coag.gov>; Linda Ruth Carter <LindaRuth.Carter@coag.gov>
**Subject:** FW: Gregory, 25-3361 (D. Colo.) - Conferral on Setting Aside Entry of Default

Dear Mr. Ankney,

I do not understand your continued insistence upon excluding me (as co-counsel of record in this case) from conferral emails.

As we expressed in our response (ECF No. 45) to your "Motion for Leave to File Motion to Dismiss" (ECF No. 44), the reasons for entry of a default in this case are very much a result of your intentional gamesmanship and refusal to meet and confer in good faith concerning your Office's conflicted representation of the Defendants and your efforts to avoid/delay responding to the merits of the Verified Complaint.  Before we meet and confer on a motion to set aside the default according to F.R.C.P. 55(c), we need to have a meaningful discussion regarding your Office's conflicts and continued representation of the Defendants, including whether it will be necessary to file and litigate a motion to disqualify you and your colleagues.  In its plainest terms, there is a fundamental conflict when the Attorney General's Office, which is statutorily obligated to investigate and prosecute legitimate allegations of

public fraud and constitutional violations, instead, defends such continuing fraud and constitutional violations.

You and your Office's conflicted representation of the Defendants coupled with other obstruction (such as your opposition to Judge Daniel Domenico's mandatory disqualification, your refusal to discuss grounds for requesting appointment of a district judge from outside the 10th Circuit, your defense of Judge Domenico's order restricting public access to the 28 U.S.C. § 144 Affidavit, and the interminable delay caused by your intentional refusal to abide by an agreed responsive deadline) are delaying consideration of the injunctive remedies that are the focus of the Verified Complaint.  In sum, we dispute your assertions and the sufficiency of "good cause" to set aside the default until we can finally have a meaningful discussion about the underlying conflicts inherent in your representation.

In this context, we further request that you file notices withdrawing your pending "Defendants': (1) Opposition to Application for Entry of Default, ECF No. 39; and (2) Motion to Strike Same (ECF No. 40)," and "Motion for Leave to File Motion to Dismiss," ECF No. 44, as MOOT.  We continue to invite and request meeting and conferral as to the preliminary issues of the assignment of a judge from outside the 10th Circuit and the disqualification of your entire Office from further representation of the Defendants (specifically, whether it will be necessary to file contested motions to address either or both these issues).

Please include me in your response and in all future meeting and conferral emails.

Sincerely,
Christopher Gregory



The Gregory Law Firm, LLC

Christopher S.P. Gregory
Attorney at Law

201 Coffman St., #1822, Longmont, CO 80502

● Phone:  970.648.0642 ● Fax:  970.648.0643 ●

This e-mail transmission contains information from the Gregory Law Firm, LLC which may be confidential or protected by the attorney-client privilege.  If you are not the intended recipient, you are hereby notified that you must not read this transmission and that any disclosure, copying, printing, distribution or use of any of the information contained in or attached to this transmission is prohibited.  If you have received this transmission in error, please notify us immediately by e-mail and delete the original transmission.

----- Forwarded Message -----
**From:** Clayton Ankney <clayton.ankney@coag.gov>
**To:** ingrid.defranco@gmail.com <ingrid.defranco@gmail.com>; defrancoi@yahoo.com <defrancoi@yahoo.com>
**Cc:** Dan Combs (He/Him) <dan.combs@coag.gov>; Katharine Brown <katharine.brown@coag.gov>; Carmen Van Pelt <carmen.vanpelt@coag.gov>; Linda Ruth Carter <lindaruth.carter@coag.gov>
**Sent:** Monday, February 23, 2026 at 05:02:37 PM MST
**Subject:** Gregory, 25-3361 (D. Colo.) - Conferral on Setting Aside Entry of Default

Good afternoon, Ingrid:

In light of the Clerk's entry of default, Defendants plan to file a motion to set aside default under FRCP 55(c). Good cause exists to set aside default for all the reasons we outlined in the motion to strike affidavit of default and motion for leave to file motion to dismiss, including that (1) entry of default did not result from any culpable conduct by Defendants, but rather from the lack of clarity of deadlines from the various judge reassignments; (2) Defendants have meritorious defenses as outlined in the Motion to Leave to File Motion to Dismiss; and (3) Plaintiff will not be prejudiced if default is set aside given that the agreed-upon deadline for Defendants to file a motion to dismiss was February 16. Please let us know when you are available to discuss; we plan to get a motion to set aside default this week.

Clayton J. Ankney

Second Assistant Attorney General

Tort Litigation Unit

Colorado Department of Law

Phone: (720) 508-6604

Email: clayton.ankney@coag.gov

| | |
|---|---|
| **From:** | Clayton Ankney |
| **To:** | Ingrid J. DeFranco |
| **Cc:** | Dan Combs (He/Him); Katharine Brown; Linda Ruth Carter; Carmen Van Pelt; Christopher Gregory |
| **Subject:** | RE: Deadlines |
| **Date:** | Friday, February 20, 2026 3:20:51 PM |

Good afternoon, Ingrid:

Thank you for your email. As I stated in my February 13, 2026 email, I do not think further discussion concerning judicial reassignment outside of this district or disqualifying our office from representing the defendants would be productive.

If you believe more conferral is appropriate related to pending motions, please let us know and we will be happy to get on a call and discuss.

As to your request that Mr. Gregory be included in correspondence, I note that 28 U.S.C. § 1654 is written in the disjunctive – a party "may plead and conduct their own cases personally *or* by counsel." Please let us know of any authority by which Mr. Gregory can personally participate as counsel while also having you represent him.

Thank you, and I hope you have a good weekend.

Clayton J. Ankney
Second Assistant Attorney General
Tort Litigation Unit
Colorado Department of Law
Phone: (720) 508-6604
Email: clayton.ankney@coag.gov

---

**From:** Ingrid J. DeFranco <ingrid.defranco@gmail.com>
**Sent:** Thursday, February 19, 2026 8:59 AM
**To:** Clayton Ankney <Clayton.Ankney@coag.gov>
**Cc:** Dan Combs (He/Him) <Dan.Combs@coag.gov>; Katharine Brown <Katharine.Brown@coag.gov>;
Linda Ruth Carter <LindaRuth.Carter@coag.gov>; Carmen Van Pelt <Carmen.VanPelt@coag.gov>;
Christopher Gregory <cspgregory@thegregorylawfirm.net>
**Subject:** Deadlines

Dear Mr. Ankney,

Thank you for your email.

As you are aware, this case has been pending since October 23, 2025 with repeated stipulations to extend the deadline for an answer or other responsive pleading. You seem to confuse the meeting and conferral obligations that would allow extension of the answer deadline. As documented through our correspondence last week, we have repeatedly sought a good faith conferral concerning the necessity of assigning this case to a district judge from outside the 10th Circuit as well as the conflicts that exist, which prevent your Office from impartially representing the interests of the State of Colorado. At no time during our

discussions prior to the expiration of the previously agreed February 16, 2026 answer deadline did you request additional time to respond as might help meaningfully address our concerns about the fairness and impartiality of these proceedings.  Indeed, as I explained to you in my email to you on Friday, February 13, 2026 at 7:49 a.m., our impression of your intended motion to dismiss and your response to our motion to strike is that both were being pursued for improper purposes.  In reality, there was a hard deadline that you were fully aware of and which has now passed.  Your unwillingness to engage in a good faith meeting and conferral as to underlying structural deficiencies in this case (namely Judge Domenico's extended assignment to this case despite his actual bias and your Office's conflicted representation of the Defendants) does not excuse or stay the deadline for answering the Verified Complaint.

As an application for the Clerk of Court to perform a ministerial and mandatory act under F.R.C.P. 55(a), the request for entry of the default does not require separate meeting and conferral.  *See* F.R.C.P. 55(a) ("When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk *must* enter the party's default.").

If you choose to file a motion seeking to set aside the anticipated default according to F.R.C.P. 55(c), we remain willing to engage in a good faith meeting and conferral with you particularly as to the continuing need for a judicial assignment from outside the 10th Circuit and for the further representation of the State of Colorado to occur through an equally impartial attorney (whether it be another state's attorney general or otherwise).

Finally, Mr. Gregory is my co-counsel, and I respectfully request that he be copied on our communications.  Thank you.

Sincerely,

Ingrid DeFranco

Law Office of Ingrid J. DeFranco
PO Box 128 Brighton, CO 80601-0128
303.641.6812 fax: 303.558.4294

| | |
|---|---|
| **From:** | Ingrid J. DeFranco |
| **To:** | Christopher Gregory |
| **Subject:** | Fw: Gregory, 25-3361 (D. Colo.) - Conferral on Motion for Leave to File MTD and Motion for Additional Pages |
| **Date:** | Wednesday, February 18, 2026 1:34:12 PM |

The Law Office of Ingrid J. DeFranco
P.O. Box 128
Brighton, CO 80601-0128
303-641-6812; fax: 303.558.4294
www.atoughdefense.com

----- Forwarded Message -----
**From:** Clayton Ankney <clayton.ankney@coag.gov>
**To:** defrancoi@yahoo.com <defrancoi@yahoo.com>; ingrid.defranco@gmail.com
<ingrid.defranco@gmail.com>
**Cc:** Dan Combs (He/Him) <dan.combs@coag.gov>; Katharine Brown <katharine.brown@coag.gov>;
Linda Ruth Carter <lindaruth.carter@coag.gov>; Carmen Van Pelt <carmen.vanpelt@coag.gov>
**Sent:** Wednesday, February 18, 2026 at 11:59:09 AM MST
**Subject:** Gregory, 25-3361 (D. Colo.) - Conferral on Motion for Leave to File MTD and Motion for
Additional Pages

Good morning, Ingrid:

I hope all is well. The deadline for Defendants to file their motion to dismiss was previously stayed pending resolution of Judge Jackson's conferral/letter protocol. In light of this matter being reassigned from Judge Jackson to Judge Gallagher, the deadline for Defendants to file a responsive pleading is now unclear. As such, Defendants will be filing a motion seeking leave to file their motion to dismiss by February 27, 2026. Please let us know if Plaintiff has any objection to that motion.

