## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 1:25-cv-03361-KHV-GEB

CHRISTOPHER S.P. GREGORY,

      Plaintiff,

v.

The COLORADO JUDICIAL DISCIPLINE RULEMAKING COMMITTEE, et al.

      Defendants.

---

### PLAINTIFF'S MOTION TO ABATE BRIEFING ON ECF NOS. 44 & 47
### PENDING DETERMINATION OF PLAINTIFF'S VERIFIED MOTION
### TO DISQUALIFY COUNSEL

---

Comes now the Plaintiff, Christopher S.P. Gregory, by and through his counsel, the Law Office of Ingrid J. DeFranco, PLLC, and for himself, and hereby tenders his request to abate the briefing on the Defendants' "Motion for Leave to File a Motion to Dismiss" (ECF No. 44) and "Motion to Set Aside Entry of Default" (ECF No. 47), pending a determination of whether the Colorado Office of the Attorney General (the COAG) may properly continue to represent the Defendants, stating as follows:

### FACTUAL BACKGROUND

1.     Service of the Complaint was made on the COAG, Justice Monica Márquez for the Colorado Supreme Court, Colorado Governor Jared Polis, and Bryon Large for the Colorado Judicial Discipline Rulemaking Committee on November 12, 2025.

2.      Service of the Complaint was made on Judge Jill Brady for the Colorado Commission on Judicial Discipline, via Scott Sosebee, Court Executive for El Paso County Courts, on November 17, 2025.

3.      On November 24, 2025, AAG Dan Combs contacted Mr. Gregory's counsel, requested an extension of time to respond, through February 2, 2026, and inquired about waivers of service for the individual defendants.

4.      A Notice and Request for Waiver was produced for each individual defendant on November 29, 2025, subsequently executed on December 1, 2025, and received by the Plaintiff on December 12, 2025.

5.      The COAG, and three of its staff attorneys, AAG Daniel M. Coombs, AAG Clayton J. Ankney, and AAG Katharine J. Brown entered their appearance on behalf of all defendants.

6.      On February 23, 2026, after the defendants failed to file a timely responsive pleading and upon Mr. Gregory's February 18, 2026 Application and Declaration (ECF Nos. 39 & 39-1), the Clerk of Court for the United States District Court for the District of Colorado entered default against all defendants.  ECF No. 46.

7.      AAG Ankney contacted Mr. Gregory and Mr. Gregory's co-counsel, with a request to meet and confer regarding a motion to set aside the default.

8.      Mr. Gregory and Ms. DeFranco responded, indicating that they were amenable, but that the parties first must discuss the propriety of the Attorney General's continuing representation.

9.      The AAGs declined to engage in that discussion prior to the formal entry of default, and on February 19, 2026, the AAGs moved to strike Mr. Gregory's application for default.  ECF No. 40.

10.     Mr. Gregory responded on February 19, noting that the motion was improper, because F.R.C.P. 55(c) requires that the clerk, rather than the court, perform the act of entering default, and does not provide for discretion, once the requirements have been met.  ECF No. 42.

11.     On February 20, 2026, the AAGs filed a motion for leave to file a motion to dismiss pursuant to F.R.C.P. 12(b)(6), indicating, falsely, that they had attempted to meet and confer, unsuccessfully.  ECF No. 44.

12.     On February 20, 2026, Mr. Gregory moved to strike the motion for leave, as unauthorized until such time as the default was set aside.  ECF No. 45.

13.     On February 25, 2026, the AAGs moved to set aside the default.  ECF No. 47.

14.     Contemporaneous to this Motion, Mr. Gregory has filed his Verified Motion to Disqualify Counsel, setting forth the particulars, conflicts, and improprieties of the representation.

## ARGUMENT

A properly-supported and facially colorable motion to disqualify counsel should be decided before the case proceeds on other issues.  *Williams v. Kopco, Inc.,* 162 F.R.D. 670, 672 (D. Kan. 1995).  See also, *Jefferson St. Holdings, LLC v. Otter Prods., LLC*, 2023 U.S. Dist. LEXIS 237460, *3 (D. Colo. 2023) (recognizing that the case cannot move forward until the disqualification issue is resolved).

Motions to disqualify should be decided prior to other substantive motions, because doing so preserves judicial efficiency.  If an attorney's representation is improper, any of the attorney's substantive motions arising from the conflict are stricken, and the court need not decide them.  Here, the motion for leave to file a motion to dismiss is the direct result of

counsels' refusal to meet and confer, or indeed, even to address their conflicts, and their own malpractice, for which they have made no showing that they sought intelligent waivers from their putative clients, or that the clients have, in fact, waived the conflict(s).

Similarly, the Defendants' "Motion to (1) Restrict Affidavit of Judicial Bias or Prejudice According to 28 U.S.C. § 144 (ECF Nos. 26, 26-1-10); and (2) Require Plaintiff to File Future Documents Under Level 1 Restriction in the First Instance" (ECF No. 29) is a direct outgrowth of their counsels' conflicts of interest, need to protect their gubernatorial-candidate chief against public exposure of his corrupt conduct, and desire to protect their judicial officer "clients" against the exposure of their more than quarter-century-long pattern of deliberate, coordinated judicial misconduct and cover-ups. Because of now-established actual bias, Judge Domenico was not authorized to issue rulings once Mr. Gregory's Affidavit of Judicial Bias pursuant to 28 U.S.C. § 144 (ECF No. 26) was lodged. The statute mandates that the judge against whom it is lodged may review the affidavit to determine wither it conforms to the statutory requirements and, if it does so, recuse him or herself immediately, taking no other or further action. Orders subsequent to filing of the on January 14, 2026 are void, as are prior orders that Judge Domenico entered despite his actual bias against Mr. Gregory and in favor of one or more of the Defendants.

**CONCLUSION**

Wherefore, a Verified Motion to Disqualify Counsel having been filed, Plaintiff Christopher S.P. Gregory respectfully requests that the propriety of the Defendants' continuing representation by the COAG be determined before any pending substantive motions (specifically

-4-

-5-

ECF Nos. 44 & 47), and that briefing on those issues be stayed, pending the resolution of the

Motion to Disqualify.

Dated: March 11, 2026

/s/ Ingrid J. DeFranco
**Ingrid J. DeFranco, esq.**
Law Office of Ingrid J. DeFranco
P.O. Box 128
Brighton, CO 80601
Telephone: (303) 641-6812
Email:  Ingrid.DeFranco@gmail.com
Attorney for Plaintiff Christopher S.P. Gregory


/s/ Christopher S.P. Gregory
**Christopher S.P. Gregory, Esq.**
The Gregory Law Firm, LLC
201 Coffman St., #1822
Longmont, CO 80502
Telephone: (970) 648-0642
E-mail: cspgregory@thegregorylawfirm.net
*Pro Se* Attorney for Plaintiff
Christopher S.P. Gregory

CERTIFICATE OF SERVICE

I certify that on March 11, 2026, I filed the above filing via email to the Clerk of the Court, who will docket it in CM/ECF. CM/ECF will send notification of this filing to any party who has entered an appearance in this matter to the e-mail addresses provided in CM/ECF.

/s/ Ingrid J. DeFranco
Ingrid J. DeFranco