**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 25-cv-03361-KHV-GEB

CHRISTOPHER S. P. GREGORY,

 Plaintiff,

v.

THE COLORADO JUDICIAL RULEMAKING COMMITTEE, et al.,

 Defendants.

---

**OPPOSITION TO PLAINTIFF'S "VERIFIED MOTION TO DISQUALIFY COUNSEL,"
ECF NO. 50**

---

Plaintiff brings this action against 40 Colorado state entities and individuals, asserting a broad, undefined conspiracy spanning years and/or decades, to deprive Plaintiff of his constitutional rights and violate federal and state law. *See generally* ECF No. 1, Compl.; *see also* ECF No. 12 (asserting that conspiracy dates back to a 2007 criminal action). In his latest motion, Plaintiff seeks to disqualify the *entire* Colorado Office of the Attorney General ("COAG") on the basis that it is conflicted from representing Defendants due to its alleged participation in this conspiracy, because the COAG attorneys in this action are now somehow material witnesses due to the entry of default, and because one of the attorneys once procured a Special Assistant Attorney General ("SAAG") for Plaintiff.  Plaintiff fails to set forth a legitimate basis for seeking disqualification, much less satisfying the high bar necessary for disqualification of a government attorney under State and federal law. This Court should deny Plaintiff's Motion.

1

## LEGAL AUTHORITY

As Plaintiff recognizes, motions to disqualify opposing counsel are highly disfavored. ECF No. 50 at 12-13. Indeed, "courts are wary of motions to disqualify opposing counsel because they have the potential for misuse to gain a tactical advantage or to harass opposing counsel[.]" *O'Hanlon v. AccessU2 Mobile Sols., LLC*, 2018 WL 3586395, at *5 (D. Colo. July 26, 2018). Motions to disqualify government counsel are even more disfavored, with disqualification of government counsel considered "a drastic measure" which "a court should hesitate to impose . . . except where necessary." *United States v. Bolden*, 353 F.3d 870, 878-79 (10th Cir. 2003). Given this high burden placed on the movant, establishing grounds for disqualification is a "significant task." *Wisehart v. Wisehart*, 2018 WL 11182736, at *2 (D. Colo. Oct. 16, 2018). "Specific facts must be alleged and counsel cannot be disqualified on the basis of speculation or conjecture." *Evans v. Dep't of Hous. & Urb. Dev.*, 2024 WL 3520142, at *1 (D. Colo. July 12, 2024) (citations omitted). Motions to disqualify counsel rest within the sound discretion of the trial court. *Fed. Deposit Corp. v. Isham*, 782 F. Supp. 524, 528 (D. Colo. 1992).

The Colorado Rules of Professional Conduct govern attorneys practicing in federal district courts in Colorado. D.C.Colo.L.Atty.R. 2; *Cole v. Ruidoso Mun. Schs.*, 43 F.3d 1373, 1383 (10th Cir. 1994) (Motions to disqualify are governed by local professional rules and federal motions standards). Some courts also look to the ABA model rules, but here, the Colorado rules cited are identical in relevant parts to the ABA model rules. *See* ABA Model Rules 1.7, 1.18, 3.7, 1.10, 1.11;[1] *Cole v. Ruidoso Mun. Schs.*, 43 F.3d 1373, 1383 (10th Cir. 1994).

---

[1] Parts of ABA Model Rules 1.10 and 1.11 differ from the Colorado Rules of Professional Conduct, but those portions of the rules do not appear relevant or applicable here.

## ARGUMENT

Plaintiffs' arguments for disqualification of the COAG are legally and/or factually wrong.

## I.    State Law Requires the COAG to Represent Defendants.

Plaintiff argues that the COAG has an "inherent conflict of interest" because Plaintiff is asserting claims against Defendants in their individual capacities, including claims under the Colorado Whistleblower Protection Act, which allegedly preclude COAG representation of Defendants. ECF No. 50 at 8-9. Plaintiff is wrong as a matter of law.

Colorado state law requires the COAG to represent Defendants in this action. Under state law, the COAG is required to represent all executive and judicial branch agencies, which include each of the entities named as Defendants. §§ 24-31-101(1)(a), (m), 24-31-111, C.R.S. The Attorney General also has authority to "appear for the state . . . and defend all actions and proceedings, civil and criminal, in which the state is a party or is interested when required to do so by the governor." §§ 24-31-101(1)(b), (c), C.R.S.

