# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 1:25-cv-03361-KHV-GEB

CHRISTOPHER S.P. GREGORY,

    Plaintiff,

v.

The COLORADO JUDICIAL DISCIPLINE RULEMAKING COMMITTEE, et al.

    Defendants.

---

## PLAINTIFF'S RESPONSE IN OPPOSITION TO
## MOTION TO SET ASIDE DEFAULT

---

Comes now the Plaintiff, Christopher S.P. Gregory, by and through his counsel, the Law Office of Ingrid J. DeFranco, PLLC, and for himself, and hereby tenders his response in opposition to the Defendants' "Motion to Set Aside Entry of Default" (ECF No. 47), stating as follows:

### FACTUAL BACKGROUND

1. Service of the Complaint was made on the Colorado Attorney General (COAG), Justice Monica Márquez for the Colorado Supreme Court, Colorado Governor Jared Polis, and Bryon Large for the Colorado Judicial Discipline Rulemaking Committee on November 12, 2025.

2. Service of the Complaint was made on Judge Jill Brady for the Colorado Commission on Judicial Discipline, via Scott Sosebee, Court Executive for El Paso County Courts, on November 17, 2025.

3.      On November 24, 2025, AAG Dan Combs contacted Mr. Gregory's counsel, requested an extension of time to respond, through February 2, 2026, and inquired about waivers of service for the individual defendants.

4.      A Notice and Request for Waiver was produced for each individual defendant on November 29, 2025, subsequently executed on December 1, 2025, and received by the Plaintiff on December 12, 2025.

5.      The COAG, and three of its staff attorneys, AAG Daniel M. Coombs, AAG Clayton J. Ankney, and AAG Katharine J. Brown entered their appearance on behalf of all defendants.

6.      On February 23, 2026, after the defendants failed to file a timely responsive pleading and upon Mr. Gregory's February 18, 2026 Application and Declaration (ECF Nos. 39 & 39-1), the Clerk of Court for the United States District Court for the District of Colorado entered default against all defendants.  ECF No. 46.

7.      AAG Ankney contacted Mr. Gregory and Mr. Gregory's co-counsel, with a request to meet and confer regarding a motion to set aside the default.

8.      Mr. Gregory and Ms. DeFranco responded, indicating that they were amenable, but that the parties first must discuss the propriety of the Attorney General's continuing representation.

9.      The AAGs declined to engage in that discussion prior to the formal entry of default, and on February 19, 2026, the AAGs moved to strike Mr. Gregory's application for default.  ECF No. 40.

10.     Mr. Gregory responded on February 19, noting that the motion was improper, because F.R.C.P. 55(c) requires that the clerk, rather than the court, perform the act of entering default, and does not provide for discretion, once the requirements have been met.  ECF No. 42.

11.     On February 25, 2026, the AAGs moved to set aside the default.  ECF No. 47.

12.     On March 18, this Court granted the Defendants leave and ordered the Plaintiff to file any response by 4:00 p.m. on March 23, 2026.  ECF No. 57.

13.     The Court denied the Plaintiff's request to abate briefing on the Defendants' motion to set aside the default pending determination of the Plaintiff's Verified Motion to Disqualify Counsel, and granted the Defendants leave to file a motion to dismiss despite the default not having been set aside.  ECF No. 62.

## LEGAL STANDARD FOR SETTING ASIDE DEFAULT

A Court "may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). "[T]he good cause required by Fed. R. Civ. P. 55(c) for setting aside entry of default poses a lesser standard for the defaulting party than the excusable neglect which must be shown for relief from judgment under Fed. R. Civ. P. 60(b)." *Dennis Garberg & Assocs., Inc. v. Pack-Tech Int'l Corp.*, 115 F.3d 767, 775 n.6 (10th Cir. 1997) (citations omitted). The primary factors in determining whether a defendant has met the good cause standard are: "(1) whether the default was the result of culpable conduct of the defendant, (2) whether the plaintiff would be prejudiced if the default should be set aside, and (3) whether the defendant presented a meritorious defense." *Hunt v. Ford Motor Co.*, 65 F.3d 178 (Table), [published in full-text format at 1995 U.S. App. LEXIS 24463] 1995 WL 523646, at *3 (10th Cir. Aug. 29, 1995) (citing *In re Dierschke*, 975 F.2d 181, 183 (5th Cir. 1992)).  "A court need not consider all of the factors, and may consider other factors as well." *Guttman v. Silverberg*, 167 Fed. Appx. 1, 4 (10th Cir. 2005).

When considering whether a party has a meritorious defense, the Court "examines the allegations contained in the moving papers to determine whether the movant's version of the

-3-

factual circumstances surrounding the dispute, if true, would constitute a defense to the action."

*In re Stone*, 588 F.2d 1316, 1319 (10th Cir. 1978).

