**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:25-cv-03361-KHV-GEB

CHRISTOPHER S.P. GREGORY,

      Plaintiff,

v.

The COLORADO JUDICIAL DISCIPLINE RULEMAKING COMMITTEE, et al.

      Defendants.

---

**RESPONSE TO ORDER TO EXPLAIN APPARENTLY IDENTICAL CLAIMS,
FINAL JUDGMENT, AND ELECTION**

---

On March 18, 2026, this Court issued an order directing the Plaintiff to explain an apparent duplication of claims in the sealed case (25-CV-190) and Case Number 25-CV-3361 by 4:00 p.m. on March 23, 2026, explain whether the Court should vacate all or part of the final judgment in the sealed case, address whether he is entitled to elect to proceed in one of the two cases as opposed to the other, and, if so, what he would elect. (ECF No. 63)

The Plaintiff, Christopher S.P. Gregory, for himself and through his counsel, Ingrid J. DeFranco respond to this Court's Order, as follows:

**BACKGROUND**

1. On January 17, 2025, Mr. Gregory filed a Verified Complaint for relief raising state and federal False Claim Act, civil rights violations, and state statutory violation claims.

2. On April 30, 2025, Wyoming AUSA Jeremy Gross filed a Notice of Intervention and Motion to Dismiss, without having met or conferred with Plaintiff's counsel or co-counsel,

Mr. Gregory, conducted the required and customary initial relator interview, opened any investigation, or secured any evidence.

3.  On May 19, 2025, Mr. Gregory moved to strike the Notice and Motion on grounds of failure to meet and confer, bad faith, and dereliction of duty.

4.  Mr. Gross responded, but did not deny the allegations, although he attempted to excuse his conduct, and Mr. Gregory replied on June 13, 2025.

5.  On August 1, 2025, Judge Domenico returned the case from Magistrate Varholak to himself and granted the dismissal, without notice or affording Mr. Gregory any opportunity to respond or amend his Complaint.

6.  On August 15, 2025, Mr. Gregory moved to vacate the dismissal order (ECF No. 58) and Final Judgment (ECF No. 59), to require the recusal of Judge Domenico, and to permit service of the Complaint upon the Colorado State Auditor (ECF No. 56).

7.  Judge Domenico continued to retain the case, but took no action on the motion.

8.  On January 14, 2026 and January 15, 2026, Mr. Gregory filed Affidavits of Judicial Bias, pursuant to 28 U.S.C. § 144 in each case, respectively, requesting that Chief Justice Roberts be petitioned to make a temporary appointment of alternate Tenth Circuit Chief Judge and Circuit Justice to reassign the cases to a conflict-free judge outside the Tenth Circuit.

9.  On February 2, 2026, Mr. Gregory filed a second judicial complaint against Judge Domenico with the Tenth Circuit Executive.

10. Judge Domenico ultimately recused himself on February 9, 2026, after issuing multiple orders following the Affidavit of Judicial Bias, which was prohibited by statute.

**PLAINTIFF'S EXPLANATIONS**

A.    THE CLAIMS ARE NOT IDENTICAL; THE COLORADO STATE FALSE CLAIMS ACT
RETALIATION CLAIM WAS SEVERED FROM THE SEALED CASE AND RE-FILED INTO THE
25-CV-3361 CASE

Mr. Gregory has brought separate retaliation claims under the federal civil False Claims

Act (the FCA) and the Colorado False Claims Act (the CFCA).  These retaliation claims can be

brought as separate and independent claims under the respective statutes.

Mr. Gregory has also brought claims for violations of his federally-protected rights under

42 U.S.C. § 1983, conspiracy to violate his rights under § 1985, and negligent failure to prevent

violations of his rights under § 1986, witness intimidation, and violation of state whistleblower

protections, wrongful discharge under state law, and equitable reimbursement to the Colorado

treasury.

After the sealed case was dismissed, but prior to a decision on the Rule 59 Motion, Mr.

Gregory severed his CFCA retaliation claim and re-filed it into Case No. 25-cv-3361.  Although

Mr. Gregory's claims under 42 U.S.C. §§ 1983, 1985, and 1986 might seemingly appear to be

identical in Case No. 25-cv-190 and Case No. 25-cv-03361, the claims are distinct and involve

different defendants.  In Case No. 25-cv-00190, Mr. Gregory has brought his civil rights claims

based upon allegations that he was interfered with in the performance of his official duties as

Chair and Executive Director of the Colorado Commission on Judicial Discipline (the CCJD),

with the most important example of such interference being Mr. Gregory's wrongful termination.

The similarly pled civil rights claims in Case No. 25-cv-03361 are, in contrast, based upon

deprivation of Mr. Gregory's rights under the First and Fourteenth Amendments to freely and

publicly report judicial, attorney, and official misconduct as well as to participate in in the

-3-

judicial discipline rulemaking process.  The events giving rise to Mr. Gregory's claims in Case No. 25-cv-03361 occurred primarily between October 20, 2024 and the present.  Conversely, the events giving rise to Mr. Gregory's claims in Case No. 25-cv-00190 relate back to when Mr. Gregory served as Chair of the CCJD and, later, as its Executive Director.

