**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:25-cv-03361-KHV-GEB

CHRISTOPHER S.P. GREGORY,

     Plaintiff,

v.

The COLORADO JUDICIAL DISCIPLINE RULEMAKING COMMITTEE, et al.

     Defendants.

---

**RESPONSE TO ORDER TO SHOW CAUSE**

---

On March 18, 2026, this Court issued an order to show cause (ECF No. 54) as to why sanctions should not be imposed under FRCP 11(b) due to the Plaintiff's representation in his Application for Entry of Default (ECF No. 39) that: "As provided by Rule 55(a) of the Federal Rules of Civil Procedure, Plaintiff Christopher S.P. Gregory requests that this Court enter the default of the following Defendants for failure to plead or otherwise defend against this action in a timely manner. . . The above-named Defendants have individually and collectively failed to plead or otherwise respond to the Verified Complaint and Jury Demand filed October 23, 2025." Similarly, in his Declaration of Chirstopher S.P. Gregory (ECF No. 39-1), the Plaintiff stated: "The defendants have collectively failed to serve or file a pleading or otherwise respond to the complaint. The applicable time limit for responding to the complaint, even as repeatedly extended upon agreement of the parties, has expired."

This Court takes issue with the Plaintiff's phrasing based upon this Court's perceptions of circumstances where: "[A]s of February 18, 2026, counsel had entered appearances for

defendants, filed motions to extend their time to answer or otherwise respond, and actively engaged with plaintiff on issues such as judicial recusal, confidentiality of filings, filing restrictions, deadlines, and recusal of counsel.  Moreover, many defendants waived service of process and voluntarily entered their appearances."

The Plaintiff maintains that the sworn representations contained in his Application for Entry of Default and supporting Declaration are non-frivolous and true and correct statements of fact and law.  Despite repeated agreements made on the record to extend the answer deadline in this case, the Defendants intentionally allowed the latest deadline extension to expire without filing answer(s) or other responsive pleadings/motions allowed under FRCP 12(b), (e), (f).  The Plaintiff's representations do not present a valid or substantial basis for this Court to consider sanctions under FRCP 11.

The Plaintiff, Christopher S.P. Gregory, for himself and through his counsel, Ingrid J. DeFranco respond to this Court's Order to Show Cause (ECF No. 54), as follows:

1. FRCP 55(a) provides: "**Entering a Default.** When a party against whom a judgment for affirmative relief is sought has *failed to plead or otherwise defend*, and that failure is shown by affidavit *or otherwise*, the clerk must enter the party's default."  (Emphasis added).  Significantly, the Plaintiff's phrasing of representations contained in his Application and supporting Declaration was taken directly from the text of FRCP 55(a).

2. In turn, FRCP 12 defines the timing and manner through which a defendant *must* respond to a complaint filed according to FRCP 3 and FRCP 8(a).  The proper forms of a response are limited to an answer and/or objections asserted through one or more delineated

motions challenging the jurisdictional or other formal sufficiency of the complaint. FRCP 12(b), (e), (f).

3. The well-settled caselaw interpreting the phrase "otherwise defend" in FRCP 55(a) further reinforces that a defendant's failure to file an answer or one of the motions delineated in FRCP 12 is proper and reasonable grounds for entry of a default. *Lewis v. D.R. Horton, Inc.*, CV 06-0434 LH/ACT, 2007 WL 9662637, at *3 fn. 3 (D.N.M. Feb. 21, 2007) (although not defined, the phrase "otherwise defend" under FRCP 55(a) means filing an FRCP 12 motion to dismiss or equivalent challenge to service); *In re Smith*, 463 B.R. 144 (Bankr. D.D.C. 2012) (defendant's appearance at scheduling conference not sufficient to prevent entry of default under FRCP 55(a); "A mere appearance in a proceeding is not a sufficient basis to prevent entry of a default and of a default judgment, as Fed.R.Civ.P. 55(b)(2) recognizes that a default judgment may be entered even if there has been an appearance."); *see also Rogers v. Hartford Life & Acc. Ins. Co.*, 167 F.3d 933, 936-38 (5th Cir. 1999) (waiver of service alone is not an "appearance" requiring notice prior to a hearing for entry of a default judgment under FRCP 55(b)(2)). The Plaintiff's understanding of "otherwise defend" to refer to the actual filing of a motion challenging the sufficiency of a pleading is consistent with Wright and Miller's explanation of the undefined phrase:

> The words "otherwise defend" refer to the interposition of various challenges to such matters as service, venue, and the sufficiency of the prior pleading, any of which might prevent a default if pursued in the absence of a responsive pleading. Thus, a motion challenging the complaint for failure to state a claim upon which relief can be granted is within the notion of "otherwise defend.

