**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:25-cv-03361-DDD

CHRISTOPHER S.P. GREGORY,

Plaintiff,

v.

The COLORADO JUDICIAL DISCIPLINE RULEMAKING COMMITTEE, et al.

Defendants.

---

**PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO RESTRICT AFFIDAVIT**

---

.

Plaintiff Christopher S.P. Gregory, and his Counsel, hereby respond to Defendants' Amended Motion to Restrict Affidavit of Judicial Bias or Prejudice According to 28 U.S.C. § 144 [ECF Nos. 26, 26-1-10]; and (2) Require Plaintiff to File Future Documents Under Level 1 Restriction in the First Instance"

1. After Judge Domenico repeatedly failed to recuse himself, Plaintiff filed an "Affidavit of Judicial Bais or Prejudice According to 28 U.S.C. § 144 and Certificate of Counsel" into the present case (ECF Nos. 26 and 26-1 through 26-11) and into the sealed case—1:25-cv-00190—DDD-STV. Plaintiff notified the 10th Circuit's Judicial Council of the existence of the Affidavits, which are in the record.

2. Because caselaw relating to the ability of a complainant to disclose records from federal judicial discipline proceedings exists based upon a statute that has been renumbered and the admissions of the D.C. Judicial Council (rather than a fully litigated dispute), the Plaintiff

included a request in his Affidavit that the Affidavit and accompanying exhibits be filed as temporarily restricted (to allow for any objections to the disclosure of *actual records* from the federal judicial discipline proceedings to be raised to an impartial re-assigned judge, including any potential objections from the present judge). ECF No. 26, p. 4 fn. 2; *see Rafferty v. Judicial Counsel for the Dist. of Columbia*, 131 F.3d 219, 221 (DC Cir. 1997) (case dismissed as moot where Judicial Council interpreted the prior codification of 28 U.S.C. § 360 (28 U.S.C. § 372(c)(14)) as applicable only to "judicial officers and staff such as courtroom deputies and reporters, and not to the complainant.").

3. Defendants' Counsel seized upon Plaintiff's request for a temporarily restricted filing to (without any prior meeting or conferral) email Judge Domenico's chambers directly and to accuse the Plaintiff and counsel of having publicly divulged unspecified "confidential" information. Defendant's Counsel's email to Judge Domenico's chambers was paired with a contemporaneous email to Plaintiff's Counsel, which Defendant's Counsel attempted to recall almost immediately, but which contained various threats directed towards Plaintiff and Plaintiff's Counsel.

4. Plaintiff categorically denies that his personal knowledge of examples and status as a victim of judicial, attorney, and official misconduct is "confidential" information somehow protected from public disclosure. On the contrary, the Plaintiff interprets the communications from Defendants' Counsel as threats and further intimidation/retaliation intended to interfere with Plaintiff's mandated obligations to report ethical and criminal misconduct. Without requesting Plaintiff's position, Judge Domenico proceeded to enter his Order applying a Level 1 Restriction (i.e. availability restricted to the court and the parties) effective until January 30,

2026. Plaintiff was afforded no opportunity to object to Judge Domenico's continuing to hear this case.

5. The Defendants assert that Mr. Gregory had access to confidential information prior to his retaliatory removal from the CCJD, but neglect to inform the Court that, under duress and contrary to the protections he should have received under § 24-31-1204(8)(II), C.R.S., Mr. Gregory was coerced by the COAG's attorneys Gina Cannan and Alison Kyles to return all copies of his records as Executive Director with an affidavit confirming his compliance.

6. The Defendants next assert that the Affidavit contains information Mr. Gregory learned during his tenure at CCJD, which "must be kept confidential," because CCJD proceedings are confidential unless they result in discipline. However, the information contained in the Affidavit is evidence of malfeasance, wrongdoing, and corruption in the CCJD proceedings which public policy does not countenance hiding or keeping hidden. Amendment 41 (2006) established the Independent Ethics Commission to promote transparency, and to assure that corruption is outed. Colorado's Whistleblower Protection Act does the same.

7. While it is, certainly, necessary to maintain confidentiality to protect individuals who have done nothing wrong from reputational damage, it is equally necessary to expose those who have, particularly when they have used confidentiality to ensure that their corrupt practices will be kept secret.

8. Mr. Gregory had both a First Amendment right and a duty to expose malfeasance, misconduct, and corruption under Colorado Rule of Judicial Discipline 6.5, and while the Defendants now claim that he cannot assert the rule because he is no longer the Executive Director of the CCJD, the argument is entirely circular. He is bound by CCJD rules, practices,

and procedures because of his former position, but not entitled to invoke its rules because he was unlawfully terminated from that position.

9. Finally, the Defendants complain that federal judicial conduct proceedings are secret and that Mr. Gregory is not at liberty to disclose what he knows, citing to cases **not** involving the complainant. *Rafferty v. Judicial Council for District of Columbia,* 1312 F.3d 219 (DC. Cir. 1997) holds that the complainant is free to make the disclosures he wishes to make concerning his complaint.

## CONCLUSION

**WHEREFORE**, because the Defendants have identified no specific items which should be redacted or withheld from public view, and seek to hide the misconduct, malfeasance, and corruption of their clients from public view through a seal, the Plaintiff respectfully requests that the Affidavit be unsealed in the interests of transparency and the public's right to know.

Dated: March 23, 2026

/s/ Ingrid J. DeFranco
**Ingrid J. DeFranco, esq.**
Law Office of Ingrid J. DeFranco
P.O. Box 128
Brighton, CO 80601
Telephone: (303) 641-6812
Email: Ingrid.DeFranco@gmail.com
Attorney for the Relator / Plaintiff Christopher S.P. Gregory

/s/ Christopher S.P. Gregory
**Christopher S.P. Gregory, Esq.**
The Gregory Law Firm, LLC
201 Coffman St., #1822
Longmont, CO 80502
Telephone: (970) 648-0642

E-mail: cspgregory@thegregorylawfirm.net
*Pro Se* Attorney for the Relator / Plaintiff
Christopher S.P. Gregory

CERTIFICATE OF SERVICE

I certify that on March 23, 2026, I filed the above filing via email to the Clerk of the Court, who will docket it in CM/ECF. CM/ECF will send notification of this filing to any party who has entered an appearance in this matter to the e-mail addresses provided in CM/ECF.

/s/ Ingrid J. DeFranco
Ingrid J. DeFranco