**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:25-cv-03361-KHV-GEB

CHRISTOPHER S.P. GREGORY,

      Plaintiff,

v.

The COLORADO JUDICIAL DISCIPLINE RULEMAKING COMMITTEE, et al.

      Defendants.

---

**MOTION FOR JUDICIAL DISQUALIFICATION PURSUANT TO 28 U.S.C. § 455**

---

Conferral Statement

Plaintiff's Counsel attempted to meet and confer with the Defendants' Counsel prior to filing this Motion.  The email exchange was as follows:

> **From:** Ingrid J. DeFranco <ingrid.defranco@gmail.com>
> **Sent:** Monday, March 23, 2026 8:38 AM
> **To:** Clayton Ankney <Clayton.Ankney@coag.gov>;
> katherine.brown@coag.gov; Dan Combs (He/Him) <Dan.Combs@coag.gov>
> **Subject:** Conferral regarding judicial disqualification
>
> Dear Counsel,
>
> We recently learned of additional information that raises significant and reasonable questions as to the impartiality of Judge Kathryn Vratil.
>
> When Mr. Gregory's cases were first assigned to Judge Vratil, we were under the impression that now former Chief District Judge Philip Brimmer had made the case assignment directly due to expressed grounds for the disqualification of Chief Circuit Judge Jerome A. Holmes.  As stated in *Gregory*, ECF No. 48:  "CASE REASSIGNED. Pursuant to the provisions of Title 28, United States Code § 292(b ), and ***with the approval of Chief Judge Philip A. Brimmer***, this case is reassigned to United States District Judge Kathryn H. Vratil of the District of Kansas. All future pleadings should be designated as 25-cv-03361-KHV. (Text Only Entry) (agarc, ) (Entered: 02/27/2026)." (Emphasis

added).  Prior to the assignment of Judge Vratil, and as part of the 28 U.S.C. Sec. 144 Affidavits filed in both case 25-cv-00190 and case 25-cv-03361, Mr. Gregory had requested that Chief Judge Brimmer communicate directly with Chief Justice John Roberts to request the assignment of a conflict free Chief Circuit Judge and Circuit Justice to facilitate the reassignment of these cases to a district judge from outside the 10th Circuit.  Thursday evening, however, we discovered that Chief Circuit Judge Holmes had actually made the appointment decision and issued the order appointing Judge Vratil.  *See* attached order.  This is a misrepresentation/omission of material facts on the part of the court and Judge Vratil specifically.  Our concern is that Judge Vratil will proceed with a sham hearing on Thursday that precludes the presentation of evidence because of the lack of opportunity to subpoena witnesses as well as for AUSA Jeremy Gross, Assistant AG Dan Combs, and your individual capacity clients to be present to address issues critical to Judge Vratil's orders in both cases.

We are writing to confer as to your position on an anticipated motion to disqualify Judge Vratil and for the appointment of a district judge from outside the 10th Circuit, as provided by 28 U.S.C. Sec. 292(d).  Given Judge Vratil's accelerated briefing schedule, please respond before 12 pm on Monday.  We also believe that the judge should not conduct further proceedings until this issue has been decided, and would request your position on a stay, as well.

Sincerely,

Ingrid DeFranco

Law Office of Ingrid J. DeFranco
PO Box 128 Brighton, CO 80601-0128
303.641.6812 fax: 303.558.4294
IngridJDeFranco@DeFrancolaw.org

**From:** Dan Combs (He/Him) <dan.combs@coag.gov>
**To:** ingrid.defranco@gmail.com <ingrid.defranco@gmail.com>
**Cc:** Clayton Ankney <clayton.ankney@coag.gov>; katherine.brown@coag.gov <katherine.brown@coag.gov>; Linda Ruth Carter <lindaruth.carter@coag.gov>
**Sent:** Monday, March 23, 2026 at 09:53:35 AM MDT
**Subject:** RE: Conferral regarding judicial disqualification

(Adding Linda Ruth Carter)

Good morning, Ingrid.

It appears that you inadvertently failed to attach an order referenced in your email, though we expect you were referring to the attached.

-2-

We oppose both (1) a motion to disqualify Judge Vratil and (2) a motion to stay this action pending determination of your motion to disqualify Judge Vratil. Nothing in the case assignment order or in the assignment to Judge Vratil generally provides a valid basis for recusal. Further, we appreciate the Court moving swiftly on the various open issues so that this case can proceed.

We also stand by our position that the papers do not raise issues requiring witness testimony, save for perhaps Mr. Gregory.

