**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

| | | |
|---|---|---|
| **CHRISTOPHER S.P. GREGORY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **CIVIL ACTION** |
| | ) | |
| **v.** | ) | **No. 25-03361-KHV-GEB** |
| | ) | |
| **THE COLORADO JUDICIAL DISCIPLINE RULEMAKING COMMITTEE, *et al.*,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

**MEMORANDUM AND ORDER**
**AND ORDER TO SHOW CAUSE**

On March 24, 2026, plaintiff filed a Motion For Judicial Disqualification Pursuant To 28 U.S.C. § 455 (Doc. #78), an Affidavit of Judicial Bias or Prejudice According To 28 U.S.C. § 455(B)(1) And Certificate Of Counsel; Exhibits 1-9 (Doc. #77), and an Affidavit of Judicial Bias or Prejudice According To 28 U.S.C. § 455(B)(1) And Certificate Of Counsel; Exhibits 1-9 (Doc. #79), seeking the recusal of the undersigned U.S. District Judge and Magistrate Judge Gwynne E. Birzer[1], both judges in the District of Kansas. For reasons stated below, the Court overrules plaintiff's motion as to the undersigned judge.

Background and Procedural History

On October 23, 2025, plaintiff filed a complaint against numerous defendants, including 36 defendants in their individual capacities and various in their official capacities. Plaintiff's claims include interference with the legislative, administrative and judicial discipline processes in violation of 42 U.S.C. § 1983, conspiracy to interfere with civil rights in violation of 42 U.S.C.

---

[1] This order addresses plaintiff's motion to disqualify the undersigned judge only. Judge Birzer will enter a separate order addressing the motion to disqualify her.

§ 1985(2), (3), neglecting to prevent an alleged conspiracy in violation of 42 U.S.C. § 1986, retaliation under the Colorado False Claims Act, § 24-31-1204(8), C.R.S., and claims for equitable relief and disgorgement. See Complaint (Doc. #1). Plaintiff alleges that during the time he was a member and the Executive Director of the Colorado Commission on Judicial Discipline ("CCJD") certain defendants failed to properly handle and covered up financial misconduct by Mindy Masias, the former Chief of Staff for the State Court Administrator's Office. He further alleges defendants terminated him from the CCJD in retaliation for being a whistleblower and a regulator who was seeking accountability for misconduct. Plaintiff further asserts that defendants collectively conspired to censor and suppress his reporting of judicial, attorney and official misconduct.

On February 27, 2026, after recusals and reassignments within the District of Colorado, Tenth Circuit Chief Judge Jerome A. Holmes reassigned this case to the undersigned, a U.S. District Judge in the District of Kansas, pursuant to 28 U.S.C. § 292(b) and with the approval of District of Colorado Chief Judge Philip A. Brimmer. See Docket Entry No. 48 (text only entry). Many motions were pending at the time of reassignment. See, e.g., Unopposed Mot. For Extension Of Time To File Answer Or Otherwise Respond (Doc. #27) filed January 16, 2026; Amended Motion (1) To Restrict Affidavit Of Judicial Bias Or Prejudice According To 28 U.S.C. § 144; And (2) Require Plaintiff To File Future Documents Under Level 1 Restriction In The First Instance (Doc. #30) filed January 29, 2026; Motion To Strike Motion For Entry Of Default (Doc. #40) filed February 19, 2026; Motion For Leave To File Motion To Dismiss Complaint (Doc. #44) filed February 20, 2026; Motion To Set Aside Clerk's Entry Of Default (Doc. #47) filed February 25, 2026; Motion To Disqualify Colorado Attorney General (Doc. #50) filed March 11, 2026; Motion For Ruling Abating Briefing On Mot. To Dismiss (Doc. #44) and Motion To Set Aside

Default Judgment (Doc. #47) (Doc. #51) filed March 11, 2026.

On March 17, 2026, the Court set a hearing for March 26, 2026 in Denver. Order Setting Hearing (Doc. #52). The following day, March 18, 2026, the Court issued an agenda of issues for the hearing. Agenda Of Issues For March 26, 2026 Hearing (Doc. #61). On March 18 and March 19, 2026, the Court entered orders resolving non-substantive motions and ordering briefing on issues to be addressed at the hearing on March 26, 2026. See Docket Entry Nos. 53-58, 60, 62-63 (text only entries). On March 20, 2026, plaintiff requested a continuance of the hearing, stating that he would require witness testimony on the disqualification and sanctions issues and could not secure witnesses for the hearing in conformance with District of Colorado Local Rule 45.1, which requires counsel to give seven days' notice when serving a subpoena for testimony. Notice of Joinder in AUSA Gross's Motion To Continue March 26, 2026 Hearing (Doc. #68) at 2. On March 23, 2026, the Court overruled plaintiff's motion to continue the hearing. See Docket Entry No. 69 (text only entry). The Court noted that "plaintiff could have issued subpoenas on short notice and fully complied with the applicable rules" and that "plaintiff [had] not identified a single witness who will be unavailable to testify without a subpoena." Id. The Court further noted that plaintiff's motion to disqualify counsel "appear[ed] to present a legal issue which can be resolved on the face of the pleading, without a need for fact witnesses." Id.

