**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

| | | |
|---|---|---|
| **CHRISTOPHER S. P. GREGORY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 25-3361-KHV-GEB** |
| | ) | |
| **THE COLORADO JUDICIAL DISIPLINE RULEMAKING COMMITTEE, et al.** | ) | |
| | ) | |
| **Defendants.** | ) | |

**ORDER**

This matter comes before the Court on Plaintiff's Motion for Judicial Disqualification Pursuant to 28 U.S.C. § 455 ("Motion") (ECF No. 78). Plaintiff seeks the disqualification of District Judge Kathryn H. Vratil and Magistrate Judge Gwynne E. Birzer assigned to the matter from the United States District Court from the District of Kansas. For the reasons set forth below, with regards to the disqualification of the undersigned Magistrate Judge, Plaintiff's Motion **(ECF No. 78)** is **DENIED.**

## I. Procedural History

District Judge Vratil set forth the background of this case in her Memorandum and Order and Order to Show Cause[1] "(Memorandum and Order") and it will not be reiterated

[1] ECF No. 82.

here. However, the undersigned sets forth the relevant procedural background. Following the recusal of multiple District Judges from the District of Colorado in this matter, District Judge Vratil from the District of Kansas was assigned to this matter on February 27, 2026. Three days later on March 2, 2026, Chief United States District Judge Philip A. Brimmer with the concurrence of John W. Broomes, Chief Judge of the District of Kansas, designated the undersigned Magistrate Judge to hold court and perform other judicial duties under 28 U.S.C. § 636, subsections (a), (b), and (c) in the District of Colorado for the duration of this matter ("Assignment Order").[2] The assignment of the undersigned, in the referral capacity, was noted on the docket in this matter on March 3, 2026.[3] On March 24, 2026, two days before the parties have been ordered to appear for a hearing before District Judge Vratil and the undersigned and before the undersigned has entered a single order, Plaintiff moves for the disqualification of both judges. District Judge Vratil and the undersigned will separately address Plaintiff's motion with regard to their own disqualification.

## II. Discussion

Plaintiff has asked that a judge from outside the Tenth Circuit be assigned "through a conflict-free process." When the case was assigned to a District Judge and Magistrate Judge from the District of Kansas, Plaintiff took affront. Although the undersigned Magistrate Judge had no involvement in the assignment of this matter to District Judge

[2] Order, 26-mc-00038, ECF No. 1.
[3] 25-6661, ECF No. 49.

Vratil and her only involvement in being referred was indicating a willingness to be assigned when asked, Plaintiff alleges the undersigned has a mandatory duty to recuse herself from this matter pursuant to 28 U.S.C. § 455(a), (b)(1), (b)(4), (b)(5)(iii)-(iv).

The Tenth Circuit set forth the legal framework for a motion to disqualify based upon 28 U.S.C. § 455(a) in *United States v. Martinez*, 92 F.4th 1213, 1255-56 (10th Cir. 2024).

> [F]ederal law instructs that a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). "This [recusal] requirement is intended 'to promote confidence in the judiciary by avoiding even the appearance of impropriety whenever possible.'" *United States v. Wells*, 873 F.3d 1241, 1251 (10th Cir. 2017) (quoting *Mathis v. Huff & Puff Trucking, Inc.*, 787 F.3d 1297, 1310 (10th Cir. 2015)). "The standard is purely objective. The inquiry is limited to outward manifestations and reasonable inferences drawn therefrom." *United States v. Cooley*, 1 F.3d 985, 993 (10th Cir. 1993); *see id.* ("In applying § 455(a), the judge's actual state of mind, purity of heart, incorruptibility, or lack of partiality are not the issue."); *see also* Charles Gardner Geyh & Kris Markarian, Judicial Disqualification: An Analysis of Federal Law, § II.B.1.A, at 20 (3d ed. 2020) ("Section 455(a) makes clear that judges should apply an objective standard in determining whether to disqualify."). "In other words, a judge's subjective state of mind is irrelevant; what matters is whether 'the public might reasonably believe that [the judge] *knew*' of 'facts creating an appearance of impropriety.' " *Wells*, 873 F.3d at 1251 (alteration in original) (emphasis added) (quoting *Liljeberg v. Health Serv. Acquisition Corp.*, 486 U.S. 847, 860, 108 S.Ct. 2194, 100 L.Ed.2d 855 (1988)).
>
> "In applying the [objective] test, the initial inquiry is whether a reasonable *factual* basis exists for calling the judge's impartiality into question." *Cooley*, 1 F.3d at 993; *see United States v. Pearson*, 203 F.3d 1243, 1277 (10th Cir. 2000) (noting that we examine whether "sufficient factual grounds exist to cause a reasonable, objective person, knowing all the relevant

