# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 25-cv-03361-KHV-GEB

CHRISTOPHER S. P. GREGORY,

     Plaintiff,

v.

THE COLORADO JUDICIAL RULEMAKING COMMITTEE, et al.,

     Defendants.

---

### REPLY TO PLAINTIFF'S RESPONSE TO ORDER TO EXPLAIN APPARENTLY IDENTICAL CLAIMS, FINAL JUDGMENT, AND ELECTION, ECF NO. 73

---

On March 19, 2026, this Court issued an order observing that Plaintiff appears to be "seeking to litigate identical individual capacity claims in two lawsuits," this action and a sealed action, Case No. 25-0190. ECF No. 63. The Court directed Plaintiff to "explain this apparent duplication"; "address whether he is required to dismiss his claims in one case," if the Court were to vacate the final judgment currently entered in Case No. 25-0190; and, if he were permitted to elect to proceed with one case, identify his election. *Id.*

Though Defendants are unable to review the filings in the sealed case, *see* ECF No. 64, it appears based on Plaintiff's response to the Court's order that Plaintiff may be improperly seeking to litigate identical claims in two cases and/or to pursue claims that are precluded in the current suit because they have already been dismissed. If true, Plaintiff cannot avoid this bar by asserting that he now wishes to proceed with those claims in this action.

1

**ARGUMENT**

I.     **Plaintiff cannot "sever" and "refile" into this action claims that were already dismissed on the merits.**

Generally, the doctrine of claim preclusion "bars a party from relitigating a claim or cause of action on which final judgment has been rendered." *Park Lake Res. Ltd. Liab. v. U.S. Dep't Of Agr.*, 378 F.3d 1132, 1136 (10th Cir. 2004). Plaintiff asserts that "[a]fter the sealed case was dismissed, but prior to a decision on the Rule 59 Motion, Mr. Gregory severed his [Colorado False Claims Act ("CFCA")] retaliation claim and re-filed it into" the present matter. While the CFCA allows a person who brings an action in the name of the state alleging false claims violations to assert any retaliation claims in a separate action, *see* C.R.S. § 24-31-1204(8)(d)(I), Plaintiff cites no authority that would permit him to "sever" and "re-file" retaliation claims that were already filed and dismissed. Thus, to the extent Plaintiff's CFCA retaliation claim was already dismissed on the merits and that judgment is not vacated, Plaintiff would be precluded from "re-filing" that claim in this action. *See Park Lake Res. Ltd. Liab.*, 378 F.3d at 1136 ("Under claim preclusion, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." (quotation marks and alterations omitted)).

II.     **Plaintiff's efforts to distinguish his civil rights claims in the two matters are unsuccessful.**

Plaintiff acknowledges that he filed claims under 42 U.S.C. §§ 1983, 1985, and 1986 in both matters. ECF No. 73 at 3. However, he maintains that the two sets of claims "are distinct and involve different defendants." While Defendants are unable to view the identity of the defendants for Plaintiff's civil rights claims in Case No. 25-0190, it appears based on Plaintiff's

2

description that his civil rights claims in both cases are based, at least in part, on the same events.

Plaintiff argues that his civil rights claims in the sealed case are "based upon allegations that he was interfered with in the performance of his official duties as Chair and Executive Director of the Colorado Commission on Judicial Discipline (the CCJD), with the most important example of such interference being Mr. Gregory's wrongful termination." ECF No. 73 at 3. By contrast, he describes his civil rights claims in this case as based on events that "occurred primarily between October 20, 2024 and the present," involving the "deprivation of Mr. Gregory's rights under the First and Fourteenth Amendments to freely and publicly report judicial, attorney, and official misconduct as well as to participate in [] the judicial discipline rulemaking process." *Id.* at 3-4. But his claims in the present action are not so limited.

While it is somewhat difficult to discern the basis of Plaintiff's claims given the broad and conclusory allegations in the recitation of his claims for relief, Plaintiff's civil rights claims in this matter appear to relate in part to the period when he served on the CCJD. For example, in describing events from 2019 through 2022, he alleges that "[a]t various times, Plaintiff reported these circumstances to federal law enforcement . . . and to the CCJD only to be deliberately ignored." ECF No. 1 ¶ 66. He further alleges that "Defendants have also obstructed Plaintiff's fundamental right to be heard as to misconduct within the CCJD, including complicity in Plaintiff's retaliatory termination as the CCJD's Executive Director." *Id.* ¶ 74. Yet his termination is precisely the event that he acknowledges forms the centerpiece of his civil rights claims in the sealed action. Accordingly, Plaintiff's response to the Court's order suggests that his claims across the two actions are, indeed, duplicative.

