**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:25-cv-03361-KHV-GEB

CHRISTOPHER S.P. GREGORY,

Plaintiff,

v.

The COLORADO JUDICIAL DISCIPLINE RULEMAKING COMMITTEE, et al.

Defendants.

---

**PLAINTIFF'S MOTION TO REQUIRE COUNSEL TO APPEAR OR, ALTERNATIVELY, TO RESET MARCH 26 HEARING**

---

The Plaintiff, Christopher S.P. Gregory, for himself and through his counsel, Ingrid J. DeFranco moves for an order requiring the appearance of the Defendants and all counsel of record in this case at the hearing set in this matter for 9:30 a.m. on March 26, 2026. Alternatively, the Plaintiff moves for this Court to vacate the hearing and to reset this matter for a status conference to allow the Plaintiff to seek extraordinary relief by petitioning for issuance of a Writ of Mandamus. In support of this Motion, counsel states the following, upon information and belief:

1. On March 17, 2026, this Court (without prior notice or consultation with the parties to confirm their availability) issued an "Order Setting Hearing," ECF No. 52. The order setting hearing informed the parties that a six-hour hearing would be scheduled for Thursday, March 26, 2026 at 9:30 AM with the hearing lasting until 3:00 PM. Additionally, the parties were informed that: "The Court will issue a more detailed

agenda for the hearing later this week." Notably, this Court did not enter a pre-hearing order setting deadlines for prehearing submissions, exhibit lists, witness lists, etc.

2. The following day, this Court issued a number of orders that, as the final order entered, included the agenda of issues. ECF No. 61.

3. The "Agenda of Issues for March 26, 2026 Hearing," was itself problematic due to the Court's compromising the seal in the Plaintiff's parallel *qui tam* case by including a partial case caption with the publicly available "Agenda of Issues." The Plaintiff emphasizes that up to this point, the Plaintiff, and the Court (including the 10th Circuit Court of Appeals) had maintained the confidentiality of the *qui tam* case, specifically its nature as having been filed under both the federal False Claims Act (the FCA) and the Colorado False Claims Act (the CFCA). By publishing a partial caption for the case in publicly available documents, the Court has compromised the seal in Case No. 1:25-cv-00190-KHV-GEB (D. Colo) by disclosing that the case has been brought by the Plaintiff on behalf of both the U.S. Government and the State of Colorado. Additionally, the Court has improperly disclosed that the named defendants include former State Court Administrator's Office Chief of Staff Mindy Masias. According to 31 U.S.C. § 3730(b)(2) and § 24-31-1204(3)(b), C.R.S., the particular nature of the *qui tam* case and the identity of the defendants named in the complaint are sensitive information within the scope of the statutorily-mandated seal. A primary purpose and function of the seal to prevent the alleged fraudsters who are the subject of a *qui tam* action from being tipped off until the federal government and, in this case, also the State of Colorado, have completed their investigation(s) to make intervention decisions. *Am. Civil Liberties*

*Union v. Holder*, 673 F.3d 245, 249 (4th Cir. 2011) (explaining Congressional intent behind the FCA's seal provision). In further explaining the intent behind the FCA's seal provision, the 4th Circuit confirmed that the seal provision does not bar a *qui tam* relator from discussing their underlying allegations of fraud.

> The FCA's seal provisions, however, only preclude a qui tam relator who wants to use the FCA to recover money from discussing the FCA complaint for a brief period of time. Given that Congress created the FCA's qui tam right to bring suit in the name of the United States, Congress certainly could add conditions to safeguard the interests of the United States. Moreover, as we have explained, the FCA does not bar the qui tam relator from discussing the underlying fraud. *Id.* at 256.

In this case, there are concerns that the Court's having initially served U.S. DOJ-Denver Office Civil Division Chief Kevin Traskos, who is married to Defendant former Justice Melissa Hart, with a copy of the complaint in Case No. 1:25-cv-00190 compromised the seal at the outset of the case. Mr. Traskos and former Justice Hart are material witnesses regarding the issues before this Court, specifically the grounds for disqualifying the Colorado Attorney General's Office (the COAG) as counsel and whether the entered default should be set aside. To the extent that Mr. Traskos and Justice Hart had access to information that they should not have had and which should have been considered as part of the Attorney General's statutory obligations under § 24-31-1204(1)(a), C.R.S. to diligently investigate allegations of false claims, there is an inherent conflict in the COAG's representation of Justice Hart and its efforts to now set aside the default.

4. Beyond the improper disclosure of the existence and nature of the Plaintiff's parallel *qui tam* case, this Court's Agenda of Issues disregarded the Plaintiff's motion for the Court to

first address the "Verified Motion to Disqualify Counsel," ECF No. 50, before addressing other issues. Indeed, this Court issued a separate order on March 19, 2026 (after issuing its Agenda of Issues) summarily denying the Plaintiff's Motion to Abate Briefing on ECF Nos. 44 & 47. ECF No. 62.

