**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

| | | |
|---|---|---|
| **CHRISTOPHER S. P. GREGORY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 25-3361-KHV-GEB** |
| | ) | |
| **THE COLORADO JUDICIAL DISIPLINE RULEMAKING COMMITTEE, et al.** | ) | |
| | ) | |
| **Defendants.** | ) | |

**ORDER**

This matter was set for hearing before Judge Kathryn H. Vratil and Magistrate Judge Gwynne E. Birzer[1] on March 26, 2026. Plaintiff appeared in person and through counsel Ingrid J. DeFranco. Defendants appeared through counsel Clayton Jeffrey Ankney, Katharine J. Brown, and Nora Passamaneck. After discussion, the Court entered the following orders related to District of Colorado Local Rule.

- The provision of D.C.COLO.LCivR 5.3(a) which directs deposition notices and discovery subpoenas are not filed is hereby suspended. The filing of these notices and subpoenas will assist the Court in monitoring the progress of discovery in this matter. **All other provisions of D.C.COLO.LCivR 5.3(a) remain in effect.**

[1] See ECF No. 48 – Case Reassignment to United States District Judge Kathryn H. Vratil and ECF No. 49 Magistrate Judge Assignment to United States Magistrate Judge Gwynne E. Birzer, both of the District of Kansas.

- The duty to confer pursuant to D.C.COLO.LCivR 7.1(a) prior to filing a motion is terminated with the following exception regarding discovery disputes:

> The court will not entertain any motion to resolve a discovery dispute pursuant to Fed. R. Civ. P. 26 through 37, or a motion to quash or modify a subpoena pursuant to Fed. R. Civ. P. 45(d), unless the attorney for the moving party has conferred or has made reasonable effort to confer with opposing counsel concerning the matter in dispute prior to the filing of the motion. Every certification required by Fed. R. Civ. P. 26(c) and 37 and this rule related to the efforts of the parties to resolve discovery or disclosure disputes must describe with particularity the steps taken by all attorneys to resolve the issues in dispute.
>
> A "reasonable effort to confer" means more than emailing, mailing, or faxing a letter to the opposing party. It requires that the parties in good faith converse, confer, compare views, consult, and deliberate, or in good faith attempt to do so.

- In addition to the duty to confer prior to filing any motion to resolve a discovery dispute, the moving party shall contact the undersigned Magistrate Judge's chambers for a pre-motion conference:

> Pre-Motion Conference. Before filing any disputed discovery-related motion, and after satisfying the duty to confer or to make a reasonable effort to confer as set forth above, the party intending to file a discovery-related motion must contact the court to arrange a telephone conference with the judge and opposing counsel. The court will inform the parties whether any information, other than a nonargumentative statement of the nature of the dispute, should be submitted or filed in advance of this conference. Unless otherwise requested by the court, no disputed discovery-related motion, material, or argument should be filed or submitted prior to this telephone conference.

- The Court enters the additional orders regarding the content of discovery-related motions and the time for filing same:

Content of Motions. Consistent with D.C.COLO.LCivR. 37.1, discovery-related motions must be accompanied by copies of the notices of depositions, the portions of the interrogatories, requests, or responses in dispute. Motions directed at subpoenas must be accompanied by a copy of the subpoena in dispute.

Time for Filing Discovery-Related Motions. Any discovery-related motion must be filed within 30 days of the default or service of the response, objection, or disclosure that is the subject of the motion, or, for all other disputes, within 30 days after the movant knew or reasonably should have known of the potential dispute. The court may deny any motion filed after that 30-day period as untimely unless the movant demonstrates diligence in attempting to resolve the specific discovery dispute at issue.

- The provisions of D.C.COLO.LCivR 7.1(d) regarding the time to file responses and replies is suspended in this matter unless otherwise ordered, and the parties shall use the timeframes below:

  (1) Dispositive and similar motions. The deadlines set forth in this subsection apply to motions to dismiss, for judgment on the pleadings, to remand, to transfer, to compel arbitration, to certify or decertify a class or collective action, for summary judgment, to exclude expert testimony, for default judgment, for a new trial, to alter or amend the judgment, and for judgment. Responses to such motions must be filed within 14 days after the motion is served. Replies must be filed within 7 days after the response is served.

  (2) Other motions. Responses to all other motions must be filed within 7 days after the motion is served. Replies must be filed within 5 days after the response is served.

**All other provisions of D.C.COLO.LCivR7.1(d) remain in effect.** The Court emphasizes that a motion for relief should not be included in a response or reply to the original motion, but must be filed as a separate document. A party should not expect the Court to address any relief requested not included in a separate motion.

- Last, the Court orders the following page limitations in this matter:

  (1) *Discovery-related motions*. Principal briefs in support of, or in response to, discovery-related motions must not exceed 10 pages and replies must not exceed 3 pages.

  (2) *Summary judgment*. Principal briefs in support of, or in response to, summary judgment motions must not exceed 40 pages and replies must not exceed 15 pages.

  (3) *All other motions*. Principal briefs in support of, or in response to, all motions other than those set forth in subparagraphs (1) and (2) above must not exceed 15 pages and replies must not exceed 5 pages.

  (4) Any motion to exceed these page limits must be filed at least 3 days before the brief's filing deadline.

Additionally, the Court enters the following order unrelated to District of Colorado Local Rule:

- The caption on all pleadings, motions, briefs, or other papers shall only list the name of the first Defendant followed by et al. so as to permit the title to be visible on the first page of the document.
- The title of any response or reply to a previously filed pleading, motion, brief, or other paper shall include the exact title used by the party filing the initial document, as well as the ECF docket number, which the response or reply is related to.
- In accordance with the District of Colorado Electronic Case Filing Procedures (Civil Cases), proposed orders for visiting judges are to be submitted pursuant to their home court preference. Therefore, proposed orders are not to be submitted electronically in ECF but shall instead be submitted in Word and sent

to the judge's chambers at either KSD_Vratil_Chambers@ksd.uscourts.gov or KSD_Birzer_Chambers@ksd.uscourts.gov, as appropriate.

**IT IS SO ORDERED.**

Dated this 27th day of March 2026.

s/ Gwynne E. Birzer
GWYNNE E. BIRZER
United States Magistrate Judge