**United States Courts for the Tenth Circuit**
**Office of the Circuit Executive**
**1823 Stout Street**
**Denver, Colorado 80257**
**(303) 335-3151**

**Leslee Fathallah**
**Circuit Executive**

**Amy DeVan**
**Deputy Circuit Executive**

March 30, 2026

Mr. Christopher Gregory
The Gregory Law Firm, LLC
201 Coffman Street, #1822
Longmont, CO 80502

> Re:   <u>Christopher Gregory v. Chief Circuit Judge Jerome A. Holmes and</u>
> <u>Chief District Judge Daniel D. Domenico</u>
> Judicial Complaint Nos. **10-25-90070 and 10-26-90009**

Dear Mr. Gregory:

Enclosed is an order dismissing your consolidated complaints. To seek review of the order, you must file a petition for review to the Judicial Council within 42 days after the date of the circuit judge's order. *See* JCD Rule 18(b). That petition should be sent to this office.

Sincerely,

*Leslee Fe*

Leslee Fathallah
Circuit Executive

Encl.

cc:   Circuit Judge Harris L Hartz
District Judge Philip A. Brimmer
Subject Judges

PLAINTIFF'S
EXHIBIT

**1**

**JUDICIAL COUNCIL OF THE
TENTH CIRCUIT**

| IN RE: COMPLAINT UNDER THE JUDICIAL CONDUCT AND DISABILITY ACT | Nos. 10-25-90070 & 10-26-90009 |
|---|---|

Before **HARTZ,** Circuit Judge

**MEMORANDUM & ORDER**

Complainant has filed two complaints of judicial misconduct against a district judge and an appellate judge in this circuit. The complaints have been consolidated for decision because they arise out of the same underlying case and factual circumstances. My consideration of these complaints is governed by the misconduct rules issued by the Judicial Conference of the United States, entitled *Rules for Judicial-Conduct and Judicial-Disability Proceedings* (the "JCD Rules"), the federal statutes addressing judicial conduct and disability, 28 U.S.C. § 351 *et seq.*, and relevant prior decisions of the full Judicial Council of this circuit that are consistent with those authorities.

The JCD Rules and this circuit's local misconduct rules are available to Complainants on the Tenth Circuit's web page at: https://www.ca10.uscourts.gov/ce/misconduct. Paper copies are also furnished by the Circuit Executive's Office upon request. In accordance with those rules, the names of the Complainant and subject judges shall not be disclosed in this order. *See* JCD Rule 11(g)(2).

1

Complainant previously self-filed a misconduct complaint against the same district judge related to the same underlying allegations as those he asserts here, and although Complainant has submitted voluminous documents, in both the complaints and his supplemental filings, the question before me here is the same as the question he raised in his first complaint: specifically, did the district judge engage in misconduct and demonstrate bias against the Complainant by not recusing from Complainant's two lawsuits? In his present complaint, Complainant now alleges that an appellate judge in this circuit engaged in misconduct by failing to recuse from Complainant's initial misconduct matter against the district judge.

In both instances, Complainant argues the recusals were "mandatory." The JCD Rules provide that "[c]ognizable misconduct does not include an allegation that calls into question the correctness of a judge's ruling, *including a failure to recuse*." [Emphasis added] JCD Rule 4(b)(1). Likewise, "[t]he phrase '. . . ruling' is not limited to rulings issued in deciding Article III cases or controversies. Thus, a complaint challenging the correctness of a chief judge's determination to dismiss a prior misconduct complaint would be properly dismissed as merits-related . . . ." JCD Rule 4 cmt. Consequently, a judge's decision not to recuse from a misconduct matter is not, by itself, cognizable misconduct.

But "[t]he very different allegation that the judge failed to recuse for illicit reasons – i.e., not that the judge erred in not recusing, but that the judge knew he should recuse but deliberately failed to do so for illicit purposes – is not merits-related." *Implementation of the Judicial Conduct and Disability Act of 1980: A Report to the Chief Justice*, 239

2

F.R.D. 116, 222 (2006). Significantly, however, such an allegation must be supported with sufficient evidence to raise an inference that misconduct has occurred. JCD Rule 11(c)(1)(D).

Here, Complainant employs the circular logic that the judges' failure to act in a way that Complainant thought they should act suggests their decisions not to recuse arose from an improper motive. Complainant disregards one very important factor—namely that allegations are not true simply because he says they are. Complainant must support his allegations with sufficient evidence to raise an inference that misconduct has occurred. Thus, despite the "obvious" nature of the information he believes he has provided, Complainant has submitted only allegations of an improper motive, not evidence to support those allegations.

