<u>Oral testimony of Christopher Gregory to be read into the record of the
House State, Civic, Military, & Veterans Affairs March 12, 2026
hearing on SB26-084.</u>

Thank you, Mme. Chair.  Good afternoon committee members, I am
Christopher Gregory and I am testifying in my individual capacity in
opposition to SB26-084.  I testify today with the background of having
personally investigated and sought accountability for the ongoing
Colorado Judicial Scandal in my roles as a member, Vice-Chair, Chair,
and Executive Director of the Colorado Commission on Judicial
Discipline.  I regard the historic public censure of former Chief Justice
Nathan B. Coats and the passage of Amendment H by a 73% majority of
voters in 2024 as my greatest accomplishments as an attorney and as a
public servant.

From experience, I am familiar with the unethical tactics that are being
used by Governor Jared Polis, Attorney General Phil Weiser, the
Justices of the Colorado Supreme Court, and other public officials to
conceal a more than 25-year pattern of public resources being misused to
conceal serious judicial, attorney, and official misconduct.  SB26-084
legitimizes the worst of these unethical tactics by allowing those
investigated for public fraud to hide behind arbitrary claims of
governmental privilege and confidentiality in order to conceal material
evidence.  This same unethical tactic was used to undermine the Office
of the State Auditor's (or the OSA's) prior findings of occupational
fraud and accompanying referrals to law enforcement.  Through their
control over the OSA's 2019-2022 Fraud Hotline investigation of the
State Court Administrator's Office, the Justices and Attorney General
Weiser were able to delay reporting to law enforcement, to apply
redactions to the OSA's February 4, 2022 Fraud Hotline Report, and to
then withhold the full report from the public and other regulatory
authorities.  The concealment of material information, in turn, caused the
statute of limitations to expire with no accountability for the wrongdoing
verified by the OSA.

PLAINTIFF'S
EXHIBIT

**4**

SB26-084 silences whistleblowers and victims by allowing wrongdoers to control whether evidence of public fraud is ever disclosed to law enforcement or to the public.  The solution, however, is simple.  I ask that this Committee vote down SB26-084 and, instead, introduce the draft joint resolution which I have submitted to refer the ongoing Colorado Judicial Scandal to conflict-free federal law enforcement and for the appointment of another state's attorney general to impartially represent the interests of the State of Colorado.

# The Gregory Law Firm, LLC

Christopher S.P. Gregory
Attorney at Law

cspgregory@thegregorylawfirm.net

March 11, 2026

Colorado House State, Civic, Military, &
Veterans Affairs Committee
Colorado State Capitol
200 E Colfax Avenue
Denver, CO 80203

*Re: March 12, 2026 Hearing on SB26-084*

Dear Committee Members:

During my tenure as a member, Vice-Chair, Chair, and Executive Director of the Colorado
Commission on Judicial Discipline (the CCJD), I fought to ensure that the CCJD performed its
constitutional mandate.  That constitutional mandate is defined by Colo. RJD 1(b), as follows:

> The Constitutional mandate of the Commission is to protect the
> public from improper conduct of judges; preserve the integrity of
> the judicial process; maintain public confidence in the judiciary;
> create a greater awareness of proper judicial behavior on the part
> of the judiciary and the public; and provide for the fair and
> expeditious disposition of complaints of judicial misconduct or
> judicial disabilities.

I was retaliated against for performing my constitutional duties.  Following my wrongful
termination as Executive Director, I have continued to be ignored, marginalized, and blackballed.
This response is understandable in the context of my unflagging efforts to expose a more than
25-year ongoing pattern of systematic public fraud and public corruption.  Through this pattern
the Justices of the Colorado Supreme Court and other public officials have misused taxpayer
funds as hush money (i.e. NDAs), for self-controlled investigations, and for public relations
strategies intended to cover up serious judicial, attorney, and official misconduct.  There is an
entrenched culture of enforced silence emanating from the Colorado Judiciary that now
encompasses all branches of Colorado State Government.  This pattern of corruption is costing
taxpayers tens of millions of dollars per year.

The solution to these problems is independent oversight and greater transparency in the
regulatory and law enforcement processes.  Rather than moving towards such a solution, SB26-
084 seeks to legitimize bogus claims of governmental privilege and confidentiality reminiscent
of the Nixon Administration.  This, in turn, will only help further silence whistleblowers and
victims notwithstanding the objectives of the Fraud Hotline to provide a safe and effective path
for reporting public fraud.  Mechanisms already exist to protect legitimate claims of privilege,
confidentiality, and work product by seeking protective orders through the courts.  Moreover, the

201 Coffman St., #1822, Longmont, CO 80502
● 970-648-0642 ● Fax: 970-648-0643 ●

Christopher S.P. Gregory, esq.
March 11, 2026
Page 2 of 3

Colorado False Claims Act (the CFCA) already defines a process through which a reporting party or relator may navigate the disclosure of otherwise confidential information free of intimidation and retaliation. The CFCA also provides defendants with an opportunity to assert legitimate claims of privilege and confidentiality in subsequent litigation. SB26-084, however, will cause considerable harm by allowing the same individuals who are being investigated for occupational fraud and/or false claims through the Fraud Hotline to define the existence, scope, and application of privileges and confidentiality as a means of preemptively withholding records from complainants and from conflict-free law enforcement.

Such consequences are not speculative but have, instead, already happened. A fundamental weakness of the Fraud Hotline is that the Office of the State Auditor (OSA) does not control the investigations but, instead, is subject to direction from the agencies being investigated with further reliance upon the Colorado Office of the Attorney General (the COAG) to provide investigation and legal support. It was through the Colorado Judicial Department and the COAG's control of the 2019-2022 OSA Fraud Hotline investigation of the $2.66-$2.75 million sole-source, *quid pro quo* Masias Contract / bribe that delayed reporting to law enforcement and redaction of the OSA's findings caused the statute of limitations to expire. Because of manipulation of the Fraud Hotline process, none of those involved in the Colorado Judicial Scandal have been held fully accountable for their crimes and ethical misconduct. A partial copy of the Legislative Interim Committee on Judicial Discipline's June 14, 2022 hearing discussing the deliberately caused expiration of the statute of limitations is attached as Exhibit 1.

SB26-084 was also introduced in the context of the General Assembly's continuing failure to set up the Office of the Judicial Discipline Ombudsman (the OJDO) created by SB23-1205. If the OJDO existed, it would provide employees and contractors within the Colorado Judicial Department with resources to obtain government records and otherwise deter toxic workplace conduct, such as discrimination, intimidation, and retaliation. SB26-084 reinforces rather than brakes down the enforced culture of silence which pervades Colorado State Government.

It is important for this Committee to understand that I have developed an extensive legislative record in conjunction with my having filed a federal civil rights and CFCA retaliation lawsuit in U.S. District Court. The legislative record can be found through the following links:

- Joint Judiciary Committee 1/21/2026 SMART Act Hearing re: Colorado Judicial Department Presentation-
  https://leg.colorado.gov/committee_meeting_hearing_summary/28660;

- Senate Judiciary Committee 2/9/2026 Confirmation Hearing re: Appointment of former Senator Robert Gardner to the Colorado Commission on Judicial Discipline--
  https://leg.colorado.gov/committee_meeting_hearing_summary/28938; and

- Senate Judiciary Committee 2/11/2026 Hearing re: SB26-084--
  https://leg.colorado.gov/committee_meeting_hearing_summary/29188.

My lawsuit is *Gregory v. Colo. Jud. Discipline Rulemaking Comm., et al.,* 1:25-cv-03361-KHV-GEB (D. Colo.). The defendants in *Gregory* include Governor Jared Polis, Attorney General

Christopher S.P. Gregory, esq.
March 11, 2026
Page 3 of 3

Phil Weiser, the Justices, and other public officials. Because of gamesmanship and conflicted representation through the COAG, the defendants failed to respond to my Verified Complaint and Jury Demand in a timely manner. Consequently, a default has entered against all the defendants. Until and unless the default is set aside, liability has been proven and the allegations of the complaint are deemed admitted. Most recently, I have filed a Verified Motion to Disqualify Counsel seeking to remove the COAG from further representation of the defendants. My Verified Motion and an accompanying motion to abate briefing on other issues are attached as Exhibits 2 and 3.

I have also sought to shine light on the Colorado Judicial Scandal by circulating a draft op-ed article (which I have also submitted for publication) as part of the 2026 party caucuses. A copy of my op-ed article is attached as Exhibit 4.

Despite the thorough and indisputable record that I have created, I was deliberately disregarded when I previously and repeatedly raised these issues to the Joint Judiciary Committee and to the Senate Judiciary Committee.

The background is complex, but the solutions are simple. I respectfully request that this Committee vote down SB26-084 and, instead, introduce the proposed joint resolution that I have attached as Exhibit 5. The proposed joint resolution would formally refer the Colorado Judicial Scandal to conflict-free federal law enforcement and direct Colorado State Auditor Kerri Hunter to appoint another state's attorney general as a Special Assistant Attorney General (SAAG) capable of impartially representing the interests of the State of Colorado. Until there is finally a meaningful and legitimate investigation, the public corruption rife in Colorado State Government will only continue to fester.

Sincerely,

Christopher S.P. Gregory, esq.
Enclosures (5)

**EXHIBIT**

**1**

# Appendix 27(s)(i)(6)

# Colorado Office of the State Auditor Presentation;

# Legislative Interim Committee on Judicial Discipline—
# June 14, 2022: Testimony of the Office of the State Auditor

**Michelle Colin**

And, so, I just wanted to start out and give you a little context around the impetus for the audit. I know, as you've talked about earlier today, throughout that you're all aware of that several years ago, our Office did receive allegations through the State's fraud hotline, which we oversee and administer related to the State Court Administrator's Office. There are some very strict confidentiality requirements around any fraud allegations that we receive, as well as any fraud investigations that we conduct. And those requirements do prohibit us from discussing the allegations or our investigation and the report and that any reports we issue publicly and releasing any information from those. However, given the issues that were brought up in the fraud allegations, the former State Auditor decided at that time that we would conduct a performance audit at the State Court Administrator's Office with the idea being that our performance audit results, our report is made public. And so that information would be available to you as legislators as well is just the general public. So just, I know many of you are aware of it. But our performance audits, they take a broader look at how an agency or a program operates to identify any systemic issues. We don't investigate specific people or specific instances as part of a performance audit, we will look at samples, we'll look at cases, those types of things in the audit. But the idea behind that, and the purpose of it is to help us make an overall assessment of how a system or a process is working, and whether or not we see any areas of concern or problems that should be addressed. And we can make a recommendation about that. So that is how we approach that performance audit. At this time, I would like to turn it over to Mr. Johnson. He's one of the audit managers in our office. And he was just going to give you a broad overview of the findings and recommendations that we made in that audit if that's okay with you, Madam Chair.

**Rep. Carver**

Yes, please proceed. Thank you.

**Derrick Johnson**

Thank you, Madam Chair. As Michelle stated, I'm Derrick Johnson, performance audit manager and I was the team lead on the audit. Before I get started, I will let you know that we did bring copies of the highlight sheet for the report, as well as a few copies of the full report itself. And if you would like electronic copy of that that's available on the State Auditor's website at any time. So, we conducted this performance audit of the state court administrator's office during 2021 or 2020, apologies, and released the report in December of that year. And the report contained six findings and recommendations and I'll summarize those briefly.

The first finding concerned voluntary separation incentives which the SCA offered to staff in fiscal year 2019. Because they had a planned reorganization in some positions were no longer necessary. The SCA executed 10 separation agreements with employees who had expressed an interest and rather than offering them lump sum payments for separation, the SCO awarded them paid administrative leave based on the number of years of service the employee had been with the SCAO. By offering administrative leave instead of a lump sum payment, the SCAO continued contributing to the employee's retirement benefits and health insurance during the admin leave period. Through the audit, we found that the SCAO couldn't demonstrate that the separation agreement incentives had received the required approvals. It also wasn't clear how the positions approved for the incentives were necessary for the reorganization. We found that the SCAO did not know the actual payout amounts for the agreements before they were put in place. Because the agreements didn't specify those amounts. In the end of these 10 employees received over $500,000 in salaries and benefits. This was more than would have been received if the judicial branch had used an approach similar to what's used in the executive branch. At the time of the audit, the SCAO did not have any formal rules or policies around VSIs. So, we recommended that the SCAO establish them and that they address issues such as determining who can get incentives, how they would be approved, and the method for determining incentives most more closely aligned with the Executive Branch.

Then the second finding concerned paid administrative leave. At the time of the audit, the SCAO routinely approved paid administrative leave in accordance with its personnel rules. And this leave could be granted for reasons determined to be for the good of the state. During fiscal years 2017 through 2020, so over four years, SCAO staff recorded over 25,000 hours of administrative leave. Some of the issues we found in this area were that it wasn't always clear that the leave was granted for the benefit of the state because there was no reason provided or that the reason was given indicated that it should have been some other form of leave the used instead of admin leave. Also, some employees received more administrative leave than what we calculated to be the norm across the organization. And in fact, two instances of two employees who got over 150 hours above the norm in a given year, we saw instances where employees were allowed to use admin leave in conjunction with work time in order to accrue compensatory time off and then large amounts of time used for investigations of employees and settlement agreements. The SCAO's use of administrative leave during this period we looked at cost the state more than $476,000. At the time of the audit, the SCAO and judicial personnel rules provided limited guidance on the appropriate use of admin leave and did not require staff to document the reason for using the leave and didn't have limits on how much could be used. So, we recommended that the SCAO define the appropriate use of administrative leave, require employees record the reason for using the leave, and then establish limits on how much leave could be used for certain purposes.

Third finding in this audit report concerned the SCAO to not retaining some key Human Resources records, including family medical leave records that were missing at least some of the required forms, and the SCAO could not demonstrate that employees were eligible for the amount of FMLA that was granted. Additionally, we found that some disciplinary cases did not have documentation showing that investigation actually took place. The Human Resources staff conducting those investigations were no longer employed with the SCAO, and the information was not stored on a shared drive. So, there was no record of what had happened. This area, we recommended that the SCAO to establish policies and procedures that require all human resources documents to be stored in a secure shared file, and also develop a contingency plan for when staff leave.

The fourth finding in the audit concerned sole source procurements of which there were 10 in our testing period. And sole source contracting is a method that is used when an agency determines that only one vendor is capable of meeting their needs, and therefore a normal competitive solicitation isn't worthwhile. And we found issues with six of the contracts that were entered into in this manner, some of which had more than one issue. The issues included one contract, where a former employee was awarded a sole source contract within days of their resignation. Although the contract was subsequently cancelled at the direction of the Supreme Court, the proximity of dates between when the employee resigned and when the sole source justification and contract were signed gave the appearance of impropriety. Additionally, the SCAO did not have a copy of one of the executed contracts, and another contract had division justification for using this method. We also identified contracts that did not have proof that the SCAO negotiated the price and terms as required by judicial purchasing rules. The SCAO spent over $1 million on the six sole source contracts for which we found issues. At the time of the audit, judicial fiscal rules did not explicitly prohibit former employees from contracting with the Department for a specified period after leaving employment. Additionally, the judicial fiscal rules and the SCAO did not have sufficient written policies around sole source contracts. So, we recommended that the SCAO establish those rules, policies and procedures to tighten those controls. And this would include prohibiting former employees from contracting with the SCAO for a specified period after separation, and then identifying specific information that would be required in justification and negotiations.

Our second to last finding in this report was about procurement cards which are used to make purchases that don't require a formal procurement process. Between July 2016 and April 2020, SCAO staff made about 10,000 P-card purchases totaling $3.5 million. We looked at a sample of these purchases and found problems, including purchases for which the person who made the purchase also later approved it, and purchases where there was no clear indication that it had been approved at all. Again, at the time of the audit, the SCAO did not have written policies for staff around the approval of P-card purchases. So, we recommended that they improve controls

by establishing written policies to indicate who can serve as budget authorities to approve purchases and how purchases should be documented, approvals should be documented.

And the sixth and final finding in this audit was largely the result of findings presented previously. This finding was based in part on the SCAO's own code of conduct. But we also considered principles established in the government standards for internal controls, which contains principles such as a commitment to integrity, establishment of clear responsibility and authority, and design and implementation of control activities. Over all the issues that we found during the audit raised questions about the oversight for its human resources and financial services functions, and its culture of accountability. Much of what is contained in the finding considers elements of the previous five findings and the culture that led to them.

Overall, these issues we found were due in part to a lack of an effective system of controls within the organization, including lack of written policies, rules and procedures and key areas. In addition, at the time of the audit, the SCAO had rarely used its internal audit function to monitor its own activities, but rather used internal audit to look at the districts. Therefore, we recommended that the SCAO implement an effective system of internal controls that fosters a culture of integrity, ethical values and accountability by updating rules to ensure that they provide clear direction to staff and implementing monitoring activities to ensure the controls are working properly. This would include using its internal audit function to monitor those controls. The SCAO agreed to implement all of the recommendations. And in November of 2021, we asked the SCAO for a status report of the recommendations. It reported that all of them were either implemented or partially implemented through updating or creating new rules, policies and procedures. The SCAO reported that the recommendations that had not been fully implemented should be implemented sometime this year. And if I heard Mr. Vasconcellos accurately earlier, I think he reported that they all had been implemented. And Madam Chair, that concludes my presentation.

**Rep. Carver**
Thank you for your testimony. And it would certainly be helpful to the committee, if the hard copies that you've brought of the highlights and report we'll certainly gather those. Questions from the committee?

**Rep. Carver**
Rep. Weissman.

**Rep. Weissman**
Thank you, Madam Chair. And thank you both for being here. Understanding that the systemic audit is fully public, you're allowed to talk about that openly. And thank you for doing so. I did want to ask questions that I hope are more about process than specifics of the fraud hotline

- 4 -

investigation. So, I believe that landed in the OSA's lap and kicked off the statutory process April of 2019. April 15th or so. Is that correct?

**Rep. Carver**

Please dialog.

**Michelle Colin**

Thank you, Madam Chair. Okay, thank you. Um, I'm looking for the date. Yes, you're correct. April 2019.

**Rep. Weissman**

Madam Chair.

**Rep. Weissman**

Okay. And then per the fraud hotline, statutes, your office reaches out to the entity complained of in this case, the judicial branch. And there is a threshold question whether that entity will undertake the investigation internally or defer to OSA? I think that was about May 19. Is that approximately correct? Sorry, May 19, 2019.

**Michelle Colin**

Yes, it was in May of 2019. Just maybe just a little point of clarification. So whenever we receive any fraud allegations, we have staff on our fraud hotline who review the allegations to determine whether it's within our jurisdiction, and if we find that it is then we will make a referral to the agency that's impacted by that. And then it's up to the agency to review the allegations and decide how they would like to proceed. One option is for the agency to request that we conduct an investigation on their behalf. And that is what happened in this situation. The Chief Justice at that time had asked our office to conduct the investigation on the judicial department's behalf.

**Rep. Weissman**

Okay, thank you. May 29 2019, I think was the date of that communication. I think stepping back and letting OSA proceed is exactly the right call that should have been made in that case. So, fair to say that OSA's fraud hotline investigation was underway, had commenced, by May 29 2019, If not previously. So, at that point, the other entity in this case the judicial department had deferred to OSA and you're then off and running. Is that a fair colloquial way of putting it?

**Michelle Colin**

The May date is when we received a letter asking us to conduct the investigation. I think let me refer to my document to see on. We had an entrance conference would judicial in July of 2019 to, I guess, kind of, you know, start the process at that point. Yes.

**Rep. Weissman**

Okay. My recollection of the fraud hotline statute is there aren't hard time parameters, you don't have a shot clock, you have a mission to do, and you may need time to do it. Not so many months after July 19, we had this unfortunate little virus thing happen, that we're still kind of all dealing with in some ways. I'm sure that didn't help. But I guess I'll sort of get to the end point of this process. And then I might want to back up and ask about access to information. You completed the report, and per statute transmitted it to the entity being investigated, in this case, the Judicial Department when?

**Michelle Colin**

February 4 of this year, 2022.

**Rep. Weissman**

Okay. So that is, in fact, the date on an executive summary document that I have that was all that was broadly public. So that was that date was coextensive with the completion of the final report, which has been less fully available 2/4/ 22.

**Michelle Colin**

Correct.

**Rep. Weissman**

Okay, thank you. I just wonder if you could, again, I know you can only talk about the process and not get into specifics. But and, you know, COVID is nobody's fault. How did your office? How did you find doing that mission that you are statutorily directed? To do? How easy or hard was it to proceed? Do you feel that you readily had access to the information that you needed to assess the claims made in the initial fraud hotline complaint, and subsequently put fully into your bailiwick? By the May 29, 2019 letter from the then CJ?

**Michelle Colin**

It I mean, I will start by just saying it was a very, there were extensive allegations that were made, there were many issues to consider and to look at. We received extensive documentation information from judicial and other sources, we conducted many interviews. I mean, we had, I think we got over 16,000, documents, lots of emails, then it was going through every one of those and taking a look at it. So, there was a lot of information to go through and consider. We did enter into a data access type of agreement with judicial and that was executed at the end of August of 2019. That set up some parameters around our access to the information. Our statute does say that we should have access to all of the information directly related to the scope of the investigation. And so that was part of our access agreement. With that said, I will say that the judicial department was concerned about privileged information that was relevant to the scope of the investigation, we did come up with a process for us to be able to view that privileged

information. Without it being considered a waiver of Judicial's privilege by sharing that with us. We did not have actual custody of those privileged documents and judicial is the one that determined what was privileged and what was not. Judicial staff and attorneys reviewed everything before it was provided to us to determine if it was within the scope of the investigation based on any search parameters or anything like that, that we had provided to them when they were looking for emails or certain documents. So, they did review all of that information prior to providing it to us and to determine: 1. Is it directly relevant to the scope? and 2. Is it privileged? If it was considered to be privileged, then we were given a list of those documents. You bring up COVID. Originally and I think we had some initial instances prior to COVID, and all of the quarantining, and just all the everything shutting down, where some of our staff did go over to the judicial building and look at documents there. Once COVID hit and that wasn't an option. And then as the process progressed, we were given electronic access to view the documents. But again, we didn't actually have physical custody of those documents. But we did receive the information that we needed to look at, or, and we did consider all of that information in those privileged documents as part of our investigation, and reaching our conclusions and such. So, we did have access to the information. I'm trying to think, if there were any other pieces, and if you have a follow up question, I'll pause a minute.

**Rep. Weissman**

I do. Thank you. That's all very helpful. I'd like to press a bit further. My recollection is that before my time serving here anyway, the state has had a fraud hotline for a while that used to be housed in DPA 2017, there's an audit bill that moved over to your office. If you have a ballpark number in your head, subsequent to that time, subsequent OSA being in charge of the fraud hotline, you've had about how many investigations that have proceeded to any extent.

**Michelle Colin**

I'm gonna turn around and refer to somebody who has more information on that. So just one second.

**Rep. Carver**

And, sir, if you could introduce yourself, and then proceed to answer the question. Thank you.

**Greg Fugate**

Thank you, Madam Chair, members of the committee. My name is Greg Fugate, and I'm an audit manager with the auditor's office. And I've been involved with our hotline operations, since we took it over from the state comptroller's office. Since we took over the hotline and the passage of the hotline bill that gave us kind of the statutory authority, I would say we've gotten about 100-150 allegations reported a year, most of those are outside of our jurisdiction, because they don't involve an allegation of occupational fraud against a state employee, current or former, or contractor. So, we get a lot of reports, but we have to kind of filter that out in terms of referrals to

state agencies, perhaps maybe a total of 15 to 20 over the course of the last several years. And then of those, we've only to this point, to my knowledge, we've only done two investigations on behalf of state agencies.

**Rep. Weissman**
Okay. The other ones having been done by the agency that was implicated.

**Rep. Weissman**
And, okay, appreciate that. But the purpose, there was to, if you will establish a denominator and what we're talking about now is the numerator. So, my question for any of you now that there are three of you here, how common is the practice Ms. Collin that you just described in terms of the access agreement? And sounds like the pretty painstaking review prior to information being turned over to your office in the first instance?

**Rep. Weissman**
Correct. That's right.

**Michelle Colin**
This was the only investigation where we had an access agreement.

**Rep. Weissman**
Okay, thank you. And you've so much spoken to this. But I just want to clarify, my eyes have fallen on some of the same language that you use cited 2-31-10.53 (c)(1), you have access to information directly related to the scope of the investigation. Well, what's directly related? I been aware of these concerns about privilege. It sounds like there was maybe also some contention about what is directly related. Would you say that both of those came into play and the process by which information was made available to your office?

**Michelle Colin**
Yes, I would.

**Rep. Weissman**
Alright, thank you. How much would you say that process extended your runway, your time period of pursuing the complaint that was raised up to you and the way that you felt you needed to pursue it per statute?

**Michelle Colin**
I would say the review process, extended our investigation timeline quite extensively. It was, as I said, you know, we over 16,000 documents that we received, or had access to more than that is you know, what had come up and searches and things and all of that information was reviewed

by judicial prior to being provided to us. And then we obviously had to do our review of that information as well.

**Rep. Weissman**

All right, thank you, Madam Chair, this depending on follow up, this may be my last question in this little dialog. Another part of the statute, we are now at 110.53 (c)(IV). This has been put into issue in the press recently, the investigation finds evidence of apparently illegal transactions, and lets us, the state auditor shall immediately report the matter to an LEA. Now, in a long sorry, to a law enforcement agency, appreciate my colleagues prompting me to unpack my acronyms. Fair senator. In an investigation like this, just depending on where the facts lead you, you might find evidence of apparently illegal transactions or misuse or embezzlement of public funds or public property and anywhere along the continuum of that investigation. And yet, so on the one hand, and just to sort of say, where I'm going for other members of the committee, I sort of wonder if maybe we haven't discovered a potential problem here that might be in the rearview mirror as to this possible investigation. But I think we, we as a general assembly, if not, we as this committee, maybe ought to put it on our list of things to clean up. On the one hand, in this (3)(c)(IV) there's this duty to immediately report the matter to one of the listed entities law enforcement agency, DA or AG as appropriate. And on the other hand, there are these requirements of confidentiality about the investigation ongoing, and in fact, a summary and executive summary is out there in the public space. I'm sure house judiciary, I don't even have a full report, because the statute says I am not entitled to it. I think maybe there's a tension here. What has been reported in the press and what I have independently verified through my own research is that by the time the matter went to, in this case, the Second Judicial District, the folks there consistently with their attorney, ethics obligations and heightened prosecutorial ethics obligations, felt that they no longer had enough time to proceed, given the prevailing statute of limitations for the offenses that might have been in the offing here. I'm not second guessing them. But I just think possibly there's a statutory tension and with an eye to possibly resolving that for the future, it would help me to understand how your office navigated this tension. The duty to report, possibly criminal activity on the one hand confidentiality on the other, do you construe that duty to immediately report as attaching at the end of the process, in this case, 2/4/22. Or immediately upon discovery of some problematic facts upstream of finalizing the report or either or something else?

**Michelle Colin**

Our position is that our report was completed on February 4, 2022. When we completed it, and we issued it to the Chief Justice. And we immediately at that point upon after we sent it to the Chief Justice, we sent it to law enforcement. The question of immediate is, in our mind, we did that immediately upon concluding our investigation. I think I know I've testified I think before the Judiciary Committee earlier in the session that we take our responsibilities very seriously. And when making a report to law enforcement for criminal investigation, we feel it's our

responsibility to make sure that we feel confident in our conclusions and that we have done sufficient work to be able to confidently make that report to law enforcement. And that is what we did. I don't think it's appropriate to make because maybe we have suspicions or maybe we have some pieces of information that are indicating there might be something there. We did not feel it's appropriate to I guess prematurely make a report to law enforcement. And, so, when we were finalized that is when we made our report.

**Rep. Carver**
Rep. Weissman are you about wrapped up?

**Rep. Weissman**
That's very helpful. Thank you. I think it's very important that, that you on behalf of the office just laid that out very plainly, I'll just put out there for our collective consideration. And I appreciate the point you made about not wanting to make that criminal referral, casually. We're talking about people's rights on the other end of that. One doesn't want to be on the other end of any matter, much less criminal matter be on civil one. Just a really unfortunate intersection with some other operative deadlines. In this case, I have thought about something. And it may be without the scope of this committee, but we want these fraud hotline investigations to happen, you're the right office to do them. We don't want criminal referrals, if any have to be made to be made lightly. We also don't want people to escape consequences for actions that they might have perpetrated against the state in the public fisc. So that's something I've started turning over in my head is whether we ought to provide for a narrow tolling of statutes of limitations where your office has been doing one of these investigations and information might have flowed sooner, but for that, and the duties of completeness, and confidentiality, and so forth. I don't have that all the way through in my own head. But there are so many things that have popped out in the last three plus years of this. This is one of them. So, thank you for indulging me in that back and forth.

**Rep. Carver**
And Rep. Weissman, we will take that under consideration, check the scope. And well, I'm sure we're going to have many in depth discussions about many issues. Sir, you had a comment.

**Michelle Colin**
Thank you, Madam Chair, to sort of a comment to Representative Weissman. Certainly, the last three years have really stressed tested the fraud hotline statute as our Office has learned as well. I think one of the things for the committee and people to know is the statute of limitations is on the prosecutor side of things. Of course, we're not in the position of prosecutor. And, so, under the current hotline statute, if the allegation meets the criteria of it was an occupational fraud and the individual or individuals alleged to have committed the fraud were current or former, state employees or state contractors, we have an obligation to investigate and report out those results in accordance with the statute regardless of when those incidents occurred. So, it's very possible

- 10 -

that even on future investigations and other agencies, that we would go through the same investigation process, make a report to law enforcement and run into a similar circumstance where there's statute of limitations is extended. So, the hotline statute framework doesn't contemplate that as part of our role. So, it for us it was really not a not a material factor in driving the investigation.

**Rep. Weissman**
Understand, thank you.

**Rep. Carver**
Rep. Bacon.

**Rep. Bacon**
Thank you. And again, I'm doing one of those. My own checking for understood, checking for understanding. Sorry, so I had a question on tolling as well. But I guess I just want to understand the connection to, you know, any criminal charges, and I understand you all are not the local or the law enforcement agency. But is it required, you know, to pursue fraud cases, for these types of incidents instances for an investigation to happen by the auditor first, or is there a requirement? You know, even in pressing charges, for the auditor to have done an investigation? Is that required? And maybe anyone on this committee might know the answer to that?

**Rep. Carver**
Who on the panel wants to address that? Sir?

**Greg Fugate**
Thank you, Madam Chair, Representative Bacon, sorry, I can't see you. So, I will still be on the microphone. Under the hotline statute that really just prescribes what the OSA's responsibilities are for reporting after we do an investigation. But apart from that, an agency is free to contact law enforcement. So, in terms of our responsibility, we would not make a report to law enforcement unless we have conducted an investigation. So, the investigation is what triggers that potential reporting requirement on the back end that Representative Weissman referred to but again, state agencies sort of writ large are free to also contact law enforcement of their own their own action based on evidence that they have. So, the OSA's investigations are sort of a sliver of the larger process of how the state as an employer would look into allegations of fraud by its employees or contractors.

**Rep. Carver**
Rep. Bacon

- 11 -

**Rep. Bacon**

They can and I think, you know, the first thing my mind went to was if there's any HR issues, you know, it's like you gotta go through EEO before you get to court and so that's why I was curious. And, so, I'm wondering if you might just repeat this for me, you know, and just for the millions of people who are watching or watching this. We have an understanding of the statute of limitations being, you know, two to four years, mostly, you know, depending on what's happening. And, so, it's our understanding that some of these issues around this alleged fraud right occurred and 2018 2019. We are now in 2022. We heard from a district attorney say they didn't have enough time. So, we can assume for anyone that can do some math on what the statute of limitations might be. And, so, I guess we're just trying to understand because you said, I know, you may not be able to give us a particular amount of time. But you know, you said that it was, what was it a substantial delay? You know, I think what we're just trying to hear is, is there a potential for an agency, let alone the judicial department to take a lot of time to be able to interfere? If there could be any criminal charges brought against something if that's theoretically, what we're saying, we have three years to bring a crime, and they can take however much time they want, in theoretically vetting every document before you get it. And therefore, the statute is run, you know, is that a possibility? Is that kind of also what I'm hearing? I don't, and I, and I want to be really respectful, because I don't want to put you all in a position. You know, but it kind of sounds like they took a lot of time. And the clock is the clock. And I think we're just trying to figure out if that is something that is at risk, given these procedures. Does that make sense? And I will be completely respectful of what it is that how you want to answer that. But it's just for like the layperson to understand what the timing did. And also what was required to even file criminal charges, because we're at a place now where it seems like it's a couple of million dollars. And we can't hold anyone responsible for that. And at the very least, we get to write laws up here. So, we just want to be able to understand the risks.

**Rep. Carver**

Ms. Colin.

**Michelle Colin**

Thank you, Madam Chair. I will start and then Mr. Fugate may add to my comments. I can't speak, we can't speak to the Judicial Department's intent. I mean, throughout the process, we establish they provided information that we asked for. So, I can't speak to what their intent in in going through it. I know they were very concerned about privileged information and protecting that privilege throughout the process of what they provided to us, ultimately, knowing that we would have a final report when we started the investigation. I mean, we're not obligated to report to law enforcement unless we do find that there is an appearance of I'm not going to get the words right, but illegal activities and such. So going into it. Did we know we would end up making that report to law enforcement? No. That was something that we determined as we went along. Your theoretical question? Yes, I assume it would be possible that if if that was an intent

that that could happen. But I'm not commenting or saying that that was Judicial's intent in this specific. And I'll let Mr. Fugate add to that.

**Rep. Carver**
Mr. Fugate.

**Greg Fugate**
Thank you, Madam Chair. I'll also add on. Certainly, we're focused on the Judicial Branch, I want to step back a little bit from the broader fraud hotline framework. Part of the intent of how this was structured is we definitely want to prevent and detect fraud, we want to hold those accountable. In many cases of occupational fraud, the employee is still with the organization. And, so, a lot of times the fraud or the accountability comes through an administrative solution where the employee is terminated or disciplined or something to that effect, possibly could end up in criminal charges. But first and foremost, in an occupational fraud context, it might be more of an administrative employer, employee situation, action. And I think that's probably sort of the what the hotline statute contemplates, primarily, the judicial case was more of an extreme. Also, the allegations against individuals. None of them were employees of the State any longer either. So again, part of part of the difficulties in navigating any investigation is, is the employee still there? Those types of things. So, I just wanted to broaden the context a little bit and have us think of, yes, criminal charges could be an eventual outcome of an investigation, but more likely is going to be some sort of administrative discipline first, and then, you know, if you meet the criminal threshold again, we're also not criminal investigators. So that's not a call that we're, that we're making. So, if that's helpful or not.

**Rep. Carver**
Rep, Bacon are we all good? I noticed Senator Gonzales had a question.

**Sen. Gonzales**
And thank you for that. That was helpful. I just wanted to be sure I was hearing what I was hearing. But and if you've shared about this, I apologize as well. But in the scope of the work that you've done, this is just a broader question. And as understanding this audit, you know, in regards to executing it with particularly, or particularly with the judicial branch, you know, can you give me a sense of context in regards to either how many times you've looked into that space? And where are these questions around privilege common in your work? And, you know, looking into the judicial branch, or, more broadly with other government agencies, how would you place either the delays or the questions around privilege and so for some context, I, I get it, you know, I've run a large, and we had a billion dollar operating budget, we have work products and whatnot, I've been to the place where people have asked us for things, we've had to go into exec session and figure it out. And so, yes, that exists for any agency. But I'm curious if there

was something that may have felt like an outlier for you all, with this particular governmental entity.

**Rep. Carver**

And whoever wants to address the question.

**Greg Fugate**

Thank you, Madam Chair, Representative Bacon, I can't speak to the specifics of the judicial situation. But I'm going to speak more generally, in terms of sort of our performance audit kind of function. So I'm 21 years in as a performance auditor with the office. And we've always been aware of issues of privilege attorney with agencies, I would say those conversations have become more prevalent in our just general auditing function since the 2018 decision in Fox versus Alfine, from the Supreme Court. And so whether it's agencies, Attorney General representatives raising the attention, it's more of an overt conversation we're having just in the, in the course of performing our audit function, in addition to in this case, the investigation through the hotline, so it's kind of a newer development that both the OSA and agencies are trying to navigate around so that we're not, we're still privy to the information, because fundamentally, we can't do our jobs as auditors for the General Assembly if we don't have the access to the information about programs. But we also don't want agencies withholding information that could be beneficial to our conclusions about program functions or service delivery, things like that for the taxpayer. So, it is a new territory that we're navigating through our audit function if that's helpful.

**Rep. Carver**

Ms. Colin.

**Michelle Colin**

Madam Chair, I will say, just to expand on that slightly, and that on the performance audit side, we have had it come up where if it is privileged information, and the agency lets us know that, then we do have to ask them if it's information that we feel like we would want to include in the audit report, we do have to ask the agency, you know, are you willing to waive privilege for us to be able to report that and we have had agencies say no, we're not willing to do that. And in that case, we do include some language in our audit report. Just I guess, recognizing that limitation that we were provided, we're not allowed to disclose that as part of the audit. So, we've had to have had that come up. And as Greg said, it seems to be the whole privilege conversation does seem to have come up more frequently in recent years.

**Rep. Carver**

Rep. Bacon.

- 14 -

**Rep. Bacon**
And that's across agencies or I mean, I guess the question is with judiciary how do they place, okay,

**Michelle Colin**
Across agencies.

**Rep. Bacon**
Okay. Thank you.

**Rep. Carver**
And I saw both Senator Gonzales and Rep. Weissman had their hand up. Senator Gonzales first.

**Sen. Gonzales**
Thank you, Madam Chair. Part of what I'm trying to understand is just sort of the chain of events of who received what when. And, so, I was in receipt of an email from Mr. Terry Scanlon, forwarding the email from Chief Justice Brian Boatright on Monday, stating that on Friday evening that he had received the final investigation report and Executive Summary for the Office of the State Auditor's fraud hotline investigation. Was that report, was that a full report? Was that an Executive Summary that the Chief Justice received?

**Rep. Carver**
Ms. Colin.

**Michelle Colin**
Oops. Seems like it went off again. We provided a full report to the Chief Justice on February 4.

**Rep. Carver**
Senator Gonzales.

**Sen. Gonzales**
Thank you, Madam Chair. Is the Chief Justice the only entity within the Judicial Department who received the report? Have you all sent it to the Commission on Judicial Discipline?

**Rep. Carver**
Ms. Colin.

**Michelle Colin**
Madam Chair. No, the Chief Justice is the only one that we sent the full report to as well as we sent the Executive Summary to him as well. But our statute says that upon completion of our

- 15 -

investigation, we should submit it to the head of the affected agency. And in this case, that was the Chief Justice.

**Rep. Carver**
Senator Gonzales.

**Sen. Gonzales**
Thank you, Madam Chair, just as a as a wrap up. The Chief Justice then published that Executive Summary. And I think on the website but the full contents of the report are, are still remain sealed, for lack of a better word. Is that correct?

**Rep. Carver**
Ms. Colin.

**Michelle Colin**
Yes, that's correct. Okay, from our side? Well, I say that's correct. That's correct, from our side. The Chief Justice is the only individual that or organization that we sent the full report to. Know what has happened to it since then? I can't speak to that.

**Sen. Gonzales**
Thank you.

**Rep. Carver**
Rep. Weissman.

**Rep. Weissman**
Thank you, Madam Chair. And I was actually going in a very similar place to Senator Gonzales. Ms. Colin just to surface what I think is the black letter law to what you just said you. Again, the entity under investigation here was the judicial branch. That's why you sent the report there and nowhere else you're doing what the statute says I'm not doing what the statute says it doesn't say to do. Again, we're at 10.53 (c)(II), I think, "state auditor shall report the results of the investigation to the head of the affected agency." And then there's other language if it's a gubernatorial appointee. So, in the event that the General Assembly wanted some committee of reference, or the executive committee or some website or the whole public to get a copy, we would just have to go and amend that language. I think you are performing a strictly statutory function. Correct?

**Michelle Colin**
That's Correct.

- 16 -

**Rep. Weissman**
All right.

**Michelle Colin**
Sorry, madam chair.

**Rep. Carver**
That's fine. Mr. Fugate.

**Greg Fugate**
Thank you, Madam Chair. And this goes back to my earlier comments about when we're doing the investigation, we are doing it on behalf of the in the head of the agency affected. And, so, in effect, we're standing in their shoes, I think one of the individuals earlier use the term sort of client and so that if that's helpful, that's who were reporting to, which is different from our performance audit function, which is through the audit committee and those types of things. So, it is a different reporting framework than you would see through an audit where the audit committee and general assembly are kind of our audience, so to speak.

**Rep. Bacon**
Rep. Weissman.

**Rep. Weissman**
I appreciate that slightly different question now. So, the Executive Summary of the final report was available 2/4/22. The full report was available to the client, if you will, also 2/4/22. Not ever having been on the audit committee. I just truly don't know how this next part goes. What is the back and forth, if any, between the client in this case, the judicial department and your office prior to the finalization of the report? Or is there any? So, Ms. Colin per our prior exchange? There was a bunch of back and forth about obtaining the information you just needed to get to the point of even having a draft report. Was there a date in which you had something you considered a draft report? And then what's the process? Does it go through a red team inside the OSA? Is it draft shared with the client organization, in this case, the Judicial Department? What does that look like? What were the timelines there if you're allowed to say?

**Rep. Carver**
Ms. Colin.

**Michelle Colin**
Madam Chair, Representative Weissman. We followed the same basic process that we use on our audits and that yes, the agency, in this case, Judicial, we did provide a draft report earlier in the process. We wanted to give them an opportunity to review for privilege. We also had some

questions still, subsequent to judicial review of the draft, we continued to obtain some additional information, we made some further requests for information, they provided additional information we reviewed considered, we did go through that process several times before finalizing the report. That's the same basic process that we follow on our audits. We want to make sure that we have as complete and accurate of information as we can have. And, so, we did have that process through out I guess, you know, completing the investigation.

**Rep. Carver**
All good Rep. Weissman? Other questions by the committee? Mr. Chair?

**Sen. Lee**
Thank you, Madam Chair. Well, first, I want to commend all of you for this audit. I don't sit on the audit committee. But I've been around here for a while and seen a bunch of audits and read a lot of them. And this seemed and maybe I guess I'm asking this as a question. This one seemed to be a pretty big one. To me, you found a million dollars in leave and unsupported contracts that were let and a half a million dollars in voluntary separation incentives. Leaves granted with no records, staff granted 1016 hours of paid leave, $3.87 million of sole source contracts. When I read this, it seemed to me that these were pretty gross deviations from policy, is that a fair assessment? Or is this the normal sort of audit finding that you discern in an agency of three quarters of a billion dollars?

**Michelle Colin**
Thank you, Madam Chair. Mr. Chair, we did find some significant issues in the audit. I know, as Mr. Johnson had mentioned, that last finding and recommendation and our report, it was kind of a culmination of the various issues that we had had separate findings on and then we had some additional information in there. I would say in, in a lot of the cases, the findings that we had. In some cases, it wasn't just a matter of not following policy, what we found was in many instances, there were not policies, or they were very high-level general rules, but not a lot of specific policies for staff to follow. And exactly, you know how to implement those rules. And so that you saw a trend and as we were going through the findings and recommendations of I think in every recommendation, we had language around you need to develop policies and procedures and inform staff about how this should work and make sure that staff are following those throughout the process.

**Rep. Carver**
Ms. Colin.

**Rep. Carver**
Mr. Chair.

**Sen. Lee**

Thank you. So, I get that, I understand that there may not have been policies or policies existed, which were deviated from. I'm just trying to get a sense from you of how significant your monetary findings were, in this particular audit. Was this a big deal? Is this one, you go home and tell your spouse about and say, boy, you wouldn't believe what I found in this department today. When I read it, that's sort of the sense that I had, but again, I don't live in the world that you live in. You know, to me, this evinced a significant lack of oversight. I'm not suggesting. I mean, maybe incompetence, maybe gross incompetence, negligence at a high level, I think someone used the term lack of integrity. Give me a sense of how you viewed this.

**Rep. Carver**

Ms. Colin.

**Michelle Colin**

Thank you, Madam Chair. I would say it's hard for us to necessarily say it was this more significant than others. I think it's as far as the monetary value of what we found. It's somewhat relative when we have Medicaid audit findings that's off often really big dollar amounts, just because you're talking about big dollars to begin with. So, I don't know that I can say is this, you know, worse than other audits or recommendations and findings in that sense, from the monetary perspective? It's we definitely found issues and there were dollars associated with it, we questioned it. We did have information in the report about just the culture in the office, that, that there did not seem to be strong controls over the office operations, at least in the areas that we were looking at in the audit, and that we recommended that changes be made to improve that because there did seem to be a big lack there.

**Sen. Lee**

Yeah, I'm partially what . . .

**Rep. Carver**

Mr. Chair.

**Sen. Lee**

Partially what I'm getting at is we're trying to take an overall view of what's going on in a department where our focus is judicial conduct and judicial discipline. But this is a Department that is responsible for all of the judges, they, you know, the chief judge of the justice of the Supreme Court is responsible for the 22 Districts and to see this amount of malfeasance in the Department kind of brought my attention to the fact that this really was a Department that was out of control that wasn't being managed that was not being conscientiously operated by leaders with a sense of integrity, and conscientiousness. So that's the thrust of my questions to you. Am I off base and drawing those conclusions?

**Rep. Carver**

Ms. Colin or Mr. Fugate?

**Greg Fugate**

Thank you, Madam Chair. Mr. Chairman, this is a this is a good audit. And this isn't really a commentary on judicial. But if you look at sort of performance audits, you know, oftentimes we're making recommendations about policies and procedures or documentation or you know, Supervisory review all of our go to recommendations as auditors. What we're really trying to shore up is the control environment. And this is a good example of just for any organization that when you don't have that good control environment, things can get even further awry. And, so, I think as performance auditors, that's one of our primary goals is to say, okay, how do we make sure that system of internal control that agencies have to rely on to do their jobs for the citizens of Colorado are operating well and so this is a good example of what can happen when that environment breaks down. And you get larger dollars. We also try to quantify dollars whenever we can, we can't always but that also helps to drive home the effect of well so what if I didn't have documentation justifying that sole source contract? Well, this is what happens. We were relying on that documentation to give us assurances that it is an appropriate contract or that it is, you know, serving the state's interests and so auditors, we tend to focus on those documents and policies and procedures. But this is exactly why.

**Rep. Carver**

Mr. Chair.

**Sen. Lee**

Thank you, Madam Chair. So, you're focusing on the policy, the process and the procedures, and I'm focused on the people who implement the policies, practices and procedures, i.e. management. So, that's what I'm looking at it when you have, you know, in policies and procedures that either one don't exist, or two are not being followed. That, to me is a reflection on management, or mismanagement or incompetence. And so that's kind of where I was going. But I appreciate the fact of what you all do, because the audits that I've seen, you really bring people back to their roots, in terms of following appropriate internal accounting, policies and procedures and processes to ensure that what people are doing is, is justifiable and explainable and, and can be tracked. So again, part of what I wanted to say is thank you to you for the work that you did. And, yeah, we really appreciate what you do.

**Rep. Carver**

Mr. Fugate.

**Greg Fugate**

Thank you, Madam Chair. Thank you very much for that, Mr. Chairman. I would agree, I would agree with you I should step back and say fundamentally, any system of control is dependent on management, taking responsibility for implementing that. So, it's people who implement these processes and so yes, that that's why we direct our recommendations to the management of the divisions or departments that are responsible because they ultimately are the ones who have to act to put those in place. So, thank you.

**Rep. Carver**

Questions by the committee? Senator Van Winkle.

**Sen. Van Winkle**

Thank you, Madam Chair, or Madam Vice Chair. If I understand correctly, your office referred for people to the Denver District Attorney's Office for criminal investigations. But what the prosecutors said, I believe they said this in in the press, they were given highly redacted copies of the report. Why would a criminal referral be given a redacted copy? And how did that happen?

**Rep. Carver**

Ms. Colin.

**Michelle Colin**

Thank you, Madam Chair. We did provide a redacted version of the report to law enforcement when we issued that. I guess I would say it's still consistent with what I had said earlier is that the Judicial Department was concerned about waiving its privilege if that information was not redacted and provided to the Denver DA's office. And, so, we did provide them with the opportunity to redact any information that they felt was privileged or protected information. And that is the information that we provided to the Denver DA's office. And I think that was the basis for that.

**Rep. Carver**

Senator Van Winkle.

**Sen. Van Winkle**

Thank you, Madam Vice Chair. And if I guess the next question would be somewhat obvious if there's a criminal referral that needs to be given, why would in any case a redaction be allowed to be made?

**Rep. Carver**

Who wants to respond to that?

- 21 -

**Michelle Colin**

Thank you, Madam Chair.

**Rep. Carver**

Ms. Colin.

**Michelle Colin**

I will take a shot at that. Our statute does not direct us either way on that. Not to I guess just keep repeating ourselves. But we were conducting that investigation on behalf of the Chief Justice and Judicial Department. And, therefore, we did ask and have conversations with them about they were aware we would be reporting if we identified any appearance of fraud or illegal activity, that we would be required to report that we did have discussions about that. In the interest of protecting that privilege. We did allow them to redact that information. With that said, the Denver DA 's office could contact judicial and have that discussion with judicial about obtaining that information. It was not our privilege to waive, but it was Judicial's privilege to waive. And that was a conversation between judicial or that could have happened. I can't speak to whether it did happen. But that could happen between Judicial and the Denver DA 's Office.

**Rep. Carver**

All good? Any other committee members? Panel, thank you so much for your testimony and the extensive Q&A. Very helpful. Appreciate your time this afternoon. And with that, we'll move on. I'll turn it back over to Senator Lee, Mr. Chair on logistics and next steps.

- 22 -

<div style="border: 2px solid black; display: inline-block; padding: 10px; text-align: center;">

**EXHIBIT**
**2**

</div>

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:25-cv-03361-KHV-GEB

CHRISTOPHER S.P. GREGORY,

      Plaintiff,

v.

The COLORADO JUDICIAL DISCIPLINE RULEMAKING COMMITTEE, et al.

      Defendants.

---

**VERIFIED MOTION TO DISQUALIFY COUNSEL; EXHIBITS 1 THROUGH 7**

---

**Conferral Statement:** The Defendants' Counsel have been aware of conflicts of interest preventing the state-funded representation of the Defendants through the Colorado Office of the Attorney General (COAG) since before this case was filed.  In or about July 26, 2024, First Assistant Attorney General Dan Combs contacted the Plaintiff to arrange publicly-funded representation for the Plaintiff in a related *pro se* lawsuit in which the Plaintiff was named as a defendant based upon his official functions as the former Executive Director of the Colorado Commission on Judicial Discipline (the CCJD).  *Dees, et al. v. William Hood, et al.*, 1:24-cv-00848-PAB-NRN (D. Colo.).  During the Plaintiff's conversations and communications with Mr. Combs, the Plaintiff confided that he had been retaliated against in his role as Executive Director and that the current members and staff of the CCJD were intentionally suppressing legitimate grounds for judicial discipline (i.e. violating the CCJD's constitutional mandate as described according to Colo. RJD 1(b)).  Mr. Combs responded by arranging for the appointment of private

counsel, Andrew Ringel[1] of Hall and Evans, LLC, as a Special Assistant Attorney General (SAAG) to provide impartial representation. Mr. Combs, however, denied the Plaintiff's contemporaneous request to have input in the selection of a SAAG. At that time, the appointment of a SAAG required the approval of Solicitor General Shannon Stevenson and would have been a matter warranting the attention of the COAG's senior staff, including First Assistant Attorney General LeeAnn Morrill, Deputy Attorney General Kurtis Morrison, Chief Deputy Attorney General Natalie Hanlon-Leh, and Attorney General Phil Weiser. A copy of the Plaintiff's email correspondence relevant to the appointment of a SAAG is provided as Exhibit 1. At the time, Mr. Combs knew that the COAG had previously provided the CCJD with a SAAG, when Attorney Regulation Counsel Jessica Yates unlawfully threatened the CCJD's Vice Chair Judge David Prince and the other attorney and judge members of the CCJD through a formal disciplinary letter dated February 6, 2023.

Collaterally, the Plaintiff has consistently and publicly called for the formal referral of the issues in this case to conflict-free federal law enforcement and for the Colorado General Assembly to direct Colorado State Auditor Kerri Hunter to appoint another state's attorney general as a SAAG capable of impartially representing the interests of the State of Colorado (and the integrity of the institutions and offices which the individually named defendants occupy/represent). The request for the Colorado General Assembly to refer the Colorado Judicial Scandal to federal law enforcement was first made at the April 28, 2025 Senate Judiciary

---

[1] Incidentally, Mr. Ringel is listed as counsel in one of the example cases included in U.S. District Judge Daniel D. Domenico's response to the Senate Questionnaire, which he submitted upon his appointment to the district court. U.S. Senate Comm. on the Jud., *Questionnaire for Judicial Nominees (Daniel D. Domenico's Response)*, p. 27.

-2-

Committee hearing on the reappointment of Chair Mindy Sooter and Vice-Chair James Carpenter to the CCJD.  The Plaintiff's requests for conflict-free representation of the State of Colorado's interests have most recently included development of the legislative record (including the submission of a proposed joint resolution to formally refer the Colorado Judicial Scandal to conflict-free law federal law enforcement and to direct the State Auditor to appoint a SAAG),[2] filing a Senate ethics complaint against the members of the Colorado Senate Judiciary Committee,[3] and filing complaints with the Colorado Independent Ethics Commission (IEC)

---

[2] The legislative record that the Plaintiff has created can be found as follows:

> Joint Judiciary Committee 1/21/2026 SMART Act Hearing re: Colorado Judicial Department Presentation--
> https://leg.colorado.gov/committee_meeting_hearing_summary/28660;
>
> Senate Judiciary Committee 2/9/2026 Confirmation Hearing re: Appointment of former Senator Robert Gardner to the Colorado Commission on Judicial Discipline--
> https://leg.colorado.gov/committee_meeting_hearing_summary/28938; and
>
> Senate Judiciary Committee 2/11/2026 Hearing re: SB26-084--
> https://leg.colorado.gov/committee_meeting_hearing_summary/29188.

The Plaintiff's February 25, 2026 supplement to the February 11, 2026 Senate ethics complaint submitted to Senate President James Coleman (included in the Plaintiff's written testimony opposing SB26-084 referenced *supra*) is provided as Exhibit 2.  The proposed joint resolution is also separately provided as Exhibit 3.  The legislative record also includes examples of the Plaintiff filing complaints seeking civil and criminal enforcement directly with the COAG.  Like President Coleman's response to the Senate ethics complaint, the COAG has deliberately disregarded the filed complaints.  Exhibit 4.

For reasons described in the motion itself, the Defendants are not privy to an unopposed motion that the Plaintiff filed in his parallel sealed case which requests this Court to issue protective orders and facilitate the appointment of another state's attorney general as a SAAG through the authority of the Colorado State Auditor.  *Sealed Case*, 1:25-cv-00190-KHV-GEB (D. Colo.), ECF No. 56.

[3] The February 11, 2026 Senate ethics complaint documents the Plaintiff's prior complaints submitted directly to the COAG, which requested an investigation of U.S. District Judge Daniel

challenging the Defendants' use of public resources in this case and Senate President James

Coleman's deliberate disregard of the Plaintiff's Senate ethics complaint.  The Plaintiff's IEC

complaints, with individual complaints against the Defendants' Counsel of record (Clayton

Ankney, Katharine Brown, and Dan Combs), are included in Exhibit 3.

Due to near-universal conflicts of interest and obstruction of justice, the Plaintiff has been

unable to meaningfully engage with either federal law enforcement or state and local law

enforcement regarding the many crimes and examples of public fraud that are established

through the allegations of the Plaintiff's Verified Complaint, ECF No. 1, and the Plaintiff's

publicly-suppressed "Affidavit of Judicial Bias or Prejudice According to 28 U.S.C. § 144 and

Certificate of Counsel," ECF No. 26; *see also* ECF No. 46 (entry of default as to all Defendants);

*see, e.g., Dickinson v. Lincoln Building Corp.*, 2015 COA 170M, ¶¶ 22-23("[A]n entry of default

establishes a party's liability. . . An entry of default, however, is not an admission regarding

damages.").  Indeed, the Colorado Office of the State Auditor (OSA) has refused to respond to

the Plaintiff's request for the appointment of another state's attorney general as a SAAG and has

further refused to confirm whether it has consulted or is consulting with the COAG in the

handling of the Plaintiff's 2024 and 2025 Fraud Hotline reports.[4]

---

Domenico's persistent refusal to recuse himself and an investigation of patterns and practices of
civil rights violations within the Colorado Judiciary.  Copies of these COAG complaints are
provided as Exhibit 4.

[4] Circumstantial evidence causes the Plaintiff to have concerns that the COAG has used its
statutory role as support for the OSA to undermine a legitimate investigation through the OSA's
Fraud Hotline.  After filing his "Affidavit of Judicial Bias or Prejudice According to 28 U.S.C. §
144 and Certificate of Counsel," ECF No. 26, the Plaintiff provided copies to the OSA and this
Court's Committee on Conduct.  Shortly afterwards, Mr. Combs informally communicated with
District Judge Daniel D. Domenico via email to cause suppression of the Affidavit from public
access.  Exhibit 7, p. 41.  The Plaintiff suspects that communications between the OSA and the

Despite the formal steps taken to appoint a SAAG in *Dees*, the Defendants (including those named in their individual capacities) responded to the present action by apparently agreeing to consolidated representation through the COAG, with Mr. Combs acting as lead counsel. When the Plaintiff raised concerns about the assignment of this case to U.S. District Court Judge Daniel D. Domenico, Defendants' Counsel responded by disputing the Plaintiff's assertions of actual bias (as also stated in the Plaintiff's Verified Complaint and subsequent case filings). ECF No. 1 p. 6 fn.3, ECF Nos. 7, 12, 26; Exhibit 7, p. 31. The Defendants continued to dispute the need to assign this case to a judge from outside the District of Colorado even after Judge Domenico recused himself. Exhibit 7, p. 11. After the Plaintiff raised Mr. Combs's personal conflicts as part of meeting and conferral, he quietly substituted Second Assistant Attorney General Clayton Ankney as the Plaintiff's primary point of contact. *Compare* Exhibit 7, pp. 27-32 *with* Exhibit 7, pp. 21-26.

In response to the Plaintiff's successful application for a default to enter as to all Defendants, Defendants' Counsel continued to deny that the circumstances of this case require the COAG's disqualification. Exhibit 7, pp. 1-6. Indeed, the Defendants, through Mr. Ankney, categorically rejected the Plaintiff's overtures to discuss disqualification of counsel as a possible basis for a stipulated motion to set aside the default. Exhibit 7, p. 2; ECF No. 47, pp. 2-3. Finally, after the Defendants proceeded to file their "Motion to Set Aside Entry of Default," Mr. Ankney ignored the Plaintiff's email asking whether any further efforts to meet and confer

---

COAG are what motivated Mr. Combs's efforts to suppress the Affidavit from public access. *See* Exhibit 6 (email requesting OSA to confirm existence of communications with the COAG as part of Plaintiff's Fraud Hotline complaints and why OSA has refused to respond to Plaintiff's requests for appointment of a SAAG).

regarding the present Verified Motion to Disqualify Counsel would be useful.  Exhibit 7, p. 1.
Defendants' Counsels' consistent and persistent refusal to directly address these issues is
reflective of a vexatious litigation strategy intended to delay the Defendants' obligations to
provide a timely response to the merits of the Plaintiff's Verified Complaint.  *See* F.R.C.P. 11(b);
*see also* F.R.C.P. 55(c) (demonstration of good cause required to set aside default).  The required
good faith meeting and conferral on the issue of disqualification of counsel has not occurred.

Motions to disqualify counsel are generally disfavored.  *See, e.g., Banks v. Jackson*, 20-
CV-02074-NYW, 2022 WL 1451904, at *9 (D. Colo. May 9, 2022).  This, however, is not a
close case.  No reasonable remedies short of disqualification will adequately protect the integrity
and fairness of this Court's proceedings.

---

The Plaintiff, Christopher S.P. Gregory, for himself and through his counsel, Ingrid J.
DeFranco, moves this Court to enter an order disqualifying the Colorado Department of Law /
the COAG from further representation of any and all the Defendants in this case.  In support of
this motion, the Plaintiff states the following, upon his personal knowledge, information, and
belief:

INTRODUCTION

This case arises from the Defendants' systematic efforts to censor or otherwise suppress
the Plaintiff's constitutionally-and-statutorily protected right and professionally mandated
obligation to freely and publicly report judicial, attorney, and official misconduct. *See* U.S.
Const. amend. I; Colo. Const. Art. II, §§ 10 and 25; Colo. Const. Art. VI, § 23(3)(g), (i); Colo.
Const. Art. XIII; Colo. RPC 8.3; Colo. RPC 8.4 (f); Canon Rules 1.1, 1.2, 2.15 and 2.16 of the
Colorado Code of Judicial Conduct (the Code); Canons 1, 2(A)-(b), and 3 of the Code of

-6-

Conduct for United States Judges (the federal Code). More specifically, the Plaintiff is seeking

accountability for the retaliation that occurred and continues to occur with the specific intent of

obstructing the Plaintiff's efforts to freely and publicly report judicial, attorney, and official

misconduct.

If the allegations of the Plaintiff's Verified Complaint are proven by default or otherwise,

there is indisputable evidence that, in addition to their civil violations, the Defendants have

individually and collectively committed a spectrum of crimes. These crimes include, but are not

limited to, Obstruction of Justice, False Statements, Obstruction of a Federal Audit, First Degree

Official Misconduct, and Attempt to Influence a Public Servant. Ordinarily, state and federal

law enforcement could be relied upon to receive complaints, to investigate, and to prosecute

these crimes. Instead, Colorado's chief law enforcement officer, Attorney General Phil Weiser,

has misused the resources of his office to provide publicly funded representation for both himself

and the other Defendants so as to avoid and indirectly defend against the Plaintiff's allegations of

public fraud and public corruption. Attorney General Weiser has and continues to misuse the

resources of his official position to perpetuate, rather than prosecute and prevent, public fraud.

Moreover, the consolidated representation of all the Defendants by the COAG ignores the fact

that the individual interests of the defendants are not aligned.

Among the remedies sought in the Verified Complaint is restitution to the State of

Colorado for reasonable attorney's fees and costs unjustly expended by the State in defending

those individually-named defendants ultimately found civilly liable. The facts of this case are

now further complicated by the entry of default against all defendants and circumstances where

the attorneys representing the Defendants are now necessary witnesses for consideration of the

-7-

Defendants' own pending motion to set aside the default, as part of the litigation of the Plaintiff's

anticipated Motion for a Preliminary Injunction, and at a prospective trial to determine the

amount of damages awardable with the Defendants being joint and severally liable.  Until and

unless the default is set aside, liability has been proven and the allegations of the Verified

Complaint are deemed admitted.

These circumstances require the disqualification of the entire COAG from further

representation of any and all of the Defendants.  Disqualification is necessary to protect the

fairness and integrity of this Court's further proceedings.  Only after assignment of this case to

neutral and detached judicial officers from outside the District of Colorado has it become

possible or realistic for the Plaintiff to make this Verified Motion to Disqualify Counsel.

## QUESTION PRESENTED

Where the Colorado Attorney General has statutory obligations to receive complaints, investigate, and prosecute public fraud, civil rights violations, and other crimes, whether an inherent conflict of interest requiring disqualification exists when the Colorado Attorney General uses the resources of his own office to defend himself and others against legitimate allegations that the same laws that the Colorado Attorney General is charged with enforcing have been violated.

## BACKGROUND

No damages are sought from the State of Colorado or for actions taken by the Defendants

in their official capacities.  ECF No. 1, pp. 7 through 10 ¶¶ 13-18, 28 ¶ 79, 31 through 33 ¶¶ 92-

99.  Instead, the remedies sought against the State of Colorado and its official capacity

defendants are limited to equitable relief and secondary liability for attorney's fees and costs

under 42 U.S.C. § 1988.  *See also* ECF No. 1, p. 28 ¶ 79.  The State of Colorado has no

legitimate interests in protecting the individual capacity defendants from personal liability and

damages arising from the Plaintiff's legal (as opposed to equitable claims).  On the contrary, as

-8-

Colorado's chief law enforcement officer, Attorney General Phil Weiser is obligated to

impartially receive complaints, investigate, and prosecute allegations of civil rights violations,

public fraud (including false claims), public corruption, and other forms of official misconduct.

*See, e.g.,* § 24-31-101, C.R.S. (defining Attorney General's underlying authority prosecute and

defend civil and criminal actions in the interests of the State of Colorado); § 24-31-106, C.R.S.

(authorizing Attorney General to appoint a crime victims' services coordinator); § 24-31-111(4),

C.R.S. (appearances of subordinates representing state agencies in state or federal court must be

specifically authorized by the Attorney General); § 24-31-113, C.R.S. (authorizing Attorney

General to bring civil action to stop patterns and practices of civil rights violations within

government agencies); § 24-31-1204(1), C.R.S. (Attorney General required to "diligently

investigate" violations of the CFCA).  Importantly, § 24-31-101(1)(m), C.R.S. expressly

prohibits the Attorney General from using the resources of his or her Office to represent public

employees named as defendants in actions brought personally under the Colorado Whistleblower

Protection Act (CWPA), §§ 24-50.5-101, et seq., C.R.S.[5]  The anti-retaliation provisions of the

CWPA are analogous to the retaliation provisions of the CFCA.  *Compare* § 24-50.5-101, C.R.S.

*with* § 24-31-1204(8), C.R.S.  The violations of the Colorado Rules of Professional Conduct

implicated by the actions and omissions of the Defendants and their Counsel include, but are not

---

[5] The Plaintiff's complaint in the parallel and related sealed case, includes a claim for
violation(s) of the CWPA.  *Sealed Case*, ECF No. 1, p. 196.  With the possibility of the refiling
of that claim into the present case, the COAG is statutorily prohibited from its continued
representation of the Defendants. § 24-31-101(1)(m), C.R.S. specifically provides: "[E]xcept that
the attorney general ***shall not represent*** any such [public] employee in an action brought under
section 24-50.5-105[.]" (Emphasis added).

limited to, Colo. RPC 1.7, 1.8, 1.10, 1.13(b), 3.3(b), 3.4(a), 3.5(a), 3.7, 4.1, 5.1, 5.2, 8.3, 8.4(a-1), (a-2), (b), (c), (d), (f), (h).

The conflicts of interest inherent in the COAG's representation of the Defendants in this case arise through an extensive, though constant, history. The primary conflict, of course, is that Attorney General Weiser is using state resources to personally defend himself and his current/former subordinates against verified allegations of official, ethical, and criminal misconduct.[6] These current or former subordinates (named as defendants in the present action or as respondents in the related federal attorney discipline complaint) include Ingrid Barrier, Gina Cannan, Kirsten Grooms, Alison Kyles, Natalie Hanlon-Leh, Anne Mangiardi, LeeAnn Morrill, Grant Sullivan, and a number of Attorney General Weiser's friends and significant political donors.

Conflicts of interest through the COAG, however, go back further. As explained in the Plaintiff's federal attorney discipline complaint, Comm. on Conduct Case No. 25-cc-3, the keystone of the Masias Controversy is that the Justices, Attorney General Weiser, former-State Court Administrator's Office (SCAO) Judicial Counsel Terri Morrison, 1st Assistant Attorney General LeeAnn Morrill, current-SCAO Judicial Counsel Andrew Rottman, and then-Assistant Solicitor General Grant Sullivan knowingly concealed information material to the State of Colorado's federally required single statewide audit (i.e. the contemplation of the $2.66-$2.75

---

[6] The provision of public representation to the Defendants is occurring in stark contrast to former Colorado Senate Judiciary Committee Chair Pete Lee's having had to personally spend approximately $68,000 to defend himself against retaliatory criminal charges which were ultimately dismissed. The sole charge on which Senator Lee was indicted was determined to have arisen from fabricated evidence produced by the Colorado Supreme Court's Office of Attorney Regulation Counsel.

-10-

million Masias Contract/bribe and the existence of the related Masias Memo).  When the CCJD advocated for legislative reforms to Colorado's judicial discipline system, the COAG (through Deputy Attorney General Kurtis Morrison) responded by supporting the Justices' unethical lobbying efforts and opposition to SB22-201.  Hanlon-Leh, Kurtis Morrison, and Morrill later continued their efforts to meddle with legislative reforms by obstructing the formation of the Office of Administrative Services for Independent Agencies created by SB23-228.  Gina Cannan and Alison Kyles, presumably supervised by others, were directly involved in the premeditated retaliation that culminated in the Plaintiff's wrongful termination, in conjunction with the COAG / CCJD offering severance pay in exchange for a waiver of claims and non-disclosure agreement.

Beyond COAG attorneys being part of the underlying civil rights violations and retaliation alleged in this case, other current and former COAG attorneys are material witnesses in connection with the representation provided to the CCJD through the COAG in *Matter of Timbreza II*, 2023 CO 16 and *Matter of Scipione*, 2024 CO 23.

As it relates to the COAG's representation of the Defendants in this case, there are current conflicts which adversely impact the Plaintiff's right to fair, public, and impartial proceedings.  These conflicts include the COAG's efforts to suppress the Plaintiff's 28 U.S.C. § 144 Affidavit from public access and the facilitation of ongoing criminal conduct by the Defendants (including allowing the concealment of material information from the Colorado General Assembly and continuing intimidation of and retaliation against the Plaintiff that is intended excuse the Defendants from responding to the merits of this case).  Additionally, and without justification, the Defendants' Counsel have opposed, and continue to oppose, the Plaintiff's efforts to seek a fair and impartial forum.  Specifically, Defendants' Counsel

-11-

supported the assignment of this case to District Judge Domenico and, then, opposed the

Plaintiff's repeated requests (ultimately granted) reassigning this case to judges from outside the

District of Colorado.  Defendants' Counsel have persistently refused to disqualify themselves

and continue to do so even after they have received the Plaintiff's Senate and IEC ethics

complaints.  The non-disqualification of Defendants' Counsel is the principal reason for the entry

of a default.  Nevertheless, counsel continue to obstruct the Plaintiff's right to have this case

heard before an impartial judge and, ultimately, an impartial jury (even if a trial limited to the

calculation of damages as allowed in this Court's discretion).  *See Frankart Distributors, Inc. v.*

*Levitz*, 796 F. Supp. 75, 77 (E.D.N.Y. 1992) (recognizing trial court's discretion to allow jury

trial on damages even after entry of default judgment); *see also* F.R.C.P. 55(b)(2) (allowing

referral of application for a default judgment including to allow a jury trial if statutorily

required).

## DISCUSSION

### LEGAL STANDARD GOVERNING DISQUALIFICATION

> Motions to disqualify are governed by standards developed under
> federal law as well as the Local Rules of this District, which
> incorporate the standards of professional responsibility in the
> Colorado Rules of Professional Conduct ("Colo. RPC"), *see*
> D.C.COLO.LAttyR 2(a). *Cole v. Ruidoso Mun. Schs.*, 43 F.3d
> 1373, 1384 (10th Cir. 1994). "It is well-established that control of
> attorneys' conduct in trial litigation is within the supervisory
> powers of the trial judge, and is thus a matter of judicial
> discretion." *Id.* (quotation omitted).
>
> Although the Court has discretion to disqualify counsel, motions to
> disqualify opposing counsel are generally disfavored. *See Chavez
> v. New Mexico*, 397 F.3d 826, 839-40 (10th Cir. 2005); *Fogani v.
> Young*, 115 P.3d 1268, 1272 (Colo. 2005) ("[C]ourts have
> historically been highly cynical of motions to disqualify opposing
> counsel, noting that such motions are often dilatory or tactical

-12-

> devices."). As the moving party, Plaintiffs have the burden of
> showing sufficient grounds for disqualification by alleging specific
> facts rather than relying on speculation or conjecture. *See Quark,
> Inc. v. Power Up Software Corp.*, 812 F. Supp. 178, 179 (D. Colo.
> 1992).
>
> *Vincenzetti v. Amazon.com Servs. LLC*, 21-CV-02681-RM-NRN,
> 2025 WL 3299383, at *1 (D. Colo. Sept. 29, 2025).

Two particular circumstances require the disqualification of counsel: a nonwaivable conflict which unfairly prejudices a party, and counsel's involvement in the facts and circumstances of a case to the point where he or she becomes a necessary witness. Both exist here and are substantiated by specific facts.

Disqualification is proper when counsel has a conflict which could reasonably be expected to prejudice a party. Prior representation of a client whose interests are antithetical to the party's or knowledge obtained in the course of a privileged relationship, which may prejudice the party, constitute grounds for disqualification. "A conflict of interest is traditionally a matter of concern where an attorney's interest conflicts with that of her own client – not that of the opposing party." *Miller v. Deutsche Bank Nat. Trust Co.*, 2013 WL 4776054, at *5 (D. Colo. Sept. 4, 2013) (quoting *Fognani v. Young*, 115 P.3d 1268, 1272 (Colo. 2005)). While, as a general rule, courts do not address claimed violations of the ethical rules made by non-clients, the Colorado Supreme Court has created an exception to that rule, when "a potential ethical violation threatens to prejudice the fairness of the proceedings." *Fognani,* 115 P.3d at 1269.

When counsel possesses such evidence that she or he becomes a necessary witness, s/he may not properly occupy two roles at trial, due to the potential to confuse a jury.

> Before an advocate will be disqualified under Colorado Rule 3.7, it
> must be "likely" that the lawyer will be a "necessary" witness.
> Compare DR 5-101(B) (attorney must decline employment if the

-13-

attorney "ought to be called" as a witness). The "necessary" witness standard is recognized as requiring "an even more specific showing of necessity" than the Code. *Security General. Life Ins. Co. v. Superior Court*, 149 Ariz. 332, 718 P.2d 985 (1986) (Rule 3.7(a) requires a showing that the proposed testimony is relevant, material and unobtainable elsewhere). It has been held that the advocate's testimony must be necessary, and not merely cumulative, and that the court may delay ruling on a motion to disqualify until it can determine whether another witness can testify.

*World Youth Day v. Famous Artists Merchandising Exch.,* 886 F.Supp. 1297, 1302, (D. Colo. 1994) (citing Colorado Rule of Professional Conduct 3.7, and analyzing its predecessor).

**A.     AAG Combs's Representation, and, by Extension, That of AAGs Ankeney and Brown, Will Necessarily Result in a Violation of the Rules of Professional Conduct Which Will Prejudice the Fairness and Integrity of these Proceedings**

The COAG's attorneys of record in this case, Dan Combs, Clayton Ankney, and Katharine Brown, are defending the personal interests of the individually-named Defendants, rather than impartially representing the interests of the State of Colorado. *See Berger v. United States*, 295 U.S. 78, 99 (1935) (describing objective of government lawyer is not to win a case but to ensure "that justice shall be done"). By collectively representing both the institutional and individual Defendants, the COAG, AAG Combs, AAG Ankney, and AAG Brown are merely facilitating and endorsing the judicial, attorney, and official misconduct alleged in the Verified Complaint. Instead of representing the State of Colorado's interests in protecting public confidence in the Judiciary and the integrity of state government, the COAG is opposing the injunctive relief the Plaintiff seeks and knowingly concealing legitimate grounds for judicial discipline from the public, as expressed in the Plaintiff's 28 U.S.C. § 144 Affidavit. It should be clear that the COAG's attorneys are knowingly interfering with the administration of justice in violation of Colo. RPC 8.4(d), (f), (h). AAG Combs's representation is particularly problematic

-14-

and conflicted given that he had discussed the merits of this case and other attorney-client sensitive information as part of the COAG's appointment of a SAAG for the Plaintiff in *Dees*.

**B.      AAGs Coombs, Ankeney, and Brown are Necessary Witnesses Who Will Be Called to Testify About Their Own Conduct, and that of Attorney General Weiser.**

As described in the complaints that the Plaintiff has filed with the IEC, there are reasonable grounds to suspect that both the Defendants and their Counsel through the COAG have committed or are committing various crimes, which include Obstruction of Justice (18 U.S.C. § 1503), False Statements (18 U.S.C. § 1001), Obstruction of a Federal Audit (18 U.S.C. § 1516), Retaliation Against a Witness or Victim (§ 18-8-706, C.R.S.), First Degree Official Misconduct (§ 18-8-404, C.R.S.), and Attempt to Influence a Public Servant (§ 18-8-306, C.R.S.).  The Defendants' Counsel's attempts to intimidate the Plaintiff, their persistent non-disqualification, and bad faith defense against this action support additional individual claims against Defendants' Counsel for retaliation as defined under the CFCA, § 24-31-1204(8)(b).  Accordingly, there are now inherent attorney-witness conflicts that require the disqualification of the entire COAG according to Colo. RPC 1.7, 1.10(a), 3.7.

<div align="center">CONCLUSION</div>

**WHEREFORE**, the Plaintiff respectfully requests that this Court enter an order disqualifying the Colorado Attorney General's Office from further representation of any of the defendants in this case and for a further order directing Colorado State Auditor Kerri Hunter to exercise her authority under § 24-31-111(5), C.R.S. to appoint another state's attorney general to impartially represent the interests of the State of Colorado as a Special Assistant Attorney General.  The appointee should be chosen from amongst other states that have state-level false claims acts.  The qualifying states and the District of Columbia are: California, Connecticut,

<div align="center">-15-</div>

Delaware, District of Columbia, Florida, Georgia, Hawai'i, Illinois, Indiana, Iowa, Kansas,

Maryland, Massachusetts, Minnesota, Nevada, New Jersey, New Mexico, New York, North

Carolina, Oregon, Rhode Island, Tennessee, and Vermont.

Dated: March 11, 2026

/s/ Ingrid J. DeFranco
**Ingrid J. DeFranco, esq.**
Law Office of Ingrid J. DeFranco
P.O. Box 128
Brighton, CO 80601
Telephone: (303) 641-6812
Email: Ingrid.DeFranco@gmail.com
Attorney for Plaintiff Christopher S.P. Gregory


/s/ Christopher S.P. Gregory
**Christopher S.P. Gregory, Esq.**
The Gregory Law Firm, LLC
201 Coffman St., #1822
Longmont, CO 80502
Telephone: (970) 648-0642
E-mail: cspgregory@thegregorylawfirm.net
*Pro Se* Attorney for Plaintiff
Christopher S.P. Gregory


## VERIFICATION

I declare under penalty of perjury that the statements made in this Motion to Disqualify

Counsel are true and correct to the best of my knowledge.


Executed at Boulder County, Colorado, this 11th day of March, 2026.


**Christopher S. P. Gregory**

-16-

CERTIFICATE OF SERVICE

I certify that on March 11, 2026, I filed the above filing via email to the Clerk of the Court, who will docket it in CM/ECF. CM/ECF will send notification of this filing to any party who has entered an appearance in this matter to the e-mail addresses provided in CM/ECF.

/s/ Ingrid J. DeFranco
Ingrid J. DeFranco

| From: | Ringel, Andrew D. |
|---|---|
| To: | Christopher Gregory |
| Cc: | Ringel, Andrew D. |
| Subject: | Jennifer L. Dees et. al. v. William Hood et. al. |
| Date: | Friday, August 9, 2024 12:47:36 PM |
| Attachments: | HELogo-600_1647bba9-82b6-4878-b39e-e05e65e25e7e.png |
| | mansfield-law-firm-participation-badge-3-2024-2025_527f14ea-3712-4c10-a668-03806a09fad7.png |

Mr. Gregory:

I have been retained by the State of Colorado Risk Manager to represent you in connection with the above matter.  I believe you were informed of my retention by Dan Combs of the Office of the Attorney General.

I wanted to introduce myself and provide my contact information which is below.

I also wanted to schedule a time where we can meet by video conference or telephone conference next week to discuss this matter.  Please let me know some dates and times that work for your schedule.  I have decent availability next week.

Finally, I wanted to see if you would authorize me to waive service of the Complaint on your behalf. This will have you avoid personal service and will also give us added time to respond to the Complaint.  I plan to file a motion to dismiss in response to the Complaint.

I look forward to working with you on this matter.

Thanks.

Andrew

**Andrew D. Ringel** | Member
ringela@hallevans.com
Tel: 303-628-3453

**Hall & Evans, LLC**
1001 Seventeenth Street, Suite 300
Denver, CO 80202



AZ | CO | ID | IL | MO | MT | NM | NV | UT | WY
website | bio | LinkedIn





Confidentiality Notice: This e-mail and any files transmitted with it are confidential and intended solely for the named addressee(s) of this message and may be subject to attorney-client privilege or work-product protection. If you are not the named addressee, unauthorized use, disclosure or distribution is prohibited; please notify the sender by reply email and destroy all copies of the original message. Our spam protection may prevent any reply e-mail from being delivered. If I have

not responded to your email within 48 hours, please contact our office at 303/628-3300. This e-mail and any attachments are believed to be free of viruses and defects, but it is the responsibility of the recipient to ensure that it is virus-free. The sender is not responsible for any loss or damage arising from its use.

| From: | Dan Combs (He/Him) |
|---|---|
| To: | Christopher Gregory |
| Subject: | RE: Call |
| Date: | Thursday, August 1, 2024 4:18:45 PM |
| Attachments: | image001.png |
| | image003.png |

Hello Christopher,

Andrew Ringel from Hall & Evans, acting as a Special Assistant Attorney General, will be reaching out regarding representation.

Please feel free to call me tomorrow if you have any questions. I'll be out of the office on leave next week.

Thanks,
Dan

Daniel M. Combs (he/him/his)
First Assistant Attorney General
Colorado Department of Law
Tort Litigation Unit
Phone: (720) 508-6625
Email: Dan.Combs@coag.gov

The statements and opinions in this email do not represent the statements and opinions of the Attorney General.

---

**From:** Christopher Gregory <cspgregory@thegregorylawfirm.net>
**Sent:** Tuesday, July 30, 2024 10:45 AM
**To:** Dan Combs (He/Him) <Dan.Combs@coag.gov>
**Subject:** RE: Call

Hi Dan,

As I have thought about this more, I am not sure why I am not able to provide input as to the selection of the SAAG.

When past conflicts have arisen, it was up to the client (i.e. the Commission or individual Commissioners) as to who would be selected to provide outside representation as SAAGs. This process was followed when the Commission selected its outside special counsel for the *Coats* case and when individual Commissioners had to respond to criminal conduct by Attorney Regulation Counsel Jessica Yates (who used her official position to intimidate legislative witnesses). In having private attorney David Kaplan represent the Commission, judge/attorney Commissioners, and the Executive Director as a SAAG, I had to go through this same process with ultimate approval provided by then Solicitor General Eric Olson.

As I understand it, the authority to appoint a special assistant attorney general is derived from

Sec. 24-31-101(1)(g), C.R.S., but is limited by Sec. 24-31-111(5), C.R.S. (which allows agencies to appoint their own counsel if representation by the Attorney General is disputed / conflicted).

In any event, if you could help clarify the SAAG appointment process in this matter, I would greatly appreciate it.  Thank you again for your help with this.

Warmest regards,
Christopher Gregory

 The Gregory Law Firm, LLC

Christopher S.P. Gregory
Attorney at Law

201 Coffman St., #1822, Longmont, CO 80502
● Phone:  970.648.0642 ● Fax:  970.648.0643 ●

This e-mail transmission contains information from the Gregory Law Firm, LLC which may be confidential or protected by the attorney-client privilege.  If you are not the intended recipient, you are hereby notified that you must not read this transmission and that any disclosure, copying, printing, distribution or use of any of the information contained in or attached to this transmission is prohibited.  If you have received this transmission in error, please notify us immediately by e-mail and delete the original transmission.

---

**From:** Dan Combs (He/Him) <Dan.Combs@coag.gov>
**Sent:** Monday, July 29, 2024 5:15 PM
**To:** Christopher Gregory <cspgregory@thegregorylawfirm.net>
**Subject:** RE: Call

Hi Christopher,

I'm glad we were able to talk Friday. Per our call, I'll be arranging for representation by a Special Assistant Attorney General ("SAAG"). Stay tuned for that info.

Best,
Dan


Daniel M. Combs (he/him/his)
First Assistant Attorney General
Colorado Department of Law
Tort Litigation Unit
Phone: (720) 508-6625
Email: Dan.Combs@coag.gov


The statements and opinions in this email do not represent the statements and opinions of the Attorney General.

**From:** Christopher Gregory <cspgregory@thegregorylawfirm.net>
**Sent:** Friday, July 26, 2024 3:58 PM
**To:** Dan Combs (He/Him) <Dan.Combs@coag.gov>
**Subject:** RE: Call

Hi Dan,

Thanks for your message.  If we don't have a chance to talk before, I hope that you have a good weekend.

Warmest regards,
Christopher Gregory



The Gregory Law Firm, LLC
Christopher S.P. Gregory
Attorney at Law

201 Coffman St., #1822, Longmont, CO 80502
● Phone:  970.648.0642 ● Fax:  970.648.0643 ●

This e-mail transmission contains information from the Gregory Law Firm, LLC which may be confidential or protected by the attorney-client privilege.  If you are not the intended recipient, you are hereby notified that you must not read this transmission and that any disclosure, copying, printing, distribution or use of any of the information contained in or attached to this transmission is prohibited.  If you have received this transmission in error, please notify us immediately by e-mail and delete the original transmission.

**From:** Dan Combs (He/Him) <Dan.Combs@coag.gov>
**Sent:** Friday, July 26, 2024 3:34 PM
**To:** Christopher Gregory <cspgregory@thegregorylawfirm.net>
**Subject:** Call

Hello Christopher,

I saw you called back, when I was on another call. I'll try to call before 5:00 today, and if we're not able to talk I'll reach out first thing Monday.

Best,
Dan

Daniel M. Combs (he/him/his)
First Assistant Attorney General
Colorado Department of Law
Tort Litigation Unit
Phone: (720) 508-6625
Email: Dan.Combs@coag.gov

The statements and opinions in this email do not represent the statements and opinions of the

Attorney General.



# The Gregory Law Firm, LLC

Christopher S.P. Gregory
Attorney at Law

cspgregory@thegregorylawfirm.net

February 25, 2026

Senate President James R. Coleman
Colorado State Senate
200 E. Colfax Ave.
Denver, CO 80203
**Via E-Mail: james.coleman.senate@coleg.gov**

*Re: Supplement to Ethical Complaint Against the Members of the Senate Judiciary Committee
Brought According to Senate Rule 43; Exhibit 1*

Dear President Coleman:

On February 11, 2026, I submitted an ethics complaint against all involved members of the
Senate Judiciary Committee.  Inexplicably, your Office has not provided any acknowledgment of
receiving my complaint.  Since the submission of my complaint, however, there have been some
material developments that should be considered as you proceed with the process defined and
required by Senate Rule 43.

According to § 24-31-1204(1), C.R.S., Attorney General Phil Weiser is obligated to "diligently
investigate" violations of the Colorado False Claims Act (the CFCA) regardless of whether
allegations are brought by a direct complaint to the Attorney General's Office, through the
Office of the State Auditor's (the OSA) Fraud Hotline, or through a *qui tam* action.  The State
Auditor similarly has authority and obligations to investigate alleged false claims independently,
in conjunction with the Attorney General, or otherwise.  § 24-31-1204(2), C.R.S.  Under the
Fraud Hotline statute, § 2-3-110.5(1)(d), C.R.S., the State Auditor is further tasked with
investigating reports of "occupational fraud."  Occupational fraud is defined as "the use of one's
occupation for personal enrichment through the deliberate misuse or misapplication of the
employing organization's resources or assets."  § 2-3-110.5(1)(d), C.R.S.  Although the State
Auditor's investigations of false claims and Fraud Hotline complaints are ordinarily performed in
conjunction with and through the support of the Attorney General's Office, § 24-31-111(5),
C.R.S. provides a mechanism through which the State Auditor can directly appoint a Special
Assistant Attorney General (SAAG) when there are conflicts of interest and the Attorney
General's Office cannot perform such functions.

In addition to Attorney General Weiser's statutory obligations to investigate false claims and
fraud, Attorney General Weiser is also obligated to investigate and civilly prosecute patterns of
constitutional and civil rights violations within Colorado State Government.  § 24-31-113, C.R.S.

Instead of performing his statutory and ethical obligations by stepping aside to allow the
appointment of a SAAG by the State Auditor, Attorney General Weiser and his Office entered

201 Coffman St., #1822, Longmont, CO 80502
● 970-648-0642 ● Fax: 970-648-0643 ●

Christopher S.P. Gregory, esq.
February 25, 2026
Page 2 of 3

their appearances to ***defend*** against the legitimate allegations of public fraud, retaliation, and civil rights violations pled in *Gregory v. Colo. Jud. Discipline Rulemaking Comm.*, 1:25-cv-03361—GPG (D. Colo.). Attorney General Weiser's use of his own Office's resources to defend against civil claims brought against him and the other Defendants individually meets the definition of occupational fraud provided in § 2-3-110.5(1)(d), C.R.S. Such conduct and the Defendants' (including Attorney General Weiser's) persistent refusals to disqualify themselves also satisfies the elements of First Degree Official Misconduct. § 18-8-404, C.R.S.[1]

Essentially, Attorney General Weiser's strategy has been to obstruct and prevent litigation of the merits of *Gregory*, including avoiding the Defendants' obligations to timely and directly respond to the allegations of their unlawful conduct pled in the Verified Complaint. This obstruction has now culminated in the entry of a default against all Defendants. Exhibit 1. Until and unless the default is set aside under F.R.C.P. 55(c), the allegations of the Verified Complaint are treated as admitted / proven. *See, e.g., Dickinson v. Lincoln Building Corp.*, 2015 COA 170M, ¶¶ 22-23 ("[A]n entry of default establishes a party's liability. . . An entry of default, however, is not an admission regarding damages."). Despite these significant developments in court, the Senate Judiciary Committee has refused to confront Attorney General Weiser, the Justices of the Colorado Supreme Court, Governor Jared Polis, and the members and staff of the Colorado Commission on Judicial Discipline with their persistent refusals to disqualify themselves and the allegations made against them personally. In other words, there is no legislative oversight of our State's highest-ranking elected officials.

With these additional facts, the Senate Judiciary Committee's refusal to allow me a full opportunity to petition for grievances, its deliberate disregard for the legislative record that I created (including as to SB26-084), and its refusal to consider my request for a joint resolution directing the appointment of another state's attorney general as a SAAG capable of impartially representing the interests of the State of Colorado perpetuates ongoing public fraud and civil rights violations rather than providing meaningful accountability. Again, I respectfully submit that the conduct of the Senate Judiciary Committee substantially breaches the ethical standards enforceable through Senate Rule 43. I renew my request that you take action on my February 11, 2026 complaint, as supplemented by this letter.

---

[1] § 18-8-404, C.R.S. provides:

> (1) A public servant commits first degree official misconduct if, with intent to obtain a benefit for the public servant or another or maliciously to cause harm to another, he or she knowingly:
> (a) Commits an act relating to his office but constituting an unauthorized exercise of his official function; or
> (b) Refrains from performing a duty imposed upon him by law; or
> (c) Violates any statute or lawfully adopted rule or regulation relating to his office.
> (2) First degree official misconduct is a class 1 misdemeanor.

According to § 18-1-901(3)(o), C.R.S., a "'Public servant' means any officer or employee of government, whether elected or appointed, and any person participating as an advisor, consultant, process server, or otherwise in performing a governmental function, but the term does not include witnesses."

Christopher S.P. Gregory, esq.
February 25, 2026
Page 3 of 3


Sincerely,

Christopher S.P. Gregory, esq.

Enclosure

**EXHIBIT 1**

## Christopher Gregory

| | |
|---|---|
| **From:** | COD_ENotice@cod.uscourts.gov |
| **Sent:** | Monday, February 23, 2026 3:50 PM |
| **To:** | COD_ENotice@cod.uscourts.gov |
| **Subject:** | Activity in Case 1:25-cv-03361-GPG Gregory v. Colorado Judicial Discipline Rulemaking Committee, The et al Clerk's Entry of Default |

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**

**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.**

### U.S. District Court - District of Colorado

### District of Colorado

### Notice of Electronic Filing

The following transaction was entered on 2/23/2026 at 3:49 PM MST and filed on 2/23/2026

| | |
|---|---|
| **Case Name:** | Gregory v. Colorado Judicial Discipline Rulemaking Committee, The et al |
| **Case Number:** | 1:25-cv-03361-GPG |
| **Filer:** | Colorado Judicial Discipline Rulemaking Committee, The |
| | Ingrid Barrier |
| | David Beller |
| | Maria Berkenkotter |
| | Brian D. Boatright |
| | Jill Brady |
| | Gina Cannan |
| | James Carpenter |
| | Nancy Cohen |
| | Colorado Commission on Judicial Discipline, The |
| | Colorado Supreme Court, The |
| | Meredith Patrick Cord |
| | Richard Gabriel |
| | Robert Gardner |
| | Sara Garrido |
| | Kirsten Grooms |
| | Melissa Hart |
| | James Hartmann |
| | Amanda Hollander |

1

William Hood III

Alison Kyles

Bryon Large

Anne Mangiardi

Monica Marquez

Bonnie McLean

Colleen McManamon

Kristen Mix

Emily Tofte Nestaval

Reed Owens

Jared Polis

Jared (I) Polis

Carlos Samour

Mary V. Sooter

Aubrey C. Sullivan

Courtney Sutton

Jeff Swanty

Stefanie Trujillo

MaryAnn Vielma

Vincente Vigil

Jeffrey M. Walsh

Philip (I) J. Weiser

Philip J. Weiser

**Document Number:** 46(No document attached)

**Docket Text:**
**Clerk's ENTRY OF DEFAULT as to Colorado Judicial Discipline Rulemaking Committee, The, Ingrid Barrier, David Beller, Maria Berkenkotter, Brian D. Boatright, Jill Brady, Gina Cannan, James Carpenter, Nancy Cohen, Colorado Commission on Judicial Discipline, The, Colorado Supreme Court, The, Meredith Patrick Cord, Richard Gabriel, Robert Gardner, Sara Garrido, Kirsten Grooms, Melissa Hart, James Hartmann, Amanda Hollander, William Hood III, Alison Kyles, Bryon Large, Anne Mangiardi, Monica Marquez, Bonnie McLean, Colleen McManamon, Kristen Mix, Emily Tofte Nestaval, Reed Owens, Jared Polis, Jared (I) Polis, Carlos Samour, Mary V. Sooter, Aubrey C. Sullivan, Courtney Sutton, Jeff Swanty, Stefanie Trujillo, MaryAnn Vielma, Vincente Vigil, Jeffrey M. Walsh, Philip (I) J. Weiser, Philip J. Weiser, by Clerk. Text Only Entry (ccuen, )**

**1:25-cv-03361-GPG Notice has been electronically mailed to:**

Ingrid J. DeFranco     ingrid.defranco@gmail.com, defrancoi@yahoo.com

Daniel Mitchell Combs     dan.combs@coag.gov, LaTasha.Carter@coag.gov, danmcombs@gmail.com, lindaruth.carter@coag.gov

Katharine J. Brown     katharine.brown@coag.gov, carmen.vanpelt@coag.gov, felicia.rei@coag.gov

2

Christopher Sydney Philip Gregory     cspgregory@thegregorylawfirm.net, cspgregory@hotmail.com

Clayton Jeffrey Ankney     clayton.ankney@coag.gov, Denise.munger@coag.gov, LindaRuth.Carter@coag.gov

**1:25-cv-03361-GPG Notice has been mailed by the filer to:**

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:25-cv-03361-GPG

CHRISTOPHER S.P. GREGORY,

      Plaintiff,

v.

The COLORADO JUDICIAL DISCIPLINE RULEMAKING COMMITTEE, et al.

      Defendants.

---

### APPLICATION FOR ENTRY OF DEFAULT

---

To the Clerk of the United States District Court for the District of Colorado:

As provided by Rule 55(a) of the Federal Rules of Civil Procedure, Plaintiff Christopher

S.P. Gregory requests that this Court enter the default of the following Defendants for failure to

plead or otherwise defend against this action in a timely manner:

> The COLORADO JUDICIAL DISCIPLINE RULEMAKING COMMITTEE,
> The COLORADO COMMISSION ON JUDICIAL DISCIPLINE,
> The COLORADO SUPREME COURT,
> MARY V. SOOTER, individually,
> PHILIP J. WEISER, individually, and in his official capacity as the Colorado Attorney General,
> JARED POLIS, individually, and in his official capacity as Governor of the State of Colorado,
> MARIA BERKENKOTTER, individually,
> BRIAN D. BOATRIGHT, individually,
> RICHARD GABRIEL, individually,
> MELISSA HART, individually,
> WILLIAM HOOD, III, individually,
> MONICA MÁRQUEZ, individually,
> CARLOS SAMOUR, individually,
> INGRID BARRIER, individually,
> DAVID BELLER, individually,

JILL BRADY, individually,
GINA CANNAN, individually,
JAMES CARPENTER, individually,
NANCY COHEN, individually,
ROBERT GARDNER, individually,
SARA GARRIDO, individually,
KIRSTEN GROOMS, individually,
JAMES HARTMANN, individually,
AMANDA HOLLANDER, individually,
ALISON KYLES, individually,
BRYON LARGE, individually,
ANNE MANGIARDI, individually,
BONNIE MCLEAN, individually,
COLLEEN MCMANAMON, individually,
KRISTEN MIX, individually,
REED OWENS, individually,
MEREDITH PATRICK CORD, individually,
AUBREY C. SULLIVAN, individually,
COURTNEY SUTTON, individually,
JEFF SWANTY, individually,
EMILY TOFTE NESTAVAL, individually,
STEFANIE TRUJILLO, individually,
MARYANN VIELMA, individually,
VINCENTE VIGIL, individually, and
JEFFREY M. WALSH, individually.

As evidenced by the proof of service on file with this Court, the above-named Defendants

the Colorado Judicial Discipline Rulemaking Committee, the Colorado Supreme Court, Jared

Polis, Philip J. Weiser, and the Colorado Commission on Judicial Discipline were served

pursuant to Rule 4 of the Federal Rules of Civil Procedure on November 12, 2025 and November

17, 2025. ECF Nos. 13 through 17. The remaining Defendants executed Waiver(s) of Service

on December 1, 2025 and filed December 12, 2025. ECF Nos. 23, 23-1 through 23-34.

Originally, the applicable time limits for the above-named Defendants to appear and

otherwise respond to this action were December 3, 2025, December 8, 2025, and January 30,

2026. Through an unopposed motion and order, the applicable time limits were first extended to

February 2, 2026.  ECF No. 21.  Through a second unopposed motion (but without issuance of an order confirming it), the applicable time limits were then extended to February 16, 2026, which has now expired.  ECF No. 27.

The above-named Defendants have individually and collectively failed to plead or otherwise respond to the Verified Complaint and Jury Demand filed October 23, 2025. Accordingly, the Plaintiff respectfully requests that the Clerk of Court perform his mandatory and ministerial function in entering the default.  F.R.C.P. 55(a).

This request is supported by the attached Declaration of Plaintiff Christopher S.P. Gregory.

Dated: February 18, 2026

/s/ Ingrid J. DeFranco
**Ingrid J. DeFranco, esq.**
Law Office of Ingrid J. DeFranco
P.O. Box 128
Brighton, CO 80601
Telephone: (303) 641-6812
Email:  Ingrid.DeFranco@gmail.com
Attorney for Plaintiff Christopher S.P. Gregory


/s/ Christopher S.P. Gregory
**Christopher S.P. Gregory, Esq.**
The Gregory Law Firm, LLC
201 Coffman St., #1822
Longmont, CO 80502
Telephone: (970) 648-0642
E-mail: cspgregory@thegregorylawfirm.net
*Pro Se* Attorney for Plaintiff
Christopher S.P. Gregory

-3-

CERTIFICATE OF SERVICE

I certify that on February 18, 2026, I filed the above filing via email to the Clerk of the Court, who will docket it in CM/ECF. CM/ECF will send notification of this filing to any party who has entered an appearance in this matter to the e-mail addresses provided in CM/ECF.

/s/ Ingrid J. DeFranco
Ingrid J. DeFranco

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 1:25-cv-03361-GPG

CHRISTOPHER S.P. GREGORY,

      Plaintiff,

v.

The COLORADO JUDICIAL DISCIPLINE RULEMAKING COMMITTEE, et al.

      Defendants.

## DECLARATION OF PLAINTIFF CHRISTOPHER S.P. GREGORY

Christopher S.P. Gregory, Colorado Atty. Reg. No. 37095 / U.S. Dist. Ct. Colo. Atty. No. 2136213, ("Declarant") being of lawful age, of sound mind, and first dually sworn upon oath, deposes and says the following:

1. Declarant is the Plaintiff in this action and this Declaration is based upon Declarant's personal knowledge and made in good faith.

2. Defendants the Colorado Judicial Discipline Rulemaking Committee, the Colorado Supreme Court, Colorado Governor Jared Polis, and Colorado Attorney Philip J. Weiser were served pursuant to Rule 4 of the Federal Rules of Civil Procedure on November 12, 2025, as evidenced by the proof of service on file with this Court. ECF Nos. 13 through 16.

3. Defendant the Colorado Commission on Judicial Discipline was, likewise, served pursuant to Rule 4 of the Federal Rules of Civil Procedure on November 17, 2025, as evidenced by the proof of service on file with this Court. ECF No. 17.

4.  The remaining Defendants Mary V. Sooter, Maria Berkenkotter, Brian D. Boatright, Richard Gabriel, Melissa Hart, William Hood, III, Monica Márquez, Carlos Samour, Ingrid Barrier, David Beller, Jill Brady, Gina Cannan, James Carpenter, Nancy Cohen, Robert Gardner, Sara Garrido, Kirsten Grooms, James Hartmann, Amanda Hollander, Alison Kyles, Bryon Large, Anne Mangiardi, Bonnie McLean, Colleen McManamon, Kristen Mix, Reed Owens, Meredith Patrick Cord, Aubrey C. Sullivan, Courtney Sutton, Jeff Swanty, Emily Tofte Nestaval, Stefanie Trujillo, MaryAnn Vielma, Vincente Vigil, and Jeffrey M. Walsh executed waivers of service on December 1, 2025 that were filed with this Court on December 12, 2025.

5.  The Defendants have collectively failed to serve or file a pleading or otherwise respond to the complaint.  The applicable time limit for responding to the complaint, even as repeatedly extended upon agreement of the parties, has expired.

6.  None of the Defendants are minors or incompetent persons.

7.  None of the Defendants are currently in the military service, and therefore the Servicemembers Civil Relief Act does not apply.

8.  I have attached to this declaration true and correct copies of the proofs and waivers of service on file for the above-named Defendants.

I declare under penalty of perjury that the statements made in this Declaration are true and correct to the best of my knowledge.

Executed on February 18, 2026, in Longmont, Colorado.


_____
Christopher S.P. Gregory

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.  1:25-cv-03361-DDD

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)*  Colorado Attorney General Philip Weiser

was received by me on *(date)*  11/12/2025  .

❒ I personally served the summons on the individual at *(place)*

_____ on *(date)* _____ ; or

❒ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

✔ I served the summons on *(name of individual)*  Hannah S. (Front Desk Receptionist)  , who is

 designated by law to accept service of process on behalf of *(name of organization)*

Colorado Attorney General Philip Weiser  on *(date)*  11/12/2025  ; or

❒ I returned the summons unexecuted because _____ ; or

❒ Other *(specify):*



My fees are $ _____ for travel and $ _____ for services, for a total of $  0.00  .

I declare under penalty of perjury that this information is true.

Date:  11/12/2025  _____

*CONNIE MAYHUGH*

*Server's signature*

Connie Mayhugh, Investigator

*Printed name and title*

HSH Investigations, LLC
P.O. Box 337265
Greeley, CO 80633

*Server's address*

Additional information regarding attempted service, etc:

No last name provided.





AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.   1:25-cv-03361-DDD

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)*   The Colorado Supreme Court

was received by me on *(date)*    11/12/2025              .

❒ I personally served the summons on the individual at *(place)*

_____  on *(date)* _____ ; or

❒ I left the summons at the individual's residence or usual place of abode with *(name)*
_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

✔ I served the summons on *(name of individual)*   Magdalene (Judicial Clerk III)              , who is
designated by law to accept service of process on behalf of *(name of organization)*   The Colorado Supreme Court

on *(date)*    11/12/2025    ; or

❒ I returned the summons unexecuted because _____ ; or

❒ Other *(specify):*


My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00      .

I declare under penalty of perjury that this information is true.


Date:    11/12/2025                                       *CONNIE MAYHUGH*
                                                                           *Server's signature*

                                                         Connie Mayhugh, Investigator
                                                               *Printed name and title*

                                                             HSH Investigations, LLC
                                                                 P.O. Box 337265
                                                                Greeley, CO 80633
                                                                *Server's address*

Additional information regarding attempted service, etc:

Magdalene refused to provide last name.

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.   1:25-cv-03361-DDD

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)*   Colorado Governor Jared Polis

was received by me on *(date)*   11/12/2025   .

❒ I personally served the summons on the individual at *(place)*

_____   on *(date)*   _____   ; or

❒ I left the summons at the individual's residence or usual place of abode with *(name)*

_____   , a person of suitable age and discretion who resides there,

on *(date)*   _____   , and mailed a copy to the individual's last known address; or

☑ I served the summons on *(name of individual)*   Tyler Goldstein (Staff Assistant)   , who is

 designated by law to accept service of process on behalf of *(name of organization)*

Colorado Governor Jared Polis   on *(date)*   11/12/2025   ; or

❒ I returned the summons unexecuted because   _____   ; or

❒ Other *(specify):*

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date:   11/12/2025

*Server's signature*

Connie Mayhugh, Investigator
*Printed name and title*

HSH Investigations, LLC
P.O. Box 337265
Greeley, CO 80633
*Server's address*

Additional information regarding attempted service, etc:

Case No. 1:25-cv-03361-GHG-GEB   Document 30-11   Filed 11/25/2025   USDC Colorado
pg 67 of 520

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.   1:25-cv-03361-DDD

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)*   The Colorado Judicial Discipline Rulemaking Committee

was received by me on *(date)*   11/12/2025   .

❒ I personally served the summons on the individual at *(place)*

_____ on *(date)* _____ ; or

❒ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

☑ I served the summons on *(name of individual)*   Judge Bryon M. Large   , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

The Colorado Judicial Discipline Rulemaking Committee   on *(date)*   11/12/2025   ; or

❒ I returned the summons unexecuted because _____ ; or

❒ Other *(specify):*



My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date:   11/12/2025

*CONNIE MAYHUGH*
*Server's signature*

Connie Mayhugh, Investigator
*Printed name and title*

HSH Investigations, LLC
P.O. Box 337265
Greeley, CO 80633
*Server's address*

Additional information regarding attempted service, etc:

Judge Large stated that he wasn't sure he was authorized to accept service for the Colorado Judicial
Discipline Rulemaking Committee but did accept service.

AO 440 (Rev. 06/12) Summons in a Civil Action (Page 2)

Civil Action No. 1:25-cv-03361-DDD

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* The Colorado Commission on Judicial Discipline

was received by me on *(date)* 11/12/2025 .

❏ I personally served the summons on the individual at *(place)*

_____ on *(date)* _____ ; or

❏ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

☑ I served the summons on *(name of individual)* Scott Sosebee (Court Executive) , who is

designated by law to accept service of process on behalf of *(name of organization)* Judge Jill Brady Member of CCJD

The Colorado Commission on Judicial Discipline on *(date)* 11/17/2025 ; or

❏ I returned the summons unexecuted because _____ ; or

❏ Other *(specify):*

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: 11/17/2025

*CONNIE MAYHUGH*
*Server's signature*

Connie Mayhugh, Investigator
*Printed name and title*

HSH Investigations, LLC
P.O. Box 337265
Greeley, CO 80633
*Server's address*

Additional information regarding attempted service, etc:

# HSH INVESTIGATIONS

**Connie Mayhugh**                                              **DATE: 11/19/25**
HSH **Investigations, LLC**
**P.O. Box 337265**
**Greeley, CO 80633**
**Mobile: 970-580-0779**

## MEMORANDUM

On November 12th, I, Investigator Connie Mayhugh, arrived at the Ralph Carr Colorado Judicial Center to serve a Summons and Complaint to the following parties:

- Colorado Attorney General Philip Weiser
- Justice Monica Marquez, Chief Justice, Colorado Supreme Court
- James Carpenter, Chair, Colorado Commission on Judicial Discipline
- Kristen Mix, Chair, Colorado Judicial Discipline Rulemaking Committee

Upon arrival, I spoke with the receptionist, who contacted Hannah S.. Hannah S. confirmed she could only accept service for Philip Weiser, but could accept courtesy copies for others. No response was received from the Colorado Commission on Judicial Discipline.

At the Supreme Court office, the clerk, Magdalene, accepted service for Justice Monica Marquez but declined for others.

Efforts to serve the Colorado Commission on Judicial Discipline at their official office were not successful.

At the Governor's office, Tyler Goldstein, staff assistant, accepted service for Governor Jared Polis without issue.

Later, Hannah S. advised me to visit Suite 210, but again, no response was received. I then proceeded to the Office of the Presiding Disciplinary Judge, where I spoke with the receptionist. The receptionist consulted with Judge Bryon Large, who subsequently met with me in person. Judge Large clarified that he was not authorized to accept service on behalf of the Colorado Commission on Judicial Discipline, as he was not a member of the Commission. When asked about the Colorado Judicial Discipline Rulemaking Committee, Judge Large acknowledged his membership but expressed uncertainty regarding his authority to accept service for the Discipline Rulemaking Committee. After further discussion, Judge Large ultimately agreed to accept service for the Judicial Discipline

1

# HSH INVESTIGATIONS

Rulemaking Committee, while reiterating his reservations about his authorization to do so. He refused to accept service on behalf of the Colorado Commission on Judicial Discipline.

Upon returning to the reception area to inquire on whether Hannah was able to reach anyone with the Colorado Commission on Judicial Discipline, she was in communication via phone with a female individual whose name was not provided. Hannah handed me the phone, and I spoke with this individual who identified herself as working within the Office of the Colorado Commission on Judicial Discipline. She informed me that there was no one present in the office that day who could accept service but indicated that someone would be available the following day to accept service. I inquired if there was anyone available who could accept service on behalf of the Commission, explaining that I would not be able to return at a later time. The response was that there was no one present who was authorized to accept service.

On November 17th, I served Judge Jill Brady, a member of the Colorado Commission on Judicial Discipline, at the El Paso County Court House. Scott Sosebee, Court Executive, accepted service on Judge Brady's behalf.

**This report was provided by Connie Mayhugh, Investigator at HSH Investigations, and is a true and accurate representation of information gathered.**

Signature: *Connie Mayhugh*                                              Date: 11/19/25

2

AO 399 (01/09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT

for the

District of Colorado ▼

| | | |
|---|---|---|
| CHRISTOPER S.P. GREGORY | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 1:25-cv-03361-DDD |
| COLO. JUD. DISCIPLINE RULEMAKING COMM. et al | ) | |
| *Defendant* | ) | |

## WAIVER OF THE SERVICE OF SUMMONS

To: Ingrid J. DeFranco

*(Name of the plaintiff's attorney or unrepresented plaintiff)*

I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from            12/01/2025           , the date when this request was sent (or 90 days if it was sent outside the United States).  If I fail to do so, a default judgment will be entered against me or the entity I represent.


Date:      12/01/2025                                             /s/ Daniel M. Combs

                                                           *Signature of the attorney or unrepresented party*

              Ingrid Barrier                          Daniel M. Combs, First Assistant Attorney General
*Printed name of party waiving service of summons*                    *Printed name*
                                                      Colorado Attorney General's Office
                                                            1300 Broadway
                                                           Denver, CO 80203

                                                              *Address*

                                                        Dan.Combs@coag.gov
                                                           *E-mail address*

                                                          (720) 508-6625
                                                         *Telephone number*

---

**Duty to Avoid Unnecessary Expenses of Serving a Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint.  A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court.  By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

AO 399 (01/09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT

for the

District of Colorado ▾

CHRISTOPER S.P. GREGORY )
_____ )
*Plaintiff* )
)
v. ) Civil Action No. 1:25-cv-03361-DDD
)
COLO. JUD. DISCIPLINE RULEMAKING COMM. et al )
_____ )
*Defendant* )

## WAIVER OF THE SERVICE OF SUMMONS

To:  Ingrid J. DeFranco
_____
*(Name of the plaintiff's attorney or unrepresented plaintiff)*

I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from        12/01/2025        , the date when this request was sent (or 90 days if it was sent outside the United States).  If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date:      12/01/2025                              /s/ Daniel M. Combs
_____            _____
                                           *Signature of the attorney or unrepresented party*

          David Beller                     Daniel M. Combs, First Assistant Attorney General
_____            _____
*Printed name of party waiving service of summons*        *Printed name*
                                           Colorado Attorney General's Office
                                           1300 Broadway
                                           Denver, CO 80203
                                           _____
                                           *Address*

                                           Dan.Combs@coag.gov
                                           _____
                                           *E-mail address*

                                           (720) 508-6625
                                           _____
                                           *Telephone number*

**Duty to Avoid Unnecessary Expenses of Serving a Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint.  A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court.  By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

AO 399 (01/09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT

for the

District of Colorado  ▼

| | | |
|---|---|---|
| CHRISTOPER S.P. GREGORY | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 1:25-cv-03361-DDD |
| COLO. JUD. DISCIPLINE RULEMAKING COMM. et al | ) | |
| *Defendant* | ) | |

## WAIVER OF THE SERVICE OF SUMMONS

To:  Ingrid J. DeFranco

*(Name of the plaintiff's attorney or unrepresented plaintiff)*

I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from            12/01/2025            , the date when this request was sent (or 90 days if it was sent outside the United States).  If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date:      12/01/2025

_____
Jill Brady
*Printed name of party waiving service of summons*

/s/ Daniel M. Combs
*Signature of the attorney or unrepresented party*

Daniel M. Combs, First Assistant Attorney General
*Printed name*
Colorado Attorney General's Office
1300 Broadway
Denver, CO 80203
*Address*

Dan.Combs@coag.gov
*E-mail address*

(720) 508-6625
*Telephone number*

---

**Duty to Avoid Unnecessary Expenses of Serving a Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint.  A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court.  By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

AO 399 (01/09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT
### for the
### District of Colorado    ▾

| | | |
|---|---|---|
| Christopher S.P. Gregory | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.  1:25-cv-03361-DDD |
| Colorado Jud. Discipline Rulemaking Committee, et al. | ) | |
| *Defendant* | ) | |

## WAIVER OF THE SERVICE OF SUMMONS

To:     Ingrid J. DeFranco
_____
*(Name of the plaintiff's attorney or unrepresented plaintiff)*

I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from _____Dec. 1, 2025_____, the date when this request was sent (or 90 days if it was sent outside the United States).  If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date:  Dec. 1, 2025
_____

Monica M. Márquez
_____
*Printed name of party waiving service of summons*

/s/ Daniel M. Combs
_____
*Signature of the attorney or unrepresented party*

Daniel M. Combs, First Assistant Attorney General
*Printed name*

Colorado Attorney General's Office
1300 Broadway
Denver, CO 80203
*Address*

Dan.Combs@coag.gov
*E-mail address*

720-508-6625
*Telephone number*

---

**Duty to Avoid Unnecessary Expenses of Serving a Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint.  A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court.  By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

AO 399 (01/09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT

for the

District of Colorado  ▼

| | | |
|---|---|---|
| CHRISTOPER S.P. GREGORY | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.  1:25-cv-03361-DDD |
| COLO. JUD. DISCIPLINE RULEMAKING COMM. et al | ) | |
| *Defendant* | ) | |

## WAIVER OF THE SERVICE OF SUMMONS

To:  Ingrid J. DeFranco
*(Name of the plaintiff's attorney or unrepresented plaintiff)*

I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from  _____12/01/2025_____, the date when this request was sent (or 90 days if it was sent outside the United States).  If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date:  _____12/01/2025_____

_____/s/ Daniel M. Combs_____
*Signature of the attorney or unrepresented party*

_____Gina Cannan_____
*Printed name of party waiving service of summons*

Daniel M. Combs, First Assistant Attorney General
*Printed name*
Colorado Attorney General's Office
1300 Broadway
Denver, CO 80203
*Address*

Dan.Combs@coag.gov
*E-mail address*

(720) 508-6625
*Telephone number*

---

**Duty to Avoid Unnecessary Expenses of Serving a Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint.  A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court.  By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

AO 399 (01/09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT
for the
District of Colorado ☑

| | |
|---|---|
| CHRISTOPER S.P. GREGORY | ) |
| *Plaintiff* | ) |
| v. | ) |
| COLO. JUD. DISCIPLINE RULEMAKING COMM. et al | ) |
| *Defendant* | ) |

Civil Action No.  1:25-cv-03361-DDD

## WAIVER OF THE SERVICE OF SUMMONS

To:  Ingrid J. DeFranco
       *(Name of the plaintiff's attorney or unrepresented plaintiff)*

I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from                 12/01/2025                , the date when this request was sent (or 90 days if it was sent outside the United States).  If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date:      12/01/2025

James Carpenter
*Printed name of party waiving service of summons*

/s/ Daniel M. Combs
*Signature of the attorney or unrepresented party*

Daniel M. Combs, First Assistant Attorney General
*Printed name*
Colorado Attorney General's Office
1300 Broadway
Denver, CO 80203
*Address*

Dan.Combs@coag.gov
*E-mail address*

(720) 508-6625
*Telephone number*

**Duty to Avoid Unnecessary Expenses of Serving a Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint.  A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court.  By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

AO 399 (01/09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT

for the

District of Colorado  ▼

| | |
|---|---|
| CHRISTOPER S.P. GREGORY<br>*Plaintiff* | ) ) ) |
| v. | ) Civil Action No. 1:25-cv-03361-DDD |
| COLO. JUD. DISCIPLINE RULEMAKING COMM. et al<br>*Defendant* | ) ) ) |

## WAIVER OF THE SERVICE OF SUMMONS

To: Ingrid J. DeFranco

*(Name of the plaintiff's attorney or unrepresented plaintiff)*

I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from              12/01/2025              , the date when this request was sent (or 90 days if it was sent outside the United States).  If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date:      12/01/2025

/s/ Daniel M. Combs
*Signature of the attorney or unrepresented party*

Nancy Cohen
*Printed name of party waiving service of summons*

Daniel M. Combs, First Assistant Attorney General
*Printed name*
Colorado Attorney General's Office
1300 Broadway
Denver, CO 80203
*Address*

Dan.Combs@coag.gov
*E-mail address*

(720) 508-6625
*Telephone number*

**Duty to Avoid Unnecessary Expenses of Serving a Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint.  A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court.  By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

AO 399 (01/09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT

for the

District of Colorado ▼

| | | |
|---|---|---|
| CHRISTOPER S.P. GREGORY | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 1:25-cv-03361-DDD |
| COLO. JUD. DISCIPLINE RULEMAKING COMM. et al | ) | |
| *Defendant* | ) | |

## WAIVER OF THE SERVICE OF SUMMONS

To: Ingrid J. DeFranco

*(Name of the plaintiff's attorney or unrepresented plaintiff)*

I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from           12/01/2025          , the date when this request was sent (or 90 days if it was sent outside the United States).  If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date:     12/01/2025                                   /s/ Daniel M. Combs

                                                              *Signature of the attorney or unrepresented party*

                Robert Gardner                          Daniel M. Combs, First Assistant Attorney General
*Printed name of party waiving service of summons*                    *Printed name*
                                                              Colorado Attorney General's Office
                                                              1300 Broadway
                                                              Denver, CO 80203

                                                              *Address*

                                                              Dan.Combs@coag.gov
                                                              *E-mail address*

                                                              (720) 508-6625
                                                              *Telephone number*

**Duty to Avoid Unnecessary Expenses of Serving a Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint.  A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court.  By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

Case No. 1:25-cv-03361-GPG-GEB   Document 90   Filed 01/02/2026   USDC Colorado   pg 79 of 520

AO 399 (01/09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT
### for the
District of Colorado  ▾

| | |
|---|---|
| CHRISTOPER S.P. GREGORY | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 1:25-cv-03361-DDD |
| COLO. JUD. DISCIPLINE RULEMAKING COMM. et al | ) |
| *Defendant* | ) |

## WAIVER OF THE SERVICE OF SUMMONS

To: Ingrid J. DeFranco
    *(Name of the plaintiff's attorney or unrepresented plaintiff)*

I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from     12/01/2025    , the date when this request was sent (or 90 days if it was sent outside the United States). If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date:     12/01/2025                      /s/ Daniel M. Combs
                                         *Signature of the attorney or unrepresented party*

               Sara Garrido            Daniel M. Combs, First Assistant Attorney General
*Printed name of party waiving service of summons*        *Printed name*
                                      Colorado Attorney General's Office
                                               1300 Broadway
                                               Denver, CO 80203

                                                   *Address*

                                          Dan.Combs@coag.gov
                                               *E-mail address*

                                         (720) 508-6625
                                               *Telephone number*

---

**Duty to Avoid Unnecessary Expenses of Serving a Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint. A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court. By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

AO 399 (01/09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT

for the

District of Colorado ▾

| | |
|---|---|
| CHRISTOPER S.P. GREGORY | ) |
| _Plaintiff_ | ) |
| v. | ) |
| COLO. JUD. DISCIPLINE RULEMAKING COMM. et al | ) |
| _Defendant_ | ) |

Civil Action No.  1:25-cv-03361-DDD

## WAIVER OF THE SERVICE OF SUMMONS

To:  Ingrid J. DeFranco
     _(Name of the plaintiff's attorney or unrepresented plaintiff)_

I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from            12/01/2025            , the date when this request was sent (or 90 days if it was sent outside the United States).  If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date:      12/01/2025

/s/ Daniel M. Combs
_Signature of the attorney or unrepresented party_

Kirsten Grooms
_Printed name of party waiving service of summons_

Daniel M. Combs, First Assistant Attorney General
_Printed name_
Colorado Attorney General's Office
1300 Broadway
Denver, CO 80203
_Address_

Dan.Combs@coag.gov
_E-mail address_

(720) 508-6625
_Telephone number_

**Duty to Avoid Unnecessary Expenses of Serving a Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint.  A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does _not_ include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court.  By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

AO 399 (01/09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT

for the

District of Colorado ▾

CHRISTOPER S.P. GREGORY )
*Plaintiff* )
)
v. ) Civil Action No. 1:25-cv-03361-DDD
)
COLO. JUD. DISCIPLINE RULEMAKING COMM. et al )
*Defendant* )

## WAIVER OF THE SERVICE OF SUMMONS

To: Ingrid J. DeFranco

*(Name of the plaintiff's attorney or unrepresented plaintiff)*

I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from                12/01/2025                , the date when this request was sent (or 90 days if it was sent outside the United States).  If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date:        12/01/2025                                            /s/ Daniel M. Combs
                                                                    *Signature of the attorney or unrepresented party*

                    James Hartmann                     Daniel M. Combs, First Assistant Attorney General
*Printed name of party waiving service of summons*                    *Printed name*
                                                        Colorado Attorney General's Office
                                                        1300 Broadway
                                                        Denver, CO 80203

                                                        *Address*

                                                        Dan.Combs@coag.gov
                                                        *E-mail address*

                                                        (720) 508-6625
                                                        *Telephone number*

**Duty to Avoid Unnecessary Expenses of Serving a Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint.  A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court.  By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

AO 399 (01/09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT

for the

District of Colorado ▾

CHRISTOPER S.P. GREGORY )
_____ )
*Plaintiff* )
v. ) Civil Action No. 1:25-cv-03361-DDD
COLO. JUD. DISCIPLINE RULEMAKING COMM. et al )
_____ )
*Defendant* )

## WAIVER OF THE SERVICE OF SUMMONS

To: Ingrid J. DeFranco
_____
*(Name of the plaintiff's attorney or unrepresented plaintiff)*

I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from _____12/01/2025_____, the date when this request was sent (or 90 days if it was sent outside the United States). If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date: _____12/01/2025_____                    /s/ Daniel M. Combs
                                          _____
                                          *Signature of the attorney or unrepresented party*

_____Amanda Hollander_____        Daniel M. Combs, First Assistant Attorney General
*Printed name of party waiving service of summons*              *Printed name*
                                          Colorado Attorney General's Office
                                          1300 Broadway
                                          Denver, CO 80203
                                          _____
                                          *Address*

                                          Dan.Combs@coag.gov
                                          _____
                                          *E-mail address*

                                          (720) 508-6625
                                          _____
                                          *Telephone number*

**Duty to Avoid Unnecessary Expenses of Serving a Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint. A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court. By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

AO 399 (01/09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT
### for the
District of Colorado ▾

| | |
|---|---|
| Christopher S.P. Gregory | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 1:25-cv-03361-DDD |
| Colorado Jud. Discipline Rulemaking Committee, et al. | ) |
| *Defendant* | ) |

## WAIVER OF THE SERVICE OF SUMMONS

To:  Ingrid J. DeFranco

*(Name of the plaintiff's attorney or unrepresented plaintiff)*

I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from Dec. 1, 2025 , the date when this request was sent (or 90 days if it was sent outside the United States). If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date: Dec. 1, 2025

/s/ Daniel M. Combs

*Signature of the attorney or unrepresented party*

Maria E. Berkenkotter

Daniel M. Combs, First Assistant Attorney General

*Printed name of party waiving service of summons*

*Printed name*

Colorado Attorney General's Office
1300 Broadway, 10th Floor
Denver, CO 80203

*Address*

Dan.Combs@coag.gov

*E-mail address*

720-508-6625

*Telephone number*

### Duty to Avoid Unnecessary Expenses of Serving a Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint. A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court. By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

AO 399 (01/09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT

for the

District of Colorado

| | | |
|---|---|---|
| Christopher S.P. Gregory | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 1:25-cv-03361-DDD |
| Colorado Jud. Discipline Rulemaking Committee, et al. | ) | |
| *Defendant* | ) | |

## WAIVER OF THE SERVICE OF SUMMONS

To:     Ingrid J. DeFranco

         *(Name of the plaintiff's attorney or unrepresented plaintiff)*

I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from          Dec. 1, 2025          , the date when this request was sent (or 90 days if it was sent outside the United States).  If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date:   Dec. 1, 2025

                                                    /s/ Daniel M. Combs

                                                    *Signature of the attorney or unrepresented party*

Brian D. Boatright                                  Daniel M. Combs, First Assistant Attorney General

*Printed name of party waiving service of summons*          *Printed name*

                                                    Colorado Attorney General's Office
                                                    1300 Broadway, 10th Floor
                                                    Denver, CO 80203

                                                    *Address*

                                                    Dan.Combs@coag.gov

                                                    *E-mail address*

                                                    720-508-6625

                                                    *Telephone number*

**Duty to Avoid Unnecessary Expenses of Serving a Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint.  A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court.  By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

AO 399 (01/09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT

for the

District of Colorado   ▾

| | |
|---|---|
| Christopher S.P. Gregory | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 1:25-cv-03361-DDD |
| Colorado Jud. Discipline Rulemaking Committee, et al. | ) |
| *Defendant* | ) |

## WAIVER OF THE SERVICE OF SUMMONS

To:   Ingrid J. DeFranco

  *(Name of the plaintiff's attorney or unrepresented plaintiff)*

I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from      Dec. 1, 2025      , the date when this request was sent (or 90 days if it was sent outside the United States). If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date:   Dec. 1, 2025

  Richard L. Gabriel

*Printed name of party waiving service of summons*

/s/ Daniel M. Combs

*Signature of the attorney or unrepresented party*

Daniel M. Combs, First Assistant Attorney General

*Printed name*

Colorado Attorney General's Office
1300 Broadway, 10th Floor
Denver, CO 80203

*Address*

Dan.Combs@coag.gov

*E-mail address*

720-508-6625

*Telephone number*

---

**Duty to Avoid Unnecessary Expenses of Serving a Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint. A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court. By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

Case No. 1:25-cv-03361-GPG-STV Document 15-1 Filed 12/03/25 USDC Colorado pg 86 of 520

AO 399 (01/09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT

for the

District of Colorado ▼

| | |
|---|---|
| Christopher S.P. Gregory | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 1:25-cv-03361-DDD |
| Colorado Jud. Discipline Rulemaking Committee, et al. | ) |
| *Defendant* | ) |

## WAIVER OF THE SERVICE OF SUMMONS

To: Ingrid J. DeFranco

*(Name of the plaintiff's attorney or unrepresented plaintiff)*

I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from ___Dec. 1, 2025___, the date when this request was sent (or 90 days if it was sent outside the United States). If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date: Dec. 1, 2025

/s/ Daniel M. Combs

*Signature of the attorney or unrepresented party*

Melissa Hart

Daniel M. Combs, First Assistant Attorney General

*Printed name of party waiving service of summons*

*Printed name*

Colorado Attorney General's Office
1300 Broadway, 10th Floor
Denver, CO 80203

*Address*

Dan.Combs@coag.gov

*E-mail address*

720-508-6625

*Telephone number*

### Duty to Avoid Unnecessary Expenses of Serving a Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint. A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court. By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

AO 399 (01/09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT
### for the
### District of Colorado ▾

| | |
|---|---|
| Christopher S.P. Gregory | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 1:25-cv-03361-DDD |
| Colorado Jud. Discipline Rulemaking Committee, et al. | ) |
| *Defendant* | ) |

## WAIVER OF THE SERVICE OF SUMMONS

To:   Ingrid J. DeFranco

_____
*(Name of the plaintiff's attorney or unrepresented plaintiff)*

I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from   Dec. 1, 2025  , the date when this request was sent (or 90 days if it was sent outside the United States). If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date:   Dec. 1, 2025

William W. Hood, III

*Printed name of party waiving service of summons*

/s/ Daniel M. Combs

*Signature of the attorney or unrepresented party*

Daniel M. Combs, First Assistant Attorney General

*Printed name*

Colorado Attorney General's Office
1300 Broadway, 10th Floor
Denver, CO 80203

*Address*

Dan.Combs@coag.gov

*E-mail address*

720-508-6625

*Telephone number*

---

### Duty to Avoid Unnecessary Expenses of Serving a Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint. A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court. By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

AO 399 (01/09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT

for the

District of Colorado ☐ ▾

Christopher S.P. Gregory )
_____ )
*Plaintiff* )
v. ) Civil Action No. 1:25-cv-03361-DDD
Colorado Jud. Discipline Rulemaking Committee, et al. )
_____ )
*Defendant* )

## WAIVER OF THE SERVICE OF SUMMONS

To: Ingrid J. DeFranco
_____
*(Name of the plaintiff's attorney or unrepresented plaintiff)*

I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from Dec. 1, 2025 , the date when this request was sent (or 90 days if it was sent outside the United States). If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date: Dec. 1, 2025

/s/ Daniel M. Combs
_____
*Signature of the attorney or unrepresented party*

Carlos A. Samour, Jr.
_____
*Printed name of party waiving service of summons*

Daniel M. Combs, First Assistant Attorney General
*Printed name*

Colorado Attorney General's Office
1300 Broadway, 10th Floor
Denver, CO 80203
_____
*Address*

Dan.Combs@coag.gov
_____
*E-mail address*

720-508-6625
_____
*Telephone number*

**Duty to Avoid Unnecessary Expenses of Serving a Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint. A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court. By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

AO 399 (01/09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT
for the

District of Colorado ▼

CHRISTOPER S.P. GREGORY )
*Plaintiff* )
)
v. ) Civil Action No. 1:25-cv-03361-DDD
COLO. JUD. DISCIPLINE RULEMAKING COMM. et al )
*Defendant* )

## WAIVER OF THE SERVICE OF SUMMONS

To:  Ingrid J. DeFranco

*(Name of the plaintiff's attorney or unrepresented plaintiff)*

I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from                 12/01/2025                , the date when this request was sent (or 90 days if it was sent outside the United States).  If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date:      12/01/2025                                              /s/ Daniel M. Combs
                                                                     *Signature of the attorney or unrepresented party*

Alison Kyles                              Daniel M. Combs, First Assistant Attorney General
*Printed name of party waiving service of summons*                *Printed name*
                                                                Colorado Attorney General's Office
                                                                1300 Broadway
                                                                Denver, CO 80203
                                                                     *Address*

                                                                Dan.Combs@coag.gov
                                                                     *E-mail address*

                                                                (720) 508-6625
                                                                     *Telephone number*

**Duty to Avoid Unnecessary Expenses of Serving a Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint.  A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court.  By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

AO 399 (01/09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT
for the

District of Colorado ☐ ▼

CHRISTOPER S.P. GREGORY )
_____
*Plaintiff* )
)
v. ) Civil Action No. 1:25-cv-03361-DDD
COLO. JUD. DISCIPLINE RULEMAKING COMM. et al )
_____
*Defendant* )

## WAIVER OF THE SERVICE OF SUMMONS

To:  Ingrid J. DeFranco
_____
   *(Name of the plaintiff's attorney or unrepresented plaintiff)*

I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from _____12/01/2025_____, the date when this request was sent (or 90 days if it was sent outside the United States).  If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date:  _____12/01/2025_____           /s/ Daniel M. Combs
                         _____
                         *Signature of the attorney or unrepresented party*

Bryon Large                     Daniel M. Combs, First Assistant Attorney General
_____        _____
*Printed name of party waiving service of summons*             *Printed name*
                         Colorado Attorney General's Office
                         1300 Broadway
                         Denver, CO 80203
                         _____
                         *Address*

                         Dan.Combs@coag.gov
                         _____
                         *E-mail address*

                         (720) 508-6625
                         _____
                         *Telephone number*

**Duty to Avoid Unnecessary Expenses of Serving a Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint.  A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court.  By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

AO 399 (01/09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT

## for the

District of Colorado  ▼

CHRISTOPER S.P. GREGORY )
*Plaintiff* )
v. ) Civil Action No. 1:25-cv-03361-DDD
COLO. JUD. DISCIPLINE RULEMAKING COMM. et al )
*Defendant* )

## WAIVER OF THE SERVICE OF SUMMONS

To:  Ingrid J. DeFranco
*(Name of the plaintiff's attorney or unrepresented plaintiff)*

I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from                12/01/2025             , the date when this request was sent (or 90 days if it was sent outside the United States).  If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date:       12/01/2025                                        /s/ Daniel M. Combs
                                                   *Signature of the attorney or unrepresented party*

              Anne Mangiardi                       Daniel M. Combs, First Assistant Attorney General
*Printed name of party waiving service of summons*              *Printed name*
                                                     Colorado Attorney General's Office
                                                           1300 Broadway
                                                          Denver, CO 80203

                                                            *Address*

                                                      Dan.Combs@coag.gov
                                                          *E-mail address*

                                                       (720) 508-6625
                                                       *Telephone number*

**Duty to Avoid Unnecessary Expenses of Serving a Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint.  A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court.  By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

AO 399 (01/09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT
for the

District of Colorado ▾

| | | |
|---|---|---|
| CHRISTOPER S.P. GREGORY | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.  1:25-cv-03361-DDD |
| COLO. JUD. DISCIPLINE RULEMAKING COMM. et al | ) | |
| *Defendant* | ) | |

## WAIVER OF THE SERVICE OF SUMMONS

To:  Ingrid J. DeFranco
 *(Name of the plaintiff's attorney or unrepresented plaintiff)*

    I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

    I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

    I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

    I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from                12/01/2025              , the date when this request was sent (or 90 days if it was sent outside the United States).  If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date:      12/01/2025                                                           /s/ Daniel M. Combs
                                                                      *Signature of the attorney or unrepresented party*

                       Bonnie McLean                       Daniel M. Combs, First Assistant Attorney General
*Printed name of party waiving service of summons*                           *Printed name*
                                                              Colorado Attorney General's Office
                                                              1300 Broadway
                                                              Denver, CO 80203

                                                                              *Address*

                                                                    Dan.Combs@coag.gov
                                                                      *E-mail address*

                                                                    (720) 508-6625
                                                                      *Telephone number*

---

**Duty to Avoid Unnecessary Expenses of Serving a Summons**

    Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint.  A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

    "Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

    If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

    If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court.  By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

AO 399 (01/09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT

for the

District of Colorado   ▾

CHRISTOPER S.P. GREGORY
_____
*Plaintiff*

v.

COLO. JUD. DISCIPLINE RULEMAKING COMM. et al
_____
*Defendant*

)
)
)
)
)
)

Civil Action No.  1:25-cv-03361-DDD

## WAIVER OF THE SERVICE OF SUMMONS

To:  Ingrid J. DeFranco
_____
*(Name of the plaintiff's attorney or unrepresented plaintiff)*

I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from            12/01/2025            , the date when this request was sent (or 90 days if it was sent outside the United States).  If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date:      12/01/2025

Colleen McManamon
_____
*Printed name of party waiving service of summons*

/s/ Daniel M. Combs
_____
*Signature of the attorney or unrepresented party*

Daniel M. Combs, First Assistant Attorney General
*Printed name*
Colorado Attorney General's Office
1300 Broadway
Denver, CO 80203
_____
*Address*

Dan.Combs@coag.gov
_____
*E-mail address*

(720) 508-6625
_____
*Telephone number*

**Duty to Avoid Unnecessary Expenses of Serving a Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint.  A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court.  By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

AO 399 (01/09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT
for the
District of Colorado

CHRISTOPER S.P. GREGORY
*Plaintiff*

v.

COLO. JUD. DISCIPLINE RULEMAKING COMM. et al
*Defendant*

Civil Action No. 1:25-cv-03361-DDD

## WAIVER OF THE SERVICE OF SUMMONS

To: Ingrid J. DeFranco
*(Name of the plaintiff's attorney or unrepresented plaintiff)*

I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from 12/01/2025 , the date when this request was sent (or 90 days if it was sent outside the United States). If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date: 12/01/2025

/s/ Daniel M. Combs
*Signature of the attorney or unrepresented party*

Kristen Mix
*Printed name of party waiving service of summons*

Daniel M. Combs, First Assistant Attorney General
*Printed name*
Colorado Attorney General's Office
1300 Broadway
Denver, CO 80203
*Address*

Dan.Combs@coag.gov
*E-mail address*

(720) 508-6625
*Telephone number*

**Duty to Avoid Unnecessary Expenses of Serving a Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint. A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court. By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

AO 399 (01/09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT
for the

District of Colorado  ▾

| | |
|---|---|
| CHRISTOPER S.P. GREGORY | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 1:25-cv-03361-DDD |
| COLO. JUD. DISCIPLINE RULEMAKING COMM. et al | ) |
| *Defendant* | ) |

**WAIVER OF THE SERVICE OF SUMMONS**

To:  Ingrid J. DeFranco
*(Name of the plaintiff's attorney or unrepresented plaintiff)*

I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from                12/01/2025                , the date when this request was sent (or 90 days if it was sent outside the United States).  If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date:      12/01/2025                                    /s/ Daniel M. Combs
                                                 *Signature of the attorney or unrepresented party*

              Reed Owens                    Daniel M. Combs, First Assistant Attorney General
*Printed name of party waiving service of summons*              *Printed name*
                                              Colorado Attorney General's Office
                                              1300 Broadway
                                              Denver, CO 80203

                                                 *Address*

                                              Dan.Combs@coag.gov
                                                 *E-mail address*

                                              (720) 508-6625
                                                 *Telephone number*

**Duty to Avoid Unnecessary Expenses of Serving a Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint.  A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court.  By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

Case No. 1:25-cv-03361-GPG-GBC Document 28-25 Filed 12/03/25 USDC Colorado pg 96 of 520

# UNITED STATES DISTRICT COURT

for the

District of Colorado ▾

CHRISTOPER S.P. GREGORY )
_____ )
*Plaintiff* )
v. ) Civil Action No. 1:25-cv-03361-DDD
COLO. JUD. DISCIPLINE RULEMAKING COMM. et al )
_____ )
*Defendant* )

## WAIVER OF THE SERVICE OF SUMMONS

To: Ingrid J. DeFranco
_____
*(Name of the plaintiff's attorney or unrepresented plaintiff)*

I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from            12/01/2025            , the date when this request was sent (or 90 days if it was sent outside the United States). If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date:     12/01/2025                               /s/ Daniel M. Combs
_____              _____
                                      *Signature of the attorney or unrepresented party*

     Meredith Patrick Cord              Daniel M. Combs, First Assistant Attorney General
_____              _____
*Printed name of party waiving service of summons*          *Printed name*
                                      Colorado Attorney General's Office
                                      1300 Broadway
                                      Denver, CO 80203
                                      _____
                                      *Address*

                                      Dan.Combs@coag.gov
                                      _____
                                      *E-mail address*

                                      (720) 508-6625
                                      _____
                                      *Telephone number*

---

**Duty to Avoid Unnecessary Expenses of Serving a Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint. A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court. By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

AO 399 (01/09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT
### for the
District of Colorado   ▼

CHRISTOPER S.P. GREGORY )
*Plaintiff* )
v. ) Civil Action No. 1:25-cv-03361-DDD
COLO. JUD. DISCIPLINE RULEMAKING COMM. et al )
*Defendant* )

## WAIVER OF THE SERVICE OF SUMMONS

To: Ingrid J. DeFranco
*(Name of the plaintiff's attorney or unrepresented plaintiff)*

I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from 12/01/2025 , the date when this request was sent (or 90 days if it was sent outside the United States). If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date: 12/01/2025

/s/ Daniel M. Combs
*Signature of the attorney or unrepresented party*

Mary V. Sooter
*Printed name of party waiving service of summons*

Daniel M. Combs, First Assistant Attorney General
*Printed name*
Colorado Attorney General's Office
1300 Broadway
Denver, CO 80203
*Address*

Dan.Combs@coag.gov
*E-mail address*

(720) 508-6625
*Telephone number*

---

**Duty to Avoid Unnecessary Expenses of Serving a Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint. A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court. By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

AO 399 (01/09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT
for the

District of Colorado    ▼

| | |
|---|---|
| CHRISTOPER S.P. GREGORY | ) |
| *Plaintiff* | ) |
| v. | )   Civil Action No.   1:25-cv-03361-DDD |
| COLO. JUD. DISCIPLINE RULEMAKING COMM. et al | ) |
| *Defendant* | ) |

## WAIVER OF THE SERVICE OF SUMMONS

To:   Ingrid J. DeFranco
      *(Name of the plaintiff's attorney or unrepresented plaintiff)*

      I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

      I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

      I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

      I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from     12/01/2025    , the date when this request was sent (or 90 days if it was sent outside the United States). If I fail to do so, a default judgment will be entered against me or the entity I represent.


Date:    12/01/2025                   /s/ Daniel M. Combs
                                                   *Signature of the attorney or unrepresented party*

    Aubrey C. Sullivan            Daniel M. Combs, First Assistant Attorney General
*Printed name of party waiving service of summons*           *Printed name*
                                        Colorado Attorney General's Office
                                              1300 Broadway
                                              Denver, CO 80203

                                                  *Address*

                                         Dan.Combs@coag.gov
                                               *E-mail address*

                                         (720) 508-6625
                                               *Telephone number*

---

**Duty to Avoid Unnecessary Expenses of Serving a Summons**

      Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint. A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

      "Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

      If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

      If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court. By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

AO 399 (01/09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT

for the

District of Colorado ▼

CHRISTOPER S.P. GREGORY )
_____ )
*Plaintiff* )
v. ) Civil Action No. 1:25-cv-03361-DDD
COLO. JUD. DISCIPLINE RULEMAKING COMM. et al )
_____ )
*Defendant* )

## WAIVER OF THE SERVICE OF SUMMONS

To: Ingrid J. DeFranco
_____
*(Name of the plaintiff's attorney or unrepresented plaintiff)*

I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from 12/01/2025 , the date when this request was sent (or 90 days if it was sent outside the United States). If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date: 12/01/2025                                    /s/ Daniel M. Combs
_____                 _____
                                                          *Signature of the attorney or unrepresented party*

Courtney Sutton                              Daniel M. Combs, First Assistant Attorney General
_____                 _____
*Printed name of party waiving service of summons*              *Printed name*
                                                          Colorado Attorney General's Office
                                                          1300 Broadway
                                                          Denver, CO 80203
                                                          _____
                                                          *Address*

                                                          Dan.Combs@coag.gov
                                                          _____
                                                          *E-mail address*

                                                          (720) 508-6625
                                                          _____
                                                          *Telephone number*

**Duty to Avoid Unnecessary Expenses of Serving a Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint. A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court. By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

AO 399 (01/09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT

for the

District of Colorado ▼

CHRISTOPER S.P. GREGORY )
*Plaintiff* )
)
v. ) Civil Action No. 1:25-cv-03361-DDD
COLO. JUD. DISCIPLINE RULEMAKING COMM. et al )
*Defendant* )

## WAIVER OF THE SERVICE OF SUMMONS

To: Ingrid J. DeFranco

*(Name of the plaintiff's attorney or unrepresented plaintiff)*

I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from          12/01/2025          , the date when this request was sent (or 90 days if it was sent outside the United States).  If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date:     12/01/2025

/s/ Daniel M. Combs
*Signature of the attorney or unrepresented party*

Jeff Swanty
*Printed name of party waiving service of summons*

Daniel M. Combs, First Assistant Attorney General
*Printed name*
Colorado Attorney General's Office
1300 Broadway
Denver, CO 80203
*Address*

Dan.Combs@coag.gov
*E-mail address*

(720) 508-6625
*Telephone number*

**Duty to Avoid Unnecessary Expenses of Serving a Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint.  A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court.  By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

AO 399 (01/09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT
### for the
District of Colorado ▾

| | |
|---|---|
| CHRISTOPER S.P. GREGORY | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 1:25-cv-03361-DDD |
| COLO. JUD. DISCIPLINE RULEMAKING COMM. et al | ) |
| *Defendant* | ) |

## WAIVER OF THE SERVICE OF SUMMONS

To: Ingrid J. DeFranco
　　*(Name of the plaintiff's attorney or unrepresented plaintiff)*

　　　I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

　　　I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

　　　I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

　　　I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from _____12/01/2025_____, the date when this request was sent (or 90 days if it was sent outside the United States). If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date: _____12/01/2025_____

　　　　　　　　　　　　　　　　　　　　　　　/s/ Daniel M. Combs
　　　　　　　　　　　　　　　　　　*Signature of the attorney or unrepresented party*

Stefanie Trujillo
*Printed name of party waiving service of summons*

Daniel M. Combs, First Assistant Attorney General
*Printed name*
Colorado Attorney General's Office
1300 Broadway
Denver, CO 80203
*Address*

Dan.Combs@coag.gov
*E-mail address*

(720) 508-6625
*Telephone number*

**Duty to Avoid Unnecessary Expenses of Serving a Summons**

　　　Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint. A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

　　　"Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

　　　If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

　　　If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court. By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

AO 399 (01/09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT

for the

District of Colorado ▾

CHRISTOPER S.P. GREGORY )
_____
*Plaintiff* )

v. ) Civil Action No. 1:25-cv-03361-DDD

COLO. JUD. DISCIPLINE RULEMAKING COMM. et al )
_____
*Defendant* )

## WAIVER OF THE SERVICE OF SUMMONS

To: Ingrid J. DeFranco
_____
*(Name of the plaintiff's attorney or unrepresented plaintiff)*

I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from _____12/01/2025_____, the date when this request was sent (or 90 days if it was sent outside the United States). If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date: _____12/01/2025_____     _____/s/ Daniel M. Combs_____
                               *Signature of the attorney or unrepresented party*

Mariana Vielma                 Daniel M. Combs, First Assistant Attorney General
_____     *Printed name*
*Printed name of party waiving service of summons*     Colorado Attorney General's Office
                                       1300 Broadway
                                       Denver, CO 80203
                               _____
                                       *Address*

                               Dan.Combs@coag.gov
                               _____
                                       *E-mail address*

                               (720) 508-6625
                               _____
                                       *Telephone number*

**Duty to Avoid Unnecessary Expenses of Serving a Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint. A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court. By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

AO 399 (01/09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT

for the

District of Colorado ⊡

| | | |
|---|---|---|
| CHRISTOPER S.P. GREGORY | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 1:25-cv-03361-DDD |
| COLO. JUD. DISCIPLINE RULEMAKING COMM. et al | ) | |
| *Defendant* | ) | |

## WAIVER OF THE SERVICE OF SUMMONS

To:  Ingrid J. DeFranco
　　　*(Name of the plaintiff's attorney or unrepresented plaintiff)*

I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from _____12/01/2025_____ , the date when this request was sent (or 90 days if it was sent outside the United States).  If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date:　　　12/01/2025

Vincente Vigil
*Printed name of party waiving service of summons*

/s/ Daniel M. Combs
*Signature of the attorney or unrepresented party*

Daniel M. Combs, First Assistant Attorney General
*Printed name*
Colorado Attorney General's Office
1300 Broadway
Denver, CO 80203
*Address*

Dan.Combs@coag.gov
*E-mail address*

(720) 508-6625
*Telephone number*

---

**Duty to Avoid Unnecessary Expenses of Serving a Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint.  A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court.  By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

AO 399 (01/09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT
### for the
District of Colorado  ▼

| | | |
|---|---|---|
| CHRISTOPER S.P. GREGORY | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.  1:25-cv-03361-DDD |
| COLO. JUD. DISCIPLINE RULEMAKING COMM. et al | ) | |
| *Defendant* | ) | |

## WAIVER OF THE SERVICE OF SUMMONS

To:  Ingrid J. DeFranco
　　　*(Name of the plaintiff's attorney or unrepresented plaintiff)*

　　　I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

　　　I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

　　　I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

　　　I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from ＿＿＿＿＿12/01/2025＿＿＿＿＿, the date when this request was sent (or 90 days if it was sent outside the United States).  If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date:  ＿＿＿12/01/2025＿＿＿　　　　　　　　　　　　　/s/ Daniel M. Combs
　　　　　　　　　　　　　　　　　　　　　　　*Signature of the attorney or unrepresented party*

　　　　　　Jeffrey M. Walsh　　　　　　　　　Daniel M. Combs, First Assistant Attorney General
　　*Printed name of party waiving service of summons*　　　　　　　*Printed name*
　　　　　　　　　　　　　　　　　　　　　　Colorado Attorney General's Office
　　　　　　　　　　　　　　　　　　　　　　　　1300 Broadway
　　　　　　　　　　　　　　　　　　　　　　　Denver, CO 80203
　　　　　　　　　　　　　　　　　　　　　　　　　*Address*

　　　　　　　　　　　　　　　　　　　　　　Dan.Combs@coag.gov
　　　　　　　　　　　　　　　　　　　　　　　*E-mail address*

　　　　　　　　　　　　　　　　　　　　　　(720) 508-6625
　　　　　　　　　　　　　　　　　　　　　　*Telephone number*

---

### Duty to Avoid Unnecessary Expenses of Serving a Summons

　　　Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint.  A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

　　　"Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

　　　If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

　　　If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court.  By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

AO 399 (01/09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT

for the

District of Colorado  ▾

CHRISTOPER S.P. GREGORY ) 
_____ )
*Plaintiff* )
v. ) Civil Action No. 1:25-cv-03361-DDD
COLO. JUD. DISCIPLINE RULEMAKING COMM. et al )
_____ )
*Defendant* )

## WAIVER OF THE SERVICE OF SUMMONS

To: Ingrid J. DeFranco
_____
*(Name of the plaintiff's attorney or unrepresented plaintiff)*

    I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

    I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

    I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

    I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from _____ 12/01/2025 _____, the date when this request was sent (or 90 days if it was sent outside the United States).  If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date: _____ 12/01/2025 _____          /s/ Daniel M. Combs
                                         *Signature of the attorney or unrepresented party*

          Emily Tofte Nestaval          Daniel M. Combs, First Assistant Attorney General
*Printed name of party waiving service of summons*      *Printed name*
                                  Colorado Attorney General's Office
                                    1300 Broadway
                                    Denver, CO 80203
                                         *Address*

                                       Dan.Combs@coag.gov
                                         *E-mail address*

                                       (720) 508-6625
                                       *Telephone number*

**Duty to Avoid Unnecessary Expenses of Serving a Summons**

    Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint.  A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

    "Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

    If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

    If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court.  By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

AO 399 (01/09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT
### for the
District of Colorado ▾

CHRISTOPER S.P. GREGORY )
_____
*Plaintiff* )
v. ) Civil Action No. 1:25-cv-03361-DDD
COLO. JUD. DISCIPLINE RULEMAKING COMM. et al )
_____
*Defendant* )

## WAIVER OF THE SERVICE OF SUMMONS

To: Ingrid J. DeFranco
_____
*(Name of the plaintiff's attorney or unrepresented plaintiff)*

I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from _____12/01/2025_____, the date when this request was sent (or 90 days if it was sent outside the United States).  If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date: ____12/01/2025____                         /s/ Daniel M. Combs
                                          _____
                                          *Signature of the attorney or unrepresented party*

David Beller                              Daniel M. Combs, First Assistant Attorney General
_____          _____
*Printed name of party waiving service of summons*          *Printed name*
                                          Colorado Attorney General's Office
                                          1300 Broadway
                                          Denver, CO 80203
                                          _____
                                          *Address*

                                          Dan.Combs@coag.gov
                                          _____
                                          *E-mail address*

                                          (720) 508-6625
                                          _____
                                          *Telephone number*

---

**Duty to Avoid Unnecessary Expenses of Serving a Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint.  A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court.  By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

AO 399 (01/09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT
for the
District of Colorado ▾

| | |
|---|---|
| CHRISTOPER S.P. GREGORY | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 1:25-cv-03361-DDD |
| COLO. JUD. DISCIPLINE RULEMAKING COMM. et al | ) |
| *Defendant* | ) |

## WAIVER OF THE SERVICE OF SUMMONS

To: Ingrid J. DeFranco

*(Name of the plaintiff's attorney or unrepresented plaintiff)*

I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from _____12/01/2025_____, the date when this request was sent (or 90 days if it was sent outside the United States). If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date:    12/01/2025                                     /s/ Daniel M. Combs

*Signature of the attorney or unrepresented party*

Jill Brady                                          Daniel M. Combs, First Assistant Attorney General
*Printed name of party waiving service of summons*                    *Printed name*
Colorado Attorney General's Office
1300 Broadway
Denver, CO 80203

*Address*

Dan.Combs@coag.gov

*E-mail address*

(720) 508-6625

*Telephone number*

**Duty to Avoid Unnecessary Expenses of Serving a Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint. A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court. By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

AO 399 (01/09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT

### for the

### District of Colorado ▼

| | |
|---|---|
| Christopher S.P. Gregory | ) |
| *Plaintiff* | ) |
| v. | )   Civil Action No.  1:25-cv-03361-DDD |
| Colorado Jud. Discipline Rulemaking Committee, et al. | ) |
| *Defendant* | ) |

### WAIVER OF THE SERVICE OF SUMMONS

To:   Ingrid J. DeFranco
  *(Name of the plaintiff's attorney or unrepresented plaintiff)*

I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from Dec. 1, 2025 , the date when this request was sent (or 90 days if it was sent outside the United States). If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date:  Dec. 1, 2025

/s/ Daniel M. Combs
*Signature of the attorney or unrepresented party*

Monica M. Márquez
*Printed name of party waiving service of summons*

Daniel M. Combs, First Assistant Attorney General
*Printed name*

Colorado Attorney General's Office
1300 Broadway
Denver, CO 80203
*Address*

Dan.Combs@coag.gov
*E-mail address*

720-508-6625
*Telephone number*

---

### Duty to Avoid Unnecessary Expenses of Serving a Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint. A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court. By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

AO 399 (01/09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT

for the

District of Colorado  ▼

| | |
|---|---|
| CHRISTOPER S.P. GREGORY | ) |
| *Plaintiff* | ) |
| v. | )  Civil Action No.  1:25-cv-03361-DDD |
| COLO. JUD. DISCIPLINE RULEMAKING COMM. et al | ) |
| *Defendant* | ) |

## WAIVER OF THE SERVICE OF SUMMONS

To:  Ingrid J. DeFranco
    *(Name of the plaintiff's attorney or unrepresented plaintiff)*

    I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

    I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

    I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

    I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from            12/01/2025            , the date when this request was sent (or 90 days if it was sent outside the United States).  If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date:     12/01/2025                                    /s/ Daniel M. Combs
                                                *Signature of the attorney or unrepresented party*

           Gina Cannan                      Daniel M. Combs, First Assistant Attorney General
*Printed name of party waiving service of summons*              *Printed name*
                                           Colorado Attorney General's Office
                                                  1300 Broadway
                                                 Denver, CO 80203

                                                    *Address*

                                               Dan.Combs@coag.gov
                                                 *E-mail address*

                                                 (720) 508-6625
                                                *Telephone number*

---

### Duty to Avoid Unnecessary Expenses of Serving a Summons

    Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint.  A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

    "Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

    If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

    If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court.  By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

AO 399 (01/09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT

for the

District of Colorado ▼

CHRISTOPER S.P. GREGORY )
*Plaintiff* )
)
v. ) Civil Action No. 1:25-cv-03361-DDD
COLO. JUD. DISCIPLINE RULEMAKING COMM. et al )
*Defendant* )

## WAIVER OF THE SERVICE OF SUMMONS

To: Ingrid J. DeFranco

*(Name of the plaintiff's attorney or unrepresented plaintiff)*

I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from _____12/01/2025_____, the date when this request was sent (or 90 days if it was sent outside the United States). If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date: _____12/01/2025_____               /s/ Daniel M. Combs
                                  *Signature of the attorney or unrepresented party*

James Carpenter              Daniel M. Combs, First Assistant Attorney General
*Printed name of party waiving service of summons*              *Printed name*
                                  Colorado Attorney General's Office
                                  1300 Broadway
                                  Denver, CO 80203

                                  *Address*

                                  Dan.Combs@coag.gov
                                  *E-mail address*

                                  (720) 508-6625
                                  *Telephone number*

**Duty to Avoid Unnecessary Expenses of Serving a Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint. A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court. By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

AO 399 (01/09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT
for the
District of Colorado  [▼]

| | |
|---|---|
| CHRISTOPER S.P. GREGORY | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 1:25-cv-03361-DDD |
| COLO. JUD. DISCIPLINE RULEMAKING COMM. et al | ) |
| *Defendant* | ) |

## WAIVER OF THE SERVICE OF SUMMONS

To:  Ingrid J. DeFranco
      *(Name of the plaintiff's attorney or unrepresented plaintiff)*

I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from     12/01/2025    , the date when this request was sent (or 90 days if it was sent outside the United States).  If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date:    12/01/2025                               /s/ Daniel M. Combs
                                         *Signature of the attorney or unrepresented party*

         Nancy Cohen                  Daniel M. Combs, First Assistant Attorney General
*Printed name of party waiving service of summons*         *Printed name*
                                   Colorado Attorney General's Office
                                       1300 Broadway
                                     Denver, CO 80203
                                         *Address*

                                   Dan.Combs@coag.gov
                                     *E-mail address*

                                   (720) 508-6625
                                     *Telephone number*

**Duty to Avoid Unnecessary Expenses of Serving a Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint.  A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court.  By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

AO 399 (01/09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT
for the

District of Colorado   ▼

| | | |
|---|---|---|
| CHRISTOPER S.P. GREGORY | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.  1:25-cv-03361-DDD |
| COLO. JUD. DISCIPLINE RULEMAKING COMM. et al | ) | |
| *Defendant* | ) | |

## WAIVER OF THE SERVICE OF SUMMONS

To:  Ingrid J. DeFranco
<div></div>
*(Name of the plaintiff's attorney or unrepresented plaintiff)*

I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from                   12/01/2025                   , the date when this request was sent (or 90 days if it was sent outside the United States).  If I fail to do so, a default judgment will be entered against me or the entity I represent.


Date:        12/01/2025                                                              /s/ Daniel M. Combs
                                                                                  *Signature of the attorney or unrepresented party*

                  Robert Gardner                                    Daniel M. Combs, First Assistant Attorney General
*Printed name of party waiving service of summons*                                    *Printed name*
                                                                       Colorado Attorney General's Office
                                                                                  1300 Broadway
                                                                                  Denver, CO 80203

                                                                                    *Address*

                                                                              Dan.Combs@coag.gov
                                                                                  *E-mail address*

                                                                                 (720) 508-6625
                                                                                *Telephone number*

**Duty to Avoid Unnecessary Expenses of Serving a Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint.  A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court.  By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

AO 399 (01/09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT

for the

District of Colorado  ▼

| CHRISTOPER S.P. GREGORY | ) | |
|---|---|---|
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 1:25-cv-03361-DDD |
| COLO. JUD. DISCIPLINE RULEMAKING COMM. et al | ) | |
| *Defendant* | ) | |

## WAIVER OF THE SERVICE OF SUMMONS

To: Ingrid J. DeFranco

*(Name of the plaintiff's attorney or unrepresented plaintiff)*

I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from _____12/01/2025_____, the date when this request was sent (or 90 days if it was sent outside the United States). If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date: _____12/01/2025_____

Sara Garrido
*Printed name of party waiving service of summons*

/s/ Daniel M. Combs
*Signature of the attorney or unrepresented party*

Daniel M. Combs, First Assistant Attorney General
*Printed name*
Colorado Attorney General's Office
1300 Broadway
Denver, CO 80203
*Address*

Dan.Combs@coag.gov
*E-mail address*

(720) 508-6625
*Telephone number*

**Duty to Avoid Unnecessary Expenses of Serving a Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint. A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court. By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

AO 399 (01/09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT
for the
District of Colorado ▾

CHRISTOPER S.P. GREGORY ) 
*Plaintiff* )
)
v. ) Civil Action No. 1:25-cv-03361-DDD
COLO. JUD. DISCIPLINE RULEMAKING COMM. et al )
*Defendant* )
)

## WAIVER OF THE SERVICE OF SUMMONS

To: Ingrid J. DeFranco
*(Name of the plaintiff's attorney or unrepresented plaintiff)*

I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from                12/01/2025                , the date when this request was sent (or 90 days if it was sent outside the United States).  If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date:     12/01/2025                                        /s/ Daniel M. Combs
                                                                      *Signature of the attorney or unrepresented party*

        Kirsten Grooms                              Daniel M. Combs, First Assistant Attorney General
*Printed name of party waiving service of summons*                     *Printed name*
                                                            Colorado Attorney General's Office
                                                                    1300 Broadway
                                                                    Denver, CO 80203
                                                                      *Address*

                                                            Dan.Combs@coag.gov
                                                                    *E-mail address*

                                                            (720) 508-6625
                                                                  *Telephone number*

### Duty to Avoid Unnecessary Expenses of Serving a Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint.  A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court.  By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

AO 399 (01/09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT
for the

District of Colorado ☐▾

CHRISTOPER S.P. GREGORY )
*Plaintiff* )
)
v. ) Civil Action No. 1:25-cv-03361-DDD
)
COLO. JUD. DISCIPLINE RULEMAKING COMM. et al )
*Defendant* )

## WAIVER OF THE SERVICE OF SUMMONS

To: Ingrid J. DeFranco

*(Name of the plaintiff's attorney or unrepresented plaintiff)*

I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from 12/01/2025 , the date when this request was sent (or 90 days if it was sent outside the United States). If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date: 12/01/2025

/s/ Daniel M. Combs
*Signature of the attorney or unrepresented party*

James Hartmann
*Printed name of party waiving service of summons*

Daniel M. Combs, First Assistant Attorney General
*Printed name*
Colorado Attorney General's Office
1300 Broadway
Denver, CO 80203
*Address*

Dan.Combs@coag.gov
*E-mail address*

(720) 508-6625
*Telephone number*

**Duty to Avoid Unnecessary Expenses of Serving a Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint. A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court. By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

AO 399 (01/09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT

for the

District of Colorado   ▼

CHRISTOPER S.P. GREGORY
_____
*Plaintiff*

v.                                    Civil Action No. 1:25-cv-03361-DDD

COLO. JUD. DISCIPLINE RULEMAKING COMM. et al
_____
*Defendant*

)
)
)
)
)
)

## WAIVER OF THE SERVICE OF SUMMONS

To: Ingrid J. DeFranco
_____
*(Name of the plaintiff's attorney or unrepresented plaintiff)*

I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from _____12/01/2025_____, the date when this request was sent (or 90 days if it was sent outside the United States). If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date: _____12/01/2025_____                              /s/ Daniel M. Combs
                                                          _____
                                                          *Signature of the attorney or unrepresented party*

Amanda Hollander                              Daniel M. Combs, First Assistant Attorney General
_____               _____
*Printed name of party waiving service of summons*              *Printed name*
                                                          Colorado Attorney General's Office
                                                          1300 Broadway
                                                          Denver, CO 80203
                                                          _____
                                                          *Address*

                                                          Dan.Combs@coag.gov
                                                          _____
                                                          *E-mail address*

                                                          (720) 508-6625
                                                          _____
                                                          *Telephone number*

**Duty to Avoid Unnecessary Expenses of Serving a Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint. A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court. By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

AO 399 (01/09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT

for the

District of Colorado   ▼

| | | |
|---|---|---|
| Christopher S.P. Gregory | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 1:25-cv-03361-DDD |
| Colorado Jud. Discipline Rulemaking Committee, et al. | ) | |
| *Defendant* | ) | |

## WAIVER OF THE SERVICE OF SUMMONS

To:   Ingrid J. DeFranco

*(Name of the plaintiff's attorney or unrepresented plaintiff)*

I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from           Dec. 1, 2025          , the date when this request was sent (or 90 days if it was sent outside the United States).  If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date:   Dec. 1, 2025

/s/ Daniel M. Combs

*Signature of the attorney or unrepresented party*

Maria E. Berkenkotter

*Printed name of party waiving service of summons*

Daniel M. Combs, First Assistant Attorney General

*Printed name*

Colorado Attorney General's Office
1300 Broadway, 10th Floor
Denver, CO 80203

*Address*

Dan.Combs@coag.gov

*E-mail address*

720-508-6625

*Telephone number*

---

**Duty to Avoid Unnecessary Expenses of Serving a Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint.  A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court.  By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

AO 399 (01/09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT
for the
District of Colorado  ▾

| | |
|---|---|
| Christopher S.P. Gregory | ) |
| *Plaintiff* | ) |
| v. | )   Civil Action No.  1:25-cv-03361-DDD |
| Colorado Jud. Discipline Rulemaking Committee, et al. | ) |
| *Defendant* | ) |

## WAIVER OF THE SERVICE OF SUMMONS

To:      Ingrid J. DeFranco
　　　　 *(Name of the plaintiff's attorney or unrepresented plaintiff)*

I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from          Dec. 1, 2025          , the date when this request was sent (or 90 days if it was sent outside the United States).  If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date:   Dec. 1, 2025

　　　　　　　　　　　　　　　　　　　　　　　　　/s/ Daniel M. Combs
　　　　　　　　　　　　　　　　　　　　　　　　　*Signature of the attorney or unrepresented party*

　　　　Brian D. Boatright　　　　　　　　　　　　Daniel M. Combs, First Assistant Attorney General

*Printed name of party waiving service of summons*　　　　*Printed name*

　　　　　　　　　　　　　　　　　　　　　　　　　Colorado Attorney General's Office
　　　　　　　　　　　　　　　　　　　　　　　　　1300 Broadway, 10th Floor
　　　　　　　　　　　　　　　　　　　　　　　　　Denver, CO 80203
　　　　　　　　　　　　　　　　　　　　　　　　　*Address*

　　　　　　　　　　　　　　　　　　　　　　　　　Dan.Combs@coag.gov
　　　　　　　　　　　　　　　　　　　　　　　　　*E-mail address*

　　　　　　　　　　　　　　　　　　　　　　　　　720-508-6625
　　　　　　　　　　　　　　　　　　　　　　　　　*Telephone number*

### Duty to Avoid Unnecessary Expenses of Serving a Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint.  A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court.  By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

AO 399 (01/09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT

for the

District of Colorado   ▾

| | |
|---|---|
| Christopher S.P. Gregory | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 1:25-cv-03361-DDD |
| Colorado Jud. Discipline Rulemaking Committee, et al. | ) |
| *Defendant* | ) |

## WAIVER OF THE SERVICE OF SUMMONS

To:     Ingrid J. DeFranco
_____
     *(Name of the plaintiff's attorney or unrepresented plaintiff)*

I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from         Dec. 1, 2025         , the date when this request was sent (or 90 days if it was sent outside the United States).  If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date:  Dec. 1, 2025

/s/ Daniel M. Combs
_____
*Signature of the attorney or unrepresented party*

Richard L. Gabriel

Daniel M. Combs, First Assistant Attorney General

*Printed name of party waiving service of summons*

*Printed name*

Colorado Attorney General's Office
1300 Broadway, 10th Floor
Denver, CO 80203

*Address*

Dan.Combs@coag.gov

*E-mail address*

720-508-6625

*Telephone number*

---

**Duty to Avoid Unnecessary Expenses of Serving a Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint.  A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court.  By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

AO 399 (01/09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT

for the

District of Colorado

| Christopher S.P. Gregory | ) |
|---|---|
| *Plaintiff* | ) |
| v. | ) Civil Action No. 1:25-cv-03361-DDD |
| Colorado Jud. Discipline Rulemaking Committee, et al. | ) |
| *Defendant* | ) |

## WAIVER OF THE SERVICE OF SUMMONS

To:      Ingrid J. DeFranco
_____
         *(Name of the plaintiff's attorney or unrepresented plaintiff)*

I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from          Dec. 1, 2025          , the date when this request was sent (or 90 days if it was sent outside the United States).  If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date:  Dec. 1, 2025

         Melissa Hart

*Printed name of party waiving service of summons*

/s/ Daniel M. Combs

*Signature of the attorney or unrepresented party*

Daniel M. Combs, First Assistant Attorney General

*Printed name*

Colorado Attorney General's Office
1300 Broadway, 10th Floor
Denver, CO 80203

*Address*

Dan.Combs@coag.gov

*E-mail address*

720-508-6625

*Telephone number*

---

**Duty to Avoid Unnecessary Expenses of Serving a Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint.  A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court.  By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

AO 399 (01/09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT

for the

District of Colorado ▾

| | |
|---|---|
| Christopher S.P. Gregory | ) |
| *Plaintiff* | ) |
| v. | )    Civil Action No.   1:25-cv-03361-DDD |
| Colorado Jud. Discipline Rulemaking Committee, et al. | ) |
| *Defendant* | ) |

## WAIVER OF THE SERVICE OF SUMMONS

To:    Ingrid J. DeFranco

*(Name of the plaintiff's attorney or unrepresented plaintiff)*

I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from    Dec. 1, 2025   , the date when this request was sent (or 90 days if it was sent outside the United States). If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date:   Dec. 1, 2025

/s/ Daniel M. Combs

*Signature of the attorney or unrepresented party*

William W. Hood, III

Daniel M. Combs, First Assistant Attorney General

*Printed name of party waiving service of summons*

*Printed name*

Colorado Attorney General's Office
1300 Broadway, 10th Floor
Denver, CO 80203

*Address*

Dan.Combs@coag.gov

*E-mail address*

720-508-6625

*Telephone number*

---

### Duty to Avoid Unnecessary Expenses of Serving a Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint. A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court. By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

AO 399 (01/09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT

for the

District of Colorado ☐ ▼

| | | |
|---|---|---|
| Christopher S.P. Gregory | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 1:25-cv-03361-DDD |
| Colorado Jud. Discipline Rulemaking Committee, et al. | ) | |
| *Defendant* | ) | |

## WAIVER OF THE SERVICE OF SUMMONS

To: Ingrid J. DeFranco

_(Name of the plaintiff's attorney or unrepresented plaintiff)_

I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from _____ Dec. 1, 2025 _____, the date when this request was sent (or 90 days if it was sent outside the United States). If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date: Dec. 1, 2025

/s/ Daniel M. Combs

*Signature of the attorney or unrepresented party*

Carlos A. Samour, Jr.

Daniel M. Combs, First Assistant Attorney General

*Printed name of party waiving service of summons*

*Printed name*

Colorado Attorney General's Office
1300 Broadway, 10th Floor
Denver, CO 80203

*Address*

Dan.Combs@coag.gov

*E-mail address*

720-508-6625

*Telephone number*

---

**Duty to Avoid Unnecessary Expenses of Serving a Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint. A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court. By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

AO 399 (01/09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT

for the

District of Colorado   ▼

CHRISTOPER S.P. GREGORY )
*Plaintiff* )
)
v. ) Civil Action No. 1:25-cv-03361-DDD
COLO. JUD. DISCIPLINE RULEMAKING COMM. et al )
*Defendant* )

## WAIVER OF THE SERVICE OF SUMMONS

To: Ingrid J. DeFranco
   *(Name of the plaintiff's attorney or unrepresented plaintiff)*

I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from _____12/01/2025_____, the date when this request was sent (or 90 days if it was sent outside the United States). If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date: _____12/01/2025_____                    /s/ Daniel M. Combs
                                                   *Signature of the attorney or unrepresented party*

Alison Kyles                      Daniel M. Combs, First Assistant Attorney General
*Printed name of party waiving service of summons*              *Printed name*
                                  Colorado Attorney General's Office
                                  1300 Broadway
                                  Denver, CO 80203

                                  *Address*

                                  Dan.Combs@coag.gov
                                  *E-mail address*

                                  (720) 508-6625
                                  *Telephone number*

**Duty to Avoid Unnecessary Expenses of Serving a Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint. A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court. By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

AO 399 (01/09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT

for the

District of Colorado   ▾

| | |
|---|---|
| CHRISTOPER S.P. GREGORY | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 1:25-cv-03361-DDD |
| COLO. JUD. DISCIPLINE RULEMAKING COMM. et al | ) |
| *Defendant* | ) |

## WAIVER OF THE SERVICE OF SUMMONS

To:  Ingrid J. DeFranco
　　　*(Name of the plaintiff's attorney or unrepresented plaintiff)*

I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from _____12/01/2025_____, the date when this request was sent (or 90 days if it was sent outside the United States). If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date: _____12/01/2025_____　　　　　　　　　　　　　　/s/ Daniel M. Combs
　　　　　　　　　　　　　　　　　　　　　　　*Signature of the attorney or unrepresented party*

　　　　　　　Bryon Large　　　　　　　　　　Daniel M. Combs, First Assistant Attorney General
*Printed name of party waiving service of summons*　　　　　　　*Printed name*
　　　　　　　　　　　　　　　　　　　　　　　Colorado Attorney General's Office
　　　　　　　　　　　　　　　　　　　　　　　1300 Broadway
　　　　　　　　　　　　　　　　　　　　　　　Denver, CO 80203
　　　　　　　　　　　　　　　　　　　　　　　*Address*

　　　　　　　　　　　　　　　　　　　　　　　Dan.Combs@coag.gov
　　　　　　　　　　　　　　　　　　　　　　　*E-mail address*

　　　　　　　　　　　　　　　　　　　　　　　(720) 508-6625
　　　　　　　　　　　　　　　　　　　　　　　*Telephone number*

---

**Duty to Avoid Unnecessary Expenses of Serving a Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint. A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court. By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

AO 399 (01/09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT
for the
District of Colorado  ▼

| | | |
|---|---|---|
| CHRISTOPER S.P. GREGORY | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.  1:25-cv-03361-DDD |
| COLO. JUD. DISCIPLINE RULEMAKING COMM. et al | ) | |
| *Defendant* | ) | |

## WAIVER OF THE SERVICE OF SUMMONS

To:  Ingrid J. DeFranco

*(Name of the plaintiff's attorney or unrepresented plaintiff)*

I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from            12/01/2025            , the date when this request was sent (or 90 days if it was sent outside the United States).  If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date:        12/01/2025

Anne Mangiardi
*Printed name of party waiving service of summons*

/s/ Daniel M. Combs
*Signature of the attorney or unrepresented party*

Daniel M. Combs, First Assistant Attorney General
*Printed name*
Colorado Attorney General's Office
1300 Broadway
Denver, CO 80203
*Address*

Dan.Combs@coag.gov
*E-mail address*

(720) 508-6625
*Telephone number*

---

**Duty to Avoid Unnecessary Expenses of Serving a Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint.  A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court.  By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

AO 399 (01/09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT

for the

District of Colorado ▾

| | |
|---|---|
| CHRISTOPER S.P. GREGORY | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 1:25-cv-03361-DDD |
| COLO. JUD. DISCIPLINE RULEMAKING COMM. et al | ) |
| *Defendant* | ) |

## WAIVER OF THE SERVICE OF SUMMONS

To: Ingrid J. DeFranco

*(Name of the plaintiff's attorney or unrepresented plaintiff)*

I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from _____12/01/2025_____, the date when this request was sent (or 90 days if it was sent outside the United States). If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date: 12/01/2025

/s/ Daniel M. Combs

*Signature of the attorney or unrepresented party*

Bonnie McLean

*Printed name of party waiving service of summons*

Daniel M. Combs, First Assistant Attorney General

*Printed name*
Colorado Attorney General's Office
1300 Broadway
Denver, CO 80203

*Address*

Dan.Combs@coag.gov

*E-mail address*

(720) 508-6625

*Telephone number*

---

**Duty to Avoid Unnecessary Expenses of Serving a Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint. A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court. By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

AO 399 (01/09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT

for the

District of Colorado  ▾

| | |
|---|---|
| CHRISTOPER S.P. GREGORY | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 1:25-cv-03361-DDD |
| COLO. JUD. DISCIPLINE RULEMAKING COMM. et al | ) |
| *Defendant* | ) |

## WAIVER OF THE SERVICE OF SUMMONS

To: Ingrid J. DeFranco

*(Name of the plaintiff's attorney or unrepresented plaintiff)*

I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from            12/01/2025           , the date when this request was sent (or 90 days if it was sent outside the United States).  If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date:      12/01/2025                                                   /s/ Daniel M. Combs
                                                                *Signature of the attorney or unrepresented party*

                Colleen McManamon                       Daniel M. Combs, First Assistant Attorney General
*Printed name of party waiving service of summons*                        *Printed name*
                                                            Colorado Attorney General's Office
                                                                     1300 Broadway
                                                                   Denver, CO 80203

                                                                         *Address*

                                                                Dan.Combs@coag.gov
                                                                    *E-mail address*

                                                                   (720) 508-6625
                                                                  *Telephone number*

**Duty to Avoid Unnecessary Expenses of Serving a Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint.  A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court.  By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

AO 399 (01/09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT
for the
District of Colorado ▾

CHRISTOPER S.P. GREGORY )
*Plaintiff* )
)
v. ) Civil Action No. 1:25-cv-03361-DDD
COLO. JUD. DISCIPLINE RULEMAKING COMM. et al )
*Defendant* )

## WAIVER OF THE SERVICE OF SUMMONS

To:  Ingrid J. DeFranco
*(Name of the plaintiff's attorney or unrepresented plaintiff)*

I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from            12/01/2025            , the date when this request was sent (or 90 days if it was sent outside the United States).  If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date:      12/01/2025                                   /s/ Daniel M. Combs
                                                 *Signature of the attorney or unrepresented party*

            Kristen Mix                       Daniel M. Combs, First Assistant Attorney General
*Printed name of party waiving service of summons*                 *Printed name*
                                               Colorado Attorney General's Office
                                                        1300 Broadway
                                                      Denver, CO 80203

                                                          *Address*

                                                   Dan.Combs@coag.gov
                                                       *E-mail address*

                                                     (720) 508-6625
                                                     *Telephone number*

### Duty to Avoid Unnecessary Expenses of Serving a Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint.  A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court.  By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

AO 399 (01/09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT
### for the
District of Colorado    ▼

| | |
|---|---|
| CHRISTOPER S.P. GREGORY | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 1:25-cv-03361-DDD |
| COLO. JUD. DISCIPLINE RULEMAKING COMM. et al | ) |
| *Defendant* | ) |

## WAIVER OF THE SERVICE OF SUMMONS

To:  Ingrid J. DeFranco
　　*(Name of the plaintiff's attorney or unrepresented plaintiff)*

　　　I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

　　　I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

　　　I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

　　　I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from 　　12/01/2025　　, the date when this request was sent (or 90 days if it was sent outside the United States).  If I fail to do so, a default judgment will be entered against me or the entity I represent.


Date:　　12/01/2025　　　　　　　　　　　　　/s/ Daniel M. Combs
　　　　　　　　　　　　　　　　　　　*Signature of the attorney or unrepresented party*

　　　　　Reed Owens　　　　　　　　Daniel M. Combs, First Assistant Attorney General
*Printed name of party waiving service of summons*　　　　　*Printed name*
　　　　　　　　　　　　　　　　　　　Colorado Attorney General's Office
　　　　　　　　　　　　　　　　　　　1300 Broadway
　　　　　　　　　　　　　　　　　　　Denver, CO 80203

　　　　　　　　　　　　　　　　　　　*Address*

　　　　　　　　　　　　　　　　　　　Dan.Combs@coag.gov
　　　　　　　　　　　　　　　　　　　*E-mail address*

　　　　　　　　　　　　　　　　　　　(720) 508-6625
　　　　　　　　　　　　　　　　　　　*Telephone number*

---

### Duty to Avoid Unnecessary Expenses of Serving a Summons

　　　Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint.  A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

　　　"Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

　　　If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

　　　If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court.  By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

AO 399 (01/09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT

for the

District of Colorado ▼

CHRISTOPER S.P. GREGORY )
_____
*Plaintiff* )
)
v. ) Civil Action No. 1:25-cv-03361-DDD
COLO. JUD. DISCIPLINE RULEMAKING COMM. et al )
_____
*Defendant* )

## WAIVER OF THE SERVICE OF SUMMONS

To: Ingrid J. DeFranco
_____
*(Name of the plaintiff's attorney or unrepresented plaintiff)*

I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from 12/01/2025 , the date when this request was sent (or 90 days if it was sent outside the United States). If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date: 12/01/2025     /s/ Daniel M. Combs
_____ _____
*Signature of the attorney or unrepresented party*

Meredith Patrick Cord     Daniel M. Combs, First Assistant Attorney General
_____ _____
*Printed name of party waiving service of summons* *Printed name*
Colorado Attorney General's Office
1300 Broadway
Denver, CO 80203
_____
*Address*

Dan.Combs@coag.gov
_____
*E-mail address*

(720) 508-6625
_____
*Telephone number*

---

**Duty to Avoid Unnecessary Expenses of Serving a Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint. A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court. By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

AO 399 (01/09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT

for the

District of Colorado    ▼

CHRISTOPER S.P. GREGORY )
*Plaintiff* )
v. ) Civil Action No. 1:25-cv-03361-DDD
COLO. JUD. DISCIPLINE RULEMAKING COMM. et al )
*Defendant* )

## WAIVER OF THE SERVICE OF SUMMONS

To: Ingrid J. DeFranco
*(Name of the plaintiff's attorney or unrepresented plaintiff)*

I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from                12/01/2025            , the date when this request was sent (or 90 days if it was sent outside the United States).  If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date:      12/01/2025                                          /s/ Daniel M. Combs
                                                    *Signature of the attorney or unrepresented party*

Mary V. Sooter                    Daniel M. Combs, First Assistant Attorney General
*Printed name of party waiving service of summons*                    *Printed name*
                                    Colorado Attorney General's Office
                                    1300 Broadway
                                    Denver, CO 80203

                                    *Address*

                                    Dan.Combs@coag.gov
                                    *E-mail address*

                                    (720) 508-6625
                                    *Telephone number*

**Duty to Avoid Unnecessary Expenses of Serving a Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint.  A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court.  By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

AO 399 (01/09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT

for the

District of Colorado ☐ ▼

| | |
|---|---|
| CHRISTOPER S.P. GREGORY | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 1:25-cv-03361-DDD |
| COLO. JUD. DISCIPLINE RULEMAKING COMM. et al | ) |
| *Defendant* | ) |

## WAIVER OF THE SERVICE OF SUMMONS

To: Ingrid J. DeFranco

  *(Name of the plaintiff's attorney or unrepresented plaintiff)*

I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from              12/01/2025              , the date when this request was sent (or 90 days if it was sent outside the United States).  If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date:     12/01/2025                              /s/ Daniel M. Combs
                                              *Signature of the attorney or unrepresented party*

        Aubrey C. Sullivan                 Daniel M. Combs, First Assistant Attorney General
*Printed name of party waiving service of summons*                     *Printed name*
                                              Colorado Attorney General's Office
                                              1300 Broadway
                                              Denver, CO 80203
                                              *Address*

                                              Dan.Combs@coag.gov
                                              *E-mail address*

                                              (720) 508-6625
                                              *Telephone number*

**Duty to Avoid Unnecessary Expenses of Serving a Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint.  A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court.  By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

AO 399 (01/09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT

for the

District of Colorado ▾

CHRISTOPER S.P. GREGORY )
*Plaintiff* )
v. ) Civil Action No. 1:25-cv-03361-DDD
COLO. JUD. DISCIPLINE RULEMAKING COMM. et al )
*Defendant* )

## WAIVER OF THE SERVICE OF SUMMONS

To: Ingrid J. DeFranco

*(Name of the plaintiff's attorney or unrepresented plaintiff)*

I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from                12/01/2025                , the date when this request was sent (or 90 days if it was sent outside the United States).  If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date:     12/01/2025                                    /s/ Daniel M. Combs

                                                         *Signature of the attorney or unrepresented party*

Courtney Sutton                          Daniel M. Combs, First Assistant Attorney General
*Printed name of party waiving service of summons*                    *Printed name*
                                               Colorado Attorney General's Office
                                               1300 Broadway
                                               Denver, CO 80203

                                                         *Address*

                                               Dan.Combs@coag.gov

                                                         *E-mail address*

                                               (720) 508-6625

                                                         *Telephone number*

**Duty to Avoid Unnecessary Expenses of Serving a Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint.  A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court.  By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

AO 399 (01/09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT
for the

District of Colorado  ▾

| | | |
|---|---|---|
| CHRISTOPER S.P. GREGORY | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 1:25-cv-03361-DDD |
| COLO. JUD. DISCIPLINE RULEMAKING COMM. et al | ) | |
| *Defendant* | ) | |

## WAIVER OF THE SERVICE OF SUMMONS

To: Ingrid J. DeFranco
  *(Name of the plaintiff's attorney or unrepresented plaintiff)*

I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from               12/01/2025               , the date when this request was sent (or 90 days if it was sent outside the United States).  If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date:      12/01/2025                                      /s/ Daniel M. Combs
                                                  *Signature of the attorney or unrepresented party*

            Jeff Swanty                    Daniel M. Combs, First Assistant Attorney General
*Printed name of party waiving service of summons*                    *Printed name*
                                              Colorado Attorney General's Office
                                                      1300 Broadway
                                                      Denver, CO 80203

                                                      *Address*

                                                  Dan.Combs@coag.gov
                                                      *E-mail address*

                                                    (720) 508-6625
                                                    *Telephone number*

**Duty to Avoid Unnecessary Expenses of Serving a Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint.  A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court.  By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

AO 399 (01/09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT

for the

District of Colorado   ▾

| | |
|---|---|
| CHRISTOPER S.P. GREGORY | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 1:25-cv-03361-DDD |
| COLO. JUD. DISCIPLINE RULEMAKING COMM. et al | ) |
| *Defendant* | ) |

## WAIVER OF THE SERVICE OF SUMMONS

To:  Ingrid J. DeFranco
      *(Name of the plaintiff's attorney or unrepresented plaintiff)*

I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from           12/01/2025          , the date when this request was sent (or 90 days if it was sent outside the United States).  If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date:      12/01/2025                                          /s/ Daniel M. Combs
                                                    *Signature of the attorney or unrepresented party*

              Stefanie Trujillo                        Daniel M. Combs, First Assistant Attorney General
*Printed name of party waiving service of summons*              *Printed name*
                                                    Colorado Attorney General's Office
                                                    1300 Broadway
                                                    Denver, CO 80203
                                                    *Address*

                                                    Dan.Combs@coag.gov
                                                    *E-mail address*

                                                    (720) 508-6625
                                                    *Telephone number*

**Duty to Avoid Unnecessary Expenses of Serving a Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint.  A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court.  By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

AO 399 (01/09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT

for the

District of Colorado   ▼

| | | |
|---|---|---|
| CHRISTOPER S.P. GREGORY | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.  1:25-cv-03361-DDD |
| COLO. JUD. DISCIPLINE RULEMAKING COMM. et al | ) | |
| *Defendant* | ) | |

## WAIVER OF THE SERVICE OF SUMMONS

To:  Ingrid J. DeFranco

*(Name of the plaintiff's attorney or unrepresented plaintiff)*

I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from _____12/01/2025_____, the date when this request was sent (or 90 days if it was sent outside the United States).  If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date:  _____12/01/2025_____                                     /s/ Daniel M. Combs
                                                                                          *Signature of the attorney or unrepresented party*

                    Mariana Vielma                                    Daniel M. Combs, First Assistant Attorney General
*Printed name of party waiving service of summons*                        *Printed name*
                                                                                    Colorado Attorney General's Office
                                                                                           1300 Broadway
                                                                                           Denver, CO 80203
                                                                                              *Address*

                                                                                     Dan.Combs@coag.gov
                                                                                         *E-mail address*

                                                                                       (720) 508-6625
                                                                                      *Telephone number*

**Duty to Avoid Unnecessary Expenses of Serving a Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint.  A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court.  By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

AO 399 (01/09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT

for the

District of Colorado    ▼

| | | |
|---|---|---|
| CHRISTOPER S.P. GREGORY | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.  1:25-cv-03361-DDD |
| COLO. JUD. DISCIPLINE RULEMAKING COMM. et al | ) | |
| *Defendant* | ) | |

## WAIVER OF THE SERVICE OF SUMMONS

To:  Ingrid J. DeFranco

*(Name of the plaintiff's attorney or unrepresented plaintiff)*

I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from                12/01/2025               , the date when this request was sent (or 90 days if it was sent outside the United States).  If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date:       12/01/2025                                                     /s/ Daniel M. Combs
                                                                    *Signature of the attorney or unrepresented party*

                   Vincente Vigil                              Daniel M. Combs, First Assistant Attorney General
*Printed name of party waiving service of summons*                              *Printed name*
                                                                    Colorado Attorney General's Office
                                                                    1300 Broadway
                                                                    Denver, CO 80203

                                                                    *Address*

                                                                    Dan.Combs@coag.gov
                                                                    *E-mail address*

                                                                    (720) 508-6625
                                                                    *Telephone number*

**Duty to Avoid Unnecessary Expenses of Serving a Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint.  A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court.  By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

AO 399 (01/09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT
### for the
### District of Colorado  ▾

| | |
|---|---|
| CHRISTOPER S.P. GREGORY | ) |
| *Plaintiff* | ) |
| v. | )    Civil Action No.   1:25-cv-03361-DDD |
| COLO. JUD. DISCIPLINE RULEMAKING COMM. et al | ) |
| *Defendant* | ) |

## WAIVER OF THE SERVICE OF SUMMONS

To:   Ingrid J. DeFranco
*(Name of the plaintiff's attorney or unrepresented plaintiff)*

     I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

     I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

     I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

     I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from    12/01/2025   , the date when this request was sent (or 90 days if it was sent outside the United States). If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date:    12/01/2025                       /s/ Daniel M. Combs
                                          *Signature of the attorney or unrepresented party*

          Jeffrey M. Walsh               Daniel M. Combs, First Assistant Attorney General
*Printed name of party waiving service of summons*         *Printed name*
                                      Colorado Attorney General's Office
                                             1300 Broadway
                                             Denver, CO 80203
                                                      *Address*

                                          Dan.Combs@coag.gov
                                                  *E-mail address*

                                          (720) 508-6625
                                                *Telephone number*

---

### Duty to Avoid Unnecessary Expenses of Serving a Summons

     Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint. A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

     "Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

     If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

     If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court. By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

AO 399 (01/09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT

for the

District of Colorado  ▾

CHRISTOPER S.P. GREGORY )
*Plaintiff* )
)
v. ) Civil Action No. 1:25-cv-03361-DDD
COLO. JUD. DISCIPLINE RULEMAKING COMM. et al )
*Defendant* )

## WAIVER OF THE SERVICE OF SUMMONS

To: Ingrid J. DeFranco
*(Name of the plaintiff's attorney or unrepresented plaintiff)*

I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from _____12/01/2025_____, the date when this request was sent (or 90 days if it was sent outside the United States). If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date: _____12/01/2025_____

_____/s/ Daniel M. Combs_____
*Signature of the attorney or unrepresented party*

Emily Tofte Nestaval
*Printed name of party waiving service of summons*

Daniel M. Combs, First Assistant Attorney General
*Printed name*
Colorado Attorney General's Office
1300 Broadway
Denver, CO 80203
*Address*

Dan.Combs@coag.gov
*E-mail address*

(720) 508-6625
*Telephone number*

**Duty to Avoid Unnecessary Expenses of Serving a Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint. A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court. By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.



PLAINTIFFS'
EXHIBIT
3

Be It Resolved by the Senate of the Seventy-Sixth General Assembly of the State of Colorado, the House of Representatives concurring herein:

Whereas credible evidence exists that whistleblowers, witnesses, and public officials within Colorado state and local governments are being systematically intimidated and retaliated against through the misuse of public resources and the selective prosecution / non-prosecution of the wrongdoers involved;

Whereas examples of the systematic misconduct involved include patterns of alleged corruption within the Colorado Judiciary, alleged interference with the 2024 presidential election, publicly funded self-investigations of various incidents of alleged official misconduct, non-disclosure and hush money agreements valued at over $4 million which have been negotiated by the Colorado Attorney General's Office and other agencies / public officials, and the allegedly invalid approval of an urban renewal authority estimated to divert $155 million of tax revenues over 25 years;

Whereas, these circumstances present probable cause and a reasonable basis to suspect violations of both Colorado and federal law;

Whereas, because of conflicts of interest, the Colorado Attorney General and the entire Colorado Department of Law are unable to impartially enforce Colorado's False Claims Act, Title 24, Part 12, C.R.S.;

Whereas, 22 other states and the District of Columbia have their own equivalent civil false claims acts.  Those states and the District of Columbia are:

- California—Cal. Gov't Code §§ 12650 to 12656;
- Connecticut—Conn. Gen. Stat. Ann. §§ 4-274 to 4-289;
- Delaware--Del. Code Ann. tit. 6, §§ 1201-1201;
- District of Columbia—D.C. Code Ann. §§ 2-381.01 to 2-381.10;
- Florida—Fla. Stat. Ann. §§ 68.082 to 68.105;
- Georgia—Ga. Code Ann. §§ 23-3-120 to 23-3-120;
- Hawai'i—Haw. Rev. Stat. Ann. §§ 661-21 to 661-31;
- Illinois—740 Ill. Comp. Stat. Ann. 175/1 to 175/8;
- Indiana—Ind. Code Ann. §§ 5-11-5.5-1 to 5-11-5.5-18;
- Iowa—Iowa Code Ann. §§ 685.1 to 685.7;
- Kansas—Kan. Stat. Ann. §§ 75-7501 to 75-7511;
- Maryland—MD GEN PROVIS §§  8-101 to 8-111;
- Massachusetts—Mass. Gen. Laws Ann. ch. 12, §§ 5A to 5O;
- Minnesota—Minn. Stat. Ann. §§ 15C.01 to 15C.16;
- Nevada—Nev. Rev. Stat. Ann. §§ 357.010 to Nev. Rev. Stat. Ann. § 357.250:
- New Jersey—N.J. Stat. Ann. §§ 2A:32C-1 to N.J. Stat. Ann. § 2A:32C-18;
- New Mexico—N.M. Stat. Ann. §§ 44-9-1 to 44-9-14;
- New York—N.Y. State Fin. Law §§ 188 to 194;
- North Carolina—N.C. Gen. Stat. Ann. §§ 1-605 to 1-618;

- Oregon—Or. Rev. Stat. Ann. §§ 180.750 to 180.785;
- Rhode Island—9 R.I. Gen. Laws Ann. §§ 9-1.1-1 to 9-1.2-9;
- Tennessee—Tenn. Code Ann. §§ 4-18-101 to 4-18-108; and
- Vermont--Vt. Stat. Ann. tit. 32, §§ 630 to 642; and

Whereas, the U.S. Department of Justice—Denver Office and the U.S. Department of Justice—Wyoming Office also has conflicts of interest as to the individuals involved in the alleged public corruption and are unable to impartially investigate the factual circumstances;

**Section 1.** The Colorado General Assembly shall submit a formal request to the U.S. Department of Justice to assign an Office outside of the U.S. Department of Justice—Denver Office and the U.S. Department of Justice—Wyoming Office to complete a conflict-free investigation of the alleged public corruption within Colorado state and local government.

**Section 2.** As authorized by § 24-31-101(1)(g), C.R.S. and § 24-31-111(5), C.R.S., the Colorado General Assembly (through and as the Colorado State Auditor's supervising authority) shall designate and appoint another state's attorney general (from one of the 22 other states or the District of Columbia with equivalent civil false claims acts) as a Special Assistant Attorney General charged with investigating and representing the State of Colorado's interests as to alleged violations of Colorado's False Claims Act and other laws.  The costs of the investigation and representation shall be paid through funds already appropriated through HB25-1321 and the Colorado Department of Law's annual budget, as provided by § 24-31-111(5), C.R.S.

**Section 3.**  According to the authority provided through Colo. House R. 26(a)(2) and Colo. Senate R. 30(b)(2), an investigating committee comprised of members of both houses shall be formed to implement and effectuate this joint resolution.

PLAINTIFF'S
EXHIBIT
4



# Phil Weiser
## Colorado Attorney General

**YOU'VE SUCCESSFULLY SUBMITTED COMPLAINT #C-000055313.**

**PRINT OR DOWNLOAD THIS SCREEN FOR YOUR RECORDS.**

**ABOUT YOU (COMPLAINANT INFORMATION)**
YOUR NAME: Christopher Gregory
YOUR ADDRESS: 201 Coffman St., #1822 Longmont CO 80502
YOUR EMAIL: cspgregory@thegregorylawfirm.net
YOUR PHONE NUMBER: 9706480642

**ABOUT THE COMPLAINT**
COMPLAINT CATEGORY: Federal Agency (Police and Other Government Agencies)
DATE OF INCIDENT: January 14, 2026
LOCATION OF INCIDENT: Public (i.e., polling place, courthouse, street, etc.)
ADDRESS OF INCIDENT:
MATTER REPORTED TO ANOTHER AGENCY: Yes
REPORTED TO: The U.S. District Court for the District of Colorado
OUTCOME OR RELATED GUIDANCE: The misconduct remains ongoing.
OTHER KNOWN INCIDENTS:

**ABOUT THE GOVERNMENT ACTOR**
AGENCY:U.S. DISTRICT COURT FOR THE DISTRICT OF COLORADO
TYPE OF AGENCY: Federal Agency
OTHER AGENCY TYPE: No other law enforcement
CITY OF AGENCY: Denver
COUNTY OF AGENCY: Denver

**COMPLAINT NARRATIVE**
PHYSICALLY PRESENT DURING THE INCIDENT?: No
OTHER LAW ENFORCEMENT PRESENT OR INVOLVED?: No
I have filed affidavits under 28 U.S.C. Sec. 144 that require the disqualification of U.S.
District Court Judge Daniel D. Domenico from cases assigned to him due to personal bias and/or
prejudice. The affidavits require automatic disqualification under 28 U.S.C. Sec. 144 and
prohibits the judge subject to disqualification from taking further action. Judge Domenico,
however, continues to preside over the cases and to issue order(s). The two cases are Case No.
1:25-cv-00190--DDD-STV (D. Colo.) (sealed) and Gregory v. Colo. Jud. Discipline Rulemaking Comm.,
1:25-cv-03361--DDD. Attorney General Phil Weiser is a defendant in Gregory, named in both his
official and individual capacities. Despite the inherent conflicts of interest involved, the
Colorado Attorney General's Office is representing Weiser and all of the other Defendants in
Gregory. The Affidavit of Judicial Bias or Prejudice According to 28 U.S.C. Sec. 144 (ECF No. 26)
is a temporarily restricted filing, but already in the possession/actual knowledge of the Colorado
Attorney General's Office. The attorneys involved and the Defendants they represent are
facilitating Judge Domenico's judicial misconduct by allowing him to remain assigned to Gregory
despite indisputable evidence of his actual bias.

I hereby certify I am the above listed individual and I have reviewed the preceding information and it is true to the best of my knowledge.

Created By: Christopher Gregory
Created On: 1/21/2026, 5:41 PM
Submitted via: complaints.coag.gov
Reference: C-000055313

Office of the Attorney General
Colorado Department of Law
Ralph L. Carr Judicial Building
1300 Broadway, 10th Floor
Denver, CO 80203
(720) 508-6000
(tel:+17205086000)

Contact the Office of the Attorney General

CONTACT (https://complaints.coag.gov/s/contact-us)

ACCESSIBILITY STATEMENT (https://coag.gov/colorado-office-of-the-attorney-general-accessibility-statement/)

DECLARACION DE ACCESIBILIDAD (https://coag.gov/declaracion-de-accesibilidad/)

(https://www.facebook.com/ColoradoAttorneyGeneral)
(https://x.com/COAttnyGeneral)
(https://www.linkedin.com/company/attorney-general-office-in-colorado)
(https://www.instagram.com/coag_philweiser/)
(https://www.youtube.com/@coloag)
(https://bsky.app/profile/coattnygeneral.bsky.social)

CORA (https://coag.gov/media-center/colorado-open-records-act-cora/) | WEBSITE PRIVACY POLICY (https://coag.gov/website-privacy-policy/)

Copyright 2022 The Office of the Attorney General. All rights reserved.



# Phil Weiser
## Colorado Attorney General

**YOU'VE SUCCESSFULLY SUBMITTED COMPLAINT #C-000055316.**

**PRINT OR DOWNLOAD THIS SCREEN FOR YOUR RECORDS.**

**ABOUT YOU (COMPLAINANT INFORMATION)**
YOUR NAME: Christopher Gregory
YOUR ADDRESS: 201 Coffman St., #1822 Longmont CO 80502
YOUR EMAIL: cspgregory@thegregorylawfirm.net
YOUR PHONE NUMBER: 9706480642

**ABOUT THE COMPLAINT**
COMPLAINT CATEGORY: Governmental Authority (Police and Other Government Agencies)
DATE OF INCIDENT: January 1, 2001
LOCATION OF INCIDENT: Statewide with most incidents occurring in Denver at the Ralph L. Carr Judicial Center and the Colorado Supreme Court venues that preceded it.
ADDRESS OF INCIDENT:
MATTER REPORTED TO ANOTHER AGENCY: Yes
REPORTED TO: The U.S. District Court for the District of Colorado
OUTCOME OR RELATED GUIDANCE: There is a pending civil case--Gregory v. Colo. Jud. Discipline Rulemaking Comm., et al., 1:25-cv-03361--DDD (D. Colo.)
OTHER KNOWN INCIDENTS: Yes
The long history of incidents is detailed in the pending civil action, in which Attorney General Philip Weiser and the Justices of the Colorado Supreme Court are named Defendants in both their official and individual capacities.

**ABOUT THE GOVERNMENT ACTOR**
AGENCY:THE COLORADO ATTORNEY GENERAL'S OFFICE / THE COLORADO SUPREME COURT / THE COLORADO COMMISSION ON JUDICIAL DISCIPLINE / THE COLORADO JUDICIAL DISCIPLINE RULEMAKING COMMITTEE
TYPE OF AGENCY: Judicial branch
OTHER AGENCY TYPE:
CITY OF AGENCY: Denver
COUNTY OF AGENCY: Denver

**COMPLAINT NARRATIVE**
The pending lawsuit details a more than 25-year pattern of the Justices of the Colorado Supreme Court conspiring with others to misuse public funds as hush money (NDAs), for self-controlled investigations, and for public relations schemes intended to cover up judicial, attorney, and official misconduct. The pattern and practice continues to wrongfully cost taxpayers tens of millions of dollars.

**ACKNOWLEDGMENT**
I HEREBY CERTIFY I AM THE ABOVE LISTED INDIVIDUAL AND I HAVE REVIEWED THE PRECEDING INFORMATION AND IT IS TRUE TO THE BEST OF MY KNOWLEDGE. I ACKNOWLEDGE THAT THE COLORADO

ATTORNEY GENERAL MAY SHARE MY COMPLAINT WITH OTHERS, INCLUDING THE ABOVE LISTED BUSINESS AND/OR ITS AGENTS AND SEEK A RESPONSE FROM THE BUSINESS REGARDING MY COMPLAINT. I AUTHORIZE THE BUSINESS AND ITS AGENTS TO DISCUSS THE DETAILS OF MY COMPLAINT WITH REPRESENTATIVES OF THE COLORADO ATTORNEY GENERAL'S OFFICE.

Created By: Christopher Gregory
Created On: 1/21/2026, 6:17 PM
Submitted via: complaints.coag.gov
Reference: C-000055316

Thank you for contacting the Office of the Attorney General with your report about a government actor that deprived someone of his or her legal rights.

**What Can I Expect to Happen Next?**

The Colorado Attorney General may open a civil investigation when a governmental authority may have a pattern and practice of depriving persons of their legal rights. Pattern-and-practice cases address widespread misconduct by government entities, not isolated instances.

As a result, we will review the information contained in your report as part of our work to collect data and identify patterns or practices of unlawful conduct. We cannot respond to every report we receive. If we need further information about your complaint, we will contact you.

**What If I Need Help with My Individual Case?**

The Attorney General's Office does not have the legal authority to investigate or prosecute your individual case. If you seek a criminal or civil investigation or another remedy for your case on an individual basis, please contact your local law enforcement agency, district attorney's office, the United States Department of Justice, or a private attorney. The Colorado Bar Association provides assistance to people who are seeking attorneys at this website: https://www.cobar.org/Licensed-Lawyer (https://www.cobar.org/Licensed-Lawyer).

We appreciate the time and effort you took in bringing your concerns to our attention. Information from the public is vital in helping us document trends and, when appropriate, pursue investigations and file lawsuits on behalf of the public.

Office of the Attorney General
Colorado Department of Law
Ralph L. Carr Judicial Building
1300 Broadway, 10th Floor
Denver, CO 80203
(720) 508-6000
(tel:+17205086000)

Contact the Office of the Attorney General

CONTACT (https://complaints.coag.gov/s/contact-us)

ACCESSIBILITY STATEMENT (https://coag.gov/colorado-office-of-the-attorney-general-accessibility-statement/)

DECLARACION DE ACCESIBILIDAD (https://coag.gov/declaracion-de-accesibilidad/)

(https://www.facebook.com/ColoradoAttorneyGeneral)

(https://x.com/COAttnyGeneral)

(https://www.linkedin.com/company/attorney-general-office-in-colorado)

(https://www.instagram.com/coag_philweiser/)

(https://www.youtube.com/@coloag)

(https://bsky.app/profile/coattnygeneral.bsky.social)

CORA (https://coag.gov/media-center/colorado-open-records-act-cora/) | WEBSITE PRIVACY POLICY (https://coag.gov/website-privacy-policy/)
Copyright 2022 The Office of the Attorney General. All rights reserved.

Independent Ethics Commission – Formal Complaint Form

Before the Independent Ethics Commission
of the State of Colorado

*For Commission Use Only*
Received date: _____
Case. No.:      _____

The Complainant is: Christopher S.P. Gregory
(name)

Mailing Address: The Gregory Law Firm, LLC

201 Coffman St., #1822

Longmont, CO 80502

Daytime telephone number: 970-648-0642

Email address: cspgregory@thegregorylawfirm.net

The Respondent is: Clayton Ankney
(name)

Mailing Address: Colorado Department of Law

1300 Broadway, 10th Floor

Denver, CO 80203

Daytime telephone number: 720-508-6604

Email address: clayton.ankney@coag.gov

When did the alleged violation occur: Ongoing

Describe the specific acts or things complained of, with facts that provide a full understanding of the alleged violation(s). If possible, cite the specific ethical standards alleged to have been violated and describe how the violation(s) occurred. Use additional pages if necessary. Attach any documentary evidence you wish to submit.

Please see attached statement of facts.

**PLAINTIFF'S EXHIBIT**

**5**

Description of acts or things complained of (continued):

Advisement regarding remedies and penalties:  Pursuant to Colo. Const. art. XXIX, § 6, a covered individual found to have breached the public trust for private gain is liable for double the amount of the financial equivalent of any benefits obtained by such actions.  The manner of recovery and additional penalties may be provided by law.  The Commission does not assess criminal penalties, award injunctive relief, or award damages to complainants.

I hereby acknowledge that the facts presented herein are true to the best of my knowledge, and I will cooperate in the process regarding this complaint and will appear at any proceeding of the Independent Ethics Commission if the complaint is scheduled for a hearing.

Signature: _____

Attorney (if applicable): Self-Represented _____

Dated at  Longmont  (City), Colorado, this  4th  day of  March , 20 26 .

Created by Article XXIX of the Colorado Constitution, the Independent Ethics Commission may review and hold hearings on matters falling within its jurisdiction as outlined in Article XXIX.

I filed a civil rights and Colorado False Claims Act (CFCA) retaliation lawsuit in U.S. District Court. *Gregory v. Colo. Jud. Discipline Rulemaking Comm., et al.*, 1:25-cv-03361-KHV (D. Colo.). In its simplest terms, *Gregory* alleges that the defendants have deprived me of my constitutional, statutory, and administrative rights to freely report judicial, attorney, and official misconduct without fear of retaliation. The most important remedies sought in *Gregory* are injunctive and equitable in nature, including my reinstatement as the Executive Director of the Colorado Commission on Judicial Discipline (the CCJD), the reformation of Colorado's judicial oversight entities, the invalidation of rulemaking, the prohibition against further use of appointment authority, and restitution to the State of Colorado for the reasonable attorney fees and costs publicly expended through the representation of the defendants in defense of misconduct that occurred in their individual capacities.

Notwithstanding the claim for restitution being pled in my Verified Complaint, consolidated and conflicted representation of the State of Colorado's interests and the personal interests of the individually named defendants has occurred through the Colorado Attorney General's Office. This persistent and conflicted representation combined with the defendants' avoidance of responding to the merits of *Gregory* has culminated in the entry of a default against all the defendants. *Gregory*, ECF Nos. 39, 39-1, 46; *See, e.g., Dickinson v. Lincoln Building Corp.*, 2015 COA 170M, ¶¶ 22-23 ("[A]n entry of default establishes a party's liability. . . An entry of default, however, is not an admission regarding damages."). I respectfully submit that the verified, and now effectively-admitted, misconduct of the various defendants is probable cause to suspect the crimes of Obstruction of Justice (18 U.S.C. § 1503), False Statements (18 U.S.C. § 1001), Obstruction of a Federal Audit (18 U.S.C. § 1516), Retaliation Against a Witness or Victim (§ 18-8-706, C.R.S.), and First Degree Official Misconduct (§ 18-8-404, C.R.S.).

In particular, First Degree Official Misconduct is relevant to the defendants' persistent refusal to disqualify themselves from official functions which are intertwined with their personal interests. Moreover, the defendants have unlawfully relied upon the Colorado Attorney General's Office to perpetuate rather than investigate and prosecute the allegations of public fraud and corruption I alleged in *Gregory* and through complaints filed with the Colorado Office of the State Auditor's Fraud Hotline. The representation of the individually named defendants (including Attorney General Phil Weiser himself) through the public resources of the Colorado Attorney General's Office further meets the definition of "occupational fraud" under the Fraud Hotline statute, § 2-3-110.5(1)(d), C.R.S. and a "gift" as defined by Colo. Const. Art. 29, § 3(3). Court filings in *Gregory* are already part of the legislative record and can be found through the following links:

> 1/21/2026 Joint Judiciary Committee SMART Act Hearing for the Colorado Judicial Department--https://leg.colorado.gov/committee_meeting_hearing_summary/28660;

> 2/9/2026 Senate Judiciary Committee Conformation Hearing for the Appointment of former Senator Bob Gardner to the CCJD--https://leg.colorado.gov/committee_meeting_hearing_summary/28938; and

> 2/11/2026 Senate Judiciary Committee Hearing on SB26-084--https://leg.colorado.gov/committee_meeting_hearing_summary/29188.

In submitting this complaint, I am mindful of conflicts within the IEC that require disqualification of IEC Chair Sarah Mercer, IEC member Cyril Vidergar, and the IEC's General Counsel through the Colorado Attorney General's Office, Gina Cannan. Chair Mercer was appointed to the IEC by defendant Justice Brian Boatright. Chair Mercer previously worked as Counsel to Chief Justice Michael Bender and would have been involved in or a witness to the more than 25-year pattern of judicial misconduct alleged in *Gregory*, including the retaliatory firing of the Colorado Commission on Judicial Discipline's Executive Director Rick Wehmhoefer in 2008. Chair Mercer is also employed as a partner at Brownstein Hyatt Farber Shreck, which represents Loveland developer McWhinney / Realberry. IEC member Cyril Vidergar is currently employed as a Loveland Senior Assistant City Attorney. In my role as Special Counsel to the City of Loveland, I publicly asserted my findings of probable cause to prosecute members and former members of the Loveland City Council for their violation of the civil Colorado Open Meetings Law and parallel criminal provisions in the Loveland Municipal Charter and Loveland Municipal Code. My findings arose in connection with official misconduct that occurred when the involved Loveland City Council members opposed SB23-273 and approved an estimated 25-year, $155 million tax diversion as part of McWhinney's Centerra South Urban Renewal Authority. More recently, McWhinney/Realberry founder Chad McWhinney's inclusion in the Epstein files has been reported in the press. Noelle Philips, *Denver Developer Behind Union Station Project Identified in Epstein Files*, DENVER POST, February 12, 2026. General Counsel Gina Cannan is a defendant in *Gregory* directly responsible for the retaliation that occurred against me when I was wrongfully terminated as Executive Director of the CCJD.

Beyond the conflicts that require disqualification within the IEC, I further note that IEC Vice-Chair Daniel Wolf concurrently serves as a member of the Fifth Judicial District Judicial Performance Commission. The Performance Commission is statutorily charged with verifying defendant 5th Judicial District Judge Reid Owens' integrity as part of the 2026 judicial retention cycle.

As I have requested of Colorado State Auditor Kerri Hunter, the Colorado General Assembly, and the Denver County Court, it is appropriate for the IEC to formally refer the overall Colorado Judicial Scandal to conflict-free federal law enforcement and to exercise its discretion to directly appoint another state's attorney general to provide impartial legal representation and investigation support as a Special Assistant Attorney General according to § 24-31-111(5), C.R.S. If the IEC arbitrarily refuses to recognize this complaint as non-frivolous under Colo. Const. Art. XXIX, § 5(3)(b), I will seek recourse in federal court.

Clayton Ankney is employed as a Second Assistant Attorney General at the Colorado Department of Law and is counsel of record in Case No. 1:25-cv-03361-KHV. The IEC has jurisdictional authority over Clayton Ankney according to Colo. Const. Art. XXIX, §§ 2 and 5(3)(a).

Independent Ethics Commission – Formal Complaint Form

| Before the Independent Ethics Commission of the State of Colorado | *For Commission Use Only*<br>Received date: _____<br>Case. No.:      _____ |
|---|---|

The Complainant is:    Christopher S.P. Gregory
                                    (name)
Mailing Address:    The Gregory Law Firm, LLC

201 Coffman St., #1822

Longmont, CO 80502

Daytime telephone number:    970-648-0642

Email address: cspgregory@thegregorylawfirm.net

The Respondent is:    Ingrid C. Barrier
                                    (name)
Mailing Address:    Colorado Department of Public Safety

700 Kipling, Suite 1000

Lakewood, CO 80215

Daytime telephone number:    _____

Email address: cdps_hr@state.co.us

When did the alleged violation occur:    Ongoing _____

Describe the specific acts or things complained of, with facts that provide a full understanding of the alleged violation(s).  If possible, cite the specific ethical standards alleged to have been violated and describe how the violation(s) occurred.  Use additional pages if necessary.  Attach any documentary evidence you wish to submit.

Please see attached statement of facts.

Description of acts or things complained of (continued):

Advisement regarding remedies and penalties:  Pursuant to Colo. Const. art. XXIX, § 6, a covered individual found to have breached the public trust for private gain is liable for double the amount of the financial equivalent of any benefits obtained by such actions.  The manner of recovery and additional penalties may be provided by law.  The Commission does not assess criminal penalties, award injunctive relief, or award damages to complainants.

I hereby acknowledge that the facts presented herein are true to the best of my knowledge, and I will cooperate in the process regarding this complaint and will appear at any proceeding of the Independent Ethics Commission if the complaint is scheduled for a hearing.

Signature: _____

Attorney (if applicable): Self-Represented _____

Dated at Longmont _____ (City), Colorado, this 4th _____ day of March , 20 26 .

Created by Article XXIX of the Colorado Constitution, the Independent Ethics Commission may review and hold hearings on matters falling within its jurisdiction as outlined in Article XXIX.

I filed a civil rights and Colorado False Claims Act (CFCA) retaliation lawsuit in U.S. District Court. *Gregory v. Colo. Jud. Discipline Rulemaking Comm., et al.*, 1:25-cv-03361-KHV (D. Colo.). In its simplest terms, *Gregory* alleges that the defendants have deprived me of my constitutional, statutory, and administrative rights to freely report judicial, attorney, and official misconduct without fear of retaliation. The most important remedies sought in *Gregory* are injunctive and equitable in nature, including my reinstatement as the Executive Director of the Colorado Commission on Judicial Discipline (the CCJD), the reformation of Colorado's judicial oversight entities, the invalidation of rulemaking, the prohibition against further use of appointment authority, and restitution to the State of Colorado for the reasonable attorney fees and costs publicly expended through the representation of the defendants in defense of misconduct that occurred in their individual capacities.

Notwithstanding the claim for restitution being pled in my Verified Complaint, consolidated and conflicted representation of the State of Colorado's interests and the personal interests of the individually named defendants has occurred through the Colorado Attorney General's Office. This persistent and conflicted representation combined with the defendants' avoidance of responding to the merits of *Gregory* has culminated in the entry of a default against all the defendants. *Gregory*, ECF Nos. 39, 39-1, 46; *See, e.g., Dickinson v. Lincoln Building Corp.*, 2015 COA 170M, ¶¶ 22-23 ("[A]n entry of default establishes a party's liability. . . An entry of default, however, is not an admission regarding damages."). I respectfully submit that the verified, and now effectively-admitted, misconduct of the various defendants is probable cause to suspect the crimes of Obstruction of Justice (18 U.S.C. § 1503), False Statements (18 U.S.C. § 1001), Obstruction of a Federal Audit (18 U.S.C. § 1516), Retaliation Against a Witness or Victim (§ 18-8-706, C.R.S.), and First Degree Official Misconduct (§ 18-8-404, C.R.S.). In particular, First Degree Official Misconduct is relevant to the defendants' persistent refusal to disqualify themselves from official functions which are intertwined with their personal interests. Moreover, the defendants have unlawfully relied upon the Colorado Attorney General's Office to perpetuate rather than investigate and prosecute the allegations of public fraud and corruption I alleged in *Gregory* and through complaints filed with the Colorado Office of the State Auditor's Fraud Hotline. The representation of the individually named defendants (including Attorney General Phil Weiser himself) through the public resources of the Colorado Attorney General's Office further meets the definition of "occupational fraud" under the Fraud Hotline statute, § 2-3-110.5(1)(d), C.R.S. and a "gift" as defined by Colo. Const. Art. 29, § 3(3). Court filings in *Gregory* are already part of the legislative record and can be found through the following links:

> 1/21/2026 Joint Judiciary Committee SMART Act Hearing for the Colorado Judicial Department--https://leg.colorado.gov/committee_meeting_hearing_summary/28660;

> 2/9/2026 Senate Judiciary Committee Conformation Hearing for the Appointment of former Senator Bob Gardner to the CCJD--https://leg.colorado.gov/committee_meeting_hearing_summary/28938; and

> 2/11/2026 Senate Judiciary Committee Hearing on SB26-084--https://leg.colorado.gov/committee_meeting_hearing_summary/29188.

In submitting this complaint, I am mindful of conflicts within the IEC that require disqualification of IEC Chair Sarah Mercer, IEC member Cyril Vidergar, and the IEC's General Counsel through the Colorado Attorney General's Office, Gina Cannan. Chair Mercer was appointed to the IEC by defendant Justice Brian Boatright. Chair Mercer previously worked as Counsel to Chief Justice Michael Bender and would have been involved in or a witness to the more than 25-year pattern of judicial misconduct alleged in *Gregory*, including the retaliatory firing of the Colorado Commission on Judicial Discipline's Executive Director Rick Wehmhoefer in 2008. Chair Mercer is also employed as a partner at Brownstein Hyatt Farber Shreck, which represents Loveland developer McWhinney / Realberry. IEC member Cyril Vidergar is currently employed as a Loveland Senior Assistant City Attorney. In my role as Special Counsel to the City of Loveland, I publicly asserted my findings of probable cause to prosecute members and former members of the Loveland City Council for their violation of the civil Colorado Open Meetings Law and parallel criminal provisions in the Loveland Municipal Charter and Loveland Municipal Code. My findings arose in connection with official misconduct that occurred when the involved Loveland City Council members opposed SB23-273 and approved an estimated 25-year, $155 million tax diversion as part of McWhinney's Centerra South Urban Renewal Authority. More recently, McWhinney/Realberry founder Chad McWhinney's inclusion in the Epstein files has been reported in the press. Noelle Philips, *Denver Developer Behind Union Station Project Identified in Epstein Files*, DENVER POST, February 12, 2026. General Counsel Gina Cannan is a defendant in *Gregory* directly responsible for the retaliation that occurred against me when I was wrongfully terminated as Executive Director of the CCJD.

Beyond the conflicts that require disqualification within the IEC, I further note that IEC Vice-Chair Daniel Wolf concurrently serves as a member of the Fifth Judicial District Judicial Performance Commission. The Performance Commission is statutorily charged with verifying defendant 5th Judicial District Judge Reid Owens' integrity as part of the 2026 judicial retention cycle.

As I have requested of Colorado State Auditor Kerri Hunter, the Colorado General Assembly, and the Denver County Court, it is appropriate for the IEC to formally refer the overall Colorado Judicial Scandal to conflict-free federal law enforcement and to exercise its discretion to directly appoint another state's attorney general to provide impartial legal representation and investigation support as a Special Assistant Attorney General according to § 24-31-111(5), C.R.S. If the IEC arbitrarily refuses to recognize this complaint as non-frivolous under Colo. Const. Art. XXIX, § 5(3)(b), I will seek recourse in federal court.

Ingrid Barrier is employed as the Chief Human Resources Officer for the Colorado Department of Public Safety. The IEC has jurisdictional authority over Ingrid Barrier according to Colo. Const. Art. XXIX, §§ 2 and 5(3)(a).

Independent Ethics Commission – Formal Complaint Form

| | |
|---|---|
| Before the Independent Ethics Commission of the State of Colorado | *For Commission Use Only* <br> Received date: _____ <br> Case. No.: _____ |

The Complainant is:    Christopher S.P. Gregory
_____
(name)

Mailing Address:    The Gregory Law Firm, LLC
_____

201 Coffman St., #1822
_____

Longmont, CO 80502
_____

Daytime telephone number:    970-648-0642
_____

Email address: cspgregory@thegregorylawfirm.net
_____

The Respondent is:    Katherine Brown
_____
(name)

Mailing Address:    Colorado Department of Law
_____

1300 Broadway, 10th Floor
_____

Denver, CO 80203
_____

Daytime telephone number:    720-508-6567
_____

Email address: katherine.brown@coag.gov
_____

When did the alleged violation occur:  Ongoing
_____

Describe the specific acts or things complained of, with facts that provide a full understanding of the alleged violation(s).  If possible, cite the specific ethical standards alleged to have been violated and describe how the violation(s) occurred.  Use additional pages if necessary.  Attach any documentary evidence you wish to submit.

Please see attached statement of facts.

Description of acts or things complained of (continued):

Advisement regarding remedies and penalties:  Pursuant to Colo. Const. art. XXIX, § 6, a covered individual found to have breached the public trust for private gain is liable for double the amount of the financial equivalent of any benefits obtained by such actions.  The manner of recovery and additional penalties may be provided by law.  The Commission does not assess criminal penalties, award injunctive relief, or award damages to complainants.

I hereby acknowledge that the facts presented herein are true to the best of my knowledge, and I will cooperate in the process regarding this complaint and will appear at any proceeding of the Independent Ethics Commission if the complaint is scheduled for a hearing.

Signature: _____

Attorney (if applicable): Self-Represented _____

Dated at __Longmont___ (City), Colorado, this __4th___ day of __March__, 20_26_.

Created by Article XXIX of the Colorado Constitution, the Independent Ethics Commission may review and hold hearings on matters falling within its jurisdiction as outlined in Article XXIX.

I have filed a civil rights and Colorado False Claims Act (CFCA) retaliation lawsuit in U.S. District Court. *Gregory v. Colo. Jud. Discipline Rulemaking Comm., et al.*, 1:25-cv-03361-KHV (D. Colo.). In its simplest terms, *Gregory* alleges that the defendants have deprived me of my constitutional, statutory, and administrative rights to freely report judicial, attorney, and official misconduct without fear of retaliation. The most important remedies sought in *Gregory* are injunctive and equitable in nature, including my reinstatement as the Executive Director of the Colorado Commission on Judicial Discipline (the CCJD), the reformation of Colorado's judicial oversight entities, the invalidation of rulemaking, the prohibition against further use of appointment authority, and restitution to the State of Colorado for the reasonable attorney fees and costs publicly expended through the representation of the defendants in defense of misconduct that occurred in their individual capacities.

Notwithstanding the claim for restitution being pled in my Verified Complaint, consolidated and conflicted representation of the State of Colorado's interests and the personal interests of the individually named defendants has occurred through the Colorado Attorney General's Office. This persistent and conflicted representation combined with the defendants' avoidance of responding to the merits of *Gregory* has culminated in the entry of a default against all the defendants. *Gregory*, ECF Nos. 39, 39-1, 46; *See, e.g., Dickinson v. Lincoln Building Corp.*, 2015 COA 170M, ¶¶ 22-23 ("[A]n entry of default establishes a party's liability. . . An entry of default, however, is not an admission regarding damages."). I respectfully submit that the verified, and now effectively-admitted, misconduct of the various defendants is probable cause to suspect the crimes of Obstruction of Justice (18 U.S.C. § 1503), False Statements (18 U.S.C. § 1001), Obstruction of a Federal Audit (18 U.S.C. § 1516), Retaliation Against a Witness or Victim (§ 18-8-706, C.R.S.), and First Degree Official Misconduct (§ 18-8-404, C.R.S.).

In particular, First Degree Official Misconduct is relevant to the defendants' persistent refusal to disqualify themselves from official functions which are intertwined with their personal interests. Moreover, the defendants have unlawfully relied upon the Colorado Attorney General's Office to perpetuate rather than investigate and prosecute the allegations of public fraud and corruption I alleged in *Gregory* and through complaints filed with the Colorado Office of the State Auditor's Fraud Hotline. The representation of the individually named defendants (including Attorney General Phil Weiser himself) through the public resources of the Colorado Attorney General's Office further meets the definition of "occupational fraud" under the Fraud Hotline statute, § 2-3-110.5(1)(d), C.R.S. and a "gift" as defined by Colo. Const. Art. 29, § 3(3). Court filings in *Gregory* are already part of the legislative record and can be found through the following links:

> 1/21/2026 Joint Judiciary Committee SMART Act Hearing for the Colorado Judicial Department--https://leg.colorado.gov/committee_meeting_hearing_summary/28660;
>
> 2/9/2026 Senate Judiciary Committee Conformation Hearing for the Appointment of former Senator Bob Gardner to the CCJD--https://leg.colorado.gov/committee_meeting_hearing_summary/28938; and
>
> 2/11/2026 Senate Judiciary Committee Hearing on SB26-084--https://leg.colorado.gov/committee_meeting_hearing_summary/29188.

In submitting this complaint, I am mindful of conflicts within the IEC that require disqualification of IEC Chair Sarah Mercer, IEC member Cyril Vidergar, and the IEC's General Counsel through the Colorado Attorney General's Office, Gina Cannan.  Chair Mercer was appointed to the IEC by defendant Justice Brian Boatright.  Chair Mercer previously worked as Counsel to Chief Justice Michael Bender and would have been involved in or a witness to the more than 25-year pattern of judicial misconduct alleged in *Gregory*, including the retaliatory firing of the Colorado Commission on Judicial Discipline's Executive Director Rick Wehmhoefer in 2008.  Chair Mercer is also employed as a partner at Brownstein Hyatt Farber Shreck, which represents Loveland developer McWhinney / Realberry.  IEC member Cyril Vidergar is currently employed as a Loveland Senior Assistant City Attorney.  In my role as Special Counsel to the City of Loveland, I publicly asserted my findings of probable cause to prosecute members and former members of the Loveland City Council for their violation of the civil Colorado Open Meetings Law and parallel criminal provisions in the Loveland Municipal Charter and Loveland Municipal Code.  My findings arose in connection with official misconduct that occurred when the involved Loveland City Council members opposed SB23-273 and approved an estimated 25-year, $155 million tax diversion as part of McWhinney's Centerra South Urban Renewal Authority.  More recently, McWhinney/Realberry founder Chad McWhinney's inclusion in the Epstein files has been reported in the press.  Noelle Philips, *Denver Developer Behind Union Station Project Identified in Epstein Files*, DENVER POST, February 12, 2026.  General Counsel Gina Cannan is a defendant in *Gregory* directly responsible for the retaliation that occurred against me when I was wrongfully terminated as Executive Director of the CCJD.

Beyond the conflicts that require disqualification within the IEC, I further note that IEC Vice-Chair Daniel Wolf concurrently serves as a member of the Fifth Judicial District Judicial Performance Commission.  The Performance Commission is statutorily charged with verifying defendant 5th Judicial District Judge Reid Owens' integrity as part of the 2026 judicial retention cycle.

As I have requested of Colorado State Auditor Kerri Hunter, the Colorado General Assembly, and the Denver County Court, it is appropriate for the IEC to formally refer the overall Colorado Judicial Scandal to conflict-free federal law enforcement and to exercise its discretion to directly appoint another state's attorney general to provide impartial legal representation and investigation support as a Special Assistant Attorney General according to § 24-31-111(5), C.R.S.  If the IEC arbitrarily refuses to recognize this complaint as non-frivolous under Colo. Const. Art. XXIX, § 5(3)(b), I will seek recourse in federal court.

Katherine Brown is employed as a First Assistant Attorney General at the Colorado Department of Law and is counsel of record in Case No. 1:25-cv-03361-KHV.  The IEC has jurisdictional authority over Katherine Brown according to Colo. Const. Art. XXIX, §§ 2 and 5(3)(a).

Independent Ethics Commission – Formal Complaint Form

| | |
|---|---|
| Before the Independent Ethics Commission of the State of Colorado | *For Commission Use Only* Received date: _____ Case. No.: _____ |

The Complainant is:    Christopher S.P. Gregory
                                          (name)
Mailing Address:        The Gregory Law Firm, LLC

                                201 Coffman St., #1822

                                Longmont, CO 80502

Daytime telephone number:   970-648-0642

Email address: cspgregory@thegregorylawfirm.net

The Respondent is:     Gina Cannan
                                          (name)
Mailing Address:        Colorado Department of Law

                                1300 Broadway, 10th Floor

                                Denver, CO 80203

Daytime telephone number:   720-506-6000

Email address: gina.cannan@coag.gov

When did the alleged violation occur:  Ongoing

Describe the specific acts or things complained of, with facts that provide a full understanding of the alleged violation(s).  If possible, cite the specific ethical standards alleged to have been violated and describe how the violation(s) occurred.  Use additional pages if necessary.  Attach any documentary evidence you wish to submit.

Please see attached statement of facts.

Description of acts or things complained of (continued):

Advisement regarding remedies and penalties:  Pursuant to Colo. Const. art. XXIX, § 6, a covered individual found to have breached the public trust for private gain is liable for double the amount of the financial equivalent of any benefits obtained by such actions.  The manner of recovery and additional penalties may be provided by law.  The Commission does not assess criminal penalties, award injunctive relief, or award damages to complainants.

I hereby acknowledge that the facts presented herein are true to the best of my knowledge, and I will cooperate in the process regarding this complaint and will appear at any proceeding of the Independent Ethics Commission if the complaint is scheduled for a hearing.

Signature: _____

Attorney (if applicable): Self-Represented _____

Dated at Longmont _____ (City), Colorado, this 4th _____ day of March , 20 26 .

Created by Article XXIX of the Colorado Constitution, the Independent Ethics Commission may review and hold hearings on matters falling within its jurisdiction as outlined in Article XXIX.

I have filed a civil rights and Colorado False Claims Act (CFCA) retaliation lawsuit in U.S. District Court. *Gregory v. Colo. Jud. Discipline Rulemaking Comm., et al.*, 1:25-cv-03361-KHV (D. Colo.). In its simplest terms, *Gregory* alleges that the defendants have deprived me of my constitutional, statutory, and administrative rights to freely report judicial, attorney, and official misconduct without fear of retaliation. The most important remedies sought in *Gregory* are injunctive and equitable in nature, including my reinstatement as the Executive Director of the Colorado Commission on Judicial Discipline (the CCJD), the reformation of Colorado's judicial oversight entities, the invalidation of rulemaking, the prohibition against further use of appointment authority, and restitution to the State of Colorado for the reasonable attorney fees and costs publicly expended through the representation of the defendants in defense of misconduct that occurred in their individual capacities.

Notwithstanding the claim for restitution being pled in my Verified Complaint, consolidated and conflicted representation of the State of Colorado's interests and the personal interests of the individually named defendants has occurred through the Colorado Attorney General's Office. This persistent and conflicted representation combined with the defendants' avoidance of responding to the merits of *Gregory* has culminated in the entry of a default against all the defendants. *Gregory*, ECF Nos. 39, 39-1, 46; *See, e.g., Dickinson v. Lincoln Building Corp.*, 2015 COA 170M, ¶¶ 22-23 ("[A]n entry of default establishes a party's liability. . . An entry of default, however, is not an admission regarding damages."). I respectfully submit that the verified, and now effectively-admitted, misconduct of the various defendants is probable cause to suspect the crimes of Obstruction of Justice (18 U.S.C. § 1503), False Statements (18 U.S.C. § 1001), Obstruction of a Federal Audit (18 U.S.C. § 1516), Retaliation Against a Witness or Victim (§ 18-8-706, C.R.S.), and First Degree Official Misconduct (§ 18-8-404, C.R.S.).

In particular, First Degree Official Misconduct is relevant to the defendants' persistent refusal to disqualify themselves from official functions which are intertwined with their personal interests. Moreover, the defendants have unlawfully relied upon the Colorado Attorney General's Office to perpetuate rather than investigate and prosecute the allegations of public fraud and corruption I alleged in *Gregory* and through complaints filed with the Colorado Office of the State Auditor's Fraud Hotline. The representation of the individually named defendants (including Attorney General Phil Weiser himself) through the public resources of the Colorado Attorney General's Office further meets the definition of "occupational fraud" under the Fraud Hotline statute, § 2-3-110.5(1)(d), C.R.S. and a "gift" as defined by Colo. Const. Art. 29, § 3(3). Court filings in *Gregory* are already part of the legislative record and can be found through the following links:

> 1/21/2026 Joint Judiciary Committee SMART Act Hearing for the Colorado Judicial Department--https://leg.colorado.gov/committee_meeting_hearing_summary/28660;
>
> 2/9/2026 Senate Judiciary Committee Conformation Hearing for the Appointment of former Senator Bob Gardner to the CCJD--https://leg.colorado.gov/committee_meeting_hearing_summary/28938; and
>
> 2/11/2026 Senate Judiciary Committee Hearing on SB26-084--https://leg.colorado.gov/committee_meeting_hearing_summary/29188.

In submitting this complaint, I am mindful of conflicts within the IEC that require disqualification of IEC Chair Sarah Mercer, IEC member Cyril Vidergar, and the IEC's General Counsel through the Colorado Attorney General's Office, Gina Cannan. Chair Mercer was appointed to the IEC by defendant Justice Brian Boatright. Chair Mercer previously worked as Counsel to Chief Justice Michael Bender and would have been involved in or a witness to the more than 25-year pattern of judicial misconduct alleged in *Gregory*, including the retaliatory firing of the Colorado Commission on Judicial Discipline's Executive Director Rick Wehmhoefer in 2008. Chair Mercer is also employed as a partner at Brownstein Hyatt Farber Shreck, which represents Loveland developer McWhinney / Realberry. IEC member Cyril Vidergar is currently employed as a Loveland Senior Assistant City Attorney. In my role as Special Counsel to the City of Loveland, I publicly asserted my findings of probable cause to prosecute members and former members of the Loveland City Council for their violation of the civil Colorado Open Meetings Law and parallel criminal provisions in the Loveland Municipal Charter and Loveland Municipal Code. My findings arose in connection with official misconduct that occurred when the involved Loveland City Council members opposed SB23-273 and approved an estimated 25-year, $155 million tax diversion as part of McWhinney's Centerra South Urban Renewal Authority. More recently, McWhinney/Realberry founder Chad McWhinney's inclusion in the Epstein files has been reported in the press. Noelle Philips, *Denver Developer Behind Union Station Project Identified in Epstein Files*, DENVER POST, February 12, 2026. General Counsel Gina Cannan is a defendant in *Gregory* directly responsible for the retaliation that occurred against me when I was wrongfully terminated as Executive Director of the CCJD.

Beyond the conflicts that require disqualification within the IEC, I further note that IEC Vice-Chair Daniel Wolf concurrently serves as a member of the Fifth Judicial District Judicial Performance Commission. The Performance Commission is statutorily charged with verifying defendant 5th Judicial District Judge Reid Owens' integrity as part of the 2026 judicial retention cycle.

As I have requested of Colorado State Auditor Kerri Hunter, the Colorado General Assembly, and the Denver County Court, it is appropriate for the IEC to formally refer the overall Colorado Judicial Scandal to conflict-free federal law enforcement and to exercise its discretion to directly appoint another state's attorney general to provide impartial legal representation and investigation support as a Special Assistant Attorney General according to § 24-31-111(5), C.R.S. If the IEC arbitrarily refuses to recognize this complaint as non-frivolous under Colo. Const. Art. XXIX, § 5(3)(b), I will seek recourse in federal court.

Gina Cannan is employed as a Senior Assistant Attorney General within the Colorado Department of Law. The IEC has jurisdictional authority over Gina Cannan according to Colo. Const. Art. XXIX, §§ 2 and 5(3)(a).

Independent Ethics Commission – Formal Complaint Form

Before the Independent Ethics Commission
of the State of Colorado

*For Commission Use Only*
Received date: _____
Case. No.:       _____

The Complainant is:    Christopher S.P. Gregory
                                        (name)
Mailing Address:    The Gregory Law Firm, LLC

201 Coffman St., #1822

Longmont, CO 80502

Daytime telephone number:    970-648-0642

Email address: cspgregory@thegregorylawfirm.net

The Respondent is:    James Carpenter
                                    (name)
Mailing Address:    Freestone Strategies, LLC

1415 Park Ave. West

Denver, CO 80205

Daytime telephone number:    720-346-4669

Email address: jim@freestone-strategies.com

When did the alleged violation occur:    Ongoing _____

Describe the specific acts or things complained of, with facts that provide a full understanding of the alleged violation(s).  If possible, cite the specific ethical standards alleged to have been violated and describe how the violation(s) occurred.  Use additional pages if necessary.  Attach any documentary evidence you wish to submit.

Please see attached statement of facts.

Description of acts or things complained of (continued):

Advisement regarding remedies and penalties:  Pursuant to Colo. Const. art. XXIX, § 6, a covered individual found to have breached the public trust for private gain is liable for double the amount of the financial equivalent of any benefits obtained by such actions.  The manner of recovery and additional penalties may be provided by law.  The Commission does not assess criminal penalties, award injunctive relief, or award damages to complainants.

I hereby acknowledge that the facts presented herein are true to the best of my knowledge, and I will cooperate in the process regarding this complaint and will appear at any proceeding of the Independent Ethics Commission if the complaint is scheduled for a hearing.

Signature: _____

Attorney (if applicable): Self-Represented _____

Dated at Longmont _____ (City), Colorado, this 4th _____ day of March , 20 26 .

Created by Article XXIX of the Colorado Constitution, the Independent Ethics Commission may review and hold hearings on matters falling within its jurisdiction as outlined in Article XXIX.

I have filed a civil rights and Colorado False Claims Act (CFCA) retaliation lawsuit in U.S. District Court. *Gregory v. Colo. Jud. Discipline Rulemaking Comm., et al.*, 1:25-cv-03361-KHV (D. Colo.). In its simplest terms, *Gregory* alleges that the defendants have deprived me of my constitutional, statutory, and administrative rights to freely report judicial, attorney, and official misconduct without fear of retaliation. The most important remedies sought in *Gregory* are injunctive and equitable in nature, including my reinstatement as the Executive Director of the Colorado Commission on Judicial Discipline (the CCJD), the reformation of Colorado's judicial oversight entities, the invalidation of rulemaking, the prohibition against further use of appointment authority, and restitution to the State of Colorado for the reasonable attorney fees and costs publicly expended through the representation of the defendants in defense of misconduct that occurred in their individual capacities.

Notwithstanding the claim for restitution being pled in my Verified Complaint, consolidated and conflicted representation of the State of Colorado's interests and the personal interests of the individually named defendants has occurred through the Colorado Attorney General's Office. This persistent and conflicted representation combined with the defendants' avoidance of responding to the merits of *Gregory* has culminated in the entry of a default against all the defendants. *Gregory*, ECF Nos. 39, 39-1, 46; *See, e.g., Dickinson v. Lincoln Building Corp.*, 2015 COA 170M, ¶¶ 22-23 ("[A]n entry of default establishes a party's liability. . . An entry of default, however, is not an admission regarding damages."). I respectfully submit that the verified, and now effectively-admitted, misconduct of the various defendants is probable cause to suspect the crimes of Obstruction of Justice (18 U.S.C. § 1503), False Statements (18 U.S.C. § 1001), Obstruction of a Federal Audit (18 U.S.C. § 1516), Retaliation Against a Witness or Victim (§ 18-8-706, C.R.S.), and First Degree Official Misconduct (§ 18-8-404, C.R.S.).

In particular, First Degree Official Misconduct is relevant to the defendants' persistent refusal to disqualify themselves from official functions which are intertwined with their personal interests. Moreover, the defendants have unlawfully relied upon the Colorado Attorney General's Office to perpetuate rather than investigate and prosecute the allegations of public fraud and corruption I alleged in *Gregory* and through complaints filed with the Colorado Office of the State Auditor's Fraud Hotline. The representation of the individually named defendants (including Attorney General Phil Weiser himself) through the public resources of the Colorado Attorney General's Office further meets the definition of "occupational fraud" under the Fraud Hotline statute, § 2-3-110.5(1)(d), C.R.S. and a "gift" as defined by Colo. Const. Art. 29, § 3(3). Court filings in *Gregory* are already part of the legislative record and can be found through the following links:

> 1/21/2026 Joint Judiciary Committee SMART Act Hearing for the Colorado Judicial Department--https://leg.colorado.gov/committee_meeting_hearing_summary/28660;

> 2/9/2026 Senate Judiciary Committee Conformation Hearing for the Appointment of former Senator Bob Gardner to the CCJD-- https://leg.colorado.gov/committee_meeting_hearing_summary/28938; and

> 2/11/2026 Senate Judiciary Committee Hearing on SB26-084-- https://leg.colorado.gov/committee_meeting_hearing_summary/29188.

In submitting this complaint, I am mindful of conflicts within the IEC that require disqualification of IEC Chair Sarah Mercer, IEC member Cyril Vidergar, and the IEC's General Counsel through the Colorado Attorney General's Office, Gina Cannan.  Chair Mercer was appointed to the IEC by defendant Justice Brian Boatright.  Chair Mercer previously worked as Counsel to Chief Justice Michael Bender and would have been involved in or a witness to the more than 25-year pattern of judicial misconduct alleged in *Gregory*, including the retaliatory firing of the Colorado Commission on Judicial Discipline's Executive Director Rick Wehmhoefer in 2008.  Chair Mercer is also employed as a partner at Brownstein Hyatt Farber Shreck, which represents Loveland developer McWhinney / Realberry.  IEC member Cyril Vidergar is currently employed as a Loveland Senior Assistant City Attorney.  In my role as Special Counsel to the City of Loveland, I publicly asserted my findings of probable cause to prosecute members and former members of the Loveland City Council for their violation of the civil Colorado Open Meetings Law and parallel criminal provisions in the Loveland Municipal Charter and Loveland Municipal Code.  My findings arose in connection with official misconduct that occurred when the involved Loveland City Council members opposed SB23-273 and approved an estimated 25-year, $155 million tax diversion as part of McWhinney's Centerra South Urban Renewal Authority.  More recently, McWhinney/Realberry founder Chad McWhinney's inclusion in the Epstein files has been reported in the press.  Noelle Philips, *Denver Developer Behind Union Station Project Identified in Epstein Files*, DENVER POST, February 12, 2026.  General Counsel Gina Cannan is a defendant in *Gregory* directly responsible for the retaliation that occurred against me when I was wrongfully terminated as Executive Director of the CCJD.

Beyond the conflicts that require disqualification within the IEC, I further note that IEC Vice-Chair Daniel Wolf concurrently serves as a member of the Fifth Judicial District Judicial Performance Commission.  The Performance Commission is statutorily charged with verifying defendant 5th Judicial District Judge Reid Owens' integrity as part of the 2026 judicial retention cycle.

As I have requested of Colorado State Auditor Kerri Hunter, the Colorado General Assembly, and the Denver County Court, it is appropriate for the IEC to formally refer the overall Colorado Judicial Scandal to conflict-free federal law enforcement and to exercise its discretion to directly appoint another state's attorney general to provide impartial legal representation and investigation support as a Special Assistant Attorney General according to § 24-31-111(5), C.R.S.  If the IEC arbitrarily refuses to recognize this complaint as non-frivolous under Colo. Const. Art. XXIX, § 5(3)(b), I will seek recourse in federal court.

James Carpenter is a professional lobbyist through his business Freestone Strategies, LLC.  The IEC has jurisdictional authority over James Carpenter according to Colo. Const. Art. XXIX, §§ 2 and 3.

---

Independent Ethics Commission – Formal Complaint Form

---

Before the Independent Ethics Commission
of the State of Colorado

*For Commission Use Only*
Received date: _____
Case. No.:        _____

---

The Complainant is: Christopher S.P. Gregory
_____
(name)

Mailing Address: The Gregory Law Firm, LLC
_____

201 Coffman St., #1822
_____

Longmont, CO 80502
_____

Daytime telephone number: 970-648-0642
_____

Email address: cspgregory@thegregorylawfirm.net
_____

---

The Respondent is: Dan Combs
_____
(name)

Mailing Address: Colorado Department of Law
_____

1300 Broadway, 10th Floor
_____

Denver, CO 80203
_____

Daytime telephone number: 720-508-6625
_____

Email address: dan.combs@coag.gov
_____

---

When did the alleged violation occur: Ongoing
_____

---

Describe the specific acts or things complained of, with facts that provide a full understanding of the alleged violation(s).  If possible, cite the specific ethical standards alleged to have been violated and describe how the violation(s) occurred.  Use additional pages if necessary.  Attach any documentary evidence you wish to submit.

Please see attached statement of facts.

Description of acts or things complained of (continued):

Advisement regarding remedies and penalties:  Pursuant to Colo. Const. art. XXIX, § 6, a covered individual found to have breached the public trust for private gain is liable for double the amount of the financial equivalent of any benefits obtained by such actions.  The manner of recovery and additional penalties may be provided by law.  The Commission does not assess criminal penalties, award injunctive relief, or award damages to complainants.

I hereby acknowledge that the facts presented herein are true to the best of my knowledge, and I will cooperate in the process regarding this complaint and will appear at any proceeding of the Independent Ethics Commission if the complaint is scheduled for a hearing.

Signature: _____

Attorney (if applicable): Self-Represented _____

Dated at Longmont _____ (City), Colorado, this 4th _____ day of March , 20 26 .

Created by Article XXIX of the Colorado Constitution, the Independent Ethics Commission may review and hold hearings on matters falling within its jurisdiction as outlined in Article XXIX.

I have filed a civil rights and Colorado False Claims Act (CFCA) retaliation lawsuit in U.S. District Court. *Gregory v. Colo. Jud. Discipline Rulemaking Comm., et al.*, 1:25-cv-03361-KHV (D. Colo.). In its simplest terms, *Gregory* alleges that the defendants have deprived me of my constitutional, statutory, and administrative rights to freely report judicial, attorney, and official misconduct without fear of retaliation. The most important remedies sought in *Gregory* are injunctive and equitable in nature, including my reinstatement as the Executive Director of the Colorado Commission on Judicial Discipline (the CCJD), the reformation of Colorado's judicial oversight entities, the invalidation of rulemaking, the prohibition against further use of appointment authority, and restitution to the State of Colorado for the reasonable attorney fees and costs publicly expended through the representation of the defendants in defense of misconduct that occurred in their individual capacities.

Notwithstanding the claim for restitution being pled in my Verified Complaint, consolidated and conflicted representation of the State of Colorado's interests and the personal interests of the individually named defendants has occurred through the Colorado Attorney General's Office. This persistent and conflicted representation combined with the defendants' avoidance of responding to the merits of *Gregory* has culminated in the entry of a default against all the defendants. *Gregory*, ECF Nos. 39, 39-1, 46; *See, e.g., Dickinson v. Lincoln Building Corp.*, 2015 COA 170M, ¶¶ 22-23 ("[A]n entry of default establishes a party's liability. . . An entry of default, however, is not an admission regarding damages."). I respectfully submit that the verified, and now effectively-admitted, misconduct of the various defendants is probable cause to suspect the crimes of Obstruction of Justice (18 U.S.C. § 1503), False Statements (18 U.S.C. § 1001), Obstruction of a Federal Audit (18 U.S.C. § 1516), Retaliation Against a Witness or Victim (§ 18-8-706, C.R.S.), and First Degree Official Misconduct (§ 18-8-404, C.R.S.).

In particular, First Degree Official Misconduct is relevant to the defendants' persistent refusal to disqualify themselves from official functions which are intertwined with their personal interests. Moreover, the defendants have unlawfully relied upon the Colorado Attorney General's Office to perpetuate rather than investigate and prosecute the allegations of public fraud and corruption I alleged in *Gregory* and through complaints filed with the Colorado Office of the State Auditor's Fraud Hotline. The representation of the individually named defendants (including Attorney General Phil Weiser himself) through the public resources of the Colorado Attorney General's Office further meets the definition of "occupational fraud" under the Fraud Hotline statute, § 2-3-110.5(1)(d), C.R.S. and a "gift" as defined by Colo. Const. Art. 29, § 3(3). Court filings in *Gregory* are already part of the legislative record and can be found through the following links:

> 1/21/2026 Joint Judiciary Committee SMART Act Hearing for the Colorado Judicial Department--https://leg.colorado.gov/committee_meeting_hearing_summary/28660;
>
> 2/9/2026 Senate Judiciary Committee Conformation Hearing for the Appointment of former Senator Bob Gardner to the CCJD--https://leg.colorado.gov/committee_meeting_hearing_summary/28938; and
>
> 2/11/2026 Senate Judiciary Committee Hearing on SB26-084--https://leg.colorado.gov/committee_meeting_hearing_summary/29188.

In submitting this complaint, I am mindful of conflicts within the IEC that require disqualification of IEC Chair Sarah Mercer, IEC member Cyril Vidergar, and the IEC's General Counsel through the Colorado Attorney General's Office, Gina Cannan. Chair Mercer was appointed to the IEC by defendant Justice Brian Boatright. Chair Mercer previously worked as Counsel to Chief Justice Michael Bender and would have been involved in or a witness to the more than 25-year pattern of judicial misconduct alleged in *Gregory*, including the retaliatory firing of the Colorado Commission on Judicial Discipline's Executive Director Rick Wehmhoefer in 2008. Chair Mercer is also employed as a partner at Brownstein Hyatt Farber Shreck, which represents Loveland developer McWhinney / Realberry. IEC member Cyril Vidergar is currently employed as a Loveland Senior Assistant City Attorney. In my role as Special Counsel to the City of Loveland, I publicly asserted my findings of probable cause to prosecute members and former members of the Loveland City Council for their violation of the civil Colorado Open Meetings Law and parallel criminal provisions in the Loveland Municipal Charter and Loveland Municipal Code. My findings arose in connection with official misconduct that occurred when the involved Loveland City Council members opposed SB23-273 and approved an estimated 25-year, $155 million tax diversion as part of McWhinney's Centerra South Urban Renewal Authority. More recently, McWhinney/Realberry founder Chad McWhinney's inclusion in the Epstein files has been reported in the press. Noelle Philips, *Denver Developer Behind Union Station Project Identified in Epstein Files*, DENVER POST, February 12, 2026. General Counsel Gina Cannan is a defendant in *Gregory* directly responsible for the retaliation that occurred against me when I was wrongfully terminated as Executive Director of the CCJD.

Beyond the conflicts that require disqualification within the IEC, I further note that IEC Vice-Chair Daniel Wolf concurrently serves as a member of the Fifth Judicial District Judicial Performance Commission. The Performance Commission is statutorily charged with verifying defendant 5th Judicial District Judge Reid Owens' integrity as part of the 2026 judicial retention cycle.

As I have requested of Colorado State Auditor Kerri Hunter, the Colorado General Assembly, and the Denver County Court, it is appropriate for the IEC to formally refer the overall Colorado Judicial Scandal to conflict-free federal law enforcement and to exercise its discretion to directly appoint another state's attorney general to provide impartial legal representation and investigation support as a Special Assistant Attorney General according to § 24-31-111(5), C.R.S. If the IEC arbitrarily refuses to recognize this complaint as non-frivolous under Colo. Const. Art. XXIX, § 5(3)(b), I will seek recourse in federal court.

Dan Combs is employed as a First Assistant Attorney General at the Colorado Department of Law and is counsel of record in Case No. 1:25-cv-03361-KHV. The IEC has jurisdictional authority over Dan Combs according to Colo. Const. Art. XXIX, §§ 2 and 5(3)(a).

Independent Ethics Commission – Formal Complaint Form

| | |
|---|---|
| Before the Independent Ethics Commission of the State of Colorado | *For Commission Use Only* Received date: _____ Case. No.: _____ |

The Complainant is: Christopher S.P. Gregory
                                      (name)

Mailing Address: The Gregory Law Firm, LLC

201 Coffman St., #1822

Longmont, CO 80502

Daytime telephone number: 970-648-0642

Email address: cspgregory@thegregorylawfirm.net

The Respondent is: Michael Dougherty
                                   (name)

Mailing Address: 20th Judicial District Attorney's Office

P.O. Box 471

Boulder, CO 80306

Daytime telephone number: 303-441-3700

Email address: boulderda@bouldercounty.gov

When did the alleged violation occur: Ongoing

Describe the specific acts or things complained of, with facts that provide a full understanding of the alleged violation(s).  If possible, cite the specific ethical standards alleged to have been violated and describe how the violation(s) occurred.  Use additional pages if necessary.  Attach any documentary evidence you wish to submit.

Please see attached statement of facts.

Description of acts or things complained of (continued):

Advisement regarding remedies and penalties:  Pursuant to Colo. Const. art. XXIX, § 6, a covered individual found to have breached the public trust for private gain is liable for double the amount of the financial equivalent of any benefits obtained by such actions.  The manner of recovery and additional penalties may be provided by law.  The Commission does not assess criminal penalties, award injunctive relief, or award damages to complainants.

I hereby acknowledge that the facts presented herein are true to the best of my knowledge, and I will cooperate in the process regarding this complaint and will appear at any proceeding of the Independent Ethics Commission if the complaint is scheduled for a hearing.

Signature: _____

Attorney (if applicable): Self-Represented _____

Dated at __Longmont__ (City), Colorado, this __4th__ day of __March__, 20__26__.

Created by Article XXIX of the Colorado Constitution, the Independent Ethics Commission may review and hold hearings on matters falling within its jurisdiction as outlined in Article XXIX.

I have filed a civil rights and Colorado False Claims Act (CFCA) retaliation lawsuit in U.S.
District Court. *Gregory v. Colo. Jud. Discipline Rulemaking Comm., et al.*, 1:25-cv-03361-KHV
(D. Colo.). In its simplest terms, *Gregory* alleges that the defendants have deprived me of my
constitutional, statutory, and administrative rights to freely report judicial, attorney, and official
misconduct without fear of retaliation. The most important remedies sought in *Gregory* are
injunctive and equitable in nature, including my reinstatement as the Executive Director of the
Colorado Commission on Judicial Discipline (the CCJD), the reformation of Colorado's judicial
oversight entities, the invalidation of rulemaking, the prohibition against further use of
appointment authority, and restitution to the State of Colorado for the reasonable attorney fees
and costs publicly expended through the representation of the defendants in defense of
misconduct that occurred in their individual capacities.

Notwithstanding the claim for restitution being pled in my Verified Complaint, consolidated and
conflicted representation of the State of Colorado's interests and the personal interests of the
individually named defendants has occurred through the Colorado Attorney General's Office.
This persistent and conflicted representation combined with the defendants' avoidance of
responding to the merits of *Gregory* has culminated in the entry of a default against all the
defendants. *Gregory*, ECF Nos. 39, 39-1, 46; *See, e.g., Dickinson v. Lincoln Building Corp.*,
2015 COA 170M, ¶¶ 22-23 ("[A]n entry of default establishes a party's liability. . . An entry of
default, however, is not an admission regarding damages."). I respectfully submit that the
verified, and now effectively-admitted, misconduct of the various defendants is probable cause to
suspect the crimes of Obstruction of Justice (18 U.S.C. § 1503), False Statements (18 U.S.C. §
1001), Obstruction of a Federal Audit (18 U.S.C. § 1516), Retaliation Against a Witness or
Victim (§ 18-8-706, C.R.S.), and First Degree Official Misconduct (§ 18-8-404, C.R.S.).

In particular, First Degree Official Misconduct is relevant to the defendants' persistent refusal to
disqualify themselves from official functions which are intertwined with their personal interests.
Moreover, the defendants have unlawfully relied upon the Colorado Attorney General's Office to
perpetuate rather than investigate and prosecute the allegations of public fraud and corruption I
alleged in *Gregory* and through complaints filed with the Colorado Office of the State Auditor's
Fraud Hotline. The representation of the individually named defendants (including Attorney
General Phil Weiser himself) through the public resources of the Colorado Attorney General's
Office further meets the definition of "occupational fraud" under the Fraud Hotline statute,
§ 2-3-110.5(1)(d), C.R.S. and a "gift" as defined by Colo. Const. Art. 29, § 3(3). Court filings in
*Gregory* are already part of the legislative record and can be found through the following links:

> 1/21/2026 Joint Judiciary Committee SMART Act Hearing for the Colorado Judicial
> Department--https://leg.colorado.gov/committee_meeting_hearing_summary/28660;

> 2/9/2026 Senate Judiciary Committee Conformation Hearing for the Appointment of
> former Senator Bob Gardner to the CCJD--
> https://leg.colorado.gov/committee_meeting_hearing_summary/28938; and

> 2/11/2026 Senate Judiciary Committee Hearing on SB26-084--
> https://leg.colorado.gov/committee_meeting_hearing_summary/29188.

In submitting this complaint, I am mindful of conflicts within the IEC that require disqualification of IEC Chair Sarah Mercer, IEC member Cyril Vidergar, and the IEC's General Counsel through the Colorado Attorney General's Office, Gina Cannan. Chair Mercer was appointed to the IEC by defendant Justice Brian Boatright. Chair Mercer previously worked as Counsel to Chief Justice Michael Bender and would have been involved in or a witness to the more than 25-year pattern of judicial misconduct alleged in *Gregory*, including the retaliatory firing of the Colorado Commission on Judicial Discipline's Executive Director Rick Wehmhoefer in 2008. Chair Mercer is also employed as a partner at Brownstein Hyatt Farber Shreck, which represents Loveland developer McWhinney / Realberry. IEC member Cyril Vidergar is currently employed as a Loveland Senior Assistant City Attorney. In my role as Special Counsel to the City of Loveland, I publicly asserted my findings of probable cause to prosecute members and former members of the Loveland City Council for their violation of the civil Colorado Open Meetings Law and parallel criminal provisions in the Loveland Municipal Charter and Loveland Municipal Code. My findings arose in connection with official misconduct that occurred when the involved Loveland City Council members opposed SB23-273 and approved an estimated 25-year, $155 million tax diversion as part of McWhinney's Centerra South Urban Renewal Authority. More recently, McWhinney/Realberry founder Chad McWhinney's inclusion in the Epstein files has been reported in the press. Noelle Philips, *Denver Developer Behind Union Station Project Identified in Epstein Files*, DENVER POST, February 12, 2026. General Counsel Gina Cannan is a defendant in *Gregory* directly responsible for the retaliation that occurred against me when I was wrongfully terminated as Executive Director of the CCJD.

Beyond the conflicts that require disqualification within the IEC, I further note that IEC Vice-Chair Daniel Wolf concurrently serves as a member of the Fifth Judicial District Judicial Performance Commission. The Performance Commission is statutorily charged with verifying defendant 5th Judicial District Judge Reid Owens' integrity as part of the 2026 judicial retention cycle.

As I have requested of Colorado State Auditor Kerri Hunter, the Colorado General Assembly, and the Denver County Court, it is appropriate for the IEC to formally refer the overall Colorado Judicial Scandal to conflict-free federal law enforcement and to exercise its discretion to directly appoint another state's attorney general to provide impartial legal representation and investigation support as a Special Assistant Attorney General according to § 24-31-111(5), C.R.S. If the IEC arbitrarily refuses to recognize this complaint as non-frivolous under Colo. Const. Art. XXIX, § 5(3)(b), I will seek recourse in federal court.

Michael Dougherty is the elected 20th Judicial District Attorney. Mr. Dougherty, through his Assistant DA Kenneth Kupfner, obstructed my efforts to report suspected crimes involved to my local law enforcement agency, the Longmont Police Department. The IEC has jurisdictional authority over Michael Dougherty according to Colo. Const. Art. XXIX, §§ 2 and 5(3)(a).

Independent Ethics Commission – Formal Complaint Form

| | |
|---|---|
| Before the Independent Ethics Commission of the State of Colorado | *For Commission Use Only*<br>Received date: _____<br>Case. No.:      _____ |

The Complainant is:  Christopher S.P. Gregory
_____
(name)

Mailing Address:  The Gregory Law Firm, LLC
_____

201 Coffman St., #1822
_____

Longmont, CO 80502
_____

Daytime telephone number:  970-648-0642
_____

Email address: cspgregory@thegregorylawfirm.net
_____

The Respondent is:  Kirsten E. Grooms
_____
(name)

Mailing Address:  Colorado Department of Law
_____

1300 Broadway, 10th Floor
_____

Denver, CO 80203
_____

Daytime telephone number:  720-508-6432
_____

Email address: kirsten.grooms@coag.gov
_____

When did the alleged violation occur:  Ongoing _____

Describe the specific acts or things complained of, with facts that provide a full understanding of the alleged violation(s).  If possible, cite the specific ethical standards alleged to have been violated and describe how the violation(s) occurred.  Use additional pages if necessary.  Attach any documentary evidence you wish to submit.

Please see attached statement of facts.

Description of acts or things complained of (continued):

Advisement regarding remedies and penalties:  Pursuant to Colo. Const. art. XXIX, § 6, a covered individual found to have breached the public trust for private gain is liable for double the amount of the financial equivalent of any benefits obtained by such actions.  The manner of recovery and additional penalties may be provided by law.  The Commission does not assess criminal penalties, award injunctive relief, or award damages to complainants.

I hereby acknowledge that the facts presented herein are true to the best of my knowledge, and I will cooperate in the process regarding this complaint and will appear at any proceeding of the Independent Ethics Commission if the complaint is scheduled for a hearing.

Signature: _____

Attorney (if applicable): Self-Represented _____

Dated at Longmont _____ (City), Colorado, this 4th _____ day of March , 20 26 .

Created by Article XXIX of the Colorado Constitution, the Independent Ethics Commission may review and hold hearings on matters falling within its jurisdiction as outlined in Article XXIX.

I have filed a civil rights and Colorado False Claims Act (CFCA) retaliation lawsuit in U.S. District Court. *Gregory v. Colo. Jud. Discipline Rulemaking Comm., et al.*, 1:25-cv-03361-KHV (D. Colo.). In its simplest terms, *Gregory* alleges that the defendants have deprived me of my constitutional, statutory, and administrative rights to freely report judicial, attorney, and official misconduct without fear of retaliation. The most important remedies sought in *Gregory* are injunctive and equitable in nature, including my reinstatement as the Executive Director of the Colorado Commission on Judicial Discipline (the CCJD), the reformation of Colorado's judicial oversight entities, the invalidation of rulemaking, the prohibition against further use of appointment authority, and restitution to the State of Colorado for the reasonable attorney fees and costs publicly expended through the representation of the defendants in defense of misconduct that occurred in their individual capacities.

Notwithstanding the claim for restitution being pled in my Verified Complaint, consolidated and conflicted representation of the State of Colorado's interests and the personal interests of the individually named defendants has occurred through the Colorado Attorney General's Office. This persistent and conflicted representation combined with the defendants' avoidance of responding to the merits of *Gregory* has culminated in the entry of a default against all the defendants. *Gregory*, ECF Nos. 39, 39-1, 46; *See, e.g., Dickinson v. Lincoln Building Corp.*, 2015 COA 170M, ¶¶ 22-23 ("[A]n entry of default establishes a party's liability. . . An entry of default, however, is not an admission regarding damages."). I respectfully submit that the verified, and now effectively-admitted, misconduct of the various defendants is probable cause to suspect the crimes of Obstruction of Justice (18 U.S.C. § 1503), False Statements (18 U.S.C. § 1001), Obstruction of a Federal Audit (18 U.S.C. § 1516), Retaliation Against a Witness or Victim (§ 18-8-706, C.R.S.), and First Degree Official Misconduct (§ 18-8-404, C.R.S.).

In particular, First Degree Official Misconduct is relevant to the defendants' persistent refusal to disqualify themselves from official functions which are intertwined with their personal interests. Moreover, the defendants have unlawfully relied upon the Colorado Attorney General's Office to perpetuate rather than investigate and prosecute the allegations of public fraud and corruption I alleged in *Gregory* and through complaints filed with the Colorado Office of the State Auditor's Fraud Hotline. The representation of the individually named defendants (including Attorney General Phil Weiser himself) through the public resources of the Colorado Attorney General's Office further meets the definition of "occupational fraud" under the Fraud Hotline statute, § 2-3-110.5(1)(d), C.R.S. and a "gift" as defined by Colo. Const. Art. 29, § 3(3). Court filings in *Gregory* are already part of the legislative record and can be found through the following links:

1/21/2026 Joint Judiciary Committee SMART Act Hearing for the Colorado Judicial Department--https://leg.colorado.gov/committee_meeting_hearing_summary/28660;

2/9/2026 Senate Judiciary Committee Conformation Hearing for the Appointment of former Senator Bob Gardner to the CCJD--
https://leg.colorado.gov/committee_meeting_hearing_summary/28938; and

2/11/2026 Senate Judiciary Committee Hearing on SB26-084--
https://leg.colorado.gov/committee_meeting_hearing_summary/29188.

In submitting this complaint, I am mindful of conflicts within the IEC that require disqualification of IEC Chair Sarah Mercer, IEC member Cyril Vidergar, and the IEC's General Counsel through the Colorado Attorney General's Office, Gina Cannan.  Chair Mercer was appointed to the IEC by defendant Justice Brian Boatright.  Chair Mercer previously worked as Counsel to Chief Justice Michael Bender and would have been involved in or a witness to the more than 25-year pattern of judicial misconduct alleged in *Gregory*, including the retaliatory firing of the Colorado Commission on Judicial Discipline's Executive Director Rick Wehmhoefer in 2008.  Chair Mercer is also employed as a partner at Brownstein Hyatt Farber Shreck, which represents Loveland developer McWhinney / Realberry.  IEC member Cyril Vidergar is currently employed as a Loveland Senior Assistant City Attorney.  In my role as Special Counsel to the City of Loveland, I publicly asserted my findings of probable cause to prosecute members and former members of the Loveland City Council for their violation of the civil Colorado Open Meetings Law and parallel criminal provisions in the Loveland Municipal Charter and Loveland Municipal Code.  My findings arose in connection with official misconduct that occurred when the involved Loveland City Council members opposed SB23-273 and approved an estimated 25-year, $155 million tax diversion as part of McWhinney's Centerra South Urban Renewal Authority.  More recently, McWhinney/Realberry founder Chad McWhinney's inclusion in the Epstein files has been reported in the press.  Noelle Philips, *Denver Developer Behind Union Station Project Identified in Epstein Files*, DENVER POST, February 12, 2026.  General Counsel Gina Cannan is a defendant in *Gregory* directly responsible for the retaliation that occurred against me when I was wrongfully terminated as Executive Director of the CCJD.

Beyond the conflicts that require disqualification within the IEC, I further note that IEC Vice-Chair Daniel Wolf concurrently serves as a member of the Fifth Judicial District Judicial Performance Commission.  The Performance Commission is statutorily charged with verifying defendant 5th Judicial District Judge Reid Owens' integrity as part of the 2026 judicial retention cycle.

As I have requested of Colorado State Auditor Kerri Hunter, the Colorado General Assembly, and the Denver County Court, it is appropriate for the IEC to formally refer the overall Colorado Judicial Scandal to conflict-free federal law enforcement and to exercise its discretion to directly appoint another state's attorney general to provide impartial legal representation and investigation support as a Special Assistant Attorney General according to § 24-31-111(5), C.R.S.  If the IEC arbitrarily refuses to recognize this complaint as non-frivolous under Colo. Const. Art. XXIX, § 5(3)(b), I will seek recourse in federal court.

Kristen Grooms is employed by the Colorado Department of Law.  The IEC has jurisdictional authority over Kristen Grooms according to Colo. Const. Art. XXIX, §§ 2 and 5(3)(a).

Independent Ethics Commission – Formal Complaint Form

Before the Independent Ethics Commission
of the State of Colorado

*For Commission Use Only*
Received date: _____
Case. No.: _____

The Complainant is: Christopher S.P. Gregory
(name)

Mailing Address: The Gregory Law Firm, LLC

201 Coffman St., #1822

Longmont, CO 80502

Daytime telephone number: 970-648-0642

Email address: cspgregory@thegregorylawfirm.net

The Respondent is: Alison F. Kyles
(name)

Mailing Address: Colorado Department of Law

1300 Broadway, 10th Floor

Denver, CO 80203

Daytime telephone number: 720-508-6000

Email address: alison.kyles@coag.gov

When did the alleged violation occur: Ongoing

Describe the specific acts or things complained of, with facts that provide a full understanding of the alleged violation(s). If possible, cite the specific ethical standards alleged to have been violated and describe how the violation(s) occurred. Use additional pages if necessary. Attach any documentary evidence you wish to submit.

Please see attached statement of facts.

Description of acts or things complained of (continued):

Advisement regarding remedies and penalties:  Pursuant to Colo. Const. art. XXIX, § 6, a covered individual found to have breached the public trust for private gain is liable for double the amount of the financial equivalent of any benefits obtained by such actions.  The manner of recovery and additional penalties may be provided by law.  The Commission does not assess criminal penalties, award injunctive relief, or award damages to complainants.

I hereby acknowledge that the facts presented herein are true to the best of my knowledge, and I will cooperate in the process regarding this complaint and will appear at any proceeding of the Independent Ethics Commission if the complaint is scheduled for a hearing.

Signature: _____

Attorney (if applicable): Self-Represented _____

Dated at __Longmont__ (City), Colorado, this __4th__ day of __March__, 20__26__.

Created by Article XXIX of the Colorado Constitution, the Independent Ethics Commission may review and hold hearings on matters falling within its jurisdiction as outlined in Article XXIX.

I have filed a civil rights and Colorado False Claims Act (CFCA) retaliation lawsuit in U.S. District Court. *Gregory v. Colo. Jud. Discipline Rulemaking Comm., et al.*, 1:25-cv-03361-KHV (D. Colo.). In its simplest terms, *Gregory* alleges that the Defendants have deprived me of my constitutional, statutory, and administrative rights to freely report judicial, attorney, and official misconduct without fear of retaliation. The most important remedies sought in *Gregory* are injunctive and equitable in nature, including my reinstatement as the Executive Director of the Colorado Commission on Judicial Discipline (the CCJD), the reformation of Colorado's judicial oversight entities, the invalidation of rulemaking, the prohibition against further use of appointment authority, and restitution to the State of Colorado for the reasonable attorney fees and costs publicly expended through the representation of the Defendants in defense of misconduct that occurred in their individual capacities.

Notwithstanding the claim for restitution being pled in my Verified Complaint, consolidated and conflicted representation of the State of Colorado's interests and the personal interests of the individually named Defendants has occurred through the Colorado Attorney General's Office. This persistent and conflicted representation combined with the Defendants' avoidance of responding to the merits of *Gregory* has culminated in the entry of a default against all the Defendants. *Gregory*, ECF Nos. 39, 39-1, 46; *See, e.g., Dickinson v. Lincoln Building Corp.*, 2015 COA 170M, ¶¶ 22-23 ("[A]n entry of default establishes a party's liability. . . An entry of default, however, is not an admission regarding damages."). I respectfully submit that the verified, and now effectively-admitted, misconduct of the various Defendants is probable cause to suspect the crimes of Obstruction of Justice (18 U.S.C. § 1503), False Statements (18 U.S.C. § 1001), Obstruction of a Federal Audit (18 U.S.C. § 1516), Retaliation Against a Witness or Victim (§ 18-8-706, C.R.S.), and First Degree Official Misconduct (§ 18-8-404, C.R.S.).

In particular, First Degree Official Misconduct is relevant to the Defendants' persistent refusal to disqualify themselves from official functions which are intertwined with their personal interests. Moreover, the Defendants have unlawfully relied upon the Colorado Attorney General's Office to perpetuate rather than investigate and prosecute the allegations of public fraud and corruption I alleged in *Gregory* and through complaints filed with the Colorado Office of the State Auditor's Fraud Hotline. The representation of the individually named Defendants (including Attorney General Phil Weiser himself) through the public resources of the Colorado Attorney General's Office further meets the definition of "occupational fraud" under the Fraud Hotline statute, § 2-3-110.5(1)(d), C.R.S. and a "gift" as defined by Colo. Const. Art. 29, § 3(3). Court filings in *Gregory* are already part of the legislative record and can be found through the following links:

> 1/21/2026 Joint Judiciary Committee SMART Act Hearing for the Colorado Judicial Department--https://leg.colorado.gov/committee_meeting_hearing_summary/28660;

> 2/9/2026 Senate Judiciary Committee Conformation Hearing for the Appointment of former Senator Bob Gardner to the CCJD--https://leg.colorado.gov/committee_meeting_hearing_summary/28938; and

> 2/11/2026 Senate Judiciary Committee Hearing on SB26-084--https://leg.colorado.gov/committee_meeting_hearing_summary/29188.

In submitting this complaint, I am mindful of conflicts within the IEC that require disqualification of IEC Chair Sarah Mercer, IEC member Cyril Vidergar, and the IEC's General Counsel through the Colorado Attorney General's Office, Gina Cannan.  Chair Mercer was appointed to the IEC by Defendant Justice Brian Boatright.  Chair Mercer previously worked as Counsel to Chief Justice Michael Bender and would have been involved in or a witness to the more than 25-year pattern of judicial misconduct alleged in *Gregory*, including the retaliatory firing of the Colorado Commission on Judicial Discipline's Executive Director Rick Wehmhoefer in 2008.  Chair Mercer is also employed as a partner at Brownstein Hyatt Farber Shreck, which represents Loveland developer McWhinney / Realberry.  IEC member Cyril Vidergar is currently employed as a Loveland Senior Assistant City Attorney.  In my role as Special Counsel to the City of Loveland, I publicly asserted my findings of probable cause to prosecute members and former members of the Loveland City Council for their violation of the civil Colorado Open Meetings Law and parallel criminal provisions in the Loveland Municipal Charter and Loveland Municipal Code.  My findings arose in connection with official misconduct that occurred when the involved Loveland City Council members opposed SB23-273 and approved an estimated 25-year, $155 million tax diversion as part of McWhinney's Centerra South Urban Renewal Authority.  More recently, McWhinney/Realberry founder Chad McWhinney's inclusion in the Epstein files has been reported in the press.  Noelle Philips, *Denver Developer Behind Union Station Project Identified in Epstein Files*, DENVER POST, February 12, 2026.  General Counsel Gina Cannan is a Defendant in *Gregory* directly responsible for the retaliation that occurred against me when I was wrongfully terminated as Executive Director of the CCJD.

Beyond the conflicts that require disqualification within the IEC, I further note that IEC Vice-Chair Daniel Wolf concurrently serves as a member of the Fifth Judicial District Judicial Performance Commission.  The Performance Commission is statutorily charged with verifying Defendant 5th Judicial District Judge Reid Owens' integrity as part of the 2026 judicial retention cycle.

As I have requested of Colorado State Auditor Kerri Hunter, the Colorado General Assembly, and the Denver County Court, it is appropriate for the IEC to formally refer the overall Colorado Judicial Scandal to conflict-free federal law enforcement and to exercise its discretion to directly appoint another state's attorney general to provide impartial legal representation and investigation support as a Special Assistant Attorney General according to § 24-31-111(5), C.R.S.  If the IEC arbitrarily refuses to recognize this complaint as non-frivolous under Colo. Const. Art. XXIX, § 5(3)(b), I will seek recourse in federal court.

Alison Kyles is employed as an Assistant Solicitor General at the Colorado Department of Law. The IEC has jurisdictional authority over Alison Kyles according to Colo. Const. Art. XXIX, §§ 2 and 5(3)(a).

Independent Ethics Commission – Formal Complaint Form

| | |
|---|---|
| Before the Independent Ethics Commission of the State of Colorado | *For Commission Use Only*<br>Received date: _____<br>Case. No.:        _____ |

The Complainant is:   Christopher S.P. Gregory
<div align="center">(name)</div>

Mailing Address:    The Gregory Law Firm, LLC

201 Coffman St., #1822

Longmont, CO 80502

Daytime telephone number:   970-648-0642

Email address: cspgregory@thegregorylawfirm.net

---

The Respondent is:    Anne Mangiardi
<div align="center">(name)</div>

Mailing Address:    Colorado Commission on Judicial Discipline

1300 Broadway, Ste. 210

Denver, CO 80203

Daytime telephone number:   303-457-5134

Email address: a.mangiardi@jd.state.co.us

---

When did the alleged violation occur:  Ongoing _____

---

Describe the specific acts or things complained of, with facts that provide a full understanding of the alleged violation(s).  If possible, cite the specific ethical standards alleged to have been violated and describe how the violation(s) occurred.  Use additional pages if necessary.  Attach any documentary evidence you wish to submit.

Please see attached statement of facts.

Description of acts or things complained of (continued):

Advisement regarding remedies and penalties: Pursuant to Colo. Const. art. XXIX, § 6, a covered individual found to have breached the public trust for private gain is liable for double the amount of the financial equivalent of any benefits obtained by such actions. The manner of recovery and additional penalties may be provided by law. The Commission does not assess criminal penalties, award injunctive relief, or award damages to complainants.

I hereby acknowledge that the facts presented herein are true to the best of my knowledge, and I will cooperate in the process regarding this complaint and will appear at any proceeding of the Independent Ethics Commission if the complaint is scheduled for a hearing.

Signature: _____

Attorney (if applicable): Self-Represented _____

Dated at Longmont _____ (City), Colorado, this 4th _____ day of March , 20 26 .

Created by Article XXIX of the Colorado Constitution, the Independent Ethics Commission may review and hold hearings on matters falling within its jurisdiction as outlined in Article XXIX.

I have filed a civil rights and Colorado False Claims Act (CFCA) retaliation lawsuit in U.S. District Court.  *Gregory v. Colo. Jud. Discipline Rulemaking Comm., et al.*, 1:25-cv-03361-KHV (D. Colo.).  In its simplest terms, *Gregory* alleges that the defendants have deprived me of my constitutional, statutory, and administrative rights to freely report judicial, attorney, and official misconduct without fear of retaliation.  The most important remedies sought in *Gregory* are injunctive and equitable in nature, including my reinstatement as the Executive Director of the Colorado Commission on Judicial Discipline (the CCJD), the reformation of Colorado's judicial oversight entities, the invalidation of rulemaking, the prohibition against further use of appointment authority, and restitution to the State of Colorado for the reasonable attorney fees and costs publicly expended through the representation of the defendants in defense of misconduct that occurred in their individual capacities.

Notwithstanding the claim for restitution being pled in my Verified Complaint, consolidated and conflicted representation of the State of Colorado's interests and the personal interests of the individually named defendants has occurred through the Colorado Attorney General's Office. This persistent and conflicted representation combined with the defendants' avoidance of responding to the merits of *Gregory* has culminated in the entry of a default against all the defendants.  *Gregory*, ECF Nos. 39, 39-1, 46; *See, e.g., Dickinson v. Lincoln Building Corp.*, 2015 COA 170M, ¶¶ 22-23 ("[A]n entry of default establishes a party's liability. . . An entry of default, however, is not an admission regarding damages.").  I respectfully submit that the verified, and now effectively-admitted, misconduct of the various defendants is probable cause to suspect the crimes of Obstruction of Justice (18 U.S.C. § 1503), False Statements (18 U.S.C. § 1001), Obstruction of a Federal Audit (18 U.S.C. § 1516), Retaliation Against a Witness or Victim (§ 18-8-706, C.R.S.), and First Degree Official Misconduct (§ 18-8-404, C.R.S.).

In particular, First Degree Official Misconduct is relevant to the defendants' persistent refusal to disqualify themselves from official functions which are intertwined with their personal interests. Moreover, the defendants have unlawfully relied upon the Colorado Attorney General's Office to perpetuate rather than investigate and prosecute the allegations of public fraud and corruption I alleged in *Gregory* and through complaints filed with the Colorado Office of the State Auditor's Fraud Hotline.  The representation of the individually named defendants (including Attorney General Phil Weiser himself) through the public resources of the Colorado Attorney General's Office further meets the definition of "occupational fraud" under the Fraud Hotline statute, § 2-3-110.5(1)(d), C.R.S. and a "gift" as defined by Colo. Const. Art. 29, § 3(3).  Court filings in *Gregory* are already part of the legislative record and can be found through the following links:

> 1/21/2026 Joint Judiciary Committee SMART Act Hearing for the Colorado Judicial Department--https://leg.colorado.gov/committee_meeting_hearing_summary/28660;

> 2/9/2026 Senate Judiciary Committee Conformation Hearing for the Appointment of former Senator Bob Gardner to the CCJD--
> https://leg.colorado.gov/committee_meeting_hearing_summary/28938; and

> 2/11/2026 Senate Judiciary Committee Hearing on SB26-084--
> https://leg.colorado.gov/committee_meeting_hearing_summary/29188.

In submitting this complaint, I am mindful of conflicts within the IEC that require disqualification of IEC Chair Sarah Mercer, IEC member Cyril Vidergar, and the IEC's General Counsel through the Colorado Attorney General's Office, Gina Cannan.  Chair Mercer was appointed to the IEC by defendant Justice Brian Boatright.  Chair Mercer previously worked as Counsel to Chief Justice Michael Bender and would have been involved in or a witness to the more than 25-year pattern of judicial misconduct alleged in *Gregory*, including the retaliatory firing of the Colorado Commission on Judicial Discipline's Executive Director Rick Wehmhoefer in 2008.  Chair Mercer is also employed as a partner at Brownstein Hyatt Farber Shreck, which represents Loveland developer McWhinney / Realberry.  IEC member Cyril Vidergar is currently employed as a Loveland Senior Assistant City Attorney.  In my role as Special Counsel to the City of Loveland, I publicly asserted my findings of probable cause to prosecute members and former members of the Loveland City Council for their violation of the civil Colorado Open Meetings Law and parallel criminal provisions in the Loveland Municipal Charter and Loveland Municipal Code.  My findings arose in connection with official misconduct that occurred when the involved Loveland City Council members opposed SB23-273 and approved an estimated 25-year, $155 million tax diversion as part of McWhinney's Centerra South Urban Renewal Authority.  More recently, McWhinney/Realberry founder Chad McWhinney's inclusion in the Epstein files has been reported in the press.  Noelle Philips, *Denver Developer Behind Union Station Project Identified in Epstein Files*, DENVER POST, February 12, 2026.  General Counsel Gina Cannan is a defendant in *Gregory* directly responsible for the retaliation that occurred against me when I was wrongfully terminated as Executive Director of the CCJD.

Beyond the conflicts that require disqualification within the IEC, I further note that IEC Vice-Chair Daniel Wolf concurrently serves as a member of the Fifth Judicial District Judicial Performance Commission.  The Performance Commission is statutorily charged with verifying defendant 5th Judicial District Judge Reid Owens' integrity as part of the 2026 judicial retention cycle.

As I have requested of Colorado State Auditor Kerri Hunter, the Colorado General Assembly, and the Denver County Court, it is appropriate for the IEC to formally refer the overall Colorado Judicial Scandal to conflict-free federal law enforcement and to exercise its discretion to directly appoint another state's attorney general to provide impartial legal representation and investigation support as a Special Assistant Attorney General according to § 24-31-111(5), C.R.S.  If the IEC arbitrarily refuses to recognize this complaint as non-frivolous under Colo. Const. Art. XXIX, § 5(3)(b), I will seek recourse in federal court.

Anne Mangiardi is employed as Executive Director of the Colorado Commission on Judicial Discipline, an independent state agency housed within the Colorado Judicial Department.  The IEC has jurisdictional authority over Anne Mangiardi according to Colo. Const. Art. XXIX, §§ 2 and 5(3)(a).

Independent Ethics Commission – Formal Complaint Form

| | |
|---|---|
| Before the Independent Ethics Commission of the State of Colorado | *For Commission Use Only*<br>Received date: _____<br>Case. No.:        _____ |

The Complainant is:   Christopher S.P. Gregory
                                              (name)
Mailing Address:      The Gregory Law Firm, LLC

201 Coffman St., #1822

Longmont, CO 80502

Daytime telephone number:   970-648-0642

Email address: cspgregory@thegregorylawfirm.net

The Respondent is:   Governor Jared Polis
                                            (name)
Mailing Address:      Colorado State Capitol

200 E. Colfax Ave., Rm. 136

Denver, CO 80203

Daytime telephone number:   303-866-2471

Email address: governorpolis@state.co.us

When did the alleged violation occur:  Ongoing

Describe the specific acts or things complained of, with facts that provide a full understanding of the alleged violation(s).  If possible, cite the specific ethical standards alleged to have been violated and describe how the violation(s) occurred.  Use additional pages if necessary.  Attach any documentary evidence you wish to submit.

Please see attached statement of facts.

Description of acts or things complained of (continued):

Advisement regarding remedies and penalties: Pursuant to Colo. Const. art. XXIX, § 6, a covered individual found to have breached the public trust for private gain is liable for double the amount of the financial equivalent of any benefits obtained by such actions. The manner of recovery and additional penalties may be provided by law. The Commission does not assess criminal penalties, award injunctive relief, or award damages to complainants.

I hereby acknowledge that the facts presented herein are true to the best of my knowledge, and I will cooperate in the process regarding this complaint and will appear at any proceeding of the Independent Ethics Commission if the complaint is scheduled for a hearing.

Signature: _____

Attorney (if applicable): Self-Represented _____

Dated at Longmont (City), Colorado, this 4th day of March, 2026.

Created by Article XXIX of the Colorado Constitution, the Independent Ethics Commission may review and hold hearings on matters falling within its jurisdiction as outlined in Article XXIX.

I have filed a civil rights and Colorado False Claims Act (CFCA) retaliation lawsuit in U.S. District Court. *Gregory v. Colo. Jud. Discipline Rulemaking Comm., et al.*, 1:25-cv-03361-KHV (D. Colo.). In its simplest terms, *Gregory* alleges that the defendants have deprived me of my constitutional, statutory, and administrative rights to freely report judicial, attorney, and official misconduct without fear of retaliation. The most important remedies sought in *Gregory* are injunctive and equitable in nature, including my reinstatement as the Executive Director of the Colorado Commission on Judicial Discipline (the CCJD), the reformation of Colorado's judicial oversight entities, the invalidation of rulemaking, the prohibition against further use of appointment authority, and restitution to the State of Colorado for the reasonable attorney fees and costs publicly expended through the representation of the defendants in defense of misconduct that occurred in their individual capacities.

Notwithstanding the claim for restitution being pled in my Verified Complaint, consolidated and conflicted representation of the State of Colorado's interests and the personal interests of the individually named defendants has occurred through the Colorado Attorney General's Office. This persistent and conflicted representation combined in the defendants' avoidance of responding to the merits of *Gregory* has culminated in the entry of a default against all the defendants. *Gregory*, ECF Nos. 39, 39-1, 46; *See, e.g., Dickinson v. Lincoln Building Corp.*, 2015 COA 170M, ¶¶ 22-23 ("[A]n entry of default establishes a party's liability. . . An entry of default, however, is not an admission regarding damages."). I respectfully submit that the verified, and now effectively-admitted, misconduct of the various defendants is probable cause to suspect the crimes of Obstruction of Justice (18 U.S.C. § 1503), False Statements (18 U.S.C. § 1001), Obstruction of a Federal Audit (18 U.S.C. § 1516), Retaliation Against a Witness or Victim (§ 18-8-706, C.R.S.), and First Degree Official Misconduct (§ 18-8-404, C.R.S.).

In particular, First Degree Official Misconduct is relevant to the defendants' persistent refusal to disqualify themselves from official functions which are intertwined with their personal interests. Moreover, the defendants have unlawfully relied upon the Colorado Attorney General's Office to perpetuate rather than investigate and prosecute the allegations of public fraud and corruption I alleged in *Gregory* and through complaints filed with the Colorado Office of the State Auditor's Fraud Hotline. The representation of the individually named defendants (including Attorney General Phil Weiser himself) through the public resources of the Colorado Attorney General's Office further meets the definition of "occupational fraud" under the Fraud Hotline statute, § 2-3-110.5(1)(d), C.R.S. and a "gift" as defined by Colo. Const. Art. 29, § 3(3). Court filings in *Gregory* are already part of the legislative record and can be found through the following links:

> 1/21/2026 Joint Judiciary Committee SMART Act Hearing for the Colorado Judicial Department--https://leg.colorado.gov/committee_meeting_hearing_summary/28660;

> 2/9/2026 Senate Judiciary Committee Conformation Hearing for the Appointment of former Senator Bob Gardner to the CCJD--
> https://leg.colorado.gov/committee_meeting_hearing_summary/28938; and

> 2/11/2026 Senate Judiciary Committee Hearing on SB26-084--
> https://leg.colorado.gov/committee_meeting_hearing_summary/29188.

In submitting this complaint, I am mindful of conflicts within the IEC that require disqualification of IEC Chair Sarah Mercer, IEC member Cyril Vidergar, and the IEC's General Counsel through the Colorado Attorney General's Office, Gina Cannan. Chair Mercer was appointed to the IEC by defendant Justice Brian Boatright. Chair Mercer previously worked as Counsel to Chief Justice Michael Bender and would have been involved in or a witness to the more than 25-year pattern of judicial misconduct alleged in *Gregory*, including the retaliatory firing of the Colorado Commission on Judicial Discipline's Executive Director Rick Wehmhoefer in 2008. Chair Mercer is also employed as a partner at Brownstein Hyatt Farber Shreck, which represents Loveland developer McWhinney / Realberry. IEC member Cyril Vidergar is currently employed as a Loveland Senior Assistant City Attorney. In my role as Special Counsel to the City of Loveland, I publicly asserted my findings of probable cause to prosecute members and former members of the Loveland City Council for their violation of the civil Colorado Open Meetings Law and parallel criminal provisions in the Loveland Municipal Charter and Loveland Municipal Code. My findings arose in connection with official misconduct that occurred when the involved Loveland City Council members opposed SB23-273 and approved an estimated 25-year, $155 million tax diversion as part of McWhinney's Centerra South Urban Renewal Authority. More recently, McWhinney/Realberry founder Chad McWhinney's inclusion in the Epstein files has been reported in the press. Noelle Philips, *Denver Developer Behind Union Station Project Identified in Epstein Files*, DENVER POST, February 12, 2026. General Counsel Gina Cannan is a defendant in *Gregory* directly responsible for the retaliation that occurred against me when I was wrongfully terminated as Executive Director of the CCJD.

Beyond the conflicts that require disqualification within the IEC, I further note that IEC Vice-Chair Daniel Wolf concurrently serves as a member of the Fifth Judicial District Judicial Performance Commission. The Performance Commission is statutorily charged with verifying defendant 5th Judicial District Judge Reid Owens' integrity as part of the 2026 judicial retention cycle.

As I have requested of Colorado State Auditor Kerri Hunter, the Colorado General Assembly, and the Denver County Court, it is appropriate for the IEC to formally refer the overall Colorado Judicial Scandal to conflict-free federal law enforcement and to exercise its discretion to directly appoint another state's attorney general to provide impartial legal representation and investigation support as a Special Assistant Attorney General according to § 24-31-111(5), C.R.S. If the IEC arbitrarily refuses to recognize this complaint as non-frivolous under Colo. Const. Art. XXIX, § 5(3)(b), I will seek recourse in federal court.

The IEC has jurisdictional authority over Governor Jared Polis according to Colo. Const. Art. XXIX, §§ 2 and 5(3)(a).

| Independent Ethics Commission – Formal Complaint Form |
|---|

| Before the Independent Ethics Commission of the State of Colorado | *For Commission Use Only* <br> Received date: _____ <br> Case. No.:          _____ |
|---|---|

The Complainant is:  Christopher S.P. Gregory
(name)

Mailing Address:  The Gregory Law Firm, LLC

201 Coffman St., #1822

Longmont, CO 80502

Daytime telephone number:  970-648-0642

Email address: cspgregory@thegregorylawfirm.net

The Respondent is:  Aubrey C. Sullivan
(name)

Mailing Address:  Colorado Civil Rights Division

1560 Broadway, Suite 825

Denver, CO 80202

Daytime telephone number:  303-894-2997

Email address: DORA_CCRD@state.co.us

When did the alleged violation occur:  Ongoing

Describe the specific acts or things complained of, with facts that provide a full understanding of the alleged violation(s). If possible, cite the specific ethical standards alleged to have been violated and describe how the violation(s) occurred. Use additional pages if necessary. Attach any documentary evidence you wish to submit.

Please see attached statement of facts.

Description of acts or things complained of (continued):

Advisement regarding remedies and penalties:  Pursuant to Colo. Const. art. XXIX, § 6, a covered individual found to have breached the public trust for private gain is liable for double the amount of the financial equivalent of any benefits obtained by such actions.  The manner of recovery and additional penalties may be provided by law.  The Commission does not assess criminal penalties, award injunctive relief, or award damages to complainants.

I hereby acknowledge that the facts presented herein are true to the best of my knowledge, and I will cooperate in the process regarding this complaint and will appear at any proceeding of the Independent Ethics Commission if the complaint is scheduled for a hearing.

Signature: _____

Attorney (if applicable): Self-Represented _____

Dated at Longmont _____ (City), Colorado, this 4th _____ day of March , 20 26 .

Created by Article XXIX of the Colorado Constitution, the Independent Ethics Commission may review and hold hearings on matters falling within its jurisdiction as outlined in Article XXIX.

I filed a civil rights and Colorado False Claims Act (CFCA) retaliation lawsuit in U.S. District Court. *Gregory v. Colo. Jud. Discipline Rulemaking Comm., et al.*, 1:25-cv-03361-KHV (D. Colo.). In its simplest terms, *Gregory* alleges that the defendants have deprived me of my constitutional, statutory, and administrative rights to freely report judicial, attorney, and official misconduct without fear of retaliation. The most important remedies sought in *Gregory* are injunctive and equitable in nature, including my reinstatement as the Executive Director of the Colorado Commission on Judicial Discipline (the CCJD), the reformation of Colorado's judicial oversight entities, the invalidation of rulemaking, the prohibition against further use of appointment authority, and restitution to the State of Colorado for the reasonable attorney fees and costs publicly expended through the representation of the defendants in defense of misconduct that occurred in their individual capacities.

Notwithstanding the claim for restitution being pled in my Verified Complaint, consolidated and conflicted representation of the State of Colorado's interests and the personal interests of the individually named defendants has occurred through the Colorado Attorney General's Office. This persistent and conflicted representation combined with the defendants' avoidance of responding to the merits of *Gregory* has culminated in the entry of a default against all the defendants. *Gregory*, ECF Nos. 39, 39-1, 46; *See, e.g., Dickinson v. Lincoln Building Corp.*, 2015 COA 170M, ¶¶ 22-23 ("[A]n entry of default establishes a party's liability. . . An entry of default, however, is not an admission regarding damages."). I respectfully submit that the verified, and now effectively-admitted, misconduct of the various defendants is probable cause to suspect the crimes of Obstruction of Justice (18 U.S.C. § 1503), False Statements (18 U.S.C. § 1001), Obstruction of a Federal Audit (18 U.S.C. § 1516), Retaliation Against a Witness or Victim (§ 18-8-706, C.R.S.), and First Degree Official Misconduct (§ 18-8-404, C.R.S.).

In particular, First Degree Official Misconduct is relevant to the defendants' persistent refusal to disqualify themselves from official functions which are intertwined with their personal interests. Moreover, the defendants have unlawfully relied upon the Colorado Attorney General's Office to perpetuate rather than investigate and prosecute the allegations of public fraud and corruption I alleged in *Gregory* and through complaints filed with the Colorado Office of the State Auditor's Fraud Hotline. The representation of the individually named defendants (including Attorney General Phil Weiser himself) through the public resources of the Colorado Attorney General's Office further meets the definition of "occupational fraud" under the Fraud Hotline statute, § 2-3-110.5(1)(d), C.R.S. and a "gift" as defined by Colo. Const. Art. 29, § 3(3). Court filings in *Gregory* are already part of the legislative record and can be found through the following links:

> 1/21/2026 Joint Judiciary Committee SMART Act Hearing for the Colorado Judicial Department--https://leg.colorado.gov/committee_meeting_hearing_summary/28660;
>
> 2/9/2026 Senate Judiciary Committee Conformation Hearing for the Appointment of former Senator Bob Gardner to the CCJD--https://leg.colorado.gov/committee_meeting_hearing_summary/28938; and
>
> 2/11/2026 Senate Judiciary Committee Hearing on SB26-084--https://leg.colorado.gov/committee_meeting_hearing_summary/29188.

In submitting this complaint, I am mindful of conflicts within the IEC that require disqualification of IEC Chair Sarah Mercer, IEC member Cyril Vidergar, and the IEC's General Counsel through the Colorado Attorney General's Office, Gina Cannan. Chair Mercer was appointed to the IEC by defendant Justice Brian Boatright. Chair Mercer previously worked as Counsel to Chief Justice Michael Bender and would have been involved in or a witness to the more than 25-year pattern of judicial misconduct alleged in *Gregory*, including the retaliatory firing of the Colorado Commission on Judicial Discipline's Executive Director Rick Wehmhoefer in 2008. Chair Mercer is also employed as a partner at Brownstein Hyatt Farber Shreck, which represents Loveland developer McWhinney / Realberry. IEC member Cyril Vidergar is currently employed as a Loveland Senior Assistant City Attorney. In my role as Special Counsel to the City of Loveland, I publicly asserted my findings of probable cause to prosecute members and former members of the Loveland City Council for their violation of the civil Colorado Open Meetings Law and parallel criminal provisions in the Loveland Municipal Charter and Loveland Municipal Code. My findings arose in connection with official misconduct that occurred when the involved Loveland City Council members opposed SB23-273 and approved an estimated 25-year, $155 million tax diversion as part of McWhinney's Centerra South Urban Renewal Authority. More recently, McWhinney/Realberry founder Chad McWhinney's inclusion in the Epstein files has been reported in the press. Noelle Philips, *Denver Developer Behind Union Station Project Identified in Epstein Files*, DENVER POST, February 12, 2026. General Counsel Gina Cannan is a defendant in *Gregory* directly responsible for the retaliation that occurred against me when I was wrongfully terminated as Executive Director of the CCJD.

Beyond the conflicts that require disqualification within the IEC, I further note that IEC Vice-Chair Daniel Wolf concurrently serves as a member of the Fifth Judicial District Judicial Performance Commission. The Performance Commission is statutorily charged with verifying defendant 5th Judicial District Judge Reid Owens' integrity as part of the 2026 judicial retention cycle.

As I have requested of Colorado State Auditor Kerri Hunter, the Colorado General Assembly, and the Denver County Court, it is appropriate for the IEC to formally refer the overall Colorado Judicial Scandal to conflict-free federal law enforcement and to exercise its discretion to directly appoint another state's attorney general to provide impartial legal representation and investigation support as a Special Assistant Attorney General according to § 24-31-111(5), C.R.S. If the IEC arbitrarily refuses to recognize this complaint as non-frivolous under Colo. Const. Art. XXIX, § 5(3)(b), I will seek recourse in federal court.

Aubrey C. Sullivan is employed as Executive Director of the Colorado Civil Rights Division, an agency within the Colorado Department of Regulatory Agencies. The IEC has jurisdictional authority over Aubrey Sullivan according to Colo. Const. Art. XXIX, §§ 2 and 5(3)(a).

Independent Ethics Commission – Formal Complaint Form

Before the Independent Ethics Commission
of the State of Colorado

*For Commission Use Only*
Received date: _____
Case. No.:    _____

The Complainant is:    Christopher S.P. Gregory
                                                (name)
Mailing Address:    The Gregory Law Firm, LLC

201 Coffman St., #1822

Longmont, CO 80502

Daytime telephone number:    970-648-0642

Email address: cspgregory@thegregorylawfirm.net

The Respondent is:    Jeffrey M. Walsh
                                            (name)
Mailing Address:    Colorado Commission on Judicial Discipline

1300 Broadway, Ste. 210

Denver, CO 80203

Daytime telephone number:    303-457-5135

Email address: j.walsh@jd.state.co.us

When did the alleged violation occur: Ongoing _____

Describe the specific acts or things complained of, with facts that provide a full understanding of
the alleged violation(s). If possible, cite the specific ethical standards alleged to have been
violated and describe how the violation(s) occurred. Use additional pages if necessary. Attach
any documentary evidence you wish to submit.

Please see attached statement of facts.

Description of acts or things complained of (continued):

Advisement regarding remedies and penalties:  Pursuant to Colo. Const. art. XXIX, § 6, a covered individual found to have breached the public trust for private gain is liable for double the amount of the financial equivalent of any benefits obtained by such actions.  The manner of recovery and additional penalties may be provided by law.  The Commission does not assess criminal penalties, award injunctive relief, or award damages to complainants.

I hereby acknowledge that the facts presented herein are true to the best of my knowledge, and I will cooperate in the process regarding this complaint and will appear at any proceeding of the Independent Ethics Commission if the complaint is scheduled for a hearing.

Signature: _____

Attorney (if applicable): Self-Represented _____

Dated at Longmont _____ (City), Colorado, this 4th _____ day of March ___, 20 26 .

Created by Article XXIX of the Colorado Constitution, the Independent Ethics Commission may review and hold hearings on matters falling within its jurisdiction as outlined in Article XXIX.

I have filed a civil rights and Colorado False Claims Act (CFCA) retaliation lawsuit in U.S. District Court. *Gregory v. Colo. Jud. Discipline Rulemaking Comm., et al.*, 1:25-cv-03361-KHV (D. Colo.). In its simplest terms, *Gregory* alleges that the defendants have deprived me of my constitutional, statutory, and administrative rights to freely report judicial, attorney, and official misconduct without fear of retaliation. The most important remedies sought in *Gregory* are injunctive and equitable in nature, including my reinstatement as the Executive Director of the Colorado Commission on Judicial Discipline (the CCJD), the reformation of Colorado's judicial oversight entities, the invalidation of rulemaking, the prohibition against further use of appointment authority, and restitution to the State of Colorado for the reasonable attorney fees and costs publicly expended through the representation of the defendants in defense of misconduct that occurred in their individual capacities.

Notwithstanding the claim for restitution being pled in my Verified Complaint, consolidated and conflicted representation of the State of Colorado's interests and the personal interests of the individually named defendants has occurred through the Colorado Attorney General's Office. This persistent and conflicted representation combined with the defendants' avoidance of responding to the merits of *Gregory* has culminated in the entry of a default against all the defendants. *Gregory*, ECF Nos. 39, 39-1, 46; *See, e.g., Dickinson v. Lincoln Building Corp.*, 2015 COA 170M, ¶¶ 22-23 ("[A]n entry of default establishes a party's liability. . . An entry of default, however, is not an admission regarding damages."). I respectfully submit that the verified, and now effectively-admitted, misconduct of the various defendants is probable cause to suspect the crimes of Obstruction of Justice (18 U.S.C. § 1503), False Statements (18 U.S.C. § 1001), Obstruction of a Federal Audit (18 U.S.C. § 1516), Retaliation Against a Witness or Victim (§ 18-8-706, C.R.S.), and First Degree Official Misconduct (§ 18-8-404, C.R.S.).

In particular, First Degree Official Misconduct is relevant to the defendants' persistent refusal to disqualify themselves from official functions which are intertwined with their personal interests. Moreover, the defendants have unlawfully relied upon the Colorado Attorney General's Office to perpetuate rather than investigate and prosecute the allegations of public fraud and corruption I alleged in *Gregory* and through complaints filed with the Colorado Office of the State Auditor's Fraud Hotline. The representation of the individually named defendants (including Attorney General Phil Weiser himself) through the public resources of the Colorado Attorney General's Office further meets the definition of "occupational fraud" under the Fraud Hotline statute, § 2-3-110.5(1)(d), C.R.S. and a "gift" as defined by Colo. Const. Art. 29, § 3(3). Court filings in *Gregory* are already part of the legislative record and can be found through the following links:

> 1/21/2026 Joint Judiciary Committee SMART Act Hearing for the Colorado Judicial Department--https://leg.colorado.gov/committee_meeting_hearing_summary/28660;

> 2/9/2026 Senate Judiciary Committee Conformation Hearing for the Appointment of former Senator Bob Gardner to the CCJD--
> https://leg.colorado.gov/committee_meeting_hearing_summary/28938; and

> 2/11/2026 Senate Judiciary Committee Hearing on SB26-084--
> https://leg.colorado.gov/committee_meeting_hearing_summary/29188.

In submitting this complaint, I am mindful of conflicts within the IEC that require disqualification of IEC Chair Sarah Mercer, IEC member Cyril Vidergar, and the IEC's General Counsel through the Colorado Attorney General's Office, Gina Cannan.  Chair Mercer was appointed to the IEC by defendant Justice Brian Boatright.  Chair Mercer previously worked as Counsel to Chief Justice Michael Bender and would have been involved in or a witness to the more than 25-year pattern of judicial misconduct alleged in *Gregory*, including the retaliatory firing of the Colorado Commission on Judicial Discipline's Executive Director Rick Wehmhoefer in 2008.  Chair Mercer is also employed as a partner at Brownstein Hyatt Farber Shreck, which represents Loveland developer McWhinney / Realberry.  IEC member Cyril Vidergar is currently employed as a Loveland Senior Assistant City Attorney.  In my role as Special Counsel to the City of Loveland, I publicly asserted my findings of probable cause to prosecute members and former members of the Loveland City Council for their violation of the civil Colorado Open Meetings Law and parallel criminal provisions in the Loveland Municipal Charter and Loveland Municipal Code.  My findings arose in connection with official misconduct that occurred when the involved Loveland City Council members opposed SB23-273 and approved an estimated 25-year, $155 million tax diversion as part of McWhinney's Centerra South Urban Renewal Authority.  More recently, McWhinney/Realberry founder Chad McWhinney's inclusion in the Epstein files has been reported in the press.  Noelle Philips, *Denver Developer Behind Union Station Project Identified in Epstein Files*, DENVER POST, February 12, 2026.  General Counsel Gina Cannan is a defendant in *Gregory* directly responsible for the retaliation that occurred against me when I was wrongfully terminated as Executive Director of the CCJD.

Beyond the conflicts that require disqualification within the IEC, I further note that IEC Vice-Chair Daniel Wolf concurrently serves as a member of the Fifth Judicial District Judicial Performance Commission.  The Performance Commission is statutorily charged with verifying defendant 5th Judicial District Judge Reid Owens' integrity as part of the 2026 judicial retention cycle.

As I have requested of Colorado State Auditor Kerri Hunter, the Colorado General Assembly, and the Denver County Court, it is appropriate for the IEC to formally refer the overall Colorado Judicial Scandal to conflict-free federal law enforcement and to exercise its discretion to directly appoint another state's attorney general to provide impartial legal representation and investigation support as a Special Assistant Attorney General according to § 24-31-111(5), C.R.S.  If the IEC arbitrarily refuses to recognize this complaint as non-frivolous under Colo. Const. Art. XXIX, § 5(3)(b), I will seek recourse in federal court.

Jeffrey M. Walsh is employed as Special Counsel of the Colorado Commission on Judicial Discipline, an independent state agency housed within the Colorado Judicial Department.  The IEC has jurisdictional authority over Jeffrey Walsh according to Colo. Const. Art. XXIX, §§ 2 and 5(3)(a).

| Independent Ethics Commission – Formal Complaint Form | |
|---|---|
| Before the Independent Ethics Commission of the State of Colorado | *For Commission Use Only* <br> Received date: _____ <br> Case. No.:        _____ |

The Complainant is: Christopher S.P. Gregory
_____
(name)

Mailing Address: The Gregory Law Firm, LLC
_____

201 Coffman St., #1822
_____

Longmont, CO 80502
_____

Daytime telephone number: 970-648-0642
_____

Email address: cspgregory@thegregorylawfirm.net
_____

The Respondent is: Philip Weiser
_____
(name)

Mailing Address: Colorado Department of Law
_____

1300 Broadway, 10th Floor
_____

Denver, CO 80203
_____

Daytime telephone number: 720-506-6000
_____

Email address: philip.weiser@coag.gov
_____

When did the alleged violation occur: Ongoing
_____

Describe the specific acts or things complained of, with facts that provide a full understanding of the alleged violation(s).  If possible, cite the specific ethical standards alleged to have been violated and describe how the violation(s) occurred.  Use additional pages if necessary.  Attach any documentary evidence you wish to submit.

Please see attached statement of facts.

Description of acts or things complained of (continued):

Advisement regarding remedies and penalties:  Pursuant to Colo. Const. art. XXIX, § 6, a covered individual found to have breached the public trust for private gain is liable for double the amount of the financial equivalent of any benefits obtained by such actions.  The manner of recovery and additional penalties may be provided by law.  The Commission does not assess criminal penalties, award injunctive relief, or award damages to complainants.

I hereby acknowledge that the facts presented herein are true to the best of my knowledge, and I will cooperate in the process regarding this complaint and will appear at any proceeding of the Independent Ethics Commission if the complaint is scheduled for a hearing.

Signature: _____

Attorney (if applicable): Self-Represented _____

Dated at Longmont _____ (City), Colorado, this 4th _____ day of March , 20 26 .

Created by Article XXIX of the Colorado Constitution, the Independent Ethics Commission may review and hold hearings on matters falling within its jurisdiction as outlined in Article XXIX.

I have filed a civil rights and Colorado False Claims Act (CFCA) retaliation lawsuit in U.S. District Court. *Gregory v. Colo. Jud. Discipline Rulemaking Comm., et al.*, 1:25-cv-03361-KHV (D. Colo.). In its simplest terms, *Gregory* alleges that the defendants have deprived me of my constitutional, statutory, and administrative rights to freely report judicial, attorney, and official misconduct without fear of retaliation. The most important remedies sought in *Gregory* are injunctive and equitable in nature, including my reinstatement as the Executive Director of the Colorado Commission on Judicial Discipline (the CCJD), the reformation of Colorado's judicial oversight entities, the invalidation of rulemaking, the prohibition against further use of appointment authority, and restitution to the State of Colorado for the reasonable attorney fees and costs publicly expended through the representation of the defendants in defense of misconduct that occurred in their individual capacities.

Notwithstanding the claim for restitution being pled in my Verified Complaint, consolidated and conflicted representation of the State of Colorado's interests and the personal interests of the individually named defendants has occurred through the Colorado Attorney General's Office. This persistent and conflicted representation combined with the defendants' avoidance of responding to the merits of *Gregory* has culminated in the entry of a default against all the defendants. *Gregory*, ECF Nos. 39, 39-1, 46; *See, e.g., Dickinson v. Lincoln Building Corp.*, 2015 COA 170M, ¶¶ 22-23 ("[A]n entry of default establishes a party's liability. . . An entry of default, however, is not an admission regarding damages."). I respectfully submit that the verified, and now effectively-admitted, misconduct of the various defendants is probable cause to suspect the crimes of Obstruction of Justice (18 U.S.C. § 1503), False Statements (18 U.S.C. § 1001), Obstruction of a Federal Audit (18 U.S.C. § 1516), Retaliation Against a Witness or Victim (§ 18-8-706, C.R.S.), and First Degree Official Misconduct (§ 18-8-404, C.R.S.).

In particular, First Degree Official Misconduct is relevant to the defendants' persistent refusal to disqualify themselves from official functions which are intertwined with their personal interests. Moreover, the defendants have unlawfully relied upon the Colorado Attorney General's Office to perpetuate rather than investigate and prosecute the allegations of public fraud and corruption I alleged in *Gregory* and through complaints filed with the Colorado Office of the State Auditor's Fraud Hotline. The representation of the individually named defendants (including Attorney General Phil Weiser himself) through the public resources of the Colorado Attorney General's Office further meets the definition of "occupational fraud" under the Fraud Hotline statute, § 2-3-110.5(1)(d), C.R.S. and a "gift" as defined by Colo. Const. Art. 29, § 3(3). Court filings in *Gregory* are already part of the legislative record and can be found through the following links:

> 1/21/2026 Joint Judiciary Committee SMART Act Hearing for the Colorado Judicial Department--https://leg.colorado.gov/committee_meeting_hearing_summary/28660;

> 2/9/2026 Senate Judiciary Committee Conformation Hearing for the Appointment of former Senator Bob Gardner to the CCJD--https://leg.colorado.gov/committee_meeting_hearing_summary/28938; and

> 2/11/2026 Senate Judiciary Committee Hearing on SB26-084--https://leg.colorado.gov/committee_meeting_hearing_summary/29188.

In submitting this complaint, I am mindful of conflicts within the IEC that require disqualification of IEC Chair Sarah Mercer, IEC member Cyril Vidergar, and the IEC's General Counsel through the Colorado Attorney General's Office, Gina Cannan.  Chair Mercer was appointed to the IEC by defendant Justice Brian Boatright.  Chair Mercer previously worked as Counsel to Chief Justice Michael Bender and would have been involved in or a witness to the more than 25-year pattern of judicial misconduct alleged in *Gregory*, including the retaliatory firing of the Colorado Commission on Judicial Discipline's Executive Director Rick Wehmhoefer in 2008.  Chair Mercer is also employed as a partner at Brownstein Hyatt Farber Shreck, which represents Loveland developer McWhinney / Realberry.  IEC member Cyril Vidergar is currently employed as a Loveland Senior Assistant City Attorney.  In my role as Special Counsel to the City of Loveland, I publicly asserted my findings of probable cause to prosecute members and former members of the Loveland City Council for their violation of the civil Colorado Open Meetings Law and parallel criminal provisions in the Loveland Municipal Charter and Loveland Municipal Code.  My findings arose in connection with official misconduct that occurred when the involved Loveland City Council members opposed SB23-273 and approved an estimated 25-year, $155 million tax diversion as part of McWhinney's Centerra South Urban Renewal Authority.  More recently, McWhinney/Realberry founder Chad McWhinney's inclusion in the Epstein files has been reported in the press.  Noelle Philips, *Denver Developer Behind Union Station Project Identified in Epstein Files*, DENVER POST, February 12, 2026.  General Counsel Gina Cannan is a defendant in *Gregory* directly responsible for the retaliation that occurred against me when I was wrongfully terminated as Executive Director of the CCJD.

Beyond the conflicts that require disqualification within the IEC, I further note that IEC Vice-Chair Daniel Wolf concurrently serves as a member of the Fifth Judicial District Judicial Performance Commission.  The Performance Commission is statutorily charged with verifying defendant 5th Judicial District Judge Reid Owens' integrity as part of the 2026 judicial retention cycle.

As I have requested of Colorado State Auditor Kerri Hunter, the Colorado General Assembly, and the Denver County Court, it is appropriate for the IEC to formally refer the overall Colorado Judicial Scandal to conflict-free federal law enforcement and to exercise its discretion to directly appoint another state's attorney general to provide impartial legal representation and investigation support as a Special Assistant Attorney General according to § 24-31-111(5), C.R.S.  If the IEC arbitrarily refuses to recognize this complaint as non-frivolous under Colo. Const. Art. XXIX, § 5(3)(b), I will seek recourse in federal court.

Philip Weiser is the elected Colorado State Attorney General.  The IEC has jurisdictional authority over Attorney General Weiser according to Colo. Const. Art. XXIX, §§ 2 and 5(3)(a).

Independent Ethics Commission – Formal Complaint Form

Before the Independent Ethics Commission
of the State of Colorado

*For Commission Use Only*
Received date: _____
Case. No.:       _____

The Complainant is: Christopher S.P. Gregory
(name)

Mailing Address: The Gregory Law Firm, LLC

201 Coffman St., #1822

Longmont, CO 80502

Daytime telephone number: 970-648-0642

Email address: cspgregory@thegregorylawfirm.net

The Respondent is: Senate President James
(name)

Mailing Address: Colorado Capitol Building

200 E Colfax RM 346

Denver, CO 80203

Daytime telephone number: 303-866-4864

Email address: james.coleman.senate@coleg.gov

When did the alleged violation occur: Ongoing

Describe the specific acts or things complained of, with facts that provide a full understanding of the alleged violation(s). If possible, cite the specific ethical standards alleged to have been violated and describe how the violation(s) occurred. Use additional pages if necessary. Attach any documentary evidence you wish to submit.

On February 11, 2026, I submitted a Senate ethics complaint against the involved members of the Senate Judiciary Committee to Senate President James Coleman. On February 25, 2026, I submitted a supplement to the original Senate ethics complaint. Both the original complaint and the supplement requested that President Coleman acknowledge receipt and process the complaint according to Senate Rule 43. A copy of the original Senate ethics complaint was submitted into the legislative record as part of the Senate Judiciary Committee's February 11, 2026 hearing on SB26-084. Both the complaint and the supplement were also distributed directly to all members of the Colorado General Assembly and to the press.

Description of acts or things complained of (continued):
Senate Rule 43(a) provides:

Any person who has knowledge concerning misconduct involving legislative duties by a member of the Senate, including but not limited to the alleged violation of the Rules of the Senate or of Section 40 of Article V of the state Constitution, may file a written, signed complaint with the President setting forth the facts that constitute the alleged misconduct and specifying the statutes, rules, constitutional provisions, or other ethical principles alleged to have been violated. The President shall provide the member complained against with a copy of the complaint. The President shall consult with the majority leader and the minority leader about the complaint. The President may ask the member complained against to provide an explanation of the member's understanding of the issues raised in the complaint for the purpose of assisting the President, the majority leader, and the minority leader in making a preliminary determination of whether the complaint should be dismissed. The President may also discuss the complaint with the complainant to obtain more details on the matter. The President, the majority leader, and the minority leader shall keep the fact that a complaint has been filed and any documents relating thereto confidential; except that the President, the majority leader, or the minority leader may discuss the complaint with the Office of Legislative Legal Services for the purpose of gathering information or receiving legal advice. If at least two of the three leaders conclude that the complaint is not meritorious or does not substantiate an ethical violation, the complaint shall be dismissed, and the complainant and the member complained against shall be so notified. If the complaint is dismissed, the President, the majority leader, and the minority leader shall keep the matter confidential. However, the President, the majority leader, and the minority leader may discuss evidence of a prior complaint previously filed by the same complainant against the same member but which had been dismissed.

Rather than processing my complaint according to his obligations under Senate Rule 43, including acknowledging receipt and consulting with the majority and minority leaders, President Coleman has simply ignored the complaint and supplement.  My emails to President Coleman requesting the filing of the complaint and supplement are attached as supporting documents.

Advisement regarding remedies and penalties:  Pursuant to Colo. Const. art. XXIX, § 6, a covered individual found to have breached the public trust for private gain is liable for double the amount of the financial equivalent of any benefits obtained by such actions.  The manner of recovery and additional penalties may be provided by law.  The Commission does not assess criminal penalties, award injunctive relief, or award damages to complainants.

I hereby acknowledge that the facts presented herein are true to the best of my knowledge, and I will cooperate in the process regarding this complaint and will appear at any proceeding of the Independent Ethics Commission if the complaint is scheduled for a hearing.

Signature: _____

Attorney (if applicable): Self-Represented _____

Dated at __Longmont__ (City), Colorado, this __5th__ day of __March__, 20__26__.

Created by Article XXIX of the Colorado Constitution, the Independent Ethics Commission may review and hold hearings on matters falling within its jurisdiction as outlined in Article XXIX.

## Christopher Gregory

| | |
|---|---|
| **From:** | Christopher Gregory |
| **Sent:** | ednesday, February 11, 2026  :21 AM |
| **To:** | ' ames.coleman.senate@coleg.gov' |
| **Subject:** |  enate Ethics Complaint re:  enate Judiciary Committee |
| **tt chments:** | 260211 C  PG JRC  tr Ethics Complaint re  JC.pdf |

Good morning President Coleman,

Attached, please find an ethics complaint brought against the members of the Senate Judiciary Committee according to Senate Rule 43.  Please accept my filing of this complaint, acknowledge receipt, and proceed as required under Senate Rule 43.

Sincerely,

Christopher Gregory



The Gregory Law Firm, LLC

Christopher S.P. Gregory
Attorney at Law

201 Coffman St., #1822, Longmont, CO 80502
● Phone:  970.648.0642 ● Fax:  970.648.0643 ●

This e-mail transmission contains information from the Gregory Law Firm, LLC which may be confidential or protected by the attorney-client privilege.  If you are not the intended recipient, you are hereby notified that you must not read this transmission and that any disclosure, copying, printing, distribution or use of any of the information contained in or attached to this transmission is prohibited.  If you have received this transmission in error, please notify us immediately by e-mail and delete the original transmission.

1

# The Gregory Law Firm, LLC

Christopher S.P. Gregory
Attorney at Law

cspgregory@thegregorylawfirm.net

February 11, 2026

Senate President James R. Coleman
Colorado State Senate
200 E. Colfax Ave.
Denver, CO 80203
**Via E-Mail: james.coleman.senate@coleg.gov**

*Re: Ethical Complaint Against the Members of the Senate Judiciary Committee Brought According to Senate Rule 43; Exhibits 1-2*

Dear President Coleman:

Perhaps the most fundamental right applicable to the legislative process is the right of citizens to address the Legislature and to petition for grievances under the First Amendment[1] and Colo. Const. Art. II, § 24.[2]  As applied through the Colorado's Open Meetings Law, the expectation is that citizens have a meaningful opportunity to intelligently participate in the legislative process.

> The intent of the Open Meetings Law is that citizens be given the opportunity to obtain information about and to participate in the legislative decision-making process which affects, both directly and indirectly, their personal interests. A citizen does not intelligently participate in the legislative decision-making process merely by witnessing the final tallying of an already predetermined vote. As a rule, these types of statutes should be interpreted most favorably to protect the ultimate beneficiary, the public.
>
> *Cole v. State*, 673 P.2d 345, 349 (Colo. 1983).

---

[1] The First Amendment provides:

> Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech, or of the press, or the right of the people peaceably assemble, and to petition the Government for a redress of grievances.

[2] Colo. Const., Art. II, § 24 provides:

> The people have the right peaceably to assemble for the common good, and to apply to those invested with the powers of government for redress of grievances, by petition or remonstrance.

---

201 Coffman St., #1822, Longmont, CO 80502
● 970-648-0642 ● Fax: 970-648-0643 ●

Christopher S.P. Gregory, esq.
February 11, 2026
Page 2 of 3

As a former member, Vice Chair, Chair, and Executive Director of the Colorado Commission on Judicial Discipline (the CCJD), I have personal knowledge of an entrenched pattern of the Justices of the Colorado Supreme Court, as facilitated by others who include Attorney General Phil Weiser, Governor Jared Polis, and members/staff of the CCJD, committing occupational fraud intended to cover up substantial examples of judicial, attorney, and official misconduct. I was also involved in the drafting and ultimate approval of Amendment H by 73% of Colorado voters in 2024. Importantly, Amendment H was intended to remove the Justices' control over the constitutional judicial discipline structure and strengthen its legitimacy. Even after being repeatedly retaliated against for my efforts to publicly expose this now more than 25-year pattern of ongoing public fraud and public corruption, I have persisted in my efforts to seek accountability. It has been my experience that almost invariably, those in positions with both a duty and the authority to administer justice have deliberately disregarded my concerns as a victim of the most egregious form of judicial misconduct—retaliation against the officer and entity constitutionally mandated to enforce the Colorado Code of Judicial Conduct (the Code). *See* Canon Rules 1.1 (Compliance with the Law), 1.2 (Promoting Confidence in the Judiciary), 1.3 (Avoiding Abuse of the Prestige of Judicial Office), 2.3 (Bias, Prejudice, and Harassment) and 2.16 (Cooperation with Disciplinary Authorities).

The latest example of a deliberate effort to conceal the pattern and practice of the Justices' fraud and retaliation occurred at the confirmation hearing for former Senator Bob Gardner as an attorney member of the CCJD. At the hearing held on February 9, 2026, written materials that I had submitted in advance were deliberately ignored by the Senate Judiciary Committee. *See* Colo. S.R. 36(a) ("Consideration of any such appointment by a committee of reference shall be listed on the Senate calendar prior to such consideration *so as to permit public comment and information concerning such appointment to be submitted to the committee, its chairman, or the staff thereof.*"). Exhibits 1-2. The submitted materials were also not posted in advance of the hearing, which would have provided an opportunity for other members of the public to comment. Senate Judiciary Chair Mike Weissman refused to allow a motion to permit in-person or virtual public comment under Senate Rule 36(b), as was previously allowed for me to express my opposition to the reappointment of then-CCJD Chair Mindy Sooter and then-CCJD Vice Chair Jim Carpenter at the confirmation hearing held on April 28, 2025. In turn, the full Senate's rejection of Mindy Sooter's reappointment was the reason for Governor Jared Polis pivoting to appoint former Senator Gardner, an apologist for the Justices, as Sooter's replacement.

The other members of the Senate Judiciary Committee at the February 9, 2026 confirmation hearing were Vice-Chair Dylan Roberts, Senator John Carson, Senator Nick Hinrichsen, Senator Marc Snyder (temporarily substituting for Senator Lindsey Daugherty), Senator Katie Wallace, and Senator Lynda Zamora Wilson. In addition to denying me any meaningful opportunity to be heard, the Senate Judiciary Committee proceeded to conduct a *pro forma* vote forwarding former Senator Gardner's appointment to the Senate's consent calendar with an unanimously favorable recommendation. Submitting the appointment through the consent calendar all but ensures that there will be no meaningful scrutiny of former Senator Gardner's qualifications by the full Senate (as properly occurred with regard to Sooter and Carpenter's reappointments).

Christopher S.P. Gregory, esq.
February 11, 2026
Page 3 of 3

I have filed two federal cases to enforce my right to be heard as to the entrenched and pervasive corruption within the Colorado Judiciary. *Sealed Case*, 1:25-cv-00190—RBJ-STV (D. Colo.); *Gregory v. Colo. Jud. Discipline Rulemaking Comm., et al.*, 1:25-cv-03361—RBJ (D. Colo.).  I do not seek any damages from the State of Colorado, as that would conflict with the State's sovereign immunities.  Both these cases require independent and impartial representation of the State's interests, including most importantly as to injunctive remedies (such as the conflict-free reformation of the CCJD and other judicial oversight entities).  Instead, representation of the State of Colorado's interests is occurring through the Department of Law, which reports to Attorney General Phil Weiser, who is also named as a defendant in his individual capacity.

The solution to the need for independent and impartial representation of the State of Colorado's objective interests is simple.  I have requested that the members of the General Assembly pass a joint resolution referring the overall Colorado Judicial Scandal to conflict-free federal law enforcement and direct Colorado State Auditor Kerri Hunter to exercise her discretion to appoint another state's attorney general as a Special Assistant Attorney General (SAAG) under § 24-31-111(5), C.R.S.  Like my comments opposing former Senator Bob Gardner's appointment, my request for a joint resolution has been deliberately ignored by the members of the Senate Judiciary Committee.

I respectfully submit that Chair Weissman and the other members of the Senate Judiciary Committee have violated my constitutional rights to petition for grievances and, more importantly, are knowingly assisting the Justices of the Colorado Supreme Court and others to break the law, including the Justices' duties under the Code.  As explained in my written comments, by supporting former Senator Gardner's appointment to the CCJD, all the attorney members of the Senate will violate Rule 8.4(f) of the Colorado Rules of Professional Conduct and its prohibition against knowingly assisting a judge to violate the law, including the Code.  I have not filed a separate complaint with the Independent Ethics Commission and, accordingly, I request that you consult with the majority and minority leaders about my complaint and form a committee on ethics to address the meritorious allegations that I raise.  Colo. S.R. 43(a)-(b).

Although I understand that Senate Rule 43(a) provides confidentiality for your evaluation of my complaint, such confidentiality does not infringe upon my First Amendment and Colo. Const. Art. II, § 10 rights to publicly disclose this complaint as the complainant.  Ultimately, I simply request that you protect my constitutional rights to legitimately, freely, and fully report instances of judicial, attorney, and official misconduct as part of the legislative process and the General Assembly's authority to provide legislative oversight as a co-equal branch of state government.  The issues that I have raised could not be more critical to protecting and restoring the integrity of the Colorado Judiciary and Colorado's State Government.

Sincerely,

Christopher S.P. Gregory, esq.
Enclosures (2)

Senate Ethics Complaint
Exhibit 1

# The Gregory Law Firm, LLC

Christopher S.P. Gregory
Attorney at Law

cspgregory@thegregorylawfirm.net

February 6, 2026

Colorado Senate Judiciary Committee
Colorado State Capitol
200 E. Colfax Ave.
Denver, CO 80203

*Re: Appointment of Robert D. Gardner to the Colorado Commission on Judicial Discipline*

Dear Judiciary Committee Members:

In addition to being senators, Chair Mike Weissman, Vice-Chair Dylan Roberts, and Senator Lindsey Daugherty[1] are licensed attorneys with particular ethical duties under the Colorado Rules of Professional Conduct. Similarly, the Governor's appointee to the Colorado Commission on Judicial Discipline (CCJD), former Senator Robert Gardner, is a licensed attorney with the same heightened ethical duties. As is critical to the rule of law, attorneys are expected to uphold and maintain the standards of professional conduct and the Colorado Code of Judicial Conduct (the Code), including by taking appropriate action when a judge or a fellow attorney breaks the law. Colo. RJD 8.3[2] and Colo. RJD 8.4(a-1), (b), (c), (d), (f), (h).[3]

---

[1] As a member of the State Commission of Judicial Performance, Senator Daugherty's legal and ethical obligations are more pronounced. These heightened obligations include providing voters and the public with a legitimate, continuous, and ongoing assessment of the integrity of the Justices of the Colorado Supreme Court and the Judges of the Colorado Court of Appeals. *See* § 13-5.5-107(1)(a), C.R.S. ("The evaluations must only include the following performance evaluation criteria: (a) Integrity, including but not limited to whether the justice or judge: (I) Avoids impropriety or the appearance of impropriety; (II) Displays fairness and impartiality toward all participants; and (III) Avoids ex parte communications. . ."). Voters were misled by the State Commission's inaccurate Bluebook recommendations made during the 2024 judicial retention elections of Justice Brian Boatright, Justice Monica Márquez, and Justice Maria Berkenkotter. The State Commission is legally obligated to correct its inaccurate recommendations through interim evaluations and as it conducts current/prospective regular performance evaluations, including the evaluations of Justice William Hood, III and Court of Appeals Judge Grant T. Sullivan, who are both subject to retention elections in 2026.

[2] Colo. RPC 8.3, provides in relevant parts:

> **(a)** A lawyer who knows that another lawyer has committed a violation of the Rules of Professional Conduct . . . that raises a substantial question as to that lawyer's . . . honesty, trustworthiness or fitness as a lawyer . . . in other respects, shall inform the appropriate professional authority.
> **(b)** A lawyer who knows that a judge has committed a violation of applicable rules of judicial conduct that raises a substantial question as to the judge's fitness for office shall inform the appropriate authority.

[3] Colo. RPC 8.4 provides, in relevant parts:

> It is professional misconduct for a lawyer to:

---

201 Coffman St., #1822, Longmont, CO 80502
● 970-648-0642 ● Fax: 970-648-0643 ●

Christopher S.P. Gregory, esq.
February 6, 2026
Page 2 of 3

Former Senator Robert Gardner has broken the law and continues to break the law by assisting the Justices of the Colorado Supreme Court and his colleagues on the CCJD to engage in a now more than 25-year pattern of misusing public resources as hush money (i.e. NDAs), for self-controlled investigations, and for public relations schemes intended to conceal substantial judicial, attorney, and official misconduct. The Justices' pattern of misconduct revolves around an enforced and "toxic" culture of silence in the Colorado Judicial Department reliant upon intimidation, retaliation, and taxpayer-funded bribery occurring with impunity. The Justices' scheme and pattern continues to wrongfully cost taxpayers tens of millions of dollars annually. *See, e.g.* SB25-024 (adding 15 judgeships with a projected annual fiscal impact of $12 million as part of the Justices' bogus "Workplace Culture Initiative").

Former Senator Gardner is personally responsible for enabling and allowing retaliation against me for my efforts to expose this ongoing fraudulent scheme as a former member, Vice-Chair, Chair, and Executive Director of the CCJD. There is probable cause to suspect that former Senator Gardner has committed or is committing various ethical violations and crimes through his acceptance of Governor Polis's appointment to the CCJD. These probable crimes include, but are not limited to, Obstruction of Justice (18 U.S.C. § 1503),[4] First Degree Official Misconduct (§ 18-8-404, C.R.S.),[5] and Retaliation Against a Witness or Victim (§ 18-8-706,

---

(a-1) violate or attempt to violate the Rules of Professional Conduct, knowingly assist or induce another to do so, or do so through the acts of another;
(b) commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects;
(c) engage in conduct involving dishonesty, fraud, deceit or misrepresentation, except that a lawyer may advise, direct, or supervise others, including clients, law enforcement officers, and investigators, who participate in lawful investigative activities;
(d) engage in conduct that is prejudicial to the administration of justice;
* * *
(f) knowingly assist a judge or judicial officer in conduct that is a violation of applicable rules of judicial conduct or other law;
* * *
(h) engage in any conduct that directly, intentionally, and wrongfully harms others and that adversely reflects on a lawyer's fitness to practice law[.]

[4] The elements of Obstruction of Justice are:

1. The defendant corruptly,
2. Endeavored to influence, obstruct, or impede the due administration of justice,
3. With knowledge and specific intent to obstruct.

[5] The elements of First Degree Official Misconduct are:

1. That the defendant,
2. in the State of Colorado, at or about the date and place charged,
3. was a public servant, and

Christopher S.P. Gregory, esq.
February 6, 2026
Page 3 of 4


C.R.S.).[6]  Former Senator Gardner's malfeasance is explained in detail through the pending federal civil rights and Colorado False Claims Act (CFCA) retaliation lawsuit that I have filed in U.S. District Court.  *Gregory v. Colo. Jud. Discipline Rulemaking Comm., et al.*, 1:25-cv-03361—RBJ (D. Colo.).

The most recent development in *Gregory* is the recusal of U.S. District Judge Daniel D. Domenico in response to my "Affidavit of Judicial Bias or Prejudice According to 28 U.S.C. § 144," ECF No. 26, detailing the Justices' ongoing 25-year pattern of public corruption and public fraud.  Because of gamesmanship by the Colorado Attorney General's Office (which currently purports to represent the Defendants, including Attorney General Phil Weiser) and Judge Domenico's unacknowledged actual bias, the Affidavit is a temporarily restricted filing available to the court and to the parties.  Former Senator Gardner, however, was personally aware of the substance of the 28 U.S.C. § 144 Affidavit before he testified to the Joint Judiciary Committee at the CCJD's SMART Act hearing on January 21, 2026.  Former Senator Gardner was intentionally deceitful in his testimony on January 21, 2026 and is not being honest or candid in continuing to seek confirmation of his appointment to the CCJD.

I raised my overall concerns about public corruption within the Colorado Department of Law, the Colorado Supreme Court, the Colorado Judicial Department, and the CCJD as part of the respective SMART Act hearings held on January 20, 2026 and January 21, 2026.  My written testimony was copied to both the Colorado Office of Judicial Performance Evaluation (COJPE)

---

4. with intent,
5. to obtain a benefit for himself or another or maliciously to cause harm to another, he,
6. knowingly,
7. refrained from performing a duty imposed upon him by law **_or_** committed an act relating to his office but constituting an unauthorized exercise of his official function **_or_** violated [a relevant statute, rule, or regulation] relating to his office.

Colo. Jury Instr., Criminal 8-4:06 through 8-4:08.

[6] The elements of Retaliation Against a Witness or Victim are:

1. That the defendant,
2. in the State of Colorado, at or about the date and place charged,
3. used a threat, an act constituting the crime of harassment, or an act of harm or injury upon any person or property,
4. directed to, or committed upon, a witness in any criminal or civil proceeding, a victim of any crime, an individual whom the defendant believed had been or would be called to testify as a witness in any criminal or civil proceeding or a victim of any crime, a member of the witness's family, a member of the victim's family, an individual in close relationship to the witness or victim, or an individual residing in the same household with the witness or victim,
5. as retaliation or retribution against the witness or victim.

Colo. Jury Instr., Criminal 8-7:08

Christopher S.P. Gregory, esq.
February 6, 2026
Page 4 of 5

and the CCJD.  Neither the COJPE nor the CCJD acknowledged the issues that I have raised or has explained how either will address my underlying allegations of judicial misconduct.

Most importantly, I requested that a member of the Colorado General Assembly (preferably a member of the Joint Judiciary Committee or the Legislative Audit Committee) sponsor a proposed joint resolution referring the overall Colorado Judicial Scandal to conflict-free federal law enforcement and directing the Colorado State Auditor to exercise her discretion to appoint another state's attorney general as a Special Assistant Attorney General (SAAG) under § 24-31-111(5), C.R.S.  I paired this request with a judicial discipline complaint filed separately with the Denver Judicial Discipline Commission (the DJDC).  The complaint requested that the DJDC, through the authority of the Denver County Court, order an investigation by the Denver Police Department and appoint a conflict-free special prosecutor (other than 2nd Judicial District Attorney John F. Walsh, III, who was directly involved in the underlying pattern of misconduct).

The Joint Judiciary Committee, however, ignored my testimony and my request for a joint resolution.  Moreover, the written materials that I submitted to the Joint Judiciary Committee were appended to the Committee Report stripped of their organizational structure, specifically the order of the documents and bookmarking features.  Like the U.S. Department of Justice's production of the Epstein files, the disorganization of the materials I submitted would require the assistance of AI to summarize and understand their substance.

With my present written testimony, I am attaching the following documents:

- Exhibit 1—Written testimony of Christoper Gregory submitted to the Joint Judiciary Committee on January 19, 2026;
- Exhibit 2—Proposed joint resolution submitted to the members of the Joint Judiciary Committee on January 20, 2026;
- Exhibit 3—Oral testimony of Christopher Gregory read into the record of the Joint Judiciary Committee on January 21, 2026;
- Exhibit 4—DJDC Complaint, dated January 26, 2026;
- Exhibit 5—"Motion to Strike Defendants' Motion to Restrict Public Access" and Exhibits 1-3 (ECF No. 31) in *Gregory*;
- Exhibit 6—"Order Granting Request for Recusal" (ECF No. 32) in *Gregory*;
- Exhibit 7—Pattern and practice complaint submitted to the Colorado Attorney General's Office on January 21, 2026; and
- Exhibit 8—Unlawful acts by federal agent complaint submitted to the Colorado Attorney General's Office on January 21, 2026.

Separately, I am re-submitting the supporting materials that I provided the Joint Judiciary Committee, which have been combined into a single organized and bookmark-navigable pdf document.  It is important for the public and legislators to have access to these materials in a usable format.  Once my Affidavit supporting Judge Domenico's disqualification is no longer restricted, I will provide a copy of it for publication into the legislative record, as well.

Christopher S.P. Gregory, esq.
February 6, 2026
Page 5 of 5

If former Senator Robert Gardner is confirmed to the CCJD, the affirmative votes of any attorney-members of the Colorado Senate will be violative of the standards of professional conduct mandated through Colo. RPC 8.3(a), (b) and 8.4(a-1), (b), (c), (d), (f), (h).  Affirmative votes will also be contrary to the fundamental importance of the rule of law and protecting public confidence in the Colorado Judiciary.

I respectfully request that this Committee forward former Senator Gardner's appointment to the full Colorado Senate with an unfavorable recommendation.  Moreover, I implore the members of this Committee to sponsor and submit my proposed joint resolution for the referral of the Colorado Judicial Scandal (including the Justices being interrupted as they began paying the $2.66-$2.75 million sole source, *quid pro quo* Masias Contract / bribe) to conflict-free federal law enforcement and for the Colorado State Auditor to appoint another state's attorney general as a conflict-free SAAG, able to impartially represent the interests of the State of Colorado.  It is also critical that the General Assembly fund and finally set up the Office of the Judicial Discipline Ombudsman (the OJDO) created through HB23-1205.  The failure to set up the OJDO is only one more example of the dereliction of former Senator Gardner's ethical duties and his interference with the administration of justice in violation of the standards of professional conduct.

As I concluded my oral testimony before the Joint Judiciary Committee on January 21, 2026, there are difficult questions that need to be asked despite political inconvenience.  I urge you to have the integrity and courage to do so.

Sincerely,

Christopher S.P. Gregory, esq.
Enclosures (8)

Cc:    Colorado Commission on Judicial Discipline
       Colorado Office of Judicial Performance Evaluation
       Colorado State Auditor
       Members of the Colorado General Assembly



# The Gregory Law Firm, LLC

**EXHIBIT 1**

Christopher S.P. Gregory
Attorney at Law

cspgregory@thegregorylawfirm.net

January 19, 2026

Colorado Legislative Joint Judiciary Committee
Colorado State Capitol
200 E. Colfax Ave.
Denver, CO 80203

Dear Joint Judiciary Committee Members:

I am a former member, Vice-Chair, Chair, and Executive Director of the Colorado Commission on Judicial Discipline (the CCJD).  Because of my steadfast efforts to stop what amounts to a more than 25-year pattern of the Justices of the Colorado Supreme Court using taxpayer funds as hush money (i.e. non-disclosure agreements (NDAs)), for self-serving "independent" investigations, and for public relations schemes, I was retaliated against and fired.

The Justices' pattern of intimidation, retaliation, and creating an enforced culture of silence has been facilitated by others, including Colorado Attorney General Phil Weiser and Colorado Attorney Regulation Counsel Jessica Yates.  The long and tortured history of the Colorado Judicial Scandal has included ARC Yates allowing the criminal prosecution of this Committee's former Chair Senator Pete Lee based upon admittedly and objectively false evidence fabricated by Yates's Office.  The intimidation of Senator Lee transgressed this body's legislative privilege while this body provided no meaningful response to protect Senator Lee or the integrity of the legislative process.  ARC Yates then proceeded to threaten the CCJD's judge and attorney members and me (as Executive Director) with a disciplinary letter sent on February 6, 2023.  The disciplinary letter specifically sought to intimidate the CCJD from continuing its intrepid efforts to reform Colorado's judicial discipline structure.  Again, this body (and the Colorado Supreme Court to whom she reports) did nothing to hold ARC Yates accountable for her official misconduct and intimidation of legislative witnesses.  Indeed, the Justices of the Colorado Supreme Court and the members of the Colorado Supreme Court Committees that oversee the Office of Attorney Regulation Counsel (OARC) have seemingly endorsed ARC Jessica Yates's unlawful intimidation of legislators and legislative witnesses.

This year's SMART Act hearings for the Colorado Department of Law, the Colorado Judicial Department, and the Colorado Commission on Judicial Discipline are happening at an extraordinary moment in Colorado history when former Chief Justice Nathan B. Coats has been disciplined for his part in the Justices of the Colorado Supreme Court having collectively agreed to a $2.66-$2.75 million publicly funded bribe being paid to then-State Court Administrator's Office (SCAO) Chief of Staff Mindy Masias, who was being fired at the time for financial misconduct and later-confirmed examples of occupational fraud.  *Matter of Coats*, 2023 CO 44. More recently, another sitting Justice, Melissa Hart, resigned amidst the clouds of the Masias Controversy as well as Justice Hart's own unreported judicial misconduct.  The Colorado

201 Coffman St., #1822, Longmont, CO 80502
● 970-648-0642 ● Fax: 970-648-0643 ●

Christopher S.P. Gregory, esq.
January 19, 2026
Page 2 of 3

Judicial Department's top lawyer, SCAO Judicial Counsel Terri Morrison, has also resigned in response to the Masias Controversy. There is now a vacancy on the Colorado Supreme Court to be filled through an opaque and conflicted judicial selection process. Problems with Colorado's systems of judicial selection, retention, and discipline persist despite the adoption of Amendment H by 73% of Colorado voters in 2024 and accompanying reforms approved by a nearly unanimous Legislature.

I believe it is critical for the General Assembly to be aware of the context, including the pending lawsuit which I have filed in U.S. District Court. *Gregory v. Colo. Jud. Discipline Rulemaking Comm.*, 1:25-cv-03361-DDD (D. Colo.). Among other things, the lawsuit seeks to enjoin the appointment of Justice Hart's successor until a conflict-free nominating commission and conflict-free proxy for the Governor can be appointed. None of the relief requested in the lawsuit threatens adverse fiscal impacts to the State, rather the lawsuit seeks to stop tens of millions of dollars of ongoing public fraud. I have requested and filed an affidavit under 28 U.S.C. § 144 requiring the mandatory and automatic disqualification of the federal District Court Judge assigned to the case, former Colorado Solicitor General Daniel D. Domenico, because of his manifest personal bias and prejudice against me and in favor of one or more Defendants.

I have attached the relevant court filings in *Gregory* for your review and inclusion in the legislative record. The federal attorney discipline complaint, Exhibit 1 (ECF No. 1-1) to the Complaint in *Gregory*, is the most important document for you to understand the significance of the judicial misconduct involved as well as the reasons behind Justice Melissa Hart's leave and ultimate resignation from the Colorado Supreme Court as well as SCAO Judicial Counsel Terri Morrison's resignation.

It also deserves emphasis that the General Assembly's constitutional impeachment authority exists separately and independently from Colorado's constitutional judicial discipline structure. *Compare* Colo. Const. Art. VI, § 23(3)(i) *and* Colo. Const. Art. XIII.

The last time I appeared before the Senate Judiciary Committee, I testified in opposition to then-Chair Mindy Sooter's and then-Vice-Chair Jim Carpenter's reappointment to the CCJD. As part of my testimony, I also called upon the General Assembly to pass a joint resolution requesting the referral of the Colorado Judicial Scandal to federal law enforcement for a conflict-free investigation. A majority of this Committee's members took my concerns seriously and forwarded the Governor's reappointments of Sooter and Carpenter to the full Senate with unfavorable recommendations. On the last day of last year's session, the full Senate voted 16-19 against Sooter's confirmation and 19-16 in favor of Carpenter's confirmation. Those Senators voting in favor of Carpenter's confirmation were:

- Amabile
- Baisley
- Ball
- Bridges

Christopher S.P. Gregory, esq.
January 19, 2026
Page 3 of 4

- Catlin (while voting against Sooter's confirmation)
- Coleman
- Cutter
- Danielson (while voting against Sooter's confirmation)
- Hinrichesen
- Jodeh
- Kipp
- Kolker
- Marchman (while voting against Sooter's confirmation)
- Michaelson Jenet
- Roberts
- Rodriguez
- Simpson
- Snyder
- Weissman

It remains unclear why these Senators did not recognize the need for accountability within the CCJD (including categorical intolerance for the institutionalized culture of intimidation, harassment, discrimination, and retaliation that exists within the broader Colorado Judicial Department) as well as the need to finally have a full, legitimate, and unobstructed investigation of the Colorado Judicial Scandal.

This year's SMART Act hearings provide a renewed opportunity to address the pervasive lack of integrity and accountability within Colorado's Judicial Branch.  I, again, renew my requests for the General Assembly to adopt a joint resolution referring the Colorado Judicial Scandal to conflict-free law federal law enforcement and, under §§ 24-31-111(5) and 24-31-1204(2), C.R.S., to direct Colorado State Auditor Kerri Hunter to exercise her discretion to appoint another state's attorney general as a Special Assistant Attorney General (SAAG) to investigate the involved allegations of public fraud and false claims.  Importantly, according to § 24-31-111(5), C.R.S., this Legislature has already appropriated the funds necessary for a legitimate investigation of the Colorado Judicial Scandal through the Department of Law's budget, inclusive of the $4 million of funding appropriated through HB 25-1321 (Support Against Adverse Federal Action).  Moreover, the introduction of a joint resolution does not affect any legislator's bill limit for this legislative session.  *Compare* Colo. House R. 26(g) *and* Colo. Senate R. 30(f)(1)(A) (both Rules distinguishing presumptive bill limit from presumptive resolution limit; requiring submission of joint resolutions at least 30-days prior to sine die). § 24-31-111(5), C.R.S. provides:

> (5) Whenever the attorney general is unable, has failed, or refuses to provide legal services to a state agency, as determined by the governor if the agency is in the executive branch, or by the chief justice if the agency is in the judicial branch, or by the state auditor if the agency is the office of the state auditor, the agency may employ counsel of its choosing to provide such legal services. ***Any***

Christopher S.P. Gregory, esq.
January 19, 2026
Page 4 of 5

> ***expense incurred due to the employment of counsel pursuant to
> this subsection (5) is a lawful charge against appropriations for
> this purpose made by the general assembly to the department of
> law.*** (Emphasis added).

I have enclosed proposed language for a joint resolution to refer the issues involved in the
Colorado Judicial Scandal, including suspected public fraud and false claims, to conflict-free
federal law enforcement in conjunction with the State Auditor's appointment of another state's
attorney general as a SAAG. Ideally, another state with similar demographics, geography, and
an equivalent state false claims act (such as Oregon) will be willing to accept the SAAG
appointment. The enclosed draft joint resolution further contemplates the creation of a joint
legislative investigating committee to effectuate the referral to conflict-free federal law
enforcement and the appointment of another state's attorney general as a SAAG.

Ultimately, however, there is no excuse or rational justification for this Committee and this
General Assembly not to approve the requested joint resolution and finally allow a full and
legitimate investigation of the endemic public corruption found within the Colorado Judiciary
and within Colorado State Government, more broadly.

With this background, I urge this Committee to raise the attached questions at the respective
SMART Act Hearings and to address my request for a joint resolution on the record.

Sincerely,

Christopher S.P. Gregory, esq.
Enclosures (23)

## Requested Questions

Colorado Department of Law—1/20/26 Hearing

Attorney General Phil Weiser:

- What was your role and the roles of attorneys subject to your supervision in the negotiation, approval, and payment of publicly funded non-disclosure agreements as reported by *The Denver Gazette* on November 13, 2022?  David Migoya, *Non-Disclosures Under Fire*, DENVER GAZETTE, November 13, 2022.
- When did you first become aware that the Justices of the Colorado Supreme Court were contemplating and negotiating the $2.66-$2.75 million contract with then-State Court Administrator's Office Chief of Staff Mindy Masias?  Which other attorneys within the Colorado Department of Law subject to your supervision were aware of the contemplation and negotiation of the Masias Contract?  When were they aware of it?
- When did you and attorneys subject to your supervision first become aware of the existence of the Masias Memo?  Who knew about the existence of the Masias Memo and when did they know?
- The Attorney General's Office provided the investigation and litigation support for the Office of the State Auditor's 2019-2022 Fraud Hotline investigation.  The existence of the Masias Memo was concealed from both the Colorado State Auditor and the Colorado Commission on Judicial Discipline from December 2018 until February 2021.  Who was responsible for concealing this material information?
- Similarly, with the Attorney General's Office providing investigation support, why wasn't evidence of occupational fraud immediately communicated to the 2nd Judicial District Attorney's Office as part of the Fraud Hotline investigation?   Because of the non-reporting, the statute of limitations ultimately expired preventing a state-level prosecution of those individuals suspected of committing occupational fraud by the OSA.  Why did you allow this to happen?
- There has been a call for the Colorado State Auditor to directly appoint another state's attorney general as a Special Assistant Attorney General under § 24-31-111(5), C.R.S. to complete a conflict-free investigation of the Masias Controversy.  Why aren't you joining this request?
- Do you admit or deny the allegations of attorney misconduct against you stated in former Colorado Commission on Judicial Discipline Christopher Gregory's complaint submitted to the U.S. District Court's Committee on Conduct (1:25-cv-03361-DDD, ECF 1-1)?  What specific allegations do you dispute?
- You have assigned attorneys from your Office to defend against *Gregory v. Colo. Jud. Discipline Rulemaking Comm.*, 1:25-cv-03361-DDD (D. Colo.), including claims brought against you individually.  How is this not a conflict of interest and a misappropriation of state resources for your personal benefit?  Do you agree that you and any attorneys who represent you have an ethical obligation to stipulate to the disqualification of a judge where there is evidence that the judge has a personal bias or prejudice?

- If you know of attorneys or other employees subject to your supervision engaging in retaliation, what are your obligations?  What is the appropriate consequence under the Department of Law's personnel rules?
- If your Office or a private sector law firm is used to defend against violations of the Colorado Whistleblower Protection Act and/or the Colorado False Claims Act's retaliation provisions, shouldn't the individuals responsible for any ultimately proven retaliation be responsible for the value/cost of the defense?
- Have you or your Office investigated whether the use of "outside" or "independent" investigations as a means of political damage control and obstruction of ordinary law enforcement and regulatory processes is a fraudulent or unlawful use of taxpayer funds? Examples of such investigations include the ILG and RCT investigations that occurred as part of the Masias Controversy as well as Secretary of State Jena Griswold commissioning an investigation of the disclosure of voting machine passwords and her Office's response during the 2024 election.  How are these self-controlled investigations distinguishable from the definition of occupational fraud under the Fraud Hotline Statute, § 2-3-110.5(1)(d), C.R.S.?
- How do you justify the ethics and legality of your Office and attorneys subject to your control defending against the civil claims and allegations of your own personal criminal conduct raised through *Gregory v. Colo. Jud. Discipline Rulemaking Comm.*, 1:25-cv-03361-DDD (D. Colo.)?

Colorado Judicial Department—1/21/26 Hearing

Chief Justice Monica Márquez and State Court Administrator Steven Vasconcellos:

- Márquez: Do you admit or deny the allegations of judicial and attorney misconduct against you stated in Christopher Gregory's complaint submitted to the U.S. District Court's Committee on Conduct (1:25-cv-03361-DDD, ECF 1-1)?  What specific allegations do you dispute?
- Márquez: When did the Justices of the Colorado Supreme Court first decide to offer/consider providing former SCAO Chief of Staff Mindy Masias a contract to provide leadership training to the Colorado Judicial Department?  When was this decision communicated to the Colorado Office of the State Auditor?
- (Both Márquez and Vasconcellos individually):  When did you first become aware of the existence of the Masias Memo?  When did the other Justices and other persons in SCAO become aware of the existence of the Masias Memo?  Did you direct anyone to provide copies of the Masias Memo to the OSA and/or the Colorado Commission on Judicial Discipline?  You admit that the existence of and a copy of the Masias Memo was withheld and not disclosed to the OSA and/or the CCJD from December 2018 until February 2021?
- (Both Márquez and Vasconcellos individually): Who was responsible for the delay in reporting evidence of occupational fraud to the 2nd Judicial District Attorney's Office?  When the OSA drafted its Fraud Hotline Report (ultimately published on February 4, 2022), who was responsible for redacting the report and other delays in it being provided to the 2nd Judicial District Attorney's Office?

- Márquez: Why were the Justices' roles in the Masias Controversy not considered by the State Commission of Judicial Performance when you, Justice Brian Boatright, and Justice Maria Berkenkotter were subject to retention elections in 2024?  Judiciary Committee member Senator Lindsey Daugherty is a member of the State Commission.  Why didn't you, Justice Boatright, or Justice Berkenkotter voluntarily raise the issues involved with the State Commission during your retention cycles?

- Márquez:  Attorney Regulation Counsel Jessica Yates abused her official authority by allowing the criminal prosecution of then-Senate Judiciary Chair Pete Lee to move forward through objectively and admittedly false information provided by Yates's Office.  As further intimidation and obstruction of legislative reforms, Yates sent a February 6, 2023 disciplinary letter to the judge and attorney members and the Executive Director of the Colorado Commission on Judicial Discipline threatening them with disciplinary action for their testimony and future testimony before this Legislature.  You and your colleagues on the Colorado Supreme Court supervise Jessica Yates and she reports to you.  You were aware of her official misconduct and violation of Senator Lee's legislative privilege but did nothing.  Why not?

- (Both Márquez and Vasconcellos individually):  Did Justice Melissa Hart self-initiate judicial disability proceedings when she went on personal leave October 28, 2025?  Who approved the leave and did that person report the basis for it to the CCJD for consideration of disability proceedings?

- (Both Márquez and Vasconcellos individually):  When were you first aware that Justice Melissa Hart had been at fault in a significant automobile collision before she was appointed to the court?  That she was involved in a civil case arising from the collision after being appointed to the court?  *Hampton v. Hart*, Denver Dist. Ct. Case No. 19CV34953.

- (Both Márquez and Vasconcellos individually):  When were you first aware that Justice Melissa Hart is currently on probation supervised by the Denver County Court in a dog bite case?  *People v. Melissa Hart*, Denver Cty. Ct. Case No. 25GV100395.

- (Both Márquez and Vasconcellos individually):  When were you first aware that Justice Melissa Hart failed to appear in Denver County Court on a careless driving ticket issued earlier in 2025?  *People v. Melissa Hart*, Denver Cty. Ct. Case No. 25T0087448.

- Márquez:  Why didn't you and the other Justices disqualify yourselves from all matters involving judicial discipline (including pending cases, making appointments to judicial oversight entities, rulemaking, and engagement in the legislative reform process) after you received individual letters requesting your disqualification from the CCJD on June 13, 2022 and July 1, 2022?  Why do you and the other Justices continue to sit on judicial discipline cases?

- Márquez:  On December 14, 2023, then-Chief Justice Brian Boatright received a notification letter from the Commission on Judicial Discipline according to Colo. RJD 14(a).  The letter conveyed allegations of judicial misconduct by all the Justices raised by former 10th Judicial District Court Chief Judge Dennis Maes.  With knowledge of these allegations of misconduct and pending judicial discipline proceedings against Chief Justice Boatright, why didn't you and the other Justices disqualify yourselves from further hearing of *Anderson v. Griswold*, 2023 CO 63 and form a Special Tribunal according to Colo. RJD 41?  Why, instead, did you and the other Justices proceed to issue and announce your opinion in *Griswold* on December 19, 2023?

- (Both Márquez and Vasconcellos individually):  How is the Colorado Supreme Court's "Workplace Culture Initiative," including the creation of 15 new judgeships through SB25-024 not merely propaganda to conceal your role and the role of the other Justices in the Masias Controversy?  Why don't the "Workplace Culture Initiative," the ILG, LLC investigation, and the RCT, Ltd. investigation meet the definition of "occupational fraud" under the Fraud Hotline statute--§ 2-3-110.5, C.R.S. ("'Fraud' means occupational fraud or the use of one's occupation for personal enrichment through the deliberate misuse or misapplication of the employing organization's resources or assets.").
- Márquez:  Why haven't you recused yourself as the *ex officio* Chair of the Colorado Supreme Court Nominating Commission that will choose nominees for Justice Hart's successor?
- Márquez:  As the default *ex officio* Chair, why haven't you raised conflicts of interest that some of the nominating committee members themselves have?
- (Both Márquez and Vasconcellos individually):  The former Executive Director of the Colorado Commission on Judicial Discipline, Christopher Gregory, has called for the formation of a Special Tribunal, a Special Adjudicative Board Panel, and a Special Commission on Judicial Discipline to consider grounds for your discipline and the discipline of the other justices and judges involved in the Masias Controversy.  Do you support allowing for such a conflict-free process?  If not, why not?
- (Both Márquez and Vasconcellos individually):  How does Colorado's system of attorney discipline controlled by the Colorado Supreme Court comport with the prohibition against judicial fact investigations in Canon Rule 2.9(C) of the Colorado Code of Judicial Conduct?  Why hasn't Colorado considered adopting an attorney discipline system similar to that followed in Oregon (O.R.S. § 9.010(2)) where attorney discipline occurs through an independent bar association authorized through the Legislature?
- (Both Márquez and Vasconcellos individually):  The current process for the nomination and appointment of judges occurs through non-public meetings to determine who is interviewed, non-public interviews of judicial candidates, and non-public meetings to determine the nominees and the final appointees.  Why aren't these meetings and these decisions made in public and through livestreamed proceedings on the record?
- (Both Márquez and Vasconcellos individually):  In the past, Justices of the Colorado Supreme Court have spoken out about the need to increase diversity on the bench and to eliminate bias (institutional, implicit, and explicit) in judicial selection.  Don't you agree that the best way to eliminate any form of bias is to ensure that judicial selection decisions occur in the open with a complete public record of how the judicial nominating commissions and the Governor make such decisions?  There is no provision in Colo. Const. Art. VI, § 24 that exempts the judicial nominating commissions and the Governor's Office from the Colorado Open Meetings Law.  Why aren't the meetings of the judicial nominating commissions, the Governor's judicial appointment committee, and all interviews of judicial candidates being livestreamed on the record?
- (Both Márquez and Vasconcellos individually):  There has been a call for the Colorado State Auditor to directly appoint another state's attorney general as a Special Assistant Attorney General under § 24-31-111(5), C.R.S. to complete a conflict-free investigation of the Masias Controversy.  Why aren't you joining this request?
- Márquez: How do you justify the ethics and legality of utilizing the Colorado Attorney General's Office and attorneys subject to co-defendant Attorney General Phil Weiser's

control to defend against the civil claims and allegations of your own personal criminal conduct raised through *Gregory v. Colo. Jud. Discipline Rulemaking Comm.*, 1:25-cv-03361-DDD (D. Colo.)?

Colorado Commission on Judicial Discipline—1/21/26 Hearing

Anne Mangiardi, James Carpenter, Bob Gardner:

- Ms. Mangiardi, you acknowledge that while at the Attorney General's Office, you supervised the ILG investigation commissioned by the Judicial Department? What was your role in providing such supervision? What access did you have to the records that were provided to ILG? What communications did you have with others in the Attorney General's Office and with the Justices and the Judicial Department over the course of the ILG investigation? How was the ILG investigation not a violation of Canon Rule 2.9(C)'s prohibitions against judicial investigations?
- All panelists: With violations of the public financial disclosure law, § 24-6-202, C.R.S., recognized as misdemeanor offenses punishable by a mandatory $1,000-$5,000 fine, why did the Commission resolve all the cases involving judges failing to file such disclosures with dismissals or private discipline? Even if the statute of limitations had passed for criminal prosecution, why didn't the Commission seek fines as a judicial discipline sanction?
- Carpenter & Mangiardi: Because the public financial disclosure violations were/are readily verifiable through public records, why wasn't there public discipline (such as, minimally, a public reprimand) in those cases? Was the motivation for dismissing these cases to allow the judges to later participate in the Senior Judge Program (which currently bars judges with any record of discipline, private or public)?
- All panelists: On what legal basis do you disclaim having jurisdiction to evaluate the conduct of senior judges, who include former Chief Justice Nancy Rice? Isn't it true that through the Colorado Judicial Discipline Rulemaking Committee created by Amendment H, you can change the Colorado Rules of Judicial Discipline at any time? You can even make necessary changes retroactively because judicial discipline is civil and remedial in nature?
- Mr. Carpenter, there are allegations that you and the other Commissioners retaliated against the Commission's former Executive Director, Christopher Gregory, for pursuing suspected public fraud and legitimate grounds for judicial discipline. Do you deny these allegations? If so, on what grounds?
- Mr. Gardner, in your former role as a member of this Committee, you opposed amendments to HCR23-1001 and HB23-1016 that would have taken away the Colorado Supreme Court's authority to directly appoint members of the Colorado Commission on Judicial Discipline and would have reinforced the independence of the Colorado Judicial Discipline Rulemaking Committee. Was your opposition to those amendments the result of lobbying by the Justices and their legislative liaison, Terry Scanlon?
- Mr. Gardner, why did you apply and why were you chosen by the Governor as an attorney member of the Commission, after the Colorado Senate rejected the reappointment of Commission Chair Mindy Sooter?

- Mr. Garnder, you were part of a committee formed to set up the Office of the Judicial Discipline Ombudsman created through HB23-1205.  That Office still does not exist.  Why not?
- All panelists:  Former Executive Director Gregory has submitted a request for evaluation of conduct as to the Justices and other judges.  The RFE further requests an evaluation of the conduct of the Commissioners and the Commission's Staff.  What is being done to address that RFE in a conflict-free manner?  Why hasn't the Commission voluntarily moved for the formation of a Special Tribunal, a Special Adjudicative Board Panel, and a Special Commission through a conflict-free selection mechanism to consider the RFE?
- All panelists:  There has been a call for the Colorado State Auditor to directly appoint another state's attorney general as a Special Assistant Attorney General under § 24-31-111(5), C.R.S. to complete a conflict-free investigation of the Masias Controversy.  Why aren't you joining this request?
- All panelists:  How do you justify the ethics and legality of utilizing the Colorado Attorney General's Office and attorneys subject to co-defendant Attorney General Phil Weiser's control to defend against the civil claims and allegations of your own personal criminal conduct raised through *Gregory v. Colo. Jud. Discipline Rulemaking Comm.*, 1:25-cv-03361-DDD (D. Colo.)?
- All panelists:  Why should the people of Colorado have confidence in our judicial discipline system?  Why shouldn't the public perceive judicial discipline as simply a protection racket that shields judges from accountability?

EXHIBIT
2

Be It Resolved by the Senate of the Seventy-Sixth General Assembly of the State of Colorado, the House of Representatives concurring herein:

Whereas credible evidence exists that whistleblowers, witnesses, and public officials within Colorado state and local governments are being systematically intimidated and retaliated against through the misuse of public resources and the selective prosecution / non-prosecution of the wrongdoers involved;

Whereas examples of the systematic misconduct involved include patterns of alleged corruption within the Colorado Judiciary, alleged interference with the 2024 presidential election, publicly funded self-investigations of various incidents of alleged official misconduct, non-disclosure and hush money agreements valued at over $4 million which have been negotiated by the Colorado Attorney General's Office and other agencies / public officials, and the allegedly invalid approval of an urban renewal authority estimated to divert $155 million of tax revenues over 25 years;

Whereas, these circumstances present probable cause and a reasonable basis to suspect violations of both Colorado and federal law;

Whereas, because of conflicts of interest, the Colorado Attorney General and the entire Colorado Department of Law are unable to impartially enforce Colorado's False Claims Act, Title 24, Part 12, C.R.S.;

Whereas, 22 other states and the District of Columbia have their own equivalent civil false claims acts.  Those states and the District of Columbia are:

- California—Cal. Gov't Code §§ 12650 to 12656;
- Connecticut—Conn. Gen. Stat. Ann. §§ 4-274 to 4-289;
- Delaware--Del. Code Ann. tit. 6, §§ 1201-1201;
- District of Columbia—D.C. Code Ann. §§ 2-381.01 to 2-381.10;
- Florida—Fla. Stat. Ann. §§ 68.082 to 68.105;
- Georgia—Ga. Code Ann. §§ 23-3-120 to 23-3-120;
- Hawai'i—Haw. Rev. Stat. Ann. §§ 661-21 to 661-31;
- Illinois—740 Ill. Comp. Stat. Ann. 175/1 to 175/8;
- Indiana—Ind. Code Ann. §§ 5-11-5.5-1 to 5-11-5.5-18;
- Iowa—Iowa Code Ann. §§ 685.1 to 685.7;
- Kansas—Kan. Stat. Ann. §§ 75-7501 to 75-7511;
- Maryland—MD GEN PROVIS §§  8-101 to 8-111;
- Massachusetts—Mass. Gen. Laws Ann. ch. 12, §§ 5A to 5O;
- Minnesota—Minn. Stat. Ann. §§ 15C.01 to 15C.16;
- Nevada—Nev. Rev. Stat. Ann. §§ 357.010 to Nev. Rev. Stat. Ann. § 357.250:
- New Jersey—N.J. Stat. Ann. §§ 2A:32C-1 to N.J. Stat. Ann. § 2A:32C-18;
- New Mexico—N.M. Stat. Ann. §§ 44-9-1 to 44-9-14;
- New York—N.Y. State Fin. Law §§ 188 to 194;
- North Carolina—N.C. Gen. Stat. Ann. §§ 1-605 to 1-618;

- Oregon—Or. Rev. Stat. Ann. §§ 180.750 to 180.785;
- Rhode Island—9 R.I. Gen. Laws Ann. §§ 9-1.1-1 to 9-1.2-9;
- Tennessee—Tenn. Code Ann. §§ 4-18-101 to 4-18-108; and
- Vermont--Vt. Stat. Ann. tit. 32, §§ 630 to 642; and

Whereas, the U.S. Department of Justice—Denver Office and the U.S. Department of Justice—Wyoming Office also has conflicts of interest as to the individuals involved in the alleged public corruption and are unable to impartially investigate the factual circumstances;

**Section 1.** The Colorado General Assembly shall submit a formal request to the U.S. Department of Justice to assign an Office outside of the U.S. Department of Justice—Denver Office and the U.S. Department of Justice—Wyoming Office to complete a conflict-free investigation of the alleged public corruption within Colorado state and local government.

**Section 2.** As authorized by § 24-31-101(1)(g), C.R.S. and § 24-31-111(5), C.R.S., the Colorado General Assembly (through and as the Colorado State Auditor's supervising authority) shall designate and appoint another state's attorney general (from one of the 22 other states or the District of Columbia with equivalent civil false claims acts) as a Special Assistant Attorney General charged with investigating and representing the State of Colorado's interests as to alleged violations of Colorado's False Claims Act and other laws.  The costs of the investigation and representation shall be paid through funds already appropriated through HB25-1321 and the Colorado Department of Law's annual budget, as provided by § 24-31-111(5), C.R.S.

**Section 3.**  According to the authority provided through Colo. House R. 26(a)(2) and Colo. Senate R. 30(b)(2), an investigating committee comprised of members of both houses shall be formed to implement and effectuate this joint resolution.

EXHIBIT

3

This statement was read into the record following the 1/21/26 Judicial SMART Act Presentation.

Thank you Mr. Chair. Good morning Committee Members.

My name is Christopher Gregory and I appear as a citizen. I am a former member, Vice-Chair, Chair, and Executive Director of the Colorado Commission on Judicial Discipline. Acknowledging the contributions of others, including members of this Committee, I regard the passage and approval of Amendment H by 73% of Colorado voters as my most important accomplishment. Amendment H was intended to remove control of judicial discipline from the Colorado Supreme Court to ensure that no one is above the law, regardless of their position. In addition, I achieved the historic discipline of former Chief Justice Nathan B. Coats for his role in approving what amounts to a $2.66-$2.75 million taxpayer funded bribe. I have further discovered and exposed a more than 25-year pattern of the Justices of the Colorado Supreme Court using public resources as hush money, for self-controlled investigations, and for public relations schemes all intended to cover up judicial, attorney, and official misconduct. There is now a vacancy on the Colorado Supreme Court because of the systemic public corruption that I have exposed.

The stated purpose of the SMART Act is that "State Government be accountable and transparent in such a way that the general public can understand the value received for the tax dollars spent by the State." In advance of today's hearings for the Colorado Judicial Department and the Colorado Commission on Judicial Discipline as well as yesterday's hearing for the Colorado Department of Law, I submitted written testimony with requested questions for the witnesses. In addition to submitting these materials to this Committee, I circulated them to all members of the General Assembly, to the Colorado Office of Judicial Performance Evaluation, the Colorado Commission on Judicial Discipline, and to the Press. In addition to my written testimony, I have called upon Legislators to sponsor and pass a joint resolution referring the Colorado Judicial Scandal to conflict-free federal law enforcement, to form an investigating committee, and to direct the Colorado State Auditor to appoint another state's attorney general as a Special Assistant Attorney General.

I am concerned that my written testimony and request for a joint resolution are being deliberately disregarded by this Committee. Please confirm on the record that you have received my written testimony and supporting materials and that these materials will be included in the legislative record as well as being made publicly available through this Committee's webpage.

There are difficult questions that need to be asked.  I urge you to have the integrity and courage to do so.

# The Gregory Law Firm, LLC

Christopher S.P. Gregory
Attorney at Law

cspgregory@thegregorylawfirm.net

EXHIBIT

4

January 28, 2026

Denver County Court, Judicial Discipline Commission
Denver City & County Building
1437 Bannock Street, Room 108
Denver, CO 80202

*Re: Judicial Discipline Complaint, Request to Revoke Deferred Judgment, and Request for Law Enforcement Referral with Appointment of a Special Prosecutor; Exhibits 1-3*

Dear Presiding Judge Lombardi and Commission Members:

INTRODUCTION

I am a former member, Vice-Chair, Chair, and Executive Director of the Colorado Commission on Judicial Discipline (the CCJD).  I am thoroughly familiar with the Colorado Code of Judicial Conduct (the Code), the Colorado Rules of Judicial Discipline (Colo. RJD) and the Denver Rules of Judicial Discipline (D.R.J.D.).  At its core, the Code holds judges to a higher standard and requires avoidance of even the appearances of impropriety.  Despite the protections for freely reporting judicial misconduct guaranteed under the Code, the Colorado Constitution, and the U.S. Constitution, I continue to be personally and repeatedly retaliated against for publicly reporting overt violations of the Code.[1]  Specifically, I have been retaliated against for my efforts to expose an ongoing and more than 25-year pattern and practice of the Justices of the Colorado Supreme Court misusing public resources as hush money (i.e. NDAs), for self-controlled investigations, and for self-serving public relations schemes engineered to cover up substantial

---

[1] I maintain that the ongoing retaliation is probable cause to suspect that the Justices of the Colorado Supreme Court, the members and staff of the CCJD, and others have committed or are committing various crimes, including Retaliation Against a Witness or Victim (§ 18-8-706, C.R.S.) and First-Degree Official Misconduct (§ 18-8-404, C.R.S).  My efforts to report these suspected crimes to local law enforcement have been systematically obstructed (consistent with an overall pattern of depriving me of my fundamental right to be heard).  The commission of these suspected crimes is now being further facilitated and complicated by the Justices not disqualifying themselves and proceeding to grant certiorari in *Trujillo v. People*, Colo. S. Ct. Case No. 25SC209 (granting review on question of "Whether *People v. Hickman*, 988 P.2d 628 (Colo. 1999), created a rule that a person can commit retaliation against a victim or witness under section 18-8-706, C.R.S. (2025), when the victim or witness has not yet testified or been scheduled to testify." and other related issues).  In addition to state crimes, there is probable cause to suspect the federal crime of Tampering with a Witness, Victim, or an Informant (18 U.S.C. § 1512).  Through the authority of the Denver County Court, these circumstances should be referred to the Denver Police Department for investigation.

Christopher S.P. Gregory, esq.
January 28, 2026
Page 2 of 9

judicial, attorney, and official misconduct.  The Justices' corrupt pattern and practice continues to wrongfully cost taxpayers tens of millions of dollars annually.

In submitting this complaint, I am calling upon this Commission to address/prevent potential related and prospective judicial misconduct by members of the Denver County Court.  I also request the initiation of proceedings to revoke former Justice Melissa Hart's court-supervised probation and deferred judgment in *People v. Hart*, Denver Cty. Ct. Case No. 25GV100395. Importantly, I am requesting that this Commission formally refer the overall issues of the Colorado Judicial Scandal to a division of the U.S. Department of Justice (outside the DOJ—Denver Office and the DOJ—Wyoming Office) for a conflict-free federal law enforcement investigation.  Additionally, I am requesting that this Commission, through the Denver County Court, order the Denver Police Department to investigate the various suspected crimes involved (both state and federal) and to further order the appointment of a conflict-free special prosecutor (other than 2nd Judicial District Attorney John F. Walsh, III, who was a participant in the underlying circumstances).  I have publicly requested that the Colorado General Assembly pass a joint resolution similarly referring the Colorado Judicial Scandal to conflict-free federal law enforcement and to direct the Colorado State Auditor to appoint another state's attorney general as a Special Assistant Attorney General (SAAG) according to § 24-31-111(5), C.R.S.  The Legislature, however, has yet to respond to my request.

I recognize that the circumstances I am raising through this complaint are *sui generis* and create heightened concerns as to reasonable appearances of impropriety, unfairness, partiality, and bias. Accordingly, I call upon you to individually and publicly disclose grounds for disqualification and, conversely, any justifications for non-disqualification according to D.R.J.D. 4(g)(1). Although D.R.J.D. 4(g)(2) only requires disclosure of commissioner disqualifications to the subject judge and to the Mayor, there is no reason why the disqualification should not also be communicated to the complainant and to the general public.  Because Commissioner and 2nd Judicial District Court Judge Jay Grant was a subject judge in the CCJD's mishandling of various 2023-2024 cases involving judges' failures to file personal financial disclosure (PFD) statements, I am respectfully requesting that Judge Grant recuse himself from this complaint and the required judicial discipline proceedings that arise from it.  David Migoya, *Despite Law, 1 in 6 Colorado Judges Doesn't Have Financial Disclosures Filed, Some for Years*, COLORADO POLITICS, August 12, 2023.  Additionally, to the extent that this Commission's Rules and rulemaking process are invoked as barriers to transparency and this Commission's proceedings being made public, I ask for a detailed public written explanation of your individual disqualification or non-disqualification decisions.  *See* David Migoya, *New State Judicial Discipline System Won't Include Denver County Judges*, COLORADO POLITICS, July 3, 2023; *see also* D.R.J.D.. 4(d)(3) (recognizing allowing external influences to impact independent judgment as an appearance of impropriety); *cf.,* D.C.Colo.LCivR 40.1(f) ("Recusal of an active judicial officer shall be only by written order setting forth the reasons.").  It is appropriate for this Commission to apply D.R.J.D. 8(h) to maximize the proceedings and communications which will be made public in this matter.

Christopher S.P. Gregory, esq.
January 28, 2026
Page 3 of 9

BACKGROUND

In my roles as a member, Vice-Chair, Chair, and Executive Director of the CCJD, I exposed an ongoing more than 25-year pattern and practice that has created a culture of enforced silence within the Colorado Judiciary.  Despite being retaliated against (including through my non-reappointment as Commission Chair) and being obstructed in the performance of my official functions, I was responsible for the historic discipline of former Chief Justice Nathan B. Coats.  *Matter of Coats*, 2023 CO 44.  Through abuse of their appointment authority, the Justices and Governor Jared Polis stacked the CCJD.  Before I could seek further discipline as to the current Justices, I was again retaliated against and fired as Executive Director on January 19, 2024.

After being fired, I continued to pursue accountability.  This has included my continued advocacy for Amendment H, which significantly reformed Colorado's judicial discipline system after being ratified by 73% of Colorado voters in 2024.  In January 2025, I filed what remains a sealed case, 1:25-cv-00190—DDD-STV (D. Colo.) (Sealed).  The U.S. District Court Judge assigned to it, former Colorado Solicitor General Daniel D. Domenico, demonstrated actual bias and made adverse rulings.  In response, I filed a judicial discipline complaint with the 10th Circuit.  As a further complication, 10th Circuit Chief Judge Jerome A. Holmes dismissed the judicial discipline complaint (despite having his own conflicts of interest and grounds for mandatory disqualification).  I have filed a petition for review to the 10th Circuit Judicial Council and a separate judicial discipline complaint as to Chief Circuit Judge Holmes.  Following the filing of the judicial discipline complaint against Judge Domenico, I filed an attorney discipline complaint with the U.S. District Court's Committee on Conduct (which now operates through reformed rules and a preponderant standard of proof (as compared with the CCJD, the Colorado Supreme Court's Office of Attorney Regulation Counsel (OARC), and this Commission's adoption of "clear and convincing evidence" standards).  A copy of the federal attorney discipline complaint (25-cv-3) is attached as Exhibit 1.  The federal attorney discipline complaint is premised upon the Justices and other attorneys licensed to practice in the federal courts having knowingly concealed material information (i.e. contemplation of a $2.66-$2.75 million publicly funded bribe (the Masias Contract) and the existence of the related Masias Memo) from Colorado State Auditor Dianne Ray (and the CCJD) as she performed a federal function—the required, continuous, and ongoing single statewide audit).  The concealment of this material information was sustained for over two years and is incontrovertible evidence that the Justices and others committed multiple federal crimes.  The uncharged federal felonies include but are not limited to: Obstruction of Justice (18 U.S.C. § 1503), False Statements (18 U.S.C. § 1001), and Obstruction of a Federal Audit (18 U.S.C. § 1516).

Also, in response to Judge Domenico's adverse rulings and efforts by the Justices to undo the reforms mandated by Amendment H, I filed a second civil rights and Colorado False Claims Act (CFCA) retaliation action.  *Gregory v. Colo. Jud. Discipline Rulemaking Comm., et al.*, 1:25-cv-03361—DDD (D. Colo.).  A copy of the Verified Complaint in *Gregory* is attached as Exhibit 2.  Despite my having raised Judge Domenico's actual bias in the Verified Complaint and subsequent filings, Judge Domenico accepted assignment to the case and has persistently refused to disqualify himself.  Most recently, I filed an affidavit in *Gregory* to require Judge Domenico's

Christopher S.P. Gregory, esq.
January 28, 2026
Page 4 of 9

disqualification according to 28 U.S.C. § 144.  The Affidavit, which is temporarily a restricted filing under D.C.Colo.LCivR 7.2(b), (e) accessible to the parties and the U.S. District Court until January 30, 2026, will be provided to this Commission immediately upon lifting of the public access restrictions.  The Affidavit provides context for the present judicial discipline complaint and is relevant to this Commission's members' abilities to impartially consider the present complaint.

The filing of my federal attorney discipline complaint (Case No. 25-cc-3) on September 30, 2025, however, precipitated the resignation of the Colorado Judicial Department's Judicial Counsel Terri Morrison and, more recently, the resignation of Justice Melissa Hart.  Through *Gregory*, I have requested various forms of injunctive relief, including my reinstatement as Executive Director, re-composition of the various judicial discipline oversight entities through conflict free processes, and a writ of prohibition enjoining Governor Jared Polis from appointing additional judges (including Justice Hart's replacement).  I have also applied for Justice Hart's seat on the Colorado Supreme Court, with expressed intentions of filing additional lawsuits to recognize the Colorado Judicial Discipline Rulemaking Committee, the Colorado Supreme Court Nominating Commission, and the Governor's judicial appointment committee as each being a "state public body" subject to the Colorado Open Meetings Law, § 24-6-402, C.R.S.

As relevant to the Denver County Court and this Commission's jurisdiction, Justice Melissa Hart was the subject of two cases in 2025, a careless driving citation and a criminally charged dog bite case.  Justice Hart failed to appear for the initial appearance in her careless driving case and *is currently on probation* directly supervised/reviewed by the Denver County Court as part of a deferred judgment in her dog bite case.  When Justice Hart went on indeterminate leave on October 28, 2025 and when she ultimately resigned from the Colorado Supreme Court on December 19, 2025, she did not disclose the existence of the two 2025 Denver County Court cases or that she had been involved in a serious automobile collision in 2017 (prior to her appointment to the Colorado Supreme Court), which resulted in an also-undisclosed 2019 civil suit and settlement.  It does not appear that Justice Hart or any of the assigned judicial officers reported any of her Denver County or District Court cases to the CCJD, the Colorado Office of Judicial Performance Evaluation (COJPE), OARC, and/or the U.S. District Court for the District of Colorado.  Consequently, Justice Hart was able to present her leave of absence and resignation as the result of personal "medical" issues rather than being in response to my pending federal attorney discipline complaint and the filing of individual claims against her in *Gregory*.

Even with notice of and actual knowledge of the judicial, attorney, and official misconduct involved (specifically my 28 U.S.C. § 144 Affidavit in *Gregory*), Chief Justice Monica Márquez, State Court Administrator Steven Vasconcellos, Colorado Attorney General Phil Weiser, CCJD Executive Director Anne Mangiardi, CCJD Chair Jim Carpenter, and CCJD member Bob Gardner were allowed to testify at the Colorado Joint Judiciary Committee's January 20, 2026 and January 21, 2026 SMART Act hearings without any scrutiny or candor as to their individual roles in the Colorado Judicial Scandal or their retaliation against me for reporting suspected judicial misconduct.  I have attached my written testimony and a transcript of the oral testimony that I read into the legislative record as Exhibit 3.  The Colorado General Assembly has yet to respond to my call for a joint resolution referring the Colorado Judicial Scandal to federal law

Christopher S.P. Gregory, esq.
January 28, 2026
Page 5 of 9

enforcement for a conflict-free investigation and directing the Colorado State Auditor (who reports to Legislative Audit Committee) to appoint another state's attorney general as a SAAG, allowing impartial representation of the State of Colorado's interests.

<div align="center">BASIS FOR JUDICIAL DISCIPLINE PROCEEDINGS</div>

This Commission's jurisdiction is limited to the conduct of Denver County Court Judges according to D.R.J.D. 5 and to make disciplinary recommendations as to Magistrates when requested according to D.R.J.D. 6. The Presiding Judge's exercise of supervisory authority over Magistrates, however, is also subject to the requirements of the Code and oversight by this Commission. *See* Canon Rule 2.12 (Supervisory Duties).

Ultimately, the Code charges all judicial officers with obligations to defend the rule of law and the integrity of the Judiciary. Canon Rule 1.2, in particular, requires judicial officers to promote public confidence in the Judiciary by avoiding both impropriety and the creation of appearances of impropriety. Impropriety includes violations of the law and obstruction of the judicial discipline process either for the benefit of the subject judge or for the benefit of another person. *See* Canon Rule 1.3 (Avoiding Abuse of the Prestige of Judicial Office). Although Canon Rule 1.1 mandates the self-reporting and reporting of certain criminal convictions, the reporting obligations under Canon Rules 2.15 and 2.16 are broader and require "appropriate action" in response to the substantial likelihood of ***any*** violation of the Code. Canon Rules 2.3(C) and 2.16(B) expressly prohibit retaliation. In addition to the requirements of the Code, judicial officers who are also attorneys are required to report and take measures to stop themselves and others from engaging in judicial misconduct. Colo. RPC 8.3 and 8.4(d), (f), (h).

The non-reporting of Justice Melissa Hart's litigation history and the existence of traffic and criminal cases filed against her in 2025 allowed Justice Hart to misrepresent the reasons for her "personal leave" and her ultimate resignation in violation of Canon Rule 4.1(11), (12) ("Except as permitted by law, or by this Canon, a judge . . . shall not: . . . (11) knowingly, or with reckless disregard for the truth, make any false or misleading statement; [or] (12) make any statement that would reasonably be expected to affect the outcome or impair the fairness of a matter pending or impending in any court[.]"). As asserted in this complaint, Justice Hart's personal leave and ultimate resignation occurred in direct response to my federal attorney discipline complaint (Case No. 25-cc-3) against her and her husband, U.S. DOJ—Denver Office Civil Division Chief Kevin Traskos, as well as the October 23, 2025 filing of *Gregory*. Justice Hart's narrative as to the basis for her resignation is misleading and reasonably impairs the fairness of the various pending and impending matters against her (most importantly my federal attorney discipline complaint).

In *People v. Melissa Hart*, Denver Cty. Ct. Case No. 25T0087448, Justice Hart was charged with Careless Driving (D.R.M.C. § 54-158). The register of actions shows that the case was assigned first to Magistrate Greg Rawlings and, then, to Magistrate Melissa Annis. Justice Hart failed to appear for the initial arraignment hearing held before Magistrate Rawlings on April 24, 2025. On May 2, 2025, Justice Hart returned on bond and, appearing *pro se*, pled guilty to a lesser offense before Magistrate Annis. It is unclear whether Magistrate Rawlings and/or Magistrate

Christopher S.P. Gregory, esq.
January 28, 2026
Page 6 of 9

Annis were aware of Melissa Hart's status as a Justice of the Colorado Supreme Court. Nevertheless, there is no publicly-available evidence to suggest that Justice Hart self-reported her Careless Driving citation or the existence of Case No. 25T0087448 to the CCJD, the COJPE, the OARC, and/or the U.S. District Court.  Likewise, there is no publicly available evidence to suggest that Magistrate Rawlings, Magistrate Annis, Denver City Attorney's Office Division Director Marley Bordovsky, or Assistant Denver City Attorney Taylor Brennan Leighton reported the existence of Case No. 25T0087448 to the CCJD, the COJPE, the OARC, and/or the U.S. District Court.  What the Magistrates and attorneys knew, when they knew, and their reasons for non-reporting are critical questions that require further investigation.

The register of actions in *People v. Melissa Hart*, Denver Cty. Ct. Case No. 25GV100395 shows that an initial arraignment on June 4, 2025 before Magistrate Trisha Matuszczak was vacated and that Justice Hart then appeared before Magistrate Michelle Kline on June 6, 2025.  At the June 6, 2025 hearing, Justice Hart, again appearing *pro se*, accepted an offer under which she pled guilty to violating D.R.M.C. § 8-61 (Animal Attack or Bite) in exchange for dismissal of the remaining counts and a 1-year deferred judgment.  As a standard condition of the deferred judgment, Magistrate Kline ordered that "Defendant shall not commit or be convicted of any new law violations, except traffic violations that are 6 points or less."  The deferred judgment is being supervised directly by the Denver County Court with no documentation filed that Justice Hart has notified the Court of the federal attorney discipline complaint filed against her or the pendency of *Gregory*.  Justice Hart, however, has filed other proof of compliance into her case. The facts alleged in both the attorney discipline complaint and in *Gregory* provide a reasonable basis for initiation of proceedings to revoke Justice Hart's deferred judgment.  Like Case No. 25T0087448, there is no publicly available evidence to suggest that Justice Hart self-reported the existence of Case No. 25GV100395.  Moreover, there is no publicly-available evidence to suggest that Magistrate Matuszczak, Magistrate Kline, Assistant City Attorney Caleigh Schaff, ACA Schaff's supervisor, or any other judicial officer supervising/reviewing Justice Hart's deferred judgment reported the existence of Case No. 25GV100395 to the CCJD, the COJPE, the OARC, and/or the U.S. District Court.  What the Magistrates, attorney(s), and other judicial officers knew, when they knew, and their reasons for non-reporting are critical questions that require further investigation.

<div align="center">

CONCLUSION AND REQUST FOR INITIATION
OF JUDICIAL DISCIPLINE PROCEEDINGS

</div>

As recognized by D.R.J.D. 7(a), grounds for the discipline of Denver County Court Judges (and Magistrates) include:

> (1) Willful misconduct in office, including misconduct which,
> although not related to judicial duties, brings the judicial office
> into disrepute or is prejudicial to the administrat[ion] of justice;
> [and]
>
> <div align="center">* * *</div>
>
> (4) Any conduct that constitutes a violation of the Code of Judicial
> Conduct.

Christopher S.P. Gregory, esq.
January 28, 2026
Page 7 of 9

According to D.R.J.D. 15 and 17, if a complaint alleges "facts that, if true, would constitute one or more grounds for discipline of a Judge," this Commission is required to conduct a preliminary evaluation of the merits of the complaint and (with a preponderant determination of merit) proceed with an investigation. Given the depth and detail of evidence that supports this complaint, this Commission may not dismiss this complaint under D.R.J.D. 16(b) and, instead, must initiate judicial discipline proceedings, beginning with an investigation under D.R.J.D. 17(a), (c). As much as this complaint requests an inquiry into why Justice Melissa Hart's 2025 traffic and criminal cases were not publicly reported / disclosed to the respective disciplinary and judicial oversight authorities, this complaint seeks to ensure that the prospective conduct of Denver County Court judges, including the Presiding Judge, conforms to the Code.

In addition to initiating judicial discipline proceedings, I respectfully request that this Commission formally refer the overall Colorado Judicial Scandal to conflict-free federal law enforcement (outside of the U.S. DOJ—Denver Office and the U.S. DOJ—Wyoming Office). Moreover, I request that this Commission, through the concurrent authority of the Denver County Court, order an investigation by the Denver Police Department and the appointment of a special prosecutor. Finally ordering a full, legitimate, impartial, and conflict-free investigation of the Colorado Judicial Scandal and its impacts upon the Denver County Court is consistent with the Presiding Denver County Court Judge's duties and enforcement obligations under Canon Rules 1.1 (Compliance with the Law), 1.2 (Promoting Confidence in the Judiciary), 1.3 (Avoiding Abuse of the Prestige of Judicial Office, 2.2 (Impartiality and Fairness), 2.3 (Bias, Prejudice, and Harassment), 2.4 (External Influences on Judicial Conduct), 2.5 (Competence and Conduct), 2.6 (Ensuring the Right to be Heard), 2.9 (Ex Parte Communications), 2.10, (Judicial Statements on Pending and Impending Cases), 2.11 (Disqualification), 2.12 (Supervisory Duties), 2.13 (Administrative Appointments), 2.14 (Disability and Impairment), 2.15 (Responding to Judicial and Lawyer Misconduct), 2.16 (Cooperation with Disciplinary Authorities), 3.1 (Extrajudicial Activities in General), 3.2 (Appearances before Governmental Bodies and Consultation with Government Officials), 3.15 (Reporting Requirements), and 4.1 (Political and Campaign Activities of Judges in General).

If the rule of law and judicial ethics have any meaning in Colorado, the Presiding Judge and this Commission must defend the Code and order an investigation. Ordering a legitimate law enforcement investigation will also avoid the need for a § 16-5-209, C.R.S. petition to compel the prosecution of various misdemeanor crimes, particularly First Degree Official Misconduct under § 18-8-404, C.R.S., which crimes are within the jurisdiction of the Denver County Court.[2]

---

[2] To this point, there is a spectrum of factual theories that support First Degree Official Misconduct charges against the Justices, Attorney General Phil Weiser, Governor Jared Polis, and the members of the various judicial discipline oversight entities (including the CCJD). The simplest and most universal factual basis, however, is that each of these individuals have willfully refused to disqualify themselves despite grounds to reasonably question the individual's impartiality and personal bias. *See* Canon Rule 2.11(A). By refusing to disqualify themselves, these individuals are knowingly seeking to protect the Justices (i.e. to obtain a benefit for the Justices) and to maliciously harm others (including me as a reporting party / formerly a public official charged with enforcing the Code) through an abuse of their official authority. Because

Christopher S.P. Gregory, esq.
January 28, 2026
Page 8 of 9

I possess and I am willing to provide extensive additional evidence and documentation that supports the allegations asserted in this complaint.  Since submitting my 28 U.S.C. § 144 Affidavit, I obtained the court files in *Haeger v. FBI*, 1:03-cv-01542-CAB-CBS (D. Colo.) and *Appel v. FBI*, 1:03-cv-01967-CAB-CBS (D. Colo.) from the U.S. National Archives and Records Administration.  The court files confirm the existence and pervasiveness of the conflicts of interest involved in the Justices' now more than 25-year ongoing pattern of judicial misconduct.  Additionally, in perhaps the most egregious example of witness tampering and witness intimidation, the CCJD, through the Colorado Attorney General's Office, seized a copy of my records as Executive Director (including my email correspondence).  These records, which can be obtained with a warrant issued by the Denver County Court and executable by the Denver Police Department, will further verify the systemic judicial and official misconduct raised in this complaint and involved in the broader Colorado Judicial Scandal.

Sincerely,

Christopher S.P. Gregory, esq.
Enclosures (3)

Cc:    Colorado Commission on Judicial Discipline
       Colorado Office of Judicial Performance Evaluation
       U.S. District Court for the District of Colorado Committee on Conduct
       U.S. Department of Justice

---

the individual public servants' persistent refusal to disqualify is ongoing, the statute of limitations does not present an obstacle to prosecution.  I respectfully submit that the elements of First Degree Misconduct are met through objective and incontrovertible evidence.  § 18-8-404(1), C.R.S. defines the elements of the offense and provides:

> (1) A public servant commits first degree official misconduct if, with intent to obtain a benefit for the public servant or another or maliciously to cause harm to another, he or she knowingly:
>
> (a) Commits an act relating to his office but constituting an unauthorized exercise of his official function; or
>
> (b) Refrains from performing a duty imposed upon him by law; or
>
> (c) Violates any statute or lawfully adopted rule or regulation relating to his office.

Even though First Degree Official Misconduct is merely a Class 1 Misdemeanor, uniform enforcement of this crime has profound implications upon the integrity of the Colorado Judiciary and Colorado State Government as a whole.

Christopher S.P. Gregory, esq.
January 28, 2026
Page 9 of 9

Colorado Office of the State Auditor / Legislative Joint Judiciary Committee / Colorado
General Assembly

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Attorney Complaint No(s).:

CHRISTOPHER S.P. GREGORY,

      Complainant,

v.

MARIA BERKENKOTTER,
NATHAN B. COATS,
BRYAN FIELDS,
RICHARD GABRIEL,
NATIALIE HANLON-LEH,
MELISSA HART,
WILLIAM HOOD, III,
MONICA MÁRQUEZ,
LEEANN MORRILL,
ANDREW ROTTMAN,
CARLOS SAMOUR,
GRANT SULLIVAN, AND
KEVIN TRASKOS,

      Respondent(s).

---

## ATTORNEY MISCONDUCT COMPLAINT;
## EXHIBITS 1-8

---

### INTRODUCTION

"There is no kind of dishonesty into which otherwise good people more easily and frequently fall than that of defrauding the Government."–Benjamin Franklin

      Regretfully, this attorney misconduct complaint and invocation of this Court's disciplinary jurisdiction under D.C.COLO.LAttyR 1(c) has become necessary because the Justices of the Colorado Supreme Court have systematically undermined and obstructed Colorado's judicial disciplinary and attorney regulation structures. The ongoing Colorado





Judicial Scandal began in 2018 and its coverup has continued through the cascading misconduct of numerous judges, attorneys, and public officials/employees.  The breadth of the conspiracy and the protection racket involved makes regulation of the underlying misconduct unwieldy. Consequently, this attorney misconduct complaint is intended to initiate the process of seeking accountability by focusing upon the keystone of the Colorado Judicial Scandal—attorneys admitted to practice before this Court and/or the U.S. Court of Appeals for the 10th Circuit knowingly withheld material information from the Colorado Office of the State Auditor (OSA) as the OSA performed its continuous, ongoing, and federally-required single statewide audit. Through uncontroverted evidence, probable cause exists to suspect that the involved judges and attorneys committed various federal felony-level crimes, including but not limited to obstruction of justice (18 U.S.C. § 1503), false statements (18 U.S.C. § 1001), and obstruction of a federal audit (18 U.S.C. § 1516).  *See also United States v. Jones*, 41 Fed. Appx. 220, 223 (10th Cir. 2002) (recognizing private contractor performing required federal audit as a federal auditor completing an "official investigation"); 31 U.S.C.. §§ 7501-7507 (the federal Single Audit Act).

The involved attorneys, include but are not limited to the following individuals, who are admitted to practice before either or both this Court and the U.S. Court of Appeals for the 10th Circuit:

> Maria Berkenkotter (D. Colo. Atty. Reg. # 596763; admitted to 10th Circuit),
> Nathan B. Coats (D. Colo. Atty. Reg. # 591795, admitted to 10th Circuit),
> Richard Gabriel (D. Colo. Atty. Reg. # 682419; admitted to 10th Circuit),
> Natalie Hanlon-Leh (D. Colo. Atty. Reg. # 704484; admitted to 10th Circuit),
> Melissa Hart (D. Colo. Atty. Reg. # 1980828; admitted to 10th Circuit),
> William Hood, III (D. Colo. Atty. Reg. # 688626; admitted to 10th Circuit),
> Monica Márquez (D. Colo. Atty. Reg. # 799305; admitted to 10th Circuit),
> LeeAnn Morrill (D. Colo. Atty. Reg. # 1828438; admitted to 10th Circuit),
> Andrew Rottman (D. Colo. Atty. Reg. # 1896776; admitted to 10th Circuit),
> Carlos Samour (D. Colo. Atty Reg. # 703570),

-2-

Grant Sullivan (D. Colo. Atty. Reg. # 1850542; admitted to 10th Circuit), and Philip Weiser (Admitted to 10th Circuit).

At all times relevant, Maria Berkenkotter, Brian Boatright, Nathan Coats, Richard Gabriel, Melissa Hart, William Hood III, Monica Márquez, and Carlos Samour were justices of the Colorado Supreme Court (referred to herein collectively as the "Justices"). Brian Boatright, however, is not admitted to practice before this Court or the 10th Circuit. Consequently, Justice Boatright is not listed as an attorney / respondent in this Complaint.

The attorney misconduct at issue has been further complicated by the failure of Assistant U.S. Attorney Bryan Fields, Assistant U.S. Attorney Kevin Traskos, and other federal attorneys to disqualify themselves and the Department of Justice (DOJ)—Denver Office from the investigation of and prosecution decisions made as to the Colorado Judicial Scandal. Mr. Traskos is Colorado Supreme Court Justice Melissa Hart's husband and currently serves as Chief of the DOJ-Denver Office's Civil Division (which oversees civil enforcement of public fraud and public corruption cases). In addition to violating the DOJ's internal disqualification standards, there is probable cause to suspect criminal violations of 18 U.S.C. § 208. *See also* 5 C.F.R. § 2635.501-503 (defining general grounds for disqualification to ensure appearances of impartiality); 28 C.F.R. § 45.2 (defining conflicts of interest in criminal investigations including political and personal relationships). Bryan Fields and Kevin Traskos are admitted to practice before both this Court and the U.S. Circuit Court of Appeals for the 10th Circuit.

A criminal conviction (or a criminal charge) is not a prerequisite for judicial discipline and/or attorney discipline. *See, e.g., In re Cruikshanks*, 648 S.E.2d 19, 23 (W. Va. 2005) (neither conviction nor criminal charge prerequisite to judicial discipline where state supreme court had inherent authority and duty to "promote and protect the honor, integrity, dignity, and efficiency of

the judiciary and the justice system"); *People v. Parsley*, 109 P.3d 1060 (Colo. PDJ 2005) (criminal conviction not predicate to attorney discipline under Colo. RPC 8.4(b), (c); "Disbarment is the presumptive sanction for the commission of a serious crime involving dishonesty."). The criminal conduct involved here, however, supports recognition that the involved attorneys subject to this Court's and/or the 10th Circuit Court of Appeals' disciplinary jurisdiction have further violated other standards of conduct as adopted by this Court through the Colorado Rules of Professional Conduct. D.C.COLO.LAttyR 2(a); *accord* 10th Cir. R. Add. III, § 2.3 (10th Circuit's disciplinary jurisdiction includes enforcing "the Code of Professional Responsibility adopted by the highest court of any state to which the attorney is admitted to practice").

Ultimately, the Colorado Judicial Scandal involves a broader pattern of intimidation, retaliation, and an enforced culture of silence facilitated through publicly-funded hush money / non-disclosure agreements (NDAs), self-controlled "independent" investigations, and self-serving public relations strategies. The Colorado Judicial Scandal continues to wrongfully cost taxpayers tens of millions of dollars.

This Complaint is also related to a separate judicial misconduct proceeding pending before the U.S. Court of Appeals for the 10th Circuit. The parallel judicial discipline proceeding has been docketed as Judicial Complaint No. 10-25-90048 and is subject to a petition for review according to 10th Circuit JCD Rule 18(b). Because of circumstances described in Judicial Complaint No. 10-25-90048 and in the accompanying materials,[1] this Complainant respectfully

---

[1] A former member of this Court's Committee on Conduct, John F. Walsh III, was directly involved in the alleged attorney misconduct. A current member of this Court's Committee on Conduct, Kathyrn Stimson, is, likewise, a material witness as to the allegations of misconduct

-4-

requests that this Court and the U.S. Court of Appeals for the 10th Circuit address both apparent

and actual conflicts of interest within the membership of this Court's Disciplinary Panel, this

Court's Committee on Conduct, and the 10th Circuit's Judicial Council.  D.C.COLO.LAttyR 6(a),

---

asserted through this Complaint.  There are also acknowledged grounds for the disqualification of this Court's entire Disciplinary Panel, including Chief District Court Judge Philip Brimmer. Exhibit 8 further provides grounds for 10th Circuit Court of Appeals Chief Judge Jeffrey Holmes to disqualify himself from consideration of this Complaint according to the procedures defined in 10th Cir. R. Add. III, § 4.3, 5.3. Because of circumstances described in Exhibit 2, it would also be "clearly inappropriate" for the 10th Circuit to appoint the Colorado Office of Attorney Regulation Counsel as disciplinary counsel in this case.  10th Cir. R. Add. III, § 4.4.

The Complainant further notes that during the fall of 2023, while still serving as the Executive Director of the Colorado Commission on Judicial Discipline (CCJD), he had applied for appointment to this Court's Committee on Conduct expressly because of the breakdown of Colorado's attorney regulation system.  At the time, the Complainant was rightfully apprehensive of imminent retaliation for having internally raised the issues presented in this Complaint.

The following Exhibits are filed with this Complaint and incorporated by reference:

- Exhibit 1—Anonymous Fraud Hotline complaint submitted by the Complainant on October 20, 2024 and supplemental anonymous Fraud Hotline complaint submitted by the Complainant on November 4, 2024;
- Exhibit 2—Anonymous request for evaluation (RFE) of judicial conduct submitted by the Complaint to the CCJD on October 20, 2024;
- Exhibit 3—Appendices to the October 20, 2024 RFE;
- Exhibit 4—Dually filed public comments to the Colorado Judicial Discipline Rulemaking Committee (CJDRC) and RFE with appendices submitted to the CCJD on August 25, 2025;
- Exhibit 5—First supplement to combined public comments and RFE submitted on September 12, 2025;
- Exhibit 6—Second supplement to combined public comments and RFE with appendix submitted on September 12, 2025;
- Exhibit 7—Third supplement to combined public comments and RFE with appendices submitted on September 30, 2025; and
- Exhibit 8—Complainant's email correspondence with the American Inns of Court and request for clarification as to 10th Circuit Chief Judge Jeffrey Holmes's involvement in the decision to award Justice Richard Gabriel the 2024 AIC 10th Circuit Professionalism Award.

(d); *see also* D.C.COLO.LAttyR 7(h) (addressing conflict mechanism for complaints brought against a sitting member of the Committee on Conduct); 10th Cir. R. Add. III, § 4.3 (Chief Judge or designee authorized to appoint Disciplinary Panel); *Cf.* 10th Cir. JCD Rules 25 (disqualification) and 26 (transfer to another Judicial Council).

<div align="center">RELEVANT BACKGROUND</div>

On July 15, 2018, Colorado State Court Administrator's Office (SCAO) Controller Myra Dukes discovered and internally reported evidence that SCAO Chief of Staff Mindy Masias had intentionally altered a receipt as part of a request for personal reimbursement. State Court Administrator Christopher Ryan immediately recognized Masias's suspected conduct as material to a continuous, recurring annual single statewide audit of the Judicial Department's internal controls conducted as a component for certification of the State of Colorado's Annual Comprehensive Financial Report (ACFR). Like other states and governments, Colorado is required to produce its ACFR as a condition of receiving federal funding and for its federally granted authority to issue bonds. Following internal and external investigations, the Justices of the Colorado Supreme Court collectively decided to terminate Masias's employment. As part of the notice provided to Masias, State Court Administrator Ryan explained the materiality of Masias's financial misconduct to the OSA's single statewide audit and the ACFR. Instead of accepting her termination or agreeing to the severance offer made by the Colorado Judicial Branch, Masias instead activated leave under the Family Medical Leave Act (FMLA).

In December 2018, Masias's colleague and successor as SCAO Human Resources Director, Eric Brown, began negotiating a multi-million-dollar, sole-source contract for Masias to provide leadership training services to the Judicial Department. As part of these negotiations,

<div align="center">-6-</div>

Brown met with then-Chief Justice Nathan Coats, Counsel to the Chief Justice Andrew Rottman, and State Court Administrator Ryan to essentially present an ultimatum that Masias would release compromising information about the Department and the Justices if an agreement could not be reached. Brown's talking points (including Masias's allegations of covered up judicial, attorney, and employee misconduct) were reduced to writing in a document later referred to as the Masias Memo. SCAO Legal Counsel Terri Morrison was also contemporaneously aware of the Masias Memo and the meeting that occurred between Brown, Coats, Rottman, and Ryan.

Masias remained on FMLA leave until March 15, 2019, when she executed a separation agreement, effective March 19, 2019, that allowed her to keep her income from paid leave in exchange for a general release of claims and a non-disclosure agreement. Masias executed her separation agreement with the expectation of a 5-year, $2.66-2.75 million sole-source contract to provide leadership training services. To provide some perspective, under this contract Masias would have been paid approximately three-times the salaries of the individual Justices (i.e. $532,000 per year). Before State Court Administrator Ryan signed the sole-source determination on March 25, 2019, Chief Justice Coats informed all the other Justices of Masias' resignation and her proposal for the leadership training program. Through an April 4, 2019 email chain between Chief Justice Coats and Justice Melissa Hart about Masias applying to become the Utah State Court Administrator, Coats explained that Masias had signed an NDA and was negotiating the Masias Contract. With Coats's approval, State Court Administrator Ryan then circulated the $2.66-2.75 million Masias Contract for its first execution on April 11, 2019. On April 15, 2019, however, an anonymous complaint was submitted to the OSA's Fraud Hotline that alleged widespread occupational fraud within the SCAO and specifically involving additional financial

-7-

misconduct by Masias.  The anonymous Fraud Hotline complaint was personally sent to each of

the Justices, to Attorney General Phil Weiser, and to Governor Jared Polis.  Upon receiving a

letter from State Auditor Dianne Ray inquiring as to how the Judicial Department wished to

proceed in response to the Fraud Hotline complaint, Chief Justice Coats confirmed that he had

"look[ed] into th[e] allegations . . . in consultation with the Attorney General . . . and the

Attorney General's Staff."  In his response dated May 29, 2019, Chief Justice Coats, however,

did not inform the State Auditor that the $2.66-2.75 million sole-source Masias Contract had

already been approved or that the Masias Contract would be executed a second time three

business days later—June 3, 2019—and one business day after SCAO Controller Myra Dukes

retired.  Chief Justice Coats further knowingly concealed the existence of the Masias Memo and

its significance in negotiations of the Masias Contract from the OSA.

In July 2019, the existence of the Masias Contract became public and the Justices

accepted State Court Administrator Ryan's offer to resign.  At the time, the Justices, through an

official statement made by the Colorado Judicial Department, confirmed that they had

collectively approved and made the decision to cancel the Masias Contract.  As part of his

debriefing, Ryan met with 1st Assistant Attorney General LeeAnn Morrill and Assistant Solicitor

General Grant Sullivan to discuss and turn over his copy of the Masias Memo.[2]  At that time,

SCAO Legal Counsel Terri Morrison also had access to a copy of the Masias Memo.  In a

July 19, 2019 email exchange with Andrew Rottman, Morrill acknowledged possession of the

Masias Memo, its materiality to the OSA's Fraud Hotline investigation, and the need to preserve

---

[2] David Migoya, *Colorado Attorney General's Office Lawyers Knew About Judicial Misconduct Memo: Whether they could, should or did tell Attorney General, other authorities is unclear*, DENVER POST, February 22, 2021.

the document.  Despite this email and later deposition testimony from Justice Melissa Hart confirming that the Justices were aware of the Masias Memo in 2019, the Masias Memo was intentionally withheld from the OSA (and from the CCJD) for over 1 ½ years until then-former State Court Administrator Ryan came forward and publicly revealed the document's existence. In the meantime, the OSA issued a December 2019 management letter as part of the ACFR audit and a November 18, 2020 SCAO Performance Audit Report that both recognized the breakdown of SCAO's internal controls and appearances of impropriety created by the Masias Contract.

In response to State Court Administrator Ryan's revelation of the Masias Memo's existence, the Justices and the other attorneys listed in this Complaint collaborated on damage control that included the Justices issuing separate public statements on February 4, 2021 and on February 8, 2021.  The collaboration between the Justices, the attorneys listed in this Complaint, other public officials, and former U.S. Attorney for the District of Colorado John F. Walsh, III (who was then a partner at the national law firm WilmerHale) is documented through internal Judicial Department email chains created concurrently with the drafting of the public statements. The public statements, in turn, confirmed that the Justices and the other attorneys were fully informed by former Chief Justice Coats and were complicit in knowingly concealing material information from the OSA as it performed a federal function through its ACFR audit, its 2020 Performance Audit of SCAO, and its Fraud Hotline Investigation.   These circumstances have been further proven through Chief Justice Coats's admissions and judicial discipline.  *Matter of Coats*, 2023 CO 44, ¶¶ 4(9)-(14), (20)-(23), 6.  A separate, though only partially disclosed, attorney regulation investigation of former Chief Justice Coats concluded with findings (upon

-9-

clear and convincing evidence) that he had failed to report the misconduct of subordinate attorneys, as required by Colo. RPC 5.1 and 8.3.[3]

When the OSA finally issued its Fraud Hotline Investigation Report on February 4, 2022 with referrals for prosecution, interference, obstruction, and delay of the Fraud Hotline investigation caused state statutes of limitations to lapse. The Justices, Andrew Rottman, Terri Morrison, Attorney General Phil Weiser, Chief Deputy Attorney General Natalie Hanlon-Leh, LeeAnn Morrill, and Grant Sullivan were all directly involved in this interference, obstruction, and forced delay.

At various times, the Complainant reported these circumstances to federal law enforcement (specifically Bryan Fields, the DOJ—Denver Office, the DOJ Public Integrity Section, and the FBI) and to the CCJD only to be intentionally ignored. Exhibits 4-6 further document how these circumstances are now being intentionally disregarded or suppressed by the Colorado State Commission on Judicial Performance, the Colorado Civil Rights Division, the Colorado Judicial Discipline Rulemaking Committee, and the CCJD. Moreover, there appears to be cultural resistance within the press, Colorado's political parties, and the Colorado General Assembly to holding the attorneys listed in this Complaint (particularly Attorney General Weiser) and others involved in the Colorado Judicial Scandal accountable.

_____

[3] The Colorado Legal Regulation Committee's public statement dated January 20, 2023, states, in relevant part:

> "Based on the evidence provided by outside counsel, the Committee believes that there is clear and convincing evidence that the former Chief Justice violated the rules with respect to his duty to report what appeared to be improper conduct of other lawyers which contributed to the ongoing consideration of awarding the [Masias] contract."

-10-

ANALYSIS

Attorneys admitted to practice before this Court are expected to abide by standards of professional conduct defined through the Colorado Rules of Professional Conduct. Under the Colo. RPC, the Colorado Code of Judicial Conduct (the Code), and the Code of Conduct for United States Judges (the federal Code), both judges and attorneys are required to report judicial or attorney misconduct and/or to otherwise take "appropriate action." Colo. RPC. 8.3; Canon Rules 1.1, 1.2, 1.3, 2.2, 2.3, 2.5, 2.6, 2.12, 2.15, 2.16 of the Code; Canons 1, 2(A)-(B), and 3(B)(6) of the federal Code. Similarly, non-compliance with the law (whether criminal, civil, or ethical rules) also violates the respective codes of conduct. In proceedings before this Court and the 10th Circuit, violations of the standards of professional conduct are proven through a preponderance of evidence. D.C.COLO.LAttyR 7(e)(1), (f). As previously noted, neither a criminal conviction nor even a criminal charge is prerequisite to recognizing violations of Colo. RPC 8.4(a-1), (b)-(d), (f), (h), Canon Rules 1.1 and 1.2 of the Code, and/or Canon 2(A) of the federal Code.

Despite a complex history of ancillary judicial, attorney, and employee misconduct, there are clear grounds for discipline of the respondent attorneys. The Justices and those who helped them were aware of information material to the OSA's federally required single statewide audit / ACFR audit (including the contemplation of the $2.66-2.75 sole-source Masias Contract and the existence of the Masias Memo) and, yet, intentionally withheld/concealed the material information from the OSA and the CCJD (which had exclusive constitutional authority to investigate judicial misconduct).

-11-

There is probable cause to suspect that the Justices and those helping them committed the crimes of obstruction of justice, false statements, and obstruction of a federal audit.

The elements of obstruction of justice (18 U.S.C. § 1503) are:

1. The defendant corruptly,

2. Endeavored to influence, obstruct, or impede the due administration of justice,

3. With knowledge and specific intent to obstruct.

The elements of False Statements (18 U.S.C. § 1001) are:

1. The defendant, in a matter within the jurisdiction of the federal government,

2. Falsifies,

3. Conceals, or

4. Covers up by any trick, scheme, or device,

5. A material fact.

The elements of Obstruction of a Federal Audit are (18 U.S.C. § 1516) are:

1. The defendant,

2. With the intent to deceive or defraud the United States,

3. Endeavors to influence, obstruct, or impede a federal auditor,

4. In the performance of official duties relating to an entity receiving in excess of $100,000, directly(a) or indirectly in any 1-year period.

"'Federal auditor' means any person employed on a full- or part-time or contractual basis to perform an audit or a quality assurance inspection for *or on behalf of* the United States." 18 U.S.C. § 1516(b)(1) (emphasis added).

-12-

The intentional withholding of material information from the OSA and the CCJD by the Justices and those helping them violated Canon Rules 1.1 (Compliance with Law), 1.2 (Promoting Confidence in Judiciary), 1.3 (Abusing Prestige of Office), 2.2 (Impartiality and Fairness), 2.3 (Bias, Prejudice, and Harassment), 2.5 (Competence and Cooperation), 2.6 (Ensuring the Right to be Heard), 2.9(C) (Ex Parte Communications), 2.11 (Disqualification), 2.12 (Supervisory Duties), 2.15 (Responding to Judicial and Lawyer Misconduct), 2.16 (Cooperation with Disciplinary Authorities), 3.1 (Extrajudicial Activities in General), 4.1 (Political and Campaign Activities of Judges) of the Code and Colo. RPC 1.7(a)(2) (Conflict of Interest), 1.13(b) (Organization as Client), 3.3(a) (Candor Toward the Tribunal), 3.4 (Fairness to Counsel), 3.5(a) (Impartiality of Tribunal), 4.1 (Truthfulness in Statements to Others), 5.1 (Responsibilities of Supervisory Lawyer), 6.4 (Law Reform Activities), 8.3 (Reporting Professional Misconduct), 8.4 (a-1), (b)-(d), (f), (h) (violation of RPC, commission of criminal act, dishonesty/fraud/deceit, conduct prejudicial to administration of justice, assisting judicial misconduct, wrongfully harming others).

By failing to disqualify themselves and the DOJ-Denver Office from the investigation of and prosecution decisions as to the Colorado Judicial Scandal, Civil Division Chief Kevin Traskos and Assistant U.S. Attorney Bryan Fields similarly violated the law and should be subject to discipline for further violating their duties under Colo. RPC 1.7(a)(2), 1.10(a), 4.1, 5.1, 8.3, 8.4(a-1), (b)-(d), (f), (h). By intentionally disregarding the Complainant's reporting of suspected crimes and public fraud, there is also probable cause to suspect that Bryan Fields and

-13-

Kevin Traskos jointly and severally committed the crime of obstruction of justice (18 U.S.C. §

1503) and that Kevin Traskos criminally violated 18 U.S.C. § 208.[4]

**WHEREFORE**, the Complainant respectfully requests that this Court, through a

conflict-free Disciplinary Panel and Committee on Conduct, initiate an investigation and attorney

discipline proceedings according to D.C.COLO.LAttyR 7.  Concurrently, the Complaint

respectfully requests that the U.S. Court of Appeals for the 10th Circuit initiate attorney discipline

proceedings under 10th Cir. R. Add. III.

Dated: September 30, 2025

/s/ Christopher S.P. Gregory
**Christopher S.P. Gregory, Esq.**
The Gregory Law Firm, LLC
201 Coffman St., #1822
Longmont, CO 80502
Telephone: (970) 648-0642
E-mail: cspgregory@thegregorylawfirm.net
*Pro Se* Attorney Complainant
Christopher S.P. Gregory

---

[4] 18 U.S.C. § 208(a) provides, in relevant parts:

> **(a)** Except as permitted by subsection (b) hereof, whoever, being an
> officer or employee of the executive branch of the United States
> Government . . .  participates personally and substantially as a
> Government officer or employee, through decision, approval, disapproval,
> recommendation, the rendering of advice, investigation, or otherwise, in a
> judicial or other proceeding, application, request for a ruling or other
> determination, contract, claim, controversy, charge, accusation, arrest, or
> other particular matter in which, to his knowledge, he, *his spouse*, minor
> child, general partner, organization in which he is serving as officer,
> director, trustee, general partner or employee, or any person or
> organization with whom he is negotiating . . . has a financial interest--
> Shall be subject to the penalties set forth in section 216 of this title.
> (Emphasis added).

-15-

To the best of my knowledge, I declare under penalty of perjury under the law of Colorado that the foregoing facts and circumstances described in this Complaint are true and correct.

      Executed on the 30th day of September 2025 at Longmont, Boulder County, Colorado.


_____
Christopher S.P. Gregory

-15-

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.

CHRISTOPHER S.P. GREGORY,

      Plaintiff,

v.

The COLORADO JUDICIAL DISCIPLINE RULEMAKING COMMITTEE,
The COLORADO COMMISSION ON JUDICIAL DISCIPLINE,
The COLORADO SUPREME COURT,
MARY V. SOOTER, individually,
PHILIP J. WEISER, individually, and in his official capacity as the Colorado Attorney General,
JARED POLIS, individually, and in his official capacity as Governor of the State of Colorado,
MARIA BERKENKOTTER, individually,
BRIAN D. BOATRIGHT, individually,
RICHARD GABRIEL, individually,
MELISSA HART, individually,
WILLIAM HOOD, III, individually,
MONICA MÁRQUEZ, individually,
CARLOS SAMOUR, individually,
INGRID BARRIER, individually,
DAVID BELLER, individually,
JILL BRADY, individually,
GINA CANNAN, individually,
JAMES CARPENTER, individually,
NANCY COHEN, individually,
ROBERT GARDNER, individually,
SARA GARRIDO, individually,
KIRSTEN GROOMS, individually,
JAMES HARTMANN, individually,
AMANDA HOLLANDER, individually,
ALISON KYLES, individually,
BRYON LARGE, individually,
ANNE MANGIARDI, individually,
BONNIE MCLEAN, individually,
COLLEEN MCMANAMON, individually,
KRISTEN MIX, individually,
REED OWENS, individually,
MEREDITH PATRICK CORD, individually,
AUBREY C. SULLIVAN, individually,

**EXHIBIT
2**

COURTNEY SUTTON, individually,
JEFF SWANTY, individually,
EMILY TOFTE NESTAVAL, individually,
STEFANIE TRUJILLO, individually,
MARYANN VIELMA, individually,
VINCENTE VIGIL, individually, and
JEFFREY M. WALSH, individually,

       Defendants.

---

### VERIFIED COMPLAINT AND JURY DEMAND
### WITH EXHIBITS 1-3

---

#### INTRODUCTION

1. Christopher Sydney Philip Gregory (the "Plaintiff") brings this action against the Defendants under 42 U.S.C. §§ 1983, 1985, and 1986 and § 28 U.S.C. 1651 with supplemental state claims brought under § 24-31-1204(8), C.R.S.

2. For more than six years, the Justices of the Colorado Supreme Court have engaged in a conspiracy intended to absolve themselves of *any* accountability for their proven and otherwise incontrovertible violations of various criminal laws and the Colorado Code of Judicial Conduct ("the Code"). At the core of the Justices' misconduct was a prolonged scheme to knowingly conceal material information of a $2.66-2.75 million bribe / public fraud involving former Colorado State Court Administrator's Office (SCAO) Chief of Staff Mindy Masias[1] from the Colorado Office of the State Auditor (OSA) as the OSA performed its ongoing, continuous, and federally-required single statewide audit.[2] Further, the

---

[1] At the time, Masias was being fired for suspected alteration of financial records, occupational fraud (later verified through a Fraud Hotline investigation), dishonesty, and other financial misconduct.

[2] The Justices' publicly admitted concealment of material information from the OSA as it performed a federal function is probable cause to suspect that the Justices have committed

-2-

Justices knowingly concealed the same material information of public fraud from the Colorado

Commission on Judicial Discipline (the CCJD), which has exclusive constitutional jurisdiction to

investigate judicial misconduct and enforce the Code. *See Matter of Coats*, 2023 CO 44, ¶¶ 4(9)-(14),

(20)-(23), 6 (stipulated admissions confirming that former Chief Justice Nathan Coats, in consultation

with the other Justices, Attorney General Phil Weiser, other attorneys, and other Judicial Department

employees knowingly concealed negotiation of the $2.66-2.75 million Masias Contract and the

existence of the related Masias Memo from the OSA and the CCJD). This knowing concealment of

information material to the performance of a federal function and to enforcement of the Code was

sustained for more than two years (December 2018-February 2021). During that time, Plaintiff served

as a member, Vice-Chair, and Chair of the CCJD.

3. Part of the Justices' scheme to suppress evidence of their substantial criminal and ethical misconduct

has been to intimidate, to retaliate against, and to use public funds (for their personal advantage) to

silence or marginalize the numerous whistleblowers / regulators who have had the courage to stand

against public corruption. Plaintiff, in his roles as the CCJD's Chair and, later, as its wrongfully

terminated Executive Director, is only one of these retaliated-against whistleblowers / regulators. As the

---

multiple federal felony-level crimes, including but not limited to Obstruction of Justice (18
U.S.C. § 1503), False Statements (18 U.S.C. § 1001), and Obstruction of a Federal Audit (18
U.S.C. § 1516) . By retaliating against the Plaintiff, the Justices have further obstructed the
investigation of these probable crimes as a matter of judicial discipline under Canon Rules 1.1
(Compliance with Law), 1.2 (Promoting Confidence in Judiciary), 1.3 (Abusing Prestige of
Office), 2.2 (Impartiality and Fairness), 2.3 (Bias, Prejudice, and Harassment), 2.5 (Competence
and Cooperation), 2.6 (Ensuring the Right to be Heard), 2.9(C) (Ex Parte Communications), 2.10
(Judicial Statements on Pending or Impending Cases), 2.11 (Disqualification), 2.12 (Supervisory
Duties), 2.13 (Administrative Appointments), 2.15 (Responding to Judicial and Lawyer
Misconduct), 2.16 (Cooperation with Disciplinary Authorities), 3.1 (Extra Judicial Activities in
General), and 4.1 (Political and Campaign Activities of Judges) as well as other provisions of the
Code and the Colorado Rules of Professional Conduct.

-3-

Plaintiff has continued to seek accountability for the Justices' misconduct, including their misuse of millions of dollars of taxpayer funds, the retaliation campaign against him has continued.

4. As relevant to this action, the Defendants have collectively conspired to censor and deliberately suppress Plaintiff's constitutionally and statutorily privileged reporting of judicial, attorney, and official misconduct (including very probable violations of the federal civil False Claims Act (FCA) and the Colorado False Claims Act (CFCA)).  Moreover, the Defendants have imposed prior restraints preventing the Plaintiff from participating publicly in the judicial discipline rulemaking process as otherwise mandated through Colo. Const. Art. VI, § 23(3)(k)(I).

5. Collaterally, Defendant Aubrey C. Sullivan has abused her official authority to prevent the Colorado Civil Rights Commission from hearing or considering the merits of Plaintiff's administrative claims for discrimination and unfair employment practices, specifically retaliation, under the Colorado Anti-Discrimination Act (CADA), Title 24, Art. 34, Pts. 3-8, C.R.S.  *See* § 24-34-402(1)(e), C.R.S. (prohibiting retaliation and other facilitation of discriminatory or unfair employment practices).

6. In addition to prohibitions against retaliation contained in § 24-31-1204(8), C.R.S., the individual Defendants have conspired, under the color of state law, to deprive the Plaintiff of federal constitutional and statutory rights, thus providing for a cause of action under 42 U.S.C. §§ 1983, 1985, and 1986.

7. Through this action, the Plaintiff seeks: 1) his immediate reinstatement as Executive Director of the CCJD; 2) injunctive and other equitable relief necessary to correct constitutionally and federally offensive deficiencies in Colorado's judicial selection, retention, and disciplinary structures; 3) compensatory damages and punitive damages, 4) two-times backpay with interest; and 5) reasonable attorneys' fees and costs pursuant to both 42 U.S.C. 1988 and § 24-31-1204(8)(d)(II)(C), C.R.S..

-4-

8. The allegations presented in this Complaint relate to circumstances that did, and continue to, undermine the public's confidence in the integrity of Colorado's Judiciary and Colorado's State Government. *See* Colo. RJD 1(b) (describing the CCJD's constitutional mandate and purpose of "maintain[ing] public confidence in the judiciary"); *see also* Colo. SB 22-201 § 1 (legislative declaration recognizing public confidence having been "significantly undermined" by the Masias Controversy as cause for legislative reforms).

### JURISDICTION AND VENUE

9. This action arises under 42 U.S.C. §§ 1983, 1985, and 1986 (the Civil Rights Act of 1871 / the Klu Klux Klan Act), § 24-31-1201, et seq., C.R.S. (the CFCA), and in equity. This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1331 (Federal Questions) and § 28 U.S.C. § 1651 (All Writs Act). This Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367(a). § 24-31-1204(d)(I), C.R.S. further recognizes the severability and independence of causes of action brought under § 24-31-1204(f), C.R.S., including any potential or related *qui tam* actions brought under § 24-31-104(3), C.R.S.  This Court also has jurisdiction and venue pursuant to 28 U.S.C. § 1391(b) and (c), because, at all times material and relevant, the Defendants' actions and conduct occurred in this District.

10. To the extent that the named Defendants are alleged to have liability for actions or omissions taken or made in their individual capacities, such actions or omissions have occurred outside the scope of any absolute or qualified privileges / immunities. *Forrester v. White*, 484 U.S. 219, 225 (1988) (absolute or qualified judicial immunities do not extend to administrative decisions, such as demoting an employee); *Samuel v. Holmes*, 138 F.3d 173, 178 (5th Cir. 1988) (judicial immunity does not extend to claims of retaliatory conduct by members of government board); *U.S. ex rel Citynet, LLC v. Gianato*, 962 F.3d

154, 159-60 (4th Cir. 2020) (qualified immunity does not apply to FCA claims in general). The objective wrongfulness and intentionality of the respective Defendants' conduct in depriving the Plaintiff of his constitutional, statutory, and administrative rights further meet the thresholds for overcoming any potential claims of qualified immunity. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982) (qualified immunity unavailable when public official performs discretionary functions in manner that violates "clearly established statutory or constitutional rights of which a reasonable person would have known"). Retaliation against the Plaintiff for his expressed intention to submit an anonymous, public, RFE probative of false claims, for attempting to perform his duty to enforce the CCJD's disqualification rules, for engaging in ethically mandated speech by pursing legitimate complaints of judicial misconduct, and for participating in the legislative/rulemaking process is a valid basis for Plaintiff's claims under 42 U.S.C. § 1983. *See Thomas v. City of Blanchard*, 548 F.3d 1317 (10th Cir. 2018) (threat of law enforcement report outside chain of command was constitutionally protected speech beyond exception to 42 U.S.C. § 1983 claims recognized through *Garcetti v. Ceballos*, 547 U.S. 401 (2006)).

11. Beyond the present case, the Plaintiff has brought related actions and proceedings, including a sealed case—Case No. 1:25-cv-00190 (D.Colo),[3] a judicial discipline complaint—Judicial Complaint No. 10-

---

[3] The following judicial officers have disqualified themselves from hearing Case No. 1:25-cv-00190: Chief Judge Phillip Brimmer, Magistrate Judge Cyrus Chung, Senior Judge William Martinez, Judge Regina Rodriguez, Magistrate Judge Kathyrn Starnella, and Judge Charlotte Sweeney.  Additionally, Plaintiff has moved for U.S. District Court Judge Daniel Domenico's disqualification from the case due to actual bias.  As this Court follows its process under D.C.COLO.LCivR 40.1(c), none of the already disqualified judicial officers nor Judge Domenico should be considered for assignment to this case.

25-90048 (10th Cir.), and a yet-to-be docketed attorney disciplinary complaint—(D. Colo. & 10th Cir.).[4] In some of these related proceedings, judicial officers and attorneys have collaterally conspired to deprive Plaintiff of his fundamental constitutional rights to freely report judicial/attorney misconduct and to be heard before an impartial federal court.   Plaintiff anticipates filing an additional judicial disciplinary complaint with the 10th Circuit Court of Appeals under 28 U.S.C. § 351, *et seq.*, to further address the deprivations of his fundamental right to be heard by that court.

<div align="center">PARTIES</div>

12. Plaintiff Christopher S.P. Gregory is a citizen of the United States and a resident of the State of Colorado. From January 3, 2022 until January 19, 2024, Plaintiff was the Executive Director of the CCJD.  From May 15, 2017 until June 30, 2021, Plaintiff served as an appointed member of the CCJD, internally elected as the CCJD's Vice-Chair and Chair during parts of his term.  The Plaintiff avers that he was wrongfully terminated from his position as Executive Director in retaliation for his duty-bound efforts to stop false claims and other substantial judicial and attorney misconduct violative of the Code. The Plaintiff brings this action based on his direct, independent, and personal knowledge as well as upon information and belief.

13. Defendant the Colorado Judicial Discipline Rulemaking Committee (the "CJDRC") is a constitutionally created committee affiliated with the Colorado Judicial Department, and charged with promulgating administrative / procedural rules to implement Colorado's constitutional structure for judicial discipline as provided through Colo. Const. Art. VI, § 23(3).  The CJDRC shares the CCJD's official address at 1300 Broadway St., Suite 210, Denver, CO 80203.  Plaintiff has named the CJDRC

---

[4] Plaintiff's attorney discipline complaints dually filed with this Court and the U.S. Court of Appeals for the 10th Circuit are attached to this Complaint with their accompanying exhibits (sub-Exhibits 1-8) and incorporated by reference.  Exhibit 1.

as a defendant for the limited purpose of obtaining injunctive relief, specifically to require that the CJDRC disband itself before being recomposed through a conflict-free appointment process and to enjoin rulemaking until the CJDRC is recomposed.

14. Defendant the Colorado Commission on Judicial Discipline (the "CCJD") is an independent commission affiliated with the Colorado Judicial Department, charged with oversight of the ethical conduct of Colorado state court judges, and authorized by Colo. Const. Art. VI, § 23(3). The CCJD's official address is 1300 Broadway St., Suite 210, Denver, CO 80203. Plaintiff's former employer, the CCJD is named as a defendant for the limited purpose of obtaining injunctive relief, specifically Plaintiff's reinstatement as the CCJD's Executive Director and the removal of Defendants Anne Mangiardi and Jeffrey Walsh from their official positions. Additionally, Plaintiff seeks the removal of the CCJD's appointments to the CJDRC: Ingrid Barrier, David Beller, Anne Mangiardi, and Jeffrey Walsh.

15. Defendant the Colorado Supreme Court has authority to appoint and to remove the judge members of the CCJD according to Colo. Const. Art. VI, § 23(3)(a)-(b). Moreover, the Colorado Supreme Court is the appointing authority for four members of the Colorado Judicial Discipline Advisory Board (the "CJDAB") and for at least four members of the CJDRC (which is also subject to indirect/redundant appointments through the CCJD and the CJDAB) under Colo. Const. Art. VI, § 23(3)(c.5)(I), (k)(I). The Colorado Supreme Court's official address is 2 East 14th Avenue, Denver, CO 80203. The Colorado Supreme Court is named as a defendant for the limited purpose of obtaining injunctive relief. Specifically, Plaintiff seeks the removal of Defendants Jill Brady, Sara Garrido, Meredith Patrick Cord, and Reed Owens from the CCJD. Additionally, Plaintiff seeks the removal of Eric Eliff, Grechen Larson, Crista Newmyer-Olsen, and Vincente Vigil from the Colorado Judicial Discipline Adjudicative

-8-

Board (the "CJDAB"). Finally, and in turn, Plaintiff seeks the removal of Nancy Cohen, Richard Gabriel, Bryon Large, James Hartmann, and Vincente Vigil from the CJDRC.

16. Defendant Mary "Mindy" Sooter is a citizen of the State of Colorado and a resident of the District of Colorado. At all relevant times, Mindy Sooter was an employee and an authorized agent of WilmerHale, LLP, an appointed member of the CCJD, and/or being considered for membership on the CCJD. Mindy Sooter is an attorney licensed to practice in Colorado state courts and the U.S. District Court for the District of Colorado with respective license numbers 35136 and 876717. Mindy Sooter is also admitted to practice before the U.S. Court of Appeals for the 10th Circuit.

17. Defendant Philip J. Weiser is a citizen of the State of Colorado and a resident of the District of Colorado. At all relevant times, Philip Weiser was employed by the Colorado Department of Law as the elected Colorado State Attorney General. To the extent that this Complaint seeks the removal of his subordinates/co-conspirators and/or limitations upon his appointment powers, Attorney General Weiser is named as a defendant in his official capacity. As to other actions and omissions occurring outside of the Colorado Attorney General's official capacity/performance of official functions and as described in this Complaint, Philip Weiser is named as a defendant in his individual capacity. Philip Weiser is an attorney licensed to practice before the Colorado state courts with registration number 38314. Philip Weiser is also admitted to practice before the United States Court of Appeals for the 10th Circuit.

18. Defendant Jared Polis is a citizen of the State of Colorado and a resident of the District of Colorado. At all relevant times, Jared Polis was employed by the State of Colorado as its elected Governor. According to Colo. Const. Art. VI, § 23(3)(a)-(b), the Governor has the authority to appoint and to remove the citizen and attorney members of the CCJD. Governor Polis also has appointment authority as to other judicial oversight entities, including members of the Colorado judicial performance

-9-

commissions, members of the Colorado judicial nominating commissions, and members of the
CJDAB.  Ultimately, Governor Polis is vested with the final authority to appoint all Colorado state court
judges.  With this authority, Governor Polis is named as a defendant in his official capacity for the
limited purpose of obtaining injunctive relief. Specifically, Plaintiff seeks the removal of Defendants
Ingrid Barrier, James Carpenter, Robert Gardner, Emily Netaval, Courtney Sutton, and Stefanie Trujillo
from the CCJD. Plaintiff further seeks the removal of appointees Jeff Chostner, Laura Ellis, Tyrone
Glover, Colleen McManamon, Kristen Mix, Jeff Swanty, Jeannie Valliere, and Leanne Wheeler, from
the CJDAB.  In turn, Plaintiff also seeks the removal of Defendants Ingrid Barrier, Amanda Hollander,
Colleen McManamon, and Jeff Swanty from the CJDRC.  Plaintiff, also seeks to enjoin further exercise
of Governor Polis's judicial appointment powers and appointment powers as to all judicial oversight
entities.  As to other actions and omissions occurring outside of the Governor's official
capacity/performance of official functions and as described in this Complaint, Jared Polis is named as a
defendant in his individual capacity.

19. Defendant Maria Berkenkotter is a citizen of the State of Colorado and a resident of the District of
Colorado. At all relevant times, Maria Berkenkotter was a Colorado Supreme Court Justice employed
by the Colorado Judicial Department.  Maria Berkenkotter is also an attorney licensed to practice before
the Colorado state courts and the U.S. District Court for the District of Colorado with registration
numbers 16781 and 765447, respectively.  The U.S. District Court for the District of Colorado,
however, has administratively removed Maria Berkenkotter from its list of active attorneys.  Maria
Berkenkotter is also admitted to practice before the U.S. Court of Appeals for the 10th Circuit.

20. Defendant Brian D. Boatright is a citizen of the State of Colorado and a resident of the District of
Colorado. At all relevant times, Brian D. Boatright was a Colorado Supreme Court Justice employed by

-10-

the Colorado Judicial Department. Brian Boatright is also an attorney licensed to practice before the Colorado state courts with registration number 17731.

21. Defendant Richard Gabriel is a citizen of the State of Colorado and a resident of the District of Colorado. At all relevant times, Richard Gabriel was a Colorado Supreme Court Justice employed by the Colorado Judicial Department. At relevant times, Richard Gabriel was also a self-appointed member of the CJDRC. Richard Gabriel is also an attorney licensed to practice before the Colorado state courts and the U.S. District Court for the District of Colorado with registration numbers 19769 and 765447, respectively. Richard Gabriel is also admitted to practice before the U.S. Court of Appeals for the 10th Circuit.

22. Defendant Melissa Hart is a citizen of the State of Colorado and a resident of the District of Colorado. At all relevant times, Melissa Hart was a Colorado Supreme Court Justice employed by the Colorado Judicial Department. Melissa Hart is also an attorney licensed to practice before the Colorado state courts and the U.S. District Court for the District of Colorado with registration numbers 34345 and 1980828, respectively. The U.S. District Court for the District of Colorado, however, has administratively removed Melissa Hart from its list of active attorneys. Melissa Hart is also admitted to practice before the U.S. Court of Appeals for the 10th Circuit.

23. Defendant William Hood, III is a citizen of the State of Colorado and a resident of the District of Colorado. At all relevant times, William Hood, III was a Colorado Supreme Court Justice employed by the Colorado Judicial Department. William Hood is also an attorney licensed to practice before the Colorado state courts and the U.S. District Court for the District of Colorado with registration numbers 19808 and 688626, respectively. The U.S. District Court for the District of Colorado, however, has

-11-

administratively removed William Hood from its list of active attorneys. William Hood is also admitted to practice before the U.S. Court of Appeals for the 10th Circuit.

24. Defendant Monica Márquez is a citizen of the State of Colorado and a resident of the District of Colorado. At all relevant times, Monica Márquez was a Colorado Supreme Court Justice employed by the Colorado Judicial Department. Prior to her appointment as a Colorado Supreme Court Justice, Monica Márquez oversaw the State Services Division for then-Colorado Attorney General Ken Salazar. Monica Márquez is also an attorney licensed to practice before the Colorado state courts and the U.S. District Court for the District of Colorado with registration numbers 28950 and 799305, respectively. The U.S. District Court for the District of Colorado, however, has administratively removed Monica Márquez from its list of active attorneys. Monica Márquez is also admitted to practice before the U.S. Court of Appeals for the 10th Circuit.

25. Defendant Carlos Samour is a citizen of the State of Colorado and a resident of the District of Colorado. At all relevant times, Carlos Samour was a Colorado Supreme Court Justice employed by the Colorado Judicial Department. Carlos Samour is also an attorney licensed to practice before the Colorado state courts and the U.S. District Court for the District of Colorado with registration numbers 19955 and 703570, respectively. The U.S. District Court for the District of Colorado, however, has administratively removed Carlos Samour from its list of active attorneys.

26. Defendant Ingrid Barrier is a citizen of the State of Colorado and a resident of the District of Colorado. At all relevant times, Ingrid Barrier was an appointed member of the CCJD or being considered for membership on the CCJD. At relevant times, Ingrid Barrier was an appointed member of the CJDRC. Ingrid Barrier is an attorney licensed to practice before the Colorado state courts and the U.S. District Court for the District of Colorado with registration numbers 32126 and 913644, respectively. The U.S.

-12-

District Court for the District of Colorado, however, has administratively removed Ingrid Barrier from its list of active attorneys. Ingrid Barrier is also admitted to practice before the U.S. Court of Appeals for the 10th Circuit.

27. Defendant David Beller is a citizen of the State of Colorado and a resident of the District of Colorado. At relevant times, David Beller was appointed to the Colorado Supreme Court's Advisory Committee on the Practice of Law and/or the CJDRC. While a member of the CJDRC, David Beller represented former 13th Judicial District Court Judge Justin B. Haenlein in judicial discipline proceedings before the CCJD and the CJDAB. David Beller is also an attorney licensed to practice before the Colorado state courts and the U.S. District Court for the District of Colorado with registration numbers 35767 and 916696. David Beller is also admitted to practice before the U.S. Court of Appeals for the 10th Circuit.

28. Defendant Jill Brady is a citizen of the State of Colorado and a resident of the District of Colorado. At all relevant times, Jill Brady was a 4th Judicial District Court Judge employed by the Colorado Judicial Department, an appointed member of the CCJD, or being considered for membership on the CCJD. Jill Brady is also an attorney licensed to practice before the Colorado state courts and the U.S. District Court for the District of Colorado with registration numbers 38662 and 584282, respectively. The U.S. District Court for the District of Colorado, however, has administratively removed Jill Brady from its list of active attorneys. Jill Brady is also admitted to practice before the U.S. Court of Appeals for the 10th Circuit.

29. Defendant Gina Cannan is a citizen of the State of Colorado and a resident of the District of Colorado. At all relevant times, Gina Cannan was employed by the Colorado Department of Law and assigned to serve as general counsel to the CCJD. Gina Cannan is an attorney licensed to practice in Colorado state courts and the U.S. District Court for the District of Colorado with license numbers 45071 and

2397867, respectively.  Gina Cannan is also admitted to practice before the U.S. Court of Appeals for the 10th Circuit.

30. Defendant James Carpenter is a citizen of the State of Colorado and a resident of the District of Colorado. At relevant times, James Carpenter was a principal, employee, or agent of Freestone Strategies, LLC, was an appointed member of the CCJD or being considered for membership on the CCJD, and/or an appointed member of the Colorado Supreme Court Nominating Commission.  At other relevant times since on or about May 30, 2024, James Carpenter was a member of the Colorado Judicial Institute's board of directors.  Previously, James Carpenter worked as the Campaign Manager for Defendant Ken Salazar's 2004 U.S. Senate campaign.  After Ken Salazar was elected, James Carpenter then worked as the State Director of Salazar's U.S. Senate Office from 2004 through 2006.

31. Defendant Nancy Lin Cohen is a citizen of the State of Colorado and a resident of the District of Colorado.  At relevant times, Nancy Cohen was appointed to the Colorado Supreme Court's Advisory Committee on the Practice of Law and/or the CJDRC.  Nancy Cohen previously represented former Denver Presiding Juvenile Court Judge David Brett Woods in judicial discipline proceedings before the CCJD and the Colorado Supreme Court.  Nancy Cohen is an attorney licensed to practice before the Colorado state courts and the U.S. District Court for the District of Colorado with registration numbers 11846 and 584911, respectively.  Nancy Cohen is also admitted to practice before the U.S. Court of Appeals for the 10th Circuit.

32. Defendant Robert S. Gardner is a citizen of the State of Colorado and a resident of the District of Colorado.  At relevant times, Robert Gardner was a Colorado State Senator, an appointed member of the CCJD, or being considered for membership on the CCJD.  Robert Gardner is also an attorney licensed to practice before the Colorado state courts and the U.S. District Court for the District of

Colorado with registration numbers 18064 and 597134, respectively.  Robert Gardner is also admitted to practice before the U.S. Court of Appeals for the 10th Circuit.

33. Defendant Sara Garrido is a citizen of the State of Colorado and a resident of the District of Colorado. At all relevant times, Sara Garrido was a Jefferson County Court Judge employed by the Colorado Judicial Department, an appointed member of the CCJD, or being considered for membership on the CCJD.  Sara Garrido is also an attorney licensed to practice before the Colorado state courts with attorney registration number 33320.

34. Defendant Kirsten Grooms is a citizen of the State of Colorado and a resident of the District of Colorado.  At all relevant times, Kirsten Grooms was employed by the Colorado Department of Law and assigned as general counsel to the CJDRC.  Kirsten Grooms is an attorney licensed to practice before the Colorado state courts with attorney registration number 54756.

35. Defendant James Hartmann is a citizen of the State of Colorado and a resident of the District of Colorado.  At relevant times James Hartmann contracted with the Colorado Judicial Department as a senior judge and/or was an appointed member of the CJDRC.  James Hartmann is an attorney licensed to practice before the Colorado state courts with registration number 19353.

36. Defendant Amanda Hollander is a citizen of the State of Colorado and a resident of the District of Colorado.  At all relevant times, Amanda Hollander was an appointed member of the CJDRC.

37. Defendant Alison Kyles is a citizen of the State of Colorado and a resident of the District of Colorado. At all relevant times, Alison Kyles was employed by the Colorado Department of Law and assigned to advise Defendants James Carpenter and Mindy Sooter.  Alison Kyles is an attorney licensed to practice before the Colorado state courts and the U.S. District Court for the District of Colorado with registration

-15-

numbers 21368 and 701663, respectively.  Alison Kyles is also admitted to practice before the U.S. Court of Appeals for the 10th Circuit.

38. Defendant Bryon Large is a citizen of the State of Colorado and a resident of the District of Colorado. At all relevant times, Bryon Large was employed by the Colorado Supreme Court as the Presiding Disciplinary Judge and/or appointed by the Colorado Supreme Court as a member of the CJDRC. Bryon Large is also an attorney licensed to practice before the Colorado state courts and the U.S. District Court for the District of Colorado with registration numbers 38574 and 915873, respectively. Bryon Large is also admitted to practice before the U.S. Court of Appeals for the 10th Circuit.

39. Defendant Anne Mangiardi is a citizen of the State of Colorado and a resident of the District of Colorado.  At all relevant times, Anne Mangiardi was either employed by the Colorado Department of Law as a Senior Assistant Attorney General or employed by the CCJD as its Executive Director.  At relevant times, Anne Mangiardi was also an appointed member of the CJDRC.  Anne Mangiardi is an attorney licensed to practice before the Colorado state courts and the United States District Court for the District of Colorado with registration numbers 44284 and 1916504, respectively.  Anne Mangiardi is also admitted to practice before the U.S. Court of Appeals for the 10th Circuit.

40. Defendant Bonnie McLean is a citizen of the State of Colorado and a resident of the District of Colorado. At all relevant times, Bonnie McLean was an 18th Judicial District Court Judge employed by the Colorado Judicial Department and/or an appointed member of the CCJD.  Bonnie McLean is also an attorney licensed to practice before the Colorado state courts with registration number 31349.

41. Defendant Colleen McManamon is a citizen of the State of Colorado and a resident of the District of Colorado.  At all relevant times, Colleen McManamon was an appointed member of the CJDAB and/or

the CJDRC.  Colleen McManamon is a Licensed Legal Paraprofessional with registration number 600085.

42. Defendant Kristen Mix is a citizen of the State of Colorado and a resident of the District of Colorado.  At all relevant times, Kristen Mix was an appointed member of the CJDAB and/or the CJDRC.  Kristen Mix is also an attorney licensed to practice before the Colorado state courts and the U.S. District Court for the District of Colorado with registration numbers 15171 and 706160, respectively.  Kristen Mix is also admitted to practice before the U.S. Court of Appeals for the 10th Circuit.

43. Defendant Reed Owens is a citizen of the State of Colorado and a resident of the District of Colorado.  At all relevant times, Reed Owens was a 5th Judicial District Court Judge employed by the Colorado Judicial Department and/or an appointed member of the CCJD.  Reed Owens is also an attorney licensed to practice before the Colorado state courts with registration number 40557.

44. Defendant Meredith Patrick Cord is a citizen of the State of Colorado and a resident of the District of Colorado.  At relevant times, Meredith Patrick Cord was an El Paso County Court Judge employed by the Colorado Judicial Department and/or an appointed member of the CCJD.  Meredith Patrick Cord is also an attorney licensed to practice before the Colorado state courts with registration number 33633.

45. Defendant Aubrey C. Sullivan is a citizen of the State of Colorado and a resident of the District of Colorado.  At relevant times, Aubrey Sullivan was employed as the Director of the Colorado Division of Civil Rights.  Aubrey Sullivan is also an attorney licensed to practice before the Colorado state courts with registration number 42341.

46. Defendant Courtney Sutton is a citizen of the State of Colorado and a resident of the District of Colorado.  At all relevant times, Courtney Sutton was an appointed member of the CCJD or being considered for membership on the CCJD.

-17-

47. Defendant Jeff Swanty is a citizen of the State of Colorado and a resident of the District of Colorado. At all relevant times, Jeff Swanty was an appointed member of the CJDAB and/or the CJDRC.

48. Defendant Emily Tofte Nestaval is a citizen of the State of Colorado and a resident of the District of Colorado. At all relevant times, Emily Tofte Nestaval was an appointed member of the CCJD or being considered for appointment to the CCJD.

49. Defendant Stefanie Trujillo is a citizen of the State of Colorado and a resident of the District of Colorado. At all relevant times, Stefanie Trujillo was an appointed member of the CCJD or being considered for appointment to the CCJD. From 2021-2023 Stefanie Trujillo was also a member of the Colorado Supreme Court's Outreach and Working Group Committee—Licensed Legal Paraprofessional Initiative.

50. Defendant MaryAnn "Mariana" Vielma is a citizen of the State of Colorado and a resident of the District of Colorado. At all relevant times, Mariana Vielma was an Adams County Court Judge employed by the Colorado Judicial Department, an appointed member of the CCJD, or being considered for membership on the CCJD. Mariana Vielma is also an attorney licensed to practice before the Colorado state courts and the U.S. District Court for the District of Colorado with registration numbers 38584 and 2201475, respectively. The U.S. District Court for the District of Colorado, however, has administratively removed Mariana Vielma from its list of active attorneys.

51. Defendant Vincente Vigil is a citizen of the State of Colorado and a resident of the District of Colorado. At all relevant times, Vincente Vigil was employed by the Colorado Judicial Department as a 19th Judicial District Court Judge, an appointed member of the CJDAB, and/or an appointed member of the CJDRC. Vincente Vigil is also an attorney licensed to practice before the Colorado state courts with registration number 40640.

-18-

52. Defendant Jeffrey M. Walsh is a citizen of the State of Colorado and a resident of the District of Colorado. At all relevant times, Jeffrey Walsh was employed by the CCJD as its Special Counsel and/or as its interim Executive Director. Jeffrey Walsh is an attorney licensed to practice before the Colorado state courts and the U.S. District Court for the District of Colorado with registration numbers 33762 and 1870778, respectively. The U.S. District Court for the District of Colorado, however, has administratively removed Jeffrey Walsh from its list of active attorneys. Jeffrey Walsh is also admitted to practice before the U.S. Court of Appeals for the 10th Circuit.

BACKGROUND

53. On July 15, 2018, SCAO Controller Myra Dukes discovered and internally reported evidence that SCAO Chief of Staff Mindy Masias had intentionally altered a receipt as part of a request for personal reimbursement. State Court Administrator Christopher Ryan immediately recognized Masias's suspected conduct as material to a continuous, recurring annual single statewide audit of the Judicial Department's internal controls conducted as a component for certification of the State of Colorado's Annual Comprehensive Financial Report (ACFR). Like other states and governments, Colorado is required to produce its ACFR as a condition of receiving federal funding and for its federally granted authority to issue bonds.

54. Following internal and external investigations, the Justices of the Colorado Supreme Court collectively decided to terminate Masias's employment. As part of the notice provided to Masias, State Court Administrator Ryan explained the materiality of Masias's financial misconduct to the OSA's single statewide audit and the ACFR. Rather than accept her termination or agree to the severance offer made by the Colorado Judicial Branch, Masias instead activated leave under the Family Medical Leave Act (FMLA).

-19-

55. In December 2018, Masias's colleague and successor as SCAO Human Resources Director, Eric Brown, began negotiating a multi-million-dollar, sole-source contract for Masias to provide leadership training services to the Judicial Department.  As part of these negotiations, Brown met with then-Chief Justice Nathan Coats, Counsel to the Chief Justice Andrew Rottman, and State Court Administrator Ryan to essentially present an ultimatum that Masias would release compromising information about the Department and the Justices if an agreement could not be reached.  Brown's talking points (including Masias's allegations of covered up judicial, attorney, and employee misconduct) were reduced to writing in a document later referred to as the Masias Memo.  SCAO Legal Counsel Terri Morrison was also contemporaneously aware of the Masias Memo and the meeting that occurred between Brown, Coats, Rottman, and Ryan.

56. Masias remained on FMLA leave until March 15, 2019, when she executed a separation agreement, effective March 19, 2019, that allowed her to keep her income from paid leave in exchange for a general release of claims and a non-disclosure agreement.  Masias executed her separation agreement with the expectation of a 5-year, $2.66-2.75 million sole-source contract to provide leadership training services.  To provide some perspective, under this contract Masias would have been paid approximately three-times the salaries of the individual Justices (i.e. $532,000 per year).

57. Before State Court Administrator Ryan signed the sole-source determination on March 25, 2019, Chief Justice Coats informed all the other Justices of Masias' resignation and her proposal for the leadership training program.

58. Through an April 4, 2019 email chain between Chief Justice Coats and Justice Melissa Hart about Masias applying to become the Utah State Court Administrator, Coats explained that Masias had signed an NDA and was negotiating the Masias Contract.

59. With Coats's approval, State Court Administrator Ryan then circulated the $2.66-2.75 million Masias Contract for its first execution on April 11, 2019.

60. On April 15, 2019, however, an anonymous complaint was submitted to the OSA's Fraud Hotline that alleged widespread occupational fraud within the SCAO, and specifically including additional financial misconduct by Masias. The anonymous Fraud Hotline complaint was personally sent to each of the Justices, to Attorney General Phil Weiser, and to Governor Jared Polis.

61. Upon receiving a letter from State Auditor Dianne Ray inquiring as to how the Judicial Department wished to proceed in response to the Fraud Hotline complaint, Chief Justice Coats confirmed that he had "look[ed] into th[e] allegations . . . in consultation with the Attorney General . . . and the Attorney General's Staff." In his response dated May 29, 2019, Chief Justice Coats did not inform the State Auditor that the $2.66-2.75 million sole-source Masias Contract had already been approved or that the Masias Contract would be executed a second time three business days later—June 3, 2019—and one business day after SCAO Controller Myra Dukes retired. Chief Justice Coats further knowingly concealed the existence of the Masias Memo and its significance in negotiations of the Masias Contract from the OSA.

62. In July 2019, the existence of the Masias Contract became public and the Justices accepted State Court Administrator Ryan's offer to resign. At the time, the Justices, through an official statement made by the Colorado Judicial Department, confirmed that they had jointly approved and made the decision to cancel the Masias Contract.

-21-

63. As part of his debriefing, Ryan met with 1st Assistant Attorney General LeeAnn Morrill and Assistant Solicitor General Grant Sullivan to discuss and turn over his copy of the Masias Memo.[5] At that time, SCAO Legal Counsel Terri Morrison also had access to a copy of the Masias Memo. In a July 19, 2019 email exchange with Andrew Rottman, Morrill acknowledged possession of the Masias Memo, its materiality to the OSA's Fraud Hotline investigation, and the need to preserve the document. Despite this email and later deposition testimony from Justice Melissa Hart confirming that the Justices were aware of the Masias Memo in 2019, the Masias Memo was intentionally withheld from the OSA (and from the CCJD) for more than eighteen months, until then-former State Court Administrator Ryan came forward and publicly revealed the document's existence. In the meantime, the OSA issued a December 2019 management letter as part of the ACFR audit and a November 18, 2020 SCAO Performance Audit Report that both recognized the breakdown of SCAO's internal controls and appearances of impropriety created by the Masias Contract.

64. In response to State Court Administrator Ryan's revelation of the Masias Memo's existence, the Justices and the other attorneys listed in this Complaint collaborated on damage control that included the Justices issuing separate public statements on February 4, 2021 and on February 8, 2021. The collaboration between the Justices, the attorneys listed in this Complaint, other public officials, and former U.S. Attorney for the District of Colorado John F. Walsh, III (who was then a partner at the national law firm WilmerHale) is documented through internal Judicial Department email chains created concurrently with the drafting of the public statements. The public statements, in turn, confirmed that the Justices and the other attorneys were fully informed by former Chief Justice Coats

---

[5] David Migoya, *Colorado Attorney General's Office Lawyers Knew About Judicial Misconduct Memo: Whether they could, should or did tell Attorney General, other authorities is unclear*, DENVER POST, February 22, 2021.

and were complicit in knowingly concealing material information from the OSA as it performed a federal function through its ACFR audit, its 2020 Performance Audit of SCAO, and its Fraud Hotline Investigation.   These circumstances have been further proven through Chief Justice Coats's admissions and judicial discipline.  *Matter of Coats*, 2023 CO 44, ¶¶ 4(9)-(14), (20)-(23), 6.  A separate, though only partially-disclosed, attorney regulation investigation of former Chief Justice Coats concluded with findings (upon clear and convincing evidence) that he had failed to report the misconduct of subordinate attorneys, as required by Colo. RPC 5.1 and 8.3.[6]

65.  The OSA finally issued its Fraud Hotline Investigation Report on February 4, 2022 with referrals for prosecution. The protracted delay of the Fraud Hotline investigation, interference, and obstruction caused state statutes of limitations to lapse.  The Justices, Andrew Rottman, Terri Morrison, Attorney General Phil Weiser, Chief Deputy Attorney General Natalie Hanlon-Leh, LeeAnn Morrill, and Grant Sullivan were all directly involved in this interference, obstruction, and forced delay.

66.  At various times, Plaintiff reported these circumstances to federal law enforcement (specifically Assistant U.S. Attorney Bryan Fields, the DOJ—Denver Office, the DOJ Public Integrity Section, and the FBI) and to the CCJD only to be deliberately ignored.  More recently, the Colorado State Commission on Judicial Performance, the Colorado Civil Rights Division, the Colorado Judicial Discipline Rulemaking Committee, the Colorado Supreme Court, the Colorado Judicial Discipline

---

[6] The Colorado Legal Regulation Committee's public statement dated January 20, 2023, states, in relevant part:

> "Based on the evidence provided by outside counsel, the Committee believes that there is clear and convincing evidence that the former Chief Justice violated the rules with respect to his duty to report what appeared to be improper conduct of other lawyers which contributed to the ongoing consideration of awarding the [Masias] contract."

Adjudicative Board, and the CCJD have intentionally ignored and/or suppressed the Plaintiff's submission of renewed complaints, public comments, and two separate requests for evaluation of judicial conduct. Moreover, there appears to be cultural resistance within the press, Colorado's political parties, and the Colorado General Assembly to holding the attorneys listed in this Complaint (particularly Attorney General Weiser) and others involved in the Colorado Judicial Scandal accountable.

67. As relevant to the claims pled in this Complaint, the Defendants have a long history of conspiring to suppress evidence of judicial, attorney, and official misconduct through patterns of publicly funded hush money (i.e. NDAs), self-controlled investigations, and self-serving public relations strategies. This obstruction and persistently-repeated violations of the FCA and the CFCA have included repeated retaliation against the Plaintiff for his duty-bound pursuit of discipline against the Justices and for his having reported misconduct within the CCJD.

68. The obstruction of Colorado's constitutionally defined judicial disciplinary structure has included the methodical, coordinated, and overt abuse of appointment powers by Governor Jared Polis, Attorney General Phil Weiser, the Justices of the Colorado Supreme Court, the members of the CJDAB, and the members / staff of the CCJD to stack the various judicial discipline oversight entities, including the CJDRC.

69. On October 20, 2024, the Plaintiff anonymously submitted a Fraud Hotline complaint to the OSA and a detailed RFE to the CCJD. *Exhibit 1, sub-Exhibits 1-3.* Even though the RFE specifically requested that the CCJD disqualify itself and allow an investigation through a conflict-free special commission and conflict-free staff, the CCJD instead summarily dismissed the RFE without any publicly expressed explanation of the grounds for dismissal.

-24-

70. As part of her testimony to the Colorado Senate Judiciary Committee on April 28, 2025, Defendant Mindy Sooter confirmed the CCJD's non-disqualification and summary dismissal of the October 20, 2024 anonymously filed RFE.

71. More recently, the Plaintiff sought to provide public comments as part of the CJDRC's required rulemaking process under Colo. Const. Art. VI, § 23(3)(k)(I).  Plaintiff did so by dually filing his public comments on proposed rule changes with an additional non-anonymous RFE.  Those submissions are included in *Exhibit 1, sub-Exhibits 4-7*.  Additionally, a 4th Supplement to the public comments and RFE with Plaintiff's scripted oral statements delivered at the CJDRC's October 3, 2025 public hearing are included in *Exhibit 2*.

72. As part of his 2nd Supplement (*Exhibit 1, sub-Exhibit 6*) and his 4th Supplement (*Exhibit 2*), Plaintiff expressly put the Defendants on notice that their attempts to impose prior restraints upon the rulemaking process and their refusal to accept or publish Plaintiff's public comments into the record violated the Plaintiff's federal constitutional rights to freedom of expression, to petition for redress of grievances, and to due process / equal protection.

73. Nevertheless, the Defendants have refused Plaintiff's repeated requests to disqualify themselves and to allow the various judicial selection, retention, and disciplinary processes to occur in a transparent and conflict-free manner.  The Defendants have also persisted in their refusal to accept/publish Plaintiff's comments and RFE into the CJDRC's public record.

74. The Defendants have also obstructed Plaintiff's fundamental right to be heard as to misconduct within the CCJD, including complicity in Plaintiff's retaliatory termination as the CCJD's Executive Director. The circumstances of Plaintiff's retaliatory termination are described in detail though the Statement of

-25-

Discrimination that he submitted to the Colorado Division of Civil Rights, included in *Exhibit 1, sub-Exhibit 7, Appendix 2.*

75. Initially, the Civil Rights Division summarily dismissed Plaintiff's complaint on jurisdictional grounds without identifying the public official responsible for the dismissal decision. More recently, Defendant Aubrey C. Sullivan issued a letter summarily denying Plaintiff's administrative appeal of the dismissal to the Colorado Civil Rights Commission. It is unclear what record, if any, Defendant Aubrey Sullivan provided to the Civil Rights Commission before communicating her declination to hear Plaintiff's appeal. Plaintiff's correspondence with the Civil Rights Division and Defendant Aubrey Sullivan is included in *Exhibit 3.*

76. Ultimately, and despite repeated requests to do so, all the individual Defendants have refused to disqualify themselves. Instead, the Defendants have continued to determinedly censor Plaintiff's compelled speech (i.e. the mandatory reporting of judicial, attorney, and official misconduct, including reasonably suspected false claims and other crimes), to facilitate retaliation against Plaintiff, and to obstruct Plaintiff's access to administrative and judicial remedies. In violation of both federal and Colorado law, the Defendants are protecting the Justices of the Colorado Supreme Court from *any* accountability for their probable criminal conduct and their substantial violations of the Code.

CLAIMS FOR RELIEF

CLAIM 1
INTERFERENCE WITH THE LEGISLATIVE, ADMINSTRATIVE, AND JUDICIAL DISCIPLINE
PROCESSES—42 U.S.C. § 1983

77. The allegations of the preceding paragraphs are realleged as if fully set forth below.

78. Plaintiff Christopher Gregory alleges that Defendants Mindy Sooter, Philip Weiser, Jared Polis, Maria Berkenkotter, Brian Boatright, Richard Gabriel, Melissa Hart, William Hood, III, Monica Márquez,

Carlos Samour, Ingrid Barrier, David Beller, Jill Brady, Gina Cannan, James Carpenter, Nancy Cohen,

Robert Gardner, Sara Garrido, Kirsten Grooms, James Hartmann, Amanda Hollander, Alison Kyles,

Bryon Large, Anne Mangiardi, Bonnie McLean, Colleen McManamon, Kristen Mix, Reed Owens,

Meredith Patrick Cord, Aubrey C. Sullivan, Courtney Sutton, Jeff Swanty, Emily Tofte Nestaval,

Stefanie Trujillo, Mariana Vielma, and Vincente Vigil acting either individually or in concert and under

color of state law, conspired to deprive Plaintiff of rights secured by the Constitution and laws of the

United States. These Defendants (individually and collectively) acting under color of state law,

deprived Plaintiff of rights, privileges, or immunities secured by the Constitution and laws of the United

States. Specifically, Defendants interfered with Plaintiff's fundamental right to be heard as well as his

federal (U.S. Const., amends. I, V, and XIV) and state (Colo. Const. Art. II, §§ 3, 6, 10, 24, and 25 and

Art. V, § 16) constitutional rights of access to the courts / administrative remedies / equality of justice,

fundamental fairness, free speech, free participation in legislative and rulemaking processes (including

the freedom to petition and non-interference with legislative privilege), due process, and equal

protection under the law. Moreover, the speech that has been suppressed interferes unlawfully with

Plaintiff's right and duty to freely and publicly report evidence of public fraud and official misconduct,

including but not limited to false claims subject to remedies through the FCA (31 U.S.C. §§ 3729 et.

seq.) and the CFCA. The Defendants have also intentionally stripped the Plaintiff of his right and

ability to freely report evidence of other tortious, criminal, and ethical misconduct. By refusing to

disqualify themselves, the Defendants have internally obstructed the various judicial oversight entities

that should receive and legitimately investigate such reports of tortious, criminal, and ethical

misconduct. The individual Defendants have violated Plaintiff's rights under federal law directly,

through ratification of such violations, and/or through a failure to train and supervise. *See*, e.g., *Parker*

-27-

*v. Blackwell*, 23 F.4th 517, 525 (5th Cir. 2022) (summarizing elements of a failure to train and supervise claim brought under 42 U.S.C. § 1983); *Matthews v. Columbia County*, 294 F.3d 1294, 1297-98 (11th Cir. 2002) (summarizing requirements for claim based upon ratification of unconstitutional actions).

79. Defendants the Colorado Judicial Discipline Rulemaking Committee, the Colorado Commission on Judicial Discipline, the Colorado Supreme Court, Governor Jared Polis, and Attorney General Philip Weiser are further named in their official capacities to facilitate injunctive relief and secondary liability for the attorney's fees and costs incurred in Plaintiff pressing this civil rights claim. 42 U.S.C. § 1988(b); *Missouri v. Jenkins by Agyei*, 491 U.S. 274, 280 (1989) (11th Amendment does not preclude award of attorney's fees and costs from a state to a plaintiff who successfully obtains injunctive relief under 42 U.S.C. §§ 1983 and 1988).

CLAIM 2
CONSPIRACY TO INTERFERE WITH CIVIL RIGHTS—42 U.S.C. § 1985(2), (3)

80. The allegations of the preceding paragraphs are realleged as if fully set forth below.

81. From about October 20, 2024 through the present, the Plaintiff was subjected to a conspiracy orchestrated by Defendants Mindy Sooter, Philip Weiser, Jared Polis, Maria Berkenkotter, Brian Boatright, Richard Gabriel, Melissa Hart, William Hood, III, Monica Márquez, Carlos Samour, Ingrid Barrier, David Beller, Jill Brady, Gina Cannan, James Carpenter, Nancy Cohen, Robert Gardner, Sara Garrido, Kirsten Grooms, James Hartmann, Amanda Hollander, Alison Kyles, Bryon Large, Anne Mangiardi, Bonnie McLean, Colleen McManamon, Kristen Mix, Reed Owens, Meredith Patrick Cord, Aubrey C. Sullivan, Courtney Sutton, Jeff Swanty, Emily Tofte Nestaval, Stefanie Trujillo, Mariana Vielma, and Vincente Vigil, which aimed to impede, hinder, obstruct, or defeat the due course of justice in the State of Colorado, with the intent to deny the Plaintiff the equal protection of the laws, to freely

-28-

participate in the legislative and administrative processes, or to injure the Plaintiff for lawfully enforcing, or attempting to enforce, the right of any person, or class of persons, to the equal protection of the laws.

82. The conspiracy was directed at the Plaintiff and others as individuals, and proof of the conspiracy does not require a showing of racial bias.

83. Alternatively and additionally, the Plaintiff alleges that Defendants conspired to deprive Plaintiff of equal protection of the laws or of equal privileges and immunities under the laws. This conspiracy was aimed at preventing Plaintiff from exercising his constitutional rights under both the U.S. and Colorado Constitutions, resulting in harm and injury to Plaintiff.

<div align="center">CLAIM 3<br>ACTION FOR NEGLECT TO PREVENT—42 U.S.C. § 1986</div>

84. The allegations of the preceding paragraphs are realleged as if fully set forth below.

85. From about October 20, 2024 continuing to the present, the Plaintiff was subjected to a conspiracy described in paragraph 81, which aimed to deprive the Plaintiff of his freedom of expression, his freedom to petition for grievances, his fundamental right to be heard, equal protection, and due process under both the U.S. and the Colorado Constitutions.

86. One or more valid claims under 42 U.S.C. § 1985(2), (3) is a prerequisite for a claim under 42 U.S.C. § 1986. Plaintiff has sufficiently alleged the existence of a conspiracy under 42 U.S.C. § 1985(2), (3) directed at the Plaintiff as an individual, and the Defendants' failures to prevent such conspiracy.

87. More specifically, even when expressly requested to do so, Defendants Mindy Sooter, Philip Weiser, Jared Polis, Maria Berkenkotter, Brian Boatright, Richard Gabriel, Melissa Hart, William Hood, III, Monica Márquez, Carlos Samour, Ingrid Barrier, David Beller, Jill Brady, Gina Cannan, James Carpenter, Nancy Cohen, Robert Gardner, Sara Garrido, Kirsten Grooms, James Hartmann, Amanda Hollander, Alison Kyles, Bryon Large, Anne Mangiardi, Bonnie McLean, Colleen McManamon,

<div align="center">-29-</div>

Kristen Mix, Reed Owens, Meredith Patrick Cord, Aubrey C. Sullivan, Courtney Sutton, Jeff Swanty,

Emily Tofte Nestaval, Stefanie Trujillo, Mariana Vielma, and Vincente Vigil refused to perform their

official functions, to disqualify themselves, to investigate, or to address judicial misconduct and

misconduct within the CCJD, the CJDAB, and the CJDRC.

88. The Defendants listed in paragraph 87 had knowledge of the conspiracy and had the power to prevent

or aid in preventing the commission of the wrongs conspired to be done.

89. Despite having the power to prevent the conspiracy, the Defendants specified in Paragraph 87 neglected

or refused to do so, thereby violating 42 U.S.C. § 1986.

<div align="center">

CLAIM 4
RETALIATION IN VIOLATION OF § 24-31-1204(8), C.R.S.—
THE COLORADO FALSE CLAIMS ACT

</div>

90. The allegations of the preceding paragraphs are realleged as if fully set forth below.

91. Plaintiff alleges that Defendants Mindy Sooter, Philip Weiser, Jared Polis, Maria Berkenkotter, Brian

Boatright, Richard Gabriel, Melissa Hart, William Hood, III, Monica Márquez, Carlos Samour, Ingrid

Barrier, David Beller, Jill Brady, Gina Cannan, James Carpenter, Nancy Cohen, Robert Gardner, Sara

Garrido, Kirsten Grooms, James Hartmann, Amanda Hollander, Alison Kyles, Bryon Large, Anne

Mangiardi, Bonnie McLean, Colleen McManamon, Kristen Mix, Reed Owens, Meredith Patrick Cord,

Aubrey C. Sullivan, Courtney Sutton, Jeff Swanty, Emily Tofte Nestaval, Stefanie Trujillo, Mariana

Vielma, and Vincente Vigil retaliated against Plaintiff for lawful acts done in furtherance of a potential

cause of action and/or stopping what Plaintiff reasonably believes to be false claims / violations under

the Colorado False Claims Act. § 24-31-1204 (8)(b), C.R.S.  This retaliation included Plaintiff's non-

reappointment to the CCJD, wrongful termination, harassment, intimidation, obstruction of justice,

creation of a hostile work environment, blackballing, defamation, and other adverse employment

<div align="center">-30-</div>

actions.  Moreover, continuing retaliation includes the Defendants' individual and collective refusals to disqualify themselves from considering Plaintiff's repeated complaints of judicial misconduct and misconduct within the CCJD, the CJDAB, and the CJDRC.  Similarly, Defendant Aubrey Sullivan has obstructed Plaintiff's access to allow the Colorado Civil Rights Commission to consider the merits of a collateral complaint brought under the Colorado Anti-Discrimination Act.  The conflicted consideration and intentional disregard of Plaintiff's complaints has, and continues to, deprive the Plaintiff of his fundamental constitutional rights to be heard through fair and impartial tribunals (both administrative and judicial).  *See* § 24-31-1204(8)(b), C.R.S. (defining what constitutes retaliation in broad terms that include retaliation and discrimination in the conditions of an individual's profession).

<div align="center">

CLAIM 5
WRITS OF MANDAMUS AND PROHIBITION
</div>

92. The allegations of the preceding paragraphs are realleged as if fully set forth below.

93. Additionally, and alternatively, Plaintiff is entitled to Writs of Mandamus and Prohibition necessary to restore the integrity of Colorado's constitutional systems of judicial selection, retention, and discipline. The writs would issue to Defendants the Colorado Judicial Discipline Rulemaking Committee, the Colorado Commission on Judicial Discipline, Colorado Attorney General Philip Wesier (in his official capacity), and Colorado Governor Jared Polis (in his official capacity).  Such relief includes Writs of Mandamus requiring the removal of conflicted officials with further requirement that the respective offices, boards, commissions, and committees are recomposed through conflict-free processes.  Writs of Prohibition are necessary to prevent further conflicted rulemaking by the CJDRC and to prevent Governor Jared Polis from making additional conflicted judicial appointments.

94. Writs of Mandamus and Prohibition are appropriate because no other specific legal remedy exists while justice and public policy demand action to preserve peace, order, and good governance.  *See Marbury v.*

<div align="center">

-31-
</div>

*Madison*, 5 U.S. 137, 168-169 (1803) (describing common law requirements for writ of mandamus

including threshold that no adequate legal remedy otherwise exists).

<div align="center">

CLAIM 6
EQUITABLE RELIEF FOR STATUTORY AND CONSTITUTIONAL VIOLATIONS

</div>

95. The allegations of the preceding paragraphs are realleged as if fully set forth below.

96. Under this court's traditional equitable jurisdiction, Plaintiff is entitled to equitable relief to prevent and

restrain ongoing violations of administrative, statutory, and constitutional law (both state and federal) by

the Defendants (in either their individual or official capacities).  This jurisdiction exists independently

from enforcement of the U.S. Constitution's Supremacy Clause.  Because such an action seeks simply

to halt or prevent a violation of federal or state law rather than the award of money damages, it does not

ask the court to imply a new cause of action.  It is "long recognized" that a federal court may enjoin state

actions / prospective actions, laws, and regulations that conflict with federal laws, privileges, and

immunities.  *Armstrong v. Exceptional Child Ctr., Inc.*, 575 U.S. 320, 326 (2015); *see also Ex Parte*

*Young*, 209 U.S. 123, 150-151 (1908) (distinguishing judicial authority to enjoin the actions of

individual state officials from violating federal law as non-violative of the 11th Amendment).  "The

ability to sue to enjoin unconstitutional actions by state and federal officers is the creation of courts of

equity, and reflects a long history of judicial review of illegal executive action, tracing back to England."

*Armstrong* at 327.

<div align="center">

CLAIM 7
EQUITABLE REIMBURSEMENT OF THE STATE OF COLORADO'S REASONABLE
ATTORNEY'S FEES AND COSTS FOR STATE-FUNDED REPRESENTATION
OF INDIVIDUAL DEFENDANTS

</div>

97. The allegations of the preceding paragraphs are realleged as if fully set forth below.

<div align="center">-32-</div>

98. The Colorado Supreme Court has established that unjust enrichment occurs when a party retains a

benefit under circumstances that make it inequitable for it to retain the benefit without paying for it.

*Martinez v. Colo. Dep't of Human Servs.*, 97 P.3d 152, 159 (Colo. 2003); *Spencer Invs. v. Bohn*, 923

P.2d 140, 144 (Colo. 1995).

99. Plaintiff seeks the disgorgement and reimbursement to the State of Colorado of reasonable attorney's

fees and costs incurred through the state-funded representation (whether through insurance or

otherwise) of any of the individual Defendants ultimately found individually liable for any of the claims

at law averred in this Complaint.

PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff respectfully requests this Court to enter judgment against

the Defendants, as follows:

1. That the Court grant permanent injunctive relief to prevent any recurrence of violations of

42 U.S.C. §§ 1983, 1985, and 1986, the Colorado False Claims Act, and other laws for which redress is

sought in this Complaint;

2. That this Court issue a Writ of Prohibition invalidating all interim rules or rule changes adopted by

the Colorado Judicial Discipline Rulemaking Committee and enjoining further rulemaking until a conflict-

free Committee can be re-composed;

3. That this Court issue a Writ of Mandamus requiring the Colorado Commission on Judicial

Discipline to reinstate Plaintiff as its Executive Director with authority for Plaintiff to, then, directly form a

special commission as contemplated by Colo. Const. Art. VI, § 3(b) and Colo. RJD 3(c). The special

commission shall be authorized to hear and continue to hear all cases pending or opened before a

replacement Commission can be formed through conflict-free processes;

4.      That this Court issue a further Writ of Mandamus requiring the Colorado Commission on Judicial Discipline to remove its current Executive Director, Anne Mangiardi, and its current Special Counsel, Jeffrey M. Walsh, from their official positions for cause;

5.      That this Court issue a Writ of Mandamus requiring the Colorado Supreme Court to remove all its appointees to the Colorado Commission on Judicial Discipline, the Colorado Judicial Discipline Adjudicative Board, the Colorado Judicial Discipline Rulemaking Committee (including indirect appointments from the CJDAB), the Colorado Judicial Performance Commissions, and the Colorado Judicial Nominating Commissions.  The various boards, commissions, and committees should then be re-composed through a conflict-free process such as random selection from eligible pools;

6.      That this Court issue a Writ of Mandamus requiring Governor Jared Polis to remove all his appointees to the Colorado Commission on Judicial Discipline, the Colorado Judicial Discipline Adjudicative Board, the Colorado Judicial Discipline Rulemaking Committee (including indirect appointments from the CJDAB), the Colorado Judicial Performance Commissions, and the Colorado Judicial Nominating Commissions.  The various boards, commissions, and committees should then be re-composed through a conflict-free process such as random selection from eligible pools;

7.      That this Court issue a Writ of Prohibition and Mandamus prohibiting Governor Jared Polis from making further judicial appointments and, to instead, require that such appointments occur through a conflict-free designee;

8.      That this Court issue a Writ of Mandamus requiring the Colorado Attorney General Philip Weiser to remove all his appointees to the Colorado Judicial Nominating Commissions. The various boards, commissions, and committees should then be re-composed through a conflict-free process such as random selection from eligible pools;

-34-

9.      For Claims 1-3, that this Court award compensatory and punitive damages to Plaintiff for the involved Defendants' harassment, retaliation, infringement of constitutional rights, violation of statutory protections, and actions resulting in Plaintiff being unlawfully excluded from the judicial discipline rulemaking and judicial disciplinary processes (including the CCJD's internal mechanisms for complaints against members and staff);

10.     As provided under § 24-31-1204(8)(d)(II), C.R.S., that Plaintiff be granted all relief necessary to make him whole, including but not limited to reinstatement, two times his backpay with interest, his attorney's fees and costs, and other compensatory or special damages sustained as a result of the involved Defendants' harassment and retaliation;

11.     That pre- and post-judgment interest be awarded, along with reasonable attorneys' fees, costs, and expenses which the Relator necessarily incurred in bringing and in pressing this case. § 24-31-1204(8)(d)(II)(C), C.R.S.; *see also* 42 U.S.C. § 1988(b) (authorizing award of attorney's fees and costs to prevailing plaintiff who brought action under 42 U.S.C. §§ 1983, 1985, 1986, etc.);

12.     To the extent that the State of Colorado provides legal representation to or advances costs (through insurance or otherwise) on behalf of any Defendants found to be individually liable, that this Court exercise its equitable powers to order restitution of reasonable attorney's fees and costs reimbursed to the State of Colorado;

13.     As indicated in this complaint, the judge/attorney Defendants admitted to practice before this Court (regardless of administrative removal from this Court's list of active attorneys due to non-payment of biennial fees) are subject to disciplinary oversight through this Court and/or the U.S. Court of Appeals for the 10th Circuit.  Upon proven facts establishing grounds to suspect

violations of the Colorado Rules of Professional Conduct[7] (which this Court has adopted as its

Standards of Professional Conduct), that this Court refer those judge/attorney Defendants for

discipline according to D.C.Colo.LAttyR 1(c), 2, 3(b), 6, 7; and

---

[7] Colo. RPC 1.7 provides, in relevant part:

> **(a)** . . . [A] a lawyer shall not represent a client if . . . :
>
> ∗ ∗ ∗
>
> (2) there is a significant risk that the representation of one or more clients will be materially limited . . . by a personal interest of the lawyer.

Colo. RPC 8.3 provides, in relevant parts:

> **(a)** A lawyer who knows that another lawyer has committed a violation of the Rules of Professional Conduct or that an LLP has committed a violation of the LLP Rules of Professional Conduct that raises a substantial question as to that lawyer's or LLP's honesty, trustworthiness or fitness as a lawyer or LLP in other respects, shall inform the appropriate professional authority.
>
> **(b)** A lawyer who knows that a judge has committed a violation of applicable rules of judicial conduct that raises a substantial question as to the judge's fitness for office shall inform the appropriate authority.

Colo. RPC 8.4 provides, in relevant parts:

> It is professional misconduct for a lawyer to:
>
> (a-1) violate or attempt to violate the Rules of Professional Conduct, knowingly assist or induce another to do so, or do so through the acts of another;
>
> **(b)** commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects;
>
> **(c)** engage in conduct involving dishonesty, fraud, deceit or misrepresentation[;]

-36-

14.    That this Court award all such other and further relief in law and/or in equity as it deems

proper.

<div align="center">DEMAND FOR JURY TRIAL</div>

Plaintiff demands a jury trial on all the legal claims alleged herein.

Dated: October 23, 2025

/s/ Ingrid J. DeFranco
**Ingrid J. DeFranco, esq.**
Law Office of Ingrid J. DeFranco
P.O. Box 128
Brighton, CO 80601
Telephone: (303) 641-6812
Email:  Ingrid.DeFranco@gmail.com
Attorney for Plaintiff Christopher S.P. Gregory

/s/ Christopher S.P. Gregory
**Christopher S.P. Gregory, Esq.**
The Gregory Law Firm, LLC
201 Coffman St., #1822
Longmont, CO 80502
Telephone: (970) 648-0642
E-mail: cspgregory@thegregorylawfirm.net
*Pro Se* Attorney for Plaintiff
Christopher S.P. Gregory

---

(**d**) engage in conduct that is prejudicial to the administration of justice;

<div align="center">* * *</div>

(**f**) knowingly assist a judge or judicial officer in conduct that is a violation of applicable rules of judicial conduct or other law; [or]

<div align="center">* * *</div>

(**h**) engage in any conduct that directly, intentionally, and wrongfully harms others and that adversely reflects on a lawyer's fitness to practice law[.]

<div align="center">-37-</div>

## VERIFICATION

I hereby verify that the averments contained in this Verified Complaint are true and correct to the best of my knowledge, information, belief, and ability to determine.  I understand that each averment made herein is made subject to the penalties of perjury of the laws of the United States of America.

Executed at Boulder County, Colorado, this __23rd__ day of October, 2025

_____

**Christopher S. P. Gregory**



# The Gregory Law Firm, LLC

Christopher S.P. Gregory
Attorney at Law

cspgregory@thegregorylawfirm.net

January 19, 2026

Colorado Legislative Joint Judiciary Committee
Colorado State Capitol
200 E. Colfax Ave.
Denver, CO 80203

Dear Joint Judiciary Committee Members:

I am a former member, Vice-Chair, Chair, and Executive Director of the Colorado Commission on Judicial Discipline (the CCJD).  Because of my steadfast efforts to stop what amounts to a more than 25-year pattern of the Justices of the Colorado Supreme Court using taxpayer funds as hush money (i.e. non-disclosure agreements (NDAs)), for self-serving "independent" investigations, and for public relations schemes, I was retaliated against and fired.

The Justices' pattern of intimidation, retaliation, and creating an enforced culture of silence has been facilitated by others, including Colorado Attorney General Phil Weiser and Colorado Attorney Regulation Counsel Jessica Yates.  The long and tortured history of the Colorado Judicial Scandal has included ARC Yates allowing the criminal prosecution of this Committee's former Chair Senator Pete Lee based upon admittedly and objectively false evidence fabricated by Yates's Office.  The intimidation of Senator Lee transgressed this body's legislative privilege while this body provided no meaningful response to protect Senator Lee or the integrity of the legislative process.  ARC Yates then proceeded to threaten the CCJD's judge and attorney members and me (as Executive Director) with a disciplinary letter sent on February 6, 2023.  The disciplinary letter specifically sought to intimidate the CCJD from continuing its intrepid efforts to reform Colorado's judicial discipline structure.  Again, this body (and the Colorado Supreme Court to whom she reports) did nothing to hold ARC Yates accountable for her official misconduct and intimidation of legislative witnesses.  Indeed, the Justices of the Colorado Supreme Court and the members of the Colorado Supreme Court Committees that oversee the Office of Attorney Regulation Counsel (OARC) have seemingly endorsed ARC Jessica Yates's unlawful intimidation of legislators and legislative witnesses.

This year's SMART Act hearings for the Colorado Department of Law, the Colorado Judicial Department, and the Colorado Commission on Judicial Discipline are happening at an extraordinary moment in Colorado history when former Chief Justice Nathan B. Coats has been disciplined for his part in the Justices of the Colorado Supreme Court having collectively agreed to a $2.66-$2.75 million publicly funded bribe being paid to then-State Court Administrator's Office (SCAO) Chief of Staff Mindy Masias, who was being fired at the time for financial misconduct and later-confirmed examples of occupational fraud.  *Matter of Coats*, 2023 CO 44.  More recently, another sitting Justice, Melissa Hart, resigned amidst the clouds of the Masias Controversy as well as Justice Hart's own unreported judicial misconduct.  The Colorado

**EXHIBIT**

**3**

201 Coffman St., #1822, Longmont, CO 80502
● 970-648-0642 ● Fax: 970-648-0643 ●

Christopher S.P. Gregory, esq.
January 19, 2026
Page 2 of 3

Judicial Department's top lawyer, SCAO Judicial Counsel Terri Morrison, has also resigned in response to the Masias Controversy.  There is now a vacancy on the Colorado Supreme Court to be filled through an opaque and conflicted judicial selection process.  Problems with Colorado's systems of judicial selection, retention, and discipline persist despite the adoption of Amendment H by 73% of Colorado voters in 2024 and accompanying reforms approved by a nearly unanimous Legislature.

I believe it is critical for the General Assembly to be aware of the context, including the pending lawsuit which I have filed in U.S. District Court.  *Gregory v. Colo. Jud. Discipline Rulemaking Comm.*, 1:25-cv-03361-DDD (D. Colo.).  Among other things, the lawsuit seeks to enjoin the appointment of Justice Hart's successor until a conflict-free nominating commission and conflict-free proxy for the Governor can be appointed.  None of the relief requested in the lawsuit threatens adverse fiscal impacts to the State, rather the lawsuit seeks to stop tens of millions of dollars of ongoing public fraud.  I have requested and filed an affidavit under 28 U.S.C. § 144 requiring the mandatory and automatic disqualification of the federal District Court Judge assigned to the case, former Colorado Solicitor General Daniel D. Domenico, because of his manifest personal bias and prejudice against me and in favor of one or more Defendants.

I have attached the relevant court filings in *Gregory* for your review and inclusion in the legislative record.  The federal attorney discipline complaint, Exhibit 1 (ECF No. 1-1) to the Complaint in *Gregory*, is the most important document for you to understand the significance of the judicial misconduct involved as well as the reasons behind Justice Melissa Hart's leave and ultimate resignation from the Colorado Supreme Court as well as SCAO Judicial Counsel Terri Morrison's resignation.

It also deserves emphasis that the General Assembly's constitutional impeachment authority exists separately and independently from Colorado's constitutional judicial discipline structure.  *Compare* Colo. Const. Art. VI, § 23(3)(i) *and* Colo. Const. Art. XIII.

The last time I appeared before the Senate Judiciary Committee, I testified in opposition to then-Chair Mindy Sooter's and then-Vice-Chair Jim Carpenter's reappointment to the CCJD.  As part of my testimony, I also called upon the General Assembly to pass a joint resolution requesting the referral of the Colorado Judicial Scandal to federal law enforcement for a conflict-free investigation.  A majority of this Committee's members took my concerns seriously and forwarded the Governor's reappointments of Sooter and Carpenter to the full Senate with unfavorable recommendations.  On the last day of last year's session, the full Senate voted 16-19 against Sooter's confirmation and 19-16 in favor of Carpenter's confirmation.  Those Senators voting in favor of Carpenter's confirmation were:

- Amabile
- Baisley
- Ball
- Bridges

Christopher S.P. Gregory, esq.
January 19, 2026
Page 3 of 4

- Catlin (while voting against Sooter's confirmation)
- Coleman
- Cutter
- Danielson (while voting against Sooter's confirmation)
- Hinrichesen
- Jodeh
- Kipp
- Kolker
- Marchman (while voting against Sooter's confirmation)
- Michaelson Jenet
- Roberts
- Rodriguez
- Simpson
- Snyder
- Weissman

It remains unclear why these Senators did not recognize the need for accountability within the CCJD (including categorical intolerance for the institutionalized culture of intimidation, harassment, discrimination, and retaliation that exists within the broader Colorado Judicial Department) as well as the need to finally have a full, legitimate, and unobstructed investigation of the Colorado Judicial Scandal.

This year's SMART Act hearings provide a renewed opportunity to address the pervasive lack of integrity and accountability within Colorado's Judicial Branch.  I, again, renew my requests for the General Assembly to adopt a joint resolution referring the Colorado Judicial Scandal to conflict-free law federal law enforcement and, under §§ 24-31-111(5) and 24-31-1204(2), C.R.S., to direct Colorado State Auditor Kerri Hunter to exercise her discretion to appoint another state's attorney general as a Special Assistant Attorney General (SAAG) to investigate the involved allegations of public fraud and false claims.  Importantly, according to § 24-31-111(5), C.R.S., this Legislature has already appropriated the funds necessary for a legitimate investigation of the Colorado Judicial Scandal through the Department of Law's budget, inclusive of the $4 million of funding appropriated through HB 25-1321 (Support Against Adverse Federal Action).  Moreover, the introduction of a joint resolution does not affect any legislator's bill limit for this legislative session.  *Compare* Colo. House R. 26(g) *and* Colo. Senate R. 30(f)(1)(A) (both Rules distinguishing presumptive bill limit from presumptive resolution limit; requiring submission of joint resolutions at least 30-days prior to sine die). § 24-31-111(5), C.R.S. provides:

> (5) Whenever the attorney general is unable, has failed, or refuses to provide legal services to a state agency, as determined by the governor if the agency is in the executive branch, or by the chief justice if the agency is in the judicial branch, or by the state auditor if the agency is the office of the state auditor, the agency may employ counsel of its choosing to provide such legal services. *Any*

Christopher S.P. Gregory, esq.
January 19, 2026
Page 4 of 5

> *expense incurred due to the employment of counsel pursuant to*
> *this subsection (5) is a lawful charge against appropriations for*
> *this purpose made by the general assembly to the department of*
> *law.*  (Emphasis added).

I have enclosed proposed language for a joint resolution to refer the issues involved in the
Colorado Judicial Scandal, including suspected public fraud and false claims, to conflict-free
federal law enforcement in conjunction with the State Auditor's appointment of another state's
attorney general as a SAAG.  Ideally, another state with similar demographics, geography, and
an equivalent state false claims act (such as Oregon) will be willing to accept the SAAG
appointment.  The enclosed draft joint resolution further contemplates the creation of a joint
legislative investigating committee to effectuate the referral to conflict-free federal law
enforcement and the appointment of another state's attorney general as a SAAG.

Ultimately, however, there is no excuse or rational justification for this Committee and this
General Assembly not to approve the requested joint resolution and finally allow a full and
legitimate investigation of the endemic public corruption found within the Colorado Judiciary
and within Colorado State Government, more broadly.

With this background, I urge this Committee to raise the attached questions at the respective
SMART Act Hearings and to address my request for a joint resolution on the record.

Sincerely,

Christopher S.P. Gregory, esq.
Enclosures (23)

**Requested Questions**

Colorado Department of Law—1/20/26 Hearing

Attorney General Phil Weiser:

- What was your role and the roles of attorneys subject to your supervision in the negotiation, approval, and payment of publicly funded non-disclosure agreements as reported by *The Denver Gazette* on November 13, 2022?  David Migoya, *Non-Disclosures Under Fire*, DENVER GAZETTE, November 13, 2022.
- When did you first become aware that the Justices of the Colorado Supreme Court were contemplating and negotiating the $2.66-$2.75 million contract with then-State Court Administrator's Office Chief of Staff Mindy Masias?  Which other attorneys within the Colorado Department of Law subject to your supervision were aware of the contemplation and negotiation of the Masias Contract?  When were they aware of it?
- When did you and attorneys subject to your supervision first become aware of the existence of the Masias Memo?  Who knew about the existence of the Masias Memo and when did they know?
- The Attorney General's Office provided the investigation and litigation support for the Office of the State Auditor's 2019-2022 Fraud Hotline investigation.  The existence of the Masias Memo was concealed from both the Colorado State Auditor and the Colorado Commission on Judicial Discipline from December 2018 until February 2021.  Who was responsible for concealing this material information?
- Similarly, with the Attorney General's Office providing investigation support, why wasn't evidence of occupational fraud immediately communicated to the 2nd Judicial District Attorney's Office as part of the Fraud Hotline investigation?   Because of the non-reporting, the statute of limitations ultimately expired preventing a state-level prosecution of those individuals suspected of committing occupational fraud by the OSA.  Why did you allow this to happen?
- There has been a call for the Colorado State Auditor to directly appoint another state's attorney general as a Special Assistant Attorney General under § 24-31-111(5), C.R.S. to complete a conflict-free investigation of the Masias Controversy.  Why aren't you joining this request?
- Do you admit or deny the allegations of attorney misconduct against you stated in former Colorado Commission on Judicial Discipline Christopher Gregory's complaint submitted to the U.S. District Court's Committee on Conduct (1:25-cv-03361-DDD, ECF 1-1)?  What specific allegations do you dispute?
- You have assigned attorneys from your Office to defend against *Gregory v. Colo. Jud. Discipline Rulemaking Comm.*, 1:25-cv-03361-DDD (D. Colo.), including claims brought against you individually.  How is this not a conflict of interest and a misappropriation of state resources for your personal benefit?  Do you agree that you and any attorneys who represent you have an ethical obligation to stipulate to the disqualification of a judge where there is evidence that the judge has a personal bias or prejudice?

- If you know of attorneys or other employees subject to your supervision engaging in retaliation, what are your obligations?  What is the appropriate consequence under the Department of Law's personnel rules?
- If your Office or a private sector law firm is used to defend against violations of the Colorado Whistleblower Protection Act and/or the Colorado False Claims Act's retaliation provisions, shouldn't the individuals responsible for any ultimately proven retaliation be responsible for the value/cost of the defense?
- Have you or your Office investigated whether the use of "outside" or "independent" investigations as a means of political damage control and obstruction of ordinary law enforcement and regulatory processes is a fraudulent or unlawful use of taxpayer funds?  Examples of such investigations include the ILG and RCT investigations that occurred as part of the Masias Controversy as well as Secretary of State Jena Griswold commissioning an investigation of the disclosure of voting machine passwords and her Office's response during the 2024 election.  How are these self-controlled investigations distinguishable from the definition of occupational fraud under the Fraud Hotline Statute, § 2-3-110.5(1)(d), C.R.S.?
- How do you justify the ethics and legality of your Office and attorneys subject to your control defending against the civil claims and allegations of your own personal criminal conduct raised through *Gregory v. Colo. Jud. Discipline Rulemaking Comm.*, 1:25-cv-03361-DDD (D. Colo.)?

Colorado Judicial Department—1/21/26 Hearing

Chief Justice Monica Márquez and State Court Administrator Steven Vasconcellos:

- Márquez: Do you admit or deny the allegations of judicial and attorney misconduct against you stated in Christopher Gregory's complaint submitted to the U.S. District Court's Committee on Conduct (1:25-cv-03361-DDD, ECF 1-1)?  What specific allegations do you dispute?
- Márquez: When did the Justices of the Colorado Supreme Court first decide to offer/consider providing former SCAO Chief of Staff Mindy Masias a contract to provide leadership training to the Colorado Judicial Department?  When was this decision communicated to the Colorado Office of the State Auditor?
- (Both Márquez and Vasconcellos individually):  When did you first become aware of the existence of the Masias Memo?  When did the other Justices and other persons in SCAO become aware of the existence of the Masias Memo?  Did you direct anyone to provide copies of the Masias Memo to the OSA and/or the Colorado Commission on Judicial Discipline?  You admit that the existence of and a copy of the Masias Memo was withheld and not disclosed to the OSA and/or the CCJD from December 2018 until February 2021?
- (Both Márquez and Vasconcellos individually): Who was responsible for the delay in reporting evidence of occupational fraud to the 2nd Judicial District Attorney's Office?  When the OSA drafted its Fraud Hotline Report (ultimately published on February 4, 2022), who was responsible for redacting the report and other delays in it being provided to the 2nd Judicial District Attorney's Office?

- Márquez: Why were the Justices' roles in the Masias Controversy not considered by the State Commission of Judicial Performance when you, Justice Brian Boatright, and Justice Maria Berkenkotter were subject to retention elections in 2024?  Judiciary Committee member Senator Lindsey Daugherty is a member of the State Commission.  Why didn't you, Justice Boatright, or Justice Berkenkotter voluntarily raise the issues involved with the State Commission during your retention cycles?

- Márquez:  Attorney Regulation Counsel Jessica Yates abused her official authority by allowing the criminal prosecution of then-Senate Judiciary Chair Pete Lee to move forward through objectively and admittedly false information provided by Yates's Office.  As further intimidation and obstruction of legislative reforms, Yates sent a February 6, 2023 disciplinary letter to the judge and attorney members and the Executive Director of the Colorado Commission on Judicial Discipline threatening them with disciplinary action for their testimony and future testimony before this Legislature.  You and your colleagues on the Colorado Supreme Court supervise Jessica Yates and she reports to you.  You were aware of her official misconduct and violation of Senator Lee's legislative privilege but did nothing.  Why not?

- (Both Márquez and Vasconcellos individually):  Did Justice Melissa Hart self-initiate judicial disability proceedings when she went on personal leave October 28, 2025?  Who approved the leave and did that person report the basis for it to the CCJD for consideration of disability proceedings?

- (Both Márquez and Vasconcellos individually):  When were you first aware that Justice Melissa Hart had been at fault in a significant automobile collision before she was appointed to the court?  That she was involved in a civil case arising from the collision after being appointed to the court?  *Hampton v. Hart*, Denver Dist. Ct. Case No. 19CV34953.

- (Both Márquez and Vasconcellos individually):  When were you first aware that Justice Melissa Hart is currently on probation supervised by the Denver County Court in a dog bite case?  *People v. Melissa Hart*, Denver Cty. Ct. Case No. 25GV100395.

- (Both Márquez and Vasconcellos individually):  When were you first aware that Justice Melissa Hart failed to appear in Denver County Court on a careless driving ticket issued earlier in 2025?  *People v. Melissa Hart*, Denver Cty. Ct. Case No. 25T0087448.

- Márquez:  Why didn't you and the other Justices disqualify yourselves from all matters involving judicial discipline (including pending cases, making appointments to judicial oversight entities, rulemaking, and engagement in the legislative reform process) after you received individual letters requesting your disqualification from the CCJD on June 13, 2022 and July 1, 2022?  Why do you and the other Justices continue to sit on judicial discipline cases?

- Márquez:  On December 14, 2023, then-Chief Justice Brian Boatright received a notification letter from the Commission on Judicial Discipline according to Colo. RJD 14(a).  The letter conveyed allegations of judicial misconduct by all the Justices raised by former 10th Judicial District Court Chief Judge Dennis Maes.  With knowledge of these allegations of misconduct and pending judicial discipline proceedings against Chief Justice Boatright, why didn't you and the other Justices disqualify yourselves from further hearing of *Anderson v. Griswold*, 2023 CO 63 and form a Special Tribunal according to Colo. RJD 41?  Why, instead, did you and the other Justices proceed to issue and announce your opinion in *Griswold* on December 19, 2023?

- (Both Márquez and Vasconcellos individually):  How is the Colorado Supreme Court's "Workplace Culture Initiative," including the creation of 15 new judgeships through SB25-024 not merely propaganda to conceal your role and the role of the other Justices in the Masias Controversy?  Why don't the "Workplace Culture Initiative," the ILG, LLC investigation, and the RCT, Ltd. investigation meet the definition of "occupational fraud" under the Fraud Hotline statute--§ 2-3-110.5, C.R.S. ("'Fraud' means occupational fraud or the use of one's occupation for personal enrichment through the deliberate misuse or misapplication of the employing organization's resources or assets.").
- Márquez:  Why haven't you recused yourself as the *ex officio* Chair of the Colorado Supreme Court Nominating Commission that will choose nominees for Justice Hart's successor?
- Márquez:  As the default *ex officio* Chair, why haven't you raised conflicts of interest that some of the nominating committee members themselves have?
- (Both Márquez and Vasconcellos individually):  The former Executive Director of the Colorado Commission on Judicial Discipline, Christopher Gregory, has called for the formation of a Special Tribunal, a Special Adjudicative Board Panel, and a Special Commission on Judicial Discipline to consider grounds for your discipline and the discipline of the other justices and judges involved in the Masias Controversy.  Do you support allowing for such a conflict-free process?  If not, why not?
- (Both Márquez and Vasconcellos individually):  How does Colorado's system of attorney discipline controlled by the Colorado Supreme Court comport with the prohibition against judicial fact investigations in Canon Rule 2.9(C) of the Colorado Code of Judicial Conduct?  Why hasn't Colorado considered adopting an attorney discipline system similar to that followed in Oregon (O.R.S. § 9.010(2)) where attorney discipline occurs through an independent bar association authorized through the Legislature?
- (Both Márquez and Vasconcellos individually):  The current process for the nomination and appointment of judges occurs through non-public meetings to determine who is interviewed, non-public interviews of judicial candidates, and non-public meetings to determine the nominees and the final appointees.  Why aren't these meetings and these decisions made in public and through livestreamed proceedings on the record?
- (Both Márquez and Vasconcellos individually):  In the past, Justices of the Colorado Supreme Court have spoken out about the need to increase diversity on the bench and to eliminate bias (institutional, implicit, and explicit) in judicial selection.  Don't you agree that the best way to eliminate any form of bias is to ensure that judicial selection decisions occur in the open with a complete public record of how the judicial nominating commissions and the Governor make such decisions?  There is no provision in Colo. Const. Art. VI, § 24 that exempts the judicial nominating commissions and the Governor's Office from the Colorado Open Meetings Law.  Why aren't the meetings of the judicial nominating commissions, the Governor's judicial appointment committee, and all interviews of judicial candidates being livestreamed on the record?
- (Both Márquez and Vasconcellos individually):  There has been a call for the Colorado State Auditor to directly appoint another state's attorney general as a Special Assistant Attorney General under § 24-31-111(5), C.R.S. to complete a conflict-free investigation of the Masias Controversy.  Why aren't you joining this request?
- Márquez:  How do you justify the ethics and legality of utilizing the Colorado Attorney General's Office and attorneys subject to co-defendant Attorney General Phil Weiser's

control to defend against the civil claims and allegations of your own personal criminal conduct raised through *Gregory v. Colo. Jud. Discipline Rulemaking Comm.*, 1:25-cv-03361-DDD (D. Colo.)?

Colorado Commission on Judicial Discipline—1/21/26 Hearing

Anne Mangiardi, James Carpenter, Bob Gardner:

- Ms. Mangiardi, you acknowledge that while at the Attorney General's Office, you supervised the ILG investigation commissioned by the Judicial Department? What was your role in providing such supervision? What access did you have to the records that were provided to ILG? What communications did you have with others in the Attorney General's Office and with the Justices and the Judicial Department over the course of the ILG investigation? How was the ILG investigation not a violation of Canon Rule 2.9(C)'s prohibitions against judicial investigations?
- All panelists: With violations of the public financial disclosure law, § 24-6-202, C.R.S., recognized as misdemeanor offenses punishable by a mandatory $1,000-$5,000 fine, why did the Commission resolve all the cases involving judges failing to file such disclosures with dismissals or private discipline? Even if the statute of limitations had passed for criminal prosecution, why didn't the Commission seek fines as a judicial discipline sanction?
- Carpenter & Mangiardi: Because the public financial disclosure violations were/are readily verifiable through public records, why wasn't there public discipline (such as, minimally, a public reprimand) in those cases? Was the motivation for dismissing these cases to allow the judges to later participate in the Senior Judge Program (which currently bars judges with any record of discipline, private or public)?
- All panelists: On what legal basis do you disclaim having jurisdiction to evaluate the conduct of senior judges, who include former Chief Justice Nancy Rice? Isn't it true that through the Colorado Judicial Discipline Rulemaking Committee created by Amendment H, you can change the Colorado Rules of Judicial Discipline at any time? You can even make necessary changes retroactively because judicial discipline is civil and remedial in nature?
- Mr. Carpenter, there are allegations that you and the other Commissioners retaliated against the Commission's former Executive Director, Christopher Gregory, for pursuing suspected public fraud and legitimate grounds for judicial discipline. Do you deny these allegations? If so, on what grounds?
- Mr. Gardner, in your former role as a member of this Committee, you opposed amendments to HCR23-1001 and HB23-1016 that would have taken away the Colorado Supreme Court's authority to directly appoint members of the Colorado Commission on Judicial Discipline and would have reinforced the independence of the Colorado Judicial Discipline Rulemaking Committee. Was your opposition to those amendments the result of lobbying by the Justices and their legislative liaison, Terry Scanlon?
- Mr. Gardner, why did you apply and why were you chosen by the Governor as an attorney member of the Commission, after the Colorado Senate rejected the reappointment of Commission Chair Mindy Sooter?

- Mr. Garnder, you were part of a committee formed to set up the Office of the Judicial Discipline Ombudsman created through HB23-1205.  That Office still does not exist.  Why not?
- All panelists:  Former Executive Director Gregory has submitted a request for evaluation of conduct as to the Justices and other judges.  The RFE further requests an evaluation of the conduct of the Commissioners and the Commission's Staff.  What is being done to address that RFE in a conflict-free manner?  Why hasn't the Commission voluntarily moved for the formation of a Special Tribunal, a Special Adjudicative Board Panel, and a Special Commission through a conflict-free selection mechanism to consider the RFE?
- All panelists:  There has been a call for the Colorado State Auditor to directly appoint another state's attorney general as a Special Assistant Attorney General under § 24-31-111(5), C.R.S. to complete a conflict-free investigation of the Masias Controversy.  Why aren't you joining this request?
- All panelists:  How do you justify the ethics and legality of utilizing the Colorado Attorney General's Office and attorneys subject to co-defendant Attorney General Phil Weiser's control to defend against the civil claims and allegations of your own personal criminal conduct raised through *Gregory v. Colo. Jud. Discipline Rulemaking Comm.*, 1:25-cv-03361-DDD (D. Colo.)?
- All panelists:  Why should the people of Colorado have confidence in our judicial discipline system?  Why shouldn't the public perceive judicial discipline as simply a protection racket that shields judges from accountability?

This statement was read into the record following the 1/21/26 Judicial SMART Act Presentation.

Thank you Mr. Chair.  Good morning Committee Members.

My name is Christopher Gregory and I appear as a citizen.  I am a former member, Vice-Chair, Chair, and Executive Director of the Colorado Commission on Judicial Discipline.  Acknowledging the contributions of others, including members of this Committee, I regard the passage and approval of Amendment H by 73% of Colorado voters as my most important accomplishment.  Amendment H was intended to remove control of judicial discipline from the Colorado Supreme Court to ensure that no one is above the law, regardless of their position.  In addition, I achieved the historic discipline of former Chief Justice Nathan B. Coats for his role in approving what amounts to a $2.66-$2.75 million taxpayer funded bribe.  I have further discovered and exposed a more than 25-year pattern of the Justices of the Colorado Supreme Court using public resources as hush money, for self-controlled investigations, and for public relations schemes all intended to cover up judicial, attorney, and official misconduct.  There is now a vacancy on the Colorado Supreme Court because of the systemic public corruption that I have exposed.

The stated purpose of the SMART Act is that "State Government be accountable and transparent in such a way that the general public can understand the value received for the tax dollars spent by the State."  In advance of today's hearings for the Colorado Judicial Department and the Colorado Commission on Judicial Discipline as well as yesterday's hearing for the Colorado Department of Law, I submitted written testimony with requested questions for the witnesses.  In addition to submitting these materials to this Committee, I circulated them to all members of the General Assembly, to the Colorado Office of Judicial Performance Evaluation, the Colorado Commission on Judicial Discipline, and to the Press.  In addition to my written testimony, I have called upon Legislators to sponsor and pass a joint resolution referring the Colorado Judicial Scandal to conflict-free federal law enforcement, to form an investigating committee, and to direct the Colorado State Auditor to appoint another state's attorney general as a Special Assistant Attorney General.

I am concerned that my written testimony and request for a joint resolution are being deliberately disregarded by this Committee.  Please confirm on the record that you have received my written testimony and supporting materials and that these materials will be included in the legislative record as well as being made publicly available through this Committee's webpage.

There are difficult questions that need to be asked.  I urge you to have the integrity and courage to do so.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 1:25-cv-03361-DDD

CHRISTOPHER S.P. GREGORY,

      Plaintiff,

v.

The COLORADO JUDICIAL DISCIPLINE RULEMAKING COMMITTEE, et al.

      Defendants.

---

**MOTION TO STRIKE DEFENDANTS' MOTION TO RESTRICT PUBLIC ACCESS (ECF NO. 29) AND AMENDED MOTION TO RESTRICT PUBLIC ACCESS (ECF NO. 30); EXHIBITS 1-3.**

---

Conferral Statement:  As detailed through Exhibit 1, Plaintiff's Counsel, Ingrid DeFranco, made good faith attempts to meet and confer with Defendants' Counsel, Dan Combs, prior to Mr. Combs filing ECF Nos. 29 and 30.  As part of the attempted conferral, Ms. DeFranco emphasized District Judge Daniel D. Domenico's mandatory obligations under 28 U.S.C. § 144 to disqualify himself before any further action can be taken by this Court.  The email correspondence contained in Exhibit 1, confirms that Mr. Combs ignored Ms. DeFranco's concerns and proceeded to file ECF Nos. 29 and 30.  Exhibit 1 further documents Mr. Combs's attempts to threaten or otherwise intimidate both Ms. DeFranco and the Plaintiff in response to their filing of ECF 26.  Ms. DeFranco also provided Mr. Combs with an opportunity to withdraw ECF Nos. 29 and 30, which he declined.  Mr. Combs, on behalf of the Defendants, opposes this Motion to Strike.

### INTRODUCTION

This case arises from the Defendants' systematic efforts to censor or otherwise suppress the Plaintiff's constitutionally and statutorily protected right and professionally mandated obligation to freely and publicly report judicial, attorney, and official misconduct.  *See* U.S. Const. amend. I; Colo. Const. Art. II, §§ 10 and 25; Colo. Const. Art. VI, § 23(3)(g), (i); Colo. Const. Art. XIII; Colo. RPC 8.3; Colo. RPC 8.4 (f); Canon Rules 1.1, 1.2, 2.15 and 2.16 of the

Colorado Code of Judicial Conduct (the Code); Canons 1, 2(A)-(b), and 3 of the Code of

Conduct for United States Judges (the federal Code). The Defendants in this action seek to

suppress the Plaintiff's 28 U.S.C. § 144 Affidavit (ECF No. 26), which otherwise mandates

District Court Judge Daniel D. Domenico's immediate recusal from this case. The Defendants,

and their state-employed Counsel, are motivated by the fact that, in addition to requiring Judge

Domenico's recusal, the allegations made in the Affidavit (once proven or admitted to) are

sufficient to warrant the removal, impeachment, or resignation of at least some of the Defendants

from their official positions. The federal courts cannot be used as a instrument to facilitate what

is now a more than quarter-century ongoing pattern of the Justices of the Colorado Supreme

Court and others abusing access to public resources and taxpayer funds (including a partially

paid $2.66-$2.75 million bribe) to cover up judicial, attorney, and official misconduct through a

culture of enforced silence.

Plaintiff Christopher S.P. Gregory, and his Counsel, hereby move to strike ECF No. 29,

Defendants' "Motion to (1) Restrict Affidavit of Judicial Bais or Prejudice According to 28

U.S.C. § 144 [ECF Nos. 26, 26-1-10]; and (2) Require Plaintiff to File Future Documents Under

Level 1 Restriction in the First Instance" and to strike ECF No. 30, Defendants' "Amended

Motion to (1) Restrict Affidavit of Judicial Bais or Prejudice According to 28 U.S.C. § 144 [ECF

Nos. 26, 26-1-10]; and (2) Require Plaintiff to File Future Documents Under Level 1 Restriction

in the First Instance." Defendants filed ECF Nos. 29 and 30 in bad faith and without any

meaningful efforts to meet and confer, as required by D.C.COLO.LCivR 7.1(a). The filing of

ECF Nos. 29 and 30 is consistent with the Defendants' ongoing pattern of unlawful non-

disqualification, intimidation, retaliation, and censorship, as alleged in the Plaintiff's "Verified

Complaint and Jury Demand," ECF No. 1.  The Defendants' conduct and the conduct of their

Counsel is sanctionable and grounds for further legal and equitable remedies, including the relief

requested in Plaintiff's Verified Complaint.

Ultimately, however, Defendants' Motions, ECF Nos. 29 and 30, and the present Motion

to Strike should not be considered until District Court Judge Daniel D. Domenico has, as is

mandatory, disqualified himself from this case pursuant to 28 U.S.C. § 144, ECF No. 26.

Actions taken by Judge Domenico in violation of 28 U.S.C. § 144, including issuance of his

Order (ECF No. 28) restricting public access to ECF No. 26, should be deemed null and void.

There is no legal grounds for Judge Domenico's persistent non-disqualification from this case or

for his intentional disregard of his mandatory and automatic recusal obligation under 28 U.S.C. §

144.  Indeed, Judge Domenico continues to openly violate Canons 1, 2, and 3 of the federal Code

as separately asserted in *Gregory v. Dist. Judge Daniel Domenico*, 10th Cir. Jud. Discipline Case

No. 10-25-90048.  Accordingly, the Clerk of Court should immediately restore public access to

ECF No. 26 as provided for under D.C.COLO.LCivR 7.2(a)[1], (e).  To the extent that this Motion

---

[1] D.C.COLO.LCivR 7.2(a) states:

> **Policy.** Unless restricted by statute, rule of civil procedure, these
> rules, or court order, the public shall have access to all documents
> filed with the court and all court proceedings. However, pleadings
> or documents filed under restriction shall not be accessible or
> viewable electronically in CM/ECF. A person with the right to
> access a restricted pleading or document may request a paper copy
> from the clerk.

This policy is consistent with the well-established recognition that, absent compelling and
legitimate privacy interests to the contrary, court proceedings must be open to the public.

> Even if one assumes there is a legitimate basis for permitting a party in litigation to maintain anonymity, the few cases which discuss the propriety of the practice or recognize it implicitly require a balancing of competing interests. We begin with the fundamental presupposition that it is the responsibility of judges to avoid secrecy, in camera hearings and the concealment of the judicial process from public view. Courts are public institutions which exist for the public to serve the public interest. Even a superficial recognition of our judicial history compels one to recognize that secret court proceedings are anathema to a free society.
>
> *M.M. v. Zavaras*, 939 F. Supp. 799, 801 (D. Colo. 1996) (citations omitted).

In a FOIA case involving similar privacy interests as the present action, a judge's claimed need for anonymity in seeking governmental records was flatly rejected.

> The plaintiff's memorandum brief reveals that he is a judge within the judicial system of the State of Colorado. He asserts that public revelation of his efforts to find out what information and documents the Drug Enforcement Administration has relating to him "would personally embarrass him and prejudicially affect his privacy rights which this suit is expressly designed to protect." He asks for a protective order shielding him from improper use of his identity. His most recondite argument is that as a Colorado judge he has a duty to promote public confidence in the integrity of the judiciary and hence wishes to refrain from identifying himself "in order to avoid casting a shroud of suspicion over his office." He correctly points out that by identifying himself in an action to find out what the Drug Enforcement Administration has in its files about him he may jeopardize public confidence.
>
> None of the cases cited by the plaintiff, including my own, supports his position. *Doe and Moe v. Deschamps, et al.*, 64 F.R.D. 652 (D.C.Mont.1974), however, contains an excellent articulation of the general rule:
>
>> As we view the matter, lawsuits are public events and the public has a legitimate interest in knowing the facts involved in them. Among the facts is the identity of the parties. We think that as a matter of policy the identity of

-4-

to Strike is denied either in whole or in part, the Plaintiff reserves the right to separately respond

to the merits of ECF Nos. 29 and 30 within the 21-day deadline provided by D.C.COLO.LCivR

7.1(d).

## QUESTIONS PRESENTED

1. Whether District Judge Daniel D. Domenico has authority to take any further action in this case, including restricting public access to court filings under D.C.COLO.LCivR 7.2(e), with the Plaintiff having filed his formally sufficient and timely "Affidavit of Judicial Bias or Prejudice According to 28 U.S.C. § 144" (ECF No. 26).

2. Whether the Defendants' failure to meet and confer as required by D.C.COLO.LCivR 7.1(a) is sufficient grounds for sanctions, including but not limited to striking ECF Nos. 29 and 30.

## FACTUAL BACKGROUND

After District Judge Daniel D. Domenico made adverse rulings and refused to disqualify

himself from a prior sealed case brought by the Plaintiff, 1:25-cv-190—DDD-STV (D. Colo.)

---

> the parties to a lawsuit should not be concealed except in the unusual case.
>
> *Doe v. U.S. Dep't of Justice*, 93 F.R.D. 483, 483–84 (D. Colo. 1982) (footnote omitted).

In a recent opinion, Magistrate Judge N. Reid Neureiter also discussed the importance of the public's right to open courts (regardless of the influential positions of the litigants). As Magistrate Judge Neureiter observed:

> Any request for court intervention or assistance [through a judicial] proceeding necessarily calls upon the public resources of a judicial officer to examine and decide the question presented. This is the basic functioning of the judicial process that the public has a right to see, understand, and criticize if they choose. Federal judges and their court staff are not legal pawns to be deployed in secret by wealthy disputants trying to get private answers to their problems.
>
> *Black v. Emerson*, 25-CV-01035-WJM-NRN, 2025 WL 1635264, at *5 (D. Colo. June 9, 2025).

(Sealed), the Plaintiff attempted to participate in the Defendant Colorado Judicial Discipline Rulemaking Committee's (CJDRC) public promulgation of rule changes. Plaintiff's public comments on the proposed rule changes were ignored by the CJDRC, which refused to publish them into the public record. In turn, Plaintiff brought the present action to enforce his constitutional rights to freely report judicial, attorney, and official misconduct. Despite Plaintiff asserting Judge Domenico's actual bias as part of the Verified Complaint in this action, ECF No. 1, p. 6 fn. 3, Judge Domenico accepted assignment to this case on October 24, 2025. ECF No. 6. Plaintiff responded by filing an additional motion (ECF No. 7) and notice (ECF No. 12) seeking Judge Domenico's voluntary disqualification. Despite these filings and the pendency of 10th Cir. Jud. Discipline Case No. 10-25-90048, Judge Domenico continued to ignore the requests for his disqualification. Consequently, Plaintiff filed an "Affidavit of Judicial Bais or Prejudice According to 28 U.S.C. § 144 and Certificate of Counsel" into the present case (ECF Nos. 26 and 26-1 through 26-11) and into the sealed case—1:25-cv-00190—DDD-STV. Plaintiff further notified the 10th Circuit's Judicial Council of the existence of the Affidavits. Exhibit 2 (with redactions applied to protect the integrity of the sealed case). Nevertheless, Judge Domenico simply ignored the filing of the Affidavits and the judicial discipline complaint against him, refusing to disqualify himself from these cases. Indeed, Judge Domenico has received communications from the Defendants' Counsel and issued his Order restricting public access to the Plaintiff's Affidavit and accompanying exhibits, ECF Nos. 26 and 26-1 through 26-11. As explained in Plaintiff's Affidavit, Plaintiff is contemporaneously filing the additional judicial discipline complaints (attached as Exhibit 3) against Judge Domenico and 10th Circuit Chief Judge Jerome A. Holmes to address their mutually persistent refusals to disqualify themselves

-6-

from these proceedings.  ECF No. 26, pp. 4-5 fn. 2; 10th Cir. JCR 11(c)(2) (allowing filing of

repeated complaints based upon new material information).

Because caselaw relating to the ability of a complainant to disclose records from federal

judicial discipline proceedings exists based upon a statute that has been renumbered and the

admissions of the D.C. Judicial Council (rather than a fully litigated dispute), the Plaintiff

included a request in his Affidavit that the Affidavit and accompanying exhibits be filed as

temporarily restricted (to allow for any objections to the disclosure of *actual records* from the

federal judicial discipline proceedings to be raised to an impartial re-assigned judge, including

any potential objections from Judge Domenico).  ECF No. 26, p. 4 fn. 2; *see Rafferty v. Judicial*

*Counsel for the Dist. of Columbia*, 131 F.3d 219, 221 (DC Cir. 1997) (case dismissed as moot

where Judicial Council interpreted the prior codification of 28 U.S.C. § 360 (28 U.S.C. §

372(c)(14)) as applicable only to "judicial officers and staff such as courtroom deputies and

reporters, and not to the complainant.").  When Plaintiff's Counsel filed ECF Nos. 26 and 26-1

through 26-11, however, the EM/ECF system did not allow filing with restrictions.  Plaintiff's

Counsel contacted the Clerk of Court's Office and was informed that any decision to restrict the

filing would be made by the assigned judge.  Plaintiff's Counsel presumed that Judge Domenico

would comply with 28 U.S.C. § 144 and immediately recuse himself from these cases.

Instead, Defendants' Counsel seized upon Plaintiff's request for a temporarily restricted

filing to (without any prior meeting or conferral) email Judge Domenico's chambers directly and

to accuse the Plaintiff and counsel of having publicly divulged unspecified "confidential"

information.  Defendant's Counsel's email to Judge Domenico's chambers was paired with a

contemporaneous (though subsequent) email to Plaintiff's Counsel, which Defendant's Counsel

-7-

attempted to recall almost immediately, but which contained various threats directed towards

Plaintiff and Plaintiff's Counsel. Exhibit 1, pp. 9-13. Plaintiff categorically denies that his

personal knowledge of examples and his status as a victim of judicial, attorney, and official

misconduct is "confidential" information somehow protected from public disclosure. On the

contrary, the Plaintiff interprets the communications from Defendants' Counsel as threats and

further intimidation/retaliation intended to interfere with Plaintiff's mandated and

constitutionally privileged obligations to report ethical and criminal misconduct. Without

requesting Plaintiff's position, Judge Domenico proceeded to enter his Order applying a Level 1

Restriction (i.e. availability restricted to the court and the parties) effective until January 30,

2026. ECF No. 28. Plaintiff was afforded no opportunity to object to Judge Domenico

continuing to hear this case.

Most recently, Defendant's Counsel's efforts to meet and confer as to ECF 29 and ECF

30 can be summarized as additional attempts to intimidate and threaten the Plaintiff and

Plaintiff's Counsel. Exhibit 1, pp. 4-8. In his letter dated January 27, 2026, First Assistant

Attorney General Dan Combs made the following explicit threat: "You are on notice that

Defendants will vigorously defend themselves in this action and will seek fees, costs, and other

appropriate relief under the law." Exhibit 1, p. 8. Defendants' Counsel has refused to respond to

the Plaintiff's concerns regarding Judge Domenico's violation of 28 U.S.C. § 144 by continuing

to hear this case, or the conflicts of interest that exist in Defendants' Counsel's continued

representation of the Defendants as employees of the Colorado Department of Law (which is

headed by individually-named Defendant Philip Weiser). Exhibit 1, p. 1, Additionally, Mr.

Combs has refused to discuss the conflicts that arise from his prior communications with the

-8-

Plaintiff, through which the Plaintiff discussed the merits of the present case.  Because of these

communications, Mr. Combs personally arranged for the appointment of outside private-sector

counsel as a Special Assistant Attorney General (SAAG) to represent the Plaintiff in a related

case where the Plaintiff is a named defendant.  *Jennifer L. Dees and Ethan D. Smith v. William

Hood, et al.*, 1:24-cv-00848-PAB-NRN.   Defendants' Counsel's efforts to meet and confer also

occurred in bad faith, where Defendant's Counsel failed to provide Plaintiff's Counsel with a

reasonable opportunity to respond.

<div align="center">DISCUSSION</div>

1. Upon the Plaintiff's filing of a timely Affidavit sufficient in form, 28 U.S.C. § 144 required District Judge Daniel D. Domenico "to proceed no further [in this action], but another judge shall be assigned to hear such proceeding."

Provided that an Affidavit filed under 28 U.S.C. § 144 is timely and meets all

requirements of form, judicial recusal is mandatory and automatic.  In other words, the judge

assigned to the case ***has no discretion*** but must recuse himself or herself for reassignment of the

case to an impartial judge.  28 U.S.C. § 144 provides:

> ***Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit*** that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, ***such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.***
>
> The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.  (Emphasis added).

<div align="center">-9-</div>

Plaintiffs Affidavit satisfies all the requirements of 28 U.S.C. § 144. Neither Judge Domenico

nor Defendants' Counsel have cited any authority that would allow Judge Domenico to exercise

discretion, to continue hearing this case, or take any other action herein. The fact that

Defendants' Counsel persists in arguing that Plaintiff has not raised "valid" grounds for Judge

Domenico's disqualification is yet another example of attorney misconduct, specifically

knowingly and frivolously assisting a judge to violate his or her ethical duties under the Code /

the federal Code with the objective of obstructing the administration of justice. Colo. RPC 8.4

(a-1), (b), (c), (d), (e), (f), (h).

Because 28 U.S.C. § 144 divested him of further jurisdictional authority in this case,

Judge Domenico's Order (ECF No. 28) restricting public access to Plaintiff's Affidavit (ECF No.

26) is necessarily null and void. *In re Armstrong*, 294 B.R. 344, 360 (B.A.P. 10th Cir. 2003),

*aff'd*, 97 Fed. Appx. 285 (10th Cir. 2004) ("[O]rders entered prior to a recusal may be voided if

the injured party can show that the judge should have recused herself and failed to do so."). If,

despite this Motion to Strike, Judge Domenico continues to hear this case, Plaintiff has additional

recourse to petition the 10th Circuit for a writ of mandamus. *See Nichols v. Alley*, 71 F.3d 347

(10th Cir. 1995) (granting writ of mandamus based upon grounds for disqualification under 28

U.S.C. § 455(a)).

2. The Defendants failed to meet and confer in good-faith as required by D.C.COLO.LCivR
   7.1(a). This is sufficient grounds for sanctions, including but not limited to striking ECF
   Nos. 29 and 30.

The *pro forma* meeting and conferral that occurred prior to Defendants' Counsel filing

ECF Nos. 29 and 30 does not comply with the requirements of D.C.COLO.LCivR 7.1(a), which

provides:

-10-

> **Duty to Confer.** Before filing a motion, counsel for the moving
> party or an unrepresented party ***shall confer or make reasonable,
> good faith efforts to confer*** with any opposing counsel or
> unrepresented party to resolve any disputed matter. The moving
> party shall describe in the motion, or in a certificate attached to the
> motion, the specific efforts to fulfill this duty.  (Emphasis added).

The Uniform Civil Practice Standards of the United States Magistrate Judges further

explain that the failure to comply with the duty to meet and confer is sanctionable through the

respective motion being stricken or denied.  D.C.Colo.MJ, Standard V provides, in relevant part:

> ### 1. Duty to Meet and Confer
>
> Prior to filing a motion or initiating the discovery dispute process,
> parties have a duty to meet and confer or make "good faith efforts
> to confer." See D.C.COLO.LCivR 7.1(a). When parties have
> substantive disagreements, such "good faith efforts" generally
> require meeting either face to face, over video conference, or by
> telephone, and not solely through email or written correspondence.
> ***Failure to comply may result in the motion being stricken or
> denied.***  (Emphasis added).

Judge Domenico's own Practice Standards for Civil Cases also recognize that failure to

comply with D.C.COLO.LCivR 7.1(a) is grounds for the court to deny the motion without

prejudice or to strike the motion or filing.  Practice Standard V(K)(1) states:

> Motions, objections, responses, replies, briefs, or other papers that
> are untimely, noncomplying, or filed without a certification when
> required under Local Civil Rule 7.1(a) or these Practice Standards
> **may be denied without prejudice or stricken** *sua sponte*.
> (Emphasis added).

When announcing his intentions to file ECF Nos. 29 and 30, Defendants' Counsel Dan

Combs made no efforts to respond to the Plaintiff's concerns that Judge Domenico was obligated

to recuse himself under 28 U.S.C. § 144 and that it was improper for Judge Domenico to take

any further action in this case, including entertaining the Defendants' requests to restrict

-11-

EM/ECF access.  Mr. Combs also presented his communications as directives demanding an "immediate" response rather than providing Plaintiff's Counsel with a reasonable amount of time to respond (i.e. 24-hours).  Mr. Combs's *pro forma* (and overtly coercive) communications were indicative of bad faith and a failure to meaningfully meet and confer.  Accordingly, ECF Nos. 29 and 30 should be stricken or denied.

<div align="center">CONCLUSION</div>

**WHEREFORE**, the Plaintiff respectfully requests that District Court Judge Daniel D. Domenico immediately disqualify himself from taking further action in this case, as mandated by 28 U.S.C. § 144.  Judge Domenico's Order (ECF No. 28) restricting public access to ECF 26 should further be recognized as null and void, with the Clerk of Court immediately restoring public access to ECF No. 26, as required by D.C.COLO.LCivR 7.2(a).

Dated: February 2, 2026

/s/ Ingrid J. DeFranco
**Ingrid J. DeFranco, esq.**
Law Office of Ingrid J. DeFranco
P.O. Box 128
Brighton, CO 80601
Telephone: (303) 641-6812
Email:  Ingrid.DeFranco@gmail.com
Attorney for the Relator / Plaintiff Christopher S.P. Gregory

/s/ Christopher S.P. Gregory
**Christopher S.P. Gregory, Esq.**
The Gregory Law Firm, LLC
201 Coffman St., #1822
Longmont, CO 80502
Telephone: (970) 648-0642
E-mail: cspgregory@thegregorylawfirm.net
*Pro Se* Attorney for the Relator / Plaintiff
Christopher S.P. Gregory

<div align="center">-12-</div>

CERTIFICATE OF SERVICE

I certify that on February 2, 2026, I filed the above filing via email to the Clerk of the Court, who will docket it in CM/ECF. CM/ECF will send notification of this filing to any party who has entered an appearance in this matter to the e-mail addresses provided in CM/ECF.

/s/ Ingrid J. DeFranco
Ingrid J. DeFranco

## Christopher Gregory

| | |
|---|---|
| **From:** | Ingrid J. DeFranco <defrancoi@yahoo.com> |
| **Sent:** | Friday, January 30, 2026 7:45 AM |
| **To:** | Christopher Gregory |
| **Subject:** | Fw: Your email and motion |

The Law Office of Ingrid J. DeFranco
P.O. Box 128
Brighton, CO 80601-0128
303-641-6812; fax: 303.558.4294
www.atoughdefense.com

----- Forwarded Message -----
**From:** Dan Combs (He/Him) <dan.combs@coag.gov>
**To:** Ingrid J. DeFranco <ingrid.defranco@gmail.com>
**Cc:** Katharine Brown <katharine.brown@coag.gov>; Clayton Ankney <clayton.ankney@coag.gov>; Linda Ruth Carter <lindaruth.carter@coag.gov>; Carmen Van Pelt <carmen.vanpelt@coag.gov>
**Sent:** Thursday, January 29, 2026 at 08:15:59 PM MST
**Subject:** RE: Your email and motion

Ingrid,

We disagree with your version of events or that restricting ECF No. 26 and Exhibits 1-10 is improper. We will not withdraw the Motion to Restrict Access, and further oppose any motion to strike. We also decline your demand for us to file a "a notice that [we] acknowledge Judge Domenico's mandatory judicial disqualification as required by 28 U.S.C. § 144, and that [we] and [our] Office withdraw from further representation of the Defendants in this case."

Regards,

Dan

Daniel M. Combs (he/him/his)

First Assistant Attorney General



1

Colorado Department of Law

Tort Litigation Unit

Phone: (720) 508-6625

Email: Dan.Combs@coag.gov

The statements and opinions in this email do not represent the statements and opinions of the Attorney General.

---

**From:** Ingrid J. DeFranco <ingrid.defranco@gmail.com>
**Sent:** Thursday, January 29, 2026 3:43 PM
**To:** Dan Combs (He/Him) <Dan.Combs@coag.gov>; Katharine Brown <Katharine.Brown@coag.gov>; Linda Ruth Carter <LindaRuth.Carter@coag.gov>; Carmen Van Pelt <Carmen.VanPelt@coag.gov>
**Cc:** Christopher Gregory <cspgregory@thegregorylawfirm.net>
**Subject:** Your email and motion

Dear Mr. Combs,

Unfortunately, you appear to miss the point of this case. Mr. Gregory is suing to uphold his 1st Amendment, Colo. Const. Art. II, § 25, Colo. Const. Art. VI, § 23(3)(g), and Colo. Const. Art. XIII rights to freely and publicly report judicial misconduct and other suspected crimes without fear of intimidation and retaliation (as further protected against through the Colorado False Claims Act (CFCA), the Colorado Whistleblower Protection Act, § 18-8-115, C.R.S., and other laws). Through your motion, you seek to have an objectively-biased U.S. District Court Judge act as the equivalent of the Soviet Bureau of Censorship, exercising prior restraints to restrict public access to Mr. Gregory's "Affidavit of Judicial Bias or Prejudice According to 28 U.S.C. § 144," ECF No. 26, as well as all prospective court filings based upon generalized assertions of "confidentiality." In other words, through your threatening communications prior to filing your motion, you have engaged in exactly the types of intimidation and retaliation that are prohibited under § 24-31-1204(8)(b) of the CFCA. Moreover, you are now a participant and co-conspirator in the civil rights violations and retaliatory conduct averred in Mr. Gregory's complaint. Not only is your conduct and refusal to disqualify yourself and your Office constitutionally and civilly unlawful, but it is also unethical and an example of First Degree Official Misconduct under § 18-8-404, C.R.S.

It is understandable that you would take such unmeasured actions upon recognizing the reality and significance of the facts alleged in Mr. Gregory's Affidavit. Once those facts (which must be presumed as true for the purposes of Judge Domenico's disqualification) are proven and/or admitted to, your clients have no ethical choice but to immediately resign from their official positions and to concede the merits of Mr. Gregory's claims.

The intimidation tactics apparently intended by your motion, however, actually began with your failing to meet and confer before sending your *ex parte* email to Judge Daniel D. Domenico's chambers on January 16, 2026. Other than sending a contemporaneous email (which you attempted to recall), that threatened me and Mr. Gregory with allegations of breached "confidentiality," you made no efforts to discuss what 28 U.S.C. § 144 requires in this case. Specifically, 28 U.S.C. § 144 provides, in relevant part:

2

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, ***such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.***

It was improper for Judge Domenico to take ***any further action*** in this case, including issuing his order temporarily restricting public access according to D.C.COLO.LCivR 7.2(a), (b), (e). Mr. Gregory's intentions in asking to temporarily restrict public access in the Affidavit itself was to allow a conflict-free replacement judge to immediately and impartially consider any objections (including any potential objections raised by Judge Domenico) to the public disclosure of *actual records* from the pending federal judicial discipline proceedings against Judge Domenico and 10th Circuit Chief Judge Jerome A. Holmes (i.e. the Affidavit's exhibits). The intention was never to condone Judge Domenico continuing to preside over this case and to issue further orders. Additionally, at no point have you identified specifically what you allege is "confidential" or non-public information and the reasons supporting your positions. Mr. Gregory categorically denies that evidence of judicial misconduct, particularly a victim's personal knowledge of judicial misconduct, is ever "confidential" and outside of an individual attorney's mandated reporting obligations and constitutionally protected rights to free expression (including communications relevant to independent exercise of the Colorado General Assembly's impeachment authority under Colo. Const. Art. XIII).

I do not consider that a meaningful meet and confer can occur without your having provided a specific basis for your contention that the Affidavit should be kept hidden from public view, or without an appropriate opportunity to respond. Your apparent "directive" that I shall respond to you immediately does not constitute an appropriate opportunity. I realize that attorneys in your office rarely leave it, but that is not the case for other trial lawyers, and I do not sit at my desk awaiting communications from opposing counsel. I believe the generally-accepted response period is twenty-four hours. Due to the failure to meet and confer, we will be moving to strike your motion. We assume you oppose but request your confirmation.

With regard to Judge Domenico's mandatory disqualification, I would request you to direct me to any statutory basis for Judge Domenico exercising discretion and continuing to hear this case. I can find none. Recusal is mandatory, whether you subjectively believe Mr. Gregory established a "valid" basis, or not. It is a violation of Colo. RPC 8.4(a-1), (b), (c), (d), (e), (f), (h) for you and your clients to frivolously disregard the law (i.e. 28 U.S.C. § 144) and support an objectively-biased judicial officer violating his duties under Canons 1, 2, and 3 of the Code of Conduct for United States Judges (the federal Code).

With this context, I respectfully request that you withdraw your motion to restrict public access to the Affidavit, that you file a notice that you acknowledge Judge Domenico's mandatory judicial disqualification as required by 28 U.S.C. § 144, and that you and your Office withdraw from further representation of the Defendants in this case. If you do not take these requested actions, we will respond accordingly by filing the above-mentioned motion to strike, by filing additional federal judicial discipline complaints against Judge Domenico and Chief Circuit Judge Holmes as allowed through 10th Cir. JCR 11(c)(2), and by petitioning the 10th Circuit for a writ of mandamus (*see Nichols v. Alley*, 71 F.3d 347 (10th Cir. 1995) (granting writ of mandamus based upon application of 28 U.S.C. § 455(a) disqualification standard)). Once an impartial judge is assigned to this case, we will proceed with filing the appropriate motion to disqualify you and your Office from further representation of the Defendants and to seek the injunctive relief otherwise pled in the Verified Complaint and Jury Demand, ECF No. 1. We will also refer your conduct (and the conduct of the other attorneys from your Office who are working on this case) to the U.S. District Court's Committee on Conduct, which is already investigating the attorney discipline complaint contained in ECF No. 1-1.

Please advise as to how you would like to proceed in this matter.


Sincerely,



Ingrid DeFranco



Law Office of Ingrid J. DeFranco

PO Box 128 Brighton, CO 80601-0128
303.641.6812 fax: 303.558.4294

3

## Christopher Gregory

| | |
|---|---|
| **From:** | Ingrid J. DeFranco <ingrid.defranco@gmail.com> |
| **Sent:** | Tuesday, January 27, 2026 4:40 PM |
| **To:** | Christopher Gregory |
| **Subject:** | Fw: Gregory v. CJDRC et al., No. 25-cv-03361 - conferral |
| **Attachments:** | 26.01.27 Letter to DeFranco.pdf |

Law Office of Ingrid J. DeFranco
PO Box 128 Brighton, CO 80601-0128
303.641.6812 fax: 303.558.4294

----- Forwarded Message -----
**From:** Dan Combs (He/Him) <dan.combs@coag.gov>
**To:** ingrid.defranco@gmail.com <ingrid.defranco@gmail.com>
**Cc:** Clayton Ankney <clayton.ankney@coag.gov>; Katharine Brown <katharine.brown@coag.gov>; Linda Ruth Carter <lindaruth.carter@coag.gov>; Carmen Van Pelt <carmen.vanpelt@coag.gov>
**Sent:** Tuesday, January 27, 2026 at 04:19:23 PM MST
**Subject:** Gregory v. CJDRC et al., No. 25-cv-03361 - conferral

Dear Ingrid,

Attached is a letter dated 1/27/26. We await your immediate response.

Thank you,
Dan

Daniel M. Combs (he/him/his)

First Assistant Attorney General

Colorado Department of Law

Tort Litigation Unit

Phone: (720) 508-6625

Email: Dan.Combs@coag.gov

1

The statements and opinions in this email do not represent the statements and opinions of the Attorney General.



**PHIL WEISER**
Attorney General

**NATALIE HANLON LEH**
Chief Deputy Attorney General

**SHANNON STEVENSON**
Solicitor General

**TANJA WHEELER**
Associate Chief Deputy Attorney
General

**STATE OF COLORADO**
**DEPARTMENT OF LAW**

**RALPH L. CARR**
**COLORADO JUDICIAL CENTER**
1300 Broadway, 10th Floor
Denver, Colorado 80203
Phone (720) 508-6000

**Civil Litigation and**
**Employment Law Section**

January 27, 2026

Ingrid J. DeFranco
Law Offices of Ingrid J. DeFranco
P.O. Box 128
Brighton, CO 80601-0128

*Sent via email to: ingrid.defranco@gmail.com*

RE:  *Gregory v. Colorado Judicial Discipline Rulemaking Committee et al.*, Civ. No
     25-cv-03361(D. Colo.)

Dear Ms. DeFranco:

        I write regarding *Gregory v. Colorado Judicial Discipline Rulemaking Committee et al.*, Civ. No 25-cv-03361(D. Colo.), and in particular your failure to respond to my requests to meet and confer on two separate, serious issues. See January 12, 2026, email, January 16, 2026, email.

        First, I have sought, and continue to seek, conferral on Defendants' impending motion to dismiss. *See* January 12, 2026, email. Judge Domenico requires conferral on such motions, *see* DDD Civ. P.S. III(G), and the Complaint in this action is a perfect example of what this conferral requirement seeks to remedy—namely having Defendants and the Court spend time sifting through voluminous papers and legal conclusions to divine what Plaintiff is attempting to assert. The Complaint is a kitchen sink of legal conclusions asserted indiscriminately against all forty Defendants, with no factual allegations explaining what it is that each Defendant allegedly did to Plaintiff or how Plaintiff was harmed. On its face, it fails to provide a "short and plain statement" as required by Rule 8, and fails to assert a plausible claim for relief as required by Rule 12(b)(6).

        Both the form and content of the Complaint, which you and Mr. Gregory signed as attorneys of record, raise serious questions whether this action and its claims are warranted by any existing law and have evidentiary support.  *See* Fed. R. Civ. P. 11 (outlining representations to court made by attorney when signing any filing). For example, the Complaint appears to allege that Director Sullivan retaliated against Mr. Gregory by dismissing his Charge of Discrimination based on his termination from the CCRD for lack of jurisdiction. But as the Complaint's own exhibits show, the Charge did not include any allegations that Plaintiff was

Page 2

discriminated against based on membership in a protected class as required by C.R.S. § 24-34-402(1)(a)(I), or was discriminated against for opposing any practice made a discriminatory or an unfair employment practice by CADA as required by C.R.S § 24-34-402(1)(e)(IV). *See generally* ECF No. 1-10, pp. 12–19. As another example, Mr. Gregory complains about how the CCJD and CJDRC handling his various filings, but "nothing in the First Amendment or in [the Supreme] Court's case law interpreting it suggests that the rights to speak, associate, and petition require government policymakers to listen or respond to individuals' communications on public issues." *Minnesota State Bd. for Cmty. Colleges v. Knight*, 465 U.S. 271, 285 (1984). Your failure to engage in the conferral process has forced Defendants to prepare a lengthy Motion to Dismiss, which will outline multiple bases for dismissal.

Second, you publicly filed documents in this case which were in violation of your client's confidentiality obligations under Colorado law. *See* my January 16, 2026, email. In particular, Colorado Const. art. VI, section 23(3)(g) protects all files, investigations, proceedings, testimony, and notes of the CCJD, unless and until public disciplinary proceedings are filed, and even then, only certain documents become public. CJD Rule 3.5 imposes confidentiality obligations on all Commission staff and members, and both Section 23(3)(g) and Rule 3.5(c)(5) make clear that the confidentiality rules continue to apply post-employment. The Complaint includes allegations that refer to information that Mr. Gregory had access to only by virtue of his role with the CCJD. Mr. Gregory's Affidavit, ECF No. 26, and exhibits to that Declaration, go even further, including information regarding private discipline issued by the CCJD while Plaintiff was serving as the vice-chair of the CCJD, as well as details of investigative actions he took while serving as the CCJD's Executive Director. ECF No. 26, ¶¶ 43-44. Contrary to his assertions, Mr. Gregory does not have an "absolute privilege" to disclose the information under CJD Rule 6.5(d). CJD Rule 6.5(d) permits certain disclosures of otherwise confidential information by "the Commission or the executive director," but Mr. Gregory is neither the Commission nor its executive director – he was terminated on January 19, 2024. Mr. Gregory therefore possesses no right to disclose information that is subject to confidentiality provisions under Colorado law.

I asked you to confirm that you will take steps to restrict access to the Affidavit, and further review all filings drafted by Mr. Gregory prior to filing for confidential information, and take necessary steps to protect that information. You should be aware that pursuant to a settlement of claim with the CCJD, Mr. Gregory should not have any documents belonging to the CCJD. And he is violating his confidentiality obligations as a former employee of CCJD, by disclosing confidential documents and/or information from those documents in court filings, to legislators, the media or the public, which if continued may result in legal action against him.

Your failure to engage on these issues is causing Defendants to spend unnecessary time seeking dismissal of a Complaint which on its face fails to state a

Page 3

plausible claim, and to monitor your voluminous filings for information that should be under seal and/or not in Mr. Gregory's possession.  Your failure to engage also suggests that this action is not about actually litigating any specific claim that Mr. Gregory may be able to assert, but to flood the record with voluminous and sensational allegations. You are on notice that Defendants will vigorously defend themselves in this action and will seek fees, costs, and other appropriate relief under the law.

I am available to talk about these and other issues on Wednesday, January 28, between 1:00-2:00, and on Thursday, January 29th, between 3:00-4:00. Please let us know if one of these times work, or provide other available times to discuss.

Sincerely,

FOR THE ATTORNEY GENERAL

DANIEL M. COMBS
First Assistant Attorney General
Tort Litigation, Civil Litigation and
  Employment Law
720-508-6625
Email: Dan.Combs@coag.gov

cc:     Clayton J. Ankney
        Katharine J. Brown

# Christopher Gregory

| | |
|---|---|
| **From:** | Ingrid J. DeFranco <ingrid.defranco@gmail.com> |
| **Sent:** | Friday, January 16, 2026 1:33 PM |
| **To:** | Christopher Gregory |
| **Subject:** | Fw: Recall: Gregory (1:25-cv-00361) - confidentiality obligations and ECF No 26 |

Law Office of Ingrid J. DeFranco
PO Box 128 Brighton, CO 80601-0128
303.641.6812 fax: 303.558.4294

----- Forwarded Message -----
**From:** Dan Combs (He/Him) <dan.combs@coag.gov>
**To:** 'ingrid.defranco@gmail.com' <ingrid.defranco@gmail.com>
**Cc:** Katharine Brown <katharine.brown@coag.gov>; Clayton Ankney <clayton.ankney@coag.gov>; Linda Ruth Carter <lindaruth.carter@coag.gov>; Carmen Van Pelt <carmen.vanpelt@coag.gov>
**Sent:** Friday, January 16, 2026 at 01:13:13 PM MST
**Subject:** Recall: Gregory (1:25-cv-00361) - confidentiality obligations and ECF No 26

Dan Combs (He/Him) would like to recall the message, "Gregory (1:25-cv-00361) - confidentiality obligations and ECF No 26 ".

1

## Christopher Gregory

| | |
|---|---|
| **From:** | Ingrid J. DeFranco <ingrid.defranco@gmail.com> |
| **Sent:** | Friday, January 16, 2026 1:33 PM |
| **To:** | Christopher Gregory |
| **Subject:** | Fw: Gregory (1:25-cv-00361) - confidentiality obligations and ECF No 26 |

Law Office of Ingrid J. DeFranco
PO Box 128 Brighton, CO 80601-0128
303.641.6812 fax: 303.558.4294

----- Forwarded Message -----
**From:** Dan Combs (He/Him) <dan.combs@coag.gov>
**To:** ingrid.defranco@gmail.com <ingrid.defranco@gmail.com>
**Cc:** Katharine Brown <katharine.brown@coag.gov>; Clayton Ankney <clayton.ankney@coag.gov>; Linda Ruth Carter <lindaruth.carter@coag.gov>; Carmen Van Pelt <carmen.vanpelt@coag.gov>
**Sent:** Friday, January 16, 2026 at 01:09:49 PM MST
**Subject:** Gregory (1:25-cv-00361) - confidentiality obligations and ECF No 26

Hello Ingrid,

It's come to our attention that recent filings may have been in violation of your client's confidentiality obligations under Colorado law. In particular, Colo. Const. art. VI, section 23(3)(g) protects all files, investigations, proceedings, testimony, and notes of the Commission on Judicial Discipline, unless and until public disciplinary proceedings are filed, and even then, only certain documents become public. CJD Rule 3.5 imposes confidentiality obligations on all Commission staff and members, and both Section 23(3)(g) and Rule 3.5(c)(5) make clear that the confidentiality rules continue to apply post-employment. The Local Rules concerning restrictions of filings is found at D.C.COLO.LCivR 7.2.

Our clients take their confidentiality obligations seriously, and we ask that you review all filings drafted by Mr. Gregory prior to filing for confidential information, and take necessary steps to protect that information.

Most pressing is the need to review Mr. Gregory's Affidavit, ECF No. 26, and exhibits to that Declaration. As mentioned in the email I sent to Chambers (on which you were copied), Mr. Gregory acknowledged confidentiality of the contents of that filing, and its being filed publicly appears to have been inadvertent. Furthermore, the cited bases for disclosure would not apply, because Mr. Gregory is not the executive director of the Commission and may not act on the Commission's behalf.

Please confirm receipt of this email and let me know *as soon as possible* whether you will take steps to restrict access to ECF No. 26.

1

Thank you,
Dan

Daniel M. Combs (he/him/his)

First Assistant Attorney General

Colorado Department of Law

Tort Litigation Unit

Phone: (720) 508-6625

Email: Dan.Combs@coag.gov

The statements and opinions in this email do not represent the statements and opinions of the Attorney General.

# Christopher Gregory

| | |
|---|---|
| **From:** | Ingrid J. DeFranco <ingrid.defranco@gmail.com> |
| **Sent:** | Friday, January 16, 2026 1:33 PM |
| **To:** | Christopher Gregory |
| **Subject:** | Fw: 1:25-cv-00361-DDD filing matter - ECF No. 26 |

Law Office of Ingrid J. DeFranco
PO Box 128 Brighton, CO 80601-0128
303.641.6812 fax: 303.558.4294

----- Forwarded Message -----
**From:** Dan Combs (He/Him) <dan.combs@coag.gov>
**To:** Domenico_Chambers@cod.uscourts.gov <domenico_chambers@cod.uscourts.gov>
**Cc:** Katharine Brown <katharine.brown@coag.gov>; Linda Ruth Carter <lindaruth.carter@coag.gov>; Carmen Van Pelt <carmen.vanpelt@coag.gov>; Clayton Ankney <clayton.ankney@coag.gov>; ingrid.defranco@gmail.com <ingrid.defranco@gmail.com>
**Sent:** Friday, January 16, 2026 at 01:04:00 PM MST
**Subject:** 1:25-cv-00361-DDD filing matter - ECF No. 26

To Judge Domenico's Chambers,

It has come to our attention that the Plaintiff's (Christopher Gregory) most recent filing in case 1:25-cv-03361-DDD, ECF No. 26, and exhibits 1-11, are available to the public through PACER.

After reviewing the filings, Defendants believe that ECF No. 26 contains information required to be kept confidential under state law. Mr. Gregory apparently recognizes that the affidavit contains confidential information as well, stating in footnote 2, Paragraph 5, of ECF No. 26, that "Affiant files this Affidavit into the present case as suppressed …."

Given the Plaintiff's statement, made under penalty of perjury, that ECF 26 and its exhibits were being filed as "suppressed," the public filing appears to have been made in error.

To protect the confidentiality of information contained in ECF 26 and to reflect the Plaintiff's stated intent to file it as "suppressed," would the Court be able to direct the Clerk to immediately change ECF 26's status to "sealed" or restricted?

Very truly yours,

1

Dan Combs


Daniel M. Combs (he/him/his)

First Assistant Attorney General

Colorado Department of Law

Tort Litigation Unit

Phone: (720) 508-6625

Email: Dan.Combs@coag.gov


The statements and opinions in this email do not represent the statements and opinions of the Attorney General.

## Christopher Gregory

| | |
|---|---|
| **From:** | Dan Combs (He/Him) <Dan.Combs@coag.gov> |
| **Sent:** | Wednesday, January 14, 2026 8:43 PM |
| **To:** | Ingrid J. DeFranco |
| **Cc:** | Clayton Ankney; Katharine Brown; Linda Ruth Carter; Carmen Van Pelt; Christopher Gregory |
| **Subject:** | RE: Gregory lawsuit conferral on motion to extend time and MTD |

Thanks Ingrid.

Best,
Dan


Daniel M. Combs (he/him/his)
First Assistant Attorney General
Colorado Department of Law
Tort Litigation Unit
Phone: (720) 508-6625
Email: Dan.Combs@coag.gov

The statements and opinions in this email do not represent the statements and opinions of the Attorney General.

---

**From:** Ingrid J. DeFranco <ingrid.defranco@gmail.com>
**Sent:** Wednesday, January 14, 2026 5:22 PM
**To:** Dan Combs (He/Him) <Dan.Combs@coag.gov>
**Cc:** Clayton Ankney <Clayton.Ankney@coag.gov>; Katharine Brown <Katharine.Brown@coag.gov>; Linda Ruth Carter <LindaRuth.Carter@coag.gov>; Carmen Van Pelt <Carmen.VanPelt@coag.gov>; Christopher Gregory <cspgregory@thegregorylawfirm.net>
**Subject:** Re: Gregory lawsuit conferral on motion to extend time and MTD

Dear Mr. Coombs,

Apologies; I did not receive your earlier email.  My Gmail address duplicates into a secondary address, and it's not in either one.  We do not object to an extension.

Sincerely,

Ingrid DeFranco

Law Office of Ingrid J. DeFranco Pllc
PO Box 128 Brighton, CO 80601-0128
303.641.6812 fax: 303.558.4294

1

On Wednesday, January 14, 2026 at 04:28:35 PM MST, Dan Combs (He/Him) <dan.combs@coag.gov> wrote:

Hello Ingrid,

I'm following up on the outreach from earlier in this week. Will you please confirm you received the email, and also please provide Mr. Gregory's position on the requested extension of time, when you're first able to?

Many thanks,
Dan

Daniel M. Combs (he/him/his)

First Assistant Attorney General

Colorado Department of Law

Tort Litigation Unit

Phone: (720) 508-6625

Email: Dan.Combs@coag.gov

The statements and opinions in this email do not represent the statements and opinions of the Attorney General.

---

**From:** Dan Combs (He/Him)
**Sent:** Monday, January 12, 2026 4:21 PM
**To:** ingrid.defranco@gmail.com
**Cc:** Clayton Ankney <Clayton.Ankney@coag.gov>; Katharine Brown <Katharine.Brown@coag.gov>; Linda Ruth Carter <LindaRuth.Carter@coag.gov>; Carmen Van Pelt <Carmen.VanPelt@coag.gov>
**Subject:** Gregory lawsuit conferral on motion to extend time and MTD
**Importance:** High

Hello Ingrid,

I'm reaching out to confer on two motions: (1) Defendants' motion for two additional weeks to respond to Mr. Gregory's Complaint—from February 2, 2026, to February 16, 2026; and (2) Defendant's motion to dismiss.

- Please respond as soon as possible on the request to extend time and let us know times, after Wed. of this week, in which you're available to talk through the planned Motion to Dismiss.

*Requested extension of time:* As mentioned below in more detail, as a response to the Complaint, we are preparing a single Motion to Dismiss on behalf of all Defendants, on various grounds. We'll be asking the Court for two additional weeks to file that Motion. That request reflects the need to finalize multiple arguments and ensure the 40 Defendant clients have sufficient time to review.

*Conferral on Motion to Dismiss:* The following is meant to start the discussion about conferral on our motion, under Judge Domenico's Practice Standards. Below are the general bases for our motion to dismiss. We'd like to set up a call this week or next to answer any questions and discuss whether you think the asserted deficiencies in the complaint are correctible by amendment, as Judge Domenico requires.

Grounds for dismissal

1. Request to dismiss all claims against the CSC, CCJD, and CJDRC based on sovereign immunity. Additionally, these entities are not persons subject to suit under 42 U.S.C. §§ 1983, 1985, and 1986.

- Request to dismiss claims against individually named Defendants for violations of Colorado law, because such claims are barred under the Colorado Governmental Immunity Act and the Eleventh Amendment.
- Request to dismiss claims against Director Sullivan, who, in addition to governmental immunity, has absolute immunity from the asserted claims.
- Request to dismiss all claims for relief for failure to allege a plausible claim for relief, and failure to allege sufficient facts to support stated claims. This includes but is not limited to an argument to dismiss claims for failure to assert specific facts concerning individually named defendants, as well as arguments describing Mr. Gregory's failure to assert facts to plausibly state his enumerated claims for relief.
- Request to dismiss all claims based on generalized grievances for the "fundamental right to be heard," equal protection, and due process rights for lack of standing.
- Request to dismiss individual capacity claims under the doctrine of qualified immunity.
- Request to dismiss conspiracy claims based on failure to identify agreement between defendants and concerted action (1983, 1985), racial bias (1985(3)), or intent to deter court attendance or retaliate based on court attendance (1985(2)).
- Request to dismiss CFCA claim because it was not in effect when the alleged violation of the CFCA occurred. As such, Plaintiff cannot plead that he engaged in lawful acts in furtherance of an action brought pursuant to the CFCA or to stop a violation of the CFCA. Separately, Mr. Gregory's CFCA claim is barred by the Colorado Governmental Immunity Act.
- Plaintiff fails to state a claim for relief under any additional theory, and Plaintiff is not entitled to any form of relief based on the various grounds for dismissal.

We appreciate your consideration on these motions, and your response on the motion for extension of time as soon as you're able to.

3

Best,
Dan

Daniel M. Combs (he/him/his)

First Assistant Attorney General

Colorado Department of Law

Tort Litigation Unit

Phone: (720) 508-6625

Email: Dan.Combs@coag.gov

The statements and opinions in this email do not represent the statements and opinions of the Attorney General.

4



# The Gregory Law Firm, LLC

Christopher S.P. Gregory
Attorney at Law

cspgregory@thegregorylawfirm.net

January 15, 2026

Leslee Fathallah, Circuit Executive
United States Courts for the Tenth Circuit
Office of the Circuit Executive
1823 Stout Street
Denver, CO 80257
**Judicial Misconduct Proceedings**

Re: *Christopher Gregory v. District Judge Daniel Domenico*--Jud. Complaint No. 10-25-90048 (10th Cir.)—Notice of Supplemental Case Filings

Dear Ms. Fathallah:

Please advise the 10th Circuit Judicial Council that an "Affidavit of Judicial Bias or Prejudice According to 28 U.S.C. § 144," ECF No. 26, and accompanying Exhibits 1-11 have been filed into *Gregory v. Colo. Jud. Discipline Rulemaking Comm., et al.*, 1:25-cv-03361-DDD (D. Colo.). It is my understanding that the Judicial Council has direct access to these documents, which are relevant to the assignment of the above-referenced judicial misconduct complaint to an alternative circuit's judicial council according to 10th Cir. JCR 26. If you do not have access to the documents, please let me know so that I can provide the Judicial Council with a copy.

Additionally, please acknowledge receipt and filing of this Notice of Supplemental Information as well as the "Supplemental Grounds for Transfer of Proceeding to Alternative Circuit—10th Cir. JCR 26," which was mailed to you on November 11, 2025.

I greatly appreciate your assistance in this process. Please do not hesitate to let me know if you have any questions or if you need any additional information.

Sincerely,

Christopher S.P. Gregory

**PLAINTIFF'S EXHIBIT**

**2**

201 Coffman St., #1822, Longmont, CO 80502
● 970-648-0642 ● Fax: 970-648-0643 ●



# The Gregory Law Firm, LLC

Christopher S.P. Gregory
Attorney at Law

cspgregory@thegregorylawfirm.net

January 15, 2026

Leslee Fathallah, Circuit Executive
United States Courts for the Tenth Circuit
Office of the Circuit Executive
1823 Stout Street
Denver, CO 80257
**Judicial Misconduct Proceedings**

Re: *Christopher Gregory v. Chief Circuit Judge Jerome A. Holmes*--Jud. Complaint No. 10-25-90070 (10th Cir.)—Notice of Supplemental Case Filings

Dear Ms. Fathallah:

Please advise the 10th Circuit Judicial Council that an "Affidavit of Judicial Bias or Prejudice According to 28 U.S.C. § 144," ECF No. 26, and accompanying Exhibits 1-11 have been filed into *Gregory v. Colo. Jud. Discipline Rulemaking Comm., et al.*, 1:25-cv-03361-DDD (D. Colo.). It is my understanding that the Judicial Council has direct access to these documents, which are relevant to the assignment of the above-referenced judicial misconduct complaint to an alternative circuit's judicial council according to 10th Cir. JCR 26. If you do not have access to the documents, please let me know so that I can provide the Judicial Council with a copy.

Additionally, please acknowledge receipt and filing of this Notice of Supplemental Information as well as the "Supplemental Grounds for Transfer to Alternate Circuit's Judicial [Council]," which was mailed to you on November 11, 2025.

I greatly appreciate your assistance in this process. Please do not hesitate to let me know if you have any questions or if you need any additional information.

Sincerely,

Christopher S.P. Gregory

201 Coffman St., #1822, Longmont, CO 80502
● 970-648-0642 ● Fax: 970-648-0643 ●



# The Gregory Law Firm, LLC

Christopher S.P. Gregory
Attorney at Law

cspgregory@thegregorylawfirm.net

January 20, 2026

Leslee Fathallah, Circuit Executive
United States Courts for the Tenth Circuit
Office of the Circuit Executive
1823 Stout Street
Denver, CO 80257
**Judicial Misconduct Proceedings**

Re: *Christopher Gregory v. District Judge Daniel Domenico*--Jud. Complaint No. 10-25-90048
(10th Cir.)—Notice of Supplemental Case Filings

Dear Ms. Fathallah:

Please advise the 10th Circuit Judicial Council that an "Affidavit of Judicial Bias or Prejudice
According to 28 U.S.C. § 144," ECF No. 65, and accompanying Exhibits 1-11 have been filed
into                                                  1:25-cv-00190-DDD-STV (D. Colo.)
(sealed).  It is my understanding that the Judicial Council has direct access to these documents,
which are relevant to the assignment of the above-referenced judicial misconduct complaint to an
alternative circuit's judicial council according to 10th Cir. JCR 26.  If you do not have access to
the documents, please let me know so that I can provide the Judicial Council with a copy.

Additionally, please acknowledge receipt and filing of this Notice of Supplemental Information,
my previous Notice of Supplemental Information (dated January 15, 2026), and the
"Supplemental Grounds for Transfer of Proceeding to Alternative Circuit—10th Cir. JCR 26,"
which was mailed to you on November 11, 2025.

I greatly appreciate your assistance in this process.  Please do not hesitate to let me know if you
have any questions or if you need any additional information.

Sincerely,

Christopher S.P. Gregory

201 Coffman St., #1822, Longmont, CO 80502
● 970-648-0642 ● Fax: 970-648-0643 ●



# The Gregory Law Firm, LLC

Christopher S.P. Gregory
Attorney at Law

cspgregory@thegregorylawfirm.net

January 20, 2026

Leslee Fathallah, Circuit Executive
United States Courts for the Tenth Circuit
Office of the Circuit Executive
1823 Stout Street
Denver, CO 80257
**Judicial Misconduct Proceedings**

Re: *Christopher Gregory v. Chief Circuit Judge Jerome A. Holmes*--Jud. Complaint
No. 10-25-90070 (10th Cir.)—Notice of Supplemental Case Filings

Dear Ms. Fathallah:

Please advise the 10th Circuit Judicial Council that an "Affidavit of Judicial Bias or Prejudice According to 28 U.S.C. § 144," ECF No. 65, and accompanying Exhibits 1-11 have been filed into                                         1:25-cv-00190-DDD-STV (D. Colo.) (sealed).  It is my understanding that the Judicial Council has direct access to these documents, which are relevant to the assignment of the above-referenced judicial misconduct complaint to an alternative circuit's judicial council according to 10th Cir. JCR 26.  If you do not have access to the documents, please let me know so that I can provide the Judicial Council with a copy.

Additionally, please acknowledge receipt and filing of this Notice of Supplemental Information, my previous Notice of Supplemental Information (dated January 15, 2026), and the "Supplemental Grounds for Transfer to Alternate Circuit's Judicial [Council]," which was mailed to you on November 11, 2025.

I greatly appreciate your assistance in this process.  Please do not hesitate to let me know if you have any questions or if you need any additional information.

Sincerely,

Christopher S.P. Gregory

---

201 Coffman St., #1822, Longmont, CO 80502
● 970-648-0642 ● Fax: 970-648-0643 ●



# The Gregory Law Firm, LLC

Christopher S.P. Gregory
Attorney at Law

cspgregory@thegregorylawfirm.net

February 2, 2026

Circuit Executive Leslee Fathallah
Office of the Circuit Executive
United States Courts for the Tenth Circuit
1823 Stout Street
Denver, Colorado 80257
**Complaint of Misconduct**

Dear Ms. Fathallah:

Enclosed please find a complaint of judicial misconduct as to U.S. District Court for the District of Colorado Judge Daniel D. Domenico.  I acknowledge that the 7-page length of the statement of facts exceeds the 5-page limit provided by 10th Cir. JCR 6.1.  Nevertheless, I have provided a "concise statement that details the specific facts on which the claim of misconduct . . . is based." Accordingly, I respectfully request that you exercise your discretion to accept the statement as proposed.  *Id.*

Thank you for your assistance in filing this complaint.  Please do not hesitate to contact me if you have any questions or if you need additional information.

Sincerely,

Christopher S.P. Gregory, esq.
Enclosure

PLAINTIFF'S EXHIBIT
3

201 Coffman St., #1822, Longmont, CO 80502
● 970-648-0642 ● Fax: 970-648-0643 ●

AO 310  (Rev. 03/16)

<div align="center">

Judicial Council of the _____Tenth_____ Circuit

### COMPLAINT OF JUDICIAL MISCONDUCT OR DISABILITY

</div>

        To begin the complaint process, complete this form and prepare the brief statement of facts described in item 4 (below).  The RULES FOR JUDICIAL-CONDUCT AND JUDICIAL-DISABILITY PROCEEDINGS, adopted by the Judicial Conference of the United States, contain information on what to include in a complaint (Rule 6), where to file a complaint (Rule 7), and other important matters.  The Rules are available in federal court clerks' offices, on individual federal courts' websites, and on www.uscourts.gov.

Your complaint (this form and the statement of facts) should be typewritten and must be legible.  For the number of copies to file, consult the local rules or clerk's office of the court in which your complaint is required to be filed. Enclose each copy of the complaint in an envelope marked "COMPLAINT OF MISCONDUCT" or "COMPLAINT OF DISABILITY" and submit it to the appropriate clerk of court.  **Do not put the name of any judge on the envelope.**

**1.**    Name of Complainant:    Christopher S.P. Gregory

        Contact Address:    The Gregory Law Firm, LLC
                                    201 Coffman, #1822
                                    Longmont, CO 80502

        Daytime telephone:    (  970  ) 648-0642

**2.**    Name(s) of Judge(s):    Daniel D. Domenico

        Court:    The United States District Court for the District of Colorado

**3.**    Does this complaint concern the behavior of the judge(s) in a particular lawsuit or lawsuits?

        [✔] Yes        [ ] No

    If "yes," give the following information about each lawsuit:

    Court:    The United States District Court for the District of Colorado

    Case Number:    1:25-cv-00190-DDD-STV & 1:25-cv-03361-DDD

    Docket number of any appeal to the _____ Circuit: _____

    Are (were) you a party or lawyer in the lawsuit?

    [✔] Party    [✔] Lawyer    [ ] Neither

    If you are (were) a party and have (had) a lawyer, give the lawyer's name, address, and telephone number:

    Co-Counsel: Ingrid DeFranco, P.O. Box 128, Brighton, CO 80601, (303) 641-6812.

<div align="center">

Page 1 of  2

</div>

AO 310  (Rev. 03/16)

Judicial Council of the _____ Tenth _____ Circuit

## COMPLAINT OF JUDICIAL MISCONDUCT OR DISABILITY

**4.      Brief Statement of Facts.**  Attach a brief statement of the specific facts on which the claim of judicial misconduct or disability is based.  Include what happened, when and where it happened, and any information that would help an investigator check the facts.  If the complaint alleges judicial disability, also include any additional facts that form the basis of that allegation.

**5.      Declaration and signature:**

I declare under penalty of perjury that the statements made in this complaint are true and correct to the best of my knowledge.

Signature: _____     Date: _____02/02/2026_____

Page 2 of  2

**Statement of Facts**

10th Cir. JCR 11(c)(2) allows for the filing of subsequent additional judicial misconduct complaints which contain "material information not previously considered and [that do] not constitute harassment of the subject judge."

Following District Judge Daniel D. Domenico's adverse rulings in Case No. 1:25-cv-00190-DDD-STV (D. Colo.) (Sealed), Complainant filed a judicial misconduct complaint docketed as *Christopher Gregory v. District Judge Daniel Domenico*, Judicial Complaint No. 10-25-90048. Upon receiving it on or about August 7, 2025, the 10th Circuit Executive distributed the judicial misconduct complaint to Chief Circuit Judge Jerome A. Holmes, Chief District Judge Philip A. Brimmer, and District Judge Daniel Domenico. The judicial misconduct complaint alleges that Judge Domenico violated Canons 1, 2, and 3 of the Code of Conduct for United States Judges (the federal Code) by knowingly withholding grounds for his mandatory disqualification, by failing to disqualify himself, and by abusing his judicial authority to achieve a case outcome favorable to personal "friends" that Judge Domenico had previously self-identified in another high-profile case. *See Bella Health and Wellness, et al. v. Phil Weiser, et al.*, 23-cv-00939-DDD-SKC (D. Colo.), ECF No. 51, pp. 5:25-7:1.

After filing the judicial misconduct complaint, Complainant filed a F.R.C.P. 59(e) motion in Case No. 1:25-cv-00190-DDD-STV to seek relief from Judge Domenico's adverse rulings and objectively demonstrable actual bias. Even though Complainant's judicial misconduct complaint against Judge Domenico asserted grounds for Chief Judge Holmes's disqualification from its consideration, Chief Judge Holmes refused to recuse himself or to address Complainant's concurrent request for referral of the judicial misconduct complaint to a different circuit's judicial council according to 10th Cir. JCR 26. Rather, Chief Judge Holmes proceeded to engage

-1-

in *ex parte* communications with Judge Domenico and to ultimately issue a September 22, 2025 "Memorandum & Order" dismissing the judicial misconduct complaint without addressing the merits of Complainant's allegations of Judge Domenico's misconduct. As later discovered in another "Memorandum & Order" (issued on September 11, 2025 in an unrelated judicial misconduct case—Judicial Complaint No. 10-25-90049), Chief Circuit Judge Holmes's practice of resolving judicial misconduct complaints through undisclosed *ex parte* communications with the subject judge is itself part of a pattern of Judge Holmes repeatedly violating Canon 3(A)(4) of the federal Code.[1]

Complainant responded to Judge Holmes's Memorandum & Order by filing an attorney discipline complaint with the U.S. District Court for the District of Colorado's Committee on Conduct and the Court of Appeals for the 10th Circuit on September 30, 2025. The attorney discipline complaint was filed against some of the Justices of the Colorado Supreme Court and other involved attorneys admitted to practice before the U.S. District Court and/or the 10th Circuit Court of Appeals. The District Court's Committee on Conduct has docketed the complaint as Case No. 25-cc-3, but neither the 10th Circuit Court of Appeals nor Chief Circuit Judge Holmes have acknowledged receiving the dually-filed complaint. After filing the attorney discipline complaint, Complainant brought a separate federal civil rights and Colorado False Claims Act (CFCA) retaliation action in the U.S. District Court. *Gregory v. Colo. Jud. Discipline Rulemaking Comm., et al.*, 1:25-cv-03361-DDD (D. Colo.). Shortly after bringing *Gregory*, Complainant also filed a timely petition for review under 10th Cir. JCR 18(a).

---

[1] Judge Holmes's practice of dismissing judicial misconduct on the representations of the subject judge alone is also inconsistent with the Judicial Conference Committee's Standard 5, which provides, in part: "[A]n allegation is not 'conclusively refuted by objective evidence' simply because the judge complained against denies it." Implementation of the Judicial Conduct and Disability Act of 1980: A Report to the Chief Justice, 239 F.R.D. 116, 243 (app. 3) (2006).

Concurrently, Complainant filed a judicial misconduct complaint against Chief Circuit Judge

Holmes because of his refusal to disqualify himself from Judicial Complaint No. 10-25-90048.

*Christopher Gregory v. Chief Circuit Judge Jerome A. Holmes*, Judicial Complaint No. 10-25-

90070.[2]

Despite Complainant specifically averring Judge Domenico's actual bias as part of the

Verified Complaint and Jury Demand in *Gregory*, Judge Domenico again accepted assignment

of the case and refused to voluntarily recuse himself.  *Gregory*, ECF No. 1, p. 6 fn. 3; ECF No. 6.

Judge Domenico's refusal to disqualify himself has persisted despite Complainant moving to

require Judge Domenico to state the grounds for his disqualification in writing, as required by

D.C.Colo.LCivR 40.1(f) and Complainant filing a notice of supplemental grounds for Judge

Domenico's disqualification.  *Gregory*, ECF Nos. 7 and 12.

Most recently, Complainant filed "Affidavit[s] of Judicial Bias or Prejudice According to

28 U.S.C. § 144 and Certificate[s] of Counsel" into both Case No. 1:25-cv-00190-DDD-STV

and *Gregory*.  Upon the filing of a timely and formally sufficient affidavit under 28 U.S.C. §

144, a judge's disqualification is immediate, mandatory, and automatic.  28 U.S.C. § 144

provides in relevant part:

> Whenever a party to any proceeding in a district court makes and
> files a timely and sufficient affidavit that the judge before whom
> the matter is pending has a personal bias or prejudice either against
> him or in favor of any adverse party, ***such judge shall proceed no
> further therein, but another judge shall be assigned to hear such
> proceeding.*** (Emphasis added).

---

[2] Complainant notes that the benchmark 60-day deadline for initial action on this complaint has passed.  Implementation of the Judicial Conduct and Disability Act of 1980: A Report to the Chief Justice, 239 F.R.D. 116, 238-39 (app. 3—Standard 1) (2006).

-3-

Notice of the filing of the Affidavits was provided to the 10th Circuit Executive through letters dated January 15, 2026 and January 20, 2026.  Although both letters requested acknowledgement of receipt, such acknowledgment has not been provided.  Presumably, copies of the notice letters have been provided to Chief District Judge Brimmer, Judge Domenico, and Chief Circuit Judge Holmes.  The Affidavits set forth grounds for the temporary assignment of an alternate Chief Circuit Judge and an alternate Circuit Justice to facilitate the assignment of a district judge from outside the 10th Circuit to hear Case No. 1:25-cv-00190-DDD-STV and *Gregory*.  *Gregory*, ECF No. 26, p. 3 fn. 1; *see* 28 U.S.C. § 292(b), (d) (defining mechanisms/procedures for the assignment of conflict-free district judges from an outside district or, alternatively, an outside circuit).

Despite an unequivocal duty to disqualify himself from both Case No. 1:25-cv-00190-DDD-STV and *Gregory*, Judge Domenico continues to sit in those cases, including issuing an order limiting public access to the Affidavit filed in *Gregory*.  *Gregory*, ECF No. 28.  Motions by the Defendants seeking to continue restricting public access to the Affidavit and to prospectively censor and restrict Complainant's future case filings in *Gregory* are now pending.  ECF Nos. 29 and 30.  Complainant is responding with a motion to strike the motions to restrict based upon the lack of good faith conferral under D.C.COLO.LCivR 7.1(a) and the Defendants' knowing facilitation of Judge Domenico's violation of 28 U.S.C. § 144 and 28 U.S.C. § 455(a), (b).  Copies of the Affidavits and the Motion to Strike in *Gregory* are provided with the present judicial misconduct complaint for the convenience of the Judicial Council.  Complainant, however, understands that the Judicial Council has access to the complete court filings in both Case No. 1:25-cv-00190-DDD-STV and *Gregory*.

Because Judge Domenico continues in his persistent refusal to disqualify himself as otherwise required by Canons 1, 2(A)-(B), and 3(A)(4), 3(B)(6), 3(C)-(D) of the federal Code, 28 U.S.C. § 144, and 28 U.S.C. § 455(a), (b), Complainant's only legal recourse will be to petition the 10th Circuit for a writ of mandamus. It deserves to be noted that, in the seminal case on this issue, Chief Circuit Judge Holmes (in his then-role as an Assistant U.S. Attorney) opposed the ultimately ordered disqualification of the district judge according to 28 U.S.C. § 455(a). *Nichols v. Alley*, 71 F.3d 347 (10th Cir. 1995).

Both District Judge Domenico and Chief Circuit Judge Holmes are overtly defying their mandatory disqualification obligations under Canon 3(C)(1) and 28 U.S.C. § 455(a), (b). District Judge Domenico is further disregarding his mandatory and otherwise automatic disqualification obligation under 28 U.S.C. § 144. The Judges' refusal to disqualify themselves further involves a lack of candor and their shared refusal to fully disclose the existence and nature of their relationships with Defendants and material witnesses involved in the underlying cases, Case No. 1:25-cv-00190-DDD-STV and *Gregory*.

"In the public interest," Chief Circuit Judge Holmes has the authority under 28 U.S.C. § 292(a) to reassign the underlying cases to a district judge from another district within the 10th Circuit. Judge Holmes refused to exercise this authority. Moreover, under 28 U.S.C. § 292(d), Chief Circuit Judge Holmes has discretion to submit a "certificate of necessity" to request that Chief Justice John Roberts reassign the underlying cases to a district judge from outside of the 10th Circuit. Judge Holmes, has likewise, refused to exercise this discretion and/or to disqualify himself from exercising his authority and discretion under 28 U.S.C. § 292(a), (d). For reasons that also remain unclear, Chief Circuit Judge Holmes and the 10th Circuit Judicial Council have

-5-

not requested that Chief Justice John Roberts transfer Judicial Complaint Nos. 10-25-90048 and

10-25-90070 to another judicial council as allowed under 10th Cir. JCR 26.

Chief Circuit Judge Holmes's and District Judge Domenico's persistent refusals to

disqualify themselves meet the definition of "Cognizable Misconduct" as "conduct prejudicial to

the effective and expeditious administration of the business of the courts." 10th Cir. JCR 4(a);

*see also* 28 U.S.C. § 351(a) (defining "conduct prejudicial to the effective and expeditious

administration of the business of the courts" as threshold for judicial misconduct complaints).

Specifically, the persistent refusals to disqualify 1) violate specific standards of judicial conduct,

including: using the judge's office to obtain special treatment for friends and engaging in

improper *ex parte* communications with parties or counsel for one side in a case, 2) are abusive

and harassing behavior, specifically treating litigants, attorneys, and others in a demonstrably

egregious and hostile manner, 3) are a form of retaliation against Complainant for engaging in

the complaint process and reporting judicial misconduct, 4) are interference and/or a failure to

comply with the complaint process, and 5) are a failure to report, disclose, or appropriately

respond to reliable information of judicial misconduct. 10th Cir. JCR 4(a)(1)(A),(C), 4(a)(2)(B),

4(a)(4), 4(a)(5), 4(a)(6).

The fact that Chief Circuit Judge Holmes and District Judge Domenico have each failed

to candidly disclose grounds for their respective disqualifications suggests their refusals to

disqualify arose from improper motives, which is a proper non-merits-related basis for judicial

discipline. *Compare* 10th Cir. JCR 4(b)(1) (recognizing refusals to disqualify ordinarily as

merits-related determinations) *with* Implementation of the Judicial Conduct and Disability Act of

1980: A Report to the Chief Justice, 239 F.R.D. 116, 222, 239-40 (app. 3) (2006).[3] Chief Circuit

---

[3] The 2006 report quotes Standard 2 of the Judicial Conference's Committee Standards:

-6-

Judge Holmes has himself drawn this distinction between merits and non-merits related

disqualification decisions in his Memorandum & Order dismissing Judicial Complaint No. 10-

25-90049.   District Judge Domenico's intentional disregard of his mandatory obligation to

recuse himself following Complainant's submission of a timely and formally sufficient affidavit

under 28 U.S.C. § 144 is a further basis to recognize that the cognizable misconduct alleged in

this supplemental complaint is non-merits related and simply Judge Domenico's refusal to

comply with the law.

Respectfully, Complainant has satisfied his initial burden of presenting sufficient

evidence to raise an inference that misconduct has occurred.  *See* 10th Cir. JCR 11(1)(D)

(recognizing Chief Circuit Judge's discretion to dismiss a complaint based upon allegations that

lack "sufficient evidence to raise an inference that misconduct has occurred").  It is appropriate

for the 10th Circuit Judicial Council to request that Chief Justice John Roberts transfer the present

complaint, as well as Judicial Complaint Nos. 10-25-90048 and 10-25-90070 to another judicial

council as allowed under 10th Cir. JCR 26.  *See also* Implementation of the Judicial Conduct and

Disability Act of 1980: A Report to the Chief Justice, 239 F.R.D. 116, 214-215 (2006)

(providing recommendations for circumstances where a transfer to another judicial council is

appropriate).  Further consideration of these Complaints by the 10th Circuit Judicial Council will

create appearances of impropriety in violation of Canons 1 and 2(A) of the federal Code.

---

> A mere allegation that a judge should have recused is merits-
> related; the proper recourse is for a party to file a motion to recuse.
> ***The very different allegation that the judge failed to recuse for
> illicit reasons—i.e., not that the judge erred in not recusing, but
> that the judge knew he should recuse but deliberately failed to do
> so for illicit purposes—is not merits-related.*** Such allegations are
> almost always dismissed for lack of factual substantiation.
> (Emphasis added).

-7-



# The Gregory Law Firm, LLC

Christopher S.P. Gregory
Attorney at Law

cspgregory@thegregorylawfirm.net

February 2, 2026

Circuit Executive Leslee Fathallah
Office of the Circuit Executive
United States Courts for the Tenth Circuit
1823 Stout Street
Denver, Colorado 80257
**Complaint of Misconduct**

Dear Ms. Fathallah:

Enclosed please find a complaint of judicial misconduct as to 10th Circuit Chief Judge Jerome B. Holmes.  I acknowledge that the 7-page length of the statement of facts exceeds the 5-page limit provided by 10th Cir. JCR 6.1.  Nevertheless, I have provided a "concise statement that details the specific facts on which the claim of misconduct . . . is based."  Accordingly, I respectfully request that you exercise your discretion to accept the statement as proposed.  *Id.*

Thank you for your assistance in filing this complaint.  Please do not hesitate to contact me if you have any questions or if you need additional information.

Sincerely,

Christopher S.P. Gregory, esq.
Enclosure

201 Coffman St., #1822, Longmont, CO 80502
● 970-648-0642 ● Fax: 970-648-0643 ●

AO 310  (Rev. 03/16)

Judicial Council of the _____ Tenth _____ Circuit

## COMPLAINT OF JUDICIAL MISCONDUCT OR DISABILITY

To begin the complaint process, complete this form and prepare the brief statement of facts described in item 4 (below).  The RULES FOR JUDICIAL-CONDUCT AND JUDICIAL-DISABILITY PROCEEDINGS, adopted by the Judicial Conference of the United States, contain information on what to include in a complaint (Rule 6), where to file a complaint (Rule 7), and other important matters.  The Rules are available in federal court clerks' offices, on individual federal courts' websites, and on www.uscourts.gov.

Your complaint (this form and the statement of facts) should be typewritten and must be legible.  For the number of copies to file, consult the local rules or clerk's office of the court in which your complaint is required to be filed. Enclose each copy of the complaint in an envelope marked "COMPLAINT OF MISCONDUCT" or "COMPLAINT OF DISABILITY" and submit it to the appropriate clerk of court.  **Do not put the name of any judge on the envelope.**

1. Name of Complainant: Christopher S.P. Gregory

   Contact Address: The Gregory Law Firm, LLC
   201 Coffman, #1822
   Longmont, CO 80502

   Daytime telephone: ( 970 ) 648-0642

2. Name(s) of Judge(s): Chief Judge Jerome A. Holmes

   Court: 10th Circuit

3. Does this complaint concern the behavior of the judge(s) in a particular lawsuit or lawsuits?

   ✔ Yes      ☐ No

   If "yes," give the following information about each lawsuit:

   Court: 10th Circuit

   Case Number: Judicial Complaint Nos. 10-25-90048 and 10-25-90070

   Docket number of any appeal to the _____ Circuit: _____

   Are (were) you a party or lawyer in the lawsuit?

   ✔ Party      ✔ Lawyer      ☐ Neither

   If you are (were) a party and have (had) a lawyer, give the lawyer's name, address, and telephone number:

Page 1 of  2

AO 310  (Rev. 03/16)

Judicial Council of the        Tenth        Circuit

## COMPLAINT OF JUDICIAL MISCONDUCT OR DISABILITY

**4.** **Brief Statement of Facts.**  Attach a brief statement of the specific facts on which the claim of judicial misconduct or disability is based.  Include what happened, when and where it happened, and any information that would help an investigator check the facts.  If the complaint alleges judicial disability, also include any additional facts that form the basis of that allegation.

**5.** **Declaration and signature:**

I declare under penalty of perjury that the statements made in this complaint are true and correct to the best of my knowledge.

Signature: _____        Date: _____02/02/2026_____

Page 2 of  2

**Print**        **Save As...**                                **Reset**

**Statement of Facts**

10th Cir. JCR 11(c)(2) allows for the filing of subsequent additional judicial misconduct complaints which contain "material information not previously considered and [that do] not constitute harassment of the subject judge."

Following District Judge Daniel D. Domenico's adverse rulings in Case No. 1:25-cv-00190-DDD-STV (D. Colo.) (Sealed), Complainant filed a judicial misconduct complaint docketed as *Christopher Gregory v. District Judge Daniel Domenico*, Judicial Complaint No. 10-25-90048. Upon receiving it on or about August 7, 2025, the 10th Circuit Executive distributed the judicial misconduct complaint to Chief Circuit Judge Jerome A. Holmes, Chief District Judge Philip A. Brimmer, and District Judge Daniel Domenico. The judicial misconduct complaint alleges that Judge Domenico violated Canons 1, 2, and 3 of the Code of Conduct for United States Judges (the federal Code) by knowingly withholding grounds for his mandatory disqualification, by failing to disqualify himself, and by abusing his judicial authority to achieve a case outcome favorable to personal "friends" that Judge Domenico had previously self-identified in another high-profile case. *See Bella Health and Wellness, et al. v. Phil Weiser, et al.*, 23-cv-00939-DDD-SKC (D. Colo.), ECF No. 51, pp. 5:25-7:1.

After filing the judicial misconduct complaint, Complainant filed a F.R.C.P. 59(e) motion in Case No. 1:25-cv-00190-DDD-STV to seek relief from Judge Domenico's adverse rulings and objectively demonstrable actual bias. Even though Complainant's judicial misconduct complaint against Judge Domenico asserted grounds for Chief Judge Holmes's disqualification from its consideration, Chief Judge Holmes refused to recuse himself or to address Complainant's concurrent request for referral of the judicial misconduct complaint to a different circuit's judicial council according to 10th Cir. JCR 26. Rather, Chief Judge Holmes proceeded to engage

-1-

in *ex parte* communications with Judge Domenico and to ultimately issue a September 22, 2025 "Memorandum & Order" dismissing the judicial misconduct complaint without addressing the merits of Complainant's allegations of Judge Domenico's misconduct. As later discovered in another "Memorandum & Order" (issued on September 11, 2025 in an unrelated judicial misconduct case—Judicial Complaint No. 10-25-90049), Chief Circuit Judge Holmes's practice of resolving judicial misconduct complaints through undisclosed *ex parte* communications with the subject judge is itself part of a pattern of Judge Holmes repeatedly violating Canon 3(A)(4) of the federal Code.[1]

Complainant responded to Judge Holmes's Memorandum & Order by filing an attorney discipline complaint with the U.S. District Court for the District of Colorado's Committee on Conduct and the Court of Appeals for the 10th Circuit on September 30, 2025. The attorney discipline complaint was filed against some of the Justices of the Colorado Supreme Court and other involved attorneys admitted to practice before the U.S. District Court and/or the 10th Circuit Court of Appeals. The District Court's Committee on Conduct has docketed the complaint as Case No. 25-cc-3, but neither the 10th Circuit Court of Appeals nor Chief Circuit Judge Holmes have acknowledged receiving the dually-filed complaint. After filing the attorney discipline complaint, Complainant brought a separate federal civil rights and Colorado False Claims Act (CFCA) retaliation action in the U.S. District Court. *Gregory v. Colo. Jud. Discipline Rulemaking Comm., et al.*, 1:25-cv-03361-DDD (D. Colo.). Shortly after bringing *Gregory*, Complainant also filed a timely petition for review under 10th Cir. JCR 18(a).

---

[1] Judge Holmes's practice of dismissing judicial misconduct on the representations of the subject judge alone is also inconsistent with the Judicial Conference Committee's Standard 5, which provides, in part: "[A]n allegation is not 'conclusively refuted by objective evidence' simply because the judge complained against denies it." Implementation of the Judicial Conduct and Disability Act of 1980: A Report to the Chief Justice, 239 F.R.D. 116, 243 (app. 3) (2006).

Concurrently, Complainant filed a judicial misconduct complaint against Chief Circuit Judge

Holmes because of his refusal to disqualify himself from Judicial Complaint No. 10-25-90048.

*Christopher Gregory v. Chief Circuit Judge Jerome A. Holmes*, Judicial Complaint No. 10-25-

90070.[2]

Despite Complainant specifically averring Judge Domenico's actual bias as part of the

Verified Complaint and Jury Demand in *Gregory*, Judge Domenico again accepted assignment

of the case and refused to voluntarily recuse himself.  *Gregory*, ECF No. 1, p. 6 fn. 3; ECF No. 6.

Judge Domenico's refusal to disqualify himself has persisted despite Complainant moving to

require Judge Domenico to state the grounds for his disqualification in writing, as required by

D.C.Colo.LCivR 40.1(f) and Complainant filing a notice of supplemental grounds for Judge

Domenico's disqualification.  *Gregory*, ECF Nos. 7 and 12.

Most recently, Complainant filed "Affidavit[s] of Judicial Bias or Prejudice According to

28 U.S.C. § 144 and Certificate[s] of Counsel" into both Case No. 1:25-cv-00190-DDD-STV

and *Gregory*.  Upon the filing of a timely and formally sufficient affidavit under 28 U.S.C. §

144, a judge's disqualification is immediate, mandatory, and automatic.  28 U.S.C. § 144

provides in relevant part:

> Whenever a party to any proceeding in a district court makes and
> files a timely and sufficient affidavit that the judge before whom
> the matter is pending has a personal bias or prejudice either against
> him or in favor of any adverse party, ***such judge shall proceed no
> further therein, but another judge shall be assigned to hear such
> proceeding.*** (Emphasis added).

---

[2] Complainant notes that the benchmark 60-day deadline for initial action on this complaint has
passed.  Implementation of the Judicial Conduct and Disability Act of 1980: A Report to the
Chief Justice, 239 F.R.D. 116, 238-39 (app. 3—Standard 1) (2006).

Notice of the filing of the Affidavits was provided to the 10th Circuit Executive through letters dated January 15, 2026 and January 20, 2026. Although both letters requested acknowledgement of receipt, such acknowledgment has not been provided. Presumably, copies of the notice letters have been provided to Chief District Judge Brimmer, Judge Domenico, and Chief Circuit Judge Holmes. The Affidavits set forth grounds for the temporary assignment of an alternate Chief Circuit Judge and an alternate Circuit Justice to facilitate the assignment of a district judge from outside the 10th Circuit to hear Case No. 1:25-cv-00190-DDD-STV and *Gregory*. *Gregory*, ECF No. 26, p. 3 fn. 1; *see* 28 U.S.C. § 292(b), (d) (defining mechanisms/procedures for the assignment of conflict-free district judges from an outside district or, alternatively, an outside circuit).

Despite an unequivocal duty to disqualify himself from both Case No. 1:25-cv-00190-DDD-STV and *Gregory*, Judge Domenico continues to sit in those cases, including issuing an order limiting public access to the Affidavit filed in *Gregory*. *Gregory*, ECF No. 28. Motions by the Defendants seeking to continue restricting public access to the Affidavit and to prospectively censor and restrict Complainant's future case filings in *Gregory* are now pending. ECF Nos. 29 and 30. Complainant is responding with a motion to strike the motions to restrict based upon the lack of good faith conferral under D.C.COLO.LCivR 7.1(a) and the Defendants' knowing facilitation of Judge Domenico's violation of 28 U.S.C. § 144 and 28 U.S.C. § 455(a), (b). Copies of the Affidavits and the Motion to Strike in *Gregory* are provided with the present judicial misconduct complaint for the convenience of the Judicial Council. Complainant, however, understands that the Judicial Council has access to the complete court filings in both Case No. 1:25-cv-00190-DDD-STV and *Gregory*.

-4-

Because Judge Domenico continues in his persistent refusal to disqualify himself as otherwise required by Canons 1, 2(A)-(B), and 3(A)(4), 3(B)(6), 3(C)-(D) of the federal Code, 28 U.S.C. § 144, and 28 U.S.C. § 455(a), (b), Complainant's only legal recourse will be to petition the 10th Circuit for a writ of mandamus. It deserves to be noted that, in the seminal case on this issue, Chief Circuit Judge Holmes (in his then-role as an Assistant U.S. Attorney) opposed the ultimately ordered disqualification of the district judge according to 28 U.S.C. § 455(a). *Nichols v. Alley*, 71 F.3d 347 (10th Cir. 1995).

Both District Judge Domenico and Chief Circuit Judge Holmes are overtly defying their mandatory disqualification obligations under Canon 3(C)(1) and 28 U.S.C. § 455(a), (b). District Judge Domenico is further disregarding his mandatory and otherwise automatic disqualification obligation under 28 U.S.C. § 144. The Judges' refusal to disqualify themselves further involves a lack of candor and their shared refusal to fully disclose the existence and nature of their relationships with Defendants and material witnesses involved in the underlying cases, Case No. 1:25-cv-00190-DDD-STV and *Gregory*.

"In the public interest," Chief Circuit Judge Holmes has the authority under 28 U.S.C. § 292(a) to reassign the underlying cases to a district judge from another district within the 10th Circuit. Judge Holmes refused to exercise this authority. Moreover, under 28 U.S.C. § 292(d), Chief Circuit Judge Holmes has discretion to submit a "certificate of necessity" to request that Chief Justice John Roberts reassign the underlying cases to a district judge from outside of the 10th Circuit. Judge Holmes, has likewise, refused to exercise this discretion and/or to disqualify himself from exercising his authority and discretion under 28 U.S.C. § 292(a), (d). For reasons that also remain unclear, Chief Circuit Judge Holmes and the 10th Circuit Judicial Council have

-5-

not requested that Chief Justice John Roberts transfer Judicial Complaint Nos. 10-25-90048 and 10-25-90070 to another judicial council as allowed under 10th Cir. JCR 26.

Chief Circuit Judge Holmes's and District Judge Domenico's persistent refusals to disqualify themselves meet the definition of "Cognizable Misconduct" as "conduct prejudicial to the effective and expeditious administration of the business of the courts." 10th Cir. JCR 4(a); *see also* 28 U.S.C. § 351(a) (defining "conduct prejudicial to the effective and expeditious administration of the business of the courts" as threshold for judicial misconduct complaints). Specifically, the persistent refusals to disqualify 1) violate specific standards of judicial conduct, including: using the judge's office to obtain special treatment for friends and engaging in improper *ex parte* communications with parties or counsel for one side in a case, 2) are abusive and harassing behavior, specifically treating litigants, attorneys, and others in a demonstrably egregious and hostile manner, 3) are a form of retaliation against Complainant for engaging in the complaint process and reporting judicial misconduct, 4) are interference and/or a failure to comply with the complaint process, and 5) are a failure to report, disclose, or appropriately respond to reliable information of judicial misconduct. 10th Cir. JCR 4(a)(1)(A),(C), 4(a)(2)(B), 4(a)(4), 4(a)(5), 4(a)(6).

The fact that Chief Circuit Judge Holmes and District Judge Domenico have each failed to candidly disclose grounds for their respective disqualifications suggests their refusals to disqualify arose from improper motives, which is a proper non-merits-related basis for judicial discipline. *Compare* 10th Cir. JCR 4(b)(1) (recognizing refusals to disqualify ordinarily as merits-related determinations) *with* Implementation of the Judicial Conduct and Disability Act of 1980: A Report to the Chief Justice, 239 F.R.D. 116, 222, 239-40 (app. 3) (2006).[3] Chief Circuit

---

[3] The 2006 report quotes Standard 2 of the Judicial Conference's Committee Standards:

Judge Holmes has himself drawn this distinction between merits and non-merits related disqualification decisions in his Memorandum & Order dismissing Judicial Complaint No. 10-25-90049. District Judge Domenico's intentional disregard of his mandatory obligation to recuse himself following Complainant's submission of a timely and formally sufficient affidavit under 28 U.S.C. § 144 is a further basis to recognize that the cognizable misconduct alleged in this supplemental complaint is non-merits related and simply Judge Domenico's refusal to comply with the law.

Respectfully, Complainant has satisfied his initial burden of presenting sufficient evidence to raise an inference that misconduct has occurred. *See* 10th Cir. JCR 11(1)(D) (recognizing Chief Circuit Judge's discretion to dismiss a complaint based upon allegations that lack "sufficient evidence to raise an inference that misconduct has occurred"). It is appropriate for the 10th Circuit Judicial Council to request that Chief Justice John Roberts transfer the present complaint, as well as Judicial Complaint Nos. 10-25-90048 and 10-25-90070 to another judicial council as allowed under 10th Cir. JCR 26. *See also* Implementation of the Judicial Conduct and Disability Act of 1980: A Report to the Chief Justice, 239 F.R.D. 116, 214-215 (2006) (providing recommendations for circumstances where a transfer to another judicial council is appropriate). Further consideration of these Complaints by the 10th Circuit Judicial Council will create appearances of impropriety in violation of Canons 1 and 2(A) of the federal Code.

---

> A mere allegation that a judge should have recused is merits-related; the proper recourse is for a party to file a motion to recuse. ***The very different allegation that the judge failed to recuse for illicit reasons—i.e., not that the judge erred in not recusing, but that the judge knew he should recuse but deliberately failed to do so for illicit purposes—is not merits-related.*** Such allegations are almost always dismissed for lack of factual substantiation. (Emphasis added).

-7-

**EXHIBIT**

**6**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO
### Judge Daniel D. Domenico

Civil Action No. 1:25-cv-03361-DDD-NRN

CHRISTOPHER S.P. GREGORY,

   Plaintiff,

v.

THE COLORADO JUDICIAL DISCIPLINE RULEMAKING
   COMMITTEE, *et al.*,

   Defendants.

---

## ORDER GRANTING REQUEST FOR RECUSAL

---

Plaintiff Christopher S.P. Gregory moves for my disqualification from hearing this case and for a written order stating the reasons for my recusal. Doc. 7; Doc. 26. Because Mr. Gregory's recent filings raise broad allegations that appear to encompass events that took place during my tenure as Colorado Solicitor General, I conclude that a reasonable person might question my impartiality should I preside over the case. I therefore recuse myself pursuant to 28 U.S.C. § 455(a).

## LEGAL STANDARDS

Under 28 U.S.C. § 144, a district judge must recuse if a party "makes and files a timely and sufficient affidavit that the judge . . . has a personal bias or prejudice either against him or in favor of any adverse party." "The simple filing of an affidavit," though, "does not automatically disqualify a judge." *United States v. Bray*, 546 F.2d 851, 857 (10th Cir. 1976). Upon the filing of a Section 144 affidavit, the judge must assess its procedural and legal sufficiency, taking as true the factual allegations therein. *Id.*; *Hinman v. Rogers*, 831 F.2d 937, 939 (10th

- 1 -

Cir. 1987). But "[t]he affidavit is strictly construed against the affiant, and there is a substantial burden on the moving party to demonstrate the judge is not impartial." *Hinman*, 831 F.2d at 939; *accord United States v. Burger*, 964 F.2d 1065, 1070 (10th Cir. 1992); *In re McCarthey*, 368 F.3d 1266, 1269 (Section 144 does not place "a burden on the judge to prove that he is impartial."). "Conclusions, rumors, beliefs, and opinions are not sufficient to form a basis for disqualification." *Burger*, 964 F.2d at 1070 (citing *Hinman*, 831 F.2d at 939). "A judge should not recuse himself on unsupported, irrational, or highly tenuous speculation." *Hinman*, 831 F.2d at 939.

The other recusal statute, 28 U.S.C. § 455, lacks the procedural hurdles of Section 144 and is also broader in scope. *Id.* Under Section 455, a federal judge similarly must "disqualify himself . . . [w]here he has a personal bias or prejudice concerning a party," and he must also "disqualify himself in any proceeding in which his impartiality might reasonably be questioned," unless he makes "a full disclosure on the record of the basis for disqualification" and the parties to the proceeding waive the disclosed ground for disqualification. 28 U.S.C. § 455(a), (b)(1), (e). This means that a judge must recuse (or secure a waiver) "when there is the appearance of bias, regardless of whether there is actual bias." *Bryce v. Episcopal Church in the Diocese of Colo.*, 289 F.3d 648, 659 (10th Cir. 2002). "The test is whether a reasonable person, knowing all the relevant facts, would harbor doubts about the judge's impartiality." *Id.* Section 455, however, "is not intended to give litigants a veto power over sitting judges, or a vehicle for obtaining a judge of their choice." *United States v. Cooley*, 1 F.3d 985, 993 (10th Cir. 1993). A judge "'must ask how the[] facts would appear to a well-informed, thoughtful and objective observer,' who is 'an average member of the public,' not a 'hypersensitive, cynical, and suspicious person.'" *United States v. Wells*, 873

- 2 -

F.3d 1241, 1251 (10th Cir. 2017) (quoting *Mathis v. Huff & Puff Trucking, Inc.*, 787 F.3d 1297, 1310 (10th Cir. 2015)). The statute "must not be so broadly construed that . . . recusal is mandated upon the merest unsubstantiated suggestion of personal bias or prejudice." *Cooley*, 1 F.3d at 993.

Courts have identified a number of factors that *do not* merit recusal under Section 144 or Section 455. *Id.*; *see also Estate of Bishop v. Equinox Int'l Corp.*, 256 F.3d 1050, 1058 (10th Cir. 2001). Such factors include "[r]umor, speculation, beliefs, conclusions, innuendo, suspicion, opinion, and similar non-factual matters"; "prior rulings in the proceeding, or another proceeding, solely because they were adverse" to the party seeking recusal; and "mere familiarity" with a party. *Cooley*, 1 F.3d at 993-94; *accord Bishop*, 256 F.3d at 1058. And a judge has "as strong a duty to sit when there is no legitimate reason to recuse as he does to recuse when the law and facts require." *Bryce*, 289 F.3d at 659 (quoting *Nichols v. Alley*, 71 F.3d 347, 351 (10th Cir. 1995)) (Section 455); *accord Burger*, 964 F.2d at 1070 (Section 144).

## DISCUSSION

After I dismissed Mr. Gregory's claims in a related sealed case, Mr. Gregory moved to vacate the judgment, arguing that my order dismissing his claims is invalid because I was required to recuse from that case. Mr. Gregory subsequently initiated this action, in which he reasserts some of the claims that were dismissed in the related case. *See* Doc. 1. He has filed Section 144 affidavits in both cases seeking my recusal on the same grounds. *See* Doc. 26; *see also* Doc. 1 at 6 n.1; Doc. 7; Doc. 12. As my colleague Judge Kane explained in a similar context, "I have strived in my review of [Mr. Gregory's] filing[s] to reflect thoughtfully and thoroughly on the assertions made, but cannot agree I have demonstrated, or that I hold, a . . . personal bias." *In re Maynard*, No. 09-

- 3 -

cv-2052-JLK-MEH, 2011 WL 1532049, at *1 (D. Colo. Apr. 21, 2011).[1]
But as explained further below, some of the allegations Mr. Gregory
raises in his recent filings may cause a reasonable person to question
my impartiality in this case. I will therefore recuse myself.

I have worked in a variety of roles in the course of my legal career:
in private practice, as a law clerk at the Tenth Circuit Court of Appeals,
in the U.S. Department of the Interior, as the Colorado Solicitor General
for nine years, as an adjunct law professor at the University of Colorado
and the University of Denver, and in my current role as a U.S. District
Judge for over six years. During that time, I have become familiar with
many individuals, some of whom are or were, *inter alia*: employees of
the Colorado Attorney General's Office; employees of the Colorado Judi-
cial Department; justices, judges, and magistrate judges of the Colorado
and federal courts; Colorado district attorneys; U.S. Attorneys and As-
sistant U.S. Attorneys; and members of committees or panels that serve
the Colorado and federal courts. Given the breadth of the allegations
Mr. Gregory is making here, it is not surprising that some such individ-
uals are defendants in this case (*e.g.*, Colorado Supreme Court Chief
Justice Monica Marquez and Attorney General Philip J. Weiser) or are
persons Mr. Gregrory says have some other connection to the case (*e.g.*,
former District Attorney Beth McCann, District Attorney Michael
Dougherty, and Colorado Court of Appeals Judge Grant Sullivan).

---

[1]  I note that three of the District's seven active district judges and two
of its seven full-time magistrate judges recused from the related case,
and one senior judge exercised his prerogative to have the case redrawn,
before it was randomly reassigned to me. One of the same active district
judges recused from this case before it was randomly reassigned to me.
Docs. 5, 6. Mr. Gregory appears to suggest that due to the nature of his
claims, no Article III judge in this District is qualified to hear the case.
*See* Doc. 26 at 3 n.1, 36. But where "allegations of bias are omnipresent,
they cannot by themselves dissuade a judge from his duty to sit, lest no
judge be able to sit at all." *Maynard*, 2011 WL 1532049, at *1.

*See* Doc. 26 at 7-9 & n.4, 24-25, 30-34; Doc. 12. Mr. Gregory contends that the mere existence of relationships between me and these individuals gives rise to both actual bias against him and in favor of those individuals, and a basis on which my impartiality in this case might reasonably be questioned.[2] Mr. Gregory is mistaken on this point.

While I worked with, against, and in front of a number of the individuals highlighted by Mr. Gregory, and consider some of them friends, none of the relationships in question is a close personal relationship. These relationships are, at most, professional friendships involving individuals I have worked with during my legal career; many are no more than acquaintanceships. Mr. Gregory's assertion that they are more than that is no more than unsupported speculation and suspicion.[3] *See* Doc. 26 at 30-31 (relying on "inferences drawn" and "presumed close relationships" that "[p]resumably . . . have crossed over to [my] current work"). As far as I recall, I have not worked with any of the individuals

---

[2]  I note that Mr. Gregory filed a judicial misconduct complaint with the United States Court of Appeals for the Tenth Circuit alleging that I violated the Code of Conduct for United States Judges by failing to recuse from the related case or to disclose the relationships in question to the parties in that case. Doc. 26-1. Mr. Gregory's complaint was dismissed on September 22, 2025. Doc. 26-3; *see also* Doc. 26-4 (petitioning for review of dismissal). The fact that he filed a misconduct complaint does not require my recusal from this case. *Smith v. Kan. Dep't of Corr.*, 455 F. App'x 841, 844 (10th Cir. 2011) (judge need not recuse based on current or previous misconduct complaint filed by litigant (citing *In re Mann*, 229 F.3d 657, 658-59 (7th Cir. 2000))).

[3]  Mr. Gregory seizes on a statement I made in my order dismissing his claims in the related case that he contends is an "express admission of actual bias." Doc. 26 at 7-8. He argues that my prior statement "cannot be discounted as merely a scrivener's or grammatical error," but in fact it is exactly that: my statement that "I am personally familiar with some of the Defendants named in this case," but "these relationships are not sufficient to render me impartial in this matter" should state that "these relationships are not sufficient to render me partial" or "these relationships do not render me partial" in the matter.

in question or had any other social interaction with any of them since before I became a judge over six years ago, aside from occasionally encountering one of them at a professional event such as an Inn of Court meeting, another judge's investiture ceremony, a law-clerk reunion, or the like. "Friendship with an individual involved in a case alone is not enough to mandate recusal." *Scott v. County of Dona Ana*, No. CIV 09-00797-JB/GBW, 2011 WL 13284755, at \*8 to \*9 (D.N.M. Sept. 11, 2011) (R. & R.) (where judge considered defendant a friend but they had not "socialize[d] beyond conversing when they happen to see each other" since judge's appointment to the bench, plaintiff's assertions did not establish reasonable basis for questioning judge's impartiality (citing *Cheney v. U.S. Dist. Ct. for the Dist. of Columbia*, 541 U.S. 913 (2004) (Mem. of Scalia, J., denying recusal); *Cooley*, 1 F.3d 985)), *adopted in relevant part*, 2012 WL 1132464 (D.N.M. Mar. 28, 2012), *aff'd*, 516 F. App'x 718 (10th Cir. 2013); *see also Maynard*, 2011 WL 1532049, at \*4 ("The assertion that my attendance at public events and 'rubbing shoulders' with a limited number of public officials, judges, and attorneys whom [the plaintiff] contends have opposed her or have acted in concert to retaliate against her demonstrates neither actual bias nor reasonable appearance of bias, is wholly conclusory and speculative, and does not warrant my recusal.").

During my six-plus years on the bench, I have presided over multiple cases involving Mr. Weiser, Ms. McCann, Mr. Dougherty, Mr. Sullivan,[4]

---

[4]   Mr. Gregory has pointed to statements I made at a hearing in another case, contending that I stated an actual bias favorable to Mr. Weiser, Ms. McCann, Mr. Dougherty, and Mr. Sullivan. *See* Doc. 26 at 8-9. This is not accurate. In the statements Mr. Gregory points to, I in fact stated the opposite: "I don't believe [these relationships] warrant a recusal," and "I think probably recusal would be inappropriate." Tr. of Prelim. Inj. Hr'g at 5-7, *Bella Health & Wellness v. Weiser*, No. 1:23-cv-00939-DDD-SBP (D. Colo. Apr. 24, 2023), ECF No. 51.

and other individuals with whom I have similar professional relationships. My pre-judicial career is of a public nature, making it unsurprising that I have prior professional relationships with various current or former employees of the Colorado Attorney General's Office and members of the Colorado Supreme Court and Tenth Circuit Court of Appeals. Nor is it surprising that in my current role I have developed professional relationships with members of this Court. No party in any other case, aside from Mr. Gregory in the related case,[5] has ever suggested that I should, let alone must, recuse myself because of one of those relationships,[6] and I am confident that reasonable parties, counsel, and members of the public understand that my decisions in such cases are not influenced by such relationships. *See Bryce*, 289 F.3d at 659 ("The test is whether a reasonable person, knowing all the relevant facts, would harbor doubts about the judge's impartiality.").

My professional relationships with the individuals in question do not give rise to any personal bias or prejudice on my part, nor are they the

---

[5] Concurrently with this Order, for the same reasons discussed here, I am recusing from the related case, though I note that at the time I dismissed Mr. Gregory's claims in that case, the facts and allegations in the record did not require my recusal. I also note that, in light of the Notice of Related Cases filed by Mr. Gregory, Doc. 1-12, the judge to whom this case is randomly reassigned may wish to confer with the judge to whom the related case is randomly reassigned to determine whether both cases should be assigned to the same judicial officers pursuant to Local Civil Rules 3.2(d) and 40.1.

[6] One litigant has requested my recusal based merely on my prior service as Solicitor General and not on any specific personal relationship arising from that service; I denied that recusal request. *See Villecco v. Barela* No. 1:21-cv-02176-DDD-STV, 2022 WL 4349339, at *1 (D. Colo. Aug. 18, 2022); *Villecco v. Barela,* No. 1:22-cv-02403-DDD-STV, 2023 WL 11959305, at *1 (D. Colo. Feb. 17, 2023); *Villecco v. Barela*, Nos. 1:21-cv-02176-DDD-STV, 1:22-cv-02403-DDD-STV, 1:23-cv-01265-DDD-STV, 1:23-cv-02029-DDD-STV, 2023 WL 8642120, at *1 (D. Colo. Dec. 6, 2023).

sort of relationships that would cause a reasonable person to question my impartiality simply because those individuals are parties, attorneys, or witnesses in a case. And other than the fact that I developed some of the professional relationships in question while serving as Solicitor General, Mr. Gregory's claims, as asserted on the face of his complaint, do not appear to have any connection to that prior service. The allegations in Mr. Gregory's complaint stem from what he calls the "Masias Controversy," which began in mid to late 2018, Doc. 1 at 19-20, and subsequent events. *See id.* at 2-5, 7, 19-33 (alleging, *e.g.*, that "[a]t the core of the [Colorado Supreme Court] Justices' misconduct was a prolonged scheme to knowingly conceal material information of a $2.66-2.75 million bribe/public fraud involving . . . Mindy Masias," and that justices, employees of the Colorado Judicial Department, and Colorado Attorney General Phil Weiser concealed the "Masias Contract" and "Masias Memo" from the Colorado Office of the State Auditor and Colorado Commission on Judicial Discipline, of which Mr. Gregory was a member between May 2017 and January 2024). These allegations thus concern events that began well after my tenure as Solicitor General ended in 2015. I have no independent knowledge of the events alleged in the complaint arising from my prior service as Solicitor General or from anything else.

Mr. Gregory's subsequent filings, however, expand substantially on the allegations in his complaint. His Section 144 affidavit contains wide-ranging allegations of "a 25-year sustained pattern of [misconduct by] the Justices of the Colorado Supreme Court," Doc. 26 at 9, which period would necessarily encompass the time during which I served as Solicitor General. It also appears from his affidavit and other recent filings that he may be alleging misconduct by members of the Colorado Judicial Department or the Attorney General's Office that took place during that time. He now alleges, for example, that "a primary motive for the . . .

- 8 -

bribe referred to as the Masias Contract was to conceal material evidence that one or more justices of the Colorado Supreme Court had obstructed the law enforcement investigation" of Denver District Court Judge Larry Manzanares in 2007. Doc. 12 at 1-2. I do not recall having any personal involvement with the Manzanares case, nor do I recall any personal knowledge of or involvement with any other events alluded to in Mr. Gregory's recent filings that took place while I was Solicitor General. And it is somewhat unclear how events that predate the Masias Controversy tie in to the claims asserted in Mr. Gregory's complaint. I therefore do not believe Mr. Gregory's allegations create any actual bias or need for recusal under Section 144 or Section 455(b)(1). But because it appears that Mr. Gregory's allegations include events that took place within the Attorney General's Office while I was a senior member of that office, there is some risk that a reasonable person might question my impartiality in this case. Out of an abundance of caution, therefore, I conclude that I must recuse myself pursuant to Section 455(a).[7] *See Bryce*, 289 F.3d at 659 ("If the issue . . . is a close one, the judge must be recused.").

## CONCLUSION

It is **ORDERED** that Plaintiff Christopher S.P. Gregory's Motion for Specific Statement of Grounds for Recusal According to Local Civil Rule 40.1(f), **Doc. 7**, and request for my recusal in his Affidavit of Judicial Bias or Prejudice According to 28 U.S.C. § 144, **Doc. 26**, are

---

[7]  I also note that, unlike the prior professional relationships with various individuals in the legal community discussed above, which nearly any judge is likely to have, this potential for the appearance of partiality is unique to my situation.

**GRANTED**, and the Clerk of Court is **DIRECTED** to reassign this case to another judge.

DATED: February 3, 2026            BY THE COURT:

Daniel D. Domenico
United States District Judge

- 10 -



**EXHIBIT 7**

# Phil Weiser
## Colorado Attorney General

---

YOU'VE SUCCESSFULLY SUBMITTED COMPLAINT #C-000055316.

PRINT OR DOWNLOAD THIS SCREEN FOR YOUR RECORDS.

**ABOUT YOU (COMPLAINANT INFORMATION)**
YOUR NAME: Christopher Gregory
YOUR ADDRESS: 201 Coffman St., #1822 Longmont CO 80502
YOUR EMAIL: cspgregory@thegregorylawfirm.net
YOUR PHONE NUMBER: 9706480642

**ABOUT THE COMPLAINT**
COMPLAINT CATEGORY: Governmental Authority (Police and Other Government Agencies)
DATE OF INCIDENT: January 1, 2001
LOCATION OF INCIDENT: Statewide with most incidents occurring in Denver at the Ralph L. Carr Judicial Center and the Colorado Supreme Court venues that preceded it.
ADDRESS OF INCIDENT:
MATTER REPORTED TO ANOTHER AGENCY: Yes
REPORTED TO: The U.S. District Court for the District of Colorado
OUTCOME OR RELATED GUIDANCE: There is a pending civil case--Gregory v. Colo. Jud. Discipline Rulemaking Comm., et al., 1:25-cv-03361--DDD (D. Colo.)
OTHER KNOWN INCIDENTS: Yes
The long history of incidents is detailed in the pending civil action, in which Attorney General Philip Weiser and the Justices of the Colorado Supreme Court are named Defendants in both their official and individual capacities.

**ABOUT THE GOVERNMENT ACTOR**
AGENCY:THE COLORADO ATTORNEY GENERAL'S OFFICE / THE COLORADO SUPREME COURT / THE COLORADO COMMISSION ON JUDICIAL DISCIPLINE / THE COLORADO JUDICIAL DISCIPLINE RULEMAKING COMMITTEE
TYPE OF AGENCY: Judicial branch
OTHER AGENCY TYPE:
CITY OF AGENCY: Denver
COUNTY OF AGENCY: Denver

**COMPLAINT NARRATIVE**
The pending lawsuit details a more than 25-year pattern of the Justices of the Colorado Supreme Court conspiring with others to misuse public funds as hush money (NDAs), for self-controlled investigations, and for public relations schemes intended to cover up judicial, attorney, and official misconduct. The pattern and practice continues to wrongfully cost taxpayers tens of millions of dollars.

**ACKNOWLEDGMENT**
I HEREBY CERTIFY I AM THE ABOVE LISTED INDIVIDUAL AND I HAVE REVIEWED THE PRECEDING INFORMATION AND IT IS TRUE TO THE BEST OF MY KNOWLEDGE. I ACKNOWLEDGE THAT THE COLORADO

ATTORNEY GENERAL MAY SHARE MY COMPLAINT WITH OTHERS, INCLUDING THE ABOVE LISTED BUSINESS AND/OR ITS AGENTS AND SEEK A RESPONSE FROM THE BUSINESS REGARDING MY COMPLAINT. I AUTHORIZE THE BUSINESS AND ITS AGENTS TO DISCUSS THE DETAILS OF MY COMPLAINT WITH REPRESENTATIVES OF THE COLORADO ATTORNEY GENERAL'S OFFICE.

Created By: Christopher Gregory
Created On: 1/21/2026, 6:17 PM
Submitted via: complaints.coag.gov
Reference: C-000055316

Thank you for contacting the Office of the Attorney General with your report about a government actor that deprived someone of his or her legal rights.

**What Can I Expect to Happen Next?**

The Colorado Attorney General may open a civil investigation when a governmental authority may have a pattern and practice of depriving persons of their legal rights. Pattern-and-practice cases address widespread misconduct by government entities, not isolated instances.

As a result, we will review the information contained in your report as part of our work to collect data and identify patterns or practices of unlawful conduct. We cannot respond to every report we receive. If we need further information about your complaint, we will contact you.

**What If I Need Help with My Individual Case?**

The Attorney General's Office does not have the legal authority to investigate or prosecute your individual case. If you seek a criminal or civil investigation or another remedy for your case on an individual basis, please contact your local law enforcement agency, district attorney's office, the United States Department of Justice, or a private attorney. The Colorado Bar Association provides assistance to people who are seeking attorneys at this website: https://www.cobar.org/Licensed-Lawyer (https://www.cobar.org/Licensed-Lawyer).

We appreciate the time and effort you took in bringing your concerns to our attention. Information from the public is vital in helping us document trends and, when appropriate, pursue investigations and file lawsuits on behalf of the public.

Office of the Attorney General
Colorado Department of Law
Ralph L. Carr Judicial Building
1300 Broadway, 10th Floor
Denver, CO 80203
(720) 508-6000
(tel:+17205086000)

Contact the Office of the Attorney General

CONTACT (https://complaints.coag.gov/s/contact-us)

ACCESSIBILITY STATEMENT (https://coag.gov/colorado-office-of-the-attorney-general-accessibility-statement/)

DECLARACION DE ACCESIBILIDAD (https://coag.gov/declaracion-de-accesibilidad/)

(https://www.facebook.com/ColoradoAttorneyGeneral)
(https://x.com/COAttnyGeneral)
(https://www.linkedin.com/company/attorney-generals-office-in-colorado)
(https://www.instagram.com/coag_philweiser/)
(https://www.youtube.com/@coloag)
(https://bsky.app/profile/coattnygeneral.bsky.social)

CORA (https://coag.gov/media-center/colorado-open-records-act-cora/) | WEBSITE PRIVACY POLICY (https://coag.gov/website-privacy-policy/)
Copyright 2022 The Office of the Attorney General. All rights reserved.



**EXHIBIT
8**

# Phil Weiser
## Colorado Attorney General

---

**YOU'VE SUCCESSFULLY SUBMITTED COMPLAINT #C-000055313.**

**PRINT OR DOWNLOAD THIS SCREEN FOR YOUR RECORDS.**

**ABOUT YOU (COMPLAINANT INFORMATION)**
YOUR NAME: Christopher Gregory
YOUR ADDRESS: 201 Coffman St., #1822 Longmont CO 80502
YOUR EMAIL: cspgregory@thegregorylawfirm.net
YOUR PHONE NUMBER: 9706480642

**ABOUT THE COMPLAINT**
COMPLAINT CATEGORY: Federal Agency (Police and Other Government Agencies)
DATE OF INCIDENT: January 14, 2026
LOCATION OF INCIDENT: Public (i.e., polling place, courthouse, street, etc.)
ADDRESS OF INCIDENT:
MATTER REPORTED TO ANOTHER AGENCY: Yes
REPORTED TO: The U.S. District Court for the District of Colorado
OUTCOME OR RELATED GUIDANCE: The misconduct remains ongoing.
OTHER KNOWN INCIDENTS:

**ABOUT THE GOVERNMENT ACTOR**
AGENCY:U.S. DISTRICT COURT FOR THE DISTRICT OF COLORADO
TYPE OF AGENCY: Federal Agency
OTHER AGENCY TYPE: No other law enforcement
CITY OF AGENCY: Denver
COUNTY OF AGENCY: Denver

**COMPLAINT NARRATIVE**
PHYSICALLY PRESENT DURING THE INCIDENT?: No
OTHER LAW ENFORCEMENT PRESENT OR INVOLVED?: No
I have filed affidavits under 28 U.S.C. Sec. 144 that require the disqualification of U.S.
District Court Judge Daniel D. Domenico from cases assigned to him due to personal bias and/or
prejudice. The affidavits require automatic disqualification under 28 U.S.C. Sec. 144 and
prohibits the judge subject to disqualification from taking further action. Judge Domenico,
however, continues to preside over the cases and to issue order(s). The two cases are Case No.
1:25-cv-00190--DDD-STV (D. Colo.) (sealed) and Gregory v. Colo. Jud. Discipline Rulemaking Comm.,
1:25-cv-03361--DDD. Attorney General Phil Weiser is a defendant in Gregory, named in both his
official and individual capacities. Despite the inherent conflicts of interest involved, the
Colorado Attorney General's Office is representing Weiser and all of the other Defendants in
Gregory. The Affidavit of Judicial Bias or Prejudice According to 28 U.S.C. Sec. 144 (ECF No. 26)
is a temporarily restricted filing, but already in the possession/actual knowledge of the Colorado
Attorney General's Office. The attorneys involved and the Defendants they represent are
facilitating Judge Domenico's judicial misconduct by allowing him to remain assigned to Gregory
despite indisputable evidence of his actual bias.

I hereby certify I am the above listed individual and I have reviewed the preceding information and it is true to the best of my knowledge.

Created By: Christopher Gregory
Created On: 1/21/2026, 5:41 PM
Submitted via: complaints.coag.gov
Reference: C-000055313

Office of the Attorney General
Colorado Department of Law
Ralph L. Carr Judicial Building
1300 Broadway, 10th Floor
Denver, CO 80203
(720) 508-6000
(tel:+17205086000)

Contact the Office of the Attorney General

CONTACT (https://complaints.coag.gov/s/contact-us)

ACCESSIBILITY STATEMENT (https://coag.gov/colorado-office-of-the-attorney-general-accessibility-statement/)

DECLARACION DE ACCESIBILIDAD (https://coag.gov/declaracion-de-accesibilidad/)

(https://www.facebook.com/ColoradoAttorneyGeneral)

(https://x.com/COAttnyGeneral)   in

(https://www.linkedin.com/company/attorney-general-office-in-colorado)

(https://www.instagram.com/coag_philweiser/)

(https://www.youtube.com/@coloag)

(https://bsky.app/profile/coattnygeneral.bsky.social)

CORA (https://coag.gov/media-center-colorado-open-records-act-cora/) | WEBSITE PRIVACY POLICY (https://coag.gov/website-privacy-policy/)

Copyright 2022 The Office of the Attorney General. All rights reserved.

Senate Ethics Complaint
Exhibit 2

Proffer of oral testimony of Christopher Gregory to be read into the record of the Senate Judiciary Committee's February 9, 2026 hearing on the confirmation of former Senator Robert Gardner to the Colorado Commission on Judicial Discipline.

Thank you, Mr. Chair.  Good afternoon committee members.  I am Chirstopher Gregory.  I testify in my individual capacity as a former member, Vice-Chair, Chair, and Executive Director of the Colorado Commission on Judicial Discipline (or the CCJD).  I was retaliated against and fired as Executive Director because of my refusal to participate in a conspiracy to cover up a more than 25-year pattern of ongoing public fraud and public corruption orchestrated by the Justices of the Colorado Supreme Court.  Despite my efforts to publicly expose this pattern, I have been deliberately disregarded and marginalized, including by this Committee.  I testify today in opposition to former Senator Bob Gardner's appointment to the CCJD as an attorney member.  I have further submitted extensive written materials explaining the reasons for my opposition to Senator Gardner's appointment.  In addition to opposing Senator Gardner's appointment, I urge this Committee to do the right thing and give meaningful consideration to my request for a joint resolution referring the Colorado Judicial Scandal to conflict-free federal law enforcement and to direct Colorado State Auditor Kerri Hunter to exercise her discretion to appoint another state's attorney general as a Special Assistant Attorney General or SAAG capable of independently and impartially representing the objective interests of the State of Colorado.

When I last spoke with Senator Gardner on April 26, 2023, he described meeting with then-Chief Justice Brian Boatright.  In the described meeting, Senator Gardner explained that he confronted Chief Justice Boatright with why Attorney Regulation Counsel Jessica Yates still had a job after her documented interference with and intimidation tactics against this Committee's former Chair, Senator Pete Lee, and against the attorney and judge members of the CCJD.  Spurred on by inappropriate lobbying by the Justices' legislative liaison, Terry Scanlon, Senator Gardner immediately proceeded to block amendments to HCR23-1001 and HB23-1019 that would have stopped the Justices' from stacking the CCJD and the Rulemaking Committee with their cronies.  The result was that the Justices, in coordination with Attorney General Phil Weiser and Governor Jared Polis, corrupted the CCJD and the rulemaking process with impunity.

In my last conversation with you, Chair Weissman, you explained that everyone had expected that the Justices would remove Commission Vice-Chair District Court Judge David Prince.  When I raised the culture of indifference and enforced

silence found in the Colorado Judiciary to this Committee on April 28, 2025, however, you ignored me and voted to confirm Commission Chair Mindy Sooter and Vice Chair Jim Carpenter's reappointments.  My question is simply why won't you and this Committee meaningfully consider my legitimate concerns?

## Christopher Gregory

**From:** Christopher Gregory
**Sent:** ednesday, February 25, 2026  :02 PM
**To:** ames.coleman.senate@coleg.gov
**Subject:**  upplement to  enate Ethics Complaint Filed February 11, 2026
 tt chments: 260225 C  PG JRC  tr  upp Ethics Complaint re  JC.pdf


Good e ening President Coleman,

Please accept the attached letter as a supplement to the ethics complaint that  pre iously submitted to you on
 ebruary   ,   .  Additionally, please confirm receipt and pro ide an update as to the status of my complaint,
as supplemented.

Sincerely,
Christopher Gregory




The Gregory Law Firm, LLC
Christopher S.P. Gregory
Attorney at Law

201 Coffman St., #1822, Longmont, CO 80502
● Phone: 970.648.0642 ● Fax: 970.648.0643 ●

This e-mail transmission contains information from the Gregory Law Firm, LLC which may be confidential or protected by the attorney-client privilege.  If you are not the intended recipient, you are hereby notified that you must not read this transmission and that any disclosure, copying, printing, distribution or use of any of the information contained in or attached to this transmission is prohibited.  If you have received this transmission in error, please notify us immediately by e-mail and delete the original transmission.

1

# The Gregory Law Firm, LLC

Christopher S.P. Gregory
Attorney at Law

cspgregory@thegregorylawfirm.net

February 25, 2026

Senate President James R. Coleman
Colorado State Senate
200 E. Colfax Ave.
Denver, CO 80203
**Via E-Mail: james.coleman.senate@coleg.gov**

*Re: Supplement to Ethical Complaint Against the Members of the Senate Judiciary Committee Brought According to Senate Rule 43; Exhibit 1*

Dear President Coleman:

On February 11, 2026, I submitted an ethics complaint against all involved members of the Senate Judiciary Committee.  Inexplicably, your Office has not provided any acknowledgment of receiving my complaint.  Since the submission of my complaint, however, there have been some material developments that should be considered as you proceed with the process defined and required by Senate Rule 43.

According to § 24-31-1204(1), C.R.S., Attorney General Phil Weiser is obligated to "diligently investigate" violations of the Colorado False Claims Act (the CFCA) regardless of whether allegations are brought by a direct complaint to the Attorney General's Office, through the Office of the State Auditor's (the OSA) Fraud Hotline, or through a *qui tam* action.  The State Auditor similarly has authority and obligations to investigate alleged false claims independently, in conjunction with the Attorney General, or otherwise.  § 24-31-1204(2), C.R.S.  Under the Fraud Hotline statute, § 2-3-110.5(1)(d), C.R.S., the State Auditor is further tasked with investigating reports of "occupational fraud."  Occupational fraud is defined as "the use of one's occupation for personal enrichment through the deliberate misuse or misapplication of the employing organization's resources or assets."  § 2-3-110.5(1)(d), C.R.S.  Although the State Auditor's investigations of false claims and Fraud Hotline complaints are ordinarily performed in conjunction with and through the support of the Attorney General's Office, § 24-31-111(5), C.R.S. provides a mechanism through which the State Auditor can directly appoint a Special Assistant Attorney General (SAAG) when there are conflicts of interest and the Attorney General's Office cannot perform such functions.

In addition to Attorney General Weiser's statutory obligations to investigate false claims and fraud, Attorney General Weiser is also obligated to investigate and civilly prosecute patterns of constitutional and civil rights violations within Colorado State Government.  § 24-31-113, C.R.S.

Instead of performing his statutory and ethical obligations by stepping aside to allow the appointment of a SAAG by the State Auditor, Attorney General Weiser and his Office entered

201 Coffman St., #1822, Longmont, CO 80502
● 970-648-0642 ● Fax: 970-648-0643 ●

Christopher S.P. Gregory, esq.
February 25, 2026
Page 2 of 3

their appearances to ***defend*** against the legitimate allegations of public fraud, retaliation, and civil rights violations pled in *Gregory v. Colo. Jud. Discipline Rulemaking Comm.*, 1:25-cv-03361—GPG (D. Colo.).  Attorney General Weiser's use of his own Office's resources to defend against civil claims brought against him and the other Defendants individually meets the definition of occupational fraud provided in § 2-3-110.5(1)(d), C.R.S.  Such conduct and the Defendants' (including Attorney General Weiser's) persistent refusals to disqualify themselves also satisfies the elements of First Degree Official Misconduct.  § 18-8-404, C.R.S.[1]

Essentially, Attorney General Weiser's strategy has been to obstruct and prevent litigation of the merits of *Gregory*, including avoiding the Defendants' obligations to timely and directly respond to the allegations of their unlawful conduct pled in the Verified Complaint.  This obstruction has now culminated in the entry of a default against all Defendants.  Exhibit 1.  Until and unless the default is set aside under F.R.C.P. 55(c), the allegations of the Verified Complaint are treated as admitted / proven.  *See, e.g., Dickinson v. Lincoln Building Corp.*, 2015 COA 170M, ¶¶ 22-23 ("[A]n entry of default establishes a party's liability. . . An entry of default, however, is not an admission regarding damages.").  Despite these significant developments in court, the Senate Judiciary Committee has refused to confront Attorney General Weiser, the Justices of the Colorado Supreme Court, Governor Jared Polis, and the members and staff of the Colorado Commission on Judicial Discipline with their persistent refusals to disqualify themselves and the allegations made against them personally.  In other words, there is no legislative oversight of our State's highest-ranking elected officials.

With these additional facts, the Senate Judiciary Committee's refusal to allow me a full opportunity to petition for grievances, its deliberate disregard for the legislative record that I created (including as to SB26-084), and its refusal to consider my request for a joint resolution directing the appointment of another state's attorney general as a SAAG capable of impartially representing the interests of the State of Colorado perpetuates ongoing public fraud and civil rights violations rather than providing meaningful accountability.  Again, I respectfully submit that the conduct of the Senate Judiciary Committee substantially breaches the ethical standards enforceable through Senate Rule 43.  I renew my request that you take action on my February 11, 2026 complaint, as supplemented by this letter.

---

[1] § 18-8-404, C.R.S. provides:

> (1) A public servant commits first degree official misconduct if, with intent to obtain a benefit for the public servant or another or maliciously to cause harm to another, he or she knowingly:
> (a) Commits an act relating to his office but constituting an unauthorized exercise of his official function; or
> (b) Refrains from performing a duty imposed upon him by law; or
> (c) Violates any statute or lawfully adopted rule or regulation relating to his office.
> (2) First degree official misconduct is a class 1 misdemeanor.

According to § 18-1-901(3)(o), C.R.S., a "'Public servant' means any officer or employee of government, whether elected or appointed, and any person participating as an advisor, consultant, process server, or otherwise in performing a governmental function, but the term does not include witnesses."

Christopher S.P. Gregory, esq.
February 25, 2026
Page 3 of 3


Sincerely,

Christopher S.P. Gregory, esq.
Enclosure

Case No. 1:25-cv-03361-KHV-GEB    Document 90-5    filed 03/03/26    USDC Colorado
pg 275 of 520

EXHIBIT

**1**

**Christopher Gregory**

| | |
|---|---|
| **From:** | COD_ENotice@cod.uscourts.gov |
| **Sent:** | Monday, February 23, 2026 3:50 PM |
| **To:** | COD_ENotice@cod.uscourts.gov |
| **Subject:** | Activity in Case 1:25-cv-03361-GPG Gregory v. Colorado Judicial Discipline Rulemaking Committee, The et al Clerk's Entry of Default |

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**
**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.**

## U.S. District Court - District of Colorado

### District of Colorado

## Notice of Electronic Filing

The following transaction was entered on 2/23/2026 at 3:49 PM MST and filed on 2/23/2026

| | |
|---|---|
| **Case Name:** | Gregory v. Colorado Judicial Discipline Rulemaking Committee, The et al |
| **Case Number:** | 1:25-cv-03361-GPG |
| **Filer:** | Colorado Judicial Discipline Rulemaking Committee, The |
| | Ingrid Barrier |
| | David Beller |
| | Maria Berkenkotter |
| | Brian D. Boatright |
| | Jill Brady |
| | Gina Cannan |
| | James Carpenter |
| | Nancy Cohen |
| | Colorado Commission on Judicial Discipline, The |
| | Colorado Supreme Court, The |
| | Meredith Patrick Cord |
| | Richard Gabriel |
| | Robert Gardner |
| | Sara Garrido |
| | Kirsten Grooms |
| | Melissa Hart |
| | James Hartmann |
| | Amanda Hollander |

William Hood III

Alison Kyles

Bryon Large

Anne Mangiardi

Monica Marquez

Bonnie McLean

Colleen McManamon

Kristen Mix

Emily Tofte Nestaval

Reed Owens

Jared Polis

Jared (I) Polis

Carlos Samour

Mary V. Sooter

Aubrey C. Sullivan

Courtney Sutton

Jeff Swanty

Stefanie Trujillo

MaryAnn Vielma

Vincente Vigil

Jeffrey M. Walsh

Philip (I) J. Weiser

Philip J. Weiser

**Document Number:** 46(No document attached)

**Docket Text:**
**Clerk's ENTRY OF DEFAULT as to Colorado Judicial Discipline Rulemaking Committee, The, Ingrid Barrier, David Beller, Maria Berkenkotter, Brian D. Boatright, Jill Brady, Gina Cannan, James Carpenter, Nancy Cohen, Colorado Commission on Judicial Discipline, The, Colorado Supreme Court, The, Meredith Patrick Cord, Richard Gabriel, Robert Gardner, Sara Garrido, Kirsten Grooms, Melissa Hart, James Hartmann, Amanda Hollander, William Hood III, Alison Kyles, Bryon Large, Anne Mangiardi, Monica Marquez, Bonnie McLean, Colleen McManamon, Kristen Mix, Emily Tofte Nestaval, Reed Owens, Jared Polis, Jared (I) Polis, Carlos Samour, Mary V. Sooter, Aubrey C. Sullivan, Courtney Sutton, Jeff Swanty, Stefanie Trujillo, MaryAnn Vielma, Vincente Vigil, Jeffrey M. Walsh, Philip (I) J. Weiser, Philip J. Weiser, by Clerk. Text Only Entry (ccuen, )**

**1:25-cv-03361-GPG Notice has been electronically mailed to:**

Ingrid J. DeFranco    ingrid.defranco@gmail.com, defrancoi@yahoo.com

Daniel Mitchell Combs    dan.combs@coag.gov, LaTasha.Carter@coag.gov, danmcombs@gmail.com, lindaruth.carter@coag.gov

Katharine J. Brown    katharine.brown@coag.gov, carmen.vanpelt@coag.gov, felicia.rei@coag.gov

2

Christopher Sydney Philip Gregory     cspgregory@thegregorylawfirm.net, cspgregory@hotmail.com

Clayton Jeffrey Ankney     clayton.ankney@coag.gov, Denise.munger@coag.gov,
LindaRuth.Carter@coag.gov

**1:25-cv-03361-GPG Notice has been mailed by the filer to:**

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:25-cv-03361-GPG

CHRISTOPHER S.P. GREGORY,

       Plaintiff,

v.

The COLORADO JUDICIAL DISCIPLINE RULEMAKING COMMITTEE, et al.

       Defendants.

---

## APPLICATION FOR ENTRY OF DEFAULT

---

To the Clerk of the United States District Court for the District of Colorado:

As provided by Rule 55(a) of the Federal Rules of Civil Procedure, Plaintiff Christopher

S.P. Gregory requests that this Court enter the default of the following Defendants for failure to

plead or otherwise defend against this action in a timely manner:

> The COLORADO JUDICIAL DISCIPLINE RULEMAKING COMMITTEE,
> The COLORADO COMMISSION ON JUDICIAL DISCIPLINE,
> The COLORADO SUPREME COURT,
> MARY V. SOOTER, individually,
> PHILIP J. WEISER, individually, and in his official capacity as the Colorado Attorney General,
> JARED POLIS, individually, and in his official capacity as Governor of the State of Colorado,
> MARIA BERKENKOTTER, individually,
> BRIAN D. BOATRIGHT, individually,
> RICHARD GABRIEL, individually,
> MELISSA HART, individually,
> WILLIAM HOOD, III, individually,
> MONICA MÁRQUEZ, individually,
> CARLOS SAMOUR, individually,
> INGRID BARRIER, individually,
> DAVID BELLER, individually,

JILL BRADY, individually,
GINA CANNAN, individually,
JAMES CARPENTER, individually,
NANCY COHEN, individually,
ROBERT GARDNER, individually,
SARA GARRIDO, individually,
KIRSTEN GROOMS, individually,
JAMES HARTMANN, individually,
AMANDA HOLLANDER, individually,
ALISON KYLES, individually,
BRYON LARGE, individually,
ANNE MANGIARDI, individually,
BONNIE MCLEAN, individually,
COLLEEN MCMANAMON, individually,
KRISTEN MIX, individually,
REED OWENS, individually,
MEREDITH PATRICK CORD, individually,
AUBREY C. SULLIVAN, individually,
COURTNEY SUTTON, individually,
JEFF SWANTY, individually,
EMILY TOFTE NESTAVAL, individually,
STEFANIE TRUJILLO, individually,
MARYANN VIELMA, individually,
VINCENTE VIGIL, individually, and
JEFFREY M. WALSH, individually.

As evidenced by the proof of service on file with this Court, the above-named Defendants the Colorado Judicial Discipline Rulemaking Committee, the Colorado Supreme Court, Jared Polis, Philip J. Weiser, and the Colorado Commission on Judicial Discipline were served pursuant to Rule 4 of the Federal Rules of Civil Procedure on November 12, 2025 and November 17, 2025. ECF Nos. 13 through 17. The remaining Defendants executed Waiver(s) of Service on December 1, 2025 and filed December 12, 2025. ECF Nos. 23, 23-1 through 23-34.

Originally, the applicable time limits for the above-named Defendants to appear and otherwise respond to this action were December 3, 2025, December 8, 2025, and January 30, 2026. Through an unopposed motion and order, the applicable time limits were first extended to

-2-

February 2, 2026.  ECF No. 21.  Through a second unopposed motion (but without issuance of

an order confirming it), the applicable time limits were then extended to February 16, 2026,

which has now expired.  ECF No. 27.

The above-named Defendants have individually and collectively failed to plead or

otherwise respond to the Verified Complaint and Jury Demand filed October 23, 2025.

Accordingly, the Plaintiff respectfully requests that the Clerk of Court perform his mandatory

and ministerial function in entering the default.  F.R.C.P. 55(a).

This request is supported by the attached Declaration of Plaintiff Christopher S.P.

Gregory.

Dated: February 18, 2026

/s/ Ingrid J. DeFranco
**Ingrid J. DeFranco, esq.**
Law Office of Ingrid J. DeFranco
P.O. Box 128
Brighton, CO 80601
Telephone: (303) 641-6812
Email:  Ingrid.DeFranco@gmail.com
Attorney for Plaintiff Christopher S.P. Gregory


/s/ Christopher S.P. Gregory
**Christopher S.P. Gregory, Esq.**
The Gregory Law Firm, LLC
201 Coffman St., #1822
Longmont, CO 80502
Telephone: (970) 648-0642
E-mail: cspgregory@thegregorylawfirm.net
*Pro Se* Attorney for Plaintiff
Christopher S.P. Gregory

CERTIFICATE OF SERVICE

I certify that on February 18, 2026, I filed the above filing via email to the Clerk of the Court, who will docket it in CM/ECF. CM/ECF will send notification of this filing to any party who has entered an appearance in this matter to the e-mail addresses provided in CM/ECF.

/s/ Ingrid J. DeFranco
Ingrid J. DeFranco

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 1:25-cv-03361-GPG

CHRISTOPHER S.P. GREGORY,

     Plaintiff,

v.

The COLORADO JUDICIAL DISCIPLINE RULEMAKING COMMITTEE, et al.

     Defendants.

---

## DECLARATION OF PLAINTIFF CHRISTOPHER S.P. GREGORY

---

Christopher S.P. Gregory, Colorado Atty. Reg. No. 37095 / U.S. Dist. Ct. Colo. Atty. No. 2136213, ("Declarant") being of lawful age, of sound mind, and first dually sworn upon oath, deposes and says the following:

1. Declarant is the Plaintiff in this action and this Declaration is based upon Declarant's personal knowledge and made in good faith.

2. Defendants the Colorado Judicial Discipline Rulemaking Committee, the Colorado Supreme Court, Colorado Governor Jared Polis, and Colorado Attorney Philip J. Weiser were served pursuant to Rule 4 of the Federal Rules of Civil Procedure on November 12, 2025, as evidenced by the proof of service on file with this Court.  ECF Nos. 13 through 16.

3. Defendant the Colorado Commission on Judicial Discipline was, likewise, served pursuant to Rule 4 of the Federal Rules of Civil Procedure on November 17, 2025, as evidenced by the proof of service on file with this Court.  ECF No. 17.

4. The remaining Defendants Mary V. Sooter, Maria Berkenkotter, Brian D. Boatright, Richard Gabriel, Melissa Hart, William Hood, III, Monica Márquez, Carlos Samour, Ingrid Barrier, David Beller, Jill Brady, Gina Cannan, James Carpenter, Nancy Cohen, Robert Gardner, Sara Garrido, Kirsten Grooms, James Hartmann, Amanda Hollander, Alison Kyles, Bryon Large, Anne Mangiardi, Bonnie McLean, Colleen McManamon, Kristen Mix, Reed Owens, Meredith Patrick Cord, Aubrey C. Sullivan, Courtney Sutton, Jeff Swanty, Emily Tofte Nestaval, Stefanie Trujillo, MaryAnn Vielma, Vincente Vigil, and Jeffrey M. Walsh executed waivers of service on December 1, 2025 that were filed with this Court on December 12, 2025.

5. The Defendants have collectively failed to serve or file a pleading or otherwise respond to the complaint. The applicable time limit for responding to the complaint, even as repeatedly extended upon agreement of the parties, has expired.

6. None of the Defendants are minors or incompetent persons.

7. None of the Defendants are currently in the military service, and therefore the Servicemembers Civil Relief Act does not apply.

8. I have attached to this declaration true and correct copies of the proofs and waivers of service on file for the above-named Defendants.

I declare under penalty of perjury that the statements made in this Declaration are true and correct to the best of my knowledge.

Executed on February 18, 2026, in Longmont, Colorado.


_____
Christopher S.P. Gregory

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.   1:25-cv-03361-DDD

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)*   Colorado Attorney General Philip Weiser

was received by me on *(date)*      11/12/2025      .

❒ I personally served the summons on the individual at *(place)*
_____ on *(date)* _____ ; or

❒ I left the summons at the individual's residence or usual place of abode with *(name)*
_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

☑ I served the summons on *(name of individual)*   Hannah S. (Front Desk Receptionist)      , who is

designated by law to accept service of process on behalf of *(name of organization)*

Colorado Attorney General Philip Weiser      on *(date)*      11/12/2025      ; or

❒ I returned the summons unexecuted because _____ ; or

❒ Other *(specify):*

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date:      11/12/2025                          *CONNIE MAYHUGH*
_____
*Server's signature*

Connie Mayhugh, Investigator
*Printed name and title*

HSH Investigations, LLC
P.O. Box 337265
Greeley, CO 80633
*Server's address*

Additional information regarding attempted service, etc:

No last name provided.





AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.  1:25-cv-03361-DDD

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)*  The Colorado Supreme Court

was received by me on *(date)*  11/12/2025  .

❒ I personally served the summons on the individual at *(place)*

    on *(date)*  ; or

❒ I left the summons at the individual's residence or usual place of abode with *(name)*

, a person of suitable age and discretion who resides there,

on *(date)*  , and mailed a copy to the individual's last known address; or

☑ I served the summons on *(name of individual)*  Magdalene (Judicial Clerk III)  , who is

designated by law to accept service of process on behalf of *(name of organization)*  The Colorado Supreme Court

on *(date)*  11/12/2025  ; or

❒ I returned the summons unexecuted because  ; or

❒ Other *(specify):*

My fees are $  for travel and $  for services, for a total of $  0.00  .

I declare under penalty of perjury that this information is true.

Date:  11/12/2025

*CONNIE MAYHUGH*
*Server's signature*

Connie Mayhugh, Investigator
*Printed name and title*

HSH Investigations, LLC
P.O. Box 337265
Greeley, CO 80633
*Server's address*

Additional information regarding attempted service, etc:

Magdalene refused to provide last name.

Case No. 1:25-cv-03361-GPG-GEB Document 30-1 filed 11/26/25 USDC Colorado pg 387 of 520

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.   1:25-cv-03361-DDD

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)*   Colorado Governor Jared Polis

was received by me on *(date)*   11/12/2025   .

❏ I personally served the summons on the individual at *(place)*

_____   on *(date)* _____ ; or

❏ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

✔ I served the summons on *(name of individual)*   Tyler Goldstein (Staff Assistant)   , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

Colorado Governor Jared Polis   on *(date)*   11/12/2025   ; or

❏ I returned the summons unexecuted because _____ ; or

❏ Other *(specify):*

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date:   11/12/2025

*Server's signature*

Connie Mayhugh, Investigator
*Printed name and title*

HSH Investigations, LLC
P.O. Box 337265
Greeley, CO 80633
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.   1:25-cv-03361-DDD

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* The Colorado Judicial Discipline Rulemaking Committee

was received by me on *(date)* 11/12/2025 .

❒ I personally served the summons on the individual at *(place)*

_____ on *(date)* _____ ; or

❒ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

✔ I served the summons on *(name of individual)* Judge Bryon M. Large , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

The Colorado Judicial Discipline Rulemaking Committee on *(date)* 11/12/2025 ; or

❒ I returned the summons unexecuted because _____ ; or

❒ Other *(specify):*

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date:  11/12/2025

*CONNIE MAYHUGH*
*Server's signature*

Connie Mayhugh, Investigator
*Printed name and title*

HSH Investigations, LLC
P.O. Box 337265
Greeley, CO 80633
*Server's address*

Additional information regarding attempted service, etc:

Judge Large stated that he wasn't sure he was authorized to accept service for the Colorado Judicial
Discipline Rulemaking Committee but did accept service.

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.   1:25-cv-03361-DDD

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)*   The Colorado Commission on Judicial Discipline

was received by me on *(date)*      11/12/2025      .

❒  I personally served the summons on the individual at *(place)*

_____  on *(date)*  _____  ; or

❒  I left the summons at the individual's residence or usual place of abode with *(name)*

_____ , a person of suitable age and discretion who resides there,

on *(date)*  _____ , and mailed a copy to the individual's last known address; or

☑  I served the summons on *(name of individual)*   Scott Sosebee (Court Executive)   , who is

designated by law to accept service of process on behalf of *(name of organization)*   Judge Jill Brady Member of CCJD

The Colorado Commission on Judicial Discipline    on *(date)*    11/17/2025    ; or

❒  I returned the summons unexecuted because  _____  ; or

❒  Other *(specify):*

My fees are $  _____  for travel and $  _____  for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date:      11/17/2025                        *CONNIE MAYHUGH*
                                             *Server's signature*

                                        Connie Mayhugh, Investigator
                                        *Printed name and title*

                                        HSH Investigations, LLC
                                        P.O. Box 337265
                                        Greeley, CO 80633
                                        *Server's address*

Additional information regarding attempted service, etc:

# HSH INVESTIGATIONS

**Connie Mayhugh**                                                    **DATE: 11/19/25**
HSH **Investigations, LLC**
**P.O. Box 337265**
**Greeley, CO 80633**
**Mobile: 970-580-0779**

## <u>MEMORANDUM</u>

---

On November 12th, I, Investigator Connie Mayhugh, arrived at the Ralph Carr Colorado Judicial Center to serve a Summons and Complaint to the following parties:

- Colorado Attorney General Philip Weiser
- Justice Monica Marquez, Chief Justice, Colorado Supreme Court
- James Carpenter, Chair, Colorado Commission on Judicial Discipline
- Kristen Mix, Chair, Colorado Judicial Discipline Rulemaking Committee

Upon arrival, I spoke with the receptionist, who contacted Hannah S.. Hannah S. confirmed she could only accept service for Philip Weiser, but could accept courtesy copies for others. No response was received from the Colorado Commission on Judicial Discipline.

At the Supreme Court office, the clerk, Magdalene, accepted service for Justice Monica Marquez but declined for others.

Efforts to serve the Colorado Commission on Judicial Discipline at their official office were not successful.

 At the Governor's office, Tyler Goldstein, staff assistant, accepted service for Governor Jared Polis without issue.

Later, Hannah S. advised me to visit Suite 210, but again, no response was received. I then proceeded to the Office of the Presiding Disciplinary Judge, where I spoke with the receptionist. The receptionist consulted with Judge Bryon Large, who subsequently met with me in person. Judge Large clarified that he was not authorized to accept service on behalf of the Colorado Commission on Judicial Discipline, as he was not a member of the Commission. When asked about the Colorado Judicial Discipline Rulemaking Committee, Judge Large acknowledged his membership but expressed uncertainty regarding his authority to accept service for the Discipline Rulemaking Committee. After further discussion, Judge Large ultimately agreed to accept service for the Judicial Discipline

1

# HSH INVESTIGATIONS

Rulemaking Committee, while reiterating his reservations about his authorization to do so. He refused to accept service on behalf of the Colorado Commission on Judicial Discipline.

Upon returning to the reception area to inquire on whether Hannah was able to reach anyone with the Colorado Commission on Judicial Discipline, she was in communication via phone with a female individual whose name was not provided. Hannah handed me the phone, and I spoke with this individual who identified herself as working within the Office of the Colorado Commission on Judicial Discipline. She informed me that there was no one present in the office that day who could accept service but indicated that someone would be available the following day to accept service. I inquired if there was anyone available who could accept service on behalf of the Commission, explaining that I would not be able to return at a later time. The response was that there was no one present who was authorized to accept service.

On November 17th, I served Judge Jill Brady, a member of the Colorado Commission on Judicial Discipline, at the El Paso County Court House. Scott Sosebee, Court Executive, accepted service on Judge Brady's behalf.

**This report was provided by Connie Mayhugh, Investigator at HSH Investigations, and is a true and accurate representation of information gathered.**

Signature: _Connie Mayhugh_                                    Date: 11/19/25

2

AO 399 (01/09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT
for the

District of Colorado ▾

CHRISTOPER S.P. GREGORY )
*Plaintiff* )
)
v. ) Civil Action No.  1:25-cv-03361-DDD
)
COLO. JUD. DISCIPLINE RULEMAKING COMM. et al )
*Defendant* )

## WAIVER OF THE SERVICE OF SUMMONS

To:  Ingrid J. DeFranco
 *(Name of the plaintiff's attorney or unrepresented plaintiff)*

I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from            12/01/2025            , the date when this request was sent (or 90 days if it was sent outside the United States).  If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date:      12/01/2025                                        /s/ Daniel M. Combs
                                                              *Signature of the attorney or unrepresented party*

         Ingrid Barrier                          Daniel M. Combs, First Assistant Attorney General
*Printed name of party waiving service of summons*              *Printed name*
                                                    Colorado Attorney General's Office
                                                              1300 Broadway
                                                             Denver, CO 80203
                                                                *Address*

                                                          Dan.Combs@coag.gov
                                                             *E-mail address*

                                                           (720) 508-6625
                                                            *Telephone number*

**Duty to Avoid Unnecessary Expenses of Serving a Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint.  A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court.  By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

AO 399 (01/09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT

for the

District of Colorado   ▼

CHRISTOPER S.P. GREGORY ) 
_____ )
*Plaintiff* )
v. )   Civil Action No.  1:25-cv-03361-DDD
COLO. JUD. DISCIPLINE RULEMAKING COMM. et al )
_____ )
*Defendant* )

## WAIVER OF THE SERVICE OF SUMMONS

To:  Ingrid J. DeFranco
_____
    *(Name of the plaintiff's attorney or unrepresented plaintiff)*

    I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

    I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

    I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

    I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from     12/01/2025    , the date when this request was sent (or 90 days if it was sent outside the United States).  If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date:    12/01/2025                           /s/ Daniel M. Combs
                                              *Signature of the attorney or unrepresented party*

                David Beller                 Daniel M. Combs, First Assistant Attorney General
*Printed name of party waiving service of summons*         *Printed name*
                                      Colorado Attorney General's Office
                                            1300 Broadway
                                         Denver, CO 80203
                                              *Address*

                                      Dan.Combs@coag.gov
                                              *E-mail address*

                                      (720) 508-6625
                                            *Telephone number*

**Duty to Avoid Unnecessary Expenses of Serving a Summons**

    Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint.  A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

    "Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

    If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

    If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court.  By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

AO 399 (01/09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT

for the

District of Colorado    ▼

CHRISTOPER S.P. GREGORY )
_____ )
*Plaintiff* )
)
v. )    Civil Action No. 1:25-cv-03361-DDD
COLO. JUD. DISCIPLINE RULEMAKING COMM. et al )
_____ )
*Defendant* )

## WAIVER OF THE SERVICE OF SUMMONS

To: Ingrid J. DeFranco
_____
*(Name of the plaintiff's attorney or unrepresented plaintiff)*

I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from _____12/01/2025_____, the date when this request was sent (or 90 days if it was sent outside the United States).  If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date:    12/01/2025                                    /s/ Daniel M. Combs
_____                _____
                                                         *Signature of the attorney or unrepresented party*

Jill Brady                              Daniel M. Combs, First Assistant Attorney General
_____                _____
*Printed name of party waiving service of summons*              *Printed name*
                                                     Colorado Attorney General's Office
                                                     1300 Broadway
                                                     Denver, CO 80203
                                              _____
                                                         *Address*

                                                    Dan.Combs@coag.gov
                                              _____
                                                      *E-mail address*

                                                      (720) 508-6625
                                              _____
                                                     *Telephone number*

**Duty to Avoid Unnecessary Expenses of Serving a Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint.  A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court.  By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

AO 399 (01/09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT
for the

District of Colorado ▼

| | | |
|---|---|---|
| Christopher S.P. Gregory | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 1:25-cv-03361-DDD |
| Colorado Jud. Discipline Rulemaking Committee, et al. | ) | |
| *Defendant* | ) | |

## WAIVER OF THE SERVICE OF SUMMONS

To:     Ingrid J. DeFranco
_____
*(Name of the plaintiff's attorney or unrepresented plaintiff)*

I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from        Dec. 1, 2025        , the date when this request was sent (or 90 days if it was sent outside the United States).  If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date:  Dec. 1, 2025                                    /s/ Daniel M. Combs
                                                      _____
                                                      *Signature of the attorney or unrepresented party*

Monica M. Márquez                                     Daniel M. Combs, First Assistant Attorney General
_____                     _____
*Printed name of party waiving service of summons*    *Printed name*

                                                      Colorado Attorney General's Office
                                                      1300 Broadway
                                                      Denver, CO 80203
                                                      _____
                                                      *Address*

                                                      Dan.Combs@coag.gov
                                                      _____
                                                      *E-mail address*

                                                      720-508-6625
                                                      _____
                                                      *Telephone number*

---

**Duty to Avoid Unnecessary Expenses of Serving a Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint.  A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court.  By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

AO 399 (01/09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT

for the

District of Colorado  ▼

CHRISTOPER S.P. GREGORY
_____
*Plaintiff*

v.

COLO. JUD. DISCIPLINE RULEMAKING COMM. et al
_____
*Defendant*

) 
) 
) 
) 
) 
) 

Civil Action No.  1:25-cv-03361-DDD

## WAIVER OF THE SERVICE OF SUMMONS

To:  Ingrid J. DeFranco
_____
*(Name of the plaintiff's attorney or unrepresented plaintiff)*

I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from           12/01/2025          , the date when this request was sent (or 90 days if it was sent outside the United States).  If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date:      12/01/2025

                                                 /s/ Daniel M. Combs
                                        *Signature of the attorney or unrepresented party*

           Gina Cannan                     Daniel M. Combs, First Assistant Attorney General
*Printed name of party waiving service of summons*                  *Printed name*
                                        Colorado Attorney General's Office
                                                1300 Broadway
                                              Denver, CO 80203

                                                  *Address*

                                             Dan.Combs@coag.gov
                                                 *E-mail address*

                                               (720) 508-6625
                                               *Telephone number*

**Duty to Avoid Unnecessary Expenses of Serving a Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint.  A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court.  By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

AO 399 (01/09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT

for the

District of Colorado ▾

| | |
|---|---|
| CHRISTOPER S.P. GREGORY | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 1:25-cv-03361-DDD |
| COLO. JUD. DISCIPLINE RULEMAKING COMM. et al | ) |
| *Defendant* | ) |

## WAIVER OF THE SERVICE OF SUMMONS

To: Ingrid J. DeFranco
  *(Name of the plaintiff's attorney or unrepresented plaintiff)*

I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from          12/01/2025          , the date when this request was sent (or 90 days if it was sent outside the United States).  If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date:    12/01/2025                                    /s/ Daniel M. Combs
                                                    *Signature of the attorney or unrepresented party*

         James Carpenter                    Daniel M. Combs, First Assistant Attorney General
*Printed name of party waiving service of summons*                  *Printed name*
                                              Colorado Attorney General's Office
                                              1300 Broadway
                                              Denver, CO 80203
                                                    *Address*

                                              Dan.Combs@coag.gov
                                                    *E-mail address*

                                              (720) 508-6625
                                                    *Telephone number*

**Duty to Avoid Unnecessary Expenses of Serving a Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint.  A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court.  By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

AO 399 (01/09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT
for the

District of Colorado ▾

CHRISTOPER S.P. GREGORY )
*Plaintiff* )
)
v. ) Civil Action No. 1:25-cv-03361-DDD
COLO. JUD. DISCIPLINE RULEMAKING COMM. et al )
*Defendant* )

## WAIVER OF THE SERVICE OF SUMMONS

To: Ingrid J. DeFranco
*(Name of the plaintiff's attorney or unrepresented plaintiff)*

    I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

    I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

    I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

    I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from     12/01/2025    , the date when this request was sent (or 90 days if it was sent outside the United States). If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date:     12/01/2025                         /s/ Daniel M. Combs
                                              *Signature of the attorney or unrepresented party*

            Nancy Cohen             Daniel M. Combs, First Assistant Attorney General
*Printed name of party waiving service of summons*                  *Printed name*
                                          Colorado Attorney General's Office
                                          1300 Broadway
                                          Denver, CO 80203
                                                 *Address*

                                       Dan.Combs@coag.gov
                                              *E-mail address*

                                            (720) 508-6625
                                              *Telephone number*

---

**Duty to Avoid Unnecessary Expenses of Serving a Summons**

    Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint. A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

    "Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

    If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

    If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court. By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

AO 399 (01/09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT
for the

District of Colorado ▼

| | | |
|---|---|---|
| CHRISTOPER S.P. GREGORY | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 1:25-cv-03361-DDD |
| COLO. JUD. DISCIPLINE RULEMAKING COMM. et al | ) | |
| *Defendant* | ) | |

## WAIVER OF THE SERVICE OF SUMMONS

To:  Ingrid J. DeFranco

*(Name of the plaintiff's attorney or unrepresented plaintiff)*

I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from _____12/01/2025_____, the date when this request was sent (or 90 days if it was sent outside the United States).  If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date: _____12/01/2025_____    _____/s/ Daniel M. Combs_____
                                    *Signature of the attorney or unrepresented party*

_____Robert Gardner_____    Daniel M. Combs, First Assistant Attorney General
*Printed name of party waiving service of summons*    *Printed name*
                                    Colorado Attorney General's Office
                                    1300 Broadway
                                    Denver, CO 80203
                                    *Address*

                                    Dan.Combs@coag.gov
                                    *E-mail address*

                                    (720) 508-6625
                                    *Telephone number*

**Duty to Avoid Unnecessary Expenses of Serving a Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint.  A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court.  By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

AO 399 (01/09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT

for the

District of Colorado     ▾

CHRISTOPER S.P. GREGORY )
*Plaintiff* )
)
v. ) Civil Action No. 1:25-cv-03361-DDD
COLO. JUD. DISCIPLINE RULEMAKING COMM. et al )
*Defendant* )

## WAIVER OF THE SERVICE OF SUMMONS

To: Ingrid J. DeFranco

*(Name of the plaintiff's attorney or unrepresented plaintiff)*

    I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

    I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

    I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

    I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from 12/01/2025 , the date when this request was sent (or 90 days if it was sent outside the United States).  If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date: 12/01/2025

/s/ Daniel M. Combs
*Signature of the attorney or unrepresented party*

Sara Garrido
*Printed name of party waiving service of summons*

Daniel M. Combs, First Assistant Attorney General
*Printed name*
Colorado Attorney General's Office
1300 Broadway
Denver, CO 80203
*Address*

Dan.Combs@coag.gov
*E-mail address*

(720) 508-6625
*Telephone number*

**Duty to Avoid Unnecessary Expenses of Serving a Summons**

    Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint.  A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

    "Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

    If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

    If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court.  By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

AO 399 (01/09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT

for the

District of Colorado ☐ ▼

CHRISTOPER S.P. GREGORY )
*Plaintiff* )
)
v. ) Civil Action No. 1:25-cv-03361-DDD
COLO. JUD. DISCIPLINE RULEMAKING COMM. et al )
*Defendant* )

## WAIVER OF THE SERVICE OF SUMMONS

To: Ingrid J. DeFranco
*(Name of the plaintiff's attorney or unrepresented plaintiff)*

I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from _____12/01/2025_____, the date when this request was sent (or 90 days if it was sent outside the United States). If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date: _____12/01/2025_____          /s/ Daniel M. Combs
                                        *Signature of the attorney or unrepresented party*

_____Kirsten Grooms_____        Daniel M. Combs, First Assistant Attorney General
*Printed name of party waiving service of summons*              *Printed name*
                                        Colorado Attorney General's Office
                                        1300 Broadway
                                        Denver, CO 80203
                                        *Address*

                                        Dan.Combs@coag.gov
                                        *E-mail address*

                                        (720) 508-6625
                                        *Telephone number*

**Duty to Avoid Unnecessary Expenses of Serving a Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint. A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court. By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

AO 399 (01/09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT

for the

District of Colorado   ▼

CHRISTOPER S.P. GREGORY )
*Plaintiff* )
  )
v. ) Civil Action No. 1:25-cv-03361-DDD
  )
COLO. JUD. DISCIPLINE RULEMAKING COMM. et al )
*Defendant* )

## WAIVER OF THE SERVICE OF SUMMONS

To: Ingrid J. DeFranco
*(Name of the plaintiff's attorney or unrepresented plaintiff)*

I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from _____12/01/2025_____, the date when this request was sent (or 90 days if it was sent outside the United States). If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date: _____12/01/2025_____                    /s/ Daniel M. Combs
                                  *Signature of the attorney or unrepresented party*

James Hartmann                    Daniel M. Combs, First Assistant Attorney General
*Printed name of party waiving service of summons*                    *Printed name*
                                  Colorado Attorney General's Office
                                  1300 Broadway
                                  Denver, CO 80203

                                  *Address*

                                  Dan.Combs@coag.gov
                                  *E-mail address*

                                  (720) 508-6625
                                  *Telephone number*

---

**Duty to Avoid Unnecessary Expenses of Serving a Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint. A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court. By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

AO 399 (01/09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT
for the

District of Colorado   ▾

| | |
|---|---|
| CHRISTOPER S.P. GREGORY | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 1:25-cv-03361-DDD |
| COLO. JUD. DISCIPLINE RULEMAKING COMM. et al | ) |
| *Defendant* | ) |

## WAIVER OF THE SERVICE OF SUMMONS

To:  Ingrid J. DeFranco
  *(Name of the plaintiff's attorney or unrepresented plaintiff)*

I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from           12/01/2025          , the date when this request was sent (or 90 days if it was sent outside the United States).  If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date:     12/01/2025                                     /s/ Daniel M. Combs
                                          *Signature of the attorney or unrepresented party*

        Amanda Hollander                     Daniel M. Combs, First Assistant Attorney General
*Printed name of party waiving service of summons*                *Printed name*
                                          Colorado Attorney General's Office
                                          1300 Broadway
                                          Denver, CO 80203

                                          *Address*

                                          Dan.Combs@coag.gov
                                          *E-mail address*

                                          (720) 508-6625
                                          *Telephone number*

---

**Duty to Avoid Unnecessary Expenses of Serving a Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint.  A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court.  By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

AO 399 (01/09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT
for the
District of Colorado  ▾

| | |
|---|---|
| Christopher S.P. Gregory | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 1:25-cv-03361-DDD |
| Colorado Jud. Discipline Rulemaking Committee, et al. | ) |
| *Defendant* | ) |

## WAIVER OF THE SERVICE OF SUMMONS

To:  Ingrid J. DeFranco
_____
*(Name of the plaintiff's attorney or unrepresented plaintiff)*

I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from        Dec. 1, 2025        , the date when this request was sent (or 90 days if it was sent outside the United States).  If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date:  Dec. 1, 2025

/s/ Daniel M. Combs
_____
*Signature of the attorney or unrepresented party*

Maria E. Berkenkotter
_____
*Printed name of party waiving service of summons*

Daniel M. Combs, First Assistant Attorney General
_____
*Printed name*

Colorado Attorney General's Office
1300 Broadway, 10th Floor
Denver, CO 80203
_____
*Address*

Dan.Combs@coag.gov
_____
*E-mail address*

720-508-6625
_____
*Telephone number*

**Duty to Avoid Unnecessary Expenses of Serving a Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint.  A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court.  By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

AO 399 (01/09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT
for the
District of Colorado    ▼

| | |
|---|---|
| Christopher S.P. Gregory | ) |
| *Plaintiff* | ) |
| v. | )   Civil Action No.   1:25-cv-03361-DDD |
| Colorado Jud. Discipline Rulemaking Committee, et al. | ) |
| *Defendant* | ) |

## WAIVER OF THE SERVICE OF SUMMONS

To:    Ingrid J. DeFranco

      *(Name of the plaintiff's attorney or unrepresented plaintiff)*

      I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

      I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

      I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

      I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from    Dec. 1, 2025   , the date when this request was sent (or 90 days if it was sent outside the United States). If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date:   Dec. 1, 2025

      /s/ Daniel M. Combs

      *Signature of the attorney or unrepresented party*

Brian D. Boatright

      Daniel M. Combs, First Assistant Attorney General

*Printed name of party waiving service of summons*

      *Printed name*

Colorado Attorney General's Office
1300 Broadway, 10th Floor
Denver, CO 80203

      *Address*

Dan.Combs@coag.gov

      *E-mail address*

720-508-6625

      *Telephone number*

---

**Duty to Avoid Unnecessary Expenses of Serving a Summons**

      Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint. A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

      "Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

      If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

      If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court. By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

AO 399 (01/09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT
for the

District of Colorado  ▾

| | |
|---|---|
| Christopher S.P. Gregory | ) |
| *Plaintiff* | ) |
| v. | )  Civil Action No. 1:25-cv-03361-DDD |
| Colorado Jud. Discipline Rulemaking Committee, et al. | ) |
| *Defendant* | ) |

## WAIVER OF THE SERVICE OF SUMMONS

To:  Ingrid J. DeFranco

   *(Name of the plaintiff's attorney or unrepresented plaintiff)*

I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from   Dec. 1, 2025  , the date when this request was sent (or 90 days if it was sent outside the United States). If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date:  Dec. 1, 2025

/s/ Daniel M. Combs

*Signature of the attorney or unrepresented party*

Richard L. Gabriel

Daniel M. Combs, First Assistant Attorney General

*Printed name of party waiving service of summons*

*Printed name*

Colorado Attorney General's Office
1300 Broadway, 10th Floor
Denver, CO 80203

*Address*

Dan.Combs@coag.gov

*E-mail address*

720-508-6625

*Telephone number*

---

**Duty to Avoid Unnecessary Expenses of Serving a Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint. A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court. By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

AO 399 (01/09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT
### for the
District of Colorado  [▼]

| | |
|---|---|
| Christopher S.P. Gregory | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 1:25-cv-03361-DDD |
| Colorado Jud. Discipline Rulemaking Committee, et al. | ) |
| *Defendant* | ) |

## WAIVER OF THE SERVICE OF SUMMONS

To:        Ingrid J. DeFranco
_____
*(Name of the plaintiff's attorney or unrepresented plaintiff)*

I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from          Dec. 1, 2025          , the date when this request was sent (or 90 days if it was sent outside the United States).  If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date:   Dec. 1, 2025

Melissa Hart
_____
*Printed name of party waiving service of summons*

/s/ Daniel M. Combs
_____
*Signature of the attorney or unrepresented party*
Daniel M. Combs, First Assistant Attorney General
_____
*Printed name*

Colorado Attorney General's Office
1300 Broadway, 10th Floor
Denver, CO 80203
_____
*Address*

Dan.Combs@coag.gov
_____
*E-mail address*

720-508-6625
_____
*Telephone number*

**Duty to Avoid Unnecessary Expenses of Serving a Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint.  A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court.  By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

AO 399 (01/09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT

for the

District of Colorado ⬛ ▾

Christopher S.P. Gregory )
*Plaintiff* )
)
v. ) Civil Action No. 1:25-cv-03361-DDD
Colorado Jud. Discipline Rulemaking Committee, et al. )
*Defendant* )
)

## WAIVER OF THE SERVICE OF SUMMONS

To:   Ingrid J. DeFranco
_____
*(Name of the plaintiff's attorney or unrepresented plaintiff)*

I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from   Dec. 1, 2025   , the date when this request was sent (or 90 days if it was sent outside the United States).  If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date:  Dec. 1, 2025

    William W. Hood, III
_____
*Printed name of party waiving service of summons*

                    /s/ Daniel M. Combs
_____
*Signature of the attorney or unrepresented party*

Daniel M. Combs, First Assistant Attorney General
_____
*Printed name*

Colorado Attorney General's Office
1300 Broadway, 10th Floor
Denver, CO 80203
_____
*Address*

Dan.Combs@coag.gov
_____
*E-mail address*

720-508-6625
_____
*Telephone number*

**Duty to Avoid Unnecessary Expenses of Serving a Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint.  A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court.  By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

AO 399 (01/09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT

for the

District of Colorado　　▼

| | |
|---|---|
| Christopher S.P. Gregory | ) |
| *Plaintiff* | ) |
| v. | )　Civil Action No.　1:25-cv-03361-DDD |
| Colorado Jud. Discipline Rulemaking Committee, et al. | ) |
| *Defendant* | ) |

## WAIVER OF THE SERVICE OF SUMMONS

To:　Ingrid J. DeFranco

　　*(Name of the plaintiff's attorney or unrepresented plaintiff)*

　　　I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

　　　I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

　　　I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

　　　I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from　　　Dec. 1, 2025　　　, the date when this request was sent (or 90 days if it was sent outside the United States).  If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date:　Dec. 1, 2025

　　　　　　　　　　　　　　　　　　　　　　　　　/s/ Daniel M. Combs

　　　　　　　　　　　　　　　　　　　　　　　*Signature of the attorney or unrepresented party*

Carlos A. Samour, Jr.　　　　　　　　　　　　Daniel M. Combs, First Assistant Attorney General

*Printed name of party waiving service of summons*　　　　　*Printed name*

　　　　　　　　　　　　　　　　　　　　　　Colorado Attorney General's Office
　　　　　　　　　　　　　　　　　　　　　　1300 Broadway, 10th Floor
　　　　　　　　　　　　　　　　　　　　　　Denver, CO 80203

　　　　　　　　　　　　　　　　　　　　　　　　*Address*

　　　　　　　　　　　　　　　　　　　　　　Dan.Combs@coag.gov

　　　　　　　　　　　　　　　　　　　　　　　*E-mail address*

　　　　　　　　　　　　　　　　　　　　　　720-508-6625

　　　　　　　　　　　　　　　　　　　　　　　*Telephone number*

---

### Duty to Avoid Unnecessary Expenses of Serving a Summons

　　　Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint.  A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

　　　"Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

　　　If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

　　　If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court.  By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

AO 399 (01/09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT

### for the

District of Colorado  ▾

CHRISTOPER S.P. GREGORY ) 
*Plaintiff* )
 )
v. ) Civil Action No. 1:25-cv-03361-DDD
 )
COLO. JUD. DISCIPLINE RULEMAKING COMM. et al )
*Defendant* )

## WAIVER OF THE SERVICE OF SUMMONS

To:  Ingrid J. DeFranco
*(Name of the plaintiff's attorney or unrepresented plaintiff)*

I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from                 12/01/2025               , the date when this request was sent (or 90 days if it was sent outside the United States).  If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date:      12/01/2025                                                     /s/ Daniel M. Combs
                                                                   *Signature of the attorney or unrepresented party*

Alison Kyles                                       Daniel M. Combs, First Assistant Attorney General
*Printed name of party waiving service of summons*                          *Printed name*
                                                               Colorado Attorney General's Office
                                                                   1300 Broadway
                                                                   Denver, CO 80203

                                                                   *Address*

                                                               Dan.Combs@coag.gov
                                                                   *E-mail address*

                                                               (720) 508-6625
                                                                   *Telephone number*

---

**Duty to Avoid Unnecessary Expenses of Serving a Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint.  A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court.  By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

AO 399 (01/09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT

for the

District of Colorado    ▼

CHRISTOPER S.P. GREGORY )
*Plaintiff* )
 )
v. ) Civil Action No. 1:25-cv-03361-DDD
 )
COLO. JUD. DISCIPLINE RULEMAKING COMM. et al )
*Defendant* )

## WAIVER OF THE SERVICE OF SUMMONS

To:  Ingrid J. DeFranco

*(Name of the plaintiff's attorney or unrepresented plaintiff)*

I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from            12/01/2025            , the date when this request was sent (or 90 days if it was sent outside the United States).  If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date:     12/01/2025                                            /s/ Daniel M. Combs
                                                        *Signature of the attorney or unrepresented party*

                    Bryon Large                    Daniel M. Combs, First Assistant Attorney General
*Printed name of party waiving service of summons*                    *Printed name*
                                                        Colorado Attorney General's Office
                                                        1300 Broadway
                                                        Denver, CO 80203
                                                        *Address*

                                                        Dan.Combs@coag.gov
                                                        *E-mail address*

                                                        (720) 508-6625
                                                        *Telephone number*

### Duty to Avoid Unnecessary Expenses of Serving a Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint.  A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court.  By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

AO 399 (01/09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT
### for the
District of Colorado   ▼

CHRISTOPER S.P. GREGORY )
*Plaintiff* )
)
v. ) Civil Action No. 1:25-cv-03361-DDD
COLO. JUD. DISCIPLINE RULEMAKING COMM. et al )
*Defendant* )

## WAIVER OF THE SERVICE OF SUMMONS

To: Ingrid J. DeFranco
*(Name of the plaintiff's attorney or unrepresented plaintiff)*

I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from                12/01/2025              , the date when this request was sent (or 90 days if it was sent outside the United States).  If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date:        12/01/2025                                        /s/ Daniel M. Combs
                                                                    *Signature of the attorney or unrepresented party*

                    Anne Mangiardi                    Daniel M. Combs, First Assistant Attorney General
*Printed name of party waiving service of summons*                    *Printed name*
                                                        Colorado Attorney General's Office
                                                        1300 Broadway
                                                        Denver, CO 80203

                                                        *Address*

                                                        Dan.Combs@coag.gov
                                                        *E-mail address*

                                                        (720) 508-6625
                                                        *Telephone number*

**Duty to Avoid Unnecessary Expenses of Serving a Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint.  A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court.  By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

AO 399 (01/09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT
### for the
District of Colorado    [ ▼ ]

| | |
|---|---|
| CHRISTOPER S.P. GREGORY | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No.  1:25-cv-03361-DDD |
| COLO. JUD. DISCIPLINE RULEMAKING COMM. et al | ) |
| *Defendant* | ) |

## WAIVER OF THE SERVICE OF SUMMONS

To:  Ingrid J. DeFranco
  *(Name of the plaintiff's attorney or unrepresented plaintiff)*

I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from           12/01/2025          , the date when this request was sent (or 90 days if it was sent outside the United States).  If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date:      12/01/2025                                /s/ Daniel M. Combs
                                        *Signature of the attorney or unrepresented party*

              Bonnie McLean                Daniel M. Combs, First Assistant Attorney General
*Printed name of party waiving service of summons*                *Printed name*
                                        Colorado Attorney General's Office
                                        1300 Broadway
                                        Denver, CO 80203
                                        *Address*

                                        Dan.Combs@coag.gov
                                        *E-mail address*

                                        (720) 508-6625
                                        *Telephone number*

**Duty to Avoid Unnecessary Expenses of Serving a Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint.  A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court.  By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

AO 399 (01/09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT

for the

District of Colorado   ▾

| | |
|---|---|
| CHRISTOPER S.P. GREGORY | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 1:25-cv-03361-DDD |
| COLO. JUD. DISCIPLINE RULEMAKING COMM. et al | ) |
| *Defendant* | ) |

## WAIVER OF THE SERVICE OF SUMMONS

To:  Ingrid J. DeFranco
*(Name of the plaintiff's attorney or unrepresented plaintiff)*

I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from ___12/01/2025___, the date when this request was sent (or 90 days if it was sent outside the United States).  If I fail to do so, a default judgment will be entered against me or the entity I represent.


Date:    12/01/2025                                                      /s/ Daniel M. Combs
                                                            *Signature of the attorney or unrepresented party*

           Colleen McManamon                            Daniel M. Combs, First Assistant Attorney General
*Printed name of party waiving service of summons*                     *Printed name*
                                                            Colorado Attorney General's Office
                                                            1300 Broadway
                                                            Denver, CO 80203

                                                                    *Address*

                                                            Dan.Combs@coag.gov
                                                                *E-mail address*

                                                            (720) 508-6625
                                                            *Telephone number*

---

**Duty to Avoid Unnecessary Expenses of Serving a Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint.  A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court.  By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

AO 399 (01/09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT
### for the
### District of Colorado   ▾

| | |
|---|---|
| CHRISTOPER S.P. GREGORY<br>*Plaintiff* | ) ) ) |
| v. | ) Civil Action No. 1:25-cv-03361-DDD |
| COLO. JUD. DISCIPLINE RULEMAKING COMM. et al<br>*Defendant* | ) ) |

## WAIVER OF THE SERVICE OF SUMMONS

To:  Ingrid J. DeFranco
*(Name of the plaintiff's attorney or unrepresented plaintiff)*

I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from           12/01/2025          , the date when this request was sent (or 90 days if it was sent outside the United States).  If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date:      12/01/2025

/s/ Daniel M. Combs
*Signature of the attorney or unrepresented party*

Kristen Mix
*Printed name of party waiving service of summons*

Daniel M. Combs, First Assistant Attorney General
*Printed name*
Colorado Attorney General's Office
1300 Broadway
Denver, CO 80203
*Address*

Dan.Combs@coag.gov
*E-mail address*

(720) 508-6625
*Telephone number*

### Duty to Avoid Unnecessary Expenses of Serving a Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint.  A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court.  By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

AO 399 (01/09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT
for the

District of Colorado   ▼

CHRISTOPER S.P. GREGORY )
*Plaintiff* )
)
v. ) Civil Action No. 1:25-cv-03361-DDD
COLO. JUD. DISCIPLINE RULEMAKING COMM. et al )
*Defendant* )

## WAIVER OF THE SERVICE OF SUMMONS

To: Ingrid J. DeFranco
  *(Name of the plaintiff's attorney or unrepresented plaintiff)*

  I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

  I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

  I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

  I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from   12/01/2025  , the date when this request was sent (or 90 days if it was sent outside the United States).  If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date:   12/01/2025          /s/ Daniel M. Combs
                         *Signature of the attorney or unrepresented party*

       Reed Owens        Daniel M. Combs, First Assistant Attorney General
  *Printed name of party waiving service of summons*             *Printed name*
                   Colorado Attorney General's Office
                     1300 Broadway
                     Denver, CO 80203
                       *Address*

                   Dan.Combs@coag.gov
                      *E-mail address*

                   (720) 508-6625
                      *Telephone number*

**Duty to Avoid Unnecessary Expenses of Serving a Summons**

  Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint.  A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

  "Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

  If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

  If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court.  By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

AO 399 (01/09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT
for the

District of Colorado ▾

CHRISTOPER S.P. GREGORY )
*Plaintiff* )
v. ) Civil Action No. 1:25-cv-03361-DDD
COLO. JUD. DISCIPLINE RULEMAKING COMM. et al )
*Defendant* )

## WAIVER OF THE SERVICE OF SUMMONS

To: Ingrid J. DeFranco
*(Name of the plaintiff's attorney or unrepresented plaintiff)*

I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from          12/01/2025          , the date when this request was sent (or 90 days if it was sent outside the United States).  If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date:     12/01/2025                          /s/ Daniel M. Combs
                                            *Signature of the attorney or unrepresented party*

Meredith Patrick Cord                   Daniel M. Combs, First Assistant Attorney General
*Printed name of party waiving service of summons*              *Printed name*
                                            Colorado Attorney General's Office
                                            1300 Broadway
                                            Denver, CO 80203
                                            *Address*

                                            Dan.Combs@coag.gov
                                            *E-mail address*

                                            (720) 508-6625
                                            *Telephone number*

**Duty to Avoid Unnecessary Expenses of Serving a Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint.  A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court.  By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

AO 399 (01/09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT
for the
District of Colorado   ▼

| | |
|---|---|
| CHRISTOPER S.P. GREGORY | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 1:25-cv-03361-DDD |
| COLO. JUD. DISCIPLINE RULEMAKING COMM. et al | ) |
| *Defendant* | ) |

## WAIVER OF THE SERVICE OF SUMMONS

To: Ingrid J. DeFranco
   *(Name of the plaintiff's attorney or unrepresented plaintiff)*

I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from            12/01/2025           , the date when this request was sent (or 90 days if it was sent outside the United States).  If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date:      12/01/2025                                    /s/ Daniel M. Combs
                                              *Signature of the attorney or unrepresented party*

           Mary V. Sooter                      Daniel M. Combs, First Assistant Attorney General
*Printed name of party waiving service of summons*                    *Printed name*
                                              Colorado Attorney General's Office
                                              1300 Broadway
                                              Denver, CO 80203

                                              *Address*

                                              Dan.Combs@coag.gov
                                              *E-mail address*

                                              (720) 508-6625
                                              *Telephone number*

**Duty to Avoid Unnecessary Expenses of Serving a Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint.  A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court.  By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

AO 399 (01/09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT

for the

District of Colorado ▼

| | | |
|---|---|---|
| CHRISTOPER S.P. GREGORY | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 1:25-cv-03361-DDD |
| COLO. JUD. DISCIPLINE RULEMAKING COMM. et al | ) | |
| *Defendant* | ) | |

## WAIVER OF THE SERVICE OF SUMMONS

To:  Ingrid J. DeFranco
        *(Name of the plaintiff's attorney or unrepresented plaintiff)*

    I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

    I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

    I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

    I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from _____12/01/2025_____, the date when this request was sent (or 90 days if it was sent outside the United States).  If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date:  _____12/01/2025_____

             /s/ Daniel M. Combs
          *Signature of the attorney or unrepresented party*

      Aubrey C. Sullivan
*Printed name of party waiving service of summons*

    Daniel M. Combs, First Assistant Attorney General
            *Printed name*
      Colorado Attorney General's Office
           1300 Broadway
          Denver, CO 80203
            *Address*

      Dan.Combs@coag.gov
          *E-mail address*

      (720) 508-6625
        *Telephone number*

### Duty to Avoid Unnecessary Expenses of Serving a Summons

    Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint.  A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

    "Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

    If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

    If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court.  By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

AO 399 (01/09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT
for the

District of Colorado ▼

CHRISTOPER S.P. GREGORY )
_____ )
*Plaintiff* )
v. ) Civil Action No. 1:25-cv-03361-DDD
COLO. JUD. DISCIPLINE RULEMAKING COMM. et al )
_____ )
*Defendant* )

## WAIVER OF THE SERVICE OF SUMMONS

To: Ingrid J. DeFranco
_____
*(Name of the plaintiff's attorney or unrepresented plaintiff)*

I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from _____12/01/2025_____, the date when this request was sent (or 90 days if it was sent outside the United States). If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date: _____12/01/2025_____                    /s/ Daniel M. Combs
                                         _____
                                         *Signature of the attorney or unrepresented party*

Courtney Sutton                          Daniel M. Combs, First Assistant Attorney General
_____        _____
*Printed name of party waiving service of summons*            *Printed name*
                                         Colorado Attorney General's Office
                                         1300 Broadway
                                         Denver, CO 80203
                                         _____
                                         *Address*

                                         Dan.Combs@coag.gov
                                         _____
                                         *E-mail address*

                                         (720) 508-6625
                                         _____
                                         *Telephone number*

### Duty to Avoid Unnecessary Expenses of Serving a Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint. A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court. By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

AO 399 (01/09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT

for the

District of Colorado   [▼]

| | | |
|---|---|---|
| CHRISTOPER S.P. GREGORY | ) | |
| _Plaintiff_ | ) | |
| v. | ) | Civil Action No. 1:25-cv-03361-DDD |
| COLO. JUD. DISCIPLINE RULEMAKING COMM. et al | ) | |
| _Defendant_ | ) | |

## WAIVER OF THE SERVICE OF SUMMONS

To: Ingrid J. DeFranco

_(Name of the plaintiff's attorney or unrepresented plaintiff)_

I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from 12/01/2025 , the date when this request was sent (or 90 days if it was sent outside the United States). If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date: 12/01/2025

/s/ Daniel M. Combs

_Signature of the attorney or unrepresented party_

Jeff Swanty

_Printed name of party waiving service of summons_

Daniel M. Combs, First Assistant Attorney General

_Printed name_

Colorado Attorney General's Office
1300 Broadway
Denver, CO 80203

_Address_

Dan.Combs@coag.gov

_E-mail address_

(720) 508-6625

_Telephone number_

**Duty to Avoid Unnecessary Expenses of Serving a Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint. A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does _not_ include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court. By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

AO 399 (01/09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT
for the

District of Colorado  ▼

CHRISTOPER S.P. GREGORY ) 
_____ )
*Plaintiff* )
v. ) Civil Action No. 1:25-cv-03361-DDD
COLO. JUD. DISCIPLINE RULEMAKING COMM. et al )
_____ )
*Defendant* )

## WAIVER OF THE SERVICE OF SUMMONS

To: Ingrid J. DeFranco
_____
*(Name of the plaintiff's attorney or unrepresented plaintiff)*

I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from ___12/01/2025___ , the date when this request was sent (or 90 days if it was sent outside the United States). If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date: ___12/01/2025___              ___/s/ Daniel M. Combs___
                                    *Signature of the attorney or unrepresented party*

___Stefanie Trujillo___             Daniel M. Combs, First Assistant Attorney General
*Printed name of party waiving service of summons*          *Printed name*
                                    Colorado Attorney General's Office
                                    1300 Broadway
                                    Denver, CO 80203
                                    *Address*

                                    Dan.Combs@coag.gov
                                    *E-mail address*

                                    (720) 508-6625
                                    *Telephone number*

**Duty to Avoid Unnecessary Expenses of Serving a Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint. A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court. By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

# UNITED STATES DISTRICT COURT
### for the
District of Colorado ☐

| | |
|---|---|
| CHRISTOPER S.P. GREGORY | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 1:25-cv-03361-DDD |
| COLO. JUD. DISCIPLINE RULEMAKING COMM. et al | ) |
| *Defendant* | ) |

## WAIVER OF THE SERVICE OF SUMMONS

To:  Ingrid J. DeFranco
*(Name of the plaintiff's attorney or unrepresented plaintiff)*

I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from _____12/01/2025_____, the date when this request was sent (or 90 days if it was sent outside the United States).  If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date:  12/01/2025                                         /s/ Daniel M. Combs
                                                *Signature of the attorney or unrepresented party*

Mariana Vielma                               Daniel M. Combs, First Assistant Attorney General
*Printed name of party waiving service of summons*            *Printed name*
                                                Colorado Attorney General's Office
                                                1300 Broadway
                                                Denver, CO 80203
                                                *Address*

                                                Dan.Combs@coag.gov
                                                *E-mail address*

                                                (720) 508-6625
                                                *Telephone number*

---

**Duty to Avoid Unnecessary Expenses of Serving a Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint.  A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court.  By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

AO 399 (01/09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT

for the

District of Colorado  ▼

| | | |
|---|---|---|
| CHRISTOPER S.P. GREGORY | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.  1:25-cv-03361-DDD |
| COLO. JUD. DISCIPLINE RULEMAKING COMM. et al | ) | |
| *Defendant* | ) | |

## WAIVER OF THE SERVICE OF SUMMONS

To:  Ingrid J. DeFranco

*(Name of the plaintiff's attorney or unrepresented plaintiff)*

I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from                 12/01/2025                , the date when this request was sent (or 90 days if it was sent outside the United States).  If I fail to do so, a default judgment will be entered against me or the entity I represent.


Date:      12/01/2025                                                          /s/ Daniel M. Combs

                                                                                     *Signature of the attorney or unrepresented party*


                    Vincente Vigil                               Daniel M. Combs, First Assistant Attorney General
*Printed name of party waiving service of summons*                          *Printed name*
                                                                      Colorado Attorney General's Office
                                                                              1300 Broadway
                                                                             Denver, CO 80203

                                                                                   *Address*

                                                                          Dan.Combs@coag.gov
                                                                               *E-mail address*

                                                                            (720) 508-6625
                                                                             *Telephone number*

---

**Duty to Avoid Unnecessary Expenses of Serving a Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint.  A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court.  By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

AO 399 (01/09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT

for the

District of Colorado   ▼

CHRISTOPER S.P. GREGORY )
*Plaintiff* )
) Civil Action No. 1:25-cv-03361-DDD
v. )
COLO. JUD. DISCIPLINE RULEMAKING COMM. et al )
*Defendant* )

## WAIVER OF THE SERVICE OF SUMMONS

To:   Ingrid J. DeFranco
*(Name of the plaintiff's attorney or unrepresented plaintiff)*

I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from _____12/01/2025_____, the date when this request was sent (or 90 days if it was sent outside the United States).  If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date:   _____12/01/2025_____                  /s/ Daniel M. Combs
                                                         *Signature of the attorney or unrepresented party*

Jeffrey M. Walsh                    Daniel M. Combs, First Assistant Attorney General
*Printed name of party waiving service of summons*              *Printed name*
                                                    Colorado Attorney General's Office
                                                    1300 Broadway
                                                    Denver, CO 80203
                                                         *Address*

                                                    Dan.Combs@coag.gov
                                                         *E-mail address*

                                                    (720) 508-6625
                                                         *Telephone number*

**Duty to Avoid Unnecessary Expenses of Serving a Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint.  A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court.  By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

AO 399 (01/09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT
### for the
District of Colorado ▼

CHRISTOPER S.P. GREGORY )
*Plaintiff* )
)
v. ) Civil Action No. 1:25-cv-03361-DDD
)
COLO. JUD. DISCIPLINE RULEMAKING COMM. et al )
*Defendant* )

## WAIVER OF THE SERVICE OF SUMMONS

To: Ingrid J. DeFranco
*(Name of the plaintiff's attorney or unrepresented plaintiff)*

I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from 12/01/2025 , the date when this request was sent (or 90 days if it was sent outside the United States). If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date: 12/01/2025                                    /s/ Daniel M. Combs
                                         *Signature of the attorney or unrepresented party*

Emily Tofte Nestaval                      Daniel M. Combs, First Assistant Attorney General
*Printed name of party waiving service of summons*                *Printed name*
                                          Colorado Attorney General's Office
                                          1300 Broadway
                                          Denver, CO 80203
                                          *Address*

                                          Dan.Combs@coag.gov
                                          *E-mail address*

                                          (720) 508-6625
                                          *Telephone number*

---

**Duty to Avoid Unnecessary Expenses of Serving a Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint. A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court. By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

AO 399 (01/09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT

for the

District of Colorado ▾

CHRISTOPER S.P. GREGORY )
*Plaintiff* )
 )
v. ) Civil Action No. 1:25-cv-03361-DDD
 )
COLO. JUD. DISCIPLINE RULEMAKING COMM. et al )
*Defendant* )

## WAIVER OF THE SERVICE OF SUMMONS

To: Ingrid J. DeFranco

*(Name of the plaintiff's attorney or unrepresented plaintiff)*

I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from _____12/01/2025_____, the date when this request was sent (or 90 days if it was sent outside the United States). If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date: _____12/01/2025_____       /s/ Daniel M. Combs
       *Signature of the attorney or unrepresented party*

       Daniel M. Combs, First Assistant Attorney General
David Beller       *Printed name*
*Printed name of party waiving service of summons*       Colorado Attorney General's Office
       1300 Broadway
       Denver, CO 80203

       *Address*

       Dan.Combs@coag.gov
       *E-mail address*

       (720) 508-6625
       *Telephone number*

---

**Duty to Avoid Unnecessary Expenses of Serving a Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint. A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court. By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

AO 399 (01/09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT
for the

District of Colorado ▾

CHRISTOPER S.P. GREGORY )
_Plaintiff_ )
)
v. ) Civil Action No. 1:25-cv-03361-DDD
COLO. JUD. DISCIPLINE RULEMAKING COMM. et al )
_Defendant_ )

## WAIVER OF THE SERVICE OF SUMMONS

To: Ingrid J. DeFranco

_(Name of the plaintiff's attorney or unrepresented plaintiff)_

     I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

     I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

     I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

     I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from      12/01/2025     , the date when this request was sent (or 90 days if it was sent outside the United States). If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date:     12/01/2025                            /s/ Daniel M. Combs

                                                     _Signature of the attorney or unrepresented party_

              Jill Brady                Daniel M. Combs, First Assistant Attorney General
_Printed name of party waiving service of summons_           _Printed name_
                                        Colorado Attorney General's Office
                                                   1300 Broadway
                                                   Denver, CO 80203

                                                          _Address_

                                               Dan.Combs@coag.gov
                                                      _E-mail address_

                                               (720) 508-6625
                                                     _Telephone number_

**Duty to Avoid Unnecessary Expenses of Serving a Summons**

     Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint. A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

     "Good cause" does _not_ include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

     If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

     If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court. By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

AO 399 (01/09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT

for the

District of Colorado ▾

| | | |
|---|---|---|
| Christopher S.P. Gregory | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 1:25-cv-03361-DDD |
| Colorado Jud. Discipline Rulemaking Committee, et al. | ) | |
| *Defendant* | ) | |

## WAIVER OF THE SERVICE OF SUMMONS

To:  Ingrid J. DeFranco

*(Name of the plaintiff's attorney or unrepresented plaintiff)*

I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from        Dec. 1, 2025        , the date when this request was sent (or 90 days if it was sent outside the United States).  If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date:  Dec. 1, 2025

/s/ Daniel M. Combs

*Signature of the attorney or unrepresented party*

Monica M. Márquez

*Printed name of party waiving service of summons*

Daniel M. Combs, First Assistant Attorney General

*Printed name*

Colorado Attorney General's Office
1300 Broadway
Denver, CO 80203

*Address*

Dan.Combs@coag.gov

*E-mail address*

720-508-6625

*Telephone number*

---

**Duty to Avoid Unnecessary Expenses of Serving a Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint.  A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court.  By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

AO 399 (01/09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT
### for the
District of Colorado ▾

CHRISTOPER S.P. GREGORY )
_____ )
*Plaintiff* )
)
v. ) Civil Action No. 1:25-cv-03361-DDD
COLO. JUD. DISCIPLINE RULEMAKING COMM. et al )
_____ )
*Defendant* )

## WAIVER OF THE SERVICE OF SUMMONS

To: Ingrid J. DeFranco
_____
*(Name of the plaintiff's attorney or unrepresented plaintiff)*

I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from _____12/01/2025_____ , the date when this request was sent (or 90 days if it was sent outside the United States). If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date: _____12/01/2025_____                    /s/ Daniel M. Combs
                                        _____
                                        *Signature of the attorney or unrepresented party*

_____Gina Cannan_____              Daniel M. Combs, First Assistant Attorney General
*Printed name of party waiving service of summons*              *Printed name*
                                        Colorado Attorney General's Office
                                        1300 Broadway
                                        Denver, CO 80203
                                        _____
                                        *Address*

                                        Dan.Combs@coag.gov
                                        _____
                                        *E-mail address*

                                        (720) 508-6625
                                        _____
                                        *Telephone number*

**Duty to Avoid Unnecessary Expenses of Serving a Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint. A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court. By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

AO 399 (01/09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT

for the

District of Colorado   ▼

CHRISTOPER S.P. GREGORY )
*Plaintiff* )
)
v. ) Civil Action No. 1:25-cv-03361-DDD
COLO. JUD. DISCIPLINE RULEMAKING COMM. et al )
*Defendant* )

## WAIVER OF THE SERVICE OF SUMMONS

To: Ingrid J. DeFranco
   *(Name of the plaintiff's attorney or unrepresented plaintiff)*

I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from           12/01/2025          , the date when this request was sent (or 90 days if it was sent outside the United States).  If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date:      12/01/2025                              /s/ Daniel M. Combs
                                        *Signature of the attorney or unrepresented party*

James Carpenter              Daniel M. Combs, First Assistant Attorney General
*Printed name of party waiving service of summons*              *Printed name*
                                        Colorado Attorney General's Office
                                        1300 Broadway
                                        Denver, CO 80203

                                        *Address*

                                        Dan.Combs@coag.gov
                                        *E-mail address*

                                        (720) 508-6625
                                        *Telephone number*

---

**Duty to Avoid Unnecessary Expenses of Serving a Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint.  A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court.  By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

AO 399 (01/09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT

for the

District of Colorado  ▼

| | | |
|---|---|---|
| CHRISTOPER S.P. GREGORY | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.  1:25-cv-03361-DDD |
| COLO. JUD. DISCIPLINE RULEMAKING COMM. et al | ) | |
| *Defendant* | ) | |

## WAIVER OF THE SERVICE OF SUMMONS

To:  Ingrid J. DeFranco
_____
*(Name of the plaintiff's attorney or unrepresented plaintiff)*

I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from _____12/01/2025_____, the date when this request was sent (or 90 days if it was sent outside the United States).  If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date:      12/01/2025                                                                        /s/ Daniel M. Combs
                                                                                *Signature of the attorney or unrepresented party*

                            Nancy Cohen                                      Daniel M. Combs, First Assistant Attorney General
              *Printed name of party waiving service of summons*                          *Printed name*
                                                                              Colorado Attorney General's Office
                                                                                        1300 Broadway
                                                                                      Denver, CO 80203

                                                                                          *Address*

                                                                                  Dan.Combs@coag.gov
                                                                                      *E-mail address*

                                                                                    (720) 508-6625
                                                                                    *Telephone number*

### Duty to Avoid Unnecessary Expenses of Serving a Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint.  A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court.  By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

AO 399 (01/09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT
### for the
### District of Colorado ▼

CHRISTOPER S.P. GREGORY )
*Plaintiff* )
                                        )
v.                                      ) Civil Action No.  1:25-cv-03361-DDD
COLO. JUD. DISCIPLINE RULEMAKING COMM. et al )
*Defendant* )

## WAIVER OF THE SERVICE OF SUMMONS

To:  Ingrid J. DeFranco
          *(Name of the plaintiff's attorney or unrepresented plaintiff)*

I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from           12/01/2025           , the date when this request was sent (or 90 days if it was sent outside the United States).  If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date:      12/01/2025                                    /s/ Daniel M. Combs
                                                  *Signature of the attorney or unrepresented party*

          Robert Gardner                   Daniel M. Combs, First Assistant Attorney General
*Printed name of party waiving service of summons*          *Printed name*
                                           Colorado Attorney General's Office
                                           1300 Broadway
                                           Denver, CO 80203

                                           *Address*

                                           Dan.Combs@coag.gov
                                           *E-mail address*

                                           (720) 508-6625
                                           *Telephone number*

### Duty to Avoid Unnecessary Expenses of Serving a Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint.  A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court.  By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

AO 399 (01/09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT

for the

District of Colorado [▼]

CHRISTOPER S.P. GREGORY )
*Plaintiff* )
v. ) Civil Action No. 1:25-cv-03361-DDD
COLO. JUD. DISCIPLINE RULEMAKING COMM. et al )
*Defendant* )

## WAIVER OF THE SERVICE OF SUMMONS

To:  Ingrid J. DeFranco
*(Name of the plaintiff's attorney or unrepresented plaintiff)*

I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from            12/01/2025            , the date when this request was sent (or 90 days if it was sent outside the United States).  If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date:      12/01/2025                                          /s/ Daniel M. Combs
                                                     *Signature of the attorney or unrepresented party*

                Sara Garrido                          Daniel M. Combs, First Assistant Attorney General
*Printed name of party waiving service of summons*              *Printed name*
                                                        Colorado Attorney General's Office
                                                            1300 Broadway
                                                            Denver, CO 80203

                                                               *Address*

                                                        Dan.Combs@coag.gov
                                                            *E-mail address*

                                                          (720) 508-6625
                                                          *Telephone number*

**Duty to Avoid Unnecessary Expenses of Serving a Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint.  A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court.  By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

AO 399 (01/09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT

for the

District of Colorado   ▼

CHRISTOPER S.P. GREGORY )
*Plaintiff* )
)
v. )   Civil Action No.  1:25-cv-03361-DDD
COLO. JUD. DISCIPLINE RULEMAKING COMM. et al )
*Defendant* )

## WAIVER OF THE SERVICE OF SUMMONS

To:  Ingrid J. DeFranco
*(Name of the plaintiff's attorney or unrepresented plaintiff)*

I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from                12/01/2025                , the date when this request was sent (or 90 days if it was sent outside the United States).  If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date:        12/01/2025                                                /s/ Daniel M. Combs
                                                                  *Signature of the attorney or unrepresented party*

                  Kirsten Grooms                      Daniel M. Combs, First Assistant Attorney General
*Printed name of party waiving service of summons*                *Printed name*
                                                      Colorado Attorney General's Office
                                                              1300 Broadway
                                                              Denver, CO 80203
                                                                  *Address*

                                                          Dan.Combs@coag.gov
                                                              *E-mail address*

                                                            (720) 508-6625
                                                              *Telephone number*

**Duty to Avoid Unnecessary Expenses of Serving a Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint.  A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court.  By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

AO 399 (01/09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT
for the

District of Colorado    ▾

| | | |
|---|---|---|
| CHRISTOPER S.P. GREGORY | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.  1:25-cv-03361-DDD |
| COLO. JUD. DISCIPLINE RULEMAKING COMM. et al | ) | |
| *Defendant* | ) | |

## WAIVER OF THE SERVICE OF SUMMONS

To:  Ingrid J. DeFranco
      *(Name of the plaintiff's attorney or unrepresented plaintiff)*

      I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

      I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

      I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

      I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from     12/01/2025    , the date when this request was sent (or 90 days if it was sent outside the United States).  If I fail to do so, a default judgment will be entered against me or the entity I represent.


Date:     12/01/2025                      /s/ Daniel M. Combs
                                          *Signature of the attorney or unrepresented party*

            James Hartmann             Daniel M. Combs, First Assistant Attorney General
   *Printed name of party waiving service of summons*                     *Printed name*
                                     Colorado Attorney General's Office
                                         1300 Broadway
                                         Denver, CO 80203
                                           *Address*

                                    Dan.Combs@coag.gov
                                          *E-mail address*

                                    (720) 508-6625
                                          *Telephone number*

---

**Duty to Avoid Unnecessary Expenses of Serving a Summons**

      Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint.  A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

      "Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

      If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

      If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court.  By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

AO 399 (01/09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT

for the

District of Colorado ▼

CHRISTOPER S.P. GREGORY ) 
_____ )
*Plaintiff* )
v. ) Civil Action No. 1:25-cv-03361-DDD
COLO. JUD. DISCIPLINE RULEMAKING COMM. et al )
_____ )
*Defendant* )

## WAIVER OF THE SERVICE OF SUMMONS

To: Ingrid J. DeFranco
_____
*(Name of the plaintiff's attorney or unrepresented plaintiff)*

I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from _____12/01/2025_____, the date when this request was sent (or 90 days if it was sent outside the United States). If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date: _____12/01/2025_____                    /s/ Daniel M. Combs
                                        *Signature of the attorney or unrepresented party*

Amanda Hollander                    Daniel M. Combs, First Assistant Attorney General
*Printed name of party waiving service of summons*              *Printed name*
                                        Colorado Attorney General's Office
                                        1300 Broadway
                                        Denver, CO 80203
                                        *Address*

                                        Dan.Combs@coag.gov
                                        *E-mail address*

                                        (720) 508-6625
                                        *Telephone number*

**Duty to Avoid Unnecessary Expenses of Serving a Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint. A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court. By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

AO 399 (01/09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT

for the

District of Colorado ▾

Christopher S.P. Gregory
_____
*Plaintiff*

v.

Colorado Jud. Discipline Rulemaking Committee, et al.
_____
*Defendant*

) 
)
)
)
)
)

Civil Action No. 1:25-cv-03361-DDD

## WAIVER OF THE SERVICE OF SUMMONS

To:   Ingrid J. DeFranco
_____
     *(Name of the plaintiff's attorney or unrepresented plaintiff)*

I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from _____Dec. 1, 2025_____, the date when this request was sent (or 90 days if it was sent outside the United States).  If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date:  Dec. 1, 2025
_____

Maria E. Berkenkotter
_____
*Printed name of party waiving service of summons*

/s/ Daniel M. Combs
_____
*Signature of the attorney or unrepresented party*

Daniel M. Combs, First Assistant Attorney General
_____
*Printed name*

Colorado Attorney General's Office
1300 Broadway, 10th Floor
Denver, CO 80203
_____
*Address*

Dan.Combs@coag.gov
_____
*E-mail address*

720-508-6625
_____
*Telephone number*

### Duty to Avoid Unnecessary Expenses of Serving a Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint.  A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court.  By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

AO 399 (01/09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT
### for the
### District of Colorado ▾

| | |
|---|---|
| Christopher S.P. Gregory | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 1:25-cv-03361-DDD |
| Colorado Jud. Discipline Rulemaking Committee, et al. | ) |
| *Defendant* | ) |

## WAIVER OF THE SERVICE OF SUMMONS

To:     Ingrid J. DeFranco
_____
*(Name of the plaintiff's attorney or unrepresented plaintiff)*

I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from          Dec. 1, 2025          , the date when this request was sent (or 90 days if it was sent outside the United States).  If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date:  Dec. 1, 2025

_____
Brian D. Boatright

*Printed name of party waiving service of summons*

/s/ Daniel M. Combs

_____
*Signature of the attorney or unrepresented party*

Daniel M. Combs, First Assistant Attorney General

*Printed name*

Colorado Attorney General's Office
1300 Broadway, 10th Floor
Denver, CO 80203

*Address*

Dan.Combs@coag.gov

*E-mail address*

720-508-6625

*Telephone number*

---

### Duty to Avoid Unnecessary Expenses of Serving a Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint.  A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court.  By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

AO 399 (01/09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT

for the

District of Colorado   ▼

| | |
|---|---|
| Christopher S.P. Gregory | ) |
| *Plaintiff* | ) |
| v. | ) |
| Colorado Jud. Discipline Rulemaking Committee, et al. | ) |
| *Defendant* | ) |

Civil Action No.  1:25-cv-03361-DDD

## WAIVER OF THE SERVICE OF SUMMONS

To:   Ingrid J. DeFranco

*(Name of the plaintiff's attorney or unrepresented plaintiff)*

I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from          Dec. 1, 2025          , the date when this request was sent (or 90 days if it was sent outside the United States).  If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date:   Dec. 1, 2025

Richard L. Gabriel

*Printed name of party waiving service of summons*

/s/ Daniel M. Combs

*Signature of the attorney or unrepresented party*

Daniel M. Combs, First Assistant Attorney General

*Printed name*

Colorado Attorney General's Office
1300 Broadway, 10th Floor
Denver, CO 80203

*Address*

Dan.Combs@coag.gov

*E-mail address*

720-508-6625

*Telephone number*

### Duty to Avoid Unnecessary Expenses of Serving a Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint.  A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court.  By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

AO 399 (01/09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT

for the

District of Colorado   ▼

| | | |
|---|---|---|
| Christopher S.P. Gregory | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.  1:25-cv-03361-DDD |
| Colorado Jud. Discipline Rulemaking Committee, et al. | ) | |
| *Defendant* | ) | |

## WAIVER OF THE SERVICE OF SUMMONS

To:  Ingrid J. DeFranco
_____
*(Name of the plaintiff's attorney or unrepresented plaintiff)*

I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from ___Dec. 1, 2025___, the date when this request was sent (or 90 days if it was sent outside the United States).  If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date:  Dec. 1, 2025

Melissa Hart
_____
*Printed name of party waiving service of summons*

/s/ Daniel M. Combs
_____
*Signature of the attorney or unrepresented party*

Daniel M. Combs, First Assistant Attorney General
*Printed name*

Colorado Attorney General's Office
1300 Broadway, 10th Floor
Denver, CO 80203
*Address*

Dan.Combs@coag.gov
*E-mail address*

720-508-6625
*Telephone number*

### Duty to Avoid Unnecessary Expenses of Serving a Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint.  A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court.  By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

AO 399 (01/09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT
for the

District of Colorado ▾

| | | |
|---|---|---|
| Christopher S.P. Gregory | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.  1:25-cv-03361-DDD |
| Colorado Jud. Discipline Rulemaking Committee, et al. | ) | |
| *Defendant* | ) | |

## WAIVER OF THE SERVICE OF SUMMONS

To:     Ingrid J. DeFranco
_____
*(Name of the plaintiff's attorney or unrepresented plaintiff)*

I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from     Dec. 1, 2025    , the date when this request was sent (or 90 days if it was sent outside the United States).  If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date:   Dec. 1, 2025

           /s/ Daniel M. Combs
_____
*Signature of the attorney or unrepresented party*

William W. Hood, III

*Printed name of party waiving service of summons*

Daniel M. Combs, First Assistant Attorney General

*Printed name*

Colorado Attorney General's Office
1300 Broadway, 10th Floor
Denver, CO 80203

*Address*

Dan.Combs@coag.gov

*E-mail address*

720-508-6625

*Telephone number*

---

**Duty to Avoid Unnecessary Expenses of Serving a Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint.  A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court.  By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

AO 399 (01/09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT
## for the
### District of Colorado  ▼

| | | |
|---|---|---|
| Christopher S.P. Gregory | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 1:25-cv-03361-DDD |
| Colorado Jud. Discipline Rulemaking Committee, et al. | ) | |
| *Defendant* | ) | |

## WAIVER OF THE SERVICE OF SUMMONS

To:     Ingrid J. DeFranco

_____
*(Name of the plaintiff's attorney or unrepresented plaintiff)*

I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from          Dec. 1, 2025          , the date when this request was sent (or 90 days if it was sent outside the United States). If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date:  Dec. 1, 2025

/s/ Daniel M. Combs
_____
*Signature of the attorney or unrepresented party*

Carlos A. Samour, Jr.
_____
*Printed name of party waiving service of summons*

Daniel M. Combs, First Assistant Attorney General
*Printed name*

Colorado Attorney General's Office
1300 Broadway, 10th Floor
Denver, CO 80203
*Address*

Dan.Combs@coag.gov
*E-mail address*

720-508-6625
*Telephone number*

---

### Duty to Avoid Unnecessary Expenses of Serving a Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint. A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court. By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

AO 399 (01/09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT

for the

District of Colorado ▾

| | |
|---|---|
| CHRISTOPER S.P. GREGORY | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 1:25-cv-03361-DDD |
| COLO. JUD. DISCIPLINE RULEMAKING COMM. et al | ) |
| *Defendant* | ) |

## WAIVER OF THE SERVICE OF SUMMONS

To: Ingrid J. DeFranco

*(Name of the plaintiff's attorney or unrepresented plaintiff)*

I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from ___12/01/2025___, the date when this request was sent (or 90 days if it was sent outside the United States). If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date: ___12/01/2025___   /s/ Daniel M. Combs
  *Signature of the attorney or unrepresented party*

Alison Kyles   Daniel M. Combs, First Assistant Attorney General
*Printed name of party waiving service of summons*   *Printed name*
  Colorado Attorney General's Office
  1300 Broadway
  Denver, CO 80203
  *Address*

  Dan.Combs@coag.gov
  *E-mail address*

  (720) 508-6625
  *Telephone number*

**Duty to Avoid Unnecessary Expenses of Serving a Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint. A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court. By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

AO 399 (01/09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT
### for the
District of Colorado ▾

CHRISTOPER S.P. GREGORY )
_____ )
*Plaintiff* )
 )
v. ) Civil Action No. 1:25-cv-03361-DDD
 )
COLO. JUD. DISCIPLINE RULEMAKING COMM. et al )
_____ )
*Defendant* )

## WAIVER OF THE SERVICE OF SUMMONS

To: Ingrid J. DeFranco
_____
*(Name of the plaintiff's attorney or unrepresented plaintiff)*

I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from _____12/01/2025_____, the date when this request was sent (or 90 days if it was sent outside the United States). If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date: _____12/01/2025_____            /s/ Daniel M. Combs
                                    _____
                                    *Signature of the attorney or unrepresented party*

                Bryon Large            Daniel M. Combs, First Assistant Attorney General
_____       _____
*Printed name of party waiving service of summons*         *Printed name*
                                    Colorado Attorney General's Office
                                    1300 Broadway
                                    Denver, CO 80203
                                    _____
                                    *Address*

                                    Dan.Combs@coag.gov
                                    _____
                                    *E-mail address*

                                    (720) 508-6625
                                    _____
                                    *Telephone number*

### Duty to Avoid Unnecessary Expenses of Serving a Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint. A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court. By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

AO 399 (01/09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT

for the

District of Colorado ▾

| | |
|---|---|
| CHRISTOPER S.P. GREGORY | ) |
| *Plaintiff* | ) |
| v. | ) |
| COLO. JUD. DISCIPLINE RULEMAKING COMM. et al | ) |
| *Defendant* | ) |

Civil Action No. 1:25-cv-03361-DDD

## WAIVER OF THE SERVICE OF SUMMONS

To: Ingrid J. DeFranco

*(Name of the plaintiff's attorney or unrepresented plaintiff)*

I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from ___12/01/2025___, the date when this request was sent (or 90 days if it was sent outside the United States). If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date: ___12/01/2025___

/s/ Daniel M. Combs

*Signature of the attorney or unrepresented party*

Anne Mangiardi

*Printed name of party waiving service of summons*

Daniel M. Combs, First Assistant Attorney General

*Printed name*
Colorado Attorney General's Office
1300 Broadway
Denver, CO 80203

*Address*

Dan.Combs@coag.gov

*E-mail address*

(720) 508-6625

*Telephone number*

**Duty to Avoid Unnecessary Expenses of Serving a Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint. A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court. By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

AO 399 (01/09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT
for the

District of Colorado ▼

CHRISTOPER S.P. GREGORY )
*Plaintiff* )
)
v. ) Civil Action No. 1:25-cv-03361-DDD
COLO. JUD. DISCIPLINE RULEMAKING COMM. et al )
*Defendant* )

## WAIVER OF THE SERVICE OF SUMMONS

To: Ingrid J. DeFranco
*(Name of the plaintiff's attorney or unrepresented plaintiff)*

I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from            12/01/2025            , the date when this request was sent (or 90 days if it was sent outside the United States).  If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date:      12/01/2025                                                        /s/ Daniel M. Combs
                                                                  *Signature of the attorney or unrepresented party*

                    Bonnie McLean                        Daniel M. Combs, First Assistant Attorney General
*Printed name of party waiving service of summons*                        *Printed name*
                                                          Colorado Attorney General's Office
                                                              1300 Broadway
                                                              Denver, CO 80203
                                                                  *Address*

                                                          Dan.Combs@coag.gov
                                                                  *E-mail address*

                                                              (720) 508-6625
                                                                  *Telephone number*

**Duty to Avoid Unnecessary Expenses of Serving a Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint.  A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court.  By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

AO 399 (01/09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT
for the

District of Colorado ⬛

| | | |
|---|---|---|
| CHRISTOPER S.P. GREGORY | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.  1:25-cv-03361-DDD |
| COLO. JUD. DISCIPLINE RULEMAKING COMM. et al | ) | |
| *Defendant* | ) | |

## WAIVER OF THE SERVICE OF SUMMONS

To:  Ingrid J. DeFranco
       *(Name of the plaintiff's attorney or unrepresented plaintiff)*

I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from           12/01/2025          , the date when this request was sent (or 90 days if it was sent outside the United States).  If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date:       12/01/2025                              /s/ Daniel M. Combs
                                                                     *Signature of the attorney or unrepresented party*

                Colleen McManamon                    Daniel M. Combs, First Assistant Attorney General
*Printed name of party waiving service of summons*                    *Printed name*
                                                              Colorado Attorney General's Office
                                                                        1300 Broadway
                                                                       Denver, CO 80203
                                                                            *Address*

                                                               Dan.Combs@coag.gov
                                                                     *E-mail address*

                                                                   (720) 508-6625
                                                                 *Telephone number*

**Duty to Avoid Unnecessary Expenses of Serving a Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint.  A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court.  By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

AO 399 (01/09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT

for the

District of Colorado  ▼

CHRISTOPER S.P. GREGORY )
_____ )
*Plaintiff* )
)
v. ) Civil Action No.  1:25-cv-03361-DDD
)
COLO. JUD. DISCIPLINE RULEMAKING COMM. et al )
_____ )
*Defendant* )

## WAIVER OF THE SERVICE OF SUMMONS

To:  Ingrid J. DeFranco
_____
*(Name of the plaintiff's attorney or unrepresented plaintiff)*

I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from _____12/01/2025_____, the date when this request was sent (or 90 days if it was sent outside the United States). If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date:  _____12/01/2025_____                               /s/ Daniel M. Combs
                                                              *Signature of the attorney or unrepresented party*

Kristen Mix                                    Daniel M. Combs, First Assistant Attorney General
*Printed name of party waiving service of summons*                      *Printed name*
                                               Colorado Attorney General's Office
                                               1300 Broadway
                                               Denver, CO 80203
                                               *Address*

                                               Dan.Combs@coag.gov
                                               *E-mail address*

                                               (720) 508-6625
                                               *Telephone number*

**Duty to Avoid Unnecessary Expenses of Serving a Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint. A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court. By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

AO 399 (01/09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT
for the
District of Colorado ▼

CHRISTOPER S.P. GREGORY )
*Plaintiff* )
)
v. ) Civil Action No. 1:25-cv-03361-DDD
COLO. JUD. DISCIPLINE RULEMAKING COMM. et al )
*Defendant* )

## WAIVER OF THE SERVICE OF SUMMONS

To:  Ingrid J. DeFranco
*(Name of the plaintiff's attorney or unrepresented plaintiff)*

I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from                 12/01/2025                , the date when this request was sent (or 90 days if it was sent outside the United States).  If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date:       12/01/2025                               /s/ Daniel M. Combs
*Signature of the attorney or unrepresented party*

Reed Owens                              Daniel M. Combs, First Assistant Attorney General
*Printed name of party waiving service of summons*                      *Printed name*
Colorado Attorney General's Office
1300 Broadway
Denver, CO 80203

*Address*

Dan.Combs@coag.gov
*E-mail address*

(720) 508-6625
*Telephone number*

**Duty to Avoid Unnecessary Expenses of Serving a Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint.  A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court.  By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

AO 399 (01/09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT
for the

District of Colorado   ▼

CHRISTOPER S.P. GREGORY )
*Plaintiff* )
)
v. ) Civil Action No.  1:25-cv-03361-DDD
)
COLO. JUD. DISCIPLINE RULEMAKING COMM. et al )
*Defendant* )

## WAIVER OF THE SERVICE OF SUMMONS

To:  Ingrid J. DeFranco
*(Name of the plaintiff's attorney or unrepresented plaintiff)*

I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from                   12/01/2025                  , the date when this request was sent (or 90 days if it was sent outside the United States).  If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date:        12/01/2025                                              /s/ Daniel M. Combs
                                                                        *Signature of the attorney or unrepresented party*

Meredith Patrick Cord                     Daniel M. Combs, First Assistant Attorney General
*Printed name of party waiving service of summons*                           *Printed name*
Colorado Attorney General's Office
1300 Broadway
Denver, CO 80203
                                                                                      *Address*

Dan.Combs@coag.gov
*E-mail address*

(720) 508-6625
*Telephone number*

**Duty to Avoid Unnecessary Expenses of Serving a Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint.  A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court.  By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

AO 399 (01/09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT
for the

District of Colorado ▼

| | |
|---|---|
| CHRISTOPER S.P. GREGORY<br>*Plaintiff* | ) ) ) |
| v. | ) Civil Action No. 1:25-cv-03361-DDD |
| COLO. JUD. DISCIPLINE RULEMAKING COMM. et al<br>*Defendant* | ) ) ) |

## WAIVER OF THE SERVICE OF SUMMONS

To: Ingrid J. DeFranco
*(Name of the plaintiff's attorney or unrepresented plaintiff)*

I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from _____12/01/2025_____, the date when this request was sent (or 90 days if it was sent outside the United States). If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date: _____12/01/2025_____          /s/ Daniel M. Combs
                                 *Signature of the attorney or unrepresented party*

          Mary V. Sooter            Daniel M. Combs, First Assistant Attorney General
*Printed name of party waiving service of summons*         *Printed name*
                                 Colorado Attorney General's Office
                                 1300 Broadway
                                 Denver, CO 80203
                                 *Address*

                                 Dan.Combs@coag.gov
                                 *E-mail address*

                                 (720) 508-6625
                                 *Telephone number*

**Duty to Avoid Unnecessary Expenses of Serving a Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint. A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court. By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

AO 399 (01/09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT

for the

District of Colorado ▾

CHRISTOPER S.P. GREGORY )
*Plaintiff* )
)
v. ) Civil Action No. 1:25-cv-03361-DDD
COLO. JUD. DISCIPLINE RULEMAKING COMM. et al )
*Defendant* )

## WAIVER OF THE SERVICE OF SUMMONS

To:  Ingrid J. DeFranco
*(Name of the plaintiff's attorney or unrepresented plaintiff)*

I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from         12/01/2025         , the date when this request was sent (or 90 days if it was sent outside the United States).  If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date:     12/01/2025                              /s/ Daniel M. Combs
                                                *Signature of the attorney or unrepresented party*

Aubrey C. Sullivan                  Daniel M. Combs, First Assistant Attorney General
*Printed name of party waiving service of summons*                  *Printed name*
                                                Colorado Attorney General's Office
                                                1300 Broadway
                                                Denver, CO 80203
                                                *Address*

                                                Dan.Combs@coag.gov
                                                *E-mail address*

                                                (720) 508-6625
                                                *Telephone number*

**Duty to Avoid Unnecessary Expenses of Serving a Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint.  A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court.  By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

AO 399 (01/09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT
### for the
District of Colorado ▼

| | | |
|---|---|---|
| CHRISTOPER S.P. GREGORY | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.  1:25-cv-03361-DDD |
| COLO. JUD. DISCIPLINE RULEMAKING COMM. et al | ) | |
| *Defendant* | ) | |

## WAIVER OF THE SERVICE OF SUMMONS

To:  Ingrid J. DeFranco
    *(Name of the plaintiff's attorney or unrepresented plaintiff)*

I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from _____12/01/2025_____, the date when this request was sent (or 90 days if it was sent outside the United States).  If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date:     12/01/2025                                             /s/ Daniel M. Combs
                                                      *Signature of the attorney or unrepresented party*

          Courtney Sutton                        Daniel M. Combs, First Assistant Attorney General
*Printed name of party waiving service of summons*                     *Printed name*
                                                      Colorado Attorney General's Office
                                                      1300 Broadway
                                                      Denver, CO 80203
                                                      *Address*

                                                      Dan.Combs@coag.gov
                                                      *E-mail address*

                                                      (720) 508-6625
                                                      *Telephone number*

**Duty to Avoid Unnecessary Expenses of Serving a Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint.  A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court.  By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

AO 399 (01/09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT

for the

District of Colorado

| | |
|---|---|
| CHRISTOPER S.P. GREGORY | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 1:25-cv-03361-DDD |
| COLO. JUD. DISCIPLINE RULEMAKING COMM. et al | ) |
| *Defendant* | ) |

## WAIVER OF THE SERVICE OF SUMMONS

To: Ingrid J. DeFranco

*(Name of the plaintiff's attorney or unrepresented plaintiff)*

I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from ___12/01/2025___, the date when this request was sent (or 90 days if it was sent outside the United States). If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date: ___12/01/2025___

          /s/ Daniel M. Combs
        *Signature of the attorney or unrepresented party*

___Jeff Swanty___
*Printed name of party waiving service of summons*

Daniel M. Combs, First Assistant Attorney General
*Printed name*
Colorado Attorney General's Office
1300 Broadway
Denver, CO 80203
*Address*

Dan.Combs@coag.gov
*E-mail address*

(720) 508-6625
*Telephone number*

---

**Duty to Avoid Unnecessary Expenses of Serving a Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint. A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court. By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

AO 399 (01/09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT

for the

District of Colorado ⏷

| | | |
|---|---|---|
| CHRISTOPER S.P. GREGORY | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 1:25-cv-03361-DDD |
| COLO. JUD. DISCIPLINE RULEMAKING COMM. et al | ) | |
| *Defendant* | ) | |

## WAIVER OF THE SERVICE OF SUMMONS

To: Ingrid J. DeFranco

*(Name of the plaintiff's attorney or unrepresented plaintiff)*

I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from                 12/01/2025                 , the date when this request was sent (or 90 days if it was sent outside the United States). If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date:       12/01/2025                                         /s/ Daniel M. Combs
                                                                   *Signature of the attorney or unrepresented party*

          Stefanie Trujillo                              Daniel M. Combs, First Assistant Attorney General
*Printed name of party waiving service of summons*                *Printed name*
                                                              Colorado Attorney General's Office
                                                                   1300 Broadway
                                                                   Denver, CO 80203

                                                                   *Address*

                                                              Dan.Combs@coag.gov
                                                                   *E-mail address*

                                                              (720) 508-6625
                                                                   *Telephone number*

**Duty to Avoid Unnecessary Expenses of Serving a Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint. A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court. By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

AO 399 (01/09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT

for the

District of Colorado  ▾

CHRISTOPER S.P. GREGORY )
*Plaintiff* )
v. ) Civil Action No. 1:25-cv-03361-DDD
COLO. JUD. DISCIPLINE RULEMAKING COMM. et al )
*Defendant* )

## WAIVER OF THE SERVICE OF SUMMONS

To:  Ingrid J. DeFranco
*(Name of the plaintiff's attorney or unrepresented plaintiff)*

I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from          12/01/2025          , the date when this request was sent (or 90 days if it was sent outside the United States).  If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date:      12/01/2025                                          /s/ Daniel M. Combs
                                                                       *Signature of the attorney or unrepresented party*

Mariana Vielma                                    Daniel M. Combs, First Assistant Attorney General
*Printed name of party waiving service of summons*                     *Printed name*
                                                                       Colorado Attorney General's Office
                                                                       1300 Broadway
                                                                       Denver, CO 80203
                                                                       *Address*

                                                                       Dan.Combs@coag.gov
                                                                       *E-mail address*

                                                                       (720) 508-6625
                                                                       *Telephone number*

**Duty to Avoid Unnecessary Expenses of Serving a Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint.  A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court.  By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

AO 399 (01/09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT
for the
District of Colorado ▾

| | | |
|---|---|---|
| CHRISTOPER S.P. GREGORY | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 1:25-cv-03361-DDD |
| COLO. JUD. DISCIPLINE RULEMAKING COMM. et al | ) | |
| *Defendant* | ) | |

## WAIVER OF THE SERVICE OF SUMMONS

To: Ingrid J. DeFranco

*(Name of the plaintiff's attorney or unrepresented plaintiff)*

I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from _____12/01/2025_____, the date when this request was sent (or 90 days if it was sent outside the United States). If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date: ___12/01/2025___      /s/ Daniel M. Combs
*Signature of the attorney or unrepresented party*

Vincente Vigil      Daniel M. Combs, First Assistant Attorney General
*Printed name of party waiving service of summons*      *Printed name*
Colorado Attorney General's Office
1300 Broadway
Denver, CO 80203
*Address*

Dan.Combs@coag.gov
*E-mail address*

(720) 508-6625
*Telephone number*

**Duty to Avoid Unnecessary Expenses of Serving a Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint. A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court. By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

AO 399 (01/09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT

for the

District of Colorado  ▼

CHRISTOPER S.P. GREGORY ) 
_____
*Plaintiff* )
)
v. ) Civil Action No. 1:25-cv-03361-DDD
COLO. JUD. DISCIPLINE RULEMAKING COMM. et al )
_____
*Defendant* )

## WAIVER OF THE SERVICE OF SUMMONS

To:  Ingrid J. DeFranco
_____
*(Name of the plaintiff's attorney or unrepresented plaintiff)*

I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from _____12/01/2025_____, the date when this request was sent (or 90 days if it was sent outside the United States).  If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date:  _____12/01/2025_____          _____/s/ Daniel M. Combs_____
                                          *Signature of the attorney or unrepresented party*

        Jeffrey M. Walsh              Daniel M. Combs, First Assistant Attorney General
_____         *Printed name*
*Printed name of party waiving service of summons*   Colorado Attorney General's Office
                                          1300 Broadway
                                          Denver, CO 80203
                                          _____
                                          *Address*

                                          Dan.Combs@coag.gov
                                          _____
                                          *E-mail address*

                                          (720) 508-6625
                                          _____
                                          *Telephone number*

**Duty to Avoid Unnecessary Expenses of Serving a Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint.  A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court.  By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

# UNITED STATES DISTRICT COURT

for the

District of Colorado ▾

| | |
|---|---|
| CHRISTOPER S.P. GREGORY | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 1:25-cv-03361-DDD |
| COLO. JUD. DISCIPLINE RULEMAKING COMM. et al | ) |
| *Defendant* | ) |

## WAIVER OF THE SERVICE OF SUMMONS

To:  Ingrid J. DeFranco
  *(Name of the plaintiff's attorney or unrepresented plaintiff)*

I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from                 12/01/2025                , the date when this request was sent (or 90 days if it was sent outside the United States).  If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date:      12/01/2025                                                          /s/ Daniel M. Combs
                                                                  *Signature of the attorney or unrepresented party*

          Emily Tofte Nestaval                          Daniel M. Combs, First Assistant Attorney General
*Printed name of party waiving service of summons*                          *Printed name*
                                                              Colorado Attorney General's Office
                                                              1300 Broadway
                                                              Denver, CO 80203

                                                                  *Address*

                                                              Dan.Combs@coag.gov
                                                                  *E-mail address*

                                                              (720) 508-6625
                                                                  *Telephone number*

---

**Duty to Avoid Unnecessary Expenses of Serving a Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint.  A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court.  By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

PLAINTIFF'S
EXHIBIT

6

| From: | Christopher Gregory |
|---|---|
| To: | Kate Shiroff |
| Subject: | Disqualification of the Colorado Attorney General"s Office |
| Date: | Tuesday, March 10, 2026 12:26:00 PM |
| Attachments: | image001.png |
| | image002.png |
| | 220614 OSA Testimony.pdf |
| | Proposed Joint Resolution.pdf |

Good morning Ms. Shiroff,

As relevant to my pending Fraud Hotline complaints, a hearing on SB26-084 is scheduled for March 12, 2026 before the House State, Civic, Military, & Veterans Affairs Committee. If enacted, SB26-084 would effectively legitimize the conditions that allowed the statute of limitations to lapse as to the OSA's February 4, 2022 referral of the Masias Controversy to law enforcement. The statute of limitations expired because the Justices and Attorney General Phil Weiser were allowed to control the investigations into their own suspected misconduct and to withhold information (particularly the existence of the Masias Memo) from the OSA and the Colorado Commission on Judicial Discipline (CCJD) based upon bogus claims of governmental privilege and confidentiality. The Justices and AG Weiser were also allowed to control what information was provided to law enforcement, including their application of redactions. The attached transcript from the Legislative Committee on Judicial Discipline's June 14, 2022 hearing illustrates the basis for my concerns about SB26-084.

One point that I don't think I have made clearly enough is that the retaliation that occurred against me meets all the elements of the crime of Attempt to Influence a Public Servant. This is the same crime that Tina Peters and former SD17 Senator Sonya Jaquez Lewis were convicted of and the excuse voiced by Governor Jared Polis for his recent overtures to commute Tina Peters's remaining prison sentence. Put bluntly, there is an incontrovertible basis to conclude that Polis has himself committed the crime of Attempt to Influence a Public Servant by retaliating against me in my former official capacities. The Tina Peters controversy is nothing more than a repeat of a politician ingratiating himself with the Trump Administration to trade integrity for political leverage. This is exactly what happened with the aborted prosecution of former NYC Mayor Eric Adams.

For reference, Attempt to Influence a Public Servant (§ 18-8-306, C.R.S.) provides, in relevant part:

> Any person who attempts to influence any public servant by means of deceit or by threat of violence *or economic reprisal against any person or property*, with the intent thereby to alter or affect the public servant's decision, vote, opinion, or action concerning any matter which is to be considered or performed by the public servant or the agency or body of which the public servant is a member, commits a class 4 felony. (Emphasis added).

Despite my having filed my Fraud Hotline complaints with an express request for the OSA to appoint conflict-free counsel and investigation support from outside of the Colorado Office of the Attorney General (COAG), it remains unclear if the OSA instead communicated the substance of my complaints and communications to the COAG, the CCJD, and/or the Colorado Supreme Court. I am particularly concerned about circumstantial evidence of such communications whereby I sent you / the OSA Fraud Hotline a copy of the 28 U.S.C Sec. 144 Affidavit that I filed in my federal case. Shortly afterwards, the COAG informally

communicated with U.S. District Judge Daniel D. Domenico (who ultimately recused himself as required by the Affidavit / 28 U.S.C. Sec. 144) to suppress public access to the Affidavit. In turn, the suppression of the contents of the Affidavit has allowed the Justices, AG Weiser, and the members/staff of the CCJD to conceal material information from the Colorado General Assembly as part of hearings held earlier this session.  I maintain that the contents of the Affidavit are sufficient to require the immediate resignations and prosecution of the Justices and other involved public officials.  It is also unclear why the OSA has not referred these facts (including my most recently filed Independent Ethics Commission complaints) to law enforcement with a request for the appointment of a special prosecutor.

I am in the process of drafting motion to disqualify the COAG from further representation of the Defendants (to all of whom a default has now entered).  Consistent with what I have requested directly and through a judicial discipline complaint filed with the Denver Judicial Discipline Commission, I am asking the Colorado General Assembly to introduce and pass a joint resolution formally referring the Colorado Judicial Scandal to conflict-free federal law enforcement and to direct State Auditor Kerri Hunter to appoint another state's attorney general as a Special Assistant Attorney General (SAAG) capable of impartially representing the interests of the State of Colorado.  In this context, it is important that I understand what, if any, communications have occurred between the OSA and the COAG, the Justices, and/or the CCJD regarding my Fraud Hotline complaints.  Even if you continue to assert that such communications are "confidential," please confirm whether they have occurred.  I would also appreciate an explanation of the origin of SB26-084 and why it was proposed by the OSA through the Legislative Audit Committee despite its relevance to/potential impacts upon my pending Fraud Hotline complaints.

Ultimately, I am still not understanding why the OSA has not responded to my request for the appointment of another state's attorney general as a SAAG, with such an appointment being authorized by Sec. 24-31-111(5), C.R.S.  Any clarification you can provide is greatly appreciated.

Thank you for your assistance with the investigation of my complaints and for providing some transparency as the Fraud Hotline process continues to move forward.

Sincerely,
Christopher Gregory



The Gregory Law Firm, LLC
Christopher S.P. Gregory
Attorney at Law

201 Coffman St., #1822, Longmont, CO 80502
● Phone:  970.648.0642 ● Fax:  970.648.0643 ●

This e-mail transmission contains information from the Gregory Law Firm, LLC which may be confidential or protected by the attorney-client privilege.  If you are not the intended recipient, you are hereby notified that you must not read this transmission and that any disclosure, copying, printing, distribution or use of any of the information contained in or attached to this transmission is prohibited.  If you have received this transmission in error, please notify us immediately by e-mail and delete the original transmission.

| From: | Christopher Gregory |
| To: | "Clayton Ankney"; "Ingrid J. DeFranco" |
| Cc: | "Dan Combs (He/Him)"; "Carmen Van Pelt"; "Linda Ruth Carter"; "Katharine Brown" |
| Subject: | RE: Gregory, 25-3361 (D. Colo.) - Conferral on Setting Aside Entry of Default |
| Date: | Wednesday, February 25, 2026 3:33:49 PM |
| Attachments: | image001.png |
| | image003.png |

Good afternoon Mr. Ankney,

We saw that you proceeded to file your motion to set aside the default without reference to my email from earlier this afternoon. As part of our intended response to your motion, we anticipate filing a separate and additional motion for your Office's disqualification from this matter. Please let us know if you would like to meet and confer any further on the issue of disqualification. Otherwise, we will proceed to file the motion once it is drafted with a general explanation of our efforts to confer and a statement that you oppose the relief requested.

Sincerely,
Christopher Gregory



**The Gregory Law Firm, LLC**

Christopher S.P. Gregory
Attorney at Law

201 Coffman St., #1822, Longmont, CO 80502

● Phone: 970.648.0642 ● Fax: 970.648.0643 ●

This e-mail transmission contains information from the Gregory Law Firm, LLC which may be confidential or protected by the attorney-client privilege. If you are not the intended recipient, you are hereby notified that you must not read this transmission and that any disclosure, copying, printing, distribution or use of any of the information contained in or attached to this transmission is prohibited. If you have received this transmission in error, please notify us immediately by e-mail and delete the original transmission.

**From:** Christopher Gregory
**Sent:** Wednesday, February 25, 2026 2:03 PM
**To:** 'Clayton Ankney' <Clayton.Ankney@coag.gov>; Ingrid J. DeFranco <ingrid.defranco@gmail.com>
**Cc:** Dan Combs (He/Him) <Dan.Combs@coag.gov>; Carmen Van Pelt <Carmen.VanPelt@coag.gov>; Linda Ruth Carter <LindaRuth.Carter@coag.gov>; Katharine Brown <Katharine.Brown@coag.gov>
**Subject:** RE: Gregory, 25-3361 (D. Colo.) - Conferral on Setting Aside Entry of Default

Good afternoon Mr. Ankney:

Just so that we have a clear record, it is our position that the grounds you assert are not good cause sufficient to set aside the default under F.R.C.P. 55(c). We do believe, however, that the disqualification of your office to resolve the conflicted representation that caused the default is good cause. We remain willing to meet and confer as to an agreement to set aside on that basis. If you proceed with filing a motion to set aside the default, please make this point clear in your conferral statement.

Sincerely,

PLAINTIFF'S EXHIBIT

7

Christopher Gregory



**The Gregory Law Firm, LLC**

Christopher S.P. Gregory
Attorney at Law

201 Coffman St., #1822, Longmont, CO 80502

● Phone:  970.648.0642 ● Fax:  970.648.0643 ●

This e-mail transmission contains information from the Gregory Law Firm, LLC which may be confidential or protected by the attorney-client privilege.  If you are not the intended recipient, you are hereby notified that you must not read this transmission and that any disclosure, copying, printing, distribution or use of any of the information contained in or attached to this transmission is prohibited.  If you have received this transmission in error, please notify us immediately by e-mail and delete the original transmission.

---

**From:** Clayton Ankney <Clayton.Ankney@coag.gov>
**Sent:** Wednesday, February 25, 2026 1:45 PM
**To:** Christopher Gregory <cspgregory@thegregorylawfirm.net>; Ingrid J. DeFranco <ingrid.defranco@gmail.com>
**Cc:** Dan Combs (He/Him) <Dan.Combs@coag.gov>; Carmen Van Pelt <Carmen.VanPelt@coag.gov>; Linda Ruth Carter <LindaRuth.Carter@coag.gov>; Katharine Brown <Katharine.Brown@coag.gov>
**Subject:** RE: Gregory, 25-3361 (D. Colo.) - Conferral on Setting Aside Entry of Default

Good afternoon, Counsel:

Based on the information you have shared previously, we do not agree there is a valid basis for the Colorado Department of Law to be disqualified from representing the Defendants. By statute, the Department of Law appears and defends actions in which the state and/or state agencies are defendants. 24-31-101(1)(b), C.R.S. 24-31-111(1), C.R.S. If you would like to provide more information on the bases for disqualification, we would be happy to review. Again, if you wish to discuss more via a phone or video call, we are willing to discuss further.

We also take your prior response as opposing a motion to set aside default, and we will file it shortly.

Clayton J. Ankney
Second Assistant Attorney General
Tort Litigation Unit
Colorado Department of Law
Phone: (720) 508-6604
Email: clayton.ankney@coag.gov

---

**From:** Christopher Gregory <cspgregory@thegregorylawfirm.net>
**Sent:** Tuesday, February 24, 2026 4:24 PM
**To:** Clayton Ankney <Clayton.Ankney@coag.gov>; Ingrid J. DeFranco <ingrid.defranco@gmail.com>
**Cc:** Dan Combs (He/Him) <Dan.Combs@coag.gov>; Carmen Van Pelt <Carmen.VanPelt@coag.gov>; Linda Ruth Carter <LindaRuth.Carter@coag.gov>; Katharine Brown <Katharine.Brown@coag.gov>

**Subject:** RE: Gregory, 25-3361 (D. Colo.) - Conferral on Setting Aside Entry of Default

Dear Mr. Ankney,

It is difficult to understand what value a telephone conversation or virtual meeting would have, particularly if it is not recorded and transcribed.

We are happy to expound on the plethora of reasons that require your Office's disqualification from this case, particularly its representation of the institutional Defendants and more broadly the need for impartial representation of the interests of the State of Colorado.  The fact that the Defendants alleged to have respectively engaged in public fraud, retaliation, and constitutional violations are able to use state resources to defend their personal conduct meets the definition of occupational fraud under the Fraud Hotline statute.  Indeed, the problematic nature of the representation was predicted in the Verified Complaint and its request for restitution from the individual defendants who rely upon state resources to defend against the allegations of their ultimately proven personal misconduct.

It is also difficult to imagine how the individually named defendants all share unified interests capable of consolidated representation.  For example, Senior Judge James Hartmann is no longer a member of the Colorado Judicial Discipline Rulemaking Committee, being replaced by Senior Judge Michael Berger (who incidentally was District Judge Claude Appel's attorney in the 2003 civil action against the FBI).  Judge Hartmann can explain why he left the Committee with the grounds for doing so potentially being the basis to agree on dismissing him from this case.

As we have expressed in a previous conferral and also in our response to your motion, ECF No. 44, we are receptive to recognizing the disqualification of your Office and the appointment of impartial counsel to represent the interests of the State of Colorado as good cause to set aside the default.  Short of this, we do not believe that your intentional disregard for the previously agreed answer deadline is good cause sufficient to merit setting aside the default.

Please let us know if you would like us to provide a more detailed explanation of the grounds we perceive as requiring the disqualification of your Office from further litigation of this case.

Sincerely,
Christopher Gregory



The Gregory Law Firm, LLC

Christopher S.P. Gregory
Attorney at Law

201 Coffman St., #1822, Longmont, CO 80502
● Phone:  970.648.0642 ● Fax:  970.648.0643 ●

This e-mail transmission contains information from the Gregory Law Firm, LLC which may be confidential or protected by the attorney-client privilege.  If you are not the intended recipient, you are hereby notified that you must not read this transmission and that any disclosure, copying, printing, distribution or use of any of

the information contained in or attached to this transmission is prohibited.  If you have received this
transmission in error, please notify us immediately by e-mail and delete the original transmission.

**From:** Clayton Ankney <Clayton.Ankney@coag.gov>
**Sent:** Tuesday, February 24, 2026 1:46 PM
**To:** Christopher Gregory <cspgregory@thegregorylawfirm.net>; Ingrid J. DeFranco
<ingrid.defranco@gmail.com>
**Cc:** Dan Combs (He/Him) <Dan.Combs@coag.gov>; Carmen Van Pelt <Carmen.VanPelt@coag.gov>;
Linda Ruth Carter <LindaRuth.Carter@coag.gov>; Katharine Brown <Katharine.Brown@coag.gov>
**Subject:** RE: Gregory, 25-3361 (D. Colo.) - Conferral on Setting Aside Entry of Default

Counsel:

We are willing to meet and confer, but any such discussion should include not only your
issues but Defendants' motion to set aside entry of default as well. Please let us know if you
and Ingrid are willing to talk via phone or video call on all the parties' issues and provide your
availability for tomorrow. Thank you.

Clayton J. Ankney
Second Assistant Attorney General
Tort Litigation Unit
Colorado Department of Law
Phone: (720) 508-6604
Email: clayton.ankney@coag.gov

**From:** Christopher Gregory <cspgregory@thegregorylawfirm.net>
**Sent:** Tuesday, February 24, 2026 1:07 PM
**To:** Clayton Ankney <Clayton.Ankney@coag.gov>
**Cc:** Ingrid J. DeFranco <ingrid.defranco@gmail.com>; Dan Combs (He/Him)
<Dan.Combs@coag.gov>; katherine.brown@coag.gov; Carmen Van Pelt
<Carmen.VanPelt@coag.gov>; Linda Ruth Carter <LindaRuth.Carter@coag.gov>
**Subject:** FW: Gregory, 25-3361 (D. Colo.) - Conferral on Setting Aside Entry of Default

Dear Mr. Ankney,

I do not understand your continued insistence upon excluding me (as co-counsel of record in
this case) from conferral emails.

As we expressed in our response (ECF No. 45) to your "Motion for Leave to File Motion to
Dismiss" (ECF No. 44), the reasons for entry of a default in this case are very much a result of
your intentional gamesmanship and refusal to meet and confer in good faith concerning your
Office's conflicted representation of the Defendants and your efforts to avoid/delay
responding to the merits of the Verified Complaint.  Before we meet and confer on a motion to
set aside the default according to F.R.C.P. 55(c), we need to have a meaningful discussion
regarding your Office's conflicts and continued representation of the Defendants, including
whether it will be necessary to file and litigate a motion to disqualify you and your
colleagues.  In its plainest terms, there is a fundamental conflict when the Attorney General's
Office, which is statutorily obligated to investigate and prosecute legitimate allegations of

public fraud and constitutional violations, instead, defends such continuing fraud and constitutional violations.

You and your Office's conflicted representation of the Defendants coupled with other obstruction (such as your opposition to Judge Daniel Domenico's mandatory disqualification, your refusal to discuss grounds for requesting appointment of a district judge from outside the 10th Circuit, your defense of Judge Domenico's order restricting public access to the 28 U.S.C. § 144 Affidavit, and the interminable delay caused by your intentional refusal to abide by an agreed responsive deadline) are delaying consideration of the injunctive remedies that are the focus of the Verified Complaint.  In sum, we dispute your assertions and the sufficiency of "good cause" to set aside the default until we can finally have a meaningful discussion about the underlying conflicts inherent in your representation.

In this context, we further request that you file notices withdrawing your pending "Defendants': (1) Opposition to Application for Entry of Default, ECF No. 39; and (2) Motion to Strike Same (ECF No. 40)," and "Motion for Leave to File Motion to Dismiss," ECF No. 44, as MOOT.  We continue to invite and request meeting and conferral as to the preliminary issues of the assignment of a judge from outside the 10th Circuit and the disqualification of your entire Office from further representation of the Defendants (specifically, whether it will be necessary to file contested motions to address either or both these issues).

Please include me in your response and in all future meeting and conferral emails.

Sincerely,
Christopher Gregory



The Gregory Law Firm, LLC

Christopher S.P. Gregory
Attorney at Law

201 Coffman St., #1822, Longmont, CO 80502

● Phone:  970.648.0642 ● Fax:  970.648.0643 ●

This e-mail transmission contains information from the Gregory Law Firm, LLC which may be confidential or protected by the attorney-client privilege.  If you are not the intended recipient, you are hereby notified that you must not read this transmission and that any disclosure, copying, printing, distribution or use of any of the information contained in or attached to this transmission is prohibited.  If you have received this transmission in error, please notify us immediately by e-mail and delete the original transmission.

----- Forwarded Message -----
**From:** Clayton Ankney <clayton.ankney@coag.gov>
**To:** ingrid.defranco@gmail.com <ingrid.defranco@gmail.com>; defrancoi@yahoo.com <defrancoi@yahoo.com>
**Cc:** Dan Combs (He/Him) <dan.combs@coag.gov>; Katharine Brown <katharine.brown@coag.gov>; Carmen Van Pelt <carmen.vanpelt@coag.gov>; Linda Ruth Carter <lindaruth.carter@coag.gov>
**Sent:** Monday, February 23, 2026 at 05:02:37 PM MST
**Subject:** Gregory, 25-3361 (D. Colo.) - Conferral on Setting Aside Entry of Default

Good afternoon, Ingrid:

In light of the Clerk's entry of default, Defendants plan to file a motion to set aside default under FRCP 55(c). Good cause exists to set aside default for all the reasons we outlined in the motion to strike affidavit of default and motion for leave to file motion to dismiss, including that (1) entry of default did not result from any culpable conduct by Defendants, but rather from the lack of clarity of deadlines from the various judge reassignments; (2) Defendants have meritorious defenses as outlined in the Motion to Leave to File Motion to Dismiss; and (3) Plaintiff will not be prejudiced if default is set aside given that the agreed-upon deadline for Defendants to file a motion to dismiss was February 16. Please let us know when you are available to discuss; we plan to get a motion to set aside default this week.

Clayton J. Ankney

Second Assistant Attorney General

Tort Litigation Unit

Colorado Department of Law

Phone: (720) 508-6604

Email: clayton.ankney@coag.gov

| From: | Clayton Ankney |
|---|---|
| To: | Ingrid J. DeFranco |
| Cc: | Dan Combs (He/Him); Katharine Brown; Linda Ruth Carter; Carmen Van Pelt; Christopher Gregory |
| Subject: | RE: Deadlines |
| Date: | Friday, February 20, 2026 3:20:51 PM |

Good afternoon, Ingrid:

Thank you for your email. As I stated in my February 13, 2026 email, I do not think further discussion concerning judicial reassignment outside of this district or disqualifying our office from representing the defendants would be productive.

If you believe more conferral is appropriate related to pending motions, please let us know and we will be happy to get on a call and discuss.

As to your request that Mr. Gregory be included in correspondence, I note that 28 U.S.C. § 1654 is written in the disjunctive – a party "may plead and conduct their own cases personally *or* by counsel." Please let us know of any authority by which Mr. Gregory can personally participate as counsel while also having you represent him.

Thank you, and I hope you have a good weekend.

Clayton J. Ankney
Second Assistant Attorney General
Tort Litigation Unit
Colorado Department of Law
Phone: (720) 508-6604
Email: clayton.ankney@coag.gov

**From:** Ingrid J. DeFranco <ingrid.defranco@gmail.com>
**Sent:** Thursday, February 19, 2026 8:59 AM
**To:** Clayton Ankney <Clayton.Ankney@coag.gov>
**Cc:** Dan Combs (He/Him) <Dan.Combs@coag.gov>; Katharine Brown <Katharine.Brown@coag.gov>; Linda Ruth Carter <LindaRuth.Carter@coag.gov>; Carmen Van Pelt <Carmen.VanPelt@coag.gov>; Christopher Gregory <cspgregory@thegregorylawfirm.net>
**Subject:** Deadlines

Dear Mr. Ankney,

Thank you for your email.

As you are aware, this case has been pending since October 23, 2025 with repeated stipulations to extend the deadline for an answer or other responsive pleading. You seem to confuse the meeting and conferral obligations that would allow extension of the answer deadline. As documented through our correspondence last week, we have repeatedly sought a good faith conferral concerning the necessity of assigning this case to a district judge from outside the 10th Circuit as well as the conflicts that exist, which prevent your Office from impartially representing the interests of the State of Colorado. At no time during our

discussions prior to the expiration of the previously agreed February 16, 2026 answer deadline did you request additional time to respond as might help meaningfully address our concerns about the fairness and impartiality of these proceedings.  Indeed, as I explained to you in my email to you on Friday, February 13, 2026 at 7:49 a.m., our impression of your intended motion to dismiss and your response to our motion to strike is that both were being pursued for improper purposes.  In reality, there was a hard deadline that you were fully aware of and which has now passed.  Your unwillingness to engage in a good faith meeting and conferral as to underlying structural deficiencies in this case (namely Judge Domenico's extended assignment to this case despite his actual bias and your Office's conflicted representation of the Defendants) does not excuse or stay the deadline for answering the Verified Complaint.

As an application for the Clerk of Court to perform a ministerial and mandatory act under F.R.C.P. 55(a), the request for entry of the default does not require separate meeting and conferral.  *See* F.R.C.P. 55(a) ("When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk *must* enter the party's default.").

If you choose to file a motion seeking to set aside the anticipated default according to F.R.C.P. 55(c), we remain willing to engage in a good faith meeting and conferral with you particularly as to the continuing need for a judicial assignment from outside the 10th Circuit and for the further representation of the State of Colorado to occur through an equally impartial attorney (whether it be another state's attorney general or otherwise).

Finally, Mr. Gregory is my co-counsel, and I respectfully request that he be copied on our communications.  Thank you.

Sincerely,

Ingrid DeFranco

Law Office of Ingrid J. DeFranco
PO Box 128 Brighton, CO 80601-0128
303.641.6812 fax: 303.558.4294

| | |
|---|---|
| **From:** | Ingrid J. DeFranco |
| **To:** | Christopher Gregory |
| **Subject:** | Fw: Gregory, 25-3361 (D. Colo.) - Conferral on Motion for Leave to File MTD and Motion for Additional Pages |
| **Date:** | Wednesday, February 18, 2026 1:34:12 PM |

The Law Office of Ingrid J. DeFranco
P.O. Box 128
Brighton, CO 80601-0128
303-641-6812; fax: 303.558.4294
www.atoughdefense.com

----- Forwarded Message -----
**From:** Clayton Ankney <clayton.ankney@coag.gov>
**To:** defrancoi@yahoo.com <defrancoi@yahoo.com>; ingrid.defranco@gmail.com
<ingrid.defranco@gmail.com>
**Cc:** Dan Combs (He/Him) <dan.combs@coag.gov>; Katharine Brown <katharine.brown@coag.gov>;
Linda Ruth Carter <lindaruth.carter@coag.gov>; Carmen Van Pelt <carmen.vanpelt@coag.gov>
**Sent:** Wednesday, February 18, 2026 at 11:59:09 AM MST
**Subject:** Gregory, 25-3361 (D. Colo.) - Conferral on Motion for Leave to File MTD and Motion for
Additional Pages

Good morning, Ingrid:

I hope all is well. The deadline for Defendants to file their motion to dismiss was previously stayed pending resolution of Judge Jackson's conferral/letter protocol. In light of this matter being reassigned from Judge Jackson to Judge Gallagher, the deadline for Defendants to file a responsive pleading is now unclear. As such, Defendants will be filing a motion seeking leave to file their motion to dismiss by February 27, 2026. Please let us know if Plaintiff has any objection to that motion.

Additionally, given the number of claims, Defendants, and legal theories presented in the complaint, Defendants will be filing a motion seeking leave to file a 45-page motion to dismiss. Please let us know if Plaintiff has any objection to that motion.

Thank you.

Clayton J. Ankney

Second Assistant Attorney General

Tort Litigation Unit

Colorado Department of Law

Phone: (720) 508-6604

Email: clayton.ankney@coag.gov

| From: | Clayton Ankney |
| To: | Ingrid J. DeFranco |
| Cc: | Christopher Gregory; Katharine Brown; Dan Combs (He/Him); Linda Ruth Carter; Carmen Van Pelt |
| Subject: | RE: Preliminary issues |
| Date: | Friday, February 13, 2026 6:54:04 PM |

Good evening, Ingrid:

Thank you for your email; we respectfully disagree. I do not think further email or letter correspondence on these issues will sway either side at this time, and I do not think further conferral is necessary on the issues of judicial reassignment outside of this district or disqualifying our office from representing the defendants.

If you believe more conferral is appropriate under Judge Jackson's Practice Standards and/or would otherwise move these issues forward, please let us know and we will be happy to get on a call and discuss.

I hope you have a wonderful long weekend.

Clayton J. Ankney
Second Assistant Attorney General
Tort Litigation Unit
Colorado Department of Law
Phone: (720) 508-6604
Email: clayton.ankney@coag.gov

---

**From:** Ingrid J. DeFranco <ingrid.defranco@gmail.com>
**Sent:** Friday, February 13, 2026 7:49 AM
**To:** Clayton Ankney <Clayton.Ankney@coag.gov>
**Cc:** Christopher Gregory <cspgregory@thegregorylawfirm.net>; Katharine Brown <Katharine.Brown@coag.gov>; Dan Combs (He/Him) <Dan.Combs@coag.gov>; Linda Ruth Carter <LindaRuth.Carter@coag.gov>; Carmen Van Pelt <Carmen.VanPelt@coag.gov>
**Subject:** Preliminary issues

Dear Mr. Ankney,

You acknowledged our last email requesting meaningful meeting and conferral on the preliminary issues of the voidability of District Judge Daniel D. Domenico's orders (particularly the withdrawal of your motions to restrict), the continuing need to have Mr. Gregory's cases assigned to a district court judge and magistrate judge from outside the 10th Circuit, and grounds for the disqualification of your entire Office.

Rather than address the issues we raised, your email merely reasserts that you still intend to file a FRCP 12 motion to dismiss.  Moreover, you have now filed a response to our motion to strike that reflects your opposition to the rightful course of action, which is for Judge Jackson to vacate all of Judge Domenico's orders, including the order restricting access to ECF 26.  Given your apparent  refusal to meet and confer

on the preliminary issues, please explain how refusing to disqualify your Office and proceeding to file a motion to dismiss would not be for an improper purpose, such as harassing Mr. Gregory, unnecessarily delaying the commencement of discovery and Mr. Gregory's opportunity to seek preliminary injunctive relief in this case, and otherwise needlessly increasing the costs of litigation.  *See* FRCP 11(b).  More generally, your intended motion to dismiss is a blatant effort to delay and avoid responding to the merits of Mr. Gregory's otherwise well-pled Verified Complaint and Jury Demand.  Not only is this a basis for seeking sanctions under FRCP 11, it also provides grounds to add you and your colleagues as individually named Defendants in this case.  The frivolous refusal to disqualify from this matter also meets the elements of 1st Degree Official Misconduct, as provided by § 18-8-404, C.R.S.

 As we previously discussed, the continued representation of the Defendants by your Office, including the threats made by Mr. Combs, further meets the definition of retaliation under § 24-31-1204(8)(b), C.R.S.  Our consistent position in this case is that both having an impartial judge who is not enmeshed in the Colorado legal community and ensuring impartial representation of the State of Colorado's interests is necessary in order for Mr. Gregory to vitiate his right to fundamental fairness.

 Sincerely,

Ingrid DeFranco

Law Office of Ingrid J. DeFranco
PO Box 128 Brighton, CO 80601-0128
303.641.6812 fax: 303.558.4294

----- Forwarded Message -----
**From:** Clayton Ankney <clayton.ankney@coag.gov>
**To:** Ingrid J. DeFranco <defrancoi@yahoo.com>; ingrid.defranco@gmail.com
<ingrid.defranco@gmail.com>
**Cc:** Katharine Brown <katharine.brown@coag.gov>; Dan Combs (He/Him) <dan.combs@coag.gov>;
Linda Ruth Carter <lindaruth.carter@coag.gov>; Carmen Van Pelt <carmen.vanpelt@coag.gov>
**Sent:** Wednesday, February 11, 2026 at 03:21:49 PM MST
**Subject:** RE: Gregory, 25-3361 (D. Colo.) - Conferral on Motion to Dismiss


Good afternoon, Ingrid:


Thank you for your response. I appreciate your clarification about the intent to not sue official capacity defendants for money damages. However, we are not planning to move to dismiss on that basis. Instead, the grounds for our motion to dismiss are set forth in the January 12th email.


Based on our prior email exchanges and your client's concerns about recusal and my office's representation of the Defendants, I understand that you are not willing to confer on the substance of Defendants' planned motion to dismiss at this time. If I am wrong about that and you are willing to discuss the basis for our motion to dismiss, please let me know as soon as possible and before this Friday so we can confer as Judge Jackson requires. Thank you.


Clayton J. Ankney

Second Assistant Attorney General

Tort Litigation Unit

Colorado Department of Law

Phone: (720) 508-6604

Email: clayton.ankney@coag.gov

**From:** Ingrid J. DeFranco <defrancoi@yahoo.com>
**Sent:** Wednesday, February 11, 2026 7:27 AM
**To:** ingrid.defranco@gmail.com; Clayton Ankney <Clayton.Ankney@coag.gov>
**Cc:** Katharine Brown <Katharine.Brown@coag.gov>; Dan Combs (He/Him)
<Dan.Combs@coag.gov>; Linda Ruth Carter <LindaRuth.Carter@coag.gov>; Carmen Van
Pelt <Carmen.VanPelt@coag.gov>
**Subject:** Re: Gregory, 25-3361 (D. Colo.) - Conferral on Motion to Dismiss

Dear Mr. Ankney,

I respond to your email of Friday, February 6, 2026. Although you express a willingness to further address our intentions of seeking the appointment of a district court judge from outside the 10th Circuit, as well as the conflicts inherent in your Office's representation of the officially- and individually-named Defendants, the balance of your email appears to obstruct such a discussion.

The basis for a motion to seek the appointment of a district judge from outside the 10th Circuit is addressed in detail in Mr. Gregory's 28 U.S.C. Sec. 144 Affidavit and its survey of near-universal conflicts of interest within the 10th Circuit. The mechanism for the assignment of an objectively impartial judge in Mr. Gregory's cases is further complicated by the fact that Chief Circuit Judge Jerome A. Holmes was involved in efforts to excuse District Judge Daniel D. Domenico's actual bias and that there are friendships and conflicts between the Circuit Justice, Neil Gorsuch, and multiple Defendants or material witnesses in these cases. There should be temporary appointments of a conflict-free Chief Circuit Judge and conflict-free Circuit Justice to submit the certificate of necessity required to transfer the cases. Moreover, given the breadth of the conflicts (perceiveable or actual) surveyed in the Affidavit, none of the local Magistrate Judges should be drawn to support whichever district judge is ultimately assigned to these cases. Because of the complexity involved in the assignment of a district judge from outside the 10th Circuit, it is understandable that Senior District Judge R. Brooke Jackson has not yet issued any orders and is apparently acting as a placeholder for these cases.

The basis for your Office's complete disqualification from these cases is simply that the Department of Law exists to impartially represent the interests of the State of Colorado, not to be a personal resource for individual elected or appointed officials to use as a shield against legitimate allegations of public fraud and public corruption. The fact that the individual Defendants can hide behind your Office and oppose the remedies Mr. Gregory seeks (including injunctive relief) is another form of occupational fraud. Likewise, your efforts and the efforts of your Office to seek dismissal of this case before there is any opportunity for discovery are yet another example of retaliation intended to silence Mr. Gregory and deprive him of his constitutionally protected rights to freely report and seek remedies for ongoing instances of judicial, attorney, and official misconduct. The need for your Office's disqualification was also addressed in the requested restitutionary remedy pled in the Verified Complaint—the individual Defendants should be personally responsible for the reasonable value of attorney's fees and costs provided to them upon Mr. Gregory's proving the pled civil rights and retaliation violations. Put more plainly, the resources of the Colorado State Government should not be used to facilitate further fraud and corruption.

Respectfully, Mr. Gregory satisfied his burden of submitting a formally sufficient 28 U.S.C. Sec. 144 Affidavit that has established District Judge Daniel D. Domenico's actual bias and which required Judge Domenico's immediate and automatic disqualification.  Instead of following the law, immediately recusing himself, and vacating his orders, Judge Domenico continued to hear the cases.  As explained in the Motion to Strike, 28 U.S.C. Sec. 144 prohibited Judge Domenico from entering further orders, including the order restricting public access to the Affidavit.  The order is voidable and supports your Office making the ethical choice of withdrawing your motions to restrict.  The Affidavit does not contain confidential information and its restriction is being used by your clients to conceal material information from the public and the Colorado General Assembly, specifically through misleading testimony provided as part of the SMART Act hearings and a confirmation hearing for former Senator Bob Gardner's appointment to the CCJD. As we explained in our last email, once the Affidavit is made public, the indisputable facts stated therein merit the immediate resignations of the Justices and numerous other Defendants.

Ultimately, the administration of justice requires that Mr. Gregory have a fair opportunity to develop proof and present his case free from interference by a biased judge and biased government counsel.  As a government lawyer, your duties are to impartially protect the interests of the State of Colorado and to ensure that justice is done.  Your duties are not to represent the personal interests of the Justices, the Governor, the Attorney General, or their appointees (which is its own form of occupational fraud and judicial/attorney misconduct).  In this context, you have obligations under the Colorado Rules of Professional Conduct to stipulate to the assignment of a conflict-free district judge from outside the 10thCircuit, to the disqualification of your entire Office from these cases, and to vacating all substantive orders that Judge Domenico entered in these cases due to his established actual bias.  Mr. Gregory, through communications with the Colorado General Assembly and the Denver Judicial Discipline Commission, has already proposed a simple solution whereby the Colorado State Auditor would exercise her discretion to appoint another state's attorney general as a Special Assistant Attorney General or SAAG, as authorized under Sec. 24-31-111(5), C.R.S.  Please explain why your Office is not agreeable to this proposed solution.

As to your anticipated FRCP 12 motion, the Verified Complaint was pled to make clear that Mr. Gregory does not seek damages from the State of Colorado, which would raise issues of sovereign immunity.  Instead, all of the relief sought against the official capacity defendants is limited to injunctive relief allowed through *Ex Parte Young* or  attorney's fees and costs provisions in 42 U.S.C. Sec. 1988.  The individually-named defendants do not have any immunity for their intentional violations of Mr. Gregory's constitutional rights or for their roles in the retaliation against him that has occurred / is occurring in violation of the Colorado False Claims Act (CFCA).  Specifically, remedies for CFCA retaliation are defined / recognized under Sec. 24-31-1204(8)(b), C.R.S. to include:

> An employee, contractor, or agent is entitled to all relief necessary to make that individual whole if the individual is discharged, demoted, suspended, threatened, harassed, intimidated, sued, defamed, blacklisted, or in any other manner retaliated against or discriminated against in the terms and conditions of the individual's employment, contract, business, or profession by the defendant or by any other person because of lawful acts done by the individual or associated others in furtherance of an action brought pursuant to this section or in furtherance of an effort to stop any violation, or what the individual reasonably believes to be a violation, of section 24-31-1203.

It is our position that your Office has engaged in various actions that conform to the above definition, including threatening, harassing, blacklisting, and discriminating against the terms and conditions of Mr. Gregory's business or profession because of his lawful reporting of false claims and other public fraud involved in the Colorado Judicial Scandal. The Colorado Attorney General's Office was also directly involved in the overall pattern of retaliation against Mr. Gregory that began with his non-reappointment as CCJD Chair and which continued through his wrongful termination and seizure of copies of his records as Executive Director. The inclusion of attorneys either currently or formerly employed by the COAG as individually-named Defendants reflects the inherent conflicts involved in your Office's continuing representation and participation in these cases. Willful and wrongful non-disqualification further meets the elements of 1st Degree Official Misconduct, as defined by Sec. 18- 8-404, C.R.S.

We will file the necessary motions to ensure that Mr. Gregory enjoys his rights to fundamental fairness in this case, both in appearance and in reality. Your Office's obstruction of Mr. Gregory's ability to receive a fair hearing and the threats made by Mr. Combs in this case are also a form of retaliation and witness/victim intimidation that creates a valid basis to expand the scope of named Defendants. Ideally, you will acknowledge the problems with continued representation of the Defendants by the Attorney General's Office and the need for a district judge and magistrate judge who do not have connections with the Colorado legal community to hear these cases. Again, please let us know how you would like to proceed.

Sincerely,

The Law Office of Ingrid J. DeFranco
P.O. Box 128

Brighton, CO 80601-0128
303-641-6812; fax: 303.558.4294
www.atoughdefense.com

On Friday, February 6, 2026 at 03:07:37 PM MST, Clayton Ankney <clayton.ankney@coag.gov> wrote:

Good afternoon, Ingrid:

I would be happy to meet and confer on all the issues raised in your email.

However, I request that the meet and confer include Defendants' motion to dismiss given the presumptive February

16, 2026 deadline for Defendants to file a responsive pleading. If Plaintiff would prefer this case
not proceed until the Court addresses the issues raised in your email, Plaintiff is free to file an appropriate motion to
stay. Alternatively, Plaintiff could dismiss the action without prejudice and refile but not serve Defendants until the
action is assigned to a judge that Plaintiff believes is appropriate. Given the current deadlines, however, the parties
have an obligation to meet the current court deadlines and to confer in good faith on Defendants' motion to dismiss.
I am ready and willing to do so.

Based on your email, it appears you are planning to file a number of motions—to have this case assigned to a district
judge outside the Tenth Circuit, to seek withdrawal of the Attorney General's office from representing Defendants,
and a renewed motion for Defendants to withdraw the motions to restrict public access, ECF Nos. 29 and 30. To
ensure that any meet and confer is both meaningful and efficient, please let us know the bases for each motion as we
have done on the motion to dismiss.

As it stands, our positions are as follows:

(1) It is up to the judges in this district to determine whether any may preside over this action. As you recognized in
your email, it is standard for the government to not take a position on recusal motions;

(2) We are not aware of any legitimate reasons for recusal of the attorneys assigned to this case, much less the
Attorney General's Office as a whole; and

(3) We stand by the Motion to Restrict. On this issue, I appreciate your recognition that this case includes issues that
are "extraordinarily sensitive." We again reiterate our request that you review filings for confidential information
and, at a minimum, provide notice and meet and confer so that Defendants can file appropriate
motions to maintain such confidentiality before they are filed publicly.

Given the upcoming February 16 deadline, we would appreciate scheduling the meet and confer as soon as you are
able. Please provide us your availability, and I will make every effort to make myself available when you are. In the
meantime, I hope you have a good weekend.

Clayton J. Ankney

Second Assistant Attorney General

Tort Litigation Unit

Colorado Department of Law

Phone: (720) 508-6604

Email: clayton.ankney@coag.gov

**From:** Ingrid J. DeFranco <defrancoi@yahoo.com>
**Sent:** Friday, February 6, 2026 9:28 AM
**To:** ingrid.defranco@gmail.com; Clayton Ankney <Clayton.Ankney@coag.gov>
**Cc:** Katharine Brown <Katharine.Brown@coag.gov>; Dan Combs (He/Him)
<Dan.Combs@coag.gov>; Linda Ruth Carter <LindaRuth.Carter@coag.gov>; Carmen Van
Pelt <Carmen.VanPelt@coag.gov>
**Subject:** Re: Gregory, 25-3361 (D. Colo.) - Conferral on Motion to Dismiss

Dear Mr. Ankney,

Thank you for your email.  Respectfully, we believe that a meeting and conferral on your anticipated F.R.C.P. 12 motion to dismiss is premature.  As I explained in my most recent correspondence with Mr. Combs, the need for an objectively impartial judge and your Office's conflicts in representing the Defendants (some in both their official and individual capacities) must be addressed before there is further litigation in this case.  The fact that you are now communicating with us is an indication that Mr. Combs understands this issue and further recognizes the legitimacy of our concerns about your Office's conflicted representation of the Defendants.

It deserves emphasis that Mr. Gregory's 28 U.S.C. § 144 Affidavit, which precipitated District Judge Daniel D. Domenico's mandatory recusal, requested the temporary assignment of a non-conflicted Circuit Chief Judge and Circuit Justice to facilitate the appointment of a district judge from outside the 10th Circuit who is not enmeshed in the Colorado legal community.  The conflicts of interest inherent in this case are both unique and extraordinarily sensitive.  The assignment of this case to Senior District Judge R. Brooke Jackson occurred only days ago, and it can be reasonably expected that Judge Jackson is reviewing the two involved case files, including Mr. Gregory's Affidavit requesting the assignment of a district judge from outside the 10th Circuit.  In addition, Judge Domenico failed to vacate orders that he issued in violation of 28 U.S.C. § 144, so we anticipate that Judge Jackson will take immediate action to address the temporary public access restrictions applied to Mr. Gregory's Affidavit as well as your Office's failure to meet and confer before seeking those restrictions.  In this vein, we should be meeting and conferring as to your Office's position on a prospective motion to have this case assigned to a district judge from outside the 10th Circuit and a renewed request for you to withdraw your motions to restrict public access, ECF Nos. 29 and 30.

I think we can agree that it is in the parties' mutual interests to have this case heard by a district judge whose impartiality cannot be reasonably questioned (even if such questions arise merely through familiarity with other individuals within the Colorado legal community and public perceptions that arise from such connections).  Likewise, the public should have confidence that the State of Colorado's interests are being represented impartially without state resources, including your work and the work of others in your Office, supporting the individual interests of the Defendants, who include your boss, Attorney General Phil Weiser, who is named in his individual capacity.

Neither you nor Mr. Combs has offered any explanation as to why your Office's continued representation of the Defendants does not create appearances of impropriety, is not consistent with the pattern of public fraud alleged in Mr. Gregory's Verified Complaint, and is not a violation of Colo. RPC 8.4(f) (which prohibits attorneys to knowingly assist judges to violate the Colorado Code of Judicial Conduct).  It is also important to recognize that as attorneys for the State of Colorado, it is your and your colleagues' obligation to do justice rather than to protect the individual and personal interests of public officials.  It is extremely concerning that your Office opposed (or at least was not willing to stipulate to) District Judge Daniel D. Domenico's recusal and enforcement of Judge Domenico's mandatory and automatic disqualification obligations under 28 U.S.C. § 144.  It is common for opposing counsel to take no position on recusal motions, especially when they represent government agencies. *See, e.g., Thompson v. Comm'r of Soc. Sec.,* 425 F. App'x 98, 100 n.2 (3d Cir. 2011). That is partly because government lawyers are in theory pursuing a just outcome, rather than simply a victory. *See Berger v. United States,* 295 U.S. 78, 99 (1935) (declaring that prosecutors are "representative not of an ordinary party to a controversy, but of a sovereignty whose obligation to govern impartially is as compelling as its obligation to govern at all; and whose interest, therefore, in a criminal prosecution is not that it shall win a case, but that justice shall be done").

We are happy to engage in a meaningful meeting and conferral about the anticipated FRCP 12 motion once we have had a legitimate opportunity to meet and confer with you as to these other preliminary, yet fundamentally important, issues.

Again, please let us know how you would like to proceed.

Sincerely,


Ingrid DeFranco


The Law Office of Ingrid J. DeFranco
P.O. Box 128

Brighton, CO 80601-0128
303-641-6812; fax: 303.558.4294
www.atoughdefense.com




On Thursday, February 5, 2026 at 08:55:53 AM MST, Clayton Ankney <clayton.ankney@coag.gov> wrote:




Good morning, Ingrid:



I hope all is well. In light of Judge Domenico's recusal and the assignment of this case to Judge Jackson, I am following up on our January 12, 2026, and January 27, 2026 requests to confer on Defendants' motion to dismiss.



Judge Jackson's practice standards require a robust conferral process, including a meaningful discussion about (1) the issues that the defendants intend to raise in the motion to dismiss, (2) whether the parties could resolve all of some of those issues without a motion, (3) the reasons that the defendants believe those issues are legally meritorious, (4) the reasons that the plaintiff believes the motion should be denied, (5) whether there are any alternatives to the motion that would suffice (for example, could the plaintiff simply amend the complaint?), and (6) whether the motion could be resolved through a streamlined process (for example, letters instead of briefs, or in a conference with the court). http://www.cod.uscourts.gov/Portals/0/Documents/Judges/RBJ/RBJ_Practice_Standards.pdf?ver=q6spqw4Ai1y_pQ7uMJQEyw%3d%3d.



I have considered and am prepared to meaningfully discuss each of these topics and look forward to discussing them with you.



I could be mistaken, but I do not believe we have received a substantive response from you concerning the issues we

intend to raise in our motion to dismiss and which are described in our January 12, 2026 email. For your convenience, I have attached that email, which provides an overview of our grounds for dismissal. I would be happy to review any substantive written response in advance of our conferral so we can have a more fruitful discussion.

Could you please provide some dates and times you are available to meet and confer? I am generally available 2/9, 2/10, and 2/11, but I can try to make myself available on another day if those dates do not work for you. Thanks!

Clayton J. Ankney

Second Assistant Attorney General

Tort Litigation Unit

Colorado Department of Law

Phone: (720) 508-6604

Email: clayton.ankney@coag.gov

Hello Ingrid,

I'm reaching out to confer on two motions: (1) Defendants' motion for two additional weeks to respond to Mr. Gregory's Complaint—from February 2, 2026, to February 16, 2026; and (2) Defendant's motion to dismiss.

- Please respond as soon as possible on the request to extend time and let us know times, after Wed. of this week, in which you're available to talk through the planned Motion to Dismiss.

*Requested extension of time:* As mentioned below in more detail, as a response to the Complaint, we are preparing a single Motion to Dismiss on behalf of all Defendants, on various grounds. We'll be asking the Court for two additional weeks to file that Motion. That request reflects the need to finalize multiple arguments and ensure the 40 Defendant clients have sufficient time to review.

*Conferral on Motion to Dismiss:* The following is meant to start the discussion about conferral on our motion, under Judge Domenico's Practice Standards. Below are the general bases for our motion to dismiss. We'd like to set up a call this week or next to answer any questions and discuss whether you think the asserted deficiencies in the complaint are correctible by amendment, as Judge Domenico requires.

Grounds for dismissal

1. Request to dismiss all claims against the CSC, CCJD, and CJDRC based on sovereign immunity. Additionally, these entities are not persons subject to suit under 42 U.S.C. §§ 1983, 1985, and 1986.
2. Request to dismiss claims against individually named Defendants for violations of Colorado law, because such claims are barred under the Colorado Governmental Immunity Act and the Eleventh Amendment.
3. Request to dismiss claims against Director Sullivan, who, in addition to governmental immunity, has absolute immunity from the asserted claims.
4. Request to dismiss all claims for relief for failure to allege a plausible claim for relief, and failure to allege

| | |
|---|---|
| **From:** | Ingrid J. DeFranco |
| **To:** | Christopher Gregory |
| **Subject:** | Fw: Gregory, 25-3361 (D. Colo.) - Conferral on Motion to Dismiss |
| **Date:** | Friday, February 6, 2026 3:47:20 PM |

Law Office of Ingrid J. DeFranco
PO Box 128 Brighton, CO 80601-0128
303.641.6812 fax: 303.558.4294

----- Forwarded Message -----
**From:** Clayton Ankney <clayton.ankney@coag.gov>
**To:** Ingrid J. DeFranco <defrancoi@yahoo.com>; ingrid.defranco@gmail.com
<ingrid.defranco@gmail.com>
**Cc:** Katharine Brown <katharine.brown@coag.gov>; Dan Combs (He/Him) <dan.combs@coag.gov>;
Linda Ruth Carter <lindaruth.carter@coag.gov>; Carmen Van Pelt <carmen.vanpelt@coag.gov>
**Sent:** Friday, February 6, 2026 at 03:07:36 PM MST
**Subject:** RE: Gregory, 25-3361 (D. Colo.) - Conferral on Motion to Dismiss

Good afternoon, Ingrid:

I would be happy to meet and confer on all the issues raised in your email.

However, I request that the meet and confer include Defendants' motion to dismiss given the presumptive February 16, 2026 deadline for Defendants to file a responsive pleading. If Plaintiff would prefer this case
not proceed until the Court addresses the issues raised in your email, Plaintiff is free to file an appropriate motion to stay. Alternatively, Plaintiff could dismiss the action without prejudice and refile but not serve Defendants until the action is assigned to a judge that Plaintiff believes is appropriate. Given the current deadlines, however, the parties have an obligation to meet the current court deadlines and to confer in good faith on Defendants' motion to dismiss. I am ready and willing to do so.

Based on your email, it appears you are planning to file a number of motions—to have this case assigned to a district judge outside the Tenth Circuit, to seek withdrawal of the Attorney General's office from representing Defendants, and a renewed motion for Defendants to withdraw the motions to restrict public access, ECF Nos. 29 and 30. To ensure that any meet and confer is both meaningful and efficient, please let us know the bases for each motion as we have done on the motion to dismiss.

As it stands, our positions are as follows:

(1) It is up to the judges in this district to determine whether any may preside over this action. As you recognized in your email, it is standard for the government to not take a position on recusal motions;

(2) We are not aware of any legitimate reasons for recusal of the attorneys assigned to this case, much less the Attorney General's Office as a whole; and

(3) We stand by the Motion to Restrict. On this issue, I appreciate your recognition that this case includes issues that are "extraordinarily sensitive." We again reiterate our request that you review filings for confidential information and, at a minimum, provide notice and meet and confer so that Defendants can file appropriate motions to maintain such confidentiality before they are filed publicly.

Given the upcoming February 16 deadline, we would appreciate scheduling the meet and confer as soon as you are able. Please provide us your availability, and I will make every effort to make myself available when you are. In the meantime, I hope you have a good weekend.

Clayton J. Ankney

Second Assistant Attorney General

Tort Litigation Unit

Colorado Department of Law

Phone: (720) 508-6604

Email: clayton.ankney@coag.gov

---

**From:** Ingrid J. DeFranco <defrancoi@yahoo.com>
**Sent:** Friday, February 6, 2026 9:28 AM
**To:** ingrid.defranco@gmail.com; Clayton Ankney <Clayton.Ankney@coag.gov>
**Cc:** Katharine Brown <Katharine.Brown@coag.gov>; Dan Combs (He/Him) <Dan.Combs@coag.gov>; Linda Ruth Carter <LindaRuth.Carter@coag.gov>; Carmen Van Pelt <Carmen.VanPelt@coag.gov>
**Subject:** Re: Gregory, 25-3361 (D. Colo.) - Conferral on Motion to Dismiss

Dear Mr. Ankney,

Thank you for your email. Respectfully, we believe that a meeting and conferral on your anticipated F.R.C.P. 12 motion to dismiss is premature. As I explained in my most recent correspondence with Mr. Combs, the need for an objectively impartial judge and your Office's conflicts in representing the Defendants (some in both their official and individual capacities) must be addressed before there is further litigation in this case. The fact that you are now communicating with us is an indication that Mr. Combs understands this issue and further recognizes the legitimacy of our concerns about your Office's conflicted representation of the Defendants.

It deserves emphasis that Mr. Gregory's 28 U.S.C. § 144 Affidavit, which precipitated District Judge Daniel D. Domenico's mandatory recusal, requested the temporary assignment of a non-conflicted Circuit Chief Judge and Circuit Justice to facilitate the appointment of a district judge from outside the 10th Circuit who is not enmeshed in the Colorado legal community. The conflicts of interest inherent in this case are both unique and extraordinarily

sensitive.  The assignment of this case to Senior District Judge R. Brooke Jackson occurred only days ago, and it can be reasonably expected that Judge Jackson is reviewing the two involved case files, including Mr. Gregory's Affidavit requesting the assignment of a district judge from outside the 10th Circuit.  In addition, Judge Domenico failed to vacate orders that he issued in violation of 28 U.S.C. § 144, so we anticipate that Judge Jackson will take immediate action to address the temporary public access restrictions applied to Mr. Gregory's Affidavit as well as your Office's failure to meet and confer before seeking those restrictions.  In this vein, we should be meeting and conferring as to your Office's position on a prospective motion to have this case assigned to a district judge from outside the 10th Circuit and a renewed request for you to withdraw your motions to restrict public access, ECF Nos. 29 and 30.

I think we can agree that it is in the parties' mutual interests to have this case heard by a district judge whose impartiality cannot be reasonably questioned (even if such questions arise merely through familiarity with other individuals within the Colorado legal community and public perceptions that arise from such connections). Likewise, the public should have confidence that the State of Colorado's interests are being represented impartially without state resources, including your work and the work of others in your Office, supporting the individual interests of the Defendants, who include your boss, Attorney General Phil Weiser, who is named in his individual capacity.

Neither you nor Mr. Combs has offered any explanation as to why your Office's continued representation of the Defendants does not create appearances of impropriety, is not consistent with the pattern of public fraud alleged in Mr. Gregory's Verified Complaint, and is not a violation of Colo. RPC 8.4(f) (which prohibits attorneys to knowingly assist judges to violate the Colorado Code of Judicial Conduct).  It is also important to recognize that as attorneys for the State of Colorado, it is your and your colleagues' obligation to do justice rather than to protect the individual and personal interests of public officials.  It is extremely concerning that your Office opposed (or at least was not willing to stipulate to) District Judge Daniel D. Domenico's recusal and enforcement of Judge Domenico's mandatory and automatic disqualification obligations under 28 U.S.C. § 144.  It is common for opposing counsel to take no position on recusal motions, especially when they represent government agencies. *See, e.g., Thompson v. Comm'r of Soc. Sec.,* 425 F. App'x 98, 100 n.2 (3d Cir. 2011). That is partly because government lawyers are in theory pursuing a just outcome, rather than simply a victory. *See Berger v. United States,* 295 U.S. 78, 99 (1935) (declaring that prosecutors are "representative not of an ordinary party to a controversy, but of a sovereignty whose obligation to govern impartially is as compelling as its obligation to govern at all; and whose interest, therefore, in a criminal prosecution is not that it shall win a case, but that justice shall be done").

We are happy to engage in a meaningful meeting and conferral about the anticipated FRCP 12 motion once we have had a legitimate opportunity to meet and confer with you as to these other preliminary, yet fundamentally important, issues.

Again, please let us know how you would like to proceed.

Sincerely,


Ingrid DeFranco


The Law Office of Ingrid J. DeFranco
P.O. Box 128

Brighton, CO 80601-0128
303-641-6812; fax: 303.558.4294
www.atoughdefense.com

On Thursday, February 5, 2026 at 08:55:53 AM MST, Clayton Ankney <clayton.ankney@coag.gov>
wrote:

Good morning, Ingrid:

I hope all is well. In light of Judge Domenico's recusal and the assignment of this case to Judge Jackson, I am
following up on our January 12, 2026, and January 27, 2026 requests to confer on Defendants' motion to dismiss.

Judge Jackson's practice standards require a robust conferral process, including a meaningful discussion about (1)
the issues that the defendants intend to raise in the motion to dismiss, (2) whether the parties could resolve all of
some of those issues without a motion, (3) the reasons that the defendants believe those issues are legally
meritorious, (4) the reasons that the plaintiff believes the motion should be denied, (5) whether there are any
alternatives to the motion that would suffice (for example, could the plaintiff simply amend the complaint?), and (6)
whether the motion could be resolved through a streamlined process (for example, letters instead of briefs, or in a
conference with the court).
*http://www.cod.uscourts.gov/Portals/0/Documents/Judges/RBJ/RBJ_Practice_Standards.pdf?
ver=q6spqw4Ai1y_pQ7uMJQEyw%3d%3d*.

I have considered and am prepared to meaningfully discuss each of these topics and look forward to discussing them
with you.

I could be mistaken, but I do not believe we have received a substantive response from you concerning the issues we
intend to raise in our motion to dismiss and which are described in our January 12, 2026 email. For your
convenience, I have attached that email, which provides an overview of our grounds for dismissal. I would be happy
to review any substantive written response in advance of our conferral so we can have a more fruitful discussion.

Could you please provide some dates and times you are available to meet and confer? I am generally available 2/9,
2/10, and 2/11, but I can try to make myself available on another day if those dates do not work for you. Thanks!

Clayton J. Ankney

Second Assistant Attorney General

Tort Litigation Unit

Colorado Department of Law

Phone: (720) 508-6604

Email: clayton.ankney@coag.gov

Hello Ingrid,

I'm reaching out to confer on two motions: (1) Defendants' motion for two additional weeks to respond to Mr. Gregory's Complaint—from February 2, 2026, to February 16, 2026; and (2) Defendant's motion to dismiss.

- Please respond as soon as possible on the request to extend time and let us know times, after Wed. of this week, in which you're available to talk through the planned Motion to Dismiss.

*Requested extension of time:* As mentioned below in more detail, as a response to the Complaint, we are preparing a single Motion to Dismiss on behalf of all Defendants, on various grounds. We'll be asking the Court for two additional weeks to file that Motion. That request reflects the need to finalize multiple arguments and ensure the 40 Defendant clients have sufficient time to review.

*Conferral on Motion to Dismiss:* The following is meant to start the discussion about conferral on our motion, under Judge Domenico's Practice Standards. Below are the general bases for our motion to dismiss. We'd like to set up a call this week or next to answer any questions and discuss whether you think the asserted deficiencies in the complaint are correctible by amendment, as Judge Domenico requires.

Grounds for dismissal

1. Request to dismiss all claims against the CSC, CCJD, and CJDRC based on sovereign immunity. Additionally, these entities are not persons subject to suit under 42 U.S.C. §§ 1983, 1985, and 1986.
2. Request to dismiss claims against individually named Defendants for violations of Colorado law, because such claims are barred under the Colorado Governmental Immunity Act and the Eleventh Amendment.
3. Request to dismiss claims against Director Sullivan, who, in addition to governmental immunity, has absolute immunity from the asserted claims.
4. Request to dismiss all claims for relief for failure to allege a plausible claim for relief, and failure to allege sufficient facts to support stated claims. This includes but is not limited to an argument to dismiss claims for failure to assert specific facts concerning individually named defendants, as well as arguments describing Mr. Gregory's failure to assert facts to plausibly state his enumerated claims for relief.
5. Request to dismiss all claims based on generalized grievances for the "fundamental right to be heard," equal protection, and due process rights for lack of standing.
6. Request to dismiss individual capacity claims under the doctrine of qualified immunity.
7. Request to dismiss conspiracy claims based on failure to identify agreement between defendants and concerted action (1983, 1985), racial bias (1985(3)), or intent to deter court attendance or retaliate based on court attendance (1985(2)).
8. Request to dismiss CFCA claim because it was not in effect when the alleged violation of the CFCA occurred. As such, Plaintiff cannot plead that he engaged in lawful acts in furtherance of an action brought pursuant to the CFCA or to stop a violation of the CFCA. Separately, Mr. Gregory's CFCA claim is barred by the Colorado Governmental Immunity Act.
9. Plaintiff fails to state a claim for relief under any additional theory, and Plaintiff is not entitled to any form of relief based on the various grounds for dismissal.

We appreciate your consideration on these motions, and your response on the motion for extension of time as soon as you're able to.

Best,

Dan

Daniel M. Combs (he/him/his)

First Assistant Attorney General

Colorado Department of Law

Tort Litigation Unit

Phone: (720) 508-6625

Email: Dan.Combs@coag.gov

The statements and opinions in this email do not represent the statements and opinions of the Attorney General.

Forwarded Message -----
**From:** Dan Combs (He/Him) <dan.combs@coag.gov>
**To:** Ingrid J. DeFranco <ingrid.defranco@gmail.com>
**Cc:** Katharine Brown <katharine.brown@coag.gov>; Clayton Ankney <clayton.ankney@coag.gov>; Linda Ruth Carter <lindaruth.carter@coag.gov>; Carmen Van Pelt <carmen.vanpelt@coag.gov>
**Sent:** Thursday, January 29, 2026 at 08:15:59 PM MST
**Subject:** RE: Your email and motion

Ingrid,

We disagree with your version of events or that restricting ECF No. 26 and Exhibits 1-10 is improper. We will not withdraw the Motion to Restrict Access, and further oppose any motion to strike. We also decline your demand for us to file a "a notice that [we] acknowledge Judge Domenico's mandatory judicial disqualification as required by 28 U.S.C. § 144, and that [we] and [our] Office withdraw from further representation of the Defendants in this case."

Regards,

Dan

Daniel M. Combs (he/him/his)

First Assistant Attorney General

Colorado Department of Law

Tort Litigation Unit

Phone: (720) 508-6625

Email: Dan.Combs@coag.gov

The statements and opinions in this email do not represent the statements and opinions of the Attorney General.

---

**From:** Ingrid J. DeFranco <ingrid.defranco@gmail.com>
**Sent:** Thursday, January 29, 2026 3:43 PM
**To:** Dan Combs (He/Him) <Dan.Combs@coag.gov>; Katharine Brown
<Katharine.Brown@coag.gov>; Linda Ruth Carter <LindaRuth.Carter@coag.gov>; Carmen
Van Pelt <Carmen.VanPelt@coag.gov>
**Cc:** Christopher Gregory <cspgregory@thegregorylawfirm.net>
**Subject:** Your email and motion

Dear Mr. Combs,

Unfortunately, you appear to miss the point of this case.  Mr. Gregory is suing to uphold his 1st Amendment, Colo. Const. Art. II, § 25, Colo. Const. Art. VI, § 23(3)(g), and Colo. Const. Art. XIII rights to freely and publicly report judicial misconduct and other suspected crimes without fear of intimidation and retaliation (as further protected against through the Colorado False Claims Act (CFCA), the Colorado Whistleblower Protection Act, § 18-8-115, C.R.S., and other laws).   Through your motion, you seek to have an objectively-biased U.S. District Court Judge act as the equivalent of the Soviet Bureau of Censorship, exercising prior restraints to restrict public access to Mr. Gregory's "Affidavit of Judicial Bias or Prejudice According to 28 U.S.C. § 144," ECF No. 26, as well as all prospective court filings based upon generalized assertions of "confidentiality."  In other words, through your threatening communications prior to filing your motion, you have engaged in exactly the types of intimidation and retaliation that are prohibited under § 24-31-1204(8)(b) of the CFCA.  Moreover, you are now a participant and co-conspirator in the civil rights violations and retaliatory conduct averred in Mr. Gregory's complaint.  Not only is your conduct and refusal to disqualify yourself and your Office constitutionally and civilly unlawful, but it is also unethical and an example of First Degree Official Misconduct under § 18-8-404, C.R.S.

It is understandable that you would take such unmeasured actions upon recognizing the reality and significance of the facts alleged in Mr. Gregory's Affidavit.  Once those facts (which must be presumed as true for the purposes of Judge Domenico's disqualification) are proven and/or admitted to, your clients have no ethical choice but to immediately resign from their official positions and to concede the merits of Mr. Gregory's claims.

The intimidation tactics apparently intended by your motion, however, actually began with your failing to meet and confer before sending your *ex parte* email to Judge Daniel D. Domenico's chambers on January 16, 2026.  Other than sending a contemporaneous email (which you attempted to recall), that threatened me and Mr. Gregory with allegations of breached "confidentiality," you made no efforts to discuss what 28 U.S.C. § 144 requires in this case. Specifically, 28 U.S.C. § 144 provides, in relevant part:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, ***such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.***

It was improper for Judge Domenico to take *any further action* in this case, including issuing his order temporarily restricting public access according to D.C.COLO.LCivR 7.2(a), (b), (e).  Mr. Gregory's intentions in asking to temporarily restrict public access in the Affidavit itself was to allow a conflict-free replacement judge to immediately and impartially consider any objections (including any potential objections raised by Judge Domenico) to the public disclosure of *actual records* from the pending federal judicial discipline proceedings against Judge Domenico and 10th Circuit Chief Judge Jerome A. Holmes (i.e. the Affidavit's exhibits).  The intention was never to condone Judge Domenico continuing to preside over this case and to issue further orders.  Additionally, at no point have you identified specifically what you allege is "confidential" or non-public information and the reasons supporting your positions.  Mr. Gregory categorically denies that evidence of judicial misconduct, particularly a victim's personal knowledge of judicial misconduct, is ever "confidential" and outside of an individual attorney's mandated reporting obligations and constitutionally protected rights to free expression (including communications relevant to independent exercise of the Colorado General Assembly's impeachment authority under Colo. Const. Art. XIII).

I do not consider that a meaningful meet and confer can occur without your having provided a specific basis for your contention that the Affidavit should be kept hidden from public view, or without an appropriate opportunity to respond.  Your apparent "directive" that I shall respond to you immediately does not constitute an appropriate opportunity.  I realize that attorneys in your office rarely leave it, but that is not the case for other trial lawyers, and I do not sit at my desk awaiting communications from opposing counsel.  I believe the generally-accepted response period is twenty-four hours. Due to the failure to meet and confer, we will be moving to strike your motion.  We assume you oppose but request your confirmation.

With regard to Judge Domenico's mandatory disqualification, I would request you to direct me to any statutory basis for Judge Domenico exercising discretion and continuing to hear this case.  I can find none.  Recusal is mandatory, whether you subjectively believe Mr. Gregory established a "valid" basis, or not.  It is a violation of Colo. RPC 8.4(a-1), (b), (c), (d), (e), (f), (h) for you and your clients to frivolously disregard the law (i.e. 28 U.S.C. § 144) and support an objectively-biased judicial officer violating his duties under Canons 1, 2, and 3 of the Code of Conduct for United States Judges (the federal Code).

With this context, I respectfully request that you withdraw your motion to restrict public access to the Affidavit, that you file a notice that you acknowledge Judge Domenico's mandatory judicial disqualification as required by 28 U.S.C. § 144, and that you and your Office withdraw from further representation of the Defendants in this case.  If you do not take these requested actions, we will respond accordingly by filing the above-mentioned motion to strike, by filing additional federal judicial discipline complaints against Judge Domenico and Chief Circuit Judge Holmes as allowed through 10th Cir. JCR 11(c)(2), and by petitioning the 10th Circuit for a writ of mandamus (*see Nichols v. Alley*, 71 F.3d 347 (10th Cir. 1995) (granting writ of mandamus based upon application of 28 U.S.C. § 455(a) disqualification standard)).  Once an impartial judge is assigned to this case, we will proceed with filing the appropriate motion to disqualify you and your Office from further representation of the Defendants and to seek the injunctive relief otherwise pled in the Verified Complaint and Jury Demand, ECF No. 1.  We will also refer your conduct (and the conduct of the other attorneys from your Office who are working on this case) to the U.S. District Court's Committee on Conduct, which is already investigating the attorney discipline complaint contained in ECF No. 1-1.

Please advise as to how you would like to proceed in this matter.


Sincerely,


Ingrid DeFranco


Law Office of Ingrid J. DeFranco

PO Box 128 Brighton, CO 80601-0128
303.641.6812 fax: 303.558.4294

| **From:** | Ingrid J. DeFranco |
| **To:** | Christopher Gregory |
| **Subject:** | Fw: Your letter |
| **Date:** | Wednesday, January 28, 2026 2:07:40 PM |

The Law Office of Ingrid J. DeFranco
P.O. Box 128
Brighton, CO 80601-0128
303-641-6812; fax: 303.558.4294
www.atoughdefense.com

----- Forwarded Message -----
**From:** Dan Combs (He/Him) <dan.combs@coag.gov>
**To:** Ingrid J. DeFranco <ingrid.defranco@gmail.com>
**Cc:** Clayton Ankney <clayton.ankney@coag.gov>; Katharine Brown <katharine.brown@coag.gov>; Linda Ruth Carter <lindaruth.carter@coag.gov>; Carmen Van Pelt <carmen.vanpelt@coag.gov>
**Sent:** Wednesday, January 28, 2026 at 02:03:43 PM MST
**Subject:** RE: Your letter

Thank you for the response.

We would prefer to talk through issues by phone, to allow for the back-and-forth we believe Judge Domenico's rules envision. In any event, the bases for our motion to dismiss are in the email dated Jan. 12, 2025, re-attached here for quick reference. We await your response by email, if that is how you wish to proceed.

As for the other two issues you raise, we do not agree Mr. Gregory has stated valid grounds to recuse Judge Domenico, and for that reason we won't be joining your recusal efforts. We also are not aware of any conflict of interest in representing the Defendants in this case.

Finally, we will be filing a Motion to Restrict the Affidavit of Judicial Bias (ECF No. 26 and 26-1 through 26-10) pursuant to Local Rule 7.2. That Motion will also request that Plaintiff be required to file all documents under Level 1 Restriction so that Defendants are provided an opportunity to ensure that Plaintiff does not file confidential information publicly in the future. Please advise today whether Mr. Gregory will oppose that motion.

Thank you,

Dan

Daniel M. Combs (he/him/his)

First Assistant Attorney General

Colorado Department of Law

Tort Litigation Unit

Phone: (720) 508-6625

Email: Dan.Combs@coag.gov

The statements and opinions in this email do not represent the statements and opinions of the Attorney General.

---

**From:** Ingrid J. DeFranco <ingrid.defranco@gmail.com>
**Sent:** Wednesday, January 28, 2026 8:11 AM
**To:** Dan Combs (He/Him) <Dan.Combs@coag.gov>
**Cc:** Clayton Ankney <Clayton.Ankney@coag.gov>; Katharine Brown <Katharine.Brown@coag.gov>; Linda Ruth Carter <LindaRuth.Carter@coag.gov>; Carmen Van Pelt <Carmen.VanPelt@coag.gov>
**Subject:** Your letter

Dear Mr. Combs,

I respectfully disagree that Mr. Gregory's affidavit should remain hidden from the public, and that he has violated any ethical duty.  I consulted with the clerk, who advised me that I could not properly restrict the filing, and that it was up to the judge to order it suppressed, if he believed it proper to do so.  I am happy to discuss both that and your motion to dismiss, but I believe we need first to discuss why your office has not joined, or, at the very least, indicated that you do not oppose Judge Domenico's recusal.  I believe we also need to discuss your clear conflicts of interest and why you have not raised those.

I think, given the tenor of your letter, and the multiple threats and improper admonitions it contains, that it would be unwise for me to speak with you by telephone.  The Local Rules do not require telephonic meet and confer, nor do Judge Domenico's practice standards.  Therefore, I would prefer to communicate with you in writing, so that there can be no disagreement about what was said.

Sincerely,

Ingrid DeFranco

Law Office of Ingrid J. DeFranco
PO Box 128 Brighton, CO 80601-0128
303.641.6812 fax: 303.558.4294

| | |
|---|---|
| **From:** | Ingrid J. DeFranco |
| **To:** | Christopher Gregory |
| **Subject:** | Fw: Gregory v. CJDRC et al., No. 25-cv-03361 - conferral |
| **Date:** | Tuesday, January 27, 2026 4:40:17 PM |
| **Attachments:** | 26.01.27 Letter to DeFranco.pdf |

Law Office of Ingrid J. DeFranco
PO Box 128 Brighton, CO 80601-0128
303.641.6812 fax: 303.558.4294

----- Forwarded Message -----
**From:** Dan Combs (He/Him) <dan.combs@coag.gov>
**To:** ingrid.defranco@gmail.com <ingrid.defranco@gmail.com>
**Cc:** Clayton Ankney <clayton.ankney@coag.gov>; Katharine Brown <katharine.brown@coag.gov>; Linda
Ruth Carter <lindaruth.carter@coag.gov>; Carmen Van Pelt <carmen.vanpelt@coag.gov>
**Sent:** Tuesday, January 27, 2026 at 04:19:23 PM MST
**Subject:** Gregory v. CJDRC et al., No. 25-cv-03361 - conferral

Dear Ingrid,

Attached is a letter dated 1/27/26. We await your immediate response.

Thank you,
Dan


Daniel M. Combs (he/him/his)
First Assistant Attorney General
Colorado Department of Law
Tort Litigation Unit
Phone: (720) 508-6625
Email: Dan.Combs@coag.gov

The statements and opinions in this email do not represent the statements and opinions of the
Attorney General.



**PHIL WEISER**
Attorney General

**NATALIE HANLON LEH**
Chief Deputy Attorney General

**SHANNON STEVENSON**
Solicitor General

**TANJA WHEELER**
Associate Chief Deputy Attorney
General

**STATE OF COLORADO**
**DEPARTMENT OF LAW**

**RALPH L. CARR**
**COLORADO JUDICIAL CENTER**
1300 Broadway, 10th Floor
Denver, Colorado 80203
Phone (720) 508-6000

**Civil Litigation and**
**Employment Law Section**

January 27, 2026

Ingrid J. DeFranco
Law Offices of Ingrid J. DeFranco
P.O. Box 128
Brighton, CO 80601-0128

*Sent via email to: ingrid.defranco@gmail.com*

RE:    *Gregory v. Colorado Judicial Discipline Rulemaking Committee et al.*, Civ. No
       25-cv-03361(D. Colo.)

Dear Ms. DeFranco:

       I write regarding *Gregory v. Colorado Judicial Discipline Rulemaking
Committee et al.*, Civ. No 25-cv-03361(D. Colo.), and in particular your failure to
respond to my requests to meet and confer on two separate, serious issues. See
January 12, 2026, email, January 16, 2026, email.

       First, I have sought, and continue to seek, conferral on Defendants'
impending motion to dismiss. *See* January 12, 2026, email. Judge Domenico
requires conferral on such motions, *see* DDD Civ. P.S. III(G), and the Complaint in
this action is a perfect example of what this conferral requirement seeks to
remedy—namely having Defendants and the Court spend time sifting through
voluminous papers and legal conclusions to divine what Plaintiff is attempting to
assert. The Complaint is a kitchen sink of legal conclusions asserted
indiscriminately against all forty Defendants, with no factual allegations explaining
what it is that each Defendant allegedly did to Plaintiff or how Plaintiff was
harmed. On its face, it fails to provide a "short and plain statement" as required by
Rule 8, and fails to assert a plausible claim for relief as required by Rule 12(b)(6).

       Both the form and content of the Complaint, which you and Mr. Gregory
signed as attorneys of record, raise serious questions whether this action and its
claims are warranted by any existing law and have evidentiary support. *See* Fed. R.
Civ. P. 11 (outlining representations to court made by attorney when signing any
filing). For example, the Complaint appears to allege that Director Sullivan
retaliated against Mr. Gregory by dismissing his Charge of Discrimination based on
his termination from the CCRD for lack of jurisdiction. But as the Complaint's own
exhibits show, the Charge did not include any allegations that Plaintiff was

Page 2

discriminated against based on membership in a protected class as required by C.R.S. § 24-34-402(1)(a)(I), or was discriminated against for opposing any practice made a discriminatory or an unfair employment practice by CADA as required by C.R.S § 24-34-402(1)(e)(IV). *See generally* ECF No. 1-10, pp. 12–19. As another example, Mr. Gregory complains about how the CCJD and CJDRC handling his various filings, but "nothing in the First Amendment or in [the Supreme] Court's case law interpreting it suggests that the rights to speak, associate, and petition require government policymakers to listen or respond to individuals' communications on public issues." *Minnesota State Bd. for Cmty. Colleges v. Knight*, 465 U.S. 271, 285 (1984). Your failure to engage in the conferral process has forced Defendants to prepare a lengthy Motion to Dismiss, which will outline multiple bases for dismissal.

Second, you publicly filed documents in this case which were in violation of your client's confidentiality obligations under Colorado law. *See* my January 16, 2026, email. In particular, Colorado Const. art. VI, section 23(3)(g) protects all files, investigations, proceedings, testimony, and notes of the CCJD, unless and until public disciplinary proceedings are filed, and even then, only certain documents become public. CJD Rule 3.5 imposes confidentiality obligations on all Commission staff and members, and both Section 23(3)(g) and Rule 3.5(c)(5) make clear that the confidentiality rules continue to apply post-employment. The Complaint includes allegations that refer to information that Mr. Gregory had access to only by virtue of his role with the CCJD. Mr. Gregory's Affidavit, ECF No. 26, and exhibits to that Declaration, go even further, including information regarding private discipline issued by the CCJD while Plaintiff was serving as the vice-chair of the CCJD, as well as details of investigative actions he took while serving as the CCJD's Executive Director. ECF No. 26, ¶¶ 43-44.  Contrary to his assertions, Mr. Gregory does not have an "absolute privilege" to disclose the information under CJD Rule 6.5(d). CJD Rule 6.5(d) permits certain disclosures of otherwise confidential information by "the Commission or the executive director," but Mr. Gregory is neither the Commission nor its executive director – he was terminated on January 19, 2024. Mr. Gregory therefore possesses no right to disclose information that is subject to confidentiality provisions under Colorado law.

I asked you to confirm that you will take steps to restrict access to the Affidavit, and further review all filings drafted by Mr. Gregory prior to filing for confidential information, and take necessary steps to protect that information. You should be aware that pursuant to a settlement of claim with the CCJD, Mr. Gregory should not have any documents belonging to the CCJD.  And he is violating his confidentiality obligations as a former employee of CCJD, by disclosing confidential documents and/or information from those documents in court filings, to legislators, the media or the public, which if continued may result in legal action against him.

Your failure to engage on these issues is causing Defendants to spend unnecessary time seeking dismissal of a Complaint which on its face fails to state a

Page 3

plausible claim, and to monitor your voluminous filings for information that should be under seal and/or not in Mr. Gregory's possession.  Your failure to engage also suggests that this action is not about actually litigating any specific claim that Mr. Gregory may be able to assert, but to flood the record with voluminous and sensational allegations. You are on notice that Defendants will vigorously defend themselves in this action and will seek fees, costs, and other appropriate relief under the law.

I am available to talk about these and other issues on Wednesday, January 28, between 1:00-2:00, and on Thursday, January 29th, between 3:00-4:00. Please let us know if one of these times work, or provide other available times to discuss.

Sincerely,

FOR THE ATTORNEY GENERAL

DANIEL M. COMBS
First Assistant Attorney General
Tort Litigation, Civil Litigation and
  Employment Law
720-508-6625
Email: Dan.Combs@coag.gov

cc:    Clayton J. Ankney
       Katharine J. Brown

**From:**      Ingrid J. DeFranco
**To:**        Christopher Gregory
**Subject:**   Fw: Recall: Gregory (1:25-cv-00361) - confidentiality obligations and ECF No 26
**Date:**      Friday, January 16, 2026 1:33:50 PM

Law Office of Ingrid J. DeFranco
PO Box 128 Brighton, CO 80601-0128
303.641.6812 fax: 303.558.4294

----- Forwarded Message -----
**From:** Dan Combs (He/Him) <dan.combs@coag.gov>
**To:** 'ingrid.defranco@gmail.com' <ingrid.defranco@gmail.com>
**Cc:** Katharine Brown <katharine.brown@coag.gov>; Clayton Ankney <clayton.ankney@coag.gov>; Linda
Ruth Carter <lindaruth.carter@coag.gov>; Carmen Van Pelt <carmen.vanpelt@coag.gov>
**Sent:** Friday, January 16, 2026 at 01:13:13 PM MST
**Subject:** Recall: Gregory (1:25-cv-00361) - confidentiality obligations and ECF No 26

Dan Combs (He/Him) would like to recall the message, "Gregory (1:25-cv-00361) - confidentiality
obligations and ECF No 26 ".

**From:**      Ingrid J. DeFranco
**To:**        Christopher Gregory
**Subject:**   Fw: Gregory (1:25-cv-00361) - confidentiality obligations and ECF No 26
**Date:**      Friday, January 16, 2026 1:33:20 PM

Law Office of Ingrid J. DeFranco
PO Box 128 Brighton, CO 80601-0128
303.641.6812 fax: 303.558.4294

----- Forwarded Message -----
**From:** Dan Combs (He/Him) <dan.combs@coag.gov>
**To:** ingrid.defranco@gmail.com <ingrid.defranco@gmail.com>
**Cc:** Katharine Brown <katharine.brown@coag.gov>; Clayton Ankney <clayton.ankney@coag.gov>; Linda Ruth Carter <lindaruth.carter@coag.gov>; Carmen Van Pelt <carmen.vanpelt@coag.gov>
**Sent:** Friday, January 16, 2026 at 01:09:49 PM MST
**Subject:** Gregory (1:25-cv-00361) - confidentiality obligations and ECF No 26

Hello Ingrid,

It's come to our attention that recent filings may have been in violation of your client's confidentiality obligations under Colorado law. In particular, Colo. Const. art. VI, section 23(3)(g) protects all files, investigations, proceedings, testimony, and notes of the Commission on Judicial Discipline, unless and until public disciplinary proceedings are filed, and even then, only certain documents become public. CJD Rule 3.5 imposes confidentiality obligations on all Commission staff and members, and both Section 23(3)(g) and Rule 3.5(c)(5) make clear that the confidentiality rules continue to apply post-employment. The Local Rules concerning restrictions of filings is found at D.C.COLO.LCivR 7.2.

Our clients take their confidentiality obligations seriously, and we ask that you review all filings drafted by Mr. Gregory prior to filing for confidential information, and take necessary steps to protect that information.

Most pressing is the need to review Mr. Gregory's Affidavit, ECF No. 26, and exhibits to that Declaration. As mentioned in the email I sent to Chambers (on which you were copied), Mr. Gregory acknowledged confidentiality of the contents of that filing, and its being filed publicly appears to have been inadvertent. Furthermore, the cited bases for disclosure would not apply, because Mr. Gregory is not the executive director of the Commission and may not act on the Commission's behalf.

Please confirm receipt of this email and let me know *as soon as possible* whether you will take steps to restrict access to ECF No. 26.

Thank you,
Dan

Daniel M. Combs (he/him/his)
First Assistant Attorney General
Colorado Department of Law
Tort Litigation Unit
Phone: (720) 508-6625
Email: Dan.Combs@coag.gov

The statements and opinions in this email do not represent the statements and opinions of the
Attorney General.

| From: | Ingrid J. DeFranco |
| To: | Christopher Gregory |
| Subject: | Fw: 1:25-cv-00361-DDD filing matter - ECF No. 26 |
| Date: | Friday, January 16, 2026 1:33:41 PM |

Law Office of Ingrid J. DeFranco
PO Box 128 Brighton, CO 80601-0128
303.641.6812 fax: 303.558.4294

----- Forwarded Message -----
**From:** Dan Combs (He/Him) <dan.combs@coag.gov>
**To:** Domenico_Chambers@cod.uscourts.gov <domenico_chambers@cod.uscourts.gov>
**Cc:** Katharine Brown <katharine.brown@coag.gov>; Linda Ruth Carter <lindaruth.carter@coag.gov>;
Carmen Van Pelt <carmen.vanpelt@coag.gov>; Clayton Ankney <clayton.ankney@coag.gov>;
ingrid.defranco@gmail.com <ingrid.defranco@gmail.com>
**Sent:** Friday, January 16, 2026 at 01:04:00 PM MST
**Subject:** 1:25-cv-00361-DDD filing matter - ECF No. 26

To Judge Domenico's Chambers,

It has come to our attention that the Plaintiff's (Christopher Gregory) most recent filing in case
1:25-cv-03361-DDD, ECF No. 26, and exhibits 1-11, are available to the public through
PACER.

After reviewing the filings, Defendants believe that ECF No. 26 contains information required
to be kept confidential under state law. Mr. Gregory apparently recognizes that the affidavit
contains confidential information as well, stating in footnote 2, Paragraph 5, of ECF No. 26,
that "Affiant files this Affidavit into the present case as suppressed …."

Given the Plaintiff's statement, made under penalty of perjury, that ECF 26 and its exhibits
were being filed as "suppressed," the public filing appears to have been made in error.

To protect the confidentiality of information contained in ECF 26 and to reflect the Plaintiff's
stated intent to file it as "suppressed," would the Court be able to direct the Clerk to
immediately change ECF 26's status to "sealed" or restricted?

Very truly yours,

Dan Combs

Daniel M. Combs (he/him/his)
First Assistant Attorney General
Colorado Department of Law
Tort Litigation Unit
Phone: (720) 508-6625
Email: Dan.Combs@coag.gov

The statements and opinions in this email do not represent the statements and opinions of the Attorney General.

| From: | Dan Combs (He/Him) |
|---|---|
| To: | Ingrid J. DeFranco |
| Cc: | Clayton Ankney; Katharine Brown; Linda Ruth Carter; Carmen Van Pelt; Christopher Gregory |
| Subject: | RE: Gregory lawsuit conferral on motion to extend time and MTD |
| Date: | Wednesday, January 14, 2026 8:42:42 PM |

Thanks Ingrid.

Best,
Dan


Daniel M. Combs (he/him/his)
First Assistant Attorney General
Colorado Department of Law
Tort Litigation Unit
Phone: (720) 508-6625
Email: Dan.Combs@coag.gov

The statements and opinions in this email do not represent the statements and opinions of the Attorney General.

---

**From:** Ingrid J. DeFranco <ingrid.defranco@gmail.com>
**Sent:** Wednesday, January 14, 2026 5:22 PM
**To:** Dan Combs (He/Him) <Dan.Combs@coag.gov>
**Cc:** Clayton Ankney <Clayton.Ankney@coag.gov>; Katharine Brown <Katharine.Brown@coag.gov>; Linda Ruth Carter <LindaRuth.Carter@coag.gov>; Carmen Van Pelt <Carmen.VanPelt@coag.gov>; Christopher Gregory <cspgregory@thegregorylawfirm.net>
**Subject:** Re: Gregory lawsuit conferral on motion to extend time and MTD

Dear Mr. Coombs,

Apologies; I did not receive your earlier email.  My Gmail address duplicates into a secondary address, and it's not in either one.  We do not object to an extension.

Sincerely,

Ingrid DeFranco

Law Office of Ingrid J. DeFranco Pllc
PO Box 128 Brighton, CO 80601-0128
303.641.6812 fax: 303.558.4294

On Wednesday, January 14, 2026 at 04:28:35 PM MST, Dan Combs (He/Him) <dan.combs@coag.gov>
wrote:

Hello Ingrid,

I'm following up on the outreach from earlier in this week. Will you please confirm you received the email, and also
please provide Mr. Gregory's position on the requested extension of time, when you're first able to?

Many thanks,
Dan

Daniel M. Combs (he/him/his)

First Assistant Attorney General

Colorado Department of Law

Tort Litigation Unit

Phone: (720) 508-6625

Email: Dan.Combs@coag.gov

The statements and opinions in this email do not represent the statements and opinions of the Attorney General.

---

**From:** Dan Combs (He/Him)
**Sent:** Monday, January 12, 2026 4:21 PM
**To:** ingrid.defranco@gmail.com
**Cc:** Clayton Ankney <Clayton.Ankney@coag.gov>; Katharine Brown
<Katharine.Brown@coag.gov>; Linda Ruth Carter <LindaRuth.Carter@coag.gov>; Carmen
Van Pelt <Carmen.VanPelt@coag.gov>
**Subject:** Gregory lawsuit conferral on motion to extend time and MTD
**Importance:** High

Hello Ingrid,

I'm reaching out to confer on two motions: (1) Defendants' motion for two additional weeks to respond to Mr. Gregory's Complaint—from February 2, 2026, to February 16, 2026; and (2) Defendant's motion to dismiss.

- Please respond as soon as possible on the request to extend time and let us know times, after Wed. of this week, in which you're available to talk through the planned Motion to Dismiss.

*Requested extension of time:* As mentioned below in more detail, as a response to the Complaint, we are preparing a single Motion to Dismiss on behalf of all Defendants, on various grounds. We'll be asking the Court for two additional weeks to file that Motion. That request reflects the need to finalize multiple arguments and ensure the 40 Defendant clients have sufficient time to review.

*Conferral on Motion to Dismiss:* The following is meant to start the discussion about conferral on our motion, under Judge Domenico's Practice Standards. Below are the general bases for our motion to dismiss. We'd like to set up a call this week or next to answer any questions and discuss whether you think the asserted deficiencies in the complaint are correctible by amendment, as Judge Domenico requires.

Grounds for dismissal

1. Request to dismiss all claims against the CSC, CCJD, and CJDRC based on sovereign immunity. Additionally, these entities are not persons subject to suit under 42 U.S.C. §§ 1983, 1985, and 1986.

- Request to dismiss claims against individually named Defendants for violations of Colorado law, because such claims are barred under the Colorado Governmental Immunity Act and the Eleventh Amendment.
- Request to dismiss claims against Director Sullivan, who, in addition to governmental immunity, has absolute immunity from the asserted claims.
- Request to dismiss all claims for relief for failure to allege a plausible claim for relief, and failure to allege sufficient facts to support stated claims. This includes but is not limited to an argument to dismiss claims for failure to assert specific facts concerning individually named defendants, as well as arguments describing Mr. Gregory's failure to assert facts to plausibly state his enumerated claims for relief.
- Request to dismiss all claims based on generalized grievances for the "fundamental right to be heard," equal protection, and due process rights for lack of standing.
- Request to dismiss individual capacity claims under the doctrine of qualified immunity.
- Request to dismiss conspiracy claims based on failure to identify agreement between defendants and concerted action (1983, 1985), racial bias (1985(3)), or intent to deter court attendance or retaliate based on court attendance (1985(2)).

- Request to dismiss CFCA claim because it was not in effect when the alleged violation of the CFCA occurred. As such, Plaintiff cannot plead that he engaged in lawful acts in furtherance of an action brought pursuant to the CFCA or to stop a violation of the CFCA. Separately, Mr. Gregory's CFCA claim is barred by the Colorado Governmental Immunity Act.
- Plaintiff fails to state a claim for relief under any additional theory, and Plaintiff is not entitled to any form of relief based on the various grounds for dismissal.

We appreciate your consideration on these motions, and your response on the motion for extension of time as soon as you're able to.

Best,
Dan

Daniel M. Combs (he/him/his)

First Assistant Attorney General

Colorado Department of Law

Tort Litigation Unit

Phone: (720) 508-6625

Email: Dan.Combs@coag.gov

The statements and opinions in this email do not represent the statements and opinions of the Attorney General.

----- Forwarded Message -----
**From:** Dan Combs (He/Him) <dan.combs@coag.gov>
**To:** ingrid.defranco@gmail.com <ingrid.defranco@gmail.com>
**Cc:** Clayton Ankney <clayton.ankney@coag.gov>
**Sent:** Monday, November 24, 2025 at 11:02:54 AM MST
**Subject:** Gregory v. Colorado Judicial Rulemaking Committee, et al., No. 25-cv-3361: conferral on motion to extend time and waiver

Hello Ingrid,

Clayton Ankney and I are reaching out to confer on a requested extension of time for the Defendants who have been served in Mr. Gregory's case. We will be asking the Court to set a Feb. 2, 2026 response deadline. That request is designed to ensure sufficient time for analysis and consideration of various claims, to permit a consolidated response on behalf of Defendants who are served or waive service, and to allow time for sufficient client and stakeholder review of a response. The request also reflects the limited work days in December, based on holiday and travel schedules for the defense team.

Please let us know today if you will object to that requested extension.

Also, please let us know if you would like to request waiver of service for the non-served Defendants. If so and waiver requests are sent, we'll confer with our clients and respond as soon as possible.

Many thanks,
Dan


Daniel M. Combs (he/him/his)

First Assistant Attorney General

Colorado Department of Law

Tort Litigation Unit

Phone: (720) 508-6625

Email: Dan.Combs@coag.gov


The statements and opinions in this email do not represent the statements and opinions of the Attorney General.

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:25-cv-03361-KHV-GEB

CHRISTOPHER S.P. GREGORY,

      Plaintiff,

v.

The COLORADO JUDICIAL DISCIPLINE RULEMAKING COMMITTEE, et al.

      Defendants.

---

**PLAINTIFF'S MOTION TO ABATE BRIEFING ON ECF NOS. 44 & 47
PENDING DETERMINATION OF PLAINTIFF'S VERIFIED MOTION
TO DISQUALIFY COUNSEL**

---

Comes now the Plaintiff, Christopher S.P. Gregory, by and through his counsel, the Law Office of Ingrid J. DeFranco, PLLC, and for himself, and hereby tenders his request to abate the briefing on the Defendants' "Motion for Leave to File a Motion to Dismiss" (ECF No. 44) and "Motion to Set Aside Entry of Default" (ECF No. 47), pending a determination of whether the Colorado Office of the Attorney General (the COAG) may properly continue to represent the Defendants, stating as follows:

**FACTUAL BACKGROUND**

1. Service of the Complaint was made on the COAG, Justice Monica Márquez for the Colorado Supreme Court, Colorado Governor Jared Polis, and Bryon Large for the Colorado Judicial Discipline Rulemaking Committee on November 12, 2025.

2.       Service of the Complaint was made on Judge Jill Brady for the Colorado Commission on Judicial Discipline, via Scott Sosebee, Court Executive for El Paso County Courts, on November 17, 2025.

3.       On November 24, 2025, AAG Dan Combs contacted Mr. Gregory's counsel, requested an extension of time to respond, through February 2, 2026, and inquired about waivers of service for the individual defendants.

4.       A Notice and Request for Waiver was produced for each individual defendant on November 29, 2025, subsequently executed on December 1, 2025, and received by the Plaintiff on December 12, 2025.

5.       The COAG, and three of its staff attorneys, AAG Daniel M. Coombs, AAG Clayton J. Ankney, and AAG Katharine J. Brown entered their appearance on behalf of all defendants.

6.       On February 23, 2026, after the defendants failed to file a timely responsive pleading and upon Mr. Gregory's February 18, 2026 Application and Declaration (ECF Nos. 39 & 39-1), the Clerk of Court for the United States District Court for the District of Colorado entered default against all defendants.  ECF No. 46.

7.       AAG Ankney contacted Mr. Gregory and Mr. Gregory's co-counsel, with a request to meet and confer regarding a motion to set aside the default.

8.       Mr. Gregory and Ms. DeFranco responded, indicating that they were amenable, but that the parties first must discuss the propriety of the Attorney General's continuing representation.

9.       The AAGs declined to engage in that discussion prior to the formal entry of default, and on February 19, 2026, the AAGs moved to strike Mr. Gregory's application for default.  ECF No. 40.

-2-

10. Mr. Gregory responded on February 19, noting that the motion was improper, because F.R.C.P. 55(c) requires that the clerk, rather than the court, perform the act of entering default, and does not provide for discretion, once the requirements have been met. ECF No. 42.

11. On February 20, 2026, the AAGs filed a motion for leave to file a motion to dismiss pursuant to F.R.C.P. 12(b)(6), indicating, falsely, that they had attempted to meet and confer, unsuccessfully. ECF No. 44.

12. On February 20, 2026, Mr. Gregory moved to strike the motion for leave, as unauthorized until such time as the default was set aside. ECF No. 45.

13. On February 25, 2026, the AAGs moved to set aside the default. ECF No. 47.

14. Contemporaneous to this Motion, Mr. Gregory has filed his Verified Motion to Disqualify Counsel, setting forth the particulars, conflicts, and improprieties of the representation.

## ARGUMENT

A properly-supported and facially colorable motion to disqualify counsel should be decided before the case proceeds on other issues. *Williams v. Kopco, Inc.,* 162 F.R.D. 670, 672 (D. Kan. 1995). See also, *Jefferson St. Holdings, LLC v. Otter Prods., LLC*, 2023 U.S. Dist. LEXIS 237460, *3 (D. Colo. 2023) (recognizing that the case cannot move forward until the disqualification issue is resolved).

Motions to disqualify should be decided prior to other substantive motions, because doing so preserves judicial efficiency. If an attorney's representation is improper, any of the attorney's substantive motions arising from the conflict are stricken, and the court need not decide them. Here, the motion for leave to file a motion to dismiss is the direct result of

-3-

counsels' refusal to meet and confer, or indeed, even to address their conflicts, and their own malpractice, for which they have made no showing that they sought intelligent waivers from their putative clients, or that the clients have, in fact, waived the conflict(s).

Similarly, the Defendants' "Motion to (1) Restrict Affidavit of Judicial Bias or Prejudice According to 28 U.S.C. § 144 (ECF Nos. 26, 26-1-10); and (2) Require Plaintiff to File Future Documents Under Level 1 Restriction in the First Instance" (ECF No. 29) is a direct outgrowth of their counsels' conflicts of interest, need to protect their gubernatorial-candidate chief against public exposure of his corrupt conduct, and desire to protect their judicial officer "clients" against the exposure of their more than quarter-century-long pattern of deliberate, coordinated judicial misconduct and cover-ups.  Because of now-established actual bias, Judge Domenico was not authorized to issue rulings once Mr. Gregory's Affidavit of Judicial Bias pursuant to 28 U.S.C. § 144 (ECF No. 26) was lodged.  The statute mandates that the judge against whom it is lodged may review the affidavit to determine wither it conforms to the statutory requirements and, if it does so, recuse him or herself immediately, taking no other or further action.  Orders subsequent to filing of the on January 14, 2026 are void, as are prior orders that Judge Domenico entered despite his actual bias against Mr. Gregory and in favor of one or more of the Defendants.

## CONCLUSION

Wherefore, a Verified Motion to Disqualify Counsel having been filed, Plaintiff Christopher S.P. Gregory respectfully requests that the propriety of the Defendants' continuing representation by the COAG be determined before any pending substantive motions (specifically

ECF Nos. 44 & 47), and that briefing on those issues be stayed, pending the resolution of the

Motion to Disqualify.

Dated: March 11, 2026

/s/ Ingrid J. DeFranco
**Ingrid J. DeFranco, esq.**
Law Office of Ingrid J. DeFranco
P.O. Box 128
Brighton, CO 80601
Telephone: (303) 641-6812
Email:  Ingrid.DeFranco@gmail.com
Attorney for Plaintiff Christopher S.P. Gregory


/s/ Christopher S.P. Gregory
**Christopher S.P. Gregory, Esq.**
The Gregory Law Firm, LLC
201 Coffman St., #1822
Longmont, CO 80502
Telephone: (970) 648-0642
E-mail: cspgregory@thegregorylawfirm.net
*Pro Se* Attorney for Plaintiff
Christopher S.P. Gregory

-5-

## CERTIFICATE OF SERVICE

I certify that on March 11, 2026, I filed the above filing via email to the Clerk of the Court, who will docket it in CM/ECF. CM/ECF will send notification of this filing to any party who has entered an appearance in this matter to the e-mail addresses provided in CM/ECF.

/s/ Ingrid J. DeFranco
Ingrid J. DeFranco

EXHIBIT
4

**Commentary Submitted to the *Longmont Times Call* for Publication**

Because of an ongoing more than 25-year pattern of public corruption, the rule of law in Colorado is on life-support.

As a member, Vice-Chair, Chair, and Executive Director of the Colorado Commission on Judicial Discipline, I was repeatedly intimidated, retaliated against, and marginalized in my duty-bound efforts to expose this ongoing 25-year pattern of public corruption.  The retaliation against me occurred notwithstanding my role in achieving the historic public censure of former Chief Justice Nathan B. Coats for his part in a $2.66-$2.75 million bribe collectively approved by him and the other Justices.  The retaliation and blackballing has continued despite my role in achieving the approval of Amendment H (which was intended to remove control over the judicial discipline system from the Colorado Supreme Court) by a 73% majority of Colorado voters.  I have sued Governor Polis, Attorney General Weiser, the Justices, and others to enforce my constitutional right and ethical obligation to freely and publicly report judicial, attorney, and official misconduct without fear of retaliation.  Rather than responding to the merits of my claims, the Defendants (represented by the Attorney General's Office) failed to file a timely answer, resulting in the entry of a default.  Until and unless the default is set aside, liability has been proven and all the allegations of my Verified Complaint are deemed admitted.  Because of the almost ubiquitous conflicts of interest involved within the District of Colorado, outgoing U.S. District Court Chief Judge Philip A. Brimmer has reassigned my federal cases to Senior Judge Kathyrn H. Vratil of the District of Kansas.

The Justices of the Colorado Supreme Court, Governor Jared Polis, Attorney General Phil Weiser, former State Sen. Bob Gardner, Denver District Attorney John Walsh, Boulder District Attorney Michael Dougherty, Secretary of State Jena Griswold, Attorney General candidate Hetal Doshi, Joint Budget Committee Chair Jeff Bridges, SD17 Senator Katie Wallace, and numerous other public officials have abused their positions and misused public resources to cover up the most serious forms of judicial, attorney, and official misconduct.  Tens of millions of taxpayer dollars have been misappropriated as hush money, for self-controlled "independent" investigations, and for public relations schemes intended to cover up the misconduct.  This general pattern of public fraud has repeated itself through the intimidation, retaliation, and fabrication of evidence that resulted in former SD17 Senator Sonya Jaquez Lewis's recent felony convictions and probationary sentence.  The repeating pattern of fraud was also reflected in Secretary of State Griswold's handling of the controversy resulting from inadvertent publication of voter machine passwords immediately prior to the 2024 general election with delayed reporting to the county clerks.  There is also a pattern of the Justices, Governor Polis, and Attorney General Weiser conspiring to abuse their appointment authority to stack the boards and commissions responsible for Colorado's systems of judicial selection, retention, and discipline.

All these facts can be found and verified through materials submitted into the legislative record:

> Joint Judiciary Committee 1/21/2026 SMART Act Hearing re: Colorado Judicial Department Presentation--
> https://leg.colorado.gov/committee_meeting_hearing_summary/28660;

Senate Judiciary Committee 2/9/2026 Confirmation Hearing re: Appointment of former Senator Robert Gardner to the Colorado Commission on Judicial Discipline-- https://leg.colorado.gov/committee_meeting_hearing_summary/28938; and

Senate Judiciary Committee 2/11/2026 Hearing re: SB26-084-- https://leg.colorado.gov/committee_meeting_hearing_summary/29188.

The respective party caucuses will occur in the coming days. The critical problems of widespread public fraud and public corruption within Colorado State Government, within federal law enforcement, and within the federal courts are being deliberately minimized. Consequently, it is doubtful there will be legitimate discourse as to the qualifications of those candidates running for federal, state, and local offices.

Ultimately, it is up to the public to care about these issues and to demand that Colorado's highest-ranking elected officials be held accountable.

Christopher S.P. Gregory is a former member, Vice-Chair, Chair, and Executive Director of the Colorado Commission on Judicial Discipline. Mr. Gregory has filed a pending federal lawsuit against Governor Jared Polis, Attorney General Philip Weiser, the Justices of the Colorado Supreme Court, and other current or former public officials. The case is *Gregory v. Colo. Jud. Discipline Rulemaking Comm., et al.*, 1:25-cv-03361-KHV (D. Colo.).

EXHIBIT

5

Be It Resolved by the Senate of the Seventy-Sixth General Assembly of the State of Colorado, the House of Representatives concurring herein:

Whereas credible evidence exists that whistleblowers, witnesses, and public officials within Colorado state and local governments are being systematically intimidated and retaliated against through the misuse of public resources and the selective prosecution / non-prosecution of the wrongdoers involved;

Whereas examples of the systematic misconduct involved include patterns of alleged corruption within the Colorado Judiciary, alleged interference with the 2024 presidential election, publicly funded self-investigations of various incidents of alleged official misconduct, non-disclosure and hush money agreements valued at over $4 million which have been negotiated by the Colorado Attorney General's Office and other agencies / public officials, and the allegedly invalid approval of an urban renewal authority estimated to divert $155 million of tax revenues over 25 years;

Whereas, these circumstances present probable cause and a reasonable basis to suspect violations of both Colorado and federal law;

Whereas, because of conflicts of interest, the Colorado Attorney General and the entire Colorado Department of Law are unable to impartially enforce Colorado's False Claims Act, Title 24, Part 12, C.R.S.;

Whereas, 22 other states and the District of Columbia have their own equivalent civil false claims acts.  Those states and the District of Columbia are:

- California—Cal. Gov't Code §§ 12650 to 12656;
- Connecticut—Conn. Gen. Stat. Ann. §§ 4-274 to 4-289;
- Delaware--Del. Code Ann. tit. 6, §§ 1201-1201;
- District of Columbia—D.C. Code Ann. §§ 2-381.01 to 2-381.10;
- Florida—Fla. Stat. Ann. §§ 68.082 to 68.105;
- Georgia—Ga. Code Ann. §§ 23-3-120 to 23-3-120;
- Hawai'i—Haw. Rev. Stat. Ann. §§ 661-21 to 661-31;
- Illinois—740 Ill. Comp. Stat. Ann. 175/1 to 175/8;
- Indiana—Ind. Code Ann. §§ 5-11-5.5-1 to 5-11-5.5-18;
- Iowa—Iowa Code Ann. §§ 685.1 to 685.7;
- Kansas—Kan. Stat. Ann. §§ 75-7501 to 75-7511;
- Maryland—MD GEN PROVIS §§  8-101 to 8-111;
- Massachusetts—Mass. Gen. Laws Ann. ch. 12, §§ 5A to 5O;
- Minnesota—Minn. Stat. Ann. §§ 15C.01 to 15C.16;
- Nevada—Nev. Rev. Stat. Ann. §§ 357.010 to Nev. Rev. Stat. Ann. § 357.250:
- New Jersey—N.J. Stat. Ann. §§ 2A:32C-1 to N.J. Stat. Ann. § 2A:32C-18;
- New Mexico—N.M. Stat. Ann. §§ 44-9-1 to 44-9-14;
- New York—N.Y. State Fin. Law §§ 188 to 194;
- North Carolina—N.C. Gen. Stat. Ann. §§ 1-605 to 1-618;

- Oregon—Or. Rev. Stat. Ann. §§ 180.750 to 180.785;
- Rhode Island—9 R.I. Gen. Laws Ann. §§ 9-1.1-1 to 9-1.2-9;
- Tennessee—Tenn. Code Ann. §§ 4-18-101 to 4-18-108; and
- Vermont--Vt. Stat. Ann. tit. 32, §§ 630 to 642; and

Whereas, the U.S. Department of Justice—Denver Office and the U.S. Department of Justice—Wyoming Office also has conflicts of interest as to the individuals involved in the alleged public corruption and are unable to impartially investigate the factual circumstances;

**Section 1.** The Colorado General Assembly shall submit a formal request to the U.S. Department of Justice to assign an Office outside of the U.S. Department of Justice—Denver Office and the U.S. Department of Justice—Wyoming Office to complete a conflict-free investigation of the alleged public corruption within Colorado state and local government.

**Section 2.** As authorized by § 24-31-101(1)(g), C.R.S. and § 24-31-111(5), C.R.S., the Colorado General Assembly (through and as the Colorado State Auditor's supervising authority) shall designate and appoint another state's attorney general (from one of the 22 other states or the District of Columbia with equivalent civil false claims acts) as a Special Assistant Attorney General charged with investigating and representing the State of Colorado's interests as to alleged violations of Colorado's False Claims Act and other laws.  The costs of the investigation and representation shall be paid through funds already appropriated through HB25-1321 and the Colorado Department of Law's annual budget, as provided by § 24-31-111(5), C.R.S.

**Section 3.**  According to the authority provided through Colo. House R. 26(a)(2) and Colo. Senate R. 30(b)(2), an investigating committee comprised of members of both houses shall be formed to implement and effectuate this joint resolution.