

# 𝔇𝔢𝔫𝔟𝔢𝔯 𝔆𝔬𝔲𝔫𝔱𝔶 𝔆𝔬𝔲𝔯𝔱

**1437 Bannock St., Room 111**
Denver, CO  80202
720-865-7830

**Kerri Lombardi
Presiding Judge**

Mr. Christopher Gregory
201 Coffman St. #1822
Longmont, CO 80502

Delivered via email to: cspgregory@thegregorylawfirm.net

**RE: Response to Complaint Regarding Attorney Reporting Requirements Under CRCP Rule 242.11 and Colorado Code of Judicial Conduct Rule 2.15**

Thank you for bringing your concerns to the attention of Denver County Court. After thorough review of the matters raised, this response clarifies the applicable jurisdictional framework and procedural considerations.

I. Jurisdiction

Denver County Court operates under a unique constitutional structure as Colorado's only combined municipal and state court serving a consolidated city-county government. The Denver County Court Commission on Judicial Discipline, established under Denver's Charter and appointed by the Mayor, exercises authority exclusively over judges of the Denver County Court. The cases referenced in your complaint were presided over by magistrates, not judges.

Supervisory authority over magistrates is vested solely in the Presiding Judge pursuant to Section 4.3.2 of the Denver Charter and local administrative orders. Section 4.3.2 provides that magistrates are at-will employees who serve at the pleasure of the Presiding Judge. Under Rule 6 of the Denver Rules of Judicial Discipline, it is within the sole discretion of the Presiding Judge whether to seek a recommendation from the Commission regarding a matter involving a magistrate.

The Presiding Judge has reviewed this matter and has determined that referral to the Commission is not warranted. As detailed in Section III below, the presiding magistrates were unaware that the defendant appearing before them was an attorney, and neither the nature of the proceedings nor the conduct of the magistrates raises concerns requiring Commission review. Accordingly, any concerns regarding magistrate conduct are appropriately addressed through the Presiding Judge's supervisory authority rather than through the Commission.

II. Reporting Obligations Under CRCP Rule 242.11 and Code of Judicial Conduct Rule 2.15

CRCP Rule 242.11 and Rule 2.15 of the Colorado Code of Judicial Conduct impose upon attorneys and judicial officers the duty to report certain misconduct and convictions. The circumstances of the referenced cases do not trigger reporting obligations:

- The traffic infraction (unsafe vehicle) does not constitute a conviction requiring reporting under the applicable rules.
- The dog attack/bite case, a municipal general violation, was resolved through a deferred judgment and does not constitute a reportable conviction. This conclusion has been confirmed by the Office of Attorney Regulation Counsel.



PLAINTIFF'S
EXHIBIT

**6**

### III. Court Proceedings and Response

Denver County Court takes matters of attorney conduct with utmost seriousness. The Court has reviewed these matters with the presiding magistrates who adjudicated the referenced cases. The magistrates were unaware that the defendant appearing before them was an attorney. Given the nature of the offenses, a traffic infraction and a municipal general violation, neither case required disclosure or verification of the defendant's employment or professional status. The dog bite case was resolved expeditiously through a negotiated plea agreement without such information being elicited during proceedings.

Upon receipt of your complaint, the Court Executive contacted the Office of Attorney Regulation Counsel to inquire whether the municipal general violation required reporting. Deputy Regulation Counsel confirmed that the dog bite case did not require reporting to Attorney Regulation Counsel.

The conditions of the deferred judgment require compliance with all laws but do not impose upon the defendant an obligation to report civil litigation or complaints to federal regulatory bodies to the Court. Likewise, the Court has no corresponding obligation to monitor or report such external matters.

Regarding the additional materials you submitted concerning alleged judicial misconduct by judicial officers external to Denver County Court, I asked my court executive, Kristin Wood, to forward those materials in accordance with our potential disclosure requirements. All materials have been forwarded to the appropriate law enforcement agency and to the Colorado Commission on Judicial Discipline.

### IV. Conclusion

Denver County Court has acted in accordance with its obligations under the Colorado Rules of Professional Conduct and the Colorado Code of Judicial Conduct. Should you have additional questions or require further information, please contact my office directly.

Respectfully,

Kerri Lombardi, Presiding Judge
Denver County Court