**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:25-cv-03361-KHV-GEB

CHRISTOPHER S.P. GREGORY,

Plaintiff,

v.

The COLORADO JUDICIAL DISCIPLINE RULEMAKING COMMITTEE, et al.

Defendants.

---

**RESPONSE TO ORDERS TO SHOW CAUSE, ECF NOS. 93 AND 95**

---

Plaintiff Christopher S.P. Gregory, through undersigned counsel, respectfully responds to this Court's Orders to Show Cause: (1) why this case should not be dismissed, ECF No. 93, and (2) why Defendants should not be permitted to file a reply brief exceeding the page limits this Court expressly imposed in its March 27, 2026 Order. ECF Nos. 89, 95. For the reasons set forth below, dismissal is unwarranted and any expansion of Defendants' briefing rights would be fundamentally unfair.

**INTRODUCTION**

On March 24, 2026, Plaintiff filed a Motion for Judicial Disqualification under 28 U.S.C. § 455, ECF No. 78, and a supporting Affidavit of Judicial Bias, ECF No. 79. Those filings established that District Judge Kathyrn H. Vratil and Magistrate Judge Gwynne E. Birzer must recuse themselves from the Plaintiff's two pending cases because of personal bias or prejudice apparent in the direct assignment of the cases by 10th Circuit Chief Judge Jerome A. Holmes and then-Chief District Judge Philip A. Brimmer. The Plaintiff further alleged that despite the

Plaintiff having preemptively objected to Chief Judge Holmes being involved in the reassignment of the Plaintiff's cases, Chief Judge Holmes, Chief Judge Brimmer, Judge Vratil, Magistrate Judge Birzer, and opposing counsel knowingly concealed material facts from the Plaintiff. Specifically, with knowledge that Plaintiff would have immediately objected, those involved did not notify the Plaintiff that Chief Judge Holmes had directly reassigned this case, *Gregory v. Colo. Jud. Discipline Rulemaking Comm., et al.*, 1:25-cv-03361-KHV-GEB (D. Colo.), and the Plaintiff's previously filed case, *United States and the State of Colorado ex rel. Gregory*, *et al. v. Masias, et al.*, 1:25-cv-00190-KHV-GEB (D. Colo.) (sealed), to Judge Vratil—with Chief Judge Brimmer directly arranging the designation of both cases to Magistrate Birzer—without any notice to Plaintiff whatsoever.

The filing of Plaintiff's disqualification motions and supporting affidavits should have automatically stayed all proceedings pending a meaningful opportunity to be heard on the threshold question of judicial disqualification. Due process demands no less. Rather than afford Plaintiff that basic procedural right, Judge Vratil denied the disqualification motions and simultaneously threatened sanctions against Plaintiff for daring to raise the issue. *Gregory*, ECF No. 82; *Ex rel. Gregory*, ECF No. 89. Judge Vratil then proceeded to continue issuing substantive orders in both of the Plaintiff's cases. When the Plaintiff moved to continue the March 26, 2026 hearing and to stay proceedings to allow the Plaintiff to petition for a writ of mandamus (which is the proper procedural mechanism to review a judge's refusal to disqualify himself or herself under 28 U.S.C. § 455), Judge Vratil denied the motion through a written order as well as statements made on the record at the March 26, 2026 hearing. *Gregory*, ECF Nos. 69, 86 and 91 (TR, p. 3:13-4:24). Mandamus relief is necessary in this case to address not only

Chief Judge Holmes's direct assignment of the Plaintiff's cases to Judge Vratil but to also address the 10th Circuit Judicial Council's refusal to disclose its membership and to directly refer the Plaintiff's related judicial misconduct complaints either to an alternate circuit's judicial council under 10th Cir. JCR 26 or to the Judicial Conference of the United States under 28 U.S.C. § 345(b)(I).

