**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Attorney Complaint No(s).:

CHRISTOPHER S.P. GREGORY,

Complainant,

v.

RICHARD GABRIEL,
DEANELL REECE TACHA,
CRAIG R. WELLING,
MARILYN S. CHAPPELL,
WILLIAM D. HAUPTMAN,
W. ERIC KUHN, AND
SARA L. MENTON.

Respondent(s).

---

**ATTORNEY MISCONDUCT COMPLAINT;**
**EXHIBITS 1-8**

---

Justice Richard L. Gabriel of the Colorado Supreme Court engaged in serious judicial, attorney, and official misconduct, including the Colorado Supreme Court's collective approval of a $2.66-$2.75 million publicly-funded payment that the Complainant alleges constituted a bribe. With knowledge of these documented grounds for concern, Justice Gabriel and the other attorneys named in this Complaint conspired to conceal the misconduct. The cover-up took the specific form of Justice Gabriel's self-serving campaign to obtain the 2024 American Inns of Court (AIC) 10th Circuit Professionalism Award with former 10th Circuit Chief Judge Deanell Reece Tacha and the other members of the AIC Awards Committee selecting Justice Gabriel notwithstanding Complainant's submission of newspaper articles and other documentary

PLAINTIFF'S
EXHIBIT
1

materials raising serious doubts about Justice Gabriel's integrity. At the suggestion of AIC staff, Complainant also nominated an alternate candidate, U.S. Senior District Judge John L. Kane, whose qualifications were beyond reproach—including his founding of Colorado's first Inn of Court, the William E. Doyle Inn. Despite receiving this information, the awards committee selected Justice Gabriel over Judge Kane with full knowledge of the publicly documented allegations of serious misconduct against Justice Gabriel.

When Complainant subsequently re-asserted his objections through the Minoru Yasui American Inn of Court—of which both Complainant and Justice Gabriel are members—the Inn's Executive Committee retaliated against him.. Specifically, Executive Committee members Craig Welling, Marilyn Chappell, William Hauptman, Eric Kuhn, and Sara Menton threatened to expel Complainant from the Inn and, ultimately, invoked the Inn's internal procedures to bar Complainant from continuing in his current roles on the Executive Committee for the 2026-27 year, while simultaneously allowing Justice Gabriel to remain in good standing.[1] This unlawful retaliation against Complainant for exercising his 1st Amendment and Colo. Const. Art. II, § 10 rights and his duty to report official misconduct was carried out over Complainant's express objections. It continued even after Complainant distributed the letter he had submitted to the Executive Committee directly to the approximately 550 Colorado members of the American Inns of Court and to the AIC's Executive Director Joseph Berger.[2] Based on the foregoing, the Complainant asserts that Respondents have collectively violated Colo. RPC 1.7(a)(2), 1.13, 3.3,

[1] Copies of the relevant email correspondence which can be further corroborated by the minutes of the Yasui Inn of Court's April 9, 2026 Executive Committee meeting are attached as Exhibit 1.

[2] Complainant's mass email without attachments is provided as Exhibit 2.

3.4, 3.5, 4.1, 6.4, 8.3, and 8.4(a-1), (b)-(d), (f), (h) and, collaterally, Canon Rules 1.1, 1.2, 1.3, 2.2, 2.3, 2.5, 2.6, 2.13, 2.15, 2.16, 3.1, and 4.1 of the Colorado Code of Judicial Conduct (the Colorado Code). Through her participation on the 2024 AIC Awards Committee, former 10th Circuit Chief Judge Deanell Reece Tacha is separately implicated for knowingly assisting the federal judges on that committee violate Canon 1, Canon 2(A)-(B), and Canon 3(A)(6), (B)(4) and (B)(6) of the Code of Conduct for United States Judges (the "federal Code").

