**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 25-cv-03361-KHV-GEB

CHRISTOPHER S. P. GREGORY,

      Plaintiff,

v.

THE COLORADO JUDICIAL DISCIPLINE RULEMAKING COMMITTEE, et al.,

      Defendants.

---

**REPLY IN SUPPORT OF MOTION TO DISMISS, ECF 59**

---

Plaintiff's Opposition fails to rebut Defendants' numerous bases for dismissal raised in their Motion to Dismiss. The Complaint should be dismissed without leave to amend.

I.    **The Complaint includes no allegations explaining how any named Defendant violated Plaintiff's rights, much less a clearly established right.**

Plaintiff asserts he sufficiently pleaded each Defendant's involvement in his claims, but neither the Complaint nor his Opposition explains how each individual Defendant violated any of *Plaintiff's* rights. For example, Plaintiff alleges the Justice Defendants issued statements, withheld material information, and appointed conflicted officials, and AG Weiser "joined the decision to withhold the Masias Memo," ECF 94 at 2–3,[1] but Plaintiff never explains how these actions harmed him. Plaintiff also asserts Mary Sooter confirmed "the CCJD dismissed [the October 20, 2024 anonymously filed][2] RFE;" Director Sullivan denied his complaint without disclosing what record she provided to the CCRC; and Kirsten Grooms and Gina Cannan, "as assigned counsel to the CJDRC and CCJD, respectively, facilitated the refusal to publish Plaintiff's public comments[.]" *Id.* at 2. These conclusory allegations are unconnected to how any Defendant harmed Plaintiff (and those as to Grooms and Cannan appear nowhere in the Complaint). For the remaining Defendants, Plaintiff alleges they were appointed members of, being considered for membership for, and/or working in various state positions, but he never explains what each Defendant did to Plaintiff or in what capacity they acted. ECF 1, ¶¶ 26–52. In sum, Plaintiff fails to connect the dots between the broad, amorphous conspiracy that he claims and any alleged injury to him. He does not allege any individual Defendant violated his rights,

---

[1] Defendants' page citations are to Plaintiff's page numbers.

[2] Plaintiff's response asserts the CCJD dismissed "Plaintiff's RFE," but the allegation cited by Plaintiff indicates it was "the October 20, 2024 anonymously filed RFE," ECF 1, ¶ 70.

1

much less that such rights were clearly established. *See* ECF 94 at 11–12.

## II.    CSC, CCJD, and CJDRC cannot be sued for injunctive relief.

"Although the *Ex parte Young* doctrine permits suits against officials [in their official capacities], it has no application in suits against the States and their agencies, which are barred [by the Eleventh Amendment] regardless of the relief sought." *Norton v. Ute Indian Tribe of the Uintah & Ouray Reservation*, 862 F.3d 1236, 1251 (10th Cir. 2017) (internal quotation and emphasis omitted). Plaintiff's claims for injunctive relief against CSC, CCJD, and CJDRC fail.

## III.    Director Sullivan and CCJD members and staff have absolute immunity.

Plaintiff argues that neither Director Sullivan nor the CCJD members and staff have absolute immunity because their actions were "not the type generally assigned to" their offices. ECF 94 at 4. Not so. As to CCJD members and staff, Plaintiff admits his claims are based at least in part on their handling of his complaints, *id.* at 5, which is part of their quasi-judicial duties. Although Plaintiff argues they engaged in additional activities that are the basis of his claims, *id.* at 4, the Complaint is pleaded in such a broad manner that it fails to allege a plausible claim based on any other activities. As to Director Sullivan, Plaintiff argues he avoids her immunity by basing his claims on her alleged failure to transmit the record regarding his complaint to the CCRC, instead of her adjudication of his underlying charge of discrimination. *Id*. at 5. This argument fails because Director Sullivan's alleged actions regarding transmitting the record are still squarely within her quasi-judicial duties. Plaintiff's cases speak to conduct wholly separate from any official duty and do not suggest an exception to this absolute immunity. *See, e.g.*, *Forrester v. White*, 484 U.S. 219, 229 (1988) (judge firing a court employee); *Harlow v. Fitzgerald*, 457 U.S. 800, 819 (1982) (presidential aides not entitled to absolute immunity).

