# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| **CHRISTOPHER S. P. GREGORY,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Case No. 25-3361-KHV-GEB** |
| ) | |
| **THE COLORADO JUDICIAL** ) | |
| **DISIPLINE RULEMAKING** ) | |
| **COMMITTEE, et al.** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

## <u>MEMORANDUM AND ORDER</u>

This matter comes before the Court on Plaintiff's Verified Motion to Disqualify Counsel ("Motion") (ECF No. 50). Plaintiff seeks an order disqualifying the entire Colorado Department of Law/Colorado Attorney General's Office ("COAG") from representing Defendants in this case. After reviewing the parties' briefing, hearing the arguments of counsel, and a through discussion, the Court orally **DENIED** Plaintiff's Motion **(ECF No. 78).** This Order memorializes the Court's rulings from the hearing on Plaintiff's Motion.

## I.    Procedural Background[1]

Plaintiff, a former member and the Executive Director of the Colorado Commission on Judicial Discipline ("CCJD"), filed his Complaint on October 23, 2025. Defendants include: 1) the Colorado Judicial Discipline Rulemaking Committee ("CJDRC"); 2) the CCJD; 3) the Colorado Supreme Court; 4) the Colorado Attorney General and Governor of the State of Colorado, both individually and in their official capacities; and 5) over 30 additional Defendants, including appointed members of the CCJD, employees of the CCJD, Colorado Supreme Court Justices, appointed members of the CJDRC, appointed members of the Colorado Judicial Discipline Adjudicative Board ("CJDAB"), Colorado District Court Judges, Colorado County Court Judges, and directors of Colorado state government divisions, all in their individual capacities.

Plaintiff's claims include interference with the legislative, administrative, and judicial discipline processes in violation of 42 U.S.C. § 1983; conspiracy to interfere with civil rights in violation of 42 U.S.C. § 1985; negligence in preventing the alleged conspiracy in violation of 42 U.S.C. § 1986; retaliation in violation of the Colorado False Claims Act - § 24-31-1204(8); and other claims for equitable relief or reimbursement of the State of Colorado. He alleges certain Defendants covered up financial misconduct of then Chief of State for the State Court Administrator's Office, Mindy Masias and they conspired to suppress his reporting of judicial and other official misconduct. He further

---

[1] Unless otherwise indicated, the information recited in this section is taken from the Complaint (ECF No. 1). This background information should not be construed as judicial findings or factual determinations.

alleges he was terminated from the CCJD for seeking accountability for the alleged misconduct.

Since Plaintiff filed his Complaint in October 2025, this case has struggled to move forward in a substantive way. The parties have been mired in discussions and motion practice related to disqualification of judges. A certain District of Colorado District Judge recused themself,[2] a Senior District Judge exercised his option to have the case reassigned,[3] and a second District Judge granted Plaintiff's Motion to Reassign Case.[4] After the case was reassigned to District Judge Kathryn H. Vratil and referred to the undersigned Magistrate Judge, Plaintiff sought to disqualify the newly assigned judges from the District of Kansas.[5] Both District Judge Vratil and the undersigned denied Plaintiff's motion.[6]

Defendants sought two unopposed Motions for Extension of Time to answer or otherwise respond.[7] The second motion was not ruled on prior to the assignment of Judge Vratil and referral of the undersigned. With the second motion still pending, but admittedly two days after the requested extension of time had run, Plaintiff filed his Application for Entry of Default on February 18, 2026.[8] In response, Defendants filed a Motion to Strike

---

[2] District Judge Regina M. Rodriguez - ECF No. 5.
[3] Senior District Judge R. Brooke Jackson - ECF No. 37.
[4] District Judge Daniel D. Domenico - ECF No. 34 finding Plaintiff's allegations do not create any actual bias or need for recusal under Section 1144 or Section 455(b)(1). But because Plaintiff's allegations include events which took place within the Attorney General's Office while he was a senior member of the office, there was some risk a reasonable person might question his impartiality. Therefore, out of an abundance of caution Judge Domenico recused himself pursuant to Section 455(a).
[5] Motion to Disqualify Judge Pursuant to 28 U.S.C. 455, ECF No. 78.
[6] Orders, ECF Nos. 82 and 83.
[7] ECF Nos. 19 and 27.
[8] ECF No. 39.

