**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:25-cv-03361-KHV-GEB

CHRISTOPHER S.P. GREGORY,

Plaintiff,

v.

The COLORADO JUDICIAL DISCIPLINE RULEMAKING COMMITTEE, et al.

Defendants.

---

**MOTION TO VACATE FINAL JUDGMENT ACCORDING TO F.R.C.P. 59(E);**
**EXHIBITS 1 THROUGH 2**

---

STATEMENT REGARDING CONFERRAL

Pursuant to D.C. COLO.LCivR 7.1(a), Plaintiff has conferred with opposing counsel, who has communicated that the Defendants oppose the relief requested through this Motion.

Plaintiff for himself and through his co-Counsel Ingrid J. DeFranco hereby moves to vacate this Court's Memorandum and Order dismissing this case (ECF No. 104) and its Final Judgment (ECF No. 105) according to F.R.C.P. 59(e). This Court's dismissal Order arises from personal bias and prejudice against Plaintiff and should be recognized as structural error.

BACKGROUND

A default had entered against all Defendants before Tenth Circuit Chief Judge Jerome A. Holmes directly assigned U.S. Senior District Judge Kathyrn H. Vratil to this case and then-Chief U.S. District Judge Philip A. Brimmer directly designated the case to U.S. Magistrate Judge Gwynne Birzer. ECF Nos. 46, 92-2, 92-3. When these case reassignments occurred, material information was knowingly and willfully concealed from the Plaintiff, specifically that

(over Plaintiff's objections expressed in his 28 U.S.C. § 144 Affidavits to require District Judge Daniel D. Domenico's recusal from both of Plaintiff's pending cases) Chief Judge Holmes and Chief Judge Brimmer had directly re-assigned the cases. *See* ECF Nos. 26, pp. 3 fn. 1, 36 ¶ 54 and 82, pp. 8-12. Instead of giving Plaintiff's Motion for Judicial Disqualification Pursuant to 28 U.S.C. § 455" (ECF No. 78) and its accompanying "Affidavit of Judicial Bias or Prejudice According to 28 U.S.C. § 455(b)(1) and Certificate of Counsel; Exhibits 1-9" (ECF No. 79) fair consideration, Judge Vratil retaliated by issuing Orders to Show Cause why Plaintiff should not be sanctioned for having obtained the entry of default and for raising judicial bias. ECF Nos. 54 and 82. Judge Vratil's dismissal order and denial of the opportunity to amend the Verified Complaint are only further retaliation against the Plaintiff.

Judge Vratil and Magistrate Judge Birzer have been openly hostile towards Plaintiff and Plaintiff's case from the outset of their assignments. The quick setting of a hearing on the Defendants' motion to set aside the default and other matters, including Plaintiff's motion to disqualify opposing counsel, deprived Plaintiff of any realistic opportunity to secure witnesses and to present evidence. Despite Plaintiff providing a detailed offer of proof, ECF No. 50, Judge Vratil used the March 26, 2026 hearing to set aside the default, to deny Plaintiff's motions to disqualify the court and opposing counsel (Colorado Attorney General Philip Weiser, who is simultaneously named as an individual capacity Defendant in this action), to continue suppressing public access to Plaintiff's 28 U.S.C. § 144 Affidavit, and to stay discovery. ECF Nos. 90 and 91. The rulings of this Court have completely deprived the Plaintiff of due process, public court proceedings, and the fair opportunity to be heard. *Compare with* Canon 3A(4) ("A judge should accord to every person who has a legal interest in a proceeding, and that person's

lawyer, the full right to be heard according to law.") of the Code of Conduct for United States Judges (the federal Code).

In collateral proceedings, Plaintiff has sought the disqualification of the entire Colorado Supreme Court as required by Colo. Const. Art. VI, § 23(3)(f)(I), the formation of a special tribunal, and the immediate suspensions of the Justices and Adams County Court Judge Leroy Kirby. Predictably, this otherwise constitutionally mandated relief has been summarily denied with the Justices and Attorney General Weiser persisting in their refusals to disqualify from cases involving allegations of their own misconduct. Plaintiff anticipates filing a petition for certiorari with the United States Supreme Court to address the issues of the Justices' non-disqualification, the imposition of facially unconstitutional prior restraints, and the U.S. Supreme Court's original jurisdiction to discipline attorney's admitted to its Bar under U.S. Sup. Ct. R. 8. Copies of the court filings in *In re Gregory v. Colo. Off. of Jud. Perform. Eval., et al.*, 26SA268 are attached as Exhibit 1. Plaintiff has also filed a "Motion to Disqualify Judge Pursuant to C.R.C.P. 97" in *Gregory v. Hunter*, Denver Dist. Ct. Case No. 26CV31374. Copies of the Motion and related filings are attached as Exhibit 2. Plaintiff's Motion to Disqualify includes a judicial misconduct complaint filed against U.S. Court of Appeals for the Eleventh Circuit Chief Judge William H. Pryor, Jr. that is representative of complaints filed against all members of the Judicial Conference of the United States to enforce the mandatory directive of 28 U.S.C. § 354(2)(b), which requires the referral of all judicial misconduct complaints that state reasonable grounds for impeachment directly to the Judicial Conference. Plaintiff's judicial discipline complaints filed in every federal circuit impact which appellate judges will be qualified to hear

this case if this F.R.C.P. 59(e) motion is denied and Plaintiff is forced to appeal Judge Vratil's dismissal order.

