**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 25-cv-03361-KHV-GEB

CHRISTOPHER S. P. GREGORY,

Plaintiff,

v.

THE COLORADO JUDICIAL DISCIPLINE RULEMAKING COMMITTEE, et al.,

Defendants.

---

**EMERGENCY MOTION TO (1) SEAL EXHIBITS TO PLAINTIFF'S MOTION TO VACATE FINAL JUDGMENT ACCORDING TO F.R.C.P. 59(E); AND (2) HOLD PLAINTIFF IN CONTEMPT**

---

## INTRODUCTION

At some point, Plaintiff's repeated public filings of papers that he knows contain confidential information must be put to a stop. With his Motion to Vacate Final Judgment According to F.R.C.P. 59(E) ("Motion to Vacate"), Plaintiff has now publicly filed exhibits that violate this Court's order that "[a]ll future pleadings filed by Plaintiff that mention State or Federal Judges shall be filed under Level 1 Restriction" in the first instance ("Restriction Order"). Dkt. 90. Defendants request the Court (1) immediately seal the exhibits to Plaintiff's Motion to Vacate (Dkts. 106-1, 106-2); and (2) hold Plaintiff in contempt for violating the Restriction Order.

## BACKGROUND

In its March 26, 2026 Order and after full briefing and argument on the issues, this Court (1) restricted Plaintiff's "Affidavit of Judicial Bias or Prejudice According to 28 U.S.C. § 144" (ECF Nos. 26, 26-1-10) ("Affidavit"), and (2) required that Plaintiff file all future pleadings mentioning Colorado State or Federal Judges under Level 1 Restriction. Dkt. 90. The reason for the Restriction Order was simple enough – Plaintiff's Affidavit, filed publicly, contained confidential information on internal judicial misconduct proceedings that he learned of while he was a member and/or executive director of the Colorado Commission on Judicial Discipline (the "Commission"). This information is required to be kept confidential pursuant to Colorado law, *see* Colo. Const. art. VI, § 23(3)(g); *see also* Colo. RJD 3.5(b)(5); 6.5, yet Plaintiff opposed any such sealing, necessitating the Restriction Order.

Since this Court's Restriction Order, Plaintiff has filed two separate actions in Denver County District Court and a Petition pursuant to C.A.R. 21[1] with the Colorado Supreme Court. *See Gregory v. Hunter*, No. 2026CV31374 (Denver Dist. Ct.) ("First State Action"); *Gregory v. Colo. Office of Judicial Performance Eval*., No. 2026CV32668 (Denver Dist. Ct.) ("Second State Action"); *In re Gregory v. Colo. Office of Judicial Performance Eval*., No. 2026SA268 (Colorado Supreme Court) ("C.A.R. 21 Petition"). In

[1] Colorado Appellate Rule 21 governs petitions for orders to show cause filed directly with the Colorado Supreme Court. "Relief under this rule is extraordinary in nature and is a matter wholly within the discretion of the supreme court. Such relief will be granted only when no other adequate remedy is available, including relief available by appeal, under C.R.C.P. 106, or under Crim. P. 35." C.A.R. 21(a)(2). The Colorado Supreme Court denied Plaintiff's C.A.R. 21 Petition on August 18, 2026.

each of these actions, Plaintiff has continued to repeat, and in some cases even expand, his public recitals of allegations regarding confidential internal judicial misconduct proceedings. The Commission intervened in each action for the limited purpose of protecting this information, requiring it to file numerous motions to seal, all of which have been granted. In the Second State Action, the Denver District Court entered an order similar to the one in this action, requiring Plaintiff to file papers discussing judicial misconduct proceedings under seal in the first instance.[2] Order : Emergency Motion to Seal, *Gregory v. Colo. Office of Judicial Performance Eval.*, No. 2026CV32668 (Denver Dist. Ct.) (Aug. 14, 2026).

In this action, Plaintiff's Motion to Vacate Final Judgment According to F.R.C.P. 59(E), Dkt. 106, includes two exhibits spanning 1650 pages. He describes Exhibit 1 as "court filings" from his C.A.R. 21 Petition, and Exhibit 2 as his "Motion to Disqualify Judge Pursuant to C.R.C.P. 97" and related filings from his First State Action. These papers have been placed under seal by the Colorado Supreme Court (in the case of the C.A.R. 21 Petition, Exhibit 1), and the Denver District Court (in the case of Exhibit 2). Notably, Exhibit 1 includes the very Affidavit that this Court restricted in unredacted form (starting at page 421 of the PDF), Dkt. 106-1.

## ARGUMENT

### 1. Plaintiff's Exhibits to his Motion to Vacate should be placed Under Level 1 restriction immediately.

---

[2] Because this Second State Action is suppressed, Defendants do not provide the Order here. The Commission has sought a similar standing suppression order in the first action as well.

Defendants request that the Court immediately place Plaintiff's two exhibits (Dkts. 106-1, 106-2) under Level 1 Restriction. The Court has already restricted the Affidavit, which is part of Exhibit 1 after full briefing and oral argument on the basis that it contains confidential information regarding judicial misconduct proceedings. *See* Dkt. 90. The remainder of Plaintiff's exhibits should be placed under Level 1 Restriction for these same reasons and because the Court's Restriction Order required Plaintiff to file them under seal.

