**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 25-cv-03361-KHV-GEB

CHRISTOPHER S. P. GREGORY,

Plaintiff,

v.

THE COLORADO JUDICIAL DISCIPLINE RULEMAKING COMMITTEE, et al.,

Defendants.

---

**REPLY IN SUPPORT OF MOTION TO HOLD PLAINTIFF IN CONTEMPT, DKT. NO. 107**

---

Plaintiff's response to Defendants' Motion to Hold Plaintiff in Contempt, Dkt. 107, and this Court's Order to Show Cause, Dkt. 108, only confirms that Plaintiff has no excuse for violating this Court's Restriction Order, Dkt. 90.

First, Plaintiff's argument that the CM/ECF system does not allow a party to file papers restricted is demonstrably false. The District of Colorado's website includes detailed instructions on filing restricted documents,[1] and Defendants have filed documents as restricted in this action. *See, e.g.*, Dkt. 67. In any event, Plaintiff's professed unawareness of how to file a document as restricted is no excuse for ignoring

---

[1] *See* Electronic Case Filing Procedures (Civil Cases), *available at* https://www.cod.uscourts.gov/Portals/0/Documents/CMECF/ECF_Filing_Procedures_Civil_6.1.pdf?ver=2024-01-03-114358-133; Filing a Paper as Restricted, *available at* https://www.cod.uscourts.gov/Portals/0/Documents/CMECF/Filing_Pleading_as_Restricted.pdf.

this Court's Restriction Order. There are any number of steps he could have taken so that he did not recite private judicial misconduct proceedings in his public filings (e.g., reach out to either Defendants and/or the Clerks' Office, file a redacted version publicly and email Chambers an unredacted version, or simply exclude the recitals at issue given that they are ancillary superfluous to his arguments). Instead, Plaintiff did the one thing the Restriction Order precludes him from doing – filing such information publicly in the first instance.

Second, Plaintiff's argument that the Restriction Order is "facially unconstitutional, overbroad, and unenforceable prior restraint" is unsupported. *See* Resp. at 6–9. The Restriction Order does not preclude him from filing papers generally; rather, all it requires is that Plaintiff file papers that mention state or federal judges under restriction in the first instance, followed by a motion to lift those restrictions. Plaintiff may not want to comply with these steps, but the Restriction Order was both necessary and proper due to Plaintiff's repeated filing of information that Colorado law requires must be kept confidential.[2]

Third, Plaintiff argues that he need not comply with the Restriction Order because the collateral bar rule, requiring compliance with a court order pending appeal, does not apply to "transparently invalid" orders. Resp. at 9. He argues that he has

---

[2] Plaintiff also takes issue with this Court's orders ruling against him, but it should go without saying that "[a]dverse rulings alone do not demonstrate judicial bias." *Bixler v. Foster*, 596 F.3d 751, 762 (10th Cir. 2010) (finding no merit to claim of judicial bias based on entry of orders dismissing he case); *Liteky v. United States*, 510 U.S. 540, 555 (1994) ("[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion.").

challenged the Restriction Order via his C.A.R. 21 Petition filed with the Colorado Supreme Court. This argument is wrong several times over – Plaintiff cannot appeal the Restriction Order to the Colorado Supreme Court; the Restriction Order is not transparently invalid for the reasons above; and Plaintiff must follow the Restriction Order (regardless of his beliefs) because it was issued pursuant to proper procedure. *See Voter Reference Found., LLC v. Balderas*, 616 F. Supp. 3d 1132, 1225 (D.N.M. 2022) ("As long as an injunction is issued pursuant to proper procedure and is not 'transparently invalid or ha[ving] only a frivolous pretense to validity,' it must be obeyed and challenged directly, not defied; contempt of court trials are not appropriate vehicles to challenge the statutes that underlie the violated court orders." (citation omitted)).

In sum, Plaintiff's arguments do nothing to rebut the clear and convincing evidence that the Restriction Order is valid, Plaintiff has knowledge of the Order, and Plaintiff disobeyed the Order by filing these two exhibits publicly. *See United States v. Ford*, 514 F.3d 1047, 1051 (10th Cir. 2008) (outlining elements of civil contempt). Indeed, despite knowing that Defendants consider private judicial misconduct proceedings confidential and despite the Restriction Order, Plaintiff went so far as to ***repeat*** the information once again in his Response, necessitating yet another emergency motion to seal by Defendants. Dkt. 110.

Respectfully submitted this 15th day of September 2026.

PHILIP J. WEISER
Attorney General

s/ Nora Q.E. Passamaneck

***Nora Q.E. Passamaneck***
Senior Assistant Attorney General

***Daniel M. Combs***
First Assistant Attorney General
***Clayton J. Ankney***
Second Assistant Attorney General
Colorado Department of Law
1300 Broadway, 10th Floor
Denver, Colorado 80203
Telephone: 720-508-6000
Email: Dan.Combs@coag.gov;
Clayton.Ankney@coag.gov;
Nora.Passamaneck@coag.gov

*Attorneys for Defendants*