IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 25-cv-03361-KHV-GEB

CHRISTOPHER S.P. GREGORY,

Plaintiff,

v.

THE COLORADO JUDICIAL RULEMAKING COMMITTEE, et al.,

Defendants.

---

**DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO VACATE FINAL JUDGMENT ACCORDING TO F.R.C.P. 59(E), ECF NO. 106**

---

## INTRODUCTION

In his Motion to Vacate Final Judgment pursuant to Fed. R. Civ. P. 59(e), Plaintiff requests Judge Kathryn H. Vratil ("the Court") disqualify herself from further hearing this case and requests the Court vacate the dismissal order and final judgment. ECF No. 106 at 6.

Plaintiff's motion alleges that the Court's personal bias and prejudice against him constitutes "structural error" requiring the dismissal order to be vacated. He bases his allegations on (1) the Court's "Orders to Show Cause why Plaintiff should not be sanctioned for having obtained the entry of default and for raising judicial bias," *id.* at 2, (2) the Court allegedly being "openly hostile" to him in relation to the March 26, 2026 hearing in which the Court made several rulings against him, *id.*, and (3) the Court "intentionally concealing grounds for her mandatory disqualification and proceeding to dismiss this case for the benefit/protection of her colleagues," *id.* at 5.

Plaintiff's motion should be denied. Plaintiff is essentially seeking to relitigate his prior motions, which is not proper under Rule 59(e). Even if the Court entertains his arguments, "structural error" is not a proper basis for vacating a civil judgment, and his arguments of bias and retaliation amount to a litigant unhappy with adverse decisions. Plaintiff's disagreement with the Court's orders is neither a basis for disqualification nor a proper basis for altering the judgment.

**ARGUMENT**

In support of his Rule 59(e) motion, Plaintiff does not argue there was an intervening change in controlling law nor that there is new evidence that was previously unavailable. *See Hayes Fam. Tr. v. State Farm Fire & Cas. Co*., 845 F.3d 997, 1004 (10th Cir. 2017) (outlining basis for Rule 59(e) motion). At no point does Plaintiff even identify a single factual or legal error in the dismissal order. Instead, Plaintiff appears to proceed under a theory that the Court is somehow biased against him, which is a "structural error" resulting in manifest injustice.

However, as explained below, the structural error doctrine does not apply to civil actions such as this, and the Court has already addressed Plaintiff's arguments of bias and retaliation. The Court should therefore reject Plaintiff's efforts to relitigate issues already soundly addressed by the Court. *See Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008) ("Rule 59(e) . . . 'may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.'" (quoting 11 C. Wright & A. Miller, Fed. Prac. & Proc. § 2810.1, pp. 127–28 (2d ed.1995) (footnotes omitted)); *Spinelli v. Coherus Biosciences, Inc.*, 167 F.4th 1274, 1285 (10th Cir. 2026)).

## I. The structural error doctrine does not apply to this civil lawsuit.

Plaintiff argues that the Court's personal bias and prejudice against him constitute "structural error" requiring the dismissal order to be vacated. ECF No. 106 at 1. Plaintiff cites no authority to support his argument that the structural error doctrine applies; it does not.

The structural error doctrine applies "only in . . . criminal cases, [ ] not civil cases[.]" *Davis v. Luzerne Cnty.*, No. 22-2519, 2023 WL 5842299, at *2 (3rd Cir. Sep. 11, 2023) (citing *Greer v. United States*, 593 U.S. 503, 513 (2021)). "The purpose of the structural error doctrine is to ensure insistence on certain basic, constitutional guarantees that should define the framework of any *criminal* trial." *Weaver v. Massachusetts*, 582 U.S. 286, 294–95 (2017) (emphasis added); *United States v. Bruce*, 127 F.4th 246, 257 (10th Cir. 2025). Because the purpose of the structural error doctrine is to protect the rights of criminal defendants, it has no application to this case. *See Weaver*, 582 U.S. at 295–96 (explaining three broad rationales for application of structural error doctrine, all of which involve protecting a *criminal defendant's* rights).

## II. Plaintiff's allegations of judicial retaliation, bias, hostility, and misconduct do not support relief under Rule 59(e).

