EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLORADO

Civil Action No. 25-cv-3361-KHV-GEB

CHRISTOPHER S.P. GREGORY,

Plaintiff,

vs.

THE COLORADO JUDICIAL DISCIPLINE RULEMAKING COMMITTEE, et al,

Defendants.

---

REPORTER'S TRANSCRIPT

Motions Hearing

---

Proceedings before the HONORABLE KATHRYN H. VRATIL and the HONORABLE GWYNNE E. BIRZER, United States District Court for the District of Colorado, commencing on the 26th day of March, 2026, in Courtroom C203, United States Courthouse, Denver, Colorado.

APPEARANCES

For the Plaintiff:
INGRID J. DeFRANCO, Attorney at Law, PO Box 128, Brighton, CO 80601
AND
CHRISTOPHER S.P. GREGORY, The Gregory Law Firm LLC, 201 Coffman Street, Suite 1822, Longmont, CO 80502

For the Defendants:
NORA Q. PASSAMANECK, KATHARINE J. BROWN, and CLAYTON J. ANKNEY, Colorado Attorney General's Office, 1300 Broadway, Denver, CO 80203

Reported by KEVIN P. CARLIN, RMR, CRR, 901 19th Street, Room A259, Denver, CO 80294, (303)335-2358

Proceedings reported by mechanical stenography; transcription produced via computer.

your request.

I just -- this is not -- I just -- this is -- this is strategy, you know -- you know, Mr. Gregory, this is improper. You know, the way that you have structured the filing of the pleadings in this case, the allegations that you make, and your characterizations, I think are improper. I'm going to deny your motion.

MR. GREGORY: One point, Your Honor? If you look back at the correspondence that is provided as part of this briefing, this issue of attorney disqualification was raised early in time, and it has continued for months.

COURT MJ: But that's not the only thing. That's not the only thing here. It's -- it's a collective.

MR. GREGORY: I didn't delay in raising this issue, is the point that I'm making.

COURT MJ: I understand.

THE COURT: All right. Anything further on that issue?

MS. PASSAMANECK: No, Your Honor.

THE COURT: Okay. Let's talk about the motion to set aside the default judgment in this case. So, the facts here basically are undisputed. They're very well spread on the record from both parties' point of view. I don't see any need for further evidence. The only real issue is whether defendant acted -- whether defendants' conduct was culpable. And I will

ask you -- you know, I assume that no one is going to get on the stand and testify that they acted culpably, because that would be inconsistent with everything else that they have filed here.

So, this is a classic case where we have no direct evidence of the state of mind. This comes from jury instructions. We tell this to the jury all the time. We don't have any direct evidence about what a party's state of mind is. So, we have to look to circumstantial evidence, which is what did the party do? What did the party not do? What did the party say? What did the party not say? And from that, which in this case is undisputed, we can make reasonable inferences about what the person's state of mind was.

So, when I look at the record in this case, it seems clear to me that defendant did not engage in culpable conduct in failing to file an answer in this case. The circumstances were very confused. By the time the clerk entered default, defendant had actually filed a motion to strike the application for default. So, I'm not quite sure how this made it through the clerk's office, but whatever. It was a four-day delay.

It had no impact on the overall administration of this lawsuit, which had been pending -- I don't have that date of filing right in front of me, but probably for a year at that point. And I would say that most of the responsibility for the delay was because of plaintiff. And so, you know, I think plaintiff tries to extort concessions through the meet and

confer process, which is why we -- I'm not going to follow that anymore in this case. It's a source of contention and satellite litigation.

So, bottom line, the delay was short. It would not materially delay the overall course of this litigation, and defendant has presented colorable defenses. Defendants do not need to show that they're entitled to judgment on those defenses at this point, but they have made a colorable showing, which is sufficient for my purposes here today, and I think we are all aware that there is a very strong preference for deciding cases on the merits instead of by default.

I mean, I can't help but note that to the extent there's culpability, I think Mr. Gregory just told us that the reason he filed it is because defendants wouldn't talk to him about recusing from the case. That's not a professional, ethical, acceptable use of pleadings under Rule 11. So, the motion to set aside the default is sustained. Defendants have filed a motion to dismiss, and you need to respond to that within the time, 14 days from when it was filed. And we will take that up in due course.

We also have the issue of defendants' amended motion to restrict the affidavit of judicial bias or prejudice according to 28 USC Section 144, and require plaintiff to file future documents under level one restrictions in the first instance.

So, I guess I have one question for you, Mr. Gregory.

be sanctioned with regard to the motion to set aside the entry of default. With that, is there anything else that we need to address today?

MR. ANKNEY: Your Honor, Clayton Ankney. We would like to seek leave from the Court to file a motion to stay discovery pending the resolution of our motion to dismiss. Would that be acceptable?

THE COURT: Why do you want to file a motion? Can we just talk about it here?

MR. ANKNEY: Yeah. We actually can.

THE COURT: Are you listening to what we're trying to portray here?

MR. ANKNEY: Yes, Your Honor. The individual capacity defendants in the motion to dismiss raised the issue of qualified immunity, and the state entities and the official capacity defendants also raised the issue of sovereign immunity. Both qualified immunity and sovereign immunity are a defense not only to liability, but also to having to be sued and/or go through the burden of discovery. So, on that basis, we have -- to stay discovery pending the resolution.

THE COURT: Any objection?

MR. GREGORY: Yes, Your Honor. I mean, the whole debate in this case is the dragging on for too long, and we don't have any answer to the merits of the claims. The motion to dismiss is itself part of that dilatory tactic. There is a

need to move forward in this case. If the default is being set aside, then we need to be able to engage in discovery.

THE COURT: So, I will grant the stay of discovery. Your response will be due in 14 days, and we will make it a high priority to make -- to give you a prompt ruling on that. There's no material prejudice in delaying discovery until after that time, especially given the number of defendants and multitude of claims. But if we deny any part of the motion to dismiss, Judge Birzer will be in immediate touch with you all, and scheduling a conference to organize discovery and submit depositions and so forth. All right. Well, I don't think we have anything else that we need to take up. Thank you all, and we will be in touch. Court is in recess.

(Proceedings concluded at 12:13 p.m.)

REPORTER'S CERTIFICATE

I, KEVIN P. CARLIN, Official Court Reporter for the United States District Court for the District of Colorado, a Registered Merit Reporter and Certified Realtime Reporter, do hereby certify that I reported by machine shorthand the proceedings contained herein at the time and place aforementioned and that the foregoing pages constitute a full, true, and correct transcript.

Dated this 3rd day of April, 2026.

Kevin P. Carlin, RMR, CRR
Official Court Reporter