Additionally, given the number of claims, Defendants, and legal theories presented in the complaint, Defendants will be filing a motion seeking leave to file a 45-page motion to dismiss. Please let us know if Plaintiff has any objection to that motion.

Thank you.

Clayton J. Ankney

Second Assistant Attorney General

Tort Litigation Unit

Colorado Department of Law

Phone: (720) 508-6604

Email: clayton.ankney@coag.gov

| | |
|---|---|
| **From:** | Clayton Ankney |
| **To:** | Ingrid J. DeFranco |
| **Cc:** | Christopher Gregory; Katharine Brown; Dan Combs (He/Him); Linda Ruth Carter; Carmen Van Pelt |
| **Subject:** | RE: Preliminary issues |
| **Date:** | Friday, February 13, 2026 6:54:04 PM |

Good evening, Ingrid:

Thank you for your email; we respectfully disagree. I do not think further email or letter correspondence on these issues will sway either side at this time, and I do not think further conferral is necessary on the issues of judicial reassignment outside of this district or disqualifying our office from representing the defendants.

If you believe more conferral is appropriate under Judge Jackson's Practice Standards and/or would otherwise move these issues forward, please let us know and we will be happy to get on a call and discuss.

I hope you have a wonderful long weekend.

Clayton J. Ankney
Second Assistant Attorney General
Tort Litigation Unit
Colorado Department of Law
Phone: (720) 508-6604
Email: clayton.ankney@coag.gov

---

**From:** Ingrid J. DeFranco <ingrid.defranco@gmail.com>
**Sent:** Friday, February 13, 2026 7:49 AM
**To:** Clayton Ankney <Clayton.Ankney@coag.gov>
**Cc:** Christopher Gregory <cspgregory@thegregorylawfirm.net>; Katharine Brown <Katharine.Brown@coag.gov>; Dan Combs (He/Him) <Dan.Combs@coag.gov>; Linda Ruth Carter <LindaRuth.Carter@coag.gov>; Carmen Van Pelt <Carmen.VanPelt@coag.gov>
**Subject:** Preliminary issues

Dear Mr. Ankney,

You acknowledged our last email requesting meaningful meeting and conferral on the preliminary issues of the voidability of District Judge Daniel D. Domenico's orders (particularly the withdrawal of your motions to restrict), the continuing need to have Mr. Gregory's cases assigned to a district court judge and magistrate judge from outside the 10th Circuit, and grounds for the disqualification of your entire Office.

Rather than address the issues we raised, your email merely reasserts that you still intend to file a FRCP 12 motion to dismiss.  Moreover, you have now filed a response to our motion to strike that reflects your opposition to the rightful course of action, which is for Judge Jackson to vacate all of Judge Domenico's orders, including the order restricting access to ECF 26.  Given your apparent  refusal to meet and confer

on the preliminary issues, please explain how refusing to disqualify your Office and proceeding to file a motion to dismiss would not be for an improper purpose, such as harassing Mr. Gregory, unnecessarily delaying the commencement of discovery and Mr. Gregory's opportunity to seek preliminary injunctive relief in this case, and otherwise needlessly increasing the costs of litigation. *See* FRCP 11(b). More generally, your intended motion to dismiss is a blatant effort to delay and avoid responding to the merits of Mr. Gregory's otherwise well-pled Verified Complaint and Jury Demand. Not only is this a basis for seeking sanctions under FRCP 11, it also provides grounds to add you and your colleagues as individually named Defendants in this case. The frivolous refusal to disqualify from this matter also meets the elements of 1st Degree Official Misconduct, as provided by § 18-8-404, C.R.S.

As we previously discussed, the continued representation of the Defendants by your Office, including the threats made by Mr. Combs, further meets the definition of retaliation under § 24-31-1204(8)(b), C.R.S. Our consistent position in this case is that both having an impartial judge who is not enmeshed in the Colorado legal community and ensuring impartial representation of the State of Colorado's interests is necessary in order for Mr. Gregory to vitiate his right to fundamental fairness.

Sincerely,

Ingrid DeFranco

Law Office of Ingrid J. DeFranco
PO Box 128 Brighton, CO 80601-0128
303.641.6812 fax: 303.558.4294

----- Forwarded Message -----
**From:** Clayton Ankney <clayton.ankney@coag.gov>
**To:** Ingrid J. DeFranco <defrancoi@yahoo.com>; ingrid.defranco@gmail.com
<ingrid.defranco@gmail.com>
**Cc:** Katharine Brown <katharine.brown@coag.gov>; Dan Combs (He/Him) <dan.combs@coag.gov>;
Linda Ruth Carter <lindaruth.carter@coag.gov>; Carmen Van Pelt <carmen.vanpelt@coag.gov>
**Sent:** Wednesday, February 11, 2026 at 03:21:49 PM MST
**Subject:** RE: Gregory, 25-3361 (D. Colo.) - Conferral on Motion to Dismiss

Good afternoon, Ingrid:

Thank you for your response. I appreciate your clarification about the intent to not sue official capacity defendants for money damages. However, we are not planning to move to dismiss on that basis. Instead, the grounds for our motion to dismiss are set forth in the January 12th email.

Based on our prior email exchanges and your client's concerns about recusal and my office's representation of the Defendants, I understand that you are not willing to confer on the substance of Defendants' planned motion to dismiss at this time. If I am wrong about that and you are willing to discuss the basis for our motion to dismiss, please let me know as soon as possible and before this Friday so we can confer as Judge Jackson requires. Thank you.

Clayton J. Ankney

Second Assistant Attorney General

Tort Litigation Unit

Colorado Department of Law

Phone: (720) 508-6604

Email: clayton.ankney@coag.gov

**From:** Ingrid J. DeFranco <defrancoi@yahoo.com>
**Sent:** Wednesday, February 11, 2026 7:27 AM
**To:** ingrid.defranco@gmail.com; Clayton Ankney <Clayton.Ankney@coag.gov>
**Cc:** Katharine Brown <Katharine.Brown@coag.gov>; Dan Combs (He/Him) <Dan.Combs@coag.gov>; Linda Ruth Carter <LindaRuth.Carter@coag.gov>; Carmen Van Pelt <Carmen.VanPelt@coag.gov>
**Subject:** Re: Gregory, 25-3361 (D. Colo.) - Conferral on Motion to Dismiss

Dear Mr. Ankney,

I respond to your email of Friday, February 6, 2026.  Although you express a willingness to further address our intentions of seeking the appointment of a district court judge from outside the 10th Circuit,  as well as  the conflicts inherent in your Office's representation of the officially- and individually-named Defendants, the balance of your email appears to obstruct such a discussion.

The basis for a motion to seek the appointment of a district judge from outside the 10th Circuit is addressed in detail in Mr. Gregory's 28 U.S.C. Sec. 144 Affidavit and its survey of near-universal conflicts of interest within the 10th Circuit.  The mechanism for the assignment of an objectively impartial judge in Mr. Gregory's cases is further complicated by the fact that Chief Circuit Judge Jerome A. Holmes was involved in efforts to excuse District Judge Daniel D. Domenico's actual bias and that there are friendships  and conflicts between the Circuit Justice, Neil Gorsuch, and multiple Defendants or material witnesses in these cases.  There should be temporary appointments of a conflict-free Chief Circuit Judge and conflict-free Circuit Justice to submit the certificate of necessity required to transfer the cases.  Moreover, given the breadth of the conflicts (perceiveable  or actual) surveyed in the Affidavit, none of the local Magistrate Judges should be drawn to support whichever district judge is ultimately assigned to these cases.  Because of the complexity involved in the assignment of a district judge from outside the 10th Circuit, it is understandable that Senior District Judge R. Brooke Jackson has not yet issued any orders and is apparently acting as a placeholder for these cases.

The basis for your Office's complete disqualification from these cases is simply that the Department of Law exists to impartially represent the interests of the State of Colorado, not to be a personal resource for individual elected or appointed officials to use as a shield against legitimate allegations of public fraud and public corruption.  The fact that the individual Defendants can hide behind your Office and oppose the remedies Mr. Gregory seeks (including injunctive relief) is  another form of occupational fraud.  Likewise, your efforts and the efforts of your Office to seek dismissal of this case before there is any opportunity for discovery are yet another example of retaliation intended to silence Mr. Gregory and deprive him of his constitutionally protected rights to freely report and seek remedies for ongoing instances of judicial, attorney, and official misconduct.  The need for your Office's disqualification was also addressed in the requested restitutionary remedy pled in the Verified Complaint—the individual Defendants should be personally responsible for the reasonable value of attorney's fees and costs provided to them upon Mr. Gregory's proving the pled civil rights and retaliation violations.  Put more plainly, the resources of the Colorado State Government should not be used to facilitate further fraud and corruption.

Respectfully, Mr. Gregory satisfied his burden of submitting a formally sufficient 28 U.S.C. Sec. 144 Affidavit that has established District Judge Daniel D. Domenico's actual bias and which required Judge Domenico's immediate and automatic disqualification.  Instead of following the law, immediately recusing himself, and vacating his orders, Judge Domenico continued to hear the cases.  As explained in the Motion to Strike, 28 U.S.C. Sec. 144 prohibited Judge Domenico from entering further orders, including the order restricting public access to the Affidavit.  The order is voidable and supports your Office making the ethical choice of withdrawing your motions to restrict.  The Affidavit does not contain confidential information and its restriction is being used by your clients to conceal material information from the public and the Colorado General Assembly, specifically through misleading testimony provided as part of the SMART Act hearings and a confirmation hearing for former Senator Bob Gardner's appointment to the CCJD. As we explained in our last email, once the Affidavit is made public, the indisputable facts stated therein merit the immediate resignations of the Justices and numerous other Defendants.