The COAG also represents the individual Defendants in this action because they are indemnified from Plaintiff's claims under the Colorado Governmental Immunity Act ("CGIA"). Specifically, the CGIA provides that a public entity is liable for the costs of defending its public employees and officials when claims arise from acts or omissions occurring within the scope of their official duties, except where the conduct is willful and wanton.[2] §§ 24-10-102, -110(1), C.R.S; *see also* § 24-10-103(4)(a), C.R.S. (defining "public employee" to include public officials

---

[2] Neither the Complaint nor the Motion to Disqualify includes any allegations of willful and/or wanton conduct. Regardless, even if Plaintiff included such allegations (which Defendants would vigorously dispute), that would be a matter of liability coverage between Risk Management (the State's self-insurer) and that Defendant. § 24-10-110(1), C.R.S. It is not a basis for disqualification that may be raised by Plaintiff.

3

and authorized volunteers of public entities, whether paid or unpaid). Claims indemnified by the CGIA include, broadly, liability claims and expenses, claims arising under federal law, and claims for compensatory damages, and the CGIA makes no distinction between employees named in their official or individual capacities. § 24-30-1510(3)(a), C.R.S.; *see also* 24-30-1507, C.R.S. (Obligating Risk Management to pay for legal services "for the defense of claims brought against the state."). Applied here, the COAG is properly representing the individual Defendants because the Complaint's allegations all pertain to actions taken pursuant to Defendants' official duties. *Compare* ECF No. 50 at 14 *with* ECF No. 1.

Plaintiff's assertion that he may seek to have a Whistleblower Act claim, which he apparently has already asserted in a sealed case, refiled as part of this action, would not disqualify the COAG. *See* ECF No. 50 at 9 & n.5. Speculation about future claims falls far short of the standard for disqualification. *O'Hanlon*, 2018 WL 3586395 at *5 (motions to disqualify "must be supported by more than speculation or conjecture"). Moreover, Plaintiff's assertion that the COAG is not permitted to represent Defendants if he brings a *valid* Whistleblower Act claim is false. ECF No. 50 at 9 (citing § 24-31-101(1)(m), C.R.S.). Subsection 24-31-101(1)(m) applies only to the representation of employees within the State Personnel System[3] in claims arising under the Whistleblower Act, § 24-50.5-101, C.R.S., which Defendants are not. And in any event, in the sealed case the Court has apparently entered final judgment against Plaintiff. ECF No. 61. Put plainly, the Attorney General's Office is required to defend state institutions, employees, officials, and representatives against Plaintiff's claims. *Id.* § 24-31-101.

---

[3] The State Personnel System, created by Art. XII, Sec.13 of the Colorado Constitution, does not include employees of the judicial branch, assistant attorneys general, division directors like Director Sullivan, or members of boards and commissions.

II.  **Plaintiff's Generalized and Speculative Allegations Fail to Set Forth a Basis for Disqualification.**

Plaintiff makes a number of generalized, unsupported arguments for disqualification. None come close to meeting Plaintiff's significant burden.

First, Plaintiff argues that his allegations of a broad-ranging conspiracy involving numerous state entities serve to disqualify the COAG because many COAG attorneys represent these entities, purportedly creating some unspecified conflict. ECF No. 50 at 10-11. Plaintiff ignores that the COAG is generally required to represent state entities, employees, and officials,[4] and Plaintiff offers no specific facts demonstrating a conflict based on COAG's compliance with its statutory duty to represent state entities and employees. *See, e.g., People ex rel. Woodard v. Brown*, 770 P.2d 1373, 1375-76 (Colo. App. 1989) (COAG may represent both prosecutor and decision policymaker, consistent with internal policies designed to separate functions).

Second, Plaintiff argues that Defendants' attorneys cannot represent Defendants because they are now fact witnesses regarding the entry of default and subsequent motion to set it aside. ECF No. 50 at 7. Plaintiff does not explain how the motion to set aside entry of default would require the testimony of COAG attorneys as fact witnesses. Regardless, an attorney is not disqualified if named as a fact witness unless the attorney is a necessary witness *at trial*. *See* Colo. RPC 3.7; *People v. Honstein*, 549 P.3d 970, 976 (Colo. 2024); *Merrill Lynch Bus. Fin. Servs., Inc. v. Nudell*, 239 F. Supp. 2d 1170, 1174 (D. Colo. 2003) (Even where attorney was

---

[4] Plaintiff suggests that in the alternative, a SAAG could be appointed. ECF No. 50 at 2, 4. The attorney general has "sole discretion" to appoint SAAGs, except in circumstances where the governor, chief justice, or state auditor determines that the attorney general is unable, has failed, or has refused to provide legal services. §§ 24-31-101(1)(g), 24-31-111(5), C.R.S. Opposing parties play no role in that decision, and Plaintiff has alleged no legal basis for such demand.

disqualified as a material witness at trial, he could participate in pretrial activities). Moreover,

attempts to disqualify opposing counsel by calling them as a witness are heavily disfavored.