> Unlike the simple notice pleading required in original actions, the rule relating to relief from default judgments contemplates more than mere legal conclusions, general denials, or simple assertions that the movant has a meritorious defense. *Gomes v. Williams*, 420 F.2d at 1366. See *Consolidated Masonry & Fireproofing, Inc. v. Wagman Constr. Corp.*, 383 F.2d 249, 251-52 (4th Cir. 1967); *United States v. Topeka Livestock Auction, Inc.*, 392 F. Supp. 944, 951 (N.D. Ind. 1975). The rule requires a sufficient elaboration of facts to permit the trial court to judge whether the defense, if movant's version were believed, would be meritorious. *Id*… The critical concern is not with How the factual allegations are presented, but that they Are presented and presented in a timely enough fashion to permit the opposing party to question the legal sufficiency of the defense.

> *Id.* A claim or defense is "meritorious," if "there is some possibility that the outcome of

the suit after a full trial will be contrary to the result achieved by the default." *INVST Financial v.*

*Chem-Nuclear Systems*, 815 F.2d 391, 398-99 (6th Cir. 1987) (internal quotations omitted).

"The standard for setting aside an entry of default under Rule 55(c) is fairly liberal

Because '[t]he preferred disposition of any case is upon its merits and not by default judgment.'"

*Crutcher v. Coleman*, 205 F.R.D. 581, 584 (D. Kan. 2001) (quoting *Gomes v. Williams*, 420 F.2d

1364, 1366 (10th Cir. 1970)). The district court has broad discretion in determining whether to

set aside an entry of default. *Pinson v. Equifax Credit Info. Servs.*, *Inc.*, 316 F. App'x 744, 750

(10th Cir. 2009) (standard of review for decision to set aside entry of default is abuse of

discretion).

### ANALYSIS

#### A. CULPABILITY OF DEFENDANTS

Contrary to the Defendants' contention that a "procedural technicality" was responsible

for their failure to respond or otherwise defend, that failure was inarguably deliberate. There is

no question that proper service of process was made on each defendant, that each defendant was, or should have been, fully aware of the complaint, and that each was cognizant of his or her responsibility to timely respond or otherwise defend.

Defendants' counsel were fully aware that the repeated reassignment of the case was likely to continue, because the Plaintiff made them aware of the universal conflicts of interest inherent in the district court bench, and the improbability that any judge on the district court could properly hear this case. Rather than engage in any meaningful discussion of the conflict issues, or attempt to arrive at a plan to address the problem, Defendants' counsel took advantage of the continual reassignment to delay and evade actual engagement with the allegations in the Complaint. They repeatedly refused to address the Plaintiff's concerns about conflicted representation, suppressed public access to the Plaintiff's 28 U.S.C. § 144 Affidavit of Judicial Bias, opposed the Plaintiff's efforts to have this case heard by impartial judicial officers from outside the District of Colorado / the 10th Circuit, willfully disregarded the answer deadline that was repeatedly extended upon the Plaintiff's agreement, and otherwise avoided their obligations to respond to the merits of the Plaintiff's Verified Complaint. Application of F.R.C.P. 55(a) was necessary in this case to serve its purpose of "'protect[ing] diligent parties against 'interminable delay and continued uncertainty.'" *Kahler v. Leggitt*, 18-CV-03162-KMT, 2019 WL 13451267, at *4 fn. 4 (D. Colo. Apr. 4, 2019)

Despite repeated agreements made on the record to extend the answer deadline in this case, the Defendants intentionally allowed the latest deadline extension to expire without filing answer(s) or other responsive pleadings/motions allowed under FRCP 12(b), (e), (f). The strategy appears to be to keep many of the most troubling allegations from being made public,

addressed, or defended.  Both their attempts to suppress the Affidavit of Judicial Bias and their Motion to Dismiss demonstrate this: they seek to keep judicial and executive wrongdoing hidden from the public, despite the public's clear and weighty interest in transparency, its unmistakable determination to force that transparency, as witness the 2024 passage of Amendment H, which the Defendants have worked assiduously to warp, and a Motion  which primarily asserts immunity, ignoring the Plaintiff's claims for injunctive and equitable relief, which immunity, even if absolute, cannot bar or defeat.

### B.  MR. GREGORY WILL BE GRAVELY PREJUDICED BY SETTING ASIDE THE DEFAULT

Mr. Gregory's first claim for injunctive relief is for writs in the nature of Prohibition and Mandamus, which will, in part, reinstate him to his position as Executive Director, with authority to form a special commission and clear the boards, commissions, and committees at issue in this litigation of conflicted members.  The Defendants' default entitles him to proceed to seek his reinstatement, immediately.