**B.    MR. GREGORY IS ENTITLED TO PURSUE HIS NON-DUPLICATIVE STATE AND FEDERAL QUI TAM CLAIMS AS WELL AS HIS NON-DUPLICATIVE SUPPLEMENTAL STATE CLAIMS IN THE SEALED CASE.**

As set forth fully in his Fed. R. Civ. P. 59(e) Motion in the sealed case, AUSA Gross was entirely derelict in performing his duties pursuant to 31 U.S.C. § 3730, which requires a diligent, independent, and good faith investigation, beginning with a relator interview.  Mr. Gross instead violated the local rules and corruptly moved to dismiss the case, without having any idea of whether it was sound and should be litigated on the merits, and then attempted to keep the case sealed to protect the defendants who had committed the public fraud.

Mr. Gross falsely advised the court that the case was unsupported by substantial evidence, and meritless.  Upon information and belief, Mr. Traskos, who was forbidden to have access to the case, made the same representation to President Donald Trump's personal attorney, Peter Ticktin.

Mr. Gregory's due process rights were violated throughout the process, beginning with AUSA Gross's shockingly bad faith, and refusal to perform his duty, continuing with his Motion to Dismiss claims over which he had no authority, and no right to dismiss, including Mr. Gregory's state law and civil rights claims.  This resulted in conflicted Judge Domenico's dismissing the case without notice or an opportunity to be heard, including claims separate and distinct from the Qui Tam Claims, and culminating in his refusal to recuse himself, refusal to

-4-

adjudicate the Rule 59 Motion, and to lift the Final Judgment.  As Mr. Gregory has argued

elsewhere, Judge Domenico's recusal due to personal bias and prejudice requires that this Court

vacate Judge Domenico's dismissal order and entry of judgment in Case No. 25-cv-00190.

Mr. Gregory was entitled to his day in court.  He was denied it.  This Court should grant

the relief requested in the Rule 59 Motion and permit the meritorious case to proceed, and grant

Mr. Gregory leave to file an Amended Verified Complaint, to remove the severed CFCA

retaliation claim which was replead in this case.  Most importantly, this Court should grant Mr.

Gregory's unopposed motion to allow service upon the Colorado State Auditor and the

appointment of another state's attorney general to impartially represent the interests of the State

of Colorado in both of these cases.

**C.     IN THE EVENT THAT THIS COURT REQUIRES MR. GREGORY TO ELECT TO PURSUE SPECIFIC CLAIM(S) IN ONE CASE OR ANOTHER, MR. GREGORY WILL ELECT TO PURSUE SUCH CLAIMS IN THE PUBLIC CASE, 25-CV-03361 RATHER THAN THE SEALED CASE, 25-CV-00190.**

Mr. Gregory is not attempting to pursue identical claims in two fora, or bring duplicative

claims in two cases.  When Judge Domenico granted the motion to dismiss, Mr. Gregory was

foreclosed from pursuing any relief under the FCA or the CFCA in federal court, or under

federal law.  In his own recusal order, Judge Domenico has acknowledged that it was error for

him to dismiss Case No. 25-cv-00190 when Mr. Gregory had brought personal federal claims

under 42 U.S.C. §§ 1983, 1985, 1986 (as well as a personal federal retaliation claim under the

FCA).  These other claims, in addition to Mr. Gregory's federal Qui Tam claims under the FCA,

remain sufficient to provide a basis for supplemental jurisdiction over his state claims in Case

No. 25-cv-00190.  Regardless of whether this Court ultimately determines that one or more

claims must be consolidated into 25-cv-03361, Mr. Gregory is entitled to amend his complaint

and to elect whether or not to consolidate such claims into 25-cv-03361.  Ultimately, however,

Mr. Gregory will elect to proceed on non-Qui Tam claims in his public case, 25-cv-03361, rather

than the sealed case, 25-cv-0190.

Respectfully Submitted this March 23, 2026

/s/ Ingrid J. DeFranco
**Ingrid J. DeFranco, esq.**
Law Office of Ingrid J. DeFranco
P.O. Box 128
Brighton, CO 80601
Telephone: (303) 641-6812
Email:  Ingrid.DeFranco@gmail.com
Attorney for Plaintiff Christopher S.P. Gregory

/s/ Christopher S.P. Gregory
**Christopher S.P. Gregory, Esq.**
The Gregory Law Firm, LLC
201 Coffman St., #1822
Longmont, CO 80502
Telephone: (970) 648-0642
E-mail: cspgregory@thegregorylawfirm.net
*Pro Se* Attorney for Plaintiff
Christopher S.P. Gregory

CERTIFICATE OF SERVICE

I certify that on March 23, 2026, I filed the above filing via email to the Clerk of the Court, who will docket it in CM/ECF. CM/ECF will send notification of this filing to any party who has entered an appearance in this matter to the e-mail addresses provided in CM/ECF.

/s/ Ingrid J. DeFranco
Ingrid J. DeFranco