§ 2682 Entry of Default Under Rule 55(a), 10A Fed. Prac. & Proc.
Civ. § 2682 (4th ed.).

4.  To the extent that this Court is further implying that the Plaintiff concealed or otherwise minimized the Defendants' engagement in this case outside of their intentional refusal to respond to its merits or to otherwise file motion(s) under FRCP 12(b), (e), and/or (f), the Plaintiff emphasizes that entry of appearances of counsel, waivers of service, and the lack of meaningful meeting and conferral as to the disqualification of Defendants' counsel were all referenced in the Plaintiff's Application for Entry of Default, Plaintiff's supporting Declaration, and in the responses to the Defendants' contemporaneous motions *filed before* the Clerk finally entered the default on February 23, 2026.  These references can be found as follows:

   a.  Application for Entry of Default, ECF No. 39, pp. 2-3;
   b.  Declaration of Christopher S.P. Gregory, ECF 39-1, p. 2 ¶¶ 4-5, pp. 3-78 (copies of filed proof of service and waivers of service);
   c.  Plaintiff's Response in Opposition to Defendants' Motion to Strike the Application for Default, ECF No. 43, pp. 1-6  ¶¶ 1-27, pp. 6-7;
   d.  Plaintiff's Response in Opposition to Defendants' Motion to Strike the Application for Default—Exhibit 1, ECF No. 43-1; and
   e.  Response to Motion for Leave to File Motion to Dismiss (ECF No. 44), ECF No. 45.

Contrary to any potential inferences, the Plaintiff was clear to both this Court and to the Defendants that the Application for Entry of Default was proper because of the Defendants' failure to file timely answer(s) and/or motion(s) within the scope of those allowed through FRCP 12(b), (e), (f).

5.  A comprehensive compilation of the meeting and conferral that occurred between Defendants' counsel and Plaintiff / Plaintiff's Counsel is included in Exhibit 7 to the Plaintiff's "Verified Motion to Disqualify Counsel" (ECF No. 50).  ECF No. 50-7.

-4-

6. Finally, it deserves emphasis that the entry of a default is merely a formal matter that does not constitute an appealable order or judgment.  Likewise, an order either granting or denying a motion to set aside an entry of default is non-appealable, but, rather, rests in the sound discretion of the trial court.  *See Symantec Corp. v. Glob. Impact, Inc.*, 559 F.3d 922, 923 (9th Cir. 2009).  To the extent that an entry of default is unfair, the defaulted defendant may readily seek relief from entry of the default through a trial court's exercise of discretion and application of equitable principles.

7. Sanctions under FRCP 11(b) are only appropriate where an attorney has knowingly and falsely certified one or more of the following when submitting a court filing:

> **(1)** it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> **(2)** the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> **(3)** the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> **(4)** the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

8. FRCP 11, like the other rules of civil procedure, is "construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding."  FRCP 1.

9. Entries of appearance, waivers of service, motions to extend deadlines, and conferral are neither "otherwise defending" nor substitutes for an answer on the merits or one of the

other responsive motions delineated by FRCP 12(b), (e), (f).  Consequently, the Plaintiff

is factually and legally accurate in his statements that:

   a.  "As provided by Rule 55(a) of the Federal Rules of Civil Procedure, Plaintiff
      Christopher S.P. Gregory requests that this Court enter the default of the
      following Defendants for failure to plead or otherwise defend against this action
      in a timely manner. . .  The above-named Defendants have individually and
      collectively failed to plead or otherwise respond to the Verified Complaint and
      Jury Demand filed October 23, 2025." (ECF No. 39, pp. 1, 3); and

   b.  "The defendants have collectively failed to serve or file a pleading or otherwise
      respond to the complaint.  The applicable time limit for responding to the
      complaint, even as repeatedly extended upon agreement of the parties, has
      expired."  (ECF No. 39-1, p. 2 ¶ 5).