Best,
Dan

Daniel M. Combs (he/him/his)
First Assistant Attorney General
Colorado Department of Law
Tort Litigation Unit
Phone: (720) 508-6625
Email: Dan.Combs@coag.gov

The statements and opinions in this email do not represent the statements and opinions of the Attorney General.

*Upcoming out-of-office: March 25th - April 3rd*

---

The Plaintiff, Christopher S.P. Gregory, for himself and through his counsel, Ingrid J. DeFranco moves for the disqualification of the judicial officers assigned to this case pursuant to 28 U.S.C. § 455.  Specifically, the Plaintiff moves enforce Senior District Judge Kathryn H. Vratil and Magistrate Judge Gwynne E. Birzer's mandatory duties to immediately recuse themselves from this case according to 28 U.S.C. § 455(a), (b)(1), (b)(4), (b)(5)(iii)-(iv).  In support of this Motion, the Plaintiff states the following, upon information and belief:

## Motion for Disqualification

1. The Plaintiff previously filed an affidavit in this case to require the mandatory and what should have been automatic recusal of District Judge Daniel D. Domenico pursuant to 28

U.S.C. § 144.  The provision for both mandatory and automatic recusal provided through 28 U.S.C. § 144 is available only once in any given case.  Consequently, the Plaintiff's remedies fall under 28 U.S.C. § 455.

2.  Nevertheless, the grounds for mandatory recusal because of personal bias or prejudice provided by 28 U.S.C. § 144 and 28 U.S.C. § 455(b)(1) are identical.  *U.S. v. Sibla*, 624 F.2d 864, 867-868 (9th Cir. 1980) (describing standard for recusal under 28 U.S.C. § 144 and 28 U.S.C. § 455(b)(1) as identical but with procedural differences in their application); *see also U.S. v. Nobel*, 696 F.2d 231, 235 fn. 7 (3rd Cir. 1982) ("Personal bias on the part of a judge against a party, is a separate, mandatory ground for disqualification under the overlapping provisions of 28 U.S.C. § 144 and 28 U.S.C. § 455(b)(1).").

3.  28 U.S.C. § 144 requires automatic disqualification to occur following the submission of a timely and sufficient affidavit.  By its terms, 28 U.S.C. § 144 mandates that a judge must immediately address a properly submitted affidavit and "shall proceed no further therein, but another judge shall be assigned to hear such proceeding."  By comparison, 28 U.S.C. § 455(b)(1) is self-executing and relies upon a judge immediately recusing himself or herself after becoming aware of grounds that require disqualification.  If a judge does not recuse as required, the party seeking disqualification has recourse to seek reconsideration and/or mandamus relief.  Mandamus lies "to confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so."  *Roche v. Evaporated Milk Association*, 319 U.S. 21, 26 (1943).  Then, if the reasons for recusal are sustained, all orders rendered after the motion for

recusal under 28 U.S.C. § 455 was filed must be vacated.  *New York City Dev. Corp. v. Hart*, 796 F.2d 976, 979 (7th Cir. 1986); *accord In re Bell-South Corp.*, 334 F.3d 941, 949-50 (11th Cir. 2003) (quoting *Moody v. Simmons*, 858 F2d 137, 143 (3rd Cir. 1988) ("A judge who was obliged to recuse acts outside his jurisdiction.") (cited with approval, *Hall v. Vance*, 887 F.2d 1041, 1044 (10th Cir. 1989).  Consequently, this Court must address the present Motion for Judicial Disqualification Pursuant to 28 U.S.C. § 455 before taking any other substantive actions in this case.

4.  The relevant grounds for mandatory disqualification set forth in 28 U.S.C. § 455 are, as follows:

> (a) Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.
>
> (b) He shall also disqualify himself in the following circumstances:
>
> (1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding;
>
> * * *
>
> (4) He knows that he, individually . . . has a financial interest in the subject matter in controversy or in a party to the proceeding, or any other interest that could be substantially affected by the outcome of the proceeding;
>
> (5) He or his spouse, or a person within the third degree of relationship to either of them, or the spouse of such a person:
>
> * * *
>
> (iii) Is known by the judge to have an interest that could be substantially affected by the outcome of the proceeding;
>
> (iv) Is to the judge's knowledge likely to be a material witness in the proceeding.

* * *

> (e) No justice, judge, or magistrate judge shall accept from the
> parties to the proceeding a waiver of any ground for
> disqualification enumerated in subsection (b). Where the ground
> for disqualification arises only under subsection (a), waiver may be
> accepted provided it is preceded by a full disclosure on the record
> of the basis for disqualification.