That same day, plaintiff filed a judicial misconduct complaint against the undersigned judge.

The following day, plaintiff moved to disqualify the undersigned judge. See Motion For Judicial Disqualification Pursuant To 28 U.S.C. § 455 (Doc. #78) filed March 24, 2026; see also Affidavit of Judicial Bias or Prejudice According To 28 U.S.C. § 455(B)(1) And Certificate Of Counsel; Exhibits 1-9 (Doc. #77); and Affidavit of Judicial Bias or Prejudice According To 28

U.S.C. § 455(B)(1) And Certificate Of Counsel; Exhibits 1-9 (Doc. #79), both filed March 24, 2026. Plaintiff argues that the undersigned, along with other federal judges, "intentionally concealed material facts from the Plaintiff." Motion For Judicial Disqualification Pursuant To 28 U.S.C. § 455 (Doc. #78) at 6. Plaintiff complains that even though he consistently requested that a judge from *outside* the Tenth Circuit be assigned to this case and Case No. 25-cv-00190, Chief Judge Holmes "interfered to personally and directly assign the cases to Judge Vratil." Id. Plaintiff claims that Chief Judge Holmes has a personal interest in the outcome of plaintiff's civil cases and therefore his assignment order of February 27, 2026, as well as all orders entered by the undersigned judge, must be vacated. Id. Plaintiff cites no facts which support the claim that Chief Judge Holmes has a "personal interest" in the outcome of plaintiff's cases. Plaintiff complains that he only learned of the reassignment orders due to a news article, and had he known of Chief Judge Holmes's reassignments, he would have immediately objected.

As to the undersigned's impartiality, plaintiff states: "The general circumstances surrounding Judge Vratil's assignment to this case and to Plaintiff's Sealed Case provide grounds under which Judge Vratil's . . . impartiality may be reasonably questioned." Id. at 7. Plaintiff further argues that he filed a judicial misconduct complaint against the undersigned on March 23, 2026, so the undersigned now has a personal interest in the outcome of plaintiff's cases. He also cites "a further likelihood" that the undersigned will be a material witness because of her involvement in the reassignment decision and "the collective decision to intentionally withhold material facts (i.e. mandatory grounds for their recusal) from the plaintiff." Id. See also Affidavit of Judicial Bias or Prejudice According To 28 U.S.C. § 455(B)(1) And Certificate OF Counsel; Exhibits 1-9 (Doc. #79) at 3; Exhibit 3 (Doc. #79-3) at 1-2.

Plaintiff asserts that "actions taken by Judge Vratil following her appointment demonstrate

a premeditated strategy to deprive Affiant of his fundamental right to be heard and to due process in these proceedings." Affidavit of Judicial Bias or Prejudice According To 28 U.S.C. § 455(B)(1) And Certificate OF Counsel; Exhibits 1-9 (Doc. #79) at 14. He complains of "unreasonable accelerated briefing deadlines" and his alleged inability to secure witnesses for the hearing on March 26, 2026 on short notice. Id. Plaintiff argues that an "examination of the details and context of Judge Vratil's orders" illustrate the "patent unfairness and partiality that Judge Vratil intends to impose in these proceedings." Id. Plaintiff describes the Court's orders of March 18, 2026 as "a torrent of orders that were facially hostile to Affiant's position and the procedural status of *Gregory*, where a default remained as to all of the Defendants." Id. at 15. According to plaintiff, "these circumstances are sufficient to establish personal bias and prejudice" requiring mandatory disqualification. Id. at 14. Plaintiff asserts that the actual bias and prejudice directed against him is "most evidence" in the undersigned "concealing the conflicted nature of [her] appointment[] and Chief Judge Holmes's non-disqualification." Id. at 18.

## Analysis

Plaintiff asks the undersigned judge to recuse from this case pursuant to 28 U.S.C. § 455(a) and (b)(1). Section 455(a) provides that a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." United States v. Mendoza, 468 F.3d 1256, 1261 (10th Cir. 2006). A judge must also recuse himself if "he has a personal bias or prejudice concerning a party." 28 U.S.C. § 455(b)(1); Bryce v. Episcopal Church in the Diocese of Colorado, 289 F.3d 648, 659 (10th Cir. 2002). A trial judge must recuse "where there is an appearance of bias, regardless of whether there is actual bias." Bryce, 289 F.3d at 659. "Disqualification is appropriate only where a reasonable person, were he to know all the circumstances, would harbor doubts about the judge's impartiality." Mendoza, 468 F.3d at 1262. The test for determining

impartiality is an objective one, based on a judge's "outward manifestations and reasonable inferences drawn therefrom." Nichols v. Alley, 71 F.3d 347, 351 (10th Cir. 1995).