facts, to question the judge's impartiality"); *see also Cheney v. U.S. Dist. Ct. for the Dist. of Columbia*, 541 U.S. 913, 914, 124 S.Ct. 1391, 158 L.Ed.2d 225 (2004) (mem.) (Scalia, J.) ("The decision whether a judge's impartiality can 'reasonably be questioned' is to be made in light of the facts as they existed, and not as they were surmised or reported.") (quoting *Microsoft Corp. v. United States*, 530 U.S. 1301, 1302, 121 S.Ct. 25, 147 L.Ed.2d 1048 (2000) (mem.) (Rehnquist, C.J.)).

"We have stressed that 'section 455(a) must not be so broadly construed that it becomes, in effect, presumptive, so that recusal is mandated upon the merest unsubstantiated suggestion of personal bias or prejudice.' " *Cooley*, 1 F.3d at 993 (quoting *Franks v. Nimmo*, 796 F.2d 1230, 1234 (10th Cir. 1986)). Indeed, it should not be forgotten that "[t]here is as much obligation for a judge not to recuse when there is no occasion for him to do so as there is for him to do so when there is." *Hinman v. Rogers*, 831 F.2d 937, 939 (10th Cir. 1987); *accord Nichols v. Alley*, 71 F.3d 347, 351 (10th Cir. 1995) ("[W]e are mindful that a judge has as strong a duty to sit when there is no legitimate reason to recuse as he does to recuse when the law and facts require."); *see also* Geyh & Markarian, *supra*, § II.A.2.b, at 16 (quoting *Hinman* and noting that "most circuits" have adopted this "duty to sit" principle).

"In conducting this review, we must ask how these facts would appear to a *well-informed*, thoughtful and objective observer," who is "an average member of the public," not a "hypersensitive, cynical, and suspicious person." *Mathis*, 787 F.3d at 1310 (emphasis added) (quoting *Sensley v. Albritton*, 385 F.3d 591, 599 (5th Cir. 2004)). And courts must take into account that "cases within § 455(a) are extremely fact driven 'and must be judged on [their] unique facts and circumstances more than by comparison to situations considered in prior jurisprudence.' " *Nichols*, 71 F.3d at 351 (alteration in original) (quoting *United States v. Jordan*, 49 F.3d 152, 157 (5th Cir. 1995)); *accord Wells*, 873 F.3d at 1251.

Notably, "recusal is required even when a judge lacks actual knowledge of the facts indicating his interest or bias in the case if a reasonable person, knowing all the circumstances would expect that the judge would have actual knowledge." *Wells*, 873 F.3d at 1251 (10th Cir. 2017) (quoting *Liljeberg*, 486 U.S. at 860–61, 108 S.Ct. 2194); *see E. & J. Gallo Winery v. Gallo*

> *Cattle Co.*, 967 F.2d 1280, 1295 n.7 (9th Cir. 1992) (noting that the judge's "lack of actual knowledge is irrelevant if ... a person knowing all of the facts could reasonably question [the judge's] impartiality"); Geyh & Markarian, *supra*, § II.B.1.a at 22 ("Section 455 also requires disqualification if a reasonable person might believe that the judge was aware of circumstances creating an appearance of partiality, even if the judge was in fact unaware.").
>
> To be sure, the statute does not contemplate that judges will, sua sponte, "perform the impossible—to disqualify themselves based on facts they do not know." *Liljeberg*, 486 U.S. at 861, 108 S.Ct. 2194; *see id.* ("[A] judge could never be expected to disqualify himself based on some fact he does not know, even though the fact is one that perhaps he should know or one that people might reasonably suspect that he does know."). Nevertheless, "a judge has a continuing duty to recuse before, during, or, in some circumstances, after a proceeding, if the judge concludes that sufficient factual grounds exist to cause an objective observer reasonably to question the judge's impartiality." *Cooley*, 1 F.3d at 992. Thus, even if the judge lacked actual knowledge of facts necessitating recusal during the proceeding, "the judge is not called upon to perform an impossible feat" when "called upon to rectify an oversight and to take the steps necessary to maintain public confidence in the impartiality of the judiciary," *Liljeberg*, 486 U.S. at 861, 108 S.Ct. 2194, upon determining that "a reasonable person, knowing all the circumstances would expect that the judge would have actual knowledge" of those facts, *Wells*, 873 F.3d at 1251 (quoting *Liljeberg*, 486 U.S. at 861, 108 S.Ct. 2194).

The denial of a motion to recuse under § 455(a) is reviewed for an abuse of discretion.[4]

Plaintiff without any supporting factual basis argues the undersigned intentionally concealed material facts from him regarding the assignment of the case to District Judge Vratil. A "reasonable person, knowing all relevant facts"[5] would not harbor doubts

[4] United States v. Cooley, 1 F.3d 985, 994 (10th Cir. 1993).
[5] *Bryce v. Episcopal Church in the Diocese of Colorado*, 289 F.3d 648, 659 (10th Cir. 2002).

regarding the assignment of the undersigned by order of Chief United States District Judge Philip A. Brimmer with the concurrence of John W. Broomes, Chief Judge of the District of Kansas or the assignment of Judge Vratil by Chief Judge Holmes or the Orders assigning same were improper. Judge Vratil has addressed the appointment by Chief Judge Holmes in her Memorandum Order. The undersigned is not privy to any additional details beyond what is contained therein. The Assignment Order regarding the undersigned is a matter of public record and sets forth the basis for her assignment. No reasonable person with knowledge of all the relevant facts would doubt the undersigned's impartiality.

Next, Plaintiff alleges because he made a Complaint of Judicial Misconduct to the Judicial Council of the Tenth Circuit against the undersigned, that she has personal interest in the outcome of Plaintiff's case requiring her recusal pursuant to 28 U.S.C. § 455(b)(4). This subsection requires a magistrate judge to disqualify herself if she has a "financial interest in the subject matter in controversy or in a party to the proceeding, or any other interest that could be substantially affected by the outcome of the proceeding."[6] The undersigned understands Plaintiff to allege his complaint to the Judicial Council against her manufactured an "other interest that could be substantially affected by the outcome" of his claims against Defendants regarding their alleged misconduct surrounding public fraud involving Mindy Masias, concealment of her fraud, and his termination as the Executive Director of the Colorado Commission on Judicial Discipline in retaliation for acting as a whistleblower. If filing an ethics complaint was sufficient to create an "other interest that

[6] 28 U.S.C. § 455(b)(4).

could be substantially affected by the outcome of the proceeding," then the disqualification would be required in nearly every case where such a motion was filed. Congress could not have intended such an overinclusive recusal statute. Plaintiff has not provided any pertinent authority to persuade the Court this is what Congress intended.

Last, Plaintiff alleges the undersigned is likely to become a material witness because of her "involvement in Chief Judge Holmes' assignment decision" and the judges' collective decision to intentionally withhold material facts from him. As set forth above, the undersigned has no information regarding Chief Judge Holmes' assignment decision beyond what is included in Judge Vratil's Memorandum and Order. Therefore, the undersigned is not likely to become a witness, material or otherwise, regarding an issue fully addressed in the public filings in this matter.

A judge has "as strong of a duty to sit when there is no legitimate reason to recuse as to recuse when the law and facts require."[7] "The recusal statute should not be construed so broadly as to become presumptive or to require recusal based on unsubstantiated suggestions of personal bias or prejudice."[8] "The statute is not intended to give litigants a veto power over sitting judges, or a vehicle for obtaining a judge of their choice."[9] Plaintiff's Motion does not establish the appearance of partiality such that the undersigned's impartiality might be questioned.

---

[7] *Bryce,* 289 F.3d 648, 659 (quoting *Nichols v. Alley*, 71 F.3d 347, 351 (10th Cir. 1995).
[8] *Id.* (citing *Switzer v. Berry*, 198 F.3d 1255, 1258 (10th Cir. 2000)).
[9] *Id.* (quoting *United States v. Cooley*, 1 F.3d 985, 993 (10th Cir. 1993)).

For the reasons set forth above, **IT IS THEREFORE ORDERED** Plaintiff's Motion **(ECF No. 78)** with regards to the disqualification of the undersigned Magistrate Judge, is **DENIED.**

**IT IS SO ORDERED.**

Dated this 24th day of March 2026.

s/ Gwynne E. Birzer
GWYNNE E. BIRZER
United States Magistrate Judge