III.     **To the extent Plaintiff has engaged in impermissible claim splitting, certain claims in this action may be subject to dismissal.**

Even if Plaintiff has not previously asserted precisely the same claims that he asserts in this action, it appears that Plaintiff may be engaged in impermissible claim splitting.

Under the doctrine of claim preclusion, "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in the prior action." *Wilkes v. Wyoming Dep't of Emp. Div. of Lab. Standards*, 314 F.3d 501, 503–04 (10th Cir. 2002), *as amended* (Jan. 14, 2003) (quotation marks omitted). For claim preclusion to apply, there must be "(1) a final judgment on the merits in an earlier action; (2) identity of parties or privies in the two suits; and (3) identity of the cause of action in both suits." *Id.* at 504 (quotation marks and alterations omitted). In determining whether two suits present the same "cause of action," the Tenth Circuit applies a "transactional approach," under which "a cause of action includes all claims or legal theories of recovery that arise from the same transaction, event, or occurrence," which includes "all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction, or series of connected transactions, out of which the action arose." *Id.* at 504. Whether different claims arise from the same "transaction" or "series of connected transactions" is a question "to be determined pragmatically, giving weight to such considerations as whether the facts are related in time, space, origin, or motivation, and whether they form a convenient trial unit." *Id.* (alterations omitted).

Here, while Defendants do not have knowledge of the precise allegations in the sealed case, it appears the two suits may arise from the same series of connected transactions. To

the extent (1) the named defendants in the two actions are identical or in privy to one another, and (2) the dismissal of the sealed case was on the merits, claim preclusion may therefore apply to bar certain claims asserted in the present case.[1] *E.g.*, *Ragsdale v. Rubbermaid, Inc.*, 193 F.3d 1235, 1237-40 (11th Cir. 1999) (retaliation suit precluded by earlier resolution of qui tam action under transactional approach to claim preclusion).

Further, even if the dismissal in the sealed case were not on the merits or is vacated, claim splitting between the two actions would be "the precise behavior the doctrine res judicata seeks to discourage." *Wilkins v. Jakeway*, 183 F.3d 528, 535 (6th Cir. 1999). Courts have noted that "[t]his type of duplicity should be avoided at all costs." *Id.*; *see also id.* at 532 n.4 (admonishing plaintiff that his False Claims Act and First Amendment claims "could have and should have been raised in the same suit" where they "clearly encompassed the same set of facts—whether [the plaintiff] was wrongfully discharged for airing complaints about the misuse of funds").

---

[1] Though the Tenth Circuit does not appear to have weighed in on the question, some courts have held that normal claim preclusion principles do not apply when a plaintiff files an earlier action asserting retaliation or private employment claims and later files a qui tam suit under the False Claims Act arising from the same transaction. *Compare U.S. ex rel. Lusby v. Rolls-Royce Corp.*, 570 F.3d 849, 852 (7th Cir. 2009) (earlier retaliation suit did not bar later qui tam), *with Milner v. Baptist Health Montgomery*, 132 F.4th 1354, 1358-61 (11th Cir. 2025) (earlier retaliation suit precluded relator from bringing later qui tam). However, a core animating concern in those cases—that a plaintiff's neglect to assert False Claims Act claims in an earlier suit could have preclusive effect on the government's ability to recover—is absent here, where Plaintiff asserted his False Claims Act claims in the earlier-filed suit that has already reached a judgment.

Respectfully submitted this 25th day of March, 2026.

PHILIP J. WEISER
Attorney General

*s/ Katharine Brown*

**Daniel M. Combs**
**Katharine Brown**
First Assistant Attorneys General
**Clayton J. Ankney**
Second Assistant Attorney General
**Nora Q.E. Passamaneck**
Senior Assistant Attorney General
Civil Litigation and Employment Law
Colorado Department of Law
1300 Broadway, 10th Floor
Denver, Colorado  80203
Telephone: 720-508-6000
Emails: Dan.Combs@coag.gov;
Katharine.Brown@coag.gov;
Clayton.Ankney@coag.gov;
Nora.Passamaneck@coag.gov

*Attorneys for Defendants*