5. As set forth in the Agenda of Issues, the parties are expected to address the following issues in the following order:

   a. Defendants' Motion to Set Aside the Entry of Default, ECF No. 47.

   b. This Court's order to show cause why plaintiff should not be sanctioned for filing his Application for Entry of Default and supporting Declaration with direction that, "***The parties shall be prepared to present evidence.***"

   c. Plaintiff's Verified Motion to Disqualify Counsel, ECF No. 50, again with direction that, "***The parties shall be prepared to present evidence.***"

   d. In Case No. 25-cv-00190, that the parties address Plaintiff's Motion to Vacate Final Judgment According to F.R.C.P. 59(e) and For Forthwith Order Allowing Service Upon the Colorado State Auditor, ECF No. 60.

6. On February 19, 2026 (the day following issuance of this Court's Agenda of Issues), Special Assistant U.S. Attorney Jeremy Gross filed a motion in Case No. 25-cv-00190 to continue the March 26, 2026 hearing. In support of his motion, Mr. Gross explained that he would be out of the country without access to his laptop. This Court immediately responded with an order denying the request for a continuance with the following explanation:

> Counsel has not shown good cause to continue the hearing, given that other counsel are available to cover the hearing and the position of the United States appears to have been fully briefed in writing. If the United States believes that substitute counsel would be unacceptably inefficient, the Office of the United States Attorney can surely work out logistical issues with a laptop for Mr.

> Gross. The Court therefore declines to continue the hearing. The Court does grant counsel leave to appear remotely.
>
> 25-cv-00190, ECF No. 77.

7. On February 20, 2026, the Plaintiff then filed a Notice of Joinder in the government's motion to continue the hearing. 25-cv-00190, ECF Nos. 78 and 79. As grounds, the Plaintiff explained that the Court had not provided sufficient notice or time for the Plaintiff to secure witnesses by subpoena or otherwise. *See* D.C.COLO.LCivR 45.1.[1]

8. Waiting until February 23, 2023, Judge Vratil then issued an order affirming her previous denial of the continuance. The Court's explanation was that: "Plaintiff/Relator has not identified a single witness whose testimony on any issue in this case is necessary and unavailable without a subpoena on March 26." 25-cv-00190, ECF No. 80. With the notice of joinder filed in both cases, Judge Vratil issued a separate order in this case, which provided:

> First, plaintiff could have issued subpoenas on short notice and fully complied with the applicable rules. Second, and much more importantly, plaintiff has not identified a single witness who will be unavailable to testify without a subpoena. Finally, plaintiff bases his motion to disqualify counsel on the fact that the Colorado Attorney General is providing a defense to individual defendants under the Colorado Whistleblower Protection Act. This argument appears to present a legal issue which can be resolved on the face of the pleadings, without a need for fact witnesses. ECF No. 69.

Judge Vratil issued her Agenda of Issues requiring the parties to "present evidence" only eight days before the March 26, 2026 hearing that was scheduled without a pre-hearing

---

[1] D.C.COLO.LCivR 45.1 provides: "Except as provided in D.C.COLO.LCivR 30.1 or unless otherwise ordered by the court, a subpoena ***shall be served*** no later than seven days before the date specified in the subpoena. The seven-day period shall be calculated under Fed. R. Civ. P. 6(a)(1)." (Emphasis added).

management order or witness disclosure deadlines. Contrary to Judge Vratil's order denying the government's request for a continuance and the Plaintiff's notice of joinder, it was practically impossible for the Plaintiff to comply with both the Court's Agenda of Issues and the seven-day requirement for service under D.C.COLO.LCivR 45.1. Objectively, Judge Vratil's insistence upon proceeding with an evidentiary hearing where the Plaintiff is effectively barred from presenting witness testimony is a gross denial of Plaintiff's due process rights and suggests what amounts to a sham hearing with a pre-determined outcome. Moreover, given that these cases involve allegations that the Defendants have engaged in a multi-million dollar pattern of public fraud, with a default having entered, and Judge Vratil's now having threatened the Plaintiff with sanctions for obtaining entry of the default, the denial of Plaintiff's constitutional due process right to present witnesses is particularly egregious. *See, e.g., Mack v. Folino*, 383 F.Supp.2d 780, 789 (E.D. Penn. 2005) (in a civil case, "The right to cross-examine witnesses and present evidence is a basic right guaranteed by the Due Process Clause of the Fourteenth Amendment."); *Pointer v. Texas*, 380 U.S. 400, 405 (2005) ("A person's right to reasonable notice of a charge against him, and an opportunity to be heard in his defense-a right to his day in court-are basic in our system of jurisprudence; and these rights include, as a minimum, a right to examine the witnesses against him, to offer testimony, and to be represented by counsel."); *Goldberg v. Kelly*, 397 U.S. 254, 267 (1970) ("(t)he fundamental requisite of due process of law is the opportunity to be heard").

9. Judge Vratil's Order denying a continuance in this case stated: "[M]uch more importantly, plaintiff has not identified a single witness who will be unavailable to testify

without a subpoena." ECF No. 69. Because of this statement, it is necessary for the Plaintiff to make the accompanying offer of proof designating the witnesses who would have been endorsed and called if the March 26, 2026 hearing had been properly noticed with the opportunity to compel attendance with subpoenas. At a minimum, however, the necessary witnesses include all the Defendants in this case, all counsel of record in this case, and SAUSA Jeremy Gross. Through the Court's orders and a notice submitted by the Defendants, SAUSA Gross and the Defendants' lead counsel, Dan Combs, have already confirmed their unavailability to attend the March 26, 2026 hearing. Consequently, even if this Court were to issue an order compelling the attendance of all the Defendants, the unavailability of the Defendants' counsel and SAUSA will violate the Plaintiff's due process rights and fundamental right to be heard.

10. The Plaintiff has separately moved for Judge Vratil and Magistrate Judge Gwynne E. Birzer to recuse themselves from further hearing of the Plaintiff's cases. In retaliation for the Plaintiff having raised grounds for disqualification, Judge Vratil responded to the filings by temporarily granting the Defendants' Emergency Motion for Leave to Restrict, ECF No. 80, which suppresses Plaintiff's filings from public access for seventy-two hours. Later in the evening of March 24, 2026, Judge Vratil issued an additional order denying the Plaintiff's motion for disqualification, to show cause in Case No. 25-cv-03361 why the Plaintiff should not be sanctioned for seeking Judge Vratil's recusal under 28 U.S.C. § 455. ECF No. 82. Following Judge Vratil's order, Magistrate Birzer issued a similar order denying the Plaintiff's Motion to Disqualify Pursuant to 28 U.S.C. § 455. After the Plaintiff filed a similar Motion to Disqualify and supporting affidavit

into Case No. 25-cv-00190 on March 25, 2026, Judge Vratil and Magistrate Judge Birzer proceeded to issue conforming orders denying the Motion to Disqualify with Judge Vratil, again, issuing an order to show cause why the Plaintiff should not be sanctioned for seeking recusal.

11. The Plaintiff also expressly objects to this Court having self-created an emergency by setting the March 26, 2026 hearing on short notice and with the accompanying acceleration of briefing deadlines. At no point has the Court justified the need for an expedited hearing of the issues or an expedited briefing schedule. *See U.S. v. Márquez-Pérez*, 835 F.3d 153, 162 (1st Cir. 2016) (describing "[h]aving adequate time to prepare a defense is implicit in due process and the right to counsel"; stating standard for challenging an "unreasoning and arbitrary insistence upon expeditiousness"). This accelerated briefing schedule coupled with this Court's refusal to address the issues of judicial disqualification and the disqualification of counsel before considering other dependent issues has denied the Plaintiff a fair opportunity to be heard both through his written filings in this case and through the court-ordered presentation of evidence at the March 26, 2026 hearing.

12. The Plaintiff maintains his objections that proceeding with the March 26, 2026 hearing, as scheduled will deprive him of his fundamental right to be heard in these cases as well as his due process rights to examine witnesses and to offer testimony. Judge Vratil's threatened sanctions for the Plaintiff's having successfully obtained an entry of default in this case and for raising mandatory grounds for both Judge Vratil's and Magistrate Judge Birzer's recusals are good cause for the Plaintiff to have an opportunity to seek

extraordinary relief by petitioning for a Writ of Mandamus. Nevertheless, to the extent that the Court may begin allowing for the presentation of evidence relevant to its Agenda of Issues, it is necessary for the Court to issue an order requiring the appearance of all the Defendants, all attorneys who represent the Defendants as counsel of record, and SAUSA Jeremy Gross.

**WHEREFORE**, the Plaintiff respectfully requests that this Court issue an order requiring the appearance of all Defendants in Case No. 25-cv-03361, the appearance of all attorneys who represent the Defendants as counsel of record, and the personal appearance of SAUSA Jeremy Gross. Alternatively, the Plaintiff requests that this Court vacate the hearing scheduled for March 26, 2026 and set separate status conferences in Case No. 25-cv-00190 and Case No. 25-cv-03361 to provide the Plaintiff with an opportunity to petition for a Writ of Mandamus before this Court may take further action, including as to its orders to show cause.

Dated: March 25, 2026

/s/ Ingrid J. DeFranco
**Ingrid J. DeFranco, esq.**
Law Office of Ingrid J. DeFranco, PLLC
P.O. Box 128
Brighton, CO 80601
Telephone: (303) 641-6812
Email: Ingrid.DeFranco@gmail.com
Attorney for Plaintiff Christopher S.P. Gregory

/s/ Christopher S.P. Gregory
**Christopher S.P. Gregory, Esq.**
The Gregory Law Firm, LLC
201 Coffman St., #1822
Longmont, CO 80502
Telephone: (970) 648-0642
E-mail: cspgregory@thegregorylawfirm.net
*Pro Se* Attorney for Plaintiff
Christopher S.P. Gregory

CERTIFICATE OF SERVICE

I certify that on March 25, 2026, I filed the above filing via email to the Clerk of the Court, who will docket it in CM/ECF. CM/ECF will send notification of this filing to any party who has entered an appearance in this matter to the e-mail addresses provided in CM/ECF.

/s/ Ingrid J. DeFranco
Ingrid J. DeFranco