Complainant also alleges the district judge engaged in misconduct when he ultimately did recuse—for reasons unrelated to Complainant's misconduct filing. Specifically, Complainant takes issue with the orders the district judge issued before his recusal, and Complainant asserts the district judge should have withdrawn those orders. Complainant further contends that the language in the district judge's recusal order also demonstrates the district judge's bias. Nevertheless, these allegations are related to the merits of the judge's decisions. The Commentary to JCD Rule 4 states, "If the judge's language was relevant to the case at hand, . . . then the judge's choice of language is presumptively merits-related and excluded, absent evidence apart from the ruling itself suggesting an improper motive." In other words, although Complainant takes umbrage with the language used by the district judge in his recusal order, such language is relevant

to the case at hand, namely, his reasoning for the timing of his recusal. As before, although these allegations could constitute cognizable misconduct if Complainant had provided sufficient evidence to support an allegation of an improper motive, complainant again fails to support his claims with anything other than conclusory theories.

For these reasons, Complainant's claims are not cognizable as misconduct because they are "directly related to the merits of a decision or procedural ruling," JCD Rule 11(c)(1)(B); *see also* Commentary to JCD Rule 4 (stating that "[a]ny allegation that calls into question the correctness of an official decision or procedural ruling of a judge— without more—is merits-related"), and are "based on allegations lacking sufficient evidence to raise an inference that misconduct has occurred," JCD Rule 11(c)(1)(D).

Insofar as Complainant requests that his complaints be transferred to another circuit, that request is denied. *See* JCD Rule 26. As the Committee on Judicial Conduct and Disability of the Judicial Conference of the United States has explained,

> Rule 26 permits, but does not require, a chief circuit judge or judicial council to request, in "exceptional circumstances," that the Chief Justice transfer a matter to another circuit. . . . Under the Rules, no party to a complaint is entitled to a transfer, whether as a subject judge or complainant. The Rules rest the decision to request a transfer within the discretion of a chief circuit judge or judicial council.

*See In re: Complaint of Judicial Misconduct*, C.C. D. No. 23-01, 19-20 (U.S. Jud. Conf. Feb. 7, 2024).

To the extent Complainant believes filing numerous, and repetitive, misconduct complaints will force the recusal of judges he does not prefer in favor of those he hopes will be more sympathetic to his case, it is noted that the Committee on Judicial Conduct and Disability also addressed this issue in Advisory Opinion No. 103, which indicates

that "[h]arassing litigants occasionally file complaints of misconduct or disability against judges under the Judicial Conduct and Disability Act ("JCDA") . . . . When a JCDA complaint is filed, disqualification is governed by the same general principles as disqualification when a civil lawsuit is filed against the judge. In neither instance is a disgruntled litigant allowed to disqualify a judge from other cases by the simple expedient of filing a complaint." Adv. Op. No. 103. In other words, the filing of a misconduct complaint that has not been deemed meritorious is not, in itself, cause for recusal.

Finally, as Complainant appears intent on filing numerous and largely similar complaints against judges who are addressing his civil matters in the very early stages of litigation, in what appears to be a litigation tactic, Complainant is cautioned that further filings relating to his underlying civil matters on the issue of judicial recusal will be held in abeyance until those matters have been resolved. The commentary to JCD Rule 4 states, "The existence of an appellate remedy is usually irrelevant to whether an allegation is merits-related. . . . However, there may be occasions when appellate and misconduct proceedings overlap, and consideration and disposition of a complaint under these Rules may be properly deferred by the chief judge . . . ." Although this matter is not yet at the appellate stage, the issue of overlapping filings is analogous, and I make this decision as the senior judge to whom this complaint is assigned in place of the chief judge.

Accordingly, these complaints are dismissed pursuant to JCD Rule 11(c). The Circuit Executive is directed to transmit this order to Complainant and copies to the

5

subject judges and the Judicial Conference Committee on Judicial Conduct and Disability. *See* JCD Rule 11(g)(2). To seek review of this order, Complainant must file a petition for review by the Judicial Council. The requirements for filing a petition for review are set out in JCD Rule 18(b). The petition must be filed with the Office of the Circuit Executive within 42 days after the date of this order. *Id.*

So ordered this 30th day of March, 2026.

Honorable Harris L Hartz
Circuit Judge

6