As part of its pattern of disparate treatment, this Court imposed unreasonable and unrealistic filing deadlines—including giving Plaintiff only four days to respond to Defendants' 39-page Motion to Dismiss. This Court's willingness to overlook Defendants' gross violation of the applicable page limits[1] and its simultaneous receptiveness to Defendants' request to exceed this Court's own 5-page reply limit—a limit this Court chose to impose,[2] is only the most recent manifestation of a clear pattern: one set of rules for Defendants, and a deliberately harsher set of rules for Plaintiff. A reasonable observer could not conclude otherwise.

---

[1] U.S. District Judges Regina M. Rodriguez, Charlotte N. Sweeney, Nina Y. Wang, Gordon P. Gallagher, and S. Kato Crews have collectively adopted uniform Civil Practice Standards that recognize a 15-page limit for non-summary judgment motions (including motions to dismiss according to F.R.C.P. 12). Uniform Civ. Practice Standard 10.1(c). Through its "Order," ECF No. 89, entered on March 27, 2026, this Court has expressly adopted the same standard and 15-page limit for motions and responses. Nevertheless, this Court allowed and the Defendants proceeded to file a 39-page Motion to Dismiss. ECF No. 59. The response that the Plaintiff has filed conforms to the 15-page limit for response briefs provided under both Uniform Civ. Practice Standard 10.1(c) and this Court's "Order," ECF No. 89.

[2] Uniform Civ. Practice Standard 10.1(c) applies a 10-page limit to reply briefs. Through its March 27, 2026 "Order," this Court has departed from Standard 10.1(c) by requiring a 5-page limit for reply briefs. The Defendants' "Motion to Exceed Page Limitation for Defendants' Reply in Support of Their Motion to Dismiss, ECF No. 59," seeks a one-off 10-page limit for this reply (rather than a request for this Court to conform its "Order" to Uniform Civ. Practice Standard 10.1(c)). The Defendants do not address how it is fair to allow them to file whatever length of motion they like, to hold the Plaintiff to page limits in response, and, then, to allow the Defendant's extended briefing in reply.

The Plaintiff renews his previous motion to continue and stay proceedings in this case to allow the Plaintiff a reasonable opportunity to petition the United States Supreme Court for mandamus relief requiring the recusal of the 10th Circuit Judicial Council, Chief Circuit Judge Jerome A. Holmes, former-Chief District Judge Philip A. Brimmer, current-Chief District Judge Daniel D. Domenico, District Judge Kathyrn A. Vratil, and Magistrate Judge Gwynne E. Birzer from further hearing of *Gregory*, *Ex rel. Gregory*, and Plaintiff's related judicial and attorney discipline complaints.

## QUESTION PRESENTED

> Whether proceedings in this case should be stayed pending an opportunity for the Plaintiff to seek review of the non-disqualification of the 10th Circuit Judicial Council, 10th Circuit Chief Judge Jerome A. Holmes, former District of Colorado Chief Judge Philip A. Brimmer, current District of Colorado Chief Judge Daniel D. Domenico, Senior District Judge Kathyrn A. Vratil, and Magistrate Judge Gwynne E. Birzer by filing a petition for mandamus with the United States Supreme Court.

## BACKGROUND

Plaintiff's Complaint expressly raised grounds for the disqualification of various judicial officers from the assignment of this case. Specifically, the Complaint averred grounds for District Judge Daniel D. Domenico's disqualification due to personal bias and prejudice. Nevertheless, the Plaintiff's ability to prosecute this case and enforce the Defendants' obligations to respond to its merits was delayed for over seven months by Judge Domenico accepting the case assignment and persisting in his refusal to recuse himself. It was only after the Plaintiff filed his "Affidavit of Judicial Bias or Prejudice According to 28 U.S.C. § 144 and Certificate of Counsel," ECF No. 26 followed by additional judicial misconduct complaints against Judge Domenico and 10th Circuit Chief Judge Jerome B. Holmes, ECF No. 31-3, did Judge Domenico finally recuse himself from *Gregory* and *Ex rel. Gregory*. When he recused himself, however,

Judge Domenico maintained his order restricting public access to ECF No. 26. Consequently, the public remains unaware of the basis for Judge Domenico's disqualification and the Plaintiff's allegations of additional judicial, attorney, and official misconduct committed by the Defendants and others.

Through his 28 U.S.C. § 144 Affidavit and the complaints against Judge Domenico and Circuit Chief Judge Holmes that ultimately caused Judge Domenico's recusal, the Plaintiff expressly requested the conflict-free reassignment of *Gregory* and *Ex rel. Gregory* through the temporary appointment of a Circuit Chief Judge and/or Circuit Justice to facilitate the selection of a District Judge from outside the 10th Circuit under 28 U.S.C. § 292(d). As quoted in response to Judge Vratil's prior order to show cause why Plaintiff should not be sanctioned for raising the issue of judicial disqualification, ECF No. 82, Plaintiff's 28 U.S.C. § 144 Affidavit states, in relevant part:

> Integrity in the disqualification process and in the completeness of judicial disclosures of the grounds for disqualification is particularly important because the process of randomly assigning cases within the District is generally required to establish the public interest and/or necessity before the assignment of a case to a judge from outside the District or the 10th Circuit is considered. *See* 28 U.S.C. § 292(b) (Chief Circuit Judge authorized to temporarily assign district judges within circuit between districts "in the public interest"), (d) (Chief Justice authorized to temporarily assign district judges from alternative circuits upon "certificate of necessity" presented by receiving circuit's Chief Circuit Judge or assigned Circuit Justice); *see also Marshall v. Bacon*, 24-2076, 2025 WL 369436, at *8 (10th Cir. Feb. 3, 2025) (only Chief Circuit Judge authorized to temporarily reassign district judges within circuit).
>
> It is concerning in the present case that Chief Circuit Judge Jerome A. Holmes was aware of the extraordinary circumstances involved yet has not ordered the temporary assignment of a conflict free district judge within the Circuit or submitted a certificate of

necessity to have a district judge from another circuit temporarily assigned. Chief Circuit Judge Holmes further ignored Affiant's request to have the related judicial discipline complaint against Judge Domenico heard by an alternate Judicial Council according to 10th Cir. JCR 26.

The present case is further complicated by the fact that Associate U.S. Supreme Court Justice Neil Gorsuch is the assigned Circuit Justice for the 10th Circuit. Justice Gorsuch and Judge Domenico have close personal connections through their mutual membership in the Federalist Society as well as their mutual past work as adjunct faculty at the University of Colorado School of Law. *Compare* https://fedsoc.org/bio/neil-gorsuch *and* https://fedsoc.org/bio/danieldomenico.

In order to avoid reassignment of this case to another district judge with personal bias or prejudice against Affiant and in favor of one of Defendants, it is necessary for Chief Judge Philip A. Brimmer (through direct communication with U.S. Supreme Court Chief Justice John Roberts and/or the 10th Circuit Executive) to request the temporary assignment of a conflict-free Chief Circuit Judge and Circuit Justice to determine the re-assignment of this case according to 28 U.S.C. § 292(b), (d).

* * *

This Affidavit has been filed in a timely manner, is accompanied by a certificate of counsel attesting to its good faith submission, and is in the form required by 28 U.S.C. § 144. Accordingly, the re-assignment of this matter to a conflict-free district judge is mandatory and should occur automatically without District Judge Daniel D. Domenico proceeding any further. Judge Domenico's disqualification should occur immediately, without any opportunity for the Defendants to file a response or to otherwise litigate this Affidavit and further delay reassignment of this case. The extraordinary circumstances presented through the present proceedings also support District Court Chief Judge Philip A. Brimmer requesting, through U.S. Supreme Court Chief Justice John Roberts, the temporary assignment of an alternate 10th Circuit Chief Judge and an alternate 10th Circuit Justice to assign a conflict-free district judge from an alternate circuit to hear this case. *See* 28 U.S.C. $ 292(d). *Gregory*, ECF No. 26, p. 3 fn. 1, p. 36.

Moreover, the Plaintiff's subsequent judicial misconduct complaints against Chief Judge Holmes and Judge Domenico stated, in relevant part:

> "In the public interest," Chief Circuit Judge Holmes has the authority under 28 U.S.C. § 292(a) to reassign the underlying cases to a district judge from another district within the 10th Circuit. Judge Holmes refused to exercise this authority. Moreover, under 28 U.S.C. § 292(d), Chief Circuit Judge Holmes has discretion to submit a "certificate of necessity" to request that Chief Justice John Roberts reassign the underlying cases to a district judge from outside of the 10th Circuit. Judge Holmes, has likewise, refused to exercise this discretion and/or to disqualify himself from exercising his authority and discretion under 28 U.S.C. § 292(a), (d). For reasons that also remain unclear, Chief Circuit Judge Holmes and the 10th Circuit Judicial Council have not requested that Chief Justice John Roberts transfer Judicial Complaint Nos. 10-25-90048 and 10-25-90070 to another judicial council as allowed under 10th Cir. JCR 26. *Gregory*, ECF No. 31-3, pp. 8-9, pp. 18-19.

Despite the Plaintiff's prospective objections to the potential conflicted assignment of *Gregory* and *Ex rel. Gregory* being repeatedly made on the record, the cases were first re-submitted for random assignment within the District of Colorado. Then, only after Plaintiff successfully obtained entry of default against all Defendants, did then-Chief District Judge Brimmer and Chief Circuit Judge Holmes coordinate the direct appointment of Senior District Judge Kathyrn A. Vratil and Magistrate Judge Gwynne E. Birzer from the District of Kansas. The timing is not coincidental: the direct appointment occurred immediately after Plaintiff obtained a litigation advantage. No reasonable, informed observer could view this sequence of events without questioning the impartiality of the involved judges and whether they have coordinated to engineer predetermined outcomes in *Gregory* and in *Ex rel. Gregory*.

Moreover, the manner in which these direct appointments happened was concealed from the Plaintiff and only discovered after the publication of a news report ostensibly adverse to the Plaintiff's professional reputation. Michael Karlik, *Federal Judge to Consider Sanctioning Ex-Colorado Judicial Discipline Director*, COLORADO POLITICS, March 19, 2026. The Plaintiff maintains that it was judicial and attorney misconduct for then-Chief Judge Brimmer, now-Chief Judge Domenico, Chief Judge Holmes, Judge Vratil, Magistrate Judge Birzer, and any of the attorneys in this case who were aware of Chief Judge Holmes's direct appointment of Judge Vratil to conceal the nature of the appointment from the Plaintiff.

The record of inequitable treatment is further evidenced by Judge Vratil's wholesale disregard of the District of Colorado's Local Civil Rules whenever doing so disadvantaged Plaintiff. Judge Vratil permitted the Defendants to file their 39-page Motion to Dismiss (which did not conform) to *Gregory* to allow only 14-days for a response and 7-days for a reply. At the March 26, 2026 hearing, Judge Vratil then imposed a patently unreasonable four-day deadline for Plaintiff to respond to Defendants' 39-page Motion to Dismiss—a motion that Defendants were themselves permitted to file in gross excess of applicable page limits. ECF No. 91 (TR, p. 41:17-20). A court may not selectively suspend its own rules to benefit one party while holding the opposing party to strict compliance. That manipulation of the Local Civil Rules, standing alone, is sufficient cause for this Court to refrain from dismissing this case on procedural grounds of its own making.

As Plaintiff has documented, the expedited scheduling of the March 26, 2026 hearing without a pre-hearing management order deprived Plaintiff of his fundamental due process rights: the right to cross-examine witnesses, present testimony, and receive effective assistance

of counsel. *Pointer v. Texas*, 380 U.S. 400, 405 (2005). By denying Plaintiff reasonable advance notice, Judge Vratil made compliance with D.C.COLO.LCivR 45.1's 7-day subpoena requirement a practical impossibility. A hearing conducted under these conditions cannot serve as a legitimate basis for dismissal.

Following this Court's March 26, 2026 hearing, there have been collateral events that further support this court's disqualification and the disqualification of the U.S. Court of Appeals for the 10th Circuit with referral of parallel judicial discipline proceedings to the Judicial Conference of the United States. Specifically, as disclosed in Exhibit 1 to the Plaintiff's 28 U.S.C. § 455(b)(1) Affidavit supporting this Court's disqualification, judicial discipline complaints regarding Colorado Supreme Court Justice Richard L. Gabriel's selection for the 2024 American Inns of Court 10th Circuit Professionalism Award were submitted to various Circuits (the 2nd, 3rd, 5th, 9th, and 10th Circuits). ECF No. 79-1, p. 7. The Plaintiff's judicial discipline complaints all requested the transfer of judicial discipline proceedings to a neutral circuit or, alternatively, the direct referral to the Judicial Conference according to 28 U.S.C. § 354(b)(1). *Id.* The 10th Circuit, through Circuit Judge Harris L. Hartz, responded by denying the request to transfer proceedings to an alternate circuit under 10th Cir. JCR 26. ECF No. 92-1. Judge Hartz's order has further prevented the filing of the Plaintiff's additional judicial discipline complaints by holding them in "abeyance" pending resolution of proceedings before this Court. ECF No. 92-1, p. 6 (5). After being threatened for internally circulating his letter (also filed with this Court, ECF No. 79-8) reporting alleged judicial and attorney misconduct related to Justice Gabriel receiving the 2024 AIC 10th Circuit Professionalism Award, the Plaintiff circulated the letter to the approximately 550 Colorado members of the American Inns of Court. As expected,

members of the Minoru Yasui American Inn of Court's Executive Committee then proceeded to retaliate by barring the Plaintiff from serving on the Executive Committee for the 2026-27 year. A new attorney discipline complaint being filed concurrently with this Response is included as Exhibit 1. The attorney discipline complaint further describes how related attorney discipline complaints will also be filed with the 3rd, 4th, 5th, and 8th Circuits. The attorney discipline complaints all request the transfer of the underlying judicial discipline complaints to the Judicial Conference prior to resolution of attorney discipline proceedings.

This Court should also be aware that a joint resolution was introduced in the Colorado General Assembly this morning to formally refer the Colorado Judicial Scandal and the issues involved in *Gregory* and *Ex rel. Gregory* to conflict-free federal law enforcement with the appointment of another state's attorney general to impartially represent the interests of the State of Colorado. *See* ECF Nos. 92-5 and 92-7.

**ANALYSIS**

> Plaintiff has raised well-documented and legally sufficient grounds for the disqualification of this Court and the 10th Circuit Court of Appeals from further hearing of *Gregory*, *Ex rel. Gregory*, and related judicial and attorney discipline complaints. As a matter of due process, the Plaintiff should be allowed a reasonable opportunity to petition the United States Supreme Court for mandamus relief.

Plaintiff has properly raised grounds for judicial disqualification and disqualification of counsel. Instead of affording Plaintiff a fair hearing on that threshold issue, this Court has: (1) set aside the default previously entered against Defendants; (2) denied Plaintiff's disqualification motions and threatened sanctions for raising them; and (3) selectively departed from the District of Colorado's Local Civil Rules and Uniform Practice Standards in ways that only disadvantage Plaintiff. These actions, taken together, reflect a pattern of predetermined outcomes rather than

impartial adjudication. Plaintiff has an absolute right to seek mandamus review of this Court's refusal to disqualify itself, and he must be given a fair opportunity to do so.

Virtually every federal circuit has recognized that a petition for a writ of mandamus is the proper, and often the only, means of seeking interlocutory review of a district judge's denial of a recusal motion. A summary of the history of this principle is discussed in *In re Sch. Asbestos Litig.*, 977 F.2d 764, 774-78 (3d Cir. 1992), *as amended* (Oct. 8, 1992). As the Third Circuit explained:

> Moreover, we believe section 455 reflects Congress's view that the adjudication of a case by a judge with an actual *or* apparent bias is an "abuse of judicial power," *Roche,* 319 U.S. at 31, 63 S.Ct. at 944, because it is a threat to the integrity of the judicial system. Interlocutory review of disqualification issues on petitions for mandamus is both necessary and appropriate to ensure that judges do not adjudicate cases that they have no statutory power to hear, and virtually every circuit has so held.

As was the practice of the trial judge in *In re Sch. Asbestos Litig.*, it is appropriate for this court to afford the Plaintiff time to immediately proceed with filing a petition for writ of mandamus and to stay proceedings pending a decision on the petition. 977 F.2d at 772 (describing trial judge's decision to stay proceedings pending consideration of petition for mandamus). The principle case in the 10th Circuit on judicial disqualification, also recognizes mandamus as the "appropriate vehicle by which to challenge a district court's denial of a recusal motion." *Nichols v. Alley*, 71 F.3d 347, 350 (10th Cir. 1995).

In her "Memorandum and Order and Order to Show Cause," ECF No. 82, p. 6, Judge Vratil relies upon *Nichols* as a basis for her non-disqualification. The Court's reliance upon *Nichols* is misplaced. The case involved the ultimate disqualification of U.S. District Judge Wayne Alley from the Oklahoma City Bombing Cases according to 28 U.S.C. § 455(a).

Critically, before the District Court, the U.S. Attorney's argued that 28 U.S.C. § 455 did not require Judge Alley's recusal but that he should voluntarily recuse himself to avoid potential complications on appeal. When Judge Alley denied the request for his recusal, it was necessary for defendant Terry Nichols to seek relief through a petition for mandamus. Judge Alley granted the request to allow time for the petition to be filed and heard. As is relevant to this case, on appeal the U.S. Attorney's Office (which included then Assistant U.S. Attorney Jerome A. Holmes) reversed the position taken by trial counsel and opposed the petition for Judge Alley's recusal. The court file from *Nichols*, obtained through the National Archives, is appended to provide the Court and the Defendants with the full context of the issues that were argued through *Nichols's* petition for mandamus. Exhibit 2.

## CONCLUSION

This Court has erroneously denied Plaintiff's Motion for Judicial Disqualification, ECF No. 78, in violation of the mandatory recusal standards of 28 U.S.C. § 455. By simultaneously denying that motion and threatening sanctions for bringing it, while imposing a four-day deadline to oppose a 39-page motion, this Court has denied Plaintiff the most basic procedural due process. The appropriate remedy is clear: this Court must stay these proceedings and allow Plaintiff a reasonable opportunity to petition the United States Supreme Court for mandamus relief. Dismissal of this case before that petition can be heard would compound the due process violation and produce an unjust, unreviewable result. It is equally improper to permit Defendants to file extended reply briefing while this Court's disqualification remains unresolved—no further substantive proceedings should occur until the threshold question of judicial impartiality is properly resolved.

Plaintiff respectfully requests that this Court GRANT a stay of all proceedings in this matter and in *Ex rel. Gregory* for 60-days to allow the Plaintiff a reasonable opportunity to petition the United States Supreme Court for a writ of mandamus.

Dated: April 13, 2026

/s/ Ingrid J. DeFranco
**Ingrid J. DeFranco, esq.**
Law Office of Ingrid J. DeFranco, PLLC
P.O. Box 128
Brighton, CO 80601
Telephone: (303) 641-6812
Email: Ingrid.DeFranco@gmail.com
Attorney for Plaintiff Christopher S.P. Gregory

/s/ Christopher S.P. Gregory
**Christopher S.P. Gregory, Esq.**
The Gregory Law Firm, LLC
201 Coffman St., #1822
Longmont, CO 80502
Telephone: (970) 648-0642
E-mail: cspgregory@thegregorylawfirm.net
*Pro Se* Attorney for Plaintiff
Christopher S.P. Gregory

**CERTIFICATE OF SERVICE**

I certify that on April 13, 2026, I filed the above filing via email to the Clerk of the Court, who will docket it in CM/ECF. CM/ECF will send notification of this filing to any party who has entered an appearance in this matter to the e-mail addresses provided in CM/ECF.

/s/ Ingrid J. DeFranco
Ingrid J. DeFranco