As context for the violations of the federal Code, the Colorado Code, and the Colorado Rules of Professional Conduct alleged herein, Complainant submits the following accompanying and supplemental documents:

- "Affidavit of Judicial Bias or Prejudice According to 28 U.S.C. § 144 and Certificate of Counsel; Exhibits 1-11," *Gregory v. Colo. Jud. Discipline Rulemaking Comm., et al.*, 1:25-03361—KHV-GEB (D. Colo.), ECF No. 26; Exhibit 3;

- "Affidavit of Judicial Bias or Prejudice According to 28 U.S.C. § 455(b)(1) and Certificate of Counsel; Exhibits 1-9," *Gregory*, ECF No. 79; Exhibit 4;

- Response to Order to Show Cause—ECF No. 82, *Gregory*, ECF No. 92, Exhibit 5;

- Selected correspondence between Christopher S.P. Gregory and the 10th Circuit Executive, Exhibit 6;

- Judicial discipline complaints and subsequent correspondence filed with the 2nd, 3rd, 5th, and 9th Circuits, Exhibit 7 and

- Attorney discipline complaints concurrently filed in the 3rd, 4th, 5th, 8th, and Federal Circuits and the U.S. District Court for the District of Colorado's Committee on Conduct (with selected attachments), Exhibit 8.

Complainant has repeatedly requested that the 10th Circuit Judicial Council transfer the related judicial discipline proceedings to an alternate circuit's judicial council pursuant to 10th Cir. JCR 26, and has more recently requested that those proceedings be referred directly to the

Judicial Conference of the United States. The 10th Circuit Judicial Council has refused both requests while simultaneously concealing its membership roster from Complainant.[3]

This attorney misconduct complaint follows a previous complaint docketed by this Court's Committee on Conduct as *Gregory v. Maria Berkenkotter, et al.*, Complaint No. 25-cc-3. Although there is an overlapping factual basis, the present complaint arises from a separate and additional set of facts. Accordingly, Complainant requests that this Committee accept the present complaint as a new matter assigned a separate complaint number, but further requests that the Committee consolidate consideration of both complaints so as to make use of the information and evidence already in its possession.

The attorneys involved include, but are not limited to, the following individuals, each admitted to practice before this Court, the U.S. Court of Appeals for the 10th Circuit, or both:

- Richard Gabriel (D. Colo. Atty. Reg. # 682419; admitted to 10th Circuit),
- Deanell Reece Tacha (Admitted to 10th Circuit),
- Craig R. Welling (D. Colo. Atty Reg. # 824263; admitted to the 10th Circuit),
- Marilyn S. Chappell (D. Colo. Atty. Reg. # 584802; admitted to the 10th Circuit)
- William D. Hauptman (D. Colo. Atty. Reg. # 2440982; admitted to the 10th Circuit)
- W. Eric Kuhn (D. Colo. Atty. Reg. # 2116671; admitted to the 10th Circuit)
- Sara L. Menton (D. Colo. Atty. Reg. #2485180; admitted to the 10th Circuit)

The present attorney discipline complaint is brought alongside judicial discipline complaints filed in the 2nd, 3rd, 5th, 9th, and 10th Circuits as well as parallel attorney discipline complaints being concurrently filed in the 3rd, 4th, 5th, 8th, and Federal Circuits. Rather than

[3] A letter sent by Complainant to Chief Justice Roberts's Chambers requesting disclosure of the 10th Circuit Judicial Council's roster and describing the circumstances making the request necessary is included in *Gregory*, ECF No. 79-7, p. 8.

repeat the allegations set forth in those parallel attorney discipline complaints, Complainant incorporates them by reference. As Complainant has done previously, a copy of this Complaint is concurrently filed with the U.S. Court of Appeals for the 10th Circuit. F.R.A.P. 46(c); 10th Cir. R. Add. III, § 6.2 (permitting grounds for discipline to be brought to the Clerk of Court's attention "by complaint, grievance, or otherwise").

After filing his judicial discipline complaints related to Justice Gabriel's selection for the 2024 AIC 10th Circuit Professionalism Award, Complainant learned that Justice Gabriel had continued his self-promotional efforts by seeking membership on the 2025-2026 AIC Board of Trustees. Justice Gabriel now serves on that board alongside other members of the 2024 AIC Awards Committee: AIC President Consuelo Callahan, AIC Vice President Cheryl Ann Krause, AIC Treasurer Kim Askew, and AIC Board Member Thomas C. Leighton.[4] Circuit Judge and AIC Vice President Cheryl Ann Krause is also a current member of the 3rd Circuit's Judicial Council.[5]

As explained in Complaint No. 25-cc-3, Complainant remains concerned about conflicts of interest and external influences that would cause a reasonable person to question the impartiality of these proceedings and that are likely to adversely affect their outcome.[6]

---

[4] *Roster available at* https://www.innsofcourt.org/AIC/About_Us/Our_Board_of_Trustees/AIC/AIC_About_Us/Board_of_Trustees.aspx?hkey=4ef74d17-80ef-4426-9f90-29c4ca0c993b.

[5] *Roster available at* https://www.ca3.uscourts.gov/judicial-council-third-circuit.

[6] A former member of this Court's Committee on Conduct, John F. Walsh III, was directly involved in the attorney misconduct alleged in Complaint No. 25-cc-3. A current member of this Court's Committee on Conduct, Kathyrn Stimson, is, likewise, a material witness as to the allegations of misconduct asserted through Complaint No. 25-cc-3. There are also acknowledged grounds for the disqualification of this Court's entire Disciplinary Panel, including former-Chief District Court Judge Philip Brimmer and Brimmer's replacement,

Accordingly, Complainant respectfully requests that this Court and the U.S. Court of Appeals for the 10th Circuit identify and address both apparent and actual conflicts of interest with respect to Chief District Judge Daniel D. Domenico, Chief Circuit Judge Jerome A. Holmes, the membership of this Court's Disciplinary Panel, this Court's Committee on Conduct, the 10th Circuit's Disciplinary Panel, and the undisclosed membership of the 10th Circuit's Judicial Council. D.C.COLO.LAttyR 6(a), (d); *see also* D.C.COLO.LAttyR 7(h) (conflict mechanism for complaints against sitting members of the Committee on Conduct); 10th Cir. R. Add. III, § 4.3 (Chief Judge or designee authorized to appoint Disciplinary Panel); *cf.* 10th Cir. JCD Rules 25 (disqualification) and 26 (transfer to another Judicial Council); 28 U.S.C. § 345(b)(I) (allowing direct referral of judicial misconduct complaints to the Judicial Conference). The issues raised through this Complaint and previously filed Complaint No. 25-cc-3 are sufficiently important and cross-jurisdictional to require consolidation, with further consideration by this Court's Committee on Conduct to follow once the preliminary issues of judicial misconduct are resolved.

Attorneys admitted to practice before this Court are required to abide by the standards of professional conduct established under the Colorado Rules of Professional Conduct. Under the Colo. RPC, the Colorado Code, and the federal Code, both judges and attorneys are required to report judicial or attorney misconduct and to take "appropriate action." Colo. RPC. 8.3; Canon Rules 1.1, 1.2, 1.3, 2.2, 2.3, 2.5, 2.6, 2.12, 2.15, 2.16 of the Colorado Code; Canons 1, 2(A)-(B),

---

current-Chief District Judge Daniel D. Domenico. Because of his direct involvement in the misconduct alleged in this Complaint, 10th Circuit Court of Appeals Chief Judge Jerome A. Holmes is required to disqualify himself from consideration of this Complaint according to the procedures defined in 10th Cir. R. Add. III, § 4.3, 5.3. Because of circumstances described in in Complaint No. 25-cc-3, it would also be "clearly inappropriate" for the 10th Circuit to appoint the Colorado Office of Attorney Regulation Counsel as disciplinary counsel in this case. 10th Cir. R. Add. III, § 4.4.

and 3(B)(6) of the federal Code. Non-compliance with applicable law—whether criminal, civil, or ethical—independently violates the respective codes of conduct. In proceedings before this Court and the 10th Circuit, violations of professional conduct standards are established by a preponderance of the evidence. D.C.COLO.LAttyR 7(e)(1), (f). As previously noted, neither a criminal conviction nor a criminal charge is a prerequisite to finding violations of Colo. RPC 8.4(a-1), (b)-(d), (f), (h), Canon Rules 1.1 and 1.2 of the Colorado Code, or Canon 2(A) of the federal Code.

**WHEREFORE**, Complainant respectfully requests that this Court, through a conflict-free Disciplinary Panel and Committee on Conduct, initiate an investigation and attorney discipline proceedings pursuant to D.C.COLO.LAttyR 7. Complainant concurrently requests that the U.S. Court of Appeals for the 10th Circuit initiate attorney discipline proceedings under 10th Cir. R. Add. III. Given the cross-jurisdictional scope and the combined issues of attorney and judicial misconduct involved, it is appropriate to consolidate all filed complaints for initial and direct consideration by the Judicial Conference of the United States, with further consideration by this Court's Committee on Conduct to follow once the preliminary issues of judicial misconduct are resolved. Breyer Committee Report, 239 F.R.D. 116, 214-15 (Sept. 2006); 28 U.S.C. § 345(b)(I).[7]

---

[7] The relevant section of the Breyer Report deserves quotation in full:

> Transferring a case to a judge or judges in another circuit or to the Judicial Conference—Our staff has identified eight instances since 1980 in which the Chief Justice designated a circuit judge to handle a complaint in another circuit pursuant to the intercircuit assignment statute. Those eight include two of Chapter 4's high-visibility cases (case C–2 and one of the cases labeled C–12–13–14); in at least one of those two, all the home circuit judges

disqualified themselves from serving as acting chief judge. None of the eight involved intercircuit transfers of judges to serve as special committee or council members.

Transfers should not be a regular occurrence, but some complaints might be better handled by judges outside the circuit. We can see reasons for and against doing so.

Complaints that a circuit might wish to transfer to another circuit include:

• a supported, nonfrivolous complaint against all the active judges of the court of appeals or against the chief judge alone, if all other active judges have recused themselves—in either case, no appellate judge would be available to perform the chief judge's duties under the Act (we say "a supported, nonfrivolous" complaint because, as commentary in the Illustrative Rules recognizes, many multiple-judge complaints are meritless; for those, it is proper for judges to invoke a rule of necessity and dismiss the complaint);

• a complaint, especially a high-visibility complaint, whose local disposition might create a threat to public confidence in the process—the view that judges will go easy on colleagues with whom they dine or socialize;

• a complaint filed in a circuit beset by internal tension tied to the alleged conduct that prompted the complaint; and

• a complaint that challenges the conduct of a judge but also calls into question the policies or governance of the entire court of appeals.

Factors counseling against transfer include:

• outside judges' relative ignorance of local circumstances and personalities might make them less able to gauge what corrective action would be effective and appropriate;

• judges in other circuits may be in a poor position to persuade a judge whom they do not know well to take the action they believe is necessary and will be less able than judges of the home circuit to monitor a resolution they have imposed (the Act's concept of local judges dealing with their colleagues apparently motivated the

Dated: April 13, 2026

/s/ Christopher S.P. Gregory
**Christopher S.P. Gregory, Esq.**
The Gregory Law Firm, LLC
201 Coffman St., #1822
Longmont, CO 80502
Telephone: (970) 648-0642
E-mail: cspgregory@thegregorylawfirm.net
*Pro Se* Attorney Complainant
Christopher S.P. Gregory

---

Judicial Conference's 1997 disapproval of a bill to require that all complaints be referred to another circuit);

• judges from another circuit may not produce the tougher outcomes that transfer proponents anticipate because such judges may be disinclined to go through the emotionally draining work of imposing tough sanctions on judges not of their own circuit; and

• transfers may increase time and expense if there is the need to ship files, arrange witnesses, and handle other matters from a distance.

We leave to others the mechanics of how to effect transfers. Illustrative Rule 18(g) ("Judicial council action where multiple judges are disqualified"), adopted by eight circuit councils, says nothing about intercircuit assignments, but the commentary says "the council might ask the judicial council of another circuit to consider the petition or might ask the Chief Justice to assign the matter to either the judicial council of another circuit or the Judicial Conference Review Committee" (emphasis added). Under this view, if a circuit council concluded that it could not handle a serious complaint, it could simply ask the chief judge and council of another circuit to handle the matter.

***Finally, the compendium should remind councils that 28 U.S.C. § 354(b)(1) authorizes them to refer any complaint to the Judicial Conference for resolution; the Conference would then refer the complaint to its Committee to Review Circuit Council Conduct and Disability Orders.*** (emphasis added).

To the best of my knowledge, I declare under penalty of perjury under the law of Colorado that the foregoing facts and circumstances described in this Complaint are true and correct.

Executed on the 13th day of April 2025 at Longmont, Boulder County, Colorado.

Christopher S.P. Gregory