2

## IV.    Plaintiff does not have standing to assert generalized grievances.

Plaintiff argues he has standing because all his claims concern personal harms. But his claims assert generalized grievances. For instance, Claim 3 alleges that "even when expressly requested to do so, Defendants . . . refused to perform their official functions, to disqualify themselves, to investigate, or to address judicial misconduct[.]" ECF 1 ¶ 87. Similarly, Claim 5 seeks to "restore the integrity of Colorado's constitutional systems of judicial selection, retention, and discipline," including by "removal of conflicted officials" and "prevent[ing] Governor Jared Polis from making additional conflicted judicial appointments." *Id.* ¶ 93. Plaintiff lacks standing to assert any claims based on such generalized grievances.

## V.    Plaintiff fails to plead a plausible First Amendment claim.

Although Plaintiff argues he is asserting three different First Amendment claims, the Complaint does not include allegations that would support a claim under any theory. First, Plaintiff argues "[t]he Complaint alleges he was fired on January 19, 2024, because of his protected reporting of judicial misconduct," ECF 94 at 6, but all the speech outlined in the Complaint occurred *after* his termination. Second, Plaintiff asserts "Defendants imposed a prior restraint on Plaintiff's participation in the CJDRC rulemaking process by refusing to accept and publish his public comments into the record while accepting others' comments," *id.* at 6–7, but the Complaint includes no well-pleaded allegations that the CJDRC included comments of others. Regardless, Plaintiff was not prevented from submitting comments and speaking at the CJDRC rulemaking hearing, some of his submissions were RFEs that must be kept confidential, and there is no requirement under state law that public comments to a proposed rulemaking be published at all. *See* ECF 59 at 19–20. Finally, Plaintiff asserts Defendants have retaliated

against him for his post-employment speech by engaging in a "coordinated refusal of every oversight body to consider the Plaintiff's complaints or grant disqualification[.]" ECF 94 at 7. The Complaint includes no allegations stating a plausible claim based on such theory. Rather, Plaintiff does not dispute that Defendants received his complaints. Mere disagreement with any Defendant's apparent inaction in response is not a basis for a claim. *See Santa Fe All. for Pub. Health & Safety v. City of Santa Fe*, 993 F.3d 802, 819 (10th Cir. 2021) ("[C]ase law uniformly rejects the contention that the First Amendment guarantees any success when petitioning . . . .").

**VI.     Plaintiff fails to state equal protection or due process claims.**

**Equal protection.** Citing three paragraphs of his Complaint, ¶¶ 71–73, Plaintiff asserts that his "submissions were excluded from the CJDRC record while other participants' submissions were accepted." ECF 94 at 8. None of the cited paragraphs include such allegation. Even if such allegation did exist, it fails to identify any individuals similarly situated to Plaintiff in all material respects and is nothing more than a threadbare allegation of differential treatment insufficient to state a claim. *See Forever Fencing, Inc. v. Bd. of Cnty. Comm'rs*, 2024 WL 3084973, at *9 (10th Cir. 2024) (affirming dismissal of class-of-one claim where plaintiff included only a "threadbare allegation that they were similarly situated to all other [ ] applicants," explaining that dismissal is "appropriate when a plaintiff fails to set out specific examples of similarly situated individuals and differing treatment." (cleaned up)).

**Due process.** Plaintiff again fails to identify whether he is asserting a procedural or substantive due process claim. Regardless, as to Plaintiff's assertion that he has a property interest in his employment as CCJD Executive Director, the Tenth Circuit has consistently held that "'[a]t-will employees lack a property interest in continued employment.'" *Coleman v. Utah*

4

*State Charter Sch. Bd.*, 673 F. App'x 822, 828 (10th Cir. 2016) (quoting *Darr v. Town of Telluride*, 495 F.3d 1243, 1252 (10th Cir. 2007)). The CFCA does not create such a right. While the CFCA provides a cause of action for some instances of retaliation, it does not substantively limit CCJD's discretion concerning Plaintiff's at-will employment and, therefore, does not transform Plaintiff's at-will employment into a protected property interest. *See Butler v. City of Prairie Vill.*, 961 F. Supp. 1470, 1475 (D. Kan. 1997), *aff'd in part, rev'd in part*, 172 F.3d 736 (10th Cir. 1999) (rejecting argument that cases finding that at-will employees have cause of action for wrongful termination create a property interest). Additionally, Plaintiff fails to identify what procedure he was due and did not receive.

As to Plaintiff's assertion that access to an impartial tribunal and receiving a fair hearing are protected property and liberty interests, ECF 94 at 8, Plaintiff was not subject to nor threatened with prosecution, and, thus, cannot show that the composition of or the procedures used at any tribunal or hearing deprived him of a protected interest. *See Doyle v. Okla. Bar Ass'n*, 998 F.2d 1559, 1566 (10th Cir. 1993) ("[A] citizen lacks standing to contest the policies of the prosecuting authority when he himself is neither prosecuted nor threatened with prosecution." (internal quotation omitted)).

## VII.    Plaintiff's conspiracy claims fail.

**Sections 1983, 1985.** "The bare assertion that certain officials 'conspired' is exactly the kind of conclusory statement [courts] are not to consider when assessing a motion to dismiss." *Gowadia v. Stearns*, 596 F. App'x 667, 671 (10th Cir. 2014). Plaintiff's allegations that some Defendants coordinated concerning the Masias Memo fail to show how any defendant conspired to violate *Plaintiff's* rights. Plaintiff's allegation that the CCJD, CJDRC, and CCRD "responded

5

to Mr. Gregory's complaints with uniform, unexplained dismissal," ECF 94 at 10, is similarly

unavailing, because "[p]arallel action . . . or inaction . . . does not necessarily indicate an

agreement to act in concert." *Gowadia*, 596 F. App'x at 671 (quotation omitted). Plaintiff

identifies no allegations showing any agreement among any Defendants to violate his rights.

**Section 1985(2).** "The second part of § 1985(2) applies to conspiracies to obstruct the

course of justice *in state courts*[.]" *Kush v. Rutledge*, 460 U.S. 719, 725 (1983) (emphasis

added). "Quite simply, subsection (2) does not apply to administrative proceedings." *Sims v.

Unified Gov't of Wyandotte Cnty./Kan. City*, 120 F. Supp. 2d 938, 957 (D. Kan. Aug. 14, 2000).

The CCJD is not a court. "Under the Colorado Constitution, the 'judicial power' is vested solely

in the courts." *In re Title, Ballot Title & Submission Clause, & Summary for 1997–1998 # 64*,

960 P.2d 1192, 1199 (Colo. 1998) (quoting Colo. Const. art. VI, § 1)). "The power of the

[CCJD], however, is not derived from this judicial power, but rather has a separate and

independent constitutional basis." *Id.* (citing Colo. Const. art. VI, § 23(3)(e)). "Moreover,

individuals acting in their capacity as Commission members are not 'judicial officers.' The term,

'judicial officer,' is reserved solely for judges." *Id.* (citing *People v. Proffitt*, 865 P.2d 929, 933

(Colo. App. 1993)). Section 1985(2) therefore does not apply to the CCJD.

**Section 1985(3).** "To the extent that § 1985(3) reaches a class-based animus other than

race, it is clear that it applies only to animus based on characteristics—i.e., race, national origin

or gender—which are traditionally part and parcel of discrete and insular minorities." *Cole v.

Sharp*, 898 F. Supp. 799, 802 (D. Kan. Aug. 11, 1995) (internal quotation omitted); *Wilhelm v.

Cont'l Title Co.*, 720 F.2d 1173, 1176 (10th Cir. 1983) (Supreme Court precedent signals "that

the classes covered by § 1985 should not be extended beyond those already expressly provided

6

by the Court."). Therefore, Plaintiff's assertion that a "government whistleblower" is a protected class under § 1985(3) lacks any legal support and does not save his claim.

## VIII.    Plaintiff has no basis for mandamus relief.

Plaintiff's arguments for mandamus relief all fail. He claims he does not rely on the All Writs Act as an independent source of jurisdiction, but Plaintiff has not plausibly pleaded any viable federal claim. *See supra.* Without a separate federal claim conferring jurisdiction on this Court, Plaintiff cannot rely on the All Writs Act to establish this Court's jurisdiction or assert a stand-alone claim. *E.g.*, *Khdir v. Gonzales*, 2007 WL 3308001, at *4 (D. Colo. Nov. 6, 2007). Plaintiff also argues that the All Writs Act simply "supplies the remedy" for his other statutory claims. ECF 94 at 12. But as discussed in Defendants' Motion, the statutes on which Plaintiff bases his federal claims (§§ 1983, 1985, and 1986) do not authorize mandamus as a remedy.

Further, as Plaintiff acknowledges, mandamus cannot be used to compel officials in the exercise of their discretion. But he does not identify any nondiscretionary, ministerial duty Defendants could be compelled to perform. Plaintiff invokes the general principle that Colorado's Constitution creates an "independent judicial discipline process," but that broad principle hardly creates a "ministerial" duty to perform any of the actions Plaintiff requests, such as replacing appointed officials based on a finding that they are conflicted. *Cf.* ECF 94 at 13.

## IX.    Plaintiff's CFCA fails to state a claim and is barred by the CGIA.

**CGIA.** Plaintiff largely does not address Defendants' showing that Plaintiff's claims sound in tort such that the CGIA applies. Instead, Plaintiff argues that similar to *Elder v. Williams*, 477 P.3d 694 (Colo. 2020), which determined that claims under the Colorado Anti-Discrimination Act (CADA) do not and cannot lie in tort, the CFCA "impos[es] a distinctly

statutory obligation outside the CGIA's tort barring reach." ECF 94 at 13-14. But *Elder* recognizes that only claims deriving from "distinctly non-tortious statutorily-imposed dut[ies]" fall outside the CGIA. 477 P.3d at 698. Plaintiff's claims more closely resemble claims under state whistleblower acts, which courts have held *are* subject to the CGIA and its notice requirement. *See, e.g.*, *Bakes v. Denver Health & Hosp. Auth.*, 572 P.3d 146, 151 (Colo. App. 2025) ("Fundamentally, the [Health Care Worker Protection Act, § 8-2-123(2)(a), C.R.S.], and the Whistleblower Act[, §§ 24-50.5-101 to -107, C.R.S.] both protect whistleblowers who make good faith disclosures by prohibiting their employers from disciplining them in retaliation for such disclosures. . . . CADA serves a different purpose. . . .").

Because the CGIA applies, Plaintiff was required to comply with the notice provision. § 24-10-109(1), C.R.S. He did not do so. Amendment cannot cure this defect because Plaintiff's own allegations establish the challenged conduct occurred well outside the 182-day notice period. Any notice filed now would be untimely, and the jurisdictional defect is incurable. *See generally Maestas v. Lujan*, 351 F.3d 1001, 1014 (10th Cir. 2003) (timely compliance with CGIA's notice requirement is a jurisdictional prerequisite to suit).

**Failure to state a claim.** Plaintiff asserts the Masias Contract need not have occurred after the CFCA's enactment because the statute requires that the retaliatory conduct—Plaintiff's termination—occur while the CFCA was in force. ECF 94 at 14. Plaintiff misunderstands CFCA claims. The Masias Contract is the only conduct Plaintiff asserts is a false claim under the CFCA. *Id*. In order to bring a claim for retaliation under the CFCA, a plaintiff must have been engaged in "an effort to stop any violation, or what the individual reasonably believes to be a violation, of section 24-31-1203." C.R.S. § 24-31-1204(8)(b). But the Masias Contract was

8

executed on or before June 3, 2019, and was subsequently canceled in July 2019, ECF 1, ¶¶ 61–62, over two years prior to enactment of the CFCA on August 10, 2022. As such, the Masias Contract was not a false claim under Colorado law when it was executed, much less when it was canceled. Given the linear nature of time, Plaintiff cannot have reasonably believed the then-canceled Masias Contract was a false claim required to state a CFCA retaliation claim, and Plaintiff cannot have been attempting to stop the Masias Contract after it had been canceled.

## X.    Unjust Enrichment

Plaintiff provides no legal or factual support for his unjust enrichment claim and has not alleged facts to plausibly plead the third element of the claim—unjustness. *See Van Zanen v. Qwest Wireless, LLC*, 522 F.3d 1127, 1130 (10th Cir. 2008) (affirming dismissal of unjust enrichment claim where the third element, unjustness, was missing). The circumstances Plaintiff contends are unjust, i.e., the state-provided defense to state employees alleged to have engaged in wrongdoing, are expressly authorized by Colorado law, *see* ECF 59 at 38, and reflect the status quo for civil suits filed against state employees.

## XI.    Plaintiff should not be granted leave to amend.

The Court should reject Plaintiff's request for leave to amend. First, it is an improper request for relief, embedded in an opposition, that does not properly put the issue before this Court. *See Brooks v. Mentor Worldwide, LLC*, 985 F.3d 1272, 1282 (10th Cir. 2021) (affirming denial of leave to amend where plaintiffs included a "one-sentence request at the end of their response to Defendant's motion to dismiss"); *see also* ECF 89 at 3 (providing that "a motion for relief should not be included in a response or reply to the original motion, but must be filed as a separate document"). Plaintiff's failure to file an amendment as of right within twenty-one days

after Defendants filed their motion indicates he either "had no additional facts or [felt he] had stated a claim." *Glenn v. First Nat'l Bank in Grand Junction*, 868 F.2d 368, 370 (10th Cir. 1989) (affirming denial of request for leave to amend included in response to motion to dismiss).

Second, Plaintiff cannot show a basis for leave to amend due to futility, his bad faith and undue delay in litigating this action, and prejudice to Defendants. *See Frank v. U.S. W., Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993). On futility, Plaintiff's opposition shows he is unable to overcome Defendants' arguments for dismissal, and he offers no proposal for how he would amend. On delay and bad faith, Plaintiff only belatedly opposed Defendants' motion to dismiss and instead filed various motions seeking to delay the Court addressing the substance of Plaintiff's claims. *See* ECF Nos. 39, 50, 51, 77–79, 86. He continues to flout this Court's orders, filing papers publicly that refer to events he learned of in his roles with the CCJD and that mention state or federal judges. *See* ECF 97, 97-1. Plaintiff's allegations are baseless, and he admits that he is using his filings collaterally in an attempt to legitimize them. *See* ECF No. 97 at 9-10 (Plaintiff explaining various "collateral events" he took, including filing judicial complaints in five circuits, circulating his allegations of misconduct to 550 members of the American Inns of Court, and attempting to submit a joint resolution to the Colorado General Assembly). Plaintiff's litigation tactics prejudice Defendants in expending resources responding to and reviewing his improper filings, and in Plaintiff's use of this litigation collaterally to publicize his unsupported allegations. Nothing Plaintiff has done suggests he plans to litigate the merits of his claims.

## CONCLUSION

Based on the above, Defendants request that the Court grant Defendants' Motion and dismiss Plaintiff's Complaint without leave to amend.

Respectfully submitted this 16th day of April 2026.

PHILIP J. WEISER
Attorney General

s/Clayton J. Ankney

**Daniel M. Combs**
**Katharine Brown**
First Assistant Attorneys General
**Clayton J. Ankney**
Second Assistant Attorney General
**Nora Q.E. Passamaneck**
Senior Assistant Attorney General
Civil Litigation and Employment Law
Colorado Department of Law
1300 Broadway, 10th Floor
Denver, Colorado  80203
Telephone: 720-508-6000
Emails: Dan.Combs@coag.gov;
Katharine.Brown@coag.gov;
Clayton.Ankney@coag.gov;
Nora.Passamaneck@coag.gov

*Attorneys for Defendants*

11