the Application for Entry of Default the following day.[9] With the Motion to Strike pending, a Clerk's Entry of Default was entered on February 23, 2026.[10] The Clerk's Entry of Default has since been set aside.[11]

Between the time the Clerk's Entry of Default was entered and when it was set aside, Plaintiff filed the current Motion. Judge Vratil set a hearing to address multiple issues, pled in a flurry of motions, including the current Motion, on March 26, 2026. Defendants filed their response to the Motion on March 23, 2026 and Plaintiff filed his reply on March 25, 2026. Without advising the Court it was forthcoming and during a break in the hearing, Plaintiff filed a fifty page Offer of Proof.[12] The Court found the filing untimely and declined to consider it.[13] Plaintiff, however, as his own counsel was heard on the Motion.

## II.    Plaintiff's Verified Motion to Disqualify Counsel (ECF No. 50)

Plaintiff argues defense counsel of record and the entire COAG must be disqualified from their representation of Defendants for the following reasons: 1) Plaintiff established an attorney-client relationship with Assistant Attorney General Daniel Combs when they met to discuss the appointment of a Special Assistant Attorney General for Plaintiff in *Dees, et al. v. Hood, et al.*, 24-cv-00848-PAB (D. Colo); 2) defense counsel will be necessary witnesses regarding Defendants' Motion to Set Aside Default, an anticipated Motion for Preliminary Injunction, and at trial; 3) the COAG may not represent public employees

---

[9] ECF No. 40.
[10] ECF No. 46.
[11] Courtroom Minutes, ECF No. 90.
[12] ECF No. 87.
[13] Courtroom Minutes, ECF No. 90.

named as Defendants in an action brought under the Colorado Whistleblower Protection

Act ("CWPA"); and 4) it is a conflict of interest for the COAG to use the resources of the

office to defend Attorney General Philip Weiser and the other Defendants in this matter

where Plaintiff alleges public fraud and the COAG has the obligation under state statue to

investigate and prosecute claims of public fraud.

### a.   Legal Standard

The legal standard regarding this issue, although not simple, is well established. A

motion to disqualify counsel lies within the sound discretion of the Court.[14] Plaintiff as the

moving party has the burden to establish the grounds for disqualification.[15] "Motions to

disqualify opposing counsel are generally disfavored."[16] "[C]ourts have historically been

highly cynical of motions to disqualify opposing counsel, noting that such motions are

often dilatory or tactical devices."[17] "Specific facts must be alleged and counsel cannot be

disqualified on the basis of speculation or conjecture."[18]

And, Motions to disqualify counsel in a federal case are substantive motions which

affect the rights of the parties and must be decided by applying federal law.[19] "[A]ttorneys

in federal cases are not only 'bound by the local rules of the court in which they appear,'

---

[14] *Banks v. Jackson*, No. 20-2074-NYW, 2022 WL 1451904, at *9 (D. Colo. May 9, 2022) (citing *Cole v. Ruidoso Mun. Sch.*, 43 F.3d 1373, 1383 (10th Cir. 1994)).
[15] *Id.* (citing *Quark, Inc. v. Power Up Software Corp.,* 812 F. Supp. 178, 179 (D. Colo. 1992)).
[16] *Id.* (collecting cases).
[17] *Id.* (quoting *Fognani v. Young*, 115 P.3d 1268, 1272 (Colo. 2005) (collecting cases)).
[18] *Id.* (quoting *FDIC v. Sierra Res., Inc.*, 682 F. Supp. 1167, 1170 (D. Colo. 1987)).
[19] *Id.* (citing *Helmer v. Goodyear Tire & Rubber Co.,* No. 12-0685-RBJ, 2013 WL 328951, at *3 (D. Colo. Jan. 29, 2013)).

but also by 'the ethical rules announced by the national profession and considered in light of the public interest and the litigants' rights.'"[20] The District of Colorado has "adopted the Colorado Rules of Professional Conduct as its standards of attorney responsibility."[21] "As a general rule, courts do not disqualify an attorney on the grounds of a conflict of interest unless the [ ] client moves for disqualification."[22] "The rationale of this general rule is to prevent the Rules of Professional Conduct from being used as a procedural weapon by opposing parties and thereby subverting the purpose of the rules, which is to protect clients…."[23] "Nevertheless, a motion to disqualify opposing counsel may be granted where 'the interests of the public are so greatly implicated that an apparent conflict of interest may tend to undermine the validity of the proceedings.'"[24]

### b.   Discussion

Plaintiff has gone to great lengths to disqualify the COAG from representing Defendants regarding the issues raised this matter. He has repeatedly sought to have the issues raised herein referred to "conflict-free federal law enforcement" and to have the Colorado General Assembly direct the Colorado State Auditor to appoint an other state's attorney general as a Specially Appointed Attorney General ("SAAG"). His efforts began well before he filed this action and continued through the filing of this Motion. On April

---

[20] *Id.* (quoting *Cole*, 43 F.3d at 1383).
[21] *Id.* (citing see *Cope v. Auto-Owners Ins. Co.,* 437 F. Supp. 3d 890, 894 (D. Colo. 2020)).
[22] *Id.* (quoting *Gates Rubber Co. v. Bando Chem. Indus.,* 855 F. Supp. 330, 334 (D. Colo. 1994) and collecting cases).
[23] *Mercantile Adjustment Bureau LLC v. Flood*, 278 P.3d 348, 353-54 (Co. S. Ct. 2012).
[24] *Banks*, 2022 WL 1451904, at *9. (quoting Kirzhner v. Silverstein, No. 09-2858-CMA, 2010 WL 2998792, at *4 (D. Colo. July 28, 2010)).

28, 2025, Plaintiff raised the issue before a Colorado Senate Judiciary Committee Hearing.[25] He drafted a proposed joint resolution regarding the appointment of a SAAG and testified regarding same at the Joint Judiciary Committee January 21, 2026 SMART Act hearing regarding Colorado Judicial Department presentation; the February 9, 2026 Senate Judiciary Committee confirmation hearing regarding the appointment of former Senator Robert Gardner to the CCJD; and the February 11, 2026 Senate Judiciary Committee hearing regarding SB26-084.[26] On March 4, 2026, Plaintiff made formal complaints to the Colorado Independent Ethics Commission against Assistant Attorneys General and counsel of record in this matter Clayton Ankney, Katherine Brown, and Daniel Comb.[27] Not having success in the other venues, Plaintiff sought relief here.

With defense counsel entered in the case, ongoing discussions between counsel on several issues, and a motion for extension of time to answer or otherwise respond pending, as previously stated, Plaintiff filed his Application for Entry of Default; a Clerk's Entry of Default was entered within a few days; and the day default was entered, defense counsel began to confer with Plaintiff regarding their proposed motion to set aside default.[28] Plaintiff declined to confer regarding the default until they conferred regarding his allegations of conflicts of interest, including the necessity to file the current Motion.[29] Plaintiff indicated his position is the only good cause to set aside the default would be if

---

[25] ECF No. 50, p. 2-3.
[26] ECF No. 50, p. 3, n 2.
[27] ECF No. 50-5, pp. 1-4, 9-12, and 21-24.
[28] ECF No. 50-7, p. 6.
[29] *Id.*, p. 4.

defense counsel were disqualified.[30] Plaintiff's Motion indicates defense counsel refused

to disqualify themselves even after he filed ethics complaints about them with the Colorado

Senate and Independent Ethics Committees.[31] The next statement in his Motion says "[t]he

non-disqualification of Defendants' Counsel is the principal reason for the entry of

default."[32] It is clear to the Court Plaintiff has endeavored to use every tactical device

available to him as leverage to disqualify defense counsel. Nonetheless, the Court will

address each of Plaintiff's arguments in turn.

**i.    Attorney-Client Relationship with Assistant Attorney General Daniel Combs**

Plaintiff was a named defendant in *Dees, et al. v. Hood*, *et al.*, 24-cv-00848-PAB

(D. Colo). He was sued after he was no longer employed by the CCJD, but the allegations

against him related to his official functions as its former Executive Director. Therefore, Mr.

Combs contacted him about arranging representation for Plaintiff in that matter. Plaintiff

alleges during this conversation he told Mr. Combs details regarding his allegations he had

been retaliated against in his position as Executive Director of the CCJD and the current

members of the CCJD were suppressing legitimate grounds for judicial discipline. After

Plaintiff's discussion with Mr. Combs on July 26, 2024, Andrew Ringel of Hall and Evans,

LLC was appointed as a SAAG to represent Plaintiff in *Dees*. Mr. Combs advised Plaintiff

by email on July 29, 2024 he would be arranging representation by a SAAG.[33] Just three

---

[30] *Id.*, p. 3.
[31] ECF No. 50, p. 12.
[32] *Id.*
[33] Motion, ECF No. 50-1, p. 4.

8

days later on August 1, 2024, Mr. Combs advised Plaintiff by email that Mr. Ringel would be acting as SAAG and would be in contact about representing him.

At the March 26th hearing, Plaintiff acknowledged neither Mr. Combs nor anyone from COAG entered an appearance on his behalf in the *Dees* matter.[34] The only other interactions Plaintiff alleges between him and Mr. Combs regarding the *Dees* case relate to his request he have some say in who should be appointed as the SAAG. Based upon the one discussion and limited email correspondence about the appointment of a SAAG, which Plaintiff attaches to his motion,[35] and considering Mr. Ringel represented Plaintiff in the *Dees* matter, as further discussed below the Court finds Plaintiff has not shown that he entered into an attorney-client relationship with Mr. Combs.

"A person who consults with a lawyer about the possibility of forming a client-lawyer relationship with respect to a matter is a prospective client."[36] Defendants argue Plaintiff's communications with Mr. Combs were for the purpose of disqualifying him as counsel. A "person who communicates with a lawyer for the purposes of disqualifying the lawyer is not a "prospective client."[37] The Court disagrees. It does not find the communications between Plaintiff and Mr. Combs were for the purpose of disqualifying Mr. Combs from representing him in *Dees*. Plaintiff must be provided the protections given to a prospective client under Colo. R. Prof. Conduct Rule 1.18. "A lawyer…shall not

---

[34] Transcript, ECF No. 91, p. 16, ll. 14-17.
[35] Motion, ECF No. 50-1, pp. 3-5.
[36] Colo. R. Prof. Conduct Rule 1.18(a).
[37] Rule 1.18, cmt. 2.

represent a client with interest materially adverse to those of a prospective client in the same or substantially related matter…."[38]

The Court takes judicial notice of the Complaint in *Dees*[39] and finds the *Dees* case and the instant case are not the same or substantially related matters. In the *Dees* case, Ms. Dees sued her ex-husband; his current wife; and twenty-four additional defendants, including Mr. Gregory, various judges, law enforcement officers, and personnel from the district attorney's office regarding issues related to her divorce, custody, termination of parental rights, and adoption case, as well as her criminal prosecution. Her claims against Mr. Gregory are related to the CCJD's dismissal of complaints she made against members of the judiciary. Defendants allege "[a]lthough both cases allege conspiracies between the judicial branch and dozens of defendants, the similarities end there.[40] The Court agrees. Mr. Combs is not disqualified from representing Defendants based upon a claim of an attorney-client relationship between he and Plaintiff.

### ii.    Defense counsel will be Necessary Witnesses Regarding Defendants' Motion to Set Aside Default, an Anticipated Motion for Preliminary Injunction, and at Trial

Plaintiff alleges Daniel Combs, Clayton Ankney, and Katharine Brown will collectively be necessary witnesses regarding: 1) the circumstances regarding the entry of the Clerk's Entry of Default at a hearing on the Motion to Set Aside Default; 2) an

---

[38] Colo. R. Prof. Conduct Rule 1.18(c).
[39] *Buhendwa v. Reg'l Transp. Dist.,* 82 F. Supp. 3d 1259, n. 2 (D. Colo. 2015) (District court may take judicial notice of other cases filed in the same court.)
[40] Response, ECF No. 71, p. 9.

anticipated Motion for Preliminary Injunction; and 3) at trial, regarding the amount of damages awardable as reasonable attorney's fees and costs associated with the representation of any individually named Defendants found to be liable; the alleged misconduct of Defendants, including Attorney General Philip Weiser; and counsel's conferral and meetings with Plaintiff regarding the handling of this matter which are allegedly relevant to his retaliation claim. Defendant's Motion to Set Aside Default Judgment has been decided.[41] District Juge Vratil did not require additional evidence, beyond that in the parties' briefing, to decide the motion.[42] No witnesses were called in support of Defendants' motion. Thus, defense counsel were not necessary witnesses regarding the Motion to Set Aside Default. The Court will address the claim defense counsel will be called as a necessary witness in the future.

"Colo. RPC 3.7(a) is directed at the lawyer's courtroom activity, preventing the lawyer from acting as an 'advocate at trial.'"[43] "Before an advocate will be disqualified under Colorado Rule 3.7, it must be 'likely' that the lawyer will be a 'necessary' witness."[44] "It has been held that the advocate's testimony must be necessary, and not merely cumulative, and that the court may delay ruling on a motion to disqualify until it can determine whether another witness can testify."[45] "Thus, a lawyer is a

---

[41] Minute Entry, ECF No. 90, p. 3 (ORDERED: [47] Defendant's Motion to Set Aside the Entry of Default is SUSTAINED. Clerk's Entry of Default [46] is VACATED. Plaintiff shall respond to Defendants' motion to dismiss by April 1, 2026—14 days after the date of its filing.).

[42] Transcript, ECF No. 91, p. 39, ll. 20-25.

[43] *Fognani v. Young*¸ 115 P.3d 1268, 1276 (S. Ct. Colo. 2005).

[44] *World Youth Day, Inc. v. Famous Artists Merchandising Exchange, Inc.,* 866 F.Supp. 1297, 1302 (D. Colo. 1994) (quoting *CBA Ethics Committee Opinion, Formal Opinion No. 78: Disqualification of the Advocate/Witness*, 23 The Colorado Lawyer 2087 (September 1994)).

[45] *Id.*

'necessary' witness if his or her own testimony is relevant, material and unobtainable elsewhere."[46]

Plaintiff has not identified any issues that defense counsel would be called as a witness at an anticipated Motion for Preliminary Injunction, much less proved such testimony relevant, material and unobtainable elsewhere. He has failed to meet his burden that defense counsel would be a necessary witness regarding such a motion should it be filed.

Plaintiff raises three issues which he alleges defense counsel would be necessary witnesses regarding at trial. First, is the amount of damages owed to the State of Colorado for providing legal services to any individual Defendant who is found liable. Colo. R. Prof. Conduct Rule 3.7(a)(2) specifically permits a lawyer to advocate at trial in which he or she is likely to be a necessary witness regarding "the nature and value of legal services rendered in the case." Second, is regarding the alleged misconduct of Defendants, including Attorney General Philip Weiser. Plaintiff provides few specifics. Testimony regarding the Defendant's alleged misconduct is very likely relevant. But Plaintiff has neither shown the generalized areas of testimony are material or unobtainable elsewhere. In fact, Plaintiff admitted during the hearing that where discovery in this matter has not begun, he does not know whether there are other witnesses or documentary evidence on these topics.[47] Third, Plaintiff raises defense counsel's conferral and meetings with him and general handling of this matter. Plaintiff alleges counsel's actions such their position on his Motions to

---

[46] *World Youth Day, Inc.,* 866 F.Supp. at 1302.
[47] Transcript, ECF No. 91, p. 36, ll. 1-25.

Disqualify judges in this matter or as filing a Motion to for Leave to Restrict Plaintiff's

Affidavit of Judicial Bias or Prejudice According to 28 U.S.C. § 144 and Certificate of

Counsel amount to intimidation and censorship which he alleges is relevant to his

retaliation claim. The Court has decided all such motions. Daniel Combs, Clayton Ankney,

and Katharine Brown are not defendants in this case. Plaintiff has not shown counsel's

filing of motions or their position on Plaintiff's motions after his Complaint was filed is

relevant to his claim that Defendants retaliated against him by harassing, wrongfully

terminating, blackballing, or defaming him in violation of the Colorado False Claims Act.

His claims are speculation and counsel cannot be disqualified on the basis of speculation

or conjecture.[48] Plaintiff has failed to meet his burden to prove defense counsel should be

disqualified as necessary witnesses.

> ### iii. Colorado Attorney General may not represent public employees named as Defendants in an action brought under the Colorado Whistleblower Protection Act

Plaintiff alleges C.R.S. § 24-31-101(1)(m) expressly prohibits the Attorney General

from using the resources of his Office to represent the public employees named as

Defendants in this action on any claim against them personally brought pursuant to the

CWPA at C.R.S. § 24-50.5-101, et seq. First and foremost, it must be noted Plaintiff raises

seven claims in this matter none of which is a claim under the CWPA. Plaintiff, in a

footnote indicates he includes a claim for violation of the CWPA in the "parallel and related

---

[48] *Banks v. Jackson*, 2022 WL 1451904, at *9 (quoting *FDIC v. Sierra Res., Inc.*, 682 F. Supp. 1167, 1170 (D. Colo. 1987)).

sealed case" and "with the **possibility** of the refiling of that claim into the present case, the COAG is statutorily prohibited from is continued representation of Defendants."[49] The Court will not disqualify defense counsel based upon this speculation.[50] Plaintiff is warned the Court, while taking into consideration the applicable law, will not look favorably on a motion for leave to amend to add a claim under the CWPA as a further tactic to disqualify defense counsel.

Next, comparing C.R.S. § 24-50.5-101 with C.R.S. § 24-31-1204(8), Plaintiff endeavors to analogize the anti-retaliation provisions of the CWPA and CFCA. Based upon their purported similarity, Plaintiff argues the COAG should be disqualified from representing the individual Defendants on his claims under the CFCA. But regardless of whether the two provisions are analogous, C.R.S. § 24-31-101(1)(m) only prohibits the COAG from representing an employee in the state personnel system in an action brought under § 24-50.5-105, the CWPA. Plaintiff cites no caselaw, and the Court is aware of none, which enlarges the prohibition against the COAG representing employees in the state personnel system in an action brought under the CWPA to such employees in an action brought pursuant to the CFCA. Therefore, the Court will not disqualify defense counsel on this basis.

---

[49] Motion, ECF No. 50, p. 9 (emphasis added).
[50] *Banks v. Jackson*, 2022 WL 1451904, at *9 (quoting *FDIC v. Sierra Res., Inc.,* 682 F. Supp. 1167, 1170 (D. Colo. 1987)).

iv.    **It is a Conflict of Interest for the COAG to use the Resources of the Office to Defend Attorney General Philip Weiser and the Other Defendants in this Matter where Plaintiff Alleges Public Fraud and the COAG has the Obligation under State Statue to Investigate and Prosecute such Claims**

Plaintiff alleges the State of Colorado has no legitimate interest in protecting the individual capacity Defendants from personal liability and damages arising from his legal claims. To the contrary, Plaintiff argues that Attorney General Philip Weiser, as Colorado's chief law enforcement officer, is obligated to investigate and prosecute allegations of civil rights violations, public fraud, false claims, and other forms of official misconduct. Thus, Plaintiff alleges it is a conflict of interest for Attorney General Weiser to use the resources of his office to represent himself, his current and former subordinates, and friends against Plaintiff's claims.

Defendants argue, and the Court agrees, state law requires the COAG to represent the state entity Defendants. The Attorney General "[s]hall act as the chief legal representative of the state and be the legal counsel and advisor of each department, division, office, board, commission, bureau, and agency of state government…."[51] He or she "[s]hall appear for the state and prosecute and defend all actions and proceedings, civil and criminal, in which the state is a party or is interested when required to do so by the governor."[52] Only when "the attorney general is unable, has failed, or refuses to provide

---

[51] C.R.S.. § 24-31-101(1)(a).
[52] C.R.S.. § 24-31-101(1)(b). *See also Anderl v. Dept. of Human Servs*, No. 25CA0117, 2026 WL 965362, at *4 (Colo. App. April 9, 2026) (Finding no "appearance of bias, undermining the integrity of the proceedings" when "Attorney General's office represent[ed] [the Department]

15

legal services to a state agency,…the agency may employ counsel of its choosing to provide such legal services."[53] "Any expense incurred due to the employment of counsel pursuant to this subsection (5) is a lawful charge against appropriations for this purpose made by the general assembly to the department of law."[54] Plaintiff argues the COAG is unable to represent, i.e., provide legal services to the state agencies. He bases this argument on his allegation that he is a concurrent client of AAG Daniel Combs. But as discussed, *supra* in section II(b)(i), the Court finds Plaintiff has neither shown that he entered into an attorney-client relationship with Mr. Combs nor that *Dees* and this case are the same or substantially related matters. Where the Court finds Mr. Combs is not disqualified from representing Defendants based upon a claim of an attorney-client relationship between he and Plaintiff, this is not a basis for finding the COAG is unable to provide legal services to the state agencies which are Defendants herein.

Turning to the individual Defendants, the COAG argues it may represent them in this action because they are covered by the Colorado Governmental Immunity Act ("CGIA") C.R.S. § 24-10-101, et seq. "It is also recognized that public employees, whether elected or appointed, should be provided with protection from unlimited liability so that such public employees are not discouraged from providing the services or functions required by the citizens or from exercising the powers authorized or required by law."[55]

---

while also having received previous complaints from [her] on related issues, raising concerns about impartiality.)

[53] C.R.S. § 24-31-111(5).

[54] *Id.*

[55] C.R.S. § 24-10-102.

"'Public employee' means an officer, employee, servant, or authorized volunteer of the public entity, whether or not compensated, elected, or appointed…."[56] "A public entity shall be liable for: (a) [t]he costs of the defense of any of its public employees, whether such defense is assumed by the public entity or handled by the legal staff of the public entity or by other counsel, in the discretion of the public entity, where the claim against the public employee arises out of injuries sustained from an act or omission of such employee occurring during the performance of his duties and within the scope of his employment, except where such act or omission is willful and wanton."[57] Although Plaintiff's claims against the individual Defendants are made against them individually,[58] they are related to the Defendants' performance of his or her duties within the scope of their employment.[59] Plaintiff's Complaint does not allege the willful or wanton conduct of any Defendant.[60] In the discretion of the Defendant public entities, the representation of the individual Defendants is being undertaken by the COAG. Where the COAG is required under state statute to represent the state entity Defendants, state statute requires a public entity be liable for the costs of the defense of any of its public employees, and where COAG has undertaken the representation of the individual Defendants, in the discretion of their public entity employers, the Court finds it is not a conflict of interest for the COAG to represent Defendants though the COAG is obligated to investigate and prosecute allegations of civil

---

[56] C.R.S. § 24-10-103.

[57] C.R.S. § 24-10-110(a)(a).

[58] Plaintiff's claims against Philip Weiser and Jared Polis are also made against them in the official capacities as the Attorney General and Governor of Colorado, respectively.

[59] *See* Complaint, ECF No. 1, generally.

[60] *Id.*

rights violations, public fraud, false claims, and other forms of official misconduct. Where the Court finds no basis for disqualification of defense counsel of record, there is, of course, no basis to disqualify the COAG office as a whole.

For the reasons discussed during the hearing as set forth above, **IT IS THEREFORE ORDERED** Plaintiff's Motion **(ECF No. 50)** is **DENIED.** The Court declines Plaintiff's request to direct Colorado State Auditor Kerri Hunter to exercise her authority under C.S.R. § 24-31-111(5) to appoint another state's attorney general to represent the interests of the State of Colorado as a Special Assistant Attorney General.

**IT IS SO ORDERED.**

Dated the 20th day of April 2026.

s/ Gwynne E. Birzer
GWYNNE E. BIRZER
United States Magistrate Judge