ARGUMENT

> Senior District Court Judge Kathyrn H. Vratil has demonstrated actual bias, has made false statements, has obstructed justice, and has engaged in judicial misconduct as defined by the Code of Conduct for United States Judges. Judge Vratil's actual bias is structural error that requires vacating her dismissal Order and Final Judgment entered on August 11, 2026.

Actual judicial bias requiring disqualification has been long recognized to exist when a judge has a "direct, personal, substantial pecuniary interest" in the outcome of a case. *Tumey v. Ohio*, 273 U.S. 510, 523 (1927). The due process threshold requiring disqualification has since been extended to include standards defined by statutes and judicial codes as well as circumstances "in which experience teaches that the probability of actual bias on the part of the judge or decisionmaker is too high to be constitutionally tolerable." *Caperton v. A.T. Massey Coal Co., Inc.*, 556 U.S. 868, 877 (2009) (recognizing substantial contribution to state court justice's campaign sufficient to constitutionally require judicial disqualification; quoting *Withrow v. Larkin*, 421 U.S. 35, 41 (1975)). According to Canon 3(C)(1)(a)-(e) of the federal Code and 28 U.S.C. § 455(a), (b)(1)-(5), personal biases, financial interests, or substantial relationships with interested parties, attorneys, or witnesses are sufficient to reasonably question a judge's impartiality and to require disqualification for actual bias. Even when a judge's relationship with a party, attorney, or witness is insubstantial, the judge is expected to disclose the potential conflicts and obtain a waiver from the parties on the record. Canon 3(D); 28 U.S.C. § 455(e). Where a judge violates his or her obligations for mandatory disqualification or has an actual bias, the resulting constitutional error is "so intrinsically harmful as to require automatic

reversal . . . without regard to [the error's] effect on the outcome [of the case]." *Neder v. United States*, 527 U.S. 1, 7-8 (1999) (explaining constitutional concept of structural error; citing *Tumey* to recognize biased judge as form of structural error requiring automatic reversal without harmlessness analysis); *see also United States v. Liggins*, 76 F.4th 500, 505-06 (6th Cir. 2023) (explaining due process analysis for judicial bias and structural error; further explaining application of 28 U.S.C. § 455(a), (b)(1)).

18 U.S.C. § 1001 defines the elements of the crime of False Statements as: 1) The defendant, 2) In any matter within the jurisdiction of the executive, legislative, or judicial branch of the Government of the United States, 3) Knowingly and willfully, 4) Falsifies, conceals, or covers up by any trick, scheme, or device, 5) A material fact. Because Judge Vratil knowingly and willfully concealed being directly assigned to Plaintiff's cases by Chief Judge Holmes (over Plaintiff's express objections), probable cause exists to suspect that Judge Vratil has violated 18 U.S.C. § 1001.

18 U.S.C. § 1503 defines the elements of the crime of Obstruction of Justice as: 1) The defendant corruptly, 2) Endeavored to influence, obstruct, or impede the due administration of justice, 3) With knowledge and specific intent to obstruct. Because Judge Vratil intentionally concealed grounds for her mandatory disqualification and, then, intentionally proceeded to dismiss this case for the benefit/protection of her colleagues, probable cause exists to suspect that Judge Vratil has violated 18 U.S.C. § 1503.

By intentionally concealing grounds for her mandatory disqualification and proceeding to dismiss this case for the benefit/protection of her colleagues, Judge Vratil has violated Canons 1 (Integrity and Independence), 2 (Avoid Impropriety and Appearances of Impropriety), and 3

(Fair, Impartial, and Diligent Performance of Judicial Duties) of the federal Code. Judge Vratil is separately subject to discipline under the Judicial Conduct and Disability Act—U.S. Code Title 28, Chapter 16.

By dismissing this case in its entirety without opportunities for further briefing and by expressly denying Plaintiff's request for leave to amend the Complaint, Judge Vratil has only further demonstrated her actual bias and the intention to reach a pre-determined outcome. Judge Vratil's misconduct is the proper basis for judicial discipline proceedings and potential criminal prosecution. The misconduct is structural error requiring automatic reversal of Judge Vratil's dismissal Order and the Final Judgment.

**WHEREFORE**, the Plaintiff respectfully requests that Judge Kathryn H. Vratil disqualify herself from further hearing of this case, that (according to F.R.C.P. 59(e)) this Court vacate the dismissal Order (ECF No. 104) and the Final Judgment (ECF No. 105) entered on August 11, 2026.

Dated: September 8, 2026

/s/ Christopher S.P. Gregory
**Christopher S.P. Gregory, Esq.**
The Gregory Law Firm, LLC
201 Coffman St., #1822
Longmont, CO 80502
Telephone: (970) 648-0642
E-mail: cspgregory@thegregorylawfirm.net
*Pro Se* Attorney for Plaintiff
Christopher S.P. Gregory

CERTIFICATE OF SERVICE

I certify that on September 8, 2026, I filed the above filing via email to the Clerk of the Court, who will docket it in CM/ECF. CM/ECF will send notification of this filing to any party who has entered an appearance in this matter to the e-mail addresses provided in CM/ECF.

/s/ Christopher S.P. Gregory
Christopher S.P. Gregory