Pursuant to the clear terms of the Restriction Order, Plaintiff was required to file documents discussing judicial misconduct proceedings under Level 1 restriction. Moreover, both the Colorado Supreme Court and the Denver District Court sealed the exhibits when Plaintiff filed them in those actions, and Plaintiff's public filing of them in this action is an improper run-around of the orders in those Courts.

Finally, the C.A.R. 21 Petition includes information regarding judicial conduct proceedings which must remain confidential to prevent harm to the State's interest in maintaining the integrity of its judicial discipline process. *See Landmark Communications, Inc. v. Virginia*, 435 U.S. 829, 835-836, and 841 (1978); *Kamasinski v. Jud. Rev. Council*, 44 F.3d 106, 110 (2d Cir. 1994). Disclosure would signal to judges and witnesses that they cannot rely on the Colorado Constitution's guarantees of confidentiality when making complaints, impact witnesses' and judges' willingness to cooperate with Commission investigations, and affect whether judges will accept informal disciplinary actions in lieu of formal proceedings. Ultimately, allowing disclosure would erode confidence in the judicial system. Further tipping the scale to sealing is that

Plaintiff's inclusion of this confidential information is, at best, ancillary to his claims, irrelevant to his Motion to Vacate, and, in direct conflict with—and in contempt of—this Court's Restriction Order. Plaintiff's repeated, gratuitous inclusion of this information suggests that Plaintiff is abusing the privilege of public filing to publish information that he is required, by law, to keep confidential.[3]

**2. Plaintiff should be held in civil contempt.**

This Court should hold Plaintiff in civil contempt for violating the Restriction Order to prevent Plaintiff from further wasting both the Court's and Defendants' resources in correcting Plaintiff's violations of Court orders and his own obligations to the Commission.

The facts recited above show, by clear and convincing evidence, that the Restriction Order is valid, Plaintiff has knowledge of the Order, and Plaintiff disobeyed the Order by filing these two exhibits publicly. *See United States v. Ford*, 514 F.3d 1047, 1051 (10th Cir. 2008) (outlining elements of civil contempt). And although "[w]illfulness is not an element of civil contempt," it is both instructive and present here. *See Lucas v. Dadson Mfg. Corp.*, No. CV 22-2107-KHV, 2025 WL 987025, at *4 (D. Kan. Apr. 2, 2025), *aff'd,* No. 25-3074, 2025 WL 3641590 (10th Cir. Dec. 16, 2025) (citing *Taggart v. Lorenzen*, 587 U.S. 554, 561–62 (2019)). There can be no doubt that

---

[3] Many of these redactions are readily available to Plaintiff – the Commission submitted in the state actions redacted versions of both the C.A.R. 21 Petition and Affidavit (which Plaintiff attempted to have the Denver District Court rule could be filed publicly). As the Restriction Order requires, if plaintiff wishes to lift the restrictions, he must file an appropriate motion. Dkt. 90 at 3.

Plaintiff's repeated filings are willful, i.e., "'a volitional act done by one who knows or should reasonably be aware that his conduct is wrongful.'" *See id.* (quoting *United States v. Themy-Kotronakis*, 140 F.3d 858, 864 (10th Cir. 1998)). Indeed, Plaintiff has admitted that he is seeking to publicize private judicial misconduct proceedings through his public filings.[4] *See* Dkt. 106-1, at PDF page 247 (Plaintiff filing in Colorado State Court asserting that "in order to avoid the same orchestrated censorship that has occurred through the suppression of [the Affidavit], ECF No. 26, Plaintiff distributed [an additional motion he filed containing confidential information] to the press, to the U.S. House Committee on the Judiciary, to the U.S. Senate Committee on the Judiciary, and to others shortly after filing it with this Court and before Attorney General Weiser could inevitably seek a suppression order.").

This Court should therefore impose sanctions sufficient to "to compel or coerce obedience" to the Restriction Order and/or to compensate Defendants for "injuries resulting from the [Plaintiff's] noncompliance." *Acosta v. Paragon Contractors Corp.*, 884 F.3d 1225, 1238 (10th Cir. 2018); *see also Ross v. Univ. of Tulsa*, No. 14-CV-484-TCK-PJC, 2017 WL 3951604, at *4 (N.D. Okla. Sept. 8, 2017) (granting attorneys' fees for violations of "protective orders and disclosing certain confidential materials to the press without first requesting permission from the Court").

---

[4] The Court is well familiar with Plaintiff's filing abuses – it issued three separate Orders to Show Cause against Plaintiff, all of which appear to still be pending. *See* Dkts. 54, 82, 93.

## CONCLUSION

Based on the above, Defendants respectfully request that the Court (1) place Exhibits 1 and 2 under Level 1 Restriction; and (2) find Plaintiff in contempt and issue appropriate sanctions.

Respectfully submitted this 9th day of September 2026.

PHILIP J. WEISER
Attorney General

*s/ Nora Q.E. Passamaneck*

***Nora Q.E. Passamaneck***
Senior Assistant Attorney General
***Daniel M. Combs***
First Assistant Attorney General
***Clayton J. Ankney***
Second Assistant Attorney General
Colorado Department of Law
1300 Broadway, 10th Floor
Denver, Colorado 80203
Telephone: 720-508-6000
Email: Dan.Combs@coag.gov;
Clayton.Ankney@coag.gov;
Nora.Passamaneck@coag.gov

*Attorneys for Defendants*