Setting aside Plaintiff's misplaced reliance on the structural error doctrine, Plaintiff's Rule 59(e) motion is effectively a request that the Court reconsider Plaintiff's motion for judicial recusal so that Plaintiff might get a do-over in this action. However, the Court has already addressed and rejected Plaintiff's request for recusal, and Rule 59(e) may not be used to relitigate old matters. *Exxon Shipping Co.*, 554 U.S. at 485 n.5; *see also Slevin v. Bd. of Comm'rs*, 934 F. Supp. 2d 1289, 1293–94 (D.N.M. 2013) (denying Rule 59 request to reconsider prior refusal to recuse and grant new trial or remove itself from consideration of further matters in case). Even if

the Court addresses Plaintiff's assertions of judicial misconduct, they are unsupported, incorrect, or have already been rejected by the Court.

**A. Plaintiff's allegations of retaliation are contradicted by the record.**

Plaintiff alleges the Court retaliated against him "by issuing Orders to Show Cause why Plaintiff should not be sanctioned for having obtained the entry of default [against Defendants] and for raising judicial bias." ECF No. 106 at 2 (citing ECF Nos. 54 and 82).

Plaintiff mischaracterizes the Court's orders and offers no basis to question their propriety. With respect to the entry of default, the Court ordered Plaintiff to show good cause why he should not be sanctioned "for *representations made* in his Application for Entry of Default . . . and the attached Declaration[.]" ECF No. 54 (emphasis added). The Court specifically requested Plaintiff

> address his representation that defendants had not 'otherwise defended' this action when . . . counsel had entered appearances for defendants, filed motions to extend their time to answer or otherwise respond, and actively engaged with plaintiff on issues such as judicial recusal, confidentiality of filings, filing restrictions, deadlines and recusal of counsel. Moreover, many defendants waived service of process and voluntarily entered their appearances.

*Id.* As noted in the Court's order and as discussed in Defendants' Motion to Set Aside Entry of Default, *see generally* ECF No. 47, Plaintiff's assertions that Defendants failed to defend the action were and are contradicted by the record. There is no support in the record that this order was entered for any retaliatory or otherwise improper purpose.

With respect to the order to show cause related to the Motion for Judicial Disqualification directed at Judge Vratil and Magistrate Judge Birzer, Plaintiff's motion for recusal included unfounded allegations that the Court "intentionally concealed material facts from the Plaintiff"

related to Chief Judge Holmes' assignment of this case. ECF No. 78 at 6; *see also* ECF No. 82 at 6–7 (order overruling motion for judicial recusal, explaining facts of reassignment).

Additionally, the timing of Plaintiff's motion for judicial recusal provided a basis for the Court to question whether it was filed for an improper purpose or to delay the hearing. Plaintiff filed the motion on March 24, 2026, ECF No. 78, one day after the Court declined Plaintiff's request to continue the hearing scheduled for March 26, 2026, ECF No. 69, and two days before the hearing was scheduled to occur. These circumstances provided ample basis for the Court to issue the order to show cause.

Notably, in both instances, the Court afforded Plaintiff the opportunity to explain why he should not be sanctioned. Plaintiff has not identified any statements or actions by the Court objectively establishing any retaliatory motive or bias. Plaintiff's speculative, opinion-based, and conclusory allegations are insufficient to establish the existence of retaliatory motive or bias. *See generally United States v. Burger*, 964 F.2d 1065, 1070 (10th Cir. 1992) ("Conclusions, rumors, beliefs and opinions are not sufficient to form a basis for disqualification" based on alleged partiality.).

**B. Plaintiff's allegations of hostility and bias lack factual support and are, instead, based on his belief that the Court should have reached different conclusions.**

Plaintiff alleges the Court was openly hostile to him on several occasions—namely, in relation to the March 26, 2026 hearing which resulted in the Court setting aside the entry of default and by denying Plaintiff's motions to disqualify the Court and opposing counsel, restricting public access to Plaintiff's affidavit under 28 U.S.C. § 144, and staying discovery. ECF No. 106 at 2. Plaintiff further alleges that "[b]y dismissing this case in its entirety without

opportunities for further briefing and by expressly denying Plaintiff's request for leave to amend the Complaint, Judge Vratil has only further demonstrated her actual bias and the intention to reach a pre-determined outcome." *Id.* at 6.

Plaintiff does not explain how these rulings exhibit bias. Instead, it appears he merely takes issue with Court's decisions because they are adverse to his position. This is a non-starter. "[A]dverse rulings alone do not demonstrate judicial bias." *Bixler v. Foster*, 596 F.3d 751, 762 (10th Cir. 2010) (finding no merit to claim of judicial bias based on entry of orders dismissing he case); *Liteky v. United States*, 510 U.S. 540, 555 (1994) ("[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion.").

Plaintiff was afforded the opportunity to fully litigate his motions through full briefing and oral argument. After an opportunity to fully address the issues, the Court set aside the entry of default,[1] denied Plaintiff's motion to disqualify counsel,[2] and sustained in part Defendants' motion to restrict Plaintiff's affidavit.[3] Similarly, the parties argued Defendants' oral motion to stay discovery at the March 26, 2026 hearing. ECF No. 90 at 4. Each order with which Plaintiff takes issue shows that the Court considered the relevant facts, analyzed the relevant law, and explained how the Court came to its decision. *See* ECF No. 101 (order entered by Magistrate

---

[1] *See* Order setting aside entry of default, ECF No. 90 at 2–3. Defendants filed their Motion to Set Aside Default, ECF No. 47, and Plaintiff filed his Response in Opposition to Motion to Set Aside Default, ECF No. 72.

[2] *See* Order denying motion to disqualify Colorado Attorney General, ECF No. 90 at 2. Plaintiff filed his Motion to Disqualify Counsel, ECF No. 50, filed his reply in support of his motion, ECF No. 85, and argued the motion at the March 26, 2026 hearing, ECF No. 90 at 2.

[3] *See* Order sustaining in part motion to restrict, ECF No. 90 at 3. Plaintiff filed his Response to Defendants' Motion to Restrict Affidavit, ECF No. 76, and argued the motion at the March 26, 2026 hearing, ECF No. 90 at 3.

Judge Birzer denying motion to disqualify counsel); ECF No. 82 (order denying motion to disqualify Judge Vratil); Ex. 1, March 26, 2026 Hearing Transcript, 39:20–41:20 (order sustaining motion to set aside default); *id.* at 59:4–60:11 (order granting stay of discovery).

Plaintiff's assertion that the Court dismissed this case "without opportunities for further briefing," ECF No. 106 at 6, is also belied by the record, as he filed a response to Defendants' Motion to Dismiss. ECF No. 94.[4] Plaintiff also never properly sought leave to amend his complaint by filing a motion pursuant to Federal Rule of Civil Procedure 15(a). Instead, he improperly embedded a perfunctory request for leave to amend in his response to Defendants' motion to dismiss and failed to attach a copy of his proposed amended complaint as an exhibit. *Id*. at 18; *see* D.C.COLO.LCivR 15.1(b) ("A party who files an opposed motion for leave to amend or supplement a pleading shall attach as an exhibit a copy of the proposed amended or supplemental pleading[.]"). The Court properly declined to consider Plaintiff's procedurally deficient request.

In sum, Plaintiff does not challenge the facts or law underlying the Court's decisions, he merely claims they are wrong or the result of judicial bias. Neither the arguments nor the record establishes bias or hostility.

### C. Plaintiff's allegations that the Court engaged in potential criminal misconduct and concealed information related to judicial assignment are contradicted by the record.

Plaintiff accuses the Court of potential criminal misconduct in the form of "knowingly and willfully conceal[ing] being directly assigned to Plaintiff's cases by Chief Judge Holmes"

[4] Plaintiff did not seek leave to file additional pages or seek leave to file a sur-reply, so, it is not clear how he was deprived "opportunities for further briefing." Defendants' motion to dismiss was fully briefed.

and of "intentionally concealing grounds for her mandatory disqualification and proceeding to dismiss this case for the benefit/protection of her colleagues." ECF No. 106 at 5. Plaintiff's allegations have already been addressed and rejected by the Court. *See* ECF No. 82 at 6–7 (order overruling motion for judicial recusal, explaining facts of reassignment). Plaintiff should not be permitted to relitigate these baseless accusations.

## CONCLUSION

For the reasons above, Defendants respectfully request the Court deny Plaintiff's Rule 59(e) motion and deny Plaintiff any relief whatsoever.

Respectfully submitted this 22nd day of September 2026.

PHILIP J. WEISER
Attorney General

*/s/ Clayton J. Ankney*

***Nora Q.E. Passamaneck***
Senior Assistant Attorney General
***Daniel M. Combs***
First Assistant Attorney General
***Clayton J. Ankney***
Second Assistant Attorney General
Colorado Department of Law
1300 Broadway, 10th Floor
Denver, Colorado 80203
Telephone: 720-508-6000
Email: Dan.Combs@coag.gov;
Clayton.Ankney@coag.gov;
Nora.Passamaneck@coag.gov

*Attorneys for Defendants*