Ultimately, the administration of justice requires that Mr. Gregory have a fair opportunity to develop proof and present his case free from interference by a biased judge and biased government counsel.  As a government lawyer, your duties are to impartially protect the interests of the State of Colorado and to ensure that justice is done.  Your duties are not to represent the personal interests of the Justices, the Governor, the Attorney General, or their appointees (which is its own form of occupational fraud and judicial/attorney misconduct).  In this context, you have obligations under the Colorado Rules of Professional Conduct to stipulate to the assignment of a conflict-free district judge from outside the 10thCircuit, to the disqualification of your entire Office from these cases, and to vacating all substantive orders that Judge Domenico entered in these cases due to his established actual bias.  Mr. Gregory, through communications with the Colorado General Assembly and the Denver Judicial Discipline Commission, has already proposed a simple solution whereby the Colorado State Auditor would exercise her discretion to appoint another state's attorney general as a Special Assistant Attorney General or SAAG, as authorized under Sec. 24-31-111(5), C.R.S.  Please explain why your Office is not agreeable to this proposed solution.

As to your anticipated FRCP 12 motion, the Verified Complaint was pled to make clear that Mr. Gregory does not seek damages from the State of Colorado, which would raise issues of sovereign immunity.  Instead, all of the relief sought against the official capacity defendants is limited to injunctive relief allowed through *Ex Parte Young* or  attorney's fees and costs provisions in 42 U.S.C. Sec. 1988.  The individually-named defendants do not have any immunity for their intentional violations of Mr. Gregory's constitutional rights or for their roles in the retaliation against him that has occurred / is occurring in violation of the Colorado False Claims Act (CFCA).  Specifically, remedies for CFCA retaliation are defined / recognized under Sec. 24-31-1204(8)(b), C.R.S. to include:

> An employee, contractor, or agent is entitled to all relief necessary to make that individual whole if the individual is discharged, demoted, suspended, threatened, harassed, intimidated, sued, defamed, blacklisted, or in any other manner retaliated against or discriminated against in the terms and conditions of the individual's employment, contract, business, or profession by the defendant or by any other person because of lawful acts done by the individual or associated others in furtherance of an action brought pursuant to this section or in furtherance of an effort to stop any violation, or what the individual reasonably believes to be a violation, of section 24-31-1203.

It is our position that your Office has engaged in various actions that conform to the above definition, including threatening, harassing, blacklisting, and discriminating against the terms and conditions of Mr. Gregory's business or profession because of his lawful reporting of false claims and other public fraud involved in the Colorado Judicial Scandal.  The Colorado Attorney General's Office was also directly involved in the overall pattern of retaliation against Mr. Gregory that began with his non-reappointment as CCJD Chair and which continued through his wrongful termination and seizure of copies of his records as Executive Director.  The inclusion of attorneys either currently or formerly employed by the COAG as individually-named Defendants reflects the inherent conflicts involved in your Office's continuing representation and participation in these cases.  Willful and wrongful non-disqualification further meets the elements of 1st Degree Official Misconduct, as defined by Sec. 18- 8-404, C.R.S.

We will file the necessary motions to ensure that Mr. Gregory enjoys his rights to fundamental fairness in this case, both in appearance and in reality.  Your Office's obstruction of Mr. Gregory's ability to receive a fair hearing and the threats made by Mr. Combs in this case are also a form of retaliation and witness/victim intimidation that creates a valid basis to expand the scope of named Defendants.  Ideally, you will acknowledge the problems with continued representation of the Defendants by the Attorney General's Office and the need for a district judge and magistrate judge who do not have connections with the Colorado legal community to hear these cases.  Again, please let us know how you would like to proceed.

Sincerely,

The Law Office of Ingrid J. DeFranco
P.O. Box 128

Brighton, CO 80601-0128
303-641-6812; fax: 303.558.4294
www.atoughdefense.com

On Friday, February 6, 2026 at 03:07:37 PM MST, Clayton Ankney <clayton.ankney@coag.gov> wrote:

Good afternoon, Ingrid:

I would be happy to meet and confer on all the issues raised in your email.

However, I request that the meet and confer include Defendants' motion to dismiss given the presumptive February

16, 2026 deadline for Defendants to file a responsive pleading. If Plaintiff would prefer this case
not proceed until the Court addresses the issues raised in your email, Plaintiff is free to file an appropriate motion to
stay. Alternatively, Plaintiff could dismiss the action without prejudice and refile but not serve Defendants until the
action is assigned to a judge that Plaintiff believes is appropriate. Given the current deadlines, however, the parties
have an obligation to meet the current court deadlines and to confer in good faith on Defendants' motion to dismiss.
I am ready and willing to do so.

Based on your email, it appears you are planning to file a number of motions—to have this case assigned to a district
judge outside the Tenth Circuit, to seek withdrawal of the Attorney General's office from representing Defendants,
and a renewed motion for Defendants to withdraw the motions to restrict public access, ECF Nos. 29 and 30. To
ensure that any meet and confer is both meaningful and efficient, please let us know the bases for each motion as we
have done on the motion to dismiss.

As it stands, our positions are as follows:

(1) It is up to the judges in this district to determine whether any may preside over this action. As you recognized in
your email, it is standard for the government to not take a position on recusal motions;

(2) We are not aware of any legitimate reasons for recusal of the attorneys assigned to this case, much less the
Attorney General's Office as a whole; and

(3) We stand by the Motion to Restrict. On this issue, I appreciate your recognition that this case includes issues that
are "extraordinarily sensitive."  We again reiterate our request that you review filings for confidential information
and, at a minimum, provide notice and meet and confer so that Defendants can file appropriate
motions to maintain such confidentiality before they are filed publicly.

Given the upcoming February 16 deadline, we would appreciate scheduling the meet and confer as soon as you are
able. Please provide us your availability, and I will make every effort to make myself available when you are. In the
meantime, I hope you have a good weekend.

Clayton J. Ankney

Second Assistant Attorney General

Tort Litigation Unit

Colorado Department of Law

Phone: (720) 508-6604

Email: clayton.ankney@coag.gov

**From:** Ingrid J. DeFranco <defrancoi@yahoo.com>
**Sent:** Friday, February 6, 2026 9:28 AM
**To:** ingrid.defranco@gmail.com; Clayton Ankney <Clayton.Ankney@coag.gov>
**Cc:** Katharine Brown <Katharine.Brown@coag.gov>; Dan Combs (He/Him) <Dan.Combs@coag.gov>; Linda Ruth Carter <LindaRuth.Carter@coag.gov>; Carmen Van Pelt <Carmen.VanPelt@coag.gov>
**Subject:** Re: Gregory, 25-3361 (D. Colo.) - Conferral on Motion to Dismiss

Dear Mr. Ankney,

Thank you for your email.  Respectfully, we believe that a meeting and conferral on your anticipated F.R.C.P. 12 motion to dismiss is premature.  As I explained in my most recent correspondence with Mr. Combs, the need for an objectively impartial judge and your Office's conflicts in representing the Defendants (some in both their official and individual capacities) must be addressed before there is further litigation in this case.  The fact that you are now communicating with us is an indication that Mr. Combs understands this issue and further recognizes the legitimacy of our concerns about your Office's conflicted representation of the Defendants.

It deserves emphasis that Mr. Gregory's 28 U.S.C. § 144 Affidavit, which precipitated District Judge Daniel D. Domenico's mandatory recusal, requested the temporary assignment of a non-conflicted Circuit Chief Judge and Circuit Justice to facilitate the appointment of a district judge from outside the 10th Circuit who is not enmeshed in the Colorado legal community.  The conflicts of interest inherent in this case are both unique and extraordinarily sensitive.  The assignment of this case to Senior District Judge R. Brooke Jackson occurred only days ago, and it can be reasonably expected that Judge Jackson is reviewing the two involved case files, including Mr. Gregory's Affidavit requesting the assignment of a district judge from outside the 10th Circuit.  In addition, Judge Domenico failed to vacate orders that he issued in violation of 28 U.S.C. § 144, so we anticipate that Judge Jackson will take immediate action to address the temporary public access restrictions applied to Mr. Gregory's Affidavit as well as your Office's failure to meet and confer before seeking those restrictions.  In this vein, we should be meeting and conferring as to your Office's position on a prospective motion to have this case assigned to a district judge from outside the 10th Circuit and a renewed request for you to withdraw your motions to restrict public access, ECF Nos. 29 and 30.

I think we can agree that it is in the parties' mutual interests to have this case heard by a district judge whose impartiality cannot be reasonably questioned (even if such questions arise merely through familiarity with other individuals within the Colorado legal community and public perceptions that arise from such connections).  Likewise, the public should have confidence that the State of Colorado's interests are being represented impartially without state resources, including your work and the work of others in your Office, supporting the individual interests of the Defendants, who include your boss, Attorney General Phil Weiser, who is named in his individual capacity.

Neither you nor Mr. Combs has offered any explanation as to why your Office's continued representation of the Defendants does not create appearances of impropriety, is not consistent with the pattern of public fraud alleged in Mr. Gregory's Verified Complaint, and is not a violation of Colo. RPC 8.4(f) (which prohibits attorneys to knowingly assist judges to violate the Colorado Code of Judicial Conduct).  It is also important to recognize that as attorneys for the State of Colorado, it is your and your colleagues' obligation to do justice rather than to protect the individual and personal interests of public officials.  It is extremely concerning that your Office opposed (or at least was not willing to stipulate to) District Judge Daniel D. Domenico's recusal and enforcement of Judge Domenico's mandatory and automatic disqualification obligations under 28 U.S.C. § 144.  It is common for opposing counsel to take no position on recusal motions, especially when they represent government agencies. *See, e.g., Thompson v. Comm'r of Soc. Sec.,* 425 F. App'x 98, 100 n.2 (3d Cir. 2011). That is partly because government lawyers are in theory pursuing a just outcome, rather than simply a victory. *See Berger v. United States,* 295 U.S. 78, 99 (1935) (declaring that prosecutors are "representative not of an ordinary party to a controversy, but of a sovereignty whose obligation to govern impartially is as compelling as its obligation to govern at all; and whose interest, therefore, in a criminal prosecution is not that it shall win a case, but that justice shall be done").

We are happy to engage in a meaningful meeting and conferral about the anticipated FRCP 12 motion once we have had a legitimate opportunity to meet and confer with you as to these other preliminary, yet fundamentally important, issues.

Again, please let us know how you would like to proceed.

Sincerely,


Ingrid DeFranco


The Law Office of Ingrid J. DeFranco
P.O. Box 128

Brighton, CO 80601-0128
303-641-6812; fax: 303.558.4294
www.atoughdefense.com




On Thursday, February 5, 2026 at 08:55:53 AM MST, Clayton Ankney <clayton.ankney@coag.gov> wrote:




Good morning, Ingrid:


I hope all is well. In light of Judge Domenico's recusal and the assignment of this case to Judge Jackson, I am following up on our January 12, 2026, and January 27, 2026 requests to confer on Defendants' motion to dismiss.


Judge Jackson's practice standards require a robust conferral process, including a meaningful discussion about (1) the issues that the defendants intend to raise in the motion to dismiss, (2) whether the parties could resolve all of some of those issues without a motion, (3) the reasons that the defendants believe those issues are legally meritorious, (4) the reasons that the plaintiff believes the motion should be denied, (5) whether there are any alternatives to the motion that would suffice (for example, could the plaintiff simply amend the complaint?), and (6) whether the motion could be resolved through a streamlined process (for example, letters instead of briefs, or in a conference with the court).
http://www.cod.uscourts.gov/Portals/0/Documents/Judges/RBJ/RBJ_Practice_Standards.pdf?
ver=q6spqw4Ai1y_pQ7uMJQEyw%3d%3d.


I have considered and am prepared to meaningfully discuss each of these topics and look forward to discussing them with you.


I could be mistaken, but I do not believe we have received a substantive response from you concerning the issues we

intend to raise in our motion to dismiss and which are described in our January 12, 2026 email. For your convenience, I have attached that email, which provides an overview of our grounds for dismissal. I would be happy to review any substantive written response in advance of our conferral so we can have a more fruitful discussion.

Could you please provide some dates and times you are available to meet and confer? I am generally available 2/9, 2/10, and 2/11, but I can try to make myself available on another day if those dates do not work for you. Thanks!

Clayton J. Ankney

Second Assistant Attorney General

Tort Litigation Unit

Colorado Department of Law

Phone: (720) 508-6604

Email: clayton.ankney@coag.gov

Hello Ingrid,

I'm reaching out to confer on two motions: (1) Defendants' motion for two additional weeks to respond to Mr. Gregory's Complaint—from February 2, 2026, to February 16, 2026; and (2) Defendant's motion to dismiss.

- Please respond as soon as possible on the request to extend time and let us know times, after Wed. of this week, in which you're available to talk through the planned Motion to Dismiss.

*Requested extension of time:* As mentioned below in more detail, as a response to the Complaint, we are preparing a single Motion to Dismiss on behalf of all Defendants, on various grounds. We'll be asking the Court for two additional weeks to file that Motion. That request reflects the need to finalize multiple arguments and ensure the 40 Defendant clients have sufficient time to review.

*Conferral on Motion to Dismiss:* The following is meant to start the discussion about conferral on our motion, under Judge Domenico's Practice Standards. Below are the general bases for our motion to dismiss. We'd like to set up a call this week or next to answer any questions and discuss whether you think the asserted deficiencies in the complaint are correctible by amendment, as Judge Domenico requires.

Grounds for dismissal

1. Request to dismiss all claims against the CSC, CCJD, and CJDRC based on sovereign immunity. Additionally, these entities are not persons subject to suit under 42 U.S.C. §§ 1983, 1985, and 1986.
2. Request to dismiss claims against individually named Defendants for violations of Colorado law, because such claims are barred under the Colorado Governmental Immunity Act and the Eleventh Amendment.
3. Request to dismiss claims against Director Sullivan, who, in addition to governmental immunity, has absolute immunity from the asserted claims.
4. Request to dismiss all claims for relief for failure to allege a plausible claim for relief, and failure to allege

| | |
|---|---|
| **From:** | Ingrid J. DeFranco |
| **To:** | Christopher Gregory |
| **Subject:** | Fw: Gregory, 25-3361 (D. Colo.) - Conferral on Motion to Dismiss |
| **Date:** | Friday, February 6, 2026 3:47:20 PM |

Law Office of Ingrid J. DeFranco
PO Box 128 Brighton, CO 80601-0128
303.641.6812 fax: 303.558.4294

----- Forwarded Message -----
**From:** Clayton Ankney <clayton.ankney@coag.gov>
**To:** Ingrid J. DeFranco <defrancoi@yahoo.com>; ingrid.defranco@gmail.com
<ingrid.defranco@gmail.com>
**Cc:** Katharine Brown <katharine.brown@coag.gov>; Dan Combs (He/Him) <dan.combs@coag.gov>;
Linda Ruth Carter <lindaruth.carter@coag.gov>; Carmen Van Pelt <carmen.vanpelt@coag.gov>
**Sent:** Friday, February 6, 2026 at 03:07:36 PM MST
**Subject:** RE: Gregory, 25-3361 (D. Colo.) - Conferral on Motion to Dismiss

Good afternoon, Ingrid:

I would be happy to meet and confer on all the issues raised in your email.

However, I request that the meet and confer include Defendants' motion to dismiss given the presumptive February 16, 2026 deadline for Defendants to file a responsive pleading. If Plaintiff would prefer this case not proceed until the Court addresses the issues raised in your email, Plaintiff is free to file an appropriate motion to stay. Alternatively, Plaintiff could dismiss the action without prejudice and refile but not serve Defendants until the action is assigned to a judge that Plaintiff believes is appropriate. Given the current deadlines, however, the parties have an obligation to meet the current court deadlines and to confer in good faith on Defendants' motion to dismiss. I am ready and willing to do so.

Based on your email, it appears you are planning to file a number of motions—to have this case assigned to a district judge outside the Tenth Circuit, to seek withdrawal of the Attorney General's office from representing Defendants, and a renewed motion for Defendants to withdraw the motions to restrict public access, ECF Nos. 29 and 30. To ensure that any meet and confer is both meaningful and efficient, please let us know the bases for each motion as we have done on the motion to dismiss.

As it stands, our positions are as follows:

(1) It is up to the judges in this district to determine whether any may preside over this action. As you recognized in your email, it is standard for the government to not take a position on recusal motions;

(2) We are not aware of any legitimate reasons for recusal of the attorneys assigned to this case, much less the Attorney General's Office as a whole; and

(3) We stand by the Motion to Restrict. On this issue, I appreciate your recognition that this case includes issues that are "extraordinarily sensitive."  We again reiterate our request that you review filings for confidential information and, at a minimum, provide notice and meet and confer so that Defendants can file appropriate motions to maintain such confidentiality before they are filed publicly.

Given the upcoming February 16 deadline, we would appreciate scheduling the meet and confer as soon as you are able. Please provide us your availability, and I will make every effort to make myself available when you are. In the meantime, I hope you have a good weekend.

Clayton J. Ankney

Second Assistant Attorney General

Tort Litigation Unit

Colorado Department of Law

Phone: (720) 508-6604

Email: clayton.ankney@coag.gov

---

**From:** Ingrid J. DeFranco <defrancoi@yahoo.com>
**Sent:** Friday, February 6, 2026 9:28 AM
**To:** ingrid.defranco@gmail.com; Clayton Ankney <Clayton.Ankney@coag.gov>
**Cc:** Katharine Brown <Katharine.Brown@coag.gov>; Dan Combs (He/Him) <Dan.Combs@coag.gov>; Linda Ruth Carter <LindaRuth.Carter@coag.gov>; Carmen Van Pelt <Carmen.VanPelt@coag.gov>
**Subject:** Re: Gregory, 25-3361 (D. Colo.) - Conferral on Motion to Dismiss

Dear Mr. Ankney,

Thank you for your email.  Respectfully, we believe that a meeting and conferral on your anticipated F.R.C.P. 12 motion to dismiss is premature.  As I explained in my most recent correspondence with Mr. Combs, the need for an objectively impartial judge and your Office's conflicts in representing the Defendants (some in both their official and individual capacities) must be addressed before there is further litigation in this case.  The fact that you are now communicating with us is an indication that Mr. Combs understands this issue and further recognizes the legitimacy of our concerns about your Office's conflicted representation of the Defendants.

It deserves emphasis that Mr. Gregory's 28 U.S.C. § 144 Affidavit, which precipitated District Judge Daniel D. Domenico's mandatory recusal, requested the temporary assignment of a non-conflicted Circuit Chief Judge and Circuit Justice to facilitate the appointment of a district judge from outside the 10th Circuit who is not enmeshed in the Colorado legal community.  The conflicts of interest inherent in this case are both unique and extraordinarily

sensitive.  The assignment of this case to Senior District Judge R. Brooke Jackson occurred only days ago, and it can be reasonably expected that Judge Jackson is reviewing the two involved case files, including Mr. Gregory's Affidavit requesting the assignment of a district judge from outside the 10th Circuit.  In addition, Judge Domenico failed to vacate orders that he issued in violation of 28 U.S.C. § 144, so we anticipate that Judge Jackson will take immediate action to address the temporary public access restrictions applied to Mr. Gregory's Affidavit as well as your Office's failure to meet and confer before seeking those restrictions.  In this vein, we should be meeting and conferring as to your Office's position on a prospective motion to have this case assigned to a district judge from outside the 10th Circuit and a renewed request for you to withdraw your motions to restrict public access, ECF Nos. 29 and 30.

I think we can agree that it is in the parties' mutual interests to have this case heard by a district judge whose impartiality cannot be reasonably questioned (even if such questions arise merely through familiarity with other individuals within the Colorado legal community and public perceptions that arise from such connections).  Likewise, the public should have confidence that the State of Colorado's interests are being represented impartially without state resources, including your work and the work of others in your Office, supporting the individual interests of the Defendants, who include your boss, Attorney General Phil Weiser, who is named in his individual capacity.

Neither you nor Mr. Combs has offered any explanation as to why your Office's continued representation of the Defendants does not create appearances of impropriety, is not consistent with the pattern of public fraud alleged in Mr. Gregory's Verified Complaint, and is not a violation of Colo. RPC 8.4(f) (which prohibits attorneys to knowingly assist judges to violate the Colorado Code of Judicial Conduct).  It is also important to recognize that as attorneys for the State of Colorado, it is your and your colleagues' obligation to do justice rather than to protect the individual and personal interests of public officials.  It is extremely concerning that your Office opposed (or at least was not willing to stipulate to) District Judge Daniel D. Domenico's recusal and enforcement of Judge Domenico's mandatory and automatic disqualification obligations under 28 U.S.C. § 144.  It is common for opposing counsel to take no position on recusal motions, especially when they represent government agencies. *See, e.g., Thompson v. Comm'r of Soc. Sec.,* 425 F. App'x 98, 100 n.2 (3d Cir. 2011). That is partly because government lawyers are in theory pursuing a just outcome, rather than simply a victory. *See Berger v. United States,* 295 U.S. 78, 99 (1935) (declaring that prosecutors are "representative not of an ordinary party to a controversy, but of a sovereignty whose obligation to govern impartially is as compelling as its obligation to govern at all; and whose interest, therefore, in a criminal prosecution is not that it shall win a case, but that justice shall be done").

We are happy to engage in a meaningful meeting and conferral about the anticipated FRCP 12 motion once we have had a legitimate opportunity to meet and confer with you as to these other preliminary, yet fundamentally important, issues.

Again, please let us know how you would like to proceed.

Sincerely,


Ingrid DeFranco


The Law Office of Ingrid J. DeFranco
P.O. Box 128

Brighton, CO 80601-0128
303-641-6812; fax: 303.558.4294
www.atoughdefense.com

On Thursday, February 5, 2026 at 08:55:53 AM MST, Clayton Ankney <clayton.ankney@coag.gov>
wrote:

Good morning, Ingrid:

I hope all is well. In light of Judge Domenico's recusal and the assignment of this case to Judge Jackson, I am
following up on our January 12, 2026, and January 27, 2026 requests to confer on Defendants' motion to dismiss.

Judge Jackson's practice standards require a robust conferral process, including a meaningful discussion about (1)
the issues that the defendants intend to raise in the motion to dismiss, (2) whether the parties could resolve all of
some of those issues without a motion, (3) the reasons that the defendants believe those issues are legally
meritorious, (4) the reasons that the plaintiff believes the motion should be denied, (5) whether there are any
alternatives to the motion that would suffice (for example, could the plaintiff simply amend the complaint?), and (6)
whether the motion could be resolved through a streamlined process (for example, letters instead of briefs, or in a
conference with the court).
*http://www.cod.uscourts.gov/Portals/0/Documents/Judges/RBJ/RBJ_Practice_Standards.pdf?
ver=q6spqw4Ai1y_pQ7uMJQEyw%3d%3d*.

I have considered and am prepared to meaningfully discuss each of these topics and look forward to discussing them
with you.

I could be mistaken, but I do not believe we have received a substantive response from you concerning the issues we
intend to raise in our motion to dismiss and which are described in our January 12, 2026 email. For your
convenience, I have attached that email, which provides an overview of our grounds for dismissal. I would be happy
to review any substantive written response in advance of our conferral so we can have a more fruitful discussion.

Could you please provide some dates and times you are available to meet and confer? I am generally available 2/9,
2/10, and 2/11, but I can try to make myself available on another day if those dates do not work for you. Thanks!

Clayton J. Ankney

Second Assistant Attorney General

Tort Litigation Unit

Colorado Department of Law

Phone: (720) 508-6604

Email: clayton.ankney@coag.gov

Hello Ingrid,

I'm reaching out to confer on two motions: (1) Defendants' motion for two additional weeks to respond to Mr. Gregory's Complaint—from February 2, 2026, to February 16, 2026; and (2) Defendant's motion to dismiss.

- Please respond as soon as possible on the request to extend time and let us know times, after Wed. of this week, in which you're available to talk through the planned Motion to Dismiss.

*Requested extension of time:* As mentioned below in more detail, as a response to the Complaint, we are preparing a single Motion to Dismiss on behalf of all Defendants, on various grounds. We'll be asking the Court for two additional weeks to file that Motion. That request reflects the need to finalize multiple arguments and ensure the 40 Defendant clients have sufficient time to review.

*Conferral on Motion to Dismiss:* The following is meant to start the discussion about conferral on our motion, under Judge Domenico's Practice Standards. Below are the general bases for our motion to dismiss. We'd like to set up a call this week or next to answer any questions and discuss whether you think the asserted deficiencies in the complaint are correctible by amendment, as Judge Domenico requires.

Grounds for dismissal

1. Request to dismiss all claims against the CSC, CCJD, and CJDRC based on sovereign immunity. Additionally, these entities are not persons subject to suit under 42 U.S.C. §§ 1983, 1985, and 1986.
2. Request to dismiss claims against individually named Defendants for violations of Colorado law, because such claims are barred under the Colorado Governmental Immunity Act and the Eleventh Amendment.
3. Request to dismiss claims against Director Sullivan, who, in addition to governmental immunity, has absolute immunity from the asserted claims.
4. Request to dismiss all claims for relief for failure to allege a plausible claim for relief, and failure to allege sufficient facts to support stated claims. This includes but is not limited to an argument to dismiss claims for failure to assert specific facts concerning individually named defendants, as well as arguments describing Mr. Gregory's failure to assert facts to plausibly state his enumerated claims for relief.
5. Request to dismiss all claims based on generalized grievances for the "fundamental right to be heard," equal protection, and due process rights for lack of standing.
6. Request to dismiss individual capacity claims under the doctrine of qualified immunity.
7. Request to dismiss conspiracy claims based on failure to identify agreement between defendants and concerted action (1983, 1985), racial bias (1985(3)), or intent to deter court attendance or retaliate based on court attendance (1985(2)).
8. Request to dismiss CFCA claim because it was not in effect when the alleged violation of the CFCA occurred. As such, Plaintiff cannot plead that he engaged in lawful acts in furtherance of an action brought pursuant to the CFCA or to stop a violation of the CFCA. Separately, Mr. Gregory's CFCA claim is barred by the Colorado Governmental Immunity Act.
9. Plaintiff fails to state a claim for relief under any additional theory, and Plaintiff is not entitled to any form of relief based on the various grounds for dismissal.

We appreciate your consideration on these motions, and your response on the motion for extension of time as soon as you're able to.

Best,
Dan

Daniel M. Combs (he/him/his)

First Assistant Attorney General

Colorado Department of Law

Tort Litigation Unit

Phone: (720) 508-6625

Email: Dan.Combs@coag.gov

The statements and opinions in this email do not represent the statements and opinions of the Attorney General.

---

Forwarded Message -----
**From:** Dan Combs (He/Him) <dan.combs@coag.gov>
**To:** Ingrid J. DeFranco <ingrid.defranco@gmail.com>
**Cc:** Katharine Brown <katharine.brown@coag.gov>; Clayton Ankney <clayton.ankney@coag.gov>; Linda Ruth Carter <lindaruth.carter@coag.gov>; Carmen Van Pelt <carmen.vanpelt@coag.gov>
**Sent:** Thursday, January 29, 2026 at 08:15:59 PM MST
**Subject:** RE: Your email and motion

Ingrid,

We disagree with your version of events or that restricting ECF No. 26 and Exhibits 1-10 is improper. We will not withdraw the Motion to Restrict Access, and further oppose any motion to strike. We also decline your demand for us to file a "a notice that [we] acknowledge Judge Domenico's mandatory judicial disqualification as required by 28 U.S.C. § 144, and that [we] and [our] Office withdraw from further representation of the Defendants in this case."

Regards,

Dan

Daniel M. Combs (he/him/his)

First Assistant Attorney General

Colorado Department of Law

Tort Litigation Unit

Phone: (720) 508-6625

Email: Dan.Combs@coag.gov

The statements and opinions in this email do not represent the statements and opinions of the Attorney General.

---

**From:** Ingrid J. DeFranco <ingrid.defranco@gmail.com>
**Sent:** Thursday, January 29, 2026 3:43 PM
**To:** Dan Combs (He/Him) <Dan.Combs@coag.gov>; Katharine Brown <Katharine.Brown@coag.gov>; Linda Ruth Carter <LindaRuth.Carter@coag.gov>; Carmen Van Pelt <Carmen.VanPelt@coag.gov>
**Cc:** Christopher Gregory <cspgregory@thegregorylawfirm.net>
**Subject:** Your email and motion

Dear Mr. Combs,

Unfortunately, you appear to miss the point of this case. Mr. Gregory is suing to uphold his 1st Amendment, Colo. Const. Art. II, § 25, Colo. Const. Art. VI, § 23(3)(g), and Colo. Const. Art. XIII rights to freely and publicly report judicial misconduct and other suspected crimes without fear of intimidation and retaliation (as further protected against through the Colorado False Claims Act (CFCA), the Colorado Whistleblower Protection Act, § 18-8-115, C.R.S., and other laws). Through your motion, you seek to have an objectively-biased U.S. District Court Judge act as the equivalent of the Soviet Bureau of Censorship, exercising prior restraints to restrict public access to Mr. Gregory's "Affidavit of Judicial Bias or Prejudice According to 28 U.S.C. § 144," ECF No. 26, as well as all prospective court filings based upon generalized assertions of "confidentiality." In other words, through your threatening communications prior to filing your motion, you have engaged in exactly the types of intimidation and retaliation that are prohibited under § 24-31-1204(8)(b) of the CFCA. Moreover, you are now a participant and co-conspirator in the civil rights violations and retaliatory conduct averred in Mr. Gregory's complaint. Not only is your conduct and refusal to disqualify yourself and your Office constitutionally and civilly unlawful, but it is also unethical and an example of First Degree Official Misconduct under § 18-8-404, C.R.S.

It is understandable that you would take such unmeasured actions upon recognizing the reality and significance of the facts alleged in Mr. Gregory's Affidavit. Once those facts (which must be presumed as true for the purposes of Judge Domenico's disqualification) are proven and/or admitted to, your clients have no ethical choice but to immediately resign from their official positions and to concede the merits of Mr. Gregory's claims.

The intimidation tactics apparently intended by your motion, however, actually began with your failing to meet and confer before sending your *ex parte* email to Judge Daniel D. Domenico's chambers on January 16, 2026. Other than sending a contemporaneous email (which you attempted to recall), that threatened me and Mr. Gregory with allegations of breached "confidentiality," you made no efforts to discuss what 28 U.S.C. § 144 requires in this case. Specifically, 28 U.S.C. § 144 provides, in relevant part:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, ***such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.***

It was improper for Judge Domenico to take ***any further action*** in this case, including issuing his order temporarily restricting public access according to D.C.COLO.LCivR 7.2(a), (b), (e).  Mr. Gregory's intentions in asking to temporarily restrict public access in the Affidavit itself was to allow a conflict-free replacement judge to immediately and impartially consider any objections (including any potential objections raised by Judge Domenico) to the public disclosure of *actual records* from the pending federal judicial discipline proceedings against Judge Domenico and 10th Circuit Chief Judge Jerome A. Holmes (i.e. the Affidavit's exhibits).  The intention was never to condone Judge Domenico continuing to preside over this case and to issue further orders.  Additionally, at no point have you identified specifically what you allege is "confidential" or non-public information and the reasons supporting your positions.  Mr. Gregory categorically denies that evidence of judicial misconduct, particularly a victim's personal knowledge of judicial misconduct, is ever "confidential" and outside of an individual attorney's mandated reporting obligations and constitutionally protected rights to free expression (including communications relevant to independent exercise of the Colorado General Assembly's impeachment authority under Colo. Const. Art. XIII).

I do not consider that a meaningful meet and confer can occur without your having provided a specific basis for your contention that the Affidavit should be kept hidden from public view, or without an appropriate opportunity to respond.  Your apparent "directive" that I shall respond to you immediately does not constitute an appropriate opportunity.  I realize that attorneys in your office rarely leave it, but that is not the case for other trial lawyers, and I do not sit at my desk awaiting communications from opposing counsel.  I believe the generally-accepted response period is twenty-four hours. Due to the failure to meet and confer, we will be moving to strike your motion.  We assume you oppose but request your confirmation.

With regard to Judge Domenico's mandatory disqualification, I would request you to direct me to any statutory basis for Judge Domenico exercising discretion and continuing to hear this case.  I can find none.  Recusal is mandatory, whether you subjectively believe Mr. Gregory established a "valid" basis, or not.  It is a violation of Colo. RPC 8.4(a-1), (b), (c), (d), (e), (f), (h) for you and your clients to frivolously disregard the law (i.e. 28 U.S.C. § 144) and support an objectively-biased judicial officer violating his duties under Canons 1, 2, and 3 of the Code of Conduct for United States Judges (the federal Code).

With this context, I respectfully request that you withdraw your motion to restrict public access to the Affidavit, that you file a notice that you acknowledge Judge Domenico's mandatory judicial disqualification as required by 28 U.S.C. § 144, and that you and your Office withdraw from further representation of the Defendants in this case.  If you do not take these requested actions, we will respond accordingly by filing the above-mentioned motion to strike, by filing additional federal judicial discipline complaints against Judge Domenico and Chief Circuit Judge Holmes as allowed through 10th Cir. JCR 11(c)(2), and by petitioning the 10th Circuit for a writ of mandamus (*see Nichols v. Alley*, 71 F.3d 347 (10th Cir. 1995) (granting writ of mandamus based upon application of 28 U.S.C. § 455(a) disqualification standard)).  Once an impartial judge is assigned to this case, we will proceed with filing the appropriate motion to disqualify you and your Office from further representation of the Defendants and to seek the injunctive relief otherwise pled in the Verified Complaint and Jury Demand, ECF No. 1.  We will also refer your conduct (and the conduct of the other attorneys from your Office who are working on this case) to the U.S. District Court's Committee on Conduct, which is already investigating the attorney discipline complaint contained in ECF No. 1-1.

Please advise as to how you would like to proceed in this matter.


Sincerely,


Ingrid DeFranco


Law Office of Ingrid J. DeFranco

Case No. 1:25-cv-03361-KHV-GEB   Document 50-7   filed 03/11/26   USDC Colorado
pg 30 of 48

PO Box 128 Brighton, CO 80601-0128
303.641.6812 fax: 303.558.4294

| **From:** | Ingrid J. DeFranco |
|---|---|
| **To:** | Christopher Gregory |
| **Subject:** | Fw: Your letter |
| **Date:** | Wednesday, January 28, 2026 2:07:40 PM |

The Law Office of Ingrid J. DeFranco
P.O. Box 128
Brighton, CO 80601-0128
303-641-6812; fax: 303.558.4294
www.atoughdefense.com

----- Forwarded Message -----
**From:** Dan Combs (He/Him) <dan.combs@coag.gov>
**To:** Ingrid J. DeFranco <ingrid.defranco@gmail.com>
**Cc:** Clayton Ankney <clayton.ankney@coag.gov>; Katharine Brown <katharine.brown@coag.gov>; Linda Ruth Carter <lindaruth.carter@coag.gov>; Carmen Van Pelt <carmen.vanpelt@coag.gov>
**Sent:** Wednesday, January 28, 2026 at 02:03:43 PM MST
**Subject:** RE: Your letter

Thank you for the response.

We would prefer to talk through issues by phone, to allow for the back-and-forth we believe Judge Domenico's rules envision. In any event, the bases for our motion to dismiss are in the email dated Jan. 12, 2025, re-attached here for quick reference. We await your response by email, if that is how you wish to proceed.

As for the other two issues you raise, we do not agree Mr. Gregory has stated valid grounds to recuse Judge Domenico, and for that reason we won't be joining your recusal efforts. We also are not aware of any conflict of interest in representing the Defendants in this case.

Finally, we will be filing a Motion to Restrict the Affidavit of Judicial Bias (ECF No. 26 and 26-1 through 26-10) pursuant to Local Rule 7.2. That Motion will also request that Plaintiff be required to file all documents under Level 1 Restriction so that Defendants are provided an opportunity to ensure that Plaintiff does not file confidential information publicly in the future. Please advise today whether Mr. Gregory will oppose that motion.

Thank you,

Dan

Daniel M. Combs (he/him/his)

First Assistant Attorney General

Colorado Department of Law

Tort Litigation Unit

Phone: (720) 508-6625

Email: Dan.Combs@coag.gov

The statements and opinions in this email do not represent the statements and opinions of the Attorney General.

---

**From:** Ingrid J. DeFranco <ingrid.defranco@gmail.com>
**Sent:** Wednesday, January 28, 2026 8:11 AM
**To:** Dan Combs (He/Him) <Dan.Combs@coag.gov>
**Cc:** Clayton Ankney <Clayton.Ankney@coag.gov>; Katharine Brown
<Katharine.Brown@coag.gov>; Linda Ruth Carter <LindaRuth.Carter@coag.gov>; Carmen
Van Pelt <Carmen.VanPelt@coag.gov>
**Subject:** Your letter

Dear Mr. Combs,

I respectfully disagree that Mr. Gregory's affidavit should remain hidden from the public, and that he has violated any ethical duty. I consulted with the clerk, who advised me that I could not properly restrict the filing, and that it was up to the judge to order it suppressed, if he believed it proper to do so. I am happy to discuss both that and your motion to dismiss, but I believe we need first to discuss why your office has not joined, or, at the very least, indicated that you do not oppose Judge Domenico's recusal. I believe we also need to discuss your clear conflicts of interest and why you have not raised those.

I think, given the tenor of your letter, and the multiple threats and improper admonitions it contains, that it would be unwise for me to speak with you by telephone. The Local Rules do not require telephonic meet and confer, nor do Judge Domenico's practice standards. Therefore, I would prefer to communicate with you in writing, so that there can be no disagreement about what was said.

Sincerely,

Ingrid DeFranco

Law Office of Ingrid J. DeFranco
PO Box 128 Brighton, CO 80601-0128
303.641.6812 fax: 303.558.4294

Case No. 1:25-cv-03361-KHV-GEB    Document 50-7    filed 03/11/26    USDC Colorado
pg 33 of 48

| | |
|---|---|
| **From:** | Ingrid J. DeFranco |
| **To:** | Christopher Gregory |
| **Subject:** | Fw: Gregory v. CJDRC et al., No. 25-cv-03361 - conferral |
| **Date:** | Tuesday, January 27, 2026 4:40:17 PM |
| **Attachments:** | 26.01.27 Letter to DeFranco.pdf |

Law Office of Ingrid J. DeFranco
PO Box 128 Brighton, CO 80601-0128
303.641.6812 fax: 303.558.4294

----- Forwarded Message -----
**From:** Dan Combs (He/Him) <dan.combs@coag.gov>
**To:** ingrid.defranco@gmail.com <ingrid.defranco@gmail.com>
**Cc:** Clayton Ankney <clayton.ankney@coag.gov>; Katharine Brown <katharine.brown@coag.gov>; Linda Ruth Carter <lindaruth.carter@coag.gov>; Carmen Van Pelt <carmen.vanpelt@coag.gov>
**Sent:** Tuesday, January 27, 2026 at 04:19:23 PM MST
**Subject:** Gregory v. CJDRC et al., No. 25-cv-03361 - conferral

Dear Ingrid,

Attached is a letter dated 1/27/26. We await your immediate response.

Thank you,
Dan


Daniel M. Combs (he/him/his)
First Assistant Attorney General
Colorado Department of Law
Tort Litigation Unit
Phone: (720) 508-6625
Email: Dan.Combs@coag.gov

The statements and opinions in this email do not represent the statements and opinions of the Attorney General.



**PHIL WEISER**
Attorney General

**NATALIE HANLON LEH**
Chief Deputy Attorney General

**SHANNON STEVENSON**
Solicitor General

**TANJA WHEELER**
Associate Chief Deputy Attorney
General

**STATE OF COLORADO**
**DEPARTMENT OF LAW**

**RALPH L. CARR**
**COLORADO JUDICIAL CENTER**
1300 Broadway, 10th Floor
Denver, Colorado 80203
Phone (720) 508-6000

**Civil Litigation and**
**Employment Law Section**

January 27, 2026

Ingrid J. DeFranco
Law Offices of Ingrid J. DeFranco
P.O. Box 128
Brighton, CO 80601-0128

*Sent via email to: ingrid.defranco@gmail.com*

RE:     *Gregory v. Colorado Judicial Discipline Rulemaking Committee et al.*, Civ. No
        25-cv-03361(D. Colo.)

Dear Ms. DeFranco:

        I write regarding *Gregory v. Colorado Judicial Discipline Rulemaking
Committee et al.*, Civ. No 25-cv-03361(D. Colo.), and in particular your failure to
respond to my requests to meet and confer on two separate, serious issues. See
January 12, 2026, email, January 16, 2026, email.

        First, I have sought, and continue to seek, conferral on Defendants'
impending motion to dismiss. *See* January 12, 2026, email. Judge Domenico
requires conferral on such motions, *see* DDD Civ. P.S. III(G), and the Complaint in
this action is a perfect example of what this conferral requirement seeks to
remedy—namely having Defendants and the Court spend time sifting through
voluminous papers and legal conclusions to divine what Plaintiff is attempting to
assert. The Complaint is a kitchen sink of legal conclusions asserted
indiscriminately against all forty Defendants, with no factual allegations explaining
what it is that each Defendant allegedly did to Plaintiff or how Plaintiff was
harmed. On its face, it fails to provide a "short and plain statement" as required by
Rule 8, and fails to assert a plausible claim for relief as required by Rule 12(b)(6).

        Both the form and content of the Complaint, which you and Mr. Gregory
signed as attorneys of record, raise serious questions whether this action and its
claims are warranted by any existing law and have evidentiary support.  *See* Fed. R.
Civ. P. 11 (outlining representations to court made by attorney when signing any
filing). For example, the Complaint appears to allege that Director Sullivan
retaliated against Mr. Gregory by dismissing his Charge of Discrimination based on
his termination from the CCRD for lack of jurisdiction. But as the Complaint's own
exhibits show, the Charge did not include any allegations that Plaintiff was

Page 2

discriminated against based on membership in a protected class as required by
C.R.S. § 24-34-402(1)(a)(I), or was discriminated against for opposing any practice
made a discriminatory or an unfair employment practice by CADA as required by
C.R.S § 24-34-402(1)(e)(IV). *See generally* ECF No. 1-10, pp. 12–19. As another
example, Mr. Gregory complains about how the CCJD and CJDRC handling his
various filings, but "nothing in the First Amendment or in [the Supreme] Court's
case law interpreting it suggests that the rights to speak, associate, and petition
require government policymakers to listen or respond to individuals'
communications on public issues." *Minnesota State Bd. for Cmty. Colleges v. Knight*,
465 U.S. 271, 285 (1984). Your failure to engage in the conferral process has forced
Defendants to prepare a lengthy Motion to Dismiss, which will outline multiple
bases for dismissal.

Second, you publicly filed documents in this case which were in violation of
your client's confidentiality obligations under Colorado law. *See* my January 16,
2026, email. In particular, Colorado Const. art. VI, section 23(3)(g) protects all files,
investigations, proceedings, testimony, and notes of the CCJD, unless and until
public disciplinary proceedings are filed, and even then, only certain documents
become public. CJD Rule 3.5 imposes confidentiality obligations on all Commission
staff and members, and both Section 23(3)(g) and Rule 3.5(c)(5) make clear that the
confidentiality rules continue to apply post-employment. The Complaint includes
allegations that refer to information that Mr. Gregory had access to only by virtue
of his role with the CCJD. Mr. Gregory's Affidavit, ECF No. 26, and exhibits to that
Declaration, go even further, including information regarding private discipline
issued by the CCJD while Plaintiff was serving as the vice-chair of the CCJD, as
well as details of investigative actions he took while serving as the CCJD's
Executive Director. ECF No. 26, ¶¶ 43-44.  Contrary to his assertions, Mr. Gregory
does not have an "absolute privilege" to disclose the information under CJD Rule
6.5(d). CJD Rule 6.5(d) permits certain disclosures of otherwise confidential
information by "the Commission or the executive director," but Mr. Gregory is
neither the Commission nor its executive director – he was terminated on January
19, 2024. Mr. Gregory therefore possesses no right to disclose information that is
subject to confidentiality provisions under Colorado law.

I asked you to confirm that you will take steps to restrict access to the
Affidavit, and further review all filings drafted by Mr. Gregory prior to filing for
confidential information, and take necessary steps to protect that information. You
should be aware that pursuant to a settlement of claim with the CCJD, Mr. Gregory
should not have any documents belonging to the CCJD.  And he is violating his
confidentiality obligations as a former employee of CCJD, by disclosing confidential
documents and/or information from those documents in court filings, to legislators,
the media or the public, which if continued may result in legal action against him.

Your failure to engage on these issues is causing Defendants to spend
unnecessary time seeking dismissal of a Complaint which on its face fails to state a

Page 3

plausible claim, and to monitor your voluminous filings for information that should be under seal and/or not in Mr. Gregory's possession.  Your failure to engage also suggests that this action is not about actually litigating any specific claim that Mr. Gregory may be able to assert, but to flood the record with voluminous and sensational allegations. You are on notice that Defendants will vigorously defend themselves in this action and will seek fees, costs, and other appropriate relief under the law.

I am available to talk about these and other issues on Wednesday, January 28, between 1:00-2:00, and on Thursday, January 29th, between 3:00-4:00. Please let us know if one of these times work, or provide other available times to discuss.

Sincerely,

FOR THE ATTORNEY GENERAL

DANIEL M. COMBS
First Assistant Attorney General
Tort Litigation, Civil Litigation and
  Employment Law
720-508-6625
Email: Dan.Combs@coag.gov

cc:    Clayton J. Ankney
       Katharine J. Brown

| | |
|---|---|
| **From:** | Ingrid J. DeFranco |
| **To:** | Christopher Gregory |
| **Subject:** | Fw: Recall: Gregory (1:25-cv-00361) - confidentiality obligations and ECF No 26 |
| **Date:** | Friday, January 16, 2026 1:33:50 PM |

Law Office of Ingrid J. DeFranco
PO Box 128 Brighton, CO 80601-0128
303.641.6812 fax: 303.558.4294


----- Forwarded Message -----
**From:** Dan Combs (He/Him) <dan.combs@coag.gov>
**To:** 'ingrid.defranco@gmail.com' <ingrid.defranco@gmail.com>
**Cc:** Katharine Brown <katharine.brown@coag.gov>; Clayton Ankney <clayton.ankney@coag.gov>; Linda Ruth Carter <lindaruth.carter@coag.gov>; Carmen Van Pelt <carmen.vanpelt@coag.gov>
**Sent:** Friday, January 16, 2026 at 01:13:13 PM MST
**Subject:** Recall: Gregory (1:25-cv-00361) - confidentiality obligations and ECF No 26

Dan Combs (He/Him) would like to recall the message, "Gregory (1:25-cv-00361) - confidentiality obligations and ECF No 26 ".

| From: | Ingrid J. DeFranco |
|---|---|
| To: | Christopher Gregory |
| Subject: | Fw: Gregory (1:25-cv-00361) - confidentiality obligations and ECF No 26 |
| Date: | Friday, January 16, 2026 1:33:20 PM |

Law Office of Ingrid J. DeFranco
PO Box 128 Brighton, CO 80601-0128
303.641.6812 fax: 303.558.4294

----- Forwarded Message -----
**From:** Dan Combs (He/Him) <dan.combs@coag.gov>
**To:** ingrid.defranco@gmail.com <ingrid.defranco@gmail.com>
**Cc:** Katharine Brown <katharine.brown@coag.gov>; Clayton Ankney <clayton.ankney@coag.gov>; Linda Ruth Carter <lindaruth.carter@coag.gov>; Carmen Van Pelt <carmen.vanpelt@coag.gov>
**Sent:** Friday, January 16, 2026 at 01:09:49 PM MST
**Subject:** Gregory (1:25-cv-00361) - confidentiality obligations and ECF No 26

Hello Ingrid,

It's come to our attention that recent filings may have been in violation of your client's confidentiality obligations under Colorado law. In particular, Colo. Const. art. VI, section 23(3)(g) protects all files, investigations, proceedings, testimony, and notes of the Commission on Judicial Discipline, unless and until public disciplinary proceedings are filed, and even then, only certain documents become public. CJD Rule 3.5 imposes confidentiality obligations on all Commission staff and members, and both Section 23(3)(g) and Rule 3.5(c)(5) make clear that the confidentiality rules continue to apply post-employment. The Local Rules concerning restrictions of filings is found at D.C.COLO.LCivR 7.2.

Our clients take their confidentiality obligations seriously, and we ask that you review all filings drafted by Mr. Gregory prior to filing for confidential information, and take necessary steps to protect that information.

Most pressing is the need to review Mr. Gregory's Affidavit, ECF No. 26, and exhibits to that Declaration. As mentioned in the email I sent to Chambers (on which you were copied), Mr. Gregory acknowledged confidentiality of the contents of that filing, and its being filed publicly appears to have been inadvertent. Furthermore, the cited bases for disclosure would not apply, because Mr. Gregory is not the executive director of the Commission and may not act on the Commission's behalf.

Please confirm receipt of this email and let me know *as soon as possible* whether you will take steps to restrict access to ECF No. 26.

Thank you,
Dan

Daniel M. Combs (he/him/his)
First Assistant Attorney General
Colorado Department of Law
Tort Litigation Unit
Phone: (720) 508-6625
Email: Dan.Combs@coag.gov

The statements and opinions in this email do not represent the statements and opinions of the Attorney General.

| | |
|---|---|
| **From:** | Ingrid J. DeFranco |
| **To:** | Christopher Gregory |
| **Subject:** | Fw: 1:25-cv-00361-DDD filing matter - ECF No. 26 |
| **Date:** | Friday, January 16, 2026 1:33:41 PM |

Law Office of Ingrid J. DeFranco
PO Box 128 Brighton, CO 80601-0128
303.641.6812 fax: 303.558.4294

----- Forwarded Message -----
**From:** Dan Combs (He/Him) <dan.combs@coag.gov>
**To:** Domenico_Chambers@cod.uscourts.gov <domenico_chambers@cod.uscourts.gov>
**Cc:** Katharine Brown <katharine.brown@coag.gov>; Linda Ruth Carter <lindaruth.carter@coag.gov>;
Carmen Van Pelt <carmen.vanpelt@coag.gov>; Clayton Ankney <clayton.ankney@coag.gov>;
ingrid.defranco@gmail.com <ingrid.defranco@gmail.com>
**Sent:** Friday, January 16, 2026 at 01:04:00 PM MST
**Subject:** 1:25-cv-00361-DDD filing matter - ECF No. 26

To Judge Domenico's Chambers,

It has come to our attention that the Plaintiff's (Christopher Gregory) most recent filing in case
1:25-cv-03361-DDD, ECF No. 26, and exhibits 1-11, are available to the public through
PACER.

After reviewing the filings, Defendants believe that ECF No. 26 contains information required
to be kept confidential under state law. Mr. Gregory apparently recognizes that the affidavit
contains confidential information as well, stating in footnote 2, Paragraph 5, of ECF No. 26,
that "Affiant files this Affidavit into the present case as suppressed …."

Given the Plaintiff's statement, made under penalty of perjury, that ECF 26 and its exhibits
were being filed as "suppressed," the public filing appears to have been made in error.

To protect the confidentiality of information contained in ECF 26 and to reflect the Plaintiff's
stated intent to file it as "suppressed," would the Court be able to direct the Clerk to
immediately change ECF 26's status to "sealed" or restricted?

Very truly yours,

Dan Combs

Daniel M. Combs (he/him/his)
First Assistant Attorney General
Colorado Department of Law
Tort Litigation Unit
Phone: (720) 508-6625
Email: Dan.Combs@coag.gov

The statements and opinions in this email do not represent the statements and opinions of the Attorney General.

| | |
|---|---|
| **From:** | Dan Combs (He/Him) |
| **To:** | Ingrid J. DeFranco |
| **Cc:** | Clayton Ankney; Katharine Brown; Linda Ruth Carter; Carmen Van Pelt; Christopher Gregory |
| **Subject:** | RE: Gregory lawsuit conferral on motion to extend time and MTD |
| **Date:** | Wednesday, January 14, 2026 8:42:42 PM |

Thanks Ingrid.

Best,
Dan


Daniel M. Combs (he/him/his)
First Assistant Attorney General
Colorado Department of Law
Tort Litigation Unit
Phone: (720) 508-6625
Email: Dan.Combs@coag.gov

The statements and opinions in this email do not represent the statements and opinions of the
Attorney General.


---

**From:** Ingrid J. DeFranco <ingrid.defranco@gmail.com>
**Sent:** Wednesday, January 14, 2026 5:22 PM
**To:** Dan Combs (He/Him) <Dan.Combs@coag.gov>
**Cc:** Clayton Ankney <Clayton.Ankney@coag.gov>; Katharine Brown <Katharine.Brown@coag.gov>;
Linda Ruth Carter <LindaRuth.Carter@coag.gov>; Carmen Van Pelt <Carmen.VanPelt@coag.gov>;
Christopher Gregory <cspgregory@thegregorylawfirm.net>
**Subject:** Re: Gregory lawsuit conferral on motion to extend time and MTD

Dear Mr. Coombs,

Apologies; I did not receive your earlier email.  My Gmail address duplicates into a
secondary address, and it's not in either one.  We do not object to an extension.

Sincerely,

Ingrid DeFranco

Law Office of Ingrid J. DeFranco Pllc
PO Box 128 Brighton, CO 80601-0128
303.641.6812 fax: 303.558.4294

On Wednesday, January 14, 2026 at 04:28:35 PM MST, Dan Combs (He/Him) <dan.combs@coag.gov> wrote:

Hello Ingrid,

I'm following up on the outreach from earlier in this week. Will you please confirm you received the email, and also please provide Mr. Gregory's position on the requested extension of time, when you're first able to?

Many thanks,
Dan

Daniel M. Combs (he/him/his)

First Assistant Attorney General

Colorado Department of Law

Tort Litigation Unit

Phone: (720) 508-6625

Email: Dan.Combs@coag.gov

The statements and opinions in this email do not represent the statements and opinions of the Attorney General.

---

**From:** Dan Combs (He/Him)
**Sent:** Monday, January 12, 2026 4:21 PM
**To:** ingrid.defranco@gmail.com
**Cc:** Clayton Ankney <Clayton.Ankney@coag.gov>; Katharine Brown <Katharine.Brown@coag.gov>; Linda Ruth Carter <LindaRuth.Carter@coag.gov>; Carmen Van Pelt <Carmen.VanPelt@coag.gov>
**Subject:** Gregory lawsuit conferral on motion to extend time and MTD
**Importance:** High

Hello Ingrid,

I'm reaching out to confer on two motions: (1) Defendants' motion for two additional weeks to respond to Mr. Gregory's Complaint—from February 2, 2026, to February 16, 2026; and (2) Defendant's motion to dismiss.

- Please respond as soon as possible on the request to extend time and let us know times, after Wed. of this week, in which you're available to talk through the planned Motion to Dismiss.

***Requested extension of time:*** As mentioned below in more detail, as a response to the Complaint, we are preparing a single Motion to Dismiss on behalf of all Defendants, on various grounds. We'll be asking the Court for two additional weeks to file that Motion. That request reflects the need to finalize multiple arguments and ensure the 40 Defendant clients have sufficient time to review.

***Conferral on Motion to Dismiss:*** The following is meant to start the discussion about conferral on our motion, under Judge Domenico's Practice Standards. Below are the general bases for our motion to dismiss. We'd like to set up a call this week or next to answer any questions and discuss whether you think the asserted deficiencies in the complaint are correctible by amendment, as Judge Domenico requires.

Grounds for dismissal

1. Request to dismiss all claims against the CSC, CCJD, and CJDRC based on sovereign immunity. Additionally, these entities are not persons subject to suit under 42 U.S.C. §§ 1983, 1985, and 1986.

- Request to dismiss claims against individually named Defendants for violations of Colorado law, because such claims are barred under the Colorado Governmental Immunity Act and the Eleventh Amendment.
- Request to dismiss claims against Director Sullivan, who, in addition to governmental immunity, has absolute immunity from the asserted claims.
- Request to dismiss all claims for relief for failure to allege a plausible claim for relief, and failure to allege sufficient facts to support stated claims. This includes but is not limited to an argument to dismiss claims for failure to assert specific facts concerning individually named defendants, as well as arguments describing Mr. Gregory's failure to assert facts to plausibly state his enumerated claims for relief.
- Request to dismiss all claims based on generalized grievances for the "fundamental right to be heard," equal protection, and due process rights for lack of standing.
- Request to dismiss individual capacity claims under the doctrine of qualified immunity.
- Request to dismiss conspiracy claims based on failure to identify agreement between defendants and concerted action (1983, 1985), racial bias (1985(3)), or intent to deter court attendance or retaliate based on court attendance (1985(2)).

- Request to dismiss CFCA claim because it was not in effect when the alleged violation of the CFCA occurred. As such, Plaintiff cannot plead that he engaged in lawful acts in furtherance of an action brought pursuant to the CFCA or to stop a violation of the CFCA. Separately, Mr. Gregory's CFCA claim is barred by the Colorado Governmental Immunity Act.

- Plaintiff fails to state a claim for relief under any additional theory, and Plaintiff is not entitled to any form of relief based on the various grounds for dismissal.

We appreciate your consideration on these motions, and your response on the motion for extension of time as soon as you're able to.

Best,
Dan

Daniel M. Combs (he/him/his)

First Assistant Attorney General

Colorado Department of Law

Tort Litigation Unit

Phone: (720) 508-6625

Email: Dan.Combs@coag.gov

The statements and opinions in this email do not represent the statements and opinions of the Attorney General.

----- Forwarded Message -----
**From:** Dan Combs (He/Him) <dan.combs@coag.gov>
**To:** ingrid.defranco@gmail.com <ingrid.defranco@gmail.com>
**Cc:** Clayton Ankney <clayton.ankney@coag.gov>
**Sent:** Monday, November 24, 2025 at 11:02:54 AM MST
**Subject:** Gregory v. Colorado Judicial Rulemaking Committee, et al., No. 25-cv-3361: conferral on motion to extend time and waiver

Hello Ingrid,

Clayton Ankney and I are reaching out to confer on a requested extension of time for the Defendants who have been served in Mr. Gregory's case. We will be asking the Court to set a Feb. 2, 2026 response deadline. That request is designed to ensure sufficient time for analysis and consideration of various claims, to permit a consolidated response on behalf of Defendants who are served or waive service, and to allow time for sufficient client and stakeholder review of a response. The request also reflects the limited work days in December, based on holiday and travel schedules for the defense team.

Please let us know today if you will object to that requested extension.

Also, please let us know if you would like to request waiver of service for the non-served Defendants. If so and waiver requests are sent, we'll confer with our clients and respond as soon as possible.

Many thanks,
Dan


Daniel M. Combs (he/him/his)

First Assistant Attorney General

Colorado Department of Law

Tort Litigation Unit

Phone: (720) 508-6625

Email: Dan.Combs@coag.gov


The statements and opinions in this email do not represent the statements and opinions of the Attorney General.