*Chapman Engineers, Inc. v. Nat. Gas Sales Co., Inc.*, 766 F. Supp. 949, 959 (D. Kan. 1991)

("Where the party seeking disqualification is also the one wanting to call the attorney as a

witness, the court must be especially sensitive to the potential for abuse." (internal quotation and

citation omitted)). Plaintiff has not articulated a basis for calling each of Defendants' attorneys as

fact witnesses, much less as fact witnesses at trial. *See* CBA Ethics Op. 78 at 1[5] ("[A] lawyer

should not routinely or lightly subpoena, identify as a potential witness, or call as a witness an

opposing party's trial counsel . . . Doing so solely as a contrivance to disqualify opposing

counsel (whether or not combined with a motion to disqualify) violates the Rules.").

Third, Plaintiff argues that counsels' arguments in this case constitute grounds for

disqualification. ECF No. 50 at 11-12. Plaintiff alleges that Defendants' attempts to restrict one

of Plaintiff's filings that included details about confidential judicial discipline proceedings *in

violation of state law* amount to "intimidation [] and retaliation." *Id.* The record of that Motion to

Restrict Affidavit, ECF No. 30, speaks for itself and need not be relitigated here. Plaintiff also

asserts without basis that "Defendants' Counsel supported the assignment of this case to District

Judge Domenico and, then, opposed the Plaintiff's repeated requests (ultimately granted)

reassigning this case. . . ." ECF No. 50 at 11-12. Defendants do not control the assignment of

cases, and Defendants submitted no filing challenging Plaintiff's disqualification motions. ECF

Nos. 7, 26. As Judge Domenico recognized, his recusal was not required, but he recused to

---

[5] *Available at* https://www.cobar.org/Portals/COBAR/repository/ethicsOpinions/
FormalEthicsOpinion_78_2011.pdf.

remove any shadow of a doubt of partiality. ECF No. 32 at 9. Regardless, Plaintiff does not explain how Defendants' litigation positions constitute grounds for disqualification.

Finally, Plaintiff accuses Defendants' counsel of "committing various crimes" by representing Defendants. ECF No. 50 at 15. He then points to Independent Ethics Commission complaints that he filed against each COAG attorney that has entered an appearance in this case, arguing that "Defendants' Counsel have persistently refused to disqualify themselves and continue to do so even after they have received" copies of those complaints. ECF No. 50 at 12. At best, these allegations seek only to distract from the merits of this case, at worst; they are improper attempts at intimidation. *See Sequa Corp. v. Lititech, Inc.*, 807 F. Supp. 653, 659 (D. Colo. 1992) ("Motions to disqualify often pose the very threat to the integrity of the judicial process that they purport to prevent." (internal quotation omitted)).

**III.     Plaintiff Fails to Support Disqualification Based on Any of the Rules of Conduct.**

Plaintiff asserts that Defendants' counsel have violated at least nineteen Colorado Rules of Professional Conduct, yet offers no specific facts that establish a violation of any one of them. *See* ECF No. 50 at 10. Indeed, beyond the facts of litigating this action, the *only* specific fact he alleges is a single exchange he had with one of Defendants' attorneys regarding an unrelated case, over two years prior to this action. ECF No. 50 at 14-15. Whether he is alleging a conflict as a current, former, or prospective client, the Colorado Rules of Professional Conduct require much more to establish a disqualifying conflict.

Colo. RPC 1.7 provides that a conflict of interest between current clients exists if:

(1) the representation of one client will be directly adverse to another client; or (2) there is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client, a former client or a third person or by a personal interest of the lawyer.

7

Regarding duties to former clients, Colo. RPC 1.9(a) provides in relevant part:

A lawyer who has formerly represented a client in a matter shall not thereafter represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client gives informed consent, confirmed in writing.

Regarding duties to potential clients, Rule 1.18 provides in relevant part:

(a) A person who consults with a lawyer about the possibility of forming a client-lawyer relationship with respect to a matter is a prospective client.

*    *    *

(c) A lawyer subject to paragraph (b) shall not represent a client with interests materially adverse to those of a prospective client in the same or a substantially related matter if the lawyer received information from the prospective client that could be significantly harmful to that person in the matter.

The facts do not support a violation of any one of those rules.[6] The case referenced by Plaintiff, *Dees v. Hood, et al.*, 1:24-cv-00848-PAB-NRN (D. Colo.), on appeal in Case No. 25-1274 (10th Cir.), was a *pro se* action that, at base, was a child custody dispute. Plaintiff was named as one of dozens of defendants based on his employment as the Commission on Judicial Discipline's executive director. *Dees*, ECF No. 1, Complaint, ¶ 24. The case was ultimately dismissed and is now on appeal. *Dees*, ECF No. 134, Order Accepting Magistrate Judge's Report and Recommendation on Defendants' Motion to Dismiss. As set forth in Exhibit 1 to Plaintiff's Motion, Defendants' attorney Daniel Combs obtained a SAAG to represent Plaintiff, at Plaintiff's request, specifically because Plaintiff claimed he had interests adverse to the co-defendant judges or justices. ECF No. 50-1 at 3.

---

[6] For purposes of Plaintiff's Motion and so as not to insert any factual disputes, Defendants accept as true Plaintiff's allegations in his Motion regarding his interactions with Mr. Combs.

8

Mr. Combs never represented Plaintiff in *Dees*, *see* ECF No. 50 at 2, and there can be no conflict with Mr. Combs and the COAG now representing Defendants. By Plaintiff's own account, Plaintiff's interactions with Mr. Combs were limited to Plaintiff requesting an appointment of a SAAG based on a conflict perceived by Plaintiff. ECF No. 50 at 1-2. By definition, requesting a SAAG meant that Plaintiff did not want to be represented by the COAG. Colo. RPC 1.18, cmt. [2] ("a person who communicates with a lawyer for the purpose of disqualifying the lawyer is not a 'prospective client'"). Plaintiff had no reasonable expectation of attorney-client privilege with Mr. Combs. Moreover, the *Dees* matter was not "the same or a substantially related" matter within the meaning of Rules 1.9(a) or 1.18. *Dees,* which alleged a decade-long conspiracy related to a child custody dispute, is not arguably related to this case. *See Dees v. Hood et al.*, No. 1:24-cv-00848-PAB-NRN, ECF No. 1. Although both cases allege conspiracies between the judicial branch and dozens of defendants, the similarities end there.

Even assuming, *arguendo*, that Plaintiff had some expectation of attorney-client privilege in the information he conveyed to Mr. Combs as a *potential* client, he has not alleged that such information "could be significantly harmful to [him] in the same or a substantially related matter," as would be necessary to disqualify Mr. Combs. *See* Colo. RPC 1.18(c). Instead, he alleges merely that he "confided that he had been retaliated against in his role as Executive Director and that the current members and staff of the [Colorado Commission on Judicial Discipline] were intentionally suppressing legitimate grounds for judicial discipline." ECF No. 50 at 1. That allegation is reflected in Plaintiff's Complaint and again in his Motion, so it is safe to say that "confidence" is not at issue. ECF No. 1, ¶¶ 4, 7, 30-31.

9

Finally, Plaintiff's allegation that any conflict on Mr. Combs's part should be imputed to the entire COAG ignores the fundamental principle that conflicts of one member of a governmental entity are not imputed to other members of a government entity. *See* Colo. RPC 1.10(d), cmt. 11; Colo. RPC 1.11, cmt. [2]; *People v. Shari*, 204 P.3d 453, 459 (Colo. 2009) (The Colorado rules "make clear that a government attorney's individual conflicts are not imputed to the entire government agency for which he works."). Instead, the "generally accepted remedy" for a conflict is to disqualify a specific government attorney, "not all of the attorneys in the office." *United States v. Rodella*, 59 F. Supp. 3d 1331, 1348-49 (D. N.M. 2014) (discussing imputation of conflicts in a district of the U.S. Attorney's Office); *United States v. Williams*, 68 F.4th 564, 572 (9th Cir. 2023) (collecting cases demonstrating that "every circuit court that has reviewed an officewide disqualification [of the government] has reversed"). Plaintiff's request that this Court disqualify "the entire COAG", ECF No. 50 at 15, is an unwarranted, drastic remedy and without support.

## CONCLUSION

Defendants respectfully request this Court deny Plaintiff's Motion and proceed to the merits of Defendants' motions to set aside default and dismiss.

Respectfully submitted this 23rd day of March 2026.

PHILIP J. WEISER
Attorney General

*s/ Nora Q. Passamaneck*

**Daniel M. Combs**
**Katharine Brown**
First Assistant Attorneys General
**Clayton J. Ankney**
Second Assistant Attorney General
**Nora Q. Passamaneck**
Senior Assistant Attorney General

Civil Litigation and Employment Law
Colorado Department of Law
1300 Broadway, 10th Floor
Denver, Colorado  80203
Telephone: 720-508-6000
Email: Dan.Combs@coag.gov;
Katharine.Brown@coag.gov;
Clayton.Ankney@coag.gov;
Nora.Passamaneck@coag.gov

*Attorneys for Defendants*

11