The Defendants contend that the Court lacks subject matter jurisdiction over "many" of Mr. Gregory's claims, but do not contend that it lacks subject matter jurisdiction over his claim for reinstatement after his retaliatory removal, that he is not entitled to pursue that relief, or that he is not entitled to obtain it.

If the default is set aside, Mr. Gregory cannot be awarded reinstatement, in the near term. He will be compelled to litigate the Motion to Dismiss, engage in discovery (without the resources of the State of Colorado that he would regain as Executive Director) pending a ruling on that motion, await the ruling and any appeal of immunity determinations to the Tenth Circuit,

and remain wrongfully separated from his position for what could easily be more than two to three years.

### C.  THE DEFENDANTS HAVE ASSERTED NO MERITORIOUS DEFENSE TO THE CLAIM FOR EQUITABLE, INJUNCTIVE, REINSTATEMENT.

While the Defendants assert jurisdictional deficits or bars to some of the equitable claims, which may or may not be sustained, they entirely fail to assert any defense to Mr. Gregory's claim for reinstatement.  Indeed, they assert no defense to his claim that his removal as Executive Director was wrongful, retaliatory, and contrary to Colorado law.  They do not contend that the equitable relief he seeks is somehow unavailable or improper.

Under the Tenth Circuit's requirement of "a sufficient elaboration of facts to permit the trial court to judge whether the defense, if movant's version were believed, would be meritorious,"  the motion to set aside the default does not appear to do so.  The Defendants assert that subject matter jurisdiction over the Colorado Supreme Court, CCJD, and CJDRC is lacking because they are entitled to sovereign immunity "regardless of the relief sought against them."  However, while officials acting in their official capacities are not, "persons" under § 1983, *Will v. Michigan Dept. of State Police,* 491 U.S. 58, 71 (1989), officials acting in their individual capacities are, *Hafer v. Melo,* 502 U.S. 21 (1991).  The individual defendants are not entitled to sovereign immunity, nor do they elaborate sufficient facts to state a meritorious defense against Mr. Gregory's § 1983 claims.

The Defendants contend that they are entitled to qualified immunity, and claim that Mr. Gregory has not pled a federally-protected right which was clearly established at the time of his retaliatory removal.  He has, and they elaborate no facts which would establish a defense against

his claim.  They further contend that he has pled no claim for violations of his First Amendment rights, but do so in a conclusory fashion, unsupported by facts, and in direct contradiction to the Complaint, which establishes in detail what the Defendants did to chill, interfere with, and violate his First Amendment rights.

The Defendants next contend, erroneously, that they have a meritorious defense against Mr. Gregory's Fourteenth Amendment claim, because he has identified no property interest which could support his § 1983 claim.  However, his interest in his position as Executive Director of the CCJD is a protected property interest under Colorado law, and the Court must look to state law protections for that determination.  *Memphis Light, Gas & Water Div. v. Craft,* 436 U.S. 1, 9-12 (1978).

The Defendants further contend that they have a meritorious defense against Mr. Gregory's Colorado False Claims Act claim, because he cannot bring it under § 1983.  They do not, because he has not done so.  He expressly invoked the Court's pendent jurisdiction over his state law claims in paragraph 9 of his Verified Complaint.

Finally, the Defendants contend, in wholly conclusory fashion which does not satisfy the *Stone* requirements, that the § 1983 and 1985 conspiracy claims and § 1986 neglect to prevent claims fail because they are not well pled, without detail.

## CONCLUSION

Wherefore, Plaintiff Christopher S. P. Gregory respectfully requests that this Court deny the request to set aside the default as fundamentally inequitable, by working a forfeiture of relief

to the Plaintiff and unsupported by a sufficient elaboration of the facts to comply with the

requirements for establishing a meritorious defense under Tenth Circuit precedent.

Dated: March 23, 2026

/s/ Ingrid J. DeFranco
**Ingrid J. DeFranco, esq.**
Law Office of Ingrid J. DeFranco
P.O. Box 128
Brighton, CO 80601
Telephone: (303) 641-6812
Email:  Ingrid.DeFranco@gmail.com
Attorney for Plaintiff Christopher S.P. Gregory

/s/ Christopher S.P. Gregory
**Christopher S.P. Gregory, Esq.**
The Gregory Law Firm, LLC
201 Coffman St., #1822
Longmont, CO 80502
Telephone: (970) 648-0642
E-mail: cspgregory@thegregorylawfirm.net
*Pro Se* Attorney for Plaintiff
Christopher S.P. Gregory

CERTIFICATE OF SERVICE

I certify that on March 23, 2026, I filed the above filing via email to the Clerk of the
Court, who will docket it in CM/ECF. CM/ECF will send notification of this filing to any party
who has entered an appearance in this matter to the e-mail addresses provided in CM/ECF.

/s/ Ingrid J. DeFranco
Ingrid J. DeFranco

-9-