10. The Plaintiff has done nothing wrong by presenting adequate grounds that, in turn,

mandated the Clerk of Court to enter a default (even following extended briefing of the

issue in response to motions submitted by the Defendants prior to entry of the default).

Specifically, the Plaintiff submitted his Application for Entry of Default with his

supporting Declaration based upon the accurate and readily verified facts that the

Defendants did not file a timely answer or "otherwise defend" through a motion filed

according to FRCP 12.  *Accord* ECF No. 55 (this court's order denying the Defendant's

unopposed motion to extend the answer deadline to February 16, 2026 as moot;

"Defendants sought an extension until February 16, 2026, to answer or otherwise respond

to plaintiff's complaint. February 16 has now passed.").

11. The burden has now shifted to the Defendants to establish good cause for this Court to set

aside the default.  *See* ECF No. 43, pp. 6-7 (explaining appropriateness of entry of default

and shift to Defendants' burden of demonstrating good cause); *see generally* § 2696

Grounds for Granting Relief—Relief From the Entry of Default, 10A Fed. Prac. & Proc.

Civ. § 2696 (4th ed.) (describing trial court's discretion when considering a motion brought according to FRCP 55(c); recognizing that motions to set aside default are more likely to be denied when the result of willful or intentional conduct by defendant).

12. This Court has denied the Plaintiff's request to abate briefing on the Defendants' motion to set aside the entered default pending determination of the Plaintiff's Verified Motion to Disqualify Counsel. *Contra Williams v. Kopco, Inc.,* 162 F.R.D. 670, 672 (D. Kan. 1995). Moreover, this Court has allowed the Defendants to file a motion to dismiss despite the default not having been set aside. *Contra TW Telecom Holdings Inc. v. Carolina Internet Ltd.*, 10-CV-01799-ZLW-MJW, 2010 WL 5184732, at *1 fn. 2 (D. Colo. Dec. 15, 2010) (quoting prior order: "An Answer cannot properly be filed in this case unless the entry of default has been set aside, and the entry of default cannot be set aside until Defendant shows good cause to do so pursuant to Fed.R.Civ.P. 55(c)"). Given these orders, the Plaintiff will proceed with filing a formal response to the Defendants' motion to set aside the default.

13. It is concerning, however, that this Court has issued an order to show cause under FRCP 11(c)(3) to the Plaintiff for his having successfully obtained an entry of default against all the Defendants. Rather, it has been the Defendants and their counsel who have caused unnecessary delay and obstructed the administration of justice in this case by:

   a. refusing to meaningfully address the Plaintiff's concerns about conflicted representation,

   b. suppressing public access to the Plaintiff's 28 U.S.C. § 144 Affidavit that precipitated District Judge Daniel D. Domenico's mandated recusal,

c. opposing the Plaintiff's now partially realized efforts to have this case heard by impartial judicial officers from outside the District of Colorado / the 10th Circuit,

d. willfully disregarding the answer deadline that was repeatedly extended upon the Plaintiff's agreement, and

e. otherwise avoiding the Defendants' obligations to respond to the merits of the Plaintiff's Verified Complaint.

**WHEREFORE**, the Plaintiff respectfully requests that this Court discharge its order to show cause and amend its hearing agenda accordingly.

Dated: March 23, 2026

/s/ Ingrid J. DeFranco
**Ingrid J. DeFranco, esq.**
Law Office of Ingrid J. DeFranco
P.O. Box 128
Brighton, CO 80601
Telephone: (303) 641-6812
Email: Ingrid.DeFranco@gmail.com
Attorney for Plaintiff Christopher S.P. Gregory

/s/ Christopher S.P. Gregory
**Christopher S.P. Gregory, Esq.**
The Gregory Law Firm, LLC
201 Coffman St., #1822
Longmont, CO 80502
Telephone: (970) 648-0642
E-mail: cspgregory@thegregorylawfirm.net
*Pro Se* Attorney for Plaintiff
Christopher S.P. Gregory

<u>CERTIFICATE OF SERVICE</u>

   I certify that on March 23, 2026, I filed the above filing via email to the Clerk of the Court, who will docket it in CM/ECF. CM/ECF will send notification of this filing to any party who has entered an appearance in this matter to the e-mail addresses provided in CM/ECF.

          <u>/s/ Ingrid J. DeFranco</u>
          Ingrid J. DeFranco