5. As detailed in the Plaintiff's accompanying "Affidavit of Judicial Bias or Prejudice According to 28 U.S.C. § 455(b)(1) and Certificate of Counsel; Exhibits 1-9," the grounds for judicial disqualification are that judicial officers, including Judge Vratil, Magistrate Judge Birzer, former Chief District Judge Philip A. Brimmer, and 10th Circuit Chief Judge Jerome A. Holmes intentionally concealed material facts from the Plaintiff. Specifically, despite Plaintiff having made a consistent and long-standing record that this case and the accompanying *Sealed Case*, 1:25-cv-00190—KHV-GEB (D. Colo.) should be assigned to a judge from outside the 10th Circuit through a conflict-free process, Chief Judge Holmes interfered to personally and directly assign the cases to Judge Vratil.  The objections and requests for reassignment of Plaintiff's cases to a district judge from outside the 10th Circuit can be found at ECF No. 26, p. 3 fn. 1, p. 36 and ECF No. 31-3, pp. 8-10, 17-20.  Chief Judge Holmes is currently the respondent in multiple legitimate judicial misconduct complaints filed by the Plaintiff and has a personal interest in the outcome of Plaintiff's underlying civil cases.  Chief Judge Holmes's February 27, 2026 assignment order and all subsequent orders entered by Judge Vratil in this case must be vacated.  *McCuin v. Texas Power & Light Co.*, 714 F.2d 1255, 1260-1261 (5th Cir. 1983).

-6-

6. The general circumstances surrounding Judge Vratil's assignment to this case and to Plaintiff's *Sealed Case* provide grounds under which Judge Vratril's and Magistrate Judge Birzer's impartiality may be reasonably questioned. Consequently, recusal is required according to 28 U.S.C. § 455(a).

7. As further detailed in Plaintiff's accompanying 28 U.S.C. § 455(b)(1) Affidavit, however, the grounds for reasonably questioning Judge Vratil's and Magistrate Judge Birzer's impartiality extend to personal bias and prejudice concerning the parties. This is a mandatory and non-waivable basis for recusal according to 28 U.S.C. § 455(b)(1), (e).

8. As the subjects of legitimate judicial misconduct complaints, Judge Vratil and Magistrate Birzer now also have personal interests in the outcome of Plaintiff's cases, with a further likelihood of being material witnesses because of their involvement in Chief Judge Holmes's assignment decision and the collective decision to intentionally withhold material facts (i.e. mandatory grounds for their recusal) from the Plaintiff. These circumstances are another mandatory and non-waivable basis for recusal according to 28 U.S.C. § 455(b)(4), (b)(5)(iii)-(iv), (e).

**WHEREFORE**, the Plaintiff respectfully requests that District Judge Kathryn H. Vratil and Magistrate Judge Gwynne E. Birzer immediately recuse themselves from this case with directions for a conflict-free representative of this Court to initiate a process whereby a conflict-free temporarily assigned circuit chief judge[1] or temporarily assigned circuit justice can submit a "certificate of necessity" as required for the Chief Justice of the United States to temporarily

---

[1] According to 28 U.S.C. § 291(a), the Chief Justice "in the public interest" may temporarily assign a circuit judge to act as a circuit judge in a different circuit.

assign the Plaintiff's cases to a district judge from outside of the 10th Circuit according to

28 U.S.C. § 292(d).

Respectfully Submitted this 24th day of March, 2026

/s/ Ingrid J. DeFranco
**Ingrid J. DeFranco, esq.**
Law Office of Ingrid J. DeFranco
P.O. Box 128
Brighton, CO 80601
Telephone: (303) 641-6812
Email:  Ingrid.DeFranco@gmail.com
Attorney for Plaintiff Christopher S.P. Gregory

/s/ Christopher S.P. Gregory
**Christopher S.P. Gregory, Esq.**
The Gregory Law Firm, LLC
201 Coffman St., #1822
Longmont, CO 80502
Telephone: (970) 648-0642
E-mail: cspgregory@thegregorylawfirm.net
*Pro Se* Attorney for Plaintiff
Christopher S.P. Gregory

CERTIFICATE OF SERVICE

I certify that on March 24, 2026, I filed the above filing via email to the Clerk of the Court, who will docket it in CM/ECF. CM/ECF will send notification of this filing to any party who has entered an appearance in this matter to the e-mail addresses provided in CM/ECF.

/s/ Ingrid J. DeFranco
Ingrid J. DeFranco