A judge has "as strong a duty to sit when there is no legitimate reason to recuse as he does to recuse when the law and facts require." Bryce, 289 F.3d at 659. The recusal statute "should not be construed so broadly as to become presumptive or to require recusal based on unsubstantiated suggestions of personal bias or prejudice." Id. at 659–60. The statute is not intended to give litigants a veto power over judges or as a vehicle for obtaining a judge of their choice. United States v. Cooley, 1 F.3d 985, 992-93 (10th Cir. 1993). Consequently, a judge should not recuse on unsupported, irrational or highly tenuous speculation. Hinman v. Rogers, 831 F.2d 937, 939 (10th Cir. 1987). Neither a litigant's suing or threatening to sue a judge nor the judge's prior adverse rulings is sufficient to show prejudice or warrant recusal. United States v. Grismore, 564 F.2d 929, 933 (10th Cir. 1977); United States v. Irwin, 561 F.2d 198, 200 (10th Cir. 1977); see also Yankey v. Easter, 2023 WL 6208719, No. 23-3036, at *2 (10th Cir. 2023) (unpublished); Stine v. Oliver, 644 F. App'x 857, 860 (10th Cir. 2016) (unpublished).

Nothing in the record justifies the undersigned's disqualification pursuant to 28 U.S.C. § 455. With no evidence, plaintiff baldly asserts that the undersigned was involved in concealing the manner in which this case was reassigned to her. See Motion For Judicial Disqualification Pursuant To 28 U.S.C. § 455 (Doc. #78) at 6. He further claims that the "general circumstances" surrounding the assignment provide grounds to reasonably question her impartiality. Id. at 7.

Here, a reasonable person, with knowledge of all the circumstances of the reassignment, would entertain no suspicion that it was anything but an ordinary intra-Circuit assignment. Chief Judge Holmes and the undersigned did not communicate—directly or indirectly—about the reassignment of plaintiff's cases, how she would manage them or what outcome he desired. The

undersigned has no reason to question his motives in ordering reassignment, and no reasonable person would harbor doubts about the impartiality of the judges involved in it. See Mendoza, 468 F.3d at 1262. As noted above, plaintiff's subjective beliefs and cynicism do not warrant recusal.

While plaintiff takes issue with the undersigned's rulings and the timing of the hearing in this case, they do not show personal bias or warrant recusal. See Irwin, 561 F.2d at 200. Adverse rulings almost never provide a basis for recusal, nor do opinions formed or expressed by a judge based upon the record "unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." Liteky v. United States, 510 U.S. 540, 555 (1994). Plaintiff has not identified any such stated opinions. Plaintiff's assertions that the undersigned's rulings demonstrate personal bias against him are highly speculative and flat-out wrong, if not sanctionable. The recusal statute does not require recusal based on unsubstantiated suggestions of personal bias or prejudice. Bryce, 289 F.3d at 659. While plaintiff may not agree with the Court's rulings so far, Section 455 does not give litigants a veto power over judges or a vehicle for obtaining a judge of their choice. Cooley, 1 F.3d at 992-93.

Plaintiff's complaint of judicial misconduct against the undersigned, filed March 23, 2026, is likewise not a basis for disqualification. Cf. Oliver, 644 F. App'x at 860 ("Judges do not need to recuse simply because they have been sued by one of the parties."). Plaintiff cannot manufacture personal bias or prejudice by filing a complaint against the undersigned. To hold otherwise would allow a party to disqualify one judge after another until the party is satisfied with the assigned judge.

In summary, plaintiff's affidavits do not establish an appearance of partiality or bias, let alone circumstances in which the impartiality of the undersigned judge might reasonably be questioned.

**IT IS THEREFORE ORDERED** that plaintiff's Motion For Judicial Disqualification Pursuant To 28 U.S.C. § 455 (Doc. #78) is **OVERRULED** as to its request for the disqualification of the undersigned judge.

**IT IS FURTHER ORDERED** that on or before **Friday, April 3, 2026**, plaintiff show good cause in writing why he should not be sanctioned under Rule 11, Fed.R.Civ.P., for filing the Motion For Judicial Disqualification Pursuant To 28 U.S.C. § 455 (Doc. #78) and the accompanying Affidavit of Judicial Bias or Prejudice According To 28 U.S.C. § 455(B)(1) And Certificate Of Counsel; Exhibits 1-9 (Doc. #77) and Affidavit of Judicial Bias or Prejudice According To 28 U.S.C. § 455(B)(1) And Certificate Of Counsel; Exhibits 1-9 (Doc. #79) for an "improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the costs of litigation" in this case.